IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:23-cv-00860-P |
| § | |
| SKIPLAGGED, INC., § | |
| § | |
| Defendant. § | |

**JOINT REPORT REGARDING CONTENTS OF SCHEDULING ORDER**

Pursuant to the Court's Order ("Order") [Dkt. No. 12], Plaintiff American Airlines, Inc. ("American") and Defendant Skiplagged, Inc. ("Skiplagged") submit this Joint Report Regarding Contents of Scheduling Order.

**1. A statement detailing the date on which the Scheduling Conference was held, the location of the Scheduling Conference, the names of the attorneys present, a statement on whether meaningful progress toward settlement was made, and a statement on the prospect of settlement—without disclosing settlement figures.**

The parties participated in an in-person, face-to-face conference regarding this case on September 25, 2023 at the offices of Kelly Hart & Hallman LLP. [*See* Dkt. No. 12 at 1]. Lars Berg and Julia Wisenberg of Kelly Hart & Hallman LLP and Bina Palnitkar of Greenberg Traurig LLP (for American) and William Kirkman of Kirkman Law Firm, PLLC (for Skiplagged) attended the conference. No meaningful progress towards settlement was made and the parties believe that settlement is unlikely to occur, if at all, before discovery is conducted.

1

**2.    A brief statement of the claims and defenses.**

    **A.    American's position.**

As set forth more fully in American's First Amended Complaint, Skiplagged runs a website, www.skiplagged.com, in which it holds itself out as offering some kind of secret "loophole" that will provide consumers with valid American tickets at a secret fare or discount. However, this is false, misleading, and deceptive for numerous reasons. First, only an agent authorized by either the Airline Reporting Corporation (ARC) or the International Air Transport Association (IATA) can act for American and issue tickets to passengers on American's behalf—Skiplagged is not, and has never been, an authorized agent for American. Skiplagged has no authority to form and issue a contract (*i.e.*, a ticket) on American's behalf; consequentially, those tickets are all at risk for immediate invalidation.

Further, Skiplagged has never had authority to access and to display American's real-time fare, schedule, and inventory content. Although Skiplagged hides some its activity to avoid detection, Skiplagged has been detected purchasing tickets on www.AA.com while *pretending* to be a consumer (in violation of www.AA.com's terms of use) and inducing agents of American to breach their agency agreements with American. Skiplagged employs unauthorized and deceptive ticketing prices and entices customers to participate in those deceptive practices by promising savings—which it fails to deliver. In fact, many of the fares displayed on Skiplagged's website are *higher* than what the customer would pay if they simply booked a ticket on American's website or through an authorized agent of American. Skiplagged also misappropriates, misuses, and improperly displays American data and intellectual property.

American's asserts claims for breach of contract for Skiplagged's breach of the www.AA.com Use Agreement and Conditions of Carriage (Count I); tortious interference with

American's Conditions of Carriage contract (Count II); trademark infringement under 15 U.S.C. § 1114 (Count III); false designation of origin and unfair competition under 15 U.S.C. § 1125(a) (Count IV); and copyright infringement under 17 U.S.C. § 101 (Count V). American's requested relief includes a permanent injunction; accounting of all sales of American flights made by Skiplagged; disgorgement of Skiplagged's ill-gotten or unjust revenues, profits, and benefits; statutory damages; actual damages; prejudgment and post-judgment interest; and costs and attorneys' fees.

**B.     Skiplagged's position.**

Skiplagged believes this Court lacks personal jurisdiction over it in this case. Skiplagged is a New York company and it does no substantive business in Texas. Accordingly, it intends to file a Motion and Brief which will seek to dismiss the First Amended Complaint for lack of personal jurisdiction and which may contain an alternative request to transfer venue of this case to New York or Delaware, where Skiplagged believes jurisdiction and venue are proper. It intends to file this Motion by Monday, October 2, 2023.

