**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **AMERICAN AIRLINES, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-00860-P** |
| | § | |
| **SKIPLAGGED, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

<u>**DEFENDANT SKIPLAGGED, INC.'S MOTION TO DISMISS PLAINTIFF
AMERICAN AIRLINES, INC.'S FIRST AMENDED COMPLAINT
FOR LACK OF PERSONAL JURISDICTION AND ALTERNATIVE
REQUEST TO TRANSFER VENUE AND BRIEF IN SUPPORT**</u>

William L. Kirkman
State Bar No. 11518700
billk@kirkmanlawfirm.com
Preston B. Sawyer
State Bar No. 24102465
prestons@kirkmanlawfirm.com
KIRKMAN LAW FIRM, PLLC
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone:     (817) 336-2800
Facsimile:     (817) 877-1863

ATTORNEYS FOR DEFENDANT,
SKIPLAGGED, INC.

## <u>TABLE OF CONTENTS</u>

Page

TABLE OF CONTENTS............................................................ ii

INDEX OF AUTHORITIES...................................................... iii

I.       Introduction................................................................. 1

II.      Applicable Law............................................................ 3

III.     Skiplagged Is Not Subject to General Jurisdiction in Texas......................... 5

IV.      Skiplagged Is Not Subject to Specific Jurisdiction in Texas......................... 6

     A.       Skiplagged Is Not Subject to Specific Jurisdiction on American's
         Federal Claims........................................................ 8

          1.       There is No Jurisdiction Over Skiplagged on American's
              Trademark Infringement and False Designation of Origin/Unfair
              Use Claims Under the LANHAM ACT............................... 8

          2.       There is No Jurisdiction Over Skiplagged on American's
              Copyright Infringement Claims................................... 9

          3.       Skiplagged.com Does Not Constitute Purposeful Availment and
              Is Insufficient to Confer Personal Jurisdiction Over Each of
              American's Federal Claims...................................... 10

          4.       Skiplagged Did Not Use American's Website to Access or Obtain
              American's Allegedly Protected Information...................... 12

          5.       Skiplagged's Facilitation of Consumers' Purchase of Airline Tickets
              Through American's Website Does Not Support the Exercise of
              Specific Personal Jurisdiction on American's Federal Claims......... 14

     B.       Skiplagged Is Not Subject to Personal Jurisdiction on American's State
         Law Claims......................................................... 16

          1.       American's Adhesion Terms of Use in a Browsewrap Agreement
              Does Not Establish Jurisdiction................................. 16

          2.       American's Remaining Jurisdictional Allegations as to Tortious
              Interference With Contract Fail to Establish Specific Personal
              Jurisdiction.................................................. 19

V.      Transfer of Venue to New York. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

## <u>INDEX OF AUTHORITIES</u>

<u>Page</u>

**CASES:**

*Admar Int'l, Inc. v. Eastlock, L.L.C.,*
  18 F.4th 783 (5th Cir. 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.,*
  751 F.3d 796 (7th Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*AllChem Performance Products Inc. v. Aqualine Warehouse, Inc.,*
  878 F. Supp. 2d 779 (S.D. Tex 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*AMA Multimedia, LLC v. Wanat,*
  970 F.3d 1201 (9th Cir. 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Ariel Investments, LLC v. Ariel Capital Advisors LLC,*
  881 F.3d 520 (7th Cir. 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Axiom Foods, Inc. v. Acerchem Int'l, Inc.,*
  874 F.3d 1064 (9th Cir. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*BidPrime, LLC v. SmartProcure, Inc.,*
  2018 U.S. Dist. LEXIS 180546 (W.D. Tex. 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Carmona v. Leo Ship Mgmt., Inc.,*
  924 F.3d 190 (5th Cir. 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 14, 15, 19

*Citigroup, Inc. v. City Holding Co.,*
  97 F. Supp.2d (S.D. N.Y. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Daimler AG v. Bauman,*
  571 U.S. 117 (2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Digitalway Servs., LLC v. Blue Ridge Healthcare,*
  2023 U.S. Dist. LEXIS 85203 (N.D. Tex. 2023). . . . . . . . . . . . . . . . . . . . . . . . . . 17, 21

*Elevacity U.S., LLC v. Schweda,*
  2022 U.S. Dist. LEXIS 154111 (E.D. Tex. 2022). . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20

*Franco v. Mabe Trucking, Inc.,*
  3 Fed. 4th 788 (5th Cir. 2022). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Frank v. PNK (Lake Charles) L.L.C.*,
 947 F.3d 331 (5th Cir. 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Freudensprung v. Offshore Technical Servs., Inc.*,
 379 F.3d 327 (5th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Heavy Duty Prods., LLC v. Band Wdth, LLC*,
 2015 U.S. Dist. LEXIS 183124 (W.D. Tex., July 21, 2015). . . . . . . . . . . . . . . . . . . . . 15

*Heavy Duty Prods., LLC v. Bandwdth, LLC*,
 2015 U.S. Dist. LEXIS 62252 (W.D. Tex. 2015). . . . . . . . . . . . . . . . . . . . . . 15-17, 21

*Hoffman v. L & M Arts*,
 774 F. Supp.2d 826 (N.D. Tex.2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Honus Wagner Company v. Luminary Grp. LLC*,
 2017 U.S. Dist. Ct. LEXIS 210097 (S.D. Fla. 2017). . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Int'l Shoe Co. v. Washington*,
 326 U.S. 310 1945). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10

*Janus v. Freeman*,
 840 Fed App. 928 (9th Cir. 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Johnson v. TheHuffingtonpost.com, Inc.*,
 21 F.4th 314 (5th Cir. 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 18

*Massaquoi v. Virgin Atlantic Airways*,
 945 F. Supp. 58 (S.D. N.Y. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Milwaukee Concrete Studios, Ltd. v. Field Mfg. Co.*,
 8 F.3d 441 (7th Cir. 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Mitchell v. Bailey*,
 982 F.3d 987 (5th Cir. 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Nguyen v. Barnes & Noble Inc.*,
 763 F.3d 1171 (9th Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

