**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **AMERICAN AIRLINES, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-00860-P** |
| | § | |
| **SKIPLAGGED, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT SKIPLAGGED, INC.'S MOTION FOR PROTECTIVE**
**ORDER AS TO DISCOVERY FROM PLAINTIFF AND TO STAY**
**MERITS-BASED DISCOVERY PENDING THE COURT'S**
**RULING ON SKIPLAGGED'S MOTION TO DISMISS FOR LACK**
**OF PERSONAL JURISDICTION AND BRIEF IN SUPPORT**

William L. Kirkman
State Bar No. 11518700
billk@kirkmanlawfirm.com
Preston B. Sawyer
State Bar No. 24102465
prestons@kirkmanlawfirm.com
KIRKMAN LAW FIRM, PLLC
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone:    (817) 336-2800
Facsimile:    (817) 877-1863

ATTORNEYS FOR DEFENDANT,
SKIPLAGGED, INC.

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

I.      Summary of *Motion*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     Relevant Procedural Background.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III.    Relevant Jurisdictional Facts. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV.     Applicable Law. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        A.      FED. R. CIV. P. 26(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        B.      Jurisdictional Discovery Standards. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        C.      Legal Standard To Be Applied to Skiplagged's Pending *Motion to
                Dismiss* and Hence to Any Jurisdictional Discovery of American. . . . . . . . . . . 11

V.      American's Discovery Requests are Inappropriate Because They Seek Information
        Concerning the Merits of American's Case and are Not Jurisdictionally Focused. . . . . . 13

VI.     Jurisdictional Discovery Skiplagged Proposes to Provide.. . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF CONFERENCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## <u>INDEX OF AUTHORITIES</u>

<u>Page</u>

**CASES:**

*Admar Int'l, Inc. v. Eastlock, L.L.C.*,
     18 F.4th 783 (5th Cir. 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*be2 LLC v. Ivanov*,
     642 F.3d 555 (7th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Beach Aviation v. Horizon*,
     No. 5:07-CV-170-C, 2007 U.S. Dist. LEXIS 111725 (N.D. Tex. Dec. 21, 2007). . . . . 14

*Bell Helicopter Textron, Inc. v. Am. Eurocopter, LLC*,
     729 F. Supp. 2d 789 (N.D. Tex. May 12, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Best Little Promohouse in Tex. LLC v. Yankee Pennysaver, Inc.*,
     No. 3:14-cv-1824-BN, 2014 U.S. Dist. LEXIS 152195 (N.D. Tex. Oct. 27, 2014). . . . . 3

*BNSF Ry. Co. v. Float Alaska IP, LLC*,
     No. 4:22-cv-0950-P, 2023 U.S. Dist. LEXIS 88750 (N.D. Tex.
     May 22, 2023, M. Pittman). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Brother of the Leaf, LLC v. Plastic Prods. Co.*,
     No. SA-14-CV-479-XR, 2014 U.S. Dist. LEXIS 106127 (W.D. Tex. Aug. 1, 2014).. . . 12

*Di Piazza v. Weather Grp. TV, Ltd. Liab. Co.*,
     No. 5:19-CV-060-C, 2019 U.S. Dist. LEXIS 228319 (N.D. Tex. Sep. 9, 2019).. . . . . . . 3

*Dykes v. Maverick Motion Picture Grp., L.L.C.*,
     No. 08-536-RET-DLD, 2009 U.S. Dist. LEXIS 85737 (M.D. La. Sept. 18, 2009).. . . . 11

*Eleva CityU.S. v. McLean*,
     No. 4:22-CV-047-SDJ, 2022 U.S. Dist. LEXIS 138071 (E.D. Tex. Aug. 3, 2022). . . . 11

*Evergreen Media Holdings, LLC v. Safran Co.*,
     No. CIV.A H-14-1634, 68 F. Supp. 3d 664 (S.D. Tex. Dec. 18, 2014).. . . . . . . . . . . . . 10

*Fielding v. Hubert Burda Media, Inc.*,
     415 F.3d 419 (5th Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Gearbox Software, LLC v. Apogee Software, Ltd.*,
     No. 3:14-cv-710-L, 2014 U.S. Dist. LEXIS 92620 (N.D. Tex. July 8, 2014). . . . . . . . . 14

*Giddy Holdings, Inc. v. Ideas, Inc.*,
 No. 1:22-CV-00904-LY, 2023 U.S. Dist. LEXIS 68965 (W.D. Tex. Apr. 20, 2023). . . . . 3

*GTE New Media Servs. Inc. v. BellSouth Corp.*,
 199 F.3d 1343 (D.C. Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Hartsfield v. New Bern Transp. Corp.*,
 No. 2:19-CV-00379-JRG, 2020 U.S. Dist. LEXIS 204246
 (E.D. Tex. Sept. 15, 2020). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Johnson v. TheHuffingtonPost.com*,
 21 F.4th 314 (5th Cir. 2021). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11, 12

