IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF AMERICAN AIRLINES, INC.'S UNOPPOSED MOTION TO EXTEND DEADLINE FOR PARTIES TO FILE MOTIONS FOR LEAVE TO JOIN PARTIES OR AMEND PLEADINGS AND MOTION TO EXTEND AMERICAN'S DEADLINE TO RESPOND TO DEFENDANT SKIPLAGGED, INC.'S MOTION TO DISMISS**

For good cause shown, Plaintiff American Airlines, Inc. ("American") respectfully moves the Court to modify the Scheduling Order [Dkt. No. 20] and extend the parties' deadline for filing motions for leave to join parties or amend pleadings from November 27, 2023 to December 29, 2023. American also respectfully moves the Court to extend its deadline to respond to Defendant Skiplagged, Inc.'s ("Skiplagged") Motion to Dismiss for Lack of Jurisdiction ("Motion to Dismiss") [Dkt. No. 21] from December 15, 2023 to December 29, 2023. Skiplagged is unopposed to this motion.

### I.    LEGAL STANDARD

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Shepherd on behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019). In determining whether there is good cause to allow an amendment to the scheduling order, the Court considers four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.,*

*L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) (internal quotation marks, alterations, and citations omitted). A court should assess these factors "holistically." *EEOC v. Service Temps, Inc.*, No. 3:08-CV-1552-D, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009). "It [should] not mechanically count the number of factors that favor each side. And it [must] remember[] at all times that the good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order." *Id.*

## II.   ANALYSIS

American moves the Court to extend the parties' deadline to file all motions requesting joinder of additional parties or amendments of pleadings from November 27, 2023 to December 29, 2023 so that it can obtain the information necessary to assess whether additional parties should be joined or whether an amendment of its complaint is proper. [*See* Dkt. No. 20 at 2]. American filed its Amended Complaint on August 17, 2023 and served Skiplagged the next day. Pursuant to the Court's Order [Dkt. No. 12], the parties met for an in-person scheduling conference on September 25, 2023 and filed their Joint Report Regarding Contents of Scheduling Order [Dkt. No. 19] on September 26, 2023. The Court entered its Scheduling Order [Dkt. No. 20] the next day.

Since that time, Skiplagged has filed a Motion to Dismiss, asking the Court to dismiss this case on the basis that Skiplagged is not subject to general or specific jurisdiction in Texas or, in the alternative, moving the Court to transfer venue of this case to the Southern District of New York. [Dkt. No. 21 at 8–10]. American moved the Court for an extension of its deadline to respond to Skiplagged's Motion to Dismiss, so that American could obtain Skiplagged's responses to American's discovery requests, which include requests that will provide the jurisdictional information necessary to enable American to respond Skiplagged's

2

Motion to Dismiss. [Dkt. No. 24 at 1]. The Court granted American's motion, extending its response deadline to December 15, 2023. [Dkt. No. 26].

However, since that time, the parties have encountered multiple disputes regarding the above-mentioned discovery, some of which are reflected in Skiplagged's Motion for Protective Order[1], which the Court denied [Dkt. No. 31]. Since the Court's ruling, American has diligently conferred with Skiplagged as to multiple discovery-related topics, including Skiplagged's objections-only responses to American's First Set of Interrogatories and First Set of Requests for Production, American's request to take the deposition of Skiplagged's Chief Operating Officer, and the terms of the parties' ESI protocol and confidentiality agreement. To date, American has not yet received Skiplagged's amended responses to its discovery requests or any document production. Several days ago, American was successful in scheduling the deposition of Skiplagged's Chief Operating Officer for November 30, 2023 in New York. American is awaiting Skiplagged's proposed edits to American's draft ESI protocol and confidentiality agreement. Accordingly, the joinder and amendment of pleadings deadline "'cannot reasonably be met despite the diligence of the party needing [the] extension.'" *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 602 (5th Cir. 2021) (quoting *S&W Enters.*, 315 F.3d at 535).

As to the second and third good cause factors, American believes that a thirty-two day extension of the joinder and pleadings deadline is critical because it will allow the parties to gain knowledge of the facts supporting the causes of action and defenses and ensure that those

---

[1] Skiplagged's motion was styled as: Defendant Skiplagged, Inc.'s Motion for Protective Order as to Discovery from Plaintiff and to Stay Merits-Based Discovery Pending the Court's Ruling on Skiplagged's Motion to Dismiss for Lack of Personal Jurisdiction and Brief in Support. [Dkt. No. 29]. Skiplagged also filed an Appendix in Support of its motion. [Dkt. No. 30].

claims and defenses are properly plead. *See S&W Enters.*, 315 F.3d at 536. Further, no party will be prejudiced by the proposed amendment, as it is unopposed by Skiplagged and the extension will apply equally to both parties. *See id.* Finally, as to the fourth factor, a continuance of the trial date is not necessary in this case. *See id.* Therefore, American believes good cause exists to extend the deadline for requesting leave to join additional parties or to file amendments to the pleadings from November 27, 2023 to December 29, 2023. *See* Fed. R. Civ. P. 16(b)(4); *City of Shreveport*, 920 F.3d at 287; *S&W Enterprises, L.L.C.*, 315 F.3d at 536.

Further, American moves the Court for a fourteen-day extension of its deadline to file a response to Skiplagged's Motion to Dismiss. [*See* Dkt. Nos. 21–22; Dkt. Nos. 24–26]. As noted above, American previously moved the Court to extend its deadline to respond to Skiplagged's Motion to Dismiss so that American could obtain Skiplagged's responses to American's then-pending discovery requests. [*See* Dkt. No. 24 at 1]. At this time, American has only received Skiplagged's objections to its First Set of Interrogatories and First Set of Requests for Production. Although the parties have conferred on Skiplagged's objections to American's requests and American is diligently pursuing Skiplagged's outstanding discovery responses, American is not able to substantively respond to Skiplagged's Motion to Dismiss until it receives those responses. As such, American prays the Court will extend its deadline to respond to Skiplagged's Motion to Dismiss by fourteen days.

### III.   CONCLUSION

For the reasons stated above, American respectfully requests that the Court grant this motion and extend: (1) the parties' deadline to file motions for leave to join parties or amend pleadings from November 27, 2023 to December 29, 2023 [*see* Dkt. No. 20 at 2]; and (2) American's deadline to file a response to Skiplagged's Motion To Dismiss from December 15,

2023 to December 29, 2023 [*see* Dkt. No. 26].

Dated: November 21, 2023					Respectfully submitted,

*/s/ Lars L. Berg*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

Bina Palnitkar
State Bar No. 24070378
palnitkarb@gtlaw.com
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3600

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

I hereby certify that on November 20-21, 2023, I conferred with Bill Kirkman, counsel for Skiplagged, Inc., and he indicated that he was unopposed to the relief requested.

*/s/ Julia G. Wisenberg*
Julia G. Wisenberg

**CERTIFICATE OF SERVICE**

I certify that on November 21, 2023, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

*/s/ Julia G. Wisenberg*
Julia G. Wisenberg