IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:23-cv-00860-P |
| SKIPLAGGED, INC., | § § § | |
| Defendant. | § | |

**PLAINTIFF AMERICAN AIRLINES, INC.'S
BRIEF IN SUPPORT OF ITS MOTION TO COMPEL**

# **TABLE OF CONTENTS**

PAGE

TABLE OF CONTENTS ............................................................................................................... ii

TABLE OF AUTHORITIES ........................................................................................................ iii

I.      INTRODUCTION ............................................................................................................. 1

II.     ARGUMENTS AND AUTHORITIES ............................................................................. 2

   A. Legal Standard ................................................................................................................ 2

   B. American seeks an order compelling Skiplagged to fully answer American's First Set of Interrogatories because Skiplagged cannot establish that the requested discovery is objectionable. ................................................................................................................... 3

   C. American seeks an order compelling Skiplagged to produce all documents requested in American's First Set of Requests for Production. ............................................................ 4

III.    CONCLUSION .................................................................................................................. 7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Leonard v. Martin*,
    38 F.4th 481 (5th Cir. 2022) ............................................................................................... 2

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*,
    894 F.2d 1482 (5th Cir. 1990) ......................................................................................... 2, 3

*Merrill v. Waffle House, Inc.*,
    227 F.R.D. 467 (N.D. Tex. 2005) ....................................................................................... 2

*S.E.C. v. Brady*,
    238 F.R.D. 429 (N.D. Tex. 2006) ....................................................................................... 2

*Samsung Elecs. Am. Inc. v. Yan Kun "Michael" Chung*,
    325 F.R.D. 578 (N.D. Tex. 2017) ....................................................................................... 2

**Other Authorities**

Fed. R. Civ. P. 26(b)(1) ............................................................................................................... 2

Fed. R. Civ. P. 33 .................................................................................................................... 1, 2

Fed. R. Civ. P. 33(b)(2) ............................................................................................................ 1, 3

Fed. R. Civ. P. 34 ............................................................................................................ 1, 2, 4, 6

Fed. R. Civ. P. 34(b)(1)(C) ......................................................................................................... 6

Fed. R. Civ. P. 34(b)(2)(A) ..................................................................................................... 1, 5

Fed. R. Civ. P. 34(b)(2)(D), (E) .................................................................................................. 6

Fed. R. Civ. P. 37 .................................................................................................................... 1, 2

I.  **INTRODUCTION**

On October 12, 2023, Plaintiff American Airlines, Inc. ("American") served its First Set of Requests for Production ("RFP") and First Set of Interrogatories ("Interrogatories"). Under Rules 33 and 34 of the Federal Rules of Civil Procedure, Skiplagged's answers and responses to American's discovery requests were due by November 13, 2023. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). However, Skiplagged only timely served objections to both requests. Then, on November 27, Skiplagged belatedly served incomplete answers to American's Interrogatories; specifically, Skiplagged only responded to Interrogatories Nos. 12, 13, and 15–19. Then, on December 8, Skiplagged—after a conference on this motion—finally answered the other 12 Interrogatories. Yet Skiplagged is improperly withholding part of its answers due to its objections, including Skiplagged's objection that the Interrogatories "in part, call[] for confidential information," and Skiplagged will only "provide that information in connection with a confidentiality order." Further, Skiplagged has provided absolutely no documents responsive to American's 56 RFPs. American has repeatedly conferred with Skiplagged to obtain the specific items discussed herein, but American and Skiplagged have reached an impasse on these discussions, necessitating the Court's intervention.[1]

Through this motion, American moves the Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to: (1) overrule Skiplagged's objections to American's First Set of Interrogatories and order Skiplagged to provide complete, amended answers to those

---

[1] For months, American has made good faith efforts to work with Skiplagged to obtain even the most basic jurisdictional discovery responses—let alone any other discovery responses. In fact, American has twice had to move the Court for an extension of its deadline to file a response to Skiplagged's Motion to Dismiss Plaintiff American Airlines, Inc.'s First Amended Complaint for Lack of Personal Jurisdiction and Alternative Request to Transfer Venue ("Motion to Dismiss") [Dkt. No. 21] due to the fact that Skiplagged had not yet provided any of the requested jurisdictional discovery to American. [*See* Dkt Nos. 24, 32]. The Court extended American's response deadline to January 3, 2024. [*See* Dkt. No. 35].

1

Interrogatories, as required by Rule 33; (2) overrule Skiplagged's objections to RFP Nos. 1–56 in American's First Set of RFPs and produce all documents responsive to those requests, as required by Rule 34; and (3) grant American such other and further relief to which it is justly entitled. Skiplagged's evasiveness must be put to a stop.

## II.     ARGUMENTS AND AUTHORITIES

### A.     Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure broadly allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Under Rule 26(b)(1), "information is relevant if it 'bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party.'" *Leonard v. Martin*, 38 F.4th 481, 489 (5th Cir. 2022) (citation omitted). In the discovery context, "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005).

