# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF DEE J. KELLY, JR.

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TARRANT | § |

1.     My name is Dee J. Kelly, Jr. I am over the age of 21 and competent to make this declaration as authorized under 28 U.S.C. § 1746. My business address is 201 Main Street, Suite 2500, Fort Worth, Texas 76102.

2.     I make this declaration in support of Plaintiff American Airlines, Inc.'s ("American") Motion to Compel.

3.     Attached as Exhibit A-1 is a true and correct copy of Plaintiff American Airlines, Inc.'s First Set of Interrogatories to Defendant Skiplagged, Inc.

4.     Attached as Exhibit A-2 is a true and correct copy of Defendant Skiplagged, Inc.'s Objections and Responses to Plaintiff American Airlines, Inc.'s First Set of Interrogatories.

5.     Attached as Exhibit A-3 is a true and correct copy of Defendant Skiplagged, Inc.'s Answers to Plaintiff American Airlines, Inc.'s First Set of Interrogatories Nos. 12, 13, and 15–19 Subject to Its Previous Objections.

1

**App'x 0002**

6.      Attached as Exhibit A-4 is a true and correct copy of Plaintiff American Airlines, Inc.'s First Set of Requests for Production to Defendant Skiplagged, Inc.

7.      Attached as Exhibit A-5 is a true and correct copy of Defendant Skiplagged, Inc.'s Objections and Responses to Plaintiff American Airlines, Inc.'s First Set of Requests for Production.

8.      Attached as Exhibit A-6 is a true and correct copy of Defendant Skiplagged, Inc.'s Answers and Amended Objections to Plaintiff American Airlines, Inc.'s First Set of Interrogatories Nos. 1–11 and 14.

9.      I declare under penalty of perjury that the foregoing is true and correct. Executed on December 8, 2023.

_____
Dee J. Kelly, Jr.

2

**App'x 0003**

# Exhibit A-1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

---

## PLAINTIFF AMERICAN AIRLINES, INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANT SKIPLAGGED, INC.

---

Pursuant to Federal Rule of Civil Procedure 33, Plaintiff American Airlines, Inc. ("American") hereby serves its First Set of Interrogatories to Defendant Skiplagged, Inc. ("Skiplagged"), as follows.

### INSTRUCTIONS

1.      Skiplagged is instructed to answer each of the below interrogatories separately and in writing, and under oath, within thirty (30) days after service hereof, in accordance with Rule 33.

2.      To the extent Skiplagged objects to any of the Interrogatories herein, the reasons for Skiplagged's objection(s) shall be stated and described with specificity. Notwithstanding any objection(s) to, you should respond to each Interrogatory to the extent you are able.

3.      Skiplagged shall be under a continuing obligation to supplement its answers to these Interrogatories to the extent provided in Rule 26(e)(1) of the Federal Rules of Civil Procedure.  If any information and/or other information responsive to any interrogatory comes to the attention, possession, custody, or control of you, your associates, or your attorneys subsequent

to serving your response(s), you are required promptly to supplement your answers with said additional information.

4.      Each Interrogatory calls for not only Skiplagged's knowledge, but also all information that is available to Skiplagged by reasonable inquiry and due diligence, including through inquiry of its directors, officers, shareholders, managing agents, and representatives, including but not limited to any of its affiliates and/or attorneys.

5.      No Interrogatory shall be read as limiting any other Interrogatory.

6.      If, in responding to these Interrogatories, you claim any ambiguity in interpreting an Interrogatory or a definition or instruction applicable thereto, such claim shall not be utilized by you as a basis for refusing to respond but, instead, you shall set forth as part of your response the language deemed to be ambiguous and the interpretation that you used in responding to the Interrogatory.

7.      Whenever in these Interrogatories there is a request to "identify" a communication, you shall: (1) state the date and place of such communication; (2) identify each person who was present at, involved in, connected with, or who participated in such communication; (3) identify the type of communication (e.g., letter, telegram, conference, meeting, telephone conversation); (4) state the substance of such communication; and (5) identify each document reflecting or comprising such communication.

8.      Whenever in these Interrogatories there is a request to "identify" an individual, you shall state with respect to such individual: (1) his or her name; (2) his or her present or last-known business or home address; (3) his or her present or last-known business or home telephone number; (4) his or her present or last-known employer and present or last-known position; and (5) all positions he or she has held with the answering party (including the dates that each such

**PLAINTIFF AMERICAN AIRLINES, INC.'S FIRST SET OF**
**INTERROGATORIES TO DEFENDANT SKIPLAGGED, INC.**
3818285_1.DOCX                                                                                    **PAGE 2**

**App'x 0006**

period of employment commenced and terminated, and a brief description of the responsibility of such position).

9.    Whenever in these Interrogatories there is a request to "identify" a document, you shall set forth: (1) the individual(s) who prepared the document; (2) the individual(s) who drafted the document; (3) the individual(s) who received or approved the document; (4) the type of document (e.g., letter, memorandum, tape recording, or other form of document); and (5) a description of it with the specificity required on a subpoena. Further, whenever in these Interrogatories there is a request to "identify" a document, you may produce the document to American in lieu of specifically identifying the document as required by this instruction if: (1) the document contains the information required by this instruction; (2) you describe the document specifically enough for American to locate the document in your document production; and (3) you clearly state in your response to the Interrogatory that you will produce the identified document.

10.    Unless otherwise specified in a particular Interrogatory below, the relevant time period for purposes of these Interrogatories is **from August 1, 2018 to the present**.

## DEFINITIONS

1.    "**American**" means and refers to Plaintiff American Airlines, Inc.

2.    "**Skiplagged**" means and refers to Defendant Skiplagged, Inc., and includes, without limitation, Skiplagged.com and all of Skiplagged's predecessors, successors, subsidiaries, parents, assignees, assignors, and affiliates, and all past or present directors, officers, shareholders, agents, representatives, employees, consultants, attorneys, accountants, entities acting in joint venture or partnership with or having investment relationships with Skiplagged, and any other

person or entities acting in cooperation with, at the instruction or direction of, or on behalf of any of the above.

        3.      **"You**," "**your**," or "**Defendant**" means and refers to Skiplagged.

        4.      **"American's Content"** means and includes any and all information, data, or other content relating to American and/or its products, services, and offerings—whether from American or AA.com directly or from its licensors or other third parties (both authorized or unauthorized)— including but not limited to American flights, flight schedules, routes, fares, fees, text, graphics, icons, images, designs, databases, articles, posts, files, scripts, instructions, illustrations, photographs, advertising, URLs, technology, software, interactive features, audio or video clips, digital downloads, data compilations, customer information, AAdvantage® information, the "look and feel" of AA.com or the compilation, assembly, and arrangement of information on AA.com, all copyrightable materials, trademarks, logos, trade names, trade dress, service marks, trade identities, and any other forms of intellectual property associated with American, and any information relating to American flights, products, fees, offerings, or services.

        5.      **"American Bookings"** means and refers to the booking, ticketing or purchase of a ticket on any American Airlines-marketed flight whether directly or through any other agency or platform.

        6.      **"American-Skiplagged Customer"** means and refers to any person who booked, ticketed or purchased a ticket on an American-marketed flight through Skiplagged.com—whether such person completed the booking on Skiplagged.com, through another agency or on another website or platform to which Skiplagged provided a direct link, transferred, referred, or redirected the person.

PLAINTIFF AMERICAN AIRLINES, INC.'S FIRST SET OF
INTERROGATORIES TO DEFENDANT SKIPLAGGED, INC.                              **PAGE 4**
3818285_1.DOCX

**App'x 0008**

7.      **"AA.com Use Agreement"** means and refers to the AA.com Site Usage agreement, available at https://www.aa.com/i18n/customer-service/support/legal-information.jsp, as defined and described in American's Original Complaint.

8.      **"American's Conditions of Carriage"** means and refers to the Conditions of Carriage agreement between American and its passengers, available at https://www.aa.com/i18n/customer-service/support/conditions-of-carriage.jsp, as defined and described in American's Original Complaint.

9.      **"API"** or **"American's API"** refers to the application programming interface of AA.com.

10.     **"AA.com"** refers to American's public-facing front-end website located at https://www.aa.com, and also includes American's API and American's computer systems.

11.     **"Travel carrier(s)"** refers to and includes all airlines and any other providers of ground or water transportation (including by bus, train, subway, automobile, or boat) whose products or services Skiplagged offers on Skiplagged.com.

12.     **"Travel Agency"** means and includes any online travel agency (OTA), brick-and-mortar travel agency, travel management company (TMC), airfare ticketing consolidator, ARC- or IATA-accredited agency, unaccredited travel agency, and any other person or entity that advertises or markets air fares, or sells, arranges, or facilitates the booking of transportation services of travel carriers, including commercial flights, to customers.

13.     **"Person"** or **"persons"** mean and include any individual or firm, association, organization, joint venture, trust, partnership, corporation, or other collective organization or entity.

14.     **"PNR Data"** refers to and includes all passenger reservation information, referred to as Passenger Name Record (PNR) data/information, collected in connection with the booking of air transportation, which may include but not be limited to the following information: (1) PNR record locator code; (2) Date of reservation/issue of ticket; (3) Date(s) of intended travel; (4) Name(s); (5) Available frequent flier and benefit information (i.e., free tickets, upgrades, etc.); (6) Other names on PNR, including number of travelers on PNR; (7) All available contact information (including originator of reservation); (8) All available payment/billing information (e.g. credit card number); (9) Travel itinerary for specific PNR; (10) Travel agency/travel agent; (11) Code share information (e.g., when one air carrier sells seats on another air carrier's flight); (12) Split/divided information (e.g., when one PNR contains a reference to another PNR); (13) Travel status of passenger (including confirmations and check-in status); (14) Ticketing information, including ticket number, one way tickets and Automated Ticket Fare Quote (ATFQ) fields; (15) Baggage information; (16) Seat information, including seat number; (17) General remarks including Other Service Indicated (OSI), Special Service Indicated (SSI) and Supplemental Service Request (SSR) information; (18) Any collected APIS information (e.g., Advance Passenger Information (API) that is initially captured by an air carrier within its PNR, such as passport number, date of birth and gender); and (19) All historical changes to the PNR listed in numbers 1 to 18. *See* https://www.cbp.gov/travel/clearing-cbp/passenger-name-record.

15.     **"Communication"** or **"communications"** shall mean and include any and all contact whatsoever and any transfer or exchange between two or more persons of any information, whether by oral, written, or electronic means, whether directly or indirectly and in nay nature whatsoever, including but not limited to any correspondence, conversations, meetings, telephone

calls, e-mails, electronic transmission, online or internet communications, faxes, notes, letters, telegrams, telexes, text messages, voicemails, cables, and/or memoranda.

16.   **"Relating to," "related to," "concerning,"** or **"referencing"** mean referring to, pertaining to, evidencing, referencing, containing, referencing, describing, identifying, embodying, commenting upon, identifying, incorporating, summarizing, mentioning, having any relationship to, constituting evidence of, or otherwise connected with or pertinent in any way to the subject matter of the Interrogatory.

17.   **"This lawsuit"** refers to the above-captioned case: *American Airlines, Inc. v. Skiplagged, Inc.*, No. 4:23-cv-00860-P, in the U.S. District Court for the Northern District of Texas, Fort Worth Division.

18.   **"Skiplagged's Motion to Dismiss"** refers to *Skiplagged's Motion to Dismiss American's First Amended Complaint for Lack of Personal Jurisdiction and Alternative Request to Transfer Venue and Brief in Support*, filed on October 2, 2023 [Dkt. 21].

19.   **"Zaman's Declaration"** refers to the *Declaration of Aktarer Zaman Submitted in Support of Skiplagged's Motion to Dismiss*, filed on October 2, 2023 [Dkt. 22].

## INTERROGATORIES

**INTERROGATORY NO. 1:**   Identify Skiplagged's annual, monthly, and quarterly number of American Bookings, and the resulting revenue generated from such bookings, from January 1, 2020 to the present.

**INTERROGATORY NO. 2:**   Identify and describe in detail each way that Skiplagged has accessed, obtained, collected, received, scraped, cached or harvested American's Content, including but not limited to when and how Skiplagged collected or otherwise obtained the content/information, and including information obtained by Skiplagged from any third party or other source other than American or AA.com.

**INTERROGATORY NO. 3:**   Identify and describe all types of data, information, and content relating to American flights, fares, products, or services that Skiplagged has collected or used (whether from or through AA.com, an API of AA.com, or some other source), and the process used by Skiplagged to obtain and use such data, information, or content.

**INTERROGATORY NO. 4:**   Identify and describe in detail each way that Skiplagged has purchased, booked, ticketed, sold, resold, brokered, facilitated, acted as a conduit, or made a reservation for customers on American flights, whether purchased or booked on AA.com, through another third party, or by some other means. Your response should include, without limitation, the names/identities of each and every third party whose data, services, or platform Skiplagged has used or relied on to facilitate the sale of American flights.

**INTERROGATORY NO. 5:**   Describe in detail, from the time a user submits her information and payment on Skiplagged.com to the time Skiplagged completes the booking on AA.com on behalf of the passenger, the process by which Skiplagged purchases and completes a customer's reservation on AA.com, including but not limited to each step of the process, how the passenger's personal, contact, and payment information is submitted on AA.com (i.e., manually or by an automated technological means), and the specific location (both physical and IP address) of the computers or servers from which Skiplagged inputs the passenger's information on AA.com.

**INTERROGATORY NO. 6:**   Identify and describe all agreements and/or business relationships that Skiplagged has with other Travel Agencies, travel metasearch engines, airfare consolidators, global distribution systems, or any other third party that provides, enables, facilitates, or otherwise participates in the distribution, display, marketing, brokering, booking, ticketing or sale of flights. Your answer should include the nature of the relationship, any agreements relating to such relationships, and the details, dates, and amounts of any payments or monetary compensation that Skiplagged has paid to or received from such third parties.

**INTERROGATORY NO. 7:**   Identify all other websites to which Skiplagged.com has provided customers a link or otherwise re-directed customers to complete a booking or purchase of American flights.

**INTERROGATORY NO. 8:**   Identify all instances in which a person has booked, ticketed or purchased a ticket on an American-marketed flight through or facilitated by Skiplagged.com, including by providing, without limitation, the purchasers' name/identity, location, all PNR Data, any other personal identifying information, flight/itinerary information, reservation numbers, amounts paid by the customer, dates of purchase, and dates of travel.

**INTERROGATORY NO. 9:**   Identify all IP addresses, names, email addresses, accounts, computers, and any other identifying information that Skiplagged, or anyone acting under Skiplagged's instruction or direction, has used in connection with booking, ticketing, purchasing and/or selling of tickets on American-marketed flights.

**INTERROGATORY NO. 10:**   Identify each and every instance where an American-Skiplagged Customer requested a refund, partial or full, for a ticket on an American-marketed flight or where Skiplagged received a refund from American for a flight booked for an American-Skiplagged Customer, and for each instance, identify the reservation number, date of the request, date of the refund, the amount refunded by American, if any, and whether Skiplagged issued a refund back to the customer (and if so, how much of the amount refunded by American was paid back to the customer).

**INTERROGATORY NO. 11:** From the time Skiplagged began its operations, identify and describe any/all other lawsuits, claims, charges, allegations, arbitration, threatened litigation, administrative complaints, or other proceedings against Skiplagged, whether in the United States or any other country, relating to Skiplagged's marketing or sale of flights or other travel services, including the status of any such proceedings.

**INTERROGATORY NO. 12:** Identify the number of bookings Skiplagged has made for or on behalf of consumers with a Texas address through Skiplagged.com's "Book Now" feature, as described in paragraph 12 of Zaman's Declaration.

**INTERROGATORY NO. 13:** Identify the number of bookings Skiplagged has made for or on behalf of consumers for flights to, from, or within Texas through Skiplagged.com's "Book Now" feature, as described in paragraph 12 of Zaman's Declaration.

**INTERROGATORY NO. 14:** Identify all "online travel agencies, global distribution systems, and other travel metasearch engines" and any of the other "variety of sources" from whom "Skiplagged obtains American flight and fare information" (as described in paragraphs 10 and 11 of Zaman's Declaration), and describe the technical means and process by which Skiplagged obtains such information.

**INTERROGATORY NO. 15:** Identify the total number of bookings for which Skiplagged has received commission payments or other financial compensation from other Travel Agencies, and the total amount of such payments, for purchases made by consumers with a Texas address that Skiplagged.com redirected to such other Travel Agency.

**INTERROGATORY NO. 16:** Identify the total number of bookings for which Skiplagged has received commission payments or other financial compensation from other Travel Agencies, and the total amount of such payments, for purchases of flights to, from, or within Texas made by users that Skiplagged.com redirected to such other Travel Agency.

**INTERROGATORY NO. 17:** Identify the number of persons who have signed up for the Skiplagged.com "newsletter" or email subscriber service by entering a "home airport" located in Texas, as prompted on https://skiplagged.com/signup.

**INTERROGATORY NO. 18:** Identify the number of times Skiplagged.com has redirected a user to another Travel Agency to complete a booking for a flight to, from, or within Texas.

