IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| *Defendant*. | § | |

### MOTION TO ENTER PROTECTIVE ORDER ADDRESSING CONFIDENTIALITY OF CERTAIN DOCUMENTS AND BRIEF IN SUPPORT

**TO THE HONORABLE MARK T. PITTMAN, UNITED STATES DISTRICT JUDGE:**

NOW COMES SKIPLAGGED, INC., Defendant herein ("SKIPLAGGED"), and files this *Motion*, and *Brief* in support thereof, requesting that the Court enter an *Order* protecting the confidential nature of certain documents and information of Skiplagged which American Airlines, Inc. ("AMERICAN") has requested that Skiplagged provide to American during discovery in this case. In connection therewith, Skiplagged would respectfully show the Court as follows:

**I.**

**BACKGROUND AND RELIEF SOUGHT**

Skiplagged is a travel-related internet company. It is totally digital, has seven employees, is based in New York, and operates exclusively over the internet. American owns and runs a commercial airline.

American sued Skiplagged on August 17, 2023, and has sent Skiplagged a set of nineteen (19) *Interrogatories* and a *Request for Production* consisting of fifty-six (56) separate requests for documents [Dkt. 40, pp. 4–15 and 59–79]. Skiplagged responded to the *Interrogatories* and has

1

recently provided its *Second Amended Responses* (*Appendix to Response to American's Motion to Compel*–Ex. 1-J). It also responded to the *Requests* and is working on providing *Amended Objections and Responses* to American's *Requests for Production*, which it intends to serve to counsel for American no later than Monday, December 18, 2023..

American's discovery requests, in part, seek information that Skiplagged maintains is confidential, private, trade secret, and proprietary. Skiplagged has asserted objections to certain of American's discovery requests accordingly. Specifically, American seeks financial information, ownership and investor information as to Skiplagged, customer information (including invasive personal identifying information), design documents and source code used to conduct Skiplagged's business, confidential vendor information, and internal strategic business documents and communications. All of this information is confidential because it would cause substantial competitive harm to Skiplagged if it were obtained by others in the marketplace, including American, which has made public its desire to prevent Skiplagged from operating.

American has taken issue with Skiplagged's discovery responses, including Skiplagged's position on the confidentiality of certain of its information requested by American, and American filed a *Motion to Compel* on December 8, 2023 [Dkt. 38]. The *Motion* was referred to Magistrate Hal Ray by the Court on December 11, 2023 [Dkt. 41]. Magistrate Ray issued an *Order* requesting that Skiplagged file its *Response* to American's *Motion* by Friday, December 15, 2023, and set a hearing on American's *Motion* for Tuesday, December 19, 2023, at 9:00 a.m. [Dkt. 42].

In an effort to resolve the issues over Skiplagged's confidentiality objections, in early November 2023, Skiplagged sought from American, an agreed protective order protecting the confidential nature of this information consistent with a similar *Order* entered by Judge Ada Brown in a very similar case styled *Southwest Airlines Co. v. Kiwi.com and Kiwi S.R.O.*, Civil Action No.

3:21-CV-00098-E. The parties then exchanged drafts of proposed *Confidentiality Agreements* and *Orders*. Specifically, on November 7, 2023, Skiplagged proposed the terms of an *Agreed Protective Order* to American which was in conformity with the *Order* entered in the *Southwest Airlines* case. American rejected same and submitted its own proposed protocol for confidentiality on November 9, 2023, in the form of a proposed agreement. Skiplagged was unable to agree to the terms stated therein and in turn submitted a proposed *Protective Order* to American on November 16, 2023, which tracked the aforementioned *Order* entered by Judge Brown with a few changes. American rejected such and did not counter. Skiplagged then, in an effort to continue to negotiate, responded to American's November 9, 2023 proposal by "redlining" American's proposed agreement, and indicating that such be in the form of an *Order*, on December 1, 2023. American rejected such. The parties continued to negotiate the terms of such an *Order*, including conducting extensive discussions on the evenings of December 13 and 14, 2023, but were unable to reach an agreement. Skiplagged further sent a revised version of its proposed *Protective Order* on December 15, 2023 *See* App. Ex. 1 to this *Motion*. Attached to Skiplagged's *Appendix* to this *Motion* as Exhibit 2, is Skiplagged's proposed *Protective Order*.

