**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **AMERICAN AIRLINES, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-00860-P** |
| | § | |
| **SKIPLAGGED, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT SKIPLAGGED, INC.'S SUPPLEMENT TO ITS
RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

**TO THE HONORABLE MARK T. PITTMAN, UNITED STATES DISTRICT JUDGE:**

**NOW COMES** SKIPLAGGED, INC., Defendant herein ("SKIPLAGGED"), and files this *Supplement to Its Response in Opposition to Plaintiff's Motion to Compel,* and would show the Court as follows:

On December 18, 2023, at 12:26 p.m., Skiplagged provided to American Airlines, Inc. ("American"), its *Amended Objections and Responses to Plaintiff American Airlines, Inc.'s First Set of Requests for Production*, a true and correct copy of which is attached to this *Supplement* as Exhibit 1. The parties intend to confer regarding this document at 3:00 p.m. today in advance of the hearing scheduled for tomorrow at 9:00 a.m.

1

Respectfully submitted,

By:    /s/ *William L. Kirkman*
       William L. Kirkman
       State Bar No. 11518700
       billk@kirkmanlawfirm.com
       Preston B. Sawyer
       State Bar No. 24102465
       prestons@kirkmanlawfirm.com
       KIRKMAN LAW FIRM, PLLC
       201 Main Street, Suite 1160
       Fort Worth, Texas 76102
       Telephone:    (817) 336-2800
       Facsimile:    (817) 877-1863

       Aaron Z. Tobin
       State Bar No. 24028045
       atobin@condontobin.com
       Kendal B. Reed
       State Bar No. 24048755
       kreed@condontobin.com
       Abigail R.S. Campbell
       State Bar No. 24098959
       acampbell@condontobin.com
       CONDON TOBIN SLADEK THORNTON
        NERENBERG PLLC
       8080 Park Lane, Suite 700
       Dallas, Texas 75231
       Telephone:    (214) 265-3800
       Facsimile:    (214) 691-6311

       ATTORNEYS FOR DEFENDANT,
       SKIPLAGGED, INC.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 18, 2023, a true and correct copy of the foregoing

was served via the Court's ECF system and by e-mail upon all counsel of record as indicated:

       Messrs. Dee J. Kelly, Jr. and Lars L. Berg
        and Ms. Julia G. Wisenberg
       Kelly Hart & Hallman LLP
       201 Main Street, Suite 2500
       Fort Worth, Texas 76102

2

Ms. Bina Palnitkar
Greenberg Traurig LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201

Mr. Nathan J. Muyskens
Greenberg Traurig, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037

Messrs. Aaron Z. Tobin and Kendal B. Reed
 and Ms. Abigail R.S. Campbell
Condon Tobin Sladek Thornton Nerenberg PLLC
8080 Park Lane, Suite 700
Dallas, Texas 75231

*/s/William L. Kirkman*
William L. Kirkman

# EXHIBIT 1

## Julia Gegenheimer

| | |
|---|---|
| **From:** | Bill Kirkman |
| **Sent:** | Monday, December 18, 2023 12:26 PM |
| **To:** | Dee Kelly; 'lars.berg@kellyhart.com'; Julia G. Wisenberg; palnitkarb@gtlaw.com; nathan.muyskens@gtlaw.com |
| **Cc:** | atobin@condontobin.com; kreed@condontobin.com; acampbell@condontobin.com; Preston Sawyer |
| **Subject:** | American Airlines v. Skiplagged |
| **Attachments:** | AMENDED RESPONSES TO AA'S RFP.pdf |

Counsel:

     Attached please find *Defendant Skiplagged, Inc.'s Amended Objections and Responses to Plaintiff American Airlines, Inc.'s First Set of Requests for Production* in connection with the captioned matter.

William L. Kirkman
Kirkman Law Firm, PLLC
201 Main Street, Suite 1160
Fort Worth, Texas 76102
(817) 336-2800, ext. 107
(817) 877-1863 (Fax)
billk@kirkmanlawfirm.com

The information in this e-mail is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use, or disseminate the information. If you have received this e-mail transaction in error, please notify us immediately. Although this e-mail and any attachments are believed to be free of any virus or other defect which might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free, and no responsibility is accepted by Kirkman Law Firm, PLLC for any loss or damage arising in any way from its use.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **AMERICAN AIRLINES, INC.,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-00860-P** |
| | § | |
| **SKIPLAGGED, INC.,** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT SKIPLAGGED, INC.'S AMENDED OBJECTIONS
AND RESPONSES TO PLAINTIFF AMERICAN AIRLINES, INC.'S
FIRST SET OF REQUESTS FOR PRODUCTION**

TO:   Plaintiff, American Airlines, Inc., through its attorneys of record, Messrs. Dee J. Kelly, Jr. and Lars L. Berg and Ms. Julia G. Wisenberg, Kelly Hart & Hallman LLP, 201 Main Street, Suite 2500, Fort Worth, Texas 76102; Ms. Bina Palnitkar, Greenberg Traurig LLP, 2200 Ross Avenue, Suite 5200, Dallas, Texas 75201; and Mr. Nathan J. Muyskens, Greenberg Traurig LLP, 2101 L Street, N.W., Suite 1000, Washington, D.C. 20037.

