UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**AMERICAN AIRLINES, INC.,**

   Plaintiff,

v.                                            No. 4:23-cv-0860-P

**SKIPLAGGED, INC.,**

   Defendant.

## ORDER

Before the Court is Defendant's Motion to Dismiss for Lack of Personal Jurisdiction or alternatively to Transfer this case to the Southern District of New York. ECF No. 21. For the reasons stated below, the Court **DENIES** the Motion in its entirety.

Defendant is a national, internet-based travel logistics company. Plaintiff is a local aeronautics company headquartered near Fort Worth, Texas, that "hit it big" when it began passenger service to major metropolitan hubs like Chicago and New York.[1] The reach of their brand recognition grew relatively significantly when it launched a website in 1995. ECF No. 1 at 4. Plaintiff filed this lawsuit when it got wind that Defendant was allegedly using the fare, schedule, and inventory content hosted on its website to undercut its revenue. *Id.* at 4–5. Plaintiff contends that Defendant violated its website's terms of service and Use Agreement by accessing Plaintiff's fare and inventory content to book flights for passengers. *Id.* at 13–24. Passengers would allegedly be booked on flights to final destinations—which dictated the price of the ticket—when they really intended to stop at the layover destination. *Id.* Defendants purportedly offer these services because the overall ticket price was allegedly cheaper. *Id.* So Plaintiff sued.

Defendant contends that this Court lacks personal jurisdiction over it because: (1) it allegedly does not target Texas over any other

---

[1] https://en.wikipedia.org/wiki/American_Airlines

jurisdiction in conducting its business, and (2) because it is incorporated in Delaware and headquartered in New York. *See* ECF No. 21. Plaintiff contends that, by accessing its website and using even publicly available information hosted there, Defendant consented to its Use Agreement which provides that it is "made and entered into in Tarrant County, Texas," and "that Texas law governs this Agreement's interpretation and/or any dispute arising from your access to, dealings with, or use of this Site." ECF No. 1 at 6.

Courts in the Fifth Circuit rarely disturb the choice of law provisions in an otherwise valid contract—especially in interstate transactions. *See e.g., Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 252 (5th Cir. 1994) (noting that a choice-of-law provision in a contract is valid until proven otherwise). While Defendant argues that the choice-of-law provision here was allegedly part of an unenforceable browsewrap agreement, that argument is improper at the motion-to-dismiss stage. Defendant cites otherwise factually analogous case law and provides a declaration by its chief executive officer that it has never accessed Plaintiff's website. But that cannot override the long-standing practice of honoring choice-of-law provisions until a party *proves* them invalid.

Accordingly, Defendant's Motion to Dismiss for lack of personal jurisdiction is **DENIED.**

Defendant alternatively contends that this case should be transferred to its home base in the Southern District of New York. ECF No. 21. A district court may transfer any civil case to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). But where a suit was originally brought in the wrong venue, § 1406 applies, requiring dismissal or alternatively allowing transfer of the case "to any other district or division in which it could have been brought." *Id.* § 1406(a). The district courts have broad discretion in deciding whether to order a transfer. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 311 (5th Cir. 2008).

To determine whether a case should be transferred, courts must analyze four private and four public interest factors—none of which are dispositive. *See In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004).

The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *In re Volkswagen*, 545 F.3d, at 315. And the public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

As this case principally concerns online activity, the Court concludes that all four private-interest factors weigh against transfer. While Defendant bears the burden of sending witnesses to Texas, the bulk of the evidence in this case concerns records of online activity and communications that can easily be mined from both Plaintiff's *and* Defendant's servers—regardless of their location. And given the above-mentioned concerns over the validity of the contract at issue, the Court concludes that the public-interest factors—particularly factors 3 and 4—additionally weigh against transfer.

Accordingly, Defendant's alternative request to transfer this case is **DENIED**.

**SO ORDERED** on this **19th day of December 2023.**

MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE