IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Before the Court are Plaintiff American Airlines, Inc.'s ("AA") Motion to Compel ("Motion") and brief and appendix in support (ECF Nos. 38-40); the Parties' Joint Status Report (ECF No. 46); and Defendant Skiplagged, Inc.'s Response and appendix and supplement in support (ECF Nos. 47-48, 50). United States District Judge Mark T. Pittman referred the Motion to the undersigned on December 11, 2023. After considering the pleadings, status report, and applicable legal authorities, and for the reasons stated in this Order and at the hearing on this matter today, the Court orders as follows.

The Court **GRANTS** in part and **DENIES** in part the Motion (ECF No. 38). The Court **GRANTS** the Motion and orders the following:

Regarding the interrogatories, Skiplagged represented to the Court today that it withdraws all of its objections except for its (1) objections on the ground of confidentiality, and (2) objections to Interrogatory No. 8. The Court **OVERRULES** Skiplagged's confidentiality objections as improper. The Court further **OVERRULES** Skiplagged's objections to Interrogatory No. 8 as the information sought is relevant, proportional to the needs of the case, and not overbroad. Accordingly, to the extent Skiplagged has not already, it **SHALL RESPOND** completely and fully to all interrogatories, including Interrogatory No. 8.

Regarding the Requests for Production ("RFP"s), Skiplagged represented to the Court today that it stands on its objections. In responding to requests for production under Federal Rule of Civil Procedure 34, "[t]he prohibition against general or blanket objections to discovery requests has been long established." *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014) (cleaned up). "[O]bjections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections." *Id*. (quoting *Cartel Asset Mgmt. v. Ocwen Fin. Corp.*, No. 01-cv-01644-REB-CBS, 2010 WL 502721, at *10 (D. Colo. Feb. 8, 2010)).

> So-called boilerplate or unsupported objections—even when asserted in response to a specific discovery request and not as part of a general list of generic objections preceding any responses to specific discovery requests—are likewise improper and ineffective and may rise (or fall) to the level of what the Fifth Circuit has described as "an all too common example of the sort of 'Rambo tactics' that have brought disrepute upon attorneys and the legal system."

*Id.* (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1484-86 (5th Cir. 1990)). Here, Skiplagged raised general objections prior to addressing any specific set of AA's requested documents. ECF No. 50. But the rules require Defendant to produce all documents requested within the scope of discovery as set forth in Federal Rule of Civil Procedure 26(b) or to provide specific objections explaining precisely how a request exceeds or conflicts with the scope of permissible discovery. *Carr v. State Farm Mut. Auto. Ins.*, 312 F.R.D. 459, 464-66 (N.D. Tex. 2015); *Heller*, 303 F.R.D. at 484. Accordingly, the Court **OVERRULES** Skiplagged's general objections.

Further, the Court examined each RFP and response at the hearing today and after considering the legal authorities and oral arguments, the Court finds that RFP Nos. 1-3, 6-25, 28, 30-34, 36-38, 40-43, 45-46, 48-52, and 54-56 are relevant, proportional to the needs of the case, and not overbroad. Accordingly, the Court **OVERRULES** Skiplagged's objections to RFP Nos. 1-3, 6-16, 18-25, 28, 30-34, 36-38, 40-43, 45-46, 48-52, and 54-56. Additionally, Skiplagged's

responses to RFP Nos. 8, 12-13, 17-18, 20, 24-25, 30, 37, 40-42, 46, 48, 51-52, and 55 contain assurances to produce relevant documents contingent on the entry of a confidentiality agreement. *See* ECF No. 50. The Court construes such assurances as objections and **OVERRULES** them. Therefore, Skiplagged **SHALL PROVIDE** all documents in its possession and control responsive to these RFPs.

The Court **DENIES** the Motion to Compel and orders the following:

The Court **OVERRULES in part and SUSTAINS in part** Skiplagged's objections to RFP Nos. 4-5. Skiplagged **SHALL PROVIDE** all responsive documents in its possession and control pertinent to this RFP except with regards to Skiplagged's customer's social security numbers or credit card numbers.

The Court **OVERRULES in part and SUSTAINS in part** Skiplagged's objections to RFP No. 26. Skiplagged **SHALL PROVIDE** all annual financial reports including any profit and loss reports, income statements, balance sheets, or similar documents from its inception to the present.

The Court **OVERRULES in part and SUSTAINS in part** Skiplagged's objections to RFP No. 39. Skiplagged **SHALL PROVIDE** all responsive documents in its possession and control pertinent to this RFP, except for those documents pertaining to other travel carriers.

The Court **OVERRULES in part and SUSTAINS in part** Skiplagged's objections to RFP No. 44. Skiplagged **SHALL PROVIDE** all responsive documents in its possession and control pertinent to this RFP, except for the requested internal communications.

The Court finds that RFP No. 35 is not relevant to the case and RFP No. 53 is overbroad as written. Thus, the Court **SUSTAINS** Skiplagged's objections to RFP Nos. 35 and 53. Further, Skiplagged represents that there are no responsive documents to RFP Nos. 27, 29, and 47. ECF

No. 50 at 14-15, 22. Accordingly, AA's Motion with respect to RFP Nos. 27, 29, 35, 47, and 53 is **DENIED**.

Skiplagged **SHALL COMPLY** with this Order and deliver to AA (1) full and complete answers to all of AA's interrogatories; (2) all responsive documents in its possession and control pertinent to RFP Nos. 1-3, 6-25, 28, 30-34, 36-38, 40-43, 45-46, 48-52, and 54-56; and (3) all responsive documents in its possession and control, subject to the exceptions discussed above, pertinent to RFP Nos. 4-5, 26, 39, and 44, **on or before January 12, 2024**. Also by that date, Skiplagged shall promptly file proof of delivery.

It is so **ORDERED** on December 19, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

4