IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF AMERICAN AIRLINES, INC. AND
DEFENDANT SKIPLAGGED, INC.'S JOINT MOTION TO EXTEND
EXPERT-RELATED DEADLINES IN SCHEDULING ORDER**

For good cause shown, Plaintiff American Airlines, Inc. ("American") and Defendant Skiplagged, Inc. ("Skiplagged") respectfully move the Court to modify the Scheduling Order and extend by thirty days the deadlines for: (1) initial expert designations and reports; (2) responsive expert designations and reports; and (3) completion of discovery. [*See* Dkt. No. 20 at 2–4].

**I. LEGAL STANDARD**

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Shepherd on behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019). In determining whether there is good cause to allow an amendment to the scheduling order, the Court considers four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) (internal quotation marks, alterations, and citations omitted). A court should assess these factors "holistically." *EEOC v. Service Temps, Inc.*, No. 3:08-CV-1552-D, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, J.). "[T]he good cause inquiry focuses on the diligence of the party seeking to modify

1

the scheduling order." *Id.*

## II. ANALYSIS

As this Court is aware, the parties have experienced discovery-related disputes since this case was filed. [*See, e.g.,* Dkt. No. 19 at 4; Dkt. No. 24 at 5–10; Dkt. No. 32 at 2–4]. On December 8, 2023, American filed a Motion to Compel, which was referred to Magistrate Judge Hal Ray for consideration. [*See* Dkt. Nos. 38–41]. On December 19, 2023, after the parties engaged in extensive efforts to resolve the issues raised in American's Motion to Compel, and Judge Ray conducted a hearing and entered an Order granting in part and denying in part American's motion. [*See* Dkt Nos. 46, 53]. Since that time, Skiplagged has made multiple document productions—the most recent of which was on January 19, 2024. [*See* Dkt. Nos. 57–60]. After its Motion to Dismiss for Lack of Personal Jurisdiction was denied, Skiplagged served extensive discovery requests on American, including over one hundred requests for production of documents the response date for which is February 9, 2024.

Due to timing of these discovery responses and productions, the parties' ability to timely retain experts has been adversely affected. Further, due to Skiplagged's recent document productions and Skiplagged's recently-served discovery requests, the parties are not yet in a position to provide their respective experts with the information necessary for them to form an opinion or create reports. For these reasons, the parties cannot reasonably meet the current February 2, 2024 deadline for them to provide initial expert designations and reports; nor can they reasonably meet the March 4, 2024 deadline to provide responsive expert designations and reports; and the parties cannot reasonably meet the May 3, 2024 completion of discovery deadline. [*See* Dkt. No. 20 at 2–4]; *S&W Enters.*, 315 F.3d at 536. As to the second good cause factor, the parties explain that extensions to their expert-related deadlines, including the completion of discovery

deadline, is important because the parties reasonably believe that expert testimony in this case will likely aid the trier-of-fact in understanding certain of the claims and defenses asserted. Regarding the third factor, there will be no potential prejudice by allowing the proposed amendments, because the parties jointly move the Court for this relief. *See S&W Enters.*, 315 F.3d at 536. Finally, as to the fourth factor, a continuance of the trial date is not necessary in this case at this time and for these reasons. *See id.*

Therefore, the parties believe good cause exists to extend the initial expert designations and reports deadline, responsive expert designations and reports deadline, and completion of discovery deadline by thirty days. [*See* Dkt. No. 20 at 2–4]; Fed. R. Civ. P. 16(b)(4); *City of Shreveport*, 920 F.3d at 287; *S&W Enters.*, 315 F.3d at 536.

### III. CONCLUSION

For the reasons stated above, the parties respectfully request that the Court grant their Joint Motion to Extend Expert-Related Deadlines in Scheduling Order and extend:

(1)  the initial expert designations and reports deadline from February 2, 2024 to **March 4, 2024**;

(2)  the responsive expert designations and reports deadline from March 4, 2024 to **April 3, 2024**; and

(3)  the completion of discovery deadline from May 3, 2024 to **May 31, 2024**.

Dated: January 25, 2024                                 Respectfully submitted,

*/s/ Lars L. Berg*_____                       */s/ William L. Kirkman*_____
Dee J. Kelly, Jr.                                        William L. Kirkman
State Bar No. 11217250                                   State Bar No. 11518700
dee.kelly@kellyhart.com                                  billk@kirkmanlawfirm.com
Lars L. Berg                                             Preston B. Sawyer
State Bar No. 00787072                                   State Bar No. 24102465
lars.berg@kellyhart.com                                  prestons@kirkmanlawfirm.com
Julia G. Wisenberg                                       **KIRKMAN LAW FIRM, PLLC**

3

| | |
|---|---|
| State Bar No. 24099146<br>julia.wisenberg@kellyhart.com<br>KELLY HART & HALLMAN LLP<br>201 Main Street, Suite 2500<br>Fort Worth, Texas 76102<br>Telephone: (817) 332-2500<br><br>Bina Palnitkar<br>State Bar No. 24070378<br>palnitkarb@gtlaw.com<br>GREENBERG TRAURIG LLP<br>2200 Ross Avenue, Suite 5200<br>Dallas, TX 75201<br>Telephone: (214) 665-3600<br><br>Nathan J. Muyskens<br>nathan.muyskens@gtlaw.com<br>GREENBERG TRAURIG LLP<br>2101 L Street, N.W., Suite 1000<br>Washington, DC 20037<br>Telephone: (202) 331-3100<br><br>**ATTORNEYS FOR PLAINTIFF** | 201 Main Street, Suite 1160<br>Fort Worth, Texas 76102<br>Telephone: (817) 336-2800<br>Facsimile:  (817) 877-1863<br><br>Aaron Z. Tobin<br>Texas Bar No. 24028045<br>atobin@condontobin.com<br>Kendal B. Reed<br>Texas Bar No. 24048755<br>kreed@condontobin.com<br>Abigail R.S. Campbell<br>Texas Bar No. 24098959<br>acampbell@condontobin.com<br>**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**<br>8080 Park Lane, Suite 700<br>DALLAS, TEXAS 75231<br>Telephone: (214) 265-3800<br>Facsimile:  (214) 691-6311<br><br>**ATTORNEYS FOR DEFENDANT** |

## CERTIFICATE OF SERVICE

I certify that on January 25, 2024, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

*/s/ Lars L. Berg*
Lars L. Berg

4