IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF AMERICAN AIRLINES, INC.'S BRIEF IN SUPPORT OF ITS UNOPPOSED MOTION FOR ISSUANCE OF LETTERS OF REQUEST**

Pursuant to Federal Rule of Civil Procedure 28(b) and The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. No. 7444, 23 U.S.T. 2555, and 28 U.S.C. § 1781 et seq. ("The Hague Convention"), Plaintiff American Airlines, Inc. ("American") files this Brief in Support of its Unopposed Motion for Issuance of Letters of Request (the "Motion"), and respectfully requests that the Court grant American's Motion and issue the Letters of Request included in American's Appendix ("Appendix") to its Brief in Support of its Motion for Issuance of Letters of Request as **Exhibits A and B** (the "Letters of Request"), seeking international judicial assistance from the Ministry of Justice of the Republic of Poland in order to obtain deposition testimony from Defendant Skiplagged, Inc.'s ("Skiplagged") software engineers, Sebastian Suchanowski and Pawel Wrzosek. The Letters of Request will enable American to obtain critical evidence and testimony from Mr. Suchanowski and Mr. Wrzosek relating to American's claims and allegations in this lawsuit that American will otherwise be unable to obtain absent issuance of the Letters of Request.

## I. BACKGROUND

American filed its First Amended Complaint on August 17, 2023. [Dkt. No. 8]. American has discovered, through discovery and conferences with opposing counsel, that Mr. Suchanowski and Mr. Wrzosek are software engineers for Skiplagged. Mr. Suchanowski appears to be a lead member of Skiplagged's software engineering team and would therefore be best suited to testify to the variety of technical issues on which American requires discovery in this case. Additionally, based on publicly available information (including Mr. Wrzosek's LinkedIn profile), Mr. Wrzosek appears to be in charge of the engineering and development of Skiplagged's mobile application platform, through which Skiplagged generates substantial revenue and user traffic.

Mr. Suchanowski and Mr. Wrzosek are residents of Poland. Mr. Suchanowski and Mr. Wrzosek have direct personal knowledge of critical information that is directly relevant to the parties' claims and defenses, including but not limited to Skiplagged's unauthorized use and display of American's protected data and information on Skiplagged.com and Skiplagged's mobile app, the operation of Skiplagged.com and Skiplagged's mobile app, the data Skiplagged maintains in connection with the operation of its website and mobile app, and various other matters relating to the technical means by which Skiplagged carries out its wrongful acts alleged in American's First Amended Complaint.

Although Mr. Suchanowski and Mr. Wrzosek are employed by Skiplagged, they are neither parties to the lawsuit nor subject to this Court's jurisdiction. Thus, absent the Court's issuance of the Letters of Request, American has no other means of acquiring the critical evidence and testimony of Mr. Suchanowski and Mr. Wrzosek sought by the Letters of Request.

## II.   ARGUMENTS AND AUTHORITIES

### A.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 28(b), the Hague Convention, and 28 U.S.C. § 1781(b)(2), this Court is empowered to issue a Letter of Request to the competent authority of another contracting state under the Hague Convention for the purpose of obtaining evidence. Under Federal Rule of Civil Procedure 28(b), a "deposition may be taken in a foreign country . . . under a letter of request." A court may issue a Letter of Request complying with the relevant treaty or convention "on appropriate terms after an application and notice of it" and "without a showing that taking the deposition in another manner is impracticable or inconvenient." FED. R. CIV. P. 28(b)(2)-(3). The Hague Convention, of which both the United States and Poland are signatories, provides the mechanism for obtaining evidence through issuance of a letter of request. *See* 28 U.S.C.A. § 1781, at Art. 1 ("In civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act"). The Hague Convention "serves as an alternative or 'permissive' route to the Federal Rules of Civil Procedure for the taking of evidence abroad from litigants and third parties alike." *Abbott Labs. v. Impax Labs., Inc.*, No. 03-CV-120(KAJ), 2004 WL 1622223, at *2-3 (D. Del. July 15, 2004) (citing *Societe Nat'l Indus. Aerospatiale v. U.S. Dist. Court S. Dist. of Iowa,* 482 U.S. 522, 538 (1987)). A Letter of Request is therefore a proper method for securing the deposition testimony of foreign non-parties in this lawsuit. *See, e.g.*, *In re Urethane Antitrust Litig.*, 04-MD-1616-JWL, 2010 WL 4963019, at *1 (D. Kan. Dec. 1, 2010) ("[U]sing the procedures of the Hague Convention is particularly appropriate when, as here, a litigant seeks to depose a foreign non-party who is not subject to the court's jurisdiction").

