IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

**APPENDIX TO PLAINTIFF AMERICAN AIRLINES, INC.'S BRIEF IN SUPPORT OF
ITS UNOPPOSED MOTION FOR ISSUANCE OF LETTERS OF REQUEST**

Plaintiff American Airlines, Inc. files this Appendix to its Brief in Support of its Motion

for Issuance of Letters of Request.

| EX. | DOCUMENT DESCRIPTION | PAGE NOS. |
|---|---|---|
| A | Letter of Request for Sebastian Suchanowski | App'x 001 – 012 |
| | Polish Translation of Letter of Request for Sebastian Suchanowski | App'x 013 – 025 |
| B | Letter of Request for Pawel Wrzosek | App'x 026 – 037 |
| | Polish Translation of Letter of Request for Pawel Wrzosek | App'x 038 – 050 |

Dated: February 2, 2024

Respectfully submitted,

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: 202-331-3100
Facsimile: 202-331-3101

Bina Palnitkar
State Bar No. 24070378
palnitkarb@gtlaw.com
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3600

**ATTORNEYS FOR PLAINTIFF**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on February 2, 2024, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.

2

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **AMERICAN AIRLINES, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-CV-00860-P** |
| | § | |
| **SKIPLAGGED, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

---

**LETTER OF REQUEST TO THE MINISTRY OF JUSTICE
OF THE REPUBLIC OF POLAND**

---

TO THE MINISTRY OF JUSTICE OF THE REPUBLIC OF POLAND:

The United States District Court for the Northern District of Texas presents its compliments to the Ministry of Justice of the Republic of Poland (the "Poland Ministry of Justice") and, pursuant to the *Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, respectfully requests international judicial assistance to obtain oral testimony from an individual located within your jurisdiction to be used as evidence in the above-captioned civil proceeding before this Court. In particular, this Court has determined that it would further the interests of justice if, by the proper and usual process of the Poland Ministry of Justice, you summon or compel Sebastian Suchanowski to give testimony upon oral examination regarding the matters and issues identified under paragraph 10 below. The applicant for these letters is American Airlines, Inc. ("American Airlines"), the plaintiff in the above-captioned case.

On information and belief, Mr. Suchanowski resides within the Republic of Poland and has, or is likely to have, personal knowledge about the matters specified in paragraph 10 below.

The testimony sought from Mr. Suchanowski is intended for use at trial or in preparation for trial, and, in the view of this Court, is directly relevant to the parties' claims and defenses in the case.

This request is made with the understanding that it will in no way require Mr. Suchanowski to commit any offense, or to undergo a broader form of inquiry than he would if the litigation were conducted in Poland. The requesting Court is satisfied that the evidence sought to be obtained through this request is relevant and necessary and cannot reasonably be obtained by other methods. Because this Court lacks authority or jurisdiction to compel Mr. Suchanowski's participation in discovery and, such participation being necessary for justice to be served in the above-captioned proceedings, this Court respectfully requests assistance from the Poland Ministry of Justice.

1.    **SENDER**

    Honorable Judge Mark T. Pittman
    United States District Court for the Northern District of Texas, Fort Worth Division
    501 West 10th Street, Room 401
    Fort Worth, TX 76102-3673
    United States of America

2.    **CENTRAL AUTHORITY OF THE REQUESTED STATE**

    Ministry of Justice (Ministerstwo Sprawiedliwości)
    Departament Współpracy Międzynarodowej i Praw Człowieka
    Al. Ujazdowskie 11
    00-950 Warsaw
    P.O. Box 33
    Poland
    sekretariat.dwmpc@ms.gov.pl
    +48 22 23 90 870

3.    **PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED**

    Dee J. Kelly, Jr.
    dee.kelly@kellyhart.com
    **KELLY HART & HALLMAN LLP**
    201 Main Street, Suite 2500
    Fort Worth, Texas 76102
    Telephone: (817) 332-2500

    And Local Poland Counsel for American Airlines:

Paweł Pietkiewicz
Pawel.Pietkiewicz@gtlaw.com
GREENBERG TRAURIG Nowakowska-Zimoch Wysokiński sp.k.
Varso Tower
ul. Chmielna 69
00-801 Warsaw
+48 22 690 6129

## 4.    SPECIFICATION OF THE DATE BY WHICH THE REQUESTING AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST

A response is requested as soon as reasonably possible. The reason for the urgency of this request is that, pursuant to this Court's Scheduling Order issued in this case, the deadline by which the parties are required to complete discovery and obtain evidence for use at trial is May 3, 2024, and the parties and witness will need to coordinate mutually convenient dates for the taking of testimony from the witness.

## 5.    IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST:

### a.    *REQUESTING JUDICIAL AUTHORITY (Article 3(a))*

Honorable Judge Mark T. Pittman
United States District Court for the Northern District of Texas, Fort Worth Division
501 West 10th Street, Room 401
Fort Worth, TX 76102-3673
United States of America

### b.    *TO THE COMPETENT AUTHORITY OF (Article 3(a))*

Poland

### c.    *NAMES OF THE CASE AND ANY IDENTIFYING NUMBER*

*American Airlines, Inc. v. Skiplagged, Inc.*, Case No. 4:23-cv-00860-P, in the United States District Court of the Northern District of Texas, Fort Worth Division

## 6.    NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES (Article 3(b))

### a.    *Plaintiff:*

American Airlines, Inc.

1 Skyview Drive
Fort Worth, TX 76155

*Representatives:*

Dee J. Kelly, Jr.
dee.kelly@kellyhart.com
Lars L. Berg
lars.berg@kellyhart.com
Julia G. Wisenberg
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500

Bina Palnitkar
palnitkarb@gtlaw.com
Nathan J. Muyskens
nathan.muyskens@gtlaw.com
Zachary B. Tobolowsky
zachary.tobolowsky@gtlaw.com
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3600

    *b.*    *Defendant:*

Skiplagged, Inc.
41 E. 11th St., 9th Floor
New York, NY 10003
-or-
525 W. 28th St., # 1158
New York, NY 10001

*Representatives:*

William L. Kirkman
billk@kirkmanlawfirm.com
Preston B. Sawyer
prestons@kirkmanlawfirm.com
KIRKMAN LAW FIRM, PLLC
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone: (817) 336-2800

Aaron Z. Tobin

atobin@condontobin.com
Kendal B. Reed
kreed@condontobin.com
Abigail R.S. Campbell
acampbell@condontobin.com
**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800

**7.**

### a.    NATURE OF THE PROCEEDINGS

Breach of Contract; Tortious Interference; Trademark Infringement (15 U.S.C. § 1114); False Designation of Origin and Unfair Competition (15 U.S.C. § 1125(a)); Copyright Infringement (17 U.S.C. § 101); and Request for Injunctive Relief.

### b.    SUMMARY OF COMPLAINT

Skiplagged, Inc. owns and operates the website Skiplagged.com, an online travel agency and travel metasearch engine that allows users to search for and book/purchase flights, hotels, and rental cars. Among other things, Skiplagged.com allows users to search for, identify, and purchase and book American Airlines flights directly on the Skiplagged.com website and/or by redirecting users to the websites of other online travel agencies to complete the purchase/booking of American flights. In doing so, Skiplagged also uses and displays on its website American Airlines' valuable trademarks, American Airlines' fare, schedule, inventory, ticketing, and flight data, and other protected information and content owned by American Airlines. However, only authorized agents of American Airlines are permitted to act on behalf of American Airlines, to use/display its protected data and content, and to issue tickets to passengers on its behalf. Skiplagged is not, and has never been, an agent for American Airlines, has never had authorization from American Airlines to use its valuable and protected data, content, or intellectual property, and has never been authorized by American Airlines to market, display, or sell American Airlines tickets or related

flight services, or to otherwise act as American's agent. Yet, through its website, Skiplagged holds itself out as an agent of American Airlines by misappropriating, using, and displaying American's data and using American's trademarks in order to sell tickets for American Airlines flights. To do this, Skiplagged employs various electronic means—such as unique software, algorithms, code, programs, and other technical means—to access, interact with, and obtain data and content from AA.com, and then modifies and republishes the data on Skiplagged.com.

Based on the foregoing, American Airlines filed this lawsuit in August 2023, asserting claims against Skiplagged for breach of contract, tortious interference, trademark infringement, false designation of origin and unfair competition, copyright infringement, and injunctive relief.

### c.      SUMMARY OF DEFENSE

Skiplagged denies essentially all of the allegations in American's complaint and asserts various affirmative defenses to American's claims.

**8.**

### a.      EVIDENCE TO BE OBTAINED OR OTHER JUDICIAL ACT TO BE PERFORMED (Article 3(d))

It is requested that the testimony of Sebastian Suchanowski be obtained through oral deposition, under oath, and that such testimony be recorded and preserved by means of a stenographer and/or videographer.

### b.      PURPOSE OF THE EVIDENCE OR JUDICIAL ACT SOUGHT

American Airlines intends to use the testimony obtained from Sebastian Suchanowski as evidence at trial to support American Airlines' claims and/or to refute Skiplagged's defenses.

### 9.      IDENTITY AND ADDRESS OF THE PERSON TO BE EXAMINED (Article 3(e))

Sebastian Suchanowski
ul. Kopalniana 14a lok. 11
01-321 Warszawa

10.    **STATEMENT OF THE SUBJECT MATTER ABOUT WHICH THE PERSON IS TO BE EXAMINED (Article 3(f))**

Sebastian Suchanowski should be examined on the following subjects related to Skiplagged and Skiplagged.com:

1) Skiplagged.com's search functionality, including the technical processes employed to run searches and generate search results on Skiplagged.com after users enter in their desired criteria.

