IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF AMERICAN AIRLINES, INC.'S BRIEF IN SUPPORT OF ITS UNOPPOSED MOTION FOR ISSUANCE OF LETTER OF REQUEST**

Pursuant to Federal Rule of Civil Procedure 28(b) and The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. No. 7444, 23 U.S.T. 2555, and 28 U.S.C. § 1781 *et seq.* ("the Hague Convention"), Plaintiff American Airlines, Inc. ("American") files this Brief in Support of its Unopposed Motion for Issuance of Letter of Request. American respectfully requests that the Court grant its Unopposed Motion for Issuance of Letter of Request (the "Motion") and issue the Letter of Request included in American' Appendix ("Appendix") as Exhibit A (the "Letter of Request") to the Ministry of Justice of the United Kingdom in order for American to obtain deposition testimony and documents from Skyscanner Limited ("Skyscanner"). The Letters of Request will enable American to obtain critical evidence and testimony from Skyscanner relating to the claims and defenses in this lawsuit that American will otherwise be unable to obtain absent issuance of the Letters of Request.

1

## I.    BACKGROUND

American filed its First Amended Complaint on August 17, 2023. [Dkt. No. 8]. American has discovered, through written discovery and publically-available information, that Skyscanner is a metasearch engine that has a contractual relationship with Skiplagged. Skyscanner is a private limited company incorporated and registered in England & Wales with company number 04217916. The address for their "registered office" is: Skyscanner Limited, Level 5, Ilona Rose House, Manette Street, London W1D 4AL, United Kingdom. Skiplagged uses data that it aggregates from numerous online travel agencies and other sources. One of those sources appears to be Skyscanner. Consumers can navigate to Skiplagged.com and search for various travel-related services, including flights. At times, Skiplagged provides search results that redirect consumers via Skyscanner to other websites for purchases; an interim webpage is displayed stating the redirection is "Powered by Skyscanner". Skiplagged receives a significant amount of money annually for the redirection of customers from Skiplagged.com via Skyscanner.com.

Accordingly, Skyscanner has knowledge and possesses critical evidence and information that is directly relevant to the parties' claims and defenses in this lawsuit. This includes, among other things, evidence relating to Skiplagged's unauthorized use of American's protected data and information on Skiplagged's website, the operation of Skiplagged.com, and various other matters relating to the technical means by which Skiplagged carries out its wrongful acts as alleged in American's First Amended Complaint.

## II.    ARGUMENTS AND AUTHORITIES

**A.    Legal Standard**

Pursuant to Federal Rule of Civil Procedure 28(b), the Hague Convention, and 28 U.S.C. § 1781(b)(2), this Court is empowered to issue a Letter of Request to the competent authority of

another contracting state under the Hague Convention for the purpose of obtaining evidence. Under Federal Rule of Civil Procedure 28(b), a "deposition may be taken in a foreign country . . . under a letter of request." A court may issue a Letter of Request complying with the relevant treaty or convention "on appropriate terms after an application and notice of it" and "without a showing that taking the deposition in another manner is impracticable or inconvenient." FED. R. CIV. P. 28(b)(2)–(3). The Hague Convention, of which both the United States and the United Kingdom are signatories, provides the mechanism for obtaining evidence through issuance of a letter of request. *See* 28 U.S.C.A. § 1781, at Art. 1 ("In civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act"). The Hague Convention "serves as an alternative or 'permissive' route to the Federal Rules of Civil Procedure for the taking of evidence abroad from litigants and third parties alike." *Abbott Labs. v. Impax Labs., Inc.*, No. 03-CV-120(KAJ), 2004 WL 1622223, at *2–3 (D. Del. July 15, 2004) (citing *Societe Nat'l Indus. Aerospatiale v. U.S. Dist. Court S. Dist. of Iowa,* 482 U.S. 522, 538 (1987)). A Letter of Request is therefore a proper method for securing the deposition testimony and document requests of foreign non-parties in this lawsuit. *See, e.g.*, *In re Urethane Antitrust Litig.*, 04-MD-1616-JWL, 2010 WL 4963019, at *1 (D. Kan. Dec. 1, 2010) (collecting cases).

