IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF AMERICAN AIRLINES, INC. AND
DEFENDANT SKIPLAGGED, INC.'S SECOND JOINT MOTION TO EXTEND
EXPERT-RELATED DEADLINES IN SCHEDULING ORDER**

For good cause shown, Plaintiff American Airlines, Inc. ("American") and Defendant Skiplagged, Inc. ("Skiplagged") respectfully move the Court to modify the Scheduling Order and extend the deadlines for: (1) providing initial expert designations and reports; (2) providing responsive expert designations and reports; (3) providing rebuttal expert designations and reports; (4) completion of discovery; and (5) filing dispositive motions. [*See* Dkt. No. 20 at 2–4; Dkt. No. 62].

**I. LEGAL STANDARD**

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Shepherd on behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019). In determining whether there is good cause to allow an amendment to the scheduling order, the Court considers four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) (internal quotation marks, alterations, and citations omitted). A court should assess these factors "holistically." *EEOC*

1

*v. Service Temps, Inc.*, No. 3:08-CV-1552-D, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, J.). "[T]he good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order." *Id.*

## II. ANALYSIS

Despite the parties' diligent efforts over the past months, American and Skiplagged cannot reasonably meet the current expert-related deadlines in the Court's Scheduling Order. [*See* Dkt. No. 20 at 2–4; Dkt. No. 62]. As this Court is aware, the parties experienced discovery-related disputes in the early months after this case was filed. [*See, e.g.,* Dkt. No. 19 at 4; Dkt. No. 24 at 5–10; Dkt. No. 32 at 2–4]. On December 8, 2023, American filed a Motion to Compel, which was referred to Magistrate Judge Hal Ray for consideration. [*See* Dkt. Nos. 38–41]. On December 19, 2023, after the parties engaged in extensive efforts to resolve the issues raised in American's Motion to Compel, and Judge Ray conducted a hearing and entered an Order granting in part and denying in part American's motion. [*See* Dkt Nos. 46, 53].

Since that time, Skiplagged has served amended discovery responses, including its Third Amended Objections and Responses to American's First Set of Interrogatories and its Second Amended Objections and Responses to American's First Set of Requests for Production, both served on January 12, 2024. Skiplagged also served responses to American's Second Set of Interrogatories and Second Set of Requests for Production on February 5, 2024. Finally, Skiplagged has made multiple document productions, the most recent of which was on February 5, 2024. [*See* Dkt. Nos. 57–60]. American served its Third Set of Requests for Production on February 14, 2024.

American has likewise served discovery responses to discovery requests of Skiplagged and recently made document productions. Specifically, American served its Objections and Answers

2

to Skiplagged's First Interrogatories; Objections and Responses to Skiplagged's First Set of Requests for Production; and Objections and Answers to Skiplagged's First Set of Requests for Admission on February 9, 2024. American has made three document productions, including its most recent production on February 26, 2024. Skiplagged has taken issue with the sufficiency of American's discovery responses and production and several meet and confer sessions have been had over that issue. However, outstanding issues remain as to the sufficiency of American's discovery responses, but the meet and confer sessions have continued.

The parties and their counsel have expended significant time and resources in order to obtain necessary discovery for the parties' experts to form opinions and prepare reports. American and Skiplagged have each served and responded to discovery requests, produced documents, and scheduled and taken depositions—including American filing two motions for issuance of letters of request for the depositions of three witnesses in foreign countries. [*See* Dkt Nos. 64–71]. Due to the extensive discovery required in this case, the parties have not yet been able to provide their experts with sufficient documents and information in order to reasonably meet the March 4, 2024 deadline for initial expert designations and reports. [*See* Dkt. No. 20 at 2–3; Dkt. No. 62]; *S&W Enters.*, 315 F.3d at 536. And, of course, an extension of the initial expert designations and reports deadline would necessitate an extension of the related deadlines for responsive expert designations and reports, completion of discovery, and dispositive motions. [*See* Dkt. No. 20 at 2–4].

