IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:23-cv-00860-P |
| § | |
| SKIPLAGGED, INC., § | |
| § | |
| Defendant. § | |

**PLAINTIFF AMERICAN AIRLINES, INC.'S BRIEF IN SUPPORT
OF ITS MOTION TO COMPEL AND FOR SANCTIONS**

## **TABLE OF CONTENTS**

**PAGE(S)**

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ......................................................................................................... iii

I.      INTRODUCTION ...............................................................................................................1

II.     ARGUMENTS AND AUTHORITIES ...............................................................................2

    A.  Legal Standard ........................................................................................................ 2

    B.  American requested Skiplagged's data related to American bookings, and the Court has already overruled Skiplagged's objections to producing the information ........................... 3

    C.  Skiplagged amended its discovery responses but did not remove the overruled objections........................................................................................................................ 5

    D.  Skiplagged admits that it is in possession of the relevant data. ........................................... 5

    E.  Skiplagged is improperly withholding the relevant data in violation of this Court's Discovery Order based on objections the Court already overruled. ................................... 7

III.    CONCLUSION ....................................................................................................................9

## **TABLE OF AUTHORITIES**

**PAGE(S)**

**Cases**

*Leonard v. Martin*,
  38 F.4th 481 (5th Cir. 2022) ..................................................................................2

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*,
  894 F.2d 1482 (5th Cir. 1990) ............................................................................2, 3

*Merrill v. Waffle House, Inc.*,
  227 F.R.D. 467 (N.D. Tex. 2005) ..........................................................................2

*S.E.C. v. Brady*,
  238 F.R.D. 429 (N.D. Tex. 2006) ..........................................................................2

*Samsung Elecs. Am. Inc. v. Yan Kun "Michael" Chung*,
  325 F.R.D. 578 (N.D. Tex. 2017) ..........................................................................2

**Other Authorities**

Fed. R. Civ. P. 26(b)(1)...............................................................................................2

Fed. R. Civ. P. 33....................................................................................................1, 2

Fed. R. Civ. P. 33(b)(2)..........................................................................................1, 3

Fed. R. Civ. P. 34............................................................................................1, 2, 4, 6

Fed. R. Civ. P. 34(b)(1)(C) .........................................................................................6

Fed. R. Civ. P. 34(b)(2)(A) ....................................................................................1, 5

Fed. R. Civ. P. 34(b)(2)(D), (E)..................................................................................6

Fed. R. Civ. P. 37....................................................................................................1, 2

## I. INTRODUCTION

On October 12, 2023, Plaintiff American Airlines, Inc. ("American") served its First Set of Interrogatories under Rule 33 and its First Set of Requests for Production ("RFPs") under Rule 34 of the Federal Rules of Civil Procedure. Defendant Skiplagged, Inc. ("Skiplagged") served objections to American's Interrogatories and RFPs on November 8, 2023. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Skiplagged failed to timely provide any answers, and Skiplagged failed to produce even a single document for over two months after American served its First Set of RFPs.

Despite lengthy attempts to conference, American and Skiplagged reached an impasse necessitating the Court's intervention.[1] American filed its first motion to compel on December 8, 2023 seeking, in part, responses to the same discovery requests that remain at issue in this motion. After considering the parties' briefing and the arguments of counsel at a live hearing, Magistrate Judge Hal R. Ray, Jr. entered an Order on December 19, 2023 (the "Discovery Order") overruling in part Skiplagged's objections and ordering the production of complete discovery responses for the majority of American's discovery requests. [*See* Dkt. No. 53 at 2–4].

Skiplagged continues to withhold critical, responsive documents and electronically stored information in violation of the Court's Discovery Order. Specifically, Skiplagged will not produce the data in its database related to bookings of American flights through Skiplagged's website. American sent valid discovery requests for this data. Skiplagged admits that is has the data, and recognizes the data is relevant to American's damages caused by Skiplagged's wrongful conduct.

---

[1] The Court will recall that American attempted to work with Skiplagged for months prior to its first motion to compel, which required American to twice request the Court to extend its deadline to file a response to Skiplagged's Motion to Dismiss Plaintiff American Airlines, Inc.'s First Amended Complaint for Lack of Personal Jurisdiction and Alternative Request to Transfer Venue ("Motion to Dismiss") [*See* Dkt. Nos. 21, 24, 26, 32, 35].

1

The Court has already overruled Skiplagged's objections to American's requests and has ordered the data to be produced.

Accordingly, American hereby moves the Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to: (1) enforce its Discovery Order overruling Skiplagged's objections and compelling the production of complete answers to RFP Nos. 4 and 5 and Interrogatory No. 8; (2) extend the deadline for American to serve its expert report on damages until at least three weeks after Skiplagged produces the responsive material; (3) impose sanctions against Skiplagged for its failure to comply with the Discovery Order; and (4) grant American such other and further relief to which it is justly entitled.

