IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

---

**APPENDIX TO DEFENDANT SKIPLAGGED, INC.'S
MOTION TO COMPEL RESPONSES TO DISCOVERY AND BRIEF IN SUPPORT**

---

**INDEX**

| EXHIBIT | DESCRIPTION | PAGE NOS. |
|---|---|---|
| 1. | Abigail R.S. Campbell Affidavit | App. 0001-0003 |
| A | Defendant Skiplagged, Inc.'s First Set of Requests for Production to Plaintiff American Airlines, Inc. | App. 0004-0027 |
| B | Defendant Skiplagged, Inc.'s First Set of Interrogatories to Plaintiff American Airlines, Inc. | App. 0028-0040 |
| C | Defendant Skiplagged, Inc.'s First Request for Admissions to Plaintiff American Airlines, Inc. | App. 0041-0048 |
| D | Plaintiff American Airlines, Inc.'s Objections and Responses to Defendant Skiplagged, Inc.'s First Set of Requests for Production | App. 0049-0124 |
| E | Plaintiff American Airlines, Inc.'s Objections and Answers to Defendant Skiplagged, Inc.'s First Interrogatories | App. 0125-0147 |
| F | Plaintiff American Airlines, Inc.'s Objections and Answers to Defendant Skiplagged, Inc.'s First Request for Admissions | App. 0148-0169 |
| G | February 16, 2024 Skiplagged letter to American Airlines re: Discovery Deficiencies | App. 0170-0181 |

| H | March 22, 2024 Emails | App. 0182-0189 |
| I | March 26, 2024 Emails | App. 0190-0203 |

Dated: April 11, 2024.

Respectfully submitted,

*/s/ Abigail R.S. Campbell*
Aaron Z. Tobin
Texas Bar No. 24028045
Kendal B. Reed
Texas Bar No. 24048755
Abigail R.S. Campbell
Texas Bar No. 24098759
**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311
atobin@condontobin.com
kreed@condontobin.com
acampbell@condontobin.com

*/s/ William L. Kirkman*
William L. Kirkman
Texas Bar No. 11518700
Preston B. Sawyer
Texas Bar No. 24102456
**KIRKMAN LAW FIRM, PLLC**
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone: (817) 336-2800
Facsimile: (817) 887-1863
billk@kirkmanlawfirm.com
prestons@kirkmanlawfirm.com

***Attorneys for Defendant, Skiplagged, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

On April 11, 2024, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

<span style="float:right">*/s/Abigail R.S. Campbell*       <br>Abigail R.S. Campbell</span>

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

---

**AFFIDAVIT OF ABIGAIL R.S. CAMPBELL**

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TARRANT | § |

BEFORE ME, the undersigned authority, personally appeared Abigail R.S. Campbell, who, being by me duly sworn, deposed as follows:

My name is Abigail R.S. Campbell. I am over the age of 18 and have never been convicted of a felony or crime of moral turpitude. I am fully competent to make this Affidavit and have personal knowledge of the facts stated herein and they are true and correct.

1.     I am a licensed attorney with the law firm Condon Tobin Sladek Thornton Nerenberg, PLLC, 8080 Park Lane, Suite 700, Dallas, Texas 75231.

2.     I am counsel of record in the above captioned matter for Defendant Skiplagged, Inc.

3.     Attached hereto are true and correct copies of correspondence exchanged between myself and Plaintiff's counsel during the pendency of this litigation:

| Exhibit A | Defendant Skiplagged, Inc.'s First Set of Requests for Production to Plaintiff |
|---|---|

1

|  | American Airlines, Inc. |
|---|---|
| Exhibit B | Defendant Skiplagged, Inc.'s First Set of Interrogatories to Plaintiff American Airlines, Inc. |
| Exhibit C | Defendant Skiplagged, Inc.'s First Request for Admissions to Plaintiff American Airlines, Inc. |
| Exhibit D | Plaintiff American Airlines, Inc.'s Objections and Responses to Defendant Skiplagged, Inc.'s First Set of Requests for Production |
| Exhibit E | Plaintiff American Airlines, Inc.'s Objections and Answers to Defendant Skiplagged, Inc.'s First Interrogatories |
| Exhibit F | Plaintiff American Airlines, Inc.'s Objections and Answers to Defendant Skiplagged, Inc.'s First Request for Admissions |
| Exhibit G | February 16, 2024 Skiplagged letter to American Airlines re: Discovery Deficiencies |
| Exhibit H | March 22, 2024 Emails |
| Exhibit I | March 26, 2024 Emails |

FURTHER, AFFIANT SAYETH NOT.

SIGNED this ___ day April, 2024.

_____
Abigail R.S. Campbell

SUBSCRIBED AND SWORN TO BEFORE ME this ___ day of April 2024, to which I certify my hand and official seal.

_____
Notary Public
Print Name: _____
My Commission Expires: _____

2

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

**DEFENDANT SKIPLAGGED, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
TO PLAINTIFF AMERICAN AIRLINES, INC.**

**TO:    Plaintiff, American Airlines, Inc., through its attorneys of record, Messrs. Dee J.
Kelly, Jr. and Lars L. Berg and Ms. Julia G. Wisenberg, Kelly Hart & Hallman
LLP, 201 Main Street, Suite 2500, Fort Worth, Texas 76102; Ms. Bina Palnitkar,
Greenberg Traurig LLP, 2200 Ross Avenue, Suite 5200, Dallas, Texas 75201; and
Mr. Nathan J. Muyskens, Greenberg Traurig LLP, 2101 L Street, N.W., Suite 1000,
Washington, D.C. 20037.**

Defendant Skiplagged, Inc. ("Skiplagged" or "Defendant"), by and through its

undersigned counsel, hereby requests that Plaintiff American Airlines, Inc. ("AA" or "Plaintiff")

produce for inspection and copying at the offices of Condon Tobin Sladek Thornton Nerenberg,

PLLC, 8080 Park Ln. Dallas, TX 75231, within thirty (30) days from the service of this request,

the documents requested below that are in its possession, custody or control, or the possession,

custody or control of any one or more of its attorneys or agents.

Dated: January 10, 2024

Respectfully submitted,

/s/ Abigail R.S. Campbell
Aaron Z. Tobin
Texas Bar No. 24028045
atobin@condontobin.com
Kendal B. Reed
Texas Bar No. 24048755

1

kreed@condontobin.com
Abigail R.S. Campbell
Texas Bar No. 24098959
acampbell@condontobin.com
**CONDON TOBIN SLADEK THORNTON NERENBERG,
PLLC**
8080 Park Lane-Suite 700
Dallas, Texas 75231
Telephone:  214.265.3800
Facsimile:  214.691.6311


/s/*William L. Kirkman*
William L. Kirkman
State Bar No. 11518700
billk@kirkmanlawfirm.com
Preston B. Sawyer
State Bar No. 24102465
prestons@kirkmanlawfirm.com
**KIRKMAN LAW FIRM, PLLC**
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone:     (817) 336-2800
Facsimile:     (817) 877-1863


*Attorneys for Defendant Skiplagged, Inc.*

2

## CERTIFICATE OF SERVICE

It is hereby certified that on January 10, 2024, a copy of the foregoing was served through email as to the following parties who have entered an appearance in this matter:

Messrs. Dee J. Kelly, Jr. and Lars L. Berg
 and Ms. Julia G. Wisenberg
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102

Ms. Bina Palnitkar
Greenberg Traurig LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201

Mr. Nathan J. Muyskens
Greenberg Traurig, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037

*/s/Abigail R.S. Campbell*
Abigail R.S. Campbell

3

28189406v1 99460.002.00

**App. 0007**

## **DEFINITIONS**

The following Definitions apply to each request set forth herein.

1.      "Plaintiff," "AA," "You," or "Your" shall mean American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, websites under your control, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf.

2.      "Skiplagged" or "Defendant" shall mean Defendant Skiplagged, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf.

3.      "Complaint" shall mean the First Amended Complaint filed by AA in this matter on August 17, 2023, Dkt. 8.

4.      "American Marks" shall have the same definition as set forth in the Complaint.

5.      "American Copyright" shall have the same definition as set forth in the Complaint.

6.      "Person" or "Persons" shall mean all individuals and entities, including, but not limited to, sole proprietorships, partnerships, joint ventures, estates, trusts, associations, companies, corporations, or government agencies.  When the referenced person is an entity of any type, the term "person" or "persons" includes all present or former officers, directors, employees, agents, shareholders, trustees, beneficiaries, or other representatives.

7.      "Document" or "Documents" shall mean the original and all non-identical copies of any writing or record of any type or description known to Respondent, including, but not limited to, e-mails, computer records, instant messages, letters, statements, envelopes, contracts, bulletins, circular, pamphlets, phone message slips, telephone logs, telephone bills, agreements,

4

28189406v1 99460.002.00

agendas, minutes, memoranda, telegrams, telexes, teletypes, cables, messages, notes, worksheets, reports, forms, studies, checkbooks, canceled checks, interoffice communications, intra-office communications, appointment books, appointment logs, desk calendars, pocket calendars, expense reports, drafts, wire transfers, transmittal authorizations and confirmations, bank statements, ledgers, financial statements, work orders, logs, purchase orders, bills of lading, letters of credit, invoices, confirmation, travel vouchers, promotional materials, lists, notebooks, computer printouts, electronically or magnetically recorded or stored data, microfilm, photographs, tape recordings, digests, affidavits, opinions, investigations, signed statements, summaries, notices, proposals, books, articles, press releases, newspapers, charts, magazines, and all other written, printed, typed, photographed or graphically recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, computer disks or other media, phonographic recording, film, photography, tape or videotape.  The term "document" or "documents" includes all documents responsive to request and all associated or attached metadata, regardless of whether or not the document still exists, and regardless of who has maintained custody of such a document.

8.     "Communications" is used in its customarily broad sense and includes, without limitation, telephone conferences, correspondence, letters, memoranda, and other written forms of exchange and in all verbal conversation by whatever means including all forms and manifestations of electronically stored and/or retrieved electronic information, in all electronic media (hard drive, diskette or tape), including but not limited to "e-mail" and all associated or attached metadata.

9.     "Concerning," "concern," "relating," "relate," or "regarding" shall mean concerning, referring to, alluding to, responding to, relating to, connected with, connected on,

28189406v1 99460.002.00

connected to, in respect of, about, regarding, discussing, showing, depicting, recording, memorializing, describing, mentioning, reflecting, analyzing, constituting, pertaining to or evidencing.

10.     As used herein, the conjunctions "and" and "or" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions, and shall not be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any request.

11.     The term "control" (including, with its correlative meanings, the terms "controlled by" and "under common control with"), as used with respect to any person, shall mean the possession, directly or indirectly, of the authority or power to direct or cause the direction of, or influence the management, decisions, or policies of, any other person, whether through the ownership of securities, by contract or otherwise.

12.     The term "hidden city ticket" means a ticket with a connecting flight to a final destination beyond the purchaser's intended destination in which the traveler intends to end or modify his travels at the layover point. The practice of purchasing a hidden city ticket or ending a travel journey at a layover destination is referred to as "hidden city ticketing" or "skiplagging."

13.     Any pronouns or nouns used herein, shall include and be read and applied as to encompass the alternative forms of the pronoun or noun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of the request.

14.     Requests that are stated in the present tense include the past tense and vice versa.

6

## **INSTRUCTIONS**

The following Instructions apply to each request set forth herein.

1.      Each request seeks production of each document, in its entirety, without abbreviation or expurgation, and all drafts and non-identical copies of each document.

2.      Each page of each document should be numbered consecutively.  A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, and any transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

3.      Documents attached to each other (physically or via electronic mail) should not be separated.

4.      Unless a request specifies otherwise, the relevant time frame for each request is from August 1, 2018, to the present.

5.      In producing the requested documents, even though the requests are directed to "You," furnish all documents which are available to You, including documents in the possession of any of Your officers, directors, employees, agents, attorneys, investigators, accountants or consultants, or other individuals under Your control, and not merely such documents in Your possession.

6.      These requests are to be treated as continuing.  If all of the information requested is not available, you must answer each request as fully as possible within thirty (30) days of service and furnish additional information and documents when it becomes available.   If additional information or documentation is discovered between the time of your initial responses and the time of trial, these requests are directed to the discovery of those materials.

28189406v1 99460.002.00

**App. 0011**

7.     If any document requested herein is withheld on the basis of any claim of privilege, You are requested to submit, in lieu of any such document, a written statement (a) identifying the person(s) who prepared or authored the document, and, if applicable, the person(s) to whom the document was sent or shown, (b) specifying the date on which the document was prepared or transmitted, (c) describing the nature of the document (e.g., letter, telegram, etc.), (d) stating briefly why the document is claimed to be privileged or to constitute work product, and (e) identifying the paragraph of the request which the document relates.

8.     Electronically stored information ("ESI") shall be produced with searchable text, in image format with a companion text file. You shall produce searchable optical character recognition ("OCR") text of scanned paper documents. You shall produce extracted text from the native file. Extracted text or OCR text shall be produced on a document level as .TXT files, with the .TXT filename matching the Bates number applied to the first page of the corresponding static image file followed by the .TXT extension.

    a.  Text files are to be located in a folder named "TEXT" or "OCR" containing text files only.

    b.  Each document image file must be named with a unique Bates Number following by the extension "TIF" or "PDF."

    c.  File names should not be more than 20 characters long or contain spaces.

    d.  When a text-searchable image file is produced, You must preserve the integrity of the underlying ESI, *i.e*, the original formatting, the metadata (as noted below), and, where applicable, the revision history.

    e.  You shall produce information in the following format: single page color images (Group 4 Tagged Image File Format files at 300 x 300 dpi resolution, type-2 (24 bit), or .pdf files, standard format) and associated multi-page text files containing extracted text and with appropriate software load files containing all requisite information for use with a document management system.

    f.  Two load/unitization files shall be provided with all productions: (i) **Metadata Import File**: DAT format, ASCII format, using Concordance default delimiters to separate the fields and records. A path to the corresponding .TXT file should be

8

included as a filed in the metadata import file; (ii) **Image Cross-Reference File**: OPT format, containing the corresponding image information and indicating page breaks.

g. To the extent You want to produce certain documents in black and white, Skiplagged agrees to meet and confer and come to agreement prior to production of any black and white images. Otherwise, all documents should be produced in color.

h. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. Skiplagged reserves the right to request reproduction of the load files where improper unitization is excessive.

i. Electronic image files should be located in a folder named "IMAGE" or "DOCS" containing static images only. All electronic image file names should match the Bates number assigned to the image.

j. When processing ESI for production as an electronic image, You must set imaging settings to force off "Auto Date" and force on: hidden columns or rows, hidden worksheets, speaker notes, track changes, and comments.

9.      Unless otherwise noted herein, the only files that should be produced in native format are files not easily converted to image or pdf format such as Excel Files, Access files, PowerPoint files, and drawing files. Excel files or other files that cannot be imaged properly or efficiently shall be produced natively, except if redacted. Name each native file with the Bates number labeled on the first page of each corresponding document and the appropriate file extension. Native files should be located in a folder named "NATIVE" or "NATIVES" containing native files only. Further, all imaged electronic documents shall contain all information contained in the native, electronic version including, but not limited to, comments and tracked changes (subject to claims of attorney-client, work product, and/or any other applicable privilege or protection).

10.     You shall produce the following metadata, or equivalent fields, associated with ESI (including all metadata associated with the native versions of imaged electronic documents that were not produced in native format, such as emails produced as PDFs) to the extent

9

reasonably possible and/or accessible: (a) the author(s) of the ESI; (b) the recipient(s) of the ESI;

(c) the date the ESI was created; (d) the source from which the ESI was produced, and (e) the

metadata fields listed in the chart below (metadata field names may vary – the chart below

describes the metadata fields, or equivalent fields, to be produced, to the extent possible, in

generic, commonly used terms that the producing party may adapt to the specific types of

documents it is producing):

| Field | Definition |
|---|---|
| CUSTODIAN | Name of person from whose files the document is produced.<br><br>For non-custodial documents, the name of the corporate entity in possession of the documents. |
| BEGBATES | Beginning Bates Number |
| ENDBATES | End Bates Number |
| BEGATTACH | First Bates number of family range (i.e., Bates number of the first page of the attachment) |
| ENDATTACH | Last Bates number of family range (i.e., Bates number of the last page of the attachment) |
| FILETYPE/APPLICATION | Application used to create document |
| FILEEXT | File extension of the native file (e.g., XLS, DOC, PDF) |
| FILEPATH | File source path for all electronically collected documents, which includes location, folder name |
| FILENAME | File name of the original electronically collected documents |
| RECORDTYPE | Descriptive field created by the vendor processing software (e.g., email, edoc, image, attachment) |
| FROM | Sender of Email |
| TO | Recipient of Email |
| CC | Additional recipients of Email |
| BCC | Additional recipients of Email |
| SUBJECT | Subject line of email |
| PARENT_DATE (mm/dd/yyyy) | Date of the document or, for attachments, its parent |
| DATESENT (mm/dd/yyyy) | Date sent |
| DATERCVD | Date received |

10

28189406v1 99460.002.00

| (mm/dd/yyyy) | |
|---|---|
| TITLE | Title field value extracted from the metadata of the native file |
| AUTHOR | Creator of document |
| DATECRTD (mm/dd/yyyy) | Creation date |
| LASTAUTHOR | Last saved field contained in the metadata of the native file |
| LASTMOD (mm/dd/yyyy) | Last modified date |
| TIME ZONE | A description of the time zone in which the document was processed such as "Pacific Standard Time (PST)" |
| NATIVEFILELINK | For documents provided in native format only |
| TEXTPATH | File path for OCR or Extracted Text files |

11.     The "source" of ESI shall be the name of the person who was the custodian of the ESI or, if the name of a person is not available, the storage location (e.g., "Regulatory Shared Drive–Wayne, PA," "iCloud," or "Google Drive").  This information, to the extent possible, will be included in the "Author," "Recipient," "Date," and "Source" fields (respectively) for each document in the Concordance or Summation load file associated with the .TIF images.

## **FIRST REQUEST FOR PRODUCTION**

**REQUEST NO. 1:**   All documents and communications relating or referring to Skiplagged, including, but not limited to, any and all investigations and studies of Skiplagged, internal communications about Skiplagged, and communications with third parties about Skiplagged since January 1, 2015.

**REQUEST NO. 2:**   All communications between You and any governing or regulatory authority relating to Skiplagged.

**REQUEST NO. 3:**   All communications between You and any other airline, including but not limited to, employees, agents, or representatives of any other airline, relating to Skiplagged.

11

**REQUEST NO. 4:**    Documents and communications relating to the terms of use, Use Agreement, or "conditions of carriage" as published on Your Internet website at aa.com as alleged in paragraph 11 of the Complaint, including all prior versions of such purported agreements and conditions of carriage published on the aa.com website or elsewhere since August 1, 2018.

**REQUEST NO. 5:**    Documents reflecting the process for purchasing a flight ticket on aa.com and each variation of such process since August 1, 2018.

**REQUEST NO. 6:**    All documents and communications relating or referring to hidden-city ticketing or skiplagging, including any and all investigations and studies of hidden-city ticketing/skiplagging, internal communications about hidden-city ticketing/skiplagging, and communications with third parties, including other airlines, about hidden-city ticketing/skiplagging.

**REQUEST NO. 7:**    All communications between You and any governing or regulatory authority relating to hidden city ticketing.

**REQUEST NO. 8:**    All communications between You and any other airline relating to Skiplagged.

**REQUEST NO. 9:**    All documents and communications related to profits You claim You lost as a result of any alleged actions of Skiplagged.

**REQUEST NO. 10:** Each contract or agreement allegedly interfered with by Skiplagged.

**REQUEST NO. 11:** All communications relating to the contracts or agreements allegedly interfered with by Skiplagged, including, but not limited to, all evidence that Skiplagged was aware of such contract or agreement.

12

**REQUEST NO. 12:**  All financial documents evidencing lost profits, sales, revenues, or gains resulting from Skiplagged's alleged actions, including, but not limited to, sales information, tax returns, balance sheets, income statements, profit and loss statements, and cash flow statements.

**REQUEST NO. 13:**  All documents and communications between You and any entity or person, including internal documents and communications, concerning any of the events, incidents, conduct or alleged damages which form the basis of the claims asserted by You in this lawsuit.

**REQUEST NO. 14:**  All documents received in response to any subpoena served in this matter.

**REQUEST NO. 15:**  All cease-and-desist letters sent by You to any third party regarding skiplagging or hidden-city ticketing and any responses to same.

**REQUEST NO. 16:**  All documents related to any and all lawsuits filed by You or settlement agreements executed by You that relate in any way to hidden-city ticketing or skiplagging.

**REQUEST NO. 17:**  All documents referred to, used, or relied upon in answering Skiplagged's First Interrogatories.

**REQUEST NO. 18:**  All documents and communications relating to the steps, policies, or procedures You employed to protect against the unauthorized use of the American Marks or American Copyright, as these terms are defined in the Complaint, since January 1, 2015.

**REQUEST NO. 19:**  All communications between You and Skiplagged.

13

**REQUEST NO. 20:** All documents and communications relating or referring to customer problems that Skiplagged allegedly created, as alleged in Paragraph 82 of the Complaint.

**REQUEST NO. 21:** All documents and communications relating or referring to the employee time and resources You claim to have expended investigating and trying to address problems allegedly caused by Skiplagged.

**REQUEST NO. 22:** All documents and communications relating to Your efforts to stop Skiplagged's alleged abusive practices as alleged in Paragraph 84 of the Complaint.

**REQUEST NO. 23:** All documents and communications evidencing the "great and irreparable injury" that Skiplagged's acts have allegedly caused, as alleged in Paragraph 98 of the Complaint.

**REQUEST NO. 24:** All documents and communications evidencing, relating, or referring to all contracts and agreements between You and Skiplagged.

**REQUEST NO. 25:** All documents and communications evidencing the confusion, mistake, or deception as to the affiliation, connection, or association of Skiplagged with AA, or as to the origin, sponsorship, or approval of Skiplagged's goods and services by American that Skiplagged's alleged conduct has caused as alleged in Paragraphs 109 and 118 of the Complaint.

**REQUEST NO. 26:** All documents and communications evidencing the "irreparable harm" that You have allegedly suffered or will suffer as a result of Skiplagged's alleged infringement of the American Marks as alleged in Paragraph 114 of the Complaint.

**REQUEST NO. 27:** All documents and communications evidencing how You claim to have been, are now, and will be "irreparably harmed" by Skiplagged's alleged copyright infringement, as alleged in Paragraph 127 of the Complaint.

14

**REQUEST NO. 28:** All documents and communications evidencing the financial loss You claim to have suffered as a result of the alleged false association as alleged in Paragraph 122 of the Complaint.

**REQUEST NO. 29:** All documents and communications relating to the costs You allege You have incurred to correct the alleged misleading information as alleged in Paragraph 122 of the Complaint.

**REQUEST NO. 30:** All documents and communications relating to the corrective actions You claim to have taken against the alleged misleading information as alleged in Paragraph 122 of the Complaint.

**REQUEST NO. 31:** All documents and communications relating to the denial of Skiplagged's access to Your aa.com site, as You claim You reserve the right to do on the "aa.com site usage" page located at https://www.aa.com/i18n/customer-service/support/legal-information.jsp.

**REQUEST NO. 32:** All documents and communications relating to any promotional or discounted fair offerings by You since August 1, 2018.

**REQUEST NO. 33:** All documents and communications relating to or evidencing actions You claim to have taken to mitigate any damages You claim to have suffered and for which You seek recovery in this lawsuit.

**REQUEST NO. 34:** All communications and documents evidencing or supporting the calculation of damages You seek in this litigation.

**REQUEST NO. 35:** All attorney fee agreements and invoices between You and the attorneys representing You in this litigation.

15

**REQUEST NO. 36:** All documents, communications, or information exchanged between You and any experts in this litigation.

**REQUEST NO. 37:** All expert notes regarding their communications with You.

**REQUEST NO. 38:** All documents relied upon by Your experts, including Your expert's file.

**REQUEST NO. 39:** All communications, presentations, and meeting notes between You and Your board of directors regarding Skiplagged or hidden-city ticketing.

**REQUEST NO. 40:** All monthly and yearly financial statements and balance sheets for You since January 1, 2015.

**REQUEST NO. 41:** All documents and communications relating to lost profits or lost revenue.

**REQUEST NO. 42:** All documents and communications relating to customer complaints.

**REQUEST NO. 43:** All documents and communications relating to actions or planned actions against customers who purchase hidden city tickets, including the repercussions against customers.

**REQUEST NO. 44:** All flight schedules and corresponding flight prices for all city pairs and gate assignments since August 1, 2018.

**REQUEST NO. 45:** All documents and communications that support Your allegations that Skiplagged.com entered into any contract or agreement with You.

**REQUEST NO. 46:** All documents and communications that support Your allegations that Skiplagged charges customers for fares on American flights.

28189406v1 99460.002.00

**REQUEST NO. 47:**  All documents and communications that support Your allegations that Skiplagged sells tickets on American flights.

**REQUEST NO. 48:**  All documents and communications that support Your allegation that Skiplagged represents itself as an agent of American.

**REQUEST NO. 49:**  All documents, communications, analysis, or studies relating to the placement of Your terms and conditions or terms of use on aa.com, including any wireframes reflecting all potential placements for such terms and comments or advice from any user experience or UEX employees or consultants.

**REQUEST NO. 50:**  All documents and communications relating to revenue generated by the purchase of hidden-city tickets by users of Skiplagged.com or any other website by which hidden-city tickets may be identified.

**REQUEST NO. 51:**  All documents and communication relating to profits You received from purchases of hidden-city tickets.

**REQUEST NO. 52:**  All documents and communications relating to Your efforts and abilities to identify or flag bookings facilitated by Skiplagged, including how such bookings are identified or flagged.

**REQUEST NO. 53:**  All documents and communications, including but not limited to terms of use, codes of conduct, or policies, provided to customers that refer to Skiplagged, hidden city ticketing, or similar practices.

**REQUEST NO. 54:**  All documents and communications relating to Your determination of ticket prices, including but not limited to, how You set ticket prices for direct and connecting flights, software used to set ticket prices, and adjustments to ticket prices.

17

**REQUEST NO. 55:**  All documents and communications relating to all efforts to license or enforce any of the American Marks and/or American Copyrights in the last 10 years, including any cease-and-desist letters or similar communications, license agreements, litigation filings, and settlement agreements.

**REQUEST NO. 56:**  All documents and communications You claim demonstrate the value of the American Marks and any harm or loss to the American Marks You allege were caused by Skiplagged.

**REQUEST NO. 57:**  All documents and communications You claim demonstrate the value of the American Copyrights and any harm or loss to the American Copyrights You allege were caused by Skiplagged.

**REQUEST NO. 58:**  Relevant portions of Your balance sheets and other financial documents for the last 10 years that You claim show the value of the American Marks and American Copyrights.

**REQUEST NO. 59:**  All documents demonstrating ownership of the American Marks and American Copyrights from create of each intellectual property asset through the present.

**REQUEST NO. 60:**  All assignments or documents affecting any rights in the American Marks and American Copyrights from creation of each intellectual property asset through the present.

**REQUEST NO. 61:**  All documents licensing or giving any rights to third parties relating to the American Marks and the American Copyrights.

**REQUEST NO. 62:**  All documents and communications relating to any valuations performed of the American Marks and the American Copyrights.

18

**REQUEST NO. 63:**  All documents and communications relating to any analysis or opinion of the validity or enforceability of the American Marks or American Copyrights.

**REQUEST NO. 64:**  Documents identifying all individuals that participated in any way with the creation of the American Copyrights (collectively, the "Copyright Authors").

**REQUEST NO. 65:**  Documents establishing each of the Copyright Authors' relationship with You (W2 employment, 1099 contractor, or otherwise) at the time the American Copyrights were created through the present.

**REQUEST NO. 66:**  The complete file for the American Copyrights.

**REQUEST NO. 67:**  The complete file for the American Marks.

**REQUEST NO. 68:**  All documents establishing Your initial use in commerce and continued use in commerce through the present of the American Marks.

**REQUEST NO. 69:**  All documents supporting Your contention that Skiplagged's use of the American Marks and the American Copyrights is not fair use or nominative use.

**REQUEST NO. 70:**  All documents and communications supporting Your contention that Skiplagged's use of the American Marks is likely to cause confusion, including but not limited to documents supporting or relating to the likelihood of confusion factors.

**REQUEST NO. 71:**  All documents and communications You contend demonstrate any actual confusion caused by Skiplagged's use of the American Marks or the American Copyrights.

**REQUEST NO. 72:**  All documents and communications showing any diverted sales or leads allegedly caused by Skiplagged's use of the American Marks or the American Copyrights.

19

**REQUEST NO. 73:**  All documents and communications demonstrating Your claim of consumer confusion for each American Airlines flight booked by Skiplagged for consumers seeking to book a flight on American Airlines.

**REQUEST NO. 74:**  All documents and communications demonstrating Your claim of consumer confusion for each non-American Airlines flight booked by Skiplagged for consumers seeking to book a flight on an airline other than American Airlines.

**REQUEST NO. 75:**  All documents showing any difference in legal rights between the American Marks and the American Copyrights.

**REQUEST NO. 76:**  All documents and communications relating to Your policies regarding protection and use of intellectual property rights, including use of third-party intellectual property rights and precautions to be taken before using an intellectual property right not owned by You.

**REQUEST NO. 77:**  All documents supporting Your claim that this case is an exceptional case in Your favor under the Lanham Act.

**REQUEST NO. 78:**  All documents supporting Your contention that Skiplagged's alleged copyright infringement was willful.

**REQUEST NO. 79:**  All documents supporting Your contention that Skiplagged's alleged Lanham Act violations were willful.

**REQUEST NO. 80:**  All documents supporting Your contention that Skiplagged violated Your copyrights including alleged infringement of the American Copyrights.

**REQUEST NO. 81:**  All documents supporting Your contention that Skiplagged violated Your trademark rights including alleged infringement of the American Marks and the alleged acts described in Counts III and IV of the Complaint.

28189406v1 99460.002.00

**REQUEST NO. 82:**  All documents and communications showing when Skiplagged allegedly first used the American Copyrights and when You first became aware of it.

**REQUEST NO. 83:**  All documents and communications relating to the reasons why You waited from Your first knowledge of Skiplagged's alleged use of the American Copyrights until You filed suit on August 17, 2023.

**REQUEST NO. 84:**  All documents and communications showing when Skiplagged allegedly first used the American Marks and when You claim You first became aware of it.

**REQUEST NO. 85:**  All documents and communications relating to the reasons why You waited from Your first knowledge of Skiplagged's alleged use of the American Marks until You filed suit on August 17, 2023

**REQUEST NO. 86:**  All documents and communications relating to the legal and factual basis that the statute of limitation has not lapsed as to each of Your claims.

