IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:23-cv-00860-P |
| SKIPLAGGED, INC., | § § § | |
| Defendant. | § | |

**APPENDIX TO DEFENDANT SKIPLAGGED, INC.'S RESPONSE
IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS**

**INDEX**

| EXHIBIT | DESCRIPTION | PAGE NOS. |
|---|---|---|
| 1. | Declaration of Aktarer Zaman | App.0001-0004 |
| 2. | Affidavit of Abigail R.S. Campbell | App. 0005-0008 |
| 2-A | April 11, 2024, Emails between AA Counsel and Skiplagged Counsel | App. 0009-0011 |

Dated: April 15, 2024.

Respectfully submitted,

*/s/ Abigail R.S. Campbell*
Aaron Z. Tobin
Texas Bar No. 24028045
Kendal B. Reed
Texas Bar No. 24048755
Abigail R.S. Campbell
Texas Bar No. 24098759
**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800

Facsimile: (214) 691-6311
atobin@condontobin.com
kreed@condontobin.com
acampbell@condontobin.com

*/s/ William L. Kirkman*
William L. Kirkman
Texas Bar No. 11518700
Preston B. Sawyer
Texas Bar No. 24102456
**KIRKMAN LAW FIRM, PLLC**
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone: (817) 336-2800
Facsimile: (817) 887-1863
billk@kirkmanlawfirm.com
prestons@kirkmanlawfirm.com

***Attorneys for Defendant, Skiplagged, Inc.***

# CERTIFICATE OF SERVICE

On April 15, 2024, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/Abigail R.S. Campbell*
Abigail R.S. Campbell

EXHIBIT

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § | Civil Action No. 4:23-cv-00860-P |
| SKIPLAGGED, INC., | | |
| Defendant. | | |

### DECLARATION OF AKTARER ZAMAN

I, Aktarer Zaman, declare under the pains and penalties of perjury as follows:

1. At all relevant times in this case, I have been the Chief Executive Officer and founder of Defendant, Skiplagged, Inc. ("Skiplagged"). I submit this declaration in support of Skiplagged's *Response in Opposition to Plaintiff's Motion to Compel and for Sanctions*. The information contained in this declaration is true and correct based on my personal knowledge. I am above the age of eighteen and competent to testify.

2. Skiplagged's database contains raw data related to all of Skiplagged's operations, including its flight, hotel and car rental services. The raw data on Skiplagged's database is in its most basic form, not organized or processed. Such data is inaccessible without writing specific software code that creates a search program. In other words, without writing a specific software program tailored to the precise information sought, the Skiplagged database cannot be searched to generate a report or exported for download.

3. The information sought by American Airlines, Inc. ("AA") in its Motion to Compel relates to over one million tickets and would require an analysis of related monetary values. No such documents exist and creating the information would require Skiplagged to write new software

1

code to extract data from multiple third-party platforms, cross reference the information and then, since this process has never been done before, audit the compiled information to make sure it is correct.

4. It is my understanding, based on AA's communications, that AA is seeking Skiplagged's profit data for each individual booking. The information sought by AA in its Motion to Compel goes far beyond standard data retrieval, and instead, demands elaborate and costly data generation. Skiplagged does not store this data in such a format. Calculating profits as AA demands would necessitate the painstaking process of cross-referencing over one-million bookings, with numerous transactions, on various third-party vendor systems. This involves taking into account the money received, any fees, disputes, penalties, and dynamic rewards from Skiplagged's reward program. Skiplagged has never tried to do this before and AA's demand for "PNR Data" that does not already exist in any document would require newly written the code, Skiplagged to test the new program to make sure it worked correctly and address any issues, run the program for each of the 18 sets of data in AA's definition of "PNR Data" plus additional categories requested for over one million bookings, overlaying such data sets and cross referencing the information to organize into a spreadsheet, and then auditing the spreadsheet to make sure the information is correct. This is not a mere extraction of existing data, but rather a complex calculation that would interrupt Skiplagged's ordinary course of business. Specifically, this process would require at least one month to organize and audit, at least $100,000 in technical resource and employee time, and a level of technical sophistication that goes beyond routine data retrieval, with no guarantee of complete or accurate information.

5.   I understand that AA is citing to three spreadsheets produced by Skiplagged to argue that Skiplagged has and can produce the demanded information and is referring to these documents as "Exemplar Documents."

