IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. 4:23-cv-00860-P |
| SKIPLAGGED, INC., | | |
| Defendant. | | |

**JOINT STATUS REPORT REGARDING
SKIPLAGGED, INC'S MOTION TO COMPEL**

On April 11, 2024, Defendant Skiplagged, Inc. ("Skiplagged") filed a Motion to Compel Responses to Discovery and Brief in Support [Dkt. 83] and supporting Appendix [Dkt. 84] (the "Motion"). Skiplagged's Motion requests the Court issue an order that AA, within seven days (1) amend all of its discovery responses to remove improper objections; (2) answer Skiplagged's Requests for Production, Interrogatories, and Requests for Admission in full; (3) produce all documents provided to AA's expert(s); and (4) grant Skiplagged such other and further relief to which it is justly entitled. Dkt. 83.

On April 11, 2024, the Honorable Judge Mark T. Pittman referred Skiplagged's Motion to United States Magistrate Judge Hal Ray. Dkt. 86. On the same day, Judge Ray ordered the parties to confer by telephone to discuss narrowing the issues to be considered by the Court and file a joint status report describing the result of the parties' discussion and advising the Court of issues remaining for determination. Dkt. 89.

1

In addition to the at least six meet and confers between the parties from February to April 2024, on April 12, 2024, Skiplagged's and AA's attorneys participated in a zoom call to further discuss the issues set forth in Skiplagged's Motion.

On April 15, 2024, AA's counsel emailed Skiplagged's counsel stating that:

American withdraws the following from its discovery responses, as indicated for each form of discovery:

(1) all of its marshaling objections in each interrogatory response where such objection is made;

(2) all statements in its interrogatory responses that "discovery is ongoing and American doesn't have the ability to answer";

(3) all objections in its interrogatory responses that the request is "overbroad and premature because the information sought is . . . in connection with expert reports due at a later date in the case";

(4) the "vague and ambiguous objections" to (a) interrogatories 3 and 19, and (b) all requests for production where such objection is made;

(5) the "subject to the foregoing objections" statements in each of its discovery responses where that statement is made; and,

(6) the statements "in the process, through discovery and work with its expert witnesses, of compiling additional information responsive to this [request] and will supplement this Answer when the specific information becomes available" in all of its interrogatory responses and responses to the requests for production.

It is Skiplagged's position that while AA's withdrawal of the above objections and language narrows the arguments related to Skiplagged' Motion it does not resolve the issues. It is Skiplagged's position that the remaining issues are:

1.  Whether the above withdrawals mean that AA will produce responsive documents and when;

2. The legitimacy of AA's objection that a request or interrogatory seeks information that is irrelevant to any of the claims and defenses raised in the case and production related to same. *See* Requests for Production 1-9, 11-13, 15-34, 38-102 and Interrogatories 12-13, 15-20, 23;

3. The legitimacy of AA's objection that a request fails to describe with reasonable particularity each item or category of items to be inspected and production related to same. *See* Requests for Production 1-9, 11, 13, 15-18, 20-34, 38-39, 41-57, 59-102;

4. The legitimacy of AA's vague and ambiguous objections to Interrogatories 13, 18, and 21 and Requests for Admission 1-2, 13-20, 22-29;

5. Whether AA will amend each of its responses to state whether it has produced or is withholding documents, including a statement as to whether AA has failed or refuses to search for documents and information;

6. Whether documents and information previously withheld based on the statement that AA is "in the process, through discovery and work with its expert witnesses, of compiling additional information responsive to this [request] and will supplement this Answer when the specific information becomes available" will be produced and when. *See* Interrogatories 2, 4-6, 8, 11 and Requests for Production 12, 28-29, 34, 50;

7. Whether AA will be required to produce financial documents as requested and when. *See* Requests for Production 9, 12, 28, 40-41, 50-51, 58;

8. Whether AA will be required to produce documents and responses related to AA's trademark and copyright claims and when. *See* Requests for Production 56-58, 60-68, 75, 82-85, 87-88, 90-91 and Interrogatories 10, 17, 22-23;

9. Whether AA will identify the contracts and breaches at issue at when. *See* Interrogatories 2, 8 and Requests for Production 4, 10-11, 24, 45.

American believes that some of these issues have already been resolved and intends to argue its position at the court hearing on April 17, 2024.

The parties have not been able to reach an agreement as to the above topics. To the extent any further narrowing of the remaining disputes can be achieved prior to the hearing scheduled for April 17, 2024, the parties will promptly advise the Court.

Dated: April 15, 2024                                             Respectfully submitted,

*/s/ Lars L. Berg*                                                        */s/ William L. Kirkman*
Dee J. Kelly, Jr.                                                          William L. Kirkman
State Bar No. 11217250                                          State Bar No. 11518700
dee.kelly@kellyhart.com                                        billk@kirkmanlawfirm.com
Lars L. Berg                                                              Preston B. Sawyer
State Bar No. 00787072                                          State Bar No. 24102465
lars.berg@kellyhart.com                                         prestons@kirkmanlawfirm.com
J. Austin Franklin                                                    **KIRKMAN LAW FIRM, PLLC**
State Bar No. 24075853                                          201 Main Street, Suite 1160
austin.franklin@kellyhart.com                                Fort Worth, Texas 76102
Julia G. Wisenberg                                                 Telephone: (817) 336-2800
State Bar No. 24099146                                          Facsimile: (817) 877-1863
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP                            */s/ Abigail R.S. Campbell*
201 Main Street, Suite 2500                                   Aaron Z. Tobin
Fort Worth, Texas 76102                                        Texas Bar No. 24028045
Telephone: (817) 332-2500                                    atobin@condontobin.com
                                                                               Kendal B. Reed
                                                                               Texas Bar No. 24048755
Bina Palnitkar                                                           kreed@condontobin.com
State Bar No. 24070378                                          Abigail R.S. Campbell
palnitkarb@gtlaw.com                                           Texas Bar No. 24098959
GREENBERG TRAURIG LLP                                 acampbell@condontobin.com
2200 Ross Avenue, Suite 5200                             **CONDON TOBIN SLADEK THORNTON**
Dallas, TX 75201                                                    **NERENBERG PLLC**
Telephone: (214) 665-3600                                    8080 Park Lane, Suite 700
                                                                                DALLAS, TEXAS 75231
Nathan J. Muyskens                                              Telephone: (214) 265-3800
nathan.muyskens@gtlaw.com                            Facsimile: (214) 691-6311
GREENBERG TRAURIG LLP
2101 L Street, N.W., Suite 1000                           **ATTORNEYS FOR DEFENDANT**
Washington, DC 20037

Telephone: (202) 331-3100

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

  I certify that on April 15, 2024, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

            */s/ Abigail R.S. Campbell*
            Abigail R.S. Campbell

28268219v2 99460.002.00