IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | (**Relates to the Motion Referred to** |
| | § | **Magistrate Judge Ray**.) |
| Defendant. | § | |

---

**APPENDIX TO AMERICAN AIRLINES, INC.'S REQUEST FOR GOOD FAITH
CONFERENCE AND RESPONSE TO DEFENDANT SKIPLAGGED'S MOTION
TO COMPEL RESPONSES TO DISCOVERY AND BRIEF IN SUPPORT**

---

In support of Plaintiff American Airlines, Inc.'s ("American") Request for Good Faith

Conference and Response to Defendant Skiplagged's Motion to Compel Responses to Discovery

and Brief in Support, American submits the following materials:

| EX. | DESCRIPTION | PAGE NOS. |
|---|---|---|
| A | Declaration of J. Austin Franklin | App'x 001–03 |
| A-1 | E-mail chain between Plaintiff's counsel and Defendant's from February 16, 2024 through February 21, 2024 | App'x 004–11 |
| A-2 | E-mail from Abigail Campbell to Austin Franklin dated March 8, 2024 with attachments | App'x 012–17 |
| A-3 | E-mail chain between Abigail Campbell and Austin Franklin from March 8, 2024 through April 5, 2024 with attachment | App'x 018–36 |
| A-4 | E-mail chain between Lars Berg and Bill Kirkman from March 8, 2024 through March 13, 2024 | App'x 037–42 |
| A-5 | E-mail from Lars Berg to Bill Kirkman and Abigail Campbell dated April 15, 2024 | App'x 043–45 |
| B | Chart Identifying Objections at Issue in Skiplagged's Motion to Compel | App'x 046–72 |

1

Dated: April 15, 2024

Respectfully submitted,

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
J. Austin Franklin
State Bar No. 24075853
austin.franklin@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

Bina Palnitkar
State Bar No. 24070378
palnitkarb@gtlaw.com
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3600

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on April 15, 2024, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

*/s/ J. Austin Franklin*
J. Austin Franklin

2

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

## DECLARATION OF J. AUSTIN FRANKLIN

STATE OF TEXAS      §
                         §
COUNTY OF TARRANT   §

1. My name is J. Austin Franklin. I am over the age of 21 and competent to make this declaration as authorized under 28 U.S.C. § 1746. My business address is 201 Main Street, Suite 2500, Fort Worth, Texas 76102.

2. I make this declaration in support of Plaintiff American Airlines, Inc.'s ("American") Request for Good Faith Conference and Response to Defendant Skiplagged's Motion to Compel Responses to Discovery and Brief in Support.

3. Attached as Exhibit A-1 is a true and correct copy of an e-mail chain between Plaintiff's counsel and Defendant's counsel from February 16, 2024 through February 21, 2024.

4. Attached as Exhibit A-2 is a true and correct copy of an e-mail from Abigail Campbell to Austin Franklin dated March 8, 2024 with two attachments.

**App'x 002**

5.      Attached as Exhibit A-3 is a true and correct copy of an e-mail chain between Abigail Campbell and Austin Franklin from March 8, 2024 through April 5, 2024 with one attachment.

6.      Attached as Exhibit A-4 is a true and correct copy of an e-mail chain between Lars Berg and Bill Kirkman from March 8, 2024 through March 13, 2024.

7.      Attached as Exhibit A-5 is a true and correct copy of an e-mail from Lars Berg to Bill Kirkman and Abigail Campbell dated April 15, 2024.

8.      I declare under penalty of perjury that the foregoing is true and correct. Executed on April 15, 2024.

J. Austin Franklin

2

# Exhibit A-1

**Austin Franklin**

| | |
|---|---|
| **From:** | Austin Franklin |
| **Sent:** | Wednesday, February 21, 2024 12:17 PM |
| **To:** | 'Abigail Campbell' |
| **Cc:** | Lars Berg; Dee Kelly; Bill Kirkman (billk@kirkmanlawfirm.com); Aaron Z. Tobin; Kendal B. Reed; John C. Fronk |
| **Subject:** | RE: Case No. 4:23-cv-860; American Airlines v. Skiplagged, Inc. [IWOV-Interwoven.FID461762] |

Hi Abigail,

We are ready to review our objections with you any time.  I am concerned that you are unwilling to meaningfully engage in this conference process, and are choosing instead to doggedly insist that your Feb. 16 letter represents Skiplagged's final position on American's objections rather than the beginning point for a compromise to resolve your client's discovery concerns.  During our call yesterday, you consistently refused to elaborate on your positions beyond referring American to your letter, and repeatedly claimed this process is a "waste of time."  I believe that approach is inconsistent with the expectations in the Northern District concerning our obligation as officers of the court to genuinely attempt to resolve discovery disputes without involving judicial intervention.  Fortunately, Mr. Kirkman was able to provide further insight into at least one of Skiplagged's interrogatories and suggested a solution that should work for both parties, but you refused to participate in that part of the discussion.  Nevertheless, Mr. Kirkman's insight and proposed solution illustrates how your letter, regardless of its length, is incomplete and is merely a starting point for our discussions.

Additionally, I disagree that during our call yesterday we only covered "issues of (1) a privilege log; and (2) Interrogatory 2."  Per your direction during the call, we began working through your letter from the beginning, which involved discussing our expected date for substantial completion of production of documents and the allegations in the first few pages of your letter before you had to end the call.  While we did discuss Interrogatory 2 at length, it is our understanding that this was serving as an example in attempts to address your discovery concerns more broadly.

I look forward to the opportunity to reconvene to resolve Skiplagged's additional discovery concerns.  I am confident we can reach a compromise that provides Skiplagged with the information it believes it needs to support its claims and defenses in this lawsuit.  I am available during your suggested times on Thursday before 1pm or from 3-5pm."  Because Skiplagged seems to challenge every one of American's responses to Skiplagged's (i) 102 requests for production, (ii) 39 requests for admission, and (iii) by American's count, nearly 50 interrogatories, we believe that our obligations under *Dondi* and the Court's expectations of us as officers of the court, require us to spend far more time to resolve the issues than the one hour you initially scheduled and the additional two hours you now suggest.  American and all its lawyers remain committed to living up to those obligations and expectations.   We trust that Skiplagged and its lawyers are as well.

VR,

**Austin Franklin**
*Partner*
_____

KELLY 🅚 HART
201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

1

**App'x 005**

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged. If you have received this communication in error, do not read it. Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error. Then delete it. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**From:** Abigail Campbell <acampbell@condontobin.com>
**Sent:** Tuesday, February 20, 2024 7:18 PM
**To:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Cc:** Lars Berg <lars.berg@kellyhart.com>; Dee Kelly <dee.kelly@kellyhart.com>; Bill Kirkman (billk@kirkmanlawfirm.com) <billk@kirkmanlawfirm.com>; Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>
**Subject:** RE: Case No. 4:23-cv-860; American Airlines v. Skiplagged, Inc. [IWOV-Interwoven.FID461762]

Austin,

Despite our hour long conversation this afternoon, we only addressed the issues of (1) a privilege log; and (2) Interrogatory 2. I do not believe this was an efficient use of our time. My eleven page letter details each of the issues Skiplagged takes with American's discovery responses, including citations to the specific requests and caselaw in support. So that we can narrow down the issues that actually need to be discussed, please review the letter and identify what issues American is willing to address by correcting or amending its responses. With that, we can schedule an additional meet and confer to address the remaining issues. Please let me know if Thursday before 1pm or from 3-5pm work for the additional meet and confer.

Thank you,

_____

**Abigail R.S. Campbell**  ATTORNEY
8080 Park Lane, Suite 700, Dallas, Texas 75231
D  214.265.3891 |  T  214.265.3800 |  VCard
acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

**From:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Sent:** Tuesday, February 20, 2024 3:19 PM
**To:** Abigail Campbell <acampbell@condontobin.com>
**Cc:** Lars Berg <lars.berg@kellyhart.com>; Dee Kelly <dee.kelly@kellyhart.com>; Bill Kirkman (billk@kirkmanlawfirm.com) <billk@kirkmanlawfirm.com>
**Subject:** RE: Case No. 4:23-cv-860; American Airlines v. Skiplagged, Inc. [IWOV-Interwoven.FID461762]

Abigail,

Thanks for your time this afternoon.  We understand you had to end the call at 3 pm today because you had another meeting to attend.  Please advise when you are available to reconvene.

VR,

App'x 006

**Austin Franklin**
*Partner*

KELLY Ⓚ HART

201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged.  If you have received this communication in error, do not read it.  Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error.  Then delete it.  Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

---

**From:** Abigail Campbell <acampbell@condontobin.com>
**Sent:** Monday, February 19, 2024 11:48 AM
**To:** Austin Franklin <Austin.Franklin@kellyhart.com>; Bill Kirkman (billk@kirkmanlawfirm.com) <billk@kirkmanlawfirm.com>
**Cc:** Lars Berg <lars.berg@kellyhart.com>; Dee Kelly <dee.kelly@kellyhart.com>
**Subject:** RE: Case No. 4:23-cv-860; American Airlines v. Skiplagged, Inc. [IWOV-Interwoven.FID461762]

I will circulate a dial in.

---

**Abigail R.S. Campbell**  ATTORNEY
8080 Park Lane, Suite 700, Dallas, Texas 75231
D  214.265.3891 |  T  214.265.3800 |  VCard
acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

**From:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Sent:** Monday, February 19, 2024 11:47 AM
**To:** Abigail Campbell <acampbell@condontobin.com>; Bill Kirkman (billk@kirkmanlawfirm.com) <billk@kirkmanlawfirm.com>
**Cc:** Lars Berg <lars.berg@kellyhart.com>; Dee Kelly <dee.kelly@kellyhart.com>
**Subject:** RE: Case No. 4:23-cv-860; American Airlines v. Skiplagged, Inc. [IWOV-Interwoven.FID461762]

Hi Abigail,

Lars and I are available tomorrow at 2pm.  Shall we dial the direct line in your signature block, or would you like to circulate a dial in?

VR,

3

**App'x 007**

**Austin Franklin**
*Partner*



KELLY HART

201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged.  If you have received this communication in error, do not read it.  Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error.  Then delete it.  Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**From:** Dee Kelly <dee.kelly@kellyhart.com>
**Sent:** Monday, February 19, 2024 8:45 AM
**To:** Abigail Campbell <acampbell@condontobin.com>; Bill Kirkman (billk@kirkmanlawfirm.com) <billk@kirkmanlawfirm.com>
**Cc:** Lars Berg <lars.berg@kellyhart.com>; Austin Franklin <Austin.Franklin@kellyhart.com>
**Subject:** RE: Case No. 4:23-cv-860; American Airlines v. Skiplagged, Inc. [IWOV-Interwoven.FID461762]

Lars and Austin Franklin will be handling this process for American.  I've asked Lars to contact you about finding a time to get on the phone.  I've dropped all of the others from this thread for that reason.

Thanks,

Dee

**From:** Abigail Campbell <acampbell@condontobin.com>
**Sent:** Monday, February 19, 2024 8:35 AM
**To:** Dee Kelly <dee.kelly@kellyhart.com>; Cynthia Navarro <cnavarro@condontobin.com>; Lars Berg <lars.berg@kellyhart.com>; bina@gtlaw.com; nathan.muyskens@gtlaw.com; Julia G. Wisenberg <Julia.Wisenberg@kellyhart.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Bill Kirkman <billk@kirkmanlawfirm.com>; Preston Sawyer <prestons@kirkmanlawfirm.com>; Darla Strittmatter <dstrittmatter@condontobin.com>; Jessica Steele <jsteele@condontobin.com>
**Subject:** RE: Case No. 4:23-cv-860; American Airlines v. Skiplagged, Inc. [IWOV-Interwoven.FID461762]

**EXTERNAL SENDER ALERT - This message originated outside the Kelly Hart domain. Please exercise caution when opening attachments, following links or responding to this message.**

Dee – I am available for a meet and confer tomorrow after 2 pm. Bill will also be attending. Let me know what time works for you.

**Abigail R.S. Campbell**  ATTORNEY

8080 Park Lane, Suite 700, Dallas, Texas 75231

**App'x 008**

D  214.265.3891 |  T  214.265.3800 |  VCard
acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

---

**From:** Dee Kelly <dee.kelly@kellyhart.com>
**Sent:** Saturday, February 17, 2024 11:21 AM
**To:** Abigail Campbell <acampbell@condontobin.com>; Cynthia Navarro <cnavarro@condontobin.com>; Lars Berg <lars.berg@kellyhart.com>; bina@gtlaw.com; nathan.muyskens@gtlaw.com; Julia G. Wisenberg <Julia.Wisenberg@kellyhart.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Bill Kirkman <billk@kirkmanlawfirm.com>; Preston Sawyer <prestons@kirkmanlawfirm.com>; Darla Strittmatter <dstrittmatter@condontobin.com>; Jessica Steele <jsteele@condontobin.com>
**Subject:** RE: Case No. 4:23-cv-860; American Airlines v. Skiplagged, Inc. [IWOV-Interwoven.FID461762]

You put deadlines in your letter and it will take some time to work through.  I wasn't sure you were the right one to send the request.

In any case, my purpose wasn't to jump on you.

---

**From:** Abigail Campbell <acampbell@condontobin.com>
**Sent:** Saturday, February 17, 2024 11:04 AM
**To:** Dee Kelly <dee.kelly@kellyhart.com>; Cynthia Navarro <cnavarro@condontobin.com>; Lars Berg <lars.berg@kellyhart.com>; bina@gtlaw.com; nathan.muyskens@gtlaw.com; Julia G. Wisenberg <Julia.Wisenberg@kellyhart.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Bill Kirkman <billk@kirkmanlawfirm.com>; Preston Sawyer <prestons@kirkmanlawfirm.com>; Darla Strittmatter <dstrittmatter@condontobin.com>; Jessica Steele <jsteele@condontobin.com>
**Subject:** Re: Case No. 4:23-cv-860; American Airlines v. Skiplagged, Inc. [IWOV-Interwoven.FID461762]

**EXTERNAL SENDER ALERT - This message originated outside the Kelly Hart domain. Please exercise caution when opening attachments, following links or responding to this message.**

Dee,

I fail to see how not even 24 hours have passed since your email to be "without success." I will take a look at my calendar and let you know when we can meet and confer.

