IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF AMERICAN AIRLINES, INC.'S BRIEF IN SUPPORT OF ITS UNOPPOSED MOTION FOR ISSUANCE OF LETTER OF REQUEST**

Pursuant to Federal Rule of Civil Procedure 28(b) and The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. No. 7444, 23 U.S.T. 2555, and 28 U.S.C. § 1781 *et seq.* ("The Hague Convention"), Plaintiff American Airlines, Inc. ("American") files this Brief in Support of its Motion for Issuance of Letter of Request (the "Motion"), and respectfully requests that the Court grant American's Motion and issue the Letter of Request attached hereto as Exhibit A (the "Letter of Request") seeking international judicial assistance from the Ministry of Justice of France in order to obtain deposition testimony from Defendant Skiplagged, Inc.'s ("Skiplagged") Head of Product/Head of Design & Experience, Philippe "Phil" Ramet. The Letter of Request will enable American to obtain critical evidence and testimony from Mr. Ramet relating to American's claims and allegations in this lawsuit that American will otherwise be unable to obtain.

## I.  BACKGROUND

American filed its First Amended Complaint on August 17, 2023. [Dkt. No. 8]. American has discovered, through written discovery, deposition testimony, and publicly-available information, that Philippe "Phil" Ramet is the Head of Product and Head of Design & Experience

1

at Skiplagged. According to Skiplagged's initial disclosures, Mr. Ramet's address is 11 Bd Saint-Germain, 75005, Paris, France. Skiplagged's disclosures also state "Mr. Ramet is an independent contractor that provides product design, design experience, and user experience and design services to Skiplagged." Mr. Ramet reports directly to Skiplagged's CEO. As Head of Product, Design, and Experience, Mr. Ramet is apparently in charge of essentially all front-end aspects of Skiplagged's website and mobile application, including, for example, the user interface, the design of the website and app, how the data/information is presented or displayed to users, when and what data/information is displayed, user engagement strategies, online product strategy, and effectively the entire end-to-end user experience. Mr. Ramet's personal website describes his role and involvement with Skiplagged as follows:

**Skiplagged Apps**

Head of Product / Head of Design & Experience

The Skiplagged apps allow you to book flights, hotels and cars. Led the user experience and user interface design on a complete redesign, revamp of the iOS and Android mobile applications through quantitative and qualitative research and value-added IA/UX deliverables. Designed and generated fully-interactive HTML prototypes. Created a roadmap, identified challenges, problems by analyzing metrics and analytics in order to set up goals and MVPS. Led the user testing phase during and after development. Produced an innovative and sophisticated strategy to maximize user engagement and increase conversion rate. Produced style guides and engineering interaction specification sheets for engineers. Continually creating new features and improving the experience. Produced wireframes, high fidelity visuals, prototypes and implemented A/B testing to specific deployment rollouts.

Platform: iPhone, iPad (iOS), Android Phone and Tablet

**Skiplagged.com**

Head of Product / Head of Design & Experience

The Skiplagged website allows you to book flights, hotels and cars. Led the user experience and user interface design on a complete redesign, revamp of the Skiplagged website through quantitative and qualitative research and value-added IA/UX deliverables. Designed wireframes and iterations of every pages present on the website for three different sizes (small, medium large) in order to create a fully responsive website. Led the user testing phase during and after development. Produced an innovative and sophisticated strategy to maximize user engagement. Produced style guides and web/CSS/interaction specification sheets for engineers. Continually creating new features and improving the experience.

Platform: Web

https://www.philramet.com/skiplaggedapps, https://www.philramet.com/skiplaggedweb (last visited Mar. 26, 2024).

Accordingly, Mr. Ramet has direct knowledge and possession of critical evidence and information that is directly relevant to the parties' claims and defenses. This includes, but is not limited to, Skiplagged's unauthorized use and display of American's protected data and information on Skiplagged's website and mobile app, the operation and design of Skiplagged's website and mobile app, the data Skiplagged maintains and publishes in connection with the operation of its website and mobile app, the creation, design, implementation, and operation of Skiplagged.com, and various other matters relating to the means by which Skiplagged carries out its wrongful acts alleged in American's First Amended Complaint.

