IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

**APPENDIX TO PLAINTIFF AMERICAN AIRLINES, INC.'S BRIEF IN SUPPORT OF ITS UNOPPOSED MOTION FOR ISSUANCE OF LETTER OF REQUEST**

Plaintiff American Airlines, Inc. files this Appendix to its Brief in Support of its Unopposed Motion for Issuance of Letters of Request and Brief in Support thereof:

| Ex. | DOCUMENT DESCRIPTION | PAGE NOS. |
|---|---|---|
| A | Letter of Request for Philippe Ramet | App. 001 – 016 |
| | French Translation of Letter of Request for Philippe Ramet (Sworn) | App. 017 – 032 |

Dated: April 16, 2024

Respectfully submitted,

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
J. Austin Franklin
State Bar No. 24075853
austin.franklin@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com

1

KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

Bina Palnitkar
State Bar No. 24070378
palnitkarb@gtlaw.com
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3600

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100

**ATTORNEYS FOR PLAINTIFF**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 16, 2024, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.

2

# EXHIBIT A





**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **AMERICAN AIRLINES, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 4:23-CV-00860-P |
| | § | |
| **SKIPLAGGED, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

### LETTER OF REQUEST TO THE MINISTRY OF JUSTICE OF FRANCE

TO THE MINISTRY OF JUSTICE OF FRANCE:

The United States District Court for the Northern District of Texas presents its compliments to the Ministry of Justice of France (the "Ministry of Justice") and, pursuant to the *Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, respectfully requests international judicial assistance to obtain oral testimony from an individual located within your jurisdiction to be used as evidence in the above-captioned civil proceeding before this Court. In particular, this Court has determined that it would further the interests of justice if, by the proper and usual process of the Ministry of Justice of France, you summon or compel Philippe "Phil" Ramet to give testimony upon oral examination regarding the matters and issues identified under paragraph 10 below. The applicant for these letters is American Airlines, Inc. ("American Airlines"), the plaintiff in the above-captioned case.

On information and belief, Mr. Ramet resides within France, at the following address: 11 Bd Saint-Germain, 75005, Paris, France. The testimony sought from Mr. Ramet is intended for use at trial or in preparation for trial, and, in the view of this Court, is directly relevant to the parties' claims and defenses in the case.





**App'x 002**

This request is made with the understanding that it will in no way require Mr. Ramet to commit any offense, or to undergo a broader form of inquiry than he would if the litigation were conducted in France. The requesting Court is satisfied that the evidence sought to be obtained through this request is relevant and necessary and cannot reasonably be obtained by other methods. Because this Court lacks authority or jurisdiction to compel Mr. Ramet's participation in discovery and, such participation being necessary for justice to be served in the above-captioned proceedings, this Court respectfully requests assistance from the Ministry of Justice of France.

1.  **SENDER**

United States District Court for the Northern District of Texas, Fort Worth Division
Honorable Judge Mark T. Pittman
501 West 10th Street, Room 401
Fort Worth, TX 76102-3673
United States of America

2.  **CENTRAL AUTHORITY OF THE REQUESTED STATE**

Ministère de la Justice (Ministry of Justice)
Direction des Affaires Civiles et du Sceau
Département de l'entraide, du droit international privé et européen (DEDIPE)
13, Place Vendôme
75042 Paris Cedex 01
France
Telephone: +33 (1) 44 77 61 05
Email: entraide-civile-internationale@justice.gouv.fr

3.  **PERSON TO WHOM THE EXECUTED REQUEST IS TO BE RETURNED**

Dee J. Kelly, Jr.
dee.kelly@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500

And Local French Counsel for American Airlines:

Fabrice Fages
fabrice.fages@lw.com

LETTER OF REQUEST (PHLIPPE RAMET)





PAGE 2

App'x 003

LATHAM & WATKINS, AARPI
45, rue Saint-Dominique
Paris, 75007
France
+33.1.4062.2000

**4.    SPECIFICATION OF THE DATE BY WHICH THE REQUESTING AUTHORITY REQUIRES RECEIPT OF THE RESPONSE TO THE LETTER OF REQUEST**

A response is requested as soon as reasonably possible. The reason for the urgency of this request is that, pursuant to this Court's Scheduling Order issued in this case, the deadline by which the parties are required to complete discovery and obtain evidence for use at trial is June 30, 2024, and the parties and witness will need to coordinate mutually convenient dates for the taking of testimony from the witness.

**5.    IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST:**

**a.    *REQUESTING JUDICIAL AUTHORITY (Article 3(a))***

Honorable Judge Mark T. Pittman
United States District Court for the Northern District of Texas, Fort Worth Division
501 West 10th Street, Room 401
Fort Worth, TX 76102-3673
United States of America

**b.    *TO THE COMPETENT AUTHORITY OF (Article 3(a))***

France

**c.    *NAMES OF THE CASE AND ANY IDENTIFYING NUMBER***

*American Airlines, Inc. v. Skiplagged, Inc.*, Case No. 4:23-cv-00860-P, in the United States District Court of the Northern District of Texas, Fort Worth Division

**6.    NAMES AND ADDRESSES OF THE PARTIES AND THEIR REPRESENTATIVES (Article 3(b))**

**a.    *Plaintiff:***

LETTER OF REQUEST (PHLIPPE RAMET)



PAGE 3



**App'x 004**

American Airlines, Inc.
1 Skyview Drive
Fort Worth, TX 76155

***Representatives:***

Dee J. Kelly, Jr.
dee.kelly@kellyhart.com
Lars L. Berg
lars.berg@kellyhart.com
Julia G. Wisenberg
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: 202-331-3100

Bina Palnitkar
State Bar No. 24070378
palnitkarb@gtlaw.com
GREENBERG Traurig, LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3600

The Paris office of Latham & Watkins LLP will also represent Plaintiff and
provide any needed assistance:

Fabrice Fages
LATHAM & WATKINS, AARPI
45, rue Saint-Dominique
Paris, 75007
France
+33.1.4062.2000

b.     ***Defendant:***

Skiplagged, Inc.
41 E. 11ᵗʰ St., 9ᵗʰ Floor
New York, NY 10003





**App'x 005**

-or-
525 W. 28th St., # 1158
New York, NY 10001

**Representatives:**

William L. Kirkman
billk@kirkmanlawfirm.com
Preston B. Sawyer
prestons@kirkmanlawfirm.com
KIRKMAN LAW FIRM, PLLC
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone: (817) 336-2800

Aaron Z. Tobin
atobin@condontobin.com
Kendal B. Reed
kreed@condontobin.com
Abigail R.S. Campbell
acampbell@condontobin.com
CONDON TOBIN SLADEK THORNTON NERENBERG PLLC
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800

7.

