IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:23-cv-00860-P |
| § | |
| SKIPLAGGED, INC., § | |
| § | |
| Defendant. § | |

**DEFENDANT SKIPLAGGED, INC.'S AGREED MOTION TO EXTEND
INITIAL EXPERT-RELATED DEADLINE BY FOUR DAYS**

Defendant, Skiplagged, Inc. ("Skiplagged"), respectfully moves the Court, with the agreement of Plaintiff, American Airlines, Inc. ("American"), to modify the existing *Scheduling Order* and extend by four days, until April 23, 2024, the deadline for initial expert designations and reports. [*See* Dkt. No. 73].

**I. SUMMARY**

By previous extension approved by the Court [Dkt. No. 73], the initial expert designations and initial expert reports of the parties' experts are due April 19, 2024. Skiplagged seeks, with American's agreement, a four-day extension of the April 19, 2024 deadline, for the reasons set forth below related to Skiplagged's counsel's personal schedule and conflict.

**II. LEGAL STANDARD**

Skiplagged recognizes that a scheduling order may be modified "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4); *Shepherd on behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019). Skiplagged further understands that in determining whether there is good cause to allow an amendment to the scheduling order, the Court considers four factors: "(1) the explanation for the failure to timely move for leave to amend or

1

comply with the scheduling order; (2) the importance of the amendment or modification; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) (internal quotation marks, alterations, and citations omitted). A court should assess these factors "holistically." *EEOC v. Service Temps, Inc.*, No. 3:08-CV-1552-D, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, J.). "[T]he good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order." *Id.*

### III. BASIS FOR EXTENSION

The basis by which Skiplagged is asking for the short extension is the undersigned counsel's personal scheduling conflict. Specifically, Skiplagged's lead counsel, William L. Kirkman's ("WLK"), daughter Katie is turning forty years old at the end of this week. WLK's daughter lives in Brooklyn, New York, where she is also employed. WLK's family (his wife, two other daughters and their husbands, and son and his significant other) have planned a "surprise" birthday celebration for Katie in New York on Friday, April 19, and over the following weekend. In order to attend, WLK would have to fly to New York on April 18, 2024, and remain there through Sunday, April 21, 2024, during the time within which the initial expert reports are due. WLK believes it is professionally essential that he be involved with Skiplagged's experts in shepherding and completing their expert reports and in getting them distributed to American's counsel, especially during the last days before they are due. Accordingly, WLK is requesting that the Court grant a short extension (from April 19, 2024, to April 23, 2024) for the designation and reports to be submitted to allow his trip to New York City to go forward. Of course, Skiplagged proposes that the same extension apply to American such that its initial designations and reports would also become due April 23, 2024. American has agreed to this proposal.

Skiplagged believes that the good cause standards are met in this *Motion*. There is no prejudice to either party in allowing the extension, as it is a short extension, American agrees to it, and no other deadlines are to be moved. And, the extension is important, as it addresses the presentment of experts in this case, which the parties believe may be important. And, American does not object to the request set forth herein.

American has filed a separate *Motion* which seeks, among other relief, to extend its initial expert deadlines for three weeks beyond a date it seeks from the Court, as to when further discovery from Skiplagged is to be provided. Skiplagged is contesting that request. That *Motion* is pending and is set for a hearing before the Honorable Hal Ray, Jr., United States Magistrate Judge, on Wednesday, April 17, 2024, at 3:00 p.m. This *Motion*, which seeks a four-day extension, is not intended to have any bearing on American's *Motion*, such that if American's *Motion* is granted, American's deadline will be as Magistrate Judge Hal Ray determines. On the other hand, if Magistrate Judge Hal Ray denies American's *Motion*, including its request for an extension of its initial expert designations and reports deadlines, American shall have until April 23, 2024, to designate its initial experts and produce their reports if the Court approves this proposed four-day extension.

### IV. CONCLUSION

For the reasons stated above, Skiplagged, with the agreement of American, respectfully requests that the Court grant its *Motion to Extend the Initial Expert-Related Deadline* in the existing *Scheduling Order* (as previously extended by the Court, as set forth in Section I herein) by four days and extend the initial expert designation and reports deadline from April 19, 2024, to **April 23, 2024**.

Dated: April 17, 2024

/s/Lars L. Berg
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500

Bina Palnitkar
State Bar No. 24070378
palnitkarb@gtlaw.com
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100

**ATTORNEYS FOR PLAINTIFF**

Respectfully submitted,

/s/William L. Kirkman
William L. Kirkman
State Bar No. 11518700
billk@kirkmanlawfirm.com
Preston B. Sawyer
State Bar No. 24102465
prestons@kirkmanlawfirm.com
KIRKMAN LAW FIRM, PLLC
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone: (817) 336-2800
Facsimile: (817) 877-1863

Aaron Z. Tobin
Texas Bar No. 24028045
atobin@condontobin.com
Kendal B. Reed
Texas Bar No. 24048755
kreed@condontobin.com
Abigail R.S. Campbell
Texas Bar No. 24098959
acampbell@condontobin.com
CONDON TOBIN SLADEK THORNTON
NERENBERG PLLC
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311

Darin M. Klemchuk
Texas Bar No. 24002418
Darin.klemchuk@klemchuk.com
KLEMCHUK PLLC
8150 North Central Expressway, 10th Floor
Dallas, Texas 75206
Telephone: (214) 367-6000
Facsimile: (214) 367-6001

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

I certify that on April 15, 2024, I conferred with Lars Berg, counsel for Plaintiff, American Airlines, Inc., and he indicated that he agreed to the relief requested.

>   */s/William L. Kirkman*
>   William L. Kirkman

## CERTIFICATE OF SERVICE

I certify that on April 17, 2024, I served the foregoing document electronically in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

>   */s/William L. Kirkman*
>   William L. Kirkman