IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are the Motion to Compel and for Sanctions ("AA's Motion") and brief and appendix in support filed by Plaintiff American Airlines, Inc. ("AA") (ECF Nos. 74-76); the Motion to Compel ("Skiplagged's Motion") and appendix in support filed by Defendant Skiplagged, Inc. ("Skiplagged") (ECF Nos. 83-84); the Parties' Joint Status Reports (ECF Nos. 92, 93); and respective responses and appendices in support (ECF Nos. 90-91, 94-95). United States District Judge Mark T. Pittman referred the motions to the undersigned for review, hearing, and disposition. *See* (ECF Nos. 77, 86). After considering the pleadings, status reports, and applicable legal authorities, and for the reasons stated in this Order and at the hearing on this matter yesterday, the Court orders as follows.

The Court holds in abeyance a ruling on AA's Motion. Yesterday, AA filed a bench brief, to which Skiplagged has not yet had an opportunity to respond. Accordingly, Skiplagged **SHALL** file its response to the bench brief on or before **April 24, 2024**.

As written in the Joint Status Report Regarding Skiplagged's Motion, AA withdrew several of its objections from its discovery responses. ECF No. 93 at 2. AA continued to object to most of Skiplagged's interrogatories on the basis that Skiplagged exceeded the permissible number of interrogatories under Federal Rule of Civil Procedure 33(a). However, the parties represented to

the Court that they resolved those issues, and that AA would answer Interrogatory Nos. 14-17, 21, and 23-24. The parties also represented that they would meet and confer to discuss narrowing the issues related to Skiplagged's Requests for Production ("RFP"s). The Court therefore also holds in abeyance a ruling as to the RFPs. On or before **April 24, 2024**, the parties **SHALL** file a joint status report describing the results of their conference and advising the Court of any issues related to the RFPs remaining for determination.

This leaves AA's objections to Interrogatory Nos. 12-13, 15-21, and 23, and Request for Admission ("RFA") Nos. 1-2, 13-20, and 22-29. *See* ECF No. 93 at 3. The Court heard argument on each of these at the hearing yesterday. After considering the legal authorities and oral arguments, the Court **GRANTS** Skiplagged's Motion in part, **DENIES** it in part, and orders as follows.

First, AA objects to Interrogatory No. 21 as vague and ambiguous. ECF No. 84 at 146. AA also objects to RFA Nos. 1-2, 13-20, and 22-29 as vague, ambiguous, and overbroad. ECF No. 84 at 153-54, 159-66. The Court finds that Interrogatory and the RFAs at issue are not vague, ambiguous, or overbroad and **OVERRULES** the objections. AA **SHALL RESPOND** completely and fully to Interrogatory No. 21 and RFA Nos.1-2, 13-20, and 22-29.

Next, AA objects to Interrogatory Nos. 12-13, 15-20, and 23 as irrelevant. ECF No. 84 at 141-47. The Court finds that Interrogatory Nos. 12-13 and 18-20 are irrelevant and **SUSTAINS** the objections. The Court **OVERRULES in part and SUSTAINS in part** AA's objections to Interrogatory Nos. 15-17 and 23.

In Interrogatory No. 15, Skiplagged asks AA to "[i]dentify and describe in detail any lawsuits to which You are a party, plaintiff or defendant, filed in the last 10 years, including in your answer the style of the lawsuit, the parties to the lawsuit, and the claims, counterclaims, and

defenses alleged in the lawsuit." ECF No. 84 at 142. The Court finds this interrogatory to be overbroad as written. AA **SHALL RESPOND** completely and fully to this Interrogatory, to the extent that the lawsuits involve claims of trademark or copyright infringement and cases such as this one concerning hidden city flights or "skiplagging."

>Interrogatory No. 16, reads as follows:
>
>Identify and describe in detail any cease and desist demand You sent to third parties regarding skiplagging or hidden city ticketing since January 1, 2015, including in your answer the third party receiver of the demand, the actions You demanded to cease and desist, and the date of the demand.

ECF No. 84 at 143. The Court finds the January 1, 2015, date to be disproportional to the needs of this case. AA **SHALL RESPOND** completely and fully to this Interrogatory, except that its answer need only include cease and desist demands sent since August 1, 2018.

>Interrogatory No. 17 provides:
>
>Identify and itemize each element and item of Your alleged actual damages incurred by You as alleged in Your Complaint. As part of your answer to this interrogatory please provide:
>
>>a. the total amount for each item of damages;
>>b. the category and claim to which each item of damages relates;
>>c. the factual basis for each item of damages;
>>d. every person who has possession, custody, or control of each such factual information and/or document(s);
>>e. an explanation of how each item of damages was computed, including any mathematical formula used; and
>>f. with respect to the American Marks and American Copyright (as each term is defined in the Amended Complaint), the harm to such intellectual property You contend to have suffered due to Skiplagged's alleged actions.

ECF No. 84 at 143. The Court finds that part "d." of the Interrogatory is irrelevant. AA **SHALL RESPOND** completely and fully to this Interrogatory, except for part "d."

>Finally, Interrogatory No. 23 asks AA to:
>
>Identify and describe in detail all efforts to license or enforce any of the American Marks and American Copyright (as each term is defined in the Amended

3

> Complaint) in the last 10 years, including the identity of and contact information for the person/entity against whom the rights were attempted to be licensed or enforced, the actions taken, and the ultimate resolution.

ECF No. 84 at 147. The Court finds the interrogatory overbroad as written. AA **SHALL RESPOND** completely and fully respond to this Interrogatory, limited to its efforts to license or enforce any of the American Marks and American Copyright as those efforts relate to hidden city flights and "skiplagging."

AA **SHALL COMPLY** with this Order and deliver to Skiplagged (1) full and complete answers to Interrogatory No. 21 and RFA Nos. 1-2, 13-20, and 22-29; and (2) full and complete answers, subject to the exceptions discussed above, pertinent to Interrogatory Nos. 15-17 and 23, **on or before May 8, 2024**. Also by that date, AA shall promptly file proof of delivery.

It is so **ORDERED** on April 18, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE