IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF AMERICAN AIRLINES, INC.'S MOTION TO EXTEND
ITS DEADLINE TO SERVE EXPERT REPORT ON DAMAGES
AND RELATED DEADLINES IN SCHEDULING ORDER AND BRIEF IN SUPPORT
AND REQUEST FOR EXPEDITED CONSIDERATION**

For good cause shown, Plaintiff American Airlines, Inc. ("American") respectfully moves the Court to modify the Scheduling Order and extend American's deadline to serve its expert report on damages pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and ¶ 4 a. of the Scheduling Order from April 23, 2024 to May 31, 2024. [*See* Dkt. No. 20 at 2–4; Dkt. Nos. 62, 73, 101]. American further requests that, as related to its expert report on damages, the responsive expert designations and reports deadline (¶ 4 b.) be extended from May 20, 2024 to July 1, 2024, and the rebuttal expert designations and reports deadline (¶ 4 c.) be extended from May 31, 2024 to July 31, 2024.

**I. LEGAL STANDARD**

A scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Shepherd on behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019). In determining whether there is good cause to allow an amendment to the scheduling order, the Court considers four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing

the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) (internal quotation marks, alterations, and citations omitted). A court should assess these factors "holistically." *EEOC v. Service Temps, Inc.*, No. 3:08-CV-1552-D, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, J.). "[T]he good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order." *Id.*

## II. ANALYSIS

On April 5, 2024, American filed a Motion to Compel and for Sanctions against Skiplagged based on Skiplagged's failure to comply with the Court's December 19, 2023 Order, specifically seeking information that Skiplagged admittedly maintains in a database under its exclusive control.[1] [*See* Dkt. No. 53 at 2–4; Dkt. No. 75 at 4]. Skiplagged argued in response that it would be too onerous to extract the information American seeks from the database, and that American is requiring Skiplagged to create documents that don't otherwise exist. [Dkt. No. 75 at 10–11; Dkt. No. 90 at 10–13].

The information sought from Skiplagged's database covers all of the hidden city tickets that Skiplagged books through its website. [Dkt. No. 87 at 9]. American has no access to this information other than through the discovery process. And while Skiplagged quibbles with the semantics of whether it actually sells American's tickets, it does not dispute the fact that it controls the information American seeks. Judge Ray listened to arguments on this issue and requested additional briefing from Skiplagged on the withholding of the information by Wednesday, April 24, 2024. Judge Ray also suggested that he was concerned over whether his referral of this matter

---

[1] Any objections Skiplagged filed to the discovery requests at issue on American's Motion to Compel and for Sanctions (Interrogatory No. 8 and Request for Production Nos. 4 and 5) were overruled by Judge Ray on December 19, 2023. [*See* Dkt. No. 53].

would cover American's request for an extension of the expert deadline. Accordingly, this Motion is being filed out of an abundance of caution.

American has made exhaustive, yet unsuccessful, attempts to resolve this issue with Skiplagged, which explains American's failure to timely move for leave to amend the scheduling order sooner, the first good cause factor. *See S&W Enters*., 315 F.3d at 536.

As to the second good cause factor, American explains that an extension to the deadline for American to serve its expert report on damages is critical, because American is waiting for this information in Skiplagged's database to incorporate into its expert report. *See id.* Without this information, the opinions of American's expert will almost certainly be challenged because those opinions do not include the very information Skiplagged is withholding. American, therefore, cannot reasonably meet the April 23, 2024 deadline to provide initial expert designations and reports on damages. Based on American's understanding on the timeframes involved in the Court's ruling on American's Motion to Compel and in Skiplagged's production of its database, American believes that an extension of its deadline to produce its expert report on damages to May 31, 2024 is necessary. And, of course, if American's deadline to serve its expert report on damages is extended to May 31, 2024, then the Scheduling Order deadlines for responsive expert designations and reports (¶ 4 b.) and rebuttal expert designations and reports deadline (¶ 4 c.) would need to be extended, as well.

Regarding the third factor, Skiplagged will not be prejudiced by this amendment, because Skiplagged has been withholding production of the information in its database from American in an effort to prejudice American's preparation of its damages expert. Skiplagged's actions have cost American a huge amount of time and expenses, and Skiplagged's actions have been extremely

3

prejudicial to American. *See S&W Enters.*, 315 F.3d at 536. Regarding the fourth factor, American is not moving the Court for a continuance of the trial date through this motion. *See id.*

For these reasons, American believes good cause exists to extend its deadline to serve its expert report on damages pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, as well as the responsive expert designations and reports deadline and rebuttal expert designations and reports deadline. [*See* Dkt. No. 20 at 2–4; Dkt. Nos. 62, 73, 101]; Fed. R. Civ. P. 16(b)(4); *City of Shreveport*, 920 F.3d at 287; *S&W Enters.*, 315 F.3d at 536.

American requests expedited consideration of this motion so that it is not prejudiced by disclosing on April 23 an expert whose opinions do not include the information that Skiplagged is withholding.

### III. CONCLUSION

For the reasons stated above, American respectfully requests that the Court grant its Motion to Extend its Deadline to Serve Expert Report on Damages and Related Deadlines in Scheduling Order and extend:

(1) American's deadline to serve its expert report on damages pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and ¶ 4 a. of the Scheduling Order from April 23, 2024 to **May 31, 2024**;

(2) as related to American's expert report on damages, the responsive expert designations and reports deadline (¶ 4 b.) from May 20, 2024 to **July 1, 2024**; and

(3) as related to American's expert report on damages, the rebuttal expert designations and reports deadline (¶ 4 c.) from May 31, 2024 to **July 31, 2024**.

Dated: April 18, 2024

Respectfully submitted,

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
J. Austin Franklin
State Bar No. 24075853
austin.franklin@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

Bina Palnitkar
State Bar No. 24070378
palnitkarb@gtlaw.com
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3600

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

I hereby certify that, on April 18, 2024, I conferred with counsel for Skiplagged, Bill Kirkman, and he indicated that Skiplagged is opposed to the relief requested herein.

/s/ *Julia G. Wisenberg*
Julia G. Wisenberg

**CERTIFICATE OF SERVICE**

I certify that, on April 18, 2024, a true and correct copy of the foregoing document was served on all counsel of record electronically via the Court's ECF system in accordance with the Federal Rules of Civil Procedure.

/s/ *Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.