IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT SKIPLAGGED, INC'S AGREED MOTION TO EXTEND DAMAGES EXPERT DEADLINES**

Defendant Skiplagged Inc. ("Skiplagged") respectfully moves the Court to modify the Scheduling Order and extend Skiplagged's deadline to serve its initial expert report on damages pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure and ¶ 4 a. of the Scheduling Order from April 23, 2024 to May 31, 2024. [See Dkt. No. 20 at 2–4; Dkt. Nos. 62, 73, 101].

Skiplagged also requests that as related to its expert report on damages, the responsive expert designations and reports deadline (¶ 4 b.) be extended from May 20, 2024 to July 1, 2024, and the rebuttal expert designations and reports deadline (¶ 4 c.) be extended from May 31, 2024 to July 31, 2024.

**SUMMARY**

On April 23, 2024, The Court extended Plaintiff American Airlines, Inc's ("AA") expert deadlines for AA's initial expert report on damages, AA's responsive expert report on damages, and AA's rebuttal expert report on damages. [Dkt. 108]. Skiplagged, therefore, submits this Agreed Motion so its expert deadlines can mirror AA's expert deadlines, for good cause as shown below.

1

## LEGAL STANDARD

Skiplagged recognizes that a scheduling order may be modified "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4); *Shepherd on behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019). Skiplagged further understands that in determining whether there is good cause to allow an amendment to the scheduling order, the Court considers four factors: "(1) the explanation for the failure to timely move for leave to amend or comply with the scheduling order; (2) the importance of the amendment or modification; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) (internal quotation marks, alterations, and citations omitted). A court should assess these factors "holistically." *EEOC v. Service Temps, Inc.*, No. 3:08-CV-1552-D, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, J.). "[T]he good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order." *Id*.

## BASIS FOR EXTENSION

Skiplagged's Motion is based on the Court's order issued April 23, 2024. [Dkt. 108]. The order changed AA's damages expert deadlines to the following:

- Initial Expert Report on Damages: Due May 31, 2024;
- Responsive Expert Report on Damages: Due July 1, 2024; and
- Rebuttal Expert Report on Damages: Due July 31, 2024

Skiplagged asks this Court to modify its damages expert deadlines to mirror those above. This will allow the parties to proceed on even footing as it relates to damages expert disclosures and expert discovery as well as how the new disclosure deadlines relate to remaining case deadlines such as the discovery and dispositive motions deadlines of June 30, 2024. Specifically,

the damages expert reports for both parties relate to Skiplagged's revenue that AA seeks to disgorge. While AA has to burden to prove revenue, Skiplagged has the burden to prove certain costs and debits lessen the revenue at issue. By allowing AA to receive Skiplagged's damages expert report over a month before their damages expert report is due, AA is at a significant advantage of being able to draft its expert report with Skiplagged's already in hand. Further, While Skiplagged's damages expert discovery would be complete ahead of the Court's discovery and dispositive motions deadlines of June 30, 2024, AA's damages expert discovery would not be completed until after, preventing Skiplagged from having the benefit of full depositions and discovery prior to having to file any dispositive motion. As such, good cause exists to allow Skiplagged's and AA's damages experts to follow the same schedule because the parties can proceed on equal footing. AA agrees to this request.

## CONCLUSION

For the reasons stated above, Skiplagged respectfully requests that the Court grant its Motion to Extend its Deadline to Serve Expert Reports on Damages and Related Deadlines in the Scheduling Order and extend its deadlines as follows:

- Initial Expert Report on Damages: Due May 31, 2024;
- Responsive Expert Report on Damages: Due July 1, 2024; and
- Rebuttal Expert Report on Damages: Due July 31, 2024

Dated: April 23, 2024

    Respectfully submitted,

    */s/ William L. Kirkman*
    William L. Kirkman
    Texas Bar No. 11518700
    Preston B. Sawyer
    Texas Bar No. 24102456
    **KIRKMAN LAW FIRM, PLLC**

                            201 Main Street, Suite 1160
                            Fort Worth, Texas 76102
                            Telephone: (817) 336-2800
                            Facsimile: (817) 887-1863
                            billk@kirkmanlawfirm.com
                            prestons@kirkmanlawfirm.com

                            */s/ Abigail R.S. Campbell*
                            Aaron Z. Tobin
                            Texas Bar No. 24028045
                            Kendal B. Reed
                            Texas Bar No. 24048755
                            Abigail R.S. Campbell
                            Texas Bar No. 24098759
                            **CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**
                            8080 Park Lane, Suite 700
                            Dallas, Texas 75231
                            Telephone: (214) 265-3800
                            Facsimile: (214) 691-6311
                            atobin@condontobin.com
                            kreed@condontobin.com
                            acampbell@condontobin.com

                    ***Attorneys for Defendant, Skiplagged, Inc***

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with counsel for Plaintiff on the issues presented in this motion. They have indicated they are agreed to the relief sought in this Motion.

                            */s/ William L. Kirkman*
                            William L. Kirkman

## CERTIFICATE OF SERVICE

On April 23, 2024, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I hereby certify that I have served all

28275506v3 99460.002.00

counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                              */s/Abigail R.S. Campbell*
                                              Abigail R.S. Campbell

28275506v3 99460.002.00