IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF AMERICAN AIRLINES, INC.'S
DESIGNATION OF EXPERT WITNESSES**

Pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, Par. B(4)(a) of the Court's September 27, 2023 Scheduling Order (ECF No. 20), the Court's January 26, 2024 Electronic Order (ECF No. 62), and the Court's April 23, 2024 Electronic Order (ECF No. 108), Plaintiff American Airlines, Inc. ("American") designates the following retained expert witnesses who may be called to testify at the trial of this case:

1) Dr. Yoram (Jerry) Wind
President
Wind Associates
1041 Waverly Road
Gladwyne, PA 19035

Dr. Wind will testify regarding the confusion and deception that Skiplagged has caused and/or is likely to cause among consumers in the marketplace, including as it relates to Skiplagged's perceived association with and/or authorization or sponsorship from American. Dr. Wind will offer testimony concerning the facts, issues, findings, consumer survey results, and opinions contained in his expert report, a copy of which American is serving on opposing counsel (the "Wind Report"), which American incorporates by reference as if fully set forth herein. Among

other things, Dr. Wind's testimony will address the degree of confusion and/or deception that Skiplagged has caused or is likely to cause among consumers, including in regard to Skiplagged (a) confusing consumers into believing that Skiplagged is associated with or authorized by American (either as an authorized agent of American or as having some other direct relationship with American); (b) deceiving consumers into believing that purchasing a regular, non-hidden city ticket on Skiplagged.com is cheaper than purchasing the same flight(s) from American directly; and (c) deceiving consumers of hidden city tickets by not effectively disclosing to them all of the serious risks and/or consequences imposed by airlines in connection with hidden city tickets. Dr. Wind may also testify about the deceptiveness of Skiplagged's practices and associated harms to consumers.

      The Wind Report contains a complete statement of all opinions Dr. Wind will express and his bases and reasons for them; the facts and data considered by Dr. Wind; any exhibits he may use to summarize or support his opinions; and the compensation he is being paid for his testimony in the case. Additionally, Appendix A to the Wind Report include a comprehensive list and summary of Dr. Wind's qualifications, a complete and current resume, publications he has authored in the last 10 years, all other cases in which he has testified as an expert in the last four years, and other biographical information.

      American reserves the right to supplement Dr. Wind's Report pursuant to Federal Rules of Civil Procedure 26(e) as discovery in this matter is ongoing, and will identify additional materials that he may rely on as rebuttal to any materials that may be relied upon by Defendant's expert(s).

    2)      Dee J. Kelly, Jr.
             Kelly Hart & Hallman LLP
             201 Main Street, Suite 2500
             Fort Worth, Texas 76102
             Tel.: (817) 332-2500
             Fax: (817) 878-9280
             dee.kelly@kellyhart.com

Mr. Kelly is designated as American's expert on attorney's fees. He is an attorney licensed to practice law in the State of Texas, and is a partner at Kelly Hart & Hallman LLP located at 201 Main Street, Suite 2500, Fort Worth, Texas 76102. He is a former managing partner, a member of the firm's Litigation and Administrative Law practice groups, and serves on its executive committee. His practice includes an extensive focus in the area of litigation related to commercial disputes in both state and federal courts.

Mr. Kelly will offer testimony regarding the reasonable and necessary attorneys' fees incurred by American in this case, both through the trial of this case and in the event of any appeal of the outcome in this case. To the extent sought by Defendant, Mr. Kelly may also testify as to any attorneys' fees to which Defendant may seek. The professional opinions set forth are all based upon his professional experience and facts of a type reasonably relied upon by attorneys' fees expert witnesses. Given Mr. Kelly's extensive experience in litigating matters in state and federal courts in Texas, and particularly in the Northern District of Texas, Mr. Kelly has knowledge regarding the fair, reasonable, and necessary fees ordinarily charged by attorneys in this area for litigation similar to this case. Mr. Kelly's curriculum vitae is available at https://www.kellyhart.com/attorney/Dee-J-Kelly/.

Mr. Kelly's opinions will be based on the pleadings and papers on file with the Court, the billing records of all time-keepers, the Texas Rules of Professional Conduct, and applicable authority from the Texas Supreme Court regarding the factors to consider in determining the

necessity and reasonableness of attorneys' fees and costs under Texas law, as well as the standards articulated for recovery of fees for claims under federal law. Those fees will continue to increase as the case progresses and Mr. Kelly's opinion will include analysis of later billings. In particular, Mr. Kelly will consider the factors set forth in Texas Disciplinary Rules of Professional Conduct, Rule 1.04, including:

> a. the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal services properly;
>
> b. the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>
> c. the fee customarily charged in this locality for similar legal services;
>
> d. the amount involved and the results obtained;
>
> e. the nature and length of the professional relationship with the client;
>
> f. the experience, reputation and ability of the lawyer or lawyers performing the services; and
>
> g. whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

Because Mr. Kelly is testifying on attorneys' fees, he is not required to present a report. American reserves the right to supplement Mr. Kelly's designation as set forth under Rule 26(e) of the Federal Rules of Civil Procedure as the amount of reasonable and necessary attorneys' fees necessarily continues to increase during the pendency of this lawsuit, and will identify additional materials that this expert may rely on as rebuttal to any materials that may be relied upon by Defendant's expert(s).

Dated: April 23, 2024

Respectfully submitted,

*/s/ Lars L. Berg*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: 202-331-3100
Facsimile: 202-331-3101

Bina Palnitkar
State Bar No. 24070378
palnitkarb@gtlaw.com
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3600

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on April 23, 2024, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

*/s/ Lars L. Berg*
Lars L. Berg