IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:23-cv-00860-P |
| § | |
| SKIPLAGGED, INC., § | (Relates to the Motion Referred |
| § | to Magistrate Judge Ray) |
| Defendant. § | |

**JOINT STATUS REPORT WITH REGARD TO THE PARTIES' MEET AND CONFER CONCERNING AMERICAN AIRLINES, INC.'S OBJECTIONS AND RESPONSES TO SKIPLAGGED, INC.'S REQUESTS FOR PRODUCTION**

**NOW COME** the parties hereto, and pursuant to the Honorable Magistrate Judge Hal R. Ray, Jr.'s *Order* of April 18, 2024, make this report of their meet-and-confer conference with regard to the *Requests for Production* presented to Plaintiff, American Airlines, Inc. ("AA"), by Defendant, Skiplagged, Inc. ("Skiplagged"), and the *Objections and Responses* asserted thereto by AA. In connection therewith, the parties would show the Court as follows:

**I.**

On Monday, April 22, 2024, AA and Skiplagged met through their respective counsel at the offices of Skiplagged's counsel for a little over four (4) hours. Lars L. Berg and J. Austin Franklin attended the conference on behalf of AA in person. William L. Kirkman and Darin M. Klemchuk attended the conference on behalf of Skiplagged, William L. Kirkman in person and Darin Klemchuk by telephone.

**II.**

In the meeting, Skiplagged expressed its desire that AA withdraw its objections, except as to attorney-client privilege, and indicate in each of its responses: (1) if documents had been or will be produced that are responsive to Skiplagged's *Requests*; (2) that no responsive documents

exist; or (3) if no documents have been produced but exist, when such responsive documents would be produced. Skiplagged also advised it would withdraw a few requests and wanted any documents over which there is a claim of privilege, placed on a privilege log. AA expressed that it felt its objections were proper, but if Skiplagged would revise most of its Requests and eliminate the words and phrases "all," "relating to," and "including but not limited to," from most of its Requests, it felt that most (but not all) of its objections to the remaining requests might be eliminated, depending upon the way the particular request was reworded. AA also advised it would log any responsive documents it will assert are privileged.

The parties also reviewed and discussed each of Skiplagged's 102 Requests for Production and AA's objections thereto in the context of the *Motion to Compel* filed by Skiplagged.

### III.

Based on the discussions set forth above, the parties report to the Court their agreement as follows:

1. Keeping in mind the discussions between counsel, Skiplagged has revised most (but not all) of the *Requests for Production* and delivered a set of *Revised Requests* to AA on Wednesday, April 24, 2024;

2. AA will respond to Skiplagged's *Revised Requests* by 5:00 p.m. Monday, April 29, 2024, keeping in mind the previous discussions between counsel, and if AA agrees to produce documents, it will indicate in its *Responses* when such documents will be produced, which shall be no later than Friday, May 3, 2024, unless otherwise indicated in AA's *Responses* to Skiplagged's *Revised Requests*. Skiplagged's position is it wants all such documents to be produced by Friday, May 3, 2024. To the extent any objections are asserted by AA to the *Revised Requests*, those objections will be

   submitted to Magistrate Ray by the parties on May 30, 2024, for a ruling on each objection; and

3. AA's objections based on the attorney-client privilege are not waived and to the extent asserted in AA's *Responses* to the *Revised Requests*, AA will list any responsive documents over which it claims the attorney-client privilege, in a privilege log.

Dated: April 24, 2024

/s/J. Austin Franklin
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
J. Austin Franklin
State Bar No. 24075853
austin.franklin@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500

Bina Palnitkar
State Bar No. 24070378
palnitkarb@gtlaw.com
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100

**ATTORNEYS FOR PLAINTIFF**

Respectfully submitted,

/s/William L. Kirkman
William L. Kirkman
State Bar No. 11518700
billk@kirkmanlawfirm.com
Preston B. Sawyer
State Bar No. 24102465
prestons@kirkmanlawfirm.com
KIRKMAN LAW FIRM, PLLC
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone: (817) 336-2800
Facsimile: (817) 877-1863

Aaron Z. Tobin
Texas Bar No. 24028045
atobin@condontobin.com
Kendal B. Reed
Texas Bar No. 24048755
kreed@condontobin.com
Abigail R.S. Campbell
Texas Bar No. 24098959
acampbell@condontobin.com
CONDON TOBIN SLADEK
THORNTON NERENBERG PLLC
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311

Darin M. Klemchuk
Texas Bar No. 24002418
Darin.klemchuk@klemchuk.com
KLEMCHUK PLLC
8150 North Central Expressway
10th Floor
Dallas, Texas 75206
Telephone: (214) 367-6000
Facsimile: (214) 367-6001

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

I certify that on April 23, 2024, I conferred with Lars Berg, counsel for Plaintiff, American Airlines, Inc., and he indicated that he agreed to the relief requested.

*/s/William L. Kirkman*
William L. Kirkman

**CERTIFICATE OF SERVICE**

I certify that on April 24, 2024, I served the foregoing document electronically in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

*/s/William L. Kirkman*
William L. Kirkman