IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | **(Relates to the Motion Referred to** |
| | § | **Magistrate Judge Ray.)** |
| Defendant. | § | |

**PLAINTIFF AMERICAN AIRLINES, INC.'S BENCH BRIEF IN SUPPORT
OF ITS MOTION TO COMPEL AND FOR SANCTIONS**

TO THE HONORABLE JUDGE PRESIDING:

Plaintiff American Airlines, Inc. ("Plaintiff") submits this Bench Brief in Support of its Motion to Compel and for Sanctions (the "Motion"). As demonstrated by the authorities cited herein, Defendant Skiplagged, Inc. ("Defendant") (1) is obligated to produce the requested information currently stored in its database, (2) may not avoid its discovery obligations based on its claims that production of the database would be inconvenient or burdensome, and (3) alternatively, should be ordered to permit an inspection by Plaintiff and its experts.

## I.    DEFENDANT IS OBLIGATED TO PRODUCE DATABASE CONTENTS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" FED. R. CIV. P. 26. It is undisputed that the discovery sought by the Motion is relevant. Skiplagged resists production based on burden of the production, which is an objection this Court has already overruled as to the requests at issue.

Federal Rule of Civil Procedure 34 expressly allows for the discovery of "any designated documents or electronically stored information . . . stored in any medium from which information can be obtained either directly or, if necessary **after translation by the responding party into a reasonably usable form**." FED. R. CIV. P. 34(a)(1) (emphasis added).  Substantial case law makes clear that the complexity of the system used to store the discoverable materials does not obviate a respondent's obligation to produce the documents.  For example, in *Smith*, the Court ordered (twice) the production of responsive documents despite the complexity of the respondent's database system and the existence of several databases that could hold responsive documents.  *See Steward by next friend Minor v. Smith*, No. CV SA-10-CA-1025-OG, 2018 WL 11361752, at *2 (W.D. Tex. July 24, 2018).  As the Court in *Smith* reasoned, "Defendants have a duty to exercise due diligence in locating, retrieving, and producing the documents that are responsive to the requests for production regardless of which database the documents may be contained in."  *Id.*

Moreover, courts have ruled that the production of data from a database does not[1] constitute the creation of a new document beyond the scope of Rule 34.  *See Humphrey v. LeBlanc*, No. CV 20-233-JWD-SDJ, 2021 WL 3560842, at *3 (M.D. La. Aug. 11, 2021) (citing *Apple Inc. v. Samsung Elecs. Co. Ltd.*, No. 12-630, 2013 WL 4426512, at *3 (N.D. Cal. Aug. 14, 2013); *Bean v. John Wiley & Sons Inc.*, No. 11-8028, 2012 WL 129809, at *1 (D. Ariz. Jan. 17, 2012); *In re eBay Seller Antitrust Litigation*, No. 07-1882, 2009 WL 3613511, at *2 (N.D. Cal. Oct. 28, 2009)).  In *Humphrey*, the Court concluded that requiring reports be run from a database was not outside the scope of Rule 34 because, "Defendant does not have to [do] anything other than provide the information requested in a useable form with the information properly identified."  *Humphrey*,

---

[1] The hard copy of American's Bench Brief submitted to the Court and opposing counsel on April 17, 2024 inadvertently did not include the word "not" in this sentence. To avoid any further potential confusion, American has corrected the typo but has made no other changes to its Bench Brief.

2021 WL 3560842, at *3; *see also* Advisory Committee Note to 2006 Amendment to Federal Rule of Civil Procedure 34 ("Rule 34(a) requires that, if necessary, a responding party 'translate' inadvertently information it produces into a 'reasonably usable' form.  Under some circumstances, the responding party may need to provide some reasonable amount of technical support, information on application software, or other reasonable assistance to enable the requesting party to use the information.").  That Defendant admits the requested information exists in its database is dispositive on the issue of whether the information is produced.  *See TIGI Linea Corp. v. Prof'l Products Group, LLC*, No. 419CV00840RWSKPJ, 2021 WL 1947341, at *6 (E.D. Tex. May 14, 2021) (granting motion to compel production of sales information maintained in a database and overruling argument that production would require generation of materials outside of the respondent's usual practice).

