IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | (Relates to the Motion Referred |
| | § | to Magistrate Judge Ray) |
| Defendant. | § | |

**JOINT STATUS REPORT FOLLOWING UP ON THE**
**PARTIES' JOINT STATUS REPORT OF APRIL 24, 2024**

**NOW COME** the parties hereto, and pursuant to the *Joint Status Report* filed with the

Honorable Magistrate Judge Hal R. Ray, Jr. on April 24, 2024, attach *Plaintiff American*

*Airlines, Inc.'s* ("American") *Objections and Responses to Defendant Skiplagged, Inc.'s*

("Skiplagged") *Revised First Set of Requests for Production*.

**I.**

Reference is made to the parties' *Joint Status Report* of April 24, 2024,[1] with regard to

American's objections to Skiplagged's *Requests for Production*.

Attached is American's *Response* to Skiplagged's *Revised Requests for Production*.

**II.**

Skiplagged respectfully requests that the Court rule on the objections lodged by

American to Requests Nos. 1, 5, 9, 11-12, 16, 20-21, 28, 40-43, 51, 54-55, 58-61, 63, 67, 76, 77,

and 102 and move up the "drop dead" production date in Nos. 6, 20, 42-43, 82, 84, and 102 from

May 29, 2024, to May 17, 2024, as depositions of American representatives and the June 30,

2024 discovery deadline are looming. American is not able to meet the May 17, 2024 deadline

---

[1] There was a typographical error in the April 24, 2024 Report. May 30, 2024, was mistakenly used instead of April 30, 2024, in the second paragraph of Section III.

Skiplagged is attempting to impose upon it. American notes that the parties will have more than a full month between May 29, 2024, and the close of discovery for Skiplagged to conduct its depositions. Skiplagged is very concerned that will be insufficient time. Skiplagged is agreeable to either allowing the Court to rule on these objections based on this submission or having an oral hearing thereon at the Magistrate Judge's convenience.

American will stand by its objections to the aforementioned Requests and its May 29, 2024 "drop dead" production date in Nos. 6, 20, 42-43, 82, 84, and 102. American also stands by its position that Skiplagged's *Motion to Compel* [ECF No. 83] does not challenge several objections to Nos. 1, 40, 42-43, 54-55, 58-61, and 63, as set forth in *American's Objections and Responses to Skiplagged's Revised First Set of Requests for Production*. Skiplagged disagrees with this position of American and as set out above, requests that the Court rule on these objections. To the extent the Court intends to rule on Nos. 1, 40, 42-43, 54-55, 58-61, and 63, American requests the opportunity to file evidence in support of these objections and have an oral hearing, if desired by the Court.

Dated: April 30, 2024

Respectfully submitted,

/s/J. Austin Franklin

/s/William L. Kirkman

Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
J. Austin Franklin
State Bar No. 24075853
austin.franklin@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500

Bina Palnitkar
State Bar No. 24070378
palnitkarb@gtlaw.com
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100

**ATTORNEYS FOR PLAINTIFF**

William L. Kirkman
State Bar No. 11518700
billk@kirkmanlawfirm.com
Preston B. Sawyer
State Bar No. 24102465
prestons@kirkmanlawfirm.com
KIRKMAN LAW FIRM, PLLC
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone: (817) 336-2800
Facsimile: (817) 877-1863

Aaron Z. Tobin
Texas Bar No. 24028045
atobin@condontobin.com
Kendal B. Reed
Texas Bar No. 24048755
kreed@condontobin.com
Abigail R.S. Campbell
Texas Bar No. 24098959
acampbell@condontobin.com
CONDON TOBIN SLADEK
THORNTON NERENBERG PLLC
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311

Darin M. Klemchuk
Texas Bar No. 24002418
Darin.klemchuk@klemchuk.com
KLEMCHUK PLLC
8150 North Central Expressway
10th Floor
Dallas, Texas 75206
Telephone: (214) 367-6000
Facsimile: (214) 367-6001

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

I certify that on April 30, 2024, I conferred with J. Austin Franklin, counsel for Plaintiff,

American Airlines, Inc., and he indicated that he agreed to the attached.

*/s/William L. Kirkman*

William L. Kirkman

**CERTIFICATE OF SERVICE**

I certify that on April 30, 2024, I served the foregoing document electronically in

accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

*/s/William L. Kirkman*

William L. Kirkman

4

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF AMERICAN AIRLINES, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT SKIPLAGGED, INC.'S REVISED FIRST SET OF REQUESTS FOR PRODUCTION

TO:    Defendant Skiplagged, Inc., by and through its attorneys of record, William L. Kirkman and Preston B. Sawyer, KIRKMAN LAW FIRM, P.L.L.C., 201 Main Street, Suite 1160, Fort Worth, Texas 76102, and Aaron Z. Tobin, Kendal B. Reed, and Abigail R.S. Campbell, CONDON TOBIN SLADEK THORNTON NERENBERG PLLC, 8080 Park Lane, Suite 700, Dallas, Texas 75231

In accordance with the agreement of the parties and the ruling of the Court, Plaintiff

American Airlines, Inc. ("Plaintiff" or "American"), by and through its attorneys of record, serves

its Objections and Responses to Defendant Skiplagged, Inc.'s ("Defendant" or "Skiplagged")

Revised First Set of Requests for Production.

## PRELIMINARY STATEMENT

1.    American reserves the right to supplement, modify, or amend its objections and responses at any time, without undertaking any obligation beyond those imposed by the applicable Federal and Local Rules.

