IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **AMERICAN AIRLINES, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| **SKIPLAGGED, INC.,** | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are the Motion to Compel ("Skiplagged's Motion") and appendix in support filed by Defendant Skiplagged, Inc. ("Skiplagged") (ECF Nos. 83-84); the Response and appendix in support filed by Plaintiff American Airlines, Inc. ("AA") (ECF Nos. 94-95); and the Parties' Joint Status Reports (ECF Nos. 93, 114, 117). United States District Judge Mark T. Pittman referred Skiplagged's Motion to the undersigned for review, hearing, and disposition. *See* ECF No. 86. The Court held a hearing on the Motion on April 17, 2024.

At that hearing, the Court ruled on the disputed Interrogatories and Requests for Admission, but it held in abeyance a ruling as to the Skiplagged's Requests for Production ("RFP"s). *See* ECF No. 105. Since then, the parties have conferred and narrowed the issues. *See* ECF Nos. 114, 117. Now, they only contest RFP Nos. 1, 5, 9, 11-12, 16, 20, 21, 28, 40-43, 51, 54-55, 58-61, 63, 67, 76-77. ECF No. 117. As a preliminary matter, AA argues that Skiplagged's Motion "does not challenge several objections to [RFP] Nos. 1, 40, 42-43, 54-55, 58-61, and 63[.]" ECF No. 117 at 2. Specifically, AA asserts that Skiplagged's Motion "does not challenge [AA]'s overly broad and proportionality objections," so they "are not properly before the Court." ECF No. 117 at 6, 17-19, 22-27. The Court finds that Skiplagged's motion sufficiently raised the objections to the contested RFPs in its motion and considers all of them now. After reviewing the pleadings, status reports,

and legal authorities, and for the reasons stated in this Order, the Court **GRANTS** in part and **DENIES** in part Skiplagged's Motion (ECF No. 83).

First, AA ends many of its objections with an indication that it "has produced non-privileged items in its possession, custody, or control based on its reasonable search." *See e.g.*, ECF No. 117 at 10. Although it does not precede these concluding paragraphs with "subject to and without waiving" language, the paragraphs preceding the concluding paragraphs are effectively stating prophylactic objections. But the rules require AA to produce all documents requested within the scope of discovery as set forth in Rule 26(b) or provide specific objections explaining precisely how a request exceeds or conflicts with the scope of permissible discovery. *Carr v. State Farm Mut. Auto. Ins.*, 312 F.R.D. 459, 464-466 (N.D. Tex. 2015); *Heller v. City of Dall.*, 303 F.R.D. 466, 484 (N.D. Tex. 2014). Such prophylactic objections fail to do either.

The Court **SUSTAINS** AA's objections to RFP Nos. 12, 20, 42, 51, 54, and 77. The Court also **SUSTAINS** AA's objections to RFP No. 40 because it seeks irrelevant information that Skiplagged may access through AA's publicly available Form 10-Ks, filings, or other matters of public record. The Court **DENIES** Skiplagged's Motion as to these RFPs.

The Court also **DENIES** Skiplagged's Motion as to RFP Nos. 9, 41, 67, because it withdrew RFP No. 67 (ECF No. 117 at 28) and AA answered RFP Nos. 9 and 41 (ECF No. 117 at 8, 14).

The Court **OVERRULES** AA's objections to RFP Nos. 5, 11, 16, 55, and 58-61. To the extent that it has not already, AA **SHALL PROVIDE** all documents in its possession and control responsive to these RFPs.

The Court **OVERRULES in part and SUSTAINS in part** AA's objections to RFP No. 1. The Court finds that RFP No. 1 is overbroad to the extent that it seeks responsive documents dated

or prepared prior to January 1, 2018. AA **SHALL PROVIDE** all documents in its possession and control responsive to this RFP, dated or prepared on or after January 1, 2018.

The Court **OVERRULES in part and SUSTAINS in part** AA's objections to RFP Nos. 21, 28, 43, 63, 76, and 102. The Court **SUSTAINS** AA's attorney client privilege and work product doctrine objections to these RFPs and **OVERRULES** all of its other objections. To the extent that it has not already done so, AA **SHALL PROVIDE** all documents in its possession and control responsive to this RFP that are not protected by the attorney client privilege and work product doctrine.

The Court **DENIES** Skiplagged's request to "move up the 'drop dead production date in [RFP] Nos. 6, 20, 42-43, 82, 84, and 102 from May 29, 2024, to May 17, 2024[.]" ECF No. 117 at 1. May 29 allows for thirty-two days before the June 30 discovery deadline, which the Court finds is sufficient. *See* ECF No. 73.

Finally, the Court **DENIES** Skiplagged's request for attorney's fees and costs. The Court finds under Federal Rule of Civil Procedure 37 that given the facts of this matter an award of attorney's fees and costs to any party would not serve the interests of justice.

AA **SHALL COMPLY** with this Order and deliver to Skiplagged (1) all documents in its possession and control responsive to RFP Nos. 5, 11, 16, 55, and 58-61; and (2) all documents in its possession and control, subject to the exceptions discussed above, responsive to RFP Nos. 1, 21, 28, 43, 63, 76, and 102, **on or before May 24, 2024**. Also by that date, AA shall promptly file proof of delivery.

It is so **ORDERED** on May 3, 2024.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE