IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| SKIPLAGGED, INC., | § | |
| Defendant. | § | |

### DEFENDANT SKIPLAGGED, INC.'S EXPEDITED MOTION FOR PROTECTIVE ORDER POSTPONING DEPOSITION OF AKTARER ZAMAN AND BRIEF IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant Skiplagged, Inc. ("Skiplagged"), and, pursuant to Federal Rules of Civil Procedure 26 and 30, files this Motion for Protective Order Postponing the Deposition of Aktarer Zaman. In support thereof, Skiplagged would show the Court:

### I.  REQUEST FOR EXPEDITED RELIEF ON MOTION

This motion concerns Plaintiff's Notice of Deposition of Aktarer Zaman to take place on May 29, 2024. *See* App., p. 2-4. This notice was served on May 14, 2024. Accordingly, Skiplagged respectfully requests expedited consideration of this motion prior to the date noticed for the deposition.

### II.  PRELIMINARY STATEMENT

Despite Skiplagged providing June 12 and 13, 2024, in New York City, as available dates and location for the individual and 30(b)(6) deposition of Aktarer Zaman ("Zaman") – totaling fourteen (14) hours of deposition time – American Airlines, Inc. ("American") unilaterally noticed the deposition of Zaman for May 29, 2024, in Fort Worth, Texas.

These facts constitute good cause to postpone the deposition of Zaman. Rather than

1

providing a reason why the proposed June 12-13, 2024 dates are unavailable, American insists upon a two-week gap between Zaman's individual and 30(b)(6) deposition. American's refusal to take the deposition dates provided by Skiplagged and its unilateral noticing of Zaman for a deposition is harassing and burdensome requiring additional travel and expenses, as well as unnecessary additional time away from running and operating Skiplagged.

Skiplagged requests that the Court issue a protective order to postpone the May 29, 2024, deposition of Aktarer Zaman in Fort Worth, Texas, for three reasons:

i. Conducting the deposition of Aktarer Zaman in Fort Worth, Texas rather than New York City flies in the face of the well-established rule that the deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business;

ii. Conducting the individual and corporate representative depositions of Aktarer Zaman two-weeks apart, rather than two back-to-back days as proposed by Skiplagged (and originally agreed to by American) is harassing and unduly burdensome by requiring Defendant and Defendant's counsel to incur additional costs and time to make two separate trips while not providing any valid reason as to why Skiplagged's proposed dates are unavailable.

iii. American unilaterally scheduled these depositions without regard to counsel or the deponent's availability.

For these reasons, the Court should enter an order postponing the deposition of Aktarer Zaman until June 12-13, 2024, in New York, New York as originally offered by Skiplagged and agreed to by American.

### III.  RELEVANT BACKGROUND FACTS

1. On March 26, 2024, in response to American's request for the depositions of Zaman, Skiplagged agreed to produce Zaman for both depositions in New York City on agreed-upon back-to-back days for a maximum of ten hours. *See* App., p. 14-15.

2. On April 2, 2024, American responded it is willing to take Zaman's combined deposition (individually and as a corporate representative) in New York on agreed-upon, back-to-back dates, but requested the full 14 hours of deposition time (seven hours for Zaman's individual deposition and seven hours for Zaman's corporate representative deposition). American then agreed to limit the total deposition time to twelve hours so long as Skiplagged agrees to limit its deposition of American's corporate representative to five hours. *See* App., p. 13-14.

3. On April 19, 2024, Skiplagged rejected American's proposal to limit the deposition of American's corporate representative(s) to five hours. Skiplagged further proposed Zaman's deposition be taken in New York – where he resides and where Skiplagged's principal place of business is located—on back-to-back days for seven hours each day, *i.e.*, what American requested. *See* App., p. 11-12.

4. On April 29, 2024, American backtracked its demand and informed Skiplagged that it will no longer agree to back-to-back deposition dates for Zaman, but rather, intends to take Mr. Zaman's deposition individually on May 22, 2024, and then take his deposition as a corporate representative a "couple of weeks later." *See* App., p. 11.

5. The same day, Skiplagged responds stating it has a conflict with the proposed May 22, 2024, date and will provide alternative dates as soon as an agreement is reached regarding the mutual sharing of proposed 30(b)(6) topics. *See* App., p. 10.

6. Ultimately, on May 7, 2024, Skiplagged notifies American that it will produce Zaman on consecutive days, June 12 and 13, 2024, in New York City, as originally agreed.

3

Notably, Skiplagged did not request any time limitations and thus, agreed to produce Zaman for the full fourteen hours as American originally requested. *See* App., p. 24-26.

