**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **AMERICAN AIRLINES, INC.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-00860-P** |
| | § | |
| **SKIPLAGGED, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

---

### DEFENDANT SKIPLAGGED, INC.'S MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT

William L. Kirkman
Texas Bar No. 11518700
Preston B. Sawyer
Texas Bar No. 24102456
**KIRKMAN LAW FIRM, PLLC**
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone: (817) 336-2800
Facsimile: (817) 887-1863
billk@kirkmanlawfirm.com
prestons@kirkmanlawfirm.com

Aaron Z. Tobin
Texas Bar No. 24028045
Kendal B. Reed
Texas Bar No. 24048755
Abigail R.S. Campbell
Texas Bar No. 24098759
**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311
atobin@condontobin.com
kreed@condontobin.com
acampbell@condontobin.com
*Attorneys for Defendant, Skiplagged, Inc.*

i

## TABLE OF CONTENTS

I.   PRELIMINARY STATEMENT .......................................................................... 1

II.  RELEVANT BACKGROUND FACTS............................................................... 1

III. ARGUMENT & AUTHORITIES...................................................................... 3

    A.   Objections to Definitions .......................................................................... 4

    B.   Seventy-Three (73) Deposition Topics is Burdensome and
        Unreasonably Excessive ............................................................................ 5

    C.   Deposition Topics Not Limited to any Relevant Time Period ................................. 7

    D.   Topics Not Specifically Tailored to Seek Relevant Information............................ 8

    E.   Topics Requiring Encyclopedic Knowledge are Unreasonable ............................ 11

    F.   Topics Outside the Scope of Knowledge of Corporate Representative.................. 15

        1.   Skiplagged Cannot Speak as to Third Party Knowledge ................................... 15

        2.   Topics That Call for Legal Analysis ................................................................ 16

IV.  CONCLUSION................................................................................................ 17

ii

# TABLE OF AUTHORITIES

**Cases**

*Alvarado-Herrera v. Acuity,*
   344 F.R.D. 103 (D. Nev. 2023).................................................................................... 5, 12

*Bowers v. Mortg. Elec. Reg. Sys., Inc.,*
   Civil Case No. 10-4141-JTM, 2011 WL 6013092 (D. Kan. Dec. 2, 2011)................................ 5

*Bucher v. Richardson Hospital Authority,*
   160 F.R.D. 88 (N.D. Tex. 1994) ........................................................................................ 3

*Dennis v. United States,*
   No. 3:16-CV-3148-G-BN, 2017 WL 4778708 (N.D. Tex. Oct. 23, 2017)........................ 16, 17

*Landry v. Air Line Pilots Ass'n,*
   901 F.2d 404 (5th Cir.), cert. denied, 498 U.S. 895, 111 S.Ct. 244, 112 L.Ed.2d 203 (1990) ... 3

*MC Trilogy Tex., LLC v. City of Heath, Tex.,*
   No. 3:22-CV-2154-D, 2024 WL 1641233 (N.D. Tex. Apr. 16, 2024) .................................. 4, 7

*Pauls v. The Prudential Ins. Co. of Am.,*
   No. 3:16-CV-2116-M-BN, 2016 WL 6397564 (N.D. Tex. Oct. 28, 2016)........................ 4, 7, 8

*United Healthcare Services, Inc. v. Next Health, LLC,*
   No. 3:17-CV-00243-E-BT, 2021 WL 9146632 (N.D. Tex. Oct. 13, 2021) ............................ 8

*United States v. HVI Cat Canyon, Inc.,*
   No. CV 11-5097 FMO (SSX), 2016 WL 11683593 (C.D. Cal. Oct. 26, 2016) ........................ 5

*Veroblue Farms USA Inc.,* 2022
   WL 1644442 ................................................................................................................ 17

*Veroblue Farms USA Inc. v. Wulf,*
   No. 3:19-CV-764-X, 2022 WL 1644442 (N.D. Tex. May 23, 2022)..................................... 17

*Williams ex rel. Williams v. Greenlee,*
   210 F.R.D. 577 (N.D. Tex. 2002) ...................................................................................... 3

*Winfield v. City of New York,*
   No. 15CV05236LTSKHP, 2018 WL 840085 (S.D.N.Y. Feb. 12, 2018) ................................. 5

