IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT SKIPLAGGED, INC'S PARTIALLY UNOPPOSED MOTION
TO EXTEND DISPOSITIVE MOTION DEADLINE BY ONE DAY AND
SUPPLEMENT ANY SUCH MOTIONS WITH TESTIMONY
FROM THREE DEPOSITIONS SCHEDULED IN THE VERY NEAR TERM**

Defendant, Skiplagged Inc. ("Skiplagged"), respectfully moves the Court to modify the Court's March 4, 2024 Order [Dkt. 73] so as to extend the dispositive deadline by one day to July 1, 2024, and allow the record associated with any such motions to be supplemented with testimony from three depositions scheduled for June 27, June 28, and July 1, 2024, and in support, would show as follows:

**SUMMARY**

On March 4, 2024, the Court modified the Scheduling Order to extend the dispositive motion from June 3, 2024, to June 30, 2024, which is a Sunday. Since this deadline falls on a weekend, Skiplagged requests that it be extended to the following day, Monday, July 1, 2024, and to allow the summary judgment record associated with any such motion to be supplemented by the testimony secured from such depositions within three days of receipt of the transcripts of such depositions. Plaintiff, American Airlines, Inc. ("AA"), partially opposes some of the relief requested herein. See Certificate of Conference below.

1

## LEGAL STANDARD

Skiplagged recognizes that a scheduling order may be modified "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4); *Shepherd on behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019). To determine whether there is good cause to amend a scheduling order, the Court considers four factors: "(1) the explanation for the failure to timely move for leave to amend or comply with the scheduling order; (2) the importance of the amendment or modification; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) (internal quotation marks, alterations, and citations omitted). A court should assess these factors "holistically." *EEOC v. Service Temps, Inc.*, No. 3:08-CV-1552-D, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, J.). "[T]he good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order." *Id*.

## BASIS FOR EXTENSION

Good cause exists for the relief requested herein. The parties have been diligently pursuing discovery so as to comply with the current deadlines, but have upcoming depositions yet to accomplish upon which they have been working hard to schedule. Specifically, the parties have agreed to take the depositions of Plaintiff's damages expert, AA's representative Neil Geurin, and AA's corporate representative under Rule 30(b)(6) on June 27, June 28, and July 1, 2024, respectively. Skiplagged believes it may be necessary to present portions of such testimony in support of any dispositive motion filed; however, it is likely that the transcripts of such depositions will not be available until after July 1, 2024. Skiplagged will request the transcripts expeditiously, should the need arise, and supplement the record within three days of receiving the transcripts of

such depositions. Moreover, in order to file any dispositive motion, Skiplagged will need assistance from its support staff to create an appendix, table of contents, and table of authorities. *See* Local Rules 7.2(d),(i). Being able to utilize support staff on the next business day would ease the strain of filing a dispositive motion on a Sunday. Thus, Skiplagged asks the Court to extend the dispositive motion deadline by one day so Skiplagged may have its support staff's help in filing a motion that complies with all local rules.

Skiplagged believes AA will not be prejudiced if the Court grants this Motion because it proposes that AA be entitled to the benefits thereof in addition to Skiplagged. AA is unopposed to extending the dispositive motion deadline and likewise is unopposed to Skiplagged supplementing the summary judgment record with testimony from the three depositions set forth above, but only to a limited extent, as set forth in its Certificate of Conference below. Skiplagged does not believe it should be so limited in supplementing the record with references to the testimony of such witnesses, as AA proposes, but should be able to supplement as it believes appropriate and necessary, based on the testimony adduced at the depositions. Scheduling has been a cooperative effort and the parties have cooperated with each other in connection with obtaining depositions.

## CONCLUSION

For the reasons stated above, Skiplagged respectfully requests that the Court grant its Partially Unopposed Motion to Extend Dispositive Motion Deadline to July 1, 2024, and allow the summary judgment record to be supplemented with testimony from the three depositions referenced above.

Dated: June 25, 2024

Respectfully submitted,

*/s/ William L. Kirkman*
William L. Kirkman
Texas Bar No. 11518700
Preston B. Sawyer
Texas Bar No. 24102456
**KIRKMAN LAW FIRM, PLLC**
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone: (817) 336-2800
Facsimile: (817) 887-1863
billk@kirkmanlawfirm.com
prestons@kirkmanlawfirm.com

*/s/ Abigail R.S. Campbell*
Aaron Z. Tobin
Texas Bar No. 24028045
Kendal B. Reed
Texas Bar No. 24048755
Abigail R.S. Campbell
Texas Bar No. 24098759
**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311
atobin@condontobin.com
kreed@condontobin.com
acampbell@condontobin.com

***Attorneys for Defendant, Skiplagged, Inc***

**CERTIFICATE OF CONFERENCE**

I certify that I have conferred with counsel for Plaintiff, Dee Kelly, on the issues presented in this Motion.  Mr. Kelly's position is that American does not oppose Skiplagged's request for a one-day extension for the parties to file their dispositive motions on July 1, 2024. American also does not oppose Skiplagged's request to take the three listed depositions on the dates referenced and after the discovery deadline. American does oppose Skiplagged's request to supplement any dispositive motion and briefing by means other than by filing the deposition transcripts and providing pinpoint cites for the Court's assistance. American believes that the Motion as written on these points is too vague to provide certainty for the Court and American. American also believes those tasks should be completed within two days of Skiplagged's receipt of the expedited transcripts, not the three requested by Skiplagged.

> */s/ William L. Kirkman*
> William L. Kirkman

**CERTIFICATE OF SERVICE**

On June 25, 2024, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by FEDERAL RULE OF CIVIL PROCEDURE 5(b)(2).

> */s/ William L. Kirkman*
> William L. Kirkman