IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **AMERICAN AIRLINES, INC.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| **SKIPLAGGED, INC.,** | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT SKIPLAGGED, INC.'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

TO THE HONORABLE JUDGE OF SAID COURT:

Pursuant to Federal Rule of Civil Procedure 15(a)(2) and 16(b), Skiplagged, Inc. ("Skiplagged" or "Defendant") files this Motion for Leave to File its First Amended Answer (the "Motion") for the sole purpose of adding the affirmative defense of license. As grounds for this Motion, Skiplagged would respectfully show the Court as follows:

### I. BACKGROUND

1. Skiplagged has a newly discovered and confirmed affirmative defense against American Airlines, Inc. ("AA" or "Plaintiff") in this lawsuit. A copy of Skiplagged's proposed First Amended Answer and Affirmative Defenses which adds this defense and which makes no other changes from its previous Answer, is attached hereto as **Exhibit A**.

2. Although the Court's Scheduling Order set November 27, 2023, as the deadline for motions to amend pleadings, Skiplagged did not learn of and confirm the availability of the affirmative defense of license until after AA served and Skiplagged could review AA's extensive

May 24, 2024 production.

3. Skiplagged served its First Set of Requests for Production on January 10, 2024. Request No. 61 sought "[a]ll documents licensing or giving any rights to third parties relating to the American Marks and the American Copyrights." A copy of Skiplagged's First Requests for Production is attached hereto as **Exhibit B**.

4. In response, on February 9, 2024, AA served its objections and responses to Skiplagged's First Requests for Production, objecting entirely to Request No. 61 and not producing any documents. A copy of AA's Objections and Responses to Skiplagged's First Requests for Production is attached hereto as **Exhibit C**.

5. After significant efforts to obtain discovery from AA, on May 3, 2024, this Court granted, in part, Skiplagged's Motion to Compel ordering AA to "deliver to Skiplagged (1) all documents in its possession and control responsive to RFP Nos. 6, 11, 16, 55, and 58-61. . . on or before May 24, 2024." Dkt. 119, p. 3.

6. On May 24, 2024, American produced 18,925 pages of documents including, *inter alia*, "Connection Use and Access Agreements" and "Fare, Schedule and Inventory Access and Use Agreements" for third parties such as Skyscanner Limited. Such agreements "authorize and appoint Travel Intermediary to display and service Fare Content and Optional Services. . ."

7. When paired with Skiplagged's Agreements with these same third-parties, AA's May 24, 2024 production confirmed the validity of Skiplagged's potential affirmative defense of license. Skiplagged's Motion, therefore, is a result of AA's recent court-ordered production and not for purposes of delay.

8. The addition of this affirmative defense will not surprise or prejudice AA because the need for such additional affirmative defense resulted from AA's production, which AA could

have anticipated and significant delay of which was caused by AA. Further, Skiplagged files its Motion months in advance of the trial setting.

## II.   ARGUMENT AND AUTHORITIES

9. The Court should grant Skiplagged's Motion and allow Skiplagged to add "license" as an additional affirmative defense because Skiplagged was finally able to confirm the validity of such defense against AA's claims as a result of AA's delayed production.

10. Leave to amend a pleading should be freely given when justice so requires. *See* FED. R. CIV. P. 15(a)(2). Whether to grant a movant leave to amend falls within the discretion of the district court. *See id*. "If the underlying facts or circumstances relied upon by a [movant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis,* 371 U.S. 178, 182 (1962).

11. "Federal Rule of Civil Procedure 16(b) governs amendment of pleadings after a scheduling order's deadline to amend has expired. Rule 16(b) provides that once a scheduling order has been entered, it 'may be modified only for good cause and with the judge's consent.' It requires a party 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Fahim v. Marriott Hotel Services, Inc*., 551 F.3d 344, 348 (5th Cir. 2008) (internal citations omitted).

12. "Four factors are relevant to good cause: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id*.

13. First, as described above, Skiplagged was not able to timely move for leave to amend due to AA's persistent refusal to provide relevant documents until May 24, 2024 – after this Court entered an order requiring production. Similarly, while Skiplagged's Motion to Dismiss

for Lack of Jurisdiction was pending, Skiplagged could not act as if it was submitting to jurisdiction. Skiplagged's Motion to Dismiss was denied on December 19, 2023, after the deadline to amend. Dkt. 52.

14. Second, the addition of a legitimate affirmative defense is of utmost importance to Skiplagged. *See Adams v. Sw. Airlines*, No. 3:18-CV-3394-G-BN, 2019 WL 6528733, at *4 (N.D. Tex. Dec. 4, 2019)(citing *Harrison v. Wells Fargo Bank, N.A.*, No. 3:13-CV-4682-D, 2016 WL 3612124, at *3 (N.D. Tex. July 6, 2016) ("The court concludes that amending the answer to include this affirmative defense is important because, as Wells Fargo argues, the amendment would allow Wells Fargo to assert a potentially case-dispositive affirmative defense. Therefore, this factor weighs in favor of granting defendant's motion for leave.")).

15. Third, the prejudice faced by AA in light of the additional affirmative defense of license is minimal. As stated above, AA should have been aware of the possibility of such affirmative defense in light of the agreements produced in its May 24, 2024, production, not to mention the request for such information from January 10, 2024. Skiplagged would be prejudiced if precluded from asserting a valid affirmative defense thereby rewarding AA for its continued refusal to produce relevant documents. Additionally, AA has recently and extensively cross-examined defendant on the licensing agreements at issue in the depositions of Aktarer Zaman – both individually and as the corporate representative of Skiplagged. Thus, AA will not suffer any prejudice from the additional affirmative defense.

16. Accordingly, Skiplagged respectfully requests the Court to grant Skiplagged leave to file its First Amended Answer and Affirmative Defenses.

### III. PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Skiplagged prays that the Court grant this Motion for Leave to file Skiplagged's First Amended Answer and Affirmative Defenses which is attached hereto as **Exhibit A** so that Skiplagged may add the affirmative defense of "license," and for such other and further relief that this Court deems just and proper.

Dated: June 26, 2024

Respectfully submitted,

*/s/ William L. Kirkman*
William L. Kirkman
Texas Bar No. 11518700
Preston B. Sawyer
Texas Bar No. 24102456
**KIRKMAN LAW FIRM, PLLC**
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone: (817) 336-2800
Facsimile: (817) 887-1863
billk@kirkmanlawfirm.com
prestons@kirkmanlawfirm.com

*/s/ Abigail R.S. Campbell*
Aaron Z. Tobin
Texas Bar No. 24028045
Kendal B. Reed
Texas Bar No. 24048755
Abigail R.S. Campbell
Texas Bar No. 24098759
**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311
atobin@condontobin.com
kreed@condontobin.com
acampbell@condontobin.com

***Attorneys for Defendant, Skiplagged, Inc***

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with counsel for Plaintiff, Lars Berg, on the issues presented in this Motion on June 25, 2024 and Plaintiff opposes the relief requested herein.

>*/s/ William L. Kirkman*
>William L. Kirkman

## CERTIFICATE OF SERVICE

On June 26, 2024, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

>*/s/ William L. Kirkman*
>William L. Kirkman

DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES                                                                                                PAGE 6

28328109v4 99460.002.00