# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| *Defendant.* | § | |
| | § | |
| | § | |

**DEFENDANT SKIPLAGGED, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION
TO PLAINTIFF AMERICAN AIRLINES, INC.**

**TO:   Plaintiff, American Airlines, Inc., through its attorneys of record, Messrs. Dee J.
Kelly, Jr. and Lars L. Berg and Ms. Julia G. Wisenberg, Kelly Hart & Hallman
LLP, 201 Main Street, Suite 2500, Fort Worth, Texas 76102; Ms. Bina Palnitkar,
Greenberg Traurig LLP, 2200 Ross Avenue, Suite 5200, Dallas, Texas 75201; and
Mr. Nathan J. Muyskens, Greenberg Traurig LLP, 2101 L Street, N.W., Suite 1000,
Washington, D.C. 20037.**

Defendant Skiplagged, Inc. ("Skiplagged" or "Defendant"), by and through its

undersigned counsel, hereby requests that Plaintiff American Airlines, Inc. ("AA" or "Plaintiff")

produce for inspection and copying at the offices of Condon Tobin Sladek Thornton Nerenberg,

PLLC, 8080 Park Ln. Dallas, TX 75231, within thirty (30) days from the service of this request,

the documents requested below that are in its possession, custody or control, or the possession,

custody or control of any one or more of its attorneys or agents.

Dated: January 10, 2024

                                        Respectfully submitted,


                                        */s/ Abigail R.S. Campbell*
                                        Aaron Z. Tobin
                                        Texas Bar No. 24028045
                                        atobin@condontobin.com
                                        Kendal B. Reed
                                        Texas Bar No. 24048755

28189406v1 99460.002.00

kreed@condontobin.com
Abigail R.S. Campbell
Texas Bar No. 24098959
acampbell@condontobin.com
**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**
8080 Park Lane-Suite 700
Dallas, Texas 75231
Telephone:  214.265.3800
Facsimile:  214.691.6311


/s/*William L. Kirkman*
William L. Kirkman
State Bar No. 11518700
billk@kirkmanlawfirm.com
Preston B. Sawyer
State Bar No. 24102465
prestons@kirkmanlawfirm.com
**KIRKMAN LAW FIRM, PLLC**
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone:     (817) 336-2800
Facsimile:     (817) 877-1863


***Attorneys for Defendant Skiplagged, Inc.***

28189406v1 99460.002.00

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that on January 10, 2024, a copy of the foregoing was served through email as to the following parties who have entered an appearance in this matter:

Messrs. Dee J. Kelly, Jr. and Lars L. Berg
 and Ms. Julia G. Wisenberg
Kelly Hart & Hallman LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102

Ms. Bina Palnitkar
Greenberg Traurig LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201

Mr. Nathan J. Muyskens
Greenberg Traurig, LLP
2101 L Street, N.W., Suite 1000
Washington, D.C. 20037

*/s/Abigail R.S. Campbell*
Abigail R.S. Campbell

28189406v1 99460.002.00

**DEFINITIONS**

The following Definitions apply to each request set forth herein.

1.      "Plaintiff," "AA," "You," or "Your" shall mean American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, websites under your control, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf.

2.      "Skiplagged" or "Defendant" shall mean Defendant Skiplagged, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf.

3.      "Complaint" shall mean the First Amended Complaint filed by AA in this matter on August 17, 2023, Dkt. 8.

4.      "American Marks" shall have the same definition as set forth in the Complaint.

5.      "American Copyright" shall have the same definition as set forth in the Complaint.

6.      "Person" or "Persons" shall mean all individuals and entities, including, but not limited to, sole proprietorships, partnerships, joint ventures, estates, trusts, associations, companies, corporations, or government agencies.  When the referenced person is an entity of any type, the term "person" or "persons" includes all present or former officers, directors, employees, agents, shareholders, trustees, beneficiaries, or other representatives.

