# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF AMERICAN AIRLINES, INC.'S OBJECTIONS AND RESPONSES TO DEFENDANT SKIPLAGGED, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION

TO:   Defendant Skiplagged, Inc., by and through its attorneys of record, William L. Kirkman and Preston B. Sawyer, KIRKMAN LAW FIRM, P.L.L.C., 201 Main Street, Suite 1160, Fort Worth, Texas 76102, and Aaron Z. Tobin, Kendal B. Reed, and Abigail R.S. Campbell, CONDON TOBIN SLADEK THORNTON NERENBERG PLLC, 8080 Park Lane, Suite 700, Dallas, Texas 75231

Plaintiff American Airlines, Inc. ("Plaintiff" or "American"), by and through its attorneys

of record, serves its Objections and Responses to Defendant Skiplagged, Inc.'s ("Defendant" or

"Skiplagged") First Set of Requests for Production.

## PRELIMINARY STATEMENT

1.      Because discovery is ongoing, American reserves the right to supplement, modify, or amend its objections and responses at any time, without undertaking any obligation beyond those imposed by the applicable Federal and Local Rules.

2.      American's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, American's right to rely on other facts or documents at trial.

3.      By making the accompanying responses and objections to Defendant's first request for documents, American does not waive, and hereby expressly reserves, its right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, American makes the responses and objections herein without in any way implying that it considers the requests, and responses thereto, to be relevant or material to the subject matter of this action.

4.     American will make available for inspection at Plaintiff counsel's offices responsive documents. Alternatively, American will produce copies of the documents.

## OBJECTIONS TO DEFINITIONS

1.     American objects to the definition of "document" as improper, because it includes "all documents responsive to request, regardless of whether or not the document still exists, and regardless of who has maintained custody of such a document." This request is vague and overbroad because it seeks information not within American's possession, custody, control, or personal knowledge.

## RESPONSES TO FIRST SET OF REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All documents and communications relating or referring to Skiplagged, including, but not limited to, any and all investigations and studies of Skiplagged, internal communications about Skiplagged, and communications with third parties about Skiplagged since January 1, 2015.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American further objects to this Request as overly broad and unduly burdensome, as all "third parties" could constitute thousands of people. American's communications with third parties about Skiplagged are also not relevant to American's claims or Skiplagged's defenses. *See* Fed. R. Civ. P. 26(b)(1).

The Request is also overly broad and unduly burdensome as to its request for all documents and communications "since January 1, 2015". This Request would result in hundreds of thousands documents and communications. Therefore, this Request as not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "any and all investigations and studies of Skiplagged," "internal communications about Skiplagged," and "communications with third parties about Skiplagged." *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged  internal communications about Skiplagged in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 2:**

All communications between You and any governing or regulatory authority relating to Skiplagged.

**RESPONSE:**

American objects to the phrase "[a]ll communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "any governing or regulatory authority". *See* Fed. R. Civ. P. 34(b)(1)(A). The terms "governing or regulatory authority" are vague, ambiguous, overbroad, and unclear in that they do not describe with particularity the documents sought by Skiplagged; "any governing or regulatory authority" could include documents that have no relevance to this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American further objects that this Request necessarily enquires into attorney-client privilege and attorney work product as to advice and work concerning any governing or regulatory authorities. *See* Fed. R. Civ. P. 26(b)(5).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 3:**

All communications between You and any other airline, including but not limited to, employees, agents, or representatives of any other airline, relating to Skiplagged.

**RESPONSE:**

American objects to the phrase "[a]ll communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "any other airline". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request as overly broad and unduly burdensome, as communications with "any other airline, including but not limited to, employees, agents, or representatives of any other airline" would include at least hundreds of thousands of people and thousands of airlines. Therefore, this Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

**REQUEST NO. 4:**

Documents and communications relating to the terms of use, Use Agreement, or "conditions of carriage" as published on Your Internet website at aa.com as alleged in paragraph 11 of the Complaint, including all prior versions of such purported agreements and conditions of carriage published on the aa.com website or elsewhere since August 1, 2018.

**RESPONSE:**

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "the terms of use, Use Agreement, or 'conditions of carriage' . . . published on the aa.com website or elsewhere". *See* Fed. R. Civ. P. 34(b)(1)(A). Paragraph 11 of American's Complaint refers to American's terms of use ("Use Agreement"). Paragraph 11 does not reference the Conditions of Carriage, which is a separate contract that is incorporated into American's Use Agreement and also linked on AA.com. American's Use Agreement and Conditions of Carriage are periodically updated.

American objects to this Request as overly broad and unduly burdensome, as documents and communications is not limited to between particular parties and, thus, this Request is understandable as a request as to documents and communications with all third parties. American's communications with third parties about its Use Agreement and Conditions of Carriage are also not relevant to American's claims or Skiplagged's defenses. *See* Fed. R. Civ. P. 26(b)(1).

American further objects that this Request necessarily enquires into attorney-client privilege and attorney work product as to advice and work concerning American's Use Agreement and Conditions of Carriage. See Fed. R. Civ. P. 26(b)(5).

Subject to American's objections, American will produce its Use Agreement and Conditions of Carriage and any prior versions of those contracts in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 5:**

Documents reflecting the process for purchasing a flight ticket on aa.com and each variation of such process since August 1, 2018.

**RESPONSE:**

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "[d]ocuments reflecting the process for purchasing a flight ticket on aa.com and such variation of such process," and American further objects to these phrases as being vague. *See* Fed. R. Civ. P. 34(b)(1)(A). American's website,

AA.com, is an interactive website and there are numerous different ways for any consumer to access and use the website—there is no one "process" for doing so; and, therefore, American further objects because the word "process" is vague and ambiguous in the context of this Request.

American further objects that this Request is not relevant to any issue in the case. The multitude of ways a consumer could navigate through AA.com is not relevant to American's claims or Skiplagged's defenses. *See* Fed. R. Civ. P. 26(b)(1).

Given this lack of clarity as to what documents Skiplagged is requesting, American is presently unaware of proportionally responsive, non-privileged documents within its possession, custody, or control.

**REQUEST NO. 6:**

All documents and communications relating or referring to hidden-city ticketing or skiplagging, including any and all investigations and studies of hidden-city ticketing/skiplagging, internal communications about hidden-city ticketing/skiplagging, and communications with third parties, including other airlines, about hidden-city ticketing/skiplagging.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "hidden-city ticketing or skiplagging" and "investigations and studies of hidden-city ticketing/ skiplagging, internal communications about hidden-city ticketing/skiplagging, and communications with third parties, including other airlines, about hidden-city ticketing/skiplagging." *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request as overly broad and unduly burdensome as "communications with third parties." American's communications with third parties about hidden-

city ticketing or skiplagging are also not relevant to American's claims or Skiplagged's defenses. *See* Fed. R. Civ. P. 26(b)(1).

Subject to American's objections, American will produce proportionally responsive, non-privileged internal communications about "hidden city ticketing" and "skiplagging" in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 7**:

All communications between You and any governing or regulatory authority relating to hidden city ticketing.

**RESPONSE:**

American objects to the phrase "[a]ll communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "any governing or regulatory authority". *See* Fed. R. Civ. P. 34(b)(1)(A). The terms "governing or regulatory authority" are vague, ambiguous, overbroad, and unclear in that they do not describe with particularity the documents sought by Skiplagged; "any governing or regulatory authority" could include documents that have no relevance to this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American further objects that this Request necessarily enquires into attorney-client privilege and attorney work product as to advice and work concerning any governing or regulatory authorities. *See* Fed. R. Civ. P. 26(b)(5).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 8:**

All communications between You and any other airline relating to Skiplagged.

**RESPONSE:**

American objects to the phrase "[a]ll communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "communications between You and any other airline". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request as overly broad and unduly burdensome, as communications with "any other airline" would include at least hundreds of thousands of people and thousands of airlines. Therefore, this Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 9:**

All documents and communications related to profits You claim You lost as a result of any alleged actions of Skiplagged.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible

to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "related to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "related to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "profits You claim You lost as a result of any alleged actions of Skiplagged." *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 10:**

Each contract or agreement allegedly interfered with by Skiplagged.

