IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

**AGREED MOTION TO EXTEND THE DISCOVERY
CUT-OFF DATE TO ALLOW THE TAKING OF SPECIFIC
DEPOSITIONS ON SPECIFIC DATES BY JULY 12, 2024,
AND REQUEST FOR EXPEDITED CONSIDERATION**

**TO THE HONORABLE MARK T. PITTMAN, UNITED STATES DISTRICT JUDGE:**

**NOW COMES** Skiplagged, Inc. ("Skiplagged"), Defendant herein, with the express agreement of Plaintiff, American Airlines, Inc. ("AA"), and presents this Agreed Motion to extend the current June 30, 2024 cut-off date through Friday, July 12, 2024, so as to allow the taking of six specific and targeted depositions, five of which are experts. These depositions have been scheduled on specific dates in the very near future and will not disrupt the Court's existing schedule and Scheduling Order. Skiplagged would respectfully show the Court as follows in support of this request:

**I.**

The existing discovery cut-off date is currently June 30, 2024, which is a Sunday. Skiplagged seeks the Court's permission to extend that date to July 12, 2024, to take the following depositions on the following dates:

(1) AA's FRCP 30(b)(6) witness – July 1, 2024;

(2) AA's expert witness Jerry Wind – July 8, 2024;

(3) Skiplagged's expert witness George John – July 9, 2024;

(4) Skiplagged's expert witness Joe Pimbley – July 10, 2024;

(5) AA's expert witness Darin Lee – July 11, 2024; and

(6) Skiplagged's expert witness Gary Gutzler – July 12, 2024.

The parties have agreed to take these depositions on these dates.

These depositions are the only subject of any extensions of the discovery cut-off and the parties do not plan to request any further extensions of the discovery deadlines.

## II.

## **LEGAL STANDARD**

As with the previous motions recently filed in this case, Skiplagged recognizes that a scheduling order may be modified "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4); *Shepherd on behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 287 (5th Cir. 2019). To determine whether there is good cause to amend a scheduling order, the Court considers four factors: "(1) the explanation for the failure to timely move for leave to amend or comply with the scheduling order; (2) the importance of the amendment or modification; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) (internal quotation marks, alterations, and citations omitted). A court should assess these factors "holistically." *EEOC v. Service Temps, Inc.*, No. 3:08-CV-1552-D, 2009 WL 3294863, at *3 (N.D. Tex. Oct. 13, 2009) (Fitzwater, J.). "[T]he good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order." *Id*. Skiplagged respectfully suggests that these four factors are present in this case.

### III.

As respects the FRCP 30(b)(6) deposition of Skiplagged set for July 1, 2024, the Court has granted an Order allowing the dispositive motion cut-off to be extended from June 30, 2024, to July 1, 2024, and permitting Skiplagged to supplement the summary judgment record as it obtains the deposition transcripts. Therefore, this extension request for this deposition will simply formalize the ability of the parties to take this deposition one day after the current discovery cut-off date consistent with the Court's prior Order extending the dispositive motion cut-off date.

### IV.

The remaining depositions are all testifying experts engaged by the parties whose depositions remain to be secured. Full reports have been provided by each expert and the parties have mutually decided they would like to secure deposition testimony of these witnesses. The parties have previously secured depositions of some experts, and these remain. The date by which the parties are to file objections to the expert reports in the form of *Daubert/Robinson* motions is August 26, 2024. Therefore, Skiplagged respectfully suggests that securing these depositions on these dates will not interfere with the Court's existing schedule to determine the viability and admissibility of each of the experts referenced above.

### V.

The parties have been diligently seeking and conducting discovery in this case. This proposed schedule and request that the Court extend the discovery date to allow these depositions is consistent with that practice.

### VI.

Skiplagged believes that no party will be prejudged if the Court grants this Motion for the reasons stated above. Both parties will be entitled to benefits of this agreement. As respects the

30(b)(6) deposition set on July 1, 2024, extending the discovery to allow this deposition is consistent with the prior Unopposed Motion to Extend Dispositive Motion Deadline which the Court recently granted by docket entry Order on June 26, 2024.

**WHEREFORE, PREMISES CONSIDERED,** Skiplagged, with the agreement of American, respectfully prays that the Court take notice of the filing of this Agreed Motion and grant expedited consideration of this Motion and the relief requested herein; and for other relief, at law and in equity, to which it may show itself justly entitled.

Dated: June 27, 2024

        Respectfully submitted,

        */s/ William L. Kirkman*
        William L. Kirkman
        Texas Bar No. 11518700
        Preston B. Sawyer
        Texas Bar No. 24102456
        **KIRKMAN LAW FIRM, PLLC**
        201 Main Street, Suite 1160
        Fort Worth, Texas 76102
        Telephone: (817) 336-2800
        Facsimile: (817) 887-1863
        billk@kirkmanlawfirm.com
        prestons@kirkmanlawfirm.com

>/s/ Abigail R.S. Campbell
> Aaron Z. Tobin
> Texas Bar No. 24028045
> Kendal B. Reed
> Texas Bar No. 24048755
> Abigail R.S. Campbell
> Texas Bar No. 24098759
> **CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**
> 8080 Park Lane, Suite 700
> Dallas, Texas 75231
> Telephone: (214) 265-3800
> Facsimile: (214) 691-6311
> atobin@condontobin.com
> kreed@condontobin.com
> acampbell@condontobin.com
>
> ***Attorneys for Defendant, Skiplagged, Inc.***

## CERTIFICATE OF CONFERENCE

I certify that I have conferred both orally and through e-mails with Dee Kelly and Lars Berg, counsel for American Airlines, Inc., on the issues presented in this Motion. I certify that Dee Kelly and Lars Berg have indicated their agreement to the relief requested herein.

>/s/ William L. Kirkman
> William L. Kirkman

## CERTIFICATE OF SERVICE

On June 27, 2024, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I hereby certify that I have served all counsel of record electronically or by another manner authorized by FEDERAL RULE OF CIVIL PROCEDURE 5(b)(2).

>/s/ William L. Kirkman
> William L. Kirkman

5