**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **AMERICAN AIRLINES, INC.,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:23-cv-00860-P** |
| | § | |
| **SKIPLAGGED, INC.,** | § | |
| | § | |
| *Defendant*. | § | |

**DEFENDANT SKIPLAGGED, INC.'S FIRST AMENDED ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

**TO THE HONORABLE MARK T. PITTMAN, UNITED STATES DISTRICT JUDGE:**

**NOW COMES** Defendant, Skiplagged, Inc. ("Skiplagged"), in accordance with Rule 8 of the

FEDERAL RULES OF CIVIL PROCEDURE, and files this *First Amended Answer and Affirmative*

*Defenses* to *Plaintiff's First Amended Complaint* filed by American Airlines, Inc. ("Plaintiff" or

"American") on August 18, 2023 [Dkt. 8], as follows:

## I.    NATURE OF THE CASE

1.    Skiplagged lacks knowledge or information sufficient to form a belief about the truth of

the allegations in paragraph 1 of *Plaintiff's First Amended Complaint* and therefore denies those

allegations.

2.    Skiplagged admits that it is not, and never has been, an authorized agent of American.

Skiplagged further answers that it does not, and never has, represented itself as an authorized agent of

American. Skiplagged denies all remaining allegations in paragraph 2 of *Plaintiff's First Amended*

*Complaint*.

28329109v1 99460.002.00

3.      Skiplagged admits that it has never had an agency agreement with American and has never sold tickets for American flights. Skiplagged denies all remaining allegations in paragraph 3 of *Plaintiff's First Amended Complaint*.

4.      Skiplagged denies the allegations in paragraph 4 of *Plaintiff's First Amended Complaint*.

5.      Skiplagged denies the allegations in paragraph 5 of *Plaintiff's First Amended Complaint*.

6.      Skiplagged denies the allegations in paragraph 6 of *Plaintiff's First Amended Complaint*.

7.      Skiplagged denies the allegations in paragraph 7 of *Plaintiff's First Amended Complaint*.

## II.      THE PARTIES

8.      Skiplagged admits that American is a Delaware corporation. However, Skiplagged lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 8 of *Plaintiff's First Amended Complaint* and therefore denies them.

9.      Skiplagged admits that it is a Delaware corporation headquartered in New York, New York, and that The Corporation Trust Company is Skiplagged's registered agent for service of process. Skiplagged denies that it is subject to alternative service under TEX. CIV. PRAC. & REM. CODE § 17.044. and denies all remaining allegations in paragraph 9 of *Plaintiff's First Amended Complaint*.

## III.      JURISDICTION AND VENUE

10.      The allegations in paragraph 10 of *Plaintiff's First Amended Complaint* are legal conclusions regarding subject matter jurisdiction. To the extent any response is required, Skiplagged denies that this Court has subject matter jurisdiction to the extent that the claims alleged are preempted by the American Deregulation Act, denies that American has stated any proper cause of action against it, and denies the remaining allegations in paragraph 10 of *Plaintiff's First Amended Complaint*.

11.      Skiplagged denies that this Court has personal jurisdiction over Skiplagged. Paragraph 11 also refers to a purported Use Agreement, the language of which speaks for itself. Skiplagged denies

that it agreed to the terms of this purported Use Agreement and denies that the purported Use Agreement is valid and enforceable. Skiplagged further denies the remaining allegations in paragraph 11 of *Plaintiff's First Amended Complaint*.

12.     Skiplagged denies the allegations in paragraph 12     of *Plaintiff's First Amended Complaint.*

13.     Skiplagged denies the allegations in paragraph 13 of *Plaintiff's First Amended Complaint*.

14.     Skiplagged denies the allegations in paragraph 14 of *Plaintiff's First Amended Complaint*.

## IV.     FACTUAL ALLEGATIONS

### A.     American's Operations and Content.

15.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of *Plaintiff's First Amended Complaint* and therefore denies those allegations.

16.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of *Plaintiff's First Amended Complaint* and therefore denies those allegations.

17.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of *Plaintiff's First Amended Complaint* and therefore denies those allegations.

18.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of *Plaintiff's First Amended Complaint* and therefore denies those allegations.

