IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF AMERICAN AIRLINES, INC.'S MOTION TO ENFORCE
THE COURT'S MAY 1, 2024 ORDER AND BRIEF IN SUPPORT**

## **TABLE OF CONTENTS**

Page

TABLE OF CONTENTS ....................................................................................................... ii

TABLE OF AUTHORITIES ................................................................................................. iii

I.    INTRODUCTION ...................................................................................................... 1

II.    LEGAL STANDARD ................................................................................................. 2

III.    ARGUMENTS AND AUTHORITIES ...................................................................... 3

        A.  The Chronology ................................................................................................ 4

        B.  The Court's Recent Order On Discovery ........................................................ 7

        C.  American's Damages Report ........................................................................... 8

IV.    CONCLUSION .......................................................................................................... 8

## **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Chamber of Com. of United States v. Consumer Fin. Prot. Bureau*,
   No. 4:24-CV-00213-P, 2024 WL 2310515 (N.D. Tex. May 10, 2024) ...................................... 7

*Dondi Properties Corp. v. Com Sav. & Loan Ass'n*,
   121 F.R.D. 284 (N.D. 1988) ............................................................................................. 2, 7

*Leonard v. Martin*,
   38 F.4th 481 (5th Cir. 2022) ................................................................................................ 2

*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*,
   894 F.2d 1482 (5th Cir. 1990) ............................................................................................. 2

*Merrill v. Waffle House, Inc.*,
   227 F.R.D. 467 (N.D. Tex. 2005) ......................................................................................... 2

*Positive Software Solutions, Inc. v. New Century Mortg. Corp.*,
   619 F.3d 458 (5th Cir. 2010) ............................................................................................... 3

*Samsung Elecs. Am. Inc. v. Yan Kun "Michael" Chung*,
   325 F.R.D. 578 (N.D. Tex. 2017) ......................................................................................... 2

*X Corp. v. Media Matters for Am.*,
   No. 4:23-CV-01175-O, 2024 WL 1895255 (N.D. Tex. Apr. 26, 2024) .................................... 7

**Federal Rules**

Fed. R. Civ. P. 26(b)(1) .................................................................................................................. 2

Fed. R. Civ. P. 26(e)(2) .................................................................................................................. 8

Fed. R. Civ. P. 37(b)(2) .................................................................................................................. 3

I.  **INTRODUCTION**

Plaintiff American Airlines, Inc. ("American") is mindful of the Court's admonitions about the many discovery disputes in this case, and has worked with opposing counsel for months on this one issue, but Skiplagged's failure to produce the database information ordered by Judge Ray on May 1, 2024 in a "reasonably useable form" such that American can "perform the necessary analysis and calculations" necessitated this filing. [*See* Dkt. No. 118 at 7–8]. On June 26, 2024, American was told by Aaron Z. Tobin, counsel for Defendant Skiplagged, Inc. ("Skiplagged"), that Skiplagged "believe[s] that [American's request] is untimely and outside Judge Ray's [May 1, 2024] Order." [App'x 005]. Given that June 30, 2024 is the discovery deadline in this case,[1] American must seek relief from the Court.[2]

American is convinced at this point that Skiplagged's decision to provide its database information in an unusable form was purposeful and designed with the intent to deprive American of the information needed to fully prosecute its case. While Skiplagged has run out the clock under the Court's Scheduling Order, the Court can still remedy this situation.

The importance of the database information American seeks cannot be understated. It is the source data needed to directly calculate the fees Skiplagged has generated from its improper use of American's trademarks and copyrights. Skiplagged has provided pieces of this information

---

[1] Earlier today, the Court granted Skiplagged's Agreed Motion to Extend the Discovery Cut-Off Date to Allow the Taking of Specific Depositions on Specific Dates By July 12, 2024 and Request for Expedited Consideration [Dkt. No. 141], allowing the parties to conduct six depositions after the June 30, 2024 completion of discovery deadline. [*See* Dkt. No. 143].

