IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

## SKIPLAGGED, INC.'S SUPPLEMENT TO ITS BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Pursuant to the Court's Electronic Order granting permission to supplement the summary judgment record as deposition transcripts are obtained [Dkt. 143], Defendant, Skiplagged, Inc. ("Skiplagged"), hereby supplements its Brief in Support of its Motion for Summary Judgment [Dkt. 151, 170] and Appendix in Support [Dkt. 152, 171] with excerpts of the deposition testimony of:

(1) Plaintiff American Airlines, Inc.'s ("AA") designated FED. R. CIV. P. 30(b)(6) witness and corporate representative, Marcial Lapp;[1]

(2) AA's managing director of the retailing team responsible for, among other things, selling airline tickets, Neil Geurin; and

(3) AA's damages expert, David Fuller.[2]

These depositions were taken July 1, 2024; June 28, 2024; and June 27, 2024, respectively.

---

[1] Marcial Lapp provided deposition testimony in his individual capacity on May 30, 2024, and as Plaintiff's Corporate Representative pursuant to FED. R. CIV. P. 30(b)(6) on July 1, 2024. The Notice sent pursuant to FED. R. CIV. P. 30(b)(6) over which Mr. Lapp was examined, was attached as Ex. 1 to his transcript and is contained in the Supplemental Appendix related to his transcript, Ex. 7.

[2] Skiplagged included the rough draft of Mr. Fuller's deposition transcript in its Appendix in Support [Dkt. 152, 171]. It is supplementing with the final transcript of Mr. Fuller's deposition.

Skiplagged received the transcripts on July 7, 2024; July 1, 2024; and July 5, 2024, respectively.

## PRELIMINARY STATEMENT

Skiplagged makes the following supplements to the Arguments and Authorities section at § IV of its Brief filed July 1, 2024, as particularly described below. A separate Appendix of the deposition testimony referenced in this Supplement is being filed contemporaneously with this filing, which contains as Exhibits 7, 8, and 9, the above-referenced deposition excerpts and select exhibits from those depositions.

All of the testimony cited herein is important to the Court's consideration of Skiplagged's Motion. However, Skiplagged wishes to emphasize the particular importance of the testimony from Mr. Lapp as AA's designated FED. R. CIV. P. 30(b)(6) corporate representative witness. As set forth in the Notice to AA for this deposition, there were specific and targeted subject matter areas designated by Skiplagged upon which the 30(b)(6) witness for AA was to provide testimony on behalf of AA. This testimony from the AA corporate representative on the specific subject matter areas defined was more than simply a particular witness' testimony. It was testimony from AA itself on critical issues which are the subject of Skiplagged's Motion for Summary Judgment and which bind AA. Skiplagged respectfully submits that the testimony from this AA corporate representative witness be read by the Court in that context. *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) ("When a corporation produces an employee pursuant to a rule 30(b)(6) notice, it represents that the employee has the authority to speak on behalf of the corporation with respect to the areas within the notice of deposition. This extends not only to facts, but also to subjective beliefs and opinions."); *MC Trilogy Tex., LLC v. City of Heath*, Civil Action No. 3:22-CV-2154-D, 2024 U.S. Dist. LEXIS 68844, at *7 (N.D. Tex. 2024) ("The designee's statements are 'binding' on the designating party because, by making the designation, the

designating party 'represents that the [designee] has authority to speak on [its] behalf[.]'"); *Anaya v. Tricam Indus.*, Civil Action No. 5:18-cv-01045-OLG, 2020 U.S. Dist. LEXIS 262332, at *4 (W.D. Tex. 2020) (providing that a 30(b)(6) deponent's testimony "binds the organization").

### **Supplements:**

1. As further support that the statute of limitations bars AA's claims because AA had actual knowledge of Skiplagged's alleged actions for at least eight years prior to filing litigation against Skiplagged, as set forth on pages 6-8 of Skiplagged's Brief: ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Ex. 7, Deposition of AA corporate representative ("AA Depo.") 54:19-23, 57:6-12; 62:17-20; 64:7-16; 66:1-10; 68:10-14; 76:7-13; 91:12-24; 93:7-15; 209:11-211:4 (App. pp. 12-14, 16, 18, 20, 22, 25, 27, 52-54), *see also* AA Depo. Topic No. 7 (App. p. 65); Ex. 8, Deposition of Neil Geurin ("Geurin Depo.") 6:8-20, 17:5-7, 52:22-54:18, 59:13-18; 63:6-64:13, 65:10-20, 66:10-15 (App. pp. 70-79); *see also* Exs. 1, 6, and 8 to Geurin Depo (App. pp. 81-102).

2. As further support that AA's breach of contract claims fail because Skiplagged is not a party to AA's Use Agreement, as set forth on pages 8-9 of Skiplagged's Brief: ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Ex. 7, AA Depo. 96:20-21, 99:18-20 (App. pp. 28, 31); *see also* AA Depo. Topic Nos. 8, 10 (App. p. 66). ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Ex. 7, AA Depo. 78:2-5 (App. pp. 24); *see also* AA Depo. Topic No. 7 (App. p. 65). In fact, ■■ ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Ex. 7, AA Depo. 105:2-5; 114:4-18 (App. pp. 33-34); *see also* AA Depo. Topic No. 7 (App. p. 65). Thus, Skiplagged is not a party to AA's Use Agreement.

3. As further support that AA's breach of contract claims fail because Skiplagged is

not a party to AA's Conditions of Carriage, as set forth on pages 8-9 of Skiplagged's Brief: ███

███

███ Ex. 7, AA Depo. 99:1-12, 100:8-24 (App. pp. 31-32); *see also* AA Depo. Topic Nos. 8, 10 (App. p. 66). Under Texas law, "the benefits and burdens of a contract belong solely to the contracting parties…" *XTO Energy Inc. v. Frontier Drilling, LLC*, 549 F.Supp.3d 526, 535 (N.D. Tex. 2021)(internal quotation omitted).███

███

███ *See* Ex. 7, AA Depo. 99:1-8 (App. p. 31); *see also* AA Depo. Topic No. 8 (App. p. 66). Yet, because Skiplagged is not a passenger, it is not a party to the Conditions of Carriage and cannot be liable for breach of same.

    4.    As further support that AA cannot prove damages for it breach of contracts claim, as set forth on pages 9-11 of Skiplagged's Brief: ███ Ex. 7, AA Depo. 45:21-46:5 (App. pp. 7-8), *see also* AA Depo. Topic Nos. 4, 5 (App. p. 65); Ex. 9, Deposition of David N. Fuller ("Fuller Depo.") 70:15-71:1; 72:2-12 (App. pp. 105-107). ███ Ex. 7, AA Depo. 219:23-220:7 (App. pp. 55-56); *see also* AA Depo. Topic No. 5 (App. p. 65). ███ Ex. 7, AA Depo. 134:17-135:2; 136:23-137:4 (App. pp. 35-38); *see also* AA Depo. Topic No. 5 (App. p. 65). ███

███ Ex. 7, AA Depo. 139:18-140:6 (App. pp. 40-41), *see also* AA Depo. Topic No. 5 (App. p. 65). In short, not

only has AA failed to attribute damages to hidden city flight generally, but also it failed to attribute damages to Skiplagged *specifically*. "At a minimum, opinions or estimates of lost profits must be based on objective facts, figures, or data from which the amount of lost profits can be ascertained." *In re H & M Oil & Gas, LLC*, 514 B.R. 790, 807 (Bankr. N.D. Tex. 2014). AA, however, relies on assumptions and lacks reliable supporting data. ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ Ex. 7, AA Depo. 29:3-7 (App. p. 4); *see also* AA Depo. Topic Nos. 5, 11, 25 (App. pp. 65-67). In terms of revenue to AA, there is no difference whether a customer books a hidden city flight or a direct flight. Thus, AA cannot establish damages for its breach of contracts claim based on customers that purchased tickets to avail themselves of hidden city pricing.

5. As further support that AA cannot establish the elements and alleged damages for its tortious interference claim, set forth on pages 11-14 of Skiplagged's Brief: ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊ Ex. 7, AA Depo. 100:11-13 (App. p. 32); *see also* AA Depo. Topic Nos. 8, 10 (App. p. 66). In other words, there is no contract until the customer books a ticket with AA. Tortious interference requires "an existing contract[.]" *WickFire, L.L.C. v. Laura Woodruff; TriMax Media, L.L.C.*, 989 F.3d 343, 353 (5th Cir. 2021), as revised (Mar. 2, 2021) (internal citation omitted). Since a contract of Conditions of Carriage between a customer and AA does not exist when the customer visits Skiplagged's website and obtains the hidden city route and fare information, there is no contract with which Skiplagged can interfere. Thus, AA's tortious interference claim fails.

6. As further support that AA's Lanham Act claims fail because Skiplagged's use of AA's trademarks is straightforward and obvious and does not suggest affiliation, sponsorship, or endorsement, set forth on pages 13-16 of Skiplagged's Brief: ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊

███████████████████████████████████████████████████████████ Ex. 7, AA Depo. 175:13-16 (App. p. 51), *see also* AA Depo. Topic Nos. 7, 18 (App. pp. 65-66). This is because Skiplagged uses AA's trademarks for only one purpose—to make visitors aware of AA flights. "Nominative use of a mark—where the only word reasonably available to describe a particular thing is pressed into service—lies outside the strictures of trademark law." *New Kids on the Block v. News America Pub., Inc.*, 971 F.2d 302, 308 (9th Cir. 1992). Skiplagged cannot identify AA flights without specifying they are AA flights, which requires use of AA's trademarks. Since Skiplagged's uses AA's trademarks only to identify AA flights, Skiplagged's use is straightforward and obvious and does not suggest affiliation, sponsorship, or endorsement of Skiplagged by AA.

7. This additional testimony cited in paragraph 6 above also demonstrates that AA's Lanham Act claims fail because there is no likelihood of confusion, set forth on pages 16-17 of Skiplagged's Brief: ███████████████████████████████

███████████████████████████████████ Ex. 7, AA Depo. 175:13-16 (App. p. 51); *see also* AA Depo. Topic No. 18 (App. p. 66). Thus, AA's Lanham Act claims fail because there is no likelihood of confusion.

8. As further support that AA cannot prove damages on its Lanham Act or Copyright Act claims, set forth on pages 17-18 of Skiplagged's Brief: ████████████████████

██████████████████████████████████████████████████████ Ex. 7, AA Depo. 36:5-12, 37:12-16 (App. pp. 5-6); *see also* AA Depo. Topic Nos. 5, 16 (App. pp. 65-66).

████████████████████████████████████████

██████████████████████ Ex. 7, AA Depo. 171:21-172:1 (App. pp. 47-48); *see also* AA Depo. Topic Nos. 5, 16 (App. pp. 65-66). ████████████████████████

███ Ex. 7, AA Depo. 49:10, 52:16-18; 167:5-9; 169:18-170:18 (App. pp. 9-10, 43, 45-46); *see also* AA Depo. Topic Nos. 5, 16 (App. pp. 65-66).

9.    ████████████████████████████████████████████████████████████

████████████████████████████████ Ex. 9, Fuller Depo. 88:1-8 (App. p. 108). ████

████████████████████████████████████████████████████████████████████

████████████████████████████ Ex. 9, Fuller Depo. 89:1-6; 89:15-23 (App. p. 109). In other words, Dr. Fuller failed to quantify any alleged damages associated with Skiplagged's use of AA's alleged copyrights.  Thus, AA cannot prove damages on its Copyright Act claims.

10.   As further support that AA cannot demonstrate ownership of the copyright at issue, as set forth in pages 18-19 of Skiplagged's Brief: ████████████████████████████████ ███████████████████████████████ Ex. 7, AA Depo. 163:9-15 (App. p. 42); *see also* AA Depo. Topic No. 14 (App. p. 66). AA's copyright claims fail on this basis as well. *See Geoscan, Inc. of Tex. v. Geotrace Techs., Inc.*, 226 F.3d 387, 392-393 (5th Cir. 2000).

11.   As further support that AA's copyright infringement claim is barred by Skiplagged's fair use defense, as set forth in pages 20-22 of Skiplagged's Brief: ████████ ████████████████████████████████████████████████████████████████████ ████████████ Ex. 7, AA Depo. 175:13-16 (App. p. 51); *see also* AA Depo. Topic Nos. 7, 16 (App. pp. 65-66). ████████████████████████████████████████████████ ████████████████████████████ *See* Ex. 7, AA Depo. 28:13-29:7 (App. pp. 3-4); *see also* AA Depo. Topic No. 25 (App. p. 67). These facts support the fair use factors articulated in *Triangle Publications, Inc. v. Knight-Ridder Newspapers, Inc.*, 626 F.2d 1171, 1174 (5th Cir. 1980). Namely, Skiplagged's use causes de minimis impact, if any, on AA because *it results in consumers purchasing flights from and paying AA*.  Thus, AA's copyright claim is barred by Skiplagged's

fair use defense.

## CONCLUSION

The above additional deposition testimony confirms the positions stated in Skiplagged's Brief—that the undisputable facts demonstrate that AA's claims fail. Skiplagged respectfully requests that the Court grant Skiplagged's Motion for Summary Judgment.

Dated: July 18, 2024					Respectfully submitted,

*/s/ William L. Kirkman*
William L. Kirkman
Texas Bar No. 11518700
Preston B. Sawyer
Texas Bar No. 24102456
**KIRKMAN LAW FIRM, PLLC**
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone: (817) 336-2800
Facsimile: (817) 877-1863
billk@kirkmanlawfirm.com
prestons@kirkmanlawfirm.com


*/s/ Abigail R.S. Campbell*
Aaron Z. Tobin
Texas Bar No. 24028045
Kendal B. Reed
Texas Bar No. 24048755
Abigail R.S. Campbell
Texas Bar No. 24098759
**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311
atobin@condontobin.com
kreed@condontobin.com
acampbell@condontobin.com

*/s/ Darin M. Klemchuk*
Darin M. Klemchuk
Texas Bar No. 24002418
**KLEMCHUK PLLC**
8150 North Central Expressway, 10th Floor
Dallas, Texas 75206
Telephone: (214) 367-6000

28348755v1 99460.002.00

Facsimile: (214) 367-6001
Darin.klemchuk@klemchuk.com

***Attorneys for Defendant, Skiplagged, Inc.***

### CERTIFICATE OF SERVICE

On July 18, 2024, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/Abigail R.S. Campbell*
Abigail R.S. Campbell

28348755v1 99460.002.00