IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT SKIPLAGGED, INC.'S OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE**

Defendant Skiplagged, Inc., ("Skiplagged") files its Objections to Plaintiff American Airlines, Inc.'s ("Plaintiff" or "AA") Summary Judgment Evidence in accordance with Rule 56 of the Federal Rules of Civil Procedure, and in support thereof would show the Court as follows:

**A. Complaint from Other Lawsuit – Exhibit A-4**

1. Skiplagged objects to Plaintiff's Exhibit A-4 [Dkt. 174, Pl. App'x 0115–184] as irrelevant, unfairly prejudicial, and hearsay. *See* Fed. R. Evid. 401-03, 801. Exhibit A-4 is a Complaint filed by Southwest against Skiplagged in the United States District Court for the Northern District of Texas, Dallas Division as *Southwest Airlines Co. v. Skiplagged, Inc. et al.*, Case No. 3:21-cv-01722-E. First, such Complaint is irrelevant to this case. Southwest's Complaint necessarily turned on its own user agreements which contain its own language and terms separate from the agreements utilized by AA. Any "notice" allegedly received by Skiplagged via the Southwest Complaint is not imputed to Skiplagged as notice of any allegedly violative conduct towards AA. Such fact is of no consequence in determining this current action. *See* Fed. R. Evid. 401. Even more, such Complaint, if admitted, only serves to unfairly prejudice Skiplagged by introducing new allegations and causes of actions alleged against Skiplagged which have no bearing on this case. *See* Fed. R. Evid. 403.

2.      Lastly, AA cites to such Complaint in support of its allegation that "Skiplagged is aware of these kinds of Use Agreements generally" and that Skiplagged was notified its practices violated such agreement. Dkt. 172, pp. 1, 30.  Exhibit A-4 is an out of court statement offered for the truth of the matter asserted – *i.e.*, that Southwest sued Skiplagged for conduct that Southwest alleged violated its own terms and conditions. *See* Fed. R. Evid. 801.

**B. Deposition Transcripts – Exhibits A-1, A-8, A-17, and A-45**

3.      Skiplagged objects to Plaintiff's Exhibit A-45 [Dkt. 174, Pl. App'x 1177–1186] because certain highlighted portions of the transcript cited to by AA in its Motion for Summary Judgment are hearsay. *See* Fed. R. Evid. 801; Dkt. 174, Pl. App'x 0037, 0098; Pl. App'x 1183-84; *See also* Dkt. 172, pp. 18, 21, 33.

4.      First,, Skiplagged objects to the inclusion of the full deposition transcripts attached as (1) Exhibit A-1 [Dkt. 174, Pl. App'x 0013–103], (2) Exhibit A-8 [Dkt. 174, Pl. App'x 0272-329], (3) Exhibit A-17 [Dkt. 174, Pl. App'x 00681–734], and (4) Exhibit A-45 [Dkt. 174, Pl. App'x 1177–1186]. Local Rule 5.2(d) requires "a party shall file only the portions of discovery on which that party relies to support or oppose the motion." *See* L.R. 5.2. AA attaches the full deposition transcripts of the respective deponents as Exhibits A-1, A-8, A-17, and A-45 in violation of this rule.

5.      Additionally, AA cites to deposition testimony of its own employee, Marcial Lapp ("Lapp"), for the proposition "Skiplagged's machinations caused flight delays due to passenger incidents, as well as American personnel searching for passengers who did not show up for flights, other operations disruptions, and lost revenue because of seats being left unfilled on hidden-city flights." Dkt. 172, pp. 32-33. Lapp testifies he "probably" discussed "losing revenue by virtue of what Skiplagged does with hidden city ticketing" with a number of individuals employed by AA. Dkt. 174, Pl. App'x 1183, 138:1-16. These discussions are out of court statements offered for the truth of the matter asserted – *i.e.*, that AA loses revenue by virtue of Skiplagged's hidden-city ticketing practices. Such discussions are "statement[s], other than one made by the declarant while

28352131v2 99460.002.00

testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." *See United States v. Noria*, 945 F.3d 847, 852 (5th Cir. 2019)(citing Fed. R. Evid. 801). Hearsay testimony is not competent summary judgment evidence and thus, cannot be considered.

### C. Expert Reports – Exhibits A-37 and A-60

6. "Generally, expert reports are inadmissible hearsay because they are out-of-court statements offered to prove the truth of the matter asserted and fall within the definition of hearsay in Federal Rule of Evidence 801(c)(2)." *Balfour Beatty Rail, Inc. v. Kansas City S. Ry. Co.*, 173 F. Supp. 3d 363, 413 (N.D. Tex. 2016), aff'd as modified and remanded, 725 Fed. Appx. 256 (5th Cir. 2018). "While experts are allowed to rely on hearsay in forming their opinions, 'their testimony is not a vehicle by which evidence that is otherwise inadmissible may be introduced.'" *Id*.

7. Skiplagged objects to Plaintiff's Exhibits A-37 [Dkt. 174, Pl. App'x 0921–1011] and A-60 [Dkt. 174, Pl. App'x 1267–1296] as hearsay and unfairly prejudicial. *See* Fed. R. Evid. 403, 801. Exhibit A-37 purports to be the Expert Report of Professor Yoram (Jerry) Wind. The report itself is hearsay. In addition, AA cites to such report in support of its contention that "customers mistakenly believe that Skiplagged has some sort of association with American." Dkt. 172, p. 23. This is an out of court statement offered for the truth of the matter asserted – *i.e.*, that Wind's report concludes customers mistakenly associate Skiplagged and AA. Moreover, if such hearsay were allowed to be admitted, especially before this Court has had the opportunity to decide any Motions to Exclude, Skiplagged will face unfair prejudice resulting from AA's citation to Wind's conclusion. *See* Fed. R. Evid. 403; *see also Balfour Beatty Rail, Inc.*, 173 F. Supp. 3d at 413.

8. Likewise, Exhibit A-60 is the Expert Report of David N. Fuller. AA cites to this report in support of its statement that "American's expert, David Fuller, has quantified American's damages in detail." Dkt. 172, p. 47. This is an out of court statement offered for the truth of the matter asserted – i.e., that Fuller's report details American's damage calculations. Moreover, as stated above, if such hearsay were allowed to be admitted, especially before this Court has had the

opportunity to decide any Motions to Exclude, Skiplagged will face unfair prejudice resulting from AA's citation to Fuller's damage calculations. *See* Fed. R. Evid. 403; *see also Balfour Beatty Rail, Inc.*, 173 F. Supp. 3d at 413.

### D. Internal Report – Exhibit A-12

9. Skiplagged objects to Plaintiff's Exhibit A-12 [Dkt. 174, Pl. App'x 0495–605] on the basis of hearsay and unfair prejudice. *See* Fed. R. Evid. 403, 801. Specifically, Exhibit A-12 is a third-party report entitled "Future Brand—American Airlines Brand Recognition." Such report was not written or otherwise produced by any retained expert in this case. AA cites to such report in support of its assertion that the American Marks and "well-known and recognized by the general public. . ." Dkt. 172, pp. 7, 22. AA offers such report for the truth of the matter asserted – *i.e.*, that the American Marks are "well-known." *See* Fed. R. Evid. 801.  Moreover, Skiplagged will be unfairly prejudiced if a third-party report's conclusions are entered into evidence when Skiplagged was not presented with any expert to depose nor any further information regarding the methodology utilized in creating such report. *See* Fed. R. Evid. 403.

### E. Internet Images – Exhibit A-5

10. Skiplagged objects to Exhibit A-5 [Dkt. 174, Pl. App'x 0185-253] on the basis of hearsay, lack of foundation and lack of authenticity. Specifically, Exhibit A-5 shows screenshots of "test buys" on Skiplagged.com ("LitPaks") conducted by a private investigator retained by AA. AA cites to these LitPaks as evidence of Skiplagged utilizing the American Marks and Flight Symbols as well as support for its allegation that Skiplagged accesses "aa.com." *See* Dkt. 172, pp. 22, 26, 31. Such screenshots are out of court statements offered for the truth of the matter asserted – *i.e.*, that Skiplagged's websites shows the images and content it shows in the screenshots. Moreover, while paragraph 7 of the Declaration of Julia Wisenberg states "Exhibit A-5 is a true and correct copy of test buys of flights on Skiplagged.com, produced by American as AA-SKP-00058891-922" these clear, colorized images **were never produced** to Skiplagged. Rather, Skiplagged was provided barely legible, pixelated, black and white images for the cited Bates-

28352131v2 99460.002.00

labels. Thus, these are not the images produced by American and lack proper authentication and foundation. *See Guerrero v. Mambo Seafood #1, Inc.,* No. CV H-19-3059, 2020 WL 10787426, at *4 (S.D. Tex. Oct. 19, 2020)("[U]nless properly authenticated, 'any evidence procured off the Internet is adequate for almost nothing, even under the most liberal interpretations of the hearsay exception rules.'").

### F. Customer Complaints – Exhibits A-23, A-25, A-26, A-27, A-28, A-29, A-30, A-33, A-34, A-35, A-36, A-38, A-40, A-41, A-42, A-43, A-44, A-53, A-54, A-59

11. Skiplagged objects to Exhibits A-23 [Dkt. 174, Pl. App'x 0773–778], A-25 [Pl. App'x 0818–834], A-26 [Pl. App'x 0835–837], A-27 [Pl. App'x 0838–848], A-28 [Pl. App'x 0849–850], A-29 [Pl. App'x 0852–856], A-30 [Pl. App'x 0857–867], A-33 [Pl. App'x 0884–900], A-34 [Pl. App'x 0901–910], A-35 [Pl. App'x 0911–915], A-36 [Pl. App'x 0916–920], A-38 [Pl. App'x 1012–1015], A-40 [Pl. App'x 1019–1032], A-41 [Pl. App'x 1033–1048], A-42 [Pl. App'x 1049–1121], A-43 [Pl. App'x 1122–1158], A-44 [Pl. App'x 1159–1176], A-53 [Pl. App'x 1223–1227], A-54 [Pl. App'x 1228–1238], and A-59 [Pl. App'x 1255–1266] on the basis of hearsay, unfair prejudice, and irrelevance. *See* Fed. R. Evid. 401-403, 801. Specifically, each of the above-referenced exhibits are alleged customer complaints related to Skiplagged. AA offers each complaint for the truth of the matter asserted – *i.e.*, AA cites to each exhibit above in reference to the substance of the customer's complaint.

12. Moreover, to the extent AA relies upon Skiplagged customer complaints to Skiplagged with respect to its claim for damages, such customer complaints are irrelevant. *See e.g.,* Dkt. 172, p.15. Customer complaints to Skiplagged regarding the charging of a service fee or Skiplagged's alleged lack of assistance with certain services, even if accepted as true, have no bearing on any element of any of AA's claims against Skiplagged and thus, is of no consequence in determining the action. *See* Fed. R. Evid. 401, 402.

13. In addition, the probative value of allowing multiple, repetitive customer complaints, if any, is outweighed by the unfair prejudice such complaints cause Skiplagged. *See* Fed. R. Evid. 403. "Unfair prejudice" within this context means an "undue tendency to suggest

decision on an improper basis." *Id.*, Advisory Committee Notes. Here, such complaints are a minimal subset of the overall customer base and cannot be taken as representative of Skiplagged's customer base in its entirety. Consumer businesses have complaints and there is no study, allegation, comparison or finding that the amount of customer complaints in this case is abnormally large. Thus, any probative value of such complaints are substantially outweighed by the danger of unfair prejudice. See *id*.

### G. Email Communications – Exhibits A-19, A-20, A-46, A-47, A-48, A-49, A-50, A-51, A-52, A-55, A-56, A-57, A-58, A-63, A-64

14. Skiplagged objects to Plaintiff's Exhibits A-19 [Dkt. 174, Pl. App'x 0746–748], A-20 [Pl. App'x 0749–756], A-46 [Pl. App'x 1187–1190], A-47 [Pl. App'x 1191–1199], A-48 [Pl. App'x 1200–1203], A-49, [Pl. App'x 1204–1207], A-50 [Pl. App'x 1208–1212], A-51 [Pl. App'x 1213–1217], A-52 [Pl. App'x 1218–1222], A-55 [Pl. App'x 1239–1243], A-56 [Pl. App'x 1244–1247], A-57 [Pl. App'x 1248–1251], A-58 [Pl. App'x 1252–1254], A-63 [Pl. App'x 1340–1348], and A-64 [Pl. App'x 1349–1353] on the basis of hearsay. *See* Fed. R. Evid. 801.

15. AA offers Exhibits A-19 and A-20 for the truth of the matter asserted – *i.e.*, that AA has had a difficult time trying to prevent customers from utilizing Skiplagged.

16. AA offers Exhibits A-46 and A-47 for the truth of the matter asserted – *i.e.*, customers refusing to check their bags utilizing a suspected hidden city ticket.

17. AA offers Exhibit A-48 for the truth of the matter asserted – *i.e.*, a customer complaint resulting from AA's refusal to provide a refund for the hidden city ticket.

18. AA offers Exhibit A-49 for the truth of the matter asserted – *i.e.*, AA paying to deliver a bag to a customer who utilized a hidden city ticket.

19. AA offers Exhibit A-50 for the truth of the matter asserted – *i.e.*, a customer "interfering with operations" by requesting her checked bag be pulled in the layover city.

20. AA offers Exhibit A-51 for the truth of the matter asserted – *i.e.,* a customer becoming angry after being forced to check her bag on a hidden-city flight.

28352131v2 99460.002.00

21. AA offers Exhibit A-52 for the truth of the matter asserted – *i.e.*, AA discussion of specific fares/routes being utilized for hidden city ticketing.

22. AA offers Exhibit A-55 for the truth of the matter asserted – *i.e.*, Duffel telling Skiplagged AA may not be too keen on them "for the same reasons as United."

23. AA offers Exhibits A-56 and A-57 for the truth of the matter asserted – *i.e.*, AA having trouble figuring out where Skiplagged gets its content.

24. AA offers Exhibit A-58 for the truth of the matter asserted – *i.e.*, AA is having trouble stopping Skiplagged.

25. AA offers Exhibit A-63 for the truth of the matter asserted – *i.e.*, that Skyscanner did not list Skiplagged as an affiliate for Skyscanner's B2B Affiliate Program.

26. AA offers Exhibit A-64 for the truth of the matter asserted – *i.e.*, a 2015 email from Skyscanner to American denying it provides Skiplagged with US Airways content.

## CONCLUSION

For these reasons, Skiplagged respectfully requests that the Court sustain its objections to the summary judgment evidence offered by Plaintiff, strike the objectionable evidence from the summary judgment record, and grant Skiplagged such other and further relief to which it may be entitled.

Dated: July 22, 2024              Respectfully submitted,

*/s/ William L. Kirkman*
William L. Kirkman
Texas Bar No. 11518700
Preston B. Sawyer
Texas Bar No. 24102456
**KIRKMAN LAW FIRM, PLLC**
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone: (817) 336-2800
Facsimile: (817) 877-1863
billk@kirkmanlawfirm.com
prestons@kirkmanlawfirm.com

*/s/ Abigail R. S. Campbell*
Aaron Z. Tobin
Texas Bar No. 24028045
Kendal B. Reed
Texas Bar No. 24048755
Abigail R.S. Campbell
Texas Bar No. 24098759
**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311
atobin@condontobin.com
kreed@condontobin.com
acampbell@condontobin.com


*/s/ Darin M. Klemchuk*
Darin M. Klemchuk
Texas Bar No. 24002418
**KLEMCHUK PLLC**
8150 North Central Expressway, 10th Floor
Dallas, Texas 75206
Telephone: (214) 367-6000
Facsimile: (214) 367-6001
Darin.klemchuk@klemchuk.com

***Attorneys for Defendant, Skiplagged, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2024, the foregoing was electronically submitted to the clerk of court for the United States District Court for the Northern District of Texas using the Court's electronic filing system and that all counsel of record have been served electronically or as authorized by the Federal Rules of Civil Procedure.

*/s/ Abigail R.S. Campbell*
Abigail R.S. Campbell

28352131v2 99460.002.00