IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:23-cv-00860-P |
| § | |
| SKIPLAGGED, INC., § | |
| § | |
| Defendant. § | |

**PLAINTIFF AMERICAN AIRLINES, INC.'S MOTION TO SUPPLEMENT
ITS EXPERT REPORT ON DAMAGES**

American Airlines, Inc. ("American") seeks leave of Court to serve a supplemental expert report on damages. Leave is requested so that American's designated expert, David N. Fuller, CFA, ASA, CFE, may incorporate additional findings he's made based upon the production of database information by Skiplagged on July 1, 2024.

## I.  BACKGROUND

As the Court is well aware, American has diligently sought Skiplagged's database information throughout this case because that data is critical for American to fully calculate its damages. American sought relief related to its request for this database information on three separate occasions over a period of many months, the latest of which was ruled upon by Judge Ray on July 23, 2024.[1] [Dkt. No. 197]. In his Order, Judge Ray determined that the new form of

---

[1] The subject of this dispute has been briefed extensively with the Court. American will not belabor those issues by rehashing that history but cites the Court to the following filings for reference, and incorporates them herein:
  1. Plaintiff American Airlines, Inc.'s Motion to Compel [Dkt. Nos. 38–40], granted in part by Judge Ray on December 19, 2023 [Dkt. No. 53]
  2. Plaintiff American Airlines's Motion to Compel and for Sanctions [Dkt. Nos. 74–76 (redacted); Dkt. Nos. 87–88 (sealed)], granted as to the motion to compel by Judge Ray [Dkt. No. 118]
  3. Plaintiff American Airlines, Inc.'s Motion to Enforce the Court's May 1, 2024 Order [Dkt. Nos. 145 & 146 (redacted); Dkt. Nos. 168 & 169 (sealed)], denied by Judge Ray [Dkt. No. 197]

1

database information Skiplagged produced on July 1, 2024 was sufficient under the Federal Rules to meet his Order compelling its production. [*Id.* at 3–4]. As American notified the Court in its Reply brief filed on July 22, 2024, Mr. Fuller has been working with Skiplagged's July 1st production since it was made available to American in an effort to manage and interpret the necessary information to supplement his expert report. [Dkt. No. 181 at 2]. After considerable effort, he now believes he's found a way to do so; therefore, American is now seeking leave of Court to ensure his additional opinions are considered along with those previously disclosed.

## II.     AMERICAN'S DESIGNATION OF ITS EXPERT ON DAMAGES

Pursuant to Rule 26(a)(2) and Paragraph B(4)(a) of the Court's Scheduling Order, American filed its Designation of Expert Witness on Damages on May 31, 2024 ("Designation"), identifying Mr. Fuller as its expert on damages. [Dkt. No. 128 at 1; *see also* Dkt. No. 20 at 1–3 (Court's Scheduling Order); Dkt. No. 108 (Electronic Order extending initial damages expert deadlines to May 31, 2024)]; Fed. R. Civ. P. 26(a)(2). In its Designation, American stated the following:

> Skiplagged has yet to produce the information in its database that Judge Ray ordered it to produce on May 1, 2024. [*See* Dkt. No. 118 ("Skiplagged also **SHALL PRODUCE** all data in its possession or control responsive to Interrogatory No. 8 and Request for Production Nos. 4-5 (except with regards to Skiplagged's customer's social security numbers or credit card numbers), translated into a reasonably useable form, except to the extent that the translation requires analysis of the data.")]. This data directly relates to American's damages. [*See, e.g.*, Dkt. No. 106 at 2–4]. American reserves the right to supplement the Fuller Report pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

[Dkt. No. 128 at 1–2]. American served a copy of Mr. Fuller's Expert Report ("Fuller Report") on Skiplagged on that same day. Because Skiplagged had not produced its database information at that time, American was required to serve Mr. Fuller's report without the benefit of that vital information. In his original report, Mr. Fuller specifically noted that he anticipated performing

2

additional analysis and provide supplemental opinions after he received the database information. *See* Fed. R. Civ. P. 26(e)(2).

Skiplagged cannot fain surprise at this Motion given the database information has been the subject of dozens of phone calls, conferences, meet and confers, and letters exchanged between the parties over the last six to eight months. And just to remind the Court, Skiplagged's original production of this database information was not made available to American until May 31, 2024— and even then was produced in an unusable form that consisted of 1,376,859 individual grainy PDFs. [*See* Dkt. No. 145 at 8–9].

Mr. Fuller reviewed Skiplagged's May 31, 2024 production and confirmed that the data as produced was unreliable and unusable. [Dkt. No. 146 at 22–24 ¶¶ 8–17]. American continued trying to get Skiplagged to produce the database information in a useable form, as ordered by Judge Ray on May 1, 2024, but was unsuccessful. It was only after filing its Motion to Enforce on June 28, 2024 that Skiplagged offered to cure its prior production issues. On July 1, 2024, Skiplagged produced an enhanced, higher-resolution version of its database information. This is the data that Mr. Fuller is now analyzing and preparing a supplemental report to cover. The work would have been completed by now but for the CrowdStrike–Microsoft outage, which began on July 18th, and took some of the systems being used to process the database information offline and caused data integrity issues necessitating reprocessing the documents.

### III.   AMERICAN HAS SHOWN GOOD CAUSE

Pursuant to Rule 26(e), an expert report must be supplemented, if needed, before the parties' pretrial disclosures deadline:

> (2) Expert Witness. For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions

3

or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Fed. R. Civ. P. 26(e)(2). The Court's Scheduling Order sets a deadline for the parties to file their Rule 26(a)(3) pretrial disclosures by August 21, 2024. [Dkt. No. 20 at 4].

As explained above, American's IT experts are currently working diligently to process Skiplagged's July 1, 2024 document production. That process will be done the week of July 29, 2024 and Mr. Fuller anticipates completing his report by Friday, August 2nd. Skiplagged will not be prejudiced by Mr. Fuller's supplemental report, as American has consistently maintained that it expected Mr. Fuller to supplement his report once the database information was produced in a useable form. Moreover, any new work Mr. Fuller performs will be based on Skiplagged's data, which it has known about, and fought hard to protect, throughout this case. Finally, American has offered Skiplagged an opportunity to depose Mr. Fuller a second time regarding the new information in his supplemental report, which eliminates any argument of surprise. Good cause is shown by all of the reasons cited above, including the long discovery fight over this critical database information; therefore, American believes all factors support granting leave for this limited purpose.

## IV. CONCLUSION

For the abovementioned reasons, American requests that the Court grant its Motion to Supplement its Expert Report on Damages, and allow American to serve a Supplemental Expert Report of David N. Fuller, CFA, ASA, CFE.

Dated: July 29, 2024                                Respectfully submitted,

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Lars L. Berg
State Bar No. 00787072
lars.berg@kellyhart.com
J. Austin Franklin
State Bar No. 24075853
austin.franklin@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100

Bina Palnitkar
State Bar No. 24070378
palnitkarb@gtlaw.com
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3600

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

I hereby certify that I discussed the motion with counsel for Skiplagged, Bill Kirkman, on July 29, 2024, via phone. He told me that he needed more time to confer with his client and co-counsel regarding the motion and will provide the Court with an update on his position as soon as possible.

                                                  */s/ Dee J. Kelly, Jr.*
                                                  Dee J. Kelly, Jr.

**CERTIFICATE OF SERVICE**

I certify that on July 29, 2024, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

                                                  */s/ Dee J. Kelly, Jr.*
                                                  Dee J. Kelly, Jr.