IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT SKIPLAGGED, INC.'S BRIEF IN SUPPORT OF
MOTION TO STRIKE AND EXCLUDE PLAINTIFF
AMERICAN AIRLINES, INC.'S EXPERT DARIN LEE**

Defendant Skiplagged, Inc. ("Skiplagged") files this Motion to Strike and Exclude a portion of Plaintiff American Airlines, Inc's ("AA") Expert Darin Lee's ("Lee") report and testimony. In support of this Motion, Skiplagged would show the Court as follows:

**OVERVIEW**

Skiplagged requests that the Court strike a portion of Lee's rebuttal report and opinions as exceeding the permissible bounds of a rebuttal report because it does not "contradict or rebut evidence on the same subject matter identified by another party" conferred under Fed. R. Civ. P. 26 and the Court's Scheduling Order [Dkt. 20]. Instead, Lee offers an affirmative opinion not addressed in Skiplagged's expert reports to which Lee was designated to respond.

Pursuant to the Court's April 17, 2024 Order, initial expert designations and reports were due by April 23, 2024. Dkt. 101. Responsive expert designations and reports were due on or before May 20, 2024 and rebuttal expert designation and reports were due on or before May 31, 2024. Dkt. 73. The Court defined these designations in its Scheduling Order as follows:

> **Initial Designation:** Unless otherwise stipulated or direct by court order, the party with the burden of proof on the issue subject to the expert designation must file a written designation of the name and address of each <u>expert witness</u> who will testify at trial for that party and must comply with Rule 26(a)(2) of the Federal Rules of Civil Procedure…
>
> **Responsive Designation:** Each party without the burden of proof on the issue subject to expert designation must file a written designation of the name and address of each <u>expert witness</u> who will testify at trial for that party and must otherwise comply with Rule 26(a)(2)…
>
> **Rebuttal Expert(s):** If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), the disclosures required under Rule 26(a)(2) must be made within **30 days** after the disclosure made by the other party.

Dkt. 20 (emphasis in original).

On May 30, 2024, AA served the Expert Rebuttal Report of Darin N. Lee, attached hereto as Exhibit 1 (the "Lee Report"). App. pp. 1-65. Lee's report states that he was asked to "respond to the expert reports submitted by Dr. Bijan Vasigh and Dr. Zal Phiroz on behalf of Skiplagged, Inc." Ex. 1, Lee Report, ¶ 5 (App. pp. 6-7). Specifically, Lee stated he was asked to analyze:

   i. The predicate assumption underlying the conclusions in the report of Dr. Vasigh that opportunities for hidden city ticketing exist on American's network because of the "monopoly positions" American enjoy at its hubs;
   ii. The extent to which there is evidence that American's non-stop passengers traveling to/from its hubs pay more, on average, than American's passengers connecting through its hubs;
   iii. The reasons why opportunities for hidden city ticketing exist on American's network, and whether they are consistent with Dr. Vasigh's allegations of American "<u>*exploiting the market*</u>, and demanding higher prices that they claim to be entitled to by leveraging their market dominance and lower competition"; and
   iv. The pro-competitive reasons American has for prohibiting hidden city ticketing.

*Id.* (emphasis in original).

The Lee Report is broken down into three subsections of his opinions: subsections A and

B attempt to address the opinions and conclusions of Skiplagged's expert, Dr. Vasigh's. *See id.* at ¶ 7 (App. p. 8). But subsection C of the Lee Report improperly attempts to offer an extensive 14-page affirmative expert opinion that "American has several pro-consumer reasons for prohibiting hidden city ticketing." *Id.* at pp. 30-43 (App. pp. 34-47). Lee's subsection C regarding AA's prohibition of hidden city ticketing does not respond or rebut any of Skiplagged's expert opinions. In fact, in those 14 pages. Dr. Vasigh is only mentioned twice, once as a transition and once as a brief reference to passengers with limited incomes. *Id.* at pp. 30, 33 (App. pp. 34, 37). Instead, Lee offers a new affirmative opinion to improperly further AA's allegations that Skiplagged misleads consumers using a "bait and switch," that Skiplagged intentionally degrades AA's product quality, Skiplagged purchases tickets that are more likely to result in a negative customer experience with AA, and that hidden city ticketing results in unnecessary spoilage of capacity. *Id.* at pp. 30-43 (App. pp. 34-47). Each of these opinions are outside the scope of the expert opinions and report of Skiplagged's experts Dr. Vasigh and Dr. Phiroz, attached hereto as Exhibits 2 and 3, respectively.

Lee's third opinion regarding AA's reasons for prohibiting hidden city ticketing consists of attacks on Skiplagged and is outside the scope of Skiplagged's experts' opinions. In sum, Lee's third opinion is not a proper rebuttal opinion and should be stricken. Further, Lee is not qualified to make the speculative opinions he makes in his third opinion and this opinion should be stricken for that reason as well.

**ARGUMENTS AND AUTHORITIES**

**I.    Legal Standard**

"Under Federal Rule of Civil Procedure 26(a)(2)(A), a party who retains an expert to provide expert testimony in a case must disclose the identity of the expert" and provide an export

report. *BCC Merch. Solutions, Inc. v. JetPay*, LLC, 2016 U.S. Dist. LEXIS 20710, at *8 (N.D. Tex. 2016). The court most often sets forth the time and sequence for disclosing experts in a scheduling order. *Id*. (citing Fed. R. Civ. P. 26(a)(2)(D)).

Rule 26 allows for the designation of a rebuttal expert witness "solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)". Fed. R. Civ. P. 26(a)(2)(D)(ii). "A 'rebuttal' report explains, repels, counteracts, or disproves evidence of the adverse party's initial report." *CEATS, Inc. v. TicketNetwork, Inc*., No. 2:15-CV-01470-JRG-RSP, 2018 WL 453732, at *3 (E.D. Tex. Jan. 17, 2018). To determine whether an expert report is properly considered a rebuttal report, the Court considers: "(1) the evidence the rebuttal expert purports to contradict or rebut; (2) whether the rebuttal evidence is on the same subject matter as the opposing expert's report; and (3) whether the rebuttal evidence is intended solely to rebut or contradict the opposing expert's evidence." *United States v. Austin Radiological Ass'n*, No. A-10-CV-914-LY, 2014 WL 2515696, at *4 (W.D. Tex. June 4, 2014). As set forth herein, Lee's third opinion does none of the above and therefore should be stricken.

## II. Lee's opinion regarding AA's reasons for prohibiting hidden city ticketing is improper under Fed. R. Civ. P. 26(a)

Lee's third opinion regarding AA's reasons for prohibiting hidden city ticketing and its attacks on Skiplagged (Ex. 1, pp. 30-43 (App. pp. 34-47)) should be stricken as improperly outside the scope of a rebuttal expert report. Rather than focusing on countering issues of Skiplagged's Experts, Dr. Vasigh or Dr. Phiroz, as he was required to do, Lee's third opinion focuses on entirely new subjects in an attempt to bolster AA's trial theories and attack Skiplagged on irrelevant points.

Specifically, Lee's opinions that Skiplagged misleads customers using a "bait and switch," that Skiplagged purchases tickets that lead to negative customer experiences with AA,

4

and spoilage of capacity in no way relate to Dr. Vasigh's or Dr. Phiroz's opinions on the history and emergence of hidden-city ticketing. Ex. 1, pp. 30-43 (App. pp. 34-47). Instead, Lee's outside opinions merely seek to support the allegations set forth in AA's Amended Complaint. Thus, Lee's third opinion labeled AA's "reasons for prohibiting hidden city ticketing" should be stricken as outside the scope of proper rebuttal expert report.

As a further reason to exclude Lee's third opinion, he was not designated to testify as to the subjects addressed in his third opinion and is not qualified to do so.

## CONCLUSION

For these reasons, Defendant Skiplagged, Inc. requests that the Court strike and exclude the above referenced portion of the expert testimony and opinion of Plaintiff AA's expert Darin Lee and grant all other relief to which Skiplagged may be justly entitled.

Dated: August 26, 2024

    */s/ William L. Kirkman*
William L. Kirkman
Texas Bar No. 11518700
Preston B. Sawyer
Texas Bar No. 24102456
**KIRKMAN LAW FIRM, PLLC**
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone: (817) 336-2800
Facsimile: (817) 887-1863
billk@kirkmanlawfirm.com
prestons@kirkmanlawfirm.com

    */s/ Abigail R.S. Campbell*
Aaron Z. Tobin
Texas Bar No. 24028045
Kendal B. Reed
Texas Bar No. 24048755
Abigail R.S. Campbell
Texas Bar No. 24098759
**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**

5

        8080 Park Lane, Suite 700
        Dallas, Texas 75231
        Telephone: (214) 265-3800
        Facsimile: (214) 691-6311
        atobin@condontobin.com
        kreed@condontobin.com
        acampbell@condontobin.com


        */s/ Darin M. Klemchuk*
        Darin M. Klemchuk
        Texas Bar No. 24002418
        **KLEMCHUK PLLC**
        8150 North Central Expressway, 10th Floor
        Dallas, Texas 75206
        Telephone: (214) 367-6000
        Facsimile: (214) 367-6001
        Darin.klemchuk@klemchuk.com

        ***Attorneys for Defendant, Skiplagged, Inc.***


## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for Plaintiff regarding the relief requested herein.

Counsel stated that Plaintiff is opposed.

        */s/ William L. Kirkman*
        William L. Kirkman

28380943v2 99460.002.00

**CERTIFICATE OF SERVICE**

On August 26, 2024, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/Abigail R.S. Campbell
Abigail R.S. Campbell

28380943v2 99460.002.00