IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

---

**PLAINTIFF AMERICAN AIRLINES, INC.'S MOTION TO EXCLUDE
EXPERT OPINIONS AND TESTIMONY OF ZAL PHIROZ, PHD
AND BRIEF IN SUPPORT**

---

## <u>TABLE OF CONTENTS</u>

**PAGE**

I.    INTRODUCTION ............................................................................................... 1

II.   LEGAL STANDARD ......................................................................................... 2

III.  ARGUMENT ...................................................................................................... 4

    A.    The Court should exclude Dr. Phiroz as his conclusions are irrelevant to the issues in controversy in this case. ...................................................... 4

    B.    Dr. Phiroz's Report should be excluded as unreliable as he cites to no data or sources to support any of his opinions. ................................................ 6

        1.    Dr. Phiroz cites to no support for any of his opinions. ............................. 7

        2.    Dr. Phiroz cannot merely rely on his experience as a basis for his opinions. ................................................................................................ 8

        3.    Dr. Phiroz relies on incorrect "facts." ....................................................... 9

        4.    Relevant data refute Dr. Phiroz's opinions. .............................................. 11

        5.    Dr. Phiroz's opinions mimic Skiplagged's defenses................................. 12

    C.    Dr. Phiroz's Report is barred by Rule 403 because it confuses the issues and will mislead the jury. ............................................................................ 13

IV.  CONCLUSION................................................................................................... 14

## TABLE OF AUTHORITIES

CASES                                                                                PAGE(S)

*Bocanegra v. Vicmar Servs., Inc.*,
   320 F.3d 581 (5th Cir. 2003) ............................................................................4

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993)............................................................................ *passim*

*DeWolff, Boberg & Assocs., Inc. v. Pethick*,
   No. 3:20-CV-3649-L, 2024 WL 1396267 (N.D. Tex. Mar. 31, 2024) ............................2, 3, 9

*Gen. Elec. Co. v. Joiner*,
   522 U.S. 136 (1997)........................................................................................3, 9

*Goodman v. Harris County*,
   571 F.3d 388 (5th Cir. 2009) ............................................................................3

*Guile v. United States*,
   422 F.3d 221 (5th Cir. 2005) ............................................................................6

*Guillory v. Domtar Indus. Inc.*,
   95 F.3d 1320 (5th Cir. 1996) ............................................................................9, 13

*Hathaway v. Bazany*,
   507 F.3d 312 (5th Cir. 2007) ............................................................................7, 8

*Highland Cap. Mgmt., L.P. v. Bank of Am., N.A.*,
   574 F. App'x 486 (5th Cir. 2014) ......................................................................4, 5

*Jacked Up, L.L.C. v. Sara Lee Corp.*,
   807 F. App'x 344 (5th Cir. 2020).......................................................................7

*Jezek v. R.E. Garrison Trucking, Inc.*,
   No. 4:21-cv-01102-O, 2022 WL 18717712 (N.D. Tex. Nov. 1, 2022) ......................................3

*Johnson v. Cox*,
   2023 WL 4686435 (N.D. Tex. July 21, 2023) ............................................................7

*Knight v. Kirby Inland Marine Inc.*,
   482 F.3d 347 (5th Cir. 2007) ............................................................................3, 4, 6

*LeBlanc v. Chevron USA, Inc.*,
   396 F. App'x 94 (5th Cir. 2010) ........................................................................9

*Moore v. Ashland Chem. Inc.*,
   151 F.3d 269 (5th Cir. 1998) ............................................................................6, 10, 11

*Moore v. Int'l Paint, L.L.C.*,
    547 Fed. Appx. 513 (5th Cir. 2013)..................................................................8, 9

*Orthoflex, Inc. v. Thermotek, Inc.*,
    986 F. Supp. 2d 776 (N.D. Tex. 2013) ...............................................................5

*Paz v. Brush Engineered Materials, Inc.*,
    555 F.3d 383 (5th Cir. 2009) ..............................................................................7

*Pipitone v. Biomatrix, Inc.*,
    288 F.3d 239 (5th Cir. 2002) ..............................................................................3

*Puga v. RCX Sols., Inc.*,
    922 F.3d 285 (5th Cir. 2019) ..............................................................................4

*Renfroe v. Parker*,
    974 F.3d 594 (5th Cir. 2020) ..............................................................................5

*Robroy Indus.-Texas, LLC v. Thomas & Betts Corp.*,
    No. 2:15-CV-512-WCB, 2017 WL 1319553 (E.D. Tex. Apr. 10, 2017) .................5

*Salas v. Carpenter*,
    980 F.2d 299 (5th Cir. 1992) ............................................................................10

*U.S. Alliance Group, Inc. v. Cardtronics USA, Inc.*,
    645 F. Supp. 3d 554 (E.D. La. 2002) ................................................................12

*Viterbo v. Dow Chem. Co.*,
    826 F.2d 420 (5th Cir. 1987) .........................................................................7, 12

*Vogler v. Blackmore*,
    352 F.3d 150 (5th Cir. 2003) ..............................................................................4

*Watkins v. Telsmith, Inc.*,
    121 F.3d 984 (5th Cir. 1997) ..............................................................................3

*Wilbourn v. BRG Sports, Inc.*,
    No. 4:19-CV-00263-P, 2021 WL 5577683 (N.D. Tex. Oct. 7, 2021) ...................6

## STATUTES

15 U.S.C. § 1114.......................................................................................................6

15 U.S.C. § 1125(a)..................................................................................................6

17 U.S.C. § 101........................................................................................................6

**Rules**

Fed. R. Evid. 402 ...................................................................................................................4

Fed. R. Evid. 403 .............................................................................................................13, 14

Fed. R. Evid. 702 ......................................................................................................... *passim*

Fed. R. Evid. 702(a) ...............................................................................................................4

Fed. R. Evid. 702(c) ...............................................................................................................3

## I.    INTRODUCTION

The opinions of Skiplagged, Inc.'s ("Skiplagged") designated supply chain expert, Zal Phiroz, PhD ("Dr. Phiroz"), are moot for two reasons. First, Dr. Phiroz was retained to "evaluate and opine on the impact of hidden-city fares on consumer behavior and demand," to demonstrate how "hidden-city ticketing is justified in the market." [App'x 006 (Phiroz Report, p. 2)]. But Skiplagged's Second Amended Answer and Affirmative Defenses (Skiplagged's live pleading) *omits* its originally-plead justification defense—rendering testimony about whether Skiplagged's practice is justified moot. [*Compare* Dkt. No. 63 at 22 (Skiplagged's justification defense in its First Amended Answer) *to* Dkt. No. 144 at 1–24 (Skiplagged's Second Amended Answer, not containing a justification defense)]. And second, after the Court's rulings on summary judgment [*see* Dkt. No. 199], the "correctness" of hidden-city ticketing (i.e., was there a breach of the Use Agreement or tortious interference with American's Conditions of Carriage) is no longer a live issue in this litigation. For each of these reasons alone, Dr. Phiroz should be excluded as an expert in this litigation because his opinions are moot.

Out of an abundance of caution, however, American files this Motion to Exclude, setting forth the substantive fatal flaws of Dr. Phiroz's expert report.

Citing to absolutely no authority or referencing any underlying support, Dr. Phiroz opines on a wide range of totally irrelevant topics. Dr. Phiroz's three-and-a-half page expert report does not provide a properly-supported expert analysis on any relevant issue. Instead, Dr. Phiroz improperly attempts to excuse Skiplagged's business model as morally justified, and bizarrely provides business and legal advice to American on how to counter both Skiplagged's online offerings as well as hidden city ticketing generally.

Dr. Phiroz incorrectly claims that Skiplagged's website is a "free" resource because Skiplagged allegedly does not purchase airline tickets for consumers, and that instead Skiplagged's

website only "educat[es] consumers" about "American's pricing strategy" before it then "points consumers to [other] websites" to purchase their own airfare. None of these claims are based on any referenced data or relevant sources, and indeed, such claims are simply not true. Dr. Phiroz's apparent expert opinion that skiplagged.com serves merely as an encyclopedia of airfare information is wrong and prejudicial. Dr. Phiroz also provides irrelevant opinions on how American could "entirely eliminate" Skiplagged's business as well as puzzling commentary on American's legal strategy in this matter. Such confusing statements likewise are totally irrelevant and are based on no cited facts or authority.

In sum, such "opinions" read more like opening trial arguments for Skiplagged than as expert opinions that would assist the trier of fact in understanding issues relevant to this controversy. None of these opinions are relevant or based on reliable and accurate underlying facts. Accordingly, Dr. Phiroz's opinions as a whole are inadmissible, and this Court should exclude Dr. Phiroz entirely.

## II.    LEGAL STANDARD

Trial courts act as gatekeepers for expert testimony, determining its admissibility based on Rule 702 of the Federal Rule of Evidence as well as *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and its progeny. *DeWolff, Boberg & Assocs., Inc. v. Pethick*, No. 3:20-CV-3649-L, 2024 WL 1396267, at *3 (N.D. Tex. Mar. 31, 2024). Under Rule 702, an expert witness may provide expert opinions if:

(a)    the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b)    the testimony is based on sufficient facts or data;
(c)    the testimony is the product of reliable principles and methods; and
(d)    the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

2

Fed. R. Evid. 702. Under *Daubert* and its progeny, expert testimony is admissible if the proponent of the testimony establishes: (1) the expert is qualified; (2) the evidence is relevant to the suit; and (3) the evidence is reliable. *See Watkins v. Telsmith, Inc.*, 121 F.3d 984, 988–89 (5th Cir. 1997). "The burden is on the proponent of the expert testimony to establish its admissibility by a preponderance of the evidence." *DeWolff, Boberg & Assocs.*, 2024 WL 1396267, at *3.

An expert may be qualified "by knowledge, skill, experience, training, or education." FED. R. EVID. 702. An expert may not "go beyond the scope of his expertise in giving his opinion." *Goodman v. Harris County*, 571 F.3d 388, 399 (5th Cir. 2009); *Jezek v. R.E. Garrison Trucking, Inc.*, No. 4:21-cv-01102-O, 2022 WL 18717712, at *3 (N.D. Tex. Nov. 1, 2022) (expert testimony inadmissible under Rule 702 when expert "concede[s] that he lacks both training and experience" regarding the specific topic at issue).

"Reliability is determined by assessing 'whether the reasoning or methodology underlying the testimony is scientifically valid.'" *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 352 (5th Cir. 2007) (quoting *Daubert*, 509 U.S. at 592–93); *see also* FED. R. EVID. 702(c) (testimony must be "the product of reliable principles and methods"). Expert testimony "must be reliable at each and every step," including "the methodology, the facts underlying the expert's opinion, [and] the link between the facts and the conclusion." *Knight*, 482 F.3d at 355 (citation omitted). Where "opinion evidence . . . is connected to existing data only by the *ipse dixit* of the expert," a "court may conclude that there is simply too great an analytical gap between the data and the opinion proffered" and exclude the expert testimony. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

To be relevant, "expert testimony [must] 'assist the trier of fact to understand the evidence or to determine a fact in issue.'" *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 245 (5th Cir. 2002) (quoting *Daubert*, 509 U.S. at 591). "Relevance depends upon 'whether [the expert's] reasoning

or methodology properly can be applied to the facts in issue.'" *Knight*, 482 F.3d at 352 (quoting *Daubert*, 509 U.S. at 593).

## III.   ARGUMENT

### A.   The Court should exclude Dr. Phiroz as his conclusions are irrelevant to the issues in controversy in this case.

Under Federal Rule of Evidence 702(a), an expert's knowledge must "help" the trier of fact understand the evidence or determine a fact in issue. 2023 Notes to FED. R. EVID. 702, ¶ 7, Appendix II. An expert's proposed testimony must be relevant "not simply in the way all testimony must be relevant [pursuant to Federal Rule of Evidence 402], but also in the sense that the expert's proposed opinion would assist the trier of fact to understand or determine a fact in issue." *Bocanegra v. Vicmar Servs., Inc*., 320 F.3d 581, 584 (5th Cir. 2003). The district court must determine whether the expert's reasoning or methodology "fits" the facts of the case and whether it will assist the trier of fact to understand the evidence, *i.e.*, whether it is relevant. *Daubert*, 509 U.S. at 591. An expert's testimony is not relevant and may be excluded if it is directed to an issue that is "well within the common sense understanding of jurors and requires no expert testimony." *Vogler v. Blackmore*, 352 F.3d 150, 155 (5th Cir. 2003).

"When performing [the required gate-keeping Rule 702 and *Daubert*] analysis, the court's main focus should be on determining whether the expert's opinion will assist the trier of fact." *Puga v. RCX Sols., Inc*., 922 F.3d 285, 293 (5th Cir. 2019). "Assisting the trier of fact means the trial judge ought to insist that a proffered expert bring to the jury more than the lawyers can offer in argument," but "the helpfulness threshold is low: it is principally . . . a matter of relevance." *Id*. at 293-94 (cleaned up). Further, an expert cannot make "legal conclusions reserved for the court," credit or discredit witness testimony, or "otherwise make[ ] factual determinations reserved for the trier of fact." *Highland Cap. Mgmt., L.P. v. Bank of Am., N.A*., 574 F. App'x 486, 491 (5th Cir.

2014); *see also Renfroe v. Parker*, 974 F.3d 594, 598 (5th Cir. 2020) (quoting *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009) ("[e]xperts cannot 'render conclusions of law' or provide opinions on legal issues").

Dr. Phiroz's Report contains numerous irrelevant opinions on issues not in controversy in this case. He makes the following irrelevant and prejudicial opinions:

- American chose to delay the present lawsuit because "eliminating hidden fare businesses could potentially negatively impact American Airlines' overall business model"

- American could address and/or "entirely eliminate" Skiplagged's hidden-fare business model by using static pricing, "threaten customers with fines for using hidden ticket fares," or "[b]ring a suit such as this against Skiplagged . . ."

- ". . . airlines also participate in manipulating the system by constantly–and without clear explanation–changing their prices and often charging different prices to passengers on the same flight"

- "There is ample justification for the existence and use of hidden-city ticketing and fares in the marketplace and hence for the business of Skiplagged"

- "Skiplagged is providing a very valuable service to the consuming public"

[App'x 007–8 (Phiroz Report, pp. 3–4)]. All of these opinions are irrelevant to this case.

An expert cannot make "legal conclusions reserved for the court," or "otherwise make[ ] factual determinations reserved for the trier of fact." *Highland Cap. Mgmt., L.P. v. Bank of Am., N.A.*, 574 F. App'x 486, 491 (5th Cir. 2014). Further, it is impermissible for an expert witness to be called "merely to present [a party's] trial arguments as expert opinions." *Orthoflex, Inc. v. Thermotek, Inc.*, 986 F. Supp. 2d 776, 798 (N.D. Tex. 2013). In a similar case, an expert witness's report included to "what amounts to a summary of the defendant's theory of the case," such that "she is not serving as an expert, but is simply passing along information provided by others and laying out the defendant's theory of the case," such that the court found "that [this] use of expert testimony is improper." *Robroy Indus.-Texas, LLC v. Thomas & Betts Corp.*, No. 2:15-CV-512-

WCB, 2017 WL 1319553, at *3 (E.D. Tex. Apr. 10, 2017); *see also Wilbourn v. BRG Sports, Inc*., No. 4:19-CV-00263-P, 2021 WL 5577683, at *7 (N.D. Tex. Oct. 7, 2021) (excluding expert testimony where it was a "recitation of Plaintiff's trial arguments.").

Dr. Phiroz's subjective beliefs regarding the value of Defendant's services and the wisdom of American's decision-making on legal and business matters further fail to help the trier of fact understand the evidence or determine any fact at issue in this matter, a case involving claims of trademark infringement under 15 U.S.C. § 1114, False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125(a), and damages for copyright infringement under 17 U.S.C. § 101. Instead, such opinions are totally irrelevant and tend to state legal conclusions, and thus are clearly prejudicial and inadmissible. "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591. As these opinions do "not relate to any issue in the case" and therefore are not relevant, this Court should exclude Dr. Phiroz.

**B.      Dr. Phiroz's Report should be excluded as unreliable as he cites to no data or sources to support any of his opinions.**

The party offering the report or testimony bears the burden of establishing its reliability by a preponderance of the evidence. *See Moore v. Ashland Chem. Inc*., 151 F.3d 269, 276 (5th Cir. 1998). The reliability inquiry requires the Court to assess whether the expert's reasoning and methodology underlying the testimony are valid. *See Daubert*, 509 U.S. at 593. "[F]undamentally unsupported" opinions "offer[ ] no expert assistance to the [trier of fact]" and should be excluded. *Guile v. United States*, 422 F.3d 221, 227 (5th Cir. 2005). "The reliability analysis applies to all aspects of an expert's testimony: the methodology, the facts underlying the expert's opinion, the link between the facts and the conclusion, et alia." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007) (internal quotation marks omitted). "Where the expert's opinion is based

on insufficient information, the analysis is unreliable." *Paz v. Brush Engineered Materials, Inc.,* 555 F.3d 383, 388 (5th Cir. 2009).

Courts routinely exclude expert testimony where the expert "offers little more than personal assurances based on his [professional] experience that his conclusions are so" on the grounds that such opinions have "insufficient factual support and lack [ ] reliable methodology." *Hathaway v. Bazany*, 507 F.3d 312, 318 (5th Cir. 2007) ("[T]he existence of sufficient facts and a reliable methodology is in all instances mandatory."). "Without more than credentials and a subjective opinion, an expert's testimony that 'it is so' is not admissible." *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 424 (5th Cir. 1987).

### 1.    Dr. Phiroz cites to no support for any of his opinions.

Dr. Phiroz's Report cites to no basis and includes no reliable analysis in support of his opinions related to skiplagging generally, about how Skiplagged's or American's business operations work, the factors affecting how airlines price airfare and generally operate, and his opinions regarding the morality or justification of Skiplagged's proffered services. [App'x 006–09 (Phiroz Report, p. 2–5)]. Generally, the facts, data, and sources used in an expert's opinion are considered by the jury in weighing the evidence, but "in some cases 'the source upon which an expert's opinion relies is of such little weight that the jury should not be permitted to receive that opinion.'" *Jacked Up, L.L.C. v. Sara Lee Corp.*, 807 F. App'x 344, 348 (5th Cir. 2020) (quoting *Viterbo*, 826 F.2d at 422); *see also Johnson v. Cox*, 2023 WL 4686435 (N.D. Tex. July 21, 2023) (Horan) (excluding expert opinion where expert cited to no evidence to support his opinion).

Dr. Phiroz does not contend that he visited, gathered, or relied on any data from either American or Skiplagged's websites or databases, inspected any data from either party or academic source regarding either party or the airline industry generally, or provide any indication that he is personally familiar with Skiplagged's or American's business. [App'x 005–09 (Phiroz Report, p.

1–5)]. Instead, Phiroz merely attaches his appendix of listed material he says he reviewed prior to providing his opinion: two (unattached) declarations from Skiplagged's Chief Executive Officer, American's First Amended Complaint, and several third-party news articles regarding the present lawsuit and/or skiplagging generally. [App'x 018–20 (Phiroz Report, Appendix C)]. However, such records (even if cited to in his Report, which they are not) wholly fail to provide any support for Dr. Phiroz's opinions, and his report is thus totally lacking reliability as required under Rule 702 and relevant case law.

Dr. Phiroz's opinions about skiplagging as a general concept, what services Skiplagged provides, or how its business model operates, as well as his opinions regarding how airlines determine airfare prices or address skiplagging, without more explanation regarding the basis of his statements, are simply not admissible. "[E]xpert testimony that relies on completely unsubstantiated factual assertions is inadmissible." *Moore v. Int'l Paint, L.L.C.*, 547 Fed. Appx. 513, 515 (5th Cir. 2013) (internal quotation marks, alterations, and citations omitted). Because Dr. Phiroz provides absolutely no citation to any data or relevant studies to support his bare conclusions, this Court should exclude him entirely. *See Hathaway*, 507 F.3d at 318 ("[T]he existence of sufficient facts and a reliable methodology is in all instances mandatory.").

**2.      Dr. Phiroz cannot merely rely on his experience as a basis for his opinions.**

Dr. Phiroz merely concludes, without *any* elaboration or explanation, that his "industrial experience" (which does not include any travel website, airline company, or any other relevant experience), "educational background" (which focused on supply chains), and "academic involvement" (likewise, no relevant industry), "has led [him] to form the opinions shared in [his] report." [App'x 005, 009 (Phiroz Report, p. 1, 5)]. Dr. Phiroz fails to include any explanation how his experience led him to make his conclusions, how his experience provides a sufficient basis for his opinions and how he reliably applies his experience to the facts of this case, and thus this Court

8

should exclude his report for lack of reliability. *See* FED. R. EVID. 702 advisory committee's note to 2000 amendments (witness "relying solely or primarily on experience . . . must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts"); *DeWolff, Boberg & Associates, Inc.*, 2024 WL 1396267, * 3 (striking expert witness testimony regarding damages for lack of reliability where expert provided no analysis of how his experience led him to make ultimate conclusion).

Dr. Phiroz's bare assertions that his personal knowledge and experience led to his conclusions do not meet the requisite reliability standard under Rule 702. Where "opinion evidence . . . is connected to existing data only by the *ipse dixit* of the expert," a "court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *see also LeBlanc v. Chevron USA, Inc*., 396 F. App'x 94, 100 (5th Cir. 2010) ("[e]ven when an expert is extrapolating from personal experience," his opinion "must have some demonstrable and reliable basis in underlying facts" beyond *ipse dixit*). Accordingly, Dr. Phiroz's report cannot be found reliable as it is not properly based on his purported experience, and for this reason alone, he should be excluded as an expert witness.

### 3.    Dr. Phiroz relies on incorrect "facts."

The Fifth Circuit has further recognized that "[t]he Daubert reliability analysis applies to, among other things, 'the facts underlying the expert's opinion.'" *Moore*, 547 Fed. Appx. at 515 (quoting *Knight* 482 F.3d at 355 (internal quotation marks omitted)). As the gatekeeper, the Cfourt must "extract evidence tainted by farce or fiction. Expert evidence based on a fictitious set of facts is just as unreliable as evidence based upon no research at all." *Guillory v. Domtar Indus. Inc*., 95 F.3d 1320, 1331 (5th Cir. 1996). "Generally, the fact-finder is entitled to hear an expert's testimony and decide whether the predicate facts on which the expert relied are accurate. At the same time,

however, expert testimony that relies on completely unsubstantiated factual assertions is inadmissible." *Moore*, 547 F. App'x at 515 (internal quotation marks, alterations, and citations omitted). Ultimately, the expert must "'bring to the jury more than the lawyers can offer in argument.'" *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992) (quoting *In re Air Crash Disaster at New Orleans, La*., 795 F.2d 1230, 1233 (5th Cir. 1986)).

It is clear Dr. Phiroz relied on inaccurate "facts" regarding Skiplagged such that his conclusions are wholly unreliable. Dr. Phiroz incorrectly claims that Skiplagged "essentially points consumers to websites . . . [and] [c]onsumers then purchase tickets from the actual seller" and thereby indicates that Skiplagged is a "free" website (omitting any discussion of fees Skiplagged charges) such that skiplagged.com provides a "very valuable service to the consuming public." [App'x 007–08 (Phiroz Report, p. 3–4)]. Dr. Phiroz never acknowledges that Skiplagged offers a "Book Now" option to directly purchase airfare through skiplagged.com that collects the consumer's information and automatically purchases a ticket on American's website on behalf of the consumer, or that this option simultaneously charges the consumer an additional fee beyond the price of the airfare. [App'x 024 (Declaration of Aktarer Zaman Submitted in Support of Defendant Skiplagged, Inc.'s Motion to Dismiss ("Zaman Declaration") [Dkt. No. 22], ¶ 12 (explaining the fee-based "Book Now" option))]. While Dr. Phiroz does not allege he even visited skiplagged.com much less attempted to purchase a ticket at that site, as discussed in the Expert Rebuttal Repot of Darin N. Lee, Ph.D. ("Lee Report"), Dr. Lee found that ███████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████ [App'x 061–63 (Lee Report, p. 31–33) (internal citations omitted)].

10

Furthermore, Dr. Lee explained that skiplagged.com utilizes a "bait and switch" technique, by claiming it is offering the consumer an allegedly low-cost ticket, even though a search on the airline's website shows other flights for the same day that are even *less* than the cost of the flight offered by Skiplagged, as well as increasing the airfare price before the final sale (but still alleging the original savings). [App'x 061–64 (Lee Report, pp. 31–34) (internal citations omitted); App'x 129 (Deposition Transcript of Darin N. Lee ("Lee Depo."), 144:19–145:15)]. Such facts totally undercut Dr. Phiroz's conclusions regarding Skiplagged's business. Because, ". . . an opinion based on 'insufficient, erroneous information,' fails the reliability standard," Dr. Phiroz's claim that Skiplagged is a "free" website that does not sell tickets to the consumer and provides a "very valuable service to the consuming public" is based on incorrect data, his opinions are unreliable and Dr. Phiroz should be excluded. *Moore*, 547 F. App'x at 513 (quoting *Paz*, 555 F.3d at 389 (affirming exclusion of expert opinion that relied on false assumptions rebutted by undisputed record evidence).

### 4.   Relevant data refute Dr. Phiroz's opinions.

Furthermore, relevant data *refute* Dr. Phiroz's totally-unsupported claims that American utilizes a pricing strategy aimed at "manipulating the system" and that "American Airlines assumedly uses this strategy [dynamic pricing] to extract an advantage by marketing the same product to multiple categories of consumers (multiple segments)," and it could instead use static pricing so that "there would not be an advantage for hidden-fare ticketing," such that Skiplagged could then no longer provide its alleged "very valuable service to the consuming public . . ." [App'x 007–08 (Phiroz Report, at p. 3–4)]. As Dr. Lee discusses in his report,

11

█████████████████████████ [App'x 053–59 (Lee Report, p. 23–29) (internal citations omitted);

App'x 125 (Lee Depo., 128:10–128:24].

For instance, as of June 2024 American serves 334 destinations with over 5,400 daily

flights, providing consumers with a large number of flights across the globe. [App'x 053–54 (Lee

Report, p. 23–24) (internal citations omitted)]. Further, Dr. Lee points out that ███████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████ [App'x 057 (Lee Report, p. 27) (internal citations omitted)]. Moreover, in his

well-cited report, Dr. Lee notes that █████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

█████████████████████████████████ [App'x 058–59 (Lee Report, p. 28–29)

(internal citations omitted)]. Thus, relevant data and analysis show that Dr. Phiroz's unsupported

claims are incorrect, and therefore totally unreliable.

### 5.      Dr. Phiroz's opinions mimic Skiplagged's defenses.

The Fifth Circuit has made clear that when expert testimony is "no more than [a party's]

testimony dressed up and sanctified as the opinion of an expert," it is not admissible. *Viterbo*, 826

F.2d at 424. Further, "[i]t is well settled that expert reports that are 'nothing more than bare

conclusions' are inadmissible because they offer no value to the trier of fact." *U.S. Alliance Group,*

*Inc. v. Cardtronics USA, Inc.*, 645 F. Supp. 3d 554, 561 (E.D. La. 2002) (quoting *Slaugther v.*

*Southern Talc Co*., 919 F.2d 304, 307 (5th Cir. 1990)). Here, Dr. Phiroz's Report clearly contains

opinions that are "bare conclusions" that are "no more than [Skiplagged's] testimony dressed up."

These include his opinions that "Skiplagged focuses on educating potential consumers on how they might be able to purchase plane tickets (and other travel-related services) . . . Skiplagged does not purchase tickets from airline carriers, nor does it directly sell tickets to customers" and ". . . Skiplagged is educating consumers of the disadvantages and shortcomings to them of American Airline's pricing strategy . . ." [App'x 007 (Phiroz Report, p. 3)].

These unsupported statements are essentially bare conclusions that mimic Skiplagged's own stated defenses. [App'x 024 (Zaman Declaration, ¶ 12 ("Skiplagged.com provides a wide range *of travel information* . . . including for persons interest in booking commercial airline flights. Skiplagged uses a unique algorithm to enable customers *to identify affordable rates* for airline or hotel accommodations. . .") (emphasis added)); App'x 145 (Defendant Skiplagged's Third Amended Objections and Responses to Plaintiff's First Set of Interrogatories at Interrogatory No. 4 ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████ ) (emphasis added))]. Here, it is clear Dr. Phiroz is impermissibly mimicking Skiplagged's defenses, especially considering, as discussed more fully below, that these "facts" are not accurate.

## C.   Dr. Phiroz's Report is barred by Rule 403 because it confuses the issues and will mislead the jury.

Even if the Court finds Dr. Phiroz's methodology reliable and his opinions relevant, his Report is barred by Rule 403. *See Daubert*, 509 U.S. at 595 ("'Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge, in weighing possible prejudice against probative force under Rule 403 of the present rules, exercises more control over experts than over lay witnesses.'"); *see also Guillory,* 95 F.3d at 1331 (noting that even if properly excluded expert testimony were admissible under Rule 702, the

district court could have also excluded it under Rule 403). Rule 403 prohibits admission of relevant testimony if its probative value is substantially outweighed by the danger that the evidence will confuse the issues or mislead the jury. *See* FED. R. EVID. 403.

Dr. Phiroz's Report confuses the legal contentions actually in controversy by focusing on non-issues in this case (including whether consumers receive a benefit from Skiplagged, whether Skiplagged is justified in offering its services, speculating on the timing of when American chose to sue Skiplagged and thereby indicating American has an improper basis for not suing earlier, and providing various suggestions for American to take to reduce skiplagging that do not include suing Skiplagged and thus also casts doubt on American's decision to sue Skiplagged). [App'x 006–07 (Phiroz Report, pp. 2–5)]. Further, his opinions are based on fictitious facts that will mislead the jury (*e.g.*, his incorrect claim that skiplagged.com only "directs" consumers to other websites to personally purchase their airline tickets without acknowledging the "Buy Now" option that charges consumers an additional fee). [App'x 006–07 (Phiroz Report, p. 2–5)]. The Phiroz Report as a whole confuses the issues and attempts to cast Skiplagged as an innocent website there merely provides consumers with useful information—a claim totally at odds with the reality of what skiplagged.com sells. Because juries place great weight on expert evidence, Dr. Phiroz's confusing and misleading report is especially dangerous and should be excluded under Rule 403.

## IV.    CONCLUSION

For the reasons stated above, the Court should grant American's Motion to Exclude Expert Zal Phiroz, PhD, striking Dr. Phiroz's expert report and excluding his opinions and testimony from this litigation.

Dated: August 26, 2024                    Respectfully submitted,

                                          */s/ Dee J. Kelly, Jr.*
                                          Dee J. Kelly, Jr.
                                          State Bar No. 11217250
                                          dee.kelly@kellyhart.com
                                          Julia G. Wisenberg
                                          State Bar No. 24099146
                                          julia.wisenberg@kellyhart.com
                                          KELLY HART & HALLMAN LLP
                                          201 Main Street, Suite 2500
                                          Fort Worth, Texas 76102
                                          (817) 332-2500

                                          R. Paul Yetter
                                          State Bar No. 22154200
                                          pyetter@yettercoleman.com
                                          YETTER COLEMAN LLP
                                          811 Main Street, Suite 4100
                                          Houston, Texas 77002
                                          (713) 632-8003

                                          Cameron M. Nelson
                                          nelsonc@gtlaw.com
                                          GREENBERG TRAURIG LLP
                                          77 West Wacker Drive, Suite 3100
                                          Chicago, Illinois 60601
                                          Telephone: (312) 456-6590

                                          Nathan J. Muyskens
                                          nathan.muyskens@gtlaw.com
                                          GREENBERG TRAURIG LLP
                                          2101 L Street, N.W., Suite 1000
                                          Washington, DC 20037
                                          Telephone: (202) 331-3100

                                          **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I certify that on August 26, 2024, I conferred with Bill Kirkman, counsel for Skiplagged, who stated that Skiplagged is opposed to the relief requested herein.

/s/ Julia G. Wisenberg
Julia G. Wisenberg

## CERTIFICATE OF SERVICE

I certify that on August 26, 2024, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

/s/ Dee J. Kelly, Jr.
Dee J. Kelly, Jr.