The undersigned counsel for Skiplagged understands and appreciates the Court's desire to have a Scheduling Order entered and to move this case forward to resolution on its docket. Based thereon, the undersigned attorney for Skiplagged participated in the court-ordered conference in good faith, as set out in § 1 above, despite his intention to file such a Motion to Dismiss. But in doing so, Skiplagged did not intend to waive its forthcoming request to dismiss this case for lack of jurisdiction and made that point to at the meeting. Counsel for Skiplagged believes that participating in the conference was appropriate, given the Court's direction to do so, and because such participation does not amount to waiver. *Klein v. Novotny*, 2017 U.S. Dist. LEXIS 149238 at p. 6 (U.S. Mag. Paul Stickney 8/22/2017, adopted by, motion granted by, dismissed by *Klein v.*

*Novotny* 2017 U.S. Dist. LEXIS 148495 (N.D. Tex. 9/13/17); *Automotive Experts, LLC v. St. Charles Pontiac, Inc.*, 2015 U.S. Dist. LEXIS 22941 at p. 14, 2015 WL 846570 (U.S. Dist. Ct. E.D. La. 2/25/15).

Having made these positions clear to counsel for American at yesterday's meeting, American requested that the undersigned participate in discussing proposed dates for the Scheduling Order under the assumption that Skiplagged's Motion to Dismiss for Lack of Personal Jurisdiction would be denied or was not filed. The undersigned attorney for Skiplagged agreed to do so, and dates and deadlines were then discussed to satisfy the Court's requirement for a Joint Report and so that the Joint Report can be timely filed. But, Skiplagged's counsel did so without intending to waive Skiplagged's right to seek dismissal of the case for lack of personal jurisdiction over it.

Finally, as a result of participating in the conference and discussing the deadlines, dates, and time limits associated therewith, Skiplagged is concerned it will not be able to participate in the forward progress of this case that would be called for by the dates, deadlines, and time limits contained in this Joint Report while its Motion to Dismiss is pending, and with all due respect to American's desire to move this case forward. This is because the undersigned attorney for Skiplagged does not believe it can participate in substantive discovery or trial preparation while the Motion is pending for fear of waiver or that such will be misconstrued by the Court as exhibiting less than full confidence in the Motion.

Beyond the lack of jurisdictional basis as to Skiplagged, Skiplagged has not scraped data from aa.com, as American alleges, and it has entered into no contracts of carriage with American. Instead, it simply provides information that assists consumers find the least expensive airfares. Skiplagged also disclaims that it is an agent of American.

**3.     A proposed time limit to amend pleadings and join parties.**

The parties propose a deadline of **December 22, 2023**.

**4.     A proposed time limit for dispositive motions (*e.g.*, summary judgment).**

The parties propose a deadline of **June 14, 2024**.

**5.     A proposed time limit for initial designation of experts and responsive designation of experts.**

The parties propose a deadline for initial expert designations of **March 15, 2024**; a deadline for responsive expert designations of **April 12, 2024**; and rebuttal expert designations of **30 days after the disclosure is made** by the other party.

**6.     A proposed time limit for objections to experts (*e.g.*, *Daubert* and similar motions).**

The parties propose a deadline of **June 14, 2024**.

**7.     A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit for completing factual and expert discovery, and a statement of whether discovery should be conducted in phases.**

The parties propose a deadline for completion of factual and expert discovery of **May 17, 2024**. The parties do not believe that discovery should be conducted in phases or limited to or focused on particular issues.

Subjects on which American anticipates discovery may be needed include but are not limited to: (a) the relevant contracts, including www.AA.com's Use Agreement and Conditions of Carriage; (b) American's brands, trade names, trademarks, copyrights, and other intellectual property; (c) compliance with federal statutory and DOT regulations; (d) www.skiplagged.com, including its content, advertisements, booking options, use of customer's personal and credit card information, and ticketing information; (e) Skiplagged's communications with its customers and the public; (f) all sales of American's flights made by Skiplagged, including those made through any other travel agencies, and the resulting revenues, profits, and benefits derived; and (g)

5

customer complaints, including those made to American and third parties, such as the Better Business Bureau.

The undersigned counsel for Skiplagged was only recently engaged, is continuing to learn about the facts and issues involved in the case so he can determine Skiplagged's defenses to the claims made by American, but has recently been concentrating on preparing a motion asserting that the Court lacks personal jurisdiction over Skiplagged. Counsel for Skiplagged is therefore not in a position to provide the level of detail with regard to Skiplagged's defenses that American has set forth above with regard to its claims. The undersigned is continuing to vigorously study the substance of the claims of American, have discussions with his client and its counsel to determine the bases of American's claims and the potential defenses, and will continue to do so in the context of defending the case, but with the understanding that a Motion to Dismiss for Lack of Jurisdiction will be filed by October 2, 2023.

**8.     A statement on whether any limitations on discovery need to be imposed, and if so, what limitations.**

At this time, the parties do not propose to make any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules for the Northern District of Texas. The parties reserve the right to seek limitations on discovery, should the need arise.

**9.     A statement on how to disclose and conduct discovery on electronically-stored information ("ESI") and any statement on disputes over disclosure and discovery of ESI.**

The parties anticipate that they will disclose ESI as part of the case and are conferring on the terms of a proposed electronic discovery stipulation. At this time, the parties do not have any disputes regarding the disclosure or discovery of ESI.

**10.     Any proposals on handling and protection of privileged or trial-preparation material that should be reflected in a Court Order.**

The parties are conferring on the terms of a proposed protective order and do not, at this time, have any proposals on handling and protection of privileged or trial-preparation material that should be reflected in a Court Order.

**11.     A proposed trial date, the estimated number of days for trial, and whether a jury has been demanded.**

The parties propose a trial date of **October 15, 2024**. A jury has not yet been demanded.

**12.     A proposed mediation deadline.**

The parties propose a deadline of **August 2, 2024**.

**13.     A statement on when and how disclosures under FED. R. CIV. P. 26(a)(1) were made or will be made.**

Per the Court's Order, American suggests that the parties electronically serve their disclosures under Rule 26(a)(1) on or before **October 10, 2023**. [*See* Dkt. No. 12 at 4]. Counsel for Skiplagged does not believe this deadline is appropriate or can be meaningful, given its forthcoming Motion to Dismiss for Lack of Personal Jurisdiction. Counsel for Skiplagged believes that it would be inappropriate to engage in substantive discovery in this case, as in the underlying basis for Initial Disclosures, prior to the Motion to Dismiss having been determined, and is concerned about waiver issues and the practical optics of doing so. Skiplagged proposes to serve its Disclosures within ten days of the Court deciding Skiplagged's Motion to Dismiss, if the Court denies its Motion to Dismiss, or at such other time as the Court directs.

**14.     A statement on whether the parties will consent to a trial (jury or bench) before a United States Magistrate Judge.**

The parties do not consent at this time.

**15.     Whether a conference with the Court is desired, and if so, a brief explanation why.**

The parties do not believe a conference with the Court is necessary at this time.

7

**16. Any other proposals on scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial and other orders that the Court should enter under FED. R. CIV. P. 16(b), 16(c), and 26(c).**

None at this time.

Dated: September 26, 2023                                             Respectfully submitted,

/s/ *Lars L. Berg*_____                          /s/ *William L. Kirkman*_____
Dee J. Kelly, Jr.                                                                 William L. Kirkman
State Bar No. 11217250                                                 State Bar No. 11518700
dee.kelly@kellyhart.com                                              billk@kirkmanlawfirm.com
Lars L. Berg                                                                     Preston B. Sawyer
State Bar No. 00787072                                                 State Bar No. 24102465
lars.berg@kellyhart.com                                               prestons@kirkmanlawfirm.com
Tyson Lies                                                                        KIRKMAN LAW FIRM, PLLC
State Bar No. 24087927                                                 201 Main Street, Suite 1160
tyson.lies@kellyhart.com                                              Fort Worth, Texas 76102
Julia G. Wisenberg                                                         Telephone: (817) 336-2800
State Bar No. 24099146                                                 Facsimile: (817) 877-1863
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP                                 **ATTORNEYS FOR DEFENDANT**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500

Bina Palnitkar
State Bar No. 24070378
palnitkarb@gtlaw.com
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3600

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100

**ATTORNEYS FOR PLAINTIFF**

8

## **CERTIFICATE OF SERVICE**

I certify that on September 26, 2023, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

*/s/ Lars L. Berg*
Lars L. Berg