*Nuttal v. Juarez*,
 984 F. Supp.2d 637 (N.D. Tex. 2013). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Parker v. Winwood*,
 938 F.3d 833 (7th Cir. 2019). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Pervasive Software Inc. v. Lexware GmbH & Co. KG*,
  688 F.3d 214 (5th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 18

*Sayers Constr., L.L.C. v. Timberline Constr. Inc.*,
  976 F.3d 570 (5th Cir. 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Seiferth v. Helicopteros Atuneros, Inc.*,
  472 F.3d 266 (5th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Smith v. Hood*,
  900 F.3d 180 (5th Cir. 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Stuart v. Spademan*,
  772 F.2d 1185 (5th Cir. 1985). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 17

*Sw. Airlines Co. v. Kiwi*,
  2021 U.S. Dist. LEXIS 207508 (N.D. Tex. 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Tayama v. Riom Corp.*,
  2012 WL 556007 (N.D. Tex. Feb. 21, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United Airlines, Inc. v. Zaman*,
  152 F. Supp. 3d 1041 (N.D. Ill. 2015). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 21

*Walden v. Fiore*,
  571 U.S. 277 (2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

*Wilson v. Wilson*,
  2016 U.S. Dist. LEXIS 64564 (W.D. Tex. 2016). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**RULES AND STATUTES:**

Fed. R. Civ. P. 12(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3

15 U.S.C. § 1121(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

28 U.S.C. § 1332(a)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. § 1338. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

28 U.S.C. § 1367. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

28 U.S.C. § 1391(b)(1). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

28 U.S.C. § 1391(b)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

28 U.S.C. § 1400. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

28 U.S.C. § 1400(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9, 10, 22

28 U.S.C. § 1404(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

28 U.S.C. § 1631. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Tex. Civ. Prac. & Rem. Code § 17.042. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **AMERICAN AIRLINES, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-00860-P** |
| | § | |
| **SKIPLAGGED, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

<u>**DEFENDANT SKIPLAGGED, INC.'S MOTION TO DISMISS PLAINTIFF
AMERICAN AIRLINES, INC.'S FIRST AMENDED COMPLAINT
FOR LACK OF PERSONAL JURISDICTION AND ALTERNATIVE
REQUEST TO TRANSFER VENUE AND BRIEF IN SUPPORT**</u>

**TO THE HONORABLE MARK T. PITTMAN, UNITED STATES DISTRICT JUDGE:**

Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(2), Defendant, Skiplagged, Inc. ("Defendant" or "Skiplagged"), brings this *Motion to Dismiss* Plaintiff, American Airlines, Inc.'s ("Plaintiff" or "American"), *First Amended Complaint* for lack of personal jurisdiction or in the alternative, to transfer the venue of the case to the Southern District of New York (the "*Motion*") and *Brief in Support*, and would respectfully show the Court as follows:

**I.**
**INTRODUCTION**

Skiplagged is a New York-based online travel information service provider. As is detailed in the Declaration of Skiplagged's founder, Aktarer Zaman,[1] filed with this *Motion* and detailed below, Skiplagged assists consumers by showing commercial airline routing and fares, hotel availability, and other travel needs over the Internet through its website: Skiplagged.com. It has been in business since 2015. Skiplagged uses a unique algorithm to enable consumers to identify more

---

[1] "Zaman Dec., ¶¶ ___," which is attached as 1 to the *Appendix* filed in support of this *Motion*.

1

affordable pricing for airline travel, hotel accommodations, and other travel sources, empowering consumers to exercise their buying power in a more informed, efficient, and cost-effective manner. Skiplagged is organized under the laws of Delaware and maintains its principal place of business in New York, New York.

American has recently taken offense with Skiplagged's business and instituted this suit seeking a permanent injunction and damages, despite Skiplagged having been in business since 2015 and publishing American airline information continuously since then. American claims that Skiplagged's operations have infringed on American's trademarks and copyrights, damaged American, and allegedly deceived consumers. The incendiary allegations asserted against Skiplagged contained in American's thirty-seven-page *Amended Complaint* [Doc. 8] are untrue and without legal merit. Skiplagged believes its longstanding practices are not violative of the law and that Skiplagged.com provides valuable assistance to consumers seeking to identify the best rates for their travels. However, as is discussed below, Skiplagged is a nonresident defendant that simply operates a website from New York through its servers based in New York and South Carolina which is accessible in all fifty (50) states and internationally. It does nothing to direct its activities towards Texas. Accordingly, Skiplagged lacks the requisite minimum contacts with Texas and has not purposefully availed itself of the protections and benefits of Texas law. Hence, this Court does not have personal jurisdiction over Skiplagged for the LANHAM ACT and copyright claims or as to any of the state law claims American also asserts. So says the Supreme Court and the Fifth Circuit. *See* respectively: *Walden v. Fiore*, 571 U.S. 277 (2014) and *Admar Int'l, Inc. v. Eastlock, L.L.C.*, 18 F.4th 783 (5th Cir. 2021).

As is contained in Mr. Zaman's Declaration, Skiplagged's publication of American marks, allegedly infringing on American's trademarks and copyright, is simply an aggregation of

American's publicly available information, including its flight and fare data from sources other than American. Mr. Zaman's Declaration also establishes that Skiplagged's website is hosted through servers that are located outside of Texas and its website is not specifically directed to the Texas market. Skiplagged does not target its services to Texas-based consumers, does not engage in marketing or advertisements focused on Texas, and does not sell or ship any products into Texas. Rather, Skiplagged.com is generally and indiscriminately visible and accessible to everyone in the United States and throughout the world who has access to the Internet. The places from which users visit Skiplagged.com's site are entirely outside of Skiplagged's control. This is insufficient to confer personal jurisdiction over Skiplagged for trademark infringement and American's other federal claims, and American's alleged injuries in Texas are also not enough to establish personal jurisdiction over Skiplagged.

Skiplagged therefore respectfully brings this *Motion* seeking dismissal of American's claims for lack of personal jurisdiction. Alternatively, Skiplagged respectfully asks the Court to transfer the case to a jurisdiction that does have personal jurisdiction over both parties that is consistent with the interest of justice—the Southern District of New York.

## II.
### APPLICABLE LAW

A district court must dismiss an action if it lacks personal jurisdiction over the defendant on any of the claims before it. FED. R. CIV. P. 12(b)(2). The Court analyzes personal jurisdiction on a claim-by-claim basis. *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274–75 (5th Cir. 2006). Finding personal jurisdiction as to one claim does not establish personal jurisdiction as to other claims. *Wilson v. Wilson*, 2016 U.S. Dist. LEXIS 64564, at *14–16 (W.D. Tex. 2016) (transferring case where court had personal jurisdiction on only one of five claims). If the Court does not have personal jurisdiction over all claims, it must dismiss or transfer the entire case to a district that does

not have such jurisdiction. *Nuttal v. Juarez*, 984 F. Supp.2d 637 (N.D. Tex. 2013) (transferring trademark claims).

Procedurally, the plaintiff bears the burden of establishing personal jurisdiction over a nonresident defendant such as Skiplagged. *Admar*, 18 F.4th at 786. The Court accepts the complaint's uncontroverted factual allegations as true and resolves any factual conflicts in the plaintiff's favor. *Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 193 (5th Cir. 2019). However, it is only uncontroverted allegations that a court must accept. No assumption of truth extends to allegations that are disproven at the jurisdiction phase or to "mere conclusions" or "naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To this end, in evaluating personal jurisdiction, the Court may consider evidence beyond the facts alleged by a plaintiff and, where facts are disputed, make determinations to resolve such disputes based upon the evidence presented. *See Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).

Substantively, the Court must be satisfied that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Walden*, 571 U.S. at 283–84 (holding that the court lacked personal jurisdiction over the defendant, the court noted "[t]he inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum, and the litigation.") (internal quotation marks and citations omitted); *Pervasive Software Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 220 (5th Cir. 2012) (affirming lower court's dismissal of case for lack of personal jurisdiction) (internal quotation marks omitted). Therefore, "for a state to exercise personal jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden*, 571 U.S. at 284. "The [defendant's] relationship [with the forum] must arise out of contacts that the 'defendant himself' creates with the forum." *Id*. (original emphasis citation omitted). "Put simply,

however significant the plaintiff's contacts with the forum may be, those contacts cannot be 'decisive in determining whether the defendants' due process rights are violated.'" *Id*. (emphasis added, citation omitted). Instead, "[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State." *Id*. at 286. In other words, "[m]ere injury to a forum resident is not a sufficient connection to the forum." *Id*. at 290. The principles and limits of jurisdiction serve to "principally protect the liberty of the nonresident defendant—not the convenience of the plaintiff or third parties." *Id*. at 284.

Finally, as this Court knows, personal jurisdiction takes two fundamental forms—general or specific. General jurisdiction involves an analysis of whether a foreign defendant's affiliations with Texas are so continuous and systematic as to render it essentially at home in Texas. Specific jurisdiction, on the other hand, involves an analysis into the specific facts alleged in the operative complaint to determine if such allegations establish personal jurisdiction.

### III.
### SKIPLAGGED IS NOT SUBJECT TO GENERAL JURISDICTION IN TEXAS

American appears to take a run at trying to establish general jurisdiction in this case. *See Am. Compl.* [Doc. 8] at ¶ 12. However, its claims to such fall far short of the mark.

Exercising general jurisdiction is possible only in "situations where a foreign corporation's 'continuous corporate operations within a state are so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.'" *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 318 (1945)). "Continuous activity of some sorts within a state is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *Id*. at 132 (quoting *Int'l Shoe*, 326 U.S. at 318). "Accordingly, 'the general jurisdiction inquiry is not whether a foreign

5

corporation's in-forum contacts can be said to be in some sense continuous and systematic; it is whether that corporation's affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State.'" *Frank v. PNK (Lake Charles) L.L.C.*, 947 F.3d 331, 337 (5th Cir. 2020). A corporation's home generally falls into two pragmatic places—(1) its state of incorporation; and (2) the location of its principal place of business. *Id.*

There are simply no facts that American can point to that support general jurisdiction over Skiplagged. To the contrary, the jurisdictional facts presented in the Declaration of Aktarer Zaman submitted in support of this *Motion* and taken as a whole, dispel any notion that this Court has general jurisdiction over Skiplagged. Skiplagged is incorporated under the laws of Delaware. Skiplagged is headquartered in, operated from, and has its principal place of business in New York City. None of its members reside in Texas. It maintains no operations in Texas. It has no employees or agents in Texas. It owns no real estate in Texas. It holds no Texas permits or licenses. It does not have a bank account in Texas, and it pays no taxes in Texas. In short, Skiplagged does not "carry on any part of its general business" in Texas.

## IV.
### SKIPLAGGED IS NOT SUBJECT TO SPECIFIC JURISDICTION IN TEXAS

American asserts five counts against Skiplagged in its *First Amended Complaint* [Doc. 8]. Counts III–V purport to raise claims under federal statutes relating to Trademark Infringement under the LANHAM ACT (Count III, pp. 31–32), False Designation of Origin and Unfair Competition, also under the LANHAM ACT (Count IV, pp. 32–33), and Copyright Infringement (Count V, pp. 33–34). The other two claims American asserts are state law-based claims: Breach of Contract (Count I, pp. 27–29) and Tortious Interference with Contract (Count II, pp. 29–30). American asserts subject matter jurisdiction in this case based on these three federal statute-based claims. *Am. Compl.* [Doc.

8] at ¶ 10. It also alleges that this Court has "supplemental and pendent" jurisdiction over its state law-based claims under 28 U.S.C. § 1367. *Id*.

As respects American's LANHAM ACT claims, the Court may only exercise personal jurisdiction over alleged Internet-based infringement upon a demonstration that the defendant purposefully availed itself of the benefits and protections of the laws of this District. *Admar*, 18 F.4th at 786. For copyright claims under 28 U.S.C. § 1338, personal jurisdiction is established only where defendant resides or where it "may be found." 28 U.S.C. § 1400(a). As explained below, under these standards, the allegations in the *First Amended Complaint* [Doc. 8] do not establish personal jurisdiction over Skiplagged in Texas and such claims should be dismissed.

Under Fifth Circuit law, specific jurisdiction is "a claim-specific inquiry: 'A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim.'" *AllChem Performance Products Inc. v. Aqualine Warehouse, Inc.¸* 878 F. Supp. 2d 779 (S.D. Tex 2012). In this case, however, unless American demonstrates personal jurisdiction as to its LANHAM ACT and copyright claims, Skiplagged submits that the Court need not reach a personal jurisdictional analysis for the state law-based breach of contract and tortious interference claims. This is because once the federal claims are dismissed, there is no resulting diversity between American and Skiplagged as to American's state law claims, as both American and Skiplagged are incorporated in Delaware. The Court has no subject matter jurisdiction over a state law-based claim between non-diverse parties under 28 U.S.C. § 1332(a)(1). *Mitchell v. Bailey*, 982 F.3d 987, 943 (5th Cir. 2020) ("In order for a federal court to invoke supplemental jurisdiction, however, it must first have original jurisdiction over at least one claim in the action."). Therefore, a dismissal of this entire case is proper because the Court should not exercise jurisdiction under 28 U.S.C. § 1367 in the event the Court dismisses American's federal claims for lack of

personal jurisdiction. Nevertheless, personal jurisdiction over American's state law claims does not exist in any event, as demonstrated below. Thus, dismissal of this case for lack of personal jurisdiction on all claims is warranted, regardless of any supplemental jurisdiction consideration.

A.     **Skiplagged Is Not Subject to Specific Jurisdiction on American's Federal Claims**

1.     **There is No Jurisdiction Over Skiplagged on American's Trademark Infringement and False Designation of Origin/Unfair Use Claims Under the LANHAM ACT**

The Court evaluates jurisdiction for trademark infringement and LANHAM ACT unfair use claims under 15 U.S.C. § 1121(a) and may only exercise personal jurisdiction over alleged Internet-based infringement upon a demonstration that the defendant purposely availed itself of the benefits and protections of the laws of this District. *Admar*, 18 F.4th at 786. For such alleged trademark infringement, *Walden* forbids basing personal jurisdiction in the forum state merely because it is the place in which the plaintiff's alleged injury is felt. *Walden*, 571 U.S. 277. *Walden* means that, in a LANHAM ACT suit, personal jurisdiction cannot be based in the trademark owner's home state merely on the theory that plaintiff's property interest in the trademark is damaged there. *Honus Wagner Company v. Luminary Grp. LLC*, 2017 U.S. Dist. Ct. LEXIS 210097, at *39 (S.D. Fla. 2017) (citing *Walden*, the court explained, "Exercise of due process based on this theory would controvert the Supreme Court's guidance in *Walden* because it would arise not out of Defendants' purposeful contacts with the state but rather would be based on their connection to Plaintiff and Plaintiff's contacts with Florida."); *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1209, n.5 (9th Cir. 2020), cert. denied, 142 S. Ct. 76 (2021) (affirming denial of personal jurisdiction in copyright and trademark case); *Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014) ("[A]fter *Walden* there can be no doubt that 'the plaintiff cannot be the only link between the defendant and the forum.'"); *Ariel Investments, LLC v. Ariel Capital*

*Advisors LLC*, 881 F.3d 520, 521 (7th Cir. 2018) (*Walden* forbids basing jurisdiction on defendant knowing that any injury to the trademark owner will take place in plaintiff's home state).

The "analysis applicable to a case involving jurisdiction based on the Internet should not be different at its most basic level from any other personal jurisdiction case." *Admar*, 18 F.4th at 786. The core inquiry is whether the defendant purposefully targeted the forum state. *Id.* As discussed further in § IV (A) (3), a review of the page-and-a-half summary of the allegations in the *First Amended Complaint* [Doc. 8] as to the Trademark claims (at ¶¶ 106–114) reveal that they do not meet this standard.

### 2.    There is No Jurisdiction Over Skiplagged on American's Copyright Infringement Claims

For copyright claims under 28 U.S.C. § 1338, personal jurisdiction is only where a defendant resides or where it "may be found." 28 U.S.C. § 1400(a). The where it "may be found" prong of copyright personal jurisdiction analysis turns on whether the defendant is subject to jurisdiction in the venue in which it is a defendant. *Milwaukee Concrete Studios, Ltd. v. Field Mfg. Co.*, 8 F.3d 441, 445 (7th Cir. 1993). There are no allegations that Skiplagged resides in Texas and thus the only issue is whether it may be found in Texas. American's allegations that Skiplagged.com published American copyrighted content, thereby injuring American in Texas, do not matter. Following *Walden*, the Ninth Circuit affirmed dismissal of a copyright claim against a Texas resident who allegedly infringed on copyrighted photographs owed by the California plaintiff and explained the "individualized targeting" theory of personal jurisdiction in copyright cases did not survive *Walden*. *Janus v. Freeman*, 840 Fed App. 928, 930 (9th Cir. 2020) (citing *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069–70 (9th Cir. 2017)). *See also Parker v. Winwood*, 938 F.3d 833, 840 (7th Cir. 2019) (willful distribution of allegedly copyrighted musical works from England into the United States that harmed Tennessee residents did not establish personal jurisdiction and citing

9

*Walden*). As Mr. Zaman's Declaration sets forth, Skiplagged publishes its website over the Internet without focus on Texas or any other jurisdiction. Zaman Dec., ¶ 13. Therefore, American's alleged injury felt in Texas is insufficient to establish personal jurisdiction for the copyright claim. Moreover, as set forth below, Skiplagged.com's universal accessibility via the Internet does not subject Skiplagged to personal jurisdiction of this Court.

### 3. Skiplagged.com Does Not Constitute Purposeful Availment and Is Insufficient to Confer Personal Jurisdiction Over Each of American's Federal Claims

"Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights…may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400. A defendant "may be found" where the defendant is subject to personal jurisdiction. *Milwaukee Concrete*, 8 F.3d at 445 (citing cases interpreting "may be found" to mean that a defendant is subject to the personal jurisdiction of the forum). While the Fifth Circuit has not directly defined what "may be found" means, "[i]t is well established that, for the purposes of Section 1400(a), a defendant 'may be found' in any district which it is subject to personal jurisdiction." *Tayama v. Riom Corp.*, 2012 WL 556007, at *2 (N.D. Tex. Feb. 21, 2012).

The recent decision from the Fifth Circuit in *Admar* makes clear that merely running even an interactive website that is accessible in all fifty states, but that does not specifically target the forum state, is not enough to create the "minimum contacts" necessary to establish personal jurisdiction in the forum state under *Int'l Shoe Co.*, 326 U.S. at 316. The defendant must take the additional step of targeting the forum state in a manner that reflects "purposeful availment" of the opportunity to do business in that state. *Admar*, 17 F.4th at 786. No such step has been taken by Skiplagged.

Skiplagged has no meaningful or purposefully directed contacts with Texas through its website. Skiplagged's Internet-based service is available to any person throughout the world.

Skiplagged's website is not specifically directed to the Texas market, and it does not specifically target Texas consumers. Zaman Dec., ¶ 13. Skiplagged does not specifically solicit Texans to visit its website, does not advertise or market its services specifically to Texas residents, does not specifically direct its website to Texas, and does nothing to drive Texans to its website. *Id.* Skiplagged simply treats Texans like everyone else. *Id.* Accordingly, in the event persons who happen to live in Texas visit Skiplagged.com, such are not Skiplagged's purposeful contacts with Texas. Rather, such visits to Skiplagged's website reflect nothing more than the unilateral activity of persons in Texas typing Skiplagged's web address into their browsers and pressing enter. As the *Johnson* Court determined, "To target every user everywhere…is to target no place at all." *Johnson v. TheHuffingtonpost.com, Inc.*, 21 F.4th 314, 321–22 (5th Cir. 2021). It would be fundamentally unfair to Skiplagged, contrary to Skiplagged's reasonable expectations of its jurisdictional exposure, and violative of Skiplagged's due process rights, to allow a plaintiff to sue Skiplagged in every jurisdiction based on the accessibility of its website. *Id*. at 320. Yet, this would be the precise effect of haling Skiplagged into this forum based on American's jurisdictional allegations. Accordingly, Skiplagged's operation of its website from its servers outside of Texas does not amount to purposeful availment of the privileges of doing business in Texas. Zaman Dec., ¶ 7; *Admar*, 18 F.4th at 783.

Even if Skiplagged.com is considered to be "interactive" under the second category of *Zippo*'s sliding scale, because it exchanges a limited amount of data with unidentified Texas visitors, that is insufficient to satisfy the jurisdictional inquiry. Indeed, "interactivity reflects only a website's *capacity* to avail itself of a particular place." *Johnson*, 21 F.4th at 319 (emphasis in original). Simply because a "site *can* exploit a forum does not mean that it *has* or that its forum contacts produced the plaintiff's claim." *Id*. (emphasis in original). Thus, "interactivity" alone is not enough. *Id*. at 320.

American has failed to show that Skiplagged's website specifically targets Texas in some way and Skiplagged is therefore not amenable to jurisdiction in this forum under the Texas Long-Arm Statute. *See* TEX. CIV. PRAC. & REM. CODE § 17.042.

In an illustrative case in the Northern District of Illinois filed by United Airlines and OTA Orbitz, LLC against Skiplagged's founder, a New York resident, the court concluded that publication of Illinois-based United Airlines' information on Skiplagged.com was not enough to confer personal jurisdiction. *United Airlines, Inc. v. Zaman*, 152 F. Supp. 3d 1041 (N.D. Ill. 2015) (no personal jurisdiction over Skiplagged's founder). United Airlines, which has its principal place of business in Illinois, sued Skiplagged's founder in Illinois for alleged trademark violations and other torts based on the presentation of aggregated flight information via Skiplagged.com, which was used to facilitate customers' flight purchases, including hidden-city fares. *Id*. at 1044–46. The Illinois District Court refused to exercise jurisdiction over Zaman because Skiplagged.com did not engage in any "geographically-targeted" online activity. *Id.* at 1051, 1054 ("nothing in the record even hints that Skiplagged.com is less accessible or otherwise varies, depending on where in the United States (or anywhere else in the world) a user accesses the website."). The same is true in the instant dispute. Zaman Dec., ¶¶ 12, 13, and 15.

In summary, under the *Walden* decision from the Supreme Court and the *Admar* decision from the Fifth Circuit, Skiplagged's generally accessible website, regardless of its interactivity, does not confer personal jurisdiction for the alleged trademark and copyright violations in this case.

### 4.   Skiplagged Did Not Use American's Website to Access or Obtain American's Allegedly Protected Information

American attempts to establish specific jurisdiction by alleging that Skiplagged "uses electronic mechanisms" to "interact with AA.com" and "obtain American's fare, schedule and inventory content," which American further alleges that Skiplagged "modifies and republishes the

data on Skiplagged.com." *See First. Am. Compl.* [Doc. 8] at ¶ 37. And, according to American, Skiplagged allegedly "employs an automatic electronic means to monitor, copy the dynamic and ever-changing AA.com website content in order to have real time fare, schedule and inventory information available to customers…." *Id.* at ¶ 48. Thus, they cannot support any claim of specific personal jurisdiction over Skiplagged.

American apparently makes these allegations in an attempt to establish specific jurisdiction under a line of cases from Texas Federal District Courts holding that defendants who intentionally hack or "data scrape" information from websites known to belong to Texas plaintiffs can constitute the type of purposeful availment necessary for specific jurisdiction. *See, e.g., BidPrime, LLC v. SmartProcure, Inc.*, 2018 U.S. Dist. LEXIS 180546, at *5–9 (W.D. Tex. 2018) (plaintiff who "hacked a Texas company['s servers] to steal its trade secrets in order to siphon business away from that company" and engaged in "repeated intentional actions to harvest data from a Texas company" through data scraping the company's servers was subject to specific jurisdiction); *Sw. Airlines Co. v. Kiwi*, 2021 U.S. Dist. LEXIS 207508, at *7–9 (N.D. Tex. 2021) (personal jurisdiction was appropriate where defendant did not refute that it hacked and data scraped flight and pricing information from servers that it knew belonged to a Texas company).

However, these cases do not support the exercise of specific personal jurisdiction over Skiplagged in this case for one fundamental reason. Skiplagged has not obtained any of American's flight and fare information directly from American's website or servers. Zaman Dec., ¶¶ 10 and 11. Skiplagged has likewise not obtained any of the "American Marks" from American's website. Zaman Dec., ¶ 10. Rather, Skiplagged obtains American's flight and fare information from publicly available sources such as online travel agencies, global distribution systems, and other travel

metasearch engines. *Id.* Thus, American cannot rely on "data scraping" or hacking to assert that Skiplagged purposefully availed itself of Texas and therefore submitted to personal jurisdiction here.

5. **Skiplagged's Facilitation of Consumers' Purchase of Airline Tickets Through American's Website Does Not Support the Exercise of Specific Personal Jurisdiction on American's Federal Claims**

American also alleges that Skiplagged is subject to personal jurisdiction based on its allegations that American's headquarters are located in this District, Skiplagged "booked" American tickets for its customers through AA.com, and Skiplagged communicated passenger information to American on any ticket sold and booked by Skiplagged on AA.com. *See First Am. Compl.* [Doc. 8] at ¶¶ 8, 11–12. Such allegations are either untrue or insufficient to give rise to personal jurisdiction over Skiplagged. Skiplagged does not "sell" or "purchase" American tickets for consumers. Zaman Dec. ¶¶ 10–12 and 15. Skiplagged merely refers customers to online travel agents or facilitates a consumer's purchasing of a ticket with an airline; it is not an agent of American, and it has never bought or sold American airfares. *Id.*

Having corrected the claim of American, the minimum-contacts analysis "looks to the defendant's contacts with the forum State itself, *not the defendant's contacts with persons who reside there.*" *Walden*, 571 U.S. at 285 (emphasis added). "[A] defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." And, the unilateral activities of such third parties, like the hypothetical Texas residents navigating to Skiplagged.com on their Internet browsers, are not "an appropriate consideration" in weighing "whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Id.* at 284, 286. This requirement, which is the constitutional touchstone of personal jurisdiction, "ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or third person. *Carmona*, 924 F.3d at 193–94. To hale

14

Skiplagged into this Court based on such allegations would impermissibly result in the fortuitous location of American's headquarters providing the jurisdictional link between Skiplagged and the State of Texas. *Id.* at 194; *Walden*, 571 U.S. at 284–85 (providing that the jurisdictional inquiry focuses on "the relationship among the defendant, the forum, and the litigation"). Indeed, the minimum contacts analysis looks to the defendant's "contacts with the forum state itself, not the defendant's contacts with persons who reside there," the "plaintiff cannot be the only link between the defendant and the forum," and "a defendant's relationship with a plaintiff…standing alone, is an insufficient basis for personal jurisdiction." *Walden*, 571 U.S. at 285.

When Skiplagged acts as a conduit for its customers to facilitate the users' purchase of a given flight, it does so at the direction of its customers who wish to reserve a given flight on AA.com. Zaman Dec., ¶¶ 12, 13, and 15. Such does not amount to a purposeful and substantial connection or affiliation between Skiplagged and the State of Texas that is required for the exercise of jurisdiction. And, it does not constitute Skiplagged purposefully availing itself of the privilege of conducting activities within the forum state. *See Sayers Constr., L.L.C. v. Timberline Constr. Inc.*, 976 F.3d 570, 573 (5th Cir. 2020).

Finally, the inputting of a user's information to AA.com on behalf of its customers occurred entirely outside of Texas. Zaman Dec., ¶ 13. The mere fact that such conduct involved American, which happens to maintain its headquarters in this forum, does not suffice to authorize jurisdiction. *See Walden*, 571 U.S. at 291; *see also Heavy Duty Prods., LLC v. Bandwdth, LLC*, 2015 U.S. Dist. LEXIS 62252, at *13 (W.D. Tex. 2015) (providing "Where the exchange of communications rests on nothing except 'the mere fortuity that [plaintiff] happens to be a resident of the forum' it is insufficient to establish specific jurisdiction.") (collecting cases), adopted by *Heavy Duty Prods., LLC v. Band Wdth, LLC*, 2015 U.S. Dist. LEXIS 183124 (W.D. Tex., July 21, 2015). Indeed, even

"communications relating to the performance of a contract themselves are insufficient to establish minimum contacts." *Freudensprung v. Offshore Technical Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004). This is because where the exchange of communications rests on nothing except "the mere fortuity that [plaintiff] happens to be a resident of the forum," such is insufficient for jurisdictional purposes. *Heavy Duty Prods., LLC*, 2015 U.S. Dist. LEXIS 62252, at *13–14 (collecting cases).

**B.**  **Skiplagged Is Not Subject to Personal Jurisdiction on American's State Law Claims**

If the Court reaches an analysis of American's state law claims of breach of contract and tortious interference with contract, it will find that they also fail for lack of personal jurisdiction for the same reasons as American's federal claims fail. Moreover, the state law claim of breach of American's Use Agreement predicated on its adoption of Texas law, fails to establish personal jurisdiction over Skiplagged. This is because it is an unenforceable contract of adhesion based on its inputted assent terms. And, even if it is enforceable, it does not confer personal jurisdiction under the case law cited below. Likewise, American's tortious interference claim also does not confer personal jurisdiction based on the case law and the reasons further explained below.

**1.**  **American's Adhesion Terms of Use in a Browsewrap Agreement Does Not Establish Jurisdiction**

American attempts to establish specific personal jurisdiction for its breach of contract claim through a purported adhesion browsewrap Use Agreement that American alleges contains an "acknowledgment that the terms of the site constitute an agreement made and entered into in Tarrant County, Texas," and which purport to provide that "Texas law governs this Agreement's interpretation and/or any dispute arising from your access to, dealings with, or use of the Site." *See First Am. Compl*. [Doc. 8] at ¶ 11. Skiplagged denies that it agreed to this Use Agreement or that it is valid and enforceable. Zaman Dec., ¶ 14. However, regardless of its alleged validity, such Use

16

Agreement does not confer specific personal jurisdiction over Skiplagged with regard to American's claims.

As an initial matter, the purported Texas choice of law provision alleged by American in its Use Agreement has "little impact by itself." *See Digitalway Servs., LLC v. Blue Ridge Healthcare*, 2023 U.S. Dist. LEXIS 85203, at *5 (N.D. Tex. 2023); *Walden*, 571 U.S. at 285. Similar to this Court's determination that personal jurisdiction was lacking in *Digitalway Servs., LLC*, minimum contacts and purposeful availment are not established. *See Digitalway Servs., LLC*, 2023 U.S. Dist. LEXIS 85203, at *5–6; *see also Stuart*, 772 F.2d at 1192–96 (no purposeful availment where nonresident defendant contracted with Texas residents, directed letters and phone calls to Texas, shipped prototypes and products to Texas, negotiated a contract with plaintiffs that the Court presumed was to be governed by Texas law, and marketed his product in Texas).[2]

Additionally, a "mere contract with a resident of the forum state is not enough on its own" because the context and activity surrounding the contract must be substantial enough to demonstrate purposeful availment of the privilege of doing business in Texas. *See Digitalway Servs., LLC*, 2023 U.S. Dist. LEXIS 85203, at *4; *see also Heavy Duty Prods., LLC*, 2015 U.S. Dist. LEXIS 62252, at *12. Here, the already minimal import of an alleged choice of law provision is even further reduced because the context and activity surrounding this "Agreement" demonstrates that it is an online adhesion contract known as a "browsewrap" agreement. A browsewrap agreement does not require the user to manifest assent to the terms and conditions expressly. *Nguyen v. Barnes & Noble Inc.*, 763 F.3d 1171, 1176 (9th Cir. 2014). Rather, "the website will contain a notice that—by merely

---

[2]The instant case is further removed from these jurisdictional allegations that were found insufficient in *Digital Services* and *Stuart* because Skiplagged has not directed letters or phone calls to Texas, has not sold or shipped any products to Texas, does not have a representative that operates in Texas, does not market its services specifically in Texas, and has not engaged in any negotiations with American regarding its alleged adhesion browsewrap Use Agreement.

using the services of, obtaining information from, or initiating applications within the website—the user is [purportedly] agreeing to and is bound by the site's terms of service." *Id*. Thus, "by visiting the website—something that the user has already done—the user [allegedly] agrees to the Terms of Use not listed on the site itself but available only by clicking a hyperlink." *Id*. This precisely captures the Use Agreement relied on by American. *See First Am. Compl.* [Doc. 8] at ¶ 11.

The Fifth Circuit's Opinion in *Pervasive Software*, 688 F.3d 214, is instructive. In *Pervasive*, the Court rejected a Texas choice of law provision contained in an imputed shrinkwrap software licensing agreement as a basis for specific personal jurisdiction. *Id*. at 217, 223. In addition to the shrinkwrap nature of the alleged software license agreement, such "involved no prior negotiations" and "did not envision 'continuing and wide-reaching contacts' between [the parties] in Texas." *Id*. at 224. The same is true here. The alleged Use Agreement was not freely negotiated between the parties, and does not envision continuing and wide-reaching contacts between Skiplagged and American in Texas. It also does not require any performance by Skiplagged in Texas.

Finally, the fact that the Use Agreement purports to unilaterally deem that "terms of the site constitute an agreement made and entered into in Tarrant County, Texas" is unavailing for the same reasons as set forth above. American cannot rely on this because the alleged acts were undertaken by Skiplagged in New York and its customers around the world. The same is true regarding the alleged acts purportedly amounting to a breach of the Use Agreement and the concomitant alleged statutory violations. American's unilateral and unconscionable terms in its purported adhesion browsewrap Use Agreement cannot alter this inescapable reality. Because American's alleged breach of contract claim does not arise from any purposeful availment by Skiplagged of this forum, Skiplagged respectfully asserts that this Court's exercise of specific jurisdiction would be improper in this case.

### 2. American's Remaining Jurisdictional Allegations as to Tortious Interference With Contract Fail to Establish Specific Personal Jurisdiction

American's remaining jurisdictional allegations contend that Skiplagged purportedly "committed torts in this District." *See First. Am. Compl.* [Doc. 8] at ¶ 13. Specifically, American asserts a claim against Skiplagged for tortious interference with American's alleged Conditions of Carriage. *See First Am. Compl.* [Doc. 8] at ¶¶ 99–105. In and of itself, such allegation is generic, conclusory, and without merit. It is nothing more than a legal conclusion, which is wholly insufficient as a matter of law to warrant the exercise of specific jurisdiction over Skiplagged. *Smith v. Hood*, 900 F.3d 180, 184 n.5 (5th Cir. 2018) ("[L]egal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."); *see also Carmona*, 924 F.3d at 194 ("Purposeful availment is a constitutional prerequisite for jurisdiction, *regardless of where the tortious conduct occurred*.") (emphasis added)).

However, such allegations are insufficient to confer specific jurisdiction over Skiplagged. The Fifth Circuit has repeatedly held that "mere allegations of tortious interference with a forum resident's contractual rights are not sufficient to establish specific personal jurisdiction." *Elevacity U.S., LLC v. Schweda*, 2022 U.S. Dist. LEXIS 154111, at *14 (E.D. Tex. 2022). Additionally, "it is insufficient to rely on a defendant's random, fortuitous, or attenuated contacts or on the unilateral activity of a plaintiff." *Id*. This is because "[a] forum State's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates the necessary contacts with the forum." *Id*. (quoting *Walden*, 571 U.S. at 286). Thus, "[t]he proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Id*. Accordingly, American cannot rely on the mere fortuity that it has its headquarters in Texas, or that it allegedly suffered harm in Texas, to establish personal jurisdiction over Skiplagged.

19

In *Elevacity*, the Court relied on *Admar* and declined to exercise specific personal jurisdiction over a non-resident defendant regarding an alleged tortious interference with contract claim. *Id*. at *12–22. The Court reasoned that the defendant's alleged tortious Facebook posts did not specifically and purposefully "target Texas." *Id*. at *18–20 (finding that the defendant's Facebook posts were not connected specifically to Texas in any meaningful way because the posts were made on a public webpage that was accessible to all persons who have Facebook—not just Texas residents). The same rationale supports the lack of specific jurisdiction here. *Id*.

Skiplagged's allegedly tortious acts via its generally accessible website are not specifically and purposefully directed to Texas. *Elevacity U.S., LLC*, 2022 U.S. Dist. LEXIS 154111, at *12–22 (E.D. Tex. 2022); *Admar*, 18 F.4th at 787; *Walden*, 571 U.S. at 286. Rather, Skiplagged's website is indiscriminately accessible to all persons throughout the world that have access to the Internet. Zaman Dec., ¶¶ 10–13. Skiplagged also does not sell any allegedly infringing products in Texas, or anywhere else for that matter, as at most it is a service provider that simply acts as a conduit to facilitate a consumer's purchase of an airline ticket. *Id*. Skiplagged maintains a website by which users located anywhere in the world can access its information and services to assist in them in identifying flights from airlines, amongst other travel-related services. Skiplagged therefore does not "expressly aim" any aspects of its website or services specifically at Texas.

Finally, American's allegations that it suffered harm or injury felt in Texas cannot establish specific jurisdiction as a matter of law. *Walden*, 571 U.S. at 290 ("[M]ere injury to a forum resident is not a sufficient connection to the forum…. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."). American's reliance on an alleged foreseeable harm to its interests in the forum, coupled with its allegations of Skiplagged's knowledge of American's headquarters'

location in Texas, impermissibly seeks to drive the jurisdictional analysis in contravention of well-established personal jurisdiction principles. *Id*. at 289. In light of *Walden*, "the mere geography of Plaintiff's injury and Plaintiff's location, without more, can no longer serve as the relevant contacts supporting personal jurisdiction." *United Airlines*, 152 F. Supp.3d at 1050; *see also Walden*, 571 U.S. at 289–90; *Heavy Duty Prods., LLC*, 2015 U.S. Dist. LEXIS 62252, at *17. Thus, as set forth above, the proper jurisdictional inquiry is whether the defendant "purposefully directed" or "expressly aimed" its activities at Texas (not merely persons who happen to reside there). *Id*.; *see also Hoffman v. L & M Arts*, 774 F. Supp.2d 826, 844–45 (N.D. Tex.2011) (allegedly tortious acts occurring outside of Texas do not establish personal jurisdiction over the defendant on tortious interference claim).

## V.
### TRANSFER OF VENUE TO NEW YORK

In the alternative, the Court may transfer venue of this case to another judicial district that has personal jurisdiction over both parties. 28 U.S.C. § 1631.[3] A case such as this is transferrable where (i) this Court lacks jurisdiction; (ii) transferee court has jurisdiction; and (iii) the transfer serves the interests of justice. *Digitalway Servs., LLC*, 2023 U.S. Dist. LEXIS 85203, at *6–7 (finding lack of personal jurisdiction and transferring case to S.D. Ala.). *See also Franco v. Mabe Trucking, Inc.*, 3 Fed. 4th 788, 792–95 (5th Cir. 2022) (survey of circuits to hold that 28 U.S.C. § 1631 applies to lack of personal jurisdiction).

As set forth above, this Court lacks personal jurisdiction over the *Amended Complaint*'s [Doc. 8] claims against Skiplagged. Nevertheless, on the allegations that Skiplagged, acting in New

---

[3]Where a court finds it has personal jurisdiction, it may transfer a case under 28 U.S.C. § 1404(a), in the interests of justice, for the convenience of the parties or witnesses. Skiplagged respectfully notes that, in the absence of personal jurisdiction over it, as set forth above, § 1631 is applicable.

York City, infringed on American's trademarks and copyright, the Southern District of New York properly has personal jurisdiction. 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), 1400(a). Moreover, while the District of Delaware also has personal jurisdiction, the interests of justice are better served by transfer to the Southern District of New York, as all the challenged conduct occurred at Skiplagged's headquarters in New York City and all of the Skiplagged witnesses are located in the Southern District of New York. *Citigroup, Inc. v. City Holding Co.*, 97 F. Supp.2d, 549, 567 (S.D.N.Y. 2000) (venue proper where website was created, not where harm was felt). American, as an airline, should not be heard to complain about any inconvenience, as it may transport witnesses to New York City on its own planes on existing routing. *See Massaquoi v. Virgin Atlantic Airways*, 945 F. Supp. 58, 62 (S.D.N.Y. 1996) (denying motion to dismiss or transfer for, among other reasons, the defendant airline could easily transport witnesses from the United Kingdom to New York). Accordingly, the interests of justice are best served by transfer of this case to the Southern District of New York.

Respectfully submitted,

By:      /s/*William L. Kirkman*
       William L. Kirkman
       State Bar No. 11518700
       billk@kirkmanlawfirm.com
       Preston B. Sawyer
       State Bar No. 24102465
       prestons@kirkmanlawfirm.com
       KIRKMAN LAW FIRM, PLLC
       201 Main Street, Suite 1160
       Fort Worth, Texas 76102
       Telephone:      (817) 336-2800
       Facsimile:      (817) 877-1863

       ATTORNEYS FOR DEFENDANT,
       SKIPLAGGED, INC.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 2, 2023, a true and correct copy of the foregoing was

served via the Court's ECF system upon all counsel of record as indicated:

> Messrs. Dee J. Kelly, Jr., Lars L. Berg, and
>   Tyson Lies and Ms. Julia G. Wisenberg
> Kelly Hart & Hallman LLP
> 201 Main Street, Suite 2500
> Fort Worth, Texas 76102
>
> Ms. Bina Palnitkar
> Greenberg Traurig LLP
> 2200 Ross Avenue, Suite 5200
> Dallas, Texas 75201
>
> Mr. Nathan J. Muyskens
> Greenberg Traurig, LLP
> 2101 L Street, N.W., Suite 1000
> Washington, D.C. 20037

*/s/William L. Kirkman*
William L. Kirkman