*Kelly v. Syria Shell Petroleum Dev. B.V.*,
 213 F.3d 841 (5th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Kuykendall v. Amazon Studios LLC*,
 No. 5:20-CV-219, 2022 U.S. Dist. LEXIS 240966 (S.D. Tex. March 18, 2022). . . . . . . 12

*Lake Charles Harbor & Terminal Dist. v. Reynolds Metal Co.*,
 No. 17-1114, 2018 U.S. Dist. LEXIS 138205 (W.D. La. Aug. 15, 2018). . . . . . . . . . . . 11

*Mello Hielo Ice, Ltd. v. Ice Cold Vending LLC*,
 No. 4:11-CV-629-A, 2012 U.S. Dist. LEXIS 4192 (N.D. Tex. Jan. 11, 2012). . . . . . . . 10

*Nunes v. NBCUniversal Media, LLC*,
 582 F. Supp. 3d 387 (E.D. Tex. Jan. 28, 2022). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Pervasive Software, Inc. v. Lexware GmbH & Co. KG*,
 688 F.3d 214 (5th Cir. 2012). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11, 12

*Petrus v. Bowen*,
 833 F.2d 581 (5th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Reno v. Am. Civil Liberties Union*,
 521 U.S. 844 (1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Salter v. Upjohn Co.*,
 593 F.2d 649 (5th Cir. 1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Shrader v. Biddinger*,
 633 F.3d 1235 (10th Cir. 2011). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Shuker v. Smith & Nephew, PLC*,
 885 F.3d 760 (3d Cir. 2018). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

iv

*Smallwood v. Ill. Cent. R.R. Co.*,
    385 F.3d 568 (5th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Stone Metals Am. v. Eubank*,
    No. 3:20-cv-253-K, 2020 U.S. Dist. LEXIS 220143 (N.D. Tex. Nov. 5, 2020). . . . . . . . . 3

*Tailift USA, Inc. v. Tailift Co., Ltd.*,
    No. 3:03-CV-0196-M, 2004 U.S. Dist. LEXIS 28648 (N.D. Tex. March 26, 2004).  . . . 14

*Toys "R" Us, Inc. v. Step Two, S.A.*,
    318 F.3d 446 (3d Cir. 2003).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Viahart, LLC v. Arkview LLC*,
    No. 6:19-cv-00406, 2020 U.S. Dist. LEXIS 151205 (E.D. Tex. Aug. 20, 2020). . . . . . . 12

**RULES:**

FED. R. CIV. P. 12(a)(4)(A). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

FED. R. CIV. P. 26(c). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8, 9, 15

FED. R. CIV. P. 26(c)(1)(A–H). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

FED. R. CIV. P. 26(c)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

FED. R. CIV. P. 26(c)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

FED. R. CIV. P. 30(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **AMERICAN AIRLINES, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-00860-P** |
| | § | |
| **SKIPLAGGED, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT SKIPLAGGED, INC.'S MOTION FOR PROTECTIVE ORDER AS TO DISCOVERY FROM PLAINTIFF AND TO STAY MERITS-BASED DISCOVERY PENDING THE COURT'S RULING ON SKIPLAGGED'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND BRIEF IN SUPPORT

**TO THE HONORABLE MARK T. PITTMAN, UNITED STATES DISTRICT JUDGE:**

**NOW COMES** Defendant, Skiplagged, Inc. ("Skiplagged"), and pursuant to FED. R. CIV. P. 26(c), files this *Motion for Protective Order as to Discovery* propounded to it by Plaintiff, American Airlines, Inc. ("American"), and to stay merits-based discovery in the case pending the Court's ruling on Skiplagged's *Motion to Dismiss for Lack of Personal Jurisdiction*. In support thereof, Skiplagged would respectfully show the Court as follows:

**I.**

### SUMMARY OF *MOTION*

American has sued Skiplagged, claiming that Skiplagged's Internet operations have infringed on American's trademarks and copyrights. American also asserts supplemental state law claims (breach of contract and tortious interference) which it alleges are ancillary to its federal claims. Skiplagged denies American's allegations. But, relevant to this *Motion*, Skiplagged has pending before the Court, a *Motion to Dismiss* American's *First Amended Complaint* for lack of personal

1

jurisdiction, which was filed on October 2, 2023, and is supported by a detailed Declaration of Skiplagged's representative. To that end, Skiplagged is a New York-based Internet company operating Skiplagged.com from its servers located in New York and South Carolina. It has not screen-scraped AA.com, purchased any airline tickets or services from American, registered to do business in Texas, or done anything else to specifically target or purposefully direct its activities towards Texas, as opposed to any other state or foreign country where Skiplagged.com is accessible over the Internet. *See* § III below. Hence, under recent applicable Fifth Circuit law, Skiplagged lacks the requisite minimum contacts with Texas, as it has not purposefully availed itself of the protections and benefits of Texas law that would allow this Court to assert jurisdiction over it. *See* § IV C below.

After Skiplagged filed its *Motion to Dismiss*, American served nineteen *Interrogatories* and fifty-six *Requests for Production* on Skiplagged which seek merits discovery. A cursory review of the questions posed by such discovery will lead the reader to the conclusion that American's design in propounding such discovery is to obtain information concerning the underlying merits of its claims against Skiplagged. *See* App. Exs. 1 and 2. More recently, American has also sought a merits-based deposition of Skiplagged's Chief Operating Officer in Fort Worth in the near future, presumably prior to resolution of Skiplagged's *Motion to Dismiss*.

Skiplagged has sought to negotiate with American as to this discovery and offered to provide now, legitimate jurisdiction information, but advised American that merits discovery should come after this Court's decision on the *Motion to Dismiss*. This is because personal jurisdiction is a threshold issue and Skiplagged believes that merits discovery is premature and inappropriate at this juncture, as this Court must first address the fundamental personal jurisdiction issue before reaching

claims as to merits.[1] *Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 232 (5th Cir. 2012) (citations omitted); *Di Piazza v. Weather Grp. TV, Ltd. Liab. Co.*, No. 5:19-CV-060-C, 2019 U.S. Dist. LEXIS 228319, at *9–10 (N.D. Tex. Sep. 9, 2019); *Giddy Holdings, Inc. v. Ideas, Inc.*, No. 1:22-CV-00904-LY, 2023 U.S. Dist. LEXIS 68965, at *5–6 (W.D. Tex. Apr. 20, 2023); *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."). American rejected Skiplagged's proposal, claiming that this Court has already rejected Skiplagged's position as to jurisdictional discovery and that merits discovery was premature. App. Exs. 4 and 6.

On October 16, 2023, American filed a *Motion* seeking to extend the time for it to respond to Skiplagged's *Motion to Dismiss*, asserting generally that its discovery also "includes" requests for jurisdictional information "necessary" to respond to Skiplagged's *Motion to Dismiss*. This Court granted the extension until December 15, 2023. While in certain circumstances and with Court approval, American may propound jurisdictional discovery, American is not entitled at this stage of the suit to "fish for facts" to support personal jurisdiction. Instead, at this juncture, any such jurisdictional discovery must be limited and focused to yield specific facts that American believes it can demonstrate are "necessary" to support its efforts to "withstand dismissal" of this case based on lack of personal jurisdiction. *See Johnson v. TheHuffingtonPost.com*, 21 F.4th 314, 326 (5th Cir. 2021); *BNSF Ry. Co. v. Float Alaska IP, LLC*, No. 4:22-cv-0950-P, 2023 U.S. Dist. LEXIS 88750, at *7 n.4 (N.D. Tex. May 22, 2023, M. Pittman); *Best Little Promohouse in Tex. LLC v. Yankee Pennysaver, Inc.*, No. 3:14-cv-1824-BN, 2014 U.S. Dist. LEXIS 152195, at *8–9 (N.D. Tex. Oct. 27, 2014); *Stone Metals Am. v. Eubank*, No. 3:20-cv-253-K, 2020 U.S. Dist. LEXIS 220143, at

---

[1]Indeed, Skiplagged has not answered the *Amended Complaint* and need not do so unless this Court denies the *Motion to Dismiss*. FED. R. CIV. P. 12(a)(4)(A).

*10–11 (N.D. Tex. Nov. 5, 2020); *Bell Helicopter Textron, Inc. v. Am. Eurocopter, LLC*, 729 F. Supp. 2d 789, 797–98 (N.D. Tex. May 12, 2010). American's discovery is not so properly limited and focused on jurisdictional facts necessary to support personal jurisdiction over Skiplagged in Texas. Shortly thereafter, American made its request for a merits-based deposition of Skiplagged's Chief Operating Officer, Dan Gellert, to be taken in Fort Worth.

As referenced above, Skiplagged has attempted to reach a reasonable accommodation and allow American to conduct what Skiplagged believes is focused jurisdictional discovery and not merits-based discovery at this stage of the litigation. On October 27, 2023, Skiplagged proposed to produce jurisdictional-related information and respond to certain of American's *Interrogatories* and *Requests for Production*. This proposal was made to allow American the opportunity to ferret out any jurisdictional information that it believes is relevant to Skiplagged's *Motion to Dismiss*. On October 30, 2023, American rejected this proposal. Skiplagged also proposed that it produce a Rule 30(b)(6) deponent for a jurisdictional-based deposition in the near future (in time for American to be able to use such in responding to Skiplagged's *Motion to Dismiss*) in New York. That offer, too, was rejected. Skiplagged then filed this *Motion*.

By this *Motion*, Skiplagged seeks protection from American's inappropriate discovery under FED. R. CIV. P. 26(c) and has respectfully suggested a process to allow American to receive appropriate and focused jurisdictional discovery from Skiplagged pending the Court's ruling on the *Motion to Dismiss*.

## II.

### RELEVANT PROCEDURAL BACKGROUND

2.01    On August 17, 2023, American filed its *Complaint* [Doc. 1]. Thereafter, on the same day, American filed its *First Amended Complaint* [Doc. 8].

2.02     On September 25, 2023, the parties' counsel met in accordance with the Court's *Initial Order* of September 5, 2023 [Doc. 12], and thereafter filed their *Joint Report* on September 26, 2023 [Doc. 19]. In the *Joint Report*, Skiplagged advised the Court that it intended to file and prosecute a *Motion to Dismiss* the *Amended Complaint* for lack of personal jurisdiction by October 2, 2023. Skiplagged also confirmed in the *Joint Report* that:

> …Skiplagged does not believe it can participate in substantive discovery or trial preparation while the *Motion* is pending for fear of waiver or that such will be misconstrued by the Court as exhibiting less than full confidence in the *Motion*.

(*Id*. at p. 1). The Court entered its *Scheduling Order* on September 27, 2023 [Doc. 20].

2.03     Skiplagged filed its *Motion to Dismiss Plaintiff American Airlines, Inc.'s First Amended Complaint for Lack of Personal Jurisdiction and Alternative Request to Transfer Venue and Brief in Support* on October 2, 2023 [Doc. 21].

2.04     American served its *First Set of Interrogatories* and *First Set of Requests for Production* to Skiplagged on October 12, 2023. True and correct copies are contained in the *Appendix* filed with this *Motion* respectively as App. Exs. 1 and 2.

2.05     American filed a *Motion for Extension of Time to Respond to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Brief in Support and Request for Expedited Consideration* on October 16, 2023, claiming it was "necessary" to have Skiplagged's responses to its discovery "to enable American to respond to the factual assertions in the evidence supporting Skiplagged's *Motion to Dismiss*" [Doc. 24]. On the day after American's *Motion for Extension* was filed, the Court granted American an extension to respond to Skiplagged's *Motion to Dismiss* until December 15, 2023 [Doc. 26]. Thus, the Court had not yet heard Skiplagged's contentions with respect to limits on discovery pending the Court's ruling on Skiplagged's *Motion to Dismiss*, as set forth below.

2.06     On October 27, 2023, Skiplagged proposed in an e-mail to counsel for American, a process whereby it would respond to certain of American's discovery requests that arguably sought jurisdictional information and provide jurisdictional-based discovery by November 8, 2023. *See* App. Ex. 3. This e-mail was designed to allow American the opportunity to use, if it so chose, any information or documents provided in response to such discovery requests in American's response to Skiplagged's jurisdictional *Motion*. Skiplagged also proposed in this e-mail that it would not respond to the balance of the questions that Skiplagged believes were merits-based unless the Court denies Skiplagged's *Motion to Dismiss* and then, within thirty days of any such *Order* denying Skiplagged's *Motion*. *Id*. On October 30, 2023, American rejected that proposal. *See* App. Ex. 4.

2.07     On October 31, 2023, American's counsel asked Skiplagged to provide dates to depose Skiplagged's Chief Operating Officer, Dan Gellert, in Fort Worth and subsequently confirmed that such deposition would not be limited to jurisdictional issues, but was intended to take testimony from Mr. Gellert on the merits. *See* App. Exs. 5 and 6 respectively. On November 3, 2023, Skiplagged responded by declining American's request, but offering an organizational witness under Rule 30(b)(6) for a jurisdictional-based deposition in New York. *See* App. Ex. 7. American rejected this proposal.

2.08     On November 8, 2023, Skiplagged responded to American's sweeping merits-based discovery requests and asserted what it believed were appropriate objections, including objecting to most of such discovery on the basis that it inappropriately sought merits-based discovery and was not otherwise focused on obtaining specific facts demonstrating such discovery was necessary to support American's efforts to withstand dismissal of the case based on lack of personal jurisdiction. *See* App. Exs. 8 and 9. Skiplagged agreed to respond to those questions posed in American's written discovery which Skiplagged believes would reveal relevant jurisdictional information once an

6

acceptable *Protective Order* was entered by the Court protecting the confidential nature of the information provided. Skiplagged did not simply agree to answer certain questions; it actually advised American in these responses that it had prepared substantive answers to Interrogatories Nos. 12, 13, and 15–19 and was ready, willing, and able to provide such substantive answers upon the entry of an *Agreed Protective Order*. *See* App. Ex. 8, *Responses* to Interrogatories Nos. 12, 13, and 15–19, and App. Ex. 9, Requests for Production Nos. 29 and 47–48.

2.09    Skiplagged also filed this *Motion* on November 8, 2023.

### III.

### RELEVANT JURISDICTIONAL FACTS[2]

3.01    Skiplagged is a New York-based online travel information service provider. It assists consumers by showing commercial airline routing and fares, hotel availability, and other travel information over the Internet through its website: Skiplagged.com. It transacts business nationwide and internationally solely through the Internet.

3.02    Skiplagged is organized under the laws of Delaware and maintains its principal place of business in New York, New York. Skiplagged operates its website from New York through its servers based in New York and South Carolina. It has been in business since 2015. It has no offices in Texas, no bank accounts in Texas, employs no one in Texas, is not registered to do business in Texas, has no computers in Texas, does not "screen scrape" from AA.com, has not accepted American's terms and conditions, does not purchase tickets from American or supply American tickets to customers, is not a travel agency, and otherwise has no connection to Texas, other than that

---

[2]These facts are supported by the Declaration of Aktarer Zaman, which is attached as 1 to the *Appendix* [Doc. 22] to Skiplagged's *Motion to Dismiss* filed on October 2, 2023, in support of Skiplagged's *Motion to Dismiss* [Doc. 21].

its website is accessible in Texas and has been accessed by persons in Texas, as it has everywhere else in the world.

3.03    To be certain, and relevant to the Court's consideration of Skiplagged's pending *Motion to Dismiss*, Skiplagged does not specifically target or direct any of its services to Texas-based consumers independent of any consumers located elsewhere, does not engage in marketing or advertisements focused on Texas, and does not sell or ship any products into Texas. Rather, Skiplagged.com is generally and indiscriminately visible and accessible to everyone in the United States and throughout the world who has access to the Internet, obviously including Texas. And, the places from which users visit Skiplagged.com's site are entirely outside of Skiplagged's control. Skiplagged's publication of American marks to which American objects is simply an aggregation of American's publicly available information, including its flight and fare data from sources other than American.

## IV.

### APPLICABLE LAW

4.01    Skiplagged seeks protection from the Court under FED. R. CIV. P. 26(c) because The numerous discovery requests propounded by American to Skiplagged indiscriminately seek information to support American's claim on the merits. *See* ¶ 2.04 above and App. Exs. 1 and 2. Skiplagged believes that such are inappropriate at this stage of the litigation. Instead, the parties' efforts should be focused on whether the Court has personal jurisdiction over Skiplagged in order to allow the Court to resolve Skiplagged's pending *Motion to Dismiss*. If there is discovery to be had at this stage of the litigation and before the Court passes on Skiplagged's *Motion*, such discovery should be focused and strictly limited to discovery designed to allow the Court to determine Skiplagged's *Motion to Dismiss*. And, such discovery should be conducted within the purview of

the legal standards of personal jurisdiction associated with Internet companies such as Skiplagged, which the Fifth Circuit has recently laid down.[3] Only if the Court denies Skiplagged's *Motion to Dismiss* would the parties need to engage in merits discovery. Otherwise, there is no need to delve into the merits of American's case.

## A.  FED. R. CIV. P. 26(c)

4.02    Under Rule 26(c), the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Rule 26(c) also lists the actions this Court may institute in order to provide such protection. *See* FED. R. CIV. P. 26(c)(1)(A–H), (2), and (3).

4.03    Skiplagged seeks such an order under FED. R. CIV. P. 26(c) to protect it against what it believes is inappropriate merits-based and non-jurisdictional discovery prior to the Court ruling on Skiplagged's *Motion to Dismiss for Lack of Personal Jurisdiction*, including the answering of merits-based *Interrogatories*, *Requests for Production*, and providing a deposition of its Chief Operating Officer in Fort Worth on the merits of American's claims.

## B.  Jurisdictional Discovery Standards

4.04    Before a trial court should allow jurisdictional discovery in the face of a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a "preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (citing *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003)). In making this "preliminary showing of jurisdiction," a plaintiff should "identify the discovery needed, the facts expected to be

---

[3]The legal authorities addressing personal jurisdiction which American cites in its *Motion to Extend* the time to respond to Skiplagged's *Motion to Dismiss* by and large do not include the recent relevant Fifth Circuit authority on this issue. That authority articulates the standard for personal jurisdiction in this case as to Internet activity. Skiplagged has provided the Court with such authority below in ¶¶ 4.07–4.10.

obtained thereby, and how such information would support personal jurisdiction." *Mello Hielo Ice, Ltd. v. Ice Cold Vending LLC*, No. 4:11-CV-629-A, 2012 U.S. Dist. LEXIS 4192, at \*18–19 (N.D. Tex. Jan. 11, 2012) (citing *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)); *Evergreen Media Holdings, LLC v. Safran Co.*, No. CIV.A H-14-1634, 68 F. Supp. 3d 664, 672 (S.D. Tex. Dec. 18, 2014) (If a plaintiff cannot make such a showing, discovery would serve no valid jurisdictional purpose, and should not be permitted.). The Fifth Circuit in 2004 pointed out the slippery slope facing a court when it allows discovery at the jurisdictional stage of a case. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) ("Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined."). Even though the issue in the *Smallwood* case was subject matter jurisdiction, not personal jurisdiction, the same concept applies.

4.05    Apparently concerned that it cannot make such a showing of jurisdiction based on its *Amended Complaint*, American claims it is "necessary" for it to receive Skiplagged's responses to what Skiplagged believes is in large part full merits written discovery that American served on Skiplagged in order to respond to Skiplagged's *Motion* [Doc. 24 at p. 1]. But, American's discovery is not properly directed towards obtaining information relevant to personal jurisdiction. Even a cursory review of the nineteen *Interrogatories* and fifty-six *Production Requests* reveals that American seeks sweeping discovery in all aspects of its merits case. American even admits as much when it: (1) claims its discovery only "includes" purported jurisdictional discovery (therefore tacitly

admitting the rest does not) [Doc. 24 at pp. 1 and 5]; and (2) states in an e-mail to Skiplagged's

counsel that its discovery is merits-based (*see* App. Ex. 3).

4.06    Skiplagged respectfully submits that if this Court is to allow American to conduct

discovery at this stage of the litigation, such discovery should be focused to yield specific facts that

American believes would allow it to "withstand dismissal" of its case based on lack of personal

jurisdiction. *Johnson*, 21 F.4th at 326. Merits-based discovery should be stayed pending the Court's

ruling on Skiplagged's *Motion to Dismiss*. *Eleva CityU.S. v. McLean*, No. 4:22-CV-047-SDJ, 2022

U.S. Dist. LEXIS 138071, at *4, 9 (E.D. Tex. Aug. 3, 2022); *Hartsfield v. New Bern Transp. Corp.*,

No. 2:19-CV-00379-JRG, 2020 U.S. Dist. LEXIS 204246, at *4–5 (E.D. Tex. Sept. 15, 2020); *Lake

Charles Harbor & Terminal Dist. v. Reynolds Metal Co.*, No. 17-1114, 2018 U.S. Dist. LEXIS

138205, at *4–6 (W.D. La. Aug. 15, 2018); *Dykes v. Maverick Motion Picture Grp., L.L.C.*, No.

08-536-RET-DLD, 2009 U.S. Dist. LEXIS 85737, at *4–6 (M.D. La. Sept. 18, 2009). If the Court

is inclined to allow some jurisdictional discovery to American, Skiplagged respectfully suggests such

discovery should stay within the boundaries of the appropriate legal standard this Court must apply

in assessing Skiplagged's *Motion to Dismiss*, which Skiplagged has set forth in the next section of

this *Motion for Protective Order*. *See* § C immediately below.

## C.    Legal Standard To Be Applied to Skiplagged's Pending *Motion to Dismiss* and Hence to Any Jurisdictional Discovery of American

4.07    Skiplagged's business is conducted over the Internet—which the Supreme Court

denoted back in 1997 as a "unique and wholly new medium of worldwide business

communications." *Pervasive Software, Inc.*, 688 F.3d at 226 (citing to *Reno v. Am. Civil Liberties

Union*, 521 U.S. 844, 850 (1997)). As such, case law has developed over the years as to how

personal jurisdiction is to be evaluated as to this new medium, including very recent decisions from

the Fifth Circuit.

4.08     The Fifth Circuit has now made clear what is necessary to maintain jurisdiction over interactive Internet companies such as Skiplagged so as to satisfy the constitutionally based purposeful availment aspect of the law. American must demonstrate that Skiplagged directly targeted Texas (the forum state) with its operations in a specific and direct manner, and does not simply "target every user everywhere," as to do so "is to target no place at all." *Johnson*, 21 F.4th at 321–22; *Pervasive Software*, 688 F.3d at 227–28; *Admar Int'l, Inc. v. Eastlock, L.L.C.*, 18 F.4th 783, 787–88 (5th Cir. 2021); *see also Brother of the Leaf, LLC v. Plastic Prods. Co.*, No. SA-14-CV-479-XR, 2014 U.S. Dist. LEXIS 106127, at *8–10 (W.D. Tex. Aug. 1, 2014); *Kuykendall v. Amazon Studios LLC*, No. 5:20-CV-219, 2022 U.S. Dist. LEXIS 240966, at *23–25 (S.D. Tex. March 18, 2022); *Viahart, LLC v. Arkview LLC*, No. 6:19-cv-00406, 2020 U.S. Dist. LEXIS 151205, at *8–9, 12–13, 16 (E.D. Tex. Aug. 20, 2020); *Nunes v. NBCUniversal Media, LLC*, 582 F. Supp. 3d 387, 399 (E.D. Tex. Jan. 28, 2022). As these cases demonstrate, efforts to exploit a national or international market that necessarily includes Texas, which is the case with Skiplagged.com, are insufficient to establish personal jurisdiction. These cases also provide that even if a defendant operates a "highly interactive website" that is accessible from, but does not target the forum state, an Internet-based defendant may not be haled into court in that state without offending the Constitution.

4.09     Other circuits support this view. *See*, *e.g.*, *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011) ("If the defendant merely operates a website, even a 'highly interactive' website, that is accessible from, but does not target, the forum state, then the defendant may not be haled into court in that state without offending the Constitution."); *Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011) ("The maintenance of a web site does not in and of itself subject the owner or operator to personal jurisdiction, even for actions relating to the site, simply because it can be accessed by residents of the forum state."); *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1350

(D.C. Cir. 2000) (rejecting argument that the "mere accessibility of the defendants' websites establishes the necessary 'minimum contacts' with [the] forum"). *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018) ("…our Circuit's requirement of purposeful availment: 'what is necessary is a deliberate targeting of the forum (citations omitted), so efforts to exploit a national market' thus 'necessarily included Pennsylvania' are insufficient (citation omitted). Yet nationally directed efforts are all that the Shukers alleged here.").

4.10    It is within the parameters of this established law that Skiplagged believes American's jurisdictional-based discovery should currently be focused, not on obtaining merits-based information which may never come to play in this case.

**V.**

### AMERICAN'S DISCOVERY REQUESTS ARE INAPPROPRIATE BECAUSE THEY SEEK INFORMATION CONCERNING THE MERITS OF AMERICAN'S CASE AND ARE NOT JURISDICTIONALLY FOCUSED

5.01    A glance at Interrogatories Nos. 1–11 and 14 and Requests for Production Nos. 1–5, 7–28, 30–46, 51–53, and 55–56 will lead to the inescapable conclusion that American's discovery is not jurisdictional, but merits-based. None of these requests are limited to or directed in any manner to ferret out whether Skiplagged has deliberately targeted Texas or Texas customers with its advertising, promotion, marketing, or its other Internet activities. Indeed, Texas is not even mentioned in these specific questions. Therefore, such discovery serves no useful purpose in allowing the Court to decide the jurisdiction question. Responses to these discovery requests should be stayed until the Court rules on the pending *Motion to Dismiss*.

5.02    Even the other discovery requests which mention Texas (Texas' "home airports," Texas consumers, etc.—Interrogatories Nos. 12–13 and 15–18 and Requests for Production Nos. 6, 29, 47–50, and 54) are not tailored to attempt to elicit information relevant to jurisdiction under the

13

Fifth Circuit's standards to show how Skiplagged directly "targets" Texans or Texas airports as opposed to targeting "everyone everywhere." Therefore, responses to these Interrogatories and Requests for Production will also yield no information relevant to the Fifth Circuit's targeting requirement. Like the other non-Texas requests, these will simply adduce information about Skiplagged's activities in Texas that are incorporated into its national and international activities—nothing else. Responses to Requests for Production Nos. 6, 49–50, and 54 should also be stayed.[4]

      5.03    Finally, a deposition of Skiplagged's Chief Operating Officer on the merits which is not restricted to jurisdictional issues is equally inappropriate and potentially premature. It, too, should be stayed pending the Court's ruling on Skiplagged's *Motion to Dismiss*, and if it happens at all, it must be in Skiplagged's place of business—New York, New York. *Salter v. Upjohn Co.*, 593 F.2d 649, 651–52 (5th Cir. 1979); *Gearbox Software, LLC v. Apogee Software, Ltd.*, No. 3:14-cv-710-L, 2014 U.S. Dist. LEXIS 92620, at *2–5 (N.D. Tex. July 8, 2014); *Beach Aviation v. Horizon*, No. 5:07-CV-170-C, 2007 U.S. Dist. LEXIS 111725, at *4–5 (N.D. Tex. Dec. 21, 2007); *Tailift USA, Inc. v. Tailift Co., Ltd.*, No. 3:03-CV-0196-M, 2004 U.S. Dist. LEXIS 28648, at *4–5 (N.D. Tex. March 26, 2004).

## VI.

### JURISDICTIONAL DISCOVERY SKIPLAGGED PROPOSES TO PROVIDE

      As set forth above, Skiplagged has proposed to American what Skiplagged believes is a fundamentally fair jurisdictional discovery process that is designed to allow American to focus on information that if obtained, would be relevant to the Court's determination of Skiplagged's *Motion*

---

[4]In an attempt to reach a compromise and provide jurisdictional facts, however, Skiplagged has proposed to respond to Interrogatories Nos. 12–13 and 15–19 and Requests for Production Nos. 29 and 47–48.

*to Dismiss*. *See* App. Exs. 3 and 7. Skiplagged has renewed that proposal as to the written discovery in its responses to American's discovery. *See* App. Exs. 8 and 9. In addition to the stay requested above as to specific American discovery, Skiplagged respectfully suggests that the Court consider entering an order that requires Skiplagged to provide the information to American it has offered to provide.[5] *See* App. Exs. 8 and 9. Skiplagged believes that such will get to the heart of the jurisdictional question and allow the parties the opportunity to present their respective positions to the Court, in part, based thereon. Further, Skiplagged proposes that Skiplagged provide an organizational witness under Rule 30(b)(6) for a jurisdictional-based deposition, if American so chooses, in New York at an agreed date far enough in advance of American's response date to Skiplagged's *Motion to Dismiss* so as to allow American to use the product of such testimony. American's response to Skiplagged's *Motion to Dismiss* is due on or before December 15, 2023. So, the timing of Skiplagged's responses to such discovery and the securing of the jurisdictional deposition can be scheduled accordingly.

**WHEREFORE, PREMISES CONSIDERED**, Skiplagged respectfully requests that this Court enter an order pursuant to Rule 26(c) of the FEDERAL RULES OF CIVIL PROCEDURE consistent with the above suggestions, as follows:

1.  Stay Skiplagged's answering American's Interrogatories Nos. 1–11 and 14 and providing responses to Request for Production Nos. 1–28, 30–46, and 49–56 and producing responsive documents until thirty days after this Court rules on Skiplagged's pending *Motion to Dismiss*;

---

[5]The information Skiplagged proposes to provide is confidential and private to Skiplagged. As can be seen from a review of Skiplagged's responses to Interrogatories No. 12–13 and 15–19, Skiplagged has said it is prepared to answer such questions upon the entry of an *Agreed Protective Order* protecting the confidential nature of such information. Therefore, Skiplagged also requests protection from the Court as to the confidential nature of this information.

2.      Providing that Skiplagged is to provide answers and responses to Interrogatories Nos. 12, 13, and 15–19 pursuant to an acceptable *Protective Order* from the Court; and

3.      Providing that Skiplagged is to produce an organizational witness pursuant to FED. R. CIV. P. 30(b)(6) on the issue of jurisdiction on or before December 1, 2023, in New York, New York.

Skiplagged further prays for such other relief, at law or in equity, to which Skiplagged may show itself justly entitled.

Respectfully submitted,

By:     /s/*William L. Kirkman*
        William L. Kirkman
        State Bar No. 11518700
        billk@kirkmanlawfirm.com
        Preston B. Sawyer
        State Bar No. 24102465
        prestons@kirkmanlawfirm.com
        KIRKMAN LAW FIRM, PLLC
        201 Main Street, Suite 1160
        Fort Worth, Texas 76102
        Telephone:      (817) 336-2800
        Facsimile:      (817) 877-1863

        ATTORNEYS FOR DEFENDANT,
        SKIPLAGGED, INC.

## CERTIFICATE OF CONFERENCE

**I HEREBY CERTIFY** that conferences were held in October and November 2023 with counsel for Plaintiff, Lars L. Berg, with regard to the merits of this *Motion*. An agreement could not be reached.

/s/*William L. Kirkman*
William L. Kirkman

16

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 8, 2023, a true and correct copy of the foregoing

was served via the Court's ECF system upon all counsel of record as indicated:

> Messrs. Dee J. Kelly, Jr. and Lars L. Berg
>  and Ms. Julia G. Wisenberg
> Kelly Hart & Hallman LLP
> 201 Main Street, Suite 2500
> Fort Worth, Texas 76102
>
> Ms. Bina Palnitkar
> Greenberg Traurig LLP
> 2200 Ross Avenue, Suite 5200
> Dallas, Texas 75201
>
> Mr. Nathan J. Muyskens
> Greenberg Traurig, LLP
> 2101 L Street, N.W., Suite 1000
> Washington, D.C. 20037

> */s/William L. Kirkman*
> William L. Kirkman

17