Upon a motion to compel production under Rule 37, "[t]he party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Samsung Elecs. Am. Inc. v. Yan Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). To meet that burden, the party resisting discovery must show how the requested discovery is overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See McLeod*, 894 F.2d at 1485; *Merrill*, 227 F.R.D. at 477; *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the

2

discovery request."). If the resisting party fails to carry that burden, then it must produce the requested documents or information. *See McLeod*, 894 F.2d at 1485.

B.  **American seeks an order compelling Skiplagged to fully answer American's First Set of Interrogatories because Skiplagged cannot establish that the requested discovery is objectionable.**

American served its First Set of Interrogatories on October 12, 2023. [App'x 004–15]. Under Rule 33(b)(2), "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). However, Skiplagged failed to serve any answers to American's Interrogatories within 30 days—instead only serving objections by the deadline. [*See* App'x 016–50]. It was not until 14 days after Skiplagged's 30-day deadline that it served any answers to American's Interrogatories, and, even then, Skiplagged only answered 7 of the 19 Interrogatories—the ones it deemed more appropriate to respond to, as they concern jurisdictional issues (*i.e.*, Interrogatories Nos. 12, 13, and 15–19). [*Id.* at 051–58]. On December 8—25 days after its deadline and after numerous conferences and correspondence from American, including to confer on this motion—Skiplagged served its Answers and Amended Objections to the remaining 12 Interrogatories (*i.e.*, Interrogatories Nos. 1–11 and 14). [*Id.* at 115–25]. Yet in all three documents (the objections served on November 8, Answers to Interrogatories Nos. 12, 13, and 15–19 on November 27, and Answers to Interrogatories Nos. 1–11 and 14 on December 8), Skiplagged has provided numerous improper objections and is withholding some of its answers based on these objections.

Skiplagged has no valid reason for withholding its answers to the remaining Interrogatories. Counsel for Skiplagged has provided a litany of excuses over the past month for its failure to provide these answers, including its position that it should not have to provide any substantive discovery until: (1) the Court rules on Skiplagged's Motion to Dismiss [Dkt. No. 21]; and (2) the Court enters a protective order governing all confidential information and documents

3

in this case. Skiplagged raised these issues to the Court on November 8, 2023 through its Motion for Protective Order as to Discovery from Plaintiff and to Stay Merits-Based Discovery Pending the Court's Ruling on Skiplagged's Motion to Dismiss for Lack of Personal Jurisdiction. [*See* Dkt. Nos. 29–30]. The Court denied Skiplagged's motion in full. [Dkt. No. 31 at 1]. Thus, neither the non-entry of a ruling on Skiplagged's Motion to Dismiss nor a protective order in this case excuse Skiplagged's deficient discovery responses. Skiplagged's repeated objection as to "confidential information" is wholly improper. [*See, e.g.,* App'x at 117 ("this Interrogatory [No. 1], in part, calls for confidential information and Skiplagged will provide that information in connection with a confidentiality order.")].

Counsel for Skiplagged has also objected on the basis that some of the topics addressed in American's Interrogatories are also addressed in American's RFPs and made perfunctory objections such as to an Interrogatory being "overbroad and seek[ing] information that is not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the needs of the case". [*See, e.g., id.* at 120–21 (Interrogatory No. 6)]. Skiplagged refuses to provide any answer to Interrogatory No. 8, citing as one of the objections that "[t]he provision of the requested information may cause Skiplagged to breach contractual obligations to its users." [*Id.* at 121]. However, these excuses are improper and incorrect and likewise fail to justify Skiplagged's incomplete answers to American's First Set of Interrogatories. Accordingly, American moves the Court to overrule Skiplagged's objections to American's Interrogatories and for Skiplagged to immediately serve complete, amended answers to American's First Set of Interrogatories.

**C.     American seeks an order compelling Skiplagged to produce all documents requested in American's First Set of Requests for Production.**

American served its First Set of RFPs on October 12, 2023. [*Id.* at 059–76]. Under Rule 34, "[t]he party to whom the request is directed must respond in writing within 30 days after being

served[.]" Fed. R. Civ. P. 34(b)(2)(A). Yet again, Skiplagged served objections to American's RFPs by its 30-day deadline [*see* App'x 077–114], but it failed to produce any documents responsive to the RFPs by the deadline—and still has not provided even a single document to American.

This is clearly improper for numerous reasons, including the fact that American now has deposition testimony confirming the existence of many of the documents requested. On November 30, 2023, American took the deposition of Daniel Gellert. These documents are highly relevant to the issues in this case, including the jurisdictional issues raised by Skiplagged's pending Motion to Dismiss. [*See* Dkt. No. 21]. Further, American has requested this information through multiple discovery requests:

> **REQUEST FOR PRODUCTION NO. 4:** All documents and communications relating to all American Bookings made and/or purchased by any customers on, through or facilitated by Skiplagged.com since August 1, 2018, *including, for each booking, all PNR Data* and any other personal identifying information for each passenger, all reservation and itinerary details, the amount charged to the customer for the American ticket, and the amounts of any additional fees or costs charged to the customer broken down by service or fee (e.g., service fees, baggage fees, or other fees).
>
> **REQUEST FOR PRODUCTION NO. 5:** All documents and communications relating to show all American Bookings made and/or purchased on or through any other travel websites by any customers who were re-directed to such travel websites by or through Skiplagged.com since August 1, 2018, *including, for each booking, all PNR Data* and any other personal identifying information for each passenger, all reservation and itinerary details, the amount charged to the customer for the American ticket, and the amounts of any additional fees or costs charged to the customer broken down by service or fee (e.g., service fees, baggage fees, or other fees), if available.
>
> **REQUEST FOR PRODUCTION NO. 6:** Documents and communications sufficient to show all flight tickets booked through Skiplagged.com (including for any/all airlines) with a departure or arrival city in Texas since August 1, 2018, *including all PNR Data* for all such passengers.
>
> **INTERROGATORY NO. 8:** Identify all instances in which a person has booked, ticketed or purchased a ticket on an American-marketed flight through or facilitated by Skiplagged.com, including by providing, without limitation, the purchasers'

5

>name/identity, location, **all PNR Data**, any other personal identifying information, flight/itinerary information, reservation numbers, amounts paid by the customer, dates of purchase, and dates of travel.

[*See* App'x 012, 068–69 (emphasis added)].

These documents go to the heart of the jurisdictional issues that are the subject of Skiplagged's Motion to Dismiss. Yet, Skiplagged has failed to produce a single document.

Skiplagged has no legitimate reason to withhold documents. In its discussions with counsel for American, Skiplagged has cited two reasons for its refusal to produce documents: (1) the non-entry of a protective order in this case; and (2) the parties' failure to reach an agreement on an ESI protocol. For the reasons stated above, the non-entry of a protective order in this case is no excuse for Skiplagged's deficient document production. Similarly, the lack of a formal ESI protocol does not provide Skiplagged with grounds to withhold properly-requested documents.

Pursuant to Rule 34, on October 12, 2023, American served on Skiplagged an ESI protocol that specified "the form or forms in which electronically stored information is to be produced." *See* Fed. R. Civ. P. 34(b)(1)(C). Skiplagged refused to agree but failed to object. *See* Fed. R. Civ. P. 34(b)(2)(D), (E). American has sent numerous emails asking for Skiplagged's agreement or proposed edits since that time. During the November 17 conference, Skiplagged agreed to make redlined edits to American's proposed protocol and send them shortly after the meeting. However, American still has not received any edits. Instead, Skiplagged indicated on December 1 that it would send redlined edits to an ESI order entered in another case (*Southwest Airlines Co. v. Kiwi.com, Inc. and Kiwi.com s.r.o.*, Cause No. 3:21-cv-00098-E)—without any explanation on why Skiplagged has reneged on its prior representation that it would edit American's proposal— and sent those edits on December 5. American has repeatedly explained that the ESI order entered

in that other case is not appropriate for this case. Regardless, Skiplagged failed to properly object to producing documents in the form requested by American.

American has made exhaustive attempts to resolve the issues addressed above directly with Skiplagged, including through numerous emails and phone calls as well as an in-person meet-and-confer conference on November 17, 2023. These efforts have proven fruitless. For example, Skiplagged indicated that it would likely provide its Answers to Interrogatories Nos. 1–11 and 14 and a document production by December 6 during the November 17 conference. The parties followed up on this discussion in correspondence. Yet, Skiplagged failed to provide any of its outstanding discovery responses by that date. As another example, American has remained willing to enter into a confidentiality agreement with Skiplagged—as opposed to the protective order requested by Skiplagged and denied by this Court—but Skiplagged has unreasonably thwarted those efforts.

American has always been prepared to go forward without a confidentiality agreement, if that is Skiplagged's preference. With that said, American has insisted on Skiplagged producing its discovery responses and document production without any such confidentiality agreement in place, rather than try to use it as yet another basis for its delinquent discovery responses. For these reasons, American has no recourse but to file the instant Motion, and American prays the Court will grant the relief requested herein.

### III.   CONCLUSION

For the foregoing reasons, American respectfully requests that this Court grant American's Motion to Compel in its entirety and:

1. Overrule Defendant Skiplagged, Inc.'s ("Skiplagged") objections to and order Skiplagged to provide complete, amended answers to American's First Set of Interrogatories;

2. Overrule Skiplagged's objections to and order Skiplagged to produce the documents responsive to Requests for Production Nos. 1–56 in American's First Set of Requests for Production; and

3. Grant American such other and further relief to which it is justly entitled.

Dated: December 8, 2023

Respectfully submitted,

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

Bina Palnitkar
State Bar No. 24070378
palnitkarb@gtlaw.com
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3600

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

I hereby certify that on December 8, 2023, as well as numerous times prior to that date, I conferred with Bill Kirkman, counsel for Skiplagged, Inc., and he indicated that he was opposed to the relief requested.

*/s/ Lars L. Berg*
Lars L. Berg

**CERTIFICATE OF SERVICE**

I certify that on December 8, 2023, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.