**INTERROGATORY NO. 19:** Describe in detail how and from what sources Skiplagged "obtained … the alleged 'American Marks' from [sources other than] American's website" as alleged in paragraph 10 of Zaman's Declaration and at page 13 of Skiplagged's Motion to Dismiss.

Dated: October 12, 2023

Respectfully submitted,

*/s/ Lars L. Berg*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
Tyson Lies
State Bar No. 24087927
tyson.lies@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, TX 76102
(817) 332-2500

Bina Palnitkar
State Bar No. 24070378
palnitkarb@gtlaw.com
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3600

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100

**ATTORNEYS FOR PLAINTIFF
AMERICAN AIRLINES, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on October 12, 2023, I served the foregoing document *via hand delivery* to opposing counsel below in accordance with the Federal Rules of Civil Procedure:

William L. Kirkman
KIRKMAN LAW FIRM, PLLC
201 Main Street, Suite 1160
Fort Worth, Texas 76102

*/s/ Lars L. Berg*
Lars L. Berg

# Exhibit A-2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **AMERICAN AIRLINES, INC.,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-00860-P** |
| | § | |
| **SKIPLAGGED, INC.,** | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT SKIPLAGGED, INC.'S OBJECTIONS AND**
**RESPONSES TO PLAINTIFF AMERICAN AIRLINES, INC.'S**
**FIRST SET OF INTERROGATORIES**

TO:   Plaintiff, American Airlines, Inc., through its attorneys of record, Messrs. Dee J. Kelly, Jr.
and Lars L. Berg and Ms. Julia G. Wisenberg, Kelly Hart & Hallman LLP, 201 Main Street,
Suite 2500, Fort Worth, Texas 76102; Ms. Bina Palnitkar, Greenberg Traurig LLP, 2200
Ross Avenue, Suite 5200, Dallas, Texas 75201; and Mr. Nathan J. Muyskens, Greenberg
Traurig LLP, 2101 L Street, N.W., Suite 1000, Washington, D.C. 20037.

**NOW COMES** Defendant, Skiplagged, Inc. ("Skiplagged"), and hereby makes these

*Objections and Responses to Plaintiff American Airlines, Inc.'s First Set of Interrogatories*.

**I.**

**GENERAL OBJECTIONS TO ALL INTERROGATORIES**

1.      Skiplagged objects to the Instructions and Definitions preceding the Interrogatories

to the extent that they impose duties and obligations beyond the requirements of the FEDERAL

RULES OF CIVIL PROCEDURE. In particular, without waiving any other appropriate objections,

Skiplagged objects to the Instructions and Definitions of (1) "identify" with regard to a

communication, document, or person, in that same are overly broad, onerous, and cumbersome;

(2) American's Content, American-Skiplagged Customer, Travel carrier(s), Travel Agency and

PNR Data, as same are unnecessarily overly broad, vague, and in part ambiguous.

1

2.      Skiplagged also objects to all of the Interrogatories to the extent they seek documents or information protected by the attorney-client privilege, the work-product privilege, the party communication privilege, the witness statement privilege, the consulting expert privilege, the investigative privilege, or any other legally recognized privilege, immunity, or doctrine. Skiplagged's agreement herein to produce certain information or documents is subject to this objection and does not constitute an agreement to produce any information or documents protected by such privilege, immunity, or doctrine. Inadvertent disclosure of any such information shall not constitute a waiver or prejudice of any privilege or any other ground for objecting to discovery with respect to any such information, nor shall the inadvertent disclosure waive or prejudice Skiplagged's right to object to the use of any such information during this or any subsequent proceeding.

3.      Skiplagged also objects to each Interrogatory posed herein because in varying degrees, each such Interrogatory seeks information as to the merits of American's claims, which is inappropriate at this early stage of the litigation while Skiplagged has a *Motion to Dismiss* pending before this Court. Information as to the merits would be appropriate only after the Court has ruled on Skiplagged's pending *Motion* and denied such.

4.      Skiplagged also objects to each of these Interrogatories, as they are not properly limited to jurisdictional discovery. Each such Interrogatory is not focused to yield specific facts that are necessary to support any effort by American to withstand dismissal of this case for lack of personal jurisdiction and fails to demonstrate how responsive information could support personal jurisdiction in this case. Also, see Skiplagged's *Motion for Protective Order* to be filed in this case on November 8, 2023, the substance of which is incorporated herein by reference to the extent necessary. To the extent relevant, Skiplagged has attempted to further delineate these objections

App'x 0018

with regard to the specific Interrogatory posed. Finally, even though Interrogatories Nos. 12, 13, and 15–18 purport to be limited to Texas, Texas addresses, and "home airports" in Texas, these Interrogatories still seek merits discovery and are not appropriately limited to jurisdictional discovery, as stated above. Nevertheless, subject to its objections, Skiplagged has responded to these six Interrogatories or provided relevant information concerning these questions and has responded to No. 19 (bringing the total to seven), all in order to provide information that might possibly be related to Skiplagged's pending *Motion to Dismiss for Lack of Personal Jurisdiction*.

## II.

### SPECIFIC RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**   Identify Skiplagged's annual, monthly, and quarterly number of American Bookings, and the resulting revenue generated from such bookings, from January 1, 2020 to the present.

**ANSWER:**

Objection.

In additional to the General Objections set forth above, this Interrogatory is premature and improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Interrogatory also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is otherwise obligated to provide this information, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**INTERROGATORY NO. 2:**   Identify and describe in detail each way that Skiplagged has accessed, obtained, collected, received, scraped, cached or harvested American's Content, including but not limited to when and how Skiplagged collected or otherwise obtained the content/information, and including information obtained by Skiplagged from any third party or other source other than American or AA.com.

**ANSWER:**

Objection.

3

In addition to the General Objections set forth above, this Interrogatory is premature and improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Interrogatory is also unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Interrogatory is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

**INTERROGATORY NO. 3:**   Identify and describe all types of data, information, and content relating to American flights, fares, products, or services that Skiplagged has collected or used (whether from or through AA.com, an API of AA.com, or some other source), and the process used by Skiplagged to obtain and use such data, information, or content.

**ANSWER:**

Objection.

In addition to the General Objections set forth above, this Interrogatory is premature and improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Interrogatory is also unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Interrogatory is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Interrogatory also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is otherwise obligated to provide this information, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**INTERROGATORY NO. 4:**   Identify and describe in detail each way that Skiplagged has purchased, booked, ticketed, sold, resold, brokered, facilitated, acted as a conduit, or made a reservation for customers on American flights, whether purchased or booked on AA.com, through another third party, or by some other means. Your ANSWER should include, without limitation, the names/identities of each and every third party whose data, services, or platform Skiplagged has used or relied on to facilitate the sale of American flights.

App'x 0020

**ANSWER:**

Objection.

In addition to the General Objections set forth above, this Interrogatory is premature and improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Interrogatory is also unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Interrogatory is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Interrogatory also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is otherwise obligated to provide this information, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**INTERROGATORY NO. 5:**   Describe in detail, from the time a user submits her information and payment on Skiplagged.com to the time Skiplagged completes the booking on AA.com on behalf of the passenger, the process by which Skiplagged purchases and completes a customer's reservation on AA.com, including but not limited to each step of the process, how the passenger's personal, contact, and payment information is submitted on AA.com (i.e., manually or by an automated technological means), and the specific location (both physical and IP address) of the computers or servers from which Skiplagged inputs the passenger's information on AA.com.

**ANSWER:**

Objection.

In addition to the General Objections set forth above, this Interrogatory is premature and improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Interrogatory is also unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Interrogatory is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

App'x 0021

This Interrogatory also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is otherwise obligated to provide this information, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**INTERROGATORY NO. 6:**   Identify and describe all agreements and/or business relationships that Skiplagged has with other Travel Agencies, travel metasearch engines, airfare consolidators, global distribution systems, or any other third party that provides, enables, facilitates, or otherwise participates in the distribution, display, marketing, brokering, booking, ticketing or sale of flights. Your answer should include the nature of the relationship, any agreements relating to such relationships, and the details, dates, and amounts of any payments or monetary compensation that Skiplagged has paid to or received from such third parties.

**ANSWER:**

Objection.

In addition to the General Objections set forth above, Skiplagged is not a Travel Agency, this Interrogatory is premature and improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Interrogatory is also unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Interrogatory also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Interrogatory is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Interrogatory also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is otherwise obligated to provide this information, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**INTERROGATORY NO. 7:**   Identify all other websites to which Skiplagged.com has provided customers a link or otherwise re-directed customers to complete a booking or purchase of American flights.

**ANSWER:**

Objection.

6

**App'x 0022**

In addition to the General Objections set forth above, this Interrogatory is premature and improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Interrogatory is also unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Interrogatory also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

**INTERROGATORY NO. 8:**   Identify all instances in which a person has booked, ticketed or purchased a ticket on an American-marketed flight through or facilitated by Skiplagged.com, including by providing, without limitation, the purchasers' name/identity, location, all PNR Data, any other personal identifying information, flight/itinerary information, reservation numbers, amounts paid by the customer, dates of purchase, and dates of travel.

**ANSWER:**

Objection.

In addition to the General Objections set forth above, this Interrogatory is premature and improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Interrogatory is also unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Interrogatory also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Interrogatory also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is otherwise obligated to provide this information, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**INTERROGATORY NO. 9:**   Identify all IP addresses, names, email addresses, accounts, computers, and any other identifying information that Skiplagged, or anyone acting under Skiplagged's instruction or direction, has used in connection with booking, ticketing, purchasing and/or selling of tickets on American-marketed flights.

**ANSWER:**

Objection.

In addition to the General Objections set forth above, this Interrogatory is premature and improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Interrogatory is also unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Interrogatory also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Interrogatory is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Interrogatory also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is otherwise obligated to provide this information, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**INTERROGATORY NO. 10:**  Identify each and every instance where an American-Skiplagged Customer requested a refund, partial or full, for a ticket on an American-marketed flight or where Skiplagged received a refund from American for a flight booked for an American-Skiplagged Customer, and for each instance, identify the reservation number, date of the request, date of the refund, the amount refunded by American, if any, and whether Skiplagged issued a refund back to the customer (and if so, how much of the amount refunded by American was paid back to the customer).

**ANSWER:**

Objection.

In addition to the General Objections set forth above, this Interrogatory is premature and improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Interrogatory is also unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

**App'x 0024**

This Interrogatory also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Interrogatory is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Interrogatory also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is otherwise obligated to provide this information, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**INTERROGATORY NO. 11:** From the time Skiplagged began its operations, identify and describe any/all other lawsuits, claims, charges, allegations, arbitration, threatened litigation, administrative complaints, or other proceedings against Skiplagged, whether in the United States or any other country, relating to Skiplagged's marketing or sale of flights or other travel services, including the status of any such proceedings.

**ANSWER:**

Objection.

In addition to the General Objections set forth above, this Interrogatory is premature and improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Interrogatory also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Interrogatory, in part, also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is obligated to produce same, Skiplagged will produce same only pursuant to an acceptable confidentiality agreement and order that protects the private nature of the information requested.

**INTERROGATORY NO. 12:** Identify the number of bookings Skiplagged has made for or on behalf of consumers with a Texas address through Skiplagged.com's "Book Now" feature, as described in paragraph 12 of Zaman's Declaration.

**ANSWER:**

Objection.

In addition to the General Objections set forth above, this Interrogatory is premature and improperly seeks discovery on the merits of the case. Additionally, although it purports to be

limited to persons with a Texas address, it is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case. That paragraph 12 of the Zaman Declaration is referenced in this Interrogatory does not change the merits-based nature of this Interrogatory or otherwise make it jurisdictionally appropriate. The reference made by Mr. Zaman is to Skiplagged's general operations, which are used by all customers and not just Texans.

This Interrogatory is also unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Interrogatory is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Interrogatory also seeks information that is confidential, private, and not subject to public disclosure. Skiplagged will produce same only pursuant to an acceptable confidentiality agreement and order that protects the private nature of the information requested.

Subject to these objections and the General Objections set forth above and not waiving same, Skiplagged states that it has prepared a substantive response to this Interrogatory and is ready to provide such to American's counsel once an acceptable Confidentiality Agreement or Protective Order is put in place that will protect the answer as confidential. To that end, Skiplagged's counsel wrote American's counsel on November 7, 2023, and made such a proposal by suggesting the use of the Protective Order entered in C.A. No. 3:21-cv-00098-E, *Southwest Airlines Co. v. Kiwi.com, Inc. and Kiwi.com S.R.O.*, by the Honorable Judge Ada Brown. *See* the attached Exhibit "1."

**INTERROGATORY NO. 13:** Identify the number of bookings Skiplagged has made for or on behalf of consumers for flights to, from, or within Texas through Skiplagged.com's "Book Now" feature, as described in paragraph 12 of Zaman's Declaration.

**ANSWER:**

Objection.

In addition to the General Objections set forth above, this Interrogatory is premature and improperly seeks discovery on the merits of the case. It is also not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case, despite that it purports to be limited to flights to or from Texas.

That paragraph 12 of the Zaman Declaration is referenced in this Interrogatory also does not change the merits-based nature of this Interrogatory or otherwise make it jurisdictionally appropriate. The reference made by Mr. Zaman is to Skiplagged's general operations, which are used by all customers and not just Texans.

App'x 0026

This Interrogatory is also unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Interrogatory is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Interrogatory also seeks information that is confidential, private, and not subject to public disclosure. Skiplagged will produce same only pursuant to an acceptable confidentiality agreement and order that protects the private nature of the information requested.

Subject to these objections and the General Objections set forth above and not waiving same, Skiplagged states it has prepared a substantive response to this Interrogatory and is ready to provide such to American's counsel once an acceptable Confidentiality Agreement or Protective Order is put in place that will protect the answer as confidential. To that end, Skiplagged's counsel wrote American's counsel on November 7, 2023, and made such a proposal by suggesting the use of the Protective Order entered in C.A. No. 3:21-cv-00098-E, *Southwest Airlines Co. v. Kiwi.com, Inc. and Kiwi.com S.R.O.*, by the Honorable Judge Ada Brown. *See* the attached Exhibit "1."

**INTERROGATORY NO. 14:** Identify all "online travel agencies, global distribution systems, and other travel metasearch engines" and any of the other "variety of sources" from whom "Skiplagged obtains American flight and fare information" (as described in paragraphs 10 and 11 of Zaman's Declaration), and describe the technical means and process by which Skiplagged obtains such information.

**ANSWER:**

Objection.

In addition to the General Objections set forth above, this Interrogatory is premature and improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

That paragraphs 10 and 11 of the Zaman Declaration are referenced in this Interrogatory also does not change the merits-based nature of this Interrogatory or otherwise make it jurisdictionally appropriate. The reference made by Mr. Zaman is to Skiplagged's general operations, which are used by all customers and not just Texans.

This Interrogatory also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Interrogatory is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

App'x 0027

This Interrogatory also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available, Skiplagged will produce same only pursuant to an acceptable confidentiality agreement and order that protects the private nature of the information requested.

**INTERROGATORY NO. 15:**  Identify the total number of bookings for which Skiplagged has received commission payments or other financial compensation from other Travel Agencies, and the total amount of such payments, for purchases made by consumers with a Texas address that Skiplagged.com redirected to such other Travel Agency.

**ANSWER:**

Objection.

In addition to the General Objections set forth above, Skiplagged is not a Travel Agency so use of the term "other Travel Agencies" is incorrect.

This Interrogatory is also premature and improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case, despite that it purports to be limited to persons with Texas addresses. Skiplagged has no practice that directs or targets persons with a Texas address. The only responsive information would be comingled with all persons' addresses, regardless of where the addresses are or where the persons list their addresses to be. Therefore, this Interrogatory is also overly burdensome and oppressive and places an unreasonable burden on Skiplagged to search out and respond to such.

This Interrogatory also seeks information that is confidential, private, and not subject to public disclosure. Subject to these objections and not waiving same, Skiplagged states that it has prepared a substantive response to this Interrogatory and is ready to provide such to American's counsel once an acceptable Confidentiality Agreement or Protective Order is put in place that will protect the answer as confidential. To that end, Skiplagged's counsel wrote American's counsel on November 7, 2023, and made such a proposal by suggesting the use of the Protective Order entered in C.A. No. 3:21-cv-00098-E, *Southwest Airlines Co. v. Kiwi.com, Inc. and Kiwi.com S.R.O.*, by the Honorable Judge Ada Brown. *See* the attached Exhibit "1."

**INTERROGATORY NO. 16:**  Identify the total number of bookings for which Skiplagged has received commission payments or other financial compensation from other Travel Agencies, and the total amount of such payments, for purchases of flights to, from, or within Texas made by users that Skiplagged.com redirected to such other Travel Agency.

**ANSWER:**

Objection.

In addition to the General Objections set forth above, Skiplagged is not a Travel Agency, so use of the term "other Travel Agencies" is incorrect.

This Interrogatory is also premature and improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case, despite that it purports to be limited to flights to and from Texas. Skiplagged has no practice that directs or targets persons who fly to, from, or within Texas. The only responsive information would be comingled with all persons' similar information, regardless of where the flights come from, went to, or were within or without Texas. Therefore, this Interrogatory is also overly burdensome and oppressive and places an unreasonable burden on Skiplagged to search out and respond to such.

This Interrogatory also seeks information that is confidential, private, and not subject to public disclosure. Subject to these objections and not waiving same, Skiplagged states that it has prepared a substantive response to this Interrogatory and is ready to provide such to American's counsel once an acceptable Confidentiality Agreement or Protective Order is put in place that will protect the answer as confidential. To that end, Skiplagged's counsel wrote American's counsel on November 7, 2023, and made such a proposal by suggesting the use of the Protective Order entered in C.A. No. 3:21-cv-00098-E, *Southwest Airlines Co. v. Kiwi.com, Inc. and Kiwi.com S.R.O.*, by the Honorable Judge Ada Brown. *See* the attached Exhibit "1."

**INTERROGATORY NO. 17:** Identify the number of persons who have signed up for the Skiplagged.com "newsletter" or email subscriber service by entering a "home airport" located in Texas, as prompted on https://skiplagged.com/signup.

**ANSWER:**

Objection.

In addition to the General Objections set forth above, this Interrogatory is premature and improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case, despite that it purports to be limited to "home airports" in Texas. Skiplagged has no practice that directs or targets persons with a Texas address. The only responsive information would be comingled with all persons' similar "home airport" information, regardless of where such are.

This Interrogatory is also unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Interrogatory also seeks information that is confidential, private, and not subject to public disclosure. Subject to these objections and the General Objections set forth above, and not waiving same, Skiplagged states that it has prepared a substantive response to this Interrogatory and is ready to provide such to American's counsel once an acceptable Confidentiality Agreement or Protective Order is put in place that will protect the answer as confidential. To that end, Skiplagged's counsel wrote American's counsel on November 7, 2023, and made such a proposal by suggesting the use of the Protective Order entered in C.A. No. 3:21-cv-00098-E, *Southwest*

*Airlines Co. v. Kiwi.com, Inc. and Kiwi.com S.R.O.*, by the Honorable Judge Ada Brown. *See* the attached Exhibit "1."

**INTERROGATORY NO. 18:** Identify the number of times Skiplagged.com has redirected a user to another Travel Agency to complete a booking for a flight to, from, or within Texas.

**ANSWER:**

Objection.

In addition to the General Objections set forth above, Skiplagged is not a Travel Agency, so the use of the term "another Travel Agency" is incorrect. This Interrogatory is also premature and improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and fails to demonstrate how responsive information would support jurisdiction in this case, despite that it purports to be limited to flights to and from Texas. Skiplagged has no practice that directs or targets persons who fly to, from, or within Texas. The only responsive information would be comingled with all persons' similar information, regardless of where it is.

This Interrogatory is also unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Interrogatory also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Interrogatory also seeks information that is confidential, private, and not subject to public disclosure. Subject to these objections and the General Objections set forth above and without waiving same, Skiplagged states that it has prepared a substantive response to this Interrogatory and is ready to provide such to American's counsel once an acceptable Confidentiality Agreement or Protective Order is put in place that will protect the answer as confidential. To that end, Skiplagged's counsel wrote American's counsel on November 7, 2023, and made such a proposal by suggesting the use of the Protective Order entered in C.A. No. 3:21-cv-00098-E, *Southwest Airlines Co. v. Kiwi.com, Inc. and Kiwi.com S.R.O.*, by the Honorable Judge Ada Brown. *See* the attached Exhibit "1."

**INTERROGATORY NO. 19:** Describe in detail how and from what sources Skiplagged "obtained … the alleged 'American Marks' from [sources other than] American's website" as alleged in paragraph 10 of Zaman's Declaration and at page 13 of Skiplagged's Motion to Dismiss.

**ANSWER:**

Objection.

Paragraph 10 of the Zaman Declaration does not reference American Marks and page 13 of Skiplagged's *Motion to Dismiss* erroneously cites Zaman Declaration paragraph 10 instead of paragraph 11 for this proposition. However, paragraph 11 of the Zaman Declaration does not change the merits-based nature of this Interrogatory or otherwise make it jurisdictionally

14

App'x 0030

appropriate. The reference made by Mr. Zaman is to Skiplagged's general operations, which are used by all customers and not just Texans. Accordingly, subject to this correction, and in addition to the General Objections set forth above, this Interrogatory is premature and improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Interrogatory also seeks information that is confidential, private, and not subject to public disclosure. Subject to these objections, and without waiving same, Skiplagged states that it has prepared a substantive response to this Interrogatory and is ready to provide such to American's counsel once an acceptable Confidentiality Agreement or Protective Order is put in place that will protect the answer as confidential. To that end, Skiplagged's counsel wrote American's counsel on November 7, 2023, and made such a proposal by suggesting the use of the Protective Order entered in C.A. No. 3:21-cv-00098-E, *Southwest Airlines Co. v. Kiwi.com, Inc. and Kiwi.com S.R.O.*, by the Honorable Judge Ada Brown. *See* the attached Exhibit "1."

Dated: November 8, 2023                    Respectfully submitted,

                                           By:     /s/*William L. Kirkman*
                                                   William L. Kirkman
                                                   State Bar No. 11518700
                                                   billk@kirkmanlawfirm.com
                                                   Preston B. Sawyer
                                                   State Bar No. 24102465
                                                   prestons@kirkmanlawfirm.com
                                                   KIRKMAN LAW FIRM, PLLC
                                                   201 Main Street, Suite 1160
                                                   Fort Worth, Texas 76102
                                                   Telephone:     (817) 336-2800
                                                   Facsimile:     (817) 877-1863

                                           ATTORNEYS FOR DEFENDANT,
                                           SKIPLAGGED, INC.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 8, 2023, a true and correct copy of the foregoing

was served via e-mail upon all counsel of record as indicated:

                        Messrs. Dee J. Kelly, Jr. and Lars L. Berg
                          and Ms. Julia G. Wisenberg
                        Kelly Hart & Hallman LLP
                        201 Main Street, Suite 2500
                        Fort Worth, Texas 76102

Ms. Bina Palnitkar
Greenberg Traurig LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201

Mr. Nathan J. Muyskens
Greenberg Traurig, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037

*/s/William L. Kirkman*
William L. Kirkman

16

# EXHIBIT "1"

**Bill Kirkman**

| | |
|---|---|
| **From:** | Bill Kirkman |
| **Sent:** | Tuesday, November 07, 2023 11:01 AM |
| **To:** | 'lars.berg@kellyhart.com' |
| **Cc:** | Dee Kelly; Julia G. Wisenberg; palnitkarb@gtlaw.com; nathan.muyskens@gtlaw.com; Preston Sawyer |
| **Subject:** | AA v. Skiplagged, Inc. |
| **Attachments:** | SW v. KIWI PROTECTIVE ORDER.pdf |

Lars:

As I indicated in my e-mail from last week, we intend to provide certain information responsive to certain of your discovery requests. However, we believe that information is confidential and private and want to protect such prior to providing that information to American.

I had the opportunity to review a *Protective Order* that was entered in the *Southwest Airlines Co. v. Kiwi* case in the Dallas Division of the Northern District of Texas, No. 3:21-cv-00098-E. With the exception of some non-material changes that need to be made to ¶ 6 therein, my client believes this *Protective Order* would generally satisfy my client's confidentiality concerns. Having worked with protective orders very similar to this in the past, I also believe this will protect your client's confidentiality-related concerns and interests in the event information will need to be produced by your client to mine in the discovery process should our *Motion to Dismiss for Lack of Personal Jurisdiction* be denied. I am attaching a copy of that *Protective Order* which, as you will see, was signed by Judge Brown on June 30, 2021, and was approved by counsel for the parties prior thereto.

Will this work for American? If so, let's talk about how to get this extrapolated to our case and then have the information we intend to produce, produced pursuant to such a protective order. I know you are anxious to receive whatever information we provide. So, I would appreciate your and your client's expeditious review of this *Protective Order* and the suggestions provided in this e-mail. We stand ready, willing, and able to do the same.

William L. Kirkman
Kirkman Law Firm, PLLC
201 Main Street, Suite 1160
Fort Worth, Texas 76102
(817) 336-2800, ext. 107
(817) 877-1863 (Fax)
billk@kirkmanlawfirm.com

**App'x 0034**

The information in this e-mail is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use, or disseminate the information. If you have received this e-mail transaction in error, please notify us immediately. Although this e-mail and any attachments are believed to be free of any virus or other defect which might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free, and no responsibility is accepted by Kirkman Law Firm, PLLC for any loss or damage arising in any way from its use.

App'x 0035

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOUTHWEST AIRLINES CO., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-cv-00098-E |
| | § | |
| KIWI.COM, INC. and KIWI.COM | § | |
| S.R.O., | § | |
| | § | |
| Defendants. | § | |

## PROTECTIVE ORDER

**Proceedings and Information Governed.**

1.    This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party, and it includes any nonparty who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other documents or things produced, given, or filed in this action that are designated by a party as "Confidential Information" or "Confidential Attorney Eyes Only Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information.**

2.    For purposes of this Protective Order, (a) the "Confidential Information" designation means that the document is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential, and (b) the "Confidential Attorney Eyes Only" designation means that

**App'x 0036**

the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive trade-secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter. Confidential Information and Confidential Attorney Eyes Only Information does not include, and this Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

      3.    Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

      Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

2

## CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION
## SUBJECT TO PROTECTIVE ORDER

A party may designate information disclosed at a deposition as Confidential Information or Confidential Attorney Eyes Only Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether any portion of the transcript is to be designated as Confidential Information or Confidential Attorneys Eyes Only Information. If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as Confidential Attorneys Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information or Confidential Attorneys Eyes Only Information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate.**

4.      The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in

3

writing and with particularity. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

**Challenge to Designations.**

5.      A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day time frame, and after the conference required under Local Rule 7.1(a), the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

6.      Information designated as Confidential Information or Confidential Attorney Eyes Only Information may only be used for purposes of preparation, trial, and appeal of this action. Confidential Information or Confidential Attorney Eyes Only Information may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose.

7.      Subject to paragraph 9 below, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

4

(a)    two (2) employees of the receiving party who are required in good faith to provide assistance in the conduct of this litigation, including any settlement discussions, and who are identified as such in writing to counsel for the designating party in advance of the disclosure;

(b)    two (2) in-house counsel for the receiving party who are identified as such in writing to counsel for the designating party in advance of the disclosure;

(c)    outside counsel for the receiving party;

(d)    supporting personnel employed by (b) and (c), such as paralegals, legal secretaries, data-entry clerks, legal clerks, and private photocopying and litigation support services;

(e)    experts or consultants; and

(f)    any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court-reporting services, demonstrative-exhibit preparation, or the creation of any computer database from documents.

8.    Subject to paragraph 9 below, Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

(a)    outside counsel for the receiving party;

(b)    supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data-entry clerks, legal clerks, private photocopying and litigation support services;

(c)    experts or consultants; and

(d)    those individuals designated in paragraph 11(c).

5

**App'x 0040**

9.    Further, prior to disclosing Confidential Information or Confidential Attorney Eyes Only Information to a receiving party's proposed expert, consultant, or employees, the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed expert or consultant, the expert or consultant's business affiliation, and any current and past consulting relationships in the industry. The producing party will thereafter have ten (10) business days from receipt of the Confidentiality Agreement to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If the parties are unable to resolve any objection, the receiving party may file a motion to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

10.    Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

11.    Confidential Information or Confidential Attorney Eyes Only Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a)    the information was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

6

App'x 0041

(b)      the person is the designating party, or is a director, officer, employee, consultant, or agent of the designating party; or

(c)      counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may otherwise be made under and who are bound by this Protective Order, may be present during the disclosure or discussion of the Confidential Information or Confidential Attorney Eyes Only Information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

**Nonparty Information.**

12.      The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents With the Court.**

13.      If any party wishes to submit Confidential Information or Confidential Attorney Eyes Only Information to the Court, the submission must be filed using the *Sealed* and/or *Ex Parte Motion* event. The word "*Sealed*" must appear in the title or caption of any document intended for filing under seal (and any proposed order you believe should be filed under seal if entered by the judge).

14.      Producing or receiving Confidential Information or Confidential Attorney Eyes Only Information, or otherwise complying with the terms of this Protective Order, will not

App'x 0042

(a) operate as an admission by any party that any particular Confidential Information or Confidential Attorney Eyes Only Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Conclusion of Litigation.**

15.     Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information or Confidential Attorney Eyes Only Information, and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

16.     By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party

8

App'x 0043

subject to this Protective Order who may be subject to a motion to disclose another party's information designated Confidential Information or Confidential Attorney Eyes Only Information pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies.**

17.     It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

18.     Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

        IT IS SO ORDERED.

        SIGNED this 30th day of June, 2021

                                                        _____
                                                        Honorable Ada Brown
                                                        United States District Judge

App'x 0044

**BENTON WILLIAMS PLLC**

**Benton Williams II**
Texas Bar No. 24070854
bw@bentonwilliampllc.com
100 Crescent Court, Suite 700
Dallas, TX 75201
(214) 785-6205
(214) 785-6485 fax

**BATES PLLC**

**Ryan P. Bates**
Texas Bar No. 24055152
rbates@batespllc.com
919 Congress Ave., Suite 1305
Austin, TX 78701
(512) 694-5268

**MCCARTHY GARBER LAW, LLC**

**Asa C. Garber**
Colorado Bar No. 48256
asa@mccarthygarberlaw.com
(720) 504-5294
**Kieran McCarthy**
Colorado Bar No. 37933
(720) 432-9769
501 S. Cherry St., Suite 1100
Denver, CO 80246

**Alexander Kerr**
320 E. Broadway Suite 2A
Jackson, WY 83001
(970) 270-4718

**COUNSEL FOR DEFENDANT**
**KIWI.COM, INC. and KIWI.COM S.R.O.**

**MUNCK WILSON MANDALA, LLP**

**Michael C. Wilson**
Texas State Bar No. 21704590
mwilson@munckwilson.com
**S. Wallace Dunwoody, IV**
Texas State Bar No. 24040838
wdunwoody@munckwilson.com
**Amanda k. Greenspoon**
Florida Bar No. 1014584
agreenspon@munckwilson.com
**Julie m. Christensen**
Texas State Bar No. 24105601
jchristensen@munckwilson.com
600 Banner Place Tower
12770 Coit Road
Dallas, Texas 75251
(972) 628-3600
(972) 628-3616 fax

**COUNSEL FOR PLAINTIFF**
**SOUTHWEST AIRLINES CO.**

/s/ Michael C. Wilson
Counsel for Plaintiff

June 29, 2021
Date

/s/ Asa C. Garber
Counsel for Defendant

June 29, 2021
Date

10

11

App'x 0046

**Exhibit A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **SOUTHWEST AIRLINES CO.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No. 3:21-cv-00098-E** |
| | § | |
| **KIWI.COM, INC. and KIWI.COM** | § | |
| **S.R.O.,** | § | |
| | § | |
| **Defendants.** | § | |

## CONFIDENTIALITY AGREEMENT FOR EXPERT,
## <u>CONSULTANT OR EMPLOYEES OF ANY PARTY</u>

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," or "Confidential Attorney Eyes Only Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party

1

who designated the information as confidential or by order of the presiding judge. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information or Confidential Attorney Eyes Only Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information or Confidential Attorney Eyes Only Information are to be returned to counsel who provided me with such documents and materials.

_____
Signed

_____
Printed Name

_____
Date

2

**Exhibit B**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **SOUTHWEST AIRLINES CO.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:21-cv-00098-E** |
| | § | |
| **KIWI.COM, INC. and KIWI.COM** | § | |
| **S.R.O.,** | § | |
| | § | |
| **Defendants.** | § | |

### CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," or "Confidential Attorney Eyes Only Information," as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information or Confidential Attorney Eyes Only Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

1

**App'x 0049**

_____

Signed

_____

Printed Name

_____

Date

App'x 0050

# Exhibit A-3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **AMERICAN AIRLINES, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **Civil Action No. 4:23-cv-00860-P** |
| | § | |
| **SKIPLAGGED, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT SKIPLAGGED, INC.'S ANSWERS TO PLAINTIFF AMERICAN AIRLINES, INC.'S FIRST SET OF INTERROGATORIES NOS. 12, 13, AND 15–19 SUBJECT TO ITS PREVIOUS OBJECTIONS

TO:   Plaintiff, American Airlines, Inc., through its attorneys of record, Messrs. Dee J. Kelly, Jr. and Lars L. Berg and Ms. Julia G. Wisenberg, Kelly Hart & Hallman LLP, 201 Main Street, Suite 2500, Fort Worth, Texas 76102; Ms. Bina Palnitkar, Greenberg Traurig LLP, 2200 Ross Avenue, Suite 5200, Dallas, Texas 75201; and Mr. Nathan J. Muyskens, Greenberg Traurig LLP, 2101 L Street, N.W., Suite 1000, Washington, D.C. 20037.

**NOW COMES** Defendant, Skiplagged, Inc. ("Skiplagged"), and subject to its

previous *Objections* made to these *Interrogatories*, hereby makes these *Answers to Plaintiff*

*American Airlines, Inc.'s First Set of Interrogatories Nos. 12, 13, and 15–19.*

**INTERROGATORY NO. 12**: Identify the number of bookings Skiplagged has made for or on behalf of consumers with a Texas address through Skiplagged.com's "Book Now" feature, as described in paragraph 12 of Zaman's Declaration.

**ANSWER:**

Subject to the previous objections made to this Interrogatory (except as to the objection as to merits discovery), and without intending to waive any such objections: (1) Skiplagged has no practice that directs, targets, or keeps separate, persons with a Texas address; (2) the reference made by Mr. Zaman in his Declaration is to Skiplagged's general operations, which are used by all persons everywhere and not just Texans; and (3) Skiplagged provides information to persons who come to its website to find information

1

about airfares, air travel, and online travel offerings so they may book fares or tickets through other travel resources and does not "book" tickets or airfares as such, but facilitates persons booking flights.

With this understanding, from August 1, 2018, through August 17, 2023, and according to Google Analytics, 59,426,399 persons accessed Skiplagged's site through 209,618,689 sessions, which resulted in 434,534 bookings reflecting Texas addresses through Skiplagged's "Book Now" feature. Accordingly, bookings with Texas addresses made through Skiplagged's Book Now feature represents approximately 00.207 percent of all sessions on Skiplagged.com during the identified period.

**INTERROGATORY NO. 13**: Identify the number of bookings Skiplagged has made for or on behalf of consumers for flights to, from, or within Texas through Skiplagged.com's "Book Now" feature, as described in paragraph 12 of Zaman's Declaration.

**ANSWER:**

Subject to the previous objections made to this Interrogatory (except as to the objection as to merits discovery), and without intending to waive any such objections: (1) Skiplagged has no practice that directs, targets, or keeps separate, persons with a Texas address; (2) the reference made by Mr. Zaman in his Declaration is to Skiplagged's general operations, which are used by all persons everywhere and not just Texans; and (3) Skiplagged provides information to persons who come to its website to find information about airfares, air travel, and online travel offerings so they may book fares or tickets through other travel resources and does not "book" tickets or airfares as such, but facilitates persons booking flights.

With this understanding, from August 1, 2018, through August 17, 2023, and according to Google Analytics, 59,426,399 persons accessed Skiplagged's site through 209,618,689 sessions, which resulted in 854,317 bookings for flights that originated and/or terminated in Texas through Skiplagged's "Book Now" feature. Accordingly, such bookings made through Skiplagged's Book Now feature represent approximately 00.408 percent of all sessions on Skiplagged.com during the identified period.

**INTERROGATORY NO. 15**: Identify the total number of bookings for which Skiplagged has received commission payments or other financial compensation from other Travel Agencies, and the total amount of such payments, for purchases made by consumers with a Texas address that Skiplagged.com redirected to such other Travel Agency.

App'x 0053

**ANSWER:**

Subject to the previous objections made to this Interrogatory (except as to the objection as to merits discovery), and without intending to waive any such objections, Skiplagged has no practice that directs, targets, or keeps separate, persons with a Texas address. Skiplagged is not a Travel Agency, so use of the term "other Travel Agencies" is incorrect. Subject to these provisos, from August 1, 2018, through August 17, 2023, Skiplagged is unaware of the total number of bookings through Travel Agencies made by persons referred by Skiplagged. Additionally, Skiplagged does not receive commission information as to redirected "bookings" because it is primarily paid on CPC (*i.e.*, intent to book), the standard advertising revenue model, rather than CPA (*i.e.*, successful booking), for which it does not collect the requested information with respect to Texas addresses or anywhere else.

**INTERROGATORY NO. 16**: Identify the total number of bookings for which Skiplagged has received commission payments or other financial compensation from other Travel Agencies, and the total amount of such payments, for purchases of flights to, from, or within Texas made by users that Skiplagged.com redirected to such other Travel Agency.

**ANSWER:**

Subject to the previous objections made to this Interrogatory (except as to the objection as to merits discovery), and without intending to waive any such objections, Skiplagged has no practice that directs, targets, or keeps separate, persons who fly to, from, or within Texas. Skiplagged is not a Travel Agency, so use of the term "other Travel Agencies" is incorrect. Skiplagged has no information responsive to this Interrogatory because it is not paid for bookings by Travel Agencies, or it does not collect the requested information with respect to routing for bookings made by Travel Agencies.

**INTERROGATORY NO. 17**:  Identify the number of persons who have signed up for the Skiplagged.com "newsletter" or email subscriber service by entering a "home airport" located in Texas, as prompted on https://skiplagged.com/signup.\

**ANSWER:**

Subject to the previous objections made to this Interrogatory (except as to the objection as to merits discovery), and without intending to waive any such objections, Skiplagged has no practice that directs or targets persons or keeps separate, persons with a Texas address or that records a "home airport" located in Texas as such. Despite that, zero persons "signed up" for such newsletter or e-mail subscriber service from August 1, 2018, to August 17, 2023, by entering a "home airport" located in Texas. This is because Skiplagged launched the newsletter sign-up page on August 28, 2023, which was after American Airlines filed the complaint in this action.

App'x 0054

**INTERROGATORY NO. 18**: Identify the number of times Skiplagged.com has redirected a user to another Travel Agency to complete a booking for a flight to, from, or within Texas.

**ANSWER:**

Subject to the previous objections made to this Interrogatory (except as to the objection as to merits discovery), and without intending to waive any such objections, Skiplagged has no practice that directs, targets, or keeps separate, persons who fly to, from, or within Texas. Skiplagged is not a Travel Agency, so the use of the term "another Travel Agency" is incorrect.

With that understanding, Skiplagged has redirected persons 966,655 times to a Travel Agency (not "another" Travel Agency, as Skiplagged is not a "Travel Agency") to potentially "complete" a booking for a flight to from or within Texas from August 1, 2018, to August 17, 2023, understanding that Skiplagged interprets this Interrogatory to ask for the number of times that Skiplagged.com has redirected persons to an online Travel Agency to complete a booking for a flight involving Texas.  Skiplagged does not have information as to how many such referrals resulted in the purchase of airline tickets for flights involving Texas.  Each identified booking involves two cities, not necessarily in the same state or country, and "involving Texas" refers to bookings where the trip starts and/or ends in Texas.

**INTERROGATORY NO. 19**: Describe in detail how and from what sources Skiplagged "obtained … the alleged 'American Marks' from [sources other than] American's website" as alleged in paragraph 10 of Zaman's Declaration and at page 13 of Skiplagged's Motion to Dismiss.

**ANSWER:**

Paragraph 10 of the Zaman Declaration does not reference American Marks and page 13 of Skiplagged's *Motion to Dismiss* erroneously cites Zaman Declaration paragraph 10 instead of paragraph 11 for this proposition. The reference made by Mr. Zaman is to Skiplagged's general operations, which are used by all customers and not just Texans. Subject to this correction and the previous objections made to this Interrogatory (except as to the objection as to merits discovery), and without intending to waive any such objections, Skiplagged states that on May 23, 2017, a former employee obtained the American icon from the API response of a Skiplagged advertiser, which Skiplagged understood to be allowed to use and distribute the American icon. Skiplagged's former employee then edited the image to make the background transparent and slightly enlarge the logo. The result is what Skiplagged has been using: https://skiplagged.com/img/airlines-favicon/AA.png.

4

App'x 0055

Dated: November 27, 2023       Respectfully submitted,

By:     /s/*William L. Kirkman*
         William L. Kirkman
         State Bar No. 11518700
         billk@kirkmanlawfirm.com
         Preston B. Sawyer
         State Bar No. 24102465
         prestons@kirkmanlawfirm.com
         KIRKMAN LAW FIRM, PLLC
         201 Main Street, Suite 1160
         Fort Worth, Texas 76102
         Telephone:   (817) 336-2800
         Facsimile:   (817) 877-1863

ATTORNEYS FOR DEFENDANT,
SKIPLAGGED, INC.

App'x 0056

## 28 USCS § 1746 DECLARATION VERIFYING INTERROGATORY ANSWERS

"Pursuant to 28 USCS § 1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing answers to Interrogatories Nos. 12, 13, and 15–19 are true and correct. Executed on the 27th day of November, 2023, in Tokyo, Japan."

Aktarer Zaman
Chief Executive Officer
Skiplagged, Inc.

6

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 27, 2023, a true and correct copy of the

foregoing was served via e-mail upon all counsel of record as indicated:

> Messrs. Dee J. Kelly, Jr. and Lars L. Berg
> and Ms. Julia G. Wisenberg
> Kelly Hart & Hallman LLP
> 201 Main Street, Suite 2500
> Fort Worth, Texas 76102
>
> Ms. Bina Palnitkar
> Greenberg Traurig LLP
> 2200 Ross Avenue, Suite 5200
> Dallas, Texas 75201
>
> Mr. Nathan J. Muyskens
> Greenberg Traurig, LLP
> 2101 L Street, N.W., Suite 1000
> Washington, D.C. 20037

> */s/William L. Kirkman*
> William L. Kirkman

**App'x 0058**

# Exhibit A-4

App'x 0059

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF AMERICAN AIRLINES, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT SKIPLAGGED, INC.

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff American Airlines, Inc. ("American") hereby serves its First Set of Requests for Production to Defendant Skiplagged, Inc. ("Skiplagged"), as follows.

## INSTRUCTIONS

1.      Skiplagged is instructed to produce for inspection and copying the documents and things within its possession, custody, or control as described in the requests set forth herein within thirty (30) days after service hereof, in accordance with Rule 34.

2.      These requests shall apply to all items (e.g., documents or things) in your possession, custody, or control at the present time, as well as all items that come into your possession, custody, or control. If you know of the existence, past or present, of any items requested below, but are unable to produce such items because they are not presently in your possession, custody or control, you shall so state and shall provide a written statement setting forth:

      a.   the identity of the item;
      b.   the nature of the item (e.g., letter, memorandum, or chart);

PLAINTIFF AMERICAN AIRLINES, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION TO DEFENDANT SKIPLAGGED, INC.                    PAGE 1
3818255_1.DOCX

App'x 0060

    c.  the identity of the person(s) who created (e.g., authored) the item;
    d.  the identity of any person who received a copy of the item;
    e.  the date of the item;
    f.  a brief description of the subject matter of the item; and
    g.  the identity of any person who has possession, custody, or control of the item.

3.     If you have no documents that are responsive to a particular request, state that no responsive documents exist.

4.     For any responsive items that have been lost, destroyed, withheld from production, or redacted, for any reason, you shall provide a written statement setting forth:

    a.  the identity of the item;
    b.  the nature of the item (e.g., letter, memorandum, or chart);
    c.  the identity of the person(s) who created (e.g., authored) the item;
    d.  the identity of any person who received a copy of the item;
    e.  the date of the item;
    f.  a brief description of the subject matter of the item; and
    g.  the circumstances of the loss or destruction of the item or any fact, statute, rule, or decision upon which you rely in withholding or redacting the item.

5.     If you decline to produce any document or part thereof based on a claim of privilege or any other claim, describe the nature and basis of your claim and the information withheld in a manner sufficient to (a) disclose the facts upon which you rely in asserting your claim; (b) permit the grounds and reasons for withholding the information to be unambiguously identified; and (c) permit the information withheld to be unambiguously identified.

6.     All documents requested are to be produced in the same file or other organizational environment in which they are maintained. For example, a document that is part of a file, docket, or other grouping should be physically produced together with all other documents from said file, docket or grouping, in the same order or manner of arrangement as in the original.

7.     You shall keep and produce a record of the source of each document produced, which shall include the name and location of the file where each document was located and the name of the person, group, or department having possession, custody, or control of each document.

**PLAINTIFF AMERICAN AIRLINES, INC.'S FIRST SET OF**
**REQUESTS FOR PRODUCTION TO DEFENDANT SKIPLAGGED, INC.**             **PAGE 2**
3818255_1.DOCX

**App'x 0061**

8.      It is requested that all information, documents, and things, including, without limitation, electronically-stored information, that might relate to or have an impact on the subject matter of this litigation, including information, documents, and things responsive to these discovery requests, be preserved and that you immediately cease any ongoing process of removal, discarding, and/or destruction of such information and documents.

9.      For purposes of interpreting or construing the scope of these discovery requests, all terms shall be given their most inclusive interpretation unless otherwise specifically limited by the language of an individual request.  This includes, without limitation, the following:

      a.   construing "and" and "or" in the disjunctive or conjunctive, as necessary to make the request more inclusive and to bring within the scope of the discovery request any information or documents that might otherwise be construed to be outside of its scope;

      b.   construing "any" and "all" to mean "any and all," as necessary, to make the request more inclusive

      c.   construing the singular form of the word to include the plural, and the plural form to include the singular;

      d.   construing the past tense of a verb to include the present tense and the present tense to include the past tense;

      e.   construing the masculine to include the feminine and, *vice versa;* and

      f.   construing the term "including" to mean "including but not limited to."

10.     These discovery requests are intended to include all documents, things, and/or information in your possession, custody, or control, whether directly or indirectly.  A document or information is deemed to be within your possession, custody, or control if:

      g.   it is within your actual knowledge or possession;

      h.   it is in your physical control or ownership;

      i.   it is within the knowledge, custody, or control of any other person or entity and you could obtain it upon conducting a reasonable inquiry; or

PLAINTIFF AMERICAN AIRLINES, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION TO DEFENDANT SKIPLAGGED, INC.                    PAGE 3
3818255_1.DOCX

App'x 0062

      j.    it is in the physical control of any other person, and you:

          i.    own the document in whole or in part;

          ii.    have a right by contract, statute or otherwise to use, inspect, examine or copy such document on any terms; or

          iii.    have, as a practical matter, been able to use, inspect, examine or copy such document when you have sought to do so.

11.    These discovery requests are continuing under Fed. R. Civ. P. 26(e).  If any document, information, and/or other material responsive to any request comes to the attention, possession, custody, or control of you, your associates, or your attorneys subsequent to serving your response(s), you are required promptly to furnish said additional documents or information.

12.    Unless otherwise specified in a particular request below, the relevant time period for purposes of these Requests is **from August 1, 2018 to the present**.

**DEFINITIONS**

1.    "**American**" means and refers to Plaintiff American Airlines, Inc.

2.    "**Skiplagged**" means and refers to Defendant Skiplagged, Inc., and includes, without limitation, Skiplagged.com and all of Skiplagged's predecessors, successors, subsidiaries, parents, assignees, assignors, and affiliates, and all past or present directors, officers, shareholders, agents, representatives, employees, consultants, attorneys, accountants, entities acting in joint venture or partnership with or having investment relationships with Skiplagged, and any other person or entities acting in cooperation with, at the instruction or direction of, or on behalf of any of the above.

3.    "**You**," "**your**," or "**Defendant**" means and refers to Skiplagged.

4.    "**American's Content**" means and includes any and all information, data, or other content relating to American and/or its products, services, and offerings—whether from American

PLAINTIFF AMERICAN AIRLINES, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION TO DEFENDANT SKIPLAGGED, INC.        PAGE 4
3818255_1.DOCX

App'x 0063

or AA.com directly or from its licensors or other third parties (both authorized or unauthorized)—including but not limited to American flights, flight schedules, routes, fares, fees, text, graphics, icons, images, designs, databases, articles, posts, files, scripts, instructions, illustrations, photographs, advertising, URLs, technology, software, interactive features, audio or video clips, digital downloads, data compilations, customer information, AAdvantage® information, the "look and feel" of AA.com or the compilation, assembly, and arrangement of information on AA.com, all copyrightable materials, trademarks, logos, trade names, trade dress, service marks, trade identities, and any other forms of intellectual property associated with American, and any information relating to American flights, products, fees, offerings, or services.

5.     **"American Bookings"** means and refers to the booking, ticketing or purchase of a ticket on any American Airlines-marketed flight whether directly or through any other agency or platform.

6.     **"American-Skiplagged Customer"** means and refers to any person who booked, ticketed or purchased a ticket on an American-marketed flight through Skiplagged.com—whether such person completed the booking on Skiplagged.com, through another agency or on another website or platform to which Skiplagged provided a direct link, transferred, referred, or redirected the person.

7.     **"AA.com Use Agreement"** means and refers to the AA.com Site Usage agreement, available at https://www.aa.com/i18n/customer-service/support/legal-information.jsp, as defined and described in American's Original Complaint.

8.     **"American's Conditions of Carriage"** means and refers to the Conditions of Carriage   agreement   between   American   and   its   passengers,   available   at

PLAINTIFF AMERICAN AIRLINES, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION TO DEFENDANT SKIPLAGGED, INC.                    PAGE 5
3818255_1.DOCX

App'x 0064

https://www.aa.com/i18n/customer-service/support/conditions-of-carriage.jsp, as defined and described in American's Original Complaint.

9.    "**API**" or "**American's API**" refers to the application programming interface of AA.com.

10.    "**AA.com**" refers to American's public-facing front-end website located at https://www.aa.com, and also includes American's API and American's computer systems.

11.    "**Travel carrier(s)**" refers to and includes all airlines and any other providers of ground or water transportation (including by bus, train, subway, automobile, or boat) whose products or services Skiplagged offers on Skiplagged.com.

12.    "**Travel Agency**" means and includes any online travel agency (OTA), brick-and-mortar travel agency, travel management company (TMC), airfare ticketing consolidator, ARC-or IATA-accredited agency, unaccredited travel agency, and any other person or entity that advertises or markets air fares, or sells, arranges, or facilitates the booking of transportation services of travel carriers, including commercial flights, to customers.

13.    "**Person**" or "**persons**" mean and include any individual or firm, association, organization, joint venture, trust, partnership, corporation, or other collective organization or entity.

14.    "**PNR Data**" refers to and includes all passenger reservation information, referred to as Passenger Name Record (PNR) data/information, collected in connection with the booking of air transportation, which may include but not be limited to the following information: (1) PNR record locator code; (2) Date of reservation/issue of ticket; (3) Date(s) of intended travel; (4) Name(s); (5) Available frequent flier and benefit information (i.e., free tickets, upgrades, etc.); (6) Other names on PNR, including number of travelers on PNR; (7) All available contact

PLAINTIFF AMERICAN AIRLINES, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION TO DEFENDANT SKIPLAGGED, INC.                    PAGE 6
3818255_1.DOCX

App'x 0065

information (including originator of reservation); (8) All available payment/billing information (e.g. credit card number); (9) Travel itinerary for specific PNR; (10) Travel agency/travel agent; (11) Code share information (e.g., when one air carrier sells seats on another air carrier's flight); (12) Split/divided information (e.g., when one PNR contains a reference to another PNR); (13) Travel status of passenger (including confirmations and check-in status); (14) Ticketing information, including ticket number, one way tickets and Automated Ticket Fare Quote (ATFQ) fields; (15) Baggage information; (16) Seat information, including seat number; (17) General remarks including Other Service Indicated (OSI), Special Service Indicated (SSI) and Supplemental Service Request (SSR) information; (18) Any collected APIS information (e.g., Advance Passenger Information (API) that is initially captured by an air carrier within its PNR, such as passport number, date of birth and gender); and (19) All historical changes to the PNR listed in numbers 1 to 18. *See* https://www.cbp.gov/travel/clearing-cbp/passenger-name-record.

15.     **"Communication"** or **"communications"** shall mean and include any and all contact whatsoever and any transfer or exchange between two or more persons of any information, whether by oral, written, or electronic means, whether directly or indirectly and in nay nature whatsoever, including but not limited to any correspondence, conversations, meetings, telephone calls, e-mails, electronic transmission, online or internet communications, faxes, notes, letters, telegrams, telexes, text messages, voicemails, cables, and/or memoranda.

16.     **"Document"** and **"documents"** are used herein in the broadest sense permissible under Rule 34 of the Federal Rules of Civil Procedure, and include, but are not limited to, any written, recorded or tangible graphic matter, or any other means of preserving data, expression, facts, opinions, thought, images, or other information of any kind, including without limitation all

PLAINTIFF AMERICAN AIRLINES, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION TO DEFENDANT SKIPLAGGED, INC.                    PAGE 7
3818255_1.DOCX

App'x 0066

non-identical copies, drafts, outtakes, subsequent versions, worksheets and proofs, however created or recorded, including without limitation audio tapes, annotations, calendars, correspondence, data or information of any kind recorded on compact disks, digital video diskettes, or any other type or form of diskettes for use with computers or other electronic devices, or any hard drive, diary entries, electronic recordings of any kind, e-mail, memoranda, notes, photographs, reports, telephone slips and logs, video cartridges and videotapes, and sites, databases, or other means of information storage or retrieval on the Internet or World Wide Web.

These terms are to be interpreted broadly to include documents stored in any medium and specifically include electronically stored information ("ESI") such as e-mail and documents maintained in electronic form on Delta's websites, servers, and stand-alone computers and hard drives. ESI includes, but is not be limited to, text files (including word processing documents), spreadsheets, e-mail files and information concerning e-mail (including all metadata fields, logs of e-mail history and usage, header information and "deleted" files including all potentially relevant data contained in free or slack space), Internet history files and preferences, graphical image format ("GIF"), tagged image file format ("TIFF"), portable document format ("PDF") files, databases, contacts, tasks, calendar and scheduling information, computer system activity logs, all file fragments, and backup files containing Electronic Data.

17.    "**Relating to**," "**related to**," "**concerning**," or "**referencing**" mean referring to, pertaining to, evidencing, referencing, containing, referencing, describing, identifying, embodying, commenting upon, identifying, incorporating, summarizing, mentioning, having any relationship to, constituting evidence of, or otherwise connected with or pertinent in any way to the subject matter of the request.

PLAINTIFF AMERICAN AIRLINES, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION TO DEFENDANT SKIPLAGGED, INC.                PAGE 8
3818255_1.DOCX

App'x 0067

18.    **"This lawsuit"** refers to the above-captioned case: *American Airlines, Inc. v. Skiplagged, Inc.*, No. 4:23-cv-00860-P, in the U.S. District Court for the Northern District of Texas, Fort Worth Division.

19.    **"Skiplagged's Motion to Dismiss"** refers to *Skiplagged's Motion to Dismiss American's First Amended Complaint for Lack of Personal Jurisdiction and Alternative Request to Transfer Venue and Brief in Support*, filed on October 2, 2023 [Dkt. 21].

20.    **"Zaman's Declaration"** refers to the *Declaration of Aktarer Zaman Submitted in Support of Skiplagged's Motion to Dismiss*, filed on October 2, 2023 [Dkt. 22].

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**    Documents relating to or evidencing Skiplagged's corporate structure, locations, organization, formation, management, ownership, shareholders, and investors.

**REQUEST FOR PRODUCTION NO. 2:**    All contracts or agreements, and any amendments, supplements, and drafts related thereto, between Skiplagged and any Travel Agency, metasearch engine, or any other company or website that searches for, displays, markets, or sells commercial flights to consumers, including, but not limited to, each of the third parties identified by Skiplagged in response to American's Interrogatory Nos. 6 and 7.

**REQUEST FOR PRODUCTION NO. 3:**    All documents and communications relating to, or to or from, any of the third parties described in Request No. 2 and/or identified by Skiplagged in response to American's Interrogatory Nos. 6 and 7.

**REQUEST FOR PRODUCTION NO. 4:**    All documents and communications relating to all American Bookings made and/or purchased by any customers on, through or facilitated by Skiplagged.com since August 1, 2018, including, for each booking, all PNR Data and any other personal identifying information for each passenger, all reservation and itinerary details, the amount charged to the customer for the American ticket, and the amounts of any additional fees or costs charged to the customer broken down by service or fee (e.g., service fees, baggage fees, or other fees).

**REQUEST FOR PRODUCTION NO. 5:**    All documents and communications relating to show all American Bookings made and/or purchased on or through any other travel websites by any customers who were re-directed to such travel websites by or through Skiplagged.com since August 1, 2018, including, for each booking, all PNR Data and any other personal identifying information for each passenger, all reservation and itinerary details, the amount charged to the customer for the American ticket, and the amounts of any additional fees or costs charged to the

PLAINTIFF AMERICAN AIRLINES, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION TO DEFENDANT SKIPLAGGED, INC.                    PAGE 9
3818255_1.DOCX

App'x 0068

customer broken down by service or fee (e.g., service fees, baggage fees, or other fees), if available.

**REQUEST FOR PRODUCTION NO. 6:**   Documents and communications sufficient to show all flight tickets booked through Skiplagged.com (including for any/all airlines) with a departure or arrival city in Texas since August 1, 2018, including all PNR Data for all such passengers.

**REQUEST FOR PRODUCTION NO. 7:**   All communications between AA.com and Skiplagged relating to any purchases or sales of American flights or services by Skiplagged.

**REQUEST FOR PRODUCTION NO. 8:**   All documents, including but not limited to specifications, schematics, design documents, user guides, manuals, source code, technical documents, and any other documents relating to, reflecting, or describing the details, development, design, structure, functionality, and operation of the technical means, methods, processes, software, programs, techniques, source code, and/or hardware—both current and historical—that Skiplagged has used to:

    (a) access, obtain, harvest, scrape, extract, or receive American's Content, including but not limited to American's flight and fare data;

    (b) interact with or access AA.com, American's API, or American's computer systems;

    (c) search for or identify American flights, itineraries, and fares to present to customers on Skiplagged.com (including to identify the best prices and/or to generate "hidden city" tickets);

    (d) deploy or utilize automated bots or scripts to interact with AA.com or American's API;

    (e) republish, display, distribute, provide access to, or otherwise use American's Content, including but not limited to American's flight and fare data, on Skiplagged.com;

    (f) book or purchase American flights on AA.com for Skiplagged users/customers;

    (g) charge users/customers fees for the purchase of American flights

    (h) sell American flights;

    (i) communicate travel information to customers who purchase American flights or services through Skiplagged.com; and

    (j) circumvent any technological protections, firewalls, or other digital security measures in place for AA.com, American's API, or American's computer systems.

**REQUEST FOR PRODUCTION NO. 9:**   Documents sufficient to show the operation of any aspects or elements of the programs, tools, or technologies that Skiplagged has used to carry out or achieve the activities described in Request No. 8, subparts (a)-(j).

PLAINTIFF AMERICAN AIRLINES, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION TO DEFENDANT SKIPLAGGED, INC.                    PAGE 10
3818255_1.DOCX

App'x 0069

**REQUEST FOR PRODUCTION NO. 10:** Documents and communications evidencing all research and development costs relating to or associated with any of the means, methods, processes, programs, techniques, or software described in Request No. 8 and its subparts.

**REQUEST FOR PRODUCTION NO. 11:** Documents and communications relating to Skiplagged's advertisement, promotion, or sale of American products or services.

**REQUEST FOR PRODUCTION NO. 12:** Documents and communications relating to Skiplagged obtaining, or attempting to obtain, American's Content, including but not limited to American fare, schedule or inventory data.

**REQUEST FOR PRODUCTION NO. 13:** Documents and communications relating to, discussing, or referencing American, AA.com, the AA.com Use Agreement, American's Conditions of Carriage, any other rules or policies of American, Skiplagged's use of American's Content, or Skiplagged's sale of tickets on American-marketed flights.

**REQUEST FOR PRODUCTION NO. 14:** Documents and communications relating to, acknowledging, or reflecting Skiplagged's knowledge or understanding that Skiplagged is not authorized by American to access, distribute, display or use American's content on Skiplagged.com or to book, ticket or sell tickets for American-marketed flights.

**REQUEST FOR PRODUCTION NO. 15:** Documents and communications relating to or discussing the sale of tickets on American-marketed flights or services by any Travel Agencies or travel metasearch engines other than Skiplagged.

**REQUEST FOR PRODUCTION NO. 16:** Documents and communications relating to, acknowledging, or reflecting Skiplagged's knowledge or awareness of other Travel Agencies, travel metasearch engines, airfare consolidators, global distribution systems, or websites having authorization from, or agreements with, American to access or distribute American's fare, schedule and inventory content, to market or advertise American-marketed flights or to book, ticket or sell tickets on American-marketed flights, use American's Content, or otherwise act as an agent of American.

**REQUEST FOR PRODUCTION NO. 17:** Documents and communications relating to, acknowledging, or reflecting Skiplagged's knowledge or awareness that American revoked Kiwi.com's right and authorization to access or distribute American fare, schedule and inventory content, or to book, ticket or sell tickets on American-marketed flights.

**REQUEST FOR PRODUCTION NO. 18:** All communications between Skiplagged and any other third party discussing, mentioning, or relating in any way to American, the booking, ticketing or sale of tickets on American-marketed flights, or the distribution, publication, access, or use of American's Content.

**REQUEST FOR PRODUCTION NO. 19:** Documents and communications relating to any meetings or discussions involving any Skiplagged employees, directors, board members, officers, investors, or shareholders where American or AA.com was discussed, addressed, mentioned.

PLAINTIFF AMERICAN AIRLINES, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION TO DEFENDANT SKIPLAGGED, INC.                    PAGE 11
3818255_1.DOCX

App'x 0070

**REQUEST FOR PRODUCTION NO. 20:** Documents and communications relating to Skiplagged's investigation, analysis, strategies, plans, and decisions relating to its marketing and sale of tickets on American-marketed flights and/or its use of American's Content, including but not limited to (i) any marketing strategies, revenue projections/forecasts, pricing strategies, market analyses, valuations, and business plans relating to the sale of tickets on American-marketed flights or services; (ii) the benefits of or reasons for marketing, offering, booking, ticketing, purchasing, and/or selling tickets on American-marketed flights or services; and (iii) consumer demand or preferences for booking travel with American.

**REQUEST FOR PRODUCTION NO. 21:** Presentations, slide decks, handouts, or other presentation materials concerning Skiplagged's business plans, strategies, technology, or platform—both final and draft versions—for any trade shows, industry events, investor meetings, pitches, or fundraising or partnership efforts.

**REQUEST FOR PRODUCTION NO. 22:** Documents and communications relating to, identifying, or evidencing Skiplagged's internal processing of all American Bookings made or purchased on or through Skiplagged.com since August 1, 2018.

**REQUEST FOR PRODUCTION NO. 23:** Documents and communications relating to, identifying, or evidencing Skiplagged's internal processing of all American Bookings made or purchased on any other travel websites by any customers who were transferred, referred or re-directed to such travel websites by or through Skiplagged.com since August 1, 2018.

**REQUEST FOR PRODUCTION NO. 24:** Documents and communications relating to or reflecting any complaints by any customers or passengers who booked, ticketed or purchased a ticket on an American-marketed flight through Skiplagged.com—whether booked directly on Skiplagged.com or on another website to which Skiplagged transferred, referred or redirected the customer to complete the booking.

**REQUEST FOR PRODUCTION NO. 25:** Communications with any American-Skiplagged Customers regarding flight changes, delays, cancellations, refunds, customer service issues, baggage fees, service fees, or any other matters relating to the customer's travel, booking/reservation, or payment.

**REQUEST FOR PRODUCTION NO. 26:** All documents and financials identifying or reflecting Skiplagged's financial condition and performance from its inception to the present, including but not limited to its monthly, quarterly, and yearly income, revenues, costs, expenses, and actual and/or projected gross and net revenues and profits.

**REQUEST FOR PRODUCTION NO. 27:** All documents and financials identifying or reflecting Skiplagged's total revenues, gross margins, and net profits relating to or resulting from Skiplagged's sale of American flights, including taking into account any/all additional fees of any kind charged to customers in connection with the sales of American flights (e.g., service fees, baggage fees, or other fees).

**REQUEST FOR PRODUCTION NO. 28:** Documents and communications relating to Skiplagged's marketing or promotional efforts to customers relating to American.

PLAINTIFF AMERICAN AIRLINES, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION TO DEFENDANT SKIPLAGGED, INC.                    PAGE 12
3818255_1.DOCX

App'x 0071

**REQUEST FOR PRODUCTION NO. 29:** Documents and communications relating to Skiplagged's marketing or promotional efforts to customers relating to travel to, from, or within Texas.

**REQUEST FOR PRODUCTION NO. 30:** Communications between Skiplagged and any third-party regarding American, AA.com, Skiplagged's marketing or sale of tickets on American-marketed flights or services, Skiplagged's use of American's Content on Skiplagged.com, Skiplagged's efforts to obtain data or information from AA.com, or American's claims or allegations in this lawsuit.

**REQUEST FOR PRODUCTION NO. 31:** All documents, communications, and agreements concerning Skiplagged's receipt of or entitlement to any commissions, fees, or other financial compensation from any third parties other than customers/purchasers, including but not limited to travel carriers, Travel Agencies, travel metasearch engines, airfare consolidators, global distribution systems, or other travel companies, in connection with the sale of commercial flights to consumers.

**REQUEST FOR PRODUCTION NO. 32:** Documents sufficient to show all fees, commissions, or other payments Skiplagged has received from any third parties other than customers/purchasers, including but not limited to travel carriers, Travel Agencies, travel metasearch engines, airfare consolidators, global distribution systems, or other travel companies, in connection with the sale of American flights.

**REQUEST FOR PRODUCTION NO. 33:** All documents, communications, and agreements concerning Skiplagged's payment of or obligation to pay commissions, fees, or other financial compensation to any other travel websites or other third parties (including but not limited to travel carriers, Travel Agencies, travel metasearch engines, airfare consolidators, or global distribution systems) in connection with the sale of commercial flights to consumers.

**REQUEST FOR PRODUCTION NO. 34:** Documents sufficient to show all fees, commissions, or other payments Skiplagged has made to any other travel websites or other third parties (including but not limited to travel carriers, Travel Agencies, travel metasearch engines, airfare consolidators, global distribution systems, or other travel companies) in connection with the sale of tickets on American-marketed flights.

**REQUEST FOR PRODUCTION NO. 35:** Any settlement agreements, consent agreements, letters of consent, or license agreements between Skiplagged and any other travel carriers, Travel Agencies, travel metasearch engines, airfare consolidators, or global distribution systems relating to Skiplagged's sale of any carriers' flights or services or use of carriers' flight and fare information, trademarks, or data/content.

**REQUEST FOR PRODUCTION NO. 36:** All complaints, legal notices, demand letters, cease and desist letters, and any other similar correspondence that Skiplagged has received from any other person or entity, including any airline, travel carrier, travel service provider, Travel Agency, travel metasearch engine, or governmental, regulatory, or administrative agency, relating to Skiplagged's operations or the operation of Skiplagged.com.

PLAINTIFF AMERICAN AIRLINES, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION TO DEFENDANT SKIPLAGGED, INC.                     PAGE 13
3818255_1.DOCX

App'x 0072

**REQUEST FOR PRODUCTION NO. 37:** Communications with any American-Skiplagged Customers regarding any issues, problems, or troubles that the passenger encountered during her travel with American, and any documents relating thereto.

**REQUEST FOR PRODUCTION NO. 38:** Documents and communications with customers and any internal documents or communications relating to, or concerning issues arising from, Skiplagged's warnings and/or instructions to purchasers of "hidden-city" tickets, including about what the passengers should do to avoid problems or what they should say to airline staff.

**REQUEST FOR PRODUCTION NO. 39:** Any press releases, website posts, social media posts, posts on online discussion boards, and any other public statements made by Skiplagged or any employees or representative of Skiplagged concerning American or any other travel carriers.

**REQUEST FOR PRODUCTION NO. 40:** Documents and communications relating to, supporting, or evidencing how Skiplagged "Find[s] flights the airlines don't want you to see" and is "exposing loopholes in airfare pricing to save you money," as stated on Skiplagged.com.

**REQUEST FOR PRODUCTION NO. 41:** Documents and communications relating to, supporting, or evidencing how Skiplagged "Shows you the cheapest regular flights. This way you can be sure you're seeing the best available rates anywhere," as stated on Skiplagged.com.

**REQUEST FOR PRODUCTION NO. 42:** Documents and communications relating to, supporting, or evidencing how Skiplagged "Exposes inefficiencies in airline pricing, such as hidden-city, to find you deals you can't get anywhere else," as stated on Skiplagged.com.

**REQUEST FOR PRODUCTION NO. 43:** Documents and communications relating to or supporting Skiplagged's statements on its website regarding "Why are we doing this?", including the specific reasons described therein.

**REQUEST FOR PRODUCTION NO. 44:** All documents, communications, and agreements relating to Skiplagged's terms of use, terms of service, terms and conditions, privacy policy, Rewards Program Terms and Conditions, and any other terms or conditions governing the use of Skiplagged.com, the collection, protection, and use of customers' data, and/or customers' use or purchase of Skiplagged's services.

**REQUEST FOR PRODUCTION NO. 45:** Documents and communications referring or relating to the Airlines Reporting Corporation ("ARC") or the International Air Transport Association ("IATA"), including but not limited to documents concerning Skiplagged's consideration, evaluation, decision, or reasons for deciding whether or not to apply to become an accredited ARC/IATA travel agency.

**REQUEST FOR PRODUCTION NO. 46:** Any documents or communications relating to or evidencing any confusion or misunderstanding by American-Skiplagged Customers, after the time of their purchase of a ticket on an American-marketed flight, regarding Skiplagged's authority/ability or lack thereof to address or resolve any matters relating to their travel or booking.

PLAINTIFF AMERICAN AIRLINES, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION TO DEFENDANT SKIPLAGGED, INC.                    PAGE 14
3818255_1.DOCX

App'x 0073

**REQUEST FOR PRODUCTION NO. 47:** Documents and communications relating to or evidencing all advertising, marketing, promotional, or "newsletter" emails that Skiplagged has sent to customers who previously purchased travel or lodging on Skiplagged.com with a Texas address.

**REQUEST FOR PRODUCTION NO. 48:** Documents and communications relating to or evidencing all advertising, marketing, promotional, or "newsletter" emails that Skiplagged has sent to customers specifically identifying or offering "deals" or promotions on hotels in Texas or flights to, from, or within Texas.

**REQUEST FOR PRODUCTION NO. 49:** Documents and communications relating to or evidencing all bookings Skiplagged has made for or on behalf of consumers with a Texas address through Skiplagged.com's "Book Now" feature, as described in paragraph 12 of Zaman's Declaration.

**REQUEST FOR PRODUCTION NO. 50:** Documents and communications relating to or evidencing all bookings Skiplagged has made for or on behalf of consumers for flights to, from, or within Texas through Skiplagged.com's "Book Now" feature, as described in paragraph 12 of Zaman's Declaration.

**REQUEST FOR PRODUCTION NO. 51:** Documents relating to the "online travel agencies, global distribution systems, and other travel metasearch engines" and any of the other "variety of sources" from whom "Skiplagged obtains American flight and fare information" (as described in paragraphs 10 and 11 of Zaman's Declaration) and the means or processes by which Skiplagged obtains such information.

**REQUEST FOR PRODUCTION NO. 52:** All communications between Skiplagged and any of the "online travel agencies, global distribution systems, and other travel metasearch engines" and any of the other "variety of sources" from whom "Skiplagged obtains American flight and fare information" (as described in paragraphs 10 and 11 of Zaman's Declaration).

**REQUEST FOR PRODUCTION NO. 53:** Documents and communications relating to or evidencing each booking for which Skiplagged has received commission payments or other financial compensation from other Travel Agencies or travel metasearch engines for purchases made by consumers that Skiplagged.com redirected to such other Travel Agency or metasearch engine.

**REQUEST FOR PRODUCTION NO. 54:** Documents and communications relating to or evidencing each booking for which Skiplagged has received commission payments or other financial compensation from other Travel Agencies or travel metasearch engines for purchases of flights to, from, or within Texas made by users that Skiplagged.com redirected to such other Travel Agency or travel metasearch engine.

**REQUEST FOR PRODUCTION NO. 55:** Documents and communications relating to or supporting Skiplagged's statement that it "obtained … the alleged 'American Marks' from [sources other than] American's website" as alleged in paragraph 10 of Zaman's Declaration and at page 13 of Skiplagged's Motion to Dismiss.

PLAINTIFF AMERICAN AIRLINES, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION TO DEFENDANT SKIPLAGGED, INC.                    PAGE 15
3818255_1.DOCX

App'x 0074

**REQUEST FOR PRODUCTION NO. 56:** All documents that you referred to or relied upon in answering any Interrogatory or Request for Admission served by American.

Dated: October 12, 2023                                     Respectfully submitted,

                                                            */s/ Lars L. Berg*
                                                            Dee J. Kelly, Jr.
                                                            State Bar No. 11217250
                                                            dee.kelly@kellyhart.com
                                                            Lars L. Berg
                                                            State Bar No. 00787072
                                                            lars.berg@kellyhart.com
                                                            Tyson Lies
                                                            State Bar No. 24087927
                                                            tyson.lies@kellyhart.com
                                                            Julia G. Wisenberg
                                                            State Bar No. 24099146
                                                            julia.wisenberg@kellyhart.com
                                                            KELLY HART & HALLMAN LLP
                                                            201 Main Street, Suite 2500
                                                            Fort Worth, Texas 76102
                                                            (817) 332-2500

                                                            Bina Palnitkar
                                                            State Bar No. 24070378
                                                            palnitkarb@gtlaw.com
                                                            GREENBERG TRAURIG LLP
                                                            2200 Ross Avenue, Suite 5200
                                                            Dallas, TX 75201
                                                            Telephone: (214) 665-3600

                                                            Nathan J. Muyskens
                                                            nathan.muyskens@gtlaw.com
                                                            GREENBERG TRAURIG, LLP
                                                            2101 L Street, N.W., Suite 1000
                                                            Washington, DC 20037
                                                            Telephone: (202) 331-3100

                                                            **ATTORNEYS FOR PLAINTIFF**
                                                            **AMERICAN AIRLINES, INC.**

PLAINTIFF AMERICAN AIRLINES, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION TO DEFENDANT SKIPLAGGED, INC.                    PAGE 16
3818255_1.DOCX

App'x 0075

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 12, 2023, I served the foregoing document *via hand*

*delivery* to opposing counsel below in accordance with the Federal Rules of Civil Procedure:

William L. Kirkman
Kirkman Law Firm, PLLC
201 Main Street, Suite 1160
Fort Worth, Texas  76102

*/s/ Lars L. Berg*
Lars L. Berg

# Exhibit A-5

App'x 0077

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **AMERICAN AIRLINES, INC.,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-00860-P** |
| | § | |
| **SKIPLAGGED, INC.,** | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT SKIPLAGGED, INC.'S OBJECTIONS AND**
**RESPONSES TO PLAINTIFF AMERICAN AIRLINES, INC.'S**
**FIRST SET OF REQUESTS FOR PRODUCTION**

TO:    Plaintiff, American Airlines, Inc., through its attorneys of record, Messrs. Dee J. Kelly, Jr. and Lars L. Berg and Ms. Julia G. Wisenberg, Kelly Hart & Hallman LLP, 201 Main Street, Suite 2500, Fort Worth, Texas 76102; Ms. Bina Palnitkar, Greenberg Traurig LLP, 2200 Ross Avenue, Suite 5200, Dallas, Texas 75201; and Mr. Nathan J. Muyskens, Greenberg Traurig LLP, 2101 L Street, N.W., Suite 1000, Washington, D.C. 20037.

**NOW COMES** Defendant, Skiplagged, Inc. ("Skiplagged"), and hereby makes these *Objections and Responses to Plaintiff American Airlines, Inc.'s First Set of Requests for Production*.

Subject to the objections below and without waiving same, Skiplagged will produce the originals or copies of the documents it agrees or is ordered to produce herein at the offices of Kirkman Law Firm, PLLC, at a mutually agreeable day and time, or electronically pursuant to an acceptable confidentiality order and protocol for electronic discovery.

**I.**

## GENERAL OBJECTIONS TO ALL REQUESTS

1.     Skiplagged objects to the Instructions and Definitions preceding the Requests for Production to the extent that they impose duties and obligations beyond the requirements of the

1

FEDERAL RULES OF CIVIL PROCEDURE. In particular, without waiving any other appropriate objections, Skiplagged objects to the Instructions and Definitions of (1) "identify" with regard to a communication, document, or person, in that same are overly broad, onerous, and cumbersome; (2) American's Content, American-Skiplagged Customer, Travel carrier(s), Travel Agency, and PNR Data, as same are unnecessarily overly broad, vague, and in part ambiguous. The Instructions set out in No. 9 on p. 3 are also inappropriate and beyond the RULES OF CIVIL PROCEDURE.

2.     Skiplagged also objects to all of the Requests for Production to the extent they seek documents or information protected by the attorney-client privilege, the work-product privilege, the party communication privilege, the witness statement privilege, the consulting expert privilege, the investigative privilege, or any other legally recognized privilege, immunity, or doctrine. Skiplagged's agreement herein to produce certain information or documents is subject to this objection and does not constitute an agreement to produce any information or documents protected by such privilege, immunity, or doctrine. Inadvertent disclosure of any such information shall not constitute a waiver or prejudice of any privilege or any other ground for objecting to discovery with respect to any such information, nor shall the inadvertent disclosure waive or prejudice Skiplagged's right to object to the use of any such information during this or any subsequent proceeding.

3.     Skiplagged also objects to each Request for Production posed herein because in varying degrees, each such Request seeks information as to the merits of American's claims, which is inappropriate at this early stage of the litigation while Skiplagged has a *Motion to Dismiss* pending before this Court. Information as to the merits would be appropriate only after the Court has ruled on Skiplagged's pending *Motion* and denied such.

**App'x 0079**

4.     Skiplagged also objects to each of these Requests for Production, as they are not properly limited to jurisdictional discovery. Each such Request is not focused to yield specific facts that are necessary to support any effort by American to withstand dismissal of this case for lack of personal jurisdiction and fails to demonstrate how responsive information could support personal jurisdiction in this case. Also, see Skiplagged's *Motion for Protective Order* to be filed in this case on November 8, 2023, the substance of which is incorporated herein by reference to the extent necessary. To the extent relevant, Skiplagged has attempted to further delineate these objections with regard to the specific Request posed. Finally, even though Requests Nos. 29, 47, and 48 purport to be limited to Texas, Texas addresses, and "home airports" in Texas, these Requests still seek merits discovery and are not appropriately limited to jurisdictional discovery, as stated above. Nevertheless, subject to its objections, Skiplagged has responded to these three Requests in an attempt to provide jurisdiction information related to Skiplagged's pending *Motion to Dismiss for Lack of Personal Jurisdiction*.

## II.

### SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**    Documents relating to or evidencing Skiplagged's corporate structure, locations, organization, formation, management, ownership, shareholders, and investors.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case and seeks information that is neither relevant nor is reasonably

3

calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case as to requests for shareholders and investors.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available, Skiplagged will produce only certain responsive documents pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 2:**   All contracts or agreements, and any amendments, supplements, and drafts related thereto, between Skiplagged and any Travel Agency, metasearch engine, or any other company or website that searches for, displays, markets, or sells commercial flights to consumers, including, but not limited to, each of the third parties identified by Skiplagged in response to American's Interrogatory Nos. 6 and 7.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case, and is repetitive of Interrogatories Nos. 6 and 7.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available, Skiplagged will produce only certain responsive documents pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 3:**   All documents and communications relating to, or to or from, any of the third parties described in Request No. 2 and/or identified by Skiplagged in response to American's Interrogatory Nos. 6 and 7.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and

4

Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case, and is repetitive of Interrogatories Nos. 6 and 7.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available, Skiplagged will produce only certain responsive documents pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 4:**   All documents and communications relating to all American Bookings made and/or purchased by any customers on, through or facilitated by Skiplagged.com since August 1, 2018, including, for each booking, all PNR Data and any other personal identifying information for each passenger, all reservation and itinerary details, the amount charged to the customer for the American ticket, and the amounts of any additional fees or costs charged to the customer broken down by service or fee (e.g., service fees, baggage fees, or other fees).

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 5:**   All documents and communications relating to show all American Bookings made and/or purchased on or through any other travel websites by

**App'x 0082**

any customers who were re-directed to such travel websites by or through Skiplagged.com since August 1, 2018, including, for each booking, all PNR Data and any other personal identifying information for each passenger, all reservation and itinerary details, the amount charged to the customer for the American ticket, and the amounts of any additional fees or costs charged to the customer broken down by service or fee (e.g., service fees, baggage fees, or other fees), if available.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. It is also confusing and vague.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 6:**   Documents and communications sufficient to show all flight tickets booked through Skiplagged.com (including for any/all airlines) with a departure or arrival city in Texas since August 1, 2018, including all PNR Data for all such passengers.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case. Inclusion of Texas in this Request does not properly limit the Request to relevant jurisdiction, even though it purports to be limited to departure or arrival cities in Texas. Such does not properly narrow or direct the inquiry to proper jurisdictional information, but is simply based on a fortuitous arrival or departure from Texas.

6

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case, and is also duplicative of Interrogatory No. 13.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 7:** All communications between AA.com and Skiplagged relating to any purchases or sales of American flights or services by Skiplagged.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence, given its breadth, and is therefore not proportional to the issues in the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 8:** All documents, including but not limited to specifications, schematics, design documents, user guides, manuals, source code, technical documents, and any other documents relating to, reflecting, or describing the details, development, design, structure, functionality, and operation of the technical means, methods, processes, software, programs, techniques, source code, and/or hardware—both current and historical—that Skiplagged has used to:

App'x 0084

(a) access, obtain, harvest, scrape, extract, or receive American's Content, including but not limited to American's flight and fare data;

(b) interact with or access AA.com, American's API, or American's computer systems;

(c) search for or identify American flights, itineraries, and fares to present to customers on Skiplagged.com (including to identify the best prices and/or to generate "hidden city" tickets);

(d) deploy or utilize automated bots or scripts to interact with AA.com or American's API;

(e) republish, display, distribute, provide access to, or otherwise use American's Content, including but not limited to American's flight and fare data, on Skiplagged.com;

(f) book or purchase American flights on AA.com for Skiplagged users/customers;

(g) charge users/customers fees for the purchase of American flights

(h) sell American flights;

(i) communicate travel information to customers who purchase American flights or services through Skiplagged.com; and

(j) circumvent any technological protections, firewalls, or other digital security measures in place for AA.com, American's API, or American's computer systems.

**<u>RESPONSE:</u>**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case, and is vague and confusing in its description of documents American wants. Skiplagged does not have any of the documents purportedly described.

This Request also, in part, seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 9:**   Documents sufficient to show the operation of any aspects or elements of the programs, tools, or technologies that Skiplagged has used to carry out or achieve the activities described in Request No. 8, subparts (a)-(j).

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 10:** Documents and communications evidencing all research and development costs relating to or associated with any of the means, methods, processes, programs, techniques, or software described in Request No. 8 and its subparts.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

9

**App'x 0086**

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case, and is vague and confusing as to "research and development costs."

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 11:** Documents and communications relating to Skiplagged's advertisement, promotion, or sale of American products or services.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case, and is not limited to such issues.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 12:** Documents and communications relating to Skiplagged obtaining, or attempting to obtain, American's Content, including but not limited to American fare, schedule or inventory data.

**RESPONSE:**

Objection.

10

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 13:** Documents and communications relating to, discussing, or referencing American, AA.com, the AA.com Use Agreement, American's Conditions of Carriage, any other rules or policies of American, Skiplagged's use of American's Content, or Skiplagged's sale of tickets on American-marketed flights.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such

App'x 0088

or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 14:** Documents and communications relating to, acknowledging, or reflecting Skiplagged's knowledge or understanding that Skiplagged is not authorized by American to access, distribute, display or use American's content on Skiplagged.com or to book, ticket or sell tickets for American-marketed flights.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 15:** Documents and communications relating to or discussing the sale of tickets on American-marketed flights or services by any Travel Agencies or travel metasearch engines other than Skiplagged.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

12

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 16:** Documents and communications relating to, acknowledging, or reflecting Skiplagged's knowledge or awareness of other Travel Agencies, travel metasearch engines, airfare consolidators, global distribution systems, or websites having authorization from, or agreements with, American to access or distribute American's fare, schedule and inventory content, to market or advertise American-marketed flights or to book, ticket or sell tickets on American-marketed flights, use American's Content, or otherwise act as an agent of American.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case. Skiplagged is also not a Travel Agency.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 17:** Documents and communications relating to, acknowledging, or reflecting Skiplagged's knowledge or awareness that American revoked

13

Kiwi.com's right and authorization to access or distribute American fare, schedule and inventory content, or to book, ticket or sell tickets on American-marketed flights.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

**REQUEST FOR PRODUCTION NO. 18:** All communications between Skiplagged and any other third party discussing, mentioning, or relating in any way to American, the booking, ticketing or sale of tickets on American-marketed flights, or the distribution, publication, access, or use of American's Content.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 19:** Documents and communications relating to any meetings or discussions involving any Skiplagged employees, directors, board members, officers, investors, or shareholders where American or AA.com was discussed, addressed, mentioned.

14

**App'x 0091**

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request may also seek information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 20:** Documents and communications relating to Skiplagged's investigation, analysis, strategies, plans, and decisions relating to its marketing and sale of tickets on American-marketed flights and/or its use of American's Content, including but not limited to (i) any marketing strategies, revenue projections/forecasts, pricing strategies, market analyses, valuations, and business plans relating to the sale of tickets on American-marketed flights or services; (ii) the benefits of or reasons for marketing, offering, booking, ticketing, purchasing, and/or selling tickets on American-marketed flights or services; and (iii) consumer demand or preferences for booking travel with American.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 21:** Presentations, slide decks, handouts, or other presentation materials concerning Skiplagged's business plans, strategies, technology, or platform—both final and draft versions—for any trade shows, industry events, investor meetings, pitches, or fundraising or partnership efforts.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 22:** Documents and communications relating to, identifying, or evidencing Skiplagged's internal processing of all American Bookings made or purchased on or through Skiplagged.com since August 1, 2018.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary

16

**App'x 0093**

to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case, and is vague as to the use of the term "internal processing."

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 23:** Documents and communications relating to, identifying, or evidencing Skiplagged's internal processing of all American Bookings made or purchased on any other travel websites by any customers who were transferred, referred or re-directed to such travel websites by or through Skiplagged.com since August 1, 2018.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 24:** Documents and communications relating to or reflecting any complaints by any customers or passengers who booked, ticketed or purchased a

ticket on an American-marketed flight through Skiplagged.com—whether booked directly on Skiplagged.com or on another website to which Skiplagged transferred, referred or redirected the customer to complete the booking.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case, and is vague as to use of the term "redirected customers."

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 25:** Communications with any American-Skiplagged Customers regarding flight changes, delays, cancellations, refunds, customer service issues, baggage fees, service fees, or any other matters relating to the customer's travel, booking/reservation, or payment.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

App'x 0095

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 26:** All documents and financials identifying or reflecting Skiplagged's financial condition and performance from its inception to the present, including but not limited to its monthly, quarterly, and yearly income, revenues, costs, expenses, and actual and/or projected gross and net revenues and profits.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 27:** All documents and financials identifying or reflecting Skiplagged's total revenues, gross margins, and net profits relating to or resulting from Skiplagged's sale of American flights, including taking into account any/all additional fees of any kind charged to customers in connection with the sales of American flights (e.g., service fees, baggage fees, or other fees).

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

19

App'x 0096

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 28:** Documents and communications relating to Skiplagged's marketing or promotional efforts to customers relating to American.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad by requesting "communications," considering the proportional needs of the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 29:** Documents and communications relating to Skiplagged's marketing or promotional efforts to customers relating to travel to, from, or within Texas.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary

20

to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case. Inclusion of Texas in the Request does not properly limit the request to relevant jurisdiction.

Subject to these objections, and without waiver thereof, Skiplagged believes it has no such documents, as it has not marketed these kinds of flights. Nevertheless, Skiplagged has conducted a reasonable and diligent search for documents in its possession, custody, and control, and has found no non-privileged documents or communications containing or reflecting any such activity targeted to travel to, from, or within Texas.

**REQUEST FOR PRODUCTION NO. 30:** Communications between Skiplagged and any third-party regarding American, AA.com, Skiplagged's marketing or sale of tickets on American-marketed flights or services, Skiplagged's use of American's Content on Skiplagged.com, Skiplagged's efforts to obtain data or information from AA.com, or American's claims or allegations in this lawsuit.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 31:** All documents, communications, and agreements concerning Skiplagged's receipt of or entitlement to any commissions, fees, or other financial compensation from any third parties other than customers/purchasers, including but not limited to travel carriers, Travel Agencies, travel metasearch engines, airfare consolidators, global distribution systems, or other travel companies, in connection with the sale of commercial flights to consumers.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 32:** Documents sufficient to show all fees, commissions, or other payments Skiplagged has received from any third parties other than customers/purchasers, including but not limited to travel carriers, Travel Agencies, travel metasearch engines, airfare consolidators, global distribution systems, or other travel companies, in connection with the sale of American flights.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

App'x 0099

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 33:**  All documents, communications, and agreements concerning Skiplagged's payment of or obligation to pay commissions, fees, or other financial compensation to any other travel websites or other third parties (including but not limited to travel carriers, Travel Agencies, travel metasearch engines, airfare consolidators, or global distribution systems) in connection with the sale of commercial flights to consumers.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 34:**  Documents sufficient to show all fees, commissions, or other payments Skiplagged has made to any other travel websites or other third parties (including but not limited to travel carriers, Travel Agencies, travel metasearch engines, airfare consolidators, global distribution systems, or other travel companies) in connection with the sale of tickets on American-marketed flights.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and

Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 35:** Any settlement agreements, consent agreements, letters of consent, or license agreements between Skiplagged and any other travel carriers, Travel Agencies, travel metasearch engines, airfare consolidators, or global distribution systems relating to Skiplagged's sale of any carriers' flights or services or use of carriers' flight and fare information, trademarks, or data/content.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 36:** All complaints, legal notices, demand letters, cease and desist letters, and any other similar correspondence that Skiplagged has received from any other person or entity, including any airline, travel carrier, travel service provider, Travel Agency,

App'x 0101

travel metasearch engine, or governmental, regulatory, or administrative agency, relating to Skiplagged's operations or the operation of Skiplagged.com.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 37:** Communications with any American-Skiplagged Customers regarding any issues, problems, or troubles that the passenger encountered during her travel with American, and any documents relating thereto.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

App'x 0102

**REQUEST FOR PRODUCTION NO. 38:** Documents and communications with customers and any internal documents or communications relating to, or concerning issues arising from, Skiplagged's warnings and/or instructions to purchasers of "hidden-city" tickets, including about what the passengers should do to avoid problems or what they should say to airline staff.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 39:** Any press releases, website posts, social media posts, posts on online discussion boards, and any other public statements made by Skiplagged or any employees or representative of Skiplagged concerning American or any other travel carriers.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

App'x 0103

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

**REQUEST FOR PRODUCTION NO. 40:** Documents and communications relating to, supporting, or evidencing how Skiplagged "Find[s] flights the airlines don't want you to see" and is "exposing loopholes in airfare pricing to save you money," as stated on Skiplagged.com.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 41:** Documents and communications relating to, supporting, or evidencing how Skiplagged "Shows you the cheapest regular flights. This way you can be sure you're seeing the best available rates anywhere," as stated on Skiplagged.com.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

**App'x 0104**

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 42:** Documents and communications relating to, supporting, or evidencing how Skiplagged "Exposes inefficiencies in airline pricing, such as hidden-city, to find you deals you can't get anywhere else," as stated on Skiplagged.com.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 43:** Documents and communications relating to or supporting Skiplagged's statements on its website regarding "Why are we doing this?", including the specific reasons described therein.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and

28

**App'x 0105**

Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 44:**  All documents, communications, and agreements relating to Skiplagged's terms of use, terms of service, terms and conditions, privacy policy, Rewards Program Terms and Conditions, and any other terms or conditions governing the use of Skiplagged.com, the collection, protection, and use of customers' data, and/or customers' use or purchase of Skiplagged's services.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

29

App'x 0106

**REQUEST FOR PRODUCTION NO. 45:** Documents and communications referring or relating to the Airlines Reporting Corporation ("ARC") or the International Air Transport Association ("IATA"), including but not limited to documents concerning Skiplagged's consideration, evaluation, decision, or reasons for deciding whether or not to apply to become an accredited ARC/IATA travel agency.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 46:** Any documents or communications relating to or evidencing any confusion or misunderstanding by American-Skiplagged Customers, after the time of their purchase of a ticket on an American-marketed flight, regarding Skiplagged's authority/ability or lack thereof to address or resolve any matters relating to their travel or booking.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 47:** Documents and communications relating to or evidencing all advertising, marketing, promotional, or "newsletter" emails that Skiplagged has sent to customers who previously purchased travel or lodging on Skiplagged.com with a Texas address.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case. Inclusion of Texas in this Request does not properly limit the request to relevant jurisdiction.

This Request is also overly burdensome to the extent it is duplicative of Interrogatory No. 17.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

Subject to these objections, and without waiver thereof, Skiplagged believes it has no such documents, as it has not marketed these kinds of flights. Nevertheless, Skiplagged has conducted a reasonable and diligent search for documents in its possession, custody, and control, and has found no non-privileged documents or communications containing or reflecting any such activity targeted to travel to, from, or within Texas.

**REQUEST FOR PRODUCTION NO. 48:** Documents and communications relating to or evidencing all advertising, marketing, promotional, or "newsletter" emails that Skiplagged has sent

31

to customers specifically identifying or offering "deals" or promotions on hotels in Texas or flights to, from, or within Texas.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case. Inclusion of Texas in this Request does not properly limit the request to relevant jurisdiction.

This Request is also overly burdensome to the extent it is duplicative of Interrogatory No. 17.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

Subject to these objections, and without waiver thereof, Skiplagged believes it has no such documents, as it has not marketed these kinds of flights. Nevertheless, Skiplagged has conducted a reasonable and diligent search for documents in its possession, custody, and control, and has found no non-privileged documents or communications containing or reflecting any such activity targeted to travel to, from, or within Texas.

**REQUEST FOR PRODUCTION NO. 49:** Documents and communications relating to or evidencing all bookings Skiplagged has made for or on behalf of consumers with a Texas address through Skiplagged.com's "Book Now" feature, as described in paragraph 12 of Zaman's Declaration.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case. Inclusion of Texas in this Request does not properly limit the request to relevant jurisdiction.

App'x 0109

This Request is unduly burdensome to the extent it is duplicative of Interrogatory No. 12.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 50:** Documents and communications relating to or evidencing all bookings Skiplagged has made for or on behalf of consumers for flights to, from, or within Texas through Skiplagged.com's "Book Now" feature, as described in paragraph 12 of Zaman's Declaration.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case. Inclusion of Texas in this Request does not properly limit the request to relevant jurisdiction.

This Request is also unduly burdensome to the extent it is duplicative of Interrogatory Nos. 12 and 13 (which Skiplagged is responding to subject to confidentiality concerns) and Request No. 49 above.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 51:** Documents relating to the "online travel agencies, global distribution systems, and other travel metasearch engines" and any of the other "variety of sources" from whom "Skiplagged obtains American flight and fare information" (as described in paragraphs 10 and 11 of Zaman's Declaration) and the means or processes by which Skiplagged obtains such information.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 52:** All communications between Skiplagged and any of the "online travel agencies, global distribution systems, and other travel metasearch engines" and any of the other "variety of sources" from whom "Skiplagged obtains American flight and fare information" (as described in paragraphs 10 and 11 of Zaman's Declaration).

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 53:** Documents and communications relating to or evidencing each booking for which Skiplagged has received commission payments or other financial compensation from other Travel Agencies or travel metasearch engines for purchases made by consumers that Skiplagged.com redirected to such other Travel Agency or metasearch engine.

**RESPONSE:**

Objection.

**App'x 0111**

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 54:** Documents and communications relating to or evidencing each booking for which Skiplagged has received commission payments or other financial compensation from other Travel Agencies or travel metasearch engines for purchases of flights to, from, or within Texas made by users that Skiplagged.com redirected to such other Travel Agency or travel metasearch engine.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case. Inclusion of Texas in this Request does not properly limit the request to relevant jurisdiction.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 55:**  Documents and communications relating to or supporting Skiplagged's statement that it "obtained … the alleged 'American Marks' from [sources other than] American's website" as alleged in paragraph 10 of Zaman's Declaration and at page 13 of Skiplagged's Motion to Dismiss.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

**REQUEST FOR PROPDUCTION NO. 56:**  All documents that you referred to or relied upon in answering any Interrogatory or Request for Admission served by American.

**RESPONSE:**

Objection.

In addition to the General Objections set forth above, this Request improperly seeks discovery on the merits of the case, is not properly focused to yield specific facts that are necessary to support any effort to withstand dismissal of this case for lack of personal jurisdiction, and Skiplagged does not believe that, nor does it see how responsive information would support jurisdiction in this case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure. To the extent such information is available and Skiplagged is required to produce such or otherwise agrees to produce such, Skiplagged will produce same only pursuant to an acceptable confidentiality order that protects the private nature of the information requested.

Dated: November 8, 2023                  Respectfully submitted,

                                         By:     /s/*William L. Kirkman*
                                                 William L. Kirkman
                                                 State Bar No. 11518700
                                                 billk@kirkmanlawfirm.com
                                                 Preston B. Sawyer
                                                 State Bar No. 24102465
                                                 prestons@kirkmanlawfirm.com
                                                 KIRKMAN LAW FIRM, PLLC
                                                 201 Main Street, Suite 1160
                                                 Fort Worth, Texas 76102
                                                 Telephone:     (817) 336-2800
                                                 Facsimile:     (817) 877-1863

                                         ATTORNEYS FOR DEFENDANT,
                                         SKIPLAGGED, INC.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 8, 2023, a true and correct copy of the foregoing

was served via e-mail upon all counsel of record as indicated:

                  Messrs. Dee J. Kelly, Jr. and Lars L. Berg
                   and Ms. Julia G. Wisenberg
                  Kelly Hart & Hallman LLP
                  201 Main Street, Suite 2500
                  Fort Worth, Texas 76102

                  Ms. Bina Palnitkar
                  Greenberg Traurig LLP
                  2200 Ross Avenue, Suite 5200
                  Dallas, Texas 75201

                  Mr. Nathan J. Muyskens
                  Greenberg Traurig, LLP
                  2101 L Street, N.W., Suite 1000
                  Washington, D.C. 20037

                                         /s/*William L. Kirkman*
                                         William L. Kirkman

37

# Exhibit A-6

App'x 0115

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **AMERICAN AIRLINES, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-00860-P** |
| | § | |
| **SKIPLAGGED, INC.,** | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT SKIPLAGGED, INC.'S ANSWERS AND AMENDED**
**OBJECTIONS TO PLAINTIFF AMERICAN AIRLINES, INC.'S**
**FIRST SET OF INTERROGATORIES NOS. 1–11 AND 14**

TO:   Plaintiff, American Airlines, Inc., through its attorneys of record, Messrs. Dee J. Kelly, Jr. and Lars L. Berg and Ms. Julia G. Wisenberg, Kelly Hart & Hallman LLP, 201 Main Street, Suite 2500, Fort Worth, Texas 76102; Ms. Bina Palnitkar, Greenberg Traurig LLP, 2200 Ross Avenue, Suite 5200, Dallas, Texas 75201; and Mr. Nathan J. Muyskens, Greenberg Traurig LLP, 2101 L Street, N.W., Suite 1000, Washington, D.C. 20037.

**NOW COMES** Defendant, Skiplagged, Inc. ("Skiplagged"), and hereby makes these *Answers and Amended Objections to Plaintiff American Airlines, Inc.'s First Set of Interrogatories Nos. 1–11 and 14.*

**I.**

**G**ENERAL **O**BJECTIONS TO **A**LL **I**NTERROGATORIES

1.     Skiplagged continues to object to the Instructions and Definitions preceding the Interrogatories to the extent that they impose duties and obligations beyond the requirements of the FEDERAL RULES OF CIVIL PROCEDURE. In particular, without waiving any other appropriate objections, Skiplagged objects to the Instructions and Definitions of (1) "identify" with regard to a communication, document, or person, in that same are overly broad, onerous, and cumbersome;

1

(2) American's Content, American-Skiplagged Customer, Travel carrier(s), Travel Agency and PNR Data, as same are unnecessarily overly broad, vague, and in part ambiguous.

2.     Skiplagged also continues to object to all of the Interrogatories to the extent they seek documents or information protected by the attorney-client privilege, the work-product privilege, the party communication privilege, the witness statement privilege, the consulting expert privilege, the investigative privilege, or any other legally recognized privilege, immunity, or doctrine. Skiplagged's agreement herein to produce certain information or documents is subject to this objection and does not constitute an agreement to produce any information or documents protected by such privilege, immunity, or doctrine. Inadvertent disclosure of any such information shall not constitute a waiver or prejudice of any privilege or any other ground for objecting to discovery with respect to any such information, nor shall the inadvertent disclosure waive or prejudice Skiplagged's right to object to the use of any such information during this or any subsequent proceeding.

3.     Skiplagged objects to all of the Interrogatories to the extent they seek information for a period prior to August 1, 2018.  Unless otherwise specified in the Interrogatory or the Response, Skiplagged will only provide information limited to August 1, 2018 to August 18, 2023.

## II.

### ANSWERS AND FURTHER OBJECTIONS TO INTERROGATORIES NOS. 1–11 AND 14

**INTERROGATORY NO. 1:**   Identify Skiplagged's annual, monthly, and quarterly number of American Bookings, and the resulting revenue generated from such bookings, from January 1, 2020 to the present.

**ANSWER:**

     This Interrogatory appears to be duplicative or repetitive, at least in part, of Requests for Production Nos. 3–9, 11, 13, 15, 18, 20, 22–23, 30, 49–50, 53–54, and 56 ("American Bookings") and 2–7, 11, 13, 15, 18, 26–27, 30–32, 53–54, and 56 ("revenue generated from such bookings"). In addition, this Interrogatory, in part, calls for confidential information and Skiplagged will provide that information in connection with a confidentiality order.  Subject to this objection and

the objections previously lodged as to this Interrogatory, and without intending to waive same, Skiplagged responds as set forth below.

Skiplagged does not make "American Bookings" or "book" airfares as such.  Instead, Skiplagged facilitates booking of flights by providing information to users of Skiplagged.com to find information about airfares, air travel, and online offerings so that they may book fares or tickets with travel resources. Additionally, Skiplagged is aware of the number of bookings done through Skiplagged's Book Now facilitated booking feature and not the number done for redirected users to on-line travel agencies.  With this understanding, annual American Bookings for the requested periods is as follows:

| Period | Users | Sessions | American Bookings |
|---|---|---|---|
| Total 2018 (after 8/1) | 4,243,819 | 14,140,549 | 114,050 |
| Total 2019 | 12,021,027 | 42,685,506 | 305,441 |
| Total 2020 | 9,479,785 | 32,503,203 | 303,295 |
| Total 2021 | 12,987,591 | 38,832,655 | 328,588 |
| Total 2022 | 14,059,796 | 47,352,018 | 210,466 |
| Total 2023 (through 8/18) | 11,148,418 | 34,150,376 | 115,087 |

**INTERROGATORY NO. 2:**   Identify and describe in detail each way that Skiplagged has accessed, obtained, collected, received, scraped, cached or harvested American's Content, including but not limited to when and how Skiplagged collected or otherwise obtained the content/information, and including information obtained by Skiplagged from any third party or other source other than American or AA.com.

**ANSWER:**

This Interrogatory appears to be duplicative or repetitive of Requests for Production Nos. 8–10, 12–13, 18, 30, 35, 51–52, and 55–56.  Subject to this objection and the objections previously lodged as to this Interrogatory, and without intending to waive same, Skiplagged has not "scraped," "cached," or "harvested" American's content, as Skiplagged understands the meaning of these terms. In addition, this Interrogatory calls for confidential information and Skiplagged will provide that information in connection with a confidentiality order.

Notwithstanding these objections and without intending to waive same, Skiplagged obtains American Airlines flight information through one or more APIs and then uses that data to present responses to user prompts for travel routes through Skiplagged.com's graphical user interface.

3

**INTERROGATORY NO. 3:**    Identify and describe all types of data, information, and content relating to American flights, fares, products, or services that Skiplagged has collected or used (whether from or through AA.com, an API of AA.com, or some other source), and the process used by Skiplagged to obtain and use such data, information, or content.

**ANSWER:**

This Interrogatory appears to be duplicative of Interrogatory No. 2 and duplicative or repetitive, at least in part, of Requests for Production Nos. 4–13, 18, 20, 22–23, 28, 30, 40–44, 51–52, and 55–56. In addition, this Interrogatory calls for confidential information and Skiplagged will provide that information in connection with a confidentiality order.  Subject to this objection and the objections previously lodged as to this Interrogatory.

Notwithstanding these objections and without waiving them or the General Objections above, please see the response to Interrogatory No. 2.

**INTERROGATORY NO. 4:**    Identify and describe in detail each way that Skiplagged has purchased, booked, ticketed, sold, resold, brokered, facilitated, acted as a conduit, or made a reservation for customers on American flights, whether purchased or booked on AA.com, through another third party, or by some other means. Your ANSWER should include, without limitation, the names/identities of each and every third party whose data, services, or platform Skiplagged has used or relied on to facilitate the sale of American flights.

**ANSWER:**

This Interrogatory appears to be duplicative or repetitive, at least in part, of Interrogatory Nos. 2 and 3 and Requests for Production Nos. 2–6, 8–11, 13, 15, 18, 22–23, 30, 49–50, 53–54, and 56. Skiplagged does not make "American Bookings" or "book" airfares as such.  Instead, Skiplagged facilitates booking of flights by providing information to users of Skiplagged.com to find information about airfares, air travel, and online offerings so that they may book fares or tickets with travel resources. Subject to this objection and the objections previously lodged as to this Interrogatory, and without intending to waive same, Skiplagged responds as set forth below.

Skiplagged.com provides a wide range of travel information to users over the Internet, including for persons interested in booking commercial airline flights. Skiplagged uses a unique algorithm to enable customers to identify affordable rates for airline or hotel accommodations and then refers the user to on-line travel agents to complete the bookings. In some instances Skiplagged.com offers a "Book Now" feature that offers users the opportunity to utilize Skiplagged.com to facilitate the user's purchase of a given flight.  When the user selects the "Book Now" option for an American flight, Skiplagged.com then prompts the user to input their passenger information and payment details through an on-line form. Skiplagged.com then uses Google's Puppeteer software https://developer.chrome.com/docs/puppeteer to open a Google Chrome browser in the Skiplagged computer servers and populate the user's information from the on-line form into the booking instance on the Uniform Resource Locator or "URL" on AA.com on the user's behalf without Skiplagged's intervention.  Skiplagged has configured Puppeteer to allow the user to submit data to the AA.com website through Skiplagged.com.  Skiplagged does

4

not purchase or sell American tickets to anyone and does not claim that it is an agent of American or any other airline.

**INTERROGATORY NO. 5:**   Describe in detail, from the time a user submits her information and payment on Skiplagged.com to the time Skiplagged completes the booking on AA.com on behalf of the passenger, the process by which Skiplagged purchases and completes a customer's reservation on AA.com, including but not limited to each step of the process, how the passenger's personal, contact, and payment information is submitted on AA.com (i.e., manually or by an automated technological means), and the specific location (both physical and IP address) of the computers or servers from which Skiplagged inputs the passenger's information on AA.com.

**ANSWER:**

This Interrogatory appears to be duplicative of Interrogatory No. 4 and duplicative or repetitive, at least in part, of Requests for Production Nos. 4, 6–13, 18, 20–22, 30, 49–50, and 56. Skiplagged does not purchase any tickets on AA.com. Skiplagged does not make "American Bookings" or "book" airfares as such. Instead, Skiplagged facilitates booking of flights by providing information to users of Skiplagged.com to find information about airfares, air travel, and online offerings so that they may book fares or tickets with travel resources. Subject to this objection and the objections previously lodged as to this Interrogatory, and without intending to waive same, Skiplagged responds as set forth below.

Skiplagged refers to its response to Interrogatory No. 4 set forth above when a user of Skiplagged.com selects a "Book Now" facilitated booking on for an American Airlines route and fare. In addition, Skiplagged.com automatically presents the user with the total fare plus Skiplagged's service fee as separate line items through the Skiplagged.com graphical user interface. If the user decides to proceed with the booking and accepts Skiplagged.com's terms and conditions, Skiplagged.com automatically completes the booking on AA.com on the user's behalf and AA.com charges the user for the fare and Skiplagged.com charges the user for its service fee. Skiplagged.com runs on virtual servers hosted by Google Cloud located in South Carolina that use dynamic IP addresses to access AA.com.

**INTERROGATORY NO. 6:**   Identify and describe all agreements and/or business relationships that Skiplagged has with other Travel Agencies, travel metasearch engines, airfare consolidators, global distribution systems, or any other third party that provides, enables, facilitates, or otherwise participates in the distribution, display, marketing, brokering, booking, ticketing or sale of flights. Your answer should include the nature of the relationship, any agreements relating to such relationships, and the details, dates, and amounts of any payments or monetary compensation that Skiplagged has paid to or received from such third parties.

**ANSWER:**

This Interrogatory appears to be duplicative or repetitive of Interrogatory Nos. 1, 2 and 4 (at least in part) Requests for Production Nos. 2–3, 5, 15, 18, 23, 26, 30–35, 51–54, and 56. Skiplagged is not a Travel Agency and thus Interrogatory No. 6 is incorrect. In addition, this Interrogatory is overly broad and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the needs of the case to the extent it

5

seeks information concerning Skiplagged's dealings with respect to travel vendors for bookings other than American Airlines. In addition, this Interrogatory calls for confidential information and Skiplagged will provide that information in connection with a confidentiality order.

Subject to this objection and the objections previously lodged as to this Interrogatory, and without intending to waive these objections, Skiplagged refers to and incorporates by reference its responses to Interrogatory Nos. 1, 2 and 4.  Skiplagged.com aggregates travel options offered by travel companies for American Airlines services, including flights directly from American Airlines, and presents those options for routes and prices to users.  Users may select a travel option through Skiplagged.com by which users are redirected to the travel companies to potentially book the selected option.

**INTERROGATORY NO. 7:**   Identify all other websites to which Skiplagged.com has provided customers a link or otherwise re-directed customers to complete a booking or purchase of American flights.

**ANSWER:**

This Interrogatory is also duplicative of Interrogatory Nos. 2 and 6. This Interrogatory also appears to be duplicative or repetitive, at least in part, of Requests for Production Nos. 2–3, 5, 15, 18, 23, 30–32, 53–54, and 56. In addition, this Interrogatory calls for confidential information and Skiplagged will provide that information in connection with a confidentiality order.  Subject to this objection and the objections previously lodged as to this Interrogatory, including and without limitation, its previous objections that this Interrogatory is overly broad and onerous and seeks confidential information of customers, and without intending to waive same, Skiplagged states that it has redirected users to AA.com to potentially complete bookings of American Airlines flights.

**INTERROGATORY NO. 8:**   Identify all instances in which a person has booked, ticketed or purchased a ticket on an American-marketed flight through or facilitated by Skiplagged.com, including by providing, without limitation, the purchasers' name/identity, location, all PNR Data, any other personal identifying information, flight/itinerary information, reservation numbers, amounts paid by the customer, dates of purchase, and dates of travel.

**ANSWER:**

Skiplagged stands on its previous objections previously lodged as to this Interrogatory, including, but not limited to, that it requests personal information as to customers. This Interrogatory also appears to be duplicative or repetitive, at least in part, of Requests for Production Nos. 4, 6, 11, 13, 18, 22, 25, 30, 49–50, and 56.  The provision of the requested information may cause Skiplagged to breach contractual obligations to its users.  In addition, this Interrogatory calls for confidential information and Skiplagged will provide that information in connection with a confidentiality order.  This interrogatory seeks personal information of Skiplagged users that Skiplagged will not disclose to the extent it has such information.

**INTERROGATORY NO. 9:**   Identify all IP addresses, names, email addresses, accounts, computers, and any other identifying information that Skiplagged, or anyone acting under Skiplagged's instruction or direction, has used in connection with booking, ticketing, purchasing and/or selling of tickets on American-marketed flights.

**App'x 0121**

**ANSWER:**

This Interrogatory appears to be duplicative or repetitive, at least in part, of Requests for Production Nos. 4, 8–9, 11, 13, 18, 22, 44, 49–50, and 56. In addition, Skiplagged does not book, ticket, purchase and/or sell tickets on American-marketed flights. Subject to this objection and the objections previously lodged as to this Interrogatory, and without intending to waive same, Skiplagged is unable to identify the requested IP addresses as Skiplagged uses Google Cloud to host Skiplagged.com, which uses dynamic IP addresses for Skiplagged.com instances.

**INTERROGATORY NO. 10:** Identify each and every instance where an American-Skiplagged Customer requested a refund, partial or full, for a ticket on an American-marketed flight or where Skiplagged received a refund from American for a flight booked for an American-Skiplagged Customer, and for each instance, identify the reservation number, date of the request, date of the refund, the amount refunded by American, if any, and whether Skiplagged issued a refund back to the customer (and if so, how much of the amount refunded by American was paid back to the customer).

**ANSWER:**

This Interrogatory appears to be duplicative or repetitive, at least in part, of Requests for Production Nos. 13, 18, 22, 24–25, 30, 37, 44, 46, and 56.

Subject to the objections previously lodged as to this Interrogatory, and without intending to waive same, Skiplagged provides no refunds of American fares and is therefore generally unaware of such refunds, if they are made. Specifically, Skiplagged does not charge customers for the ticket or "book" the ticket and does not know of or have visibility to whether a customer requests as refund as such from American.

**INTERROGATORY NO. 11:** From the time Skiplagged began its operations, identify and describe any/all other lawsuits, claims, charges, allegations, arbitration, threatened litigation, administrative complaints, or other proceedings against Skiplagged, whether in the United States or any other country, relating to Skiplagged's marketing or sale of flights or other travel services, including the status of any such proceedings.

**ANSWER:**

This Interrogatory appears to be duplicative or repetitive, at least in part, of Requests for Production Nos. 36 and 45.

Subject to the objections previously lodged as to this Interrogatory, and without intending to waive same, Skiplagged identifies the following lawsuits filed against it, the allegations of which are a public record.

1. United Airlines, Inc., Orbitz Worldwide, LLC, and Orbitz, LLC, Case No. 1:14-cv-09214 (N.D. Ill.); and

2. Southwest Airlines, Inc. v. Skiplagged, Inc., Skybooker.com LTD, Case No. 3:21-cv-01722-E (N.D. Tex.).

7

**App'x 0122**

Both cases have been resolved and are terminated.

The following "claims, charges, and allegations" have also been made:

1. A demand letter from counsel for Delta Air Lines, Inc. dated July 19, 2018, to which Skiplagged responded through counsel on July 26, 2018; and

2. A demand letter from Fareportal on behalf of Cheapoair dated February 11, 2015, which was resolved on February 27, 2015.

**INTERROGATORY NO. 14**: Identify all "online travel agencies, global distribution systems, and other travel metasearch engines" and any of the other "variety of sources" from whom "Skiplagged obtains American flight and fare information" (as described in paragraphs 10 and 11 of Zaman's Declaration) and describe the technical means and process by which Skiplagged obtains such information.

**ANSWER:**

This Interrogatory is duplicative of Interrogatory Nos. 2 and 3. This Interrogatory also appears to be duplicative or repetitive, at least in part, of Requests for Production Nos. 8–10, 12–13, 16, 18, 20, 30, 35, 51–52, 55, and 56.   In addition, this Interrogatory calls for confidential information and Skiplagged will provide that information in connection with a confidentiality order.  Subject to this objection and the objections previously lodged as to this Interrogatory, and without intending to waive same, see Skiplagged's Responses to Interrogatory Nos. 2 and 3.

Dated: December 8, 2023              Respectfully submitted as to objections,

By:     /s/*William L. Kirkman*
        William L. Kirkman
        State Bar No. 11518700
        billk@kirkmanlawfirm.com
        Preston B. Sawyer
        State Bar No. 24102465
        prestons@kirkmanlawfirm.com
        KIRKMAN LAW FIRM, PLLC
        201 Main Street, Suite 1160
        Fort Worth, Texas 76102
        Telephone:     (817) 336-2800
        Facsimile:     (817) 877-1863

        ATTORNEYS FOR DEFENDANT,
        SKIPLAGGED, INC.

App'x 0123

**28 USCS § 1746 DECLARATION VERIFYING INTERROGATORY ANSWERS**

"Pursuant to 28 USCS § 1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing answers to Interrogatories Nos. 1–11 and 14 are true and correct. Executed on the 8th day of December 2023, in Singapore."

Aktarer Zaman
Chief Executive Officer
Skiplagged, Inc.

9

**App'x 0124**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on December 8, 2023, a true and correct copy of the foregoing

was served via e-mail upon all counsel of record as indicated:

> Messrs. Dee J. Kelly, Jr. and Lars L. Berg
>   and Ms. Julia G. Wisenberg
> Kelly Hart & Hallman LLP
> 201 Main Street, Suite 2500
> Fort Worth, Texas 76102
>
> Ms. Bina Palnitkar
> Greenberg Traurig LLP
> 2200 Ross Avenue, Suite 5200
> Dallas, Texas 75201
>
> Mr. Nathan J. Muyskens
> Greenberg Traurig, LLP
> 2101 L Street, N.W., Suite 1000
> Washington, D.C. 20037
>
> Messrs. Aaron Z. Tobin and Kendal B. Reed
> Condon Tobin Sladek Thornton Nerenberg PLLC
> 8080 Park Lane, Suite 700
> Dallas, Texas 75231

> */s/William L. Kirkman*
> William L. Kirkman

10

**App'x 0125**