## II.

### SUMMARY OF APPLICABLE LAW

A party may move for a protective order to protect the party from annoyance, embarrassment, oppression, or undue burden or expense. FED. R. CIV. P. 26(c)(1). A court may, for good cause, issue an order requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way. FED. R. CIV. P. 26(c)(1)(G); *BNSF Ry. Co. v. Panhandle N. R.R., LLC*, No. 4:16-cv-01061-O, 2017 U.S. Dist. LEXIS 222564, at *3 (N.D. Tex. May 25, 2017).

The entry of protective orders dictating protections over the disclosure of confidential material pursuant to FED. R. CIV. P. 26(c)(1)(G) are often necessary and appropriate in business litigation involving trades secrets, financials, and other commercially sensitive material. *BNSF Ry. Co.*, 2017 U.S. Dist. LEXIS 222564, at *4–6; *Chilly Dil Consulting, Inc. v. Jetpay ISO Servs., LLC*, No. 3:14-CV-2749-P-BK, 2015 WL 13118078, at *2 (N.D. Tex. Aug. 5, 2015) ("protective orders that limit access to certain documents to counsel and experts are common in litigation involving confidential research, development, or commercial information"); *see also Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021).

Courts in this District have consistently entered protective orders to protect against the improper disclosure of a company's private and confidential financial, pricing, and other sensitive commercial information, which often include provisions for attorneys' eyes only designations. *See, e.g.*, *StoneEagle Servs. v. Gillman*, No. 3:11-cv-2408-P, 2013 U.S. Dist. LEXIS 161509, at *6–7 (N.D. Tex. Nov. 13, 2013) ("Assuming arguendo that a dispute does exist regarding the Confidential designation, courts generally agree that financial information constitutes confidential information that falls under the protection of a protective order."); *MBA Eng'g Inc. v. Matrix Tr. Co.*, No. 3:20-CV-01915-E, 2023 U.S. Dist. LEXIS 49638, at *8 (N.D. Tex. March 23, 2023) ("Here, the Disputed Materials contain Matrix's pricing information. On this record and in light of the Protective Order, the Court must find and conclude that Defendants properly designated the Disputed Materials discovery as confidential, attorney eyes only information."); *United States ex rel. Long v. GSD&M Idea City LLC*, No. 3:11-cv-1154-O, 2014 U.S. Dist. LEXIS 198453, at *6 (N.D. Tex. Jan. 3, 2014) ("Business information is confidential commercial information if its disclosure would cause substantial competitive harm to the person from whom it was obtained.") (collecting cases). Accordingly, information in which the producing party has a commercial interest, such as overhead

operating costs, research data, and pricing and profit information, has been found to constitute confidential commercial information. *Id.* at *7–9 (collecting cases and holding that profit, rate, and cost information at issue constitutes "confidential commercial information"). The same is true for confidential customer information and vendor contracts. *See*, *e.g.*, *Nra of Am. v. Ackerman McQueen*, No. 3:19-CV-2074-G-BK, 2020 U.S. Dist. LEXIS 259195, at *7 (N.D. Tex. June 22, 2020) (holding that defendants established good cause to warrant increased protection in form of a "Highly Confidential Information" designation because "[I]f Brewer had access to AMc's Highly Confidential Information—which includes non-public financial statements, profit and loss data, and sales information relating to specific customers—then Brewer could use that competitive information to severely prejudice AMc."); *BNSF Ry. Co.*, 2017 U.S. Dist. LEXIS 222564, at *5 (granting BNSF's protective order that included an attorneys' eyes only provision because "BNSF has a significant interest in protecting the confidentiality of its contracts as trade secrets."); *Cmedia, Ltd. Liab. Co. v. LifeKey Healthcare, Ltd. Liab. Co.*, 216 F.R.D. 387, 391–92 (N.D. Tex. Apr. 17, 2003) (granting non-party's motion for protection and modifying subpoena to limit production of documents to those showing prices charged by television stations or networks for advertising placed by the non-party for Defendant, and requiring the parties to submit to the Court an agreed protective order that restricts disclosure of such confidential documents to the attorneys involved in the litigation and independent experts).

## III.

### ARGUMENT AND RELIEF REQUESTED

American's discovery requests seek a significant amount of confidential business information from Skiplagged, such as sensitive financial information, shareholder and investor information, vendor contracts and communications, customer information, and coding information which would

cause substantial competitive and business harm to Skiplagged if it were disclosed to American without adequate protection and/or made public by American [Dkt. 40, pp. 4–5, and 59–79]. Skiplagged therefore respectfully requests that the Court enter the *Order* Skiplagged has proposed to American concerning the confidentiality of information and documents submitted by the parties, which is attached to its *Appendix* to this *Motion* at Ex. 2, to protect against the disclosure or improper use of confidential business information and trade secrets requested in such discovery requests.

The propriety of Skiplagged's objections, including those based on the confidentiality of certain of its information and documents, is a principal issue associated with American's *Motion to Compel* set for hearing on Tuesday, December 19, 2023, at 9:00 a.m. before Magistrate Ray. Accordingly, Skiplagged has significantly briefed and vetted this issue in its *Response* to American's *Motion*, which was filed on December 15, 2023. The legal issues associated with the Court entering a protective order concerning the confidentiality of certain of Skiplagged's information are the same and are therefore before Magistrate Ray associated with American's *Motion to Compel*. Hence, Skiplagged respectfully refers the Court and Magistrate to its *Response*, the arguments and legal authorities cited therein, and the *Declaration* of Skiplagged's Chief Executive Officer and founder, Aktarter Zaman, which is attached thereto, in support of this request that a protective order be issued protecting the confidentiality of certain of Skiplagged's information and documents, which are incorporated by reference herein.

Finally, in addition to the authorities referenced *supra*, Skiplagged respectfully refers the Court and Magistrate to its *Response* and Mr. Zaman's *Declaration* regarding the need for entry of a protective order that includes an attorneys' eyes only designation provision. Such a mechanism is included in Skiplagged's requested protective order. *See* App. Ex.2 to this *Motion*. In the event Skiplagged is required to produce such information to American, an attorneys' eyes only designation

provision is necessary to adequately protect Skiplagged from the unfair competitive disadvantage that Skiplagged would suffer if it were forced to produce such information to American without this protection.

**WHEREFORE, PREMISES CONSIDERED**, Skiplagged prays that the Court enter an *Order* concerning the confidential nature of certain documents to be produced in the case in accordance with the above; and for such other relief, at law or in equity, to which Skiplagged may show itself justly entitled.

Respectfully submitted,

By:   /s/*William L. Kirkman*
     William L. Kirkman
     State Bar No. 11518700
     billk@kirkmanlawfirm.com
     Preston B. Sawyer
     State Bar No. 24102465
     prestons@kirkmanlawfirm.com
     KIRKMAN LAW FIRM, PLLC
     201 Main Street, Suite 1160
     Fort Worth, Texas 76102
     Telephone:   (817) 336-2800
     Facsimile:   (817) 877-1863

>Aaron Z. Tobin
>State Bar No. 24028045
>atobin@condontobin.com
>Kendal B. Reed
>State Bar No. 24048755
>kreed@condontobin.com
>Abigail R.S. Campbell
>State Bar No. 24098959
>acampbell@condontobin.com
>CONDON TOBIN SLADEK THORNTON
> NERENBERG PLLC
>8080 Park Lane, Suite 700
>Dallas, Texas 75231
>Telephone:    (214) 265-3800
>Facsimile:    (214) 691-6311

ATTORNEYS FOR DEFENDANT,
SKIPLAGGED, INC.

## CERTIFICATE OF CONFERENCE

**I HEREBY CERTIFY** that I spoke with Lars Berg, one of the attorneys representing Plaintiff, American Airlines, on December 13, 2023. Mr. Berg advised that he opposes the relief sought in this *Motion*.

>*/s/William L. Kirkman*
>William L. Kirkman

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 15, 2023, a true and correct copy of the foregoing was served via the Court's ECF system and by e-mail upon all counsel of record as indicated:

>Messrs. Dee J. Kelly, Jr. and Lars L. Berg
> and Ms. Julia G. Wisenberg
>Kelly Hart & Hallman LLP
>201 Main Street, Suite 2500
>Fort Worth, Texas 76102

8

Ms. Bina Palnitkar
Greenberg Traurig LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201

Mr. Nathan J. Muyskens
Greenberg Traurig, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037

Messrs. Aaron Z. Tobin and Kendal B. Reed
 and Ms. Abigail R.S. Campbell
Condon Tobin Sladek Thornton Nerenberg PLLC
8080 Park Lane, Suite 700
Dallas, Texas 75231

                                    */s/William L. Kirkman*
                                    William L. Kirkman