**NOW COMES** Defendant, Skiplagged, Inc. ("Skiplagged"), and hereby makes these *Amended Objections and Responses to Plaintiff American Airlines, Inc.'s First Set of Requests for Production.*

**I.**

**STATEMENT REGARDING OBJECTIONS**

1.     Skiplagged continues to object to the Instructions and Definitions preceding the Requests for Production to the extent that they impose duties and obligations beyond the requirements of the FEDERAL RULES OF CIVIL PROCEDURE. In particular, Skiplagged objects to the Instructions and Definitions of (1) "identify" with regard to a communication, document, or person, in that same are overly broad, onerous, and cumbersome; (2) American's Content, American-Skiplagged Customer, Travel carrier(s), Travel Agency, and PNR Data, as same are

1

unnecessarily overly broad, vague, and in part ambiguous. The Instructions set out in No. 9 on p. 3 are also inappropriate and beyond the RULES OF CIVIL PROCEDURE.

2.      Skiplagged also continues to object to all of the Requests for Production to the extent they seek documents or information protected by the attorney-client privilege, the work-product privilege, the party communication privilege, the witness statement privilege, the consulting expert privilege, the investigative privilege, or any other legally recognized privilege, immunity, or doctrine. Skiplagged's agreement herein to produce certain information or documents is subject to this objection and does not constitute an agreement to produce any information or documents protected by such privilege, immunity, or doctrine. Inadvertent disclosure of any such information shall not constitute a waiver or prejudice of any privilege or any other ground for objecting to discovery with respect to any such information, nor shall the inadvertent disclosure waive or prejudice Skiplagged's right to object to the use of any such information during this or any subsequent proceeding.

## II.

### SPECIFIC RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**   Documents relating to or evidencing Skiplagged's corporate structure, locations, organization, formation, management, ownership, shareholders, and investors.

**RESPONSE:**

Objection.

This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case, and seeks certain information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case when it requests documents concerning "ownership," "shareholders," and "investors." Such information is also proprietary, confidential, private, and not subject to public disclosure. *See* Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

In response to this Request, Skiplagged produced its publicly available incorporation information.

**REQUEST FOR PRODUCTION NO. 2:**    All contracts or agreements, and any amendments, supplements, and drafts related thereto, between Skiplagged and any Travel Agency, metasearch engine, or any other company or website that searches for, displays, markets, or sells commercial flights to consumers, including, but not limited to, each of the third parties identified by Skiplagged in response to American's Interrogatory Nos. 6 and 7.

**RESPONSE:**

Objection.

This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case, when it requests "all documents and communications," including drafts, and the identity of the companies and websites addressed in such Interrogatories, and is not limited to American. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such unlimited information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure in the form of the identification of such companies and the terms of such agreements. *See* Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

**REQUEST FOR PRODUCTION NO. 3:**    All documents and communications relating to, or to or from, any of the third parties described in Request No. 2 and/or identified by Skiplagged in response to American's Interrogatory Nos. 6 and 7.

**RESPONSE:**

Objection.

This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case, when it requests "all documents and communications," including drafts, and the identity of the companies and websites addressed in such Interrogatories, and is not limited to American. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such unlimited information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure in the form of the identification of such companies and the terms of such agreements. See Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

**REQUEST FOR PRODUCTION NO. 4:**    All documents and communications relating to all American Bookings made and/or purchased by any customers on, through or facilitated by Skiplagged.com since August 1, 2018, including, for each booking, all PNR Data and any other

3

personal identifying information for each passenger, all reservation and itinerary details, the amount charged to the customer for the American ticket, and the amounts of any additional fees or costs charged to the customer broken down by service or fee (e.g., service fees, baggage fees, or other fees).

**RESPONSE:**

Objection. This request is unnecessarily and unreasonably overbroad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case. This Request further seeks information (PNR Data and any other personal identifying information) that is proprietary, confidential, private, personal, and not subject to public disclosure. *See* Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

In response to this Request, Skiplagged states that does not "book" airfares as such. Skiplagged also does not purchase or sell American tickets to anyone and does not claim that it is an agent of American or any other airline. Instead, Skiplagged facilitates booking of flights by providing information to users of Skiplagged.com to find information about airfares, air travel, and online offerings so that they may book fares or tickets with travel resources.

**REQUEST FOR PRODUCTION NO. 5:**   All documents and communications relating to how all American Bookings made and/or purchased on or through any other travel websites by any customers who were re-directed to such travel websites by or through Skiplagged.com since August 1, 2018, including, for each booking, all PNR Data  and any other personal identifying information for each passenger, all reservation and itinerary details, the amount charged to the customer for the American ticket, and the amounts of any additional fees or costs charged to the customer broken down by service or fee (e.g., service fees, baggage fees, or other fees), if available.

**RESPONSE:**

Objection. This request is unnecessarily and unreasonably overbroad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case. This Request also seeks information that is proprietary, confidential, private, personal, and not subject to public disclosure. See Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

**REQUEST FOR PRODUCTION NO. 6:**   Documents and communications sufficient to show all flight tickets booked through Skiplagged.com (including for any/all airlines) with a departure or arrival city in Texas since August 1, 2018, including all PNR Data for all such passengers.

**RESPONSE:**

Objection.

This Request is unreasonably overly broad, considering the proportional needs of the case, when it requests all "documents and communications." This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is proprietary, confidential, private, personal, and not subject to public disclosure. See Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48]. Subject thereto, Skiplagged will provide documents sufficient to show such "flight tickets" booked through the facilitation of Skiplagged on its BookNow feature as respects Texas travel and as was requested in Request Nos. 49 and 50 below.

In response to this request, Skiplagged states that it does not "book" airfares as such. Skiplagged also does not purchase or sell American tickets to anyone and does not claim that it is an agent of American or any other airline. Instead, Skiplagged facilitates booking of flights by providing information to users of Skiplagged.com to find information about airfares, air travel, and online offerings so that they may book fares or tickets with travel resources.

**REQUEST FOR PRODUCTION NO. 7:**  All communications between AA.com and Skiplagged relating to any purchases or sales of American flights or services by Skiplagged.

**RESPONSE:**

Objection. This Request is oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case. Additionally, because this Request seeks communications with itself, Plaintiff has available a less burdensome and costly means to obtain the information sought rather than from Skiplagged.

In response to this request, Skiplagged will conduct a reasonable search for communications with "AA.com" using the terms "purchase" or "sale" and produce same.

**REQUEST FOR PRODUCTION NO. 8:**  All documents, including but not limited to specifications, schematics, design documents, user guides, manuals, source code, technical documents, and any other documents relating to, reflecting, or describing the details, development, design, structure, functionality, and operation of the technical means, methods, processes, software, programs, techniques, source code, and/or hardware—both current and historical—that Skiplagged has used to:

(a) access, obtain, harvest, scrape, extract, or receive American's Content, including but not limited to American's flight and fare data;

(b) interact with or access AA.com, American's API, or American's computer systems;

(c) search for or identify American flights, itineraries, and fares to present to customers on Skiplagged.com (including to identify the best prices and/or to generate "hidden city" tickets);

(d) deploy or utilize automated bots or scripts to interact with AA.com or American's API;

(e) republish, display, distribute, provide access to, or otherwise use American's Content, including but not limited to American's flight and fare data, on Skiplagged.com;

(f) book or purchase American flights on AA.com for Skiplagged users/customers;

(g) charge users/customers fees for the purchase of American flights;

(h) sell American flights;

(i) communicate travel information to customers who purchase American flights or services through Skiplagged.com; and

(j) circumvent any technological protections, firewalls, or other digital security measures in place for AA.com, American's API, or American's computer systems.

**RESPONSE:**

Objection.

This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case, and is vague and confusing in its description of documents American wants.

This Request also, seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure.

In response to this request, Skiplagged states that it does not harvest, scrape, or extract American's Content. Skiplagged will conduct a reasonable search for relevant, responsive documents using reasonable search terms and produce same upon the entry of confidentiality or protective agreement.

**REQUEST FOR PRODUCTION NO. 9:**   Documents sufficient to show the operation of any aspects or elements of the programs, tools, or technologies that Skiplagged has used to carry out or achieve the activities described in Request No. 8, subparts (a)-(j).

**RESPONSE:**

Objection. Skiplagged incorporates its objections and response to Request for Production No. 8 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 10:** Documents and communications evidencing all research and development costs relating to or associated with any of the means, methods, processes, programs, techniques, or software described in Request No. 8 and its subparts.

**RESPONSE:**

Objection.

This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case, and is vague and confusing as to "research and development costs." Further, this Request seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also seeks proprietary information that is confidential, private, personal, and not subject to public disclosure. See Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

**REQUEST FOR PRODUCTION NO. 11:** Documents and communications relating to Skiplagged's advertisement, promotion, or sale of American products or services.

**RESPONSE:**

Objection.

This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case, and is not limited to such issues.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure

In response to this request, Skiplagged states that it does not advertise or sell American products or services. The only way in which Skiplagged "promotes" American products or services is by, in response to a customer search, providing customers information about American flights upon which the customer may choose to purchase. This information is provided in real time in response to a customer's inquiry. Consequently, Skiplagged does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 12:** Documents and communications relating to Skiplagged obtaining, or attempting to obtain, American's Content, including but not limited to American fare, schedule or inventory data.

**RESPONSE:**

Objection.

This Request seeks proprietary information that is confidential, private, personal, and not subject to public disclosure. See Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

In response to this request, Skiplagged will conduct a reasonable search for responsive documents using reasonable search terms and produce non-privileged results, if any, upon the entry of a confidentiality or protective agreement.

**REQUEST FOR PRODUCTION NO. 13:** Documents and communications relating to, discussing, or referencing American, AA.com, the AA.com Use Agreement, American's Conditions of Carriage, any other rules or policies of American, Skiplagged's use of American's Content, or Skiplagged's sale of tickets on American-marketed flights.

**RESPONSE:**

Objection.

This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

The Request also seeks information that is confidential, private, personal, and not subject to public disclosure. See Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

In response to this Request, Skiplagged states that it does not sell tickets on American flights. Skiplagged does not purchase or sell American tickets to anyone and does not claim that it is an agent of American or any other airline. Instead, Skiplagged facilitates booking of flights by providing information to users of Skiplagged.com to find information about airfares, air travel, and online offerings so that they may book fares or tickets with travel resources. Skiplagged will conduct a reasonable search for responsive documents using reasonable search terms and produce non-privileged results, if any, upon the entry of a confidentiality or protective agreement.

**REQUEST FOR PRODUCTION NO. 14:** Documents and communications relating to, acknowledging, or reflecting Skiplagged's knowledge or understanding that Skiplagged is not authorized by American to access, distribute, display or use American's content on Skiplagged.com or to book, ticket or sell tickets for American-marketed flights.

**RESPONSE:**

      In response to this Request, Skiplagged states it does not have responsive documents.

**REQUEST FOR PRODUCTION NO. 15:** Documents and communications relating to or discussing the sale of tickets on American-marketed flights or services by any Travel Agencies or travel metasearch engines other than Skiplagged.

**RESPONSE:**

      Objection.

      This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

      Further, this Request seeks information that is confidential, private, personal, and not subject to public disclosure. See Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

**REQUEST FOR PRODUCTION NO. 16:** Documents and communications relating to, acknowledging, or reflecting Skiplagged's knowledge or awareness of other Travel Agencies, travel metasearch engines, airfare consolidators, global distribution systems, or websites having authorization from, or agreements with, American to access or distribute American's fare, schedule and inventory content, to market or advertise American-marketed flights or to book, ticket or sell tickets on American-marketed flights, use American's Content, or otherwise act as an agent of American.

**RESPONSE:**

      Objection. This Request seeks documents that are neither relevant or reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

      This Request also seeks information that is proprietary, confidential, private, personal, and not subject to public disclosure. *See* Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

In response to this Request, Skiplagged states that it is not a Travel Agency, thus it is unclear what the phrase "other Travel Agencies" seeks and Skiplagged will stand on its objections.

**REQUEST FOR PRODUCTION NO. 17:** Documents and communications relating to, acknowledging, or reflecting Skiplagged's knowledge or awareness that American revoked Kiwi.com's right and authorization to access or distribute American fare, schedule and inventory content, or to book, ticket or sell tickets on American-marketed flights.

**RESPONSE:**

In response to this Request, Skiplagged will conduct a reasonable search for responsive documents using reasonable search terms and produce non-privileged results, if any, upon the entry of a confidentiality or protective agreement.

**REQUEST FOR PRODUCTION NO. 18:** All communications between Skiplagged and any other third party discussing, mentioning, or relating in any way to American, the booking, ticketing or sale of tickets on American-marketed flights, or the distribution, publication, access, or use of American's Content.

**RESPONSE:**

Objection.

This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case by use of the phrase "any other third party" and "mentioning." This Request is therefore also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, personal, and not subject to public disclosure. *See* Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

In response to this Request, Skiplagged states that it does not sell tickets on American flights. Skiplagged does not purchase or sell American tickets to anyone and does not claim that it is an agent of American or any other airline. Instead, Skiplagged facilitates booking of flights by providing information to users of Skiplagged.com to find information about airfares, air travel, and online offerings so that they may book fares or tickets with travel resources. Skiplagged will conduct a reasonable search for responsive documents using reasonable search terms and produce non-privileged results, if any, upon the entry of a confidentiality or protective agreement.

**REQUEST FOR PRODUCTION NO. 19:** Documents and communications relating to any meetings or discussions involving any Skiplagged employees, directors, board members, officers, investors, or shareholders where American or AA.com was discussed, addressed, mentioned.

**RESPONSE:**

Objection. This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case, by use of the phrase "where American or AA.com was discussed, …." This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case. This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case. This Request also seeks information that is confidential, private, proprietary, and not subject to public disclosure.

**REQUEST FOR PRODUCTION NO. 20:** Documents and communications relating to Skiplagged's investigation, analysis, strategies, plans, and decisions relating to its marketing and sale of tickets on American-marketed flights and/or its use of American's Content, including but not limited to (i) any marketing strategies, revenue projections/forecasts, pricing strategies, market analyses, valuations, and business plans relating to the sale of tickets on American-marketed flights or services; (ii) the benefits of or reasons for marketing, offering, booking, ticketing, purchasing, and/or selling tickets on American-marketed flights or services; and (iii) consumer demand or preferences for booking travel with American.

**RESPONSE:**

Objection.

This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also seeks information that is confidential, private, personal, and not subject to public disclosure. *See* Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

In response to this Request, Skiplagged states it does not market or sell tickets on American flights. Skiplagged does not purchase or sell American tickets to anyone and does not claim that it is an agent of American or any other airline. Instead, Skiplagged facilitates booking of flights by providing information to users of Skiplagged.com to find information about airfares, air travel, and online offerings so that they may book fares or tickets with travel resources. Skiplagged will conduct a reasonable search for responsive documents using reasonable search terms and produce non-privileged results, if any, upon the entry of a confidentiality or protective agreement.

**REQUEST FOR PRODUCTION NO. 21:** Presentations, slide decks, handouts, or other presentation materials concerning Skiplagged's business plans, strategies, technology, or

platform—both final and draft versions—for any trade shows, industry events, investor meetings, pitches, or fundraising or partnership efforts.

**RESPONSE:**

Objection. This Request does not seek relevant information and is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case, as this is not limited to American.

Further, to the extent any such documents exist, this Request seeks information that is confidential, private, personal, and not subject to public disclosure. *See* Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

**REQUEST FOR PRODUCTION NO. 22:** Documents and communications relating to, identifying, or evidencing Skiplagged's internal processing of all American Bookings made or purchased on or through Skiplagged.com since August 1, 2018.

**RESPONSE:**

Objection.

This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case, and is vague as to the use of the term "internal processing." This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request seeks information that is confidential, private, personal, and not subject to public disclosure. *See* Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

**REQUEST FOR PRODUCTION NO. 23:** Documents and communications relating to, identifying, or evidencing Skiplagged's internal processing of all American Bookings made or purchased on any other travel websites by any customers who were transferred, referred or re-directed to such travel websites by or through Skiplagged.com since August 1, 2018.

**RESPONSE:**

Objection.

This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case, and is vague as to the use of the term "internal processing." This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case. This Request seeks information that is confidential, private, personal, and not

subject to public disclosure. *See* Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

**REQUEST FOR PRODUCTION NO. 24:** Documents and communications relating to or reflecting any complaints by any customers or passengers who booked, ticketed or purchased a ticket on an American-marketed flight through Skiplagged.com—whether booked directly on Skiplagged.com or on another website to which Skiplagged transferred, referred or redirected the customer to complete the booking.

**RESPONSE:**

     Objection.

     This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case, and is vague as to use of the term "redirected customers."

     This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

     This Request also seeks information that is confidential, private, and not subject to public disclosure.

     In response to this Request, Skiplagged will conduct a reasonable search for responsive documents regarding American flights using the search term "complaint," and produce non-privileged results, if any, upon the entry of a confidentiality or protective agreement.

**REQUEST FOR PRODUCTION NO. 25:** Communications with any American-Skiplagged Customers regarding flight changes, delays, cancellations, refunds, customer service issues, baggage fees, service fees, or any other matters relating to the customer's travel, booking/reservation, or payment.

**RESPONSE:**

     Objection.

     This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case. This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case. This Request further seeks information that is confidential, private, personal, and not subject to public disclosure.

     In response to this request, Skiplagged will conduct a reasonable search for documents related to American flights using the search terms, "change," "delay," "cancel," "refund," "issue," "baggage fee," and "service fee," and produce non-privileged results, if any, upon the entry of a confidentiality or protective agreement.

**REQUEST FOR PRODUCTION NO. 26:** All documents and financials identifying or reflecting Skiplagged's financial condition and performance from its inception to the present, including but not limited to its monthly, quarterly, and yearly income, revenues, costs, expenses, and actual and/or projected gross and net revenues and profits.

**RESPONSE:**

Objection.

This Request is not relevant to any issue in the case, is not calculated to lead to the discovery of relevant information, considering the proportional needs of the case, and is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. As to this additional information sought, this Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case, and seeks private, proprietary, and confidential information personal to Skiplagged and not subject to public disclosure. *See* Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

**REQUEST FOR PRODUCTION NO. 27:** All documents and financials identifying or reflecting Skiplagged's total revenues, gross margins, and net profits relating to or resulting from Skiplagged's sale of American flights, including taking into account any/all additional fees of any kind charged to customers in connection with the sales of American flights (e.g., service fees, baggage fees, or other fees).

**RESPONSE:**

In response to this Request, Skiplagged states that it does not sell American flights and thus, there are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 28:** Documents and communications relating to Skiplagged's marketing or promotional efforts to customers relating to American.

**RESPONSE:**

Objection.

This Request is unnecessarily and unreasonably overly broad by requesting "communications," considering the proportional needs of the case.

This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request further seeks information that is confidential, private, personal, and not subject to public disclosure. See Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

14

In response to this Request, Skiplagged states that it does not make any efforts to "market" for American. The only way in which Skiplagged "promotes" American is by, in response to a customer search, providing customers information about American flights upon which the customer may choose to purchase. This information is provided in real time in response to a customer's inquiry. Consequently, Skiplagged does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 29:** Documents and communications relating to Skiplagged's marketing or promotional efforts to customers relating to travel to, from, or within Texas.

**RESPONSE:**

In response to this Request, Skiplagged states that it does not make any efforts to "market" flights. The only way in which Skiplagged "promotes" flights is by, in response to a customer search, providing customers information about flights upon which the customer may choose to purchase. This information is provided in real time in response to a customer's inquiry. Consequently, Skiplagged does not have any documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 30:** Communications between Skiplagged and any third-party regarding American, AA.com, Skiplagged's marketing or sale of tickets on American-marketed flights or services, Skiplagged's use of American's Content on Skiplagged.com, Skiplagged's efforts to obtain data or information from AA.com, or American's claims or allegations in this lawsuit.

**RESPONSE:**

Objection.

This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case. The Request also seeks information that is confidential, private, personal, and not subject to public disclosure. *See* Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

In response to this Request, Skiplagged states that it does not market or sell flight tickets or services. In response to this Request, Skiplagged will conduct a reasonable search for responsive documents using reasonable search terms and produce non-privileged results, if any, upon the entry of a confidentiality or protective agreement.

**REQUEST FOR PRODUCTION NO. 31:** All documents, communications, and agreements concerning Skiplagged's receipt of or entitlement to any commissions, fees, or other financial compensation from any third parties other than customers/purchasers, including but not limited to

15

travel carriers, Travel Agencies, travel metasearch engines, airfare consolidators, global distribution systems, or other travel companies, in connection with the sale of commercial flights to consumers.

**RESPONSE:**

Objection. This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case and is not even limited to American. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request seeks information that is confidential, private, personal, and not subject to public disclosure. *See* Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

In response to this Request, Skiplagged states that it does not sell commercial flights to consumers, thus there are no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 32:** Documents sufficient to show all fees, commissions, or other payments Skiplagged has received from any third parties other than customers/purchasers, including but not limited to travel carriers, Travel Agencies, travel metasearch engines, airfare consolidators, global distribution systems, or other travel companies, in connection with the sale of American flights.

**RESPONSE:**

Objection. This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, personal, and not subject to public disclosure. *See* Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

In response to this Request, Skiplagged states that it does not sell commercial flights, American or otherwise, thus there are no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 33:** All documents, communications, and agreements concerning Skiplagged's payment of or obligation to pay commissions, fees, or other financial compensation to any other travel websites or other third parties (including but not limited to travel carriers, Travel Agencies, travel metasearch engines, airfare consolidators, or global distribution systems) in connection with the sale of commercial flights to consumers.

**RESPONSE:**

Objection. This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case. This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also seeks information that is confidential, private, personal, and not subject to public disclosure. *See* Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

In response to this Request, Skiplagged states that it does not sell commercial flights to consumers, thus there are no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 34:** Documents sufficient to show all fees, commissions, or other payments Skiplagged has made to any other travel websites or other third parties (including but not limited to travel carriers, Travel Agencies, travel metasearch engines, airfare consolidators, global distribution systems, or other travel companies) in connection with the sale of tickets on American-marketed flights.

**RESPONSE:**

Objection. This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case. This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also seeks information that is confidential, private, personal, and not subject to public disclosure. *See* Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

In response to this Request, Skiplagged states that it does not sell tickets on commercial flights, American or otherwise, thus there are no documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 35:** Any settlement agreements, consent agreements, letters of consent, or license agreements between Skiplagged and any other travel carriers, Travel Agencies, travel metasearch engines, airfare consolidators, or global distribution systems relating to Skiplagged's sale of any carriers' flights or services or use of carriers' flight and fare information, trademarks, or data/content.

**RESPONSE:**

Objection. This Request seeks documents that are not relevant to any issue in the case and are not calculated to lead to the discovery of admissible evidence considering the proportional needs of the case when it requests documents that do not relate to American.

As to the non-American documents, this Request also seeks information that is confidential, private, personal, and not subject to public disclosure. *See* Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

**REQUEST FOR PRODUCTION NO. 36:**  All complaints, legal notices, demand letters, cease and desist letters, and any other similar correspondence that Skiplagged has received from any other person or entity, including any airline, travel carrier, travel service provider, Travel Agency, travel metasearch engine, or governmental, regulatory, or administrative agency, relating to Skiplagged's operations or the operation of Skiplagged.com.

**RESPONSE:**

Objection. This Request seeks documents that are not relevant to any issue in the case and are not calculated to lead to the discovery of admissible evidence considering the proportional needs of the case.

This Request also seeks  documents that are confidential, privileged, personal, and not subject to public disclosure. *See* Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

In response to this Request, Skiplagged produced copies of publicly filed complaints against it.

**REQUEST FOR PRODUCTION NO. 37:** Communications with any American-Skiplagged Customers regarding any issues, problems, or troubles that the passenger encountered during her travel with American, and any documents relating thereto.

**RESPONSE:**

Objection.

This Request seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure.

In response to this Request, Skiplagged will conduct a reasonable search for communications related to American customers, using the search terms "issue," "problem," and "trouble" and produce results, if any, upon the entry of a confidentiality or protective agreement.

**REQUEST FOR PRODUCTION NO. 38:** Documents and communications with customers and any internal documents or communications relating to, or concerning issues arising from, Skiplagged's warnings and/or instructions to purchasers of "hidden-city" tickets, including about what the passengers should do to avoid problems or what they should say to airline staff.

**RESPONSE:**

Objection. Because this Request is not limited to American Airlines, it is unnecessarily and unreasonably overly broad, considering the proportional needs of the case, presents an unreasonable burden upon Skiplagged to search out, find, and produce such information generally. And, even as to American, it remains as such in assessing the proportional needs of the case as respects the issues raised in the case. This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also seeks information that is confidential, private, personal, and not subject to public disclosure. See Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48]. If required to do so, Skiplagged will produce any documents relating to American located after diligent search pursuant to a confidentiality order or agreement that protects the private nature of the information requested.

**REQUEST FOR PRODUCTION NO. 39:** Any press releases, website posts, social media posts, posts on online discussion boards, and any other public statements made by Skiplagged or any employees or representative of Skiplagged concerning American or any other travel carriers.

**RESPONSE:**

Objection.

This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

In response to this Request, Skiplagged states that the "public statements" Plaintiff seeks, if they exist and even if relevant (which they are not), are publicly available, thus, they are obtainable through less burdensome and less expensive means than from Skiplagged.

**REQUEST FOR PRODUCTION NO. 40:** Documents and communications relating to, supporting, or evidencing how Skiplagged "Find[s] flights the airlines don't want you to see" and is "exposing loopholes in airfare pricing to save you money," as stated on Skiplagged.com.

**RESPONSE:**

Objection.

This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce any such information in assessing the proportional needs of the case and as respects the issues raised in the case.

In response to this Request, Skiplagged will conduct a reasonable search for responsive documents related to American flights using reasonable search terms and produce non-privileged results, if any, upon the entry of a confidentiality or protective agreement.

**REQUEST FOR PRODUCTION NO. 41:** Documents and communications relating to, supporting, or evidencing how Skiplagged "Shows you the cheapest regular flights. This way you can be sure you're seeing the best available rates anywhere," as stated on Skiplagged.com.

**RESPONSE:**

Objection.

This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case and as respects the issues raised in the case.

In response to this Request, Skiplagged will conduct a reasonable search for responsive documents related to American flights using reasonable search terms and produce non-privileged results, if any, upon the entry of a confidentiality or protective agreement.

**REQUEST FOR PRODUCTION NO. 42:** Documents and communications relating to, supporting, or evidencing how Skiplagged "Exposes inefficiencies in airline pricing, such as hidden-city, to find you deals you can't get anywhere else," as stated on Skiplagged.com.

**RESPONSE:**

Objection.

This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs

of the case and as respects the issues raised in the case. This Request also seeks information that is confidential, private, and not subject to public disclosure.

In response to this Request, Skiplagged will conduct a reasonable search for responsive documents related to American flights using reasonable search terms and produce non-privileged results, if any, upon the entry of a confidentiality or protective agreement.

**REQUEST FOR PRODUCTION NO. 43:** Documents and communications relating to or supporting Skiplagged's statements on its website regarding "Why are we doing this?", including the specific reasons described therein.

**RESPONSE:**

Objection.

This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case and as respects the issues raised in the case. This Request also seeks information that is confidential, private, and not subject to public disclosure.

In response to this Request, Skiplagged will conduct a reasonable search for responsive documents related to American flights using reasonable search terms and produce non-privileged results, if any, upon the entry of a confidentiality or protective agreement.

**REQUEST FOR PRODUCTION NO. 44:** All documents, communications, and agreements relating to Skiplagged's terms of use, terms of service, terms and conditions, privacy policy, Rewards Program Terms and Conditions, and any other terms or conditions governing the use of Skiplagged.com, the collection, protection, and use of customers' data, and/or customers' use or purchase of Skiplagged's services.

**RESPONSE:**

Objection. This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case. This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

In response to this Request, Skiplagged produced its terms and conditions and privacy policy as posted on its website.

**REQUEST FOR PRODUCTION NO. 45:** Documents and communications referring or relating to the Airlines Reporting Corporation ("ARC") or the International Air Transport Association ("IATA"), including but not limited to documents concerning Skiplagged's consideration, evaluation, decision, or reasons for deciding whether or not to apply to become an accredited ARC/IATA travel agency.

**RESPONSE:**

Objection.

This Request seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure.

**REQUEST FOR PRODUCTION NO. 46:** Any documents or communications relating to or evidencing any confusion or misunderstanding by American-Skiplagged Customers, after the time of their purchase of a ticket on an American-marketed flight, regarding Skiplagged's authority/ability or lack thereof to address or resolve any matters relating to their travel or booking.

**RESPONSE:**

Objection.

This Request seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure.

In response to this Request, Skiplagged will conduct a reasonable search for responsive documents related to American flights using the search terms "confus" and "misunderstand" and produce non-privileged responsive documents, if any, upon the entry of a confidentiality or protective agreement.

**REQUEST FOR PRODUCTION NO. 47:** Documents and communications relating to or evidencing all advertising, marketing, promotional, or "newsletter" emails that Skiplagged has sent to customers who previously purchased travel or lodging on Skiplagged.com with a Texas address.

**RESPONSE:**

In response to this Request, Skiplagged states there are no responsive documents and directs Plaintiff to Skiplagged's response to Interrogatory No. 17.

22

**REQUEST FOR PRODUCTION NO. 48:** Documents and communications relating to or evidencing all advertising, marketing, promotional, or "newsletter" emails that Skiplagged has sent to customers specifically identifying or offering "deals" or promotions on hotels in Texas or flights to, from, or within Texas.

**RESPONSE:**

Objection.

This Request seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure.

In response to this Request, Skiplagged will conduct a reasonable search for responsive documents using reasonable search terms and produce non-privileged results, if any, upon the entry of a confidentiality or protective agreement.

**REQUEST FOR PRODUCTION NO. 49:** Documents and communications relating to or evidencing all bookings Skiplagged has made for or on behalf of consumers with a Texas address through Skiplagged.com's "Book Now" feature, as described in paragraph 12 of Zaman's Declaration.

**RESPONSE:**

Objection.

This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case and Skiplagged's answer to Interrogatory No. 12 setting forth that amount of bookings. It presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case. Indeed, there were hundreds of thousands (434,534) of such bookings, as reflected in Skiplagged's answers to American's Interrogatory No. 12

This Request also seeks information that is confidential, private, personal, and not subject to public disclosure. *See* Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

In response to this Request, Skiplagged directs Plaintiff to Skiplagged's response to Interrogatory No. 12, which provides the number of flights facilitated by Skiplagged for customers with a Texas address.

**REQUEST FOR PRODUCTION NO. 50:** Documents and communications relating to or evidencing all bookings Skiplagged has made for or on behalf of consumers for flights to, from, or within Texas through Skiplagged.com's "Book Now" feature, as described in paragraph 12 of Zaman's Declaration.

**RESPONSE:**

Objection.

This Request is oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case. Indeed, there were hundreds of thousands (854,317) of such bookings, as reflected in Skiplagged's answers to American's Interrogatory No. 13. This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also seeks information that is confidential, private, personal, and not subject to public disclosure. *See* Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

In response to this Request, Skiplagged directs Plaintiff to Skiplagged's response to Interrogatory No. 13, which provides the number of flights facilitated by Skiplagged for flights to, from, or within Texas.

**REQUEST FOR PRODUCTION NO. 51:** Documents relating to the "online travel agencies, global distribution systems, and other travel metasearch engines" and any of the other "variety of sources" from whom "Skiplagged obtains American flight and fare information" (as described in paragraphs 10 and 11 of Zaman's Declaration) and the means or processes by which Skiplagged obtains such information.

**RESPONSE:**

Objection.

This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case. This Request also seeks information that is confidential, private, and not subject to public disclosure.

In response to this Request, Skiplagged will conduct a reasonable search for responsive documents using reasonable search terms and produce non-privileged results, if any, upon the entry of a confidentiality or protective agreement.

**REQUEST FOR PRODUCTION NO. 52:** All communications between Skiplagged and any of the "online travel agencies, global distribution systems, and other travel metasearch engines" and any of the other "variety of sources" from whom "Skiplagged obtains American flight and fare information" (as described in paragraphs 10 and 11 of Zaman's Declaration).

**RESPONSE:**

Objection.   This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case, and is therefore oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is confidential, private, personal, and not subject to public disclosure. *See* Zaman Declaration, which is found in the Appendix to Skiplagged's Response in Opposition to Plaintiff's Motion to Compel [Ex. 2 to Dkt. 48].

In response to this request, Skiplagged will conduct a reasonable search for communications in which Skiplagged obtained American flight and far information and produce results, if any, upon the entry of a confidentiality or protective agreement.

**REQUEST FOR PRODUCTION NO. 53:** Documents and communications relating to or evidencing each booking for which Skiplagged has received commission payments or other financial compensation from other Travel Agencies or travel metasearch engines for purchases made by consumers that Skiplagged.com redirected to such other Travel Agency or metasearch engine.

**RESPONSE:**

Objection. This Request seeks documents that are not relevant to any issue in the case and are not calculated to lead to the discovery of admissible evidence considering the proportional needs of the case. This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case. This Request also seeks information that is confidential, private, and not subject to public disclosure.

**REQUEST FOR PRODUCTION NO. 54:** Documents and communications relating to or evidencing each booking for which Skiplagged has received commission payments or other financial compensation from other Travel Agencies or travel metasearch engines for purchases of flights to, from, or within Texas made by users that Skiplagged.com redirected to such other Travel Agency or travel metasearch engine.

**RESPONSE:**

Objection.

This Request is unnecessarily and unreasonably overly broad, considering the proportional needs of the case. This Request is also oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case.

This Request also seeks information that is neither relevant nor is reasonably calculated to lead to the discovery of admissible evidence and is not proportional to the issues in the case.

This Request also seeks information that is confidential, private, and not subject to public disclosure.

**REQUEST FOR PRODUCTION NO. 55:** Documents and communications relating to or supporting Skiplagged's statement that it "obtained … the alleged 'American Marks' from [sources other than] American's website" as alleged in paragraph 10 of Zaman's Declaration and at page 13 of Skiplagged's Motion to Dismiss.

**RESPONSE:**

Objection. This Request seeks information that is confidential, private, and not subject to public disclosure.

In response to this Request, Skiplagged will conduct a reasonable search for responsive documents using reasonable search terms and produce non-privileged results, if any, upon the entry of a confidentiality or protective agreement.

**REQUEST FOR PRODUCTION NO. 56:** All documents that you referred to or relied upon in answering any Interrogatory or Request for Admission served by American.

**RESPONSE:**

Objection.

This Request is overly broad, lacks any specificity, is oppressive, burdensome, and presents an unreasonable burden upon Skiplagged to search out, find, and produce such information in assessing the proportional needs of the case as respects the issues raised in the case. This Request also seeks information that is confidential, private, and not subject to public disclosure.

Dated: December 18, 2023             Respectfully submitted,

                                     By:    /s/ *William L. Kirkman*
                                            William L. Kirkman
                                            State Bar No. 11518700
                                            billk@kirkmanlawfirm.com
                                            Preston B. Sawyer
                                            State Bar No. 24102465
                                            prestons@kirkmanlawfirm.com
                                            KIRKMAN LAW FIRM, PLLC
                                            201 Main Street, Suite 1160
                                            Fort Worth, Texas 76102
                                            Telephone:    (817) 336-2800
                                            Facsimile:    (817) 877-1863

                                            Aaron Z. Tobin
                                            State Bar No. 24028045
                                            atobin@condontobin.com
                                            Kendal B. Reed
                                            State Bar No. 24048755
                                            kreed@condontobin.com
                                            Abigail R.S. Campbell
                                            State Bar No. 24098959
                                            acampbell@condontobin.com
                                            CONDON TOBIN SLADEK THORNTON
                                              NERENBERG PLLC
                                            8080 Park Lane, Suite 700
                                            Dallas, Texas 75231
                                            Telephone:    (214) 265-3800
                                            Facsimile:    (214) 691-6311

                                     ATTORNEYS FOR DEFENDANT,
                                     SKIPLAGGED, INC.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 18, 2023, a true and correct copy of the

foregoing was served via e-mail upon all counsel of record as indicated:

                Messrs. Dee J. Kelly, Jr. and Lars L. Berg
                  and Ms. Julia G. Wisenberg
                Kelly Hart & Hallman LLP
                201 Main Street, Suite 2500
                Fort Worth, Texas 76102

Ms. Bina Palnitkar
Greenberg Traurig LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201

Mr. Nathan J. Muyskens
Greenberg Traurig, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037

Messrs. Aaron Z. Tobin and Kendal B. Reed
 And Ms. Abigail R.S. Campbell
Condon Tobin Sladek Thornton Nerenberg PLLC
8080 Park Lane, Suite 700
Dallas, Texas 75231

*/s/William L. Kirkman*
William L. Kirkman