The decision to issue a letter of request is within the district court's discretion. *U.S. v. El-Mezain*, 664 F.3d 467, 517 (5th Cir. 2011). However, that discretion is informed by the discovery standards set forth in Rule 26(b), which "allows a party to obtain discovery 'regarding any nonprivileged matter that is relevant to any party's claim or defense.'" *Triumph Aerostructures, LLC v. Comau, Inc.*, No. 3:14-CV-2329-L, 2015 WL 5502625, at *4 (N.D. Tex. Sept. 18, 2015); *DBMS Consultants Ltd. v. Computer Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369-70 (D. Mass. 1990); *SEC v. Leslie*, No. 07-03444 (PVT), 2009 WL 688836, at *3 (N.D. Cal. Mar. 16, 2009). And "under the liberal discovery provisions of the Federal Rules, parties may inquire through deposition" sought "by way of a letter rogatory . . . as long as the inquiry is reasonably calculated to lead to the admissible evidence." *DBMS Consultants*, 131 F.R.D at 369. As noted by at least one court in this District, "[s]everal circuits have held that there must be 'good reason' to deny the request for the issuance of letters rogatory." *Triumph*, 2015 WL 5502625, at *3. Thus, "the burden lies with the party resisting the request for discovery to show a lack of relevance or undue burden." *Id.* at *4; *see also Leslie*, 2009 WL 688836, at *3 ("Some courts have gone so far as to hold that the party opposing issuance of a letter rogatory must establish good cause for the denial.").

**B.    Issuing the Letters of Request for the Testimony of Mr. Suchanowski and Mr. Wrzosek is Appropriate.**

Courts in this District hold that issuance of a Letter of Request is appropriate where it seeks the deposition of "an appropriate witness possessing relevant and discoverable evidence, or is an appropriate individual having access to such evidence . . . , that would aid in the establishment of facts necessary to [the requesting party]'s prosecution of its []claim." *Triumph Aerostructures*, 2015 WL 5502625, at *16. That is precisely the case here. Both Mr. Suchanowski and Mr. Wrzosek are lead software engineers at Skiplagged who area centrally involved in the technical side of Skiplagged's operations and therefore have critical roles in, and direct knowledge of,

Skiplagged's activities alleged in the First Amended Complaint. As set forth in the Letters of Request attached as Exhibits A and B, which American hereby incorporates by reference as if fully set forth herein, Mr. Suchanowski and Mr. Wrzosek possess material, discoverable information that is directly relevant to the subject-matter of this case and to the parties' claims and defenses.

The Letters of Request attached hereto are directed to the appropriate authority in Poland (the Poland Ministry of Justice), comply with the requirements of the Hague Convention, and seek deposition testimony from Polish residents relating to matters that are undeniably relevant to this case. Because Mr. Suchanowski and Mr. Wrzosek are not parties to the lawsuit, have not been voluntarily subjected to discovery in this case, and are not subject to this Court's jurisdiction, American will otherwise be unable to obtain this evidence within their knowledge and possession absent issuance of the Letters of Request. In such circumstances, courts appropriately grant requests to issue letters of request under the Hague Convention. *See e.g.*, *Tulip Computers Int'l BV v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003) (finding issuance "appropriate since both [witnesses] are not parties to the lawsuit, have not voluntarily subjected themselves to discovery, are citizens of the Netherlands, and are not otherwise subject to the jurisdiction of the Court"); *USCO S.p.A. v. Valuepart, Inc.*, No. 2:14-cv-02590-JPM, 2015 WL 11120573, at *2 (W.D. Tenn. Feb. 18, 2015) (same).

Because Mr. Suchanowski and Mr. Wrzosek have personal knowledge of discoverable information directly relating to the facts surrounding American's claims and Skiplagged's defenses, the Court should sign and issue the Letters of Request to the Poland Ministry of Justice so that American can depose these witnesses and obtain the critical evidence within their knowledge and possession.

Poland requires that Letters of Request be issued in Polish or be accompanied by a Polish translation, pursuant to its reservation under Art. 33 and Art. 4, para. 2 of the Hague Convention.[1] As such, in the event the Court grants American's Motion and approves and signs the proposed Letters of Request, each of the Letters Request attached hereto is accompanied by Polish translations thereof to be included with the transmission to the Poland Ministry of Justice.

## CONCLUSION

Based on the foregoing, American respectfully requests that the Court (1) grant its Motion; (2) sign and issue the proposed Letters of Request, provided in American's Appendix as **Exhibits A and B**, to the Poland Ministry of Justice to cause Mr. Suchanowski and Mr. Wrzosek to appear for oral deposition to take place in Poland or at another mutually agreed upon location; and (3) grant American such other and further relief to which it may be justly entitled.

Dated: February 2, 2024

Respectfully submitted,

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG, LLP

---

[1] *See Hague Conference on Private International Law*, Reservations of Poland to the Hague Convention, (https://www.hcch.net/en/instruments/conventions/status-table/notifications/?csid=512&disp=resdn).

6

> 2101 L Street, N.W., Suite 1000
> Washington, DC 20037
> Telephone: 202-331-3100
> Facsimile: 202-331-3101
>
> Bina Palnitkar
> State Bar No. 24070378
> palnitkarb@gtlaw.com
> GREENBERG TRAURIG LLP
> 2200 Ross Avenue, Suite 5200
> Dallas, TX 75201
> Telephone: (214) 665-3600

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on February 2, 2024, I conferred with Kendal Reed, counsel for Skiplagged, regarding whether Skiplagged is opposed to this motion and the relief requested herein, and Mr. Reed stated that Skiplagged is unopposed to the motion.

> */s/ Bina Palnitkar*
> Bina Palnitkar

**CERTIFICATE OF SERVICE**

I certify that on February 2, 2024, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

> */s/ Dee J. Kelly, Jr.*
> Dee J. Kelly, Jr.

7