2) The sources from which Skiplagged obtains the search results displayed on its website.

3) The "database" Skiplagged uses and maintains to store users' information, customers' PNR data, purchase data, emails, and other data, the types of information Skiplagged collects and stores in its "database," and how Skiplagged uses such data/information.

4) The details, development, design, structure, functionality, and operation of the technical means, methods, processes, software, programs, techniques, source code, and/or hardware—both current and historical—that Skiplagged has used to:

   a.    access, obtain, harvest, scrape, extract, or receive American's Content, including but not limited to American's flight and fare data;

   b.    interact with or access AA.com, American's API, or American's computer systems;

   c.    search for or identify American flights, itineraries, and fares to present to customers on Skiplagged.com (including to identify the best prices and/or to generate "hidden city" tickets);

   d.    deploy or utilize automated bots or scripts to interact with AA.com or American's API;

   e.    republish, display, distribute, provide access to, or otherwise use American's Content, including but not limited to American's flight and fare data, on Skiplagged.com;

   f.    book or purchase American flights on AA.com for Skiplagged users/customers;

   g.    charge users/customers fees for the purchase of American flights

   h.    sell American flights;

   i.    communicate travel information to customers who purchase American flights or services through Skiplagged.com; and

   j.    circumvent any technological protections, firewalls, or other digital security measures in place for AA.com, American's API, or American's computer systems.

5) The ways in which Skiplagged has accessed, obtained, collected, received, or harvested American's Content, including but not limited to when, how, and from what source Skiplagged collected or obtained the content/information.

6) The "variety of sources" from whom "Skiplagged obtains American flight and fare information" (as described by the Declaration of A. Zaman), and the technical means and process by which it obtains and then uses such information.

7) The types of data, information, and content relating to American flights, fares, products, or services that Skiplagged has collected or used, and the processes used to obtain and use such data, information, or content.

8) The communications and digital interactions that occur between Skiplagged and AA.com in connection with Skiplagged purchasing or selling American flights, and the technical processes used to generate and conduct such communications.

9) Communications between, and work performed by, Skiplagged's software engineers.

10) The operation and functionality of Skiplagged.com.

## 11.   DOCUMENTS OR OTHER PROPERTY TO BE INSPECTED (Article 3(g))

None.

## 12.   ANY REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND ANY SPECIAL FORM TO BE USED (Article 3(h))

The testimony should be given under oath or affirmation, or in the alternative, the witness should be instructed of the consequences of giving untruthful or false answers under the laws of Poland. It is also requested that an audio-visual and written record of the testimony be taken, with a videographer and reporter/stenographer to be provided by American Airlines. In the event the evidence cannot be taken in the manner requested, it should be taken in such manner as provided by Polish law.

## 13.   SPECIAL METHODS OR PROCEDURE TO BE FOLLOWED (Articles 3(i) and 9)

The examination shall be conducted pursuant to the discovery rules as provided for in the Federal Rules of Civil Procedure of the United States, except to the extent such procedure is incompatible with the laws of Poland. It is further requested that: (i) the examination be taken orally; (ii) the examination be taken before a stenographer and videographer provided by American Airlines; (iii) the videographer be permitted to record the examination by audiovisual means; (iv)

the stenographer be allowed to record a verbatim transcript of the examination; (v) the examination be conducted in English, or, if necessary, with the assistance of an interpreter provided by American Airlines; (vi) if the examination is conducted through an interpreter, verbatim transcripts of the proceeding in both English and Polish be permitted; (vii)  the witness be examined for no more than eight hours if the witness requires an interpreter or six hours if the witness does not require an interpreter; (viii)  the witness be examined as soon as possible; and (ix) attorneys from the law firms Kelly Hart & Hallman LLP and Greenberg Traurig LLP, acting as legal representatives for American Airlines, be permitted to conduct the oral examination.

In the event that the evidence cannot be taken in accordance with some or all of the procedures described above, it is requested that the testimony be taken in such manner as provided by the applicable laws of Poland for the formal taking of testimonial evidence.

**14.     REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR THE EXECUTION OF THE REQUEST AND IDENTITY AND ADDRESS OF ANY PERSON TO BE NOTIFIED (Article 7)**

Please notify the following person regarding the time and place for the execution of the Request:

> Paweł Pietkiewicz
> Pawel.Pietkiewicz@gtlaw.com
> Antoni Libiszowski
> Antoni.Libiszowski@gtlaw.com
> GREENBERG TRAURIG Nowakowska-Zimoch Wysokiński sp.k.
> Varso Tower
> ul. Chmielna 69
> 00-801 Warsaw
> +48 22 690 6129
>
> Dee J. Kelly, Jr.
> dee.kelly@kellyhart.com
> **KELLY HART & HALLMAN LLP**
> 201 Main Street, Suite 2500
> Fort Worth, Texas 76102
> Telephone: (817) 332-2500

Bina Palnitkar
palnitkarb@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3600

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
**GREENBERG TRAURIG LLP**
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100

William L. Kirkman
billk@kirkmanlawfirm.com
**KIRKMAN LAW FIRM, PLLC**
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone: (817) 336-2800

Aaron Z. Tobin
atobin@condontobin.com
**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800

**15. REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST (Article 8)**

None requested.

**16. SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE REQUESTING STATE (Article 11(b))**

Under the laws of the United States, the witness may refuse to give testimony that calls for

the disclosure of any confidential communication between him and his counsel that was made in

connection with a request for legal advice. This privilege is known as the attorney-client privilege.

The witness may also refuse to answer a question if the answer would subject him to a real and

appreciable danger of criminal liability in the U.S. This privilege is known as the privilege against

criminal self-incrimination. If any testimony is withheld on either of these grounds, a statement to that effect must be made at the time of the taking of testimony.

**17.** **THE FEES AND COSTS INCURRED WHICH ARE REIMBURSABLE UNDER THE SECOND PARAGRAPH OF ARTICLE 14 OR UNDER ARTICLE 26 OF THE CONVENTION WILL BE BORNE BY:**

Plaintiff American Airlines, Inc.

**DATE OF REQUEST**: _____, 2024

_____
HON. MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

# <u>DOWÓD A</u>

**W SĄDZIE OKRĘGOWYM STANÓW ZJEDNOCZONYCH
DLA PÓŁNOCNEGO DYSTRYKTU TEKSASU
WYDZIAŁ FORT WORTH**

| | | |
|---|---|---|
| **AMERICAN AIRLINES, INC.,** | § | |
| | § | |
| **Powód,** | § | |
| | § | **Pozew w sprawie cywilnej sygn. Akt** |
| **v.** | § | **4:23-CV-00860-P** |
| | § | |
| **SKIPLAGGED, INC.,** | § | |
| | § | |
| **Pozwany.** | § | |

---

**WNIOSEK DO MINISTERSTWA SPRAWIEDLIWOŚCI
RZECZYPOSPOLITEJ POLSKIEJ**

---

DO MINISTERSTWA SPRAWIEDLIWOŚCI RZECZYPOSPOLITEJ POLSKIEJ:

Sąd Okręgowy Stanów Zjednoczonych dla Północnego Dystryktu Teksasu składa wyrazy szacunku Ministerstwu Sprawiedliwości Rzeczypospolitej Polskiej („polskie Ministerstwo Sprawiedliwości") i, zgodnie z *Konwencją o przeprowadzaniu dowodów za granicą w sprawach cywilnych lub handlowych, sporządzoną w Hadze dnia 18 marca 1970 r.*, zwraca się o udzielenie międzynarodowej pomocy sądowej w celu uzyskania ustnych zeznań od osoby fizycznej znajdującej się w Państwa jurysdykcji, które zostaną wykorzystane jako dowód w wyżej wymienionym postępowaniu cywilnym przed tym Sądem. W szczególności niniejszy Sąd ustalił, że w interesie wymiaru sprawiedliwości byłoby wezwanie lub doprowadzenie Sebastiana Suchanowskiego, w odpowiednim, zwykłym trybie dla polskiego Ministerstwa Sprawiedliwości, do złożenia zeznań w ramach ustnego przesłuchania w sprawach i kwestiach określonych w pkt 10 poniżej. Wnioskodawcą jest American Airlines, Inc. („American Airlines"), powód w wyżej wymienionej sprawie.

Zgodnie z posiadanymi informacjami i przekonaniem, p. Suchanowski zamieszkuje na terytorium Rzeczypospolitej Polskiej i posiada lub może posiadać osobistą wiedzę na temat kwestii określonych w pkt 10 poniżej. Zeznania p. Suchanowskiego mają być wykorzystane na rozprawie lub w ramach przygotowań do rozprawy i zdaniem Sądu mają bezpośredni związek z roszczeniami i obroną stron w sprawie.

Wniosek ten został złożony przy założeniu, że w żaden sposób nie będzie wymagał od p. Suchanowskiego popełnienia jakiegokolwiek przestępstwa lub poddania się szerszej formie dochodzenia niż w przypadku prowadzenia postępowania sądowego w Polsce. Sąd wzywający jest przekonany, że dowód, który ma być uzyskany na podstawie niniejszego wniosku, jest istotny, niezbędny i nie można go uzyskać w inny sposób. Ponieważ niniejszy Sąd nie ma uprawnień ani jurysdykcji, aby doprowadzić do udziału p. Suchanowskiego w postępowaniu dowodowym, a jego udział jest niezbędny do wymierzenia sprawiedliwości w wyżej wymienionym postępowaniu, niniejszy Sąd zwraca się z prośbą o pomoc do polskiego Ministerstwa Sprawiedliwości.

1. **NADAWCA**

   Sędzia Mark T. Pittman
   Sąd Okręgowy Stanów Zjednoczonych dla Północnego Dystryktu Teksasu, Wydział Fort Worth
   501 West 10th Street, Room 401
   Fort Worth, TX 76102-3673
   Stany Zjednoczone Ameryki

2. **ORGAN CENTRALNY PAŃSTWA WEZWANEGO**

   Ministerstwo Sprawiedliwości
   Departament Współpracy Międzynarodowej i Praw Człowieka
   Al. Ujazdowskie 11
   00-950 Warszawa
   skr. pocztowa 33
   Polska
   sekretariat.dwmpc@ms.gov.pl
   +48 22 23 90 870

3. **OSOBA, DO KTÓREJ NALEŻY ZWRÓCIĆ WNIOSEK PO JEGO WYKONANIU**

Dee J. Kelly, Jr.
dee.kelly@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Tel.: (817) 332-2500

i miejscowy doradca prawny American Airlines w Polsce:

Paweł Pietkiewicz
Pawel.Pietkiewicz@gtlaw.com
GREENBERG TRAURIG Nowakowska-Zimoch Wysokiński sp.k.
Varso Tower
ul. Chmielna 69
00-801 Warszawa
+48 22 690 6129

**4.    OKREŚLENIE DATY, DO KTÓREJ ORGAN WZYWAJĄCY WYMAGA OTRZYMANIA ODPOWIEDZI NA WNIOSEK**

Prosimy o jak najszybszą odpowiedź. Pilny charakter wniosku wynika z tego, że zgodnie z postanowieniem Sądu w sprawie wyznaczenia posiedzenia wydanym w przedmiotowej sprawie, termin, w którym strony są zobowiązane do zakończenia postępowania dowodowego i uzyskania dowodów przedstawianych na rozprawie upływa 3 maja 2024 r., a strony i świadek będą musieli skoordynować wzajemnie dogodne daty składania zeznań przez świadka.

**5.    ZGODNIE Z ARTYKUŁEM 3 KONWENCJI, NIŻEJ PODPISANY WNIOSKODAWCA SKŁADA NASTĘPUJĄCY WNIOSEK:**

*a.    ORGAN WZYWAJĄCY (artykuł 3 lit. a)*

Sędzia Mark T. Pittman
Sąd Okręgowy Stanów Zjednoczonych dla Północnego Dystryktu Teksasu, Wydział Fort Worth
501 West 10th Street, Room 401
Fort Worth, TX 76102-3673
Stany Zjednoczone Ameryki

*b.    WŁAŚCIWY ORGAN (artykuł 3 lit. a)*

Polska

*c.    NAZWA I SYGNATURA SPRAWY*

*American Airlines, Inc. przeciwko Skiplagged, Inc.*, sygn. akt: 4:23-cv-00860-P, Sąd Okręgowy Stanów Zjednoczonych dla Północnego Dystryktu Teksasu, Wydział Fort Worth

**6.   NAZWISKA I ADRESY STRON POSTĘPOWANIA ORAZ ICH PEŁNOMOCNIKÓW (artykuł 3 lit. b)**

*a.   Powód:*

American Airlines, Inc.
1 Skyview Drive
Fort Worth, TX 76155

***Pełnomocnicy:***

Dee J. Kelly, Jr.
dee.kelly@kellyhart.com
Lars L. Berg
lars.berg@kellyhart.com
Julia G. Wisenberg
julia.wisenberg@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Tel.: (817) 332-2500

Bina Palnitkar
palnitkarb@gtlaw.com
Nathan J. Muyskens
nathan.muyskens@gtlaw.com
Zachary B. Tobolowsky
zachary.tobolowsky@gtlaw.com
**GREENBERG TRAURIG, LLP**
2200 Ross Avenue, Suite 5200
Dallas TX 75201
Tel.: (214) 665-3600

*b.   Pozwany:*

Skiplagged, Inc.
41 E. 11th St., 9th Floor
New York, NY 10003
lub
525 W. 28th St., # 1158
New York, NY 10001

***Pełnomocnicy:***

William L. Kirkman

**App'x 017**

billk@kirkmanlawfirm.com
Preston B. Sawyer
prestons@kirkmanlawfirm.com
**KIRKMAN LAW FIRM, PLLC**
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Tel.: (817) 336-2800

Aaron Z. Tobin
atobin@condontobin.com
Kendal B. Reed
kreed@condontobin.com
Abigail R.S. Campbell
acampbell@condontobin.com
**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Tel.: (214) 265-3800

**7.**

### a.     RODZAJ POSTĘPOWANIA

Naruszenie umowy; niedozwolona ingerencja; naruszenie znaku towarowego (15 U.S.C. § 1114); fałszywe oznaczenie pochodzenia i nieuczciwa konkurencja (15 U.S.C. § 1125(a)); naruszenie praw autorskich (17 U.S.C. § 101); oraz wniosek o zabezpieczenie roszczeń.

### b.     STRESZCZENIE POZWU

Skiplagged, Inc. jest właścicielem i prowadzącym stronę internetową Skiplagged.com, która jest biurem podróży i metawyszukiwarką i umożliwia użytkownikom wyszukiwanie i rezerwowanie lotów, hoteli i samochodów do wynajęcia. Skiplagged.com pozwala użytkownikom między innymi wyszukiwać, identyfikować oraz kupować i rezerwować loty American Airlines bezpośrednio na stronie Skiplagged.com lub poprzez przekierowanie użytkowników na strony innych internetowych biur podróży w celu dokonania zakupu i rezerwacji lotów American Airlines. W ten sposób Skiplagged wykorzystuje i wyświetla na swojej stronie internetowej cenne znaki towarowe American Airlines, taryfy American Airlines, rozkład lotów, dostępne miejsca,

dane dotyczące biletów i lotów oraz inne chronione informacje i treści należące do American Airlines. Niemniej jednak, tylko autoryzowani agenci American Airlines mogą działać w imieniu American Airlines, korzystać i eksponować chronione dane i treści oraz wystawiać bilety pasażerom w imieniu American Airlines. Skiplagged nie jest i nigdy nie był agentem American Airlines, nigdy nie miał upoważnienia od American Airlines do korzystania z cennych chronionych danych, treści lub własności intelektualnej i nigdy nie był upoważniony przez American Airlines do marketingu, eksponowania lub sprzedaży biletów American Airlines lub powiązanych usług lotniczych, ani do działania w inny sposób jako agent American Airlines. Jednak za pośrednictwem swojej strony internetowej Skiplagged przedstawia się jako agent American Airlines, przywłaszczając, wykorzystując i wyświetlając dane American Airlines oraz wykorzystując znaki towarowe American Airlines w celu sprzedaży biletów na loty American Airlines. W tym celu Skiplagged wykorzystuje różne środki elektroniczne — takie jak unikalne oprogramowanie, algorytmy, kod, programy i inne środki techniczne — w celu uzyskania dostępu, interakcji oraz danych i treści ze strony AA.com, a następnie modyfikuje i publikuje dane na stronie Skiplagged.com.

W związku z powyższym American Airlines złożyły pozew w sierpniu 2023 r., dochodząc roszczeń przeciwko Skiplagged z tytułu naruszenia umowy, niedozwolonej ingerencji, naruszenia znaku towarowego, fałszywego oznaczenia pochodzenia i nieuczciwej konkurencji, naruszenia praw autorskich oraz zabezpieczenia roszczeń.

### c.    STRESZCZENIE OBRONY

Skiplagged zaprzecza zasadniczo wszystkim zarzutom American Airlines i przywołuje różne środki na obronę przed roszczeniami American Airlines.

**8.**

a.    **DOWÓD, KTÓRY MA BYĆ PRZEPROWADZONY LUB INNA CZYNNOŚĆ SĄDOWA, KTÓRA MA BYĆ DOKONANA (artykuł 3 lit. d)**

Wniosek dotyczy uzyskania zeznania Sebastiana Suchanowskiego złożonego ustnie pod przysięgą oraz jego nagrania i utrwalenia w formie stenograficznej lub nagrania wideo.

b.    **CEL WNIOSKOWANEGO DOWODU LUB CZYNNOŚCI SĄDOWEJ**

American Airlines zamierza wykorzystać zeznanie Sebastiana Suchanowskiego jako dowód w procesie sądowym w celu poparcia roszczeń American Airlines lub obalenia obrony Skiplagged.

**9.    NAZWISKO I ADRES OSOBY, KTÓRA MA BYĆ PRZESŁUCHANA (artykuł 3 lit. e)**

Sebastian Suchanowski
ul. Kopalniana 14a lok. 11
01-321 Warszawa

**10.   OPIS PRZEDMIOTU SPRAWY, KTÓREJ MA DOTYCZYĆ PRZESŁUCHANIE (artykuł 3 lit. f)**

Przesłuchanie p. Sebastiana Suchanowskiego dotyczyć ma następujących kwestii związanych ze Skiplagged i Skiplagged.com:

1)  funkcjonalność wyszukiwania Skiplagged.com, w tym procesy techniczne stosowane do uruchamiania wyszukiwania i generowania wyników wyszukiwania na Skiplagged.com po wprowadzeniu przez użytkownika pożądanych kryteriów.

2)  Źródła, z których Skiplagged uzyskuje wyniki wyszukiwania wyświetlane na swojej stronie internetowej.

3)  „Baza danych" używana i utrzymywana przez Skiplagged do przechowywania informacji o użytkownikach, danych o przelocie pasażera (PNR), danych dotyczących zakupów, wiadomości e-mail i innych danych, rodzaje informacji gromadzonych i przechowywanych przez Skiplagged w „bazie danych" oraz sposób wykorzystywania tych danych i informacji przez Skiplagged.

4)  Szczegóły, opracowanie, projekt, struktura, funkcjonalność i działanie środków technicznych, metod, procesów, oprogramowania, programów, technik, kodu źródłowego i sprzętu — zarówno aktualnych, jak i historycznych — wykorzystywanych przez Skiplagged w celu:

a. uzyskiwania dostępu, pozyskiwania, gromadzenia, ekstrakcji (scrapingu), wyodrębniania lub otrzymywania Treści American Airlines, w tym między innymi danych lotów i taryf American Airlines;

b. interakcji z witryną AA.com, interfejsem API American Airlines lub systemami komputerowymi American Airlines;

c. wyszukiwania lub identyfikowania lotów, tras i taryf American Airlines w celu prezentowania ich klientom na Skiplagged.com (w tym w celu identyfikowania najlepszych cen lub generowania biletów na fikcyjny plan podróży z wykorzystaniem techniki zwanej „hidden city";

d. uruchamiania lub wykorzystywanie zautomatyzowanych botów lub skryptów w celu interakcji z AA.com lub interfejsem API American Airlines;

e. samodzielnego publikowania, wyświetlania, rozpowszechniania, udostępniania lub wykorzystywania w inny sposób Treści American Airlines, w tym między innymi danych lotów i taryf American Airlines, na stronie Skiplagged.com;

f. rezerwowania lub kupowania lotów American Airlines na stronie AA.com dla użytkowników i klientów Skiplagged;

g. pobierania opłat od użytkowników i klientów za zakup lotów American Airlines;

h. sprzedaży lotów American Airlines;

i. przekazywania informacji podróżnych klientom kupującym loty lub usługi American Airlines za pośrednictwem Skiplagged.com; oraz

j. obchodzenia zabezpieczeń technicznych, firewalli lub innych cyfrowych środków bezpieczeństwa stosowanych w AA.com, interfejsie API American Airlines lub systemach komputerowych American Airlines.

5) Sposoby uzyskiwania dostępu, pozyskiwania, zbierania, otrzymywania lub gromadzenia Treści American Airlines, w tym między innymi kiedy, w jaki sposób i z jakiego źródła Skiplagged zbierał lub uzyskiwał te treści i informacje.

6) „Różnorodne źródła", z których „Skiplagged pozyskuje informacje o lotach i taryfach American Airlines" (o których mowa w oświadczeniu p. A. Zamana) oraz środki techniczne i proces, za pomocą którego uzyskuje, a następnie wykorzystuje takie informacje.

7) Rodzaje danych, informacji i treści związanych z lotami, taryfami, produktami lub usługami American Airlines, zebranych lub wykorzystanych przez Skiplagged, a także procesy stosowane do ich do uzyskiwania i wykorzystywania.

8) Komunikacja i interakcje cyfrowe pomiędzy Skiplagged a AA.com w związku z zakupami lub sprzedażą lotów American Airlines przez Skiplagged oraz procesy techniczne wykorzystywane do generowania i prowadzenia takiej komunikacji.

9) Komunikacja pomiędzy inżynierami oprogramowania Skiplagged i wykonywana przez nich praca.

10) Działanie i funkcjonalność Skiplagged.com.

**11.   DOKUMENTY LUB INNE PRZEDMIOTY, KTÓRE POWINNY BYĆ ZBADANE (artykuł 3 lit. g)**

Brak.

**12.   WYMÓG, ABY ZEZNANIA ZOSTAŁY STWIERDZONE PRZYSIĘGĄ LUB PRZYRZECZENIEM WRAZ Z ZASTOSOWANIEM SZCZEGÓLNEJ FORMY TEJ PRZYSIĘGI LUB PRZYRZECZENIA (artykuł 3 lit. h)**

Zeznanie powinno być złożone pod przysięgą lub przyrzeczeniem. Alternatywnie, świadek powinien zostać pouczony o konsekwencjach składania nieprawdziwych lub fałszywych zeznań w świetle polskiego prawa. Zwracamy się także o sporządzenie audiowizualnego zapisu i pisemnego protokołu z zeznań, z udziałem kamerzysty i protokolanta lub stenografa oddelegowanego przez American Airlines. Jeśli sporządzenie zapisu w taki sposób jest niemożliwe, zwracamy się o jego przygotowanie w sposób przewidziany przez polskie prawo.

**13.   SZCZEGÓLNA METODA LUB PROCEDURA, KTÓREJ NALEŻY PRZESTRZEGAĆ (artykuł 3 lit. i oraz artykuł 9)**

Przesłuchanie należy przeprowadzić zgodnie z zasadami postępowania dowodowego (*discovery rules*) Federalnych Przepisów Postępowania Cywilnego Stanów Zjednoczonych (*Federal Rules of Civil Procedure of the United States*), w zakresie, w jakim zasady te nie są niezgodne z polskim prawem. Zwracamy się ponadto, aby: (i) przesłuchanie odbyło się w formie ustnej; (ii) przesłuchanie odbyło się przed protokolantem i kamerzystą oddelegowanym przez American Airlines; (iii) kamerzyście zezwolono na nagrywanie przesłuchania za pomocą środków audiowizualnych; (iv) stenografowi zezwolono na zapisywanie dosłownej transkrypcji przesłuchania; (v) przesłuchanie odbywało się w języku angielskim lub, w razie potrzeby, z

pomocą tłumacza zapewnionego przez American Airlines; (vi) jeżeli przesłuchanie przeprowadzane będzie z udziałem tłumacza, zwracamy się o zezwolenie na sporządzenie dosłownej transkrypcji postępowania zarówno w języku angielskim, jak i polskim; (vii) przesłuchanie świadka nie może trwać dłużej niż osiem godzin, jeżeli świadek wymaga tłumacza, lub sześć godzin, jeśli świadek nie wymaga tłumacza; (viii) przesłuchanie świadka powinno nastąpić tak szybko, jak to możliwe; oraz (ix) zwracamy się o zezwolenie prawnikom z kancelarii Kelly Hart & Hallman LLP i Greenberg Traurig LLP, działającym jako pełnomocnicy American Airlines, na przeprowadzenie przesłuchania ustnego.

W przypadku, gdy dowód nie może zostać przeprowadzony zgodnie z niektórymi lub wszystkimi procedurami opisanymi powyżej, zwracamy się o przeprowadzenie przesłuchania w sposób przewidziany obowiązującymi przepisami prawa polskiego mającymi zastosowanie do formalnego przeprowadzenia dowodu z zeznania.

**14.    WNIOSEK O POWIADOMIENIE O CZASIE I MIEJSCU PRZEPROWADZENIA POSTĘPOWANIA BĘDĄCEGO PRZEDMIOTEM WNIOSKU I WSKAZANIE TOŻSAMOŚCI ORAZ ADRESÓW OSÓB, KTÓRE POWINNY ZOSTAĆ O NIM ZAWIADOMIONE (artykuł 7)**

Zwracamy się o zawiadomienie następujących osób o czasie i miejscu przeprowadzenia postępowania będącego przedmiotem Wniosku:

> Paweł Pietkiewicz
> Pawel.Pietkiewicz@gtlaw.com
> Antoni Libiszowski
> Antoni.Libiszowski@gtlaw.com
> GREENBERG TRAURIG Nowakowska-Zimoch Wysokiński sp.k.
> Varso Tower
> ul. Chmielna 69
> 00-801 Warszawa
> +48 22 690 6129
>
> Dee J. Kelly, Jr.
> dee.kelly@kellyhart.com
> **KELLY HART & HALLMAN LLP**
> 201 Main Street, Suite 2500

Fort Worth, Texas 76102
Tel.: (817) 332-2500

Bina Palnitkar
palnitkarb@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Tel.: (214) 665-3600

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
**GREENBERG TRAURIG LLP**
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Tel.: (202) 331-3100

William L. Kirkman
billk@kirkmanlawfirm.com
**KIRKMAN LAW FIRM, PLLC**
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Tel.: (817) 336-2800

Aaron Z. Tobin
atobin@condontobin.com
**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Tel.: (214) 265-3800

15.   **WNIOSEK O UMOŻLIWIENIE OBECNOŚCI LUB UCZESTNICTWA PRZEDSTAWICIELI WYSTĘPUJĄCEGO ORGANU PRZY WYKONYWANIU WNIOSKU (artykuł 8)**

Brak takiego żądania.

16.   **OPIS PRAWA DO ODMOWY UDOSTĘPNIENIA DOWODU NA PODSTAWIE PRAWA PAŃSTWA WZYWAJĄCEGO (artykuł 11 lit. b)**

Zgodnie z prawem Stanów Zjednoczonych, świadek może odmówić składania zeznań, które wymagałyby ujawnienia poufnej komunikacji między nim a jego doradcą prawnym, związanej ze zleceniem doradztwa prawnego. Prawo to określane jest jako tajemnica adwokacka lub radcowska (ang. *attorney-client privilege*). Świadek może również odmówić odpowiedzi na

pytanie, jeśli odpowiedź narażałaby go na rzeczywiste i dostrzegalne zagrożenie

odpowiedzialnością karną w Stanach Zjednoczonych. Prawo tochroni przed składaniem zeznań

obciążających samego świadka. W przypadku skorzystania z prawa odmowy odpowiedzi na na

jednej z powyższych podstaw, oświadczenie w tej sprawie musi zostać złożone w momencie

składania zeznań.

17. **PONIESIONE OPŁATY I KOSZTY, KTÓRE PODLEGAJĄ ZWROTOWI ZGODNIE Z ARTYKUŁEM 14 UST. 2 LUB ARTYKUŁEM 26 KONWENCJI POKRYWA:**

Powód American Airlines, Inc.


**DATA WNIOSKU**: _____ 2024 r.


                       _____

                       SĘDZIA MARK T. PITTMAN
                       SĄD OKRĘGOWY STANÓW
                       ZJEDNOCZONYCH AMERYKI

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **AMERICAN AIRLINES, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-CV-00860-P** |
| | § | |
| **SKIPLAGGED, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

---

**LETTER OF REQUEST TO THE MINISTRY OF JUSTICE
OF THE REPUBLIC OF POLAND**

---

TO THE MINISTRY OF JUSTICE OF THE REPUBLIC OF POLAND:

The United States District Court for the Northern District of Texas presents its compliments to the Ministry of Justice of the Republic of Poland (the "Poland Ministry of Justice") and, pursuant to the *Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, respectfully requests international judicial assistance to obtain oral testimony from an individual located within your jurisdiction to be used as evidence in the above-captioned civil proceeding before this Court. In particular, this Court has determined that it would further the interests of justice if, by the proper and usual process of the Poland Ministry of Justice, you summon or compel Pawel Wrzosek to give testimony upon oral examination regarding the matters and issues identified under paragraph 10 below. The applicant for these letters is American Airlines, Inc. ("American Airlines"), the plaintiff in the above-captioned case.

On information and belief, Mr. Wrzosek resides within the Republic of Poland and has, or is likely to have, personal knowledge about the matters specified in paragraph 10 below. The

testimony sought from Mr. Wrzosek is intended for use at trial or in preparation for trial, and, in the view of this Court, is directly relevant to the parties' claims and defenses in the case.

This request is made with the understanding that it will in no way require Mr. Wrzosek to commit any offense, or to undergo a broader form of inquiry than he would if the litigation were conducted in Poland. The requesting Court is satisfied that the evidence sought to be obtained through this request is relevant and necessary and cannot reasonably be obtained by other methods. Because this Court lacks authority or jurisdiction to compel Mr. Wrzosek's participation in discovery and, such participation being necessary for justice to be served in the above-captioned proceedings, this Court respectfully requests assistance from the Poland Ministry of Justice.

1. **SENDER**

> Honorable Judge Mark T. Pittman
> United States District Court for the Northern District of Texas, Fort Worth Division
> 501 West 10th Street, Room 401
> Fort Worth, TX 76102-3673
> United States of America

2. **CENTRAL AUTHORITY OF THE REQUESTED STATE**

> Ministry of Justice (Ministerstwo Sprawiedliwości)
> Departament Współpracy Międzynarodowej i Praw Człowieka
> Al. Ujazdowskie 11
> 00-950 Warsaw
> P.O. Box 33
> Poland
> sekretariat.dwmpc@ms.gov.pl
> +48 22 23 90 870

3. **PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED**

> Dee J. Kelly, Jr.
> dee.kelly@kellyhart.com
> **KELLY HART & HALLMAN LLP**
> 201 Main Street, Suite 2500
> Fort Worth, Texas 76102
> Telephone: (817) 332-2500

> And Local Poland Counsel for American Airlines:

Paweł Pietkiewicz
Pawel.Pietkiewicz@gtlaw.com
GREENBERG TRAURIG Nowakowska-Zimoch Wysokiński sp.k.
Varso Tower
ul. Chmielna 69
00-801 Warsaw
+48 22 690 6129

**4.    SPECIFICATION OF THE DATE BY WHICH THE REQUESTING AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST**

A response is requested as soon as reasonably possible. The reason for the urgency of this request is that, pursuant to this Court's Scheduling Order issued in this case, the deadline by which the parties are required to complete discovery and obtain evidence for use at trial is May 3, 2024, and the parties and witness will need to coordinate mutually convenient dates for the taking of testimony from the witness.

**5.    IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST:**

*a.    REQUESTING JUDICIAL AUTHORITY (Article 3(a))*

Honorable Judge Mark T. Pittman
United States District Court for the Northern District of Texas, Fort Worth Division
501 West 10th Street, Room 401
Fort Worth, TX 76102-3673
United States of America

*b.    TO THE COMPETENT AUTHORITY OF (Article 3(a))*

Poland

*c.    NAMES OF THE CASE AND ANY IDENTIFYING NUMBER*

*American Airlines, Inc. v. Skiplagged, Inc.*, Case No. 4:23-cv-00860-P, in the United States District Court of the Northern District of Texas, Fort Worth Division

**6.    NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES (Article 3(b))**

*a.    Plaintiff:*

American Airlines, Inc.
1 Skyview Drive
Fort Worth, TX 76155

***Representatives:***

Dee J. Kelly, Jr.
dee.kelly@kellyhart.com
Lars L. Berg
lars.berg@kellyhart.com
Julia G. Wisenberg
julia.wisenberg@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500

Bina Palnitkar
palnitkarb@gtlaw.com
Nathan J. Muyskens
nathan.muyskens@gtlaw.com
Zachary B. Tobolowsky
zachary.tobolowsky@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3600

**b.**    ***Defendant:***

Skiplagged, Inc.
41 E. 11th St., 9th Floor
New York, NY 10003
-or-
525 W. 28th St., # 1158
New York, NY 10001

***Representatives:***

William L. Kirkman
billk@kirkmanlawfirm.com
Preston B. Sawyer
prestons@kirkmanlawfirm.com
**KIRKMAN LAW FIRM, PLLC**
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone: (817) 336-2800

**App'x 030**

Aaron Z. Tobin
atobin@condontobin.com
Kendal B. Reed
kreed@condontobin.com
Abigail R.S. Campbell
acampbell@condontobin.com
**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800

7.

### a.    NATURE OF THE PROCEEDINGS

Breach of Contract; Tortious Interference; Trademark Infringement (15 U.S.C. § 1114); False Designation of Origin and Unfair Competition (15 U.S.C. § 1125(a)); Copyright Infringement (17 U.S.C. § 101); and Request for Injunctive Relief.

### b.    SUMMARY OF COMPLAINT

Skiplagged, Inc. owns and operates the website Skiplagged.com, an online travel agency and travel metasearch engine that allows users to search for and book/purchase flights, hotels, and rental cars. Among other things, Skiplagged.com allows users to search for, identify, and purchase and book American Airlines flights directly on the Skiplagged.com website and/or by redirecting users to the websites of other online travel agencies to complete the purchase/booking of American flights. In doing so, Skiplagged also uses and displays on its website American Airlines' valuable trademarks, American Airlines' fare, schedule, inventory, ticketing, and flight data, and other protected information and content owned by American Airlines. However, only authorized agents of American Airlines are permitted to act on behalf of American Airlines, to use/display its protected data and content, and to issue tickets to passengers on its behalf. Skiplagged is not, and has never been, an agent for American Airlines, has never had authorization from American Airlines to use its valuable and protected data, content, or intellectual property, and has never been

authorized by American Airlines to market, display, or sell American Airlines tickets or related flight services, or to otherwise act as American's agent. Yet, through its website, Skiplagged holds itself out as an agent of American Airlines by misappropriating, using, and displaying American's data and using American's trademarks in order to sell tickets for American Airlines flights. To do this, Skiplagged employs various electronic means—such as unique software, algorithms, code, programs, and other technical means—to access, interact with, and obtain data and content from AA.com, and then modifies and republishes the data on Skiplagged.com and its mobile app.

Based on the foregoing, American Airlines filed this lawsuit in August 2023, asserting claims against Skiplagged for breach of contract, tortious interference, trademark infringement, false designation of origin and unfair competition, copyright infringement, and injunctive relief.

### c.   SUMMARY OF DEFENSE

Skiplagged denies essentially all of the allegations in American's complaint and asserts various affirmative defenses to American's claims.

**8.**

### a.   EVIDENCE TO BE OBTAINED OR OTHER JUDICIAL ACT TO BE PERFORMED (Article 3(d))

It is requested that the testimony of Pawel Wrzosek be obtained through oral deposition, under oath, and that such testimony be recorded and preserved by means of a stenographer and/or videographer.

### b.   PURPOSE OF THE EVIDENCE OR JUDICIAL ACT SOUGHT

American Airlines intends to use the testimony obtained from Pawel Wrzosek as evidence at trial to support American Airlines' claims and/or to refute Skiplagged's defenses.

### 9.   IDENTITY AND ADDRESS OF THE PERSON TO BE EXAMINED (Article 3(e))

Pawel Wrzosek
ul. Rozłogi 18/66
01-310 Warszawa

10. **STATEMENT OF THE SUBJECT MATTER ABOUT WHICH THE PERSON IS TO BE EXAMINED (Article 3(f))**

Pawel Wrzosek should be examined on the following subjects related to Skiplagged and Skiplagged.com:

1) The development, functionality, and operation of Skiplagged.com and Skiplagged's mobile application.

2) Skiplagged.com's search functionality, including the technical processes employed to run searches and generate search results after users enter in their desired criteria, including in connection with Skiplagged's mobile application.

3) The sources from which Skiplagged obtains the search results displayed on its website.

4) The "database" Skiplagged uses and maintains to store users' information, customers' PNR data, purchase data, emails, and other data, the types of information Skiplagged collects and stores in its "database," and how Skiplagged uses such data/information.

5) The details, development, design, structure, functionality, and operation of the technical means, methods, processes, software, programs, techniques, source code, and/or hardware—both current and historical—that Skiplagged has used to:

   a. access, obtain, harvest, scrape, extract, or receive American's Content, including but not limited to American's flight and fare data;

   b. interact with or access AA.com, American's API, or American's computer systems;

   c. search for or identify American flights, itineraries, and fares to present to customers on Skiplagged.com (including to identify the best prices and/or to generate "hidden city" tickets);

   d. deploy or utilize automated bots or scripts to interact with AA.com or American's API;

   e. republish, display, distribute, provide access to, or otherwise use American's Content, including but not limited to American's flight and fare data, on Skiplagged.com;

   f. book or purchase American flights on AA.com for Skiplagged users/customers;

   g. charge users/customers fees for the purchase of American flights

   h. sell American flights;

   i. communicate travel information to customers who purchase American flights or services through Skiplagged.com; and

    j.   circumvent any technological protections, firewalls, or other digital security measures in place for AA.com, American's API, or American's computer systems.

6)   The ways in which Skiplagged has accessed, obtained, collected, received, or harvested American's Content, including but not limited to when, how, and from what source Skiplagged collected or obtained the content/information.

7)   The "variety of sources" from whom "Skiplagged obtains American flight and fare information" (as described by the Declaration of A. Zaman), and the technical means and process by which it obtains and then uses such information.

8)   The types of data, information, and content relating to American flights, fares, products, or services that Skiplagged has collected or used, and the processes used to obtain and use such data, information, or content.

9)   The communications and digital interactions that occur between Skiplagged and AA.com in connection with Skiplagged purchasing or selling American flights, and the technical processes used to generate and conduct such communications.

10)  Communications between, and work performed by, Skiplagged's software engineers.

## 11.   DOCUMENTS OR OTHER PROPERTY TO BE INSPECTED (Article 3(g))

None.

## 12.   ANY REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND ANY SPECIAL FORM TO BE USED (Article 3(h))

The testimony should be given under oath or affirmation, or in the alternative, the witness should be instructed of the consequences of giving untruthful or false answers under the laws of Poland. It is also requested that an audio-visual and written record of the testimony be taken, with a videographer and reporter/stenographer to be provided by American Airlines. In the event the evidence cannot be taken in the manner requested, it should be taken in such manner as provided by Polish law.

## 13.   SPECIAL METHODS OR PROCEDURE TO BE FOLLOWED (Articles 3(i) and 9)

The examination shall be conducted pursuant to the discovery rules as provided for in the Federal Rules of Civil Procedure of the United States, except to the extent such procedure is incompatible with the laws of Poland. It is further requested that: (i) the examination be taken orally; (ii) the examination be taken before a stenographer and videographer provided by American

Airlines; (iii) the videographer be permitted to record the examination by audiovisual means; (iv) the stenographer be allowed to record a verbatim transcript of the examination; (v) the examination be conducted in English, or, if necessary, with the assistance of an interpreter provided by American Airlines; (vi) if the examination is conducted through an interpreter, verbatim transcripts of the proceeding in both English and Polish be permitted; (vii)  the witness be examined for no more than eight hours if the witness requires an interpreter or six hours if the witness does not require an interpreter; (viii)  the witness be examined as soon as possible; and (ix) attorneys from the law firms Kelly Hart & Hallman LLP and Greenberg Traurig LLP, acting as legal representatives for American Airlines, be permitted to conduct the oral examination.

In the event that the evidence cannot be taken in accordance with some or all of the procedures described above, it is requested that the testimony be taken in such manner as provided by the applicable laws of Poland for the formal taking of testimonial evidence.

**14.  REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR THE EXECUTION OF THE REQUEST AND IDENTITY AND ADDRESS OF ANY PERSON TO BE NOTIFIED (Article 7)**

Please notify the following persons regarding the time and place for the execution of the Request:

> Paweł Pietkiewicz
> Pawel.Pietkiewicz@gtlaw.com
> Antoni Libiszowski
> Antoni.Libiszowski@gtlaw.com
> GREENBERG TRAURIG Nowakowska-Zimoch Wysokiński sp.k.
> Varso Tower
> ul. Chmielna 69
> 00-801 Warsaw
> +48 22 690 6129
>
> Dee J. Kelly, Jr.
> dee.kelly@kellyhart.com
> **KELLY HART & HALLMAN LLP**
> 201 Main Street, Suite 2500
> Fort Worth, Texas 76102

Telephone: (817) 332-2500

Bina Palnitkar
palnitkarb@gtlaw.com
**GREENBERG TRAURIG LLP**
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3600

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
**GREENBERG TRAURIG LLP**
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100

William L. Kirkman
billk@kirkmanlawfirm.com
**KIRKMAN LAW FIRM, PLLC**
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone: (817) 336-2800

Aaron Z. Tobin
atobin@condontobin.com
**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800

15.   **REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST (Article 8)**

None requested.

16.   **SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE REQUESTING STATE (Article 11(b))**

Under the laws of the United States, the witness may refuse to give testimony that calls for

the disclosure of any confidential communication between him and his counsel that was made in

connection with a request for legal advice. This privilege is known as the attorney-client privilege.

The witness may also refuse to answer a question if the answer would subject him to a real and

appreciable danger of criminal liability in the U.S. This privilege is known as the privilege against criminal self-incrimination. If any testimony is withheld on either of these grounds, a statement to that effect must be made at the time of the taking of testimony.

17.  **THE FEES AND COSTS INCURRED WHICH ARE REIMBURSABLE UNDER THE SECOND PARAGRAPH OF ARTICLE 14 OR UNDER ARTICLE 26 OF THE CONVENTION WILL BE BORNE BY:**

Plaintiff American Airlines, Inc.

**DATE OF REQUEST**: _____, 2024

_____
HON. MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

# <u>DOWÓD B</u>

**W SĄDZIE OKRĘGOWYM STANÓW ZJEDNOCZONYCH
DLA PÓŁNOCNEGO DYSTRYKTU TEKSASU
WYDZIAŁ FORT WORTH**

|  |  |  |
|---|---|---|
| **AMERICAN AIRLINES, INC.,** | § | |
| | § | |
| **Powód,** | § | |
| | § | **Pozew w sprawie cywilnej sygn. Akt** |
| **v.** | § | **4:23-CV-00860-P** |
| | § | |
| **SKIPLAGGED, INC.,** | § | |
| | § | |
| **Pozwany.** | § | |

**WNIOSEK DO MINISTERSTWA SPRAWIEDLIWOŚCI
RZECZYPOSPOLITEJ POLSKIEJ**

DO MINISTERSTWA SPRAWIEDLIWOŚCI RZECZYPOSPOLITEJ POLSKIEJ:

 Sąd Okręgowy Stanów Zjednoczonych dla Północnego Dystryktu Teksasu składa wyrazy szacunku Ministerstwu Sprawiedliwości Rzeczypospolitej Polskiej („polskie Ministerstwo Sprawiedliwości") i, zgodnie z *Konwencją o przeprowadzaniu dowodów za granicą w sprawach cywilnych lub handlowych, sporządzoną w Hadze dnia 18 marca 1970 r.*, zwraca się o udzielenie międzynarodowej pomocy sądowej w celu uzyskania ustnych zeznań od osoby fizycznej znajdującej się w Państwa jurysdykcji, które zostaną wykorzystane jako dowód w wyżej wymienionym postępowaniu cywilnym przed tym Sądem. W szczególności niniejszy Sąd ustalił, że w interesie wymiaru sprawiedliwości byłoby wezwanie lub doprowadzenie Pawła Wrzoska, w odpowiednim, zwykłym trybie dla polskiego Ministerstwa Sprawiedliwości, do złożenia zeznań w ramach ustnego przesłuchania w sprawach i kwestiach określonych w pkt 10 poniżej. Wnioskodawcą jest American Airlines, Inc. („American Airlines"), powód w wyżej wymienionej sprawie.

Zgodnie z posiadanymi informacjami i przekonaniem, p. Wrzosek zamieszkuje na terytorium Rzeczypospolitej Polskiej i posiada lub może posiadać osobistą wiedzę na temat kwestii określonych w pkt 10 poniżej. Zeznania p. Wrzoska mają być wykorzystane na rozprawie lub w ramach przygotowań do rozprawy i zdaniem Sądu mają bezpośredni związek z roszczeniami i obroną stron w sprawie.

Wniosek ten został złożony przy założeniu, że w żaden sposób nie będzie wymagał od p. Wrzoska popełnienia jakiegokolwiek przestępstwa lub poddania się szerszej formie dochodzenia niż w przypadku prowadzenia postępowania sądowego w Polsce. Sąd wzywający jest przekonany, że dowód, który ma być uzyskany na podstawie niniejszego wniosku, jest istotny, niezbędny i nie można go uzyskać w inny sposób. Ponieważ niniejszy Sąd nie ma uprawnień ani jurysdykcji, aby doprowadzić do udziału p. Wrzoska w postępowaniu dowodowym, a jego udział jest niezbędny do wymierzenia sprawiedliwości w wyżej wymienionym postępowaniu, niniejszy Sąd zwraca się z prośbą o pomoc do polskiego Ministerstwa Sprawiedliwości.

1.    **NADAWCA**

    Sędzia Mark T. Pittman
    Sąd Okręgowy Stanów Zjednoczonych dla Północnego Dystryktu Teksasu, Wydział Fort Worth
    501 West 10th Street, Room 401
    Fort Worth, TX 76102-3673
    Stany Zjednoczone Ameryki

2.    **ORGAN CENTRALNY PAŃSTWA WEZWANEGO**

    Ministerstwo Sprawiedliwości
    Departament Współpracy Międzynarodowej i Praw Człowieka
    Al. Ujazdowskie 11
    00-950 Warszawa
    skr. pocztowa 33
    Polska
    sekretariat.dwmpc@ms.gov.pl
    +48 22 23 90 870

3.    **OSOBA, DO KTÓREJ NALEŻY ZWRÓCIĆ WNIOSEK PO JEGO WYKONANIU**

Dee J. Kelly, Jr.
dee.kelly@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Tel.: (817) 332-2500

i miejscowy doradca prawny American Airlines w Polsce:

Paweł Pietkiewicz
Pawel.Pietkiewicz@gtlaw.com
GREENBERG TRAURIG Nowakowska-Zimoch Wysokiński sp.k.
Varso Tower
ul. Chmielna 69
00-801 Warszawa
+48 22 690 6129

**4.     OKREŚLENIE DATY, DO KTÓREJ ORGAN WZYWAJĄCY WYMAGA OTRZYMANIA ODPOWIEDZI NA WNIOSEK**

Prosimy o jak najszybszą odpowiedź. Pilny charakter wniosku wynika z tego, że zgodnie z postanowieniem Sądu w sprawie wyznaczenia posiedzenia wydanym w przedmiotowej sprawie, termin, w którym strony są zobowiązane do zakończenia postępowania dowodowego i uzyskania dowodów przedstawianych na rozprawie upływa 3 maja 2024 r., a strony i świadek będą musieli skoordynować wzajemnie dogodne daty składania zeznań przez świadka.

**5.     ZGODNIE Z ARTYKUŁEM 3 KONWENCJI, NIŻEJ PODPISANY WNIOSKODAWCA SKŁADA NASTĘPUJĄCY WNIOSEK:**

*a.     ORGAN WZYWAJĄCY (artykuł 3 lit. a)*

Sędzia Mark T. Pittman
Sąd Okręgowy Stanów Zjednoczonych dla Północnego Dystryktu Teksasu, Wydział Fort Worth
501 West 10th Street, Room 401
Fort Worth, TX 76102-3673
Stany Zjednoczone Ameryki

*b.     WŁAŚCIWY ORGAN (artykuł 3 lit. a)*

Polska

*c.     NAZWA I SYGNATURA SPRAWY*

*American Airlines, Inc. przeciwko Skiplagged, Inc.*, sygn. akt:  4:23-cv-00860-P, Sąd Okręgowy Stanów Zjednoczonych dla Północnego Dystryktu Teksasu, Wydział Fort Worth

**6.**  **NAZWISKA  I  ADRESY  STRON  POSTĘPOWANIA  ORAZ  ICH PEŁNOMOCNIKÓW (artykuł 3 lit. b)**

*a.*    *Powód:*

American Airlines, Inc.
1 Skyview Drive
Fort Worth, TX 76155

*Pełnomocnicy:*

Dee J. Kelly, Jr.
dee.kelly@kellyhart.com
Lars L. Berg
lars.berg@kellyhart.com
Julia G. Wisenberg
julia.wisenberg@kellyhart.com
**KELLY HART & HALLMAN LLP**
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Tel.: (817) 332-2500

Bina Palnitkar
palnitkarb@gtlaw.com
Nathan J. Muyskens
nathan.muyskens@gtlaw.com
Zachary B. Tobolowsky
zachary.tobolowsky@gtlaw.com
**GREENBERG TRAURIG, LLP**
2200 Ross Avenue, Suite 5200
Dallas  TX 75201
Tel.: (214) 665-3600

*b.*    *Pozwany:*

Skiplagged, Inc.
41 E. 11th St., 9th Floor
New York, NY 10003
lub
525 W. 28th St., # 1158
New York, NY 10001

*Pełnomocnicy:*

**App'x 042**

William L. Kirkman
billk@kirkmanlawfirm.com
Preston B. Sawyer
prestons@kirkmanlawfirm.com
**KIRKMAN LAW FIRM, PLLC**
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Tel.: (817) 336-2800

Aaron Z. Tobin
atobin@condontobin.com
Kendal B. Reed
kreed@condontobin.com
Abigail R.S. Campbell
acampbell@condontobin.com
**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Tel.: (214) 265-3800

## 7.

### a.    RODZAJ POSTĘPOWANIA

Naruszenie umowy; niedozwolona ingerencja; naruszenie znaku towarowego (15 U.S.C. § 1114); fałszywe oznaczenie pochodzenia i nieuczciwa konkurencja (15 U.S.C. § 1125(a)); naruszenie praw autorskich (17 U.S.C. § 101); oraz wniosek o zabezpieczenie roszczeń.

### b.    STRESZCZENIE POZWU

Skiplagged, Inc. jest właścicielem i prowadzącym stronę internetową Skiplagged.com, która jest biurem podróży i metawyszukiwarką i umożliwia użytkownikom wyszukiwanie i rezerwowanie lotów, hoteli i samochodów do wynajęcia. Skiplagged.com pozwala użytkownikom między innymi wyszukiwać, identyfikować oraz kupować i rezerwować loty American Airlines bezpośrednio na stronie Skiplagged.com lub poprzez przekierowanie użytkowników na strony innych internetowych biur podróży w celu dokonania zakupu i rezerwacji lotów American Airlines. W ten sposób Skiplagged wykorzystuje i wyświetla na swojej stronie internetowej cenne

znaki towarowe American Airlines, taryfy American Airlines, rozkład lotów, dostępne miejsca, dane dotyczące biletów i lotów oraz inne chronione informacje i treści należące do American Airlines. Niemniej jednak, tylko autoryzowani agenci American Airlines mogą działać w imieniu American Airlines, korzystać i eksponować chronione dane i treści oraz wystawiać bilety pasażerom w imieniu American Airlines. Skiplagged nie jest i nigdy nie był agentem American Airlines, nigdy nie miał upoważnienia od American Airlines do korzystania z cennych chronionych danych, treści lub własności intelektualnej i nigdy nie był upoważniony przez American Airlines do marketingu, eksponowania lub sprzedaży biletów American Airlines lub powiązanych usług lotniczych, ani do działania w inny sposób jako agent American Airlines. Jednak za pośrednictwem swojej strony internetowej Skiplagged przedstawia się jako agent American Airlines, przywłaszczając, wykorzystując i wyświetlając dane American Airlines oraz wykorzystując znaki towarowe American Airlines w celu sprzedaży biletów na loty American Airlines. W tym celu Skiplagged wykorzystuje różne środki elektroniczne — takie jak unikalne oprogramowanie, algorytmy, kod, programy i inne środki techniczne — w celu uzyskania dostępu, interakcji oraz danych i treści ze strony AA.com, a następnie modyfikuje i publikuje dane na stronie Skiplagged.com i swojej aplikacji mobilnej.

W związku z powyższym American Airlines złożyły pozew w sierpniu 2023 r., dochodząc roszczeń przeciwko Skiplagged z tytułu naruszenia umowy, niedozwolonej ingerencji, naruszenia znaku towarowego, fałszywego oznaczenia pochodzenia i nieuczciwej konkurencji, naruszenia praw autorskich oraz zabezpieczenia roszczeń.

### c.    STRESZCZENIE OBRONY

Skiplagged zaprzecza zasadniczo wszystkim zarzutom American Airlines i przywołuje różne środki na obronę przed roszczeniami American Airlines.

**8.**

a.   **DOWÓD, KTÓRY MA BYĆ PRZEPROWADZONY LUB INNA CZYNNOŚĆ SĄDOWA, KTÓRA MA BYĆ DOKONANA (artykuł 3 lit. d)**

Wniosek dotyczy uzyskania zeznania Pawła Wrzoska złożonego ustnie pod przysięgą oraz jego nagrania i utrwalenia w formie stenograficznej lub nagrania wideo.

b.   **CEL WNIOSKOWANEGO DOWODU LUB CZYNNOŚCI SĄDOWEJ**

American Airlines zamierza wykorzystać zeznanie Pawła Wrzoska jako dowód w procesie sądowym w celu poparcia roszczeń American Airlines lub obalenia obrony Skiplagged.

**9.   NAZWISKO I ADRES OSOBY, KTÓRA MA BYĆ PRZESŁUCHANA (artykuł 3 lit. e)**

Paweł Wrzosek
ul. Rozłogi 18/66
01-310 Warszawa

**10.   OPIS PRZEDMIOTU SPRAWY, KTÓREJ MA DOTYCZYĆ PRZESŁUCHANIE (artykuł 3 lit. f)**

Przesłuchanie p. Pawła Wrzoska dotyczyć ma następujących kwestii związanych ze Skiplagged i Skiplagged.com:

1) Rozwój, funkcjonalność i obsługa Skiplagged.com i aplikacji mobilnej Skiplagged.

2) Funkcjonalność wyszukiwania Skiplagged.com, w tym procesy techniczne stosowane do uruchamiania wyszukiwania i generowania wyników wyszukiwania po wprowadzeniu przez użytkownika pożądanych kryteriów, w tym w związku z aplikacją mobilną Skiplagged.

3) Źródła, z których Skiplagged uzyskuje wyniki wyszukiwania wyświetlane na swojej stronie internetowej.

4) „Baza danych" używana i utrzymywana przez Skiplagged do przechowywania informacji o użytkownikach, danych o przelocie pasażera (PNR), danych dotyczących zakupów, wiadomości e-mail i innych danych, rodzaje informacji gromadzonych i przechowywanych przez Skiplagged w „bazie danych" oraz sposób wykorzystywania tych danych i informacji przez Skiplagged.

5) Szczegóły, opracowanie, projekt, struktura, funkcjonalność i działanie środków technicznych, metod, procesów, oprogramowania, programów, technik, kodu źródłowego i sprzętu — zarówno aktualnych, jak i historycznych — wykorzystywanych przez Skiplagged w celu:

a.  uzyskiwania dostępu, pozyskiwania, gromadzenia, ekstrakcji (scrapingu), wyodrębniania lub otrzymywania Treści American Airlines, w tym między innymi danych lotów i taryf American Airlines;

b.  interakcji z witryną AA.com, interfejsem API American Airlines lub  systemami komputerowymi American Airlines;

c.  wyszukiwania lub identyfikowania lotów, tras i taryf American Airlines w celu prezentowania ich klientom na Skiplagged.com (w tym w celu identyfikowania najlepszych cen lub generowania biletów na fikcyjny plan podróży z wykorzystaniem techniki zwanej „hidden city";

d.  uruchamiania lub wykorzystywanie zautomatyzowanych botów lub skryptów w celu interakcji z AA.com lub interfejsem API American Airlines;

e.  samodzielnego publikowania, wyświetlania, rozpowszechniania, udostępniania lub wykorzystywania w inny sposób Treści American Airlines, w tym między innymi danych lotów i taryf American Airlines, na stronie Skiplagged.com;

f.  rezerwowania lub kupowania lotów American Airlines na stronie AA.com dla użytkowników i klientów Skiplagged;

g.  pobierania opłat od użytkowników i klientów za zakup lotów American Airlines;

h.  sprzedaży lotów American Airlines;

i.  przekazywania informacji podróżnych klientom kupującym loty lub usługi American Airlines za pośrednictwem Skiplagged.com; oraz

j.  obchodzenia zabezpieczeń technicznych, firewalli lub innych cyfrowych środków bezpieczeństwa stosowanych w AA.com, interfejsie API American Airlines lub systemach komputerowych American Airlines.

6)  Sposoby uzyskiwania dostępu, pozyskiwania, zbierania, otrzymywania lub gromadzenia Treści American Airlines, w tym między innymi kiedy, w jaki sposób i z jakiego źródła Skiplagged zbierał lub uzyskiwał te treści i informacje.

7)  „Różnorodne źródła", z których „Skiplagged pozyskuje informacje o lotach i taryfach American Airlines" (o których mowa w oświadczeniu p. A. Zamana) oraz środki techniczne i proces, za pomocą którego uzyskuje, a następnie wykorzystuje takie informacje.

8)  Rodzaje danych, informacji i treści związanych z lotami, taryfami, produktami lub usługami American Airlines, zebranych lub wykorzystanych przez Skiplagged, a także procesy stosowane do ich do uzyskiwania i wykorzystywania.

9) Komunikacja i interakcje cyfrowe pomiędzy Skiplagged a AA.com w związku z zakupami lub sprzedażą lotów American Airlines przez Skiplagged oraz procesy techniczne wykorzystywane do generowania i prowadzenia takiej komunikacji.

10) Komunikacja pomiędzy inżynierami oprogramowania Skiplagged i wykonywana przez nich praca.

**11.    DOKUMENTY LUB INNE PRZEDMIOTY, KTÓRE POWINNY BYĆ ZBADANE (artykuł 3 lit. g)**

Brak.

**12.    WYMÓG, ABY ZEZNANIA ZOSTAŁY STWIERDZONE PRZYSIĘGĄ LUB PRZYRZECZENIEM WRAZ Z ZASTOSOWANIEM SZCZEGÓLNEJ FORMY TEJ PRZYSIĘGI LUB PRZYRZECZENIA (artykuł 3 lit. h)**

Zeznanie powinno być złożone pod przysięgą lub przyrzeczeniem. Alternatywnie, świadek powinien zostać pouczony o konsekwencjach składania nieprawdziwych lub fałszywych zeznań w świetle polskiego prawa. Zwracamy się także o sporządzenie audiowizualnego zapisu i pisemnego protokołu z zeznań, z udziałem kamerzysty i protokolanta lub stenografa oddelegowanego przez American Airlines. Jeśli sporządzenie zapisu w taki sposób jest niemożliwe, zwracamy się o jego przygotowanie w sposób przewidziany przez polskie prawo.

**13.    SZCZEGÓLNA    METODA    LUB    PROCEDURA,    KTÓREJ    NALEŻY PRZESTRZEGAĆ (artykuł 3 lit. i oraz artykuł 9)**

Przesłuchanie należy przeprowadzić zgodnie z zasadami postępowania dowodowego (*discovery rules*) Federalnych Przepisów Postępowania Cywilnego Stanów Zjednoczonych (*Federal Rules of Civil Procedure of the United States*), w zakresie, w jakim zasady te nie są niezgodne z polskim prawem. Zwracamy się ponadto, aby: (i) przesłuchanie odbyło się w formie ustnej; (ii) przesłuchanie odbyło się przed protokolantem i kamerzystą oddelegowanym przez American Airlines; (iii) kamerzyście zezwolono na nagrywanie przesłuchania za pomocą środków audiowizualnych; (iv) stenografowi zezwolono na zapisywanie dosłownej transkrypcji przesłuchania; (v) przesłuchanie odbywało się w języku angielskim lub, w razie potrzeby, z pomocą tłumacza zapewnionego przez American Airlines; (vi) jeżeli przesłuchanie

przeprowadzane będzie z udziałem tłumacza, zwracamy się o zezwolenie na sporządzenie dosłownej transkrypcji postępowania zarówno w języku angielskim, jak i polskim; (vii) przesłuchanie świadka nie może trwać dłużej niż osiem godzin, jeżeli świadek wymaga tłumacza, lub sześć godzin, jeśli świadek nie wymaga tłumacza; (viii) przesłuchanie świadka powinno nastąpić tak szybko, jak to możliwe; oraz (ix) zwracamy się o zezwolenie prawnikom z kancelarii Kelly Hart & Hallman LLP i Greenberg Traurig LLP, działającym jako pełnomocnicy American Airlines, na przeprowadzenie przesłuchania ustnego.

W przypadku, gdy dowód nie może zostać przeprowadzony zgodnie z niektórymi lub wszystkimi procedurami opisanymi powyżej, zwracamy się o przeprowadzenie przesłuchania w sposób przewidziany obowiązującymi przepisami prawa polskiego mającymi zastosowanie do formalnego przeprowadzenia dowodu z zeznania.

**14.** **WNIOSEK O POWIADOMIENIE O CZASIE I MIEJSCU PRZEPROWADZENIA POSTĘPOWANIA BĘDĄCEGO PRZEDMIOTEM WNIOSKU I WSKAZANIE TOŻSAMOŚCI ORAZ ADRESÓW OSÓB, KTÓRE POWINNY ZOSTAĆ O NIM ZAWIADOMIONE (artykuł 7)**

Zwracamy się o zawiadomienie następujących osób o czasie i miejscu przeprowadzenia postępowania będącego przedmiotem Wniosku:

> Paweł Pietkiewicz
> Pawel.Pietkiewicz@gtlaw.com
> Antoniego Libiszowskiego
> Antoni.Libiszowski@gtlaw.com
> GREENBERG TRAURIG Nowakowska-Zimoch Wysokiński sp.k.
> Varso Tower
> ul. Chmielna 69
> 00-801 Warszawa
> +48 22 690 6129
>
> Dee J. Kelly, Jr.
> dee.kelly@kellyhart.com
> **KELLY HART & HALLMAN LLP**
> 201 Main Street, Suite 2500
> Fort Worth, Texas 76102
> Tel.: (817) 332-2500

Bina Palnitkar
palnitkarb@gtlaw.com
**GREENBERG TRAURIG, LLP**
2200 Ross Avenue, Suite 5200
Dallas  TX 75201
Tel.: (214) 665-3600

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
**GREENBERG TRAURIG, LLP**
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Tel.: (202) 331-3100

William L. Kirkman
billk@kirkmanlawfirm.com
**KIRKMAN LAW FIRM, PLLC**
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Tel.: (817) 336-2800

Aaron Z. Tobin
atobin@condontobin.com
**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Tel.: (214) 265-3800

15.   **WNIOSEK O UMOŻLIWIENIE OBECNOŚCI LUB UCZESTNICTWA PRZEDSTAWICIELI WYSTĘPUJĄCEGO ORGANU PRZY WYKONYWANIU WNIOSKU (artykuł 8)**

Brak takiego żądania.

16.   **OPIS PRAWA DO ODMOWY UDOSTĘPNIENIA DOWODU NA PODSTAWIE PRAWA PAŃSTWA WZYWAJĄCEGO (artykuł 11 lit. b)**

Zgodnie z prawem Stanów Zjednoczonych, świadek może odmówić składania zeznań, które wymagałyby ujawnienia poufnej komunikacji między nim a jego doradcą prawnym, związanej ze zleceniem doradztwa prawnego. Prawo to określane jest jako tajemnica adwokacka lub radcowska (ang. *attorney-client privilege*). Świadek może również odmówić odpowiedzi na

pytanie, jeśli odpowiedź narażałaby go na rzeczywiste i dostrzegalne zagrożenie odpowiedzialnością karną w Stanach Zjednoczonych. Prawo to określane jest jako prawo do nieobciążania siebie (niedostarczania dowodów przeciwko sobie). W przypadku skorzystania z prawa odmowy odpowiedzi na na jednej z powyższych podstaw, oświadczenie w tej sprawie musi zostać złożone w momencie składania zeznań.

17.  **PONIESIONE OPŁATY I KOSZTY, KTÓRE PODLEGAJĄ ZWROTOWI ZGODNIE Z ARTYKUŁEM 14 UST. 2 LUB ARTYKUŁEM 26 KONWENCJI POKRYWA:**

Powód American Airlines, Inc.

**DATA WNIOSKU**: _____ 2024 r.

_____
SĘDZIA MARK T. PITTMAN
SĄD OKRĘGOWY STANÓW
ZJEDNOCZONYCH AMERYKI