The decision to issue a letter of request is within the district court's discretion. *U.S. v. El-Mezain*, 664 F.3d 467, 517 (5th Cir. 2011). However, that discretion is informed by the discovery standards set forth in Rule 26(b), which "allows a party to obtain discovery 'regarding any nonprivileged matter that is relevant to any party's claim or defense.'" *Triumph Aerostructures, LLC v. Comau, Inc.*, No. 3:14-CV-2329-L, 2015 WL 5502625, at *4 (N.D. Tex. Sept. 18, 2015);

*DBMS Consultants Ltd. v. Computer Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369–70 (D. Mass. 1990); *SEC v. Leslie*, No. 07-03444 (PVT), 2009 WL 688836, at *3 (N.D. Cal. Mar. 16, 2009). And "under the liberal discovery provisions of the Federal Rules, parties may inquire through deposition" sought "by way of a letter rogatory . . . as long as the inquiry is reasonably calculated to lead to the admissible evidence." *DBMS Consultants*, 131 F.R.D at 369. As noted by at least one court in this District, "[s]everal circuits have held that there must be 'good reason' to deny the request for the issuance of letters rogatory." *Triumph*, 2015 WL 5502625, at *3. Thus, "the burden lies with the party resisting the request for discovery to show a lack of relevance or undue burden." *Id.* at *4; *see also Leslie*, 2009 WL 688836, at *3 ("Some courts have gone so far as to hold that the party opposing issuance of a letter rogatory must establish good cause for the denial.").

**B.  Issuing the Letters of Request for the Testimony of Skyscanner Limited is Appropriate.**

Courts in this District hold that issuance of a Letter of Request is appropriate where it seeks the deposition of "an appropriate witness possessing relevant and discoverable evidence, or is an appropriate individual having access to such evidence . . . , that would aid in the establishment of facts necessary to [the requesting party]'s prosecution of its []claim." *Triumph Aerostructures*, 2015 WL 5502625, at *16. That is precisely the case here. Skyscanner and Skiplagged share data and information, including as to American.

As American has alleged in its First Amended Complaint, Skiplagged has improperly used and displayed on its website American's valuable trademarks, American's fare, schedule, inventory, ticketing, and flight data, and other protected information and content owned by American. However, only authorized agents of American—which Skiplagged is not and has never been—are permitted to act on behalf of American, to use/display its protected data and content, and to issue tickets to passengers on its behalf. Through its website, Skiplagged holds itself out as

4

an agent of American by misappropriating, using, and displaying American's data and using American's trademarks in order to sell tickets for American flights. To do this, Skiplagged employs various electronic means—such as unique software, algorithms, code, programs, and other technical means—to access, interact with, and obtain data and content from AA.com, and then modifies and republishes the data on Skiplagged.com. Based on the known relationship between Skiplagged and Skyscanner, Skyscanner is likely to have knowledge and information regarding Skiplagged's improper and illegal acts. Thus, Skyscanner possess material, discoverable information that is directly relevant to the subject-matter of this case and to the parties' claims and defenses.

The Letters of Request attached hereto are directed to the appropriate authority in the United Kingdom (the Ministry of Justice of the United Kingdom), comply with the requirements of the Hague Convention, and seek deposition testimony from UK residents relating to matters that are undeniably relevant to this case. Because Skyscanner is not a party to this lawsuit and has not been voluntarily subjected to discovery in this case, American will otherwise not be able to obtain this evidence within Skyscanner's knowledge and possession. In such circumstances, courts appropriately grant requests to issue letters of request under the Hague Convention. *See e.g.*, *Blitzsafe Texas, LLC v. Jaguar Land Rover Ltd.*, No. 2:17-CV-00424-JRG, 2019 WL 13077697, at *2 (E.D. Tex. Apr. 1, 2019).

Because Skyscanner has knowledge of discoverable information directly relating to the facts surrounding American's claims and Skiplagged's defenses, the Court should sign and issue the Letters of Request to the Ministry of Justice of the United Kingdom so that American can obtain critical evidence within Skyscanner's knowledge and possession through a deposition and document requests.

### III.   CONCLUSION

Based on the foregoing, American respectfully requests that the Court (1) grant its Motion; (2) sign and issue the proposed Letter of Request, provided in American's Appendix as Exhibit A, to the Ministry of Justice of the United Kingdom to cause Skyscanner to appear for oral deposition to take place in the United Kingdom or at another mutually agreed upon location and produce documents; and (3) grant American such other and further relief to which it may be justly entitled.

Dated: February 26, 2024

Respectfully submitted,

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: 202-331-3100
Facsimile: 202-331-3101

Bina Palnitkar
State Bar No. 24070378
palnitkarb@gtlaw.com
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201

Telephone: (214) 665-3600

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on February 24, 2024, I conferred with counsel for Skiplagged, Bill Kirkman, via email regarding whether Skiplagged is opposed to this motion and the relief requested herein. Mr. Kirkman indicated that Skiplagged is not opposed.

*/s/ Julia G. Wisenberg*
Julia G. Wisenberg

**CERTIFICATE OF SERVICE**

I certify that on February 26, 2024, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.