As to the second good cause factor, the parties explain that extensions to their expert-related deadlines are important because the parties reasonably believe that expert testimony in this case may very likely aid the trier-of-fact in understanding certain of the claims and defenses asserted. Regarding the third factor, there will be no potential prejudice by allowing the proposed amendments, because the parties jointly move the Court for this relief. *See S&W Enters.*, 315 F.3d

at 536. Finally, as to the fourth factor, the parties are not now moving for a continuance of the trial date, but are trying to extend the deadlines to stay within the time frame for the trial date currently scheduled. *See id.*

For these reasons, the parties believe good cause exists to extend the expert designations and reports deadlines, completion of discovery deadline, and dispositive motions deadline. [*See* Dkt. No. 20 at 2–4]; Fed. R. Civ. P. 16(b)(4); *City of Shreveport*, 920 F.3d at 287; *S&W Enters.*, 315 F.3d at 536.

### III. CONCLUSION

For the reasons stated above, the parties respectfully request that the Court grant their Second Joint Motion to Extend Expert-Related Deadlines in Scheduling Order and extend:

(1) the initial expert designations and reports deadline from March 4, 2024 to **April 19, 2024**;

(2) the responsive expert designations and reports deadline from April 3, 2024 to **May 20, 2024**;

(3) the rebuttal expert designations and reports deadline to **May 31, 2024**;

(4) the completion of discovery deadline from May 31, 2024 to **June 30, 2024**; and

(5) the dispositive motions deadline from June 3, 2024 to **June 30, 2024**.

Dated: March 1, 2024                                               Respectfully submitted,

*/s/ Lars L. Berg*                                                              */s/ William L. Kirkman*_____
Dee J. Kelly, Jr.                                                                William L. Kirkman
State Bar No. 11217250                                                State Bar No. 11518700
dee.kelly@kellyhart.com                                             billk@kirkmanlawfirm.com
Lars L. Berg                                                                      Preston B. Sawyer
State Bar No. 00787072                                                State Bar No. 24102465
lars.berg@kellyhart.com                                              prestons@kirkmanlawfirm.com
Julia G. Wisenberg                                                      **KIRKMAN LAW FIRM, PLLC**
State Bar No. 24099146                                                201 Main Street, Suite 1160
julia.wisenberg@kellyhart.com                                 Fort Worth, Texas 76102

4

| | |
|---|---|
| KELLY HART & HALLMAN LLP<br>201 Main Street, Suite 2500<br>Fort Worth, Texas 76102<br>Telephone: (817) 332-2500<br><br>Bina Palnitkar<br>State Bar No. 24070378<br>palnitkarb@gtlaw.com<br>GREENBERG TRAURIG LLP<br>2200 Ross Avenue, Suite 5200<br>Dallas, TX 75201<br>Telephone: (214) 665-3600<br><br>Nathan J. Muyskens<br>nathan.muyskens@gtlaw.com<br>GREENBERG TRAURIG LLP<br>2101 L Street, N.W., Suite 1000<br>Washington, DC 20037<br>Telephone: (202) 331-3100<br><br>**ATTORNEYS FOR PLAINTIFF** | Telephone: (817) 336-2800<br>Facsimile: (817) 877-1863<br><br>Aaron Z. Tobin<br>Texas Bar No. 24028045<br>atobin@condontobin.com<br>Kendal B. Reed<br>Texas Bar No. 24048755<br>kreed@condontobin.com<br>Abigail R.S. Campbell<br>Texas Bar No. 24098959<br>acampbell@condontobin.com<br>**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**<br>8080 Park Lane, Suite 700<br>DALLAS, TEXAS 75231<br>Telephone: (214) 265-3800<br>Facsimile: (214) 691-6311<br><br>**ATTORNEYS FOR DEFENDANT** |

## CERTIFICATE OF SERVICE

I certify that on March 1, 2024, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

>　*/s/ Lars L. Berg*
>　Lars L. Berg