## II.     ARGUMENTS AND AUTHORITIES

### A.     Legal Standard

Rule 26(b)(1) of the Federal Rules of Civil Procedure broadly allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Under Rule 26(b)(1), "information is relevant if it 'bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party.'" *Leonard v. Martin*, 38 F.4th 481, 489 (5th Cir. 2022) (citation omitted). In the discovery context, "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005).

Upon a motion to compel production under Rule 37, "[t]he party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Samsung Elecs. Am. Inc. v. Yan Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). If the

resisting party fails to carry that burden, the Court may order the resisting party to produce the requested documents or information. *See McLeod*, 894 F.2d at 1485.

"If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders," including the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id*. at 37(b)(2)(C).

**B.     American requested Skiplagged's data related to American bookings, and the Court has already overruled Skiplagged's objections to producing the information.**

American served its First Set of RFPs and Interrogatories on October 12, 2023. [*See* App'x at 004–033]. Included therein, American issued the following discovery requests:

> **REQUEST FOR PRODUCTION NO. 4:** All documents and communications relating to all American Bookings made and/or purchased by any customers on, through or facilitated by Skiplagged.com since August 1, 2018, ***including, for each booking, all PNR Data*** and any other personal identifying information for each

3

passenger, all reservation and itinerary details, the amount charged to the customer for the American ticket, and the amounts of any additional fees or costs charged to the customer broken down by service or fee (e.g., service fees, baggage fees, or other fees).

**REQUEST FOR PRODUCTION NO. 5:** All documents and communications relating to show all American Bookings made and/or purchased on or through any other travel websites by any customers who were re-directed to such travel websites by or through Skiplagged.com since August 1, 2018, ***including, for each booking, all PNR Data*** and any other personal identifying information for each passenger, all reservation and itinerary details, the amount charged to the customer for the American ticket, and the amounts of any additional fees or costs charged to the customer broken down by service or fee (e.g., service fees, baggage fees, or other fees), if available.

**INTERROGATORY NO. 8:** Identify all instances in which a person has booked, ticketed or purchased a ticket on an American-marketed flight through or facilitated by Skiplagged.com, including by providing, without limitation, the purchasers' name/identity, location, ***all PNR Data***, any other personal identifying information, flight/itinerary information, reservation numbers, amounts paid by the customer, dates of purchase, and dates of travel.

[*See* App'x at 13–14, 30 (emphasis added)].

The information sought by these requests goes to the heart of American's damages in this lawsuit. American has made this data subject of numerous emails and at least three meet and confer sessions with Skiplagged over the past month, not to mention the numerous emails and phone calls—and an in-person meet-and-confer conference on November 17, 2023—prior to its initial motion to compel this same information.

The requests at issue are the very ones American previously moved on when seeking to compel production earlier in this litigation. [Dkt. No. 39 at 6–10]. The Court considered the parties' briefing, held a live hearing, and issued a comprehensive Discovery Order months ago requiring Skiplagged to produce documents responsive to the above requests. [Dkt. No. 53 (Discovery Order)]. As to RFP Nos. 4 and 5, the Court overruled in part and sustained in part when it ordered that "Skiplagged **SHALL PROVIDE** all responsive documents in its possession and control pertinent to this RFP except with regards to Skiplagged's customer's social security numbers or

4

credit card numbers." [*Id.* at 3]. As to Interrogatory No. 8, the Court "**OVERRULE[D]** Skiplagged's objections to Interrogatory No. 8 as the information sought is relevant, proportional to the needs of the case, and not overbroad," and ordered that "to extent Skiplagged has not already, it **SHALL RESPOND** completely and fully to all interrogatories, including Interrogatory No. 8." [*Id.* at 1].

C.     **Skiplagged amended its discovery responses but did not remove the overruled objections.**

Despite the clear rulings from the Court on December 19, 2023, Skiplagged is still attempting to assert objections to RFP Nos. 4 and 5 and Interrogatory No. 8. On January 12, 2024, Skiplagged served its Second Amended Objections and Responses to American's First Set of Requests for Production in which it still asserted objections that RFP Nos. 4 and 5 are "unnecessarily and unreasonably overbroad," "oppressive," "burdensome," and "present[] an unreasonable burden upon Skiplagged." [App'x at 37–38]. On the same day, Skiplagged answered Interrogatory No. 8 by stating: "Because of the magnitude of the information requested, pursuant to Fed. R. Civ. P. 33(d), Skiplagged refers Plaintiff to documents being produced by Skiplagged that reflect responsive information." [App'x at 056]. Of course, Skiplagged did not comply with Rule 33(d) because it did not specify "the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d). On the contrary, Skiplagged has steadfastly refused to produce the responsive data at all, much less identify it in specific detail for American to locate and discover the information.

D.     **Skiplagged admits that it is in possession of the relevant data.**

American has deposition testimony confirming the existence of the data requested by the above requests. On November 30, 2023, American took the deposition of Daniel Gellert,

5

Skiplagged's Chief Operations Officer. Mr. Gellert testified that ████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ███████████████████████████████████ [App'x at 071 (32:16–32:20)]. Mr. Gellert further testified as follows about ████████████████████████████:

████████████████████████████████
████████████
█
███
████████████████████████████████
████████████████████████████████
█████████████
█████████████
█
████████████████████████████████
██████████████
██████████████
███████████████████
█
████
████████████████████████
████
██████████████████████████
██████
██████
██████████████████
██████████
████████████████
██████████
██████
█████
██████████████████████████
██████
█
████████████████████████████████
██████████
████
██████████████
████████████████████████████████
████

**Pursuant to the parties' Agreement Governing the Use and Disclosure of Confidential Information, this material is redacted. American will file a motion for leave to file an unredacted verison of this motion under seal.**

6

[App'x 097–98, 103 (137:4–137:13, 138:7:–139:6, 159:21–160:3)].

Additionally, Skiplagged has produced some examples of reports reflecting the American booking data that is responsive to American's discovery requests. Specifically, Skiplagged has produced three separate exports of highly relevant information which it bates-labeled SKP00081039, SKP00081151, and SKP00081157 (the "Exemplar Reports").[2] The Exemplar Reports demonstrate that the data fields available in Skiplagged's database include not only the information described by Mr. Gellert, but also ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Although the Exemplar Reports reflect an incomplete data set—*i.e.*, the documents do not cover all American bookings during the relevant timeframe—they serve to demonstrate that Skiplagged indeed possesses and can readily export the data American has requested and needs for its damages expert report.

Finally, during extensive meet and confer sessions between counsel for American and Skiplagged discussing the above documents and discovery requests, Skiplagged's counsel confirmed that Skiplagged indeed possesses the data American has requested. [App'x at 136–38].

E.  **Skiplagged is improperly withholding the relevant data in violation of this Court's Discovery Order based on objections the Court already overruled.**

Skiplagged has no legitimate reason to withhold the data. Skiplagged refuses to produce the data, not because it isn't in Skiplagged's possession, but because Skiplagged claims the data is "not easily accessible." [*Id.*]. Specifically, Skiplagged claims that running a report similar to the

---

[2] American included in the Appendix only the first 14 pages of the printed version of the data contained in SKP00081039, as that sufficiently displays the fields of data available in at least that report. [App'x at 117–31]. American is also submitting electronic copies of SKP00081039, SKP00081151, and SKP00081157 on a flash drive, should the Court wish to review the entirety of any of these files.

7

Exemplar Reports would require a "special project" where one of its software engineers will have to write "a brand new code and program." [*Id.*]. Therefore, Skiplagged is refusing to produce this data because of a claim that it would be unduly burdensome to do so.

As a threshold matter, it is implausible that Skiplagged would experience any genuine burden by producing a report identifying the American bookings made and/or purchased by its customers. It's inconceivable that Skiplagged would not have that information readily available as a company that lives and dies based on its technology. The Exemplar Reports demonstrate Skiplagged's ability to pull such reports when motivated. More importantly, the Court has *already* considered Skiplagged's objections to producing the requested data, overruled its burden objections, and ruled that the material must be produced—roughly four months ago. [*See* Dkt. No. 47 at 18–21; Dkt. No. 53 at 1, 3]. In that time, Skiplagged has not moved for protection or for reconsideration of the Court's Order requiring production of material responsive to the above requests. Instead, it has wasted precious time in an apparent attempt to run out the clock as the parties barrel toward key expert and discovery deadlines.

American has made exhaustive attempts to resolve the issues addressed above directly with Skiplagged, including through numerous emails and conferences. These efforts have once again proven fruitless. That Skiplagged has stubbornly refused to produce this critical material and necessitated a second motion to compel concerning the same discovery requests is a brazen act of defiance of this Court's prior Order. For these reasons, American has no recourse but to file the instant motion, and American prays the Court will grant the relief requested herein.

### III.  CONCLUSION

For the foregoing reasons, American respectfully requests that this Court grant American's Motion to Compel in its entirety and:

1. Enforce its Discovery Order overruling Skiplagged objections and ordering the production of complete responses to RFP Nos. 4 and 5 and Interrogatory No. 8 [*see* Dkt. No. 53];

2. Extend the Scheduling Order deadline for American to serve its expert report on damages pursuant to Fed. R. Civ. P. 26(a)(2) until at least three weeks after Skiplagged produces the responsive material, so that American's damages expert may analyze and incorporate the data in his report [*see* Dkt. Nos. 20, 62, 73];

3. Impose sanctions against Skiplagged for its failure to comply with the Discovery Order; and

4. Grant American such other and further relief to which it is justly entitled.

Dated: April 5, 2024

Respectfully submitted,

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
J. Austin Franklin
State Bar No. 24075853
austin.franklin@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

9

Bina Palnitkar
State Bar No. 24070378
palnitkarb@gtlaw.com
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3600

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

I hereby certify that on April 2, 2023, as well as numerous times prior to that date, I conferred with Abigail Campbell, counsel for Skiplagged, Inc., and she indicated that Skiplagged was opposed to the relief requested.

*/s/ J. Austin Franklin*
J. Austin Franklin

**CERTIFICATE OF SERVICE**

I certify that on April 5, 2024, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.

10