**REQUEST NO. 87:**  All documents and communications supporting or relating to the alleged validity and enforceability of the American Copyrights.

**REQUEST NO. 88:**  All documents and communications supporting or relating to the alleged validity and enforceability of the American Marks.

**REQUEST NO. 89:**  All documents and communications supporting Your claim that the American Marks are inherently distinctive.

**REQUEST NO. 90:**  All documents demonstrating by year the amount of advertising spent using the American Marks.

**REQUEST NO. 91:**  All documents demonstrating by year the amount of sales obtaining using the American Marks.

28189406v1 99460.002.00

**REQUEST NO. 92:**  All documents and communications supporting Your contention that Skiplagged's actions have caused a false, deceptive, or misleading belief in the minds of consumers as to the affiliation, connection, or association of Skiplagged with American, or as to the origin, sponsorship, or approval of Skiplagged's goods and services by American.

**REQUEST NO. 93:**  All documents showing each of Your publications of the American Copyrights without a copyright notice included with the copyrights.

**REQUEST NO. 94:**  All documents showing each of Your publications of the American Marks without a federal trademark registration notice included with the trademarks.

**REQUEST NO. 95:**  All documents supporting Your contention that Skiplagged's alleged use of the American Copyrights is likely to cause consumer confusion.

**REQUEST NO. 96:**  All documents and communications relating to any incidences where consumers viewing Skiplagged's website intending to purchase a flight on American Airlines were somehow confused or mislead into purchasing a flight on another airline believing the flight to be provided by You.

**REQUEST NO. 97:**  All documents and communications relating to any incidences where consumers viewing Skiplagged's website intending to purchase a flight on American Airlines were somehow confused or mislead into believing that Skiplagged was an agent, sponsored by, or affiliated with You.

**REQUEST NO. 98:**  All documents and communications relating to any incidences where You contend Skiplagged diverted consumers viewing Skiplagged's website intending to purchase a flight on American Airlines to a different airline without the consumer's knowledge or consent.

28189406v1 99460.002.00

**REQUEST NO. 99:** All documents supporting Your claim for statutory damages, including but not limited the factual and legal basis for statutory damages, the appropriate amount to be awarded, and all factors supporting that amount.

**REQUEST NO. 100:** All documents supporting Your claim for attorney's fees under each statute through which fees are sought.

**REQUEST NO. 101:** All documents supporting Your claim for injunctive relief.

**REQUEST NO. 102:** All documents relating to Your delay in seeking injunctive relief from when You contend to have first experienced irreparable harm through the present.

23

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

## DEFENDANT SKIPLAGGED, INC.'S FIRST INTERROGATORIES TO PLAINTIFF AMERICAN AIRLINES, INC.

**TO:   Plaintiff, American Airlines, Inc., through its attorneys of record, Messrs. Dee J. Kelly, Jr. and Lars L. Berg and Ms. Julia G. Wisenberg, Kelly Hart & Hallman LLP, 201 Main Street, Suite 2500, Fort Worth, Texas 76102; Ms. Bina Palnitkar, Greenberg Traurig LLP, 2200 Ross Avenue, Suite 5200, Dallas, Texas 75201; and Mr. Nathan J. Muyskens, Greenberg Traurig LLP, 2101 L Street, N.W., Suite 1000, Washington, D.C. 20037.**

Defendant Skiplagged, Inc. ("Skiplagged" or "Defendant"), by and through its undersigned

counsel, hereby requests that Plaintiff American Airlines, Inc. ("AA" or "Plaintiff") answer the

following interrogatories separately, fully, and completely, in writing and under oath, within thirty

(30) days of the date hereof.

Dated: January 10, 2024

Respectfully submitted,

*/s/ Abigail R.S. Campbell*
Aaron Z. Tobin
Texas Bar No. 24028045
atobin@condontobin.com
Kendal B. Reed
Texas Bar No. 24048755
kreed@condontobin.com
Abigail R.S. Campbell
Texas Bar No. 24098959
acampbell@condontobin.com

28189399v1 99460.002.00

**App. 0029**

**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**
8080 Park Lane-Suite 700
Dallas, Texas 75231
Telephone:  214.265.3800
Facsimile:  214.691.6311


/s/*William L. Kirkman*
William L. Kirkman
State Bar No. 11518700
billk@kirkmanlawfirm.com
Preston B. Sawyer
State Bar No. 24102465
prestons@kirkmanlawfirm.com
**KIRKMAN LAW FIRM, PLLC**
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone:      (817) 336-2800
Facsimile:      (817) 877-1863


***Attorneys for Defendant Skiplagged, Inc.***


## CERTIFICATE OF SERVICE

It is hereby certified that on January 10, 2024, a copy of the foregoing was served through

email as to the following parties who have entered an appearance in this matter:

Messrs. Dee J. Kelly, Jr. and Lars L. Berg
 and Ms. Julia G. Wisenberg
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102

Ms. Bina Palnitkar
Greenberg Traurig LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201

Mr. Nathan J. Muyskens
Greenberg Traurig, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037

/s/*Abigail R.S. Campbell*
Abigail R.S. Campbell

2

**DEFINITIONS**

The following Definitions apply to each request set forth herein.

1.      "Plaintiff," "AA," "You," or "Your" shall mean American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf.

2.      "Skiplagged" or "Defendant" shall mean Defendant Skiplagged, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf.

3.      "Complaint" shall mean the First Amended Complaint filed by AA in this matter on August 17, 2023, Dkt. 8.

4.      "Person" or "Persons" shall mean all individuals and entities, including, but not limited to, sole proprietorships, partnerships, joint ventures, estates, trusts, associations, companies, corporations, or government agencies.  When the referenced person is an entity of any type, the term "person" or "persons" includes all present or former officers, directors, employees, agents, shareholders, trustees, beneficiaries, or other representatives.

5.      "Document" or "Documents" shall mean the original and all non-identical copies of any writing or record of any type or description known to Respondent, including, but not limited to, e-mails, computer records, instant messages, letters, statements, envelopes, contracts, bulletins, circular, pamphlets, phone message slips, telephone logs, telephone bills, agreements, agendas, minutes, memoranda, telegrams, telexes, teletypes, cables, messages, notes, worksheets, reports, forms, studies, checkbooks, canceled checks, interoffice communications, intra-office communications, appointment books, appointment logs, desk calendars, pocket calendars, expense

3

reports, drafts, wire transfers, transmittal authorizations and confirmations, bank statements, ledgers, financial statements, work orders, logs, purchase orders, bills of lading, letters of credit, invoices, confirmation, travel vouchers, promotional materials, lists, notebooks, computer printouts, electronically or magnetically recorded or stored data, microfilm, photographs, tape recordings, digests, affidavits, opinions, investigations, signed statements, summaries, notices, proposals, books, articles, press releases, newspapers, charts, magazines, and all other written, printed, typed, photographed or graphically recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, computer disks or other media, phonographic recording, film, photography, tape or videotape.  The term "document" or "documents" includes all documents responsive to request, regardless of whether or not the document still exists, and regardless of who has maintained custody of such a document.

6.      "Communications" is used in its customarily broad sense and includes, without limitation, telephone conferences, correspondence, letters, memoranda, and other written forms of exchange and in all verbal conversation by whatever means including all forms and manifestations of electronically stored and/or retrieved electronic information, in all electronic media (hard drive, diskette or tape), including but not limited to "e-mail."

7.      "Concerning," "concern," "relating," "relate," or "regarding" shall mean concerning, referring to, alluding to, responding to, relating to, connected with, connected on, connected to, in respect of, about, regarding, discussing, showing, depicting, recording, memorializing, describing, mentioning, reflecting, analyzing, constituting, pertaining to or evidencing.

8.      "Identify" as used herein shall mean:

(a)      when used in reference to an individual, to state his full name, his present or last known address, his telephone number, the full name and present or last known

4

address of his employer or business, and his position with such employer or business.

(b)   when used in reference to a corporation, partnership, unincorporated association, or other entity, to state its full name and its present or last known address, and fully describe the business or activity in which the entity is engaged.

(c)   when used in reference to a document, to state the date, author, type of document, general subject matter, the person or persons to whom it or copies of it were sent, and its present or last known location and custodian.  If any document was, but is no longer, in your possession or custody or subject to your control, you are requested to submit in lieu of any such document a written statement (a) describing in detail the nature of the document and its contents, (b) identifying the person(s) who prepared or authored the document and, if applicable, the person(s) to whom the document was sent, (c) specifying the date on which the document was prepared or transmitted and (d) specifying the date on which the document was lost or destroyed and, if destroyed, the conditions of and reasons for such destruction and the person(s) requesting and performing the destruction.

(d)   when used in reference to a statement, a representation, a directive or other information, state the time and date it was made, the location where it was made, the location where it was received (if other than the location where it was made), and the nature, circumstances, and specific content of it, and identify each person to whom it was made, each person present when it was made or received, and each person having care custody or control of it in any form.

9.   "Describe" as used herein means to explain with full particularly any and all responsive facts, acts, occurrences, omissions, information, and other responsive detail, including, without limitation, the following:

(a)   The identity of each and every person who has knowledge of the fact, act, occurrence, omission, information or detail;

(b)   The date of each fact, act, omission or occurrence;

(c)   A narrative description of each fact, act, occurrence, omission, information, or detail; and

(d)   The identity of each and every document related to the fact, act, occurrence, omission, information or detail.

10.   As used herein, the conjunctions "and" and "or" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions and

28189399v1 99460.002.00

shall not be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any request.

11.    The term "hidden city ticket" means a ticket with a connecting flight to a final destination beyond the purchaser's intended destination in which the traveler intends to end or modify his travels at the layover point.

12.    Any nouns or pronouns used herein, shall include and be read and applied as to encompass the alternative forms of the noun or pronoun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of the Interrogatory.

13.    Interrogatories that are stated in the present tense include the past tense and vice versa.

<u>**INSTRUCTIONS**</u>

The following Instructions apply to each request set forth herein.

1.    Unless an interrogatory specifies otherwise, the relevant time frame for each request is from August 1, 2018, to the present.

2.    If you object to identifying a document or communication on the basis of privilege, for each and every such document and communication  you are requested to submit, in lieu of any such identification, a written statement (a) identifying the person(s) who prepared or authored the document or communication, and, if applicable, the person(s) to whom the document or communication was sent or shown, (b) specifying the date on which the document or communication was prepared or transmitted, (c) describing the nature of the document or communication (e.g., letter, telegram, etc.), (d) stating briefly why the document or communication is claimed to be privileged or to constitute work product, and (e) identifying the paragraph of the

6

Interrogatory to which the document or communication relates.

3.    If a portion of an interrogatory answer contains information subject to a claim of privilege, those portions of the answer subject to the claim of privilege shall be subject to the instructions in the preceding paragraph, and the rest of the answer shall be provided.

4.    These interrogatories are to be treated as continuing.  If all of the information requested is not available, you must answer each request as fully as possible within thirty (30) days of service and furnish additional information and documents when it becomes available.  If additional information or documentation is discovered between the time of your initial responses and the time of trial, these Interrogatories are directed to the discovery of those materials.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**    Identify each person by name, address, and relationship to Plaintiff, who helped You prepare the answers to these interrogatories, including whether any documents were reviewed and, if so, identify the documents reviewed for such purpose.

**RESPONSE:**

**INTERROGATORY NO. 2:**    Identify each and every agreement or contract between You and Skiplagged that You allege Skiplagged breached. As part of Your answer, for each allegedly breached agreement, identify: (a) the date the agreement was executed; (b) each representative that executed the agreement; (c) the specific provisions You allege Skiplagged breached; (d) how Skiplagged breached each specific provision; (e) the date of each alleged breach, and (f) the alleged damages from each breach, including amounts of financial loss.

**RESPONSE:**

**INTERROGATORY NO. 3:**    Identify each and every step, policy, or procedure, followed or adhered to by You to protect against unauthorized use of the American Marks or American Copyright as these terms are defined in the Complaint.

**RESPONSE:**

28189399v1 99460.002.00

**App. 0035**

**INTERROGATORY NO. 4:**     Identify each and every instance in which You lost revenue when You claim You tried to help solve alleged customers' problems that Skiplagged created, as alleged in Paragraph 82 of the Complaint. As part of your response, for each instance, identify (a) the date of the incident, (b) the customer's identity, (c) the problem or issue and solution from You, and (d) the economic or monetary loss You claim as a result of that instance.

**RESPONSE:**

**INTERROGATORY NO. 5:**     Identify each and every "problem" allegedly caused by Skiplagged that You have expended employee time and resources investigating and trying to address as alleged in Paragraph 82 of the Complaint. For each such problem, identify and describe (a) the nature of the investigation and results thereof, (b) what steps were taken to "address the problem" and the results of same, (c) the employee time spent, (d) the resources spent, (e) the identity of each employee that conducted the investigation or tried to address the alleged problem, (f) and the dates of each.

**RESPONSE:**

**INTERROGATORY NO. 6:**     Identify and describe each of Your efforts to stop Skiplagged's alleged abusive practices as alleged in Paragraph 84 of the Complaint. As part of Your response, for each effort, identify (a) the date You took such efforts, (b) how Skiplagged allegedly took measures to hide or to elude Your efforts, (c) the alleged abusive practice the effort was aimed at, (d) the result of such efforts.

**RESPONSE:**

**INTERROGATORY NO. 7:**     Identify and describe each and every "great and irreparable injury" that Skiplagged's acts have allegedly caused, as claimed in Paragraph 98 of the Complaint, including all reasons You did not seek injunctive relief since the foregoing "irreparable injury" first started through the present.

**RESPONSE:**

28189399v1 99460.002.00

**INTERROGATORY NO. 8:**     Identify each and every existing contract or agreement to which You allege Skiplagged interfered. As part of Your response, for each contract, identify (a) the parties to the contract, (b) the date the contract was executed, (c) the date Skiplagged allegedly interfered with the contract, (d) the lost profits You allege were caused by that interference, and (e) other financial losses caused by each such interference.

**RESPONSE:**

**INTERROGATORY NO. 9:**     Identify each and every third party or customer that Skiplagged's alleged conduct has caused to confuse, mistake, or to deceive as to the affiliation, connection, or association of Skiplagged with AA, or as to the origin, sponsorship, or approval of Skiplagged's goods and services by American as alleged in Paragraphs 109 and 118 of the Complaint. As part of your response, for each third party or customer, identify (a) the date You were informed of such alleged confusion, mistake, or deception, (b) the third party's description or explanation of same, (c) the damages allegedly sustained by You for each alleged notice of confusion, mistake, or deception.

**RESPONSE:**

**INTERROGATORY NO. 10:**   Identify and describe, in detail, the "irreparable harm" that You have allegedly suffered or will suffer as a result of Skiplagged's infringement of the American Marks and/or American Copyright as alleged in Paragraphs 114 and 127 of the Complaint.

**RESPONSE:**

**INTERROGATORY NO. 11:**   Identify each and every financial loss You claim to have suffered and cost You claim to have incurred as a result of the alleged false association and need to correct alleged misleading information as alleged in Paragraph 122 of the Complaint.

**RESPONSE:**

9

**INTERROGATORY NO. 12:**   Identify each time You have denied Skiplagged access to Your aa.com site, as You claim You reserve the right to do on the "aa.com site usage" page located at https://www.aa.com/i18n/customer-service/support/legal-information.jsp.

**RESPONSE:**

**INTERROGATORY NO. 13:**   Identify and describe the details and date ranges for any promotional or discounted fare offerings by You since August 1, 2018.

**RESPONSE:**

**INTERROGATORY NO. 14:**   Identify and describe all actions You have taken to mitigate any damages You claim to have suffered and for which You seek recovery in this lawsuit.

**RESPONSE:**

**INTERROGATORY NO. 15:**   Identify and describe in detail any lawsuits to which You are a party, plaintiff or defendant, filed in the last 10 years, including in your answer the style of the lawsuit, the parties to the lawsuit, and the claims, counterclaims, and defenses alleged in the lawsuit.

**RESPONSE:**

**INTERROGATORY NO. 16:**   Identify and describe in detail any cease and desist demand You sent to third parties regarding skiplagging or hidden city ticketing since January 1, 2015, including in your answer the third party receiver of the demand, the actions You demanded to ceases and desist, and the date of the demand.

**RESPONSE:**

**INTERROGATORY NO. 17:**   Identify and itemize each element and item of Your alleged actual damages incurred by You as alleged in Your Complaint.  As part of your answer to this interrogatory please provide:
      a.   the total amount for each item of damages;
      b.   the category and claim to which each item of damages relates;

28189399v1 99460.002.00

c.  the factual basis for each item of damages;

d.  every person who has possession, custody, or control of each such factual information and/or document(s);

e.  an explanation of how each item of damages was computed, including any mathematical formula used; and

f.  with respect to the American Marks and American Copyright (as each term is defined in the Amended Complaint), the harm to such intellectual property You contend to have suffered due to Skiplagged's alleged actions.

**RESPONSE:**

**INTERROGATORY NO. 18:**   Identify and describe all of Your fare setting procedures, policies and strategies for the routes commonly subject to "skiplagging" or hidden-city ticketing as well as Your justification for charging consumers of Your services less for flights with more legs.

**RESPONSE:**

**INTERROGATORY NO. 19:**   Identify and describe all of Your procedures, policies, and strategies for identifying suspected cases of skiplagging or hidden city ticket purchases by Your customers.

**RESPONSE:**

**INTERROGATORY NO. 20:**   Identify and describe each and every immediate, short-term, and long-term steps or actions You took and/or take after identifying an instance of skiplagging or hidden city ticketing.

**RESPONSE:**

**INTERROGATORY NO. 21:**   Identify when and how You first became aware that Skiplagged offered information about or facilitated the purchase of AA flights.

**RESPONSE:**

11

**INTERROGATORY NO. 22:**   Identify when and how You first become aware that Skiplagged utilized the American Marks or published the American Copyright (as each of those terms are defined in the Complaint) as alleged in paragraphs 109 and 125 of the Complaint.

**RESPONSE:**

**INTERROGATORY NO. 23:**   Identify and describe in detail all efforts to license or enforce any of the American Marks and American Copyright (as each term is defined in the Amended Complaint) in the last 10 years, including the identity of and contact information for the person/entity against whom the rights were attempted to be licensed or enforced, the actions taken, and the ultimate resolution.

**RESPONSE:**

**INTERROGATORY NO. 24:**   Identify by year the revenue, gross profit and gross profit margin, and net profit and net profit margin that You contend You would have realized for the flights sold by Skiplagged, which are the subject of any Your claims.

**RESPONSE:**

**INTERROGATORY NO. 25:**   Identify the name, address, and telephone number of each person having knowledge of relevant facts, and a brief statement of each identified person's connection to the case and likely knowledge.

**RESPONSE:**

12

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

## DEFENDANT SKIPLAGGED, INC.'S FIRST REQUEST FOR ADMISSIONS TO PLAINTIFF AMERICAN AIRLINES, INC.

**TO:  Plaintiff, American Airlines, Inc., through its attorneys of record, Messrs. Dee J. Kelly, Jr. and Lars L. Berg and Ms. Julia G. Wisenberg, Kelly Hart & Hallman LLP, 201 Main Street, Suite 2500, Fort Worth, Texas 76102; Ms. Bina Palnitkar, Greenberg Traurig LLP, 2200 Ross Avenue, Suite 5200, Dallas, Texas 75201; and Mr. Nathan J. Muyskens, Greenberg Traurig LLP, 2101 L Street, N.W., Suite 1000, Washington, D.C. 20037.**

Defendant Skiplagged, Inc. ("Skiplagged" or "Defendant"), by and through its undersigned

counsel, hereby requests that Plaintiff American Airlines, Inc. ("AA" or "Plaintiff") respond to the

following requests for admissions within thirty (30) days of the date hereof.

Dated: January 10, 2024

Respectfully submitted,

/s/ Abigail R.S. Campbell
Aaron Z. Tobin
Texas Bar No. 24028045
atobin@condontobin.com
Kendal B. Reed
Texas Bar No. 24048755
kreed@condontobin.com
Abigail R.S. Campbell
Texas Bar No. 24098959
acampbell@condontobin.com
CONDON TOBIN SLADEK THORNTON NERENBERG,
PLLC
8080 Park Lane-Suite 700

1

Dallas, Texas 75231
Telephone:  214.265.3800
Facsimile:  214.691.6311


/s/*William L. Kirkman*
William L. Kirkman
State Bar No. 11518700
billk@kirkmanlawfirm.com
Preston B. Sawyer
State Bar No. 24102465
prestons@kirkmanlawfirm.com
**KIRKMAN LAW FIRM, PLLC**
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone:     (817) 336-2800
Facsimile:     (817) 877-1863


***Attorneys for Defendant Skiplagged, Inc.***


## CERTIFICATE OF SERVICE

It is hereby certified that on January 10, 2024, a copy of the foregoing was served through

email as to the following parties who have entered an appearance in this matter:

Messrs. Dee J. Kelly, Jr. and Lars L. Berg
 and Ms. Julia G. Wisenberg
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102

Ms. Bina Palnitkar
Greenberg Traurig LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201

Mr. Nathan J. Muyskens
Greenberg Traurig, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037

/s/*Abigail R.S. Campbell*
Abigail R.S. Campbell

2

## DEFINITIONS

The following Definitions apply to each request set forth herein.

1.        "Plaintiff," "AA," "You," or "Your" shall mean American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf.

2.        "Skiplagged" or "Defendant" shall mean Defendant Skiplagged, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf.

3.        "Complaint" shall mean the First Amended Complaint filed by AA in this matter on August 17, 2023, Dkt. 8.

4.        "American Marks" shall have the same definition as set forth in the Complaint.

5.        "American Copyright" shall have the same definition as set forth in the Complaint.

6.        As used herein, the conjunctions "and" and "or" shall be interpreted in each instances as meaning "and/or" so as to encompass the broader of the two possible constructions, and shall not be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any request.

## INSTRUCTIONS

The following Instructions apply to each request set forth herein.

1.        Your written responses to each Request for Admissions must be preceded by the Request for Admissions to which the response pertains.

2.        Pursuant to Fed. R. Civ. P. 36, you are required to specifically admit or deny the following Requests for Admissions or state in detail why you cannot admit or deny the request. A

3

denial must fairly respond to the substance of the matter; and when good faith requires that you qualify an answer or deny only a part of a matter, your answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

3.    These Requests for Admissions are continuing in nature.  If at any time after your responses are made you discover that they were incomplete or incorrect, you have a continuing duty to supplement or amend your responses.

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1.**    Admit that You have charged customers less money to purchase a flight with more legs of a flight and/or flights that include a layover(s) than flights with less legs, without layovers, or direct flights.

**REQUEST FOR ADMISSION NO. 2.**    Admit that You have charged customers more money to purchase a flight with less legs and/or flights with less or no layovers than flights with more legs and/or layovers.

**REQUEST FOR ADMISSION NO. 3.**    Admit that in or before 2015, You were aware that customers purchased American Airlines flights facilitated by Skiplagged.

**REQUEST FOR ADMISSION NO. 4.**    Admit that in 2016, You were aware that customers purchased American Airlines flights facilitated by Skiplagged.

**REQUEST FOR ADMISSION NO. 5.**    Admit that in 2017, You were aware that customers purchased American Airlines flights facilitated by Skiplagged.

**REQUEST FOR ADMISSION NO. 6.**    Admit that in 2018, You were aware that customers purchased American Airlines flights facilitated by Skiplagged.

4

**REQUEST FOR ADMISSION NO. 7.**     Admit that in 2019, You were aware that customers purchased American Airlines flights facilitated by Skiplagged.

**REQUEST FOR ADMISSION NO. 8.**     Admit that in 2020, You were aware that customers purchased American Airlines flights facilitated by Skiplagged.

**REQUEST FOR ADMISSION NO. 9.**     Admit that in 2021, You were aware that customers purchased American Airlines flights facilitated by Skiplagged.

**REQUEST FOR ADMISSION NO. 10.**     Admit that in 2022, You were aware that customers purchased American Airlines flights facilitated by Skiplagged.

**REQUEST FOR ADMISSION NO. 11.**     Admit that in 2023, You were aware that customers purchased American Airlines flights facilitated by Skiplagged.

**REQUEST FOR ADMISSION NO. 12.**     Admit that regardless of whether a passenger completes each leg of a flight, in the absence of a refund, You received and retain payment for the entire purchased ticket.

**REQUEST FOR ADMISSION NO. 13.**     Admit that in or before 2015, You were aware that Skiplagged made some use of the American Marks.

**REQUEST FOR ADMISSION NO. 14.**     Admit that in 2016, You were aware that Skiplagged made some use of the American Marks,

**REQUEST FOR ADMISSION NO. 15.**     Admit that in 2017, You were aware that Skiplagged made some use of the American Marks.

**REQUEST FOR ADMISSION NO. 16.**     Admit that in 2018, You were aware that Skiplagged made some use of the American Marks.

**REQUEST FOR ADMISSION NO. 17.**     Admit that in 2019, You were aware that Skiplagged made some use of the American Marks.

5

**REQUEST FOR ADMISSION NO. 18.**    Admit that in 2020, You were aware that Skiplagged made some use of the American Marks.

**REQUEST FOR ADMISSION NO. 19.**    Admit that in 2021, You were aware that Skiplagged made some use of the American Marks.

**REQUEST FOR ADMISSION NO. 20.**    Admit that in 2022, You were aware that Skiplagged made some use of the American Marks.

**REQUEST FOR ADMISSION NO. 21.**    Admit that in 2023, You were aware that Skiplagged made some use of the American Marks.

**REQUEST FOR ADMISSION NO. 22.**    Admit that in or before 2015, You were aware that Skiplagged made some use of the American Copyright.

**REQUEST FOR ADMISSION NO. 23.**    Admit that in 2016, You were aware that Skiplagged made some use of the American Copyright,

**REQUEST FOR ADMISSION NO. 24.**    Admit that in 2017, You were aware that Skiplagged made some use of the American Copyright.

**REQUEST FOR ADMISSION NO. 25.**    Admit that in 2018, You were aware that Skiplagged made some use of the American Copyright.

**REQUEST FOR ADMISSION NO. 26.**    Admit that in 2019, You were aware that Skiplagged made some use of the American Copyright.

**REQUEST FOR ADMISSION NO. 27.**    Admit that in 2020, You were aware that Skiplagged made some use of the American Copyright.

**REQUEST FOR ADMISSION NO. 28.**    Admit that in 2021, You were aware that Skiplagged made some use of the American Copyright.

6

**REQUEST FOR ADMISSION NO. 29.**     Admit that in 2022, You were aware that Skiplagged made some use of the American Copyright.

**REQUEST FOR ADMISSION NO. 30.**     Admit that in 2023, You were aware that Skiplagged made some use of the American Copyright.

**REQUEST FOR ADMISSION NO. 31.**     Admit that in or before 2015, You were aware that information regarding American Airlines flights and pricing was available on Skiplagged.com.

**REQUEST FOR ADMISSION NO. 32.**     Admit that in 2016, You were aware that information regarding American Airlines flights and pricing was available on Skiplagged.com.

**REQUEST FOR ADMISSION NO. 33.**     Admit that in 2017, You were aware that information regarding American Airlines flights and pricing was available on Skiplagged.com.

**REQUEST FOR ADMISSION NO. 34.**     Admit that in 2018, You were aware that information regarding American Airlines flights and pricing was available on Skiplagged.com.

**REQUEST FOR ADMISSION NO. 35.**     Admit that in 2019, You were aware that information regarding American Airlines flights and pricing was available on Skiplagged.com.

**REQUEST FOR ADMISSION NO. 36.**     Admit that in 2020, You were aware that information regarding American Airlines flights and pricing was available on Skiplagged.com.

**REQUEST FOR ADMISSION NO. 37.**     Admit that in 2021, You were aware that information regarding American Airlines flights and pricing was available on Skiplagged.com.

**REQUEST FOR ADMISSION NO. 38.**     Admit that in 2022, You were aware that information regarding American Airlines flights and pricing was available on Skiplagged.com.

**REQUEST FOR ADMISSION NO. 39.**     Admit that in 2023, You were aware that information regarding American Airlines flights and pricing was available on Skiplagged.com.

7

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF AMERICAN AIRLINES, INC.'S OBJECTIONS AND RESPONSES TO
DEFENDANT SKIPLAGGED, INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION**

TO:     Defendant Skiplagged, Inc., by and through its attorneys of record, William L. Kirkman and Preston B. Sawyer, KIRKMAN LAW FIRM, P.L.L.C., 201 Main Street, Suite 1160, Fort Worth, Texas 76102, and Aaron Z. Tobin, Kendal B. Reed, and Abigail R.S. Campbell, CONDON TOBIN SLADEK THORNTON NERENBERG PLLC, 8080 Park Lane, Suite 700, Dallas, Texas 75231

Plaintiff American Airlines, Inc. ("Plaintiff" or "American"), by and through its attorneys

of record, serves its Objections and Responses to Defendant Skiplagged, Inc.'s ("Defendant" or

"Skiplagged") First Set of Requests for Production.

**PRELIMINARY STATEMENT**

1.      Because discovery is ongoing, American reserves the right to supplement, modify, or amend its objections and responses at any time, without undertaking any obligation beyond those imposed by the applicable Federal and Local Rules.

2.      American's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, American's right to rely on other facts or documents at trial.

3.      By making the accompanying responses and objections to Defendant's first request for documents, American does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, American makes the responses and objections herein without in any way implying that it considers the requests, and responses thereto, to be relevant or material to the subject matter of this action.

4.    American will make available for inspection at Plaintiff counsel's offices responsive documents. Alternatively, American will produce copies of the documents.

## OBJECTIONS TO DEFINITIONS

1.    American objects to the definition of "document" as improper, because it includes "all documents responsive to request, regardless of whether or not the document still exists, and regardless of who has maintained custody of such a document." This request is vague and overbroad because it seeks information not within American's possession, custody, control, or personal knowledge.

## RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All documents and communications relating or referring to Skiplagged, including, but not limited to, any and all investigations and studies of Skiplagged, internal communications about Skiplagged, and communications with third parties about Skiplagged since January 1, 2015.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American further objects to this Request as overly broad and unduly burdensome, as all "third parties" could constitute thousands of people. American's communications with third parties about Skiplagged are also not relevant to American's claims or Skiplagged's defenses. *See* Fed. R. Civ. P. 26(b)(1).

The Request is also overly broad and unduly burdensome as to its request for all documents and communications "since January 1, 2015". This Request would result in hundreds of thousands documents and communications. Therefore, this Request as not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "any and all investigations and studies of Skiplagged," "internal communications about Skiplagged," and "communications with third parties about Skiplagged." *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged  internal communications about Skiplagged in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 2:**

All communications between You and any governing or regulatory authority relating to Skiplagged.

**RESPONSE:**

American objects to the phrase "[a]ll communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "any governing or regulatory authority". *See* Fed. R. Civ. P. 34(b)(1)(A). The terms "governing or regulatory authority" are vague, ambiguous, overbroad, and unclear in that they do not describe with particularity the documents sought by Skiplagged; "any governing or regulatory authority" could include documents that have no relevance to this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American further objects that this Request necessarily enquires into attorney-client privilege and attorney work product as to advice and work concerning any governing or regulatory authorities. *See* Fed. R. Civ. P. 26(b)(5).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 3:**

All communications between You and any other airline, including but not limited to, employees, agents, or representatives of any other airline, relating to Skiplagged.

**RESPONSE:**

American objects to the phrase "[a]ll communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "any other airline".  *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request as overly broad and unduly burdensome, as communications with "any other airline, including but not limited to, employees, agents, or representatives of any other airline" would include at least hundreds of thousands of people and thousands of airlines. Therefore, this Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overboard).

**REQUEST NO. 4:**

Documents and communications relating to the terms of use, Use Agreement, or "conditions of carriage" as published on Your Internet website at aa.com as alleged in paragraph 11 of the Complaint, including all prior versions of such purported agreements and conditions of carriage published on the aa.com website or elsewhere since August 1, 2018.

**RESPONSE:**

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "the terms of use, Use Agreement, or 'conditions of carriage' . . . published on the aa.com website or elsewhere". *See* Fed. R. Civ. P. 34(b)(1)(A). Paragraph 11 of American's Complaint refers to American's terms of use ("Use Agreement"). Paragraph 11 does not reference the Conditions of Carriage, which is a separate contract that is incorporated into American's Use Agreement and also linked on AA.com. American's Use Agreement and Conditions of Carriage are periodically updated.

American objects to this Request as overly broad and unduly burdensome, as documents and communications is not limited to between particular parties and, thus, this Request is understandable as a request as to documents and communications with all third parties. American's communications with third parties about its Use Agreement and Conditions of Carriage are also not relevant to American's claims or Skiplagged's defenses. *See* Fed. R. Civ. P. 26(b)(1).

American further objects that this Request necessarily enquires into attorney-client privilege and attorney work product as to advice and work concerning American's Use Agreement and Conditions of Carriage. See Fed. R. Civ. P. 26(b)(5).

Subject to American's objections, American will produce its Use Agreement and Conditions of Carriage and any prior versions of those contracts in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 5:**

Documents reflecting the process for purchasing a flight ticket on aa.com and each variation of such process since August 1, 2018.

**RESPONSE:**

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "[d]ocuments reflecting the process for purchasing a flight ticket on aa.com and such variation of such process," and American further objects to these phrases as being vague. *See* Fed. R. Civ. P. 34(b)(1)(A). American's website,

AA.com, is an interactive website and there are numerous different ways for any consumer to access and use the website—there is no one "process" for doing so; and, therefore, American further objects because the word "process" is vague and ambiguous in the context of this Request.

American further objects that this Request is not relevant to any issue in the case. The multitude of ways a consumer could navigate through AA.com is not relevant to American's claims or Skiplagged's defenses. *See* Fed. R. Civ. P. 26(b)(1).

Given this lack of clarity as to what documents Skiplagged is requesting, American is presently unaware of proportionally responsive, non-privileged documents within its possession, custody, or control.

**REQUEST NO. 6:**

All documents and communications relating or referring to hidden-city ticketing or skiplagging, including any and all investigations and studies of hidden-city ticketing/skiplagging, internal communications about hidden-city ticketing/skiplagging, and communications with third parties, including other airlines, about hidden-city ticketing/skiplagging.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "hidden-city ticketing or skiplagging" and "investigations and studies of hidden-city ticketing/ skiplagging, internal communications about hidden-city ticketing/skiplagging, and communications with third parties, including other airlines, about hidden-city ticketing/skiplagging." *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request as overly broad and unduly burdensome as "communications with third parties." American's communications with third parties about hidden-

city ticketing or skiplagging are also not relevant to American's claims or Skiplagged's defenses. *See* Fed. R. Civ. P. 26(b)(1).

Subject to American's objections, American will produce proportionally responsive, non-privileged internal communications about "hidden city ticketing" and "skiplagging" in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 7**:

All communications between You and any governing or regulatory authority relating to hidden city ticketing.

**RESPONSE:**

American objects to the phrase "[a]ll communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "any governing or regulatory authority". *See* Fed. R. Civ. P. 34(b)(1)(A). The terms "governing or regulatory authority" are vague, ambiguous, overbroad, and unclear in that they do not describe with particularity the documents sought by Skiplagged; "any governing or regulatory authority" could include documents that have no relevance to this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American further objects that this Request necessarily enquires into attorney-client privilege and attorney work product as to advice and work concerning any governing or regulatory authorities. *See* Fed. R. Civ. P. 26(b)(5).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 8:**

All communications between You and any other airline relating to Skiplagged.

**RESPONSE:**

American objects to the phrase "[a]ll communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "communications between You and any other airline". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request as overly broad and unduly burdensome, as communications with "any other airline" would include at least hundreds of thousands of people and thousands of airlines. Therefore, this Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 9:**

All documents and communications related to profits You claim You lost as a result of any alleged actions of Skiplagged.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible

to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "related to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "related to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "profits You claim You lost as a result of any alleged actions of Skiplagged." *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 10:**

Each contract or agreement allegedly interfered with by Skiplagged.

**RESPONSE:**

American has alleged that in Count II of its First Amended Complaint that Skiplagged has tortiously interfered with its Conditions of Carriage. As stated above in response to Request No. 4, American will produce its Conditions of Carriage.

**REQUEST NO. 11:**

All communications relating to the contracts or agreements allegedly interfered with by Skiplagged, including, but not limited to, all evidence that Skiplagged was aware of such contract or agreement.

**RESPONSE:**

American has alleged that in Count II of its First Amended Complaint that Skiplagged has tortiously interfered with its Conditions of Carriage. Regarding evidence that Skiplagged was aware of American's the Conditions of Carriage, the Conditions of Carriage is available on AA.com. Skiplagged was aware of such contract, because the Conditions of Carriage is executed every time a user (*i.e.*, Skiplagged) gains access to and uses AA.com. Skiplagged is a party to the Conditions of Carriage whenever Skiplagged accesses and uses AA.com.

American objects to the phrase "[a]ll communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "the contracts or agreements allegedly interfered with by Skiplagged". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects because this Request improperly seeks to require American to marshal "all evidence" it has on this issue.

American objects to this Request as overly broad and unduly burdensome, as communications is not limited to between particular parties and, thus, this Request is understandable as a request as to communications with all third parties. American's communications with third parties about its Conditions of Carriage are also not relevant to American's claims or Skiplagged's defenses. *See* Fed. R. Civ. P. 26(b)(1).

American further objects that this Request necessarily enquires into attorney-client privilege and attorney work product, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5).

Subject to American's objections, American will produce proportionally responsive, non-privileged communications discussing Skiplagged's interfered with American's Conditions of Carriage in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 12:**

All financial documents evidencing lost profits, sales, revenues, or gains resulting from Skiplagged's alleged actions, including, but not limited to, sales  information, tax returns, balance sheets, income statements, profit and loss statements, and cash flow statements.

**RESPONSE:**

American objects to the phrase "[a]ll financial documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the use of the word "evidencing" because it is vague and ambiguous.

American further objects to this Request as being vague and ambiguous because it seems to improperly seek, standing alone, American's "sales information, tax returns, balance sheets, income statements, profit and loss statements, and cash flow statements." Accordingly, American further objects because "sales  information, tax returns, balance sheets, income statements, profit and loss statements, and cash flow statements" seeks information that is neither relevant nor proportional to the case. American further objects because this Request, as a whole, is so vague and ambiguous that American cannot possibly discern its meaning; and, therefore, if and when its meaning is clarified by Skiplagged, American reserves the right to object further.

American is in the process, through discovery and work with its expert witnesses, of determining which documents in its possession, custody, or control constitute "financial documents evidencing lost profits, sales, revenues, or gains resulting from Skiplagged's alleged actions". Once American understands which documents "evidence" those requests, American will produce proportionally responsive, non-privileged documents evidencing "lost profits, sales, revenues, or gains resulting from Skiplagged's alleged actions" based on its reasonable search, but objects to producing any documents protected by attorney-client privilege and the work product doctrine. *See* Fed. R. Civ. P. 26(b)(5), 26(b)(4)(B)–(D).

**REQUEST NO. 13:**

All documents and communications between You and any entity or person, including internal documents and communications, concerning any of the events, incidents, conduct or alleged damages which form the basis of the claims asserted by You in this lawsuit.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request as overly broad and unduly burdensome, as communications includes those with "any entity or person", which would include at least hundreds of thousands of people and entities.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "concerning any of the events, incidents, conduct or alleged damages which form the basis of the claims asserted by You in this lawsuit". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

Subject to American's objections, American will produce proportionally responsive, non-privileged internal communications referencing this lawsuit.

**REQUEST NO. 14:**

All documents received in response to any subpoena served in this matter.

**RESPONSE:**

American has not yet received any documents in response to any subpoena served in this matter.

**REQUEST NO. 15:**

All cease-and-desist letters sent by You to any third party regarding skiplagging or hidden-city ticketing and any responses to same.

**RESPONSE:**

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "cease-and-desist letters", as American may have communications relating to various issues caused by "skiplagging" or "hidden-city ticketing" or its discovery of an entity's prohibited actions, but it is unclear what Skiplagged seeks when it refers to "cease-and-desist letters". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome, as communications between American and "any third party" would include at least hundreds of thousands of people and entities. American's communications with third parties about hidden-city ticketing or skiplagging are also not relevant to American's claims or Skiplagged's defenses. *See* Fed. R. Civ. P. 26(b)(1).

American also objects that this Request is not relevant to any issue in the case. Any attempts by American to stop any party other than Skiplagged from engaging in prohibited practices are not relevant to American's claims or Skiplagged's defenses in this lawsuit. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 16:**

All documents related to any and all lawsuits filed by You or settlement agreements executed by You that relate in any way to hidden-city ticketing or skiplagging.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "related to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "related to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "any and all lawsuits filed by You or settlement agreements executed by You that relate in any way to hidden-city ticketing or skiplagging." *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request as overly broad and unduly burdensome, as "any and all lawsuits filed by You or settlement agreements executed by You" includes hundreds or thousands of lawsuits and settlement agreements since August 1, 2018. Therefore, this Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American further objects that this Request is not relevant to any issue in the case. Any lawsuits or settlement agreements with parties other than Skiplagged are not relevant to American's claims or Skiplagged's defenses in this lawsuit. *See* Fed. R. Civ. P. 26(b)(1).

American objects to this Request because it improperly seeks the disclosure of documents related to other lawsuits and settlement agreements that are shielded from discovery by the attorney-client privilege, and American objects to preparing a privilege log for such materials because these materials are neither relevant nor would creating such be proportional to this case.

**REQUEST NO. 17:**

All documents referred to, used, or relied upon in answering Skiplagged's First Interrogatories.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "referred to, used, or relied upon in answering Skiplagged's First Interrogatories." *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request because it is overly broad as phrased. The witness identified in American's Answer to Interrogatory No. 1, who helped American prepare its Answer, has reviewed thousands of documents in his career and it is impossible for him to list all of those documents in this Answer to Interrogatory No. 1 or for American to produce those documents in response to this Request. His vast experience and knowledge of the airline is what enables him to respond to Defendant's Interrogatories. American further objects because the request necessarily enquires into attorney-client communications regarding the witness's work in preparing American's Answers to Skiplagged's First Interrogatories.

Subject to the foregoing objections, American identifies its First Amended Complaint [Dkt. No. 8] and Defendant's Amended Answer and Affirmative Defenses as to Plaintiff's First Amended Complaint [Dkt. No. 63] as documents Mr. Guerin has reviewed before answering these Interrogatories, which are documents in Skiplagged's possession and publically available on the court's docket.

**REQUEST NO. 18:**

All documents and communications relating to the steps, policies, or procedures You employed to protect against the unauthorized use of the American Marks or American Copyright, as these terms are defined in the Complaint, since January 1, 2015.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to

the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "relating to the steps, policies, or procedures You employed to protect against the unauthorized use of the American Marks or American Copyright". *See* Fed. R. Civ. P. 34(b)(1)(A). Further, the terms "steps, policies, or procedures" are vague and ambiguous and simply not understandable unless Skiplagged is inquiring into the legal requirements for protecting the American Marks and American Copyrights with regulatory authorities. *See id.* American follows all requirements under federal law to protect its Marks and Copyrights.

American further objects to producing any documents protected by attorney-client privilege and the work product doctrine, including as to advice and work related to American's trademarks and copyrights.

Subject to American's objections, American will produce proportionally responsive, non-privileged items, including American's Use Agreement and Conditions of Carriage, in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 19:**

All communications between You and Skiplagged.

**RESPONSE:**

American objects to the phrase "[a]ll communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 20:**

All documents and communications relating or referring to customer problems that Skiplagged allegedly created, as alleged in Paragraph 82 of the Complaint.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected." *See* Fed. R. Civ. P. 34(b)(1)(A). Due to the nature of bookings and information available to American, American often must remedy passenger problems caused by Skiplagged that it unable to link to Skiplagged at the time the issue is addressed. For example, a customer complaining of an issue concerning their baggage, which was a result of Skiplagged's prohibited practices, may not understand and/or inform American that it purchased its ticket through Skiplagged. Thus, the employee, and any documents and communications, for that issue would not necessarily reflect that the issue was caused by Skiplagged. As such, "[a]ll documents and communications relating or referring to customer problems that Skiplagged allegedly created" fails to specifically describe the documents and communications American must collect.

American further objects that this request is overly broad and unduly burdensome. This Request as phrased would require American to investigate every "customer" transaction since August 1, 2018. This Request and is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American further objects that this Request necessarily enquires into attorney-client privilege and attorney work product as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 21:**

All documents and communications relating or referring to the employee time and resources You claim to have expended investigating and trying to address problems allegedly caused by Skiplagged.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected." *See* Fed. R. Civ. P. 34(b)(1)(A). Due to the nature of bookings and information available to American, American often must remedy passenger problems caused by Skiplagged that it unable to link to Skiplagged at the time the issue is addressed. For example, a customer complaining of an issue concerning their baggage, which was a result of Skiplagged's prohibited practices, may not understand and/or inform American that it purchased its ticket through Skiplagged. Thus, the employee, and any documents and communications, for that issue would not necessarily reflect that the issue was caused by Skiplagged. As such, "[a]ll documents and communications relating or referring to the employee time and resources You claim to have expended investigating and trying to address problems allegedly caused by Skiplagged" fails to specifically describe the documents and communications American must collect.

American further objects that this Request necessarily enquires into attorney-client privilege and attorney work product as to advice and work concerning American's Use Agreement and Conditions of Carriage. See Fed. R. Civ. P. 26(b)(5).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 22:**

All documents and communications relating to Your efforts to stop Skiplagged's alleged abusive practices as alleged in Paragraph 84 of the Complaint.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to the phrases "efforts to stop" because they are vague and ambiguous.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "Skiplagged's alleged abusive practices". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects that this Request necessarily enquires into attorney-client privilege and attorney work product as to efforts recommended by or discussed with counsel for American to stop Skiplagged's abusive practices or to limit American's injuries from the same. *See* Fed. R. Civ. P. 26(b)(5).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 23:**

All documents and communications evidencing the "great and irreparable injury" that Skiplagged's acts have allegedly caused, as alleged in Paragraph 98 of the Complaint.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible

to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the use of the word "evidencing" because it is vague and ambiguous.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "evidencing the 'great and irreparable injury' that Skiplagged's acts have allegedly causes". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects that this Request necessarily enquires into attorney-client privilege and attorney work product as to efforts recommended by or discussed with counsel for American to stop Skiplagged's abusive practices or to limit American's injuries from the same. *See* Fed. R. Civ. P. 26(b)(5).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 24:**

All documents and communications evidencing, relating, or referring to all contracts and agreements between You and Skiplagged.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the use of the word "evidencing" because it is vague and ambiguous, especially when it is tied to the equally vague phrases "relating, or referring to" and, therefore, American objects to the phrase "evidencing, relating, or referring to" as being vague and ambiguous.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "evidencing, relating, or referring to all contracts and agreements". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome. American has sued Skiplagged for breach of the Use Agreement and Conditions of Carriage. American's Use Agreement and Conditions of Carriage are executed every time a user (of which Skiplagged is just one of millions of users of AA.com) gains access to and uses American's website, AA.com. All documents and communications with all third parties "evidencing, relating, or referring to" the Use Agreement and Conditions of Carriage would result in millions of documents and communications. Therefore, this Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

Subject to American's objections, American will produce proportionally communications between American and Skiplagged regarding the Use Agreement and the Conditions of Carriage.

**REQUEST NO. 25:**

All documents and communications evidencing the confusion, mistake, or deception as to the affiliation, connection, or association of Skiplagged with AA, or as to the origin, sponsorship, or approval of Skiplagged's goods and services by American that Skiplagged's alleged conduct has caused as alleged in Paragraphs 109 and 118 of the Complaint.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the use of the word "evidencing" because it is vague and ambiguous.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "evidencing the confusion, mistake, or deception as to the affiliation, connection, or association of Skiplagged with AA, or as to the origin, sponsorship, or approval of Skiplagged's goods and services by American that Skiplagged's alleged conduct has caused". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request as overly broad and unduly burdensome, as documents and communications is not limited to between particular parties and, thus, this Request is understandable as a request as to documents and communications with all third parties. There are millions of people and entities worldwide that could have experienced the above-referenced "confusion, mistake, or deception", and those communications are also not relevant to American's claims or Skiplagged's defenses. *See* Fed. R. Civ. P. 26(b)(1).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 26:**

All documents and communications evidencing the "irreparable harm" that You have allegedly suffered or will suffer as a result of Skiplagged's alleged infringement of the American Marks as alleged in Paragraph 114 of the Complaint.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the use of the word "evidencing" because it is vague and ambiguous.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "evidencing the 'irreparable harm' that You have allegedly suffered or will suffer as a result of Skiplagged's alleged infringement of the American Marks". *See* Fed. R. Civ. P. 34(b)(1)(A).

Further, American objects to producing any documents protected by attorney-client privilege and the work product doctrine as to efforts recommended by or discussed with counsel for American to stop Skiplagged's infringement of the American Marks or to limit American's injuries from the same.

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 27:**

All documents and communications evidencing how You claim to have been, are now, and will be "irreparably harmed" by Skiplagged's alleged copyright infringement, as alleged in Paragraph 127 of the Complaint.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the use of the word "evidencing" because it is vague and ambiguous.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "evidencing how You claim to have

been, are now, and will be 'irreparably harmed' by Skiplagged's alleged copyright infringement". *See* Fed. R. Civ. P. 34(b)(1)(A).

Further, American objects to producing any documents protected by attorney-client privilege and the work product doctrine as to efforts recommended by or discussed with counsel for American to stop Skiplagged's infringement of the American Marks or to limit American's injuries from the same.

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 28:**

All documents and communications evidencing the financial loss You claim to have suffered as a result of the alleged false association as alleged in Paragraph 122 of the Complaint.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the use of the word "evidencing" because it is vague and ambiguous.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "the financial loss You claim to have suffered as a result of the alleged false association". *See* Fed. R. Civ. P. 34(b)(1)(A).

American is in the process, through discovery and work with its expert witnesses, of determining which documents in its possession, custody, or control constitute "documents and communications evidencing the financial loss" American has suffered due to "the alleged false association as alleged in Paragraph 122 of the Complaint." Once American understands which documents "evidence" those requests, American will produce proportionally responsive, non-privileged documents evidencing "lost profits, sales, revenues, or gains resulting from Skiplagged's alleged actions" based on its reasonable search, but objects to producing any documents and communications protected by attorney-client privilege and the work product doctrine. *See* Fed. R. Civ. P. 26(b)(5), 26(b)(4)(B)–(D).

**REQUEST NO. 29:**

All documents and communications relating to the costs You allege You have incurred to correct the alleged misleading information as alleged in Paragraph 122 of the Complaint.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible

to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "relating to the costs You allege You have incurred to correct the alleged misleading information." *See* Fed. R. Civ. P. 34(b)(1)(A).

American is in the process, through discovery and work with its expert witnesses, of determining which documents in its possession, custody, or control constitute "documents and communications relating to the costs" American incurred "to correct the alleged misleading information as alleged in Paragraph 122 of the Complaint". Once American understands which documents "relate" to those requests, American will produce proportionally responsive, non-privileged documents evidencing "lost profits, sales, revenues, or gains resulting from Skiplagged's alleged actions" based on its reasonable search, but objects to producing any documents and communications protected by attorney-client privilege and the work product doctrine. *See* Fed. R. Civ. P. 26(b)(5), 26(b)(4)(B)–(D).

**REQUEST NO. 30:**

All documents and communications relating to the corrective actions You claim to have taken against the alleged misleading information as alleged in Paragraph 122 of the Complaint.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at

*3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "relating to the corrective actions You claim to have taken against the alleged misleading information." *See* Fed. R. Civ. P. 34(b)(1)(A).

Further, American objects to producing any documents protected by attorney-client privilege and the work product doctrine as to corrective actions recommended by or discussed with counsel for American to stop Skiplagged's abusive practices.

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 31:**

All documents and communications relating to the denial of Skiplagged's access to Your aa.com site, as You claim You reserve the right to do on the "aa.com site usage" page located at https://www.aa.com/i18n/customer-service/support/legal-information.jsp.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "relating to the denial of Skiplagged's access to Your aa.com site, as You claim You reserve the right to do on the 'aa.com site usage' page." *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 32:**

All documents and communications relating to any promotional or discounted fair offerings by You since August 1, 2018.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "relating to any promotional or discounted fair offerings by You". *See* Fed. R. Civ. P. 34(b)(1)(A). There are numerous different ways this Request could be interpreted. Promotional or discounted fare offerings could include, for example, prices offered by American which have been lowered due to low demand, prices offered to travel agencies as part of their agreements with American, and promotions offered by a credit card affiliated with American.

American further objects that this Request is not relevant to any issue in the case. American's promotional and discounted fare offerings are not at issue in this litigation. There is no relevant equivalency between legal promotional or discounted fares offered by American and illegal skiplagging promoted by an unauthorized third-party like Skiplagged. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 33:**

All documents and communications relating to or evidencing actions You claim to have taken to mitigate any damages You claim to have suffered and for which You seek recovery in this lawsuit.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to the use of the word "evidencing" because it is vague and ambiguous, especially when it is tied to the equally vague phrases "relating to" and, therefore, American objects to the phrase "relating to or evidencing" as being vague and ambiguous.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "actions You claim to have taken to mitigate any damages You claim to have suffered and for which You seek recovery in this lawsuit." *See* Fed. R. Civ. P. 34(b)(1)(A).

Further, American objects to producing any documents protected by attorney-client privilege and the work product doctrine as to efforts recommended by or discussed with counsel for American to stop Skiplagged's abusive practices or to limit American's damages from the same.

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 34:**

All communications and documents evidencing or supporting the calculation of damages You seek in this litigation.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the use of the word "evidencing" because it is vague and ambiguous, especially when it is tied to the equally vague phrase "supporting" and, therefore, American objects to the phrase "evidencing or supporting" as being vague and ambiguous.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "the calculation of damages You seek in this litigation." *See* Fed. R. Civ. P. 34(b)(1)(A).

American is in the process, through discovery and work with its expert witnesses, of determining which documents in its possession, custody, or control constitute 'communications and documents evidencing or supporting the calculation of damages You seek in this litigation." Once American understands which documents "evidence" or "support" those requests, American will produce proportionally responsive, non-privileged documents evidencing "lost profits, sales, revenues, or gains resulting from Skiplagged's alleged actions" based on its reasonable search, but objects to producing any documents and communications protected by attorney-client privilege and the work product doctrine. *See* Fed. R. Civ. P. 26(b)(5), 26(b)(4)(B)–(D).

**REQUEST NO. 35:**

All attorney fee agreements and invoices between You and the attorneys representing You in this litigation.

**RESPONSE:**

American will provide its redacted attorney fee agreements and invoices between American and its outside counsel for this litigation, subject to its objection as to information protected by attorney-client privilege and the work product doctrine.

**REQUEST NO. 36:**

All documents, communications, or information exchanged between You and any experts in this litigation.

**RESPONSE:**

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "[a]ll documents, communications, or information exchanged between You and any experts in this litigation." *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request because it improperly seeks to expand the scope of discovery on experts beyond what is permitted by Federal Rule of Civil Procedure 26(b)(4)(B)–(D).

American objects to this Request on the basis of attorney-client privilege and the work product doctrine. Subject to these objections, American will produce only the materials required to be produced under Federal Rule of Civil Procedure 26(b)(4)(B)–(D).

**REQUEST NO. 37:**

All expert notes regarding their communications with You.

**RESPONSE:**

American objects to this Request because it improperly seeks to expand the scope of discovery on experts beyond what is permitted by Federal Rule of Civil Procedure 26(b)(4)(B)–(D).

American objects to this Request on the basis of attorney-client privilege and the work product doctrine. Subject to these objections, American will produce only the materials required to be produced under Federal Rule of Civil Procedure 26(b)(4)(B)–(D).

**REQUEST NO. 38:**

All documents relied upon by Your experts, including Your expert's file.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "relied upon by Your experts, including Your expert's file." *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request on the basis of attorney-client privilege and the work product doctrine. Subject to these objections, American will produce only the materials required to be produced under Federal Rule of Civil Procedure 26(b)(4)(B)–(D).

**REQUEST NO. 39:**

All communications, presentations, and meeting notes between You and Your board of directors regarding Skiplagged or hidden-city ticketing.

**RESPONSE:**

American objects to this Request because, by seeking "[a]ll" of the materials within the categories of documents requested, it necessarily seeks information that is not relevant.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "[a]ll communications, presentations, and meeting notes between You and Your board of directors regarding Skiplagged or hidden-city ticketing." *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged internal communications about Skiplagged in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 40:**

All monthly and yearly financial statements and balance sheets for You since January 1, 2015.

**RESPONSE:**

American objects to the word "[a]ll" because it is overly broad, vague, ambiguous, and improperly seeks information that is not relevant.

American objects to this Request as overly broad, unduly burdensome, and not relevant as to its request for "monthly and yearly financial statements and balance sheets . . . since January 1, 2015". American is one of the largest airlines in the world, and its financial statements and balance sheets reflect its billions of dollars in business done each year. American's "monthly and yearly financial statements and balance sheets" encompass documents and information that far exceeds the issues in this lawsuit and, as such, this Request is not relevant to any issue in the case and is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 41:**

All documents and communications relating to lost profits or lost revenue.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "relating to lost profits or lost revenue". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome, as any of American's lost profits or any of American's lost revenue far exceeds the relevant issues to this lawsuit. This Request and is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 42:**

All documents and communications relating to customer complaints.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "relating to customer complaints." *See* Fed. R. Civ. P. 34(b)(1)(A). Customers can have a variety of complaints made in a variety of way. It is unclear what Skiplagged seeks when it refers generally to "customer complaints."

American further objects that this request is overly broad and unduly burdensome because the Request as phrased would require American to investigate every "customer" transaction since August 1, 2018. This Request and is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 43:**

All documents and communications relating to actions or planned actions against customers who purchase hidden city tickets, including the repercussions against customers.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to the word "actions" and the phrase "planned actions" because they are vague and ambiguous.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "relating to actions or planned actions against customers". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects that this request is overly broad and unduly burdensome. This Request as phrased would require American to investigate every "customer" transaction since August 1, 2018. This Request and is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

Further, American objects to producing any documents protected by attorney-client privilege and the work product doctrine as to any actions recommended by or discussed with counsel for American to address hidden city tickets.

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 44:**

All flight schedules and corresponding flight prices for all city pairs and gate assignments since August 1, 2018.

**RESPONSE:**

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "[a]ll flight schedules and corresponding flight prices for all city pairs and gate assignments". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome. American's vast number of flight schedules and prices for every city pair and gate assignment is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American objects that this Request is not relevant to any issue in the case. American's extensive number of flight options and the various prices for all the options and seats available on all of those flights is not relevant to American's claims or Skiplagged's defenses. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 45:**

All documents and communications that support Your allegations that Skiplagged.com entered into any contract or agreement with You.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "support" because it is vague and ambiguous. American further objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work concerning American's Use Agreement and Conditions of Carriage. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "that support Your allegations that Skiplagged.com entered into any contract or agreement with You". *See* Fed. R. Civ. P. 34(b)(1)(A). Skiplagged has entered into the AA.com Use Agreement and American's Conditions of Carriage with American. The Use Agreement and Conditions of Carriage are executed every time a user, such as Skiplagged, gains access to and uses American's website, AA.com. Skiplagged is a party to the Use Agreement and the Conditions of Carriage whenever Skiplagged accesses and uses AA.com.

Subject to American's objections, American will produce its Use Agreement and Conditions of Carriage and any prior versions of those contracts in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 46:**

All documents and communications that support Your allegations that Skiplagged charges customers for fares on American flights.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "support" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "that support Your allegations that Skiplagged charges customers for fares on American flights." *See* Fed. R. Civ. P. 34(b)(1)(A). American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 47:**

All documents and communications that support Your allegations that Skiplagged sells tickets on American flights.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "support" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "that support Your allegations that Skiplagged sells tickets on American flights". *See* Fed. R. Civ. P. 34(b)(1)(A). American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 48:**

All documents and communications that support Your allegation that Skiplagged represents itself as an agent of American.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "support" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM,*

*LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "that support Your allegation that Skiplagged represents itself as an agent of American". *See* Fed. R. Civ. P. 34(b)(1)(A). American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 49:**

All documents, communications, analysis, or studies relating to the placement of Your terms and conditions or terms of use on aa.com, including any wireframes reflecting all potential placements for such terms and comments or advice from any user experience or UEX employees or consultants.

**RESPONSE:**

American objects to the phrase "[a]ll documents, communications, analysis, or studies" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "relating to the placement of Your terms and conditions or terms of use on aa.com," "any wireframes reflecting all potential placements for such terms and comments or advice from any user experience or UEX employees or consultants." *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects that this Request is not relevant to any issue in the case. The placement of American's Use Agreement and Conditions of Carriage is not at issue in this lawsuit. *See* Fed. R. Civ. P. 26(b)(1).

Given this lack of clarity as to what documents Skiplagged is requesting, American is presently unaware of any responsive, non-privileged documents within its possession, custody, or control.

**REQUEST NO. 50:**

All documents and communications relating to revenue generated by the purchase of hidden-city tickets by users of Skiplagged.com or any other website by which hidden-city tickets may be identified.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "relating to revenue generated by the purchase of hidden-city tickets by users of Skiplagged.com or any other website by which hidden-city tickets may be identified." *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American is in the process, through discovery and work with its expert witnesses, of determining which documents in its possession, custody, or control may be responsive to this Request. Once American understands which documents "relate" these requests, American will produce proportionally responsive, non-privileged documents based on its reasonable search, but objects to producing any documents protected by attorney-client privilege and the work product doctrine. *See* Fed. R. Civ. P. 26(b)(5), 26(b)(4)(B)–(D).

**REQUEST NO. 51:**

All documents and communication relating to profits You received from purchases of hidden-city tickets.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "relating to profits you received from purchases of hidden-city tickets." *See* Fed. R. Civ. P. 34(b)(1)(A). As American has repeatedly stated, it is often not able to discover when the prohibited practice of hidden-city ticketing is done by Skiplagged or anyone else, as that is information almost exclusively in Skiplagged's (or the party booking the hidden city ticket's) control. American further objects to this Request as overly broad and unduly burdensome for American to produce "[a]ll documents and communication relating to profits" that are in some way associated or connected with skiplagging done by any of its customers. *See* Fed. R. Civ. P. 26(b)(1).

Subject to American's objections, American is in the process, through discovery and work with its expert witnesses, of determining which documents in its possession, custody, or control may be responsive to this Request. Once American understands which documents "relate" these requests, American will produce proportionally responsive, non-privileged documents based on its reasonable search, but objects to producing any documents protected by attorney-client privilege and the work product doctrine. *See* Fed. R. Civ. P. 26(b)(5), 26(b)(4)(B)–(D).

**REQUEST NO. 52:**

All documents and communications relating to Your efforts and abilities to identify or flag bookings facilitated by Skiplagged, including how such bookings are identified or flagged.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to the words "efforts" and "abilities" because they are both individually and in conjunction with one another vague and ambiguous.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "relating to Your efforts or abilities to identify or flag bookings facilitated by Skiplagged." *See* Fed. R. Civ. P. 34(b)(1)(A). As American has repeatedly stated, it is often not able to discover when the prohibited practice of hidden-city ticketing is done by Skiplagged or anyone else, as that is information almost exclusively in Skiplagged's (or the party booking the hidden city ticket's) control. American further objects to this Request as overly broad and unduly burdensome for American to produce "[a]ll documents and communication relating to profits" that are in some way associated or connected with skiplagging done by any of its customers. *See* Fed. R. Civ. P. 26(b)(1).

American further objects to producing any documents protected by attorney-client privilege and the work product doctrine, including any efforts recommended by or discussed with counsel for American to stop Skiplagged's abusive practices or to limit American's injuries from the same.

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 53:**

All documents and communications, including but not limited to terms of use, codes of conduct, or policies, provided to customers that refer to Skiplagged, hidden city ticketing, or similar practices.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "including but not limited to terms of use, codes of conduct, or policies, provided to customers that refer to Skiplagged, hidden city ticketing, or similar practices." *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome as to documents and communications "provided to customers that refer to Skiplagged, hidden city ticketing, or similar practices." This Request is not relevant to any issue in the case and is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 54:**

All documents and communications relating to Your determination of ticket prices, including but not limited to, how You set ticket prices for direct and connecting flights, software used to set ticket prices, and adjustments to ticket prices.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "relating to Your determination of ticket prices, including but not limited to, how You set ticket prices for direct and connecting flights, software used to set ticket prices, and adjustments to ticket prices." *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects that this Request is not relevant to any issue in the case. How American determines its ticket prices and the mechanisms of doing so are not at issue in this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). Further, this Request improperly asks for trade secrets and other confidential information shielded from discovery by Federal Rule of Civil Procedure 26(c)(1)(G). As one of the largest airlines in the world, American has spent millions of dollars as well as an extensive amount of time and resources to develop and protect its valuable fare, schedule, and inventory content. American takes commercially reasonable measures to limit access to this information only to authorized agents of American. Skiplagged is not an authorized agent of American. Further, unauthorized access to this information, including details about American's software, could harm American's systems, businesses, and customers and may be a major safety and security threat.

**REQUEST NO. 55:**

All documents and communications relating to all efforts to license or enforce any of the American Marks and/or American Copyrights in the last 10 years, including any cease-and-desist letters or similar communications, license agreements, litigation filings, and settlement agreements.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected." *See* Fed. R. Civ. P. 34(b)(1)(A). The terms "relating to all efforts to license or enforce" are not understandable unless Skiplagged is inquiring into the legal requirements for protecting the American Marks and American Copyrights with regulatory authorities. American follows all requirements under federal law to protect its Marks and Copyrights.

American further objects to this Request as overly broad and unduly burdensome as to "all documents and communications," "all efforts", "any cease-and-desist letters or similar communications, license agreements, litigation filings, and settlement agreements." This Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

Further, American objects that this Request is not relevant to any issue in the case. How American licenses or enforces the American Marks and American Copyrights is not at issue in this lawsuit. *See* Fed. R. Civ. P. 26(b)(1).

American further objects to producing any documents protected by attorney-client privilege and the work product doctrine.

**REQUEST NO. 56:**

All documents and communications You claim demonstrate the value of the American Marks and any harm or loss to the American Marks You allege were caused by Skiplagged.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "You claim demonstrate the value of the American Marks and any harm or loss to the American Marks You allege were caused by Skiplagged". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request as overly broad and unduly burdensome. American has numerous registered American Marks, and "[a]ll documents and communications" regarding the value of those Marks and "any harm or loss to the American Marks" is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American objects to this Request as not relevant to any issue in the case as to "the value of the American Marks". American is not required to show the value of the American Marks as an element of its claims in this lawsuit.

**REQUEST NO. 57:**

All documents and communications You claim demonstrate the value of the American Copyrights and any harm or loss to the American Copyrights You allege were caused by Skiplagged.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "You claim demonstrate the value of the American Copyrights and any harm or loss to the American Copyrights You allege were caused by Skiplagged". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request as overly broad and unduly burdensome. American has numerous registered American Copyrights, and "[a]ll documents and communications" regarding the value of those Copyrights and "any harm or loss to the American Copyrights" is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American objects to this Request as not relevant to any issue in the case as to "the value of the American Copyrights". American is not required to show the value of the American Copyrights as an element of its claims in this lawsuit.

**REQUEST NO. 58:**

Relevant portions of Your balance sheets and other financial documents for the last 10 years that You claim show the value of the American Marks and American Copyrights.

**RESPONSE:**

American objects to the phrase "[r]elevant portions" as being vague and ambiguous.

American objects to this Request as overly broad, unduly burdensome, and not relevant. American is one of the largest airlines in the world, and its financial statements and balance sheets reflect its billions of dollars in business done each year. American's "monthly and yearly financial statements and balance sheets" encompass documents and information that far exceeds the issues in this lawsuit and, as such, this Request is not relevant to any issue in the case and is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 59:**

All documents demonstrating ownership of the American Marks and American Copyrights from create of each intellectual property asset through the present.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "demonstrating ownership of the American Marks and American Copyrights from create of each intellectual property asset through the present". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request as overly broad and unduly burdensome. As provided in American's First Amended Complaint, the American Marks are registered with the American Marks in the U.S. Patent and Trademark Office ("USPTO") on the Principal Register. American also registers the American Marks in many other countries. American also has protected its investment in its brand by registering designs with the U.S. Copyright Office. It owns U.S. Copyright Registration No. VA00002130520 for the American Copyright. In addition to its registered rights, American has strong common-law rights in the American Marks and American Copyright by virtue of extensive use and promotion in commerce. Having provided this ownership information, this Request for "[a]ll documents" is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search sufficient to show its ownership of the American Marks and American Copyright.

**REQUEST NO. 60:**

All assignments or documents affecting any rights in the American Marks and American Copyrights from creation of each intellectual property asset through the present.

**RESPONSE:**

American objects to the phrase "[a]ll assignments or documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "affecting any rights in the American Marks and American Copyrights". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request as overly broad and unduly burdensome when it states all documents "from creation of each intellectual property asset through the present." This Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American further objects that this Request is not relevant to any issue in the case. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 61:**

All documents licensing or giving any rights to third parties relating to the American Marks and the American Copyrights.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "documents licensing or giving any rights to third parties relating to the American Marks and the American Copyrights". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request as overly broad and unduly burdensome when it states "[a]ll documents licensing or giving any rights to third parties". This Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American further objects that this Request is not relevant to any issue in the case. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 62:**

All documents and communications relating to any valuations performed of the American Marks and the American Copyrights.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "relating to any valuations performed of the American Marks and the American Copyrights". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request as overly broad and unduly burdensome. American has numerous registered American Marks and its American Copyrights, and "[a]ll documents and communications" regarding the value of those Marks and Copyrights is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American objects to this Request as not relevant to any issue in the case as to "the value of the American Marks". American is not required to show the value of the American Marks as an element of its claims in this lawsuit.

**REQUEST NO. 63:**

All documents and communications relating to any analysis or opinion of the validity or enforceability of the American Marks or American Copyrights.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request because it improperly seeks information that is not relevant. American objects because the words "analysis" and "opinion," individually and when joined together with "or," are vague and ambiguous. To the extent those words, or the Request otherwise, seeks the disclosure of attorney-client privilege or work-product information, American objects to this Request and objects to producing a privilege log for such information because it would be irrelevant, overly burdensome, and not proportional to the needs of the case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "any analysis or opinion of the validity or enforceability of the American Marks or American Copyrights". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome. As provided in American's First Amended Complaint, the American Marks are registered with the American Marks in the U.S. Patent and Trademark Office ("USPTO") on the Principal Register. American also registers the American Marks in many other countries. American also has protected its investment in its brand by registering designs with the U.S. Copyright Office. It owns U.S. Copyright Registration No. VA00002130520 for the American Copyright. In addition to its registered rights, American has strong common-law rights in the American Marks and American Copyright by virtue of extensive use and promotion in commerce. Having provided this ownership information, this Request for "[a]ll documents" is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 64:**

Documents identifying all individuals that participated in any way with the creation of the American Copyrights (collectively, the "Copyright Authors").

**RESPONSE:**

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "[a]ll individuals that participated in any way with the creation of the American Copyrights". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects that this Request is not relevant to any issue in the case. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 65:**

Documents establishing each of the Copyright Authors' relationship with You (W2 employment, 1099 contractor, or otherwise) at the time the American Copyrights were created through the present.

**RESPONSE:**

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "[d]ocuments establishing each of the Copyright Authors' relationship with You". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects that this Request is not relevant to any issue in the case. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 66:**

The complete file for the American Copyrights.

**RESPONSE:**

American objects because the phrase "complete file" is vague and ambiguous.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "[t]he complete file for the American Copyrights." *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects that this Request is not relevant to any issue in the case. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 67:**

The complete file for the American Marks.

**RESPONSE:**

American objects because the phrase "complete file" is vague and ambiguous.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "[t]he complete file for the American Marks." *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects that this Request is not relevant to any issue in the case. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 68:**

All documents establishing Your initial use in commerce and continued use in commerce through the present of the American Marks.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "establishing Your initial use in commerce and continued use in commerce through the present of the American Marks". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects that this Request is not relevant to any issue in the case. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 69:**

All documents supporting Your contention that Skiplagged's use of the American Marks and the American Copyrights is not fair use or nominative use.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product

privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "supporting Your contention that Skiplagged's use of the American Marks and the American Copyrights is not fair use or nominative use." *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 70:**

All documents and communications supporting Your contention that Skiplagged' s use of the American Marks is likely to cause confusion, including but not limited to documents supporting or relating to the likelihood of confusion factors.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "supporting Your contention that

Skiplagged's use of the American Marks is likely to cause confusion". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American further objects to this Request as overly broad and unduly burdensome, as there are millions of people and entities worldwide that could have experienced the above-referenced "confusion". *See* Fed. R. Civ. P. 26(b)(1). Thus, this Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 71:**

All documents and communications You contend demonstrate any actual confusion caused by Skiplagged's use of the American Marks or the American Copyrights.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "contend" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The

Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)'").

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "You contend demonstrate any actual confusion". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome, as there are millions of people and entities worldwide that could have experienced the above-referenced "confusion". *See* Fed. R. Civ. P. 26(b)(1). Thus, this Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 72:**

All documents and communications showing any diverted sales or leads allegedly caused by Skiplagged's use of the American Marks or the American Copyrights.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "showing any diverted sales or leads". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome, as Skiplagged is best aware of the users of its website and its sales. American has booked millions of flights for millions of customers, and searching all documents and communications discussing those sales for possible information about a possible diverted sale is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 73:**

All documents and communications demonstrating Your claim of consumer confusion for each American Airlines flight booked by Skiplagged for consumers seeking to book a flight on American Airlines.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "demonstrating Your claim of consumer confusion for each American Airlines flight booked by Skiplagged for consumers seeking to book a flight on American Airlines". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome, because request as to "each American Airlines flight booked by Skiplagged for consumers seeking to book a flight on American Airlines" is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 74:**

All documents and communications demonstrating Your claim of consumer confusion for each non-American Airlines flight booked by Skiplagged for consumers seeking to book a flight on an airline other than American Airlines.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "demonstrating Your claim of consumer confusion for each non-American Airlines flight booked by Skiplagged for consumers seeking to book a flight on an airline other than American Airlines". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome, because request as to "each non-American Airlines flight booked by Skiplagged for consumers seeking to book a flight on an airline other than American Airlines" is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 75:**

All documents showing any difference in legal rights between the American Marks and the American Copyrights.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects because this Request is vague and ambiguous.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "showing any difference in legal rights between the American Marks and the American Copyrights". *See* Fed. R. Civ. P. 34(b)(1)(A). The American Marks are trademarks. The American Copyrights are copyrights. Trademarks and copyrights are legally distinguishable.

**REQUEST NO. 76:**

All documents and communications relating to Your policies regarding protection and use of intellectual property rights, including use of third-party intellectual property rights and precautions to be taken before using an intellectual property right not owned by You.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to

the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "relating to Your policies regarding protection and use of intellectual property rights, including use of third-party intellectual property rights and precautions to be taken before using an intellectual property right not owned by You." *See* Fed. R. Civ. P. 34(b)(1)(A). The term "protection and use of intellectual property rights" is not understandable unless Skiplagged is inquiring into the legal requirements for protecting the American Marks and American Copyrights with regulatory authorities. American follows all requirements under federal law to protect its Marks and Copyrights. *See id.*

American further objects that this Request is not relevant to any issue in the case when it refers to American's "use of third-party intellectual property rights and precautions to be taken before using an intellectual property right not owned by You." *See* Fed. R. Civ. P. 26(b)(1).

American further objects to producing any documents protected by attorney-client privilege and the work product doctrine.

**REQUEST NO. 77:**

All documents supporting Your claim that this case is an exceptional case in Your favor under the Lanham Act.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers, including as to advice and work related to American's trademarks and copyrights. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to

so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "supporting Your claim that this case is an exceptional case in Your favor under the Lanham Act." *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 78:**

All documents supporting Your contention that Skiplagged's alleged copyright infringement was willful.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "supporting Your contention that Skiplagged's alleged copyright infringement was willful." *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 79:**

All documents supporting Your contention that Skiplagged's alleged Lanham Act violations were willful.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "supporting Your contention that Skiplagged's alleged Lanham Act violations were willful." *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 80:**

All documents supporting Your contention that Skiplagged violated Your copyrights including alleged infringement of the American Copyrights.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The

Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "supporting Your contention that Skiplagged violated Your copyrights including alleged infringement of the American Copyrights." *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 81:**

All documents supporting Your contention that Skiplagged violated Your trademark rights including alleged infringement of the American Marks and the alleged acts described in Counts III and IV of the Complaint.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "supporting Your contention that Skiplagged violated Your trademark rights including alleged infringement of the American Marks". *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 82:**

All documents and communications showing when Skiplagged allegedly first used the American Copyrights and when You first became aware of it.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "showing when Skiplagged allegedly first used the American Copyrights and when You first became aware of it". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, it is impossible for American to know when one of those people first became aware of Skiplagged's first use of American Copyrights. This Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American further objects that this Request is not relevant to any issue in the case. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 83:**

All documents and communications relating to the reasons why You waited from Your first knowledge of Skiplagged's alleged use of the American Copyrights until You filed suit on August 17, 2023.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires

into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "relating to the reasons why You waited from Your first knowledge of Skiplagged's alleged use of the American Copyrights". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American further objects that this Request is not relevant to any issue in the case. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 84:**

All documents and communications showing when Skiplagged allegedly first used the American Marks and when You claim You first became aware of it.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "showing when Skiplagged allegedly first used the American Marks and when You first became aware of it". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American

Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, it is impossible for American to know when one of those people first became aware of Skiplagged's first use of American Marks. This Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American further objects that this Request is not relevant to any issue in the case. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 85:**

All documents and communications relating to the reasons why You waited from Your first knowledge of Skiplagged's alleged use of the American Marks until You filed suit on August 17, 2023.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "relating to the reasons why You waited from Your first knowledge of Skiplagged's alleged use of the American Marks". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects that this Request is not relevant to any issue in the case. *See* Fed. R. Civ. P. 26(b)(1).

American further objects to producing any documents protected by attorney-client privilege and the work product doctrine, including concerning any advice or discussions regarding the timing of filing this lawsuit.

**REQUEST NO. 86:**

All documents and communications relating to the legal and factual basis that the statute of limitation has not lapsed as to each of Your claims.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including any advice or discussions regarding the any applicable statute of limitations. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "relating to the legal and factual basis that the statute of limitation has not lapsed as to each of Your claims". *See* Fed. R. Civ. P. 34(b)(1)(A).

**REQUEST NO. 87:**

All documents and communications supporting or relating to the alleged validity and enforceability of the American Copyrights.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "supporting or relating to the alleged validity and enforceability of the American Copyrights." *See* Fed. R. Civ. P. 34(b)(1)(A). The terms "supporting or relating to the alleged validity and enforceability of the American Copyrights" are not understandable unless Skiplagged is inquiring into the legal requirements for protecting the American Copyrights with regulatory authorities. American follows all requirements under federal law to protect its Copyrights. *See id.*

American further objects to this Request as overly broad and unduly burdensome. As provided in American's First Amended Complaint, American has protected its investment in its brand by registering designs with the U.S. Copyright Office. It owns U.S. Copyright Registration No. VA00002130520 for the American Copyright. In addition to its registered rights, American has strong common-law rights in the American Copyright by virtue of extensive use and promotion in commerce. Having provided this ownership information, this Request for "[a]l documents and communications" is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 88:**

All documents and communications supporting or relating to the alleged validity and enforceability of the American Marks.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "supporting or relating to the alleged validity and enforceability of the American Marks." *See* Fed. R. Civ. P. 34(b)(1)(A). The terms "supporting or relating to the alleged validity and enforceability of the American Marks" are not understandable unless Skiplagged is inquiring into the legal requirements for protecting the American Marks with regulatory authorities. American follows all requirements under federal law to protect its Marks. *See id.*

American objects to this Request as overly broad and unduly burdensome. As provided in American's First Amended Complaint, the American Marks are registered with the American

Marks in the U.S. Patent and Trademark Office ("USPTO") on the Principal Register. American also registers the American Marks in many other countries. In addition to its registered rights, American has strong common-law rights in the American Marks by virtue of extensive use and promotion in commerce. Having provided this ownership information, this Request for "[a]ll documents and communications" is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American further objects to producing any documents protected by attorney-client privilege and the work product doctrine.

**REQUEST NO. 89:**

All documents and communications supporting Your claim that the American Marks are inherently distinctive.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "supporting Your claim that the American Marks are inherently distinctive." *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 90:**

All documents demonstrating by year the amount of advertising spent using the American Marks.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "demonstrating by year the amount of advertising spent using the American Marks." *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad, unduly burdensome, and not relevant to the claims and defenses in this lawsuit. This Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 91:**

All documents demonstrating by year the amount of sales obtaining using the American Marks.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "demonstrating by year the amount of sales obtaining using the American Marks." *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad, unduly burdensome, and not relevant to the claims and defenses in this lawsuit. This Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 92:**

All documents and communications supporting Your contention that Skiplagged's actions have caused a false, deceptive, or misleading belief in the minds of consumers as to the affiliation, connection, or association of Skiplagged with American, or as to the origin, sponsorship, or approval of Skiplagged's goods and services by American.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "supporting Your contention that Skiplagged's actions have caused a false, deceptive, or misleading belief in the minds of consumers as to the affiliation, connection, or association of Skiplagged with American, or as to the origin, sponsorship, or approval of Skiplagged's goods and services by American". *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 93:**

All documents showing each of Your publications of the American Copyrights without a copyright notice included with the copyrights.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of

anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects because this Request is vague and ambiguous.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "showing each of Your publications of the American Copyrights without a copyright notice included with the copyrights". *See* Fed. R. Civ. P. 34(b)(1)(A).

Given this lack of clarity as to what documents Skiplagged is requesting, American is presently unaware of any responsive, non-privileged documents within its possession, custody, or control.

## REQUEST NO. 94:

All documents showing each of Your publications of the American Marks without a federal trademark registration notice included with the trademarks.

## RESPONSE:

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects because this Request is vague and ambiguous.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "showing each of Your publications of the American Marks without a federal trademark registration notice included with the trademarks". *See* Fed. R. Civ. P. 34(b)(1)(A).

Given this lack of clarity as to what documents Skiplagged is requesting, American is presently unaware of any responsive, non-privileged documents within its possession, custody, or control.

## REQUEST NO. 95:

All documents supporting Your contention that Skiplagged's alleged use of the American Copyrights is likely to cause consumer confusion.

## RESPONSE:

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected." *See* Fed. R. Civ. P. 34(b)(1)(A). American does not have access to any consumer's thoughts or impressions regarding their experience purchasing an American flight on Skiplagged's website or what lead them to purchase a flight on any other airline. That information is uniquely within the consumer's knowledge or possession, custody, and control. As such, "[a]ll documents supporting Your contention that Skiplagged's alleged use of the American Copyrights is likely to cause consumer confusion" fails to specifically describe the documents and communications American must collect.

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 96:**

All documents and communications relating to any incidences where consumers viewing Skiplagged's website intending to purchase a flight on American Airlines were somehow confused or mislead into purchasing a flight on another airline believing the flight to be provided by You.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No.

3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected." *See* Fed. R. Civ. P. 34(b)(1)(A). American does not have access to any consumer's thoughts or impressions regarding their experience purchasing an American flight on Skiplagged's website or what lead them to purchase a flight on any other airline. That information is uniquely within the consumer's knowledge or possession, custody, and control. As such, "[a]ll documents and communications relating any incidences where consumers viewing Skiplagged's website intending to purchase a flight on American Airlines were somehow confused or mislead into purchasing a flight on another airline believing the flight to be provided by You" fails to specifically describe the documents and communications American must collect.

American further objects to producing any documents protected by attorney-client privilege and the work product doctrine, including any discussion or advice given to American regarding efforts to respond to consumer confusion caused by Skiplagged's website.

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 97:**

All documents and communications relating to any incidences where consumers viewing Skiplagged's website intending to purchase a flight on American Airlines were somehow confused or mislead into believing that Skiplagged was an agent, sponsored by, or affiliated with You.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected." *See* Fed. R. Civ. P. 34(b)(1)(A). American does not have access to any consumer's thoughts or impressions regarding their experience purchasing an American flight on Skiplagged's website or their understanding of any relationship between American and Skiplagged. That information is uniquely within the consumer's knowledge or possession, custody, and control. As such, "[a]ll documents and communications relating to any incidences where consumers viewing Skiplagged's website intending to purchase a flight on American Airlines were somehow confused or mislead into believing that Skiplagged was an agent, sponsored by, or affiliated with You" fails to specifically describe the documents and communications American must collect.

American further objects to producing any documents protected by attorney-client privilege and the work product doctrine, including any discussion or advice given to American regarding efforts to respond to consumer confusion caused by Skiplagged's website.

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 98:**

All documents and communications relating to any incidences where You contend Skiplagged diverted consumers viewing Skiplagged's website intending to purchase a flight on American Airlines to a different airline without the consumer's knowledge or consent.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers.

As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories— and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "relating to any incidences where You contend Skiplagged diverted consumers viewing Skiplagged's website intending to purchase a flight on American Airlines to a different airline without the consumer's knowledge or consent". *See* Fed. R. Civ. P. 34(b)(1)(A). As such, "[a]ll documents and communications relating any incidences where consumers viewing Skiplagged's website intending to purchase a flight on American Airlines were somehow confused or mislead into purchasing a flight on another airline believing the flight to be provided by You" fails to specifically describe the documents and communications American must collect.

**REQUEST NO. 99:**

All documents supporting Your claim for statutory damages, including but not limited the factual and legal basis for statutory damages, the appropriate amount to be awarded, and all factors supporting that amount.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "supporting Your claim for statutory damages". *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 100:**

All documents supporting Your claim for attorney's fees under each statute through which fees are sought.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "supporting Your claim for attorney's fees under each statute through which fees are sought." *See* Fed. R. Civ. P. 34(b)(1)(A).

Skiplagged has already requested in Request No. 35, and American has already agreed to produce, its redacted attorney fee agreements and invoices between American and its outside counsel for this litigation, subject to its objection as to information protected by attorney-client privilege and the work product doctrine.

**REQUEST NO. 101:**

All documents supporting Your claim for injunctive relief.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "supporting Your claim for injunctive relief." *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 102:**

All documents relating to Your delay in seeking injunctive relief from when You contend to have first experienced irreparable harm through the present.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on

its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including concerning any advice or discussions regarding American's claim for injunctive relief or the timing of filing this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "relating to Your delay in seeking injunctive relief". *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

Dated: February 9, 2024                Respectfully submitted,

                                 */s/ Dee J, Kelly, Jr.*
                                 Dee J. Kelly, Jr.
                                 State Bar No. 11217250
                                 dee.kelly@kellyhart.com
                                 Lars L. Berg
                                 State Bar No. 00787072
                                 lars.berg@kellyhart.com
                                 Julia G. Wisenberg
                                 State Bar No. 24099146
                                 julia.wisenberg@kellyhart.com
                                 KELLY HART & HALLMAN LLP
                                 201 Main Street, Suite 2500
                                 Fort Worth, Texas 76102
                                 (817) 332-2500

                                 Nathan J. Muyskens
                                 nathan.muyskens@gtlaw.com
                                 GREENBERG TRAURIG, LLP
                                 2101 L Street, N.W., Suite 1000
                                 Washington, DC 20037
                                 Telephone: 202-331-3100
                                 Facsimile: 202-331-3101

                                 Bina B. Palnitkar
                                 bina@gtlaw.com
                                 GREENBERG TRAURIG, LLP
                                 2200 Ross Avenue, Suite 5200
                                 Dallas, Texas 75201
                                 Telephone: 214-665-3727
                                 Facsimile: 214-665-5947

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on February 9, 2024, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

                                 */s/ Julia G. Wisenberg*
                                 Julia G. Wisenberg

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF AMERICAN AIRLINES, INC.'S OBJECTIONS AND ANSWERS
TO DEFENDANT SKIPLAGGED, INC.'S FIRST INTERROGATORIES**

TO:     Defendant Skiplagged, Inc., by and through its attorneys of record, William L. Kirkman and Preston B. Sawyer, KIRKMAN LAW FIRM, P.L.L.C., 201 Main Street, Suite 1160, Fort Worth, Texas 76102, and Aaron Z. Tobin, Kendal B. Reed, and Abigail R.S. Campbell, CONDON TOBIN SLADEK THORNTON NERENBERG PLLC, 8080 Park Lane, Suite 700, Dallas, Texas 75231

Plaintiff American Airlines, Inc. ("Plaintiff" or "American"), by and through its attorneys

of record, serves its Objections and Answers to Defendant Skiplagged, Inc.'s ("Defendant" or

"Skiplagged") First Interrogatories.

**PRELIMINARY STATEMENT**

1.      Discovery in this action is ongoing. American has not completed its investigation of the facts relating to this action and has not completed preparation for trial. All of the answers herein are based solely upon such information and documentation as is presently available and specifically known to American, based upon American's reasonable inquiry. American expressly reserves the right to change any and all answers herein as additional facts are ascertained, discovery and investigation conducted, analysis made, and legal research completed.

2.      Except for the explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that American has answered any request for admission herein should not be taken as an admission that American accepts or admits the existence of any facts set forth or assumed by such request for admission, or that such answer constitutes admissible evidence.

3.      The answers contained herein are made in a good-faith effort to supply as much factual information and documentation as is presently known and available, but the answers will not prejudice American's rights to further discovery, analysis, or research.

## OBJECTIONS TO DEFINITIONS

1.    American objects to the definition of "document" as improper, because it includes "all documents responsive to request, regardless of whether or not the document still exists, and regardless of who has maintained custody of such a document."

## OBJECTIONS AND ANSWERS TO DEFENDANT'S FIRST INTERROGATORIES

## INTERROGATORY NO. 1:

Identify each person by name, address, and relationship to Plaintiff, who helped You prepare the answers to these interrogatories, including whether any documents were reviewed and, if so, identify the documents reviewed for such purpose.

## ANSWER:

American objects to this Interrogatory because it is overbroad as phrased. The witness identified in this Answer has reviewed thousands of documents in his career and it is impossible for him to list all of those documents in this Answer. His vast experience and knowledge of the airline is what enables him to respond to Defendant's Interrogatories. American further objects because the request necessarily enquires into attorney-client communications regarding the witness's work in preparing these Answers.

Subject to American's objections, American identifies:

Neil Geurin
Managing Director, Airline Retailing
American Airlines, Inc.
c/o Dee Kelly, Jr.
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102

Subject to the foregoing objections, American also identifies its First Amended Complaint [Dkt. No. 8] and Defendant's Amended Answer and Affirmative Defenses as to Plaintiff's First Amended Complaint [Dkt. No. 63] as documents Mr. Geurin has reviewed before answering these Interrogatories.

## INTERROGATORY NO. 2:

Identify each and every agreement or contract between You and Skiplagged that You allege Skiplagged breached. As part of Your answer, for each allegedly breached agreement, identify: (a) the date the agreement was executed; (b) each representative that executed the agreement; (c) the specific provisions You allege Skiplagged breached; (d) how Skiplagged breached each specific provision; (e) the date of each alleged breach, and (f) the alleged damages from each breach, including amounts of financial loss.

**ANSWER:**

American objects to Interrogatory No. 2 because it has multiple subparts, and Skiplagged has therefore exceeded the permissible number of interrogatories in its First Interrogatories to American. Pursuant to Rule 33, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). Interrogatory subparts constitute discrete subparts when they are not "logically or factually subsumed within and necessarily related to the primary question." *Krawczyk v. City of Dallas*, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004) (Ramirez, J.) (citation and internal quotation marks omitted); *see Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 195 (E.D. Tex. 2016) (internal quotation marks and citations omitted) (discrete subparts "introduce[] a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it"). As follows below, American will respond to the first "25 written interrogatories, including those that are discrete subparts" in Skiplagged's First Interrogatories. *See* Fed. R. Civ. P. 33(a). Interrogatory No. 2 contains at least three discrete subparts.

American further objects to this interrogatory as overbroad and unduly burdensome because it improperly requests American to marshal all of its evidence. American has made a reasonable inquiry into the facts, but, as discovery is still ongoing, American does not yet have the ability to answer the entirety of this interrogatory. As such, American will supplement its answer to Interrogatory No. 2 as its investigation results in additional relevant information. *See* Fed. R. Civ. P. 26(e)(1)(A), (g).

Subject to the foregoing objections, American answers that Count I of American's First Amended Complaint asserts a claim for breach of contract and alleges that Skiplagged has breached the AA.com Use Agreement and American's Conditions of Carriage. [*See* Dkt. No. 8 at 27]. The Use Agreement is executed every time a user, such as Skiplagged, gains access to and uses American's website, AA.com. The Use Agreement also incorporates American's Conditions of Carriage. Therefore, the Conditions of Carriage is executed every time a user, such as Skiplagged, gains access to and uses American's website, AA.com. American and Skiplagged are parties to the Use Agreement and the Conditions of Carriage whenever Skiplagged accesses and uses AA.com.

Skiplagged has breached numerous provisions of American's Use Agreement and Conditions of Carriage, including the following:

- "The trademarks, logos, service marks, and trade dress (collectively the "Trademarks") displayed on the Site are registered and unregistered Trademarks of American Airlines, Inc. or others."
- "You may not copy, display, distribute, download, license, modify, publish, re-post, reproduce, reuse, sell, transmit, use to create a derivative work, or otherwise use the content of the Site for public or commercial purposes."
- "American Airlines provides the Site solely to permit you to determine the availability of goods and services offered on the Site and to make legitimate reservations or otherwise transact business with American Airlines, and for no other purposes. The Site is for your personal, non-commercial use. You agree that you will use the Site's services only to make

legitimate reservations or purchases for you or for another person for whom you are authorized to act both legally and under the terms of this Agreement."

- "You agree that without limitation you shall not make any fictitious, fraudulent, or abusive reservation…(See Conditions of carriage for definitions of Fictitious, Fraudulent or Abusive…reservations.)"

- "…you may not give access to your account to any person or entity other than a member of your household or a person that you directly supervise as a part of your career or employment…You must access your account information directly through the Site and not through a third party Website…"

- "Engage in any commercial purpose including but not limited to: Advertising or offering to sell any goods or services; conducting contests or surveys; distributing chain letters; or advertising with respect to any Ponzi scheme or pyramid scheme; advertising or offering to sell any business opportunities, direct sales opportunities, employment, independent contractor positions, multi-level marketing opportunities, or securities."

- "Copy or create derivative works from, display, distribute, license, perform, publish, recreate, reproduce, sell, transfer, or transmit any information, products, services, or software obtained by, from, or through the Site."

- "Act as an agent or attorney in fact for any person who is not a member of your immediate household; or your direct supervisor at your place of employment."

- "Take any action that will or could impose an unreasonable or disproportionately large load on our site infrastructure."

- "American Airlines specifically denies you permission to hyperlink or provide references to the Site, unless you are allowed to do so under a separate written agreement with American Airlines. You are also denied permission to use any trademarked or copyrighted material to provide such hyperlinks or references, unless you are allowed to do so under a separate written agreement with American Airlines. American Airlines bears no responsibility for sites that provide hyperlinks or references to the Site unless those sites are operated by American Airlines."

- "By using the Site, you represent and warrant that you are 18 years of age or older and possess the legal right and ability to enter into this Agreement and to use the Site in accordance with all of the terms and conditions of this Agreement. You accept financial responsibility for all use of the Site under your name or account, including without limitation all uses of your account by others, including minors living with you. You may allow other members of your household to use the Site under your name or account only if you agree to pay all charges that they incur and to be responsible for all other aspects of their usage. You further agree to supervise all minors who use the Site under your name or account. You agree not to assign, transfer, or sublicense your rights pursuant to this Agreement."

- "Your account information is owned by and proprietary to American Airlines. While you may access your account information through the Site, you may not give access to your account to any person or entity other than a member of your household or a person that you directly supervise as part of your career or employment. You may not give access to your account to any third party on-line service, including, but not limited to any mileage management service, mileage tracking service, or mileage aggregation service."

Skiplagged has breached these provisions in at least the following ways:

- accessing AA.com to engage in a commercial purpose and sell American tickets in violation of the following provisions;
- accessing AA.com to sell hidden city tickets;
- accessing AA.com to display and republish American's protected content, data, and intellectual property;
- accessing AA.com to hyperlink to AA.com; and
- accessing AA.com to act on behalf of passengers who are not members of the immediate household of the individual using the site or for that person's direct work supervisor.

The date of each alleged breach is the date of every time Skiplagged has accessed AA.com and misused AA.com in the abovementioned manners.

American is in the process, through discovery and work with its expert witnesses, of compiling additional information responsive to this Interrogatory and will supplement this Answer when the specific information becomes available.

**INTERROGATORY NO. 3:**

Identify each and every step, policy, or procedure, followed or adhered to by You to protect against unauthorized use of the American Marks or American Copyright as these terms are defined in the Complaint.

**ANSWER:**

American objects to Interrogatory No. 3 because it has multiple subparts, and Skiplagged has exceeded the permissible number of interrogatories in its First Interrogatories. Pursuant to Rule 33, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). Interrogatory subparts constitute discrete subparts when they are not "logically or factually subsumed within and necessarily related to the primary question." *Krawczyk v. City of Dallas*, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004) (Ramirez, J.) (citation and internal quotation marks omitted); *see Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 195 (E.D. Tex. 2016) (internal quotation marks and citations omitted) (discrete subparts "introduce[] a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it"). American shall respond to the first "25 written interrogatories, including all discrete subparts" in Skiplagged's First Interrogatories. *See* Fed. R. Civ. P. 33(a). Interrogatory No. 3 contains at least two discrete subparts.

American further objects to this interrogatory as overbroad and unduly burdensome because it improperly requests American to marshal all of its evidence. American has made a reasonable inquiry into the facts, but, as discovery is still ongoing, American does not yet have the ability to answer the entirety of this interrogatory. As such, American will supplement its answer to Interrogatory No. 3 as its investigation results in additional relevant information. *See* Fed. R. Civ. P. 26(e)(1)(A), (g).

American further objects to Interrogatory No. 3 on the basis of attorney-client privilege and attorney work product as to steps, policies, and procedures recommended by or discussed with counsel for American.

In addition, American objects to this interrogatory as vague. The terms "steps, policies, and procedures" are not understandable unless Defendant is inquiring into the legal requirements for protecting the American Marks and American Copyrights with regulatory authorities. American follows all requirements under federal law to protect its Marks and Copyrights.

Finally, American objects to this Request because it is overly broad and premature because the information sought is to be assembled and compiled for review in connection with expert reports due at a later date in the case.  As such, American will supplement its answer to Interrogatory No. 3 as it compiles the relevant information. *See* Fed. R. Civ. P. 26(e)(1)(A), (g).

Subject to the foregoing objections, American responds that the steps, policies and procedures followed or adhered to by American to protect its intellectual property rights include investigating instances of infringement, fraud, confusion, and copying in the marketplace, registering copyrights and trademarks worldwide, pursuing trademark opposition and cancelation proceedings worldwide, registering copyrights and ancillary proceedings relating to those registrations, monitoring and enforcing its intellectual property rights worldwide, including through litigation where necessary, and incorporating provisions relating to intellectual property in its contracts. American enters into agreements with ARC or IATA authorized travel agents that outline the permitted use of American's Marks and American's Copyright, and makes these terms available online so that all travel agents have access to them. Additionally, the Use Agreement and Conditions of Carriage protect against the unauthorized use of American's Marks and Copyright. American undertakes reasonable efforts to monitor use of the American Marks and American Copyright on an ongoing basis.

## INTERROGATORY NO. 4:

Identify each and every instance in which You lost revenue when You claim You tried to help solve alleged customers' problems that Skiplagged created, as alleged in Paragraph 82 of the Complaint. As part of your response, for each instance, identify (a) the date of the incident, (b) the customer's identity, (c) the problem or issue and solution from You, and (d) the economic or monetary loss You claim as a result of that instance.

## ANSWER:

American objects to Interrogatory No. 4 because it has multiple subparts, and Skiplagged has exceeded the permissible number of interrogatories in its First Interrogatories. Pursuant to Rule 33, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). Interrogatory subparts constitute discrete subparts when they are not "logically or factually subsumed within and necessarily related to the primary question." *Krawczyk v. City of Dallas*, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004) (Ramirez, J.) (citation and internal quotation marks omitted); *see Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 195 (E.D. Tex. 2016) (internal quotation marks and citations omitted) (discrete subparts "introduce[] a

line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it"). American shall respond to the first "25 written interrogatories, including all discrete subparts" in Skiplagged's First Interrogatories. *See* Fed. R. Civ. P. 33(a). Interrogatory No. 4 contains at least three discrete subparts.

American further objects to this interrogatory as overbroad and unduly burdensome because it improperly requests American to marshal all of its evidence. American has made a reasonable inquiry into the facts, but, as discovery is still ongoing, American does not yet have the ability to answer the entirety of this interrogatory. As such, American will supplement its answer to Interrogatory No. 4 as its investigation results in additional relevant information. *See* Fed. R. Civ. P. 26(e)(1)(A), (g).

Finally, American also objects to this Request because it is overly broad and premature because the information sought is to be assembled and compiled for review in connection with expert reports due at a later date in the case.  As such, American will supplement its answer to Interrogatory No. 4 as it compiles the relevant information. *See* Fed. R. Civ. P. 26(e)(1)(A), (g).

Subject to the foregoing objections, American responds that Paragraph 82 identifies a subset of the harm caused to American by Skiplagged. The remainder of American's Original Petition identifies other problems caused by Skiplagged's conduct. American's business requires it to remedy passenger problems caused by Skiplagged and it does so on a regular basis. American is in the process through discovery, and work with expert witnesses, of compiling the specific information sought in this Interrogatory and will supplement this Answer when the specific information becomes available.

**INTERROGATORY NO. 5:**

Identify each and every "problem" allegedly caused by Skiplagged that You have expended employee time and resources investigating and trying to address as alleged in Paragraph 82 of the Complaint. For each such problem, identify and describe (a) the nature of the investigation and results thereof, (b) what steps were taken to "address the problem" and the results of same, (c) the employee time spent, (d) the resources spent, (e) the identity of each employee that conducted the investigation or tried to address the alleged problem, (f) and the dates of each.

**ANSWER:**

American objects to Interrogatory No. 5 because it has multiple subparts, and Skiplagged has exceeded the permissible number of interrogatories in its First Interrogatories. Pursuant to Rule 33, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). Interrogatory subparts constitute discrete subparts when they are not "logically or factually subsumed within and necessarily related to the primary question." *Krawczyk v. City of Dallas*, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004) (Ramirez, J.) (citation and internal quotation marks omitted); *see Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 195 (E.D. Tex. 2016) (internal quotation marks and citations omitted) (discrete subparts "introduce[] a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it"). American shall respond to the first "25 written interrogatories, including all

discrete subparts" in Skiplagged's First Interrogatories. *See* Fed. R. Civ. P. 33(a). Interrogatory No. 5 contains at least three discrete subparts.

American further objects to this interrogatory as overbroad and unduly burdensome because it improperly requests American to marshal all of its evidence. American has made a reasonable inquiry into the facts, but, as discovery is still ongoing, American does not yet have the ability to answer the entirety of this interrogatory. As such, American will supplement its answer to Interrogatory No. 5 as its investigation results in additional relevant information. *See* Fed. R. Civ. P. 26(e)(1)(A), (g).

Subject to the foregoing objections, American responds that Paragraph 82 identifies a subset of the harm caused to American by Skiplagged. The remainder of American's Original Petition identifies other problems caused by Skiplagged's conduct. American's business requires it to remedy passenger problems caused by Skiplagged and it does so on a regular basis. American is in the process through discovery, and work with expert witnesses, of compiling the specific information sought in this Interrogatory and will supplement this Answer when the specific information becomes available.

## INTERROGATORY NO. 6:

Identify and describe each of Your efforts to stop Skiplagged's alleged abusive practices as alleged in Paragraph 84 of the Complaint. As part of Your response, for each effort, identify (a) the date You took such efforts, (b) how Skiplagged allegedly took measures to hide or to elude Your efforts, (c) the alleged abusive practice the effort was aimed at, (d) the result of such efforts.

## ANSWER:

American objects to Interrogatory No. 6 because it has multiple subparts, and Skiplagged has exceeded the permissible number of interrogatories in its First Interrogatories. Pursuant to Rule 33, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). Interrogatory subparts constitute discrete subparts when they are not "logically or factually subsumed within and necessarily related to the primary question." *Krawczyk v. City of Dallas*, 2004 WL 614842, at \*2 (N.D. Tex. Feb. 27, 2004) (Ramirez, J.) (citation and internal quotation marks omitted); *see Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 195 (E.D. Tex. 2016) (internal quotation marks and citations omitted) (discrete subparts "introduce[] a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it"). American shall respond to the first "25 written interrogatories, including all discrete subparts" in Skiplagged's First Interrogatories. *See* Fed. R. Civ. P. 33(a). Interrogatory No. 6 contains at least two discrete subparts.

American further objects to Interrogatory No. 6 on the basis of attorney-client privilege and attorney work product as to efforts recommended by or discussed with counsel for American to stop Skiplagged's abusive practices.

American further objects to this interrogatory as overbroad and unduly burdensome because it improperly requests American to marshal all of its evidence. American has made a reasonable inquiry into the facts, but, as discovery is still ongoing, American does not yet have the

ability to answer the entirety of this interrogatory. As such, American will supplement its answer to Interrogatory No. 6 as its investigation results in additional relevant information. *See* Fed. R. Civ. P. 26(e)(1)(A), (g).

Subject to the foregoing objections, American answers that Skiplagged measures to "hide its tracks" and "elude" American's efforts and Skiplagged's alleged "misconduct" are fully explained in its Original Petition. As noted throughout the pleading, and summarized in Paragraph 2, Skiplagged "is not, and never has been, an authorized agent of American. It is a middle-man improperly inserting itself between American and its flight customers. It employs unauthorized and deceptive ticketing practices, entices customers to participate in those deceptive practices by promising savings, and then doesn't deliver." Skiplagged witness Mr. Gellert confirmed these practices by conceding that Skiplagged uses Google's puppeteer software to instantiate a browser instance, where Skiplagged's computer systems pretend to be the consumer when accessing American's website – all without the consumer's knowledge. American is in the process through discovery, and work with expert witnesses, of compiling the specific additional information sought in this Interrogatory and will supplement this Answer when the specific information becomes available.

## INTERROGATORY NO. 7:

Identify and describe each and every "great and irreparable injury" that Skiplagged's acts have allegedly caused, as claimed in Paragraph 98 of the Complaint, including all reasons You did not seek injunctive relief since the foregoing "irreparable injury" first started through the present.

## ANSWER:

American objects to Interrogatory No. 7 because it has multiple subparts, and Skiplagged has exceeded the permissible number of interrogatories in its First Interrogatories. Pursuant to Rule 33, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). Interrogatory subparts constitute discrete subparts when they are not "logically or factually subsumed within and necessarily related to the primary question." *Krawczyk v. City of Dallas*, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004) (Ramirez, J.) (citation and internal quotation marks omitted); *see Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 195 (E.D. Tex. 2016) (internal quotation marks and citations omitted) (discrete subparts "introduce[] a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it"). American shall respond to the first "25 written interrogatories, including all discrete subparts" in Skiplagged's First Interrogatories. *See* Fed. R. Civ. P. 33(a). Interrogatory No. 7 contains at least two discrete subparts.

American further objects to Interrogatory No. 7 on the basis of attorney-client privilege and attorney work product regarding its decision "not to seek injunctive relief."

American further objects to this interrogatory as overbroad and unduly burdensome because it improperly requests American to marshal all of its evidence. American has made a reasonable inquiry into the facts, but, as discovery is still ongoing, American does not yet have the ability to answer the entirety of this interrogatory. As such, American will supplement its answer

to Interrogatory No. 7 as its investigation results in additional relevant information. *See* Fed. R. Civ. P. 26(e)(1)(A), (g).

Subject to American's objections, American cites Skiplagged to its Original Petition which sets forth American's "substantial and irreparable" damage for which there is no adequate remedy at law, including the statements contained in Paragraphs 132-134. While American's review of Skiplagged's document production is ongoing, at least one email (SKP00053764) suggests that as much as 80% of Skiplagged's revenue is generated when Skiplagged uses Google Puppeteer to instantiate a browser instance which impersonates a consumer without the consumer's knowledge. The consumer ends up paying a fee to Skiplagged, without knowing that they could have gotten the same fare, without the fees, by simply going to American's website.  This activity has several adverse effects on American's service, particularly as it relates to goodwill.

## INTERROGATORY NO. 8:

Identify each and every existing contract or agreement to which You allege Skiplagged interfered. As part of Your response, for each contract, identify (a) the parties to the contract, (b) the date the contract was executed, (c) the date Skiplagged allegedly interfered with the contract, (d) the lost profits You allege were caused by that interference, and other financial losses caused by each such interference.

## ANSWER:

American objects to Interrogatory No. 8 because it has multiple subparts, and Skiplagged has exceeded the permissible number of interrogatories in its First Interrogatories. Pursuant to Rule 33, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). Interrogatory subparts constitute discrete subparts when they are not "logically or factually subsumed within and necessarily related to the primary question." *Krawczyk v. City of Dallas*, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004) (Ramirez, J.) (citation and internal quotation marks omitted); *see Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 195 (E.D. Tex. 2016) (internal quotation marks and citations omitted) (discrete subparts "introduce[] a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it"). American shall respond to the first "25 written interrogatories, including all discrete subparts" in Skiplagged's First Interrogatories. *See* Fed. R. Civ. P. 33(a). ). Interrogatory No. 8 contains at least two discrete subparts.

 American further objects to this interrogatory as overbroad and unduly burdensome because it improperly requests American to marshal all of its evidence. American has made a reasonable inquiry into the facts, but, as discovery is still ongoing, American does not yet have the ability to answer the entirety of this interrogatory. As such, American will supplement its answer to Interrogatory No. 8 as its investigation results in additional relevant information. *See* Fed. R. Civ. P. 26(e)(1)(A), (g).

American also objects to this Request because it is overly broad and premature because the information sought is to be assembled and compiled for review in connection with expert reports

due at a later date in the case. As such, American will supplement its answer to Interrogatory No. 8 as it compiles the relevant information. *See* Fed. R. Civ. P. 26(e)(1)(A), (g).

Subject to American's objections, Count II of American's First Amended Complaint asserts a claim for tortious interference with American's Conditions of Carriage and alleges that Skiplagged has interfered with American's Conditions of Carriage by inducing American passengers to breach the Conditions of Carriage. [See Dkt. No. 8 at 29–30]. The Conditions of Carriage is executed every time a user gains access to and uses American's website, AA.com. American's Conditions of Carriage constitutes a valid contract between American and any passengers who purchase a ticket on an American flight. Skiplagged interferes with the Conditions of Carriage every time it promotes prohibited forms of travel and encourages its customers to lie about their travel to American. American further notes that Skiplagged may be tortiously interfering with American's contracts with its agents. While discovery as to the specific technical methods and sources Skiplagged uses to obtain American Data is ongoing, to the extent Skiplagged is obtaining American Data from an agent of American, then Skiplagged may be tortiously interfering with the Governing Travel Agency Agreements between American and its agents.

Subject to the foregoing objections, American is in the process through discovery, and work with expert witnesses, of compiling additional information responsive to this Interrogatory and will supplement this Answer when the specific information becomes available.

**INTERROGATORY NO. 9:**

Identify each and every third party or customer that Skiplagged's alleged conduct has caused to confuse, mistake, or to deceive as to the affiliation, connection, or association of Skiplagged with AA, or as to the origin, sponsorship, or approval of Skiplagged's goods and services by American as alleged in Paragraphs 109 and 118 of the Complaint. As part of your response, for each third party or customer, identify (a) the date You were informed of such alleged confusion, mistake, or deception, (b) the third party's description or explanation of same, (c) the damages allegedly sustained by You for each alleged notice of confusion, mistake, or deception.

**ANSWER:**

American objects to Interrogatory No. 9 because it has multiple subparts, and Skiplagged has exceeded the permissible number of interrogatories in its First Interrogatories. Pursuant to Rule 33, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). Interrogatory subparts constitute discrete subparts when they are not "logically or factually subsumed within and necessarily related to the primary question." *Krawczyk v. City of Dallas*, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004) (Ramirez, J.) (citation and internal quotation marks omitted); *see Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 195 (E.D. Tex. 2016) (internal quotation marks and citations omitted) (discrete subparts "introduce[] a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it"). American shall respond to the first "25 written interrogatories, including all discrete subparts" in Skiplagged's First Interrogatories. *See* Fed. R. Civ. P. 33(a). Interrogatory No. 9 contains at least four discrete subparts.

American further objects to this interrogatory as overbroad and unduly burdensome because it improperly requests American to marshal all of its evidence. American has made a reasonable inquiry into the facts, but, as discovery is still ongoing, American does not yet have the ability to answer the entirety of this interrogatory. As such, American will supplement its answer to Interrogatory No. 9 as its investigation results in additional relevant information. *See* Fed. R. Civ. P. 26(e)(1)(A), (g).

Subject to the foregoing objections, American is in the process through discovery, and work with expert witnesses, of compiling additional information responsive to this Interrogatory and will supplement this Answer when the specific information becomes available.

### INTERROGATORY NO. 10:

Identify and describe, in detail, the "irreparable harm" that You have allegedly suffered or will suffer as a result of Skiplagged's infringement of the American Marks and/or American Copyright as alleged in Paragraphs 114 and 127 of the Complaint.

### ANSWER:

American objects to Interrogatory No. 10 because it has multiple subparts, and Skiplagged has exceeded the permissible number of interrogatories in its First Interrogatories. Pursuant to Rule 33, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). Interrogatory subparts constitute discrete subparts when they are not "logically or factually subsumed within and necessarily related to the primary question." *Krawczyk v. City of Dallas*, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004) (Ramirez, J.) (citation and internal quotation marks omitted); *see Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 195 (E.D. Tex. 2016) (internal quotation marks and citations omitted) (discrete subparts "introduce[] a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it"). American shall respond to the first "25 written interrogatories, including all discrete subparts" in Skiplagged's First Interrogatories. *See* Fed. R. Civ. P. 33(a). Interrogatory No. 10 contains at least two discrete subparts.

American further objects to this interrogatory as overbroad and unduly burdensome because it improperly requests American to marshal all of its evidence. American has made a reasonable inquiry into the facts, but, as discovery is still ongoing, American does not yet have the ability to answer the entirety of this interrogatory. As such, American will supplement its answer to Interrogatory No. 10 as its investigation results in additional relevant information. *See* Fed. R. Civ. P. 26(e)(1)(A), (g).

Subject to the foregoing objections, American refers Skiplagged to American's Original Petition, including Paragraphs 132-134 as responsive to this Interrogatory. American has cited injury to reputation, loss of goodwill, and consumer confusion as harm American has suffered, and continues to suffer from, due to Skiplagged's conduct. American is in the process through discovery, and work with expert witnesses, of compiling additional information responsive to this Interrogatory and will supplement this Answer when the specific information becomes available.

**INTERROGATORY NO. 11:**

Identify each and every financial loss You claim to have suffered and cost You claim to have incurred as a result of the alleged false association and need to correct alleged misleading information as alleged in Paragraph 122 of the Complaint.

**ANSWER:**

American objects to this interrogatory as overbroad and unduly burdensome because it improperly requests American to marshal all of its evidence. American has made a reasonable inquiry into the facts, but, as discovery is still ongoing, American does not yet have the ability to answer the entirety of this interrogatory. As such, American will supplement its answer to Interrogatory No. 11 as its investigation results in additional relevant information. *See* Fed. R. Civ. P. 26(e)(1)(A), (g).

Subject to the foregoing objections, American is in the process through discovery, and work with expert witnesses, of compiling additional information responsive to this Interrogatory and will supplement this Answer when the specific information becomes available. American notes that, while its review of Skiplagged's document production is ongoing, at least one email (SKP00053764) appears to suggest that as much as 80% of Skiplagged's revenue is generated by mimicking consumers on AA's website without the consumer's knowledge.

**ALL INTERROGATORY ANSWERS FROM THIS POINT FORWARD ARE EXCLUDED BECAUSE SKIPLAGGED HAS EXCEEDED THE NUMBER OF INTERROGATORIES PERMITTED UNDER THE FEDERAL RULES.**

**INTERROGATORY NO. 12:**

Identify each time You have denied Skiplagged access to Your aa.com site, as You claim You reserve the right to do on the "aa.com site usage" page located at https://www.aa.com/i18n/customer-service/support/legal-information.jsp.

**ANSWER:**

American objects to this Interrogatory because it has responded to the first 25 written interrogatories, including all discrete subparts," in Skiplagged's First Interrogatories and, therefore, is not required to Respond to Interrogatory No. 12. *See* Fed. R. Civ. P. 33(a).

American further objects to this Interrogatory because it seeks information that is irrelevant to any of the claims an defenses raised in this case. The Interrogatory is also objectionable because it is overly broad by requiring American to search for "each time" Skiplagged has been denied access to aa.com regardless of whether such denials form the basis of a claim in this case.

**INTERROGATORY NO. 13:**

Identify and describe the details and date ranges for any promotional or discounted fare offerings by You since August 1, 2018.

**ANSWER:**

American objects to this Interrogatory because it has responded to the first 25 written interrogatories, including all discrete subparts," in Skiplagged's First Interrogatories and, therefore, is not required to Respond to Interrogatory No. 13. *See* Fed. R. Civ. P. 33(a).

American objects to this Interrogatory as overbroad, vague, and ambiguous as to "any promotional or discounted fare offerings by You." Promotional or discounted fare offerings could include, for example, prices offered by American which have been lowered due to low demand, prices offered to travel agencies as part of their agreements with American, and promotions offered by a credit card affiliated with American. American further objects to this Interrogatory as irrelevant since American's promotional and discounted fare offerings are not at issue in this litigation. There is no relevant equivalency between legal promotional or discounted fares offered by American and illegal skiplagging promoted by an unauthorized third-party like Skiplagged.

**INTERROGATORY NO. 14:**

Identify and describe all actions You have taken to mitigate any damages You claim to have suffered and for which You seek recovery in this lawsuit.

**ANSWER:**

American objects to this Interrogatory because it has responded to the first 25 written interrogatories, including all discrete subparts," in Skiplagged's First Interrogatories and, therefore, is not required to Respond to Interrogatory No. 14. *See* Fed. R. Civ. P. 33(a).

American further objects to Interrogatory No. 14 on the basis of attorney-client privilege and attorney work product because efforts to mitigate damages are matters uniquely subject to the advice of inside and outside counsel for American. American is also prohibited by law from disclosing certain information implicating cybersecurity and national security.

**INTERROGATORY NO. 15:**

Identify and describe in detail any lawsuits to which You are a party, plaintiff or defendant, filed in the last 10 years, including in your answer the style of the lawsuit, the parties to the lawsuit, and the claims, counterclaims, and defenses alleged in the lawsuit.

**ANSWER:**

American objects to this Interrogatory because it has responded to the first 25 written interrogatories, including all discrete subparts," in Skiplagged's First Interrogatories and, therefore, is not required to Respond to Interrogatory No. 15. *See* Fed. R. Civ. P. 33(a).

American objects to Interrogatory No. 15 as overbroad, unduly burdensome, and irrelevant. American is the largest airline in the world and has been a party to hundreds of lawsuits in the past ten years. Those lawsuits arise in all fifty states in the US, and every other country American operates in across the globe. The subject matters of the lawsuits cover actions as wide ranging as employment law, personal injury, privacy matters, and intellectual property. Requiring American

to perform a manual investigation to determine the information sought in this Interrogatory would not only be burdensome but totally irrelevant.

**INTERROGATORY NO. 16:**

Identify and describe in detail any cease and desist demand You sent to third parties regarding skiplagging or hidden city ticketing since January 1, 2015, including in your answer the third party receiver of the demand, the actions You demanded to cease and desist, and the date of the demand.

**ANSWER:**

American objects to Interrogatory No. 16 because it has multiple subparts, and Skiplagged has exceeded the permissible number of interrogatories in its First Interrogatories. Pursuant to Rule 33, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). Interrogatory subparts constitute discrete subparts when they are not "logically or factually subsumed within and necessarily related to the primary question." *Krawczyk v. City of Dallas*, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004) (Ramirez, J.) (citation and internal quotation marks omitted); *see Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 195 (E.D. Tex. 2016) (internal quotation marks and citations omitted) (discrete subparts "introduce[] a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it"). American has responded to the first "25 written interrogatories, including all discrete subparts" in Skiplagged's First Interrogatories and, therefore, is not required to Respond to Interrogatory No. 16. *See* Fed. R. Civ. P. 33(a). Interrogatory No. 16 contains at least two discrete subparts.

American further objects because "third parties" as used in this Interrogatory is overly broad and covers parties that have no relevance to this case. American's use of cease and desist letters with parties other than Skiplagged is meaningless and irrelevant.

**INTERROGATORY NO. 17:**

Identify and itemize each element and item of Your alleged actual damages incurred by You as alleged in Your Complaint. As part of your answer to this interrogatory please provide:

a. the total amount for each item of damages;
b. the category and claim to which each item of damages relates;
c. the factual basis for each item of damages;
d. every person who has possession, custody, or control of each such factual information and/or document(s);
e. an explanation of how each item of damages was computed, including any mathematical formula used; and
f. with respect to the American Marks and American Copyright (as each term is defined in the Amended Complaint), the harm to such intellectual property You contend to have suffered due to Skiplagged's alleged actions.

**ANSWER:**

American objects to Interrogatory No. 17 because it has multiple subparts, and Skiplagged has exceeded the permissible number of interrogatories in its First Interrogatories. Pursuant to Rule 33, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). Interrogatory subparts constitute discrete subparts when they are not "logically or factually subsumed within and necessarily related to the primary question." *Krawczyk v. City of Dallas*, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004) (Ramirez, J.) (citation and internal quotation marks omitted); *see Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 195 (E.D. Tex. 2016) (internal quotation marks and citations omitted) (discrete subparts "introduce[] a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it"). American has responded to the first "25 written interrogatories, including all discrete subparts" in Skiplagged's First Interrogatories and, therefore, is not required to Respond to Interrogatory No. 17. *See* Fed. R. Civ. P. 33(a).  Interrogatory No. 17 contains at least four discrete subparts.

American further object to this Interrogatory because it seeks information that is irrelevant to this case.  The subparts (a) through (f) are also overly broad in that they seek specific detail about American's damages that has no relevance to the  actual damages in the case.  For instance, subpart (d) seeks the identities of "every person who has possession, custody, or control" of information related to damages.

Finally, American objects to this Request because it is overly broad and premature because the information sought is to be assembled and compiled for review in connection with expert reports due at a later date in the case.  *See* Fed. R. Civ. P. 26(e)(1)(A), (g).

**INTERROGATORY NO. 18:**

Identify and describe all of Your fare setting procedures, policies and strategies for the routes commonly subject to "skiplagging" or hidden-city ticketing as well as Your justification for charging consumers of Your services less for flights with more legs.

**ANSWER:**

American objects to Interrogatory No. 18 because it has multiple subparts, and Skiplagged has exceeded the permissible number of interrogatories in its First Interrogatories. Pursuant to Rule 33, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). Interrogatory subparts constitute discrete subparts when they are not "logically or factually subsumed within and necessarily related to the primary question." *Krawczyk v. City of Dallas*, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004) (Ramirez, J.) (citation and internal quotation marks omitted); *see Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 195 (E.D. Tex. 2016) (internal quotation marks and citations omitted) (discrete subparts "introduce[] a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it"). American has responded to the first "25 written interrogatories, including all discrete subparts" in Skiplagged's First Interrogatories and, therefore, is not required to Respond

to Interrogatory No. 18. *See* Fed. R. Civ. P. 33(a).  Interrogatory No. 18 contains at least two discrete subparts.

American further objects to this Interrogatory because its vague, confusing and so broad to be incomprehensible. The following terms and phrases as used in the Interrogatory are each confusing and collectively unintelligible—"fare setting procedures," "strategies for the routes commonly subject to skiplagging," "services for flights with more legs" and "legs."  These are not industry terms and American cannot answer this Interrogatory as written.  American further objects because American's fare setting procedures, policies and strategies are not relevant to the claims and defenses raised in this case and have no relevance to "skiplagging."

## INTERROGATORY NO. 19:

Identify and describe all of Your procedures, policies, and strategies for identifying suspected cases of skiplagging or hidden city ticket purchases by Your customers.

## ANSWER:

American objects to Interrogatory No. 19 because it has multiple subparts, and Skiplagged has exceeded the permissible number of interrogatories in its First Interrogatories. Pursuant to Rule 33, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). Interrogatory subparts constitute discrete subparts when they are not "logically or factually subsumed within and necessarily related to the primary question." *Krawczyk v. City of Dallas*, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004) (Ramirez, J.) (citation and internal quotation marks omitted); *see Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 195 (E.D. Tex. 2016) (internal quotation marks and citations omitted) (discrete subparts "introduce[] a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it"). American has responded to the first "25 written interrogatories, including all discrete subparts" in Skiplagged's First Interrogatories and, therefore, is not required to Respond to Interrogatory No. 19. *See* Fed. R. Civ. P. 33(a). Interrogatory No. 19 contains at least two discrete subparts.

American further objects to this Interrogatory because it is vague and confusing. "Skiplagging" is not a term American uses in implementing procedures, policies and strategies for servicing its customers.  American further objects because American's procedures, policies and strategies for identifying "skiplagging" are not relevant to the claims and defenses in this case.  By this Interrogatory, Skiplagged seeks to insert an irrelevant issue into the litigation.

## INTERROGATORY NO. 20:

Identify and describe each and every immediate, short-term, and long-term steps or actions You took and/or take after identifying an instance of skiplagging or hidden city ticketing.

## ANSWER:

American objects to Interrogatory No. 20 because it has multiple subparts, and Skiplagged has exceeded the permissible number of interrogatories in its First Interrogatories. Pursuant to Rule

33, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). Interrogatory subparts constitute discrete subparts when they are not "logically or factually subsumed within and necessarily related to the primary question." *Krawczyk v. City of Dallas*, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004) (Ramirez, J.) (citation and internal quotation marks omitted); *see Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 195 (E.D. Tex. 2016) (internal quotation marks and citations omitted) (discrete subparts "introduce[] a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it"). American has responded to the first "25 written interrogatories, including all discrete subparts" in Skiplagged's First Interrogatories and, therefore, is not required to Respond to Interrogatory No. 20. *See* Fed. R. Civ. P. 33(a).

American further objects because this Interrogatory is overly broad and irrelevant. Any steps or actions American has taken to identify "skiplagging" is not relevant to the claims and defenses in this case  By this Interrogatory, Skiplagged seeks to insert an irrelevant issue into the litigation.

## INTERROGATORY NO. 21:

Identify when and how You first became aware that Skiplagged offered information about or facilitated the purchase of AA flights.

## ANSWER:

American objects to Interrogatory No. 21 because it has multiple subparts, and Skiplagged has exceeded the permissible number of interrogatories in its First Interrogatories. Pursuant to Rule 33, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). Interrogatory subparts constitute discrete subparts when they are not "logically or factually subsumed within and necessarily related to the primary question." *Krawczyk v. City of Dallas*, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004) (Ramirez, J.) (citation and internal quotation marks omitted); *see Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 195 (E.D. Tex. 2016) (internal quotation marks and citations omitted) (discrete subparts "introduce[] a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it"). American has responded to the first "25 written interrogatories, including all discrete subparts" in Skiplagged's First Interrogatories and, therefore, is not required to Respond to Interrogatory No. 21. *See* Fed. R. Civ. P. 33(a).

American further objects to the term "facilitated the purchase of AA flights" because it is vague and ambiguous.  This term as used in this Interrogatory makes no sense because Skiplagged does not facilitate the purchase of AA flights.

## INTERROGATORY NO. 22:

Identify when and how You first become aware that Skiplagged utilized the American Marks or published the American Copyright (as each of those terms are defined in the Complaint) as alleged in paragraphs 109 and 125 of the Complaint.

**ANSWER:**

American objects to Interrogatory No. 22 because it has multiple subparts, and Skiplagged has exceeded the permissible number of interrogatories in its First Interrogatories. Pursuant to Rule 33, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). Interrogatory subparts constitute discrete subparts when they are not "logically or factually subsumed within and necessarily related to the primary question." *Krawczyk v. City of Dallas*, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004) (Ramirez, J.) (citation and internal quotation marks omitted); *see Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 195 (E.D. Tex. 2016) (internal quotation marks and citations omitted) (discrete subparts "introduce[] a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it"). American has responded to the first "25 written interrogatories, including all discrete subparts" in Skiplagged's First Interrogatories and, therefore, is not required to Respond to Interrogatory No. 22. *See* Fed. R. Civ. P. 33(a).  Interrogatory No. 22 contains at least two discrete subparts.

**INTERROGATORY NO. 23:**

Identify and describe in detail all efforts to license or enforce any of the American Marks and American Copyright (as each term is defined in the Amended Complaint) in the last 10 years, including the identity of and contact information for the person/entity against whom the rights were attempted to be licensed or enforced, the actions taken, and the ultimate resolution.

**ANSWER:**

American objects to Interrogatory No. 23 because it has multiple subparts, and Skiplagged has exceeded the permissible number of interrogatories in its First Interrogatories. Pursuant to Rule 33, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). Interrogatory subparts constitute discrete subparts when they are not "logically or factually subsumed within and necessarily related to the primary question." *Krawczyk v. City of Dallas*, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004) (Ramirez, J.) (citation and internal quotation marks omitted); *see Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 195 (E.D. Tex. 2016) (internal quotation marks and citations omitted) (discrete subparts "introduce[] a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it"). American has responded to the first "25 written interrogatories, including all discrete subparts" in Skiplagged's First Interrogatories and, therefore, is not required to Respond to Interrogatory No. 23. *See* Fed. R. Civ. P. 33(a).  Interrogatory No. 19 contains at least four discrete subparts.

American further objects to Interrogatory No. 23 as overbroad, unduly burdensome, and irrelevant. American is the largest airline in the world and its enforcement of its Marks and Copyrights in the past ten years covers a broad range of different activities, including substantial regulatory work and litigation. This Interrogatory has no relevance to Skiplagged's defenses or American's claims in this matter.

**INTERROGATORY NO. 24:**

Identify by year the revenue, gross profit and gross profit margin, and net profit and net profit margin that You contend You would have realized for the flights sold by Skiplagged, which are the subject of any Your claims.

**ANSWER:**

American objects to Interrogatory No. 24 because it has multiple subparts, and Skiplagged has exceeded the permissible number of interrogatories in its First Interrogatories. Pursuant to Rule 33, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). Interrogatory subparts constitute discrete subparts when they are not "logically or factually subsumed within and necessarily related to the primary question." *Krawczyk v. City of Dallas*, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004) (Ramirez, J.) (citation and internal quotation marks omitted); *see Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 195 (E.D. Tex. 2016) (internal quotation marks and citations omitted) (discrete subparts "introduce[] a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it"). American has responded to the first "25 written interrogatories, including all discrete subparts" in Skiplagged's First Interrogatories and, therefore, is not required to Respond to Interrogatory No. 24. *See* Fed. R. Civ. P. 33(a).

American further objects to this Request because it is overly broad and premature because the information sought is to be assembled and compiled for review in connection with expert reports due at a later date in the case. *See* Fed. R. Civ. P. 26(e)(1)(A), (g).

**INTERROGATORY NO. 25:**

Identify the name, address, and telephone number of each person having knowledge of relevant facts, and a brief statement of each identified person's connection to the case and likely knowledge.

**ANSWER:**

American objects to Interrogatory No. 25 because it has multiple subparts, and Skiplagged has exceeded the permissible number of interrogatories in its First Interrogatories. Pursuant to Rule 33, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a). Interrogatory subparts constitute discrete subparts when they are not "logically or factually subsumed within and necessarily related to the primary question." *Krawczyk v. City of Dallas*, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2004) (Ramirez, J.) (citation and internal quotation marks omitted); *see Erfindergemeinschaft Uropep GbR v. Eli Lilly & Co.*, 315 F.R.D. 191, 195 (E.D. Tex. 2016) (internal quotation marks and citations omitted) (discrete subparts "introduce[] a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it"). American has responded to the first "25 written interrogatories, including all discrete subparts" in Skiplagged's First Interrogatories and, therefore, is not required to Respond to Interrogatory No. 25. *See* Fed. R. Civ. P. 33(a).

Dated: February 9, 2024                    Respectfully submitted,

                                           */s/ Dee J. Kelly, Jr.*
                                           Dee J. Kelly, Jr.
                                           State Bar No. 11217250
                                           dee.kelly@kellyhart.com
                                           Lars L. Berg
                                           State Bar No. 00787072
                                           lars.berg@kellyhart.com
                                           Julia G. Wisenberg
                                           State Bar No. 24099146
                                           julia.wisenberg@kellyhart.com
                                           KELLY HART & HALLMAN LLP
                                           201 Main Street, Suite 2500
                                           Fort Worth, Texas 76102
                                           (817) 332-2500

                                           Nathan J. Muyskens
                                           nathan.muyskens@gtlaw.com
                                           GREENBERG TRAURIG, LLP
                                           2101 L Street, N.W., Suite 1000
                                           Washington, DC 20037
                                           Telephone: 202-331-3100
                                           Facsimile: 202-331-3101

                                           Bina B. Palnitkar
                                           bina@gtlaw.com
                                           GREENBERG TRAURIG, LLP
                                           2200 Ross Avenue, Suite 5200
                                           Dallas, Texas 75201
                                           Telephone: 214-665-3727
                                           Facsimile: 214-665-5947

                               **ATTORNEYS FOR PLAINTIFF**

                           <u>**CERTIFICATE OF SERVICE**</u>

    I certify that on February 9, 2024, I served the foregoing document electronically in
accordance with the Federal Rules of Civil Procedure.

                                           */s/ Julia G. Wisenberg*
                                           Julia G. Wisenberg

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

## **VERIFICATION**

My name is Neil Geurin, and I am the Managing Director of Airline Retailing for American Airlines, Inc. ("American"). I am American's agent for the purpose of answering Skiplagged, Inc.'s First Interrogatories. I read the foregoing Interrogatories and the answers to those Interrogatories, which are true according to the best of my knowledge, information, and belief. I declare under penalty of perjury that the foregoing is true and correct.

Dated: 02/09/2024

Neil Geurin

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF AMERICAN AIRLINES, INC.'S OBJECTIONS AND ANSWERS TO DEFENDANT SKIPLAGGED, INC.'S FIRST SET OF REQUESTS FOR ADMISSION

TO:     Defendant Skiplagged, Inc., by and through its attorneys of record, William L. Kirkman and Preston B. Sawyer, KIRKMAN LAW FIRM, P.L.L.C., 201 Main Street, Suite 1160, Fort Worth, Texas 76102, and Aaron Z. Tobin, Kendal B. Reed, and Abigail R.S. Campbell, CONDON TOBIN SLADEK THORNTON NERENBERG PLLC, 8080 Park Lane, Suite 700, Dallas, Texas 75231

Plaintiff American Airlines, Inc. ("Plaintiff" or "American"), by and through its attorneys of record, serves its Objections and Answers to Defendant Skiplagged, Inc.'s ("Defendant" or "Skiplagged") First Set of Requests for Admission.

### PRELIMINARY STATEMENT

1.      Discovery in this action is ongoing. American has not completed its investigation of the facts relating to this action and has not completed preparation for trial. All of the answers herein are based solely upon such information and documentation as is presently available and specifically known to American, based upon American's reasonable inquiry. American expressly reserves the right to change any and all answers herein as additional facts are ascertained, discovery and investigation conducted, analysis made, and legal research completed.

2.      Except for the explicit facts admitted herein, no incidental or implied admissions are intended hereby. The fact that American has answered any request for admission herein should not be taken as an admission that American accepts or admits the existence of any facts set forth or assumed by such request for admission, or that such answer constitutes admissible evidence.

3.      The answers contained herein are made in a good-faith effort to supply as much factual information and documentation as is presently known and available, but the answers will not prejudice American's rights to further discovery, analysis, or research.

## OBJECTIONS AND ANSWERS TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1**.

Admit that You have charged customers less money to purchase a flight with more legs of a flight and/or flights that include a layover(s) than flights with less legs, without layovers, or direct flights.

**ANSWER:**

American objects to this Request as vague and ambiguous because the terms "flight with more legs of a flight," "flights with less legs," "charged customers less money to purchase" and "legs" are not understandable in the context they are used.  None of these terms are used in the industry or by American in its business and therefore it's not possible to understand or respond to this Request as written.  The Request is similarly ambiguous because it is not clear what comparison that Skiplagged is seeking an admission to.  Further, American objects to the term "customers" because it is overly broad and non-specific.  Based on the use of this word, American would need to investigate every transaction with any customer who has flown on American at any time in the history of the company.  Given the word is used in its plural form, American does not know if the reference is to one customer, two customers, or thousands of customers.

Finally, American also objects to the term "You have charged" because it is ambiguous and has no meaning to American as used in this Request.  American sets the fares for its flights but those fares adjust dynamically depending upon availability.  The Request appears to suggest displayed fares are the same fares that are associated with all sales and that is not accurate.

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 2.**

Admit that You have charged customers more money to purchase a flight with less legs and/or flights with less or no layovers than flights with more legs and/or layovers.

**ANSWER:**

American objects to this Request as vague and ambiguous as to "a flight with less legs and/or flights with less or no layovers" and "flights with more legs and/or layovers."  These terms are not used in a manner that American can understand the admission sought by Skiplagged.  None of these terms are used in the industry or by American in its business and therefore it's not possible to understand or respond to this Request as written.  The Request is similarly ambiguous because it is not clear what comparison that Skiplagged is seeking an admission to.  Further, American objects to the term "customers" because it is overly broad and non-specific.  Based on the use of

this word, American would need to investigate every transaction with any customer who has flown on American at any time in the history of the company. Given the word is used in its plural form, American does not know if the reference is to one customer, two customers, or thousands of customers.

Finally, American also objects to the term "You have charged" because it is ambiguous and has no meaning to American as used in this Request. American sets the fares for its flights but those fares adjust dynamically depending upon availability. The Request appears to suggest displayed fares are the same fares that are associated with all sales and that is not accurate.

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 3.**

Admit that in or before 2015, You were aware that customers purchased American Airlines flights facilitated by Skiplagged.

**ANSWER:**

American objects to this Request as vague and ambiguous as to "flights facilitated by Skiplagged." The Miriam Webster definition of facilitated is "to make (something) easier." American denies that Skiplagged makes air travel easier for American's customers and has no way of knowing whether customers believe Skiplagged makes their purchase process easier. American further objects to this request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of American flights being sold on Skiplagged.com in 2015. Further, American objects to the term "customers" because it is overly broad and non-specific. Given the word is used in its plural form, American does not know if the reference is to one customer, two customers, or thousands of customers.

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 4.**

Admit that in 2016, You were aware that customers purchased American Airlines flights facilitated by Skiplagged.

**ANSWER:**

American objects to this Request as vague and ambiguous as to "flights facilitated by Skiplagged." The Miriam Webster definition of facilitated is "to make (something) easier."

American denies that Skiplagged makes air travel easier for American's customers and has no way of knowing whether customers believe Skiplagged makes their purchase process easier.  American further objects to this request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of American flights being sold on Skiplagged.com in 2016. Further, American objects to the term "customers" because it is overly broad and non-specific.  Given the word is used in its plural form, American does not know if the reference is to one customer, two customers, or thousands of customers.

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

## REQUEST FOR ADMISSION NO. 5.

Admit that in 2017, You were aware that customers purchased American Airlines flights facilitated by Skiplagged.

## ANSWER:

American objects to this Request as vague and ambiguous as to "flights facilitated by Skiplagged." The Miriam Webster definition of facilitated is "to make (something) easier." American denies that Skiplagged makes air travel easier for American's customers and has no way of knowing whether customers believe Skiplagged makes their purchase process easier.  American further objects to this request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of American flights being sold on Skiplagged.com in 2017. American objects to the term "customers" because it is overly broad and non-specific.  Given the word is used in its plural form, American does not know if the reference is to one customer, two customers, or thousands of customers

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

## REQUEST FOR ADMISSION NO. 6.

Admit that in 2018, You were aware that customers purchased American Airlines flights facilitated by Skiplagged.

**ANSWER:**

American objects to this Request as vague and ambiguous as to "flights facilitated by Skiplagged." The Miriam Webster definition of facilitated is "to make (something) easier." American denies that Skiplagged makes air travel easier for American's customers and has no way of knowing whether customers believe Skiplagged makes their purchase process easier. American further objects to this request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of American flights being sold on Skiplagged.com in 2018. American objects to the term "customers" because it is overly broad and non-specific. Given the word is used in its plural form, American does not know if the reference is to one customer, two customers, or thousands of customers

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 7.**

Admit that in 2019, You were aware that customers purchased American Airlines flights facilitated by Skiplagged.

**ANSWER:**

American objects to this Request as vague and ambiguous as to "flights facilitated by Skiplagged." The Miriam Webster definition of facilitated is "to make (something) easier." American denies that Skiplagged makes air travel easier for American's customers and has no way of knowing whether customers believe Skiplagged makes their purchase process easier. American further objects to this request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of American flights being sold on Skiplagged.com in 2019. American objects to the term "customers" because it is overly broad and non-specific. Given the word is used in its plural form, American does not know if the reference is to one customer, two customers, or thousands of customers

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 8.**

Admit that in 2020, You were aware that customers purchased American Airlines flights facilitated by Skiplagged.

**ANSWER:**

American objects to this Request as vague and ambiguous as to "flights facilitated by Skiplagged." The Miriam Webster definition of facilitated is "to make (something) easier." American denies that Skiplagged makes air travel easier for American's customers and has no way of knowing whether customers believe Skiplagged makes their purchase process easier. American further objects to this request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of American flights being sold on Skiplagged.com in 2020. American objects to the term "customers" because it is overly broad and non-specific. Given the word is used in its plural form, American does not know if the reference is to one customer, two customers, or thousands of customers

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 9.**

Admit that in 2021, You were aware that customers purchased American Airlines flights facilitated by Skiplagged.

**ANSWER:**

American objects to this Request as vague and ambiguous as to "flights facilitated by Skiplagged." The Miriam Webster definition of facilitated is "to make (something) easier." American denies that Skiplagged makes air travel easier for American's customers and has no way of knowing whether customers believe Skiplagged makes their purchase process easier. American further objects to this request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of American flights being sold on Skiplagged.com in 2021. American objects to the term "customers" because it is overly broad and non-specific. Given the word is used in its plural form, American does not know if the reference is to one customer, two customers, or thousands of customers

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

## REQUEST FOR ADMISSION NO. 10.

Admit that in 2022, You were aware that customers purchased American Airlines flights facilitated by Skiplagged.

## ANSWER:

American objects to this Request as vague and ambiguous as to "flights facilitated by Skiplagged." The Miriam Webster definition of facilitated is "to make (something) easier." American denies that Skiplagged makes air travel easier for American's customers and has no way of knowing whether customers believe Skiplagged makes their purchase process easier. American further objects to this request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of American flights being sold on Skiplagged.com in 2022. American objects to the term "customers" because it is overly broad and non-specific. Given the word is used in its plural form, American does not know if the reference is to one customer, two customers, or thousands of customers

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

## REQUEST FOR ADMISSION NO. 11.

Admit that in 2023, You were aware that customers purchased American Airlines flights facilitated by Skiplagged.

## ANSWER:

American objects to this Request as vague and ambiguous as to "flights facilitated by Skiplagged." The Miriam Webster definition of facilitated is "to make (something) easier." American denies that Skiplagged makes air travel easier for American's customers and has no way of knowing whether customers believe Skiplagged makes their purchase process easier. American further objects to this request as overbroad, to the extent it asks when "You" became aware of American flights being sold on Skiplagged.com. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of American flights being sold on Skiplagged.com in 2023. American objects to the term "customers" because

it is overly broad and non-specific.  Given the word is used in its plural form, American does not know if the reference is to one customer, two customers, or thousands of customers

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 12.**

Admit that regardless of whether a passenger completes each leg of a flight, in the absence of a refund, You received and retain payment for the entire purchased ticket.

**ANSWER:**

American objects to the word "leg" as used in this Request because it is vague and ambiguous.  "Leg" is not an industry term and American is not required to guess the definition Skiplagged seeks to apply in its Request.  American further objects to the term "for the entire purchased ticket" because it is similarly vague and ambiguous.  There are different ways tickets are booked and the share of the "entire purchased ticket" American receives depends on the nature of that booking.  Among some of the charges that impact American's share of the booking include taxes, fees, credit card processing fees, and commissions.  In addition, as suggested in the Request, American refunds tickets in certain circumstances as well.  The Request needs more specificity if American is to give an unqualified admission or denial.

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 13.**

Admit that in or before 2015, You were aware that Skiplagged made some use of the American Marks.

**ANSWER:**

American objects to this Request because the phrase "made some use of the American Marks" is vague, ambiguous and non-specific.  That phrase is so general it could mean anything from use in advertisements, depiction on the Skiplagged website, to doodlings on a scratch pad of a Skiplagged employee.  American further objects to this request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of Skiplagged using American Marks in 2015.

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 14.**

Admit that in 2016, You were aware that Skiplagged made some use of the American Marks.

**ANSWER:**

American objects to this Request because the phrase "made some use of the American Marks" is vague, ambiguous and non-specific.  That phrase is so general it could mean anything from use in advertisements, depiction on the Skiplagged website, to doodlings on a scratch pad of a Skiplagged employee.  American further objects to this request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of Skiplagged using American Marks in 2016.

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 15.**

Admit that in 2017, You were aware that Skiplagged made some use of the American Marks.

**ANSWER:**

American objects to this Request because the phrase "made some use of the American Marks" is vague, ambiguous and non-specific.  That phrase is so general it could mean anything from use in advertisements, depiction on the Skiplagged website, to doodlings on a scratch pad of a Skiplagged employee.  American further objects to this request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of Skiplagged using American Marks in 2017.

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 16.**

Admit that in 2018, You were aware that Skiplagged made some use of the American Marks.

**ANSWER:**

American objects to this Request because the phrase "made some use of the American Marks" is vague, ambiguous and non-specific. That phrase is so general it could mean anything from use in advertisements, depiction on the Skiplagged website, to doodlings on a scratch pad of a Skiplagged employee. American further objects to this request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of Skiplagged using American Marks in 2018.

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

**REQUESTFORADMISSION NO. 17.**

Admit that in 2019, You were aware that Skiplagged made some use of the American Marks.

**ANSWER:**

American objects to this Request because the phrase "made some use of the American Marks" is vague, ambiguous and non-specific. That phrase is so general it could mean anything from use in advertisements, depiction on the Skiplagged website, to doodlings on a scratch pad of a Skiplagged employee. American further objects to this request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of Skiplagged using American Marks in 2019.

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 18.**

Admit that in 2020, You were aware that Skiplagged made some use of the American Marks.

**ANSWER:**

American objects to this Request because the phrase "made some use of the American Marks" is vague, ambiguous and non-specific. That phrase is so general it could mean anything from use in advertisements, depiction on the Skiplagged website, to doodlings on a scratch pad of a Skiplagged employee. American further objects to this request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of Skiplagged using American Marks in 2020.

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 19.**

Admit that in 2021, You were aware that Skiplagged made some use of the American Marks.

**ANSWER:**

American objects to this Request because the phrase "made some use of the American Marks" is vague, ambiguous and non-specific. That phrase is so general it could mean anything from use in advertisements, depiction on the Skiplagged website, to doodlings on a scratch pad of a Skiplagged employee. American further objects to this request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of Skiplagged using American Marks in 2021.

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 20.**

Admit that in 2022, You were aware that Skiplagged made some use of the American Marks.

**ANSWER:**

American objects to this Request because the phrase "made some use of the American Marks" is vague, ambiguous and non-specific. That phrase is so general it could mean anything

from use in advertisements, depiction on the Skiplagged website, to doodlings on a scratch pad of a Skiplagged employee.  American further objects to this request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of Skiplagged using American Marks in 2022.

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 21.**

Admit that in 2023, You were aware that Skiplagged made some use of the American Marks.

**ANSWER:**

American admits it was aware by 2023 that Skiplagged had used American Marks in the promotion and sale of its business.

**REQUEST FOR ADMISSION NO. 22.**

Admit that m or before 2015, You were aware that Skiplagged made some use of the American Copyright.

**ANSWER:**

American objects to this Request as vague and ambiguous as to "made some use of the American Copyright" is vague, ambiguous and non-specific. That phrase is so general it could mean anything from use in printed material, republication on Skiplagged's website, to use by a Skiplagged employee in an email.   American further objects to this request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of Skiplagged using American Copyright in 2015.

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 23.**

Admit that in 2016, You were aware that Skiplagged made some use of the American Copyright.

**ANSWER:**

American objects to this Request as vague and ambiguous as to "made some use of the American Copyright" is vague, ambiguous and non-specific. That phrase is so general it could mean anything from use in printed material, republication on Skiplagged's website, to use by a Skiplagged employee in an email.   American further objects to this request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of Skiplagged using American Copyright in 2016.

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 24.**

Admit that in 2017, You were aware that Skiplagged made some use of the American Copyright.

**ANSWER:**

American objects to this Request as vague and ambiguous as to "made some use of the American Copyright" is vague, ambiguous and non-specific. That phrase is so general it could mean anything from use in printed material, republication on Skiplagged's website, to use by a Skiplagged employee in an email.   American further objects to this request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of Skiplagged using American Copyright in 2017.

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 25.**

Admit that in 2018, You were aware that Skiplagged made some use of the American Copyright.

**ANSWER:**

American objects to this Request as vague and ambiguous as to "made some use of the American Copyright" is vague, ambiguous and non-specific. That phrase is so general it could mean anything from use in printed material, republication on Skiplagged's website, to use by a Skiplagged employee in an email.   American further objects to this request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of Skiplagged using American Copyright in 2018.

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 26.**

Admit that in 2019, You were aware that Skiplagged made some use of the American Copyright.

**ANSWER:**

American objects to thisRrequest as vague and ambiguous as to "made some use of the American Copyright" is vague, ambiguous and non-specific. That phrase is so general it could mean anything from use in printed material, republication on Skiplagged's website, to use by a Skiplagged employee in an email.   American further objects to this request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of Skiplagged using American Copyright in 2019.

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 27.**

Admit that in 2020, You were aware that Skiplagged made some use of the American Copyright.

**ANSWER:**

American objects to this Request as vague and ambiguous as to "made some use of the American Copyright" is vague, ambiguous and non-specific. That phrase is so general it could

mean anything from use in printed material, republication on Skiplagged's website, to use by a Skiplagged employee in an email.   American further objects to this request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of Skiplagged using American Copyright in 2020.

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 28.**

Admit that in 2021, You were aware that Skiplagged made some use of the American Copyright.

**ANSWER:**

American objects to this Request as vague and ambiguous as to "made some use of the American Copyright" is vague, ambiguous and non-specific. That phrase is so general it could mean anything from use in printed material, republication on Skiplagged's website, to use by a Skiplagged employee in an email.   American further objects to this request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of Skiplagged using American Copyright in 2021.

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 29.**

Admit that in 2022, You were aware that Skiplagged made some use of the American Copyright.

**ANSWER:**

American objects to this Request as vague and ambiguous as to "made some use of the American Copyright" is vague, ambiguous and non-specific. That phrase is so general it could mean anything from use in printed material, republication on Skiplagged's website, to use by a Skiplagged employee in an email.   American further objects to this request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-

in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, and at least one of those people may have been aware of Skiplagged using American Copyright in 2022.

Because of the foregoing objections, and after making a reasonable inquiry, the information American knows or can readily obtain is insufficient to allow American to admit or deny this Request at this time.

**REQUEST FOR ADMISSION NO. 30.**

Admit that in 2023, You were aware that Skiplagged made some use of the American Copyright.

**ANSWER:**

American admits it was aware by 2023 that Skiplagged had used the American Copyright in the promotion and sale of its business.

**REQUEST FOR ADMISSION NO. 31.**

Admit that in or before 2015, You were aware that information regarding American Airlines flights and pricing was available on Skiplagged.com.

**ANSWER:**

American objects to this Request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition. American further objects because the Request is multifarious and ambiguous because it seeks two admissions -- one as to flight information and the other as to pricing.

Subject to the foregoing objections, American denies the Request because American has no way to know the source of any information made available on Skiplagged.com in 2015 was American's flight and pricing information or, even if it was, whether it was distorted or misrepresented in some way by Skiplagged.

**REQUEST FOR ADMISSION NO. 32.**

Admit that in 2016, You were aware that information regarding American Airlines flights and pricing was available on Skiplagged.com.

**ANSWER:**

American objects to this Request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former

agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition. American further objects because the Request is multifarious and ambiguous because it seeks two admissions -- one as to flight information and the other as to pricing.

Subject to the foregoing objections, American denies the Request because American has no way to know the source of any information made available on Skiplagged.com in 2016 was American's flight and pricing information or, even if it was, whether it was distorted or misrepresented in some way by Skiplagged.

**REQUEST FOR ADMISSION NO. 33.**

Admit that in 2017, You were aware that information regarding American Airlines flights and pricing was available on Skiplagged.com.

**ANSWER:**

American objects to this Request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition. American further objects because the Request is multifarious and ambiguous because it seeks two admissions -- one as to flight information and the other as to pricing.

Subject to the foregoing objections, American denies the Request because American has no way to know the source of any information made available on Skiplagged.com in 2017 was American's flight and pricing information or, even if it was, whether it was distorted or misrepresented in some way by Skiplagged.

**REQUEST FOR ADMISSION NO. 34.**

Admit that in 2018, You were aware that information regarding American Airlines flights and pricing was available on Skiplagged.com.

**ANSWER:**

American objects to this Request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition. American further objects because the Request is multifarious and ambiguous because it seeks two admissions -- one as to flight information and the other as to pricing.

Subject to the foregoing objections, American denies the Request because American has no way to know the source of any information made available on Skiplagged.com in 2018 was

American's flight and pricing information or, even if it was, whether it was distorted or misrepresented in some way by Skiplagged.

## REQUEST FOR ADMISSION NO. 35.

Admit that in 2019, You were aware that information regarding American Airlines flights and pricing was available on Skiplagged.com.

## ANSWER:

American objects to this Request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition.  American further objects because the Request is multifarious and ambiguous because it seeks two admissions -- one as to flight information and the other as to pricing.

Subject to the foregoing objections, American denies the Request because American has no way to know the source of any information made available on Skiplagged.com in 2019 was American's flight and pricing information or, even if it was, whether it was distorted or misrepresented in some way by Skiplagged.

## REQUEST FOR ADMISSION NO. 36.

Admit that in 2020, You were aware that information regarding American Airlines flights and pricing was available on Skiplagged.com.

## ANSWER:

American objects to this Request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition.  American further objects because the Request is multifarious and ambiguous because it seeks two admissions -- one as to flight information and the other as to pricing.

Subject to the foregoing objections, American denies the Request because American has no way to know the source of any information made available on Skiplagged.com in 2020 was American's flight and pricing information or, even if it was, whether it was distorted or misrepresented in some way by Skiplagged.

**REQUEST FOR ADMISSION NO. 37.**

      Admit that in 2021, You were aware that information regarding American Airlines flights and pricing was available on Skiplagged.com.

**ANSWER:**

      American objects to this Request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition.  American further objects because the Request is multifarious and ambiguous because it seeks two admissions -- one as to flight information and the other as to pricing.

      Subject to the foregoing objections, American denies the Request because American has no way to know the source of any information made available on Skiplagged.com in 2021 was American's flight and pricing information or, even if it was, whether it was distorted or misrepresented in some way by Skiplagged.

**REQUEST FOR ADMISSION NO. 38.**

      Admit that in 2022, You were aware that information regarding American Airlines flights and pricing was available on Skiplagged.com.

**ANSWER:**

      American objects to this Request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition.  American further objects because the Request is multifarious and ambiguous because it seeks two admissions -- one as to flight information and the other as to pricing.

      Subject to the foregoing objections, American denies the Request because American has no way to know the source of any information made available on Skiplagged.com in 2022 was American's flight and pricing information or, even if it was, whether it was distorted or misrepresented in some way by Skiplagged.

**REQUEST FOR ADMISSION NO. 39.**

      Admit that in 2023, You were aware that information regarding American Airlines flights and pricing was available on Skiplagged.com.

**<u>ANSWER:</u>**

American objects to this Request as overbroad, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition.  American further objects because the Request is multifarious and ambiguous because it seeks two admissions -- one as to flight information and the other as to pricing.

Subject to the foregoing objections, American denies the Request because American has no way to know the source of any information made available on Skiplagged.com in 2023 was American's flight and pricing information or, even if it was, whether it was distorted or misrepresented in some way by Skiplagged.

Dated: February 9, 2024

Respectfully submitted,

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: 202-331-3100
Facsimile: 202-331-3101

Cameron M. Nelson
nelsonc@gtlaw.com
GREENBERG TRAURIG LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: (312) 456.6590
Facsimile: (312) 456-8435

**ATTORNEYS FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on February 9, 2024, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

*/s/ Julia G. Wisenberg*
Julia G. Wisenberg

# EXHIBIT G



Abigail R.S. Campbell
Attorney at Law

Direct Dial: 214-265-3891
E-Mail: acampbell@condontobin.com

February 16, 2024

**Via Email**: dee.kelly@kellyhart.com
Dee J. Kelly, Jr
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102

      RE:    *American Airlines, Inc. v. Skiplagged, Inc.,* Case No. 23-cv-00860-P, in the Northern District of Texas Forth Worth Division

Dear Dee:

    After reviewing Plaintiff's Objections and Responses to Skiplagged's First Interrogatories, First Requests to Production, and First Requests for Admission along with Plaintiff's documents produced to date, we have determined there are several deficiencies. Please address each of the following:

**Failure to timely produce**

    1.    On February 14, 2024, Plaintiff produced 945 pages of mostly junk newsletter emails. Pursuant to Fed. R. Civ. P. 26(b)(2)(A), Plaintiff's entire document production should have been served on Friday, February 9, 2024. Instead, at 5:22 p.m., we received an email that Plaintiff was experiencing technical difficulties and that we could expect to receive Plaintiff's production the following Monday, February 12, 2024. At 4:59 p.m. on Monday, we received an additional email from Plaintiff's counsel stating that it encountered an additional technological issue with no indication of when we would receive Plaintiff's production. Further, Plaintiff has failed to respond to our emails requesting details about the "technical issues." This vague assertion of "technological" difficulties and no information regarding when we would receive Plaintiff's production is not acceptable. Moreover, when Plaintiff did produce, the documents were largely non-responsive and severely lacking. Please immediately produce the documents and information requested.

**Global improper objections and language**

    2.    In response to nearly every request and interrogatory, Plaintiff asserts boilerplate objections without any explanation or reasoning. Such boilerplate objections include:

February 16, 2024
Page 2

- overbroad and unduly burdensome because it improperly requests American to marshal all of its evidence and discovery is still ongoing;[1]

- discovery is ongoing and American doesn't have the ability to answer;[2]

- overbroad and premature because the information sought is to be assembled and compiled for review in connection with expert reports due at a later date in the case;[3]

- seeks information that is irrelevant to any of the claims and defenses raised in this case;[4] and

- failing to describe with reasonable particularity each item or category of times to be inspected.[5]

As Magistrate Judge Ray set forth in his December 19, 2023 Order, "[i]n responding to requests for production under Federal Rule of Civil Procedure 34, '[t]he prohibition against general or blanket objections to discovery requests has been long established.'" Dkt. 53, quoting *Heller v. City of Dallas*, 303 F.R.D. 466, 483 (N.D. Tex. 2014). Judge Ray further quoted *Heller* noting "objections to discovery must be made with specificity, and the responding party has the obligation to explain and support its objections" even when such objections are in response to a specific discovery request. *Id.* Indeed "simply objecting to requests as 'overly broad, burdensome, oppressive and irrelevant' without showing 'specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive,' is inadequate to 'voice a successful objection.'" *Heller*, 303 F.R.D. at 483-84 quoting, *McLeod, Alexander, Powel & Apffel, P.C.* 894 F.2d 1482, 1484-86 (5th Cir.1990). Thus, Plaintiff's boilerplate objections are improper. Please remove the improper objections and produce the information requested.

3.      Additionally, Plaintiff goes on to state that "subject to the foregoing objections" Plaintiff "will produce proportionally responsive, non privileged" documents or respond to an interrogatory[6]. These responses prohibit Skiplagged from determining if all responsive information has been produced and is manifestly confusing. *Heller*, 303 F.R.D. at 486-87 (the practice of responding to discovery requests "subject to" objections "is manifestly confusing (at best) and misleading (at worse), and has no basis at all in the Federal Rules of Civil Procedure") (internal quotations omitted)). Indeed, as *Heller* quotes "such objection and answer…leaves the requesting party uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered." *Id.* quoting *Consumer Electronics Ass'n v.*

---

[1] Response to Interrogatories 2-11; Response to Request for Production No. 11.
[2] Response to Interrogatories 2-11.
[3] Response to Interrogatories 3-5, 8, 17, 24.
[4] Response to Interrogatories 12-13, 15-20, 23; Response to Request for Production Nos. 1-9, 11-13, 15-34, 38-102.
[5] Response to Request for Production Nos. 1-9, 11, 13, 15-18, 20-34, 38-39, 41-57, 59-102.
[6] Response to Interrogatories 1-11; Response to Request for Production Nos. 1-2, 4, 6-8, 11, 13, 17-18, 20-27, 30-31, 33, 35-39, 43, 45, 50-52, 59, 69-74, 77-81, 89, 92, 95-97, 99-102; Response to Request for Admission Nos. 31-39.

February 16, 2024
Page 3

*Compras & Buys Magazine, Inc*., No. 08–21085–CIV, 2008 WL 4327253, at *3 (S.D.Fla. Sept. 18, 2008). Consequently, courts in the Northern District of Texas have concluded that responding to discovery requests "subject to" objections "is not consistent with the Federal Rules or warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law" because pursuant to the Federal Rules, a responding party has a duty to response to or answer a discovery request to the extent that it is not objectionable. *Id.* at 487. Please remove the improper "subject to" language and articulate what objections Plaintiff is standing on and to what portion of the discovery request Plaintiff is purporting to respond. If, despite objection, Plaintiff purports to respond to the discovery request, such objections are superfluous and should be removed completely. *See id.* (responding "subject to" the objection "preserves nothing and serves only to waste the time and resources of both the Parties and the Court") (quoting *Consumer Electric,* 2008 WL 4327252, at *3).

4.      Further, after the improper form objections and "subject to" language, in response to multiple discovery requests Plaintiff states that it is "in the process, through discovery and work with its expert witnesses, of compiling additional information responsive to this [request] and will supplement this Answer when the specific information becomes available."[7] The fact that discovery is ongoing is not an excuse to not provide responses or produce documents. *See Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-CV-00456-JRG, 2018 WL 4620634, at *2 (E.D. Tex. Apr. 27, 2018). Further, these requests do not require expert input in order to respond. Thus, these responses are improper and an attempt to delay full and complete responses. Please amend your responses to provide the full and complete requested information.

**Privilege objections**

5.      In response to multiple discovery requests, Plaintiff asserts privilege objections or states that non-privileged documents will be produced.[8] However, to date, Plaintiff has not produced a privilege log and many of these objections provide no explanation as to how privilege is a proper objection. If no privileged documents are being withheld in response to a discovery request, please remove the objection. Otherwise, please provide a privilege log so that Skiplagged can evaluate Plaintiff's privilege claims.

**Interrogatories**

6.      In response to Interrogatories 2-10, you object that the interrogatory contains multiple subparts, causing Skiplagged to exceed the 25 interrogatory limit and arbitrarily state the number of subparts in the interrogatory. Based on these objections, Plaintiff only attempted to respond to 11 of the 25 interrogatories propounded by Skiplagged. This is an improper attempt to avoid full and complete discovery.

---

[7] Response to Interrogatories 2, 4-6, 8, 11; Response to Request for Production Nos. 12, 28-29, 34, 50
[8] Response to Interrogatories 3, 6-7, 14; Response to Request for Production Nos. 1-2, 4-9, 11-13, 16, 18-23, 25-31, 33-39, 43-44, 46-53, 55, 59, 63, 67, 69-74, 76-81, 83, 85-89, 92-102.

February 16, 2024
Page 4

First, as Plaintiff quotes, subparts to an interrogatory are proper when they are "logically or factually subsumed within and necessarily related to the primary question." *Krawczyk v. City of Dallas*, 2004 WL 614842, at *2 (N.D. Tex. Feb. 27, 2007). The "subparts" Plaintiff refers to in Skiplagged's interrogatories are not discrete subparts but instead specific instructions on the logically and factually related details that Plaintiff should include in its responses. Indeed, Plaintiff used similar instructions in its own interrogatories to Skiplagged. *See e.g.,* Plaintiff Interrogatory 8 ("Identify all instances in which a person has booked, ticketed or purchased a ticket on an American-marketed flight through or facilitated by Skiplagged.com, including by providing, without limitation, the purchasers' name/identity, location, all PNR Data, any other personal identifying information, flight/itinerary information, reservation numbers, amounts paid by the customer, dates of purchase, and dates of travel."). Moreover, Plaintiff asserts this improper objection even when an interrogatory did not ask for specific details. Please remove the improper objections and fully respond to each Interrogatory.

7.      Plaintiff's response to Interrogatory 2 fails to identify the date of each alleged breach by Skiplagged and the alleged damages from each breach, including amounts of financial loss. Thus, Plaintiff's answer is non-responsive and Plaintiff's objection that the interrogatory contains multiple discrete subparts is a red herring given that Plaintiff did not even respond to the full interrogatory. Plaintiff has the burden of proof on its breach of contract claim and must provide evidence to support its claim, including damages. Please provide the information requested.

8.      In response to Interrogatory 3, Plaintiff improperly asserts the same objections discussed above. Moreover, the asserted objections are improper. Specifically, there are no subparts in Interrogatory 3. Further, it makes no sense that Plaintiff needs ongoing discovery to state its own steps, policies, and procedures followed to protect against the unauthorized use of the American Marks or Copyright because Plaintiff should have such information. Further, the request, as worded, does not seek any attorney-client privilege or work product as it merely requests that Plaintiff identify the requested information and does not request communications or documents involving Plaintiff's attorneys. Further, Plaintiff's objection that the terms "steps, policies, and procedures" are vague and not understandable is nonsensical. Plaintiff, as a sophisticated business, cannot seriously contend that it does not understand these terms. Moreover, this boilerplate objection is improper. *Heller*, 303 F.R.D. at 491. Finally, the information requested by Interrogatory 3 has nothing to do with expert analysis or reports because Plaintiff should know its own policies and procedures without the help of an expert. Please remove each of the objections and provide a full and complete response to Interrogatory 3.

9.      Plaintiff's response to Interrogatory 6 is non-responsive and demonstrably false. First, for the same reasons as set forth above, Plaintiff's objections are improper. Moreover, Plaintiff's allegation that it has not taken efforts to stop Skiplagged's alleged abusive practices because Skiplagged takes measure to "hide its tracks" and "elude" American efforts is demonstrably false. By this statement alone, Plaintiff admits it takes efforts, even if they are eluded, yet fails to identify those efforts. Second, numerous public documents as well as documents produced by Skiplagged confirm that Plaintiff has identified customers it believes to

February 16, 2024
Page 5

have purchased hidden-city tickets through Skiplagged. It follows, that Plaintiff has developed some sort of efforts to be able to identify such customers. Please remove each of the objections and provide a full and complete response to Interrogatory No. 6.

10.      Plaintiff's responses to Interrogatories 4-5 and 7-11 are also non-responsive. For the same reasons as set forth above, Plaintiff's objections are improper. Moreover, Plaintiff's purported responses to Interrogatories 4-5 and 7-11 fail to provide any of the specific information requested. Please remove each of the objections and provide a full and complete response to Interrogatories 4-5 and 7-11.

11.      In response to Interrogatory 12, Plaintiff asserts the objection that the interrogatory is irrelevant and overbroad. In addition to the improper form objections, the information requested directly relates to Skiplagged's defenses in this case, including Plaintiff's failure to mitigate. Please remove the objections and provide a full and complete response to Interrogatory 12.

12.      Plaintiff's objections to Interrogatory 13 are improper. Specifically, Plaintiff's own objection defines what "any promotional or discounted fare offerings by You" means, thus it is clear that Plaintiff understands the phrase. Further, the information requested is relevant to damages calculations in this litigation and Skiplagged's ability to respond to Plaintiff's alleged damages. Please remove the objections and provide a full and complete response to Interrogatory 13.

13.      Plaintiff's objections to Interrogatory 14 are not supportable. Plaintiff's efforts to mitigate damages are not subject to any protection of attorney-client privilege or work product doctrine, nor does the interrogatory seek such protected information. Further, efforts to mitigate Plaintiff's damages are not protected by cybersecurity and national security laws beyond the confidentiality protections afforded by the parties' confidentiality agreement. Please remove the objections and provide a full and complete response to Interrogatory 14.

14.      As to Interrogatories 15 and 16, Skiplagged is entitled to discover Plaintiff's pattern and practice of threatening or pursuing legal action against others similarly situated to or providing similar services to Skiplagged and such information is relevant to Skiplagged's defenses in this litigation. Please remove the objections and provide full and complete responses to Interrogatories 15 and 16.

15.      Plaintiff's objections to Interrogatory 17 are improper for the same reasons set forth above. Additionally, Plaintiff's objection that the specific information related to Plaintiff's alleged damages, the calculation of such damages, and the people who may have knowledge related to such damages are directly relevant to this litigation in which Plaintiff seeks damages. Please remove the objections and provide a full and complete response to Interrogatory 17.

16.      Plaintiff's objection that Interrogatory 18 is "incomprehensible" and that the terms and phrases are "unintelligible" is a clear attempt to avoid providing information Plaintiff knows will support Skiplagged's defenses in this litigation. Indeed, it is incomprehensible that a

February 16, 2024
Page 6

sophisticated airline is not aware of what these terms and phrases mean. Further, Plaintiff misquotes the interrogatory to leave out that it requests information regarding skiplagging or hidden-city ticketing, a term Plaintiff uses in its own Amended Complaint. *See* Dkt. 8. Indeed, Plaintiff's Amended Complaint refers to its own fare information as well as the "leg(s)" of flights. *See, e.g.* Dkt. 8, ¶¶ 63-6 and p. 23 at n.6. Moreover, Plaintiff's own production reveals that Plaintiff does, in fact, know the meaning of and utilize the term "skiplagging." *See, e.g.,* AA-SKP-00000617. Thus, Plaintiff's objection is plainly unsupportable and improper. Please remove the objections and provide a full and complete response to Interrogatory 18.

17.     Plaintiff's objections to Interrogatory 19 are similarly improper. Specifically, Plaintiff's own Amended Complaint makes clear that it is aware of what the term "skiplagging" means. *See* Dkt. 8, ¶ 67 and p. 24 at n.7. Plaintiff's own production reveals that Plaintiff does, in fact, know the meaning of and utilize the term "skiplagging." *See, e.g.,* AA-SKP-00000617. However, even if Plaintiff were somehow not familiar with the term "skiplagging" (which would be doubtful considering its lawsuit against Skiplagged), Plaintiff's objection ignores that the interrogatory request information related to skiplagging or hidden-city ticketing, a term Plaintiff uses in its own Amended Complaint. *See, e.g.* Dkt. 8, ¶¶ 63-6 and p. 23 at n.6.  Further, Plaintiff is not the gatekeeper of what "issues" Skiplagged may or may not assert into this litigation. Specifically, Plaintiff's procedures, policies, and strategies for identifying hidden-city ticketing is directly relevant to Skiplagged defenses in this litigation, including Plaintiff's failure to mitigate and Plaintiff's actions in misleading customers. Please remove the objections and provide a full and complete response to Interrogatory 19.

18.     For the same reasons, please remove the objections and provide a full and complete response to Interrogatory 20.

19.     Plaintiff's objections to Interrogatory 21 are similarly improper and an abuse of the discovery process. Even if Plaintiff could possibly not understand that the term "facilitated the purchase of AA flights" meant, which is doubtful, Plaintiff ignores that the interrogatory requests when Plaintiff first became aware that Skiplagged offered information about AA flights. Please remove the objections and provide a full and complete response to Interrogatory 21.

20.     Plaintiff's objections to Interrogatory 23 are boilerplate and improper under *Heller*. The information requested by Interrogatory 23 directly relates to Skiplagged's defenses to Plaintiff's claims regarding the American Marks and American Copyright. Please remove the objections and provide a full and complete response to Interrogatory 23.

21.     In addition to Plaintiff's improper refusal to respond to Interrogatories 12-25, Plaintiff's additional objections are improper for the reasons stated above. Please remove the objections and provide full and complete responses to Interrogatories 12-25.

February 16, 2024
Page 7

**Requests for Admission**

22.     Plaintiff's objections and failure to response to Requests for Admission Nos. 1 and 2 are improper. As set forth above, Plaintiff's own Amended Complaint reveals that it is aware of the context and term "legs of a flight." Similarly, it is incomprehensible for Plaintiff to claim that it does not know the common meaning of the term "customers" or phrase "have charged." Please remove the objections and provide a response to Request for Admission Nos. 1 and 2.

23.     Plaintiff's objections and non-responses to Requests for Admission Nos. 3-11 are similarly unavailing because Plaintiff cannot seriously contend that it does not understand the terms and phrases or what the request is asking. Further, Plaintiff admits that in each year from 2015 to 2023, it may have been aware of American flights "being sold on Skiplagged.com." Thus, Plaintiff could answer the request, but appears to be unwilling to conduct a reasonable search for such information. Please remove the objections and provide a response to Request for Admission Nos. 3-11.

24.     Plaintiff's objections and failure to respond to Request for Admission No. 12 is improper for the same reasons asserted in paragraph 22 above. However, in an effort to assist Plaintiff with the specificity it requests in order to provide a response, Skiplagged narrows this request to payments of American's share of a purchased ticket. Please remove the objections and provide a response to Request for Admission No. 12.

25.     Plaintiff's objections and failure to respond to Request for Admission Nos. 13-20 are improper and an abuse of the discovery process. Specifically, Requests 13 through 21 are identical requests except for the relevant year. Plaintiff claims it does not understand and thus cannot respond to Requests 13-20 yet presents no objections and provides a complete response to Request 21. Please remove the objections and provide responses to Request for Admissions Nos. 13-20.

26.     Similarly, Plaintiff's objections and failure to respond to Request for Admission Nos. 22-29 are improper. Requests 22-30 are identical requests except for the relevant year. Plaintiff claims it does not understand and thus cannot respond to Requests 22-29 yet presents no objections and provides a complete response to Request 30. Please remove the objections and provide responses to Request for Admission Nos. 22-29.

27.     Plaintiff's objections and qualified denial of Request for Admission Nos. 31-39 are improper. Again, it appears that rather than perform a reasonable inquiry, Plaintiff prefers to lodge the misplaced objection regarding the definition of "You" without first making any attempt to discover the information. Further, Plaintiff's denial of Requests 31-39 "because American has no way to know the source of any information made available on Skiplagged.com" is non-responsive. Requests 31-39 do not ask for admissions regarding the *source* of any information. Please remove the objections and provide responses to the actual admissions sought by Requests 31-39.

February 16, 2024
Page 8

**Requests for Production**

28.    In response to a majority of the requests for production, Plaintiff asserts the form objection that the phrase "all documents" or "all documents and communications" is overly broad and seeks irrelevant information without specific explanation.[9] As set forth in paragraph 2 above, these are not proper objections. *See Apollo MedFlight, LLC v. BlueCross BlueShield of Texas,* No. 2:18-CV-166-Z-BR, 2020 WL 520608, at *6 (N.D. Tex. Jan. 13, 2020). Moreover, Plaintiff used the same "all documents and communications" language in its own Requests for Production to Skiplagged. *See, e.g.,* Plaintiff's RFP Nos. 2-5, 7-8, 18, 26-27, 31, 36, 44, 46, 52, 56. Please remove the objections and produce the requested materials.

29.    Similarly, Plaintiff asserts general boilerplate objections that certain phrases such as "third parties" or the time frame requested make requests overly broad and unduly burdensome because it would result in a significant amount of documents or that the request seeks to expand the scope of discovery, without further explanation.[10] These are not sufficient objections that specifically explain why a request is overbroad or why responding to a request would be burdensome. *Apollo MedFlight,* 2020 WL 520608 at *8. Moreover, Plaintiff's own discovery requests use these terms. *See, e.g.* Plaintiff's RFP Nos. 2-3, 18, 30-34 (seeking information related to "third parties"). Please remove these objections and produce the requested materials.

30.    In response to multiple Requests for Production, Plaintiff objects that the phrase "relating to" makes the request overbroad on its face. The use of the phrase "relating to" alone is not grounds for a complete objection, let alone the boilerplate objection asserted. Indeed, the use of the phrase "relating to" identifies the categories of information sought, and it proper. *Stoneeagle Servs., Inc. v. Gillman*, No. 3:11-CV-2408-P, 2013 WL 12124329, at *4 (N.D. Tex. Dec. 23, 2013)(overruling overbroad and unduly burdensome objections). Indeed, Plaintiff's own discovery requests use the term "relating to" consistently. *See, e.g.* Plaintiff's RFP definition 17 and Nos. 1, 3-5, 7-8, 10-20, 22-25, 27-29, 35-38, 40-51, 53-55. Please remove the objections and produce the requested materials.

31.    In response to multiple Requests for Production, Plaintiff states that it will produce "proportionally responsive" documents or communications.[11] Similar to the improper "subject to" language, this qualified request does not identify what documents Plaintiff is withholding and what it arbitrarily determines to be "proportionally responsive." Please remove this qualification and produce the full set of requested materials.

32.    In response to multiple Requests for Production, Plaintiff objects that either the entire request is vague and ambiguous or that certain common terms and phrases are vague and

---

[9] Response to Request for Production Nos. 1-3, 6-9, 11-13, 16-34, 36, 38-57, 59-64, 68-102.
[10] Response to Request for Production Nos. 1, 3-4, 6, 8, 11, 13, 15-16, 20, 24-25, 36-37, 40-44, 53, 55-63, 70-74, 82, 84, 87-88, 90-91.
[11] Response to Request for Production Nos. 1-2, 6-9, 11-13, 18-31, 33-34, 39, 43, 46-48, 50-53, 59, 69-74, 77-81, 89, 92, 95-97, 99, 101-102.

February 16, 2024
Page 9

ambiguous without explanation or attempt to use any understanding of the term in an effort to respond to the request.[12] This is improper. *Heller*, 303 F.R.D. at 491 ("The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity… The responding party should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in [discovery request]." (internal quotations omitted)). Please remove the objections and produce the requested materials.

33.     In response to Request for Production No. 3, Plaintiff asserts improper objections addressed above and does not indicate that documents will be produced. Please remove the objections and produce all responsive documents.

34.     Plaintiff's response to Request for Production No. 4 is non-responsive. This request seeks documents and communications relating to Plaintiff's terms of use, Use Agreement, or conditions of carriage. Consequently, Plaintiffs limitation to produce only its Use Agreement and Conditions of Carriage without any communications is insufficient. Please amend your response and produce  all materials requested.

35.     In response to Request for Production Nos. 5, 49, 93-94 Plaintiff states "[g]iven the lack of clarity as to what documents Skiplagged is requesting, American is presently unaware of proportionally responsive, non-privileged documents within its possession, custody, or control." Skiplagged disagrees with Plaintiff's assertion that these Requests lack clarity. Given that Plaintiff's objections are improper, as set forth above, Plaintiff should remove the objections and fully respond to these Requests. However, Skiplagged is willing to meet and confer to further clarify if necessary.

36.     In response to Request for Production Nos. 12, 28, 29, 33, 41, 50-51 Plaintiff states that it is in the process, through discovery, of working with its expert witnesses to determine which documents evidence its financial losses. The fact that discovery is ongoing is not an excuse for failing to produce. Moreover, experts are not required to simply identify what documents support the claims for damages that Plaintiff has alleged in its Amended Complaint against Skiplagged. Please immediately produce the requested materials.

37.     In response to Request for Production No. 15, Plaintiff again asserts the improper objections described above and does not state whether it will produce anything responsive to the request. Plaintiff must remove its improper objections and produce all responsive documents. However, in further explanation as to the relevance of this Request, Plaintiff's similar actions to demand others cease providing information to customers is relevant to Skiplagged's defenses in this litigation. Please produce the requested materials.

38.     Similarly, Plaintiff appears to stand on its improper objections to Request for Production No. 16. Just as Plaintiff requested documents related to lawsuits and settlement from

---

[12] Response to Request for Production Nos. 2-9, 11-13, 16-18, 20-34, 40-43, 45-52, 54-55, 58, 61-63, 66-67, 69-71, 75-81, 83, 85-89, 92-102.

February 16, 2024
Page 10

Skiplagged, Skiplagged requests the same information from Plaintiff, limited to the topic of hidden-city ticketing or skiplagging. Please produce the requested materials.

39.    As set forth in paragraph 15 above, the information requested in Request for Production No. 32 is relevant to this litigation and the calculation of damages. Please produce the requested materials.

40.    As set forth above, Plaintiff's objections and improper limitation on its production in response to Request for Production Nos. 36-38 are non-responsive and boilerplate. Please remove the objections and provide the requested materials, in full.

41.    In response to Request for Production No. 42, Plaintiff again asserts the same improper objections addressed above. Upon removing these objections, Plaintiff should produce all responsive documents. However, to provide further explanation for this Request, Skiplagged is entitled to discover information regarding all customer complaints to Plaintiff because such information goes to causation in this litigation—specifically, this information is relevant to Plaintiff's allegation that customer complaints caused by Skiplagged caused Plaintiff damages. Please produce the requested materials.

42.    Similarly, Plaintiff should remove the improper objections in response to Request for Production No. 44. However, to provide further explanation for this Request, Skiplagged is entitled to discover information regarding Plaintiff's flight schedules and corresponding flight prices because it is relevant to Skiplagged's defenses to damages calculations in this litigation. Please produce the requested materials.

43.    Plaintiff's response to Request for Production No. 45 is non-responsive. This Request seeks documents evidencing that Skiplagged entered into any agreements with Plaintiff. Thus, even according to Plaintiff's response, this Request seeks documents evidencing that Skiplagged gained access to or uses Plaintiff's website. Plaintiff's limitation to producing only its Use Agreement and Conditions of Carriage is improper. Please produce all responsive documents.

44.    In response to Request for Production No. 54, Plaintiff once again asserts the improper objections addressed above. Additionally, Plaintiff objects that the request asks for trade seeks and other confidential information. This objection is improper given the parties' confidentiality agreement. Please remove the objections and produce the requested materials.

45.    In response to Request for Production No. 55 Plaintiff asserts multiple improper objections addressed above. Upon removing these objections, Plaintiff should produce the requested materials. However, to provide further explanation for this Request, Skiplagged is entitled to discover information regarding Plaintiff's efforts to enforce the American Marks and American Copyrights because such information is relevant to Skiplagged's defenses against Plaintiff's claims that Skiplagged violated same. Please produce the requested materials.

February 16, 2024
Page 11

      46.     Similarly, Skiplagged is entitled to discovery information responsive to Request Nos. 56-58, 60-68, 75, 82-85, 87-88, 90-91 because it relates to the damages and allegations asserted by Plaintiff for its copyright and trademark infringement claims as well as Skiplagged's defenses to same. Please produce the requested materials.

      So that we may quickly resolve these issues and continue with discovery in this matter, please immediately produce documents that should have been produced by February 9, 2024. Additionally, please amend Plaintiff's responses to Skiplagged's Interrogatories, Requests for Admission, and Requests for Production and produce responsive materials no later than February 23, 2024. Otherwise, Skiplagged will seek the Court's intervention according to the Federal Rules of Civil Procedure and local rules for the Northern District of Texas. Should there be any questions or if you would like further explanation, I am generally available to confer on these discovery requests.

      Thank you for your prompt attention.

                    Best regards,

                    */s/ Abigail R.S. Campbell*
                    Abigail R.S. Campbell

Cc:

| | |
|---|---|
| William L. Kirkman | billk@kirkmanlawfirm.com |
| Preston Sawyer | prestons@kirkmanlawfirm.com |
| Lars Berg | lars.berg@kellyhart.com |
| Julia G. Wisenberg | Julia.wisenberg@kellyhart.com |
| Bina B. Palnitkar | bina@gtlaw.com |
| Nathan Muyskens | muyskensn@gtlaw.com |

# EXHIBIT H

| | |
|---|---|
| **From:** | Austin Franklin |
| **To:** | Abigail Campbell |
| **Cc:** | Aaron Z. Tobin; Kendal B. Reed; Dee Kelly; Lars Berg |
| **Subject:** | RE: AA v. Skiplagged [IWOV-Interwoven.FID461762] |
| **Date:** | Friday, March 22, 2024 2:34:59 PM |
| **Attachments:** | Document Search Terms (AA-Skiplagged).XLSX |

Abigail,

Thanks for your time earlier this week for our conference. Per our discussion, please find the below summary of American's proposal.

In exchange for a Rule 29 Stipulation that American has resolved all of Skiplagged's concerns with its discovery responses to date:

- AA will agree to withdraw seven of our subpart objections to Skiplagged's Interrogatories and provide seven additional substantive responses to interrogatories.
- AA will agree to amend its answer to Interrogatory No. 6, but stands on its subpart objection.
- AA will agree to amend its answer to Interrogatory No. 10, but stands on its subpart objection.
- AA offers to provide our amended objections and responses described above three weeks after a Rule 29 Stipulation is finalized.
- AA offers to resolve all request for production disputes by agreeing to search terms (and custodians and date ranges) along with specific "go gets" consistent with the attached. (Note: American ran far broader search terms than Skiplagged. As part of this agreement, I'd like to discuss reciprocal modifications to Skiplagged's search terms that might get close to globally resolving request for production disputes for both sides.)

The above is not to be construed as a waiver of any objections American has asserted in its discovery responses. For the avoidance of doubt, American has not withdrawn any of its objections at this time, nor is it acknowledging that any of its objections were improper.

Like we discussed during our last call, let's schedule a call for Monday to discuss the above as well as Skiplagged's position on producing the data partially reflected in the report bates-labeled SKP00081039. As discussed, SKP00081039 contains an incomplete data set, but demonstrates Skiplagged possesses and can readily export the data we need for our expert reports. We will need to move to compel expeditiously on that isolated issue if Skiplagged refuses to produce the data.

I'm open on Monday between 10:30 am – 5:00 pm. I look forward to connecting then. If you need to connect earlier in the day, I can potentially move some things around.

VR,

**Austin Franklin**
*Partner*



201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged. If you have received this communication in error, do not read it. Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error. Then delete it. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**From:** Abigail Campbell <acampbell@condontobin.com>
**Sent:** Thursday, March 14, 2024 11:35 AM
**To:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Lets do Wednesday at 10am cst/ 11am est. I'll send an invite.

**Abigail R.S. Campbell** ATTORNEY

8080 Park Lane, Suite 700, Dallas, Texas 75231
D 214.265.3891 | T 214.265.3800 | VCard
acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

**From:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Sent:** Thursday, March 14, 2024 11:33 AM
**To:** Abigail Campbell <acampbell@condontobin.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

I can do Monday and/or Wednesday next week, depending on your preference. If Wednesday, I'm

available any time after 9:30 am.

**Austin Franklin**
*Partner*



201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged.  If you have received this communication in error, do not read it.  Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error.  Then delete it.  Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**From:** Abigail Campbell <acampbell@condontobin.com>
**Sent:** Thursday, March 14, 2024 11:27 AM
**To:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Austin,

I will be in the deposition on Tuesday but we need to get this moving. I can do a call Wednesday and hope we have progress to discuss then or we will have to move forward with a motion to compel.

Let me know what times work for you on Wednesday.

**Abigail R.S. Campbell**  ATTORNEY
8080 Park Lane, Suite 700, Dallas, Texas 75231
D  214.265.3891 |  T  214.265.3800 |  VCard
acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

**From:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Sent:** Thursday, March 14, 2024 11:22 AM
**To:** Abigail Campbell <acampbell@condontobin.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Abigail,

We discussed touching base today.  I'm still working through this with American, but should have some substantive updates next week.  Want to go ahead and schedule a call for Tuesday?  I'm pretty wide open after 11 am.


**Austin Franklin**
*Partner*



201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged.  If you have received this communication in error, do not read it.  Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error.  Then delete it.  Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.


**From:** Austin Franklin
**Sent:** Friday, March 8, 2024 8:49 AM
**To:** 'Abigail Campbell' <acampbell@condontobin.com>
**Cc:** John C. Fronk <John.Fronk@kellyhart.com>; Kendal B. Reed <kreed@condontobin.com>; Aaron Z. Tobin <atobin@condontobin.com>; Bill Kirkman <billk@kirkmanlawfirm.com>; Preston Sawyer <prestons@kirkmanlawfirm.com>; Lars Berg <lars.berg@kellyhart.com>; Dee Kelly <dee.kelly@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Thanks for sending, Abigail.  I will consult with American concerning your proposal, and I look forward to connecting again next week to move this issue forward.

VR,

**Austin Franklin**
*Partner*



201 MAIN STREET, SUITE 2500

FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged.  If you have received this communication in error, do not read it.  Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error.  Then delete it.  Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

---

**From:** Abigail Campbell <acampbell@condontobin.com>
**Sent:** Friday, March 8, 2024 7:53 AM
**To:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Cc:** John C. Fronk <John.Fronk@kellyhart.com>; Kendal B. Reed <kreed@condontobin.com>; Aaron Z. Tobin <atobin@condontobin.com>; Bill Kirkman <billk@kirkmanlawfirm.com>; Preston Sawyer <prestons@kirkmanlawfirm.com>
**Subject:** AA v. Skiplagged [IWOV-Interwoven.FID461762]

Austin,

Attached are the proposed search terms for AA as well as the search terms that Skiplagged used. Note, the Skiplagged search terms do not include the gathering of basic documents like the financials and organization docs that were produced.

Best,

---

**Abigail R.S. Campbell**  ATTORNEY

8080 Park Lane, Suite 700, Dallas, Texas 75231
D  214.265.3891 |  T  214.265.3800 |  VCard
acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

American will collect documents from 8/1/2018 forward.

Custodians: Scott Chandler, Neil Geurin, Marcial Lapp, Shashank Menon, German Rivera

| # | Full Search String based on SKP's proposal    (Between columns is "and." / ! used to indicate all variations.) | AA's Note/Response |
|---|---|---|
| 1 | (Skiplagged or Skiplagged.com or Skiplagging or "hidden city" or Skip*) | Skip* is overly broad and unduly burdensome, as it returns all conjugations of "to skip."<br><br>Remaining is covered and improved on by the following terms already run by American:<br>- Skiplag* OR skip lag*<br>- hidden cit* |
| 2 | ("Hidden city" or Skiplagged or Skiplagged.com or Skiplagging or skip*) AND ("Terms of Use" or "Use Agreement" or "Conditions of Carriage" or polic* or procedure*) | Subsumed by #1, see note above. |
| 3 | (Skiplagged or Skiplagged.com or Skiplagging or "hidden city" or skip*) AND (Profit* or damage* or revenue* or loss or lost) | |
| 4 | (Skiplagged or Skiplagged.com or Skiplagging or "hidden city" or skip*) AND (Contract* or agreement*) | |
| 5 | (Skiplagged or Skiplagged.com or Skiplagging or "hidden city" or skip*) AND (cease or desist) | |
| 6 | ("Hidden city" or skiplagging or skip*) AND (Lawsuit* or settle*) | |
| 7 | (Mark* or copyright* or "intellectual property" or "flight symbol") AND (Protect* or "unauthorized use" or polic* or procedure* ) | These are proving to be bad searches, which causes them to be overly broad and unduly burdensome.<br><br>"mark*" is not a workable term. We broke these searches out for testing, and the "mark* AND [x]" search strings, combined, hit on ~235k documents (not including family).  Not targeted or helpful for either side.<br><br>The remaining terms bring in over 40k search hits (~62k with family). From sampling, we are seeing that the hits appear to be junk. We aren't seeing any substantive discussion of AA's trademarks or copyright, let alone anything responsive to their RFPs. In sum, these search term aren't pulling anything Skiplagged might be looking for. |
| 8 | (Mark* or copyright* or "intellectual property" or "flight symbol") AND (Valu* or harm or loss or infringe*) | |
| 9 | (Mark* or copyright* or "intellectual property" or "flight symbol") AND (Own* or assign* or license*) | |
| 10 | (Mark* or copyright* or "intellectual property" or "flight symbol") AND (Valid* or enforce* or distinct* Or diff*) | |
| 11 | (Mark* or copyright* or "intellectual property" or "flight symbol") AND (Sale* or advertis* or cost*) | |
| 12 | (Skiplagged or Skiplagged.com or Skiplagging or Skip*) AND (Customer* or passenger* or client* or pax*) AND (Problem* or issue* or complaint*) | Subsumed by #1, see note above. |
| 13 | (Skiplagged or Skiplagged.com or Skiplagging or Skip*) AND (Investigat* ) | |
| 14 | (Skiplagged or Skiplagged.com or Skiplagging or Skip*) AND (Abuse* or stop* or prevent* or correct* or cost* or flag*) | |
| 15 | (Skiplagged or Skiplagged.com or Skiplagging or Skip*) AND (Confus* or mistake* or deception* or deceive* or associ* or divert* or mislead* or misled*) | |
| 16 | (Skiplagged or Skiplagged.com or Skiplagging or Skip*) AND (aa.com or website* or site* ) | |

| # | | |
|---|---|---|
| 17 | (Skiplagged or Skiplagged.com or Skiplagging or Skip*) AND (Board* or present* or meet*) | |
| 18 | (Customer* or passenger* or pax*) AND (Complaint* Or complain* Or problem* or issue*) | Overly broad and unduly burdensome. The more appropriate search would be #12, which is already subsumed by #1 (see note above).<br><br>Also, as stated during the March 19 meet and confer, American is searching its customer relations database for responsive documents, which will be included in the discussed upcoming supplemental production.<br><br>Moreover, during the March 19 Meet and Confer, Austin requested Skiplagged provide other modifying terms, and Abigail indicated she would workshop that with her team. |
| 19 | (Skiplagged or Skiplagged.com or Skiplagging or Skip*) AND (Agent*) AND (American or AA) | Subsumed by #1, see note above. |
| 20 | ("Terms of condition" or "terms or use" or "use agreement" or "conditions of carriage") AND (Stud* or analysis* or analyze* or placement* or wireframe* or "user experience") AND (aa.com or website* or site*) | Will search and produce responsive hits. |

| # | Go Get / "Other Documents1" | AA's Note/Response |
|---|---|---|
| 1 | Versions of AA's Use Agreement and Conditions of carriage since August 1, 2018 to the present. | American will produce published versions. |
| 2 | Financial documents | Need additional clarity from Skiplagged. |
| 3 | Contracts or Agreements allegedly interfered with by Skiplagged | Covered by #1. |
| 4 | Documents received in response to Subpoenas | American has and will continue to produce, as applicable. |
| 5 | Attorney fees documents – invoices, agreements | Will produce as part of expert disclosures. |
| 6 | Expert documents – documents reviewed, notes, files | Will produce as part of expert disclosures. |
| 7 | Flight schedules and prices since August 1, 2018 | Overbroad and unduly burdensome.<br><br>During March 19 Meet and Confer, Austin requested Skiplagged provide a narrower request tied to Skiplagged, and Abigail indicated she would workshop that with her team. |
| 8 | American Marks and American Copyright Ownership documents | American expects to be able to produce the trademark file wrappers from USPTO.  More to follow on this.  There is nothing similar for a Copyright. |
| 9 | Documents identifying Copyright Authors & relationship to AA | See #8. |
| 10 | Complete Files for American Copyrights and American Marks | See #8. |
| 11 | American Marks and American Copyright use in commerce | Overbroad and unduly burdensome. |

App. 0189

# EXHIBIT I

| From: | Abigail Campbell |
|---|---|
| To: | Austin Franklin |
| Cc: | Aaron Z. Tobin; Kendal B. Reed; Dee Kelly; Lars Berg |
| Subject: | RE: AA v. Skiplagged [IWOV-Interwoven.FID461762] |
| Date: | Tuesday, March 26, 2024 4:02:28 PM |

Austin,

It is well documented that Skiplagged has made extensive efforts to resolve the discovery issues. While we are not "eager" to file a motion to compel, we have to be cognizant of the upcoming deadlines and AA delay tactics.

I am available tomorrow at 2pm.

_____

**Abigail R.S. Campbell**  ATTORNEY

8080 Park Lane, Suite 700, Dallas, Texas 75231

D  214.265.3891 |  T  214.265.3800 |  VCard

acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

**From:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Sent:** Tuesday, March 26, 2024 3:25 PM
**To:** Abigail Campbell <acampbell@condontobin.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Abigail,

It is American's desire to resolve all of Skiplagged's discovery concerns.  That was the aim of my initial proposal, which is why I included the language you have bolded below.  You have apparently rejected that language, and I have now clarified in three separate emails that American would be willing to enter into an agreement on a subset of "all" of Skiplagged's discovery disputes if such agreement can be reached.  However, you seem more eager to file a motion to compel than to meaningfully try to resolve these issue.

The majority of our discussion on Skiplagged's interrogatories centered on the propriety of

App. 0191

American's subpart objections, and we talked through a compromise to remove that issue from something the Court would need to hear. I attempted to reduce that discussion to writing in my proposal below. But surely you anticipate this compromise being binding on both parties, right? For instance, American cannot agree that Skiplagged's interrogatory no. xxx, which bears a single number, is just two interrogatories instead of three under American's original objections without an agreement from Skiplagged that it will not turn around and file a motion to compel seeking to reduce the count for that interrogatory from the newly agreed upon two interrogatories to a single interrogatory.

Similarly, we discussed exchanging search terms, custodians, and date ranges to resolve all outstanding RFP issues. If we reach an agreement on search terms that resolves 99% of your concerns, the fact that we need to tee up for the Court a handful of RFPs about which we disagree shouldn't preclude us from reaching an agreement on the rest.

I also note that you have not answered any of my questions below. What is your availability for a call tomorrow to try to put some parameters on an agreement to narrow the scope for the Court?

VR,

**Austin Franklin**
*Partner*



201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged. If you have received this communication in error, do not read it. Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error. Then delete it. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**From:** Abigail Campbell <acampbell@condontobin.com>
**Sent:** Tuesday, March 26, 2024 2:50 PM
**To:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Austin,

Your March 22, 2024 email states: "In exchange for a Rule 29 Stipulation that American has resolved **all** of Skiplagged's concerns with its discovery responses to date:"

It appears now that you are saying the stipulation would only be as to specific issues and that "American is not going to agree to withdraw objections and amend its responses without Skiplagged agreeing that doing so actually narrows the issues for the Court." As I have stated, Skiplagged is not and cannot agree that any issues are resolved or narrowed without actually seeing amendments and production. While Skiplagged is hopeful that AA's amendments and production narrow the issues for the Court, Skiplagged cannot know until such actions take place. Moreover, no agreement should be required for AA to comply with its discovery obligations.

My schedule moved around and I can be available for a call on Wednesday but as I have been saying, we cannot continue to delay our motion to compel. We have explained our positions ad nauseum and if AA is not planning on amending and producing without the improper agreement it requests from Skiplagged then we must seeks the Court's intervention.

---

**Abigail R.S. Campbell** ATTORNEY

8080 Park Lane, Suite 700, Dallas, Texas 75231

D  214.265.3891 |  T  214.265.3800 |  VCard

acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

---

**From:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Sent:** Tuesday, March 26, 2024 2:04 PM
**To:** Abigail Campbell <acampbell@condontobin.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Abigail,

First and foremost, allow me to dispel the erroneous notion that American is demanding an "all or nothing" approach to resolving this discovery dispute.  To be clear, we understand that any agreement will extend only to the subset of disputes to which actual agreement is reached.  However, American is not going to agree to withdraw objections and amend its responses without Skiplagged agreeing that doing so actually narrows the issues for the Court.

I think we should have a call to discuss the terms of the agreement rather than wasting time with a lengthy letter-writing campaign back and forth.  I'm not available for a call Thursday, but can be

App. 0193

available Friday morning between 9-11:30 and in the afternoon starting at 2 pm.  I also might have some time tomorrow if that works better.

In the meantime, here are my responses to your specific points below:

1.  Here are the titles of our custodians, which we believe are sufficient to capture responsive documents:

    <u>Neil Guerin</u>, Managing Director, Airline Retailing
    <u>Marcial Lapp</u>, Managing Director, Revenue Engineering
    <u>German Rivera</u>, Sr. Analyst, Revenue Management Development, Revenue Integrity and Distribution
    <u>Shashank Menon</u>, Manager, Revenue Management Development, Revenue Integrity and Distribution, Managing Director, Revenue Engineering
    <u>Scott Chandler</u>, Senior Vice President, Revenue Management Development

    What are the names and titles of the custodians Skiplagged identified for their searches?

2.  I'm not sure what you mean when you say you're concerned that "these searches weren't run in response to Skiplagged's RFPs that requested this information."  Which RFPs are these searches aimed at?  You proposed these search terms to AA on 3/8, we ran them to test whether they captured responsive material, and we responded on 3/22 to report that the searches are not yielding responsive documents.  As discussed during our call, American expects to produce the trademark file wrappers, which should contain the prosecution history of the application, from its filing to the registration of the mark and filing of post-registration papers, including the application papers, all Office Actions, and correspondence from the applicant and/or attorney of record.  Beyond this material, much of what we think you might be seeking would be privileged and/or work product.

3.  As you know, we already searched our custodians and produced documents related to customer complaints caused by or related to Skiplagged.  Also, as I shared with you during our last call, AA is in the process of pulling additional customer complaint files caused by or related to Skiplagged from a database outside of our custodians, which we will produce.  However, as discussed, I fail to see how Skiplagged's continual demand for *all documents* related to AA customer complaints—specifically those that you admit are wholly unrelated to Skiplagged (such as complaints about the temperature of coffee or the speed of the onboard wifi, for instance)—is reasonable, proportional, and anything other than a harassing effort to run up discovery costs.  That said, I will confer with American regarding your additional search terms and will advise whether we believe they yield responsive results.

4.  Thanks for clarifying what Skiplagged meant when it proposed American produce its "financial documents."  As discussed, American will certainly provide the material relied upon by its experts when those reports are due, and I will discuss with American the prospect of gathering for production its balance sheets and P&Ls from the relevant period.

5. The First Amended Complaint and AA's answer to Rog 2 specify the contracts that AA claims Skiplagged breached and/or interfered with.  Specifically, American identified the AA.com Use Agreement and American's Conditions of Carriage.  I also reiterated this information to you during our call.  Similar to Skiplagged's demand for all customer complaints, this request for all flights and pricing data—specifically including data wholly unrelated to AA-Skiplagged flights—is overbroad and unduly burdensome.  Moreover, Skiplagged purports to display American's flights and pricing data on its website, suggesting Skiplagged already has access to this data through some other source.

6. During our call, I highlighted your request for "American Marks and American Copyright use in commerce" and indicated that I did not know what you were asking for.  You indicated that you needed to consult with your team to provide greater clarity on this.  Your email below does not illuminate what you're asking for.  As discussed during our call, AA's use of its marks are voluminous and available in the public domain, including (most notably) AA.com, but also in print advertising, clothing, merchandise, etc.  Skiplagged has equal access to all of that.  If there is something in particular that Skiplagged is looking for that it believes it needs American to access for some reason, please advise and we can discuss whether AA can produce.

VR,

**Austin Franklin**
*Partner*



201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged.  If you have received this communication in error, do not read it.  Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error.  Then delete it.  Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**From:** Abigail Campbell <acampbell@condontobin.com>
**Sent:** Monday, March 25, 2024 4:16 PM
**To:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Austin,

The point of our meet and confers was to see if we could reach agreements as to AA's deficient

discovery. I believe we reached some agreements but not all, which have been explained multiple times in our meet and confers and outlined in my last email not to mention the extensive discovery deficiency letter we sent some time ago. We cannot agree that amendments and productions solve the outstanding issues without seeing the amendments and productions. Nor can we agree that your proposal settles all outstanding discovery issues. We cannot continue to go round and round on this and will need to move forward with a motion to compel on all issues if AA does not agree to at least address some of the issues. I do not believe the court will appreciate this bait and switch approach.

I am discussing the data issue with my client. I am not available tomorrow but can be available Thursday.

Thank you,

---

**Abigail R.S. Campbell**  ATTORNEY

8080 Park Lane, Suite 700, Dallas, Texas 75231

D  214.265.3891 |  T  214.265.3800 |  VCard

acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

**From:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Sent:** Monday, March 25, 2024 4:09 PM
**To:** Abigail Campbell <acampbell@condontobin.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Abigail,

If American is going to amend certain discovery responses by agreement, it has to be on the basis that Skiplagged agrees American satisfied its discovery obligations as to those requests.  That is the whole point of our various discovery conferences.  Skiplagged needs to let us know what additional discovery concerns it has that are not addressed by the below proposal so we can resolve this matter.

Additionally, please advise whether Skiplagged will produce the PNR data partially reflected in the report bates-labeled SKP00081039, and if so, when American can expect it.  Again, we need this for

our damages expert's report.

I'm available for a call to discuss for the next hour, and I have availability tomorrow morning from 9-10, 11-1130, and in the afternoon between 12-5 pm.

VR,

**Austin Franklin**
*Partner*



201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged.  If you have received this communication in error, do not read it.  Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error.  Then delete it.  Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**From:** Abigail Campbell <acampbell@condontobin.com>
**Sent:** Monday, March 25, 2024 2:31 PM
**To:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Austin,

Skiplagged will not agree to a Rule 29 stipulation that all of its discovery concerns will be resolved by AA's proposal. While the proposal in your email presents a resolution on some of the issues Skiplagged has raised regarding AA's discovery, it does not resolve all the issues. Please let me know when we an except the amendments and production noted below as well as with the search terms agreed to to date.

As to the search terms proposed:
1. Please identify the titles of the custodians proposed by AA. Specifically, it seems odd that only 5 custodians could be relevant here.
2. For 7-11, I do not see how the terms (besides "mark") could be bad searches given the claims made by AA in this litigation and am more concerned that these searches weren't run in response to Skiplagged's RFPs that requested this information. It is not for AA to decide what Skiplagged is "looking for" but to run reasonable searches and produce responsive documents to Requests for Production.
3. For 18, Skiplagged will agree to additional search terms to narrow down the documents –

"fee!" or "baggage" or "luggage" or "bag!" or "hidden city" or "cost" or "ticket!". As previously explained during at least two of our meet and confers, Skiplagged is entitled to discovery documents relevant to AA's claim that Skiplagged created customer issues that cost AA money, including all other customer complaints or issues that could have caused AA to lose money.

4. Financial Documents – Please produce AA's balance sheets and profit and loss statements plus any other financial documents relied upon by AA's experts.

5. Flight Schedules and prices – Unless AA can identify what "contracts" it is alleging Skiplagged breached or interfered with, we have no way to narrow down this search and will have to move forward with the Court on this issue.

6. As to American Marks and American Copyright use in commerce – this is part of AA's burden on its own claims, thus it makes no sense that AA would claim such request is overbroad and unduly burdensome.

Again, please let me know when we can expect Plaintiff's production and amended responses.

Thank you,

**Abigail R.S. Campbell** ATTORNEY

8080 Park Lane, Suite 700, Dallas, Texas 75231

D  214.265.3891 |  T  214.265.3800 |  VCard

acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

**From:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Sent:** Friday, March 22, 2024 2:35 PM
**To:** Abigail Campbell <acampbell@condontobin.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Abigail,

Thanks for your time earlier this week for our conference.  Per our discussion, please find the below summary of American's proposal.

**App. 0198**

In exchange for a Rule 29 Stipulation that American has resolved all of Skiplagged's concerns with its discovery responses to date:

- AA will agree to withdraw seven of our subpart objections to Skiplagged's Interrogatories and provide seven additional substantive responses to interrogatories.
- AA will agree to amend its answer to Interrogatory No. 6, but stands on its subpart objection.
- AA will agree to amend its answer to Interrogatory No. 10, but stands on its subpart objection.
- AA offers to provide our amended objections and responses described above three weeks after a Rule 29 Stipulation is finalized.
- AA offers to resolve all request for production disputes by agreeing to search terms (and custodians and date ranges) along with specific "go gets" consistent with the attached.  (Note: American ran far broader search terms than Skiplagged.  As part of this agreement, I'd like to discuss reciprocal modifications to Skiplagged's search terms that might get close to globally resolving request for production disputes for both sides.)

The above is not to be construed as a waiver of any objections American has asserted in its discovery responses.  For the avoidance of doubt, American has not withdrawn any of its objections at this time, nor is it acknowledging that any of its objections were improper.

Like we discussed during our last call, let's schedule a call for Monday to discuss the above as well as Skiplagged's position on producing the data partially reflected in the report bates-labeled SKP00081039.  As discussed, SKP00081039 contains an incomplete data set, but demonstrates Skiplagged possesses and can readily export the data we need for our expert reports.  We will need to move to compel expeditiously on that isolated issue if Skiplagged refuses to produce the data.

I'm open on Monday between 10:30 am – 5:00 pm.  I look forward to connecting then.  If you need to connect earlier in the day, I can potentially move some things around.

VR,

**Austin Franklin**
*Partner*

201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged.  If you have received this communication in error, do not read it.  Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error.  Then delete it.  Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**From:** Abigail Campbell <acampbell@condontobin.com>

**Sent:** Thursday, March 14, 2024 11:35 AM
**To:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Lets do Wednesday at 10am cst/ 11am est. I'll send an invite.

---

**Abigail R.S. Campbell**  ATTORNEY

8080 Park Lane, Suite 700, Dallas, Texas 75231

D  214.265.3891 |  T  214.265.3800 |  VCard

acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

**From:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Sent:** Thursday, March 14, 2024 11:33 AM
**To:** Abigail Campbell <acampbell@condontobin.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

I can do Monday and/or Wednesday next week, depending on your preference.  If Wednesday, I'm available any time after 9:30 am.

**Austin Franklin**
*Partner*

---



201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged.  If you have received this communication in error, do not read it.  Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error.  Then delete it.  Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**From:** Abigail Campbell <acampbell@condontobin.com>
**Sent:** Thursday, March 14, 2024 11:27 AM
**To:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Austin,

I will be in the deposition on Tuesday but we need to get this moving. I can do a call Wednesday and hope we have progress to discuss then or we will have to move forward with a motion to compel.

Let me know what times work for you on Wednesday.

---

**Abigail R.S. Campbell**  ATTORNEY
8080 Park Lane, Suite 700, Dallas, Texas 75231
D  214.265.3891 |  T  214.265.3800 |  VCard
acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

**From:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Sent:** Thursday, March 14, 2024 11:22 AM
**To:** Abigail Campbell <acampbell@condontobin.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Abigail,

We discussed touching base today.  I'm still working through this with American, but should have some substantive updates next week.  Want to go ahead and schedule a call for Tuesday?  I'm pretty wide open after 11 am.

**Austin Franklin**
*Partner*



201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged.  If you have received this communication in error, do not read it.  Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error.  Then delete it.  Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**From:** Austin Franklin
**Sent:** Friday, March 8, 2024 8:49 AM
**To:** 'Abigail Campbell' <acampbell@condontobin.com>
**Cc:** John C. Fronk <John.Fronk@kellyhart.com>; Kendal B. Reed <kreed@condontobin.com>; Aaron Z. Tobin <atobin@condontobin.com>; Bill Kirkman <billk@kirkmanlawfirm.com>; Preston Sawyer <prestons@kirkmanlawfirm.com>; Lars Berg <lars.berg@kellyhart.com>; Dee Kelly <dee.kelly@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Thanks for sending, Abigail.  I will consult with American concerning your proposal, and I look forward to connecting again next week to move this issue forward.

VR,

**Austin Franklin**
*Partner*



201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged.  If you have received this communication in error, do not read it.  Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error.  Then delete it.  Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**From:** Abigail Campbell <acampbell@condontobin.com>
**Sent:** Friday, March 8, 2024 7:53 AM
**To:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Cc:** John C. Fronk <John.Fronk@kellyhart.com>; Kendal B. Reed <kreed@condontobin.com>; Aaron

Z. Tobin <atobin@condontobin.com>; Bill Kirkman <billk@kirkmanlawfirm.com>; Preston Sawyer
<prestons@kirkmanlawfirm.com>
**Subject:** AA v. Skiplagged [IWOV-Interwoven.FID461762]

Austin,

Attached are the proposed search terms for AA as well as the search terms that Skiplagged used.
Note, the Skiplagged search terms do not include the gathering of basic documents like the
financials and organization docs that were produced.

Best,

---

**Abigail R.S. Campbell**  ATTORNEY
8080 Park Lane, Suite 700, Dallas, Texas 75231
D  214.265.3891 |  T  214.265.3800 |  VCard
acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or
entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any
dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please
reply immediately to sender that you have received this communication in error and delete it. Thank you