6.   The "Exemplar Documents" cited by AA are the result of past failed attempts by Skiplagged personnel to compile and analyze data for now-abandoned special projects. A Skiplagged employee wrote specific code to pull data from multiple platforms and then attempted to overlay, cross reference and analyze data sets. However, as the "Exemplar Documents" show, the code and analysis did not work, resulting in duplicate rows and incorrect, unreliable data sorting. Further, the "savings information" AA references in these documents is not retained as a course of Skiplagged's operations. Given the billions of searches conducted by Skiplagged's users, amounting to over 500 billion unique travel options, Skiplagged does not store "savings data" for each potential trip. To retroactively calculate such information for over one million records would require at least several months at a significant cost in resources and employee time, with no guarantee of complete or accurate information.

7.   The process of writing new code for a new program that could create a report containing the record locator numbers of "American Bookings" is not as burdensome as the processes described above because it would not require overlaying multiple data sets or cross referencing. In contrast to at least one month of time and over $100,000 it would require for Skiplagged to create the information AA seeks in its Motion to Compel, Skiplagged believes the process of creating and organizing the record locator numbers only requires a few hours.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

SUBSCRIBED TO, SWORN TO, AND EXECUTED on this 15th day of April, 2024, in New York, New York.

*Aktarer Zaman*
_____
Aktarer Zaman

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

### AFFIDAVIT OF ABIGAIL R.S. CAMPBELL

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF TARRANT | § |

BEFORE ME, the undersigned authority, personally appeared Abigail R.S. Campbell, who, being by me duly sworn, deposed as follows:

My name is Abigail R.S. Campbell. I am over the age of 18 and have never been convicted of a felony or crime of moral turpitude. I am fully competent to make this Affidavit and have personal knowledge of the facts stated herein and they are true and correct.

1. I am a licensed attorney with the law firm Condon Tobin Sladek Thornton Nerenberg, PLLC, 8080 Park Lane, Suite 700, Dallas, Texas 75231.

2. I am counsel of record in the above captioned matter for Defendant Skiplagged, Inc.

3. From December 15, 2023 to March 28, 2024, Skiplagged produced approximately 111,100 pages of documents to Plaintiff American Airlines, Inc. ("AA"). Amongst Skiplagged's production are its profit and loss statements, balance sheets, correspondence from Skiplagged customers who purchased AA flights or made "American Bookings" (as referred to in AA's

1

discovery requests), internal communications and documents relating to customers who made American Bookings, and documents and communications reflecting the PNR Data for these customers. For example, customer complaint emails from customers who booked AA flight tickets identify instances in which an "American Booking" occurred and often contain the PNR data AA seeks.

4.  In response to Judge Ray's December 19, 2023 Order, Skiplagged searched for all documents and communications (including emails and Slack messages) from August 1, 2018 to August 17, 2023 using reasonable search terms such as ticket, flight, booking, PNR data, fee, fare, data, inventory, and schedule, limited to American Airlines. Skiplagged produced all non-privileged, responsive documents.

5.  Skiplagged did not and is not withholding documents responsive to AA's discovery requests.

6.  On March 21, 2024 during a meet and confer regarding Skiplagged's issues with AA's discovery deficiencies, AA brought to Skiplagged's counsel's attention its belief that Skiplagged produced a document (SKP00081039) evidencing that Skiplagged had data that should have been produced. Though AA's Motion to Compel also references SKP00081151 and SKP00081157, AA never mentioned these documents to Skiplagged prior to filing its Motion to Compel.

7.  Skiplagged investigated AA's claim in good faith and on March 28, 2024, Skiplagged informed AA that the document it cited (SKP00081039) is not merely an export of data that Skiplagged can easily access nor is the data even accurate. I further explained that data similar to that represented in the cited document could only be retrieved by writing new software code and programs—*i.e.* creating not only new documents but a new program to create the new

documents. AA ignored this explanation, to which I again explained that the documents AA seeks do not exist.

8. On April 11, 2024, the parties participated in a meet and confer via video conference. Skiplagged again explained that it is not withholding responsive documents, that the spreadsheets sought by AA do not exist, and the examples referenced by AA are failed attempts to write code to gather different information than is sought by this Motion, but that there is no system or program by which Skiplagged can export data or run a report that would result in the data sought by AA. AA insisted Skiplagged had a duty to create software and documents that do not exist for the purpose of litigation and refused to accept any explanation.

9. Skiplagged later proposed to resolve AA's Motion to Compel by which Skiplagged would write the software code that would publish a report containing all the record locator numbers for American Bookings. The record locator number is the unique combination of letters and numbers associated with each flight ticket. Because the bookings at issue were on AA flights, Skiplagged believes AA can use the record locator number to obtain the PNR Data requested from AA's own files.

10. Attached hereto are true and correct copies of correspondence exchanged between myself and Plaintiff's counsel during the pendency of this litigation:

| Exhibit A | April 11, 2024 Emails between AA Counsel and Skiplagged Counsel |

FURTHER, AFFIANT SAYETH NOT.

SIGNED this 15 day April, 2024.

_____
Abigail R.S. Campbell

SUBSCRIBED AND SWORN TO BEFORE ME this 5th day of April 2024, to which I certify my hand and official seal.



Notary Public
Print Name: Cynthia D Navarro
My Commission Expires: 12/7/26

4

EXHIBIT 2-A

| | |
|---|---|
| **From:** | Austin Franklin |
| **To:** | Abigail Campbell; Lars Berg |
| **Cc:** | Aaron Z. Tobin; Kendal B. Reed; Bill Kirkman |
| **Subject:** | Re: AA v. Skiplagged - Motion to Compel [IWOV-Interwoven.FID461762] |
| **Date:** | Thursday, April 11, 2024 6:53:50 PM |

Setting aside that position statement, when are you available tomorrow to confer?

On April 11, 2024 at 6:22:06 PM CDT, Abigail Campbell <acampbell@condontobin.com> wrote:

**EXTERNAL SENDER ALERT - This message originated outside the Kelly Hart domain. Please exercise caution when opening attachments, following links or responding to this message.**

Austin,

I disagree with your continuous attempts to misconstrue our efforts to work with AA on discovery while AA refuses to produce its basic documents.

I do not see where RFP 4-5 or ROG 8 requests Skiplagged's revenue or profit from the bookings as your email states. In fact, all of the information AA requests can be gleaned from the reference number so I am surprised your client is denying this information and don't think the court will appreciate your stance.

Best,

**Abigail R.S. Campbell**  ATTORNEY

8080 Park Lane, Suite 700, Dallas, Texas 75231

D  214.265.3891 |  T  214.265.3800 |  VCard

acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

**From:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Sent:** Thursday, April 11, 2024 5:59:03 PM
**To:** Abigail Campbell <acampbell@condontobin.com>; Lars Berg <lars.berg@kellyhart.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Bill Kirkman <billk@kirkmanlawfirm.com>
**Subject:** Re: AA v. Skiplagged - Motion to Compel [IWOV-Interwoven.FID461762]

Abigail,

Thank you for conferring with your client and reporting back. Your offer confirms Skiplagged has the capability to produce the data that American requested and that the Court already ordered you to produce. While the record locators are part of what American is seeking, we also need the full PNR data Skiplagged maintains related to the American-Skiplagged bookings. The record locator alone is insufficient. If we only have the record locator, that will only allow us to cross reference against American's records to see how much American earned; it will not reveal Skiplagged's revenue and/or profits related to the bookings. Further, to accurately pull any PNR we would need more information than just the record locator. From the Exemplar Documents, it is clear that Skiplagged maintains this data, and that information is necessary for our expert to calculate the damages in this lawsuit. I'm happy to meet again to discuss this at your convenience.

Also, I saw Skiplagged's motion to compel come through today. The Court has ordered us to confer. What is your availability tomorrow to discuss your motion?

VR,

Austin

On April 11, 2024 at 2:48:59 PM CDT, Abigail Campbell <acampbell@condontobin.com> wrote:

> **EXTERNAL SENDER ALERT - This message originated outside the Kelly Hart domain. Please exercise caution when opening attachments, following links or responding to this message.**
>
> Lars and Austin,
>
> Thank you for your time this morning during out meet and confer on AA's Motion to Compel responses to RFPs 4-5 and ROG 8.
>
> I spoke to my client about the issues and questions you raised. As a compromise, my client is willing to write the code to create the software that will pull the record locator numbers for American Bookings and produce such information in exchange for AA taking down its Motion to Compel. As you know, the record locator number will give AA access to the PNR data sought by RFPs 4-5 and ROG 8. Though Skiplagged stands by its position that it is not required to create documents, let alone software, and the burden to do so is extensive, Skiplagged believes this compromise will provide AA with the information requested and move discovery forward.
>
> Please let me know if AA agrees to this compromise by Friday at 5 pm cst.
>
> Thank you,

**App 0010**

**Abigail R.S. Campbell**  ATTORNEY

8080 Park Lane, Suite 700, Dallas, Texas 75231

D  214.265.3891 |  T  214.265.3800 |  VCard

acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you