Best,

**Abigail R.S. Campbell**  ATTORNEY
8080 Park Lane, Suite 700, Dallas, Texas 75231
D  214.265.3891 |  T  214.265.3800 |  VCard
acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

**App'x 009**

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

---

**From:** Dee Kelly <dee.kelly@kellyhart.com>
**Sent:** Saturday, February 17, 2024 10:43:42 AM
**To:** Cynthia Navarro <cnavarro@condontobin.com>; Lars Berg <lars.berg@kellyhart.com>; bina@gtlaw.com <bina@gtlaw.com>; nathan.muyskens@gtlaw.com <nathan.muyskens@gtlaw.com>; Julia G. Wisenberg <Julia.Wisenberg@kellyhart.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Abigail Campbell <acampbell@condontobin.com>; Bill Kirkman <billk@kirkmanlawfirm.com>; Preston Sawyer <prestons@kirkmanlawfirm.com>; Darla Strittmatter <dstrittmatter@condontobin.com>; Jessica Steele <jsteele@condontobin.com>
**Subject:** RE: Case No. 4:23-cv-860; American Airlines v. Skiplagged, Inc. [IWOV-Interwoven.FID461762]

I've asked Abigail to contact me about setting up a time to discuss Skiplagged's letter without success.  Please let me know who American can meet and confer with over the subject matter of this letter.

Thank you,

Dee

---

**From:** Cynthia Navarro <cnavarro@condontobin.com>
**Sent:** Friday, February 16, 2024 11:52 AM
**To:** Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>; bina@gtlaw.com; nathan.muyskens@gtlaw.com; Julia G. Wisenberg <Julia.Wisenberg@kellyhart.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Abigail Campbell <acampbell@condontobin.com>; Bill Kirkman <billk@kirkmanlawfirm.com>; Preston Sawyer <prestons@kirkmanlawfirm.com>; Darla Strittmatter <dstrittmatter@condontobin.com>; Jessica Steele <jsteele@condontobin.com>; Cynthia Navarro <cnavarro@condontobin.com>
**Subject:** Case No. 4:23-cv-860; American Airlines v. Skiplagged, Inc. [IWOV-Interwoven.FID461762]
**Importance:** High

**EXTERNAL SENDER ALERT - This message originated outside the Kelly Hart domain. Please exercise caution when opening attachments, following links or responding to this message.**

---

Counsel,

On behalf of Ms. Campbell, please see the attached correspondence in the above-reference matter.

If you have any questions, please contact Ms. Campbell.

Thank you,



---

**App'x 010**

**Cynthia D. Navarro**  LEGAL ASSISTANT
8080 Park Lane, Suite 700, Dallas, Texas 75231
D  214.265.3857 | T  214.265.3800
cnavarro@condontobin.com | condontobin.com

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you.

**App'x 011**

# Exhibit A-2

**Austin Franklin**

| | |
|---|---|
| **From:** | Abigail Campbell <acampbell@condontobin.com> |
| **Sent:** | Friday, March 8, 2024 7:53 AM |
| **To:** | Austin Franklin |
| **Cc:** | John C. Fronk; Kendal B. Reed; Aaron Z. Tobin; Bill Kirkman; Preston Sawyer |
| **Subject:** | AA v. Skiplagged [IWOV-Interwoven.FID461762] |
| **Attachments:** | AA Proposed Search Terms.DOCX; Skiplagged Search Terms.DOCX |

**EXTERNAL SENDER ALERT - This message originated outside the Kelly Hart domain. Please exercise caution when opening attachments, following links or responding to this message.**

Austin,

Attached are the proposed search terms for AA as well as the search terms that Skiplagged used. Note, the Skiplagged search terms do not include the gathering of basic documents like the financials and organization docs that were produced.

Best,

---

**Abigail R.S. Campbell** ATTORNEY
8080 Park Lane, Suite 700, Dallas, Texas 75231
D  214.265.3891 |  T  214.265.3800 |  VCard
acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

**App'x 013**

**American Airlines v. Skiplagged**

**Search Terms for Responses to AA Discovery**

**Time period –** January 1, 2018 to present

| | | | |
|---|---|---|---|
| Travel Agency | Contract or agreement or amendment or supplement or draft | | |
| Metasearch engine | Contract or agreement or amendment or supplement or draft | | |
| Aer Lingus, Air Projects Travel, AirfareExperts, BookAirFare, Bravofly, British Airways, BudgetAir, Cathay Pacific, Cheaptickets, Destina Holidays, eDreams, Expedia, ExploreTrip, Fareboom, FareDepot, Finnair, FlightNetwork, Flyfar, Globehunters, GotoGate, Hop2, Iberia, Indian Eagle, Indian Eagle, Japan Airlines, JustFly, Kissandfly, Kiwi.com, Korean Air, LATAM Airlines, Mytrip, Oojo, Ovago, Priceline, Qatar Airways, Sky-tours, Skybooker, SmartFares, Snaptravel, Travel Merry, Travel2Be, Travelgenio, Travelocity, Trip.com, and Vayama. | (third parties identified from ROG 6 and 7) | | |

| American or AA | Ticket or flight or booking or "PNR data" or fee or fare or data or inventory or schedule or API or "computer system" or "hidden city" or bot or script or content or sell or sale or firewall or protect or security | | |
|---|---|---|---|
| Texas | Depart! Or arriv! | (need PNR data for all) | |
| American or AA | Research or development | cost | |
| American or AA | "use agreement" or "terms of use" or "conditions of carriage" | | |
| American or AA | Kiwi | Authorize or authorization | revoke |

**AA Proposed Search Terms & Parameters**

**Custodians:**

**Time period** – January 1, 2018 to present

**Search Terms:** Between columns is "and."

ǃ used to indicate all variations.

| | | | |
|---|---|---|---|
| 1 | Skiplagged or Skiplagged.com or Skiplagging or "hidden city" or Skip! | | |
| 2 | "Hidden city" or Skiplagged or Skiplagged.com or Skiplagging or skip! | "Terms of Use" or "Use Agreement" or "Conditions of Carriage" or polic! or procedure! | |
| 3 | Skiplagged or Skiplagged.com or Skiplagging or "hidden city" or skip! | Profit! or damage! or revenue! or loss or lost | |
| 4 | Skiplagged or Skiplagged.com or Skiplagging or "hidden city" or skip! | Contract! or agreement! | |
| 5 | Skiplagged or Skiplagged.com or Skiplagging or "hidden city" or skip! | cease or desist | |
| 6 | "Hidden city" or skiplagging or skip! | Lawsuit! or settle! | |
| 7 | Mark! or copyright! or "intellectual property" or "flight symbol" | Protect! or "unauthorized use" or polic! or procedure! | |
| 8 | Mark! or copyright! or "intellectual property" or "flight symbol" | Valu! or harm or loss or infringe! | |
| 9 | Mark! or copyright! or "intellectual property" or "flight symbol" | Own! or assign! or license! | |
| 10 | Mark! or copyright! or "intellectual property" or "flight symbol" | Valid! or enforce! or distinct! Or diff! | |
| 11 | Mark! or copyright! or "intellectual property" or "flight symbol" | Sale! or advertis! or cost! | |
| 12 | Skiplagged or Skiplagged.com or Skiplagging or Skip! | Customer! or passenger! or client! or pax! | Problem! or issue! or complaint! |
| 13 | Skiplagged or Skiplagged.com or Skiplagging or Skip! | Investigat! | |
| 14 | Skiplagged or Skiplagged.com or Skiplagging or Skip! | Abuse! or stop! or prevent! or correct! or cost! or flag! | |
| 15 | Skiplagged or Skiplagged.com or Skiplagging or Skip! | Confus! or mistake! or deception! or deceive! | |

| | | or associ! or divert! or mislead! or misled! | |
|----|---|---|---|
| 16 | Skiplagged or Skiplagged.com or Skiplagging or Skip! | aa.com or website! or site! | |
| 17 | Skiplagged or Skiplagged.com or Skiplagging or Skip! | Board! or present! or meet! | |
| 18 | Customer! or passenger! or pax! | Complaint! Or complain! Or problem! or issue! | |
| 19 | Skiplagged or Skiplagged.com or Skiplagging or Skip! | Agent! | American or AA |
| 20 | "Terms of condition" or "terms or use" or "use agreement" or "conditions of carriage" | Stud! or analysis! or analyze! or placement! or wireframe! or "user experience" | aa.com or website! or site! |

**Other Documents:**

- Versions of AA's Use Agreement and Conditions of carriage since August 1, 2018 to the present.

- Financial documents

- Contracts or Agreements allegedly interfered with by Skiplagged

- Documents received in response to Subpoenas

- Attorney fees documents – invoices, agreements

- Expert documents – documents reviewed, notes, files

- Flight schedules and prices since August 1, 2018

- American Marks and American Copyright Ownership documents

- Documents identifying Copyright Authors & relationship to AA

- Complete Files for American Copyrights and American Marks

- American Marks and American Copyright use in commerce

# Exhibit A-3

**Austin Franklin**

| | |
|---|---|
| **From:** | Austin Franklin |
| **Sent:** | Friday, April 5, 2024 2:00 PM |
| **To:** | 'Abigail Campbell'; Kendal B. Reed |
| **Cc:** | Aaron Z. Tobin; Dee Kelly; Lars Berg; Bill Kirkman |
| **Subject:** | RE: AA v. Skiplagged [IWOV-Interwoven.FID461762] |
| **Attachments:** | RE: Skiplagged Discovery [IWOV-Interwoven.FID461762] |

Abigail,

There is a lot in this email to unpack, and I've had limited time to discuss all of it with my client.  I will respond in more detail early next week.  In the meantime, will you please identify the seven additional interrogatories you propose answering so that I can address that during my discussions with the client?

Additionally, based on your answer under separate email cover (attached), we have reached an impasse and must move forward with a motion to compel the American booking data in Skiplagged's possession.  Please advise whether Skiplagged opposes American's motion for leave to file under seal the contents of Mr. Gellert's deposition, SKP00081039, SKP00081151, and SKP00081157 which Skiplagged has marked confidential.

VR,

**Austin Franklin**
*Partner*



KELLY HART

201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged.  If you have received this communication in error, do not read it.  Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error.  Then delete it.  Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**From:** Abigail Campbell <acampbell@condontobin.com>
**Sent:** Thursday, April 4, 2024 1:48 PM
**To:** Austin Franklin <Austin.Franklin@kellyhart.com>; Kendal B. Reed <kreed@condontobin.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>; Bill Kirkman <billk@kirkmanlawfirm.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Austin,

We disagree with your characterization of last week's meet and confer, and will refrain from addressing unnecessary mischaracterization of the call as that endeavor is not helpful to resolving the pending discovery disputes.  The purpose of last week's call was to determine exactly what AA was willing to do in response to Skiplagged's identification of the discovery deficiencies. We sent a detailed, 11 page letter specifically citing each discovery response at issue well over a

**App'x 019**

month ago and have participated in 7-8 meet and confers that went through each of those issues in detail. Like AA, Skiplagged must adhere to the deadlines in this case and cannot continue to re-explain issues if AA has no intention of amending or producing documents to comply with its discovery obligations. While we were hopeful that the lengthy process would be fruitful, the recent communications indicate otherwise. Further, when questioned yesterday about when AA would produce financial documents that supported its damages allegations, you informed us that such documents would not be produced until expert disclosures.

While it had appeared that AA would be addressing a number of the identified discovery deficiencies, it appears that AA now will only do so if some sort of global agreement is reached.  This position is not acceptable as Skiplagged is continuing to be prejudiced by AA's failure to comply with its discovery obligations.

As to your specific questions:

- The names and titles of Skiplagged's custodians are not relevant to AA's searches and responses to Skiplagged's discovery. However, Skiplagged searched all of its custodians listed in response to AA ROG 20.

- "Use in commerce" means samples of use, volumes of sales of services in connection with the mark, and the volume of advertising spent promoting the mark (Ex. ad campaigns with the mark in it).

- For search terms 7-11, all involving AA's trademark and copyright claims, it is troubling that AA has not make any effort to find responsive documents. As stated and specifically cited to in our February 16, 2024 letter, these search terms related to RFP 55-58, 60-68, 75, 82-85, 87-88, 90-91. AA's refusal to produce documents based on its arbitrary determination as to what Skiplagged really wants is not appropriate. On April 2, 2024, AA produced only the publicly available trademark files from the USPTO website. This does not satisfy AA's discovery obligations.

- I responded to your question about PNR data under separate cover.

- As to ROG subparts, Skiplagged will agree that AA answer an additional 7 ROGs if those ROGs are chosen by Skiplagged.

We would prefer to not have to burden the Court with our discovery dispute, but it appears that there are a number of issues that we cannot agree upon.  I trust that this email resolves a few so AA can amend and produce as to these matters and we can focus the Court's attention on the remaining issues.

**Abigail R.S. Campbell**  ATTORNEY
8080 Park Lane, Suite 700, Dallas, Texas 75231
D  214.265.3891 |  T  214.265.3800 |  VCard
acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

**App'x 020**

**From:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Sent:** Thursday, March 28, 2024 1:28 PM
**To:** Abigail Campbell <acampbell@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Kendal and Abigail,

I was disappointed in the approach Skiplagged has suddenly taken in addressing its discovery concerns, as it appears you're more interested in filing a motion to compel against American than actually resolving the issues we have discussed.  Neither of you came prepared yesterday to provide any substantive response to any of the questions I asked below, nor did you make any counter-proposal to my March 22 proposal.  Instead, you came into the conference vaguely demanding that American withdraw objections and amend responses to undefined discovery requests . . . or else.

I came into yesterday's conference with the following questions already posed to Skiplagged, and received no response to any of them:

- What are the names and titles of the custodians Skiplagged identified for their searches?

- What documents did Skiplagged intend to request when it proposed on March 8 that American produce "American Marks and American Copyright use in commerce"?  During our March 20th conference, Abigail couldn't elaborate on the request and stated that she needed to get with her IP teammates to clarify.  To date, Skiplagged has not provided any clarity on what you're seeking.

- Which RFPs are you trying to address with the search terms you proposed at lines 7–11 of your March 8 proposal?
    o As stated in my March 22nd email, these are proving to be bad searches, which causes them to be overly broad and unduly burdensome.
        ▪ "mark*" is not a workable term. We broke these searches out for testing, and the "mark* AND [x]" search strings, combined, hit on ~235k documents (not including family).  Not targeted or helpful for either side.
        ▪ The remaining terms bring in over 40k search hits (~62k with family). From sampling, we are seeing that the hits appear to be junk. We aren't seeing any substantive discussion of AA's trademarks or copyright, let alone anything responsive to their RFPs. In sum, these search term aren't pulling anything Skiplagged might be looking for.
    o If we know which RFPs you're trying to solve for, we could work with you to try to arrive at more targeted search terms that might actually get you responsive documents.

Please provide a response to these questions.  Additionally, American remains willing to discuss your proposed search terms to resolve your concerns with American's RFP objections and responses.  Even if we can't globally resolve your RFP concerns like we would wish, we are happy to reach an agreement that resolves some of your RFP concerns by agreeing to some of your proposed search terms.  If we go that route, please advise which search terms are agreeable and which RFPs remain outstanding that you believe the parties are unable to resolve.

The only area of apparent compromise that Skiplagged was willing to make yesterday was related to the subpart objections.  You asked for clarification on what American meant by its proposal below to agree to withdraw seven of our subpart objections to Skiplagged's interrogatories and provide seven additional substantive responses to interrogatories.  Here is that clarity:  American will agree to amend its objections to Interrogatory Nos. 2–5 and 9 to remove a total of 7 subpart objections and will provide responses to Rogs 12–17; in exchange, Skiplagged will agree that the remainder of American's subpart objections are valid and will not challenge them in a motion to compel.

App'x 021

Finally, I understand that Abigail is conferring with Skiplagged today concerning Skiplagged's position on producing the data in its possession as reflected in the report bates-labeled SKP00081039. I am available to meet this afternoon to discuss, and have spotty availability tomorrow. As you know, American needs this information for its expert reports, meaning we do not have much more time to negotiate on this particular issue. I will follow up in a separate email concerning the remaining issues with Skiplagged's discovery responses that American needs to meet and confer with you about.

VR,

**Austin Franklin**
*Partner*



201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged. If you have received this communication in error, do not read it. Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error. Then delete it. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**From:** Austin Franklin
**Sent:** Tuesday, March 26, 2024 4:38 PM
**To:** 'Abigail Campbell' <acampbell@condontobin.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Abigail,

2 pm tomorrow is great. Would you mind circulating a dial-in again?

VR,

**Austin Franklin**
*Partner*



201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged. If you have received this communication in error, do not read it. Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error. Then delete it. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**App'x 022**

**From:** Abigail Campbell <acampbell@condontobin.com>
**Sent:** Tuesday, March 26, 2024 4:03 PM
**To:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]


Austin,

It is well documented that Skiplagged has made extensive efforts to resolve the discovery issues. While we are not "eager" to file a motion to compel, we have to be cognizant of the upcoming deadlines and AA delay tactics.

I am available tomorrow at 2pm.



---

**Abigail R.S. Campbell**  ATTORNEY
8080 Park Lane, Suite 700, Dallas, Texas 75231
D  214.265.3891 |  T  214.265.3800 |  VCard
acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

**From:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Sent:** Tuesday, March 26, 2024 3:25 PM
**To:** Abigail Campbell <acampbell@condontobin.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]


Abigail,

It is American's desire to resolve all of Skiplagged's discovery concerns.  That was the aim of my initial proposal, which is why I included the language you have bolded below.  You have apparently rejected that language, and I have now clarified in three separate emails that American would be willing to enter into an agreement on a subset of "all" of Skiplagged's discovery disputes if such agreement can be reached.  However, you seem more eager to file a motion to compel than to meaningfully try to resolve these issue.

The majority of our discussion on Skiplagged's interrogatories centered on the propriety of American's subpart objections, and we talked through a compromise to remove that issue from something the Court would need to hear.  I attempted to reduce that discussion to writing in my proposal below.  But surely you anticipate this compromise being binding on both parties, right?  For instance, American cannot agree that Skiplagged's interrogatory no. xxx, which bears a single number, is just two interrogatories instead of three under American's original objections without an agreement

from Skiplagged that it will not turn around and file a motion to compel seeking to reduce the count for that interrogatory from the newly agreed upon two interrogatories to a single interrogatory.

Similarly, we discussed exchanging search terms, custodians, and date ranges to resolve all outstanding RFP issues.  If we reach an agreement on search terms that resolves 99% of your concerns, the fact that we need to tee up for the Court a handful of RFPs about which we disagree shouldn't preclude us from reaching an agreement on the rest.

I also note that you have not answered any of my questions below.  What is your availability for a call tomorrow to try to put some parameters on an agreement to narrow the scope for the Court?

VR,

**Austin Franklin**
*Partner*

KELLY ⓚ HART

201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged.  If you have received this communication in error, do not read it.  Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error.  Then delete it.  Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**From:** Abigail Campbell <acampbell@condontobin.com>
**Sent:** Tuesday, March 26, 2024 2:50 PM
**To:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Austin,

Your March 22, 2024 email states: "In exchange for a Rule 29 Stipulation that American has resolved **all** of Skiplagged's concerns with its discovery responses to date:"

It appears now that you are saying the stipulation would only be as to specific issues and that "American is not going to agree to withdraw objections and amend its responses without Skiplagged agreeing that doing so actually narrows the issues for the Court." As I have stated, Skiplagged is not and cannot agree that any issues are resolved or narrowed without actually seeing amendments and production. While Skiplagged is hopeful that AA's amendments and production narrow the issues for the Court, Skiplagged cannot know until such actions take place. Moreover, no agreement should be required for AA to comply with its discovery obligations.

My schedule moved around and I can be available for a call on Wednesday but as I have been saying, we cannot continue to delay our motion to compel. We have explained our positions ad nauseum and if AA is not planning on amending and producing without the improper agreement it requests from Skiplagged then we must seeks the Court's intervention.

---

**Abigail R.S. Campbell**  ATTORNEY

8080 Park Lane, Suite 700, Dallas, Texas 75231
D  214.265.3891 |  T  214.265.3800 |  VCard
acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

---

**From:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Sent:** Tuesday, March 26, 2024 2:04 PM
**To:** Abigail Campbell <acampbell@condontobin.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Abigail,

First and foremost, allow me to dispel the erroneous notion that American is demanding an "all or nothing" approach to resolving this discovery dispute.  To be clear, we understand that any agreement will extend only to the subset of disputes to which actual agreement is reached.  However, American is not going to agree to withdraw objections and amend its responses without Skiplagged agreeing that doing so actually narrows the issues for the Court.

I think we should have a call to discuss the terms of the agreement rather than wasting time with a lengthy letter-writing campaign back and forth.  I'm not available for a call Thursday, but can be available Friday morning between 9-11:30 and in the afternoon starting at 2 pm.  I also might have some time tomorrow if that works better.

In the meantime, here are my responses to your specific points below:

1. Here are the titles of our custodians, which we believe are sufficient to capture responsive documents:

   Neil Guerin, Managing Director, Airline Retailing
   Marcial Lapp, Managing Director, Revenue Engineering
   German Rivera, Sr. Analyst, Revenue Management Development, Revenue Integrity and Distribution
   Shashank Menon, Manager, Revenue Management Development, Revenue Integrity and Distribution, Managing Director, Revenue Engineering
   Scott Chandler, Senior Vice President, Revenue Management Development

   What are the names and titles of the custodians Skiplagged identified for their searches?

2. I'm not sure what you mean when you say you're concerned that "these searches weren't run in response to Skiplagged's RFPs that requested this information."  Which RFPs are these searches aimed at?  You proposed these search terms to AA on 3/8, we ran them to test whether they captured responsive material, and we responded on 3/22 to report that the searches are not yielding responsive documents.  As discussed during our call, American expects to produce the trademark file wrappers, which should contain the prosecution history of the application, from its filing to the registration of the mark and filing of post-registration papers, including the

7

**App'x 025**

application papers, all Office Actions, and correspondence from the applicant and/or attorney of record.  Beyond this material, much of what we think you might be seeking would be privileged and/or work product.

3. As you know, we already searched our custodians and produced documents related to customer complaints caused by or related to Skiplagged.  Also, as I shared with you during our last call, AA is in the process of pulling additional customer complaint files caused by or related to Skiplagged from a database outside of our custodians, which we will produce.  However, as discussed, I fail to see how Skiplagged's continual demand for *all documents* related to AA customer complaints—specifically those that you admit are wholly unrelated to Skiplagged (such as complaints about the temperature of coffee or the speed of the onboard wifi, for instance)—is reasonable, proportional, and anything other than a harassing effort to run up discovery costs.  That said, I will confer with American regarding your additional search terms and will advise whether we believe they yield responsive results.

4. Thanks for clarifying what Skiplagged meant when it proposed American produce its "financial documents."  As discussed, American will certainly provide the material relied upon by its experts when those reports are due, and I will discuss with American the prospect of gathering for production its balance sheets and P&Ls from the relevant period.

5. The First Amended Complaint and AA's answer to Rog 2 specify the contracts that AA claims Skiplagged breached and/or interfered with.  Specifically, American identified the AA.com Use Agreement and American's Conditions of Carriage.  I also reiterated this information to you during our call.  Similar to Skiplagged's demand for all customer complaints, this request for all flights and pricing data—specifically including data wholly unrelated to AA-Skiplagged flights—is overbroad and unduly burdensome.  Moreover, Skiplagged purports to display American's flights and pricing data on its website, suggesting Skiplagged already has access to this data through some other source.

6. During our call, I highlighted your request for "American Marks and American Copyright use in commerce" and indicated that I did not know what you were asking for.  You indicated that you needed to consult with your team to provide greater clarity on this.  Your email below does not illuminate what you're asking for.  As discussed during our call, AA's use of its marks are voluminous and available in the public domain, including (most notably) AA.com, but also in print advertising, clothing, merchandise, etc.  Skiplagged has equal access to all of that.  If there is something in particular that Skiplagged is looking for that it believes it needs American to access for some reason, please advise and we can discuss whether AA can produce.

VR,

**Austin Franklin**
*Partner*

**KELLY ⊞ HART**
201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged.  If you have received this communication in error, do not read it.  Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error.  Then delete it.  Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**App'x 026**

**From:** Abigail Campbell <acampbell@condontobin.com>
**Sent:** Monday, March 25, 2024 4:16 PM
**To:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Austin,

The point of our meet and confers was to see if we could reach agreements as to AA's deficient discovery. I believe we reached some agreements but not all, which have been explained multiple times in our meet and confers and outlined in my last email not to mention the extensive discovery deficiency letter we sent some time ago. We cannot agree that amendments and productions solve the outstanding issues without seeing the amendments and productions. Nor can we agree that your proposal settles all outstanding discovery issues. We cannot continue to go round and round on this and will need to move forward with a motion to compel on all issues if AA does not agree to at least address some of the issues. I do not believe the court will appreciate this bait and switch approach.

I am discussing the data issue with my client. I am not available tomorrow but can be available Thursday.

Thank you,

---

**Abigail R.S. Campbell**  ATTORNEY

8080 Park Lane, Suite 700, Dallas, Texas 75231
D  214.265.3891 |  T  214.265.3800 |  VCard
acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

**From:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Sent:** Monday, March 25, 2024 4:09 PM
**To:** Abigail Campbell <acampbell@condontobin.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Abigail,

If American is going to amend certain discovery responses by agreement, it has to be on the basis that Skiplagged agrees American satisfied its discovery obligations as to those requests.  That is the whole point of our various discovery conferences.  Skiplagged needs to let us know what additional discovery concerns it has that are not addressed by the below proposal so we can resolve this matter.

Additionally, please advise whether Skiplagged will produce the PNR data partially reflected in the report bates-labeled SKP00081039, and if so, when American can expect it.  Again, we need this for our damages expert's report.

I'm available for a call to discuss for the next hour, and I have availability tomorrow morning from 9-10, 11-1130, and in the afternoon between 12-5 pm.

VR,

**Austin Franklin**
*Partner*



201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged.  If you have received this communication in error, do not read it.  Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error.  Then delete it.  Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**From:** Abigail Campbell <acampbell@condontobin.com>
**Sent:** Monday, March 25, 2024 2:31 PM
**To:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Austin,

Skiplagged will not agree to a Rule 29 stipulation that all of its discovery concerns will be resolved by AA's proposal. While the proposal in your email presents a resolution on some of the issues Skiplagged has raised regarding AA's discovery, it does not resolve all the issues. Please let me know when we an except the amendments and production noted below as well as with the search terms agreed to date.

As to the search terms proposed:
1. Please identify the titles of the custodians proposed by AA. Specifically, it seems odd that only 5 custodians could be relevant here.
2. For 7-11, I do not see how the terms (besides "mark") could be bad searches given the claims made by AA in this litigation and am more concerned that these searches weren't run in response to Skiplagged's RFPs that requested this information. It is not for AA to decide what Skiplagged is "looking for" but to run reasonable searches and produce responsive documents to Requests for Production.
3. For 18, Skiplagged will agree to additional search terms to narrow down the documents – "fee!" or "baggage" or "luggage" or "bag!" or "hidden city" or "cost" or "ticket!". As previously explained during at least two of our meet and confers, Skiplagged is entitled to discovery documents relevant to AA's claim that Skiplagged created customer issues that cost AA money, including all other customer complaints or issues that could have caused AA to lose money.
4. Financial Documents – Please produce AA's balance sheets and profit and loss statements plus any other financial documents relied upon by AA's experts.
5. Flight Schedules and prices – Unless AA can identify what "contracts" it is alleging Skiplagged breached or interfered with, we have no way to narrow down this search and will have to move forward with the Court on this issue.

**App'x 028**

6.  As to American Marks and American Copyright use in commerce – this is part of AA's burden on its own claims, thus it makes no sense that AA would claim such request is overbroad and unduly burdensome.

Again, please let me know when we can expect Plaintiff's production and amended responses.

Thank you,

---

**Abigail R.S. Campbell**  ATTORNEY

8080 Park Lane, Suite 700, Dallas, Texas 75231

D  214.265.3891 |  T  214.265.3800 |  VCard

acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

---

**From:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Sent:** Friday, March 22, 2024 2:35 PM
**To:** Abigail Campbell <acampbell@condontobin.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Abigail,

Thanks for your time earlier this week for our conference.  Per our discussion, please find the below summary of American's proposal.

In exchange for a Rule 29 Stipulation that American has resolved all of Skiplagged's concerns with its discovery responses to date:

- AA will agree to withdraw seven of our subpart objections to Skiplagged's Interrogatories and provide seven additional substantive responses to interrogatories.
- AA will agree to amend its answer to Interrogatory No. 6, but stands on its subpart objection.
- AA will agree to amend its answer to Interrogatory No. 10, but stands on its subpart objection.
- AA offers to provide our amended objections and responses described above three weeks after a Rule 29 Stipulation is finalized.
- AA offers to resolve all request for production disputes by agreeing to search terms (and custodians and date ranges) along with specific "go gets" consistent with the attached.  (Note: American ran far broader search terms than Skiplagged.  As part of this agreement, I'd like to discuss reciprocal modifications to Skiplagged's search terms that might get close to globally resolving request for production disputes for both sides.)

The above is not to be construed as a waiver of any objections American has asserted in its discovery responses.  For the avoidance of doubt, American has not withdrawn any of its objections at this time, nor is it acknowledging that any of its objections were improper.

Like we discussed during our last call, let's schedule a call for Monday to discuss the above as well as Skiplagged's position on producing the data partially reflected in the report bates-labeled SKP00081039. As discussed, SKP00081039 contains an incomplete data set, but demonstrates Skiplagged possesses and can readily export the data we need for our expert reports. We will need to move to compel expeditiously on that isolated issue if Skiplagged refuses to produce the data.

I'm open on Monday between 10:30 am – 5:00 pm. I look forward to connecting then. If you need to connect earlier in the day, I can potentially move some things around.

VR,

**Austin Franklin**
*Partner*

**KELLY ⓚ HART**

201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged. If you have received this communication in error, do not read it. Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error. Then delete it. Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**From:** Abigail Campbell <acampbell@condontobin.com>
**Sent:** Thursday, March 14, 2024 11:35 AM
**To:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Lets do Wednesday at 10am cst/ 11am est. I'll send an invite.

**Abigail R.S. Campbell**  ATTORNEY

8080 Park Lane, Suite 700, Dallas, Texas 75231
D  214.265.3891 |  T  214.265.3800 |  VCard
acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

App'x 030

**From:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Sent:** Thursday, March 14, 2024 11:33 AM
**To:** Abigail Campbell <acampbell@condontobin.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Dee Kelly <dee.kelly@kellyhart.com>; Lars Berg <lars.berg@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

I can do Monday and/or Wednesday next week, depending on your preference.  If Wednesday, I'm available any time after 9:30 am.

**Austin Franklin**
*Partner*



201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged.  If you have received this communication in error, do not read it.  Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error.  Then delete it.  Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**From:** Abigail Campbell <acampbell@condontobin.com>
**Sent:** Thursday, March 14, 2024 11:27 AM
**To:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Austin,

I will be in the deposition on Tuesday but we need to get this moving. I can do a call Wednesday and hope we have progress to discuss then or we will have to move forward with a motion to compel.


Let me know what times work for you on Wednesday.


**Abigail R.S. Campbell**  ATTORNEY
8080 Park Lane, Suite 700, Dallas, Texas 75231
D  214.265.3891 |  T  214.265.3800 |  VCard
acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

App'x 031

**From:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Sent:** Thursday, March 14, 2024 11:22 AM
**To:** Abigail Campbell <acampbell@condontobin.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Abigail,

We discussed touching base today.  I'm still working through this with American, but should have some substantive updates next week.  Want to go ahead and schedule a call for Tuesday?  I'm pretty wide open after 11 am.


**Austin Franklin**
*Partner*



201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged.  If you have received this communication in error, do not read it.  Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error.  Then delete it.  Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.


**From:** Austin Franklin
**Sent:** Friday, March 8, 2024 8:49 AM
**To:** 'Abigail Campbell' <acampbell@condontobin.com>
**Cc:** John C. Fronk <John.Fronk@kellyhart.com>; Kendal B. Reed <kreed@condontobin.com>; Aaron Z. Tobin <atobin@condontobin.com>; Bill Kirkman <billk@kirkmanlawfirm.com>; Preston Sawyer <prestons@kirkmanlawfirm.com>; Lars Berg <lars.berg@kellyhart.com>; Dee Kelly <dee.kelly@kellyhart.com>
**Subject:** RE: AA v. Skiplagged [IWOV-Interwoven.FID461762]

Thanks for sending, Abigail.  I will consult with American concerning your proposal, and I look forward to connecting again next week to move this issue forward.

VR,

**Austin Franklin**
*Partner*



201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged.  If you have received this communication in error, do not read it.  Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error.  Then delete it.  Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**App'x 032**

**From:** Abigail Campbell <acampbell@condontobin.com>
**Sent:** Friday, March 8, 2024 7:53 AM
**To:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Cc:** John C. Fronk <John.Fronk@kellyhart.com>; Kendal B. Reed <kreed@condontobin.com>; Aaron Z. Tobin <atobin@condontobin.com>; Bill Kirkman <billk@kirkmanlawfirm.com>; Preston Sawyer <prestons@kirkmanlawfirm.com>
**Subject:** AA v. Skiplagged [IWOV-Interwoven.FID461762]

Austin,

Attached are the proposed search terms for AA as well as the search terms that Skiplagged used. Note, the Skiplagged search terms do not include the gathering of basic documents like the financials and organization docs that were produced.

Best,

---

**Abigail R.S. Campbell**  ATTORNEY
8080 Park Lane, Suite 700, Dallas, Texas 75231
D  214.265.3891 |  T  214.265.3800 |  VCard
acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

**App'x 033**

**Austin Franklin**

| | |
|---|---|
| **From:** | Abigail Campbell <acampbell@condontobin.com> |
| **Sent:** | Tuesday, April 2, 2024 4:15 PM |
| **To:** | Austin Franklin |
| **Cc:** | Kendal B. Reed; Aaron Z. Tobin; Lars Berg; Dee Kelly |
| **Subject:** | RE: Skiplagged Discovery [IWOV-Interwoven.FID461762] |

**EXTERNAL SENDER ALERT - This message originated outside the Kelly Hart domain. Please exercise caution when opening attachments, following links or responding to this message.**

Austin,

I made no such confirmation and your representation otherwise is misleading. The documents of data you seek do not exist and cannot easily be created.

Best,

**Abigail R.S. Campbell**  ATTORNEY
8080 Park Lane, Suite 700, Dallas, Texas 75231
D  214.265.3891 |  T  214.265.3800 |  VCard
acampbell@condontobin.com | condontobin.com

Please note our new name and my new email address

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

**From:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Sent:** Tuesday, April 2, 2024 4:11 PM
**To:** Abigail Campbell <acampbell@condontobin.com>
**Cc:** Kendal B. Reed <kreed@condontobin.com>; Aaron Z. Tobin <atobin@condontobin.com>; Lars Berg <lars.berg@kellyhart.com>; Dee Kelly <dee.kelly@kellyhart.com>
**Subject:** RE: Skiplagged Discovery [IWOV-Interwoven.FID461762]

Abigail,

Thank you for confirming that Skiplagged has the data.  Please confirm by 12:00 noon on April 3 that Skiplagged refuses to produce the data based on the claim of burden.

VR,

Austin

On March 29, 2024 at 5:13:00 PM MDT, Austin Franklin <Austin.Franklin@kellyhart.com> wrote:

Abigail,

Due to the holiday weekend and prior commitments, I will have to respond to your below email in more detail on Monday.

VR,

**Austin Franklin**
*Partner*

_____

**KELLY 🅚 HART**

201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE: (817) 878-3588
austin.franklin@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged.  If you have received this communication in error, do not read it.  Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error.  Then delete it.  Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

---

**From:** Abigail Campbell <acampbell@condontobin.com>
**Sent:** Thursday, March 28, 2024 4:02 PM
**To:** Austin Franklin <Austin.Franklin@kellyhart.com>
**Cc:** Kendal B. Reed <kreed@condontobin.com>; Aaron Z. Tobin <atobin@condontobin.com>
**Subject:** Skiplagged Discovery [IWOV-Interwoven.FID461762]

Austin,

As previously discussed, AA identified SKP00081039 as a potential example of PNR data that Skiplagged has in its possession and for which AA has requested production. I have followed up with my client on this and in short, the document you cite is not merely an export of data that Skiplagged has easy access to, nor is it even accurate data.

Specifically, to retrieve data of this nature, Skiplagged would have to write a brand new code and program. This is not the classic example of Quickbooks or some other database where searches can easily be run and results produced. Thus, this information is not easily accessible and would require Skiplagged to create not only a new program but new documentation rather than documents as they are kept in the ordinary course of business.

SKP81039 is the result of a special project that was done by a former employee when she was new to the company and where she had to write specific code for the information returned. Moreover, the information is incorrect and the code was flawed. For example, you can see that there are multiple duplicate rows, which results in inaccurate data.

**App'x 035**



In sum, SKP00081039 is not an example of data that Skiplagged has in its possession and that can be produced as kept in the ordinary course of business.

Best,

**Abigail R.S. Campbell** ATTORNEY
8080 Park Lane, Suite 700, Dallas, Texas 75231
D  214.265.3891 |  T  214.265.3800 |  VCard
acampbell@condontobin.com | condontobin.com

**Please note our new name and my new email address**

The information contained in this transmission is privileged and confidential and intended for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are notified that any dissemination, distribution or copying of this message is prohibited. If you have received this transmission in error, please reply immediately to sender that you have received this communication in error and delete it. Thank you

**App'x 036**

# Exhibit A-4

**Austin Franklin**

| | |
|---|---|
| **From:** | Bill Kirkman <billk@kirkmanlawfirm.com> |
| **Sent:** | Wednesday, March 13, 2024 3:46 PM |
| **To:** | Lars Berg |
| **Cc:** | Aaron Z. Tobin; Kendal B. Reed; Abigail Campbell; Preston Sawyer; Dee Kelly; Austin Franklin; Julia G. Wisenberg; John C. Fronk |
| **Subject:** | RE: American v. Skiplagged - request for additional discovery responses and production |

| | |
|---|---|
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

**EXTERNAL SENDER ALERT - This message originated outside the Kelly Hart domain. Please exercise caution when opening attachments, following links or responding to this message.**

Lars:

In your e-mail below, American contends it has not received certain documents, data, and information from Skiplagged. Yet, American fails to identify specifically what it alleges is missing from Skiplagged's production. American further requests documents and information not sought in its RFPs and Interrogatories.

The below addresses each category raised in your March 8, 2024 e-mail.

**Skiplagged's records related to PNRs and data in the database.**

First, American claims it has not received all PNR and other data to which it is allegedly entitled. The sole basis for this contention is a reference to Daniel Gellert's November 30, 2023 deposition testimony that Skiplagged maintains a database of information regarding transactions and the fact that Skiplagged has produced three separate exports of this information as SKP00081039, SKP00081151, and SKP00081157. However, there is no attempt by American to identify what, if any, information is missing. In just the Bates-labeled documents American identifies, Skiplagged produced over 23,200 lines of data across approximately thirty (30) categories of information.

Additionally, Skiplagged disagrees with American's assertion that the full contents to the database are responsive to all of the RFPs listed. Specifically, RFP Nos. 6, 40, 42, 57, and 58 do not call for the production of the entirety of Skiplagged's database. RFP No. 6 relates solely to those flights with an arrival or departure city in Texas. RFP Nos. 40 and 42 call for documents supporting certain alleged claims made by Skiplagged. RFP No. 57 seeks documents relating to financial compensation from any Travel Agency or travel metasearch engine. And RFP No. 58 relates solely to documents relating to customer price savings for American Bookings facilitated by Skiplagged.

1

**App'x 038**

To the extent American alleges it is missing certain specific information not already produced, please identify such information with sufficient specificity such that Skiplagged can make a determination as to its responsiveness. A general unsupported allegation that Skiplagged "did not produce the full contents of this database" is unhelpful.

**Skiplagged's third party contracts with business partners, including affiliate program documents that constitute an agreement.**

Second, American alleges Skiplagged has produced some, but not all, agreements with online travel agencies, metasearch engines, and other travel providers. However, American again fails to specify which agreements it contends are missing from Skiplagged's production.

Additionally, Skiplagged disagrees with American's assertion that such agreements are responsive to RFP Nos. 32, 34, 57 and 58. Specifically, RFP Nos. 32 and 34 relate solely to fees, commissions, or other payments Skiplagged has received or provided to third parties. Any agreements would not show payments actually received or provided. RFP No. 57 similarly requests documents evidencing Skiplagged's alleged receipt of financial compensation from any Travel Agency or travel metasearch engine. Again, the agreements requested would not evidence actual receipt of any financial compensation. Lastly, RFP No. 58 requests documents relating to customer price savings and proceeds to list a number of categories of information that are specific to each individual transaction. The requested agreements would not contain specific data for transactions that have allegedly occurred.

Because American fails to identify which specific agreements it is seeking, Skiplagged cannot attempt to locate such agreements and/or potentially supplement its production based upon the information currently provided.

**Skiplagged's third-party partners' booking reports and financial reports.**

Third, American claims Skiplagged has failed to produce "a comprehensive set of booking reports or financial reports" related to redirected bookings. The reason for this is simple—American never requested such documents.

In support of its first-time request for these reports, American cites to a number of RFPs which generally request "documents and communications" related to third-parties identified by Skiplagged. None of these RFPs mention or generally infer such requests are seeking "a comprehensive set of booking reports or financial reports." A party is not

App'x 039

required to produce documents not requested. If American desired Skiplagged produce any booking/financial reports, it should have requested them.

Even if American is correct and its broad and generic "documents and communications" requests did encompass such reports, American yet again fails to identify what booking and financial reports it is supposedly missing. Without specific identification of the reports Skiplagged needs to search for, Skiplagged cannot take any action in response to your request.

**Mobile app and website user metrics.**

Lastly, American argues Skiplagged failed to provide detailed information relating to its mobile app and website user metrics, including "the total number of users, number of sessions, number of searches run, and number of actual direct bookings and actual redirects to another website which resulted in a booking." Again, American did not request such information.

American attempts to rely upon its requests for documents and information relating to Skiplagged's general financial condition (*i.e.*, Interrogatory Nos. 1, and RFP Nos. 26 and 27) and Skiplagged's agreements with and financial compensation from Travel Agencies (Interrogatories Nos. 6, 15–16) as the basis for now requesting specific mobile app and website user metrics. However, there are no RFPs or Interrogatories identified which specifically request the "users, number of sessions, number of searches" or other identified website metrics which American now requests.

As stated above, Skiplagged is not required to produce any documents of information which American failed to request. Likewise, American cannot attempt to lump newly requested information under broad and/or tenuously related requests in an effort to circumvent its failure to request the documents/information in the first place.

Should you wish to discuss further or provide more detailed information about what documents or information you believe to be missing, I will endeavor to make myself available.

Thanks.

William L. Kirkman
Kirkman Law Firm, PLLC
201 Main Street, Suite 1160
Fort Worth, Texas 76102
(817) 336-2800, ext. 107
(817) 877-1863 (Fax)

App'x 040

The information in this e-mail is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use, or disseminate the information. If you have received this e-mail transaction in error, please notify us immediately. Although this e-mail and any attachments are believed to be free of any virus or other defect which might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus-free, and no responsibility is accepted by Kirkman Law Firm, PLLC for any loss or damage arising in any way from its use.

**From:** Lars Berg <lars.berg@kellyhart.com>
**Sent:** Friday, March 08, 2024 1:40 PM
**To:** Bill Kirkman <billk@kirkmanlawfirm.com>
**Cc:** Aaron Z. Tobin <atobin@condontobin.com>; Kendal B. Reed <kreed@condontobin.com>; Abigail Campbell <acampbell@condontobin.com>; Preston Sawyer <prestons@kirkmanlawfirm.com>; Dee Kelly <dee.kelly@kellyhart.com>; Austin Franklin <Austin.Franklin@kellyhart.com>; Julia G. Wisenberg <Julia.Wisenberg@kellyhart.com>; John C. Fronk <John.Fronk@kellyhart.com>
**Subject:** American v. Skiplagged - request for additional discovery responses and production

Bill:

American requested documents, data, and information that have not been provided by Skiplagged:

**1. Skiplagged's records related to PNRs and data in the database.** In his deposition on November 30, 2023, Daniel Gellert testified that Skiplagged maintains a database containing detailed information about each transaction it makes, including all of those related to American. But Skiplagged has produced only what appears to be three limited exports of this data: SKP00081039, SKP00081151, and SKP00081157. Those three exports evidence that Gellert's testimony was accurate and that Skiplagged can extract the requested information from its database.  Nevertheless, Skiplagged did not produce the full contents of this database related to American  The full contents of the database related to American are responsive to RFP Nos. 4, 6, 40, 42, and 57–58, as well as Interrogatory No. 8.

**2. Skiplagged's third party contracts with business partners, including affiliate program documents that constitute an agreement.** Skiplagged has explained that it facilitates bookings of American-marketed flights by partnering with online travel agencies, metasearch engines, and other travel providers, and that Skiplagged maintains agreements with various agencies. [*See, e.g.*, Response to Interrogatory No. 1; Gellert Depo. Transcript, 27:9–27:11]. Skiplagged has provided only a handful of such agreements, not a comprehensive set. These agreements are responsive to RFP Nos. 2, 3, 15, 16, 31–35, 51, 57, and 58, as well as Interrogatory No. 6, 14–16, and 18.

**3. Skiplagged's third-party partners' booking reports and financial reports.** American has requested documents and communications related to bookings made when Skiplagged redirects a customer to a third-party website, such as Skyscanner, Priceline, and JustFly (which Skiplagged may refer to as "partners"). However, Skiplagged has not produced a comprehensive set of booking reports or financial reports related to these redirected bookings. This information was requested through RFP Nos. 3, 15, 31–35, 53, 54, and 57, as well as Interrogatory Nos. 1, 6, 7, 15, and 16.

**App'x 041**

**4. Mobile app and website user metrics.**

American has requested documents and information related to the number of bookings of American-marketed flights facilitated by Skiplagged. Gellert testified that he did not know the breakdown between Skiplagged's website and mobile app in terms of Skiplagged's revenue, but estimated that the traffic to the app versus website was "about 50/50 maybe 60/40." [Gellert Depo., 70:4–70:8]. However, Skiplagged has failed to provide any detailed information, such as the total number of users, number of sessions, number of searches run, and number of actual direct bookings and actual redirects to another website which resulted in a booking. This information, and the related documentation, is responsive to Interrogatory Nos. 1, 6, and 15–16 as well as RFP Nos. 26 and 27.

Please produce all of the documents and data and provide answers by 12:00 noon on March 13, 2024.  Because American needs some, if not all, of this information for its experts, American must insist on either actually receiving this information ASAP (expert disclosure deadline is April 19 and unlikely to be moved again) or reaching some agreement about supplementing its experts' reports within a reasonable time after the information is provided.  If you would like to discuss, Austin Franklin (copied) will take the lead for American in handling these issues from this point forward.

Regards,


**Lars L. Berg**
*Partner*

_____

KELLY ⊕ HART

201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE (817) 878-3524
FAX (817) 878-9280
Lars.Bergt@kellyhart.com
www.kellyhart.com

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged.  If you have received this communication in error, do not read it.  Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error.  Then delete it.  Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**App'x 042**

# Exhibit A-5

**From:** Lars Berg
**Sent:** Monday, April 15, 2024 1:09 PM
**To:** Bill Kirkman; Abigail Campbell
**Cc:** Dee Kelly; Austin Franklin; Julia G. Wisenberg
**Subject:** American v. Skiplagged - conference on Skiplagged's motion to compel

**Follow Up Flag:** Follow up
**Flag Status:** Flagged

Bill,

Thank you for your time on Friday in discussing Skiplagged's motion to compel.  By way of follow-up to that call, American withdraws the following from its discovery responses, as indicated for each form of discovery:

(1) all of its marshaling objections in each interrogatory response where such objection is made;

(2)  all statements in its interrogatory responses that "discovery is ongoing and American doesn't have the ability to answer";

(3) all objections in its interrogatory responses that the request is "overbroad and premature because the information sought is . . . in connection with expert reports due at a later date in the case";

(4) the "vague and ambiguous objections" to (a) interrogatories 3 and 19, and (b) all requests for production where such objection is made;

(5) the "subject to the foregoing objections" statements in each of its discovery responses where that statement is made; and,

(6) the statements "in the process, through discovery and work with its expert witnesses, of compiling additional information responsive to this [request] and will supplement this Answer when the specific information becomes available" in all of its interrogatory responses and responses to the requests for production.

Please ensure that the draft of our report to the court includes this information.  Please send us a draft of the report by early afternoon so that we will have time to address and any changes you suggest and meet the 5:00 p.m. filing deadline. Meantime, we are working on the joint report to the court on American's motion to compel and plan to have a draft to you shortly.

Regards,

**Lars L. Berg**

*Partner*



201 MAIN STREET, SUITE 2500
FORT WORTH, TEXAS 76102
TELEPHONE (817) 878-3524
FAX (817) 878-9280
*Lars.Bergt@kellyhart.com*
*www.kellyhart.com*

CONFIDENTIAL NOTICE: This electronic transmission and any documents or other writings sent with it constitute confidential information which is intended only for the named recipient and which may be legally privileged.  If you have received this communication in error, do not read it.  Please reply to the sender at Kelly Hart & Hallman LLP that you have received the message in error.  Then delete it.  Any disclosure, copying, distribution or the taking of any action concerning the contents of this communication or any attachment(s) by anyone other than the named recipient is strictly prohibited.

**App'x 045**

# Exhibit B

App'x 046

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

**SUMMARY CHART OF PLAINTIFF AMERICAN AIRLINES, INC.'S
OBJECTIONS TO DEFENDANT SKIPLAGGED, INC.'S DISCOVERY REQUESTS**

Plaintiff American Airlines, Inc. ("American") has prepared the following chart to assist the Court in its review of American's Request for Good Faith Conference and Response to Defendant Skiplagged's ("Skiplagged") Motion to Compel Responses to Discovery and Brief in Support. American has noted its objections for each request and has highlighted the objections that Skiplagged is arguably moving the Court to overrule.

App'x 047

| | |
|---|---|
| **Plaintiff American Airlines, Inc.'s Objections and Answers to Defendant Skiplagged, Inc.'s First Set of Requests for Admission** ||
| | **American's Objections** |
| 1. | • vague and ambiguous as to the terms the terms "flight with more legs of a flight," "flights with less legs," "charged customers less money to purchase" and "legs"<br>• ambiguous as to the comparison that Skiplagged is seeking an admission to<br>• overly broad and non-specific as to the term "customers"<br>• ambiguous as to the term "You have charged" |
| 2. | • vague and ambiguous as to "a flight with less legs and/or flights with less or no layovers" and "flights with more legs and/or layovers"<br>• vague and ambiguous as to the comparison that Skiplagged is seeking an admission to<br>• overly broad and non-specific as to the term "customers"<br>• vague and ambiguous as to the term "You have charged" |
| 3. | • vague and ambiguous as to "flights facilitated by Skiplagged"<br>• overbroad as to when "You" [American] became aware of customers purchasing American flights on Skiplagged.com<br>• overly broad and non-specific as to the term "customers" |
| 4. | • vague and ambiguous as to "flights facilitated by Skiplagged"<br>• overbroad as to when "You" [American] became aware of customers purchasing American flights on Skiplagged.com<br>• overly broad and non-specific as to the term "customers" |
| 5. | • vague and ambiguous as to "flights facilitated by Skiplagged"<br>• overbroad as to when "You" [American] became aware of customers purchasing American flights on Skiplagged.com<br>• overly broad and non-specific as to the term "customers" |
| 6. | • vague and ambiguous as to "flights facilitated by Skiplagged"<br>• overbroad as to when "You" [American] became aware of customers purchasing American flights on Skiplagged.com<br>• overly broad and non-specific as to the term "customers" |
| 7. | • vague and ambiguous as to "flights facilitated by Skiplagged"<br>• overbroad as to when "You" [American] became aware of customers purchasing American flights on Skiplagged.com<br>• overly broad and non-specific as to the term "customers" |
| 8. | • vague and ambiguous as to "flights facilitated by Skiplagged"<br>• overbroad as to when "You" [American] became aware of customers purchasing American flights on Skiplagged.com<br>• overly broad and non-specific as to the term "customers" |
| 9. | • vague and ambiguous as to "flights facilitated by Skiplagged"<br>• overbroad as to when "You" [American] became aware of customers purchasing American flights on Skiplagged.com<br>• overly broad and non-specific as to the term "customers" |

**App'x 048**

| 10. | • vague and ambiguous as to "flights facilitated by Skiplagged"<br>• overbroad as to when "You" [American] became aware of customers purchasing American flights on Skiplagged.com<br>• overly broad and non-specific as to the term "customers" |
|---|---|
| 11. | • vague and ambiguous as to "flights facilitated by Skiplagged"<br>• overbroad as to when "You" [American] became aware of customers purchasing American flights on Skiplagged.com<br>• overly broad and non-specific as to the term "customers" |
| 12. | • vague and ambiguous as to "leg of a flight"<br>• vague and ambiguous as to "for the entire purchased ticket" |
| 13. | • vague, ambiguous, and non-specific as to "made some use of the American Marks"<br>• overbroad as to when "You" [American] became aware of Skiplagged's use of the American Marks |
| 14. | • vague, ambiguous, and non-specific as to "made some use of the American Marks"<br>• overbroad as to when "You" [American] became aware of Skiplagged's use of the American Marks |
| 15. | • vague, ambiguous, and non-specific as to "made some use of the American Marks"<br>• overbroad as to when "You" [American] became aware of Skiplagged's use of the American Marks |
| 16. | • vague, ambiguous, and non-specific as to "made some use of the American Marks"<br>• overbroad as to when "You" [American] became aware of Skiplagged's use of the American Marks |
| 17. | • vague, ambiguous, and non-specific as to "made some use of the American Marks"<br>• overbroad as to when "You" [American] became aware of Skiplagged's use of the American Marks |
| 18. | • vague, ambiguous, and non-specific as to "made some use of the American Marks"<br>• overbroad as to when "You" [American] became aware of Skiplagged's use of the American Marks |
| 19. | • vague, ambiguous, and non-specific as to "made some use of the American Marks"<br>• overbroad as to when "You" [American] became aware of Skiplagged's use of the American Marks |
| 20. | • vague, ambiguous, and non-specific as to "made some use of the American Marks"<br>• overbroad as to when "You" [American] became aware of Skiplagged's use of the American Marks |

**App'x 049**

| 21. | *(no objections)* |
|---|---|
| 22. | • <mark>vague, ambiguous, and non-specific as to "made some use of the American Copyright"</mark><br>• overbroad as to when "You" [American] became aware of Skiplagged's use of the American Copyrights |
| 23. | • <mark>vague, ambiguous, and non-specific as to "made some use of the American Copyright"</mark><br>• overbroad as to when "You" [American] became aware of Skiplagged's use of the American Copyrights |
| 24. | • <mark>vague, ambiguous, and non-specific as to "made some use of the American Copyright"</mark><br>• overbroad as to when "You" [American] became aware of Skiplagged's use of the American Copyrights |
| 25. | • <mark>vague, ambiguous, and non-specific as to "made some use of the American Copyright"</mark><br>• overbroad as to when "You" [American] became aware of Skiplagged's use of the American Copyrights |
| 26. | • <mark>vague, ambiguous, and non-specific as to "made some use of the American Copyright"</mark><br>• overbroad as to when "You" [American] became aware of Skiplagged's use of the American Copyrights |
| 27. | • <mark>vague, ambiguous, and non-specific as to "made some use of the American Copyright"</mark><br>• overbroad as to when "You" [American] became aware of Skiplagged's use of the American Copyrights |
| 28. | • <mark>vague, ambiguous, and non-specific as to "made some use of the American Copyright"</mark><br>• overbroad as to when "You" [American] became aware of Skiplagged's use of the American Copyrights |
| 29. | • <mark>vague, ambiguous, and non-specific as to "made some use of the American Copyright"</mark><br>• overbroad as to when "You" [American] became aware of Skiplagged's use of the American Copyrights |
| 30. | *(no objections)* |
| 31. | • overbroad as to when "You" [American] became aware of information available on Skiplagged.com<br>• multifarious and ambiguous because it seeks an admission as to flight information and as to pricing |
| 32. | • overbroad as to when "You" [American] became aware of information available on Skiplagged.com<br>• multifarious and ambiguous because it seeks an admission as to flight information and as to pricing |

4

**App'x 050**

| | |
|---|---|
| 33. | • overbroad as to when "You" [American] became aware of information available on Skiplagged.com<br>• multifarious and ambiguous because it seeks an admission as to flight information and as to pricing |
| 34. | • overbroad as to when "You" [American] became aware of information available on Skiplagged.com<br>• multifarious and ambiguous because it seeks an admission as to flight information and as to pricing |
| 35. | • overbroad as to when "You" [American] became aware of information available on Skiplagged.com<br>• multifarious and ambiguous because it seeks an admission as to flight information and as to pricing |
| 36. | • overbroad as to when "You" [American] became aware of information available on Skiplagged.com<br>• multifarious and ambiguous because it seeks an admission as to flight information and as to pricing |
| 37. | • overbroad as to when "You" [American] became aware of information available on Skiplagged.com<br>• multifarious and ambiguous because it seeks an admission as to flight information and as to pricing |
| 38. | • overbroad as to when "You" [American] became aware of information available on Skiplagged.com<br>• multifarious and ambiguous because it seeks an admission as to flight information and as to pricing |
| 39. | • overbroad as to when "You" [American] became aware of information available on Skiplagged.com<br>• multifarious and ambiguous because it seeks an admission as to flight information and as to pricing |

| | **Plaintiff American Airlines, Inc.'s Objections and Answers to Defendant Skiplagged, Inc.'s First Set of Interrogatories** |
|---|---|
| | **American's Objections** |
| 1. | • overbroad<br>• attorney-client privilege |
| 2. | • contains multiple discrete subparts<br>• overbroad and unduly burdensome, improper marshaling of evidence |
| 3. | • contains multiple discrete subparts<br>• overbroad and unduly burdensome, improper marshaling of evidence<br>• attorney-client privilege and attorney work product<br>• vague<br>• overly broad and premature as to information to be compiled for expert reports later due |
| 4. | • contains multiple discrete subparts<br>• overbroad and unduly burdensome, improper marshaling of evidence<br>• overly broad and premature as to information to be compiled for expert reports later due |
| 5. | • contains multiple discrete subparts<br>• overbroad and unduly burdensome, improper marshaling of evidence<br>• overly broad and premature as to information to be compiled for expert reports later due |
| 6. | • contains multiple discrete subparts<br>• attorney-client privilege and attorney work product<br>• overbroad and unduly burdensome, improper marshaling of evidence |
| 7. | • contains multiple discrete subparts<br>• attorney-client privilege and attorney work product<br>• overbroad and unduly burdensome, improper marshaling of evidence |
| 8. | • contains multiple discrete subparts<br>• overbroad and unduly burdensome, improper marshaling of evidence<br>• overly broad and premature as to information to be compiled for expert reports later due |
| 9. | • contains multiple discrete subparts<br>• overbroad and unduly burdensome, improper marshaling of evidence |
| 10. | • contains multiple discrete subparts<br>• overbroad and unduly burdensome, improper marshaling of evidence |
| 11. | • overbroad and unduly burdensome, improper marshaling of evidence |
| 12. | • Interrogatory 12 exceeds 25 interrogatories, including all discrete subparts<br>• relevancy<br>• overly broad as to "each time" American has denied Skiplagged access to AA.com |

**App'x 052**

| 13. | • Interrogatory 13 exceeds 25 interrogatories, including all discrete subparts<br>• overbroad, ==vague, and ambiguous as to "any promotional or discounted fare offerings by" American==<br>• ==relevancy== |
|---|---|
| 14. | • Interrogatory 14 exceeds 25 interrogatories, including all discrete subparts<br>• attorney-client privilege and attorney work product<br>• compliance with cybersecurity and national security law |
| 15. | • Interrogatory 15 exceeds 25 interrogatories, including all discrete subparts<br>• overbroad, unduly burdensome, ==irrelevant== |
| 16. | • Interrogatory 16 exceeds 25 interrogatories, including all discrete subparts<br>• overbroad and ==irrelevant== as to "third parties" |
| 17. | • Interrogatory 17 exceeds 25 interrogatories, including all discrete subparts<br>• ==relevancy==<br>• overly broad as to subparts (a) – (f)<br>• ==overly broad and premature as to information to be compiled for expert reports later due== |
| 18. | • Interrogatory 18 exceeds 25 interrogatories, including all discrete subparts<br>• ==vague, confusing==, and overbroad<br>• ==relevancy== |
| 19. | • Interrogatory 19 exceeds 25 interrogatories, including all discrete subparts<br>• ==vague and confusing==<br>• ==relevancy== |
| 20. | • Interrogatory 20 exceeds 25 interrogatories, including all discrete subparts<br>• overly broad and ==irrelevant== |
| 21. | • Interrogatory 21 exceeds 25 interrogatories, including all discrete subparts<br>• ==vague and ambiguous== |
| 22. | • Interrogatory 22 exceeds 25 interrogatories, including all discrete subparts |
| 23. | • Interrogatory 23 exceeds 25 interrogatories, including all discrete subparts<br>• overbroad, unduly burdensome, ==irrelevant== |
| 24. | • Interrogatory 24 exceeds 25 interrogatories, including all discrete subparts<br>• ==overly broad and premature as to information to be compiled for expert reports later due== |
| 25. | • Interrogatory 25 exceeds 25 interrogatories, including all discrete subparts |

**App'x 053**

| | Plaintiff American Airlines, Inc.'s Objections and Responses to<br>Defendant Skiplagged, Inc.'s First Set of Requests for Production |
|---|---|
| | **American's Objections** |
| 1. | • overbroad, irrelevant, not proportional to the needs of this case as to "all documents and communications"<br>• facially overbroad, vague, and ambiguous as to "relating to"<br>• overly broad and unduly burdensome  as to "all third parties"<br>• overly broad and unduly burdensome as to all documents and communications since January 1, 2015<br>• fails to describe with reasonable particularity each item or category of items to be inspected as to "any and all investigations and studies of Skiplagged," "internal communications about Skiplagged," and "communications with third parties about Skiplagged" |
| 2. | • overbroad, irrelevant, not proportional to the needs of this case as to "all communications"<br>• fails to describe with reasonable particularity each item or category of items to be inspected as to "any governing or regulatory authority"<br>• vague, ambiguous, overbroad, unclear, and relevancy as to "governing or regulatory authority"<br>• facially overbroad, vague, and ambiguous as to "relating to"<br>• attorney-client privilege and attorney work product |
| 3. | • overbroad, irrelevant, not proportional to the needs of this case as to "all communications"<br>• fails to describe with reasonable particularity each item or category of items to be inspected as to "any other airline"<br>• overly broad and unduly burdensome as communications with "any other airline, including but not limited to, employees, agents, or representatives of any other airline"<br>• facially overbroad, vague, and ambiguous as to "relating to" |
| 4. | • facially overbroad, vague, and ambiguous as to "relating to"<br>• fails to describe with reasonable particularity each item or category of items to be inspected as to "the terms of use, Use Agreement, or 'conditions of carriage' . . . published on the aa.com website or elsewhere"<br>• overly broad, unduly burdensome, and irrelevant as to all third parties<br>• attorney-client privilege and attorney work product |
| 5. | • vague and fails to describe with reasonable particularity each item or category of items to be inspected as to "[d]ocuments reflecting the process for purchasing a flight ticket on aa.com and such variation of such process"<br>• vague and ambiguous as to "process"<br>• relevancy |

| | |
|---|---|
| 6. | • overbroad, irrelevant, not proportional to the needs of this case as to "all documents and communications"<br>• facially overbroad, vague, and ambiguous as to "relating to"<br>• fails to describe with reasonable particularity each item or category of items to be inspected as to "hidden-city ticketing or skiplagging" and "investigations and studies of hidden-city ticketing/ skiplagging, internal communications about hidden-city ticketing/skiplagging, and communications with third parties, including other airlines, about hidden-city ticketing/skiplagging"<br>• overly broad, unduly burdensome, and irrelevant as to "communications with third parties" |
| 7. | • overbroad, irrelevant, not proportional to the needs of this case as to "all communications"<br>• fails to describe with reasonable particularity each item or category of items to be inspected as to "any governing or regulatory authority"<br>• vague, ambiguous, overbroad, unclear, and relevancy as to "governing or regulatory authority"<br>• facially overbroad, vague, and ambiguous as to "relating to"<br>• attorney-client privilege and attorney work product |
| 8. | • overbroad, irrelevant, not proportional to the needs of this case as to "all communications"<br>• fails to describe with reasonable particularity each item or category of items to be inspected as to "communications between You and any other airline"<br>• overly broad and unduly burdensome as to "any other airline"<br>• facially overbroad, vague, and ambiguous as to "relating to" |
| 9. | • overbroad, irrelevant, not proportional to the needs of this case as to "all documents and communications"<br>• facially overbroad, vague, and ambiguous as to "related to"<br>• fails to describe with reasonable particularity each item or category of items to be inspected as to "profits You claim You lost as a result of any alleged actions of Skiplagged" |
| 10. | *(no objections)* |
| 11. | • overbroad, irrelevant, not proportional to the needs of the case as to "all communications"<br>• facially overbroad, vague, and ambiguous as to "related to"<br>• fails to describe with reasonable particularity each item or category of items to be inspected as to "the contracts or agreements allegedly interfered with by Skiplagged"<br>• overly broad and unduly burdensome as to communications with all third parties<br>• attorney-client privilege and attorney work product |

| 12. | • overbroad, ==irrelevant==, not proportional to the needs of the case ==as to "all financial documents"==<br>• ==vague and ambiguous as to "evidencing"==<br>• ==vague, ambiguous, irrelevant==, and not proportional to the needs of the case ==as to American's "sales information, tax returns, balance sheets, income statements, profit and loss statements, and cash flow statements"==<br>• attorney-client privilege and attorney work product |
|---|---|
| 13. | • overbroad, ==irrelevant==, not proportional to the needs of the case ==as to "all documents and communications"==<br>• overly broad and unduly burdensome as to communications with "any entity or person"<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to concerning any of the events, incidents, conduct or alleged damages which form the basis of the claims asserted by You in this lawsuit"==<br>• attorney-client privilege and attorney work product<br>• premature contention RFP |
| 14. | *(no objections)* |
| 15. | • ==fails to describe with reasonable particularity each item or category of items to be inspected as to "cease-and-desist letters"==<br>• overly broad and unduly burdensome as to communications with "any third party"<br>• ==relevancy== |
| 16. | • overbroad, ==irrelevant==, not proportional to the needs of the case ==as to "all documents"==<br>• facially overbroad, ==vague, and ambiguous as to "related to"==<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to "any and all lawsuits filed by You or settlement agreements executed by You that relate in any way to hidden-city ticketing or skiplagging"==<br>• overly broad and unduly burdensome as to "any and all lawsuits filed by You or settlement agreements executed by You"<br>• ==relevancy==<br>• attorney-client privilege |
| 17. | • overbroad, ==irrelevant==, not proportional to the needs of the case ==as to "all documents"==<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to "referred to, used, or relied upon in answering Skiplagged's First Interrogatories"==<br>• overly broad<br>• attorney-client privilege |

10

| 18. | • overbroad, irrelevant, not proportional to the needs of the case as to "all documents and communications" |
| | • facially overbroad, vague, and ambiguous as to "related to" |
| | • fails to describe with reasonable particularity each item or category of items to be inspected as to "relating to" |
| | • fails to describe with reasonable particularity each item or category of items to be inspected as to "relating to the steps, policies, or procedures You employed to protect against the unauthorized use of the American Marks or American Copyright" |
| | • vague and ambiguous as to "steps, policies, or procedures" |
| | • attorney-client privilege and attorney work product |
| 19. | • overbroad, irrelevant, not proportional to the needs of the case as to "all communications" |
| 20. | • overbroad, irrelevant, not proportional to the needs of the case as to "all documents and communications" |
| | • facially overbroad, vague, and ambiguous as to "relating to" |
| | • fails to describe with reasonable particularity each item or category of items to be inspected as to "[a]ll documents and communications relating or referring to customer problems that Skiplagged allegedly created" |
| | • overly broad and unduly burdensome as to all "customer problems" |
| | • attorney-client privilege and attorney work product |
| 21. | • overbroad, irrelevant, not proportional to the needs of the case as to "all documents and communications" |
| | • facially overbroad, vague, and ambiguous as to "relating to" |
| | • fails to describe with reasonable particularity each item or category of items to be inspected as to "[a]ll documents and communications relating or referring to the employee time and resources You claim to have expended investigating and trying to address problems allegedly caused by Skiplagged" |
| | • attorney-client privilege and attorney work product |
| 22. | • overbroad, irrelevant, not proportional to the needs of the case as to "all documents and communications" |
| | • facially overbroad, vague, and ambiguous as to "relating to" |
| | • vague and ambiguous as to "efforts to stop" |
| | • fails to describe with reasonable particularity each item or category of items to be inspected as to "Skiplagged's alleged abusive practices" |
| | • attorney-client privilege and attorney work product |
| 23. | • overbroad, irrelevant, not proportional to the needs of the case as to "all documents and communications" |
| | • vague and ambiguous as to "evidencing" |
| | • fails to describe with reasonable particularity each item or category of items to be inspected as to "evidencing the 'great and irreparable injury' that Skiplagged's acts have allegedly causes" |
| | • attorney-client privilege and attorney work product |

11

**App'x 057**

| 24. | • overbroad, ==irrelevant==, not proportional to the needs of the case ==as to "all documents and communications"==<br>• ==vague and ambiguous as to "evidencing, relating, or referring to"==<br>• overbroad, ==vague, and ambiguous as to "relating to"==<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to "evidencing, relating, or referring to all contracts and agreements"==<br>• overly broad and unduly burdensome as to all documents and communications with all third parties "evidencing, relating, or referring to" the Use Agreement and Conditions of Carriage |
|---|---|
| 25. | • overbroad, ==irrelevant==, not proportional to the needs of the case ==as to "all documents and communications"==<br>• ==vague and ambiguous as to "evidencing"==<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to "evidencing the confusion, mistake, or deception as to the affiliation, connection, or association of Skiplagged with AA, or as to the origin, sponsorship, or approval of Skiplagged's goods and services by American that Skiplagged's alleged conduct has caused"==<br>• overly broad and unduly burdensome as to all documents and communications with all third parties |
| 26. | • overbroad, ==irrelevant==, not proportional to the needs of the case ==as to "all documents and communications"==<br>• ==vague and ambiguous as to "evidencing"==<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to "evidencing the 'irreparable harm' that You have allegedly suffered or will suffer as a result of Skiplagged's alleged infringement of the American Marks"==<br>• attorney-client privilege and attorney work product |
| 27. | • overbroad, ==irrelevant==, not proportional to the needs of the case ==as to "all documents and communications"==<br>• ==vague and ambiguous as to "evidencing"==<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to "evidencing how You claim to have been, are now, and will be 'irreparably harmed' by Skiplagged's alleged copyright infringement"==<br>• attorney-client privilege and attorney work product |
| 28. | • overbroad, ==irrelevant==, not proportional to the needs of the case ==as to "all documents and communications"==<br>• ==vague and ambiguous as to "evidencing"==<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to "the financial loss You claim to have suffered as a result of the alleged false association"==<br>• attorney-client privilege and attorney work product |

| 29. | • overbroad, irrelevant, not proportional to the needs of the case as to "all documents and communications"<br>• facially overbroad, vague, and ambiguous as to "relating to"<br>• fails to describe with reasonable particularity each item or category of items to be inspected as to "relating to the costs You allege You have incurred to correct the alleged misleading information"<br>• attorney-client privilege and attorney work product |
|---|---|
| 30. | • overbroad, irrelevant, not proportional to the needs of the case as to "all documents and communications"<br>• facially overbroad, vague, and ambiguous as to "relating to"<br>• fails to describe with reasonable particularity each item or category of items to be inspected as to "relating to the corrective actions You claim to have taken against the alleged misleading information"<br>• attorney-client privilege and attorney work product |
| 31. | • overbroad, irrelevant, not proportional to the needs of the case as to "all documents and communications"<br>• facially overbroad, vague, and ambiguous as to "relating to"<br>• fails to describe with reasonable particularity each item or category of items to be inspected as to "relating to the denial of Skiplagged's access to Your aa.com site, as You claim You reserve the right to do on the 'aa.com site usage' page" |
| 32. | • overbroad, irrelevant, not proportional to the needs of the case as to "all documents and communications"<br>• facially overbroad, vague, and ambiguous as to "relating to"<br>• fails to describe with reasonable particularity each item or category of items to be inspected as to "relating to any promotional or discounted fair offerings by You"<br>• relevancy |
| 33. | • overbroad, irrelevant, not proportional to the needs of the case as to "all documents and communications"<br>• facially overbroad, vague, and ambiguous as to "relating to"<br>• vague and ambiguous as to "relating to or evidencing"<br>• fails to describe with reasonable particularity each item or category of items You claim to have suffered and for which You seek recovery in this lawsuit"<br>• attorney-client privilege and attorney work product |
| 34. | • overbroad, irrelevant, not proportional to the needs of the case as to "all documents and communications"<br>• vague and ambiguous as to "evidencing or supporting"<br>• fails to describe with reasonable particularity each item or category of items to be inspected as to "the calculation of damages You seek in this litigation"<br>• attorney-client privilege and attorney work product |
| 35. | • attorney-client privilege and attorney work product |

| | |
|---|---|
| 36. | • fails to describe with reasonable particularity each item or category of items to be inspected as to "[a]ll documents, communications, or information exchanged between You and any experts in this litigation"<br>• improperly seeks to expand the scope of permissible expert discovery<br>• attorney-client privilege and attorney work product |
| 37. | • improperly seeks to expand the scope of permissible expert discovery<br>• attorney-client privilege and attorney work product |
| 38. | • overbroad, ==irrelevant==, not proportional to the needs of the case ==as to "all documents"==<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to "[a]ll documents relied upon by Your experts, including Your expert's file."==<br>• attorney-client privilege and attorney work product<br>• improperly seeks to expand the scope of permissible expert discovery |
| 39. | • ==relevancy==<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to "[a]ll communications, presentations, and meeting notes between You and Your board of directors regarding Skiplagged or hidden-city ticketing"== |
| 40. | • overly broad, ==vague, ambiguous, and irrelevant as to "[a]ll monthly and yearly financial statements and balance sheets for You since January 1, 2015"==<br>• overly broad, unduly burdensome, and ==irrelevant as to "monthly and yearly financial statements and balance sheets . . . since January 1, 2015"== |
| 41. | • overly broad, ==irrelevant==, and not proportional to the needs of the case ==as to "[a]ll documents and communications"==<br>• facially overbroad, ==vague, and ambiguous as to "relating to"==<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to "[a]ll documents and communications relating to lost profits or lost revenue"==<br>• overly broad and unduly burdensome as to "[a]ll documents and communications relating to [American's] lost profits or lost revenue" |
| 42. | • overly broad, ==irrelevant==, and not proportional to the needs of the case ==as to "[a]ll documents and communications"==<br>• facially overbroad, ==vague, and ambiguous as to "relating to"==<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to "[a]ll documents and communications relating to customer complaints"==<br>• overly broad and unduly burdensome as to all "customer" transactions since August 1, 2018 |

| 43. | <ul><li>overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark></li><li>facially overbroad, <mark>vague, and ambiguous as to "relating to"</mark></li><li><mark>vague and ambiguous as to "actions" and "planned actions"</mark></li><li><mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "relating to actions or planned actions against customers"</mark></li><li>overly broad and unduly burdensome</li><li>attorney-client privilege and attorney work product</li></ul> |
|---|---|
| 44. | <ul><li><mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "[a]ll flight schedules and corresponding flight prices for all city pairs and gate assignments"</mark></li><li>overly broad and unduly burdensome</li><li><mark>relevancy</mark></li></ul> |
| 45. | <ul><li>overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark></li><li><mark>vague and ambiguous as to "support"</mark></li><li>attorney-client privilege and attorney work product</li><li><mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "[a]ll documents and communications that support Your allegations that Skiplagged.com entered into any contract or agreement with You"</mark></li></ul> |
| 46. | <ul><li>overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark></li><li><mark>vague and ambiguous as to "support"</mark></li><li>attorney-client privilege and attorney work product</li><li>premature contention RFP</li><li><mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "[a]ll documents and communications that support Your allegations that Skiplagged charges customers for fares on American flights"</mark></li></ul> |
| 47. | <ul><li>overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark></li><li><mark>vague and ambiguous as to "support"</mark></li><li>attorney-client privilege and attorney work product</li><li>premature contention RFP</li><li><mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "[a]ll documents and communications that support Your allegations that Skiplagged sells tickets on American flights"</mark></li></ul> |

15

| | |
|---|---|
| 48. | <ul><li>overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark></li><li><mark>vague and ambiguous as to "support"</mark></li><li>attorney-client privilege and attorney work product</li><li>premature contention RFP</li><li><mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "[a]ll documents and communications that support Your allegation that Skiplagged represents itself as an agent of American"</mark></li></ul> |
| 49. | <ul><li>overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents, communications, analysis, or studies"</mark></li><li>facially overbroad, <mark>vague, and ambiguous as to "relating to"</mark></li><li><mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "relating to the placement of Your terms and conditions or terms of use on aa.com," "any wireframes reflecting all potential placements for such terms and comments or advice from any user experience or UEX employees or consultants"</mark></li><li><mark>relevancy</mark></li></ul> |
| 50. | <ul><li>overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark></li><li>facially overbroad, <mark>vague, and ambiguous as to "relating to"</mark></li><li><mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "relating to revenue generated by the purchase of hidden-city tickets by users of Skiplagged.com or any other website by which hidden-city tickets may be identified"</mark></li><li>attorney-client privilege and attorney work product</li></ul> |
| 51. | <ul><li>overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark></li><li>facially overbroad, <mark>vague, and ambiguous as to "relating to"</mark></li><li><mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "relating to profits you received from purchases of hidden-city tickets"</mark></li><li>overly broad and unduly burdensome as to "[a]ll documents and communication relating to profits" that are in some way associated or connected with skiplagging done by any of its customers</li><li>attorney-client privilege and attorney work product</li></ul> |

16

**App'x 062**

| | |
|---|---|
| 52. | • overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark><br>• facially overbroad, <mark>vague, and ambiguous as to "relating to"</mark><br>• <mark>vague and ambiguous as to "efforts" and "abilities"</mark><br>• <mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "relating to Your efforts or abilities to identify or flag bookings facilitated by Skiplagged"</mark><br>• overly broad and unduly burdensome as to "[a]ll documents and communication relating to profits" that are in some way associated or connected with skiplagging done by any of its customers<br>• attorney-client privilege and attorney work product |
| 53. | • overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark><br>• <mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "[a]ll documents and communications, including but not limited to terms of use, codes of conduct, or policies, provided to customers that refer to Skiplagged, hidden city ticketing, or similar practices"</mark><br>• overly broad, unduly burdensome, and <mark>irrelevant as to documents and communications "provided to customers that refer to Skiplagged, hidden city ticketing, or similar practices"</mark> |
| 54. | • overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark><br>• facially overbroad, <mark>vague, and ambiguous as to "relating to"</mark><br>• <mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "documents and communications relating to Your determination of ticket prices, including but not limited to, how You set ticket prices for direct and connecting flights, software used to set ticket prices, and adjustments to ticket prices"</mark><br>• <mark>relevancy</mark><br>• trade secrets and other confidential information shielded from discovery |
| 55. | • overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark><br>• facially overbroad, <mark>vague, and ambiguous as to "relating to"</mark><br>• <mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "relating to all efforts to license or enforce"</mark><br>• overly broad and unduly burdensome as to "all documents and communications," "all efforts", "any cease-and-desist letters or similar communications, license agreements, litigation filings, and settlement agreements"<br>• <mark>relevancy</mark><br>• attorney-client privilege and attorney work product |

App'x 063

| 56. | • overly broad, irrelevant, and not proportional to the needs of the case as to "[a]ll documents and communications"<br>• fails to describe with reasonable particularity each item or category of items to be inspected as to "You claim demonstrate the value of the American Marks and any harm or loss to the American Marks You allege were caused by Skiplagged"<br>• overly broad and unduly burdensome<br>• relevancy |
|---|---|
| 57. | • overly broad, irrelevant, and not proportional to the needs of the case as to "[a]ll documents and communications"<br>• fails to describe with reasonable particularity each item or category of items to be inspected as to "You claim demonstrate the value of the American Copyrights and any harm or loss to the American Copyrights You allege were caused by Skiplagged"<br>• overly broad and unduly burdensome<br>• relevancy |
| 58. | • vague and ambiguous as to "[r]elevant portions"<br>• overly broad, unduly burdensome, and not relevant |
| 59. | • overly broad, irrelevant, and not proportional to the needs of the case as to "[a]ll documents"<br>• fails to describe with reasonable particularity each item or category of items to be inspected as to "demonstrating ownership of the American Marks and American Copyrights from create of each intellectual property asset through the present"<br>• overly broad and unduly burdensome |
| 60. | • overly broad, irrelevant, and not proportional to the needs of the case as to "[a]ll assignments or documents"<br>• fails to describe with reasonable particularity each item or category of items to be inspected as to "affecting any rights in the American Marks and American Copyrights"<br>• overly broad and unduly burdensome as to "from creation of each intellectual property asset through the present"<br>• relevancy |
| 61. | • overly broad, irrelevant, and not proportional to the needs of the case as to "[a]ll documents"<br>• fails to describe with reasonable particularity each item or category of items to be inspected as to "relating to"<br>• overly broad and unduly burdensome as to "[a]ll documents licensing or giving any rights to third parties"<br>• relevancy |

18

**App'x 064**

| 62. | • overly broad, ==irrelevant==, and not proportional to the needs of the case ==as to "[a]ll documents and communications"==<br>• facially overbroad, ==vague, and ambiguous as to "relating to"==<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to "relating to any valuations performed of the American Marks and the American Copyrights"==<br>• overly broad and unduly burdensome<br>• ==relevancy== |
|---|---|
| 63. | • overly broad, ==irrelevant==, and not proportional to the needs of the case ==as to "[a]ll documents and communications"==<br>• facially overbroad, ==vague, and ambiguous as to "relating to"==<br>• ==relevancy==<br>• ==vague and ambiguous as to "analysis" and "opinion"==<br>• attorney-client privilege and attorney work product<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to "any analysis or opinion of the validity or enforceability of the American Marks or American Copyrights"==<br>• overly broad and unduly burdensome |
| 64. | • ==fails to describe with reasonable particularity each item or category of items to be inspected as to "[a]ll individuals that participated in any way with the creation of the American Copyrights"==<br>• ==relevancy== |
| 65. | • ==fails to describe with reasonable particularity each item or category of items to be inspected as to "[d]ocuments establishing each of the Copyright Authors' relationship with You"==<br>• ==relevancy== |
| 66. | • ==vague and ambiguous as to "complete file"==<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to "[t]he complete file for the American Copyrights"==<br>• ==relevancy== |
| 67. | • ==vague and ambiguous as to "complete file"==<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to "[t]he complete file for the American Marks"==<br>• ==relevancy== |
| 68. | • overly broad, ==irrelevant==, and not proportional to the needs of the case ==as to "[a]ll documents"==<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to "establishing Your initial use in commerce and continued use in commerce through the present of the American Marks"==<br>• ==relevancy== |

19

**App'x 065**

| 69. | • overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents"</mark><br>• <mark>vague and ambiguous as to "supporting"</mark><br>• attorney-client privilege and attorney work product<br>• premature contention RFP<br>• <mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "supporting Your contention that Skiplagged's use of the American Marks and the American Copyrights is not fair use or nominative use"</mark> |
|---|---|
| 70. | • overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark><br>• <mark>vague and ambiguous as to "supporting"</mark><br>• attorney-client privilege and attorney work product<br>• premature contention RFP<br>• <mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "supporting Your contention that Skiplagged's use of the American Marks is likely to cause confusion"</mark><br>• facially overbroad, <mark>vague, and ambiguous as to "relating to"</mark><br>• overly broad and unduly burdensome |
| 71. | • overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark><br>• <mark>vague and ambiguous as to "contend"</mark><br>• attorney-client privilege and attorney work product<br>• premature contention RFP<br>• <mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "You contend demonstrate any actual confusion"</mark><br>• overly broad and unduly burdensome |
| 72. | • overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark><br>• <mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "showing any diverted sales or leads"</mark><br>• overly broad and unduly burdensome |
| 73. | • overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark><br>• <mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "demonstrating Your claim of consumer confusion for each American Airlines flight booked by Skiplagged for consumers seeking to book a flight on American Airlines"</mark><br>• overly broad and unduly burdensome |
| 74. | • overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark><br>• <mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "demonstrating Your claim of consumer confusion for each non-American Airlines flight booked by Skiplagged for consumers seeking to book a flight on an airline other than American Airlines"</mark><br>• overly broad and unduly burdensome |

20

**App'x 066**

| 75. | <ul><li>overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents"</mark></li><li><mark>vague and ambiguous</mark></li><li>fails to describe with reasonable particularity each item or category of items to be inspected as to "showing any difference in legal rights between the American Marks and the American Copyrights"</li></ul> |
|---|---|
| 76. | <ul><li>overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark></li><li>facially overbroad, <mark>vague, and ambiguous as to "relating to"</mark></li><li><mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "relating to Your policies regarding protection and use of intellectual property rights, including use of third-party intellectual property rights and precautions to be taken before using an intellectual property right not owned by You"</mark></li><li><mark>relevancy</mark></li><li>attorney-client privilege and attorney work product</li></ul> |
| 77. | <ul><li>overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents"</mark></li><li><mark>vague and ambiguous as to "supporting"</mark></li><li>attorney-client privilege and attorney work product</li><li>premature contention RFP</li><li><mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "supporting Your claim that this case is an exceptional case in Your favor under the Lanham Act"</mark></li></ul> |
| 78. | <ul><li>overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents"</mark></li><li><mark>vague and ambiguous as to "supporting"</mark></li><li>attorney-client privilege and attorney work product</li><li>premature contention RFP</li><li><mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "supporting Your contention that Skiplagged's alleged copyright infringement was willful"</mark></li></ul> |
| 79. | <ul><li>overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents"</mark></li><li><mark>vague and ambiguous as to "supporting"</mark></li><li>attorney-client privilege and attorney work product</li><li>premature contention RFP</li><li><mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "supporting Your contention that Skiplagged's alleged Lanham Act violations were willful"</mark></li></ul> |

| 80. | • overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents"</mark><br>• <mark>vague and ambiguous as to "supporting"</mark><br>• attorney-client privilege and attorney work product<br>• premature contention RFP<br>• <mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "supporting Your contention that Skiplagged violated Your copyrights including alleged infringement of the American Copyrights"</mark> |
|---|---|
| 81. | • overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents"</mark><br>• <mark>vague and ambiguous as to "supporting"</mark><br>• attorney-client privilege and attorney work product<br>• premature contention RFP<br>• <mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "supporting Your contention that Skiplagged violated Your trademark rights including alleged infringement of the American Marks"</mark> |
| 82. | • overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark><br>• <mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "showing when Skiplagged allegedly first used the American Copyrights and when You first became aware of it"</mark><br>• overly broad and unduly burdensome as to when "You [American] first became aware of" Skiplagged using American Copyrights<br>• <mark>relevancy</mark> |
| 83. | • overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark><br>• attorney-client privilege and attorney work product<br>• premature contention RFP<br>• <mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "relating to the reasons why You waited from Your first knowledge of Skiplagged's alleged use of the American Copyrights"</mark><br>• facially overbroad, <mark>vague, and ambiguous as to "relating to"</mark><br>• <mark>relevancy</mark> |
| 84. | • overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark><br>• <mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "showing when Skiplagged allegedly first used the American Marks and when You first became aware of it"</mark><br>• overly broad and unduly burdensome as to when "You [American] first became aware of" Skiplagged using American Marks<br>• <mark>relevancy</mark> |

| 85. | • overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark><br>• facially overbroad, <mark>vague, and ambiguous as to "relating to"</mark><br>• <mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "relating to the reasons why You waited from Your first knowledge of Skiplagged's alleged use of the American Marks"</mark><br>• <mark>relevancy</mark><br>• attorney-client privilege and attorney work product |
|---|---|
| 86. | • overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark><br>• facially overbroad, <mark>vague, and ambiguous as to "relating to"</mark><br>• attorney-client privilege and attorney work product<br>• premature contention RFP<br>• <mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "relating to the legal and factual basis that the statute of limitation has not lapsed as to each of Your claims"</mark> |
| 87. | • overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark><br>• <mark>vague and ambiguous as to "supporting"</mark><br>• attorney-client privilege and attorney work product<br>• premature contention RFP<br>• facially overbroad, <mark>vague, and ambiguous as to "relating to"</mark><br>• <mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "supporting or relating to the alleged validity and enforceability of the American Copyrights"</mark><br>• overly broad and unduly burdensome |
| 88. | • overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark><br>• facially overbroad, <mark>vague, and ambiguous as to "relating to"</mark><br>• <mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "supporting or relating to the alleged validity and enforceability of the American Marks"</mark><br>• overly broad and unduly burdensome<br>• attorney-client privilege and attorney work product |
| 89. | • overly broad, <mark>irrelevant</mark>, and not proportional to the needs of the case <mark>as to "[a]ll documents and communications"</mark><br>• <mark>vague and ambiguous as to "supporting"</mark><br>• attorney-client privilege and attorney work product<br>• premature contention RFP<br>• <mark>fails to describe with reasonable particularity each item or category of items to be inspected as to "supporting Your claim that the American Marks are inherently distinctive"</mark> |

App'x 069

| 90. | • overly broad, ==irrelevant==, and not proportional to the needs of the case ==as to "[a]ll documents"==<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to "demonstrating by year the amount of advertising spent using the American Marks"==<br>• overly broad, unduly burdensome, and ==irrelevant== |
|---|---|
| 91. | • overly broad, ==irrelevant==, and not proportional to the needs of the case ==as to "[a]ll documents"==<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to "demonstrating by year the amount of sales obtaining using the American Marks"==<br>• overly broad, unduly burdensome, and ==irrelevant== |
| 92. | • overly broad, ==irrelevant==, and not proportional to the needs of the case ==as to "[a]ll documents and communications"==<br>• ==vague and ambiguous as to "supporting"==<br>• attorney-client privilege and attorney work product<br>• premature contention RFP<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to "supporting Your contention that Skiplagged's actions have caused a false, deceptive, or misleading belief in the minds of consumers as to the affiliation, connection, or association of Skiplagged with American, or as to the origin, sponsorship, or approval of Skiplagged's goods and services by American"== |
| 93. | • overly broad, ==irrelevant==, and not proportional to the needs of the case ==as to "[a]ll documents"==<br>• ==vague and ambiguous==<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to "showing each of Your publications of the American Copyrights without a copyright notice included with the copyrights"== |
| 94. | • overly broad, ==irrelevant==, and not proportional to the needs of the case ==as to "[a]ll documents"==<br>• ==vague and ambiguous==<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to "showing each of Your publications of the American Marks without a federal trademark registration notice included with the trademarks"== |
| 95. | • overly broad, ==irrelevant==, and not proportional to the needs of the case ==as to "[a]ll documents"==<br>• ==vague and ambiguous as to "supporting"==<br>• attorney-client privilege and attorney work product<br>• premature contention RFP<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to "[a]ll documents supporting Your contention that Skiplagged's alleged use of the American Copyrights is likely to cause consumer confusion"== |

24

**App'x 070**

| 96. | • overly broad, irrelevant, and not proportional to the needs of the case as to "[a]ll documents and communications"<br>• facially overbroad, vague, and ambiguous as to "relating to"<br>• fails to describe with reasonable particularity each item or category of items to be inspected as to "[a]ll documents and communications relating any incidences where consumers viewing Skiplagged's website intending to purchase a flight on American Airlines were somehow confused or mislead into purchasing a flight on another airline believing the flight to be provided by You"<br>• attorney-client privilege and attorney work product |
|---|---|
| 97. | • overly broad, irrelevant, and not proportional to the needs of the case as to "[a]ll documents and communications"<br>• facially overbroad, vague, and ambiguous as to "relating to"<br>• fails to describe with reasonable particularity each item or category of items to be inspected as to "[a]ll documents and communications relating to any incidences where consumers viewing Skiplagged's website intending to purchase a flight on American Airlines were somehow confused or mislead into believing that Skiplagged was an agent, sponsored by, or affiliated with You"<br>• attorney-client privilege and attorney work product |
| 98. | • overly broad, irrelevant, and not proportional to the needs of the case as to "[a]ll documents and communications"<br>• facially overbroad, vague, and ambiguous as to "relating to"<br>• attorney-client privilege and attorney work product<br>• premature contention RFP<br>• fails to describe with reasonable particularity each item or category of items to be inspected as to "relating to any incidences where You contend Skiplagged diverted consumers viewing Skiplagged's website intending to purchase a flight on American Airlines to a different airline without the consumer's knowledge or consent" |
| 99. | • overly broad, irrelevant, and not proportional to the needs of the case as to "[a]ll documents"<br>• vague and ambiguous as to "supporting"<br>• attorney-client privilege and attorney work product<br>• premature contention RFP<br>• fails to describe with reasonable particularity each item or category of items to be inspected as to "supporting Your claim for statutory damages" |
| 100. | • overly broad, irrelevant, and not proportional to the needs of the case as to "[a]ll documents"<br>• vague and ambiguous as to "supporting"<br>• attorney-client privilege and attorney work product<br>• premature contention RFP<br>• fails to describe with reasonable particularity each item or category of items to be inspected as to "supporting Your claim for attorney's fees under each statute through which fees are sought" |

| 101. | • overly broad, ==irrelevant==, and not proportional to the needs of the case ==as to "[a]ll documents"==<br>• ==vague and ambiguous as to "supporting"==<br>• attorney-client privilege and attorney work product<br>• premature contention RFP<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to "supporting Your claim for injunctive relief"== |
|------|---|
| 102. | • overly broad, ==irrelevant==, and not proportional to the needs of the case ==as to "[a]ll documents"==<br>• facially overbroad, ==vague, and ambiguous as to "relating to"==<br>• attorney-client privilege and attorney work product<br>• premature contention RFP<br>• ==fails to describe with reasonable particularity each item or category of items to be inspected as to "relating to Your delay in seeking injunctive relief"== |

**App'x 072**