## II.      ARGUMENTS AND AUTHORITIES

**A.     Legal Standard**

Pursuant to Federal Rule of Civil Procedure 28(b), the Hague Convention, and 28 U.S.C. § 1781(b)(2), this Court is empowered to issue a Letter of Request to the competent authority of another contracting state under the Hague Convention for the purpose of obtaining evidence. Under Federal Rule of Civil Procedure 28(b), a "deposition may be taken in a foreign country . . . under a letter of request." A court may issue a Letter of Request complying with the relevant treaty or convention "on appropriate terms after an application and notice of it" and "without a showing that taking the deposition in another manner is impracticable or inconvenient." FED. R. CIV. P. 28(b)(2)-(3). The Hague Convention, of which both the United States and France are signatories, provides the mechanism for obtaining evidence through issuance of a letter of request. *See* 28 U.S.C.A. § 1781, at Art. 1 ("In civil or commercial matters a judicial authority of a Contracting State may, in accordance with the provisions of the law of that State, request the competent authority of another Contracting State, by means of a Letter of Request, to obtain evidence, or to perform some other judicial act"). The Hague Convention "serves as an alternative or 'permissive'

route to the Federal Rules of Civil Procedure for the taking of evidence abroad from litigants and third parties alike." *Abbott Labs. v. Impax Labs., Inc.*, No. 03-CV-120(KAJ), 2004 WL 1622223, at *2-3 (D. Del. July 15, 2004) (citing *Societe Nat'l Indus. Aerospatiale v. U.S. Dist. Court S. Dist. of Iowa,* 482 U.S. 522, 538 (1987)). A Letter of Request is therefore a proper method for securing the deposition testimony of foreign non-parties in this lawsuit. *See, e.g.*, *In re Urethane Antitrust Litig.*, 04-MD-1616-JWL, 2010 WL 4963019, at *1 (D. Kan. Dec. 1, 2010) (collecting cases).

The decision to issue a letter of request is within the district court's discretion. *U.S. v. El-Mezain*, 664 F.3d 467, 517 (5th Cir. 2011). However, that discretion is informed by the discovery standards set forth in Rule 26(b), which "allows a party to obtain discovery 'regarding any nonprivileged matter that is relevant to any party's claim or defense.'" *Triumph Aerostructures, LLC v. Comau, Inc.*, No. 3:14-CV-2329-L, 2015 WL 5502625, at *4 (N.D. Tex. Sept. 18, 2015); *DBMS Consultants Ltd. v. Computer Assocs. Int'l, Inc.*, 131 F.R.D. 367, 369-70 (D. Mass. 1990); *SEC v. Leslie*, No. 07-03444 (PVT), 2009 WL 688836, at *3 (N.D. Cal. Mar. 16, 2009). And "under the liberal discovery provisions of the Federal Rules, parties may inquire through deposition" sought "by way of a letter rogatory . . . as long as the inquiry is reasonably calculated to lead to the admissible evidence." *DBMS Consultants*, 131 F.R.D at 369. As noted by at least one court in this District, "[s]everal circuits have held that there must be 'good reason' to deny the request for the issuance of letters rogatory." *Triumph*, 2015 WL 5502625, at *3. Thus, "the burden lies with the party resisting the request for discovery to show a lack of relevance or undue burden." *Id.* at *4; *see also Leslie*, 2009 WL 688836, at *3 ("Some courts have gone so far as to hold that the party opposing issuance of a letter rogatory must establish good cause for the denial.").

**B.      Issuing the Letter of Request for the Testimony of Mr. Ramet is Appropriate.**

Courts in this District hold that issuance of a Letter of Request is appropriate where it seeks the deposition of "an appropriate witness possessing relevant and discoverable evidence, or is an

4

appropriate individual having access to such evidence . . . , that would aid in the establishment of facts necessary to [the requesting party]'s prosecution of its []claim." *Triumph Aerostructures*, 2015 WL 5502625, at *16. That is precisely the case here.

As American has alleged in its First Amended Complaint, Skiplagged has improperly used and displayed on its website American's valuable trademarks, American's fare, schedule, inventory, ticketing, and flight data, and other protected information and content owned by American. And through its website and mobile app, Skiplagged holds itself out as an agent of American by displaying American's data and trademarks in order to advertise and sell tickets for American flights. As described in Section I above, Mr. Ramet is not only directly involved in, but is in charge of, the creation, design, and implementation of Skiplagged's website and app by which it carries out all of the improper and illegal acts alleged by American in this case. Therefore, as set forth in the Letter of Request attached as Exhibit A (which American hereby incorporates by reference as if fully set forth herein), Mr. Ramet has knowledge and possession of material, discoverable information that is directly relevant to the subject-matter of this case and to the parties' claims and defenses.

The Letter of Request attached hereto is directed to the appropriate authority in France (the French Ministry of Justice), complies with the requirements of the Hague Convention, and seeks deposition testimony from residents of France relating to matters that are undeniably relevant to this case. Because Mr. Ramet is not a party to the lawsuit, has not been voluntarily subjected to discovery in this case, and is not subject to this Court's jurisdiction, American will otherwise be unable to obtain this evidence within Mr. Ramet's knowledge and possession absent issuance of the Letter of Request. In such circumstances, courts appropriately grant requests to issue letters of request under the Hague Convention. *See e.g.*, *Blitzsafe Texas, LLC v. Jaguar Land Rover Ltd.*,

5

No. 2:17-CV-00424-JRG, 2019 WL 13077697, at *2 (E.D. Tex. Apr. 1, 2019); *Tulip Computers Int'l BV v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003).

Because Mr. Ramet has personal knowledge of discoverable information directly relating to the facts surrounding American's claims and Skiplagged's defenses, the Court should sign and issue the Letter of Request to the Ministry of Justice of France so that American can depose and obtain the critical evidence within Mr. Ramet's knowledge and possession.

France requires that Letters of Request be issued in French or be accompanied by a French translation, pursuant to Articles 33 and 4(2) of the Hague Convention. As such, the proposed Letter Request attached to American's Appendix is accompanied by a sworn French translation that will be included with the transmission to the Ministry of Justice of France.

## **CONCLUSION**

Based on the foregoing, American respectfully requests that the Court (1) grant its Motion; (2) sign and issue the proposed Letter of Request, attached to American's Appendix as Exhibit A, to the Ministry of Justice of France, to cause Mr. Ramet to appear for oral deposition in France or at another mutually agreed upon location; and (3) grant American such other and further relief to which it may be justly entitled.

Dated: April 16, 2024                                    Respectfully submitted,

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
J. Austin Franklin
State Bar No. 24075853
austin.franklin@kellyhart.com

6

>Julia G. Wisenberg
>State Bar No. 24099146
>julia.wisenberg@kellyhart.com
>KELLY HART & HALLMAN LLP
>201 Main Street, Suite 2500
>Fort Worth, Texas 76102
>(817) 332-2500
>
>Bina Palnitkar
>State Bar No. 24070378
>palnitkarb@gtlaw.com
>GREENBERG TRAURIG LLP
>2200 Ross Avenue, Suite 5200
>Dallas, TX 75201
>Telephone: (214) 665-3600
>
>Nathan J. Muyskens
>nathan.muyskens@gtlaw.com
>GREENBERG TRAURIG LLP
>2101 L Street, N.W., Suite 1000
>Washington, DC 20037
>Telephone: (202) 331-3100

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I hereby certify that, on April 10, 2024, I conferred with counsel for Skiplagged via email regarding whether Skiplagged is opposed to this motion and the relief requested herein, and Skiplagged's counsel indicated that Skiplagged is not opposed.

>*/s/ Julia G. Wisenberg*
>Julia G. Wisenberg

## **CERTIFICATE OF SERVICE**

I certify that, on April 16, 2024, a true and correct copy of the foregoing document was served on all counsel of record electronically via the Court's ECF system in accordance with the Federal Rules of Civil Procedure.

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.