### a.   NATURE OF THE PROCEEDINGS

Breach of Contract; Tortious Interference; Trademark Infringement (15 U.S.C. § 1114); False Designation of Origin and Unfair Competition (15 U.S.C. § 1125(a)); Copyright Infringement (17 U.S.C. § 101); and Request for Injunctive Relief.

### b.   SUMMARY OF COMPLAINT

Skiplagged, Inc. owns and operates the website Skiplagged.com, an online travel agency and travel metasearch engine that allows users to search for and book/purchase flights, hotels, and rental cars. Among other things, Skiplagged.com allows users to search for, identify, and purchase and book American flights directly on the Skiplagged.com website and/or by redirecting users to the websites of other online travel agencies to complete the purchase/booking





**App'x 006**

of American flights. In doing so, Skiplagged also uses and displays on its website American's valuable trademarks, American's fare, schedule, inventory, ticketing, and flight data, and other protected information and content owned by American. However, only authorized agents of American are permitted to act on behalf of American, to use/display its protected data and content, and to issue tickets to passengers on its behalf. Skiplagged is not, and has never been, an agent for American, has never had authorization from American to use its valuable and protected data, content, or intellectual property, and has never been authorized by American to market, display, or sell American tickets or related flight services, or to otherwise act as American's agent. Yet, through its website, Skiplagged holds itself out as an agent of American by misappropriating, using, and displaying American's data and using American's trademarks in order to sell tickets for American flights. To do this, Skiplagged employs various electronic means—such as unique software, algorithms, code, programs, and other technical means—to access, interact with, and obtain data and content from AA.com, and then modifies and republishes the data on Skiplagged.com.

Based on the foregoing, American filed this lawsuit in August 2023, asserting claims against Skiplagged for breach of contract, tortious interference, trademark infringement, false designation of origin and unfair competition, copyright infringement, and injunctive relief.

### c.   SUMMARY OF DEFENSE

Skiplagged denies essentially all of the allegations in American's complaint and asserts various affirmative defenses to American's claims.

**8.**

### a.   EVIDENCE TO BE OBTAINED OR OTHER JUDICIAL ACT TO BE PERFORMED (Article 3(d))

It is requested that the testimony of Mr. Ramet be obtained through oral deposition, under oath, and that his testimony be recorded and preserved by a stenographer and/or videographer.



b.     **PURPOSE OF THE EVIDENCE OR JUDICIAL ACT SOUGHT**

American intends to use the testimony obtained from Philippe "Phil" Ramet as evidence

at trial to support American's claims and/or to refute Skiplagged's defenses.

9.     **IDENTITY AND ADDRESS OF THE PERSON TO BE EXAMINED (Article 3(e))**

Philippe "Phil" Ramet
11 Bd Saint-Germain
75005, Paris
France

10.    **STATEMENT OF THE SUBJECT MATTER ABOUT WHICH THE PERSON IS
       TO BE EXAMINED (Article 3(f))**

Philippe "Phil" Ramet should be examined on the following subjects related to
Skiplagged and Skiplagged.com:

### I.     DEFINITIONS FOR DEPOSITION TOPICS BELOW

1. "American" means Plaintiff American Airlines, Inc.

2. "American's Content" means and includes any and all information, data, or other
   content relating to American and/or its products, services, and offerings—whether
   from American or AA.com directly, or from any other source or third party—
   including but not limited to American fares, flights, routes, fees, policies, schedules
   and inventory of American flights and services, rules, policies, or information relating
   to booking, ticketing, cancellation, or modification of American flights, text,
   graphics, icons, images, designs, databases, articles, posts, files, scripts, instructions,
   illustrations, photographs, advertising, URLs, technology, software, interactive
   features, audio or video clips, digital downloads, data compilations, customer
   information, AAdvantage® information, the "look and feel" of AA.com or the
   compilation, assembly, and arrangement of information on AA.com, all copyrightable
   materials, trademarks, logos, trade names, trade dress, service marks, trade identities,
   and any other forms of intellectual property associated with American, and any
   information relating to American flights, products, fees, offerings, or services.

3. "American's Marks" means those trademarks and copyrights belonging to American.

4. "Skiplagged" shall mean, collectively or separately as appropriate, Skiplagged, Inc.,
   any of Skiplagged employees, personnel, agents, sub-agents, representatives,
   consultants, legal counsel, accountants, predecessors, successors, subsidiaries,
   parents, assignees, assignors, affiliates, all past or present directors, officers,
   shareholders, entities acting in joint venture or partnership with or having investment
   relationships with Skiplagged, and any other persons acting under their control or on
   their behalf.

NE VARIETUR
n° 2024 0418

Expert près la Cour d'appel de Paris
Sabine Contri
contact@translexpert.eu
anglais
Traductrice-Interprète

**App'x 008**

5. "Communication" shall mean any correspondence, contact, discussion, e-mail, instant message, or any other kind of oral or written exchange or transmission of information (in the form of facts, ideas, inquiries, or otherwise) and any response thereto between two or more Persons or entities, including, without limitation, all telephone conversations, face-to-face meetings or conversations, internal or external discussions, or exchanges of any document.

6. "Method" means the rules, procedures, design, logic, and/or principles used or referenced in connection with a particular process, product, and/or system.

7. "Relating to," "relate to," "reflect," or "reflecting," when referring to any given subject matter, means any document or communication that constitutes, comprises, involves, contains, embodies, reflects, identifies, states, mentions, alludes to, refers directly or indirectly to, or is any way relevant to the particular subject matter identified.

## II.   DEPOSITION TOPICS

1. The design, features, operation, and appearance of—and the data/information displayed, published, or provided on—Skiplagged's website and mobile app.

2. The front-end development and features of Skiplagged's website and mobile app, including but not limited to aspects of the user interface (UI) and user experience (UX).

3. Skiplagged's user engagement strategies and product strategies in connection with its website and mobile app.

4. Research, investigations, studies, reports, testing, and/or analyses completed, obtained, utilized, or relied on by Skiplagged relating to user engagement, product strategy, consumer demographics, conversion rates, or the design and experience of Skiplagged's website and mobile app.

5. The work You performed, oversaw, or were involved in relating to the development and design of Skiplagged.com, including but not limited to any/all of the below matters described on Your personal website (at https://www.philramet.com/skiplaggedweb):





> **Skiplagged.com**
>
> Head of Product / Head of Design & Experience
>
> The Skiplagged website allows you to book flights, hotels and cars. Led the user experience and user interface design on a complete redesign, revamp of the Skiplagged website through quantitative and qualitative research and value-added IA/UX deliverables. Designed wireframes and iterations of every pages present on the website for three different sizes (small, medium large) in order to create a fully responsive website. Led the user testing phase during and after development. Produced an innovative and sophisticated strategy to maximize user engagement. Produced style guides and web/CSS/interaction specification sheets for engineers. Continually creating new features and improving the experience.
>
> *Platform: Web*

6. The work You performed, oversaw, or were involved relating to the development and design of Skiplagged mobile app(s), including but not limited to any of the below matters described on Your personal website (at https://www.philramet.com/skiplaggedapps):





**Skiplagged Apps**

Head of Product / Head of Design & Experience

The Skiplagged apps allow you to book flights, hotels and cars. Led the user experience and user interface design on a complete redesign, revamp of the iOS and Android mobile applications through quantitative and qualitative research and value-added IA/UX deliverables. Designed and generated fully-interactive HTML prototypes. Created a roadmap, identified challenges, problems by analyzing metrics and analytics in order to set up goals and MVPS. Led the user testing phase during and after development. Produced an innovative and sophisticated strategy to maximize user engagement and increase conversion rate. Produced style guides and engineering interaction specification sheets for engineers. Continually creating new features and improving the experience. Produced wireframes, high fidelity visuals, prototypes and implemented A/B testing to specific deployment rollouts.

*Platform: iPhone, iPad (iOS), Android Phone and Tablet*

7. Data obtained or generated by Skiplagged relating to user/customer engagement, consumer demographics, consumer behavior, repeat customers, online traffic, completed purchases/transactions, abandoned or uncompleted bookings, website or mobile app activity, customer complaints, and Google Analytics.

8. Skiplagged's communications and/or other digital interactions with actual or potential customers.

9. The aspects of Skiplagged's website and mobile app relating to Skiplagged's referral and/or redirection of customers to other online travel agencies to complete bookings.

10. Documents and communications—both internal and/or with third parties—relating in any way to American, American's Content, American's Marks, AA.com, Skiplagged's use or display of American Content or data, or Skiplagged's offerings of American flights.

11. Skiplagged.com's search functionality and display of search results, including the technical processes employed to run searches and generate search results on Skiplagged.com after users enter in their desired criteria.

12. The sources from which Skiplagged obtains or receives the data or information displayed on its website and mobile application.





App'x 011

13. The details, development, design, structure, functionality, and operation of the technical means, methods, processes, software, programs, techniques, source code, and/or hardware—both current and historical—that Skiplagged has used to:

   a. access, obtain, harvest, scrape, extract, or receive American's Content, including but not limited to American's flight and fare data;

   b. search for or identify American flights, itineraries, and fares to present to customers on Skiplagged.com (including to identify the best prices and/or to generate "hidden city" tickets);

   c. republish, display, distribute, provide access to, or otherwise use American's Content, including but not limited to American's flight and fare data, on Skiplagged.com;

   d. book or purchase American flights on AA.com for Skiplagged users/customers;

   e. charge users/customers fees for the purchase of American flights

   f. sell American flights; and

   g. communicate travel information to customers who purchase American flights or services through Skiplagged.com.

14. The ways in which Skiplagged has accessed, obtained, collected, received, or harvested American's Content, including but not limited to when, how, and from what source Skiplagged collected or obtained the content/information.

15. The sources from whom Skiplagged obtains American flight and fare information, and the technical means and processes by which Skiplagged processes, uses, and displays such information on its website and mobile app.

16. The communications and digital interactions that occur between Skiplagged and AA.com in connection with Skiplagged purchasing or selling American flights, and the technical processes used to generate and conduct such communications.

17. Communications between, and work performed by, Skiplagged's software engineers, Product team, and/or Design & Experience team.

18. The operation, design, appearance, and functionality of Skiplagged.com.

**11.  DOCUMENTS OR OTHER PROPERTY TO BE INSPECTED (Article 3(g))**

None.

**12.  ANY REQUIREMENT THAT THE EVIDENCE BE GIVEN ON OATH OR AFFIRMATION AND ANY SPECIAL FORM TO BE USED (Article 3(h))**



The testimony should be given under oath or affirmation, or in the alternative, the witness should be instructed of the consequences of giving untruthful or false answers under the laws of France. It is also requested that an audio-visual and written record of the testimony be taken, with a videographer and reporter/stenographer to be provided by American Airlines. In the event the evidence cannot be taken in the manner requested, it should be taken in such manner as provided by French law.

### 13. SPECIAL METHODS OR PROCEDURE TO BE FOLLOWED (Articles 3(i) and 9)

The examination of Mr. Ramet shall be conducted pursuant to the discovery rules as provided for in the Federal Rules of Civil Procedure of the United States, except to the extent such procedure is incompatible with the laws of France. It is further requested that: (i) the examination be taken orally; (ii) the examination be taken before a stenographer and videographer provided by American Airlines; (iii) the videographer be permitted to record the examination by audiovisual means; (iv) the stenographer be allowed to record a verbatim transcript of the examination; (v) the examination be conducted in English, or, if necessary, with the assistance of an interpreter; (vi) if the examination is conducted through an interpreter, verbatim transcripts of the proceeding in both English and French be permitted; (vii) the witness be examined for no more than seven hours if an interpreter is not required or no more than eight hours an interpreter is required; (viii) the witness be examined as soon as possible; and (ix) attorneys from the law firms Kelly Hart & Hallman LLP, Greenberg Traurig LLP, and/or Latham & Watkins, acting as legal representatives for American, be permitted to conduct the oral examination.





In the event that the evidence cannot be taken in accordance with some or all of the procedures described above, it is requested that the testimony be taken in such manner as provided by the applicable laws of France for the formal taking of testimonial evidence.

**14. REQUEST FOR NOTIFICATION OF THE TIME AND PLACE FOR THE EXECUTION OF THE REQUEST AND IDENTITY AND ADDRESS OF ANY PERSON TO BE NOTIFIED (Article 7)**

Please notify the following person regarding the time and place for the execution of the Request:

> Fabrice Fages
> fabrice.fages@lw.com
> LATHAM & WATKINS, AARPI
> 45, rue Saint-Dominique
> Paris, 75007
> France
> +33.1.4062.2000

> Dee J. Kelly, Jr.
> dee.kelly@kellyhart.com
> KELLY HART & HALLMAN LLP
> 201 Main Street, Suite 2500
> Fort Worth, Texas 76102
> Telephone: (817) 332-2500

> Nathan J. Muyskens
> nathan.muyskens@gtlaw.com
> GREENBERG TRAURIG LLP
> 2101 L Street, N.W., Suite 1000
> Washington, DC 20037
> Telephone: (202) 331-3100

> Bina Palnitkar
> palnitkarb@gtlaw.com
> GREENBERG TRAURIG LLP
> 2200 Ross Avenue, Suite 5200
> Dallas, TX 75201
> Telephone: (214) 665-3600

> William L. Kirkman
> billk@kirkmanlawfirm.com
> KIRKMAN LAW FIRM, PLLC
> 201 Main Street, Suite 1160

LETTER OF REQUEST (PHLIPPE RAMET)                                          PAGE 13

NE VARIETUR
n° 2024 0418

Expert près la Cour d'appel de Paris
Sabine Contri
contact@translexpert.net
anglais
Traductrice-Interprète

App'x 014

Fort Worth, Texas 76102
Telephone: (817) 336-2800

Aaron Z. Tobin
atobin@condontobin.com
CONDON TOBIN SLADEK THORNTON NERENBERG PLLC
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800

**15.   REQUEST FOR ATTENDANCE OR PARTICIPATION OF JUDICIAL PERSONNEL OF THE REQUESTING AUTHORITY AT THE EXECUTION OF THE LETTER OF REQUEST (Article 8)**

None requested.

**16.   SPECIFICATION OF PRIVILEGE OR DUTY TO REFUSE TO GIVE EVIDENCE UNDER THE LAW OF THE REQUESTING STATE (Article 11(b))**

Under the laws of the United States, the witness may refuse to give testimony that calls for the disclosure of any confidential communication between him and his counsel that was made in connection with a request for legal advice. This privilege is known as the attorney-client privilege. The witness may also refuse to answer a question if the answer would subject him to a real and appreciable danger of criminal liability in the U.S. This privilege is known as the privilege against criminal self-incrimination. If any testimony is withheld on either of these grounds, a statement to that effect must be made at the time of the taking of testimony.

**17.   THE FEES AND COSTS INCURRED WHICH ARE REIMBURSABLE UNDER THE SECOND PARAGRAPH OF ARTICLE 14 OR UNDER ARTICLE 26 OF THE CONVENTION WILL BE BORNE BY:**

Plaintiff American Airlines, Inc.

DATE OF REQUEST: _____, 2024

_____
HON. MARK T. PITTMAN

LETTER OF REQUEST (PHLIPPE RAMET)     PAGE 14



**App'x 015**

UNITED STATES DISTRICT JUDGE



**App'x 016**

*16/04/2024*

# PIECE A

*Pour copie certifiée conforme au document original en langue anglaise*
*Ce jour, le 16 avril 2024*

NE VARIETUR
n° 2024 04 18



*Sabine Contri*

**App'x 017**

*16/04/2024*

<h2 style="text-align:center">DEVANT LE TRIBUNAL DE DISTRICT DES ETATS-UNIS<br>POUR LE DISTRICT NORD DU TEXAS<br>DIVISION DE FORT WORTH</h2>

| | | |
|---|---|---|
| **AMERICAN AIRLINES, INC.** | § | |
| | § | |
| **Demandeur,** | § | |
| | § | |
| **c/** | § | **Action civile n° 4:23-CV-00860-P** |
| | § | |
| **SKIPLAGGED, INC.,** | § | |
| | § | |
| **Défendeur.** | § | |

<h3 style="text-align:center"><u>COMMISSION ROGATOIRE AU MINISTERE DE LA JUSTICE DE FRANCE</u></h3>

AU MINISTÈRE DE LA JUSTICE FRANÇAIS :

Le Tribunal de district des États-Unis pour le District Nord du Texas présente ses respects au ministère français de la Justice (le « <u>Ministère de la Justice</u> ») et, conformément à la *Convention de La Haye du 18 mars 1970 sur l'obtention des preuves à l'étranger en matière civile ou commerciale*, sollicite respectueusement l'assistance judiciaire internationale pour obtenir la déposition verbale d'une personne résidant sur votre territoire, afin qu'elle soit utilisée comme élément de preuve dans la procédure civile susmentionnée devant ce Tribunal. En particulier, ce Tribunal a considéré qu'il serait de l'intérêt de la justice que vous sollicitiez ou convoquiez Philippe "Phil" Ramet afin qu'il soit entendu comme témoin sur les sujets et questions identifiés au paragraphe 10 ci-dessous, conformément aux procédures habituelles du Ministère de la Justice. Le demandeur à cette commission rogatoire est American Airlines, Inc. (« <u>American Airlines</u> ») qui est le demandeur dans l'affaire susmentionnée.

Sur la base des informations dont nous disposons, M. Ramet réside en France, à l'adresse suivante : 11 Bd Saint-Germain, 75005, Paris, France. La déposition de M. Ramet a vocation à être utilisée dans le cadre d'un procès ou de sa préparation et, le présent Tribunal la considère directement pertinente au regard des moyens soulevés par les parties dans cette procédure.

**COMMISSION ROGATOIRE (PHLIPPE RAMET)**                                           **PAGE 2**

*Pour copie certifiée conforme au document original en langue anglaise*
*Ce jour, le 16 avril 2024*





*Sabine Contri*

**App'x 018**

*16/04/2024*

Cette commission rogatoire est présentée en considération de ce qu'elle n'est pas susceptible de conduire M. Ramet à commettre une infraction pénale ou à faire l'objet de mesures d'investigation plus larges qu'elle ne le serait que si la procédure se déroulait en France. Le présent Tribunal considère que l'élément de preuve sollicité à travers cette commission rogatoire est pertinent et nécessaire et ne peut être raisonnablement obtenu par d'autres méthodes. Dans la mesure où le Tribunal n'a ni l'autorité ni la compétence pour contraindre M. Ramet à participer à une procédure de *discovery* et dans la mesure où cette participation est nécessaire à l'administration de la justice dans la procédure susvisée, le Tribunal sollicite respectueusement l'assistance du Ministère de la Justice de la France.

1. **REQUERANT**

   Tribunal de district des États-Unis pour le District Nord du Texas, division de Fort Worth
   Juge Mark T. Pittman
   501 West 10ᵗʰ Street, Room 401
   Fort Worth, TX 76102-3673
   Etats-Unis d'Amérique

2. **AUTORITÉ CENTRALE DE L'ETAT REQUIS**

   Ministère de la Justice
   Direction des Affaires Civiles et du Sceau
   Département de l'entraide, du droit international privé et européen (DEDIPE)
   13, Place Vendôme
   75042 Paris Cedex 01
   France
   Téléphone : +33 (1) 44 77 61 05
   Courriel : entraide-civile-internationale@justice.gouv.fr

3. **PERSONNE À LAQUELLE LA COMMISSION ROGATOIRE EXÉCUTÉE DOIT ÊTRE RENVOYÉE**

   Dee J. Kelly, Jr.
   dee.kelly@kellyhart.com
   **KELLY HART & HALLMAN LLP**
   201 Main Street, Suite 2500
   Fort Worth, Texas 76102
   Téléphone : (817) 332-2500

   Et conseil local français pour American Airlines

   Fabrice Fages
   fabrice.fages@lw.com

*Pour copie certifiée conforme au document original en langue anglaise*
*Ce jour, le 16 avril 2024*





*Sabine Contri*

*Page 4 sur 16*

**LATHAM & WATKINS, AARPI**
45, rue Saint-Dominique
Paris, 75007
France +33.1.40.62.28.15

## 4.   DATE À LAQUELLE L'AUTORITÉ REQUÉRANTE SOUHAITE RECEVOIR LA RÉPONSE À LA COMMISSION ROGATOIRE

Une réponse est sollicitée dans les meilleurs délais. Cette urgence est justifiée par le calendrier de procédure ordonné par le Tribunal dans ce dossier, lequel exige des parties qu'elles achèvent la phase de recherche de preuves devant être utilisées dans le cadre du procès le 30 juin 2024 au plus tard, ce qui exige que les parties et le témoin se coordonnent afin de convenir des dates auxquelles la déposition du témoin sera recueillie.

## 5.   CONFORMÉMENT A L'ARTICLE 3 DE LA CONVENTION, LE DEMANDEUR SOUSSIGNÉ A L'HONNEUR DE PRÉSENTER LA DEMANDE SUIVANTE :

### a.   *AUTORITÉ JUDICIAIRE REQUERANTE (article 3(a))*

Juge Mark T. Pittman
Tribunal de district des États-Unis pour le District Nord du Texas, division de Fort Worth
501 West 10th Street, Room 401
Fort Worth, TX 76102-3673
États-Unis d'Amérique

### b.   *À L'AUTORITÉ COMPÉTENTE DE (article 3(a))*

La France

### c.   *DESIGNATION ET NUMERO DE L'AFFAIRE*

*American Airlines, Inc. c. Skiplagged, Inc.*, affaire n° 4:23-cv-00860-P, devant le Tribunal de district des États-Unis du District Nord du Texas, division de Fort Worth

## 6.   NOMS ET ADRESSES DES PARTIES ET DE LEURS REPRÉSENTANTS (article 3(b))

### a.   *Demandeur :*

COMMISSION ROGATOIRE (PHILIPPE RAMET)                                      PAGE 3

*Pour copie certifiée conforme au document original en langue anglaise*
*Ce jour, le 16 avril 2024*



*Sabine Contri*



**App'x 020**

American Airlines, Inc.
1 Skyview Drive
Fort Worth, TX 76155

*Représentants :*

Dee J. Kelly, Jr.
dee.kelly@kellyhart.com
Lars L. Berg
lars.berg@kellyhart.com
Julia G. Wisenberg
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Téléphone : (817) 332-2500

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Téléphone : 202-331-3100

Bina Palnitkar
N° d'inscription au Barreau de l'Etat 24070378
palnitkarb@gtlaw.com
GREENBERG Traurig, LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Téléphone : (214) 665-3600

Le bureau parisien de Latham & Watkins LLP représentera également le demandeur et fournira toute assistance nécessaire :

Fabrice Fages
LATHAM & WATKINS, AARPI
45, rue Saint-Dominique
Paris, 75007
France
+33.1.40.62.28.15

**b.**   *Défendeur :*

Skiplagged, Inc.
41 E. 11ᵗʰ St., 9ᵗʰ Floor
New York, NY 10003

*Pour copie certifiée conforme au document original en langue anglaise*
*Ce jour, le 16 avril 2024*

NE VARIETUR
n° 2024 04 18



Sabine Contri

*16/04/2024*

-ou-
525 W. 28ᵗʰ St., # 1158
New York, NY 10001

**Représentants :**

William L. Kirkman
billk@kirkmanlawfirm.com
Preston B. Sawyer
prestons@kirkmanlawfirm.com
KIRKMAN LAW FIRM, PLLC
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Téléphone : (817) 336-2800

Aaron Z. Tobin
atobin@condontobin.com
Kendal B. Reed
kreed@condontobin.com
Abigail R.S. Campbell
acampbell@condontobin.com
CONDON TOBIN SLADEK THORNTON NERENBERG PLLC
8080 Park Lane, Suite 700
Dallas, Texas 75231
Téléphone : (214) 265-3800

7.

### a.   NATURE DE LA PROCÉDURE

Violation contractuelle ; responsabilité délictuelle (parasitisme) ; contrefaçon de marque (15 U.S.C.

§ 1114) ; publicité trompeuse et concurrence déloyale (15 U.S.C. § 1125(a)) ; violation de droits de

propriété intellectuelle (17 U.S.C. § 101) ; et demande de mesures de réparation.

### b.   RÉSUMÉ DE LA DEMANDE

Skiplagged, Inc. possède et exploite le site internet Skiplagged.com, une agence de voyage en ligne

et un métamoteur de recherche de voyages qui permet aux utilisateurs de rechercher et de

réserver/acheter des vols, des hôtels et des voitures de location. Skiplagged.com permet

notamment aux utilisateurs de rechercher, d'identifier, d'acheter et de réserver des vols

d'American Airlines directement sur le site Skiplagged.com et/ou en redirigeant les utilisateurs

vers les sites internet d'autres agences de voyage en ligne pour terminer l'achat/la réservation

COMMISSION ROGATOIRE (PHLIPPE RAMET)                                          PAGE 5

*Pour copie certifiée conforme au document original en*
*langue anglaise*
*Ce jour, le 16 avril 2024*





*Sabine Contri*

**App'x 022**

de vols d'American. Ce faisant, Skiplagged utilise et affiche sur son site internet les marques déposées d'American Airlines, les tarifs, les horaires, l'inventaire, la billetterie et les données de vol d'American Airlines, ainsi que d'autres informations et contenus protégés appartenant à American Airlines. Toutefois, seuls les mandataires agréés d'American Airlines sont autorisés à agir au nom d'American Airlines, à utiliser/afficher ses données et contenus protégés et à émettre des billets pour les passagers en son nom. Or Skiplagged n'est pas, et n'a jamais été, mandataire d'American Airlines, n'a jamais été autorisé par American Airlines à utiliser les données, le contenu ou la propriété intellectuelle protégés et disposant d'une valeur commerciale, et n'a jamais été autorisé par American Airlines à commercialiser, afficher ou vendre des billets d'avion American Airlines ou les services en vol liés à ces billets, ni à agir d'une quelconque manière comme mandataire d'American Airlines. Pourtant, sur son site internet, Skiplagged se présente comme mandataire d'American Airlines en détournant, utilisant et affichant les données d'American Airlines et en utilisant les marques déposées d'American Airlines pour vendre des billets pour des vols American Airlines. A cet effet, Skiplagged utilise plusieurs procédés électroniques -- tels un logiciel propre, des algorithmes, un code, des programmes et d'autres moyens techniques -- pour accéder à, interagir avec et obtenir des données et du contenu du site internet AA.com, puis modifier et republier ces données sur Skiplagged.com.

Sur la base de ce qui précède, American Airlines a engagé la présente action en justice en août 2023, formulant à l'encontre de Skiplagged des demandes pour violation contractuelle, responsabilité délictuelle (parasitisme), contrefaçon de marque, publicité trompeuse et concurrence déloyale, violation de droits de propriété intellectuelle, et demande de mesures de réparation.

**c.     RÉSUMÉ DES MOYENS DE DÉFENSE**

Pour l'essentiel, Skiplagged conteste l'intégralité des allégations formulées par American Airlines et présente plusieurs moyens de défense aux demandes d'American Airlines.

8.

**a.     PREUVE À OBTENIR OU AUTRE ACTE JUDICIAIRE À ACCOMPLIR (article 3(d))**

Il est demandé que M. Ramet dépose oralement, sous serment, et que sa déposition soit enregistrée et prise en note par un sténographe et/ou un vidéographe.

COMMISSION ROGATOIRE (PHILIPPE RAMET)                                           PAGE 6

*Pour copie certifiée conforme au document original en langue anglaise*
*Ce jour, le 16 avril 2024*





*Sabine Contri*

**App'x 023**

*16/04/2024*

**b.     L'OBJET DE LA PREUVE OU DE L'ACTE JUDICIAIRE SOLLICITÉ**

American Airlines a l'intention d'utiliser le témoignage de Philippe "Phil" Ramet comme élément

preuve dans le cadre du procès pour étayer les demandes d'American Airlines et/ou réfuter les moyens de

défense de Skiplagged.

**9.     IDENTITÉ ET ADRESSE DE LA PERSONNE À INTERROGER (article 3(e))**

Philippe Ramet
11 Bd Saint-Germain
75005, Paris
France

**10.     DESCRIPTION DES SUJETS SUR LESQUELS LA PERSONNE DEVRA DEPOSER (article 3, point f))**

Philippe Ramet devra être interrogé sur les sujets suivants liés à Skiplagged et Skiplagged.com :

### I.     DÉFINITIONS PERTINENTES

1.  « American » désigne le demandeur American Airlines, Inc.

2.  Le « Contenu d'American » désigne et inclut toute information, donnée ou autre contenu relatif à American et/ou à ses produits, services et offres, qu'il provienne d'American ou de AA.com directement, ou de toute autre source ou tiers, incluant notamment mais pas seulement, les tarifs, vols, itinéraires, frais, politiques, horaires et inventaire des vols et services d'American, les règles, les politiques ou les informations concernant la réservation, l'émission de billets, l'annulation ou la modification de vols d'American, les textes, graphiques, icônes, images, dessins, bases de données, articles, publications, fichiers, scripts, instructions, illustrations, photographies, publicités, URL, technologie, logiciels, fonctionnalités interactives, clips audio ou vidéo, téléchargements numériques, compilations de données, informations clients, informations AAdvantage®, l'aspect général de AA.com ou la compilation, l'assemblage et l'agencement des informations sur AA.com, tous les matériaux susceptibles d'être protégés par les droits de propriété intellectuelle, les marques déposées, logos, noms commerciaux, l'habillage commercial, les marques de service, les identités commerciales et toute autre forme de propriété intellectuelle associée à American, et toute information relative aux vols, produits, frais, offres ou services d'American.

3.  « Marques d'American », désigne les marques et les droits de propriété intellectuelle appartenant à American.

4.  « Skiplagged » désigne, collectivement ou séparément selon le cas, Skiplagged, Inc. les employés, le personnel, les agents, les sous-agents, les représentants, les consultants, les conseillers juridiques, les comptables, les prédécesseurs, les successeurs, les filiales, les maisons mères, les cessionnaires, les cédants, les affiliés, tous les administrateurs, dirigeants, actionnaires passés ou actuels, entités agissant en joint-venture ou en association avec Skiplagged ou ayant des relations d'investissement avec Skiplagged, ainsi que toute autre personne agissant sous leur contrôle ou en leur nom.

---

**COMMISSION ROGATOIRE (PHLIPPE RAMET)**                                    **PAGE 7**

*Pour copie certifiée conforme au document original en langue anglaise*
*Ce jour, le 16 avril 2024*





*Sabine Contri*

**App'x 024**

*16/04/2024*

5. « Communication » désigne toute correspondance, tout contact, toute discussion, tout courrier électronique, tout message instantané ou tout autre type d'échange ou transmission d'informations oral ou écrit (sous forme de faits, d'idées, de demandes de renseignements ou autres) et toute réponse entre deux ou plusieurs personnes ou entités, y compris, mais sans s'y limiter, toutes les conversations téléphoniques, réunions ou conversations en face à face, discussions internes ou externes ou échanges de documents.

6. « Méthode » désigne les règles, les procédures, la conception, la logique et/ou les principes utilisés ou référencés dans le cadre d'un processus, d'un produit et/ou d'un système spécifique.

7. Les termes « se rapporter à », « se rapportant à », « refléter » ou « reflétant », lorsqu'ils se réfèrent à un sujet donné, désignent tout document ou communication qui constitue, comprend, implique, contient, incarne, reflète, identifie, déclare, mentionne, fait allusion à, se réfère directement ou indirectement à, ou est d'une manière ou d'une autre en rapport avec le sujet particulier identifié.

## II.   THÈMES DE LA DÉPOSITION

1. La conception, les caractéristiques, le fonctionnement et l'apparence du site internet et de l'application mobile de Skiplagged, ainsi que les données/informations qui y sont affichées, publiées ou fournies.

2. Le développement et les fonctionnalités front-end du site internet et de l'application mobile de Skiplagged, y compris, mais sans s'y limiter, les aspects de l'interface utilisateur (UI) et de l'expérience utilisateur (UX).

3. Les stratégies d'engagement des utilisateurs et les stratégies de produit de Skiplagged en lien avec son site internet et son application mobile.

4. Les recherches, enquêtes, études, rapports, tests et/ou analyses réalisés, obtenus, utilisés ou sur lesquels Skiplagged s'est appuyé concernant l'engagement des utilisateurs, la stratégie produit, la démographie des consommateurs, les taux de conversion ou la conception et l'expérience du site internet et de l'application mobile de Skiplagged.

5. Le travail que vous avez effectué, supervisé ou auquel vous avez participé dans le cadre du développement et de la conception de Skiplagged.com, y compris, mais sans s'y limiter, tout ou partie des éléments décrits ci-dessous sur votre site Internet personnel (https://www.philramet.com/skiplaggedweb) :

---

**COMMISSION ROGATOIRE (PHLIPPE RAMET)**

*Pour copie certifiée conforme au document original en langue anglaise*
*Ce jour, le 16 avril 2024*





*Sabine Contri*

**App'x 025**

*16/04/2024*

---

> **Skiplagged.com**
>
> Head of Product / Head of Design & Experience
>
> The Skiplagged website allows you to book flights, hotels and cars. Led the user experience and user interface design on a complete redesign, revamp of the Skiplagged website through quantitative and qualitative research and value-added IA/UX deliverables. Designed wireframes and iterations of every pages present on the website for three different sizes (small, medium large) in order to create a fully responsive website. Led the user testing phase during and after development. Produced an innovative and sophisticated strategy to maximize user engagement. Produced style guides and web/CSS/interaction specification sheets for engineers. Continually creating new features and improving the experience.
>
> *Platform: Web*

6. Le travail que vous avez effectué, supervisé ou lequel vous avez été impliqué en lien avec le développement et la conception de la ou des applications mobiles de Skiplagged, y compris, mais sans s'y limiter, les éléments décrits ci-dessous sur votre site web personnel (https://www.philramet.com/skiplaggedapps) :

---

**COMMISSION ROGATOIRE (PHLIPPE RAMET)**

*Pour copie certifiée conforme au document original en langue anglaise*
*Ce jour, le 16 avril 2024*



**PAGE 9**



*Sabine Contri*

**App'x 026**

*16/04/2024*

> **Skiplagged Apps**
>
> Head of Product / Head of Design & Experience
>
> The Skiplagged apps allow you to book flights, hotels
> and cars. Led the user experience and user interface
> design on a complete redesign, revamp of the iOS and
> Android mobile applications through quantitative and
> qualitative research and value-added IA/UX
> deliverables. Designed and generated fully-interactive
> HTML prototypes. Created a roadmap, identified
> challenges, problems by analyzing metrics and analytics
> in order to set up goals and MVPS. Led the user testing
> phase during and after development. Produced an
> innovative and sophisticated strategy to maximize user
> engagement and increase conversion rate. Produced
> style guides and engineering interaction specification
> sheets for engineers. Continually creating new features
> and improving the experience. Produced wireframes,
> high fidelity visuals, prototypes and implemented A/B
> testing to specific deployment rollouts.
>
> *Platform: iPhone, iPad (iOS), Android Phone and Tablet*

7. Données obtenues ou générées par Skiplagged concernant l'engagement des utilisateurs/clients, les données démographiques des consommateurs, le comportement des consommateurs, les clients récurrents, le trafic en ligne, les achats/transactions réalisés, les réservations abandonnées ou non terminées, l'activité du site Internet ou de l'application mobile, les réclamations des clients, et Google Analytics.

8. Les communications et/ou autres interactions numériques de Skiplagged avec des clients réels ou potentiels.

9. Les aspects du site Internet et de l'application mobile de Skiplagged relatifs au renvoi et/ou à la redirection par Skiplagged de clients vers d'autres agences de voyage en ligne pour finaliser des réservations.

10. Documents et communications – internes et/ou avec des tiers – concernant de quelque manière que ce soit American, le Contenu d'American, les Marques d'American, AA.com, l'utilisation ou l'affichage par Skiplagged du Contenu ou des données d'American, ou l'offre de vols American par Skiplagged.

11. La fonctionnalité de recherche de Skiplagged.com et l'affichage des résultats de recherche, y compris les processus techniques utilisés pour effectuer des recherches et générer des résultats de recherche sur Skiplagged.com après que les utilisateurs ont saisi les critères qu'ils souhaitaient.

12. Les sources à partir desquelles Skiplagged obtient ou reçoit les données ou informations affichées sur son site Internet et son application mobile.

---

**COMMISSION ROGATOIRE (PHLIPPE RAMET)**

*Pour copie certifiée conforme au document original en
langue anglaise
Ce jour, le 16 avril 2024*



*Sabine Contri*

13. Les détails, le développement, la conception, la structure, la fonctionnalité et le fonctionnement des moyens techniques, des méthodes, des processus, des logiciels, des programmes, des techniques, du code source et/ou du matériel – actuels et passés – que Skiplagged a utilisés pour :

   a. accéder, obtenir, collecter, aspirer, extraire, ou recevoir le Contenu d'American, y compris, mais sans s'y limiter, les données sur les vols et les tarifs d'American ;

   b. rechercher ou identifier des vols, des itinéraires et des tarifs d'American à présenter aux clients sur Skiplagged.com (y compris pour identifier les meilleurs prix et/ou pour générer des billets « ville cachée ») ;

   c. republier, afficher, distribuer, donner accès ou utiliser de toute autre manière le Contenu d'American, y compris, mais sans s'y limiter, les données sur les vols et les tarifs d'American, sur Skiplagged.com ;

   d. réserver ou acheter des vols d'American sur AA.com pour les utilisateurs/clients de Skiplagged ;

   e. faire payer aux utilisateurs/clients des frais pour l'achat de vols d'American ;

   f. vendre des vols d'American ; et

   g. communiquer des informations sur les voyages aux clients qui achètent des vols ou des services d'American par l'intermédiaire de Skiplagged.com.

14. La manière dont Skiplagged a accédé à, obtenu, collecté, reçu ou récolté le Contenu d'American, y compris, mais sans s'y limiter, quand, comment et à partir de quelle source Skiplagged a collecté ou obtenu le contenu/l'information.

15. Les sources auprès desquelles Skiplagged obtient des informations sur les vols et les tarifs d'American, ainsi que les moyens techniques et les processus par lesquels Skiplagged traite, utilise et affiche ces informations sur son site internet et son application mobile.

16. Les communications et les interactions numériques qui ont lieu entre Skiplagged et AA.com dans le cadre de l'achat ou de la vente de vols d'American par Skiplagged, ainsi que les processus techniques utilisés pour générer et mener à bien ces communications.

17. Les Communications entre, et le travail effectué par, les ingénieurs logiciels de Skiplagged, l'équipe Produit, et/ou l'équipe Design & Expérience.

18. L'exploitation, la conception, l'apparence et la fonctionnalité de Skiplagged.com.

**11.    DOCUMENTS OU AUTRES ELEMENTS À EXAMINER (article 3(g))**

Aucun.

**12.    EXIGENCE QUE LA PREUVE SOIT RAPPORTÉE SOUS SERMENT OU AFFIRMATION SOLENNELLE ET FORMES SPECIFIQUES À UTILISER (article 3(h))**

*Pour copie certifiée conforme au document original en langue anglaise*
*Ce jour, le 16 avril 2024*

*Sabine Contri*





**App'x 028**

Le témoignage doit être fait sous serment ou affirmation solennelle, ou, à défaut, le témoin doit être informé des conséquences attachées à des réponses fausses ou insincères selon le droit français. Il est également demandé qu'un enregistrement audiovisuel et écrit de la déposition orale soit réalisé, avec un vidéaste et un secrétaire/sténographe fournis par American Airlines. Dans le cas où la preuve ne pourrait pas être recueillie de la façon requise, elle devra l'être de telle manière que le prévoit le droit français.

## 13.   REGLES OU PROCÉDURES SPECIALES À SUIVRE (article 3(i) et article 9)

L'interrogatoire de M. Ramet sera mené conformément aux règles d'administration de la preuve prévues par les règles fédérales de procédure civile des États-Unis, sous réserve que ces procédures soient compatibles avec le droit français. Il est en outre sollicité que : (i) la déposition soit donnée verbalement ; (ii) l'interrogatoire ait lieu devant un sténographe et un vidéaste fournis par American Airlines ; (iii) le vidéaste soit autorisé à enregistrer la déposition par un moyen audiovisuel ; (iv) le sténographe soit autorisé à retranscrire la déposition *verbatim* ; (v) que l'interrogatoire soit conduit en anglais, ou, si nécessaire, avec l'assistance d'un interprète ; (vi) si l'interrogatoire est conduit par l'intermédiaire d'un interprète, qu'il soit permis que l'acte soit retranscrit à la fois en anglais et en français ; (vii) le témoin ne soit pas interrogé pendant une durée supérieure à sept heures si l'assistance d'un interprète n'est pas requise ou pendant une durée supérieure à huit heures si l'assistance d'un interprète est requise ; (viii) le témoin soit interrogé dès que possible ; et (ix) les avocats des cabinets d'avocats Kelly Hart & Hallman LLP, Greenberg Traurig LLP et/ou Latham & Watkins, agissant comme représentants en justice pour American, soient autorisés à conduire l'interrogatoire.

*Pour copie certifiée conforme au document original en langue anglaise*
*Ce jour, le 16 avril 2024*



*Sabine Contri*

**App'x 029**

*16/04/2024*

Au cas où la preuve ne pourrait être recueillie selon tout ou partie des procédures décrites ci-avant, il est sollicité que la déposition verbale soit recueillie conformément au droit applicable en France au recueil formel de témoignages.

**14.   DEMANDE DE NOTIFICATION DE L'HEURE ET DU LIEU D'EXÉCUTION DE LA COMMISSION ROGATOIRE ET IDENTITÉ ET ADRESSE DE TOUTE PERSONNE A NOTIFIER (article 7)**

Veuillez informer les personnes suivantes de la date et du lieu d'exécution de la commission rogatoire :

> Fabrice Fages
> fabrice.fages@lw.com
> LATHAM & WATKINS, AARPI
> 45, rue Saint-Dominique
> Paris, 75007
> France +33.1.4062.2000
>
> Dee J. Kelly, Jr.
> dee.kelly@kellyhart.com
> KELLY HART & HALLMAN LLP
> 201 Main Street, Suite 2500
> Fort Worth, Texas 76102
> Téléphone : (817) 332-2500
>
> Nathan J. Muyskens
> nathan.muyskens@gtlaw.com
> GREENBERG TRAURIG LLP
> 2101 L Street, N.W., Suite 1000
> Washington, DC 20037
> Téléphone : (202) 331-3100
>
> Bina Palnitkar
> palnitkarb@gtlaw.com
> GREENBERG TRAURIG LLP
> 2200 Ross Avenue, Suite 5200
> Dallas, TX 75201
> Téléphone : (214) 665-3600
>
> William L. Kirkman
> billk@kirkmanlawfirm.com
> KIRKMAN LAW FIRM, PLLC
> 201 Main Street, Suite 1160

---

COMMISSION ROGATOIRE (PHLIPPE RAMET)

*Pour copie certifiée conforme au document original en langue anglaise*
*Ce jour, le 16 avril 2024*





**App'x 030**

Fort Worth, Texas 76102
Téléphone : (817) 336-2800

Aaron Z. Tobin
atobin@condontobin.com
CONDON TOBIN SLADEK THORNTON NERENBERG PLLC
8080 Park Lane, Suite 700
Dallas, Texas 75231
Téléphone : (214) 265-3800

**15. DEMANDE D'ASSISTANCE OU DE PARTICIPATION DU PERSONNEL JUDICIAIRE DE L'AUTORITÉ REQUERANTE À L'EXÉCUTION DE LA COMMISSION ROGATOIRE (article 8)**

Aucune demande n'a été formulée.

**16. PRECISION SUR LE SERET PROFESSIONNEL OU LE DEVOIR DE CONFIDENTIALITE SELON LE DROIT DE L'ETAT REQUERANT (Article 11(b))**

Selon le droit américain, le témoin peut refuser de déposer lorsque cela implique la divulgation de communications confidentielles avec son avocat effectuées en lien avec une demande de conseil juridique. Ce secret professionnel est dénommé « secret professionnel entre l'avocat et le client ». Le témoin peut également refuser de répondre à une question si la réponse l'expose à un risque réel et mesurable de responsabilité pénale aux États-Unis. Cette règle est dénommée « droit de ne pas s'auto-incriminer pénalement ». Si une déposition est refusée pour l'un ou l'autre de ces motifs, une déclaration à cet effet doit être faite au moment où la déposition est recueillie.

**17. LES HONORAIRES ET FRAIS SUSCEPTIBLES D'ETRE REMBOURSES EN VERTU DU DEUXIÈME PARAGRAPHE DE L'ARTICLE 14 OU DE L'ARTICLE 26 DE LA CONVENTION SERONT SUPPORTÉS PAR :**

Le demandeur American Airlines, Inc.

**DATE DE LA DEMANDE**: _____, 2024

_____
HON. MARK T. PITTMAN

COMMISSION ROGATOIRE (PHLIPPE RAMET)

PAGE 14

*Pour copie certifiée conforme au document original en langue anglaise*
*Ce jour, le 16 avril 2024*

*Sabine Contri*



**App'x 031**

*16/04/2024*

JUGE DE DISTRICT DES ÉTATS-UNIS

**COMMISSION ROGATOIRE (PHLIPPE RAMET)**                                                    **PAGE 15**

*Pour copie certifiée conforme au document original en*
*langue anglaise*
*Ce jour, le 16 avril 2024*



**App'x 032**