The manner in which the discoverable and responsive information is stored is irrelevant; the Federal Rules of Civil Procedure expressly require production of the materials sought in the Motion.  That they are maintained in a database system, regardless of its complexity, is no excuse for Defendant to ignore its discovery obligations or the orders of the Court.

## II.    INCONVENIENCE OR BURDEN IS NO EXCUSE

Defendant's contention that the requested data in its database is not easily accessible and would be burdensome is meritless.  As addressed in the Motion, the Court has already considered Defendant's burden objections and overruled them.

Moreover, even if the Court were to consider Defendant's re-asserted objections after they were overruled, the requested discovery is not unduly burdensome.  In *Smith*, for example, the ordered production required the employment of a third party contractor to extract data, searching multiple databases, negotiating a list of search criteria, and over a year of production efforts.  *Smith*, 2018 WL 11361752, at *1–2.  Likewise, in *Humphrey*, the respondent alleged that it would take

3

approximately 230 hours to compile the requested data for just one of the discovery requests and potentially 2,000 hours for two other discovery requests. *Humphrey*, 2021 WL 3560842, at *6–7. The Court, noting that the 230 hours figure was likely exaggerated, concluded that the more reasonable estimation of 60 hours was not unduly burdensome. More importantly, the Court concluded that the 2,000 hours spent responding to the other two discovery requests "is not unreasonable" and ordered the discovery. *Id.* at *7.

The discovery sought in the Motion goes to the heart of this litigation and its value outweighs any potential burden. *See* Fed. R. Civ. P. 26(b)(2). Courts in the Fifth Circuit have found far more onerous production burdens to be reasonable. *See id.* Accordingly, the Court should overrule—again—Defendant's burden objections and order production of the materials sought in the Motion.

## III.    ALTERNATIVELY, ANY BURDEN CAN BE ALLEVIATED BY INSPECTION

Defendant's burden objections are untimely and meritless. Nevertheless, Plaintiff is confident that any such burden can be alleviated if it is permitted to access and inspect the database at issue. Whereas Defendant alleges it would take a month and substantial expense to pull information from its own database, Plaintiff's database engineers are confident the task can be accomplished in approximately one to two weeks, if not sooner.

Such an inspection of Defendant's database has been permitted in similar situations. For example, the Court in *Madden* expressly authorized the discovering party's expert to obtain supervised access to the respondent's database to search for discoverable information the Court had previously ordered be produced. *Madden v. Wyeth*, No. 3:03CV 0167BD(R), 2006 WL 8420904, at *2 (N.D. Tex. Jan. 12, 2006). The court in *Madden* also expressly authorized the copying of such responsive data onto a disk or CD. *Id.*

In this case, in anticipation of Defendant's untimely and waived confidentiality objections, Plaintiff is willing to conference with Defendant regarding reasonable measures, including a confidentiality or protective order, to obtain access to the materials this Court already ordered be produced.  *See id.* (ordering inspection and stating that the Court would entertain a protective order governing the inspection if the parties are unable to agree to terms protecting confidential patient and reporter information in the database).

## IV.    CONCLUSION

Plaintiff is entitled to the discovery sought in the Motion.  The Court has already ordered that it be produced.  Defendant's attempts to avoid this production by hiding behind the technical requirements of accessing information in a database are preempted by the Federal Rules of Civil Procedure and the case precedents cited herein.  Plaintiff respectfully requests the Court grant the Motion in its entirety, and grant all further relief to which Plaintiff is entitled.

Dated: April 30, 2024

Respectfully submitted,

*/s/ J. Austin Franklin*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
J. Austin Franklin
State Bar No. 24075853
austin.franklin@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

Bina Palnitkar
State Bar No. 24070378
palnitkarb@gtlaw.com
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3600

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on April 30, 2024, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

*/s/ J. Austin Franklin*
J. Austin Franklin

6