2.    American's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, American's right to rely on other facts or documents at trial.

3.    By making the accompanying responses and objections to Defendant's first request for documents, American does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, American makes the responses and objections herein without

in any way implying that it considers the requests, and responses thereto, to be relevant or material to the subject matter of this action.

4.     American will make available for inspection at Plaintiff counsel's offices responsive documents. Alternatively, American will produce copies of the documents.

5.     Unless otherwise indicated below, when American states that it will produce documents, it will produce the documents on or before May 3, 2024,  *See* Joint Status Report dated April 24, 2024 [ECF No. 114].

## OBJECTION TO DEFINITIONS

American objects to the definition of "document" as improper, because it includes "all documents responsive to request, regardless of whether or not the document still exists, and regardless of who has maintained custody of such a document." This request is overbroad because it seeks information not within American's possession, custody, control, or personal knowledge.

## RESPONSES TO REVISED FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Documents containing any investigations and studies of Skiplagged, internal communications about Skiplagged, and communications with third parties about Skiplagged since January 1, 2015.

**RESPONSE:**

American objects to this Request as overly broad and unduly burdensome, as all "third parties" could constitute thousands of people. American's communications with third parties about Skiplagged are also not relevant to American's claims or Skiplagged's defenses. *See* Fed. R. Civ. P. 26(b)(1).

The Request is also overly broad and unduly burdensome as to its request for all documents and communications "since January 1, 2015". This Request would result in hundreds of thousands documents and communications. Therefore, this Request as not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). Moreover, Skiplagged's Motion to Compel [ECF No. 83] does not challenge American's overly broad and proportionality objections, with the consequence that these objections are not properly before the Court.  To the extent the Court intends to rule on these objections, American should be afforded the opportunity to file evidence in support of these objections.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search of documents in its possession dating back to August 2018. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search on or before May 29, 2024, with rolling productions beginning on May 10, 2024.

**REQUEST NO. 2:**

Communications between AA and any governing or regulatory authority concerning Skiplagged.

**RESPONSE:**

American has produced items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 3:**

Communications between AA and any other airline concerning Skiplagged.

**RESPONSE:**

American has no items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 4:**

The terms of use, Use Agreement, or "conditions of carriage" as published on AA's Internet website at aa.com, as alleged in paragraph 11 of the Complaint, including all prior versions of such purported agreements and conditions of carriage published on the aa.com website or elsewhere since August 1, 2018.

**RESPONSE:**

American has produced items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 5:**

Documents reflecting the process for purchasing a flight ticket on aa.com and each variation of such process since August 1, 2018.

**RESPONSE:**

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "[d]ocuments reflecting the process for purchasing a flight ticket on aa.com and such variation of such process.". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects that this Request is not relevant to any issue in the case. The multitude of ways a consumer could navigate through AA.com is not relevant to American's claims or Skiplagged's defenses. *See* Fed. R. Civ. P. 26(b)(1).

American has no items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 6:**

Documents containing any investigations and studies of hidden-city ticketing/skiplagging, internal communications about hidden-city ticketing/skiplagging, and communications with third parties about hidden-city ticketing/skiplagging.

**RESPONSE:**

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search on or before May 29, 2024, with rolling productions beginning on May 10, 2024.

**REQUEST NO. 7**:

Communications between AA and any governing or regulatory authority relating to hidden city ticketing.

**RESPONSE:**

American has produced items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 8:** WITHDRAWN BY SKIPLAGGED.

**REQUEST NO. 9:**

Documents showing profits AA claims it lost as a result of any actions of Skiplagged.

**RESPONSE:**

American cannot identify documents showing lost profits caused by the actions of Skiplagged unless and until Skiplagged produces the data in its database showing the American bookings by Skiplagged customers. American has produced documents showing lost revenue from hidden city ticketing.

**REQUEST NO. 10:**

Each contract or agreement allegedly interfered with by Skiplagged.

**RESPONSE:**

American has alleged that in Count II of its First Amended Complaint that Skiplagged has tortiously interfered with its Conditions of Carriage. As stated above in response to Request No. 4, American has produced its Conditions of Carriage.

**REQUEST NO. 11:**

Communications relating to the contracts or agreements allegedly interfered with by Skiplagged which show that Skiplagged was aware of such contract or agreement.

**RESPONSE:**

American has alleged that in Count II of its First Amended Complaint that Skiplagged has tortiously interfered with its Conditions of Carriage. Regarding evidence that Skiplagged was aware of American's Conditions of Carriage, the Conditions of Carriage is available on AA.com. Skiplagged was aware of such contract, because the Conditions of Carriage is executed every time a user (*i.e.*, Skiplagged) gains access to and uses AA.com. Skiplagged is a party to the Conditions of Carriage whenever Skiplagged accesses and uses AA.com.

American further objects that this Request necessarily enquires into attorney-client privilege and attorney work product, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5).

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search.

**REQUEST NO. 12:**

Annual financial statements and profit and loss statements evidencing lost profits, sales, or revenues resulting from Skiplagged's alleged actions.

**RESPONSE:**

American objects to producing any documents protected by attorney-client privilege and the work product doctrine. *See* Fed. R. Civ. P. 26(b)(5), 26(b)(4)(B)–(D).

American has produced non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 13:**

Communications between AA and any other entity concerning any of the events, incidents, or conduct which form the basis of the claims asserted by AA in this lawsuit.

**RESPONSE:**

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search.

**REQUEST NO. 14:**

Documents received in response to any subpoena served in this matter.

**RESPONSE:**

American has produced items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 15:**

Cease-and-desist letters sent by AA to any third party regarding skiplagging or hidden-city ticketing and any responses to same.

**RESPONSE:**

American has no items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 16:**

Copies of lawsuits filed by AA or settlement agreements executed by AA that relate in any way to hidden-city ticketing or skiplagging.

**RESPONSE:**

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "lawsuits filed by AA or settlement agreements executed by AA that ***relate in any way*** to hidden-city ticketing or skiplagging." *See* Fed. R. Civ. P. 34(b)(1)(A) (emphasis added).

American further objects that this Request is not relevant to any issue in the case. Any lawsuits or settlement agreements with parties other than Skiplagged are not relevant to American's claims or Skiplagged's defenses in this lawsuit. *See* Fed. R. Civ. P. 26(b)(1).

American objects to this Request because it improperly seeks the disclosure of documents related to other lawsuits and settlement agreements that are shielded from discovery by the attorney-client privilege, and American objects to preparing a privilege log for such materials because these materials are neither relevant nor would creating such be proportional to this case.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 17:** WITHDRAWN BY SKIPLAGGED.

**REQUEST NO. 18:**

Documents showing the steps, policies, or procedures AA employed to protect against the unauthorized use of the American Marks or American Copyright, as these terms are defined in the Complaint, since January 1, 2015.

**RESPONSE:**

American has produced items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional items identified in discovery based on its reasonable search.

**REQUEST NO. 19:**

Communications between AA and Skiplagged.

**RESPONSE:**

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search.

**REQUEST NO. 20:**

Documents containing customer problems that Skiplagged allegedly created, as alleged in Paragraph 82 of the Complaint.

**RESPONSE:**

American objects that this Request necessarily enquires into attorney-client privilege and attorney work product as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5).

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search on or before May 29, 2024, with rolling productions beginning on May 10, 2024.

**REQUEST NO. 21:**

Documents referring to the employee time and resources AA claims to have expended investigating and trying to address problems allegedly caused by Skiplagged.

**RESPONSE:**

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected." *See* Fed. R. Civ. P. 34(b)(1)(A). Due to the nature of

bookings and information available to American, American often must remedy passenger problems caused by Skiplagged that it is unable to link to Skiplagged at the time the issue is addressed. For example, a customer complaining of an issue concerning their baggage, which was a result of Skiplagged's prohibited practices, may not understand and/or inform American that it purchased its ticket through Skiplagged. Thus, the employee, and any documents and communications, for that issue would not necessarily reflect that the issue was caused by Skiplagged. As such, "[D]ocuments referring to the employee time and resources AA claims to have expended investigating and trying to address problems allegedly caused by Skiplagged" fails to specifically describe the documents and communications American must collect.

American further objects that this Request necessarily enquires into attorney-client privilege and attorney work product as to advice and work concerning American's Use Agreement and Conditions of Carriage. *See* Fed. R. Civ. P. 26(b)(5).

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search on or before May 29, 2024, with rolling productions beginning on May 10, 2024.

**REQUEST NO. 22:**

Documents relating to AA's efforts to stop Skiplagged's alleged abusive practices, as alleged in Paragraph 84 of the Complaint.

**RESPONSE:**

American objects that this Request necessarily enquires into attorney-client privilege and attorney work product as to efforts recommended by or discussed with counsel for American to stop Skiplagged's abusive practices or to limit American's injuries from the same. *See* Fed. R. Civ. P. 26(b)(5).

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search.

**REQUEST NO. 23:**

Documents evidencing the "great and irreparable injury" that Skiplagged's acts have allegedly caused, as alleged in Paragraph 98 of the Complaint.

**RESPONSE:**

American objects that this Request necessarily enquires into attorney-client privilege and attorney work product as to efforts recommended by or discussed with counsel for American to stop Skiplagged's abusive practices or to limit American's injuries from the same. *See* Fed. R. Civ. P. 26(b)(5).

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search.

**REQUEST NO. 24:**

Contracts and agreements between AA and Skiplagged.

**RESPONSE:**

American has produced non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 25:**

Documents evidencing the confusion, mistake, or deception as to the affiliation, connection, or association of Skiplagged with AA, or as to the origin, sponsorship, or approval of Skiplagged's goods and services by American that Skiplagged's alleged conduct has caused as alleged in Paragraphs 109 and 118 of the Complaint.

**RESPONSE:**

American has produced items in its possession, custody, or control based on its reasonable search.  Additionally, American will produce additional items identified in discovery based on its reasonable search.

**REQUEST NO. 26:**

Documents evidencing the "irreparable harm" that AA has allegedly suffered or will suffer as a result of Skiplagged's alleged infringement of the American Marks as alleged in Paragraph 114 of the Complaint.

**RESPONSE:**

American objects to producing any documents protected by attorney-client privilege and the work product doctrine as to efforts recommended by or discussed with counsel for American to stop Skiplagged's infringement of the American Marks or to limit American's injuries from the same.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search.

**REQUEST NO. 27:**

Documents evidencing how AA claims to have been, is now, and will be "irreparably harmed" by Skiplagged's alleged copyright infringement, as alleged in Paragraph 127 of the Complaint.

**RESPONSE:**

American objects to producing any documents protected by attorney-client privilege and the work product doctrine as to efforts recommended by or discussed with counsel for American to stop Skiplagged's infringement of the American Marks or to limit American's injuries from the same.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search.

**REQUEST NO. 28:**

Annual financial statements and profit and loss statements evidencing the financial loss You claim to have suffered as a result of the alleged false association as alleged in Paragraph 122 of the Complaint.

**RESPONSE:**

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "Annual financial statements". *See* Fed. R. Civ. P. 34(b)(1)(A). That term is not defined and could be construed to include a virtually limitless number of documents created or used by American in its business operations. During its negotiations with Skiplagged on this revised request, Skiplagged represented that it wanted annual balance sheets and profits and loss statements. American interprets "[a]nnual financial statements" as used in this revised request as referring to its annual balance sheets.

American objects to producing any documents and communications protected by attorney-client privilege and the work product doctrine. *See* Fed. R. Civ. P. 26(b)(5), 26(b)(4)(B)–(D).

American has produced non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 29:**

Documents showing the costs AA alleges it has incurred to correct the alleged misleading information, as alleged in Paragraph 122 of the Complaint.

**RESPONSE:**

American objects to producing any documents and communications protected by attorney-client privilege and the work product doctrine. *See* Fed. R. Civ. P. 26(b)(5), 26(b)(4)(B)–(D).

American has produced non-privileged items in its possession, custody, or control based on its reasonable search.  American will produce non-privileged items identified in discovery based on its reasonable search.

**REQUEST NO. 30:**

Documents showing any corrective actions AA claims to have taken against the alleged misleading information, as alleged in Paragraph 122 of the Complaint.

**RESPONSE:**

American objects to producing any documents protected by attorney-client privilege and the work product doctrine as to corrective actions recommended by or discussed with counsel for American to stop Skiplagged's abusive practices.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search.  American will produce non-privileged items identified in discovery based on its reasonable search.

**REQUEST NO. 31:**

Documents showing the denial of Skiplagged's access to AA's aa.com site, as AA claims it reserves the right to do on the "aa.com site usage" page located at https://www.aa.com/i18n/customer-service/support/legal-information.jsp.

**RESPONSE:**

American has no items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 32:** WITHDRAWN BY SKIPLAGGED.

**REQUEST NO. 33:**

Documents evidencing actions AA has taken to mitigate any damages AA claims to have suffered and for which AA seeks recovery in this lawsuit.

**RESPONSE:**

American objects to producing any documents protected by attorney-client privilege and the work product doctrine as to efforts recommended by or discussed with counsel for American to stop Skiplagged's abusive practices or to limit American's damages from the same.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search.

**REQUEST NO. 34:**

Documents supporting the calculation of damages AA seeks in this litigation.

**RESPONSE:**

American objects to producing any documents and communications protected by attorney-client privilege and the work product doctrine. *See* Fed. R. Civ. P. 26(b)(5), 26(b)(4)(B)–(D).

American has produced non-privileged items in its possession, custody, or control based on its reasonable search.  Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search.

**REQUEST NO. 35:**

Attorney fee agreements and invoices between AA and the attorneys representing AA in this litigation.

**RESPONSE:**

American will provide its redacted attorney fee agreements and invoices between American and its outside counsel for this litigation, subject to its objection as to information protected by attorney-client privilege and the work product doctrine.

**REQUEST NO. 36:** WITHDRAWN BY SKIPLAGGED.

**REQUEST NO. 37:** WITHDRAWN BY SKIPLAGGED.

**REQUEST NO. 38:**

Documents relied upon by AA's experts.

**RESPONSE:**

American objects to this Request on the basis of attorney-client privilege and the work product doctrine. American will produce only the materials required to be produced under Federal Rule of Civil Procedure 26(b)(4)(B)–(D).

American has produced non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 39:**

Communications, presentations, and notes between AA and its board of directors regarding Skiplagged or hidden-city ticketing.

**RESPONSE:**

American has no items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 40:**

Annual financial statements and profit and loss statements for AA since January 1, 2015.

**RESPONSE:**

American objects to this Request as overly broad, unduly burdensome, and not relevant as to its request for "annual financial statements and profit and loss statements . . . since January 1, 2015". American is one of the largest airlines in the world, and its financial statements and balance sheets reflect its billions of dollars in business done each year. American's "annual financial statements and profit and loss statements" encompass documents and information that far exceeds the issues in this lawsuit and, as such, this Request is not relevant to any issue in the case and is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). Moreover, Skiplagged's Motion to Compel [ECF No. 83] does not challenge American's overly broad and proportionality objections, with the consequence that these objections are not properly before the Court. To the extent the Court intends to rule on these objections, American should be afforded the opportunity to file evidence in support of these objections.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "[a]nnual financial statements". *See* Fed. R. Civ. P. 34(b)(1)(A). That term is not defined and could be construed to include a virtually limitless number of documents created or used by American in its business operations. During its negotiations with Skiplagged on this revised request, Skiplagged represented that it wanted annual

balance sheets and profits and loss statements. American interprets "[a]nnual financial statements" as used in this revised request as referring to its annual balance sheets.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search since 2018.

**REQUEST NO. 41:**

Documents showing lost profits or lost revenue as the result of any action by Skiplagged.

**RESPONSE:**

American cannot identify documents showing lost profits caused by the actions of Skiplagged unless and until Skiplagged produces the data in its database showing the American bookings by Skiplagged customers. American has produced documents showing lost revenue from hidden city ticketing.

**REQUEST NO. 42:**

Customer complaints.

**RESPONSE:**

American objects to the phrase "Customer complaints" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "[c]ustomer complaints." *See* Fed. R. Civ. P. 34(b)(1)(A). Customers can have a variety of complaints made in a variety of way. It is unclear what Skiplagged seeks when it refers generally to "customer complaints." Skiplagged has not limited this request to customer complaints identifying Skiplagged or the facts and issues involved in this lawsuit.

American further objects that this request is overly broad and unduly burdensome because the Request as phrased would require American to investigate every "customer" transaction since August 1, 2018. This Request and is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). Moreover, Skiplagged's Motion to Compel [ECF No. 83] does not challenge American's overly broad and proportionality objections, with the consequence that these objections are not properly before the Court. To the extent the Court intends to rule on these objections, American should be afforded the opportunity to file evidence in support of these objections.

American has produced items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional items identified in discovery based on its reasonable search on or before May 29, 2024, with rolling productions beginning on May 10, 2024.

**REQUEST NO. 43:**

Documents containing actions or planned actions against customers who purchase hidden city tickets, including the repercussions against customers.

**RESPONSE:**

American objects that this request is overly broad and unduly burdensome. This Request as phrased would require American to investigate every "customer" transaction since August 1, 2018. This Request and is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). Moreover, Skiplagged's Motion to Compel [ECF No. 83] does not challenge American's overly broad and proportionality objections, with the consequence that these objections are not properly before the Court. To the extent the Court intends to rule on these objections, American should be afforded the opportunity to file evidence in support of these objections.

Further, American objects to producing any documents protected by attorney-client privilege and the work product doctrine as to any actions recommended by or discussed with counsel for American to address hidden city tickets.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search on or before May 29, 2024, with rolling productions beginning on May 10, 2024.

**REQUEST NO. 44:** WITHDRAWN BY SKIPLAGGED.

**REQUEST NO. 45:** WITHDRAWN BY SKIPLAGGED.

**REQUEST NO. 46:**

Documents that show Skiplagged charges customers for fares on American flights, as alleged by AA.

**RESPONSE:**

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search.

**REQUEST NO. 47:**

Documents that show Skiplagged sells tickets on American flights, as alleged by AA.

**RESPONSE:**

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search.

**REQUEST NO. 48:**

Documents that show Skiplagged represents itself as an agent of American, as alleged by AA.

**RESPONSE:**

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search.

**REQUEST NO. 49:** WITHDRAWN BY SKIPLAGGED.

**REQUEST NO. 50:**

Documents showing revenue generated by the purchase of hidden-city tickets by users of Skiplagged.com or any other website by which hidden-city tickets may be identified.

**RESPONSE:**

American objects to producing any documents protected by attorney-client privilege and the work product doctrine. *See* Fed. R. Civ. P. 26(b)(5), 26(b)(4)(B)–(D).

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search.

**REQUEST NO. 51:**

Documents showing profits AA received from purchases of hidden-city tickets.

**RESPONSE:**

American objects to producing any documents protected by attorney-client privilege and the work product doctrine. *See* Fed. R. Civ. P. 26(b)(5), 26(b)(4)(B)–(D).

American cannot identify documents showing profits caused by the actions of Skiplagged unless and until Skiplagged produces the data in its database showing the American bookings by Skiplagged customers.  American has produced documents showing lost revenue from hidden city ticketing.

**REQUEST NO. 52:**

Documents showing AA's efforts and abilities to identify or flag bookings facilitated by Skiplagged, including how such bookings are identified or flagged.

**RESPONSE:**

American objects to producing any documents protected by attorney-client privilege and the work product doctrine, including any efforts recommended by or discussed with counsel for American to stop Skiplagged's abusive practices or to limit American's injuries from the same.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search.

**REQUEST NO. 53:**

The terms of use, codes of conduct, or policies, provided to customers that refer to Skiplagged, hidden city ticketing, or similar practices.

**RESPONSE:**

American has produced non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 54:**

Documents showing AA's determination of ticket prices and adjustments to ticket prices.

**RESPONSE:**

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "showing AA's determination of ticket prices and adjustments to ticket prices." *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects that this Request is not relevant to any issue in the case. How American determines its ticket prices and the mechanisms of doing so are not at issue in this lawsuit. *See* Fed. R. Civ. P. 26(b)(1).

Further, this Request improperly asks for trade secrets and other confidential information shielded from discovery by Federal Rule of Civil Procedure 26(c)(1)(G). As one of the largest airlines in the world, American has spent millions of dollars as well as an extensive amount of time and resources to develop and protect its valuable fare, schedule, and inventory content. American takes commercially reasonable measures to limit access to this information only to authorized agents of American. Skiplagged is not an authorized agent of American. Further, unauthorized access to this information, including details about American's software, could harm American's systems, businesses, and customers and may be a major safety and security threat. Moreover, Skiplagged's Motion to Compel [ECF No. 83] does not challenge American's trade secret objection, with the consequence that this objection is not properly before the Court. During the meet and confer on April 22, 2024, Skiplagged did not make clear that they are challenging American's trade secret objection. To the extent it becomes an issue, and that issue is clarified by Skiplagged, American should be afforded the opportunity to file evidence in support of its objection.

**REQUEST NO. 55:**

Documents showing all efforts to license or enforce any of the American Marks and/or American Copyrights in the last 10 years, including any cease-and-desist letters or similar communications, license agreements, litigation filings, and settlement agreements.

**RESPONSE:**

American objects to the phrase "all efforts" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected." *See* Fed. R. Civ. P. 34(b)(1)(A). The terms "all efforts to license or enforce" are not understandable unless Skiplagged is inquiring into the legal requirements for protecting the American Marks and American Copyrights with regulatory authorities. American follows all requirements under federal law to protect its Marks and Copyrights.

American further objects to this Request as overly broad and unduly burdensome as to "all efforts" and "any cease-and-desist letters or similar communications, license agreements, litigation filings, and settlement agreements." This Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). Moreover, Skiplagged's Motion to Compel [ECF No. 83] does not challenge American's overly broad and proportionality objections, with the consequence that these objections are not properly before the Court. To the extent the Court intends to rule on these objections,  American should be afforded the opportunity to file evidence in support of these objections.

Further, American objects that this Request is not relevant to any issue in the case. How American licenses or enforces the American Marks and American Copyrights is not at issue in this lawsuit. *See* Fed. R. Civ. P. 26(b)(1).

American further objects to producing any documents protected by attorney-client privilege and the work product doctrine.

## REQUEST NO. 56:

Documents AA claims demonstrate the value of the American Marks and any harm or loss to the American Marks AA alleges were caused by Skiplagged.

## RESPONSE:

American has produced items in its possession, custody, or control based on its reasonable search. American will produce items identified in discovery based on its reasonable search.

## REQUEST NO. 57:

Documents showing the value of the American Copyrights and any harm or loss to the American Copyrights AA alleges were caused by Skiplagged.

## RESPONSE:

American has produced items in its possession, custody, or control based on its reasonable search. American will produce items identified in discovery based on its reasonable search.

## REQUEST NO. 58:

Annual financial statements and profit and loss statements since 2018 that AA claims show the value of the American Marks and American Copyrights.

## RESPONSE:

American objects to this Request as overly broad, unduly burdensome, and not relevant. American is one of the largest airlines in the world, and its financial statements and balance sheets

reflect its billions of dollars in business done each year. American's "annual financial statements and profit and loss statements" encompass documents and information that far exceeds the issues in this lawsuit and, as such, this Request is not relevant to any issue in the case and is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). Moreover, Skiplagged's Motion to Compel [ECF No. 83] does not challenge American's overly broad and proportionality objections, with the consequence that these objections are not properly before the Court. To the extent the Court intends to rule on these objections, American should be afforded the opportunity to file evidence in support of these objections.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "[a]nnual financial statements". *See* Fed. R. Civ. P. 34(b)(1)(A). That term is not defined and could be construed to include a virtually limitless number of documents created or used by American in its business operations. During its negotiations with Skiplagged on this revised request, Skiplagged represented that it wanted annual balance sheets and profits and loss statements. American interprets "[a]nnual financial statements" as used in this revised request as referring to its annual balance sheets.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 59:**

Documents demonstrating ownership of the American Marks and American Copyrights.

**RESPONSE:**

American objects to this Request as overly broad and unduly burdensome. As provided in American's First Amended Complaint, the American Marks are registered with the American Marks in the U.S. Patent and Trademark Office ("USPTO") on the Principal Register. American also registers the American Marks in many other countries. American also has protected its investment in its brand by registering designs with the U.S. Copyright Office. It owns U.S. Copyright Registration No. VA00002130520 for the American Copyright. In addition to its registered rights, American has strong common-law rights in the American Marks and American Copyright by virtue of extensive use and promotion in commerce. Having provided this ownership information, this Request for "[a]l documents" is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). Moreover, Skiplagged's Motion to Compel [ECF No. 83] does not challenge American's overly broad and proportionality objections, with the consequence that these objections are not properly before the Court. To the extent the Court intends to rule on these objections, American should be afforded the opportunity to file evidence in support of these objections.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 60:**

Assignments or documents affecting any rights in the American Marks and American Copyrights from creation of each intellectual property asset through the present.

**RESPONSE:**

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "affecting any rights in the American Marks and American Copyrights". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request as overly broad and unduly burdensome when it states all documents "from creation of each intellectual property asset through the present." This Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). Moreover, Skiplagged's Motion to Compel [ECF No. 83] does not challenge American's overly broad and proportionality objections, with the consequence that these objections are not properly before the Court. To the extent the Court intends to rule on these objections, American should be afforded the opportunity to file evidence in support of these objections.

American further objects that this Request is not relevant to any issue in the case. *See* Fed. R. Civ. P. 26(b)(1).

American has produced non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 61:**

Documents licensing or giving any rights to third parties relating to the American Marks and the American Copyrights.

**RESPONSE:**

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "documents licensing or giving any rights to third parties relating to the American Marks and the American Copyrights". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to the term "relating to" because it is facially overbroad. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity*

*to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request as overly broad and unduly burdensome when it states "[D]ocuments licensing or giving any rights to third parties". This Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). Moreover, Skiplagged's Motion to Compel [ECF No. 83] does not challenge American's overly broad and proportionality objections, with the consequence that these objections are not properly before the Court. To the extent the Court intends to rule on these objections, American should be afforded the opportunity to file evidence in support of these objections.

American further objects that this Request is not relevant to any issue in the case. *See* Fed. R. Civ. P. 26(b)(1).

## REQUEST NO. 62:

Documents showing any valuations performed of the American Marks and the American Copyrights.

## RESPONSE:

American will produce items identified in discovery based on its reasonable search.

## REQUEST NO. 63:

Documents showing any analysis or opinion of the validity or enforceability of the American Marks or American Copyrights.

## RESPONSE:

American objects to this Request because it improperly seeks information that is not relevant. To the extent the Request seeks the disclosure of attorney-client privilege or work-product information, American objects to this Request and objects to producing a privilege log for such information because it would be irrelevant, overly burdensome, and not proportional to the needs of the case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "any analysis or opinion of the validity or enforceability of the American Marks or American Copyrights". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome. As provided in American's First Amended Complaint, the American Marks are registered with the American Marks in the U.S. Patent and Trademark Office ("USPTO") on the Principal Register. American also registers the American Marks in many other countries. American also has protected its investment in its brand by registering designs with the U.S. Copyright Office. It owns U.S. Copyright Registration No. VA00002130520 for the American Copyright. In addition to its registered rights, American has strong common-law rights in the American Marks and American Copyright by virtue of extensive use and promotion in commerce. Having provided this ownership information, this Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). Moreover, Skiplagged's Motion to Compel [ECF No. 83] does not challenge American's overly broad and proportionality objections, with the consequence that these objections are not properly before the Court. To the extent the Court intends to rule on these objections, American should be afforded the opportunity to file evidence in support of these objections.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 64:**

Documents identifying all individuals who participated in any way with the creation of the American Copyrights (collectively, the "Copyright Authors").

**RESPONSE:**

American has produced items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 65:**

Documents establishing each of the Copyright Authors' relationship with AA (W2 employment, 1099 contractor, or otherwise) at the time the American Copyrights were created through the present.

**RESPONSE:**

American has produced items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 66:** WITHDRAWN BY SKIPLAGGED.

**REQUEST NO. 67:** WITHDRAWN BY SKIPLAGGED.

**REQUEST NO. 68:**

Documents establishing AA's initial use in commerce and continued use in commerce through the present of the American Marks.

**RESPONSE:**

American has produced items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 69:**

Documents showing that Skiplagged's use of the American Marks and the American Copyrights is not fair use or nominative use, as alleged by AA.

**RESPONSE:**

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "supporting AA's contention that Skiplagged's use of the American Marks and the American Copyrights is not fair use or nominative use." *See* Fed. R. Civ. P. 34(b)(1)(A). Skiplagged has not clarified how it believes its use of the American Marks and the American Copyrights qualifies as fair use, with the consequence that American cannot identify documents to refute Skiplagged's position.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 70:**

Documents supporting AA's contention that Skiplagged's use of the American Marks is likely to cause confusion, including documents supporting or relating to the likelihood of confusion factors under the established case law.

**RESPONSE:**

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search.

**REQUEST NO. 71:**

Documents AA contends demonstrate any actual confusion caused by Skiplagged's use of the American Marks or the American Copyrights.

**RESPONSE:**

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 72:**

Documents showing any diverted sales or leads allegedly caused by Skiplagged's use of the American Marks or the American Copyrights.

**RESPONSE:**

American has no items in its possession, custody, or control based on its reasonable search**.**

**REQUEST NO. 73:**

Documents demonstrating AA's claim of consumer confusion for each American Airlines flight booked by Skiplagged for consumers seeking to book a flight on American Airlines.

**RESPONSE:**

American has produced items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional items identified in discovery based on its reasonable search.

**REQUEST NO. 74:**

Documents demonstrating AA's claim of consumer confusion for each non-American Airlines flight booked by Skiplagged for consumers seeking to book a flight on an airline other than American Airlines.

**RESPONSE:**

American has no items in its possession, custody, or control based on its reasonable search

**REQUEST NO. 75:**

Documents showing any difference in legal rights between the American Marks and the American Copyrights.

**RESPONSE:**

American has produced items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 76:**

Documents relating to AA's policies regarding protection and use of intellectual property rights, including use of third-party intellectual property rights and precautions to be taken before using an intellectual property right not owned by You.

**RESPONSE:**

American objects to the term "relating to" because it is facially overbroad. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American further objects to producing any documents protected by attorney-client privilege and the work product doctrine.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search.

**REQUEST NO. 77:**

Documents supporting AA's claim that this case is an exceptional case in AA's favor under the Lanham Act.

**RESPONSE:**

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers, including as to advice and work related to American's trademarks and copyrights.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search.

**REQUEST NO. 78:**

Documents supporting AA's contention that Skiplagged's alleged copyright infringement was willful.

**RESPONSE:**

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. American has produced non-privileged items in its possession, custody, or control based on its reasonable search. American will produce additional non-privileged items identified in discovery based on its reasonable search

**REQUEST NO. 79:**

Documents supporting AA's contention that Skiplagged's alleged Lanham Act violations were willful.

**RESPONSE:**

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. American will produce additional non-privileged items identified in discovery based on its reasonable search.

**REQUEST  NO. 80:**

Documents supporting AA's contention that Skiplagged violated AA's copyrights including alleged infringement of the American Copyrights.

**RESPONSE:**

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search.

**REQUEST NO. 81:**

Documents supporting AA's contention that Skiplagged violated AA's trademark rights including alleged infringement of the American Marks and the alleged acts described in Counts III and IV of the Complaint.

**RESPONSE:**

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search.

**REQUEST NO. 82:**

Documents showing when Skiplagged allegedly first used the American Copyrights and when AA first became aware of it.

**RESPONSE:**

American has produced items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional items identified in discovery based on its reasonable search on or before May 29, 2024, with rolling productions beginning on May 10, 2024.

**REQUEST NO. 83:**

Documents showing the reasons why You waited from AA's first knowledge of Skiplagged's alleged use of the American Copyrights until AA filed suit on August 17, 2023.

**RESPONSE:**

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers.

American has no non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 84:**

Documents showing when Skiplagged allegedly first used the American Marks and when AA claims it first became aware of it.

**RESPONSE:**

American has produced items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional items identified in discovery based on its reasonable search on or before May 29, 2024, with rolling productions beginning on May 10, 2024.

**REQUEST NO. 85:**

Documents showing the reasons why You waited from Your first knowledge of Skiplagged's alleged use of the American Marks until AA filed suit on August 17, 2023.

**RESPONSE:**

American objects to producing any documents protected by attorney-client privilege and the work product doctrine, including concerning any advice or discussions regarding the timing of filing this lawsuit.

American has no non-privileged items in its possession, custody, or control based on its reasonable search

**REQUEST NO. 86:**

Documents showing the legal and factual basis that the statute of limitation has not lapsed as to each of Your claims.

**RESPONSE:**

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including any advice or discussions regarding the any applicable statute of limitations. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers.

American has no non-privileged items in its possession, custody, or control based on its reasonable search

**REQUEST NO. 87:**

Documents supporting the alleged validity and enforceability of the American Copyrights.

**RESPONSE:**

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's

trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 88:**

Documents supporting the alleged validity and enforceability of the American Marks.

**RESPONSE:**

American objects to producing any documents protected by attorney-client privilege and the work product doctrine.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search

**REQUEST NO. 89:**

Documents supporting AA's claim that the American Marks are inherently distinctive.

**RESPONSE:**

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search.  Additionally, American will produce non-privileged additional items identified in discovery based on its reasonable search.

**REQUEST NO. 90:**

Documents demonstrating by year the amount of advertising spent using the American Marks.

**RESPONSE:**

American has produced items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional items identified in discovery based on its reasonable search.

**REQUEST NO. 91:**

Documents demonstrating by year the amount of sales obtained using the American Marks.

**RESPONSE:**

American has produced items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 92:**

Documents supporting AA's contention that Skiplagged's actions have caused a false, deceptive, or misleading belief in the minds of consumers as to the affiliation, connection, or association of Skiplagged with American, or as to the origin, sponsorship, or approval of Skiplagged's goods and services by American.

**RESPONSE:**

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 93:**

Documents showing AA's publications of the American Copyrights without a copyright notice included with the copyrights.

**RESPONSE:**

American has no items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 94:**

Documents showing each of AA's publications of the American Marks without a federal trademark registration notice included with the trademarks.

**RESPONSE:**

American has no items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 95:**

Documents supporting AA's contention that Skiplagged's alleged use of the American Copyrights is likely to cause consumer confusion.

**RESPONSE:**

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's

trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search.

**REQUEST NO. 96:**

Documents showing any incidences where consumers viewing Skiplagged's website intending to purchase a flight on American Airlines were confused or mislead into purchasing a flight on another airline believing the flight to be provided by You.

**RESPONSE:**

American has no items in its possession, custody, or control based on its reasonable search

**REQUEST NO. 97:**

Documents showing any incidences where consumers viewing Skiplagged's website intending to purchase a flight on American Airlines were confused or mislead into believing that Skiplagged was an agent, sponsored by, or affiliated with You.

**RESPONSE:**

American objects to producing any documents protected by attorney-client privilege and the work product doctrine, including any discussion or advice given to American regarding efforts to respond to consumer confusion caused by Skiplagged's website.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 98:**

Documents showing any incidences where AA contends Skiplagged diverted consumers viewing Skiplagged's website intending to purchase a flight on American Airlines to a different airline without the consumer's knowledge or consent.

**RESPONSE:**

American has no items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 99:**

Documents supporting AA's claim for statutory damages and the factors supporting that amount.

**RESPONSE:**

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search.

**REQUEST NO. 100:**

Documents supporting AA's claim for  attorney's fees under each statute through which fees are sought.

**RESPONSE:**

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers.

Skiplagged has already requested in Request No. 35, and American has already agreed to produce its redacted attorney fee agreements and invoices between American and its outside counsel for this litigation, subject to its objection as to information protected by attorney-client privilege and the work product doctrine.

**REQUEST NO. 101:**

Documents supporting AA's claim for injunctive relief.

**RESPONSE:**

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search.

**REQUEST NO. 102:**

Documents relating to AA's delay in seeking injunctive relief from when it contends to have first experienced irreparable harm through the present.

**RESPONSE:**

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including concerning any advice or discussions regarding American's claim for injunctive relief or the timing of filing this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers.

American has produced non-privileged items in its possession, custody, or control based on its reasonable search. Additionally, American will produce additional non-privileged items identified in discovery based on its reasonable search on or before May 29, 2024, with rolling productions beginning on May 10, 2024.

Dated: April 29, 2024                         Respectfully submitted,

*/s/ J. Austin Franklin*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
J. Austin Franklin
State Bar No. 24075853
austin.franklin@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG, LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: 202-331-3100
Facsimile: 202-331-3101

Bina B. Palnitkar
bina@gtlaw.com
GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: 214-665-3727
Facsimile: 214-665-5947

**ATTORNEYS FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on April 29, 2024, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

*/s/ J. Austin Franklin*
J. Austin Franklin