7. On May 9, 2024, American rejects Skiplagged's proposal solely on the basis that it intends to take his deposition "sufficiently before a Rule 30(b)(6) deposition to enable American to use his deposition testimony to craft questions for the corporate representative, regardless of who that may be." *See* App., p. 22-24. In other words, American wants two attempts at deposing Zaman, who is the heart and soul of Skiplagged and who knows about all of Skiplagged's inner workings.

8. The following day, Skiplagged rejected American's proposal for separate dates, two weeks apart, and reiterated its offer to depose Zaman in June on back-to-back dates. *See* App., p. 20-22.

9. Nonetheless, on May 14, 2024, American unilaterally noticed the personal deposition of Aktarer Zaman for May 29, 2024, to occur at American's counsel's office in <u>Fort Worth, Texas</u>. *See* App., p. 2.

### IV. ARGUMENT AND AUTHORITIES

10. "A party seeking a protective order to prevent or postpone a deposition must show good cause and the specific need for protection." *Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 579 (N.D. Tex. 2002)(citing *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir.), cert. denied, 498 U.S. 895, 111 S.Ct. 244, 112 L.Ed.2d 203 (1990); *Bucher v. Richardson Hospital Authority*, 160 F.R.D. 88, 92 (N.D. Tex. 1994)). "Good cause" exists when justice requires the protection of "a party or person from any annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c); *Landry*, 901 F.2d at 435. The court must balance the competing interests of allowing discovery and protecting the parties and deponents from undue burdens. *Bucher*, 160 F.R.D. at 92.

11. In addition, it is well established in the Northern District of Texas that with respect to scheduling depositions:

> (a) Lawyers should make reasonable efforts to conduct all discovery by agreement.
>
> (b) A lawyer should not use any form of discovery, or the scheduling of discovery, as a means of harassing opposing counsel or his client.
>
> . . .
>
> 2. Scheduling Lawyers should, when practical, consult with opposing counsel before scheduling hearings and depositions in a good faith attempt to avoid scheduling conflicts.

*See Dondi Properties Corp. v. Commerce Savings & Loan Ass'n*, 121 F.R.D. 284, 293 (N.D. Tex. 1988) (en banc); *see Andra Group, LP v. JDA Software Group, Inc.*, No. 3:15-MC-11-K-BN, 2015 WL 5459635, at *3 (N.D. Tex. Sept. 16, 2015)(reminding counsel of *Dondi's* mandates when one party unilaterally issued the deposition of another party without inquiring about available dates for deposition).

12. Moreover, "[i]t is well settled that '(t)he deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business,' especially when, as in this case, the corporation is the defendant." *Salter v. Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979); *see also Thomas v. Int'l Bus. Machines*, 48 F.3d 478, 483 (10th Cir. 1995)("notice to conduct the deposition in Oklahoma City clashes with the normal procedure that the "deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business."); *Lewis v. Ford Motor Co.*, 685 F. Supp. 2d 557, 572–73 (W.D. Pa. 2010)("[I]n the absence of unusual circumstances, which would justify allowing the depositions to proceed at another location, depositions of corporate agents and officers should ordinarily be taken at the corporation's principal place of business.").

13. Good cause exists to grant protection from and postpone the May 29, 2024, deposition of Zaman in Fort Worth, Texas. To be clear, Skiplagged is not preventing American from deposing Zaman or Skiplagged's corporate representative, it simply desires to avoid undue burden and cost imposed by American's unilateral actions.

14. First, good cause exists because, as highlighted above, it is established in this Circuit and others that the proper location for the deposition of a corporation defendant is its principal place of business. *See Salter*, 593 F.2d at 651. Skiplagged's principal place of business is 41 E. 11th St., 9th Floor, New York, New York, 10003. [Dkt. 8, ¶ 9]. Further, even before providing dates, Skiplagged explicitly stated it would be willing to provide Zaman for his individual and corporate representative depositions "***in New York on agreed-upon back-to-back days***." *See* App., p. 13-14 (emphasis added).

15. Zaman, the CEO and founder of Skiplagged, lives, operates, and runs Skiplagged from New York, New York. Moreover, American previously took depositions in this case in New York without issue.[1] Nonetheless, without providing any justification or objection to taking the deposition of Zaman in New York as proposed by Skiplagged, American unilaterally noticed Zaman's deposition at American's Texas counsel's office at 201 Main Street, Suite 2500, Fort Worth, Texas 76102. *See* App., p. 2. In addition, requiring Zaman to travel to Fort Worth (especially if required to travel twice in two weeks per American's demand) creates an undue burden and expense demanding the purchase of flights and hotel accommodations as well as requiring additional unnecessary travel time interfering with Zaman's ability to run and operate Skiplagged.

---

[1] These depositions were conducted at the office of Greenberg Traurig, counsel for American in this litigation.

16.     Second, American's sudden refusal to take the individual and corporate representative deposition of Zaman in two, seven-hour, back-to-back days is harassing and unduly burdensome by requiring Skiplagged's counsel to take two separate trips to New York. Moreover, requiring Zaman's corporate representative deposition to occur two weeks after his individual deposition causes further unnecessary inconvenience to Zaman by requiring he take time away from running Skiplagged on two separate weeks rather than one.

17.     Zaman's schedule allowed for two days of deposition on June 12-13, 2024, and this is what Skiplagged's counsel proposed. Even more, American agreed to take Zaman's combined deposition (individually and as a corporate representative) in New York on agreed-upon, back-to-back dates. *See* App., p. 13. Skiplagged initially pushed back on allowing American fourteen (14) total hours of deposition time, but eventually agreed in an effort to reach an agreement and provided American what they originally asked – two back-to-back, seven hour days for Zaman's combined deposition in New York. *See* App., p. 25.

18.     Despite this, American now insists upon an unreasonable two-week gap between Zaman's individual and corporate representative deposition. This is unnecessary. Zaman is at the heart of this case and knows the operations of Skiplagged both personally and as Skiplagged's Founder/CEO. Zaman has no separate knowledge as an individual versus as required to prepare for 30(b)(6) topics and there is no justifiable reason to extend Zaman's deposition for two weeks – requiring further disruption to his schedule and, if ultimately required to travel, multiple trips and flights – for the sole purpose of providing American an extra two weeks to prepare 30(b)(6) topics for a deposition it has been contemplating for at least two months as of the date of this Motion.

28296109v4 99460.002.00

19. Finally, American's counsel's conduct – noticing Zaman's deposition in Fort Worth, Texas for May 29, 2024, despite Skiplagged's counsel providing acceptable dates and location – violates the standards of litigation conduct adopted by this Court in *Dondi*, which directs lawyers to make reasonable efforts to conduct all discovery by agreement and to not use discovery to unfairly prejudice the other side. 121 F.R.D. at 293.

20. American will likely argue it needs the two-week break between Zaman's individual and corporate representative deposition to utilize Zaman's individual deposition to prepare topics and questions for his corporate representative deposition. There is no valid reason American cannot adequately prepare for both depositions prior to the proposed June 12-13, 2024, deposition dates. As stated above, American has presumably known it would be taking the individual and corporate representative deposition of Zaman for months.

21. The Court should enter a protective order to postpone the individual and corporate representative depositions of Aktarer Zaman to Skiplagged's proposed time (June 12-13, 2024) and location (New York, New York). American has not and cannot offer sufficient justification for its failure to reasonably confer and avoid unnecessary burdens on Defendant.

## V. Conclusion

Because American's unilateral deposition notice to Aktarer Zaman on May 29, 2024, in Fort Worth, Texas flies in the face of well-established rules and precedent in this Circuit and imposes unnecessary burden and expenses on Defendant, Skiplagged respectfully requests that the Court hear this motion on an expedited basis, and after such hearing enter a protective order postponing Zaman's individual and corporate representative depositions until Skiplagged's proposed dates of June 12-13, 2024, and award Defendant all such further relief to which it may be entitled.

Dated: May 17, 2024                                   Respectfully submitted,

                                                    */s/ William L. Kirkman*
William L. Kirkman
Texas Bar No. 11518700
Preston B. Sawyer
Texas Bar No. 24102456
**KIRKMAN LAW FIRM, PLLC**
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone: (817) 336-2800
Facsimile: (817) 877-1863
billk@kirkmanlawfirm.com
prestons@kirkmanlawfirm.com

*/s/ Abigail R.S. Campbell*
Aaron Z. Tobin
Texas Bar No. 24028045
Kendal B. Reed
Texas Bar No. 24048755
Abigail R.S. Campbell
Texas Bar No. 24098759
**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311
atobin@condontobin.com
kreed@condontobin.com
acampbell@condontobin.com

***Attorneys for Defendant, Skiplagged, Inc.***

### CERTIFICATE OF CONFERENCE

I certify that I have conferred with counsel for Plaintiff on the issues presented in this motion via email on May 9-10, 2024.

                                                  */s/ William L. Kirkman*
WILLIAM L. KIRKMAN

28296109v4 99460.002.00

## **CERTIFICATE OF SERVICE**

It is hereby certified that on May 17, 2024, a copy of the foregoing was served through the Court's electronic filing system as to all parties who have entered an appearance in this proceeding.

*/s/ Abigail R.S. Campbell*
ABIGAIL R.S. CAMPBELL

28296109v4 99460.002.00