**Rules**

Fed. R. Civ. P. 26......................................................................................................................... 1
Fed. R. Civ. P. 26(c) .................................................................................................................... 3
Fed. R. Civ. P. 30..................................................................................................................... 1, 3
FED. R. CIV. P. 30(b)(6)......................................................................................................... passim

28316601v1 99460.002.00

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Defendant Skiplagged, Inc. ("Plaintiff" or "Skiplagged"), and, pursuant to Federal Rules of Civil Procedure 26 and 30, files this Motion for Protective Order seeking protection from the unreasonable and overbroad Notice of Rule 30(b)(6) Deposition of Defendant Skiplagged, Inc.'s Corporate Representative ("Corporate Representative Deposition Notice") issued by Plaintiff American Airlines, Inc. ("Defendant" or "American") on June 10, 2024. In support thereof, Skiplagged would show the Court:

## I.   PRELIMINARY STATEMENT

American seeks to depose Skiplagged on **seventy-three (73)** deposition topics which, *inter alia*, contain no temporal limitation, are not specifically tailored to information relating to American, require encyclopedic knowledge a representative cannot reasonably be expected to know, and are irrelevant to the claims in the case.

After a meet-and-confer, outside of a few clarification points, American refused to limit or remove <u>any</u> of its seventy-three (73) deposition topics.

Skiplagged requests that the Court issue an order protecting it from having to produce a representative on the objectionable topics highlighted below.

## II.   RELEVANT BACKGROUND FACTS

1.    After numerous emails attempting to exchange topics, American ultimately provided its list of Rule 30(b)(6) deposition topics to Skiplagged on June 4, 2024. *See* Ex. A, App., pp. 002-016.

2.    On June 5, 2024, counsel for Skiplagged and American discussed via telephone a number of outstanding procedural items related to discovery. During this call, Skiplagged suggested a stipulation among the parties wherein both parties agree to preserve objections to Rule 30(b)(6) deposition topics by lodging objections prior to the deposition without needlessly

1

wasting this Court's time with a motion for protective order, and if there are still concerns post-deposition, the parties would have preserved their right to seek court intervention and relief at that time.

3.      The next day, American rejected Skiplagged's proposed stipulation.

4.      On June 7, 2024, the parties held an additional telephonic meet-and-confer wherein Skiplagged walked through each category of its objections and provided specific examples of topics at issue. American acknowledged the corporate representative(s) could not possibly memorize the specific data or financial information noticed and provided clarification on certain specific topics (*i.e.*, the meaning of "accredited agency" in Topic No. 38).

5.      After the meeting, Skiplagged provided American with a confirmation email and list of each category of its objections and corresponding objectionable topics. Given the quickly approaching deposition date, Skiplagged further reiterated its suggestion that the parties stipulate to preserve objections to Rule 30(b)(6) deposition topics by lodging objections without immediately moving for protection.

6.      On June 10, 2024, American responded restating its positions taken in the meet-and-confer and refusing to limit or eliminate any of its seventy-three (73) deposition topics and, again, not agreeing to stipulate to the preservation of objections.

7.      Ultimately, on June 10, 2024—two days prior to the July 12th deposition date of Skiplagged's corporate representative(s)—American served its Corporate Representative Deposition Notice on Skiplagged, accompanied by all seventy-three (73) of American's original deposition topics. *See* Ex. B, App., pp. 018-035.

8.      In light of American's refusal to reasonably amend its corporate deposition topics or stipulate to a stream-lined objection process, Skiplagged is forced to seek Court protection so

as not to waive its rights.   Skiplagged will produce a witness on June 12 for the noticed deposition, subject to its objections to the noticed topics and to the arguments made in this motion. Skiplagged is willing to resume the meet and confer after the deposition on the 12th to see if American believes that there are still reasonable areas of inquiry that Skiplagged representative did not address sufficiently.   After the post-deposition meet and confer, Skiplagged is willing to give this court a status update as to whether the motion is partially or perhaps altogether moot.

### III.   ARGUMENT AND AUTHORITIES

9.      "A party seeking a protective order to prevent or postpone a deposition must show good cause and the specific need for protection." *Williams ex rel. Williams v. Greenlee*, 210 F.R.D. 577, 579 (N.D. Tex. 2002)(citing *Landry v. Air Line Pilots Ass'n*, 901 F.2d 404, 435 (5th Cir.), cert. denied, 498 U.S. 895, 111 S.Ct. 244, 112 L.Ed.2d 203 (1990); *Bucher v. Richardson Hospital Authority*, 160 F.R.D. 88, 92 (N.D. Tex. 1994)). "Good cause" exists when justice requires the protection of "a party or person from any annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c); *Landry*, 901 F.2d at 435. The court must balance the competing interests of allowing discovery and protecting the parties and deponents from undue burdens. *Bucher*, 160 F.R.D. at 92.

10.      In addition, the Rule 30(b)(6) deposition notice to a corporation must "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30. "For Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. Otherwise, an overly broad Rule 30(b)(6) notice may subject the noticed party to an impossible task. If the noticed organization cannot identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible." *Pauls v. The Prudential Ins. Co.*

3

*of Am.*, No. 3:16-CV-2116-M-BN, 2016 WL 6397564, at *4 (N.D. Tex. Oct. 28, 2016). The court may limit a Rule 30(b)(6) deposition notice to the extent that it requests the organization to designate an agent to testify on topics of information that are overly broad, vague, or ambiguous." *MC Trilogy Tex., LLC v. City of Heath, Tex.*, No. 3:22-CV-2154-D, 2024 WL 1641233, at *2 (N.D. Tex. Apr. 16, 2024).

## A.  Objections to Definitions

11.     As a preliminary matter, Skiplagged objects to certain of American's definitions in its Corporate Representative Deposition Notice. *See* Ex. B, App., pp. 018-035.

12.     First, Skiplagged objects to American's definition of "Skiplagged" to the extent it includes "entities acting in joint venture or partnership with or having investment relationships with Skiplagged." *See id.*, p. 021. Such definition, as worded requires Skiplagged's corporate representative to speak on behalf of/have knowledge belonging to third-party entities not under Skiplagged's control.

13.     Second, Skiplagged objects to the definitions of "American Content," "PNR Data," and "referring to" as overbroad. *See Pauls*, 2016 WL 6397564, at *4 ("the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. Otherwise, an overly broad Rule 30(b)(6) notice may subject the noticed party to an impossible task.").

14.     Specifically, the definition of "American Content" is defined as anything related to American "including but not limited to" a litany of examples and "any other information relating to American flights, products, fees, offerings, or services." *Id.*, p. 022; *see also Winfield v. City of New York*, No. 15CV05236LTSKHP, 2018 WL 840085, at *5 (S.D.N.Y. Feb. 12, 2018)("[T]opics should not be listed as 'including but not limited to;' rather, they must be

4

explicitly stated."). Such definition is not specifically defined such that, as worded, it requires Skiplagged to prepare a corporate representative on an indefinite number items "related to American and/or its products, services, and offerings." *Id*., p. 022.

15.     The definitions of "PNR Data" and "referring to" are similarly defined such that their definitions, as written, encompass an undefined and potentially unlimited number of items which "subjects [Skiplagged] to an impossible task" in preparing its corporate representative(s). Ex. B, App., pp. 023, 025.

**B. Seventy-Three (73) Deposition Topics is Burdensome and Unreasonably Excessive.**

16.     "The reasonableness of the length and scope of a Rule 30(b)(6) deposition notice turns on the circumstances of each case." *Alvarado-Herrera v. Acuity*, 344 F.R.D. 103, 108 (D. Nev. 2023). For example, in an "undisputedly complex" environmental case with an extended 21-hour corporate deposition limit, a notice with 61 topics (some of which were expansive) was found unreasonably excessive. *United States v. HVI Cat Canyon, Inc*., No. CV 11-5097 FMO (SSX), 2016 WL 11683593, at *9 (C.D. Cal. Oct. 26, 2016)(noting Defendant did not directly dispute the relevance of the information sought by the topics but rather that "there are too many topics, too broadly worded, some of which seek highly technical information or require the application of the law to the facts, and some of which seek information that is cumulative of other evidence already obtained by Plaintiff."); *accord Bowers v. Mortg. Elec. Reg. Sys., Inc*., Civil Case No. 10-4141-JTM, 2011 WL 6013092, at *7 (D. Kan. Dec. 2, 2011) (in mortgage dispute, holding that Rule 30(b)(6) notice with just 22 topics was improperly excessive).

17.     Here, American designates seventy-three (73) deposition topics for a seven-hour corporate representative deposition. *See* Ex. B, App., pp. 018-035. Skiplagged objects to the

notice on the basis that the sheer number of topics is unreasonable under the circumstances of the case.

18.     Of these topics, many are "broadly worded." *See e.g.*, Ex. B, App., pp. 025-26, 033 (Topic No. 1, "The corporate structure, organization, formation, management, ownership, shareholders, and investors of Skiplagged"; Topic No. 2, "The roles, responsibilities, and period of employment with Skiplagged of each officer, director, executive, or manager of Skiplagged, current or former."; Topic No. 5, "Skiplagged's total revenues, gross margins, gross and net profits, and all sources of such revenues and profits."; Topic No. 51, "Press releases, website posts, social media posts, posts on online discussion boards, and any other public statements made by Skiplagged or any employees or representative of Skiplagged concerning American or any other Travel Carriers."). Others contain multiple subparts. *See e.g.*, Ex. B, App., pp. 026-27, Topic No. 12.

19.     Others "seek highly technical information or require the application of the law to the facts." *See e.g.*, Ex. B, App., pp. 026-27, 034 (Topic No. 9, "Skiplagged's PNR database, 'live' database, 'production' database, My Sequel database management system, and/or Mongo DB."; Topic No. 12, "The details, development, design, structure, functionality, and operation of the technical means, methods, processes, software, programs, techniques, source code, specifications, schematics, and/or hardware—both current and historical—that Skiplagged has used . . ."; Topic No. 60, "The bases for Skiplagged's denials of American's factual allegations, as set forth in its Amended Answer and Affirmative Defenses [Dkt. No. 63], and any positions taken or contentions made by Skiplagged in this Lawsuit."; Topic No. 61, "The factual bases for Skiplagged's affirmative defenses, as set forth in its Amended Answer and Affirmative Defenses [Dkt. No. 63].").

28316601v1 99460.002.00

20.     Even more, other topics "seek information that is cumulative of other evidence already obtained by Plaintiff." *See e.g.*, Ex. B, App., pp. 026, 029-30, 033 (Topic No. 5, "Skiplagged's total revenues, gross margins, gross and net profits, and all sources of such revenues and profits."; Topic No. 24, "The names and identities of any/all third parties whose data, services, or platform Skiplagged has used or relied on to facilitate the sale of American flights."; Topic No. 26, "Any/all fees Skiplagged charges, or has charged, customers in connection with Skiplagged's sale of American flights, products, or services."; Topic No. 31, "Skiplagged's warnings, instructions, or advice to purchasers of 'hidden-city' tickets."; Topic No. 48, "Skiplagged's handling of, and communications with consumers who booked or purchased an American flight through Skiplagged.com, through any means, relating to, flight changes, delays, cancellations, refunds, baggage issues, booking fees, or any other matters relating to the customer's travel, booking/reservation, or payment.").

21.     For the reasons described above, as a general matter, Skiplagged objects to American's seventy-three (73) deposition topics as burdensome and unreasonably excessive, and American fails to designate "with painstaking particularity the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *See Pauls*, 2016 WL 6397564, at *4.

## C. Deposition Topics Not Limited to any Relevant Time Period.

22.     "[D]istrict Courts in this circuit 'routinely [find]' 'topics with no temporal restriction or element' to be 'overbroad' under Rule 30(b)(6)." *MC Trilogy Tex., LLC v. City of Heath, Tex*., No. 3:22-CV-2154-D, 2024 WL 1641233, at *4 (N.D. Tex. Apr. 16, 2024)(citing *United Healthcare Services, Inc. v. Next Health, LLC*, No. 3:17-CV-00243-E-BT, 2021 WL 9146632, at *4 (N.D. Tex. Oct. 13, 2021)).

7

23.     Here, Skiplagged objects to all proposed deposition topics as <u>none</u> of the topics contain any temporal limitation. *See generally* Ex. B, App., pp. 018-035. In fact, some topics explicitly seek information from Skiplagged's "creation" or "historical" information. . *See e.g.*, *id.* at App., pp. 025-27 (Topic No. 2, "The roles, responsibilities, and period of employment with Skiplagged of each officer, director, executive, or manager of Skiplagged, current or former."; Topic No. 3, "Skiplagged's financial condition and performance from its creation to the present…"; Topic No. 12, "The details, development, design, structure, functionality, and operation of the technical means, methods, processes, software, programs, techniques, source code, specifications, schematics, and/or hardware—both current and historical—that Skiplagged has used . . .").

24.     Moreover, throughout discovery, the parties have agreed that the "Relevant Time Period" for discovery is from August 1, 2018 to present. *See* [Doc. 40-1, App'x 0007].

25.     In light of the above, Skiplagged objects to all deposition topics to the extent American seeks information outside of the Relevant Time Period of August 1, 2018 through the present.

**D.  Topics Not Specifically Tailored to Seek Relevant Information.**

26.     As cited above, "the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute. Otherwise, an overly broad Rule 30(b)(6) notice may subject the noticed party to an impossible task." *Pauls*, 2016 WL 6397564, at *4.

27.     Here, this case concerns American's allegations against Skiplagged regarding tortious interference, breach of AA.com terms of use or conditions of carriage, and trademark/copyright infringement—all all stemming from Skiplagged's alleged operation as an

8

unauthorized agent of *American*. *See* [Doc. 8], ¶¶ 1-7. Thus, any relevant deposition topics should relate to American or ticketing/booking of American tickets.

28.     Nonetheless, the following topics are <u>not</u> specifically tailored to information relating to American and consequently lack the "painstaking specificity" required in designating topics relevant to the issues in dispute:

a.   <u>Topic Nos. 3 and 5</u> – Topics 3 and 5 relate to Skiplagged's finances including all "monthly, quarterly, and yearly income, revenue, costs, and actual and/or anticipated gross and net revenues and profits" and "total revenues, gross margins, gross and net profits and all sources of such revenues and profits" regardless of whether such items relate in any way to the booking, ticketing or purchase of an American flight.

b.   <u>Topic No. 34</u> – Topic No. 34 relates to the "commissions, fees, or other financial compensation Skiplagged has received from or paid to any other Travel Agencies, travel metasearch engines . . . or any other company, website, or entity in connection with the sale of flights . . ." The commissions, fees, or other financial compensation received by Skiplagged from any entity related to non-American Bookings are not relevant to the issues in this case.

c.   <u>Topic No. 38</u> – Topic No. 38 relates to Skiplagged's status as an "accredited agency." Skiplagged's efforts, if any, to become an "accredited agency" are not narrowly tailored to seek information relevant to American or American's claims in this suit.

d.   <u>Topic No. 44</u> – Topic No. 44 relates to Skiplagged's "newsletter" or email subscriber service. The "details, metrics, processes, and communications associated therewith" have no relevance to American.

28316601v1 99460.002.00

e. <u>Topic No. 46</u> – Topic No. 46 relates to Skiplagged's "metrics and calculations" of consumer savings from booking "hidden city" tickets. Skiplagged's consumer savings are not related to American or any of the claims in this case. Moreover, this topic is not narrowly tailored to seek information specific to booking "hidden city" tickets with American.

f. <u>Topic No. 51</u> – Topic No. 51 relates to public statements made by Skiplagged concerning American or any other Travel Carriers. Skiplagged objects to this topic to the extent it seeks statements concerning Travel Carriers other than American as such statements are beyond the scope of claims in this case.

g. <u>Topic Nos. 52, 53, 54</u> – Topic Nos. 52-54 relate to previous lawsuits, complaints/legal notices, and settlement agreements between Skiplagged and any other third-party. Such topics are not narrowly tailored to specifically inquire about previous lawsuits, complaints/legal notices, and settlement agreements between Skiplagged and American and thus, are not relevant, at least in part, to the claims in this case.

h. <u>Topic No. 55</u> – Like Topic No. 38, Topic No. 55 relates to Skiplagged's decisions whether or not to apply to become an Airlines Reporting Corporation ("ARC") or International Air Transport Association ("IATA") travel agency. Skiplagged's efforts, if any, to become an "accredited agency" are not narrowly tailored to seek information relevant to American or American's claims in this suit and thus, is not relevant, at least in part, to the claims in this case.

i. <u>Topic No. 56</u> – Topic No. 56 relates to Skiplagged's "informational materials concerning Skiplagged's business plans, strategies, technology, or platform." To the extent such business plans, strategies, technology, or platform" do not reference or

10

otherwise relate to American, Topic No. 56 is overbroad and not relevant, at least in part, to the claims in this case.

j.   <u>Topic No. 69</u> – Topic No. 69 relates to Skiplagged's customer engagement data for all individuals who interact with Skiplagged.com including such customer's location, income, age, and gender, etc.. Such topic is not narrowly tailored to request information solely related to American or American bookings and is overbroad and not relevant, at least in part, to the claims in this case.

k.   <u>Topic No. 71</u> – Topic No. 71 relates to Skiplagged's "communications and relationships with Binary Capital and Lerer Hippeau." Communications and relationships between Skiplagged and its investors are not narrowly tailored to request information related to American or its claims in this case nor relevant, at least in part, to the claims in this case.

l.   <u>Topic No. 72</u> – Topic No. 72 relates to the settlement agreement between Skiplagged and Southwest Airlines. As stated above, such topic is not narrowly tailored to specifically inquire about previous settlement agreements between Skiplagged and American and thus, is not relevant, at least in part, to the claims in this case.

29.   Therefore, Skiplagged objects to the above-listed topics on the basis that such topics are not narrowly tailored to seek information specific to American or American's claims in this case.

**E.  Topics Requiring Encyclopedic Knowledge are Unreasonable.**

30.   Courts have "repeatedly emphasized the practical constraints on the scope of a [Rule] 30(b)(6) deposition' in that it is not feasible for 'a Rule 30(b)(6) witness to know the intimate details of everything.'" *Alvarado-Herrera v. Acuity*, 344 F.R.D. 103, 107 (D. Nev. 2023)

11

31.    American's Corporate Representative Deposition Notice, has a number of topics that are worded in a manner that may require a deponent to have "encyclopedic knowledge" remained unchanged.

32.    Thus, as a necessary precaution, Skiplagged objects to the following topics on the basis that such topics, as written, require the corporate representative(s) to have "encyclopedic knowledge" which no representative(s) could reasonably be expected to have:

    a.    <u>Topic Nos. 3, 5, 6, 7, 8</u> - Topic Nos. 3, 5, 6, 7, 8 relate to Skiplagged's financials and, as worded, require the corporate representative to have "encyclopedic knowledge" of the data contained in the financial documents.

    b.    <u>Topic Nos. 10, 11</u> - Topic Nos. 10 and 11 relate to "annual, monthly, and quarterly number of American Bookings" as well as the "identity and location" of the customers purchasing those flights which, as worded, require the corporate representative to have "encyclopedic knowledge" of the number of American Bookings and specific information about each Skiplagged customer.

    c.    <u>Topic Nos. 15, 16, 17, 18</u> - Topic Nos. 15, 16, 17 and 18 relate to Skiplagged's process in which it accesses flight information data, all APIs, online travel agencies, global distribution systems, and other "variety of sources" from which Skiplagged obtains such data. These topics, as written, require the corporate representative to have "encyclopedic knowledge" of the all possible sources of information across a plethora of enumerated and unenumerated companies.

    d.    <u>Topic No. 24</u> – Topic No. 24, as written, requires the corporate representative to have encyclopedic knowledge of all "names and identities of any/all third parties whose

data, services, or platform Skiplagged has used or relied on to facilitate the sale of American flights."

e. <u>Topic No. 26</u> – Topic No. 26, as written, requires the corporate representative to have encyclopedic knowledge of all fees and/or charges Skiplagged has charged all of its customers.

f. <u>Topic No. 27</u> – Topic No. 27, as written, requires the corporate representative to have encyclopedic knowledge of all internal meetings and communications (defined as oral or written) among Skiplagged relating to American.

g. <u>Topic Nos. 32, 33</u> – Topic Nos. 32 and 33, as written, require the corporate representative to have encyclopedic knowledge of alleged contracts between American and third-parties as well as contracts between Skiplagged and a plethora of enumerated and unenumerated companies.

h. <u>Topic Nos. 34, 35</u> – Topic Nos. 34 and 35, as written, require the corporate representative to have encyclopedic knowledge of "commissions, fees, or other financial compensation" Skiplagged has paid or received to or from any entity in connection with the sale of flights.

i. <u>Topic Nos. 36, 37</u> - Topics Nos. 36 and 37, as written, require the corporate representative to have encyclopedic knowledge of all websites Skiplagged has accessed, to search, book or purchase American flights as well as the storage of all customer data and all associated processes.

j. <u>Topic No. 40</u> - Topic No. 40, as written, requires the corporate representative to have encyclopedic knowledge of every sale of an American flight by Skiplagged.

28316601v1 99460.002.00

k.  <u>Topic No. 41</u> – Topic No. 41, as written, requires the corporate representative to have encyclopedic knowledge of all meetings and communications (defined as oral or written) between Skiplagged and any third party regarding American.

l.  <u>Topic No. 43</u> – Topic No. 43, as written, requires the corporate representative to have encyclopedic knowledge of all contracts as well as all payments to and from seventeen (17) enumerated entities.

m.  <u>Topic No. 46</u> - Topic No. 46, as written, requires the corporate representative to have encyclopedic knowledge of all Skiplagged's "metrics and calculations" of all consumer savings from booking "hidden city" tickets.

n.  <u>Topic Nos. 48, 49</u> – Topic Nos. 48 and 49, as written, require the corporate representative to have encyclopedic knowledge of Skiplagged's interactions with each customer who complained regarding an American flight, including the "identity, number, details, and handling of complaints, requests, etc."

o.  <u>Topic No. 63</u> - Topic No. 63, as written, requires the corporate representative to have encyclopedic knowledge of the "identification, location, control, and custody of any documents or electronically stored information" relevant to any topic or discovery request. Skiplagged has currently produced over 110,000 pages of documents in this case.

p.  <u>Topic Nos. 65</u> - Topic No. 65, as written, requires the corporate representative to have encyclopedic knowledge of all redemptions of Skiplagged Rewards for American Bookings, including every time a virtual credit card was used.

q.  <u>Topic Nos 68, 69</u> - Topic Nos. 68, and 69, as written, require the corporate representative to have encyclopedic knowledge of Skiplagged's customer engagement

14

data across a multitude of platforms and for a multitude of irrelevant categories including race and gender.

33.     Therefore, Skiplagged objects to the above-listed topics on the basis that such topics, as written, require encyclopedic knowledge a corporate representative cannot reasonably be expected to have.

## F.  Topics Outside the Scope of Knowledge of Corporate Representative

### 1.  *Skiplagged Cannot Speak as to Third Party Knowledge*

34.     Skiplagged objects to Topic 18 which states,

The manner by which Skiplagged accesses or is provided access to American content from the following sites, ***and whether each of the below entities has actual knowledge*** that American content is being accessed, gathered, obtained or used by Skiplagged:

- Air Projects Travel;
- AirfareExperts;
- BookAirFare;
- Booking.com;
- Bravofly;
- BudgetAir;
- CheapTickets;
- Destina Holidays (formerly Skybooker);
- etraveli;
- eDreams;
- Expedia;
- ExploreTrip;
- Fareboom;
- FareDepot;
- Fareportal (CHEAPOAIR);
- FlightHub;
- FlightNetwork;
- Flyfar;
- Globehunters (A1 Travel Deals);
- GotoGate;
- Hop2;
- Indian Eagle;
- JustFly;
- Kayak;
- Kissandfly (Tickets Travel Network);
- Kiwi.com;
- LBF Travel;
- Mondee;
- Mytrip;
- Oojo;
- Orbitz;
- Ovago (Travel Outlet / Travel Outlet of Virginia);
- Priceline;
- Skyscanner;
- Skytours;
- SmartFares;
- Snaptravel;
- TravelMerry (Vyoma Travels);
- Travel2Be;
- Travelgenio;
- Travelocity;
- Trip.com;
- Trivago;
- Vayama;
- AA.com;
- Aer Lingus;

15

<table>
<tr><td>• British Airways;</td><td>• Japan Airlines;</td></tr>
<tr><td>• Cathay Pacific;</td><td>• Korean Air;</td></tr>
<tr><td>• Finnair;</td><td>• LATAM Airlines; and</td></tr>
<tr><td>• Iberia;</td><td>• Qatar Airways</td></tr>
</table>

35.     Skiplagged cannot opine as to the "actual knowledge" of a third-party and thus, to the extent Topic No. 18 requests a corporate representative knowledgeable of such matters, Skiplagged objects.

### 2.  Topics that Call for Legal Analysis

36.     Lastly, "[A]pplying Rule 30(b)(6)'s 'reasonable particularity' standard, the Court finds that [the topic] seeking testimony on all 'facts upon which Defendant bases denials and affirmative defenses stated in its amended answer' is overly broad because it fails to describe the testimony sought with reasonable particularity to enable Defendant to reasonably identify and marshal the facts as to which it must prepare its corporate representative to testify. That [Plaintiff] may believe that Defendant has not properly or fully responded to other discovery requests seeking the same information does not change the fact that a responding party is entitled to insist that a requesting party comply with Rule 30(b)(6)'s 'reasonable particularity' requirement." *Dennis v. United States*, No. 3:16-CV-3148-G-BN, 2017 WL 4778708, at *10 (N.D. Tex. Oct. 23, 2017). Moreover, "Corporate representative deposition topics have been found 'inappropriate' and 'prohibited' when they require the witness to draw legal conclusions." *Veroblue Farms USA Inc. v. Wulf*, No. 3:19-CV-764-X, 2022 WL 1644442, at *4 (N.D. Tex. May 23, 2022).

37.     Here, Skiplagged objects to Topic Nos. 59 and 60 on the basis that such topics call for legal conclusions and fail to describe with "reasonable particularity" the testimony sought. Specifically, Topic No. 59 states, "Skiplagged's position and contentions regarding the enforceability and validity of the AA.com Use Agreement." Further, Topic No. 60 states, "The

16

bases for Skiplagged's denials of American's factual allegations, as set forth in its Amended Answer and Affirmative Defenses [Dkt. No. 63], and any positions taken or contentions made by Skiplagged in this Lawsuit."

38.     Both topics seek "contention" testimony regarding the legal and factual basis for claims by Skiplagged in this lawsuit. Topics seeking the factual basis for general and unspecified statements as well as seeking legal conclusions are improper corporate deposition topics. *See Dennis*, 2017 WL 4778708, at \*10; *see also Veroblue Farms USA Inc*, 2022 WL 1644442, at \*4. Thus, Skiplagged objects to Topic Nos. 59 and 60.

## IV. CONCLUSION

Because American's Notice of Rule 30 (b)(6) Deposition of Defendant Skiplagged, Inc.'s Corporate Representative is unreasonable, overbroad, and objectionable for the reasons described in this Motion, Skiplagged respectfully requests this Court enter a protective order protecting Skiplagged from producing a corporate representative on the above-referenced topics, and award Skiplagged all such further relief to which it may be entitled.

28316601v1 99460.002.00

Dated: June 11, 2024                    Respectfully submitted,

                                        */s/ William L. Kirkman*
                                        William L. Kirkman
                                        Texas Bar No. 11518700
                                        Preston B. Sawyer
                                        Texas Bar No. 24102456
                                        **KIRKMAN LAW FIRM, PLLC**
                                        201 Main Street, Suite 1160
                                        Fort Worth, Texas 76102
                                        Telephone: (817) 336-2800
                                        Facsimile: (817) 877-1863
                                        billk@kirkmanlawfirm.com
                                        prestons@kirkmanlawfirm.com


                                        */s/ Abigail R.S. Campbell*
                                        Aaron Z. Tobin
                                        Texas Bar No. 24028045
                                        Kendal B. Reed
                                        Texas Bar No. 24048755
                                        Abigail R.S. Campbell
                                        Texas Bar No. 24098759
                                        **CONDON TOBIN SLADEK THORNTON**
                                        **NERENBERG PLLC**
                                        8080 Park Lane, Suite 700
                                        Dallas, Texas 75231
                                        Telephone: (214) 265-3800
                                        Facsimile: (214) 691-6311
                                        atobin@condontobin.com
                                        kreed@condontobin.com
                                        acampbell@condontobin.com

                                        ***Attorneys for Defendant, Skiplagged, Inc.***


## CERTIFICATE OF CONFERENCE

I certify that I have conferred with counsel for Plaintiff on the issues presented in this motion via teleconference on June 5 and 7, 2024.

                                        */s/ Aaron Z. Tobin*
                                        Aaron Z. Tobin


18

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that on June 11, 2024, a copy of the foregoing was served through the Court's electronic filing system as to all parties who have entered an appearance in this proceeding.

*/s/ Abigail R.S. Campbell*
ABIGAIL R.S. CAMPBELL

28316601v1 99460.002.00