7.      "Document" or "Documents" shall mean the original and all non-identical copies of any writing or record of any type or description known to Respondent, including, but not limited to, e-mails, computer records, instant messages, letters, statements, envelopes, contracts, bulletins, circular, pamphlets, phone message slips, telephone logs, telephone bills, agreements,

28189406v1 99460.002.00

agendas, minutes, memoranda, telegrams, telexes, teletypes, cables, messages, notes, worksheets, reports, forms, studies, checkbooks, canceled checks, interoffice communications, intra-office communications, appointment books, appointment logs, desk calendars, pocket calendars, expense reports, drafts, wire transfers, transmittal authorizations and confirmations, bank statements, ledgers, financial statements, work orders, logs, purchase orders, bills of lading, letters of credit, invoices, confirmation, travel vouchers, promotional materials, lists, notebooks, computer printouts, electronically or magnetically recorded or stored data, microfilm, photographs, tape recordings, digests, affidavits, opinions, investigations, signed statements, summaries, notices, proposals, books, articles, press releases, newspapers, charts, magazines, and all other written, printed, typed, photographed or graphically recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, computer disks or other media, phonographic recording, film, photography, tape or videotape.   The term "document" or "documents" includes all documents responsive to request and all associated or attached metadata, regardless of whether or not the document still exists, and regardless of who has maintained custody of such a document.

8.      "Communications" is used in its customarily broad sense and includes, without limitation, telephone conferences, correspondence, letters, memoranda, and other written forms of exchange and in all verbal conversation by whatever means including all forms and manifestations of electronically stored and/or retrieved electronic information, in all electronic media (hard drive, diskette or tape), including but not limited to "e-mail" and all associated or attached metadata.

9.      "Concerning," "concern," "relating," "relate," or "regarding" shall mean concerning, referring to, alluding to, responding to, relating to, connected with, connected on,

5

connected to, in respect of, about, regarding, discussing, showing, depicting, recording, memorializing, describing, mentioning, reflecting, analyzing, constituting, pertaining to or evidencing.

10.     As used herein, the conjunctions "and" and "or" shall be interpreted in each instance as meaning "and/or" so as to encompass the broader of the two possible constructions, and shall not be interpreted disjunctively so as to exclude any information or documents otherwise within the scope of any request.

11.     The term "control" (including, with its correlative meanings, the terms "controlled by" and "under common control with"), as used with respect to any person, shall mean the possession, directly or indirectly, of the authority or power to direct or cause the direction of, or influence the management, decisions, or policies of, any other person, whether through the ownership of securities, by contract or otherwise.

12.     The term "hidden city ticket" means a ticket with a connecting flight to a final destination beyond the purchaser's intended destination in which the traveler intends to end or modify his travels at the layover point. The practice of purchasing a hidden city ticket or ending a travel journey at a layover destination is referred to as "hidden city ticketing" or "skiplagging."

13.     Any pronouns or nouns used herein, shall include and be read and applied as to encompass the alternative forms of the pronoun or noun, whether masculine, feminine, neuter, singular or plural, and shall not be interpreted so as to exclude any information or documents otherwise within the scope of the request.

14.     Requests that are stated in the present tense include the past tense and vice versa.

## <u>INSTRUCTIONS</u>

The following Instructions apply to each request set forth herein.

1.      Each request seeks production of each document, in its entirety, without abbreviation or expurgation, and all drafts and non-identical copies of each document.

2.      Each page of each document should be numbered consecutively.  A request for a document shall be deemed to include a request for any and all file folders within which the document was contained, and any transmittal sheets, cover letters, exhibits, enclosures, or attachments to the document in addition to the document itself.

3.      Documents attached to each other (physically or via electronic mail) should not be separated.

4.      Unless a request specifies otherwise, the relevant time frame for each request is from August 1, 2018, to the present.

5.      In producing the requested documents, even though the requests are directed to "You," furnish all documents which are available to You, including documents in the possession of any of Your officers, directors, employees, agents, attorneys, investigators, accountants or consultants, or other individuals under Your control, and not merely such documents in Your possession.

6.      These requests are to be treated as continuing.  If all of the information requested is not available, you must answer each request as fully as possible within thirty (30) days of service and furnish additional information and documents when it becomes available.  If additional information or documentation is discovered between the time of your initial responses and the time of trial, these requests are directed to the discovery of those materials.

28189406v1 99460.002.00

7.      If any document requested herein is withheld on the basis of any claim of privilege, You are requested to submit, in lieu of any such document, a written statement (a) identifying the person(s) who prepared or authored the document, and, if applicable, the person(s) to whom the document was sent or shown, (b) specifying the date on which the document was prepared or transmitted, (c) describing the nature of the document (e.g., letter, telegram, etc.), (d) stating briefly why the document is claimed to be privileged or to constitute work product, and (e) identifying the paragraph of the request which the document relates.

8.      Electronically stored information ("ESI") shall be produced with searchable text, in image format with a companion text file. You shall produce searchable optical character recognition ("OCR") text of scanned paper documents. You shall produce extracted text from the native file. Extracted text or OCR text shall be produced on a document level as .TXT files, with the .TXT filename matching the Bates number applied to the first page of the corresponding static image file followed by the .TXT extension.

   a.  Text files are to be located in a folder named "TEXT" or "OCR" containing text files only.

   b.  Each document image file must be named with a unique Bates Number following by the extension "TIF" or "PDF."

   c.  File names should not be more than 20 characters long or contain spaces.

   d.  When a text-searchable image file is produced, You must preserve the integrity of the underlying ESI, *i.e*, the original formatting, the metadata (as noted below), and, where applicable, the revision history.

   e.  You shall produce information in the following format: single page color images (Group 4 Tagged Image File Format files at 300 x 300 dpi resolution, type-2 (24 bit), or .pdf files, standard format) and associated multi-page text files containing extracted text and with appropriate software load files containing all requisite information for use with a document management system.

   f.  Two load/unitization files shall be provided with all productions: (i) **Metadata Import File**: DAT format, ASCII format, using Concordance default delimiters to separate the fields and records. A path to the corresponding .TXT file should be

8

included as a filed in the metadata import file; (ii) **Image Cross-Reference File**: OPT format, containing the corresponding image information and indicating page breaks.

g. To the extent You want to produce certain documents in black and white, Skiplagged agrees to meet and confer and come to agreement prior to production of any black and white images. Otherwise, all documents should be produced in color.

h. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. Skiplagged reserves the right to request reproduction of the load files where improper unitization is excessive.

i. Electronic image files should be located in a folder named "IMAGE" or "DOCS" containing static images only. All electronic image file names should match the Bates number assigned to the image.

j. When processing ESI for production as an electronic image, You must set imaging settings to force off "Auto Date" and force on: hidden columns or rows, hidden worksheets, speaker notes, track changes, and comments.

9. Unless otherwise noted herein, the only files that should be produced in native format are files not easily converted to image or pdf format such as Excel Files, Access files, PowerPoint files, and drawing files. Excel files or other files that cannot be imaged properly or efficiently shall be produced natively, except if redacted. Name each native file with the Bates number labeled on the first page of each corresponding document and the appropriate file extension. Native files should be located in a folder named "NATIVE" or "NATIVES" containing native files only. Further, all imaged electronic documents shall contain all information contained in the native, electronic version including, but not limited to, comments and tracked changes (subject to claims of attorney-client, work product, and/or any other applicable privilege or protection).

10. You shall produce the following metadata, or equivalent fields, associated with ESI (including all metadata associated with the native versions of imaged electronic documents that were not produced in native format, such as emails produced as PDFs) to the extent

28189406v1 99460.002.00

reasonably possible and/or accessible: (a) the author(s) of the ESI; (b) the recipient(s) of the ESI; (c) the date the ESI was created; (d) the source from which the ESI was produced, and (e) the metadata fields listed in the chart below (metadata field names may vary – the chart below describes the metadata fields, or equivalent fields, to be produced, to the extent possible, in generic, commonly used terms that the producing party may adapt to the specific types of documents it is producing):

| Field | Definition |
|---|---|
| CUSTODIAN | Name of person from whose files the document is produced.<br><br>For non-custodial documents, the name of the corporate entity in possession of the documents. |
| BEGBATES | Beginning Bates Number |
| ENDBATES | End Bates Number |
| BEGATTACH | First Bates number of family range (i.e., Bates number of the first page of the attachment) |
| ENDATTACH | Last Bates number of family range (i.e., Bates number of the last page of the attachment) |
| FILETYPE/APPLICATION | Application used to create document |
| FILEEXT | File extension of the native file (e.g., XLS, DOC, PDF) |
| FILEPATH | File source path for all electronically collected documents, which includes location, folder name |
| FILENAME | File name of the original electronically collected documents |
| RECORDTYPE | Descriptive field created by the vendor processing software (e.g., email, edoc, image, attachment) |
| FROM | Sender of Email |
| TO | Recipient of Email |
| CC | Additional recipients of Email |
| BCC | Additional recipients of Email |
| SUBJECT | Subject line of email |
| PARENT_DATE (mm/dd/yyyy) | Date of the document or, for attachments, its parent |
| DATESENT (mm/dd/yyyy) | Date sent |
| DATERCVD | Date received |

28189406v1 99460.002.00

| (mm/dd/yyyy) | |
|---|---|
| TITLE | Title field value extracted from the metadata of the native file |
| AUTHOR | Creator of document |
| DATECRTD (mm/dd/yyyy) | Creation date |
| LASTAUTHOR | Last saved field contained in the metadata of the native file |
| LASTMOD (mm/dd/yyyy) | Last modified date |
| TIME ZONE | A description of the time zone in which the document was processed such as "Pacific Standard Time (PST)" |
| NATIVEFILELINK | For documents provided in native format only |
| TEXTPATH | File path for OCR or Extracted Text files |

11.     The "source" of ESI shall be the name of the person who was the custodian of the ESI or, if the name of a person is not available, the storage location (e.g., "Regulatory Shared Drive–Wayne, PA," "iCloud," or "Google Drive").  This information, to the extent possible, will be included in the "Author," "Recipient," "Date," and "Source" fields (respectively) for each document in the Concordance or Summation load file associated with the .TIF images.

**<u>FIRST REQUEST FOR PRODUCTION</u>**

**REQUEST NO. 1:**   All documents and communications relating or referring to Skiplagged, including, but not limited to, any and all investigations and studies of Skiplagged, internal communications about Skiplagged, and communications with third parties about Skiplagged since January 1, 2015.

**REQUEST NO. 2:**   All communications between You and any governing or regulatory authority relating to Skiplagged.

**REQUEST NO. 3:**   All communications between You and any other airline, including but not limited to, employees, agents, or representatives of any other airline, relating to Skiplagged.

11

**REQUEST NO. 4:**   Documents and communications relating to the terms of use, Use Agreement, or "conditions of carriage" as published on Your Internet website at aa.com as alleged in paragraph 11 of the Complaint, including all prior versions of such purported agreements and conditions of carriage published on the aa.com website or elsewhere since August 1, 2018.

**REQUEST NO. 5:**   Documents reflecting the process for purchasing a flight ticket on aa.com and each variation of such process since August 1, 2018.

**REQUEST NO. 6:**   All documents and communications relating or referring to hidden-city ticketing or skiplagging, including any and all investigations and studies of hidden-city ticketing/skiplagging, internal communications about hidden-city ticketing/skiplagging, and communications with third parties, including other airlines, about hidden-city ticketing/skiplagging.

**REQUEST NO. 7:**   All communications between You and any governing or regulatory authority relating to hidden city ticketing.

**REQUEST NO. 8:**   All communications between You and any other airline relating to Skiplagged.

**REQUEST NO. 9:**   All documents and communications related to profits You claim You lost as a result of any alleged actions of Skiplagged.

**REQUEST NO. 10:**   Each contract or agreement allegedly interfered with by Skiplagged.

**REQUEST NO. 11:**   All communications relating to the contracts or agreements allegedly interfered with by Skiplagged, including, but not limited to, all evidence that Skiplagged was aware of such contract or agreement.

12

**REQUEST NO. 12:**  All financial documents evidencing lost profits, sales, revenues, or gains resulting from Skiplagged's alleged actions, including, but not limited to, sales information, tax returns, balance sheets, income statements, profit and loss statements, and cash flow statements.

**REQUEST NO. 13:**  All documents and communications between You and any entity or person, including internal documents and communications, concerning any of the events, incidents, conduct or alleged damages which form the basis of the claims asserted by You in this lawsuit.

**REQUEST NO. 14:**  All documents received in response to any subpoena served in this matter.

**REQUEST NO. 15:**  All cease-and-desist letters sent by You to any third party regarding skiplagging or hidden-city ticketing and any responses to same.

**REQUEST NO. 16:**  All documents related to any and all lawsuits filed by You or settlement agreements executed by You that relate in any way to hidden-city ticketing or skiplagging.

**REQUEST NO. 17:**  All documents referred to, used, or relied upon in answering Skiplagged's First Interrogatories.

**REQUEST NO. 18:**  All documents and communications relating to the steps, policies, or procedures You employed to protect against the unauthorized use of the American Marks or American Copyright, as these terms are defined in the Complaint, since January 1, 2015.

**REQUEST NO. 19:**  All communications between You and Skiplagged.

28189406v1 99460.002.00

**REQUEST NO. 20:**  All documents and communications relating or referring to customer problems that Skiplagged allegedly created, as alleged in Paragraph 82 of the Complaint.

**REQUEST NO. 21:**  All documents and communications relating or referring to the employee time and resources You claim to have expended investigating and trying to address problems allegedly caused by Skiplagged.

**REQUEST NO. 22:**  All documents and communications relating to Your efforts to stop Skiplagged's alleged abusive practices as alleged in Paragraph 84 of the Complaint.

**REQUEST NO. 23:**  All documents and communications evidencing the "great and irreparable injury" that Skiplagged's acts have allegedly caused, as alleged in Paragraph 98 of the Complaint.

**REQUEST NO. 24:**  All documents and communications evidencing, relating, or referring to all contracts and agreements between You and Skiplagged.

**REQUEST NO. 25:**  All documents and communications evidencing the confusion, mistake, or deception as to the affiliation, connection, or association of Skiplagged with AA, or as to the origin, sponsorship, or approval of Skiplagged's goods and services by American that Skiplagged's alleged conduct has caused as alleged in Paragraphs 109 and 118 of the Complaint.

**REQUEST NO. 26:**  All documents and communications evidencing the "irreparable harm" that You have allegedly suffered or will suffer as a result of Skiplagged's alleged infringement of the American Marks as alleged in Paragraph 114 of the Complaint.

**REQUEST NO. 27:**  All documents and communications evidencing how You claim to have been, are now, and will be "irreparably harmed" by Skiplagged's alleged copyright infringement, as alleged in Paragraph 127 of the Complaint.

14

**REQUEST NO. 28:** All documents and communications evidencing the financial loss You claim to have suffered as a result of the alleged false association as alleged in Paragraph 122 of the Complaint.

**REQUEST NO. 29:** All documents and communications relating to the costs You allege You have incurred to correct the alleged misleading information as alleged in Paragraph 122 of the Complaint.

**REQUEST NO. 30:** All documents and communications relating to the corrective actions You claim to have taken against the alleged misleading information as alleged in Paragraph 122 of the Complaint.

**REQUEST NO. 31:** All documents and communications relating to the denial of Skiplagged's access to Your aa.com site, as You claim You reserve the right to do on the "aa.com site usage" page located at https://www.aa.com/i18n/customer-service/support/legal-information.jsp.

**REQUEST NO. 32:** All documents and communications relating to any promotional or discounted fair offerings by You since August 1, 2018.

**REQUEST NO. 33:** All documents and communications relating to or evidencing actions You claim to have taken to mitigate any damages You claim to have suffered and for which You seek recovery in this lawsuit.

**REQUEST NO. 34:** All communications and documents evidencing or supporting the calculation of damages You seek in this litigation.

**REQUEST NO. 35:** All attorney fee agreements and invoices between You and the attorneys representing You in this litigation.

15

**REQUEST NO. 36:**  All documents, communications, or information exchanged between You and any experts in this litigation.

**REQUEST NO. 37:**  All expert notes regarding their communications with You.

**REQUEST NO. 38:**  All documents relied upon by Your experts, including Your expert's file.

**REQUEST NO. 39:**  All communications, presentations, and meeting notes between You and Your board of directors regarding Skiplagged or hidden-city ticketing.

**REQUEST NO. 40:**  All monthly and yearly financial statements and balance sheets for You since January 1, 2015.

**REQUEST NO. 41:**  All documents and communications relating to lost profits or lost revenue.

**REQUEST NO. 42:**  All documents and communications relating to customer complaints.

**REQUEST NO. 43:**  All documents and communications relating to actions or planned actions against customers who purchase hidden city tickets, including the repercussions against customers.

**REQUEST NO. 44:**  All flight schedules and corresponding flight prices for all city pairs and gate assignments since August 1, 2018.

**REQUEST NO. 45:**  All documents and communications that support Your allegations that Skiplagged.com entered into any contract or agreement with You.

**REQUEST NO. 46:**  All documents and communications that support Your allegations that Skiplagged charges customers for fares on American flights.

28189406v1 99460.002.00

**REQUEST NO. 47:**  All documents and communications that support Your allegations that Skiplagged sells tickets on American flights.

**REQUEST NO. 48:**  All documents and communications that support Your allegation that Skiplagged represents itself as an agent of American.

**REQUEST NO. 49:**  All documents, communications, analysis, or studies relating to the placement of Your terms and conditions or terms of use on aa.com, including any wireframes reflecting all potential placements for such terms and comments or advice from any user experience or UEX employees or consultants.

**REQUEST NO. 50:**  All documents and communications relating to revenue generated by the purchase of hidden-city tickets by users of Skiplagged.com or any other website by which hidden-city tickets may be identified.

**REQUEST NO. 51:**  All documents and communication relating to profits You received from purchases of hidden-city tickets.

**REQUEST NO. 52:**  All documents and communications relating to Your efforts and abilities to identify or flag bookings facilitated by Skiplagged, including how such bookings are identified or flagged.

**REQUEST NO. 53:**  All documents and communications, including but not limited to terms of use, codes of conduct, or policies, provided to customers that refer to Skiplagged, hidden city ticketing, or similar practices.

**REQUEST NO. 54:**  All documents and communications relating to Your determination of ticket prices, including but not limited to, how You set ticket prices for direct and connecting flights, software used to set ticket prices, and adjustments to ticket prices.

28189406v1 99460.002.00

**REQUEST NO. 55:**  All documents and communications relating to all efforts to license or enforce any of the American Marks and/or American Copyrights in the last 10 years, including any cease-and-desist letters or similar communications, license agreements, litigation filings, and settlement agreements.

**REQUEST NO. 56:**  All documents and communications You claim demonstrate the value of the American Marks and any harm or loss to the American Marks You allege were caused by Skiplagged.

**REQUEST NO. 57:**  All documents and communications You claim demonstrate the value of the American Copyrights and any harm or loss to the American Copyrights You allege were caused by Skiplagged.

**REQUEST NO. 58:**  Relevant portions of Your balance sheets and other financial documents for the last 10 years that You claim show the value of the American Marks and American Copyrights.

**REQUEST NO. 59:**  All documents demonstrating ownership of the American Marks and American Copyrights from create of each intellectual property asset through the present.

**REQUEST NO. 60:**  All assignments or documents affecting any rights in the American Marks and American Copyrights from creation of each intellectual property asset through the present.

**REQUEST NO. 61:**  All documents licensing or giving any rights to third parties relating to the American Marks and the American Copyrights.

**REQUEST NO. 62:**  All documents and communications relating to any valuations performed of the American Marks and the American Copyrights.

28189406v1 99460.002.00

**REQUEST NO. 63:**  All documents and communications relating to any analysis or opinion of the validity or enforceability of the American Marks or American Copyrights.

**REQUEST NO. 64:**  Documents identifying all individuals that participated in any way with the creation of the American Copyrights (collectively, the "Copyright Authors").

**REQUEST NO. 65:**  Documents establishing each of the Copyright Authors' relationship with You (W2 employment, 1099 contractor, or otherwise) at the time the American Copyrights were created through the present.

**REQUEST NO. 66:**  The complete file for the American Copyrights.

**REQUEST NO. 67:**  The complete file for the American Marks.

**REQUEST NO. 68:**  All documents establishing Your initial use in commerce and continued use in commerce through the present of the American Marks.

**REQUEST NO. 69:**  All documents supporting Your contention that Skiplagged's use of the American Marks and the American Copyrights is not fair use or nominative use.

**REQUEST NO. 70:**  All documents and communications supporting Your contention that Skiplagged's use of the American Marks is likely to cause confusion, including but not limited to documents supporting or relating to the likelihood of confusion factors.

**REQUEST NO. 71:**  All documents and communications You contend demonstrate any actual confusion caused by Skiplagged's use of the American Marks or the American Copyrights.

**REQUEST NO. 72:**  All documents and communications showing any diverted sales or leads allegedly caused by Skiplagged's use of the American Marks or the American Copyrights.

28189406v1 99460.002.00

**REQUEST NO. 73:**  All documents and communications demonstrating Your claim of consumer confusion for each American Airlines flight booked by Skiplagged for consumers seeking to book a flight on American Airlines.

**REQUEST NO. 74:**  All documents and communications demonstrating Your claim of consumer confusion for each non-American Airlines flight booked by Skiplagged for consumers seeking to book a flight on an airline other than American Airlines.

**REQUEST NO. 75:**  All documents showing any difference in legal rights between the American Marks and the American Copyrights.

**REQUEST NO. 76:**  All documents and communications relating to Your policies regarding protection and use of intellectual property rights, including use of third-party intellectual property rights and precautions to be taken before using an intellectual property right not owned by You.

**REQUEST NO. 77:**  All documents supporting Your claim that this case is an exceptional case in Your favor under the Lanham Act.

**REQUEST NO. 78:**  All documents supporting Your contention that Skiplagged's alleged copyright infringement was willful.

**REQUEST NO. 79:**  All documents supporting Your contention that Skiplagged's alleged Lanham Act violations were willful.

**REQUEST NO. 80:**  All documents supporting Your contention that Skiplagged violated Your copyrights including alleged infringement of the American Copyrights.

**REQUEST NO. 81:**  All documents supporting Your contention that Skiplagged violated Your trademark rights including alleged infringement of the American Marks and the alleged acts described in Counts III and IV of the Complaint.

28189406v1 99460.002.00

**REQUEST NO. 82:**  All documents and communications showing when Skiplagged allegedly first used the American Copyrights and when You first became aware of it.

**REQUEST NO. 83:**  All documents and communications relating to the reasons why You waited from Your first knowledge of Skiplagged's alleged use of the American Copyrights until You filed suit on August 17, 2023.

**REQUEST NO. 84:**  All documents and communications showing when Skiplagged allegedly first used the American Marks and when You claim You first became aware of it.

**REQUEST NO. 85:**  All documents and communications relating to the reasons why You waited from Your first knowledge of Skiplagged's alleged use of the American Marks until You filed suit on August 17, 2023

**REQUEST NO. 86:**  All documents and communications relating to the legal and factual basis that the statute of limitation has not lapsed as to each of Your claims.

**REQUEST NO. 87:**  All documents and communications supporting or relating to the alleged validity and enforceability of the American Copyrights.

**REQUEST NO. 88:**  All documents and communications supporting or relating to the alleged validity and enforceability of the American Marks.

**REQUEST NO. 89:**  All documents and communications supporting Your claim that the American Marks are inherently distinctive.

**REQUEST NO. 90:**  All documents demonstrating by year the amount of advertising spent using the American Marks.

**REQUEST NO. 91:**  All documents demonstrating by year the amount of sales obtaining using the American Marks.

28189406v1 99460.002.00

**REQUEST NO. 92:**  All documents and communications supporting Your contention that Skiplagged's actions have caused a false, deceptive, or misleading belief in the minds of consumers as to the affiliation, connection, or association of Skiplagged with American, or as to the origin, sponsorship, or approval of Skiplagged's goods and services by American.

**REQUEST NO. 93:**  All documents showing each of Your publications of the American Copyrights without a copyright notice included with the copyrights.

**REQUEST NO. 94:**  All documents showing each of Your publications of the American Marks without a federal trademark registration notice included with the trademarks.

**REQUEST NO. 95:**  All documents supporting Your contention that Skiplagged's alleged use of the American Copyrights is likely to cause consumer confusion.

**REQUEST NO. 96:**  All documents and communications relating to any incidences where consumers viewing Skiplagged's website intending to purchase a flight on American Airlines were somehow confused or mislead into purchasing a flight on another airline believing the flight to be provided by You.

**REQUEST NO. 97:**  All documents and communications relating to any incidences where consumers viewing Skiplagged's website intending to purchase a flight on American Airlines were somehow confused or mislead into believing that Skiplagged was an agent, sponsored by, or affiliated with You.

**REQUEST NO. 98:**  All documents and communications relating to any incidences where You contend Skiplagged diverted consumers viewing Skiplagged's website intending to purchase a flight on American Airlines to a different airline without the consumer's knowledge or consent.

28189406v1 99460.002.00

**REQUEST NO. 99:** All documents supporting Your claim for statutory damages, including but not limited the factual and legal basis for statutory damages, the appropriate amount to be awarded, and all factors supporting that amount.

**REQUEST NO. 100:** All documents supporting Your claim for attorney's fees under each statute through which fees are sought.

**REQUEST NO. 101:** All documents supporting Your claim for injunctive relief.

**REQUEST NO. 102:** All documents relating to Your delay in seeking injunctive relief from when You contend to have first experienced irreparable harm through the present.

28189406v1 99460.002.00