**RESPONSE:**

American has alleged that in Count II of its First Amended Complaint that Skiplagged has tortiously interfered with its Conditions of Carriage. As stated above in response to Request No. 4, American will produce its Conditions of Carriage.

**REQUEST NO. 11:**

All communications relating to the contracts or agreements allegedly interfered with by Skiplagged, including, but not limited to, all evidence that Skiplagged was aware of such contract or agreement.

**RESPONSE:**

American has alleged that in Count II of its First Amended Complaint that Skiplagged has tortiously interfered with its Conditions of Carriage. Regarding evidence that Skiplagged was aware of American's the Conditions of Carriage, the Conditions of Carriage is available on AA.com. Skiplagged was aware of such contract, because the Conditions of Carriage is executed every time a user (*i.e.*, Skiplagged) gains access to and uses AA.com. Skiplagged is a party to the Conditions of Carriage whenever Skiplagged accesses and uses AA.com.

American objects to the phrase "[a]ll communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "the contracts or agreements allegedly interfered with by Skiplagged". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects because this Request improperly seeks to require American to marshal "all evidence" it has on this issue.

American objects to this Request as overly broad and unduly burdensome, as communications is not limited to between particular parties and, thus, this Request is understandable as a request as to communications with all third parties. American's communications with third parties about its Conditions of Carriage are also not relevant to American's claims or Skiplagged's defenses. *See* Fed. R. Civ. P. 26(b)(1).

American further objects that this Request necessarily enquires into attorney-client privilege and attorney work product, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5).

Subject to American's objections, American will produce proportionally responsive, non-privileged communications discussing Skiplagged's interfered with American's Conditions of Carriage in its possession, custody, or control based on its reasonable search.

## REQUEST NO. 12:

All financial documents evidencing lost profits, sales, revenues, or gains resulting from Skiplagged's alleged actions, including, but not limited to, sales  information, tax returns, balance sheets, income statements, profit and loss statements, and cash flow statements.

**RESPONSE:**

American objects to the phrase "[a]ll financial documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the use of the word "evidencing" because it is vague and ambiguous.

American further objects to this Request as being vague and ambiguous because it seems to improperly seek, standing alone, American's "sales information, tax returns, balance sheets, income statements, profit and loss statements, and cash flow statements." Accordingly, American further objects because "sales  information, tax returns, balance sheets, income statements, profit and loss statements, and cash flow statements" seeks information that is neither relevant nor proportional to the case. American further objects because this Request, as a whole, is so vague and ambiguous that American cannot possibly discern its meaning; and, therefore, if and when its meaning is clarified by Skiplagged, American reserves the right to object further.

American is in the process, through discovery and work with its expert witnesses, of determining which documents in its possession, custody, or control constitute "financial documents evidencing lost profits, sales, revenues, or gains resulting from Skiplagged's alleged actions". Once American understands which documents "evidence" those requests, American will produce proportionally responsive, non-privileged documents evidencing "lost profits, sales, revenues, or gains resulting from Skiplagged's alleged actions" based on its reasonable search, but objects to producing any documents protected by attorney-client privilege and the work product doctrine. *See* Fed. R. Civ. P. 26(b)(5), 26(b)(4)(B)–(D).

**REQUEST NO. 13:**

All documents and communications between You and any entity or person, including internal documents and communications, concerning any of the events, incidents, conduct or alleged damages which form the basis of the claims asserted by You in this lawsuit.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request as overly broad and unduly burdensome, as communications includes those with "any entity or person", which would include at least hundreds of thousands of people and entities.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "concerning any of the events, incidents, conduct or alleged damages which form the basis of the claims asserted by You in this lawsuit". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories— and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

Subject to American's objections, American will produce proportionally responsive, non-privileged internal communications referencing this lawsuit.

**REQUEST NO. 14:**

All documents received in response to any subpoena served in this matter.

**RESPONSE:**

American has not yet received any documents in response to any subpoena served in this matter.

**REQUEST NO. 15:**

All cease-and-desist letters sent by You to any third party regarding skiplagging or hidden-city ticketing and any responses to same.

**RESPONSE:**

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "cease-and-desist letters", as American may have communications relating to various issues caused by "skiplagging" or "hidden-city ticketing" or its discovery of an entity's prohibited actions, but it is unclear what Skiplagged seeks when it refers to "cease-and-desist letters". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome, as communications between American and "any third party" would include at least hundreds of thousands of people and entities. American's communications with third parties about hidden-city ticketing or skiplagging are also not relevant to American's claims or Skiplagged's defenses. *See* Fed. R. Civ. P. 26(b)(1).

American also objects that this Request is not relevant to any issue in the case. Any attempts by American to stop any party other than Skiplagged from engaging in prohibited practices are not relevant to American's claims or Skiplagged's defenses in this lawsuit. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 16:**

All documents related to any and all lawsuits filed by You or settlement agreements executed by You that relate in any way to hidden-city ticketing or skiplagging.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "related to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "related to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "any and all lawsuits filed by You or settlement agreements executed by You that relate in any way to hidden-city ticketing or skiplagging." *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request as overly broad and unduly burdensome, as "any and all lawsuits filed by You or settlement agreements executed by You" includes hundreds or thousands of lawsuits and settlement agreements since August 1, 2018. Therefore, this Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American further objects that this Request is not relevant to any issue in the case. Any lawsuits or settlement agreements with parties other than Skiplagged are not relevant to American's claims or Skiplagged's defenses in this lawsuit. *See* Fed. R. Civ. P. 26(b)(1).

American objects to this Request because it improperly seeks the disclosure of documents related to other lawsuits and settlement agreements that are shielded from discovery by the attorney-client privilege, and American objects to preparing a privilege log for such materials because these materials are neither relevant nor would creating such be proportional to this case.

**REQUEST NO. 17:**

All documents referred to, used, or relied upon in answering Skiplagged's First Interrogatories.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "referred to, used, or relied upon in answering Skiplagged's First Interrogatories." *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request because it is overly broad as phrased. The witness identified in American's Answer to Interrogatory No. 1, who helped American prepare its Answer, has reviewed thousands of documents in his career and it is impossible for him to list all of those documents in this Answer to Interrogatory No. 1 or for American to produce those documents in response to this Request. His vast experience and knowledge of the airline is what enables him to respond to Defendant's Interrogatories. American further objects because the request necessarily enquires into attorney-client communications regarding the witness's work in preparing American's Answers to Skiplagged's First Interrogatories.

Subject to the foregoing objections, American identifies its First Amended Complaint [Dkt. No. 8] and Defendant's Amended Answer and Affirmative Defenses as to Plaintiff's First Amended Complaint [Dkt. No. 63] as documents Mr. Guerin has reviewed before answering these Interrogatories, which are documents in Skiplagged's possession and publically available on the court's docket.

**REQUEST NO. 18:**

All documents and communications relating to the steps, policies, or procedures You employed to protect against the unauthorized use of the American Marks or American Copyright, as these terms are defined in the Complaint, since January 1, 2015.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to

the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "relating to the steps, policies, or procedures You employed to protect against the unauthorized use of the American Marks or American Copyright". *See* Fed. R. Civ. P. 34(b)(1)(A). Further, the terms "steps, policies, or procedures" are vague and ambiguous and simply not understandable unless Skiplagged is inquiring into the legal requirements for protecting the American Marks and American Copyrights with regulatory authorities. *See id.* American follows all requirements under federal law to protect its Marks and Copyrights.

American further objects to producing any documents protected by attorney-client privilege and the work product doctrine, including as to advice and work related to American's trademarks and copyrights.

Subject to American's objections, American will produce proportionally responsive, non-privileged items, including American's Use Agreement and Conditions of Carriage, in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 19:**

All communications between You and Skiplagged.

**RESPONSE:**

American objects to the phrase "[a]ll communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 20:**

All documents and communications relating or referring to customer problems that Skiplagged allegedly created, as alleged in Paragraph 82 of the Complaint.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected." *See* Fed. R. Civ. P. 34(b)(1)(A). Due to the nature of bookings and information available to American, American often must remedy passenger problems caused by Skiplagged that it unable to link to Skiplagged at the time the issue is addressed. For example, a customer complaining of an issue concerning their baggage, which was a result of Skiplagged's prohibited practices, may not understand and/or inform American that it purchased its ticket through Skiplagged. Thus, the employee, and any documents and communications, for that issue would not necessarily reflect that the issue was caused by Skiplagged. As such, "[a]ll documents and communications relating or referring to customer problems that Skiplagged allegedly created" fails to specifically describe the documents and communications American must collect.

American further objects that this request is overly broad and unduly burdensome. This Request as phrased would require American to investigate every "customer" transaction since August 1, 2018. This Request and is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American further objects that this Request necessarily enquires into attorney-client privilege and attorney work product as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 21:**

All documents and communications relating or referring to the employee time and resources You claim to have expended investigating and trying to address problems allegedly caused by Skiplagged.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected." *See* Fed. R. Civ. P. 34(b)(1)(A). Due to the nature of bookings and information available to American, American often must remedy passenger problems caused by Skiplagged that it unable to link to Skiplagged at the time the issue is addressed. For example, a customer complaining of an issue concerning their baggage, which was a result of Skiplagged's prohibited practices, may not understand and/or inform American that it purchased its ticket through Skiplagged. Thus, the employee, and any documents and communications, for that issue would not necessarily reflect that the issue was caused by Skiplagged. As such, "[a]ll documents and communications relating or referring to the employee time and resources You claim to have expended investigating and trying to address problems allegedly caused by Skiplagged" fails to specifically describe the documents and communications American must collect.

American further objects that this Request necessarily enquires into attorney-client privilege and attorney work product as to advice and work concerning American's Use Agreement and Conditions of Carriage. See Fed. R. Civ. P. 26(b)(5).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 22:**

All documents and communications relating to Your efforts to stop Skiplagged's alleged abusive practices as alleged in Paragraph 84 of the Complaint.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to the phrases "efforts to stop" because they are vague and ambiguous.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "Skiplagged's alleged abusive practices". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects that this Request necessarily enquires into attorney-client privilege and attorney work product as to efforts recommended by or discussed with counsel for American to stop Skiplagged's abusive practices or to limit American's injuries from the same. *See* Fed. R. Civ. P. 26(b)(5).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 23:**

All documents and communications evidencing the "great and irreparable injury" that Skiplagged's acts have allegedly caused, as alleged in Paragraph 98 of the Complaint.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible

to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the use of the word "evidencing" because it is vague and ambiguous.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "evidencing the 'great and irreparable injury' that Skiplagged's acts have allegedly causes". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects that this Request necessarily enquires into attorney-client privilege and attorney work product as to efforts recommended by or discussed with counsel for American to stop Skiplagged's abusive practices or to limit American's injuries from the same. *See* Fed. R. Civ. P. 26(b)(5).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 24:**

All documents and communications evidencing, relating, or referring to all contracts and agreements between You and Skiplagged.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the use of the word "evidencing" because it is vague and ambiguous, especially when it is tied to the equally vague phrases "relating, or referring to" and, therefore, American objects to the phrase "evidencing, relating, or referring to" as being vague and ambiguous.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "evidencing, relating, or referring to all contracts and agreements". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome. American has sued Skiplagged for breach of the Use Agreement and Conditions of Carriage. American's Use Agreement and Conditions of Carriage are executed every time a user (of which Skiplagged is just one of millions of users of AA.com) gains access to and uses American's website, AA.com. All documents and communications with all third parties "evidencing, relating, or referring to" the Use Agreement and Conditions of Carriage would result in millions of documents and communications. Therefore, this Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

Subject to American's objections, American will produce proportionally communications between American and Skiplagged regarding the Use Agreement and the Conditions of Carriage.

**REQUEST NO. 25:**

All documents and communications evidencing the confusion, mistake, or deception as to the affiliation, connection, or association of Skiplagged with AA, or as to the origin, sponsorship, or approval of Skiplagged's goods and services by American that Skiplagged's alleged conduct has caused as alleged in Paragraphs 109 and 118 of the Complaint.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the use of the word "evidencing" because it is vague and ambiguous.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "evidencing the confusion, mistake, or deception as to the affiliation, connection, or association of Skiplagged with AA, or as to the origin, sponsorship, or approval of Skiplagged's goods and services by American that Skiplagged's alleged conduct has caused". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request as overly broad and unduly burdensome, as documents and communications is not limited to between particular parties and, thus, this Request is understandable as a request as to documents and communications with all third parties. There are millions of people and entities worldwide that could have experienced the above-referenced "confusion, mistake, or deception", and those communications are also not relevant to American's claims or Skiplagged's defenses. *See* Fed. R. Civ. P. 26(b)(1).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 26:**

All documents and communications evidencing the "irreparable harm" that You have allegedly suffered or will suffer as a result of Skiplagged's alleged infringement of the American Marks as alleged in Paragraph 114 of the Complaint.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the use of the word "evidencing" because it is vague and ambiguous.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "evidencing the 'irreparable harm' that You have allegedly suffered or will suffer as a result of Skiplagged's alleged infringement of the American Marks". *See* Fed. R. Civ. P. 34(b)(1)(A).

Further, American objects to producing any documents protected by attorney-client privilege and the work product doctrine as to efforts recommended by or discussed with counsel for American to stop Skiplagged's infringement of the American Marks or to limit American's injuries from the same.

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 27:**

All documents and communications evidencing how You claim to have been, are now, and will be "irreparably harmed" by Skiplagged's alleged copyright infringement, as alleged in Paragraph 127 of the Complaint.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the use of the word "evidencing" because it is vague and ambiguous.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "evidencing how You claim to have

been, are now, and will be 'irreparably harmed' by Skiplagged's alleged copyright infringement". *See* Fed. R. Civ. P. 34(b)(1)(A).

Further, American objects to producing any documents protected by attorney-client privilege and the work product doctrine as to efforts recommended by or discussed with counsel for American to stop Skiplagged's infringement of the American Marks or to limit American's injuries from the same.

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 28:**

All documents and communications evidencing the financial loss You claim to have suffered as a result of the alleged false association as alleged in Paragraph 122 of the Complaint.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the use of the word "evidencing" because it is vague and ambiguous.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "the financial loss You claim to have suffered as a result of the alleged false association". *See* Fed. R. Civ. P. 34(b)(1)(A).

American is in the process, through discovery and work with its expert witnesses, of determining which documents in its possession, custody, or control constitute "documents and communications evidencing the financial loss" American has suffered due to "the alleged false association as alleged in Paragraph 122 of the Complaint." Once American understands which documents "evidence" those requests, American will produce proportionally responsive, non-privileged documents evidencing "lost profits, sales, revenues, or gains resulting from Skiplagged's alleged actions" based on its reasonable search, but objects to producing any documents and communications protected by attorney-client privilege and the work product doctrine. *See* Fed. R. Civ. P. 26(b)(5), 26(b)(4)(B)–(D).

**REQUEST NO. 29:**

All documents and communications relating to the costs You allege You have incurred to correct the alleged misleading information as alleged in Paragraph 122 of the Complaint.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible

to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "relating to the costs you allege You have incurred to correct the alleged misleading information." *See* Fed. R. Civ. P. 34(b)(1)(A).

American is in the process, through discovery and work with its expert witnesses, of determining which documents in its possession, custody, or control constitute "documents and communications relating to the costs" American incurred "to correct the alleged misleading information as alleged in Paragraph 122 of the Complaint". Once American understands which documents "relate" to those requests, American will produce proportionally responsive, non-privileged documents evidencing "lost profits, sales, revenues, or gains resulting from Skiplagged's alleged actions" based on its reasonable search, but objects to producing any documents and communications protected by attorney-client privilege and the work product doctrine. *See* Fed. R. Civ. P. 26(b)(5), 26(b)(4)(B)–(D).

**REQUEST NO. 30:**

All documents and communications relating to the corrective actions You claim to have taken against the alleged misleading information as alleged in Paragraph 122 of the Complaint.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at

*3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "relating to the corrective actions You claim to have taken against the alleged misleading information." *See* Fed. R. Civ. P. 34(b)(1)(A).

Further, American objects to producing any documents protected by attorney-client privilege and the work product doctrine as to corrective actions recommended by or discussed with counsel for American to stop Skiplagged's abusive practices.

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 31:**

All documents and communications relating to the denial of Skiplagged's access to Your aa.com site, as You claim You reserve the right to do on the "aa.com site usage" page located at https://www.aa.com/i18n/customer-service/support/legal-information.jsp.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "relating to the denial of Skiplagged's access to Your aa.com site, as You claim You reserve the right to do on the 'aa.com site usage' page." *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 32:**

All documents and communications relating to any promotional or discounted fair offerings by You since August 1, 2018.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "relating to any promotional or discounted fair offerings by You". *See* Fed. R. Civ. P. 34(b)(1)(A). There are numerous different ways this Request could be interpreted. Promotional or discounted fare offerings could include, for example, prices offered by American which have been lowered due to low demand, prices offered to travel agencies as part of their agreements with American, and promotions offered by a credit card affiliated with American.

American further objects that this Request is not relevant to any issue in the case. American's promotional and discounted fare offerings are not at issue in this litigation. There is no relevant equivalency between legal promotional or discounted fares offered by American and illegal skiplagging promoted by an unauthorized third-party like Skiplagged. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 33:**

All documents and communications relating to or evidencing actions You claim to have taken to mitigate any damages You claim to have suffered and for which You seek recovery in this lawsuit.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to the use of the word "evidencing" because it is vague and ambiguous, especially when it is tied to the equally vague phrases "relating to" and, therefore, American objects to the phrase "relating to or evidencing" as being vague and ambiguous.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "actions You claim to have taken to mitigate any damages You claim to have suffered and for which You seek recovery in this lawsuit." *See* Fed. R. Civ. P. 34(b)(1)(A).

Further, American objects to producing any documents protected by attorney-client privilege and the work product doctrine as to efforts recommended by or discussed with counsel for American to stop Skiplagged's abusive practices or to limit American's damages from the same.

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 34:**

All communications and documents evidencing or supporting the calculation of damages You seek in this litigation.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the use of the word "evidencing" because it is vague and ambiguous, especially when it is tied to the equally vague phrase "supporting" and, therefore, American objects to the phrase "evidencing or supporting" as being vague and ambiguous.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "the calculation of damages You seek in this litigation." *See* Fed. R. Civ. P. 34(b)(1)(A).

American is in the process, through discovery and work with its expert witnesses, of determining which documents in its possession, custody, or control constitute 'communications and documents evidencing or supporting the calculation of damages You seek in this litigation." Once American understands which documents "evidence" or "support" those requests, American will produce proportionally responsive, non-privileged documents evidencing "lost profits, sales, revenues, or gains resulting from Skiplagged's alleged actions" based on its reasonable search, but objects to producing any documents and communications protected by attorney-client privilege and the work product doctrine. *See* Fed. R. Civ. P. 26(b)(5), 26(b)(4)(B)–(D).

**REQUEST NO. 35:**

All attorney fee agreements and invoices between You and the attorneys representing You in this litigation.

**RESPONSE:**

American will provide its redacted attorney fee agreements and invoices between American and its outside counsel for this litigation, subject to its objection as to information protected by attorney-client privilege and the work product doctrine.

**REQUEST NO. 36:**

All documents, communications, or information exchanged between You and any experts in this litigation.

**RESPONSE:**

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "[a]ll documents, communications, or information exchanged between You and any experts in this litigation." *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request because it improperly seeks to expand the scope of discovery on experts beyond what is permitted by Federal Rule of Civil Procedure 26(b)(4)(B)–(D).

American objects to this Request on the basis of attorney-client privilege and the work product doctrine. Subject to these objections, American will produce only the materials required to be produced under Federal Rule of Civil Procedure 26(b)(4)(B)–(D).

**REQUEST NO. 37:**

All expert notes regarding their communications with You.

**RESPONSE:**

American objects to this Request because it improperly seeks to expand the scope of discovery on experts beyond what is permitted by Federal Rule of Civil Procedure 26(b)(4)(B)–(D).

American objects to this Request on the basis of attorney-client privilege and the work product doctrine. Subject to these objections, American will produce only the materials required to be produced under Federal Rule of Civil Procedure 26(b)(4)(B)–(D).

**REQUEST NO. 38:**

All documents relied upon by Your experts, including Your expert's file.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "relied upon by Your experts, including Your expert's file." *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request on the basis of attorney-client privilege and the work product doctrine. Subject to these objections, American will produce only the materials required to be produced under Federal Rule of Civil Procedure 26(b)(4)(B)–(D).

**REQUEST NO. 39:**

All communications, presentations, and meeting notes between You and Your board of directors regarding Skiplagged or hidden-city ticketing.

**RESPONSE:**

American objects to this Request because, by seeking "[a]ll" of the materials within the categories of documents requested, it necessarily seeks information that is not relevant.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "[a]ll communications, presentations, and meeting notes between You and Your board of directors regarding Skiplagged or hidden-city ticketing." *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged internal communications about Skiplagged in its possession, custody, or control based on its reasonable search.

## REQUEST NO. 40:

All monthly and yearly financial statements and balance sheets for You since January 1, 2015.

## RESPONSE:

American objects to the word "[a]ll" because it is overly broad, vague, ambiguous, and improperly seeks information that is not relevant.

American objects to this Request as overly broad, unduly burdensome, and not relevant as to its request for "monthly and yearly financial statements and balance sheets . . . since January 1, 2015". American is one of the largest airlines in the world, and its financial statements and balance sheets reflect its billions of dollars in business done each year. American's "monthly and yearly financial statements and balance sheets" encompass documents and information that far exceeds the issues in this lawsuit and, as such, this Request is not relevant to any issue in the case and is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

## REQUEST NO. 41:

All documents and communications relating to lost profits or lost revenue.

## RESPONSE:

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "relating to lost profits or lost revenue". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome, as any of American's lost profits or any of American's lost revenue far exceeds the relevant issues to this lawsuit. This Request and is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 42:**

All documents and communications relating to customer complaints.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "relating to customer complaints." *See* Fed. R. Civ. P. 34(b)(1)(A). Customers can have a variety of complaints made in a variety of way. It is unclear what Skiplagged seeks when it refers generally to "customer complaints."

American further objects that this request is overly broad and unduly burdensome because the Request as phrased would require American to investigate every "customer" transaction since August 1, 2018. This Request and is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 43:**

All documents and communications relating to actions or planned actions against customers who purchase hidden city tickets, including the repercussions against customers.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to the word "actions" and the phrase "planned actions" because they are vague and ambiguous.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "relating to actions or planned actions against customers". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects that this request is overly broad and unduly burdensome. This Request as phrased would require American to investigate every "customer" transaction since August 1, 2018. This Request and is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

Further, American objects to producing any documents protected by attorney-client privilege and the work product doctrine as to any actions recommended by or discussed with counsel for American to address hidden city tickets.

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 44:**

All flight schedules and corresponding flight prices for all city pairs and gate assignments since August 1, 2018.

**RESPONSE:**

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "[a]ll flight schedules and corresponding flight prices for all city pairs and gate assignments". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome. American's vast number of flight schedules and prices for every city pair and gate assignment is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American objects that this Request is not relevant to any issue in the case. American's extensive number of flight options and the various prices for all the options and seats available on all of those flights is not relevant to American's claims or Skiplagged's defenses. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 45:**

All documents and communications that support Your allegations that Skiplagged.com entered into any contract or agreement with You.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "support" because it is vague and ambiguous. American further objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work concerning American's Use Agreement and Conditions of Carriage. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "that support Your allegations that Skiplagged.com entered into any contract or agreement with You". *See* Fed. R. Civ. P. 34(b)(1)(A). Skiplagged has entered into the AA.com Use Agreement and American's Conditions of Carriage with American. The Use Agreement and Conditions of Carriage are executed every time a user, such as Skiplagged, gains access to and uses American's website, AA.com. Skiplagged is a party to the Use Agreement and the Conditions of Carriage whenever Skiplagged accesses and uses AA.com.

Subject to American's objections, American will produce its Use Agreement and Conditions of Carriage and any prior versions of those contracts in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 46:**

All documents and communications that support Your allegations that Skiplagged charges customers for fares on American flights.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "support" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "that support Your allegations that Skiplagged charges customers for fares on American flights." *See* Fed. R. Civ. P. 34(b)(1)(A). American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 47:**

All documents and communications that support Your allegations that Skiplagged sells tickets on American flights.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "support" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "that support Your allegations that Skiplagged sells tickets on American flights". *See* Fed. R. Civ. P. 34(b)(1)(A). American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 48:**

All documents and communications that support Your allegation that Skiplagged represents itself as an agent of American.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "support" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM,*

*LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "that support Your allegation that Skiplagged represents itself as an agent of American". *See* Fed. R. Civ. P. 34(b)(1)(A). American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 49:**

All documents, communications, analysis, or studies relating to the placement of Your terms and conditions or terms of use on aa.com, including any wireframes reflecting all potential placements for such terms and comments or advice from any user experience or UEX employees or consultants.

**RESPONSE:**

American objects to the phrase "[a]ll documents, communications, analysis, or studies" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "relating to the placement of Your terms and conditions or terms of use on aa.com," "any wireframes reflecting all potential placements for such terms and comments or advice from any user experience or UEX employees or consultants." *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects that this Request is not relevant to any issue in the case. The placement of American's Use Agreement and Conditions of Carriage is not at issue in this lawsuit. *See* Fed. R. Civ. P. 26(b)(1).

Given this lack of clarity as to what documents Skiplagged is requesting, American is presently unaware of any responsive, non-privileged documents within its possession, custody, or control.

**REQUEST NO. 50:**

All documents and communications relating to revenue generated by the purchase of hidden-city tickets by users of Skiplagged.com or any other website by which hidden-city tickets may be identified.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "relating to revenue generated by the purchase of hidden-city tickets by users of Skiplagged.com or any other website by which hidden-city tickets may be identified." *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American is in the process, through discovery and work with its expert witnesses, of determining which documents in its possession, custody, or control may be responsive to this Request. Once American understands which documents "relate" these requests, American will produce proportionally responsive, non-privileged documents based on its reasonable search, but objects to producing any documents protected by attorney-client privilege and the work product doctrine. *See* Fed. R. Civ. P. 26(b)(5), 26(b)(4)(B)–(D).

**REQUEST NO. 51:**

All documents and communication relating to profits You received from purchases of hidden-city tickets.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "relating to profits you received from purchases of hidden-city tickets." *See* Fed. R. Civ. P. 34(b)(1)(A). As American has repeatedly stated, it is often not able to discover when the prohibited practice of hidden-city ticketing is done by Skiplagged or anyone else, as that is information almost exclusively in Skiplagged's (or the party booking the hidden city ticket's) control. American further objects to this Request as overly broad and unduly burdensome for American to produce "[a]ll documents and communication relating to profits" that are in some way associated or connected with skiplagging done by any of its customers. *See* Fed. R. Civ. P. 26(b)(1).

Subject to American's objections, American is in the process, through discovery and work with its expert witnesses, of determining which documents in its possession, custody, or control may be responsive to this Request. Once American understands which documents "relate" these requests, American will produce proportionally responsive, non-privileged documents based on its reasonable search, but objects to producing any documents protected by attorney-client privilege and the work product doctrine. *See* Fed. R. Civ. P. 26(b)(5), 26(b)(4)(B)–(D).

**REQUEST NO. 52:**

All documents and communications relating to Your efforts and abilities to identify or flag bookings facilitated by Skiplagged, including how such bookings are identified or flagged.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to the words "efforts" and "abilities" because they are both individually and in conjunction with one another vague and ambiguous.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "relating to Your efforts or abilities to identify or flag bookings facilitated by Skiplagged." *See* Fed. R. Civ. P. 34(b)(1)(A). As American has repeatedly stated, it is often not able to discover when the prohibited practice of hidden-city ticketing is done by Skiplagged or anyone else, as that is information almost exclusively in Skiplagged's (or the party booking the hidden city ticket's) control. American further objects to this Request as overly broad and unduly burdensome for American to produce "[a]ll documents and communication relating to profits" that are in some way associated or connected with skiplagging done by any of its customers. *See* Fed. R. Civ. P. 26(b)(1).

American further objects to producing any documents protected by attorney-client privilege and the work product doctrine, including any efforts recommended by or discussed with counsel for American to stop Skiplagged's abusive practices or to limit American's injuries from the same.

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 53:**

All documents and communications, including but not limited to terms of use, codes of conduct, or policies, provided to customers that refer to Skiplagged, hidden city ticketing, or similar practices.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "including but not limited to terms of use, codes of conduct, or policies, provided to customers that refer to Skiplagged, hidden city ticketing, or similar practices." *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome as to documents and communications "provided to customers that refer to Skiplagged, hidden city ticketing, or similar practices." This Request is not relevant to any issue in the case and is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

## REQUEST NO. 54:

All documents and communications relating to Your determination of ticket prices, including but not limited to, how You set ticket prices for direct and connecting flights, software used to set ticket prices, and adjustments to ticket prices.

## RESPONSE:

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "relating to Your determination of ticket prices, including but not limited to, how You set ticket prices for direct and connecting flights, software used to set ticket prices, and adjustments to ticket prices." *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects that this Request is not relevant to any issue in the case. How American determines its ticket prices and the mechanisms of doing so are not at issue in this lawsuit. *See* Fed. R. Civ. P. 26(b)(1). Further, this Request improperly asks for trade secrets and other confidential information shielded from discovery by Federal Rule of Civil Procedure 26(c)(1)(G). As one of the largest airlines in the world, American has spent millions of dollars as well as an extensive amount of time and resources to develop and protect its valuable fare, schedule, and inventory content. American takes commercially reasonable measures to limit access to this information only to authorized agents of American. Skiplagged is not an authorized agent of American. Further, unauthorized access to this information, including details about American's software, could harm American's systems, businesses, and customers and may be a major safety and security threat.

**REQUEST NO. 55:**

All documents and communications relating to all efforts to license or enforce any of the American Marks and/or American Copyrights in the last 10 years, including any cease-and-desist letters or similar communications, license agreements, litigation filings, and settlement agreements.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected." *See* Fed. R. Civ. P. 34(b)(1)(A). The terms "relating to all efforts to license or enforce" are not understandable unless Skiplagged is inquiring into the legal requirements for protecting the American Marks and American Copyrights with regulatory authorities. American follows all requirements under federal law to protect its Marks and Copyrights.

American further objects to this Request as overly broad and unduly burdensome as to "all documents and communications," "all efforts", "any cease-and-desist letters or similar communications, license agreements, litigation filings, and settlement agreements." This Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

Further, American objects that this Request is not relevant to any issue in the case. How American licenses or enforces the American Marks and American Copyrights is not at issue in this lawsuit. *See* Fed. R. Civ. P. 26(b)(1).

American further objects to producing any documents protected by attorney-client privilege and the work product doctrine.

## REQUEST NO. 56:

All documents and communications You claim demonstrate the value of the American Marks and any harm or loss to the American Marks You allege were caused by Skiplagged.

## RESPONSE:

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "You claim demonstrate the value of the American Marks and any harm or loss to the American Marks You allege were caused by Skiplagged". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request as overly broad and unduly burdensome. American has numerous registered American Marks, and "[a]ll documents and communications" regarding the value of those Marks and "any harm or loss to the American Marks" is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American objects to this Request as not relevant to any issue in the case as to "the value of the American Marks". American is not required to show the value of the American Marks as an element of its claims in this lawsuit.

**REQUEST NO. 57:**

All documents and communications You claim demonstrate the value of the American Copyrights and any harm or loss to the American Copyrights You allege were caused by Skiplagged.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "You claim demonstrate the value of the American Copyrights and any harm or loss to the American Copyrights You allege were caused by Skiplagged". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request as overly broad and unduly burdensome. American has numerous registered American Copyrights, and "[a]ll documents and communications" regarding the value of those Copyrights and "any harm or loss to the American Copyrights" is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American objects to this Request as not relevant to any issue in the case as to "the value of the American Copyrights". American is not required to show the value of the American Copyrights as an element of its claims in this lawsuit.

**REQUEST NO. 58:**

Relevant portions of Your balance sheets and other financial documents for the last 10 years that You claim show the value of the American Marks and American Copyrights.

**RESPONSE:**

American objects to the phrase "[r]elevant portions" as being vague and ambiguous.

American objects to this Request as overly broad, unduly burdensome, and not relevant. American is one of the largest airlines in the world, and its financial statements and balance sheets reflect its billions of dollars in business done each year. American's "monthly and yearly financial statements and balance sheets" encompass documents and information that far exceeds the issues in this lawsuit and, as such, this Request is not relevant to any issue in the case and is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 59:**

All documents demonstrating ownership of the American Marks and American Copyrights from create of each intellectual property asset through the present.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "demonstrating ownership of the American Marks and American Copyrights from create of each intellectual property asset through the present". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request as overly broad and unduly burdensome. As provided in American's First Amended Complaint, the American Marks are registered with the American Marks in the U.S. Patent and Trademark Office ("USPTO") on the Principal Register. American also registers the American Marks in many other countries. American also has protected its investment in its brand by registering designs with the U.S. Copyright Office. It owns U.S. Copyright Registration No. VA00002130520 for the American Copyright. In addition to its registered rights, American has strong common-law rights in the American Marks and American Copyright by virtue of extensive use and promotion in commerce. Having provided this ownership information, this Request for "[a]ll documents" is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search sufficient to show its ownership of the American Marks and American Copyright.

**REQUEST NO. 60:**

All assignments or documents affecting any rights in the American Marks and American Copyrights from creation of each intellectual property asset through the present.

**RESPONSE:**

American objects to the phrase "[a]ll assignments or documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "affecting any rights in the American Marks and American Copyrights". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request as overly broad and unduly burdensome when it states all documents "from creation of each intellectual property asset through the present." This Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American further objects that this Request is not relevant to any issue in the case. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 61:**

All documents licensing or giving any rights to third parties relating to the American Marks and the American Copyrights.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "documents licensing or giving any rights to third parties relating to the American Marks and the American Copyrights". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request as overly broad and unduly burdensome when it states "[a]ll documents licensing or giving any rights to third parties". This Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the

importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American further objects that this Request is not relevant to any issue in the case. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 62:**

All documents and communications relating to any valuations performed of the American Marks and the American Copyrights.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "relating to any valuations performed of the American Marks and the American Copyrights". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to this Request as overly broad and unduly burdensome. American has numerous registered American Marks and its American Copyrights, and "[a]ll documents and communications" regarding the value of those Marks and Copyrights is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American objects to this Request as not relevant to any issue in the case as to "the value of the American Marks". American is not required to show the value of the American Marks as an element of its claims in this lawsuit.

**REQUEST NO. 63:**

All documents and communications relating to any analysis or opinion of the validity or enforceability of the American Marks or American Copyrights.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request because it improperly seeks information that is not relevant. American objects because the words "analysis" and "opinion," individually and when joined together with "or," are vague and ambiguous. To the extent those words, or the Request otherwise, seeks the disclosure of attorney-client privilege or work-product information, American objects to this Request and objects to producing a privilege log for such information because it would be irrelevant, overly burdensome, and not proportional to the needs of the case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "any analysis or opinion of the validity or enforceability of the American Marks or American Copyrights". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome. As provided in American's First Amended Complaint, the American Marks are registered with the American Marks in the U.S. Patent and Trademark Office ("USPTO") on the Principal Register. American also registers the American Marks in many other countries. American also has protected its investment in its brand by registering designs with the U.S. Copyright Office. It owns U.S. Copyright Registration No. VA00002130520 for the American Copyright. In addition to its registered rights, American has strong common-law rights in the American Marks and American Copyright by virtue of extensive use and promotion in commerce. Having provided this ownership information, this Request for "[a]ll documents" is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the

parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 64:**

Documents identifying all individuals that participated in any way with the creation of the American Copyrights (collectively, the "Copyright Authors").

**RESPONSE:**

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "[a]ll individuals that participated in any way with the creation of the American Copyrights". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects that this Request is not relevant to any issue in the case. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 65:**

Documents establishing each of the Copyright Authors' relationship with You (W2 employment, 1099 contractor, or otherwise) at the time the American Copyrights were created through the present.

**RESPONSE:**

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "[d]ocuments establishing each of the Copyright Authors' relationship with You". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects that this Request is not relevant to any issue in the case. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 66:**

The complete file for the American Copyrights.

**RESPONSE:**

American objects because the phrase "complete file" is vague and ambiguous.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "[t]he complete file for the American Copyrights." *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects that this Request is not relevant to any issue in the case. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 67:**

The complete file for the American Marks.

**RESPONSE:**

American objects because the phrase "complete file" is vague and ambiguous.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "[t]he complete file for the American Marks." *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects that this Request is not relevant to any issue in the case. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 68:**

All documents establishing Your initial use in commerce and continued use in commerce through the present of the American Marks.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "establishing Your initial use in commerce and continued use in commerce through the present of the American Marks". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects that this Request is not relevant to any issue in the case. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 69:**

All documents supporting Your contention that Skiplagged's use of the American Marks and the American Copyrights is not fair use or nominative use.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product

privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "supporting Your contention that Skiplagged's use of the American Marks and the American Copyrights is not fair use or nominative use." *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 70:**

All documents and communications supporting Your contention that Skiplagged' s use of the American Marks is likely to cause confusion, including but not limited to documents supporting or relating to the likelihood of confusion factors.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "supporting Your contention that

Skiplagged's use of the American Marks is likely to cause confusion". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American further objects to this Request as overly broad and unduly burdensome, as there are millions of people and entities worldwide that could have experienced the above-referenced "confusion". *See* Fed. R. Civ. P. 26(b)(1). Thus, this Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 71:**

All documents and communications You contend demonstrate any actual confusion caused by Skiplagged's use of the American Marks or the American Copyrights.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "contend" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The

Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "You contend demonstrate any actual confusion". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome, as there are millions of people and entities worldwide that could have experienced the above-referenced "confusion". *See* Fed. R. Civ. P. 26(b)(1). Thus, this Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 72:**

All documents and communications showing any diverted sales or leads allegedly caused by Skiplagged's use of the American Marks or the American Copyrights.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "showing any diverted sales or leads". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome, as Skiplagged is best aware of the users of its website and its sales. American has booked millions of flights for millions of customers, and searching all documents and communications discussing those sales for possible information about a possible diverted sale is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 73:**

All documents and communications demonstrating Your claim of consumer confusion for each American Airlines flight booked by Skiplagged for consumers seeking to book a flight on American Airlines.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "demonstrating Your claim of consumer confusion for each American Airlines flight booked by Skiplagged for consumers seeking to book a flight on American Airlines". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome, because request as to "each American Airlines flight booked by Skiplagged for consumers seeking to book a flight on American Airlines" is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 74:**

All documents and communications demonstrating Your claim of consumer confusion for each non-American Airlines flight booked by Skiplagged for consumers seeking to book a flight on an airline other than American Airlines.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "demonstrating Your claim of consumer confusion for each non-American Airlines flight booked by Skiplagged for consumers seeking to book a flight on an airline other than American Airlines". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome, because request as to "each non-American Airlines flight booked by Skiplagged for consumers seeking to book a flight on an airline other than American Airlines" is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

## REQUEST NO. 75:

All documents showing any difference in legal rights between the American Marks and the American Copyrights.

## RESPONSE:

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects because this Request is vague and ambiguous.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "showing any difference in legal rights between the American Marks and the American Copyrights". *See* Fed. R. Civ. P. 34(b)(1)(A). The American Marks are trademarks. The American Copyrights are copyrights. Trademarks and copyrights are legally distinguishable.

## REQUEST NO. 76:

All documents and communications relating to Your policies regarding protection and use of intellectual property rights, including use of third-party intellectual property rights and precautions to be taken before using an intellectual property right not owned by You.

## RESPONSE:

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to

the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "relating to Your policies regarding protection and use of intellectual property rights, including use of third-party intellectual property rights and precautions to be taken before using an intellectual property right not owned by You." *See* Fed. R. Civ. P. 34(b)(1)(A). The term "protection and use of intellectual property rights" is not understandable unless Skiplagged is inquiring into the legal requirements for protecting the American Marks and American Copyrights with regulatory authorities. American follows all requirements under federal law to protect its Marks and Copyrights. *See id.*

American further objects that this Request is not relevant to any issue in the case when it refers to American's "use of third-party intellectual property rights and precautions to be taken before using an intellectual property right not owned by You." *See* Fed. R. Civ. P. 26(b)(1).

American further objects to producing any documents protected by attorney-client privilege and the work product doctrine.

**REQUEST NO. 77:**

All documents supporting Your claim that this case is an exceptional case in Your favor under the Lanham Act.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers, including as to advice and work related to American's trademarks and copyrights. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to

so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "supporting Your claim that this case is an exceptional case in Your favor under the Lanham Act." *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 78:**

All documents supporting Your contention that Skiplagged's alleged copyright infringement was willful.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "supporting Your contention that Skiplagged's alleged copyright infringement was willful." *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 79:**

All documents supporting Your contention that Skiplagged's alleged Lanham Act violations were willful.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "supporting Your contention that Skiplagged's alleged Lanham Act violations were willful." *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 80:**

All documents supporting Your contention that Skiplagged violated Your copyrights including alleged infringement of the American Copyrights.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The

Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "supporting Your contention that Skiplagged violated Your copyrights including alleged infringement of the American Copyrights." *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 81:**

All documents supporting Your contention that Skiplagged violated Your trademark rights including alleged infringement of the American Marks and the alleged acts described in Counts III and IV of the Complaint.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "supporting Your contention that Skiplagged violated Your trademark rights including alleged infringement of the American Marks". *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 82:**

All documents and communications showing when Skiplagged allegedly first used the American Copyrights and when You first became aware of it.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "showing when Skiplagged allegedly first used the American Copyrights and when You first became aware of it". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, it is impossible for American to know when one of those people first became aware of Skiplagged's first use of American Copyrights. This Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American further objects that this Request is not relevant to any issue in the case. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 83:**

All documents and communications relating to the reasons why You waited from Your first knowledge of Skiplagged's alleged use of the American Copyrights until You filed suit on August 17, 2023.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires

into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "relating to the reasons why You waited from Your first knowledge of Skiplagged's alleged use of the American Copyrights". *See* Fed. R. Civ. P. 34(b)(1)(A).

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American further objects that this Request is not relevant to any issue in the case. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 84:**

All documents and communications showing when Skiplagged allegedly first used the American Marks and when You claim You first became aware of it.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "showing when Skiplagged allegedly first used the American Marks and when You first became aware of it". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad and unduly burdensome, to the extent it asks when "You" became aware. Skiplagged has defined "You" as meaning "American

Airlines, Inc., its present and former agents, employees, representatives, attorneys, predecessors-in-interest, successors-in-interest, and all other persons or entities presently or formerly acting in whole or in part for or on its behalf." There are thousands of individuals who are included in that definition, it is impossible for American to know when one of those people first became aware of Skiplagged's first use of American Marks. This Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American further objects that this Request is not relevant to any issue in the case. *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 85:**

All documents and communications relating to the reasons why You waited from Your first knowledge of Skiplagged's alleged use of the American Marks until You filed suit on August 17, 2023.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "relating to the reasons why You waited from Your first knowledge of Skiplagged's alleged use of the American Marks". *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects that this Request is not relevant to any issue in the case. *See* Fed. R. Civ. P. 26(b)(1).

American further objects to producing any documents protected by attorney-client privilege and the work product doctrine, including concerning any advice or discussions regarding the timing of filing this lawsuit.

**REQUEST NO. 86:**

All documents and communications relating to the legal and factual basis that the statute of limitation has not lapsed as to each of Your claims.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including any advice or discussions regarding the any applicable statute of limitations. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "relating to the legal and factual basis that the statute of limitation has not lapsed as to each of Your claims". *See* Fed. R. Civ. P. 34(b)(1)(A).

**REQUEST NO. 87:**

All documents and communications supporting or relating to the alleged validity and enforceability of the American Copyrights.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "supporting or relating to the alleged validity and enforceability of the American Copyrights." *See* Fed. R. Civ. P. 34(b)(1)(A). The terms "supporting or relating to the alleged validity and enforceability of the American Copyrights" are not understandable unless Skiplagged is inquiring into the legal requirements for protecting the American Copyrights with regulatory authorities. American follows all requirements under federal law to protect its Copyrights. *See id.*

American further objects to this Request as overly broad and unduly burdensome. As provided in American's First Amended Complaint, American has protected its investment in its brand by registering designs with the U.S. Copyright Office. It owns U.S. Copyright Registration No. VA00002130520 for the American Copyright. In addition to its registered rights, American has strong common-law rights in the American Copyright by virtue of extensive use and promotion in commerce. Having provided this ownership information, this Request for "[a]ll documents and communications" is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 88:**

All documents and communications supporting or relating to the alleged validity and enforceability of the American Marks.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "supporting or relating to the alleged validity and enforceability of the American Marks." *See* Fed. R. Civ. P. 34(b)(1)(A). The terms "supporting or relating to the alleged validity and enforceability of the American Marks" are not understandable unless Skiplagged is inquiring into the legal requirements for protecting the American Marks with regulatory authorities. American follows all requirements under federal law to protect its Marks. *See id.*

American objects to this Request as overly broad and unduly burdensome. As provided in American's First Amended Complaint, the American Marks are registered with the American

Marks in the U.S. Patent and Trademark Office ("USPTO") on the Principal Register. American also registers the American Marks in many other countries. In addition to its registered rights, American has strong common-law rights in the American Marks by virtue of extensive use and promotion in commerce. Having provided this ownership information, this Request for "[a]ll documents and communications" is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

American further objects to producing any documents protected by attorney-client privilege and the work product doctrine.

**REQUEST NO. 89:**

All documents and communications supporting Your claim that the American Marks are inherently distinctive.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "supporting Your claim that the American Marks are inherently distinctive." *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 90:**

All documents demonstrating by year the amount of advertising spent using the American Marks.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "demonstrating by year the amount of advertising spent using the American Marks." *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad, unduly burdensome, and not relevant to the claims and defenses in this lawsuit. This Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 91:**

All documents demonstrating by year the amount of sales obtaining using the American Marks.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "demonstrating by year the amount of sales obtaining using the American Marks." *See* Fed. R. Civ. P. 34(b)(1)(A).

American further objects to this Request as overly broad, unduly burdensome, and not relevant to the claims and defenses in this lawsuit. This Request is not "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1).

**REQUEST NO. 92:**

All documents and communications supporting Your contention that Skiplagged's actions have caused a false, deceptive, or misleading belief in the minds of consumers as to the affiliation, connection, or association of Skiplagged with American, or as to the origin, sponsorship, or approval of Skiplagged's goods and services by American.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "supporting Your contention that Skiplagged's actions have caused a false, deceptive, or misleading belief in the minds of consumers as to the affiliation, connection, or association of Skiplagged with American, or as to the origin, sponsorship, or approval of Skiplagged's goods and services by American". *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 93:**

All documents showing each of Your publications of the American Copyrights without a copyright notice included with the copyrights.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of

anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects because this Request is vague and ambiguous.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "showing each of Your publications of the American Copyrights without a copyright notice included with the copyrights". *See* Fed. R. Civ. P. 34(b)(1)(A).

Given this lack of clarity as to what documents Skiplagged is requesting, American is presently unaware of any responsive, non-privileged documents within its possession, custody, or control.

**REQUEST NO. 94:**

All documents showing each of Your publications of the American Marks without a federal trademark registration notice included with the trademarks.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects because this Request is vague and ambiguous.

American objects to this Request failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "showing each of Your publications of the American Marks without a federal trademark registration notice included with the trademarks". *See* Fed. R. Civ. P. 34(b)(1)(A).

Given this lack of clarity as to what documents Skiplagged is requesting, American is presently unaware of any responsive, non-privileged documents within its possession, custody, or control.

**REQUEST NO. 95:**

All documents supporting Your contention that Skiplagged's alleged use of the American Copyrights is likely to cause consumer confusion.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to advice and work related to American's trademarks and copyrights. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected." *See* Fed. R. Civ. P. 34(b)(1)(A). American does not have access to any consumer's thoughts or impressions regarding their experience purchasing an American flight on Skiplagged's website or what lead them to purchase a flight on any other airline. That information is uniquely within the consumer's knowledge or possession, custody, and control. As such, "[a]ll documents supporting Your contention that Skiplagged's alleged use of the American Copyrights is likely to cause consumer confusion" fails to specifically describe the documents and communications American must collect.

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

## REQUEST NO. 96:

All documents and communications relating to any incidences where consumers viewing Skiplagged's website intending to purchase a flight on American Airlines were somehow confused or mislead into purchasing a flight on another airline believing the flight to be provided by You.

## RESPONSE:

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No.

3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected." *See* Fed. R. Civ. P. 34(b)(1)(A). American does not have access to any consumer's thoughts or impressions regarding their experience purchasing an American flight on Skiplagged's website or what lead them to purchase a flight on any other airline. That information is uniquely within the consumer's knowledge or possession, custody, and control. As such, "[a]ll documents and communications relating any incidences where consumers viewing Skiplagged's website intending to purchase a flight on American Airlines were somehow confused or mislead into purchasing a flight on another airline believing the flight to be provided by You" fails to specifically describe the documents and communications American must collect.

American further objects to producing any documents protected by attorney-client privilege and the work product doctrine, including any discussion or advice given to American regarding efforts to respond to consumer confusion caused by Skiplagged's website.

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 97:**

All documents and communications relating to any incidences where consumers viewing Skiplagged's website intending to purchase a flight on American Airlines were somehow confused or mislead into believing that Skiplagged was an agent, sponsored by, or affiliated with You.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected." *See* Fed. R. Civ. P. 34(b)(1)(A). American does not have access to any consumer's thoughts or impressions regarding their experience purchasing an American flight on Skiplagged's website or their understanding of any relationship between American and Skiplagged. That information is uniquely within the consumer's knowledge or possession, custody, and control. As such, "[a]ll documents and communications relating to any incidences where consumers viewing Skiplagged's website intending to purchase a flight on American Airlines were somehow confused or mislead into believing that Skiplagged was an agent, sponsored by, or affiliated with You" fails to specifically describe the documents and communications American must collect.

American further objects to producing any documents protected by attorney-client privilege and the work product doctrine, including any discussion or advice given to American regarding efforts to respond to consumer confusion caused by Skiplagged's website.

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 98:**

All documents and communications relating to any incidences where You contend Skiplagged diverted consumers viewing Skiplagged's website intending to purchase a flight on American Airlines to a different airline without the consumer's knowledge or consent.

**RESPONSE:**

American objects to the phrase "[a]ll documents and communications" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers.

As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it states "relating to any incidences where You contend Skiplagged diverted consumers viewing Skiplagged's website intending to purchase a flight on American Airlines to a different airline without the consumer's knowledge or consent". *See* Fed. R. Civ. P. 34(b)(1)(A). As such, "[a]ll documents and communications relating any incidences where consumers viewing Skiplagged's website intending to purchase a flight on American Airlines were somehow confused or mislead into purchasing a flight on another airline believing the flight to be provided by You" fails to specifically describe the documents and communications American must collect.

**REQUEST NO. 99:**

All documents supporting Your claim for statutory damages, including but not limited the factual and legal basis for statutory damages, the appropriate amount to be awarded, and all factors supporting that amount.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "supporting Your claim for statutory damages". *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 100:**

All documents supporting Your claim for attorney's fees under each statute through which fees are sought.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "supporting Your claim for attorney's fees under each statute through which fees are sought." *See* Fed. R. Civ. P. 34(b)(1)(A).

Skiplagged has already requested in Request No. 35, and American has already agreed to produce, its redacted attorney fee agreements and invoices between American and its outside counsel for this litigation, subject to its objection as to information protected by attorney-client privilege and the work product doctrine.

**REQUEST NO. 101:**

All documents supporting Your claim for injunctive relief.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the word "supporting" because it is vague and ambiguous. American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including as to as to advice and work concerning the legal issues underlining this lawsuit and the filing of this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "supporting Your claim for injunctive relief." *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

**REQUEST NO. 102:**

All documents relating to Your delay in seeking injunctive relief from when You contend to have first experienced irreparable harm through the present.

**RESPONSE:**

American objects to the phrase "[a]ll documents" as being overly broad, improperly seeking information that is not relevant, and, because it is virtually impossible to produce all of anything, expands the scope of this Request beyond that which is proportional to the needs of this case.

American objects to the term "relating to" because it is facially overbroad, vague, and ambiguous. This Request fails to describe with "reasonable particularity" the documents and communications sought by Skiplagged, as "relating to" could include thousands of documents that have no relevance to the parties' claims or defenses. As such, this Request is not "proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 34(b)(1)(A); *ReSea Project APS v. Restoring Integrity to the Oceans, Inc.*, No. SA-21-CV-1132-JKP, 2023 WL 3029268, at *3 (W.D. Tex. Apr. 20, 2023) ("When use of the omnibus phrase relating to . . . does not modify a specific type of document, but rather all documents, such use makes the request overly broad on

its face.") (internal quotation marks and citation omitted); *Nerium Skincare, Inc. v. Olson*, No. 3:16-CV-1217-B, 2017 WL 277634, at *7 (N.D. Tex. Jan. 20, 2017), objections overruled sub nom., 2017 WL 9934881 (N.D. Tex. Feb. 6, 2017) (sustaining objection to a request for "all documents relating to" as overbroad).

American objects to this Request because it invades the attorney-client privilege and attorney work product privileges, including concerning any advice or discussions regarding American's claim for injunctive relief or the timing of filing this lawsuit. *See* Fed. R. Civ. P. 26(b)(5). A contention request necessarily enquires into the thought processes and work product of American's lawyers. As a contention request, the Request is also objectionable as premature. Discovery is still in its early stages, and American is diligently collecting and reviewing thousands of documents for responsiveness and admissibility. For those reasons, American does not have all responsive documents in its possession, custody, or control at this time. *See* Fed. R. Civ. P. 26(e); *Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 586 (N.D. Tex. 2016) ("The Court sustains Plaintiffs' objections in part to these requests—which are akin to so-called 'blockbuster' interrogatories—and will order Plaintiffs only to respond . . . by producing . . . any documents . . . covered by Federal Rule of Civil Procedure 26(a)(1)(A)(ii)").

American objects to this Request for failing to "describe with reasonable particularity each item or category of items to be inspected" when it requests "relating to Your delay in seeking injunctive relief". *See* Fed. R. Civ. P. 34(b)(1)(A).

Subject to American's objections, American will produce proportionally responsive, non-privileged items in its possession, custody, or control based on its reasonable search.

Dated: February 9, 2024                           Respectfully submitted,

                                                  /s/ Dee J. Kelly, Jr.
                                                  Dee J. Kelly, Jr.
                                                  State Bar No. 11217250
                                                  dee.kelly@kellyhart.com
                                                  Lars L. Berg
                                                  State Bar No. 00787072
                                                  lars.berg@kellyhart.com
                                                  Julia G. Wisenberg
                                                  State Bar No. 24099146
                                                  julia.wisenberg@kellyhart.com
                                                  KELLY HART & HALLMAN LLP
                                                  201 Main Street, Suite 2500
                                                  Fort Worth, Texas 76102
                                                  (817) 332-2500

                                                  Nathan J. Muyskens
                                                  nathan.muyskens@gtlaw.com
                                                  GREENBERG TRAURIG, LLP
                                                  2101 L Street, N.W., Suite 1000
                                                  Washington, DC 20037
                                                  Telephone: 202-331-3100
                                                  Facsimile: 202-331-3101

                                                  Bina B. Palnitkar
                                                  bina@gtlaw.com
                                                  GREENBERG TRAURIG, LLP
                                                  2200 Ross Avenue, Suite 5200
                                                  Dallas, Texas 75201
                                                  Telephone: 214-665-3727
                                                  Facsimile: 214-665-5947

                                                  **ATTORNEYS FOR PLAINTIFF**


                                        **CERTIFICATE OF SERVICE**

I certify that on February 9, 2024, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

                                                  /s/ Julia G. Wisenberg
                                                  Julia G. Wisenberg