28329109v1 99460.002.00

**B.      Contractual Terms and Conditions Relating to AA.com.**

19.      Skiplagged denies the allegations in paragraph 19 of *Plaintiff's First Amended Complaint.*

20.      Paragraph 20 refers to a purported Use Agreement, the language of which speaks for itself. Skiplagged denies that it is bound by the purported Use Agreement, denies that the purported Use Agreement is valid and enforceable, and further denies the remaining allegations in paragraph 20 of *Plaintiff's First Amended Complaint.*

21.      Paragraph 21 refers to a purported Use Agreement, the language of which speaks for itself. Skiplagged admits only that certain language of the purported Use Agreement is quoted therein. Skiplagged denies that it has agreed to such language as stated in the allegations in paragraph 21 of *Plaintiff's First Amended Complaint* and denies that the purported Use Agreement is valid and enforceable.

22.      Paragraph 22 and its sub-paragraphs refer to a purported Use Agreement, the language of which speaks for itself. Skiplagged denies the remaining allegations in paragraph 22 and its sub-paragraphs of *Plaintiff's First Amended Complaint*.

23.      Paragraph 23 refers to a purported Use Agreement and Conditions of Carriage, the language of which speak for themselves. Skiplagged denies the remaining allegations in paragraph 23 of *Plaintiff's First Amended Complaint*.

24.      Skiplagged denies the allegations in paragraph 24 of *Plaintiff's First Amended Complaint*.

**C.      American's Valuable Trademarks and Copyrights.**

25.      Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of *Plaintiff's First Amended Complaint* and therefore denies those allegations.

28329109v1 99460.002.00

26.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of *Plaintiff's First Amended Complaint* and therefore denies those allegations.

27.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of *Plaintiff's First Amended Complaint* and therefore denies those allegations.

28.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of *Plaintiff's First Amended Complaint* and therefore denies those allegations.

29.     Skiplagged denies the allegations in paragraph 29 of *Plaintiff's First Amended Complaint.*

30.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of *Plaintiff's First Amended Complaint* and therefore denies those allegations.

31.     Skiplagged denies the allegations of paragraph 31 of *Plaintiff's First Amended Complaint.*

32.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of *Plaintiff's First Amended Complaint* and therefore denies those allegations.

33.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of *Plaintiff's First Amended Complaint* and therefore denies those allegations.

34.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of *Plaintiff's First Amended Complaint* and therefore denies those

28329109v1 99460.002.00

allegations.

**D.      Skiplagged's Unauthorized and Abusive Practices, Breaches of Contract, and Other Wrongful and Misleading Conduct.**

35.     Skiplagged admits only that it is not, and has never been, an agent of American. Skiplagged denies the remaining allegations in paragraph 35 of *Plaintiff's First Amended Complaint.*

*a.  Skiplagged is not an Agent of American.*

36.     Skiplagged admits it does not, and never has, represented itself as an agent for American and denies all remaining allegations in paragraph 36 of *Plaintiff's First Amended Complaint.*

37.     Skiplagged denies the allegations in paragraph 37 of *Plaintiff's First Amended Complaint.*

38.     Skiplagged denies the allegations in paragraph 38 of *Plaintiff's First Amended Complaint.*

39.     Skiplagged denies the allegations in paragraph 39 of *Plaintiff's First Amended Complaint.*

40.     The allegations in paragraph 40 of *Plaintiff's First Amended Complaint* incorrectly replicate Skiplagged.com and Skiplagged refers to Skiplagged.com, which speaks for itself. Skiplagged denies the remaining allegations in paragraph 40 of *Plaintiff's First Amended Complaint*.

41.     The allegations in paragraph 41 of *Plaintiff's First Amended Complaint* refer to an incorrect replication of Skiplagged.com and Skiplagged refers to Skiplagged.com, which speaks for itself. Skiplagged denies the remaining allegations in paragraph 41 of *Plaintiff's First Amended Complaint*.

42.     Skiplagged admits that Skiplagged.com facilitates users' booking of tickets on AA.com and provides certain email communications to such users. Skiplagged denies all remaining allegations in paragraph 42 of *Plaintiff's First Amended Complaint.*

28329109v1 99460.002.00

43.     Skiplagged denies the allegations in paragraph 43 of *Plaintiff's First Amended Complaint*.

**b.  *Skiplagged's Breaches of the AA.com Use Agreement and Conditions of Carriage.***

44.     Skiplagged denies the allegations in paragraph 44 of *Plaintiff's First Amended Complaint*.

45.     Skiplagged denies the allegations in paragraph 45 of *Plaintiff's First Amended Complaint*.

**i.  *Skiplagged's Business of Selling and Featuring American's Content Breaches the Use Agreement (Nos. 1-5 Above).***

46.     Skiplagged denies the allegations in paragraph 46 of *Plaintiff's First Amended Complaint*.

47.     Skiplagged admits that it publishes certain publicly available information about American routes and fares on Skiplagged.com, which website emails certain information to users of Skiplagged.com who purchase American tickets on AA.com. Skiplagged denies all remaining allegations in paragraph 47 of *Plaintiff's First Amended Complaint*.

48.     Skiplagged admits that it publishes certain publicly available information about American routes and fares on Skiplagged.com from sources other than AA.com and denies all remaining allegations in paragraph 48 of *Plaintiff's First Amended Complaint*.

49.     Skiplagged denies the allegations in paragraph 49 of *Plaintiff's First Amended Complaint*.

**ii.  *Skiplagged's Claims of Saving its Customers Money is Fraudulent – and a Breach of the Use Agreement (No. 6 above).***

50.     Skiplagged denies the allegations in paragraph 50 of *Plaintiff's First Amended Complaint*.

28329109v1 99460.002.00

51.     Skiplagged admits that in certain circumstances it charges users of Skiplagged.com a service fee for its services and denies all remaining allegations in paragraph 51 of *Plaintiff's First Amended Complaint.*

52.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of *Plaintiff's First Amended Complaint* and therefore denies those allegations.

53.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the use case allegations in paragraph 53 of *Plaintiff's First Amended Complaint* and therefore denies those allegations.

54.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the use case allegations in paragraph 54 of *Plaintiff's First Amended Complaint* and therefore denies those allegations.

55.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the use case allegations in paragraph 55 of *Plaintiff's First Amended Complaint* and therefore denies those allegations. Skiplagged also denies the allegations in Footnote 2 of this paragraph.

56.     Skiplagged denies the allegations in paragraph 56 of *Plaintiff's First Amended Complaint.*

57.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the use case allegations in paragraph 57 of *Plaintiff's First Amended Complaint* and therefore denies those allegations. Skiplagged further denies the allegations contained in Footnote 4 and the final sentence of paragraph 57.

58.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the use case allegations in paragraph 58 of *Plaintiff's First Amended Complaint* and therefore denies those allegations.

28329109v1 99460.002.00

59.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the use case allegations in paragraph 59 of *Plaintiff's First Amended Complaint* and therefore denies those allegations.

60.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the use case allegations in paragraph 60 of *Plaintiff's First Amended Complaint* and therefore denies those allegations.

61.     The allegations in paragraph 61 of *Plaintiff's First Amended Complaint* refer to a replication of Kiwi.com and Skiplagged refers to Kiwi.com, which speaks for itself. Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the use case allegations in paragraph 61 of *Plaintiff's First Amended Complaint* and therefore denies those allegations.

62.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the use case allegations in the first sentence of paragraph 62 of *Plaintiff's First Amended Complaint* and therefore denies those allegations. Skiplagged denies all remaining allegations in paragraph 62 of *Plaintiff's First Amended Complaint*.

63.     Skiplagged admits that Skiplagged.com refers to "hidden city" fares and "Skiplagged Rates." Skiplagged further answers that Skiplagged.com speaks for itself. Skiplagged denies all remaining allegations in paragraph 63 of *Plaintiff's First Amended Complaint.*

64.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the use case allegations in paragraph 64 of *Plaintiff's First Amended Complaint* and therefore denies those allegations.

65.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the use case allegations in paragraph 65 of *Plaintiff's First Amended Complaint* and therefore denies those allegations.

28329109v1 99460.002.00

66.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the use case allegations in paragraph 66 of *Plaintiff's First Amended Complaint* and therefore denies those allegations.

67.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the use case allegations in the first sentence of paragraph 67 of *Plaintiff's First Amended Complaint* and therefore denies those allegations. Skiplagged denies all remaining allegations in paragraph 67.

> ### iii.   Additional Breaches of the Use Agreement.

68.     Paragraph 68 refers to a purported Use Agreement, the language of which speaks for itself. Skiplagged denies the remaining allegations in paragraph 68 of *Plaintiff's First Amended Complaint.*

69.     Skiplagged denies the allegations in paragraph 69 of *Plaintiff's First Amended Complaint.*

> ### c.   Skiplagged Boldly Asks its Customers to Agree to Breach American's Use Agreement and Conditions of Carriage.

70.     The allegations in paragraph 70 refer to a comment on the website www.reddit.com, which speaks for itself. Skiplagged denies the remaining allegations in paragraph 70 of *Plaintiff's First Amended Complaint.*

71.     The allegations in paragraph 71 refer to Skiplagged.com, which speaks for itself. Skiplagged denies the remaining allegations in paragraph 71 of *Plaintiff's First Amended Complaint.*

72.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the practice of American and "many other airlines" and therefore denies that allegation. The allegations of Paragraph 72 refer to Skiplagged.com, which speaks for itself. Skiplagged denies the remaining allegations in paragraph 72 of *Plaintiff's First Amended Complaint*, including those in Footnote 6.

73.     Skiplagged denies the allegations in paragraph 73 of *Plaintiff's First Amended Complaint.*

28329109v1 99460.002.00

**d.** *Skiplagged's Consumer Fraud and Deceptive Tactics Violate Federal and Department of Transportation Regulations.*

74.     Skiplagged denies the allegations in paragraph 74 of *Plaintiff's First Amended Complaint.*

75.     The allegations in Paragraph 75 refer to 49 U.S.C. § 41712 and 14 CFR 399.84, which speak for themselves. Skiplagged denies the remaining allegations in paragraph 75 of *Plaintiff's First Amended Complaint.*

76.     Skiplagged denies the allegations in paragraph 76 of *Plaintiff's First Amended Complaint.* Skiplagged also respectfully refers the Court to the legislative history of 49 U.S.C. § 41712 and regulatory history of 14 CFR 399.84 for full and complete statements of their terms, which speak for themselves.

77.     The allegations in Paragraph 77 refer to 14 CFR 399.80, which speaks for itself. Skiplagged denies the remaining allegations in paragraph 77 of *Plaintiff's First Amended Complaint.*

78.     Skiplagged denies the allegations in paragraph 78 of *Plaintiff's First Amended Complaint.*

79.     Skiplagged denies the allegations in paragraph 79 of *Plaintiff's First Amended Complaint.*

**e.** *Skiplagged Infringes American's Marks and the American Copyright.*

80.     Skiplagged denies the allegations in paragraph 80 of *Plaintiff's First Amended Complaint.*

81.     Skiplagged denies the allegations in paragraph 81 of *Plaintiff's First Amended Complaint.*

82.     Skiplagged denies the allegations in paragraph 82 of *Plaintiff's First Amended Complaint.*

28329109v1 99460.002.00

83.     Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 of *Plaintiff's First Amended Complaint* regarding American's internal conduct and therefore denies those allegations. Skiplagged denies all remaining allegations in paragraph 83 of *Plaintiff's First Amended Complaint*.

84.     The allegations in paragraph 84 refer to the *Southwest Airlines Co. v. Kiwi.com, Inc.* case, which decisions speak for themselves. Skiplagged denies the remaining allegations in paragraph 84 of *Plaintiff's First Amended Complaint*.

### V.     CAUSES OF ACTION

### COUNT I
### Breach of AA.com Use Agreement and Conditions of Carriage

85.     Skiplagged incorporates by reference all its responses to the allegations in the preceding paragraphs as if fully set forth herein.

86.     Skiplagged denies the allegations in paragraph 86.

87.     The allegations in paragraph 87 refer to AA.com and Skiplagged.com, which speak for themselves. Skiplagged denies the remaining allegations in paragraph 87 of *Plaintiff's First Amended Complaint*.

88.     The allegations in paragraph 88 refer to a purported Use Agreement, the language of which speaks for itself. Skiplagged denies the remaining allegations in paragraph 88 of *Plaintiff's First Amended Complaint*.

89.     Skiplagged denies the allegations in paragraph 89 of *Plaintiff's First Amended Complaint*. The purported Use Agreement is an unenforceable browsewrap adhesion contract inconspicuously buried via a myriad of hyperlinks on American's website. Skiplagged never assented or agreed to be bound by the terms of the purported Use Agreement or Conditions of Carriage, which Skiplagged maintains are unenforceable and/or ineffective as to Skiplagged. To the extent necessary,

Skiplagged incorporates by reference its Affirmative Defenses Nos. Six—Ten, which are set forth herein.

90.     Paragraph 90 refers to a purported Use Agreement, the language of which speaks for itself. Skiplagged denies the remaining allegations in paragraph 90 of *Plaintiff's First Amended Complaint*.

91.     Paragraph 91 refers to a purported Use Agreement, the language of which speaks for itself. Skiplagged denies the remaining allegations in paragraph 91 of *Plaintiff's First Amended Complaint*.

92.     Paragraph 92 refers to a purported Use Agreement, the language of which speaks for itself. Skiplagged denies the remaining allegations in paragraph 92 of *Plaintiff's First Amended Complaint*.

93.     Paragraph 93 refers to a purported Use Agreement, the language of which speaks for itself. Skiplagged denies the remaining allegations in paragraph 93 of *Plaintiff's First Amended Complaint*.

94.     Paragraph 94 refers to a purported Use Agreement, the language of which speaks for itself. Skiplagged denies the remaining allegations in paragraph 94 of *Plaintiff's First Amended Complaint*.

95.     Paragraph 95 refers to a purported Use Agreement, the language of which speaks for itself. Skiplagged denies the remaining allegations in paragraph 95 of *Plaintiff's First Amended Complaint*.

96.     Skiplagged denies the allegations in paragraph 96 of *Plaintiff's First Amended Complaint*.

97.     Paragraph 97 references a purported Use Agreement and Conditions of Carriage, the language of which speak for themselves. Skiplagged denies the remaining allegations in paragraph 97

28329109v1 99460.002.00

of *Plaintiff's First Amended Complaint* and further denies that American is entitled to any relief.

98.     Skiplagged denies the allegations in paragraph 98 of *Plaintiff's First Amended Complaint* and further denies that American is entitled to an injunction.

**COUNT II**
**Tortious Interference with American's Conditions of Carriage Contract**

99.     Skiplagged incorporates by reference all its responses to the allegations in the preceding paragraphs as if fully set forth herein.

100.    Paragraph 100 refers to an alleged Conditions of Carriage, the language of which speaks for itself. Skiplagged denies the remaining allegations in paragraph 100 of *Plaintiff's First Amended Complaint*.

101.    Paragraph 101 refers to an alleged Conditions of Carriage, the language of which speaks for itself. Skiplagged denies the remaining allegations in paragraph 101 of *Plaintiff's First Amended Complaint*.

102.    Skiplagged denies the allegations in paragraph 102 of *Plaintiff's First Amended Complaint*.

103.    Skiplagged denies the allegations in paragraph 103 of *Plaintiff's First Amended Complaint.*

104.    Paragraph 104 refers to a comment on the website www.reddit.com, which speaks for itself. Skiplagged denies the remaining allegations in paragraph 104 of *Plaintiff's First Amended Complaint*.

105.    Skiplagged denies the allegations in paragraph 105 of *Plaintiff's First Amended Complaint.*

28329109v1 99460.002.00

## COUNT III
### Trademark Infringement under 15 U.S.C. § 1114

106.    Skiplagged incorporates by reference all its responses to the allegations in the preceding paragraphs as if fully set forth herein.

107.    Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of *Plaintiff's First Amended Complaint* and therefore denies those allegations.

108.    Skiplagged denies the allegations in paragraph 108 of *Plaintiff's First Amended Complaint.*

109.    Skiplagged denies the allegations in paragraph 109 of *Plaintiff's First Amended Complaint.*

110.    Skiplagged denies the allegations in paragraph 110 of *Plaintiff's First Amended Complaint.*

111.    Skiplagged denies the allegations in paragraph 111 of *Plaintiff's First Amended Complaint.*

112.    Skiplagged denies the allegations in paragraph 112 of *Plaintiff's First Amended Complaint* and further denies that American is entitled to any relief.

113.    Skiplagged denies the allegations in paragraph 113 of *Plaintiff's First Amended Complaint.*

114.    Skiplagged denies the allegations in paragraph 114 of *Plaintiff's First Amended Complaint* and further denies that American is entitled to an injunction.

## COUNT IV
### False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125(a)

115.    Skiplagged incorporates by reference all its responses to the allegations in the preceding paragraphs as if fully set forth herein.

28329109v1 99460.002.00

116.    Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 116 of *Plaintiff's First Amended Complaint* and therefore denies those allegations.

117.    Skiplagged denies the allegations in paragraph 117 of *Plaintiff's First Amended Complaint*.

118.    Skiplagged denies the allegations in paragraph 118 of *Plaintiff's First Amended Complaint*.

119.    Skiplagged denies the allegations in paragraph 119 of *Plaintiff's First Amended Complaint*.

120.    Skiplagged denies the allegations in paragraph 120 of *Plaintiff's First Amended Complaint*.

121.    Skiplagged denies the allegations in paragraph 121 of *Plaintiff's First Amended Complaint*, and further denies that American is entitled to an injunction.

122.    Skiplagged denies the allegations in paragraph 122 of *Plaintiff's First Amended Complaint* and further denies that American is entitled to any relief.

**COUNT V**
**Copyright Infringement under 17 U.S.C. § 101**

123.    Skiplagged incorporates by reference all its responses to the allegations in the preceding paragraphs as if fully set forth herein.

124.    Skiplagged lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 of *Plaintiff's First Amended Complaint* and therefore denies those allegations.

125.     Skiplagged admits that the American Flight Symbol is widely published on the Internet and denies all remaining allegations in paragraph 125 of *Plaintiff's First Amended Complaint*.

28329109v1 99460.002.00

126.     Skiplagged denies the allegations in paragraph 126 of *Plaintiff's First Amended Complaint.*

127.     Skiplagged denies the allegations in paragraph 127 of *Plaintiff's First Amended Complaint* and further denies that American is entitled to an injunction.

128.     Skiplagged denies the allegations in paragraph 128 of *Plaintiff's First Amended Complaint* and further denies that American is entitled to any relief.

## VI.     ATTORNEYS FEES

129.     Skiplagged incorporates by reference all its responses to the allegations in the  preceding paragraphs as if fully set forth herein.

130.     Skiplagged admits that American retained legal services in connection with this case and denies all remaining allegations in paragraph 130 of *Plaintiff's First Amended Complaint*.

## VII.     CONDITIONS PRECEDENT

131.     Skiplagged denies the allegations in paragraph 131 of *Plaintiff's First Amended Complaint*. The purported Use Agreement is an unenforceable browsewrap adhesion contract inconspicuously buried via a myriad of hyperlinks on American's website. Skiplagged never assented or agreed to be bound by the terms of the purported Use Agreement or Conditions of Carriage, which Skiplagged maintains are unenforceable and/or ineffective as to Skiplagged. To the extent necessary, Skiplagged incorporates by reference its Affirmative Defenses Nos. Six—Ten, which are set forth herein.

## VIII.   APPLICATION FOR INJUNCTIVE RELIEF

132.     Skiplagged denies the allegations in paragraph 132 of *Plaintiff's First Amended Complaint*. American's multi-year delay in bringing suit as well as waiting over four months four months to seek injunctive relief demonstrate the lack of any irreparable harm suffered by American and therefore precludes injunctive relief.

28329109v1 99460.002.00

133.    Paragraph 133 of *Plaintiff's First Amended Complaint* is a statement of the injunctive relief sought in this case. To the extent a response is required, Skiplagged denies the allegations in paragraph 133 of *Plaintiff's First Amended Complaint* and that American is entitled to such relief.

134.    Paragraph 134 of *Plaintiff's First Amended Complaint* is a statement of the injunctive relief sought in this case. To the extent a response is required, Skiplagged denies the allegations in paragraph 134 of Plaintiff's *First Amended Complaint* and that American is entitled to such relief.

## PRAYER FOR RELIEF

Skiplagged denies the allegations in American's Prayer for Relief, including subparagraphs (a) through (i), and further denies that American is entitled to any relief.

## AFFIRMATIVE DEFENSES

Skiplagged alleges and asserts the following defenses in response to the allegations of *Plaintiff's First Amended Complaint*. Skiplagged reserves the right to amend this *Answer*, including asserting additional defenses once discovery progresses or as allowed by the Court.

### FIRST AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

135.    American's claims are barred, in whole or in part, to the extent that the Court lacks personal jurisdiction over Skiplagged.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

136.    American's claims are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Equitable Estoppel, Quasi-Estoppel, Consent, Waiver, Ratification, and/or Acquiescence)

137.    American's claims are barred, in whole or in part, by the doctrines of equitable estoppel, quasi-estoppel, consent, waiver, ratification, and/or acquiescence. American was aware of and accepted

or acquiesced to Skiplagged's redirection of customers to AA.com and other American ticketing outlets for the purchase of tickets on American flights for many years without objection. American has also accepted the benefits associated with the purchase of tickets on American flights.

## FOURTH AFFIRMATIVE DEFENSE
### (Laches as to all claims except Copyright)

138.    American's claims are barred, in whole or in part, by the doctrine of laches. American has unreasonably delayed in asserting its alleged rights, and Skiplagged has made a good faith change of position to its detriment due to American's delay. Specifically, Skiplagged's predecessor in interest began publishing American routes and fares in 2013, but American did not file this lawsuit until 2023.

## FIFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

139.    On information and belief, American's claims are barred, or its claims for recovery are limited, in whole or in part, by the doctrine of unclean hands. Among other things, American uses its control over gates and authorized agents to impose predatory pricing on consumers.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure of Consideration)

140.    American's breach of contract claims are barred, in whole or in part, for failure of consideration as Skiplagged received nothing from American in connection with the purported Use Agreement or Conditions of Carriage and they are not enforceable against Skiplagged.

## SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Privity)

141.    American's breach of contract claims are barred, in whole or in part, for lack of privity as Skiplagged never agreed to the purported Use Agreement or Conditions of Carriage. Moreover, Skiplagged is not a party to the alleged Conditions of Carriage, as such reflects it is a purported agreement between American and the passenger(s).

28329109v1 99460.002.00

**EIGHTH AFFIRMATIVE DEFENSE**
**(No Mutual Assent)**

142.    American's breach of contract claims are barred, in whole or in part, by no mutual assent as Skiplagged and American never assented to the purported Use Agreement or Conditions of Carriage.

**NINTH AFFIRMATIVE DEFENSE**
**(Contract Void as Against Public Policy)**

143.    American's breach of contract claims are barred, in whole or in part, to the extent that the alleged contracts are void as against public policy. Among other things, American uses its control over gates and authorized agents to impose predatory pricing on consumers. American's claims pertaining to the terms of the purported Use Agreement and Conditions of Carriage seek to inappropriately further its monopolistic and predatory pricing practices.

**TENTH AFFIRMATIVE DEFENSE**
**(Illegality of Contract)**

144.    American's breach of contract claims are barred, in whole or in part, because performance of the contract is illegal and in violation of the Sherman Act in that, among other things, American uses its control over gates and authorized agents to impose predatory pricing on consumers.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Trademark Fair Use)**

145.    American's trademark infringement, false designation of origin, and unfair competition claims are barred, or its claims for recovery are limited, in whole or in part, by the doctrine of fair use, including but not limited to nominative fair use.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Copyright Fair Use)**

146.    American's copyright infringement claim is barred or limited by 17 U.S.C. § 107.

28329109v1 99460.002.00

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Copyright Statute of Limitations)

147.     American's copyright infringement claim is barred or limited by 17 U.S.C. § 507(b).

### FOURTEENTH AFFIRMATIVE DEFENSE
#### (Failure to Mitigate Damages)

148.     American failed to mitigate, or reasonably attempt to mitigate, its alleged damages, if any. Accordingly, American's recovery of damages, if any, is barred or must be reduced to the extent American has failed to mitigate, minimize, or avoid its claimed damages as required by law.

### FIFTEENTH AFFIRMATIVE DEFENSE
#### (No Compensable Damages)

149.     American has suffered no compensable damages as a result of Skiplagged's alleged conduct, which Skiplagged continues to deny.

### SIXTEENTH AFFIRMATIVE DEFENSE
#### (Third Party Actions)

150.     Some or all of the damages, if any, of which American complains are the result of the fault and/or actions of third parties over whom Skiplagged had no control, and/or were the result of intervening causes. Specifically, Skiplagged has no control over customers or third parties who make their own travel decisions and are free to compare flight prices.

### SEVENTEENTH AFFIRMATIVE DEFENSE
#### (Disclaimed Liability)

151.     Some or all of Skiplagged's actions of which American complains and bases liability on are specifically disclaimed by Skiplagged's Terms and Conditions.

### EIGHTEENTH AFFIRMATIVE DEFENSE
#### (Preemption)

152.     Some or all of American's claims are preempted by the Aviation Deregulation Act.

28329109v1 99460.002.00

## NINETEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

153.    American's breach of contract claims regarding the alleged Conditions of Carriage are barred, in whole or in part, by lack of standing. Skiplagged is not a party to the alleged Conditions of Carriage, as such reflects it is a purported agreement between American and the passenger(s).

## TWENTIETH AFFIRMATIVE DEFENSE
### (License)

154.    American's claims of Trademark Infringement, and False Designation of Origin and Unfair Competition, and Copyright Infringement  (Counts III, IV, and V) are barred in whole or in part, because Defendant acted, if at all, under a valid license and/or was otherwise authorized to act as complained of by Plaintiff. Specifically, American contracted with at least one third party, Skyscanner Limited ("Skyscanner") to, *inter alia*, "authorize and appoint Travel Intermediary to display and service Fare Content and Optional Services. . ." Skyscanner, in turn, contracted with Skiplagged to "use the Service to display travel and route data including flight, hotel and car-hire data and other information provided by Skyscanner on the Customer Site in the same manner, form, format and appearance as is provided by the Service."

## DEMAND FOR JURY TRIAL

155.    Pursuant to FEDERAL RULE OF CIVIL PROCEDURE 38(b), Skiplagged. hereby demands a trial by jury of all issues so triable in this action.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Skiplagged, respectfully prays that Plaintiff American Airlines, Inc. take nothing on its claims; that such claims be dismissed with prejudice; and for such other relief, at law and in equity, to which Skiplagged may show itself justly entitled, including attorneys' fees and costs for prevailing against *Plaintiff's First Amended Complaint*.

Respectfully submitted,

/s/*William L. Kirkman*

28329109v1 99460.002.00

William L. Kirkman
State Bar No. 11518700
billk@kirkmanlawfirm.com
Preston B. Sawyer
State Bar No. 24102465
prestons@kirkmanlawfirm.com
**KIRKMAN LAW FIRM, PLLC**
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone: (817) 336-2800
Facsimile: (817) 877-1863

Aaron Z. Tobin
State Bar No. 24028045
atobin@condontobin.com
Kendal B. Reed
State Bar No. 24048755
kreed@condontobin.com Abigail
R.S. Campbell
State Bar No. 24098959
acampbell@condontobin.com

**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone:(214) 265-3800
Facsimile:(214) 691-6311

Darin M. Klemchuk
Texas Bar No. 24002418
**KLEMCHUK PLLC**
8150 North Central Expressway, 10th Floor
Dallas, Texas 75206
Telephone: (214) 367-6000
Facsimile: (214) 367-6001
Darin.klemchuk@klemchuk.com

*Attorneys for Defendant, Skiplagged, Inc.*

28329109v1 99460.002.00

## **CERTIFICATE OF SERVICE**

On June 26, 2024, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ William L. Kirkman*
William L. Kirkman

28329109v1 99460.002.00