[2] Mr. Tobin reached out to counsel for American this morning stating that Skiplagged had revisited this issue internally and is willing to propose a new solution (without prejudice to its stated position). While American has followed up with Mr. Tobin and is working with him on this matter, he continues to tell counsel that the solution American seeks is too expensive and time consuming. American disagrees but will continue these discussions. American will promptly advise the Court of any further developments regarding this Motion.

in cumulative form in a couple of interrogatory responses, but American has no way of validating Skiplagged's numbers without the actual source data that Judge Ray ordered produced.

A chronology of what has transpired will show that American has done everything possible to remedy this dispute before coming to the Court for assistance. With the discovery deadline about to pass, and other deadlines on the horizon, Skiplagged has forced American's hand.

## II. LEGAL STANDARD

Rule 26(b)(1) of the Federal Rules of Civil Procedure broadly allows discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Under Rule 26(b)(1), "information is relevant if it 'bears on, or that reasonably could lead to other matters that could bear on, any issue related to the claim or defense of any party.'" *Leonard v. Martin*, 38 F.4th 481, 489 (5th Cir. 2022) (citation omitted). In the discovery context, "[r]elevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Tex. 2005).

Upon a motion to compel production under Rule 37, "[t]he party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable." *Samsung Elecs. Am. Inc. v. Yan Kun "Michael" Chung*, 325 F.R.D. 578, 590 (N.D. Tex. 2017); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). If the resisting party fails to carry that burden, the Court may order the resisting party to produce the requested documents or information. *See McLeod*, 894 F.2d at 1485; *but see Dondi Properties Corp. v. Com Sav. & Loan Ass'n*, 121 F.R.D. 284, 289 (N.D. 1988) (emphasizing that "in general the rules dealing with discovery in federal cases are to be self-executing" rather than require Court intervention).

"If a party or a party's officer, director, or managing agent . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders," including the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A). "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id*. at 37(b)(2)(C). Additionally, "[a] district court has the inherent authority to impose sanctions in order to control the litigation before it." *Positive Software Solutions, Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460 (5th Cir. 2010) (cleaned up).

### III.     ARGUMENTS AND AUTHORITIES

American has sought the database information from Skiplagged since its very first set of discovery requests, which were issued over eight and a half months ago. Further, this Court has twice ordered Skiplagged to produce the database information, which is the source information reflecting bookings of American flights through Skiplagged's website.

3

A.   **The Chronology**

- **October 12, 2023**—American served it First Set of Requests for Production ("RFPs") and First Set of Interrogatories ("Interrogatories"). Skiplagged withheld its entire document production based on its objections to all 56 of American's RFPs.

- **December 19, 2023**—after a discovery hearing was held with Magistrate Judge Hal R. Ray, Jr. on December 19, 2023 ("First Motion to Compel Order"), an Order was entered overruling a majority of Skiplagged's objections, including the RFPs at issue related to database information (RFP Nos. 4 and 5). [*See* Dkt. No. 53 at 2–4]. Judge Ray ordered "Skiplagged **SHALL PROVIDE** all responsive documents in its possession and control pertinent to [RFP Nos. 4 and 5] except with regards to Skiplagged's customer's social security numbers or credit card numbers." [Dkt. No. 53 at 3].

- **April 11, 2024**—after waiting months for Skiplagged to produce the database information, and after numerous in-person, telephonic conferences, and email exchanges[3] on the

---

[3] By way of example, here is one exchange between Mr. Berg and Mr. Kirkman on March 8, 2024. If the Court is interested, American can provide many more. The absence of Skiplagged's database information has been a persistent theme throughout this case.

> Bill:
>
> American requested documents, data, and information that have not been provided by Skiplagged:
>
> **1. Skiplagged's records related to PNRs and data in the database.** In his deposition on November 30, 2023, Daniel Gellert testified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Skiplagged can extract the requested information from its database. Nevertheless, Skiplagged did not produce the full contents of this database related to American The full contents of the database related to American are responsive to RFP Nos. 4, 6, 40, 42, and 57–58, as well as Interrogatory No. 8.
>
> . . .

[App'x 009].

4

subject, American filed its Second Motion to Compel, again seeking Skiplagged's compliance with its discovery obligations.

- **May 1, 2024**—Judge Ray granted American's Second Motion to Compel ("Second Motion to Compel Order"). [Dkt. No. 118]. In his Order, Judge Ray ordered Skiplagged to produce the responsive information in its database, except with regards to Skiplagged's customers' social security numbers or credit card numbers. [*Id.* at 3–9]. The Second Motion to Compel Order states:

> Accordingly, the Court finds that, to the extent that Interrogatory No. 8 and RFP Nos. 4 and 5 do not call for data analysis, they do not require Skiplagged to create new documents. However, Skiplagged still must take the necessary steps to translate the information in its database responsive to Interrogatory No. 8 and RFP Nos. 4-5 (including, if necessary, by writing code) into a reasonably usable form. Skiplagged must produce its data, raw and unorganized though it may be, translated ***such that AA can reasonably use that data to perform the necessary analysis and calculations*** to ascertain the information responsive to Interrogatory No. 8 and RFP Nos. 4-5.

[*Id.* at 7–8 (emphasis added)].

- **May 31, 2024**—a month after being ordered to supply the database information to American in a reasonably "usable" form, Skiplagged provided a link to a Google Drive in response to Judge Ray's Order with Bates label SKP00111228. [App'x 012]. American soon learned that Skiplagged converted the raw PNR into 1,376,859 individual grainy, pixelated PDFs that were neither "usable" nor capable of being used to "perform the necessary analysis and calculations" as ordered by Judge Ray. In essence, Skiplagged had manipulated the data to make it virtually useless to American. **American's damages expert, David Fuller, confirms in his attached Declaration that he has reviewed Skiplagged's May 31, 2024 production and confirmed that the data as produced is unreliable and unusable.** [*See* App'x 025–30, App'x 027–29 at ¶¶ 8–17].

As described in his Declaration, Mr. Fuller performed an Optical Character Recognition ("OCR") on a sampling of these PDFs, but the grainy, pixelated nature of the PDFs rendered an inaccurate translation back to accurate text. [*See id.* at 027–28 ¶¶ 8–12]. What makes this worse is

5

the fact the neither party should be dealing with OCR at all; the database information American has requested for months exists in Skiplagged's systems in electronic, text format—a form that is standard in federal courts in Texas and beyond.

- **June 12, 2024**—during the deposition of Skiplagged's Rule 30(b)(6) witness, Aktarer Zaman, Skiplagged's corporate representative and CEO, testified ▮▮▮▮▮



If he'd stopped at that point and provided the information to American, this issue would be resolved. But instead, Mr. Zaman ▮▮▮▮▮ due to the low image quality, it is impossible to recover accurate data from the images. Skiplagged took computer-readable data and made it unreadable. Mr. Zaman's whole career is built on his knowledge of technology and his ability to write software code. To suggest he didn't know the adverse impact on the data this process would cause is not credible.

---

4 

[App'x 017–18 (Skiplagged's 30(b)(6) Depo., 317:13–318:3)].

- **May 31, 2024–June 26, 2024**—Less than one business day after receiving the Google drive of data from Skiplagged, American emailed counsel and reiterated its request that Skiplagged produce the "raw relational data". [App'x 022]. In numerous conferences with Skiplagged since that date, American has implored Skiplagged to do the right thing and produce the raw data, frequently getting on calls to make it expressly clear that it wanted nothing more than what Mr. Zaman and his lawyers said was available. Nothing has worked, and as Mr. Tobin's letter suggests, Skiplagged appears to have never intended to give the usable database information to American.

To be clear, American did not "recently" request data in a tab-delimited format, as Mr. Tobin suggested in his June 26, 2024 email. American only suggested that format because Mr. Zaman testified ███████████████████████████████████████ ███. Moreover, there are many standard electronic formats Skiplagged could have used to produce the data in usable form—all acceptable to American—if that had been its real goal.

**B.  The Court's Recent Order On Discovery**

American received the Court's warning about its serious concerns over the many discovery disputes in this case, and it takes that warning very seriously, but American now believes Skiplagged is using the Court's comments as a shield to avoid providing the requested database information. American assures the Court that it has only taken the step of filing this motion with a full appreciation of its obligations under *Dondi* and the Texas Lawyer's Creed, as well as the two cases the Court directed the parties to read. *See Dondi*, 121 F.R.D. at 287–89; *Chamber of Com. of United States v. Consumer Fin. Prot. Bureau*, No. 4:24-CV-00213-P, 2024 WL 2310515 (N.D. Tex. May 10, 2024); *X Corp. v. Media Matters for Am.*, No. 4:23-CV-01175-O, 2024 WL 1895255 (N.D. Tex. Apr. 26, 2024); *see also* TX R LWYR'S CREED Mandate for Professionalism. American has worked diligently with opposing counsel to get the needed database information.

7

The Court's Scheduling Order leaves American with no more time to wait for Skiplagged to stop delaying and do the right thing.

**C.    American's Damages Report**

The database information is necessary to fully calculate American's damages in this case. Due to Skiplagged's tactical decision to ignore American's repeated requests for the database information, American was required to serve its expert report on damages on May 31, 2024 without this information. American's damages expert, David Fuller, specifically notes in his report that he expects to perform additional analysis and provide supplemental opinions after he receives the database information. *See* Fed. R. Civ. P. 26(e)(2). Absent this Court's action, Skiplagged will continue to withhold this critical damages evidence and American will continue to be prejudiced in the prosecution of its case and recovery of damages.

## IV.    CONCLUSION

For the foregoing reasons, American respectfully requests that this Court grant American's Motion to Enforce the Court's May 1, 2024 Order and Brief in Support in its entirety and:

1. Enforce its May 1, 2024 Order Granting Second Motion to Compel [Dkt. No. 118] and order Skiplagged to produce the tab-delimited decrypted file of database information that Mr. Zaman testified ▮▮▮▮▮▮▮ ;

2. Enter an order that prohibits Skiplagged from raising any objections or defense to Mr. Fuller's damage calculations (or those set forth in his report) until such time that the database information is produced in a "usable form . . . such that [American] can reasonably use [it] to perform the necessary analysis and calculations," as ordered by Judge Ray [*see id.* at 7–8]; and

3. Award American such other and further relief to which it has shown itself to be justly entitled.

Dated: June 28, 2024                        Respectfully submitted,

                                                           */s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
J. Austin Franklin
State Bar No. 24075853
austin.franklin@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100

Bina Palnitkar
State Bar No. 24070378
palnitkarb@gtlaw.com
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3600

**ATTORNEYS FOR PLAINTIFF**

9

**CERTIFICATE OF CONFERENCE**

I hereby certify that on June 26, 2024, as well as numerous times prior to that date, I conferred with Bill Kirkman, counsel for Skiplagged, and he indicated that Skiplagged was considering American's request. On June 26, 2024, Mr. Tobin unequivocally rejected American's request for the usable database information, stating that, "We have considered AA's recent request and believe that it is untimely and outside Judge Ray's 5/1 Order[.]" American has discussed Mr. Tobin's June 28, 2024 email by telephone but he is on vacation with his family and there wasn't sufficient time to confer before this motion needed to be filed. American will continue to talk to Mr. Tobin about this matter if he seeks further conference.

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.

**CERTIFICATE OF SERVICE**

I certify that on June 28, 2024, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.