IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

---

**AGREED CHARGE[1,2]**

---

## I.      PRELIMINARY INSTRUCTIONS

<u>Proposed Instruction No.</u>

§ 1.1 – Instructions for Beginning of Trial

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service,

---

[1] By submitting its Proposed Jury Instructions, American Airlines, Inc. does not waive its objection to the submission of certain instructions or questions, including on the basis that no pleading or evidence supports them or that the instructions or questions present equitable issues for the Court, not a jury.

[2] By submitting its Proposed Jury Instructions, Skiplagged, Inc. does not waive its objection to the submission of certain instructions or questions, including on the basis that no pleading or evidence supports them or that the instructions or questions seek an impermissible double recovery.

any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

*Source*: Fifth Circuit Court of Appeals Pattern Jury Instructions (Civil Cases) (2020), § 1.1 (Preliminary Instructions to Jury)

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

Proposed Instruction No.

§ 1.2 – Preliminary Instructions to Jury

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide, and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the

bench, please do not listen to what we are discussing. If the discussions require more time, I may excuse you from the courtroom while I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

*Source*: Fifth Circuit Court of Appeals Pattern Jury Instructions (Civil Cases) (2020), § 1.2 (Preliminary Instructions to Jury) (modified to allow for Preliminary Instructions, Fifth Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024).

Accepted as Written: _____      Accepted as Modified: _____                Refused: _____

_____ 2024,

_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

4

<u>Proposed Instruction No.</u>

§ 14.1 – Specific Preliminary Instructions, Trademark Infringement – Nature of Claims and Defenses[3]

Before the attorneys give their opening statements, to help you follow the evidence, I will now give you a summary of what this case is about.

The Plaintiff in this case is American Airlines, Inc. When I refer to the Plaintiff, I will use the terms Plaintiff, American Airlines, or American.

The Defendant in this case is Skiplagged, Inc. When I refer to the Defendant, I will use the terms Defendant or Skiplagged.

American claims that Skiplagged has infringed, or committed trademark infringement and unfair competition by infringing, trademarks registered and owned by American.

A trademark is a word, symbol, or combination of words and symbols used by an individual or company to identify its products or services, to distinguish its products from those manufactured or sold by others, or to distinguish its services from those offered by others, and to indicate the source of its products or services.[4]

Skiplagged denies that it has infringed any of American's trademarks or committed any acts of unfair competition by infringing any of American's trademarks and asserts certain affirmative defenses to American's claims.

<u>Source:</u> Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.1 (Specific Preliminary Instructions—Nature of Claims and Defenses); 15 U.S.C. § 1127.

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

---

[3] Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.1 (Specific Preliminary Instructions—Nature of Claims and Defenses).

[4] *Id.* (citing 15 U.S.C. § 1127).

<u>Proposed Instruction No.</u>

§ 14.2 – Specific Preliminary Instructions—American's Trademarks[5]

American claims that Skiplagged has infringed five of its trademarks. American's trademarks at issue are: (1) two word trademarks for "AMERICAN AIRLINES"; (2) two trademarks on American's Flight Symbol logos,  and  ; and (3) a combined word and design trademark for "American"" with its associated Flight Symbol logo  .

A trademark is a property right that is acquired by use. If through its use, a word or design comes to symbolize an individual's product or service in the public mind, the individual acquires a property right in that trademark.[6] American bears the burden of proving it has acquired trademark rights in the trademarks it asserts in this case.

A trademark need not, but can, be registered with the United States Patent and Trademark Office. A federal trademark registration is evidence of the registrant's exclusive right to use the mark in commerce, but only on or in connection with the goods or services specified in the registration and subject to any conditions or limitations stated in the registration.[7]

American's two federal trademark registrations for the word mark "AMERICAN AIRLINES" specify the goods and services associated with this mark as:

- air transport of passengers, cargo, and freight; providing travel agency services, namely, providing travel reservation services for others, namely, coordinating travel arrangements for individuals and for groups, providing information in the field of travel by means of a global computer network; etc.[8]; and

- computer application software for mobile devices and handheld computers, namely, software for providing information in the fields of travel, transportation and loyalty award programs; computer application software for mobile devices; computer application software for mobile devices and handheld computers, namely, software for ticketing passengers, checking reservations, and checking flight status.[9]

---

[5] Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.2 (Specific Preliminary Instructions—Plaintiff's Trademarks).

[6] *Id.* (citing *Trade-Mark Cases*, 100 U.S. 82, 94-95 (1879); *Bos. Prof. Hockey Ass'n v. Dall. Cap & Emblem Mfg., Inc.*, 510 F.2d 1004, 1014 (5th Cir. 1975)).

[7] *Id.* (citing 15 U.S.C. § 1115(a); *Soweco, Inc. v. Shell Oil Co.*, 617 F.2d 1178, 1184 (5th Cir. 1980); *Elvis Presley Enters. v. Capece*, 141 F.3d 188, 194 (5th Cir. 1998); *Violet Crown Cinemas, LLC v. Int'l Dev. Mgmt., LLC*, No. 21-cv-1142, 2022 U.S. Dist. LEXIS 166518, at *1-11 (W.D. Tex. Sept. 15, 2022); *Waterloo Sparkling Water Corp. v. Treaty Oak Brewing & Distilling Co.*, No. 21-cv-161, 2021 WL 5568159, at *4-5 (W.D. Tex. Nov. 28, 2021)).

[8] U.S. Trademark Reg. No. 4939082.

[9] U.S. Trademark Reg. No. 5279167.

American's federal trademark registration for the Flight Symbol logo mark  in color specifies the services associated with this mark as:

- air transportation of passengers, cargo, and freight; providing travel agency services, namely, providing transportation reservation services for others, air transportation reservation services for others, etc. by means of a global computer network; providing information in the field of travel by means of a global computer network.[10]

American's federal trademark registration for the Flight Symbol logo mark independent of color specifies the services associated with this mark as:

- air transport of passengers, cargo, and freight; providing travel agency services, namely, providing travel reservation services for others, air transportation reservation services for others, ground support services in the field of air transportation, namely, marking, sorting, loading, unloading, transfer, and transit of cargo and passengers' luggage; providing information concerning cargo and passengers' luggage in transit and delivery; air travel passenger ticketing and check-in services; booking and providing ancillary travel services, namely, making reservations in the nature of seat selection, baggage check-in; airport ramp services, namely, transfer of checked baggage to aircraft; airport ramp services, namely, transfer of carry-on baggage to aircraft; airline services, etc.[11]

American's federal trademark registration for the combined word and symbol mark for "American" with the Flight Symbol logo specifies the services associated with this mark as:

- air transport of passengers, cargo, and freight; providing travel agency services, namely, providing travel reservation services for others, namely, coordinating travel arrangements for individuals and for groups, air transportation reservation services for others, and vacation reservation services by means of a global computer network, namely, coordinating travel arrangements for individuals and for groups; providing information in the field of travel by means of a global computer network.[12]

*Source:* Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.2 (Specific Preliminary Instructions—Plaintiff's Trademarks); 15 U.S.C. § 1115(a); *Soweco, Inc. v. Shell Oil Co*., 617 F.2d 1178, 1184 (5th Cir. 1980); *Elvis Presley Enters. v. Capece*, 141 F.3d 188, 194 (5th Cir. 1998); *Trade-Mark Cases*, 100 U.S. 82, 94-95 (1879); *Bos. Prof. Hockey Ass'n v. Dall. Cap & Emblem Mfg., Inc*., 510 F.2d 1004, 1014 (5th Cir. 1975); *Violet Crown Cinemas, LLC v. Int'l Dev. Mgmt., LLC*, No. 21-cv-1142, 2022 U.S. Dist. LEXIS 166518,

---

[10] U.S. Trademark Reg. No. 4449061.

[11] U.S. Trademark Reg. No. 5559145.

[12] U.S. Trademark Reg. No. 5288639.

at *1-11 (W.D. Tex. Sept. 15, 2022); *Waterloo Sparkling Water Corp. v. Treaty Oak Brewing & Distilling Co.*, No. 21-cv-161, 2021 WL 5568159, at *4-5 (W.D. Tex. Nov. 28, 2021).

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

**DEFENDANT PROPOSES THE BOLDED LANGUAGE BELOW; PLAINTIFF OBJECTS TO THE SUBMISSION OF EQUITABLE DEFENSES**

<u>Proposed Instruction No.[13]</u>

§ 14.3 – Specific Preliminary Instructions—The Parties' Burdens of Proof[14]

American contends that Skiplagged infringes its marks by using American's registered trademarks in connection with providing travel reservation services, providing information in the field of travel, and providing computer applications software for mobile devices. To prevail against Skiplagged, American has the burden of proving, by a preponderance of the evidence, that Skiplagged infringes American's marks.

Skiplagged denies that it infringes American's trademarks, but contends that, even if American could prevail on one or more of its trademark-related claims, American still is not entitled to any recovery or relief on any of those claims under affirmative defenses **of laches,** nominative fair use, express license, **and estoppel by acquiescence**. Skiplagged bears the burden of proving any affirmative defenses it has asserted by a preponderance of the evidence.[15]

The standard in a trademark infringement and an unfair competition claim is "likelihood of confusion." To prevail on a claim of trademark infringement or unfair competition, American must prove by a preponderance of evidence that Skiplagged's use of American's marks in connection with air travel-related goods and services and computer applications software for mobile devices creates a likelihood of consumer confusion as to source, affiliation, or sponsorship.[16] Merely reproducing a trademark is not trademark infringement if there is no likelihood of confusion. A "likelihood of confusion" means that confusion is not just possible, but probable.[17]

---

[13] For convenience of review at the charge conference, the parties have highlighted instructions for which the parties have disagreement. Additionally, the parties have left instruction numbers blank and omitted predication given the potential for deletions and additions at the charge conference. The parties will fill in those final matters following the Court's rulings.

[14] Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.3 (Specific Preliminary Instructions—The Parties' Burdens of Proof).

[15] *Id.* (citing *Janes v. Watson*, No. SA-05-CA-0473, 2006 U.S. Dist. LEXIS 59004, at *50-51 (W.D. Tex. Aug. 2, 2006) (citations omitted); *Sugar Busters LLC v. Brennan*, 177 F.3d 258, 271-72 (5th Cir. 1999); Restatement (Third) of Unfair Competition § 32 & cmt. a (Am. L. Inst. 1995); 5 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, §§ 31:44-58 (4th ed. 2009)).

[16] *Id.* (citing 15 U.S.C. § 1114(1); *Elvis Presley Enters. v. Capece*, 141 F.3d 188, 193 (5th Cir. 1998); *Rex Real Est. I, L.P. v. Rex Real Est. Exch., Inc.*, 80 F.4th 607 (5th Cir. 2023)).

[17] *Id.* (citing 5 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, § 25.28 (4th ed. 2009); *Bd. of Supervisors for LSU Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 478 (5th Cir. 2008); *Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co.*, 671 F.3d 526, 532 (5th Cir. 2012)).

<u>*Source:*</u> Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.3 (Specific Preliminary Instructions—The Parties' Burdens of Proof); *Janes v. Watson*, No. SA-05-CA-0473, 2006 U.S. Dist. LEXIS 59004, at *50-51 (W.D. Tex. Aug. 2, 2006) (citations omitted); *Sugar Busters LLC v. Brennan*, 177 F.3d 258, 271-72 (5th Cir. 1999); Restatement (Third) of Unfair Competition § 32 & cmt. a (Am. L. Inst. 1995); 5 J. Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition*, §§ 31:44-58 (4th ed. 2009).

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

### Objections & Authorities

**References to equitable defenses**

| | |
|---|---|
| **Plaintiff's position and authority:** | Reference to the equitable defenses is improper because equitable defenses are for the Court, not a jury. *Encompass Office Sols., Inc. v. Louisiana Health Serv. & Indem. Co*., 919 F.3d 266, 281 (5th Cir. 2019) (no Seventh Amendment jury trial right applies to equitable defenses); *Austin v. Shalala*, 994 F.2d 1170, 1177 n.7 (5th Cir. 1993) (explaining that an equitable defense—even to a legal claim—is tried to the court); *eTool Dev., Inc. v. Nat'l Semiconductor Corp*., No. 2:08-CV-196-WCB, 2011 WL 12677158, at *1 (E.D. Tex. Dec. 12, 2011) ("The Plaintiffs correctly note that the issues of inequitable conduct and unclean hands are equitable in nature and that no right to a jury trial attaches to those issues."); *M-I LLC v. FPUSA, LLC*, No. 5:15-CV-406-DAE, 2021 WL 8946454, at *5 (W.D. Tex. Feb. 3, 2021) (Inequitable conduct and unclean hands are both equitable defenses "not triable of right by a jury."); *Reservoir, Inc. v. Truesdell*, No. CIV.A. 4:12-2756, 2013 WL 5574897, at *5 (S.D. Tex. Oct. 9, 2013) (holding that the "court is the finder of fact on equitable defenses," including laches).*see also e.g., United Services Auto. Ass'n v. PNC Bank N.A*., 622 F. Supp. 3d 337, 339 (E.D. Tex. 2022) (equitable defenses of estoppel and unclean hands determined by the court after a jury trial); *OPTi Inc. v. VIA Techs., Inc*., No. 2:10-CV-00279-JRG, 2015 WL 417159, at *1 (E.D. Tex. Jan. 30, 2015) (laches and estoppel tried to court after jury trial); *see also SCA Hygiene Products Aktiebolag v. First Quality Baby Products, LLC*, 580 U.S. 328, 335 (2017) (holding in copyright context that "laches is a |

10

'defense developed by courts of equity'" that requires a case-specific "judicial determination"); *Deere & Co. v. FIMCO Inc.*, 239 F. Supp. 3d 964, 1003 (W.D. Ky. 2017) (equitable defenses to trademark infringement include "laches, acquiescence, estoppel, and implied license").

While equitable matters may be tried to a jury by party agreement or on an advisory basis if appropriate, the parties do not agree in this case to submit the equitable defenses to a jury, and American maintains that the submission will significantly complicate and lengthen the jury charge and the trial, will introduce evidentiary disputes on matters that go only toward the equitable defenses but may infect the remainder of the trial, and will prejudice the jury's consideration on the matters the jury is constitutionally required to determine.

| | |
|---|---|
| **Defendant's position and authority:** | Courts in the 5th Circuit have allowed juries to be presented with these defenses. The *M-I* case cited by American expressly notes that equitable defenses can be submitted to the jury on special interrogatories. *M-I LLC v. FPUSA, LLC*, No. 5:15-CV-406-DAE, 2021 U.S. Dist. LEXIS 259333 *12 (W.D. Tex. Feb. 3, 2021). This holding is consistent with the 11th Circuit's instruction on copyright estoppel. *See* Civil Pattern Jury Instructions, Eleventh Circuit 9.28 (2024)("the judge not the jury should decide whether estoppel applies, though the judge may have the jury consider the issue in an advisory capacity"). More importantly, courts in the Fifth Circuit have in fact submitted equitable defenses to the jury in trademark and copyright cases. *See Conan Props. v. Conans Pizza, Inc.*, 752 F.2d 145 (5th Cir. 1985) (jury verdict on laches and acquiescence in trademark case); *Gibson Brands, Inc. v. Armadillo Distribution Enters.*, Civil Action No. 4:19-CV-358, 2022 U.S. Dist. LEXIS 134483 (E.D. Tex. July 28, 2022) (jury finding on laches in trademark case); *Gibson, Inc. v. Armadillo Distribution Enters.*, 107 F.4th 441 (5th Cir. 2024) (jury finding on laches and acquiescence in trademark case); *Pennzoil-Quaker State Co. v. Miller Oil & Gas Operations*, 779 F.3d 290, 297(5th Cir. 2015) (noting history of upholding jury instructions on laches); *Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:16-CV-00033-RWS, 2017 U.S. Dist. LEXIS 181387 (E.D. Tex. Nov. 1, 2017) (only issues of fact related to the license defense will go to the jury); *Kipp Flores Architects, LLC v. Pradera SFR, LLC*, Civil Action No. SA-21-CV-00673-XR, 2023 U.S. Dist. LEXIS 92 (W.D. Tex. Jan. 2, 2023) ("Whether an implied license exists turns on the copyright holder's intent, which is question of fact."), citing *Stross v. Centerra Homes of Tex.*, No. 1:17-CV-676-RP, 2021 U.S. Dist. LEXIS 219239 *2 (W.D. Tex. Sep. 27, 2021) and *Sanchez v. Hacienda Records & Recording Studio, Inc.*, 2013 U.S. Dist. LEXIS 18169, 2013 WL 529950, at *6 (S.D. Tex. Feb. 11, 2013). |

<mark>Proposed Instruction No.</mark>
Preliminary Copyright Instructions to the Jury

## PLAINTIFF PROPOSES THE BOLDED LANGUAGE BELOW

American has also asserted a copyright infringement claim against Skiplagged for infringing a copyright owned by American—the American Flight Symbol copyright.[18] Prior to this trial, this Court already determined that American successfully proved its claim against Skiplagged for copyright infringement of the American Flight Symbol copyright,[19] **and you are therefore instructed that Skiplagged is liable to American for copyright infringement. Because Skiplagged's liability has already been established, your role as it relates to this claim will be to determine the amount of damages that should be awarded to American for Skiplagged's copyright infringement of the American Flight Symbol copyright.**

Source: Dkt. No. 199, pp. 6–9; U.S. Copyright Registration No. VA00002130520.

## DEFENDANT PROPOSES THE BOLDED LANGUAGE BELOW IN LIEU OF PLAINTIFF's BOLDED LANGUAGE

**However, Skiplagged asserts the affirmative defenses of estoppel, acquiescence, license, and failure to mitigate damages.  Unless you find that Skiplagged has proven at least one of its affirmative defenses by a preponderance of the evidence, you are instructed that Skiplagged is liable to American for copyright infringement.**

**If Skiplagged's liability has been established, your role as it relates to this claim will be to determine the amount of damages, if any, that should be awarded to American for Skiplagged's infringement of the American flight symbol copyright.**


Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,


                                     _____
                                       HON. MARK T. PITTMAN
                                       UNITED STATES DISTRICT JUDGE

---

[18] U.S. Copyright Registration No. VA00002130520.

[19] Dkt. No. 199, pp. 6–9.

## <u>Objections & Authorities</u>

**Copyright Liability Instructions**

| | |
|---|---|
| Plaintiff's position and authority: | The Court's summary judgment order established that Skiplagged is liable for copyright infringement and no affirmative defenses remain live. American moved for summary judgment on its copyright infringement claim and on Skiplagged's affirmative defenses.  The Court granted summary judgment for American. |
| | Moreover, Skiplagged asserts equitable defenses, which are for the Court, not the jury, and should not be included in the charge.  *See supra.* Skiplagged's express license and failure to mitigate defenses are also improper as a matter of law, and mitigation—even if proper—will be assessed in the damages analysis and thus requires no introduction here. |
| Defendant's position and authority: | American moved for summary judgment on all of Skiplagged's affirmative defenses; Skiplagged opposed summary judgment arguing that a genuine of issue of material fact existed as to each of its defenses, including estoppel, acquiescence, license, and failure to mitigate damages, which are affirmative defenses to American's copyright infringement claim. While the Court's summary judgment order found for American on copyright infringement liability and specifically denied Skiplagged's affirmative defense of fair use as it relates to the copyright claim, the order denied both parties' motions "in all other respects."  Therefore, American was not granted summary judgment as to any of Skiplagged's affirmative defenses to the copyright claim other than copyright fair use, so those defenses remain in the case and should be presented to the jury. |
| | See argument *Supra* regarding submission of equitable defenses to the jury. Specific to copyright: |
| | *American Registry of Radiologic Technologists v. Bennett*, 939 F. Supp. 2d 695, 713 (W.D. Tex. 2013) (allowing estoppel defense in copyright case in reliance on *Conan Properties, Inc. v. Conans Pizza, Inc*., 752 F.2d 145, 153 (5th Cir. 1985) (trademark case with jury finding on laches and acquiescence). |
| | Texas courts have recognized failure to mitigate damages as an affirmative defense to copyright infringement claims, so this should be presented to the jury.  *See DCA Design v. Bellavida Custom Homes LLC*, 2018 U.S. Dist. LEXIS 232921 *13 (S.D. Tex. Dec. 5, 2018); *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, LP,* 2017 U.S. Dist. LEXIS 9426 *17 (S.D. Tex. Jan. 24, 2017)(recognizing in a copyright case that "[t]he failure |

to mitigate is an affirmative defense to infringement"); *Operating Tech. Elecs., Inc. v. Gen. Power Sys.*, No. 4:13-CV-871-A, 2014 U.S. Dist. LEXIS 140523 *16 (N.D. Tex. Oct. 2, 2014) ("Failure to mitigate is generally a question of fact for the jury"). *See also Two Men & a Truck Int'l, Inc. v. Two Guys Moving Bossier, LLC*, 2015 U.S. Dist. LEXIS 159080, 2015 WL 7573216 *5 (recognizing failure to mitigate as an affirmative defense to trademark case); *Interplan Architects, Inc. v. C.L. Thomas, Inc.*, 2010 U.S. Dist. LEXIS 114306 *147; (S.D. Tex. Oct. 27, 2010)(collecting cases recognizing mitigation of damages as an affirmative defenses to copyright infringement).

An express license is a valid defense to a copyright infringement claim. *See Alvertis Isbell v. DM Records, Inc.*, Civil Action No. 4:07-cv-146, 2012 U.S. Dist. LEXIS 13525 (E.D. Tex. Feb. 3, 2012) (citing *Wilchombe v. Tee Vee Toons, Inc.*, 555 F.3d 949, 956 (11th Cir. 2009)); *Tasini v. N.Y. Times Co., Inc.*, 206 F.3d 161, 170-71 (2d Cir. 2000); *Effects Assocs. v. Cohen*, 908 F.2d 555, 558-59 (9th Cir. 1990).

Skiplagged disputes American's argument that its express licenses defense is improper as a matter of law and intends to present evidence on this defense at trial.   Skiplagged incorporates herein its argument and authorities regarding the copyright express license defense below.


<u>Proposed Instruction No.</u>

Close of Preliminary Instructions

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, American will present its case through witness testimony and documentary or other evidence. Next, Skiplagged will have an opportunity to present its case. American may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, my instructions, and the closing arguments.


*Source*: Fifth Circuit Court of Appeals Pattern Jury Instructions (Civil Cases) (2020), § 1.2 (Preliminary Instructions to Jury) (final paragraphs)

Accepted as Written: _____     Accepted as Modified: _____     Refused: _____

_____ 2024,

_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

## II.    GENERAL INSTRUCTIONS

<u>Proposed Instruction No.</u>

§ 2.1 – Recess

We are about to take our first break during the trial. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors. If anyone approaches you and tries to talk to you about the case, advise me about it immediately. Do not read or listen to any news reports of the trial or use any technology tools to do independent research. Remember to keep an open mind until all the evidence has been received. Finally, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel.

*<u>Source:</u>* Fifth Circuit Pattern Jury Instructions (Civil) (2020), § 2.1.

Accepted as Written: _____     Accepted as Modified: _____              Refused: _____

_____ 2024,

_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

16

<u>Proposed Instruction No.</u>

§ 2.3 – Stipulations of Fact

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

<u>*Source:*</u> Fifth Circuit Pattern Jury Instructions (Civil) (2020), § 2.3.

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

17

<u>Proposed Instruction No.</u>

§ 2.4 – Judicial Notice

You must accept as proved those facts of which the court takes judicial notice. The court has taken judicial notice that **[state the facts]**.

*Source:* Fifth Circuit Pattern Jury Instructions (Civil) (2020), § 2.4.

Accepted as Written: \_\_\_\_\_     Accepted as Modified: \_\_\_\_\_                    Refused: \_\_\_\_\_

_____ 2024,

_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

<u>Proposed Instruction No.</u>

§ 2.6 – Limiting Instruction

When testimony or an exhibit is admitted for a limited purpose, you may consider the testimony or exhibit only for the specific limited purpose for which it was admitted.

*<u>Source:</u>* Fifth Circuit Pattern Jury Instructions (Civil) (2020), § 2.6.

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

<u>Proposed Instruction No.</u>

§ 2.7 – Charts & Summaries

Certain charts and summaries have been shown to you solely to help explain or summarize the facts disclosed by the books, records, and other documents that are in evidence. These charts and summaries are not evidence or proof of any facts. You should determine the facts from the evidence.

<u>*Source:*</u> Fifth Circuit Pattern Jury Instructions (Civil) (2020), § 2.7.


Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,


_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

<u>Proposed Instruction No.</u>

§ 2.8 – Demonstratives

Exhibit [specify] is an illustration. It is a party's [description/picture/model] used to describe something involved in this trial. If your recollection of the evidence differs from the exhibit, rely on your recollection.

<u>*Source:*</u> Fifth Circuit Pattern Jury Instructions (Civil) (2020), § 2.8.


Accepted as Written: _____        Accepted as Modified: _____                Refused: _____

_____ 2024,


_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

Proposed Instruction No.

§ 2.13 – Deposition Testimony

Certain testimony has been presented to you through a deposition. A deposition is the sworn, recorded answers to questions a witness was asked in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness's testimony may be presented, under oath, in the form of a deposition. Sometime before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers have been shown to you today. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility as if the witness had been present and had testified from the witness stand in court.

*Source:* Fifth Circuit Pattern Jury Instructions (Civil) (2020), § 2.13.

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____
HON. MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

<u>Proposed Instruction No.</u>

Use of Interrogatories

Evidence [will now be] [was] presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before the trial in response to questions that were submitted under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

<u>*Source:*</u> Ninth Circuit Court of Appeals Model Civil Jury Instructions (2017) (updated March 2024) § 2.11.

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

<u>Proposed Instruction No.</u>

Use of Requests for Admission

Evidence [<mark>will now be</mark>] [<mark>was</mark>] presented to you in the form of admissions to the truth of certain facts. These admissions were given in writing before the trial, in response to requests that were submitted under established court procedures. You must treat these facts as having been proved.

*Source:* Ninth Circuit Court of Appeals Model Civil Jury Instructions (2017) (updated March 2024) § 2.12.

Accepted as Written: _____      Accepted as Modified: _____          Refused: _____

_____ 2024,

_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

<u>Proposed Instruction No.</u>

Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

<u>*Source:*</u> Ninth Circuit Court of Appeals Model Civil Jury Instructions (2017) (updated March 2024) § 1.13.

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

25

<u>Proposed Instruction No.</u>

§ 2.11 – Impeachment by Witness's Inconsistent Statements

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

*Source:* Fifth Circuit Pattern Jury Instructions (Civil) (2020), § 2.11.

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

## III.   GENERAL INSTRUCTIONS AT THE CLOSE OF EVIDENCE

Proposed Instruction No.

§ 3.1 – Jury Charge

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict. You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for either party in arriving at your verdict.

*Source:* Fifth Circuit Pattern Jury Instructions (Civil) (2020), § 3.1

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____
HON. MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

27

<u>Proposed Instruction No.</u>

§ 14.5 – Burden of Proof: Preponderance of The Evidence

American has the burden of proving its case by a preponderance of the evidence.

If American prevails on any of its claims, Skiplagged has the burden of proving its affirmative defense(s) by a preponderance of the evidence.

To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that American has failed to prove any element of one of its claims by a preponderance of the evidence, then it may not recover on that claim.

<u>*Source:*</u> 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.5 (Trademark Infringement – Burden of Proof: Preponderance of the Evidence).

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

<u>Proposed Instruction No.</u>

§ 3.3 – Evidence

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that you have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence, which is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

*Source:* Fifth Circuit Pattern Jury Instructions (Civil) (2020), § 3.3.

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

<u>Proposed Instruction No.</u>

What is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.    Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may have been received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

*Source:* Ninth Circuit Court of Appeals Model Civil Jury Instructions (2017) (updated March 2024) § 1.10.

Accepted as Written: _____    Accepted as Modified: _____        Refused: _____

_____ 2024,

_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

30

Proposed Instruction No.

§ 3.4 – Witnesses

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide the case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

*Source:* Fifth Circuit Pattern Jury Instructions (Civil) (2020), § 3.4.

Accepted as Written: _____    Accepted as Modified: _____          Refused: _____

_____ 2024,

_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

31

<u>Proposed Instruction No.</u>

§ 3.5 – Expert Witnesses

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

<u>*Source:*</u> Fifth Circuit Pattern Jury Instructions (Civil) (2020), § 3.5.

Accepted as Written: _____      Accepted as Modified: _____             Refused: _____

_____ 2024,

_____
Hᴏɴ. Mᴀʀᴋ T. Pɪᴛᴛᴍᴀɴ
Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs Dɪsᴛʀɪᴄᴛ Jᴜᴅɢᴇ

<u>Proposed Instruction No.</u>

§ 3.6 – No inference from Filing Suit

The fact that an entity brought a lawsuit and is in court seeking damages creates no inference that the entity is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

*Source:* Fifth Circuit Pattern Jury Instructions (Civil) (2020), § 3.6.


Accepted as Written: _____       Accepted as Modified: _____               Refused: _____

_____ 2024,


_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

33

## IV.    SPECIFIC INSTRUCTIONS AND VERDICT FORM ON COPYRIGHT INFRINGEMENT DAMAGES

**DEFENDANT PROPOSES THE FOLLOWING INSTRUCTION:**

Proposed Instruction No. ___

Copyright - Express License

As I previously instructed you, the Court has already ruled that Skiplagged is liable to American on American's claim of copyright infringement. However, you must determine whether certain affirmative defenses that Skiplagged has asserted apply.

Express license is an affirmative defense to copyright infringement.[20] As such, Skiplagged bears the burden of proving, by a preponderance of the evidence, that it had an express license to use American's copyright.

**PLAINTIFF OBJECTS TO THE SUBMISSION OF THIS DEFENSE; IF GIVEN, PLAINTIFF PROPOSES THE FOLLOWING LANGUAGE:**

Proposed Instruction No. ___

Copyright - Express License

As I previously instructed you, the Court has already ruled that Skiplagged is liable to American on American's claim of copyright infringement. However, you must determine whether certain affirmative defenses that Skiplagged has asserted apply.

Skiplagged maintains that it is not liable for copyright infringement because American granted it an express license to use American's copyrighted work. A plaintiff cannot claim copyright infringement against a defendant who uses its copyrighted work if the plaintiff granted the defendant an express license to use the work.

To show the existence of an express license, Skiplagged has the burden of proving that it received an express license to use American's copyrighted work and that its use of American's copyrighted work falls within the scope of the license.[21]

You are instructed that the scope of the license is as follows:

---

[20] An express or implied license is a valid defense to a copyright infringement claim. See *Alvertis Isbell v. DM Records, Inc.*, Civil Action No. 4:07-cv-146, 2012 U.S. Dist. LEXIS 13525 (E.D. Tex. Feb. 3, 2012), citing *Wilchombe v. Tee Vee Toons, Inc.*, 555 F.3d 949, 956 (11th Cir. 2009); *Tasini v. N.Y. Times Co., Inc.*, 206 F.3d 161, 170-71 (2d Cir. 2000); *Effects Assocs. v. Cohen*, 908 F.2d 555, 558-59 (9th Cir. 1990).

[21] *Stross v. Redfin Corp.*, 730 F. App'x 198, 203-204 (5th Cir. 2018) (as an affirmative defense, defendant bears the burden of proof); *Lulirama Ltd., Inc. v. Axcess Broad. Servs.*, 128 F.3d 872, 884 (5th Cir. 1997).

**[PLACEHOLDER FOR COURT TO INSTRUCT ON SCOPE OF LICENSE]**

      If you find that Skiplagged has proved that American granted it an express license to use the copyrighted work and that Skiplagged's use of the copyrighted work falls within the scope of the license, your verdict should be for Skiplagged. Otherwise, your verdict must be for American.

<u>Source:</u> Model Civil Jury Instruction, Ninth Circuit (Civil Cases) 17.25A (2017); *Loeb-Defever v. Mako, L.L.C.*, 2023 WL 5611042 (5th Cir. Aug. 30, 2023) ("The existence of a license authorizing use of copyrighted material is an affirmative defense to a copyright infringement claim, and therefore Defendants bear the burden of proving its existence."); *id.* (holding that scope is a critical question – "What is disputed, however, is the scope of the license"); *Stross v. Redfin Corp.*, 730 F. App'x 198, 203 (5th Cir. 2018) (express license as affirmative defense) ("As long as Redfin acts within the scope of its license, it remains safe from Stross's claims. *But if Redfin acts outside the permitted scope of its license, it may be held liable for copyright infringement*."); *Howarth v. Greenhaw*, No. A-21-CV-00643-RP, 2022 U.S. Dist. LEXIS 103048 (W.D. Tex. June 9, 2022) (express license acts as a shield against copyright infringement claim so long as use is confined to terms of license); *Equistar Chemicals L.P. v. Indeck Power Equipment Company*, 2020 WL 4746469, at *12 (S.D. Tex. 2020) (The critical question thus is not the mere existence of a license, but the license's scope."); *see also* Ninth Cir. PJC 17.25 (A) ("In a case in which the defendant claims to have acted under an express license, it is likely that the trial court will need to construe the terms of the license for the jury.").

Accepted as Written: _____      Accepted as Modified: _____            Refused: _____

_____ 2024,

 

                          _____
                          HON. MARK T. PITTMAN
                          UNITED STATES DISTRICT JUDGE

<u>**Objections & Authorities**</u>

**Copyright Express License - Instruction**

| | |
|---|---|
| Plaintiff's position and authority: | The Court's summary judgment order established that Skiplagged is liable for copyright infringement and no affirmative defenses remain live. American moved for summary judgment on its copyright infringement claim and on Skiplagged's affirmative defenses. The Court granted summary judgment for American. Moreover, Skiplagged has no evidence that American granted it an express license to use its marks or its use of American's marks falls within its scope.

If the defense is given, however, it must be given in accordance with Fifth Circuit law. While the Fifth Circuit does not have a PJC instruction on this |

issue, the Ninth Circuit does.  Model Civil Jury Instruction, Ninth Circuit (Civil Cases) 17.25A (2017).  American has tracked the Ninth Circuit PJC to the extent consistent with Fifth Circuit authority.

Relevant here, in the Fifth Circuit the defendant has the burden to prove a valid license that allows the use asserted.  *Loeb-Defever v. Mako, L.L.C.*, 2023 WL 5611042 (5th Cir. Aug. 30, 2023) ("The existence of a license authorizing use of copyrighted material is an affirmative defense to a copyright infringement claim, and therefore Defendants bear the burden of proving its existence.").

An express license defense raises two critical questions:  (1) the existence of a valid license and (2) its scope of authorized use.  *Id.*; *Stross v. Redfin Corp.*, 730 F. App'x 198, 203 (5th Cir. 2018) ("As long as Redfin acts within the scope of its license, it remains safe from Stross's claims. *But if Redfin acts outside the permitted scope of its license, it may be held liable for copyright infringement*.").  That latter "scope" issue is often a key issue.  *Loeb-Defever*, 2023 WL 5611042, at *3-4 ("What is disputed, however, is the scope of the license"); *Stross*, 730 F. App'x at 203; *Howarth v. Greenhaw*, No. A-21-CV-00643-RP, 2022 WL 2072221, at *3-4 (W.D. Tex. June 9, 2022) (express license acts as a shield against copyright infringement claim so long as use is confined to terms of license ); *Equistar Chemicals L.P. v. Indeck Power Equipment Company*, 2020 WL 4746469, at *12 (S.D. Tex. 2020) (The critical question thus is not the mere existence of a license, but the license's scope.").  Skiplagged's instruction entirely omits it.

The Court should give an instruction—like the Ninth Circuit PJC—that introduces both issues and instructs the jury on the scope of the license, to the extent one exists.  As it stands, American is unable to offer language on "scope" because no license exists.  Should the Court disagree, American submits that the Court should determine and instruct the jury on the scope of the license alleged.  *See* Ninth Cir. PJC 17.25(A) ("In a case in which the defendant claims to have acted under an express license, it is likely that the trial court will need to construe the terms of the license for the jury."); *see supra* authorities requiring *court*, not jury, to determine scope of unambiguous license.

Defendant's position and authority:

American moved for summary judgment on all of Skiplagged's affirmative defenses; Skiplagged opposed summary judgment arguing that a genuine of issue of material fact existed as to each of its defenses, including estoppel, acquiescence, license, and failure to mitigate damages, which are affirmative defenses to American's copyright infringement claim. While the Court's summary judgment order found for American on copyright infringement liability and specifically denied Skiplagged's affirmative defense of fair use as it relates to the copyright claim, the order denied both parties' motions "in

all other respects." Therefore, American was not granted summary judgment as to any of Skiplagged's affirmative defenses to the copyright claim other than copyright fair use, so those defenses remain in the case and should be presented to the jury.

An express license is a valid defense to a copyright infringement claim. *See Alvertis Isbell v. DM Records, Inc.*, Civil Action No. 4:07-cv-146, 2012 U.S. Dist. LEXIS 13525 (E.D. Tex. Feb. 3, 2012) (citing *Wilchombe v. Tee Vee Toons, Inc.*, 555 F.3d 949, 956 (11th Cir. 2009)); *Tasini v. N.Y. Times Co., Inc.*, 206 F.3d 161, 170-71 (2d Cir. 2000); *Effects Assocs. v. Cohen*, 908 F.2d 555, 558-59 (9th Cir. 1990).

Skiplagged disputes American's position that no license agreement exists and intends to prove license as an affirmative defense at trial. Skiplagged also proposes a broad form instruction on the license defense, which is similar to the instructions for issues proposed by American and consistent with 5th Circuit authority.

**DEFENDANT PROPOSES THE FOLLOWING QUESTION.**

<mark>Proposed Question No. ___ – Copyright – Express License</mark>

**Did Skiplagged prove, by a preponderance of the evidence, that it had an express license to use American's copyright?**

Answer "Yes" or "No":  _____

Accepted as Written:  _____        Accepted as Modified:  _____                    Refused:  _____

_____ 2024,

_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

**PLAINTIFF OBJECTS TO THE SUBMISSION OF THIS DEFENSE; IF GIVEN, PLAINTIFF PROPOSES THE FOLLOWING QUESTION.**

<mark>Proposed Question No. ___ – Copyright – Express License</mark>

**Did Skiplagged prove, by a preponderance of the evidence, that it had an express license to use American's copyrighted work and that its use of American's copyrighted work falls within the scope of that license?**

Answer "Yes" or "No":  _____

## <u>Objections & Authorities</u>

**Copyright Express License - Question**

| | |
|---|---|
| Plaintiff's position and authority: | American reiterates that the summary judgment order forecloses this question, and no evidence or theory supports that Skiplagged had an express license, or that such use would fall within the hypothetical license's scope. |
| | If a question is given, it should be drafted in a way that allows the jury to determine the existence of an express license and scope. |
| Defendant's position and authority: | American moved for summary judgment on all of Skiplagged's affirmative defenses; Skiplagged opposed summary judgment arguing that a genuine of issue of material fact existed as to each of its defenses, including estoppel, acquiescence, license, and failure to mitigate damages, which are affirmative defenses to American's copyright infringement claim. While the Court's summary judgment order found for American on copyright infringement liability and specifically denied Skiplagged's affirmative defense of fair use as it relates to the copyright claim, the order denied both parties' motions "in all other respects."  Therefore, American was not granted summary judgment as to any of Skiplagged's affirmative defenses to the copyright claim other than copyright fair use, so those defenses remain in the case and should be presented to the jury. |
| | An express or implied license is a valid defense to a copyright infringement claim. *See Alvertis Isbell v. DM Records, Inc.*, Civil Action No. 4:07-cv-146, 2012 U.S. Dist. LEXIS 13525 (E.D. Tex. Feb. 3, 2012) (citing *Wilchombe v. Tee Vee Toons, Inc.*, 555 F.3d 949, 956 (11th Cir. 2009)); *Tasini v. N.Y. Times Co., Inc.*, 206 F.3d 161, 170-71 (2d Cir. 2000); *Effects Assocs. v. Cohen*, 908 F.2d 555, 558-59 (9th Cir. 1990). |
| | Skiplagged disputes American's position that no license agreement exists and intends to prove license as an affirmative defense at trial.  Skiplagged also proposes a broad form instruction on the license defense, which is similar to the instructions for issues proposed by American and consistent with 5th Circuit authority. |

**DEFENDANT PROPOSES THE FOLLOWING INSTRUCTION:**

<mark>Proposed Instruction No. __</mark>

Copyright - Estoppel

Skiplagged claims that American is barred from asserting its copyright infringement claim against Skiplagged based on the doctrine of estoppel. To establish estoppel, Skiplagged must prove each of the following elements by a preponderance of the evidence:[22]

(1)   American knew the facts of Skiplagged's allegedly infringing conduct;

(2)   American intended that its conduct be acted on OR so acted that Skiplagged had a right to believe that it is so intended;

(3)   Skiplagged was ignorant of American's objections to its use of the copyrighted work; and

(4)   Skiplagged relied on American's conduct to its injury.

Estoppel may be accomplished by a plaintiff's silence and inaction.[23]

<u>Source</u>: *Carson v. Dynegy, Inc.*, 344 F.3d 446, 453 (5th Cir. 2003) (noting federal courts considering the doctrine of estoppel in copyright cases have adopted and applied this four-part test).

---

[22] *Carson v. Dynegy, Inc.*, 344 F.3d 446, 453 (5th Cir. 2003) (noting federal courts considering the doctrine of estoppel in copyright cases have adopted and applied this four-part test); *Reservoir, Inc. v. Truesdell*, 1 F. Supp. 3d 598 (S.D. Tex. 2014); *DeCarlo v. Archie Comic Publ'ns, Inc.*, 127 F. Supp. 2d 497 (S.D.N.Y. 2001); *See also* 4 Nimmer on Copyright § 13.07 ("Subsequent to *Del Madera*, the Ninth Circuit has recognized the four elements set forth in the text" and noting "the instructions for the defense of estoppel in a copyright infringement action should not vary from jurisdiction to jurisdiction according to state law"), citing *United States v. King Features Entertainment, Inc.*, 843 F.2d 394, 399 (9th Cir. 1988) and *Hadady Corp. v. Dean Witter Reynolds, Inc.*, 739 F. Supp. 1392 (C.D. Cal. 1990) (Treatise cited) (estoppel found under correct four elements)."

[23] *Carson v. Dynegy, Inc.*, 344 F.3d 446, 453 (5th Cir. 2003), *citing Hampton v. Paramount Pictures Corp.*, 279 F.2d 100, 104 (9th Cir.), cert. denied, 364 U.S. 882, 5 L. Ed. 2d 170, 81 S. Ct. 170 (1960); *Quinn v. City of Detroit*, 23 F. Supp. 2d 741, 753 (E.D. Mich. 1998) ("It is also well-settled that a plaintiff may be estopped from asserting his rights under a copyright if he has aided the defendant in infringing or otherwise induced it to infringe or has committed covert acts such as "holding out. . .by silence or inaction"); *National Business Lists, Inc. v. Dun & Bradstreet, Inc.*, 552 F. Supp. 89, 97 (N.D. Ill. 1982); *DeCarlo v. Archie Comic Publ'ns, Inc.*, 127 F. Supp. 2d 497 (S.D.N.Y. 2001); *Field v. Google Inc.*, 412 F. Supp. 2d 1106, 1116-1117 (D. Nev. 2006); *HGI Assocs. v. Wetmore Printing Co.*, 427 F.3d 867 (11th Cir. 2005) ("A copyright owner cannot only be estopped through its words and actions but also through its own silence and inaction").

**PLAINTIFF OBJECTS TO FORM AND SUBMISSION; PLAINTIFF PROPOSES THE FOLLOWING ALTERNATIVE LANGUAGE IF THE ISSUE IS SUBMITTED:**

Proposed Instruction No. __

Copyright - Estoppel

Skiplagged claims that American is barred from asserting its copyright infringement claim against Skiplagged based on the doctrine of estoppel. To establish estoppel, Skiplagged must prove each of the following elements by a preponderance of the evidence:

First, you must find that American knew the facts of Skiplagged's infringing conduct.

Second, you must find that American's statement or conduct (either action or inaction) caused Skiplagged to believe that American wouldn't pursue a claim for copyright infringement against it.

Third, you must find that American intended for Skiplagged to act on its statement or conduct, or Skiplagged had a right to believe American so intended.

Fourth, you must find that Skiplagged didn't reasonably believe that American would pursue a claim of copyright infringement against it.

And fifth, you must find that Skiplagged was injured as a result of his reliance on American's statement or conduct.

If you find that Skiplagged proved these elements by a preponderance of the evidence, your verdict must be for Skiplagged on the claim for copyright infringement.

_Source_: Civil Pattern Jury Instructions, Eleventh Circuit 9.28; *see also* 4 Nimmer on Copyright § 13.07 ("Subsequent to *Del Madera*, the Ninth Circuit has recognized the four elements set forth in the text" and noting "the instructions for the defense of estoppel in a copyright infringement action should not vary from jurisdiction to jurisdiction according to state law"); *see Matter of Henderson, 577 F.2d 997, 1001* (5th Cir. 1978) ("To make out a claim for equitable estoppel the defendants would have to demonstrate at least intentional deception through concealment or inaction."); *Reservoir, Inc. v. Truesdell*, 1 F.Supp.3d 598, 612 (S.D. Tex., 2014) (same); *Carson v. Dynegy, Inc*., 344 F.3d 446, 453 (5th Cir. 2003) (reciting elements and noting that "Federal courts"—i.e., the Ninth Circuit—"have adopted and applied this four-part test").

Accepted as Written: _____    Accepted as Modified: _____         Refused: _____

_____ 2024,

_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

41

## <u>Objections & Authorities</u>

**Copyright Estoppel Instruction**

| | |
|---|---|
| Plaintiff's position and authority: | The Court's summary judgment order forecloses this affirmative defense. |

Regardless, this equitable defense is for the Court, not the jury. Notably, even the Eleventh Circuit PJC that Skiplagged references suggests that its submission would be proper only to an "advisory jury," if to a jury at all. 11th Cir. PJC § 9.28.

Reference to the equitable defenses is improper because equitable defenses are for the Court, not a jury. *Encompass Office Sols., Inc. v. Louisiana Health Serv. & Indem. Co.*, 919 F.3d 266, 281 (5th Cir. 2019) (no Seventh Amendment jury trial right applies to equitable defenses); *Austin v. Shalala*, 994 F.2d 1170, 1177 n.7 (5th Cir. 1993) (explaining that an equitable defense—even to a legal claim—is tried to the court*); Reservoir, Inc. v. Truesdell*, No. CIV.A. 4:12-2756, 2013 WL 5574897, at *5 (S.D. Tex. Oct. 9, 2013) (holding that the "court is the finder of fact on equitable defenses," including laches); *see also e.g., United Services Auto. Ass'n v. PNC Bank N.A.*, 622 F. Supp. 3d 337, 339 (E.D. Tex. 2022) (equitable defenses of estoppel and unclean hands determined by the court after a jury trial); *OPTi Inc. v. VIA Techs., Inc.*, No. 2:10-CV-00279-JRG, 2015 WL 417193, at *1 (E.D. Tex. Jan. 30, 2015) (laches and estoppel tried to court after jury trial); *Deere & Co. v. FIMCO Inc.*, 239 F. Supp. 3d 964, 1003 (W.D. Ky. 2017) (equitable defenses to trademark infringement include "laches, acquiescence, estoppel, and implied license").

Finally, to the extent given, the text should match verbatim the Ninth Circuit PJC that Skiplagged uses in part. The Fifth Circuit does not have a PJC instruction on this issue, but the Ninth Circuit does. Skiplagged relies on Ninth Circuit authority, claims that the law should be identical nationwide, and uses portions of the Ninth Circuit PJC. But it deletes and rephrases portions of that PJC it apparently deems unfavorable to it. Specifically, Skiplagged relies on *Carson v. Dynegy, Inc*., which recites a "four-part test" that it says "Federal courts" have followed and cites the Ninth Circuit. 344 F.3d 446, 453 (5th Cir. 2003). The Ninth Circuit, in turn, presents that test through the PJC instruction American offers.

Finally, Skiplagged adds a "silence or inaction" non-PJC instruction that should be paired with more if given. The Fifth Circuit has held that silence or inaction may suffice, *id.*, but—importantly—also stated that "To make out a claim for equitable estoppel the defendants would have to demonstrate **at least intentional deception** through concealment or inaction." *Matter of* Henderson, 577 F.2d 997, 1001 (5th Cir. 1978). Thus, to the extent the instruction is given, the concept of "intentional deception" should be given with it.

| | |
|---|---|
| Defendant's position and authority: | American moved for summary judgment on all of Skiplagged's affirmative defenses; Skiplagged opposed summary judgment arguing that a genuine of issue of material fact existed as to each of its defenses, including estoppel, acquiescence, license, and failure to mitigate damages, which are affirmative defenses to American's copyright infringement claim. While the Court's summary judgment order found for American on copyright infringement liability and specifically denied Skiplagged's affirmative defense of fair use as it relates to the copyright claim, the order denied both parties' motions "in all other respects." Therefore, American was not granted summary judgment as to any of Skiplagged's affirmative defenses to the copyright claim other than copyright fair use, so those defenses remain in the case and should be presented to the jury. |

American's proposed instruction uses the Ninth Circuit PJC. Skiplagged's proposed instruction is consistent with the Fifth Circuit decision's in *Carson v. Dynegy, Inc*., 344 F.3d 446, 453 (5th Cir. 2003) ("Although there is no on-point circuit authority articulating the elements of estoppel as a defense to a copyright infringement allegation, a consensus has developed that a copyright defendant must prove four conjunctive elements to establish estoppel in such cases: (1) the plaintiff must know the facts of the defendant's infringing conduct; (2) the plaintiff must intend that its conduct shall be acted on or must so act that the defendant has a right to believe that it is so intended; (3) the defendant must be ignorant of the true facts; and (4) the defendant must rely on the plaintiff's conduct to its injury" and further clarifying that "estoppel may be accomplished by a plaintiff's silence and inaction"). In sum, "the theory of estoppel is based on reasonable reliance." *Id*. at 454. See additional sources in footnotes *Supra*.

Reasonableness is a question of fact for the jury. *Grant v. RentGrow, Inc.*, No. SA-21-CV-1172-JKP, 2023 U.S. Dist. LEXIS 158173 (W.D. Tex. Sep. 6, 2023) ("Despite the spectrum of circumstances, "[i]n the majority of cases, reasonableness is a question for the jury" and "reasonableness becomes a question of law if the facts are undisputed"), citing *Continental Sav. Ass'n v. U.S. Fidelity*, 762 F.2d 1239, 1243 (5th Cir. 1985); and *La. Generating, LLC v. Ill. Union Ins. Co*., 831 F.3d 618, 634 n.48 (5th Cir. 2016).

The inclusion of "Estoppel may be accomplished by a plaintiff's silence and inaction." is supported by the 5th Circuit in *Carson v. Dynergy*.[24]

---

[24] *Carson v. Dynegy, Inc*., 344 F.3d 446, 453 (5th Cir. 2003), *citing Hampton v. Paramount Pictures Corp*., 279 F.2d 100, 104 (9th Cir.), cert. denied, 364 U.S. 882, 5 L. Ed. 2d 103, 81 S. Ct. 170 (1960); *Quinn v. City of Detroit*, 23 F. Supp. 2d 741, 753 (E.D. Mich. 1998) ("It is also well-settled that a plaintiff may be estopped from asserting his rights under a copyright if he has aided the defendant in infringing or otherwise

See argument *Supra* regarding submission of equitable defenses to the jury.

---

induced it to infringe or has committed covert acts such as "holding out. . .by silence or inaction"); *National Business Lists, Inc. v. Dun & Bradstreet, Inc.*, 552 F. Supp. 89, 97 (N.D. Ill. 1982); *DeCarlo v. Archie Comic Publ'ns, Inc.*, 127 F. Supp. 2d 497 (S.D.N.Y. 2001); *Field v. Google Inc.*, 412 F. Supp. 2d 1106, 1116-1117 (D. Nev. 2006); *HGI Assocs. v. Wetmore Printing Co.*, 427 F.3d 867 (11th Cir. 2005) ("A copyright owner cannot only be estopped through its words and actions but also through its own silence and inaction").

**DEFENDANT PROPOSES THE FOLLOWING QUESTION.  THE PARTIES AGREE AS TO FORM; HOWEVER, PLAINTIFF OBJECTS TO ITS SUBMISSION.**

<mark>Proposed Question No. __ – Copyright – Estoppel</mark>

**Did Skiplagged prove, by a preponderance of the evidence, its copyright estoppel defense?**

**Answer "Yes" or "No":** _____

Accepted as Written: _____        Accepted as Modified: _____              Refused: _____

_____ 2024,

_____

HON. MARK T. PITTMAN

UNITED STATES DISTRICT JUDGE

**Objections & Authorities**

**Copyright Estoppel Equitable Defense - Question**

| | |
|---|---|
| Plaintiff's position and authority: | The Court's summary judgment order forecloses this affirmative defense. |
| | Regardless, this equitable defense is for the Court, not the jury.  *Encompass Office Sols., Inc. v. Louisiana Health Serv. & Indem. Co*., 919 F.3d 266, 281 (5th Cir. 2019) (no Seventh Amendment jury trial right applies to equitable defenses); *Austin v. Shalala*, 994 F.2d 1170, 1177 n.7 (5th Cir. 1993) (explaining that an equitable defense—even to a legal claim—is tried to the court*); Reservoir, Inc. v. Truesdell*, No. CIV.A. 4:12-2756, 2013 WL 5574897, at *5 (S.D. Tex. Oct. 9, 2013) (holding that the "court is the finder of fact on equitable defenses," including laches); *see also e.g., United Services Auto. Ass'n v. PNC Bank N.A*., 622 F. Supp. 3d 337, 339 (E.D. Tex. 2022) (equitable defenses of estoppel and unclean hands determined by the court after a jury trial); *OPTi Inc. v. VIA Techs., Inc*., No. 2:10-CV-00279-JRG, 2015 WL 417193, at *1 (E.D. Tex. Jan. 30, 2015) (laches and estoppel tried to court after jury trial); *Deere & Co. v. FIMCO Inc*., 239 F. Supp. 3d |

45

964, 1003 (W.D. Ky. 2017) (equitable defenses to trademark infringement include "laches, acquiescence, estoppel, and implied license").

Notably, even the Eleventh Circuit PJC that Skiplagged references suggests that its submission would be proper only to an "advisory jury," if given to a jury at all.  11th Cir. PJC § 9.28.

|                                      |                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                  |
|--------------------------------------|-----------|
| Defendant's position and authority: | American moved for summary judgment on all of Skiplagged's affirmative defenses; Skiplagged opposed summary judgment arguing that a genuine of issue of material fact existed as to each of its defenses, including estoppel, acquiescence, license, and failure to mitigate damages, which are affirmative defenses to American's copyright infringement claim. While the Court's summary judgment order found for American on copyright infringement liability and specifically denied Skiplagged's affirmative defense of fair use as it relates to the copyright claim, the order denied both parties' motions "in all other respects."  Therefore, American was not granted summary judgment as to any of Skiplagged's affirmative defenses to the copyright claim other than copyright fair use, so those defenses remain in the case and should be presented to the jury.

See argument *Supra* regarding submission of equitable defenses to the jury, including in an advisory capacity.  11th Cir. PJC § 9.28. |

**DEFENDANT PROPOSES THE FOLLOWING QUESTION; PLAINTIFF OBJECTS TO THE SUBMISSION BUT AGREES TO FORM EXCEPT FOR THE HIGHLIGHTED MATERIAL.**

Proposed Instruction No. __

Copyright – Estoppel by Acquiescence

Skiplagged contends American's claims are barred by the estoppel by acquiescence defense. To prove this defense, Skiplagged must prove three elements by a preponderance of the evidence:[25]

(1) that American gave assurances to Skiplagged that it could use American's copyright,

(2) that Skiplagged relied on those representations, and

(3) undue prejudice to Skiplagged resulting from its reliance on the assurances.

Assurances by the plaintiff can be explicit or implicit. Implicit means implied, rather than stated expressly by words or actions, such as in the overall conduct of the parties. Explicit means fully and clearly expressed, rather than implied. Assurances to the defendant may be inferred from silence.

A defendant is unduly prejudiced if, in reliance on the copyright owner's assurances, it took steps such as making significant investment decisions or building the bulk of its business on the reasonable assumption that it had permission to use the copyrighted work, and that such investment or capital would be lost if the defendant could no longer use the copyrighted work.[26]

*Source*: *Pennzoil-Quaker State Co. v. Miller Oil & Gas Ops.*, 779 F.3d 290, 294 (5th Cir. 2015) (citing *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 624 (5th Cir. 2013); *Wilson v. Tessmer L. Firm*, 483 F. Supp. 3d 416, 430 (W.D. Tex. 2020); *Tisch Hotels, Inc. v. Americana Inn, Inc.*, 350 F.2d 609, 615 (7th Cir. 1965); *Internet Specialties West, Inc. v. Milon–DiGiorgio Enters., Inc.*, 559 F.3d 985, 991–92 (9th Cir. 2009).

Accepted as Written: _____    Accepted as Modified: _____    Refused: _____

---

[25] *Pennzoil-Quaker State Co. v. Miller Oil & Gas Ops.*, 779 F.3d 290, 294 (5th Cir. 2015) (citing *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 624 (5th Cir. 2013)); *Wilson v. Tessmer L. Firm*, 483 F. Supp. 3d 416, 430 (W.D. Tex. 2020).

[26] *Pennzoil-Quaker State Co. v. Miller Oil & Gas Ops.*, 779 F.3d 290, 296-97 (5th Cir. 2015) (defining "undue prejudice") (*citing Tisch Hotels, Inc. v. Americana Inn, Inc.*, 350 F.2d 609, 615 (7th Cir. 1965) ("If ... prejudice could consist merely of expenditures in promoting the infringed name, then relief would have to be denied in practically every case of delay.").

_____ 2024,

_____

HON. MARK T. PITTMAN

UNITED STATES DISTRICT JUDGE

## Objections & Authorities

**Copyright Estoppel by Acquiescence - Instruction**

| | |
|---|---|
| Plaintiff's position and authority: | The Court's summary judgment order forecloses this affirmative defense. |
| | Regardless, this equitable defense is for the Court, not the jury. The Seventh Circuit PJC even has a comment stating that "No instructions are provided on the defenses of laches or acquiescence because they are issues for the court, not the jury." |
| | The Fifth Circuit and other courts agree. *Encompass Office Sols., Inc. v. Louisiana Health Serv. & Indem. Co*., 919 F.3d 266, 281 (5th Cir. 2019) (no Seventh Amendment jury trial right applies to equitable defenses); *Austin v. Shalala*, 994 F.2d 1170, 1177 n.7 (5th Cir. 1993) (explaining that an equitable defense—even to a legal claim—is tried to the court); *Reservoir, Inc. v. Truesdell*, No. CIV.A. 4:12-2756, 2013 WL 5574897, at *5 (S.D. Tex. Oct. 9, 2013) (holding that the "court is the finder of fact on equitable defenses," including laches); *see also e.g., United Services Auto. Ass'n v. PNC Bank N.A.*, 622 F. Supp. 3d 337, 339 (E.D. Tex. 2022) (equitable defenses of estoppel and unclean hands determined by the court after a jury trial); *OPTi Inc. v. VIA Techs., Inc*., No. 2:10-CV-00279-JRG, 2015 WL 417193, at *1 (E.D. Tex. Jan. 30, 2015) (laches and estoppel tried to court after jury trial); *see also SCA Hygiene Products Aktiebolag v. First Quality Baby Products, LLC*, 580 U.S. 328, 335 (2017) (holding in copyright context that "laches is a 'defense developed by courts of equity'" that requires a case-specific "judicial determination"); *Deere & Co. v. FIMCO Inc.*, 239 F. Supp. 3d 964, 1003 (W.D. Ky. 2017) (equitable defenses to trademark infringement include "laches, acquiescence, estoppel, and implied license"). |
| | To the extent given, American objects to the "implicit or explicit" instruction which suggests that silence which does not constitute an affirmative assurance would suffice. |
| Defendant's position and authority: | American moved for summary judgment on all of Skiplagged's affirmative defenses; Skiplagged opposed summary judgment arguing that a genuine of issue of material fact existed as to each of its defenses, including estoppel, acquiescence, license, and failure to mitigate damages, which are affirmative defenses to American's copyright infringement claim. While the Court's |

summary judgment order found for American on copyright infringement liability and specifically denied Skiplagged's affirmative defense of fair use as it relates to the copyright claim, the order denied both parties' motions "in all other respects."  Therefore, American was not granted summary judgment as to any of Skiplagged's affirmative defenses to the copyright claim other than copyright fair use, so those defenses remain in the case and should be presented to the jury.

See argument *Supra* regarding submission of equitable defenses to the jury, including in an advisory capacity.  *See also Pennzoil-Quaker State Co. v. Miller Oil & Gas Ops.*, 779 F.3d 290, 296-97 (5th Cir. 2015)(discussing various questions submitted to the jury on the defenses of acquiescence and laches).

**DEFENDANT PROPOSES THE FOLLOWING QUESTION.  THE PARTIES AGREE AS TO FORM; HOWEVER, PLAINTIFF OBJECTS TO ITS SUBMISSION.**

<mark>Proposed Question No. ___ – Copyright – Acquiescence</mark>

Did Skiplagged prove, by a preponderance of the evidence, its copyright acquiescence defense?

Answer "Yes" or "No": _____

Accepted as Written: _____         Accepted as Modified: _____                    Refused: _____

_____ 2024,

_____

Hon. Mark T. Pittman

United States District Judge

### Objections & Authorities

**Copyright Estoppel by Acquiescence - Question**

| | |
|---|---|
| **Plaintiff's position and authority:** | The Court's summary judgment order forecloses this affirmative defense. |
| | Regardless, this equitable defense is for the Court, not the jury.  The Seventh Circuit PJC even has a comment stating that "No instructions are provided on the defenses of laches or acquiescence because they are issues for the court, not the jury." |
| | The Fifth Circuit and other courts agree.  *Encompass Office Sols., Inc. v. Louisiana Health Serv. & Indem. Co*., 919 F.3d 266, 281 (5th Cir. 2019) (no Seventh Amendment jury trial right applies to equitable defenses); *Austin v. Shalala*, 994 F.2d 1170, 1177 n.7 (5th Cir. 1993) (explaining that an equitable defense—even to a legal claim—is tried to the court); *Reservoir, Inc. v. Truesdell*, No. CIV.A. 4:12-2756, 2013 WL 5574897, at *5 (S.D. Tex. Oct. 9, 2013) (holding that the "court is the finder of fact on equitable defenses," including laches); *see also e.g., United Services Auto. Ass'n v. PNC Bank N.A*., 622 F. Supp. 3d 337, 339 (E.D. Tex. 2022) (equitable defenses of estoppel and unclean hands determined by the court after a jury trial); *OPTi Inc. v. VIA Techs., Inc*., No. 2:10-CV-00279-JRG, 2015 WL 417193, at *1 (E.D. Tex. Jan. 30, 2015) (laches and estoppel tried to court after jury trial); *see also SCA Hygiene Products Aktiebolag v. First* |

50

*Quality Baby Products, LLC*, 580 U.S. 328, 335 (2017) (holding in copyright context that "laches is a 'defense developed by courts of equity'" that requires a case-specific "judicial determination"); *Deere & Co. v. FIMCO Inc.*, 239 F. Supp. 3d 964, 1003 (W.D. Ky. 2017) (equitable defenses to trademark infringement include "laches, acquiescence, estoppel, and implied license").

**Defendant's position and authority:**   American moved for summary judgment on all of Skiplagged's affirmative defenses; Skiplagged opposed summary judgment arguing that a genuine of issue of material fact existed as to each of its defenses, including estoppel, acquiescence, license, and failure to mitigate damages, which are affirmative defenses to American's copyright infringement claim. While the Court's summary judgment order found for American on copyright infringement liability and specifically denied Skiplagged's affirmative defense of fair use as it relates to the copyright claim, the order denied both parties' motions "in all other respects." Therefore, American was not granted summary judgment as to any of Skiplagged's affirmative defenses to the copyright claim other than copyright fair use, so those defenses remain in the case and should be presented to the jury.

See argument *Supra* regarding submission of equitable defenses to the jury, including in an advisory capacity. *See also Pennzoil-Quaker State Co. v. Miller Oil & Gas Ops.*, 779 F.3d 290, 296-97 (5th Cir. 2015) (discussing various questions submitted to the jury on the defenses of acquiescence and laches).

## V.    COPYRIGHT DAMAGES

Proposed Instruction No.

§ 17.32 – Copyright—Damages[27]

As I previously instructed you, the Court has already ruled that Skiplagged is liable to American on American's claim of copyright infringement. However, you must determine American's damages from Skiplagged's copyright infringement. American is entitled to recover the actual damages suffered as a result of the infringement. In addition, American is also entitled to recover any profits of the defendant attributable to the infringement. American must prove damages by a preponderance of the evidence.

*Source:* Ninth Circuit Court of Appeals Model Civil Jury Instructions (2017) (updated March 2024), § 17.32 (Copyright—Damages); 17 U.S.C. § 504(a).

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

---

[27] Ninth Circuit Court of Appeals Model Civil Jury Instructions (2017) (updated March 2024), § 17.32 (Copyright—Damages).

Proposed Instruction No.

§ 17.33 – Copyright—Actual Damages

American is entitled to recover the actual damages suffered as a result of the infringement. Actual damages mean the amount of money adequate to compensate American for the reduction of the fair market value of its copyrighted work caused by the infringement. In determining actual damages, you should consider the following:

1) The amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for Skiplagged's actual use of American's copyrighted work; and

2) The profits American should have received for any sales lost because of the infringement. Profits are the gross revenue American would have made on sales that did not occur because of the infringement minus additional expenses American would have incurred in making those sales.

**DEFENDANT PROPOSES THE FOLLOWING ADDITIONAL INSTRUCTION:**

**American bears the burden of proving by the preponderance of the evidence that the infringement was the cause of its lost revenue by showing with reasonable probability that, but for Skiplagged's infringement, American would not have suffered the loss claimed.[28]**

*Source*: 9th Circuit Court of Appeals Model Civil Jury Instructions (2017) (updated March 2024), § 17.33 (Copyright—Damages—Actual Damages); 17 U.S.C. § 504(b); *see Groden v. Allen*, 279 Fed. Appx. 290, 294 (5th Cir. 2008) (affirming jury award and noting that "A copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement") (quoting 17 U.S.C. § 504(b)).

Accepted as Written: _____      Accepted as Modified: _____            Refused: _____

_____ 2024,

_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

---

[28] *PAR Microsystems v. Pinnacle Dev. Corp*., 995 F. Supp. 658, 661 (N.D. Tex. 1998) (denying recovery of lost profits as no evidence was produced demonstrating that the alleged lost profits were caused by the defendant's infringement), quoting *Data Gen. Corp. v. Grumman Sys. Support Corp*., 36 F.3d 1147, 1170 (1st Cir. 1994) and *Big Seven Music Corp. v. Lennon*, 554 F.2d 504, 509 (2d Cir. 1977) ("Damages may be recovered only if there is a necessary, immediate and direct causal connection between the wrongdoing and the damages"); *MGE UPS Sys., Inc. v. GE Consumer & Indus., Inc*., 622 F.3d 361, 366 (5th Cir. 2010).

## Objections & Authorities

**Copyright Actual Damages Instruction**

| | |
|---|---|
| **Plaintiff's position and authority:** | American's instruction is verbatim from the Ninth Circuit PJC (the Fifth Circuit does not have a PJC on copyright).  That instruction already addresses causation ("damages means … reduction of the fair market value of the copyrighted work *caused by the infringement*").  And that causation standard is fully consistent with the statutory text and Fifth Circuit law.  *See Groden v. Allen*, 279 Fed. Appx. 290, 294 (5th Cir. 2008) (affirming jury award and noting that "A copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement") (quoting 17 U.S.C. § 504(b)).  Likewise, American's burden is already stated in the prior damages instruction, *supra*. |
| | Skiplagged's proposed non-PJC addition is duplicative and unnecessary. |
| **Defendant's position and authority:** | Skiplagged's proposed additions to the instruction reflect Fifth Circuit and Northern District of Texas authority regarding a copyright plaintiff's burden of proving damages.  These cases should control over the Ninth Circuit PJC. *PAR Microsystems v. Pinnacle Dev. Corp*., 995 F. Supp. 658, 661 (N.D. Tex. 1998) (denying recovery of lost profits as no evidence was produced demonstrating that the alleged lost profits were caused by the defendant's infringement), quoting *Data Gen. Corp. v. Grumman Sys. Support Corp*., 36 F.3d 1147, 1170 (1st Cir. 1994) and *Big Seven Music Corp. v. Lennon*, 554 F.2d 504, 509 (2d Cir. 1977) ("Damages may be recovered only if there is a necessary, immediate and direct causal connection between the wrongdoing and the damages"); *MGE UPS Sys., Inc. v. GE Consumer & Indus., Inc*., 622 F.3d 361, 366 (5th Cir. 2010). |

<u>Proposed Question No.</u>

What amount of actual damages did American prove, by a preponderance of the evidence, that it is entitled to recover as a result of Skiplagged's copyright infringement?

Answer: $ _____

Accepted as Written: _____          Accepted as Modified: _____                    Refused: _____

_____ 2024,

_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

**DEFENDANT PROPOSES THE FOLLOWING INSTRUCTION; PLAINTIFF OBJECTS TO THE SUBMISSION BUT AGREES TO FORM**

Proposed Instruction No. __ – Copyright – Failure to Mitigate Damages

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his/her damages, that is, to avoid or to minimize those damages.

If you find Skiplagged is liable and American has suffered damages, American may not recover for any item of damage which it could have avoided through reasonable effort. If you find that Skiplagged proved by a preponderance of the evidence that American unreasonably failed to take advantage of an opportunity to lessen its damages, you should deny its recovery for those damages that it would have avoided had it taken advantage of the opportunity.

You are the sole judge of whether American acted reasonably in avoiding or minimizing its damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, a plaintiff is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. Skiplagged has the burden of proving the damages that American could have mitigated. In deciding whether to reduce American's damages because of its failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether Skiplagged has satisfied its burden of proving that American's conduct was not reasonable.

_Source_: Committee on Civil Pattern Jury Instructions District Judges Association Fifth Circuit, Pattern Jury Instructions (Civil Cases) 15.5 (2020 rev. through June 2020).


Accepted as Written: _____    Accepted as Modified: _____              Refused: _____

_____ 2024,


_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

56

**Objections & Authorities**

**Copyright Mitigation Damages Instruction**

**Plaintiff's position and authority:**

Numerous courts have held that mitigation of damages is not a defense to copyright or trademark infringement. *See Natreon, Inc. v. Ixoreal Biomed, Inc.*, No. CV164735FLWDEA, 2017 WL 3131975, at *7 (D.N.J. July 21, 2017) ("Moreover, this Court is unable to find any controlling authority to support the position that mitigation of damages is a valid affirmative defense to the Lanham Act, unfair competition, trade libel, defamation, or tortious interference with prospective economic relations causes of action."); *see also Janes v. Watson*, No. 05-473, 2006 WL 2322820, at *17, 2006 WL 2322820 (W.D. Tex. Aug. 2, 2006) ("The Court fails to see how the failure to mitigate defense applies [to claims for] ... unfair competition, trademark infringement, trademark dilution, injury to business reputation ... tortious interference with existing and prospective business relationships, and misappropriation of trade secrets," since "there is nothing Plaintiffs can do to mitigate [their] damages"). Moreover, Skiplagged's mitigation argument appears to duplicate its laches, estoppel, and other equitable defenses because it is based on delay alone.

**Defendant's position and authority:**

Texas courts have recognized failure to mitigate damages as an affirmative defense to copyright infringement claims, so this should be presented to the jury. *See DCA Design v. Bellavida Custom Homes LLC*, 2018 U.S. Dist. LEXIS 232921 *13 (S.D. Tex. Dec. 5, 2018); *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, LP,* 2017 U.S. Dist. LEXIS 9426 *17 (S.D. Tex. Jan. 24, 2017)(recognizing in a copyright case that "[t]he failure to mitigate is an affirmative defense to infringement"); *Operating Tech. Elecs., Inc. v. Gen. Power Sys.*, No. 4:13-CV-871-A, 2014 U.S. Dist. LEXIS 140523 *16 (N.D. Tex. Oct. 2, 2014) ("Failure to mitigate is generally a question of fact for the jury"). *See also Two Men & a Truck Int'l, Inc. v. Two Guys Moving Bossier, LLC*, 2015 U.S. Dist. LEXIS 159080, 2015 WL 7573216 *5 (recognizing failure to mitigate as an affirmative defense to trademark case); *Interplan Architects, Inc. v. C.L. Thomas, Inc.*, 2010 U.S. Dist. LEXIS 114306 *147; (S.D. Tex. Oct. 27, 2010)(collecting cases recognizing mitigation of damages as an affirmative defenses to copyright infringement). Therefore, this instruction should be included.

57

**DEFENDANT PROPOSES THE FOLLOWING QUESTION. THE PARTIES AGREE AS TO FORM; HOWEVER, PLAINTIFF OBJECTS TO ITS SUBMISSION.**

Proposed Question No. __ – Copyright – Failure to Mitigate Damages

   **Did Skiplagged prove by a preponderance of the evidence that American failed to mitigate its copyright infringement actual damages?**

   **Answer "Yes" or "No": _____**

<br>

**Objections & Authorities**

**Copyright Mitigation Damages Question 1**

| Plaintiff's position and authority: | As stated, mitigation of damages is not a defense to copyright or trademark infringement and should not be submitted. *Supra*. |
|---|---|
| | Regardless, mitigation is an instruction to be given in connection with damages; it is not an independent basis for a question. *Olin Corp. v. Cent. Indus., Inc*., 576 F.2d 642, 649 (5th Cir. 1978) (affirming mitigation instruction); *Carrizales v. State Farm Lloyds*, 518 F.3d 343, 348 (5th Cir. 2008) (same); *see* Fifth Cir. PJC 15.5; *cf.* Tex. PJC (Negligence) § 28.9 (instructing parties to use mitigation instruction within damages question). Skiplagged's proposal creates opportunity for jury confusion and is unnecessary. |
| Defendant's position and authority: | Texas courts have recognized failure to mitigate damages as an affirmative defense to copyright infringement claims, so this should be presented to the jury. *See DCA Design v. Bellavida Custom Homes LLC*, 2018 U.S. Dist. LEXIS 232921 *13 (S.D. Tex. Dec. 5, 2018); *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, LP,* 2017 U.S. Dist. LEXIS 9426 *17 (S.D. Tex. Jan. 24, 2017)(recognizing in a copyright case that "[t]he failure to mitigate is an affirmative defense to infringement"); *Operating Tech. Elecs., Inc. v. Gen. Power Sys.*, No. 4:13-CV-871-A, 2014 U.S. Dist. LEXIS 140523 *16 (N.D. Tex. Oct. 2, 2014) ("Failure to mitigate is generally a question of fact for the jury"). *See also Two Men & a Truck Int'l, Inc. v. Two Guys Moving Bossier, LLC*, 2015 U.S. Dist. LEXIS 159080, 2015 WL 7573216 *5 (recognizing failure to mitigate as an affirmative defense to trademark case); *Interplan Architects, Inc. v. C.L. Thomas, Inc.*, 2010 U.S. Dist. LEXIS 114306 *147; (S.D. Tex. Oct. 27, 2010)(collecting cases |

recognizing mitigation of damages as an affirmative defenses to copyright infringement).  Therefore, this instruction should be included.

**DEFENDANT PROPOSES THIS QUESTION:**

<mark>Proposed Question No. __ – Copyright – Failure to Mitigate Damages</mark>

State the amount in dollars and cents of copyright infringement actual damages that American could have mitigated through the exercise of reasonable diligence?

Answer: $ _____

## Objections & Authorities

**Copyright Mitigation Damages Question 2**

| | |
|---|---|
| **Plaintiff's position and authority:** | As stated, mitigation of damages is not a defense to copyright or trademark infringement and should not be submitted.  *Supra.* |
| | Regardless, mitigation is an instruction to be given in connection with a compensatory damages question; it is not an independent basis for a question.  *Olin Corp. v. Cent. Indus., Inc*., 576 F.2d 642, 649 (5th Cir. 1978) (affirming mitigation instruction); *Carrizales v. State Farm Lloyds*, 518 F.3d 343, 348 (5th Cir. 2008) (same); *see* Fifth Cir. PJC 15.5; *cf.* Tex. PJC (Negligence) § 28.9 (instructing parties to use mitigation instruction within damages question).  Skiplagged's proposal creates opportunity for jury confusion and is unnecessary. |
| **Defendant's position and authority:** | Texas courts have recognized failure to mitigate damages as an affirmative defense to copyright infringement claims, so this should be presented to the jury.  *See DCA Design v. Bellavida Custom Homes LLC*, 2018 U.S. Dist. LEXIS 232921 *13 (S.D. Tex. Dec. 5, 2018); *Energy Intelligence Grp., Inc. v. Kayne Anderson Capital Advisors, LP,* 2017 U.S. Dist. LEXIS 9426 *17 (S.D. Tex. Jan. 24, 2017)(recognizing in a copyright case that "[t]he failure to mitigate is an affirmative defense to infringement"); *Operating Tech. Elecs., Inc. v. Gen. Power Sys.*, No. 4:13-CV-871-A, 2014 U.S. Dist. LEXIS 140523 *16 (N.D. Tex. Oct. 2, 2014) ("Failure to mitigate is generally a question of fact for the jury"). *See also Two Men & a Truck Int'l, Inc. v. Two Guys Moving Bossier, LLC*, 2015 U.S. Dist. LEXIS 159080, 2015 WL 7573216 *5 (recognizing failure to mitigate as an affirmative defense to trademark case); *Interplan Architects, Inc. v. C.L. Thomas, Inc.*, 2010 U.S. Dist. LEXIS 114306 *147; (S.D. Tex. Oct. 27, 2010)(collecting cases recognizing mitigation of damages as an affirmative defenses to copyright infringement). |
| | Because Skiplagged bears the burden of proving this affirmative defense, a question as to the amount of damages that could have been mitigated should be submitted to the jury.  This also ensures that the jury proper takes into |

consideration damages as well as mitigation, and lessens the chance of juror confusion.

Proposed Instruction No.

§ 17.34 – Copyright—Skiplagged's Profits[29]

In addition to actual damages, American is entitled to any profits of Skiplagged attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may make an award of Skiplagged's profits only if you find that American showed a causal nexus between the infringement and Skiplagged's gross revenue.

Skiplagged's profit is determined by subtracting all expenses from its gross revenue attributable to the infringement.

Skiplagged's gross revenue is all of its receipts from the sale of products and services associated with the infringement. American has the burden of proving Skiplagged's gross revenue by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, and/or production costs incurred in producing Skiplagged's gross revenue associated with the infringement. Skiplagged has the burden of proving its expenses by a preponderance of the evidence.

Unless you find that a portion of the profit generated from Skiplagged's sale of products and services associated with the infringement is attributable to factors other than use of the copyrighted work, all of the profit is to be attributed to the infringement. Skiplagged has the burden of proving the portion or percentage of the profit, if any, attributable to factors other than copying or infringing American's copyrighted work.

*Source*: 9th Circuit Court of Appeals Model Civil Jury Instructions (2017) (updated March 2024), § 17.34 (Copyright—Damages—Defendant's Profits); 17 U.S.C. § 504(b).

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

---

[29] By including profit disgorgement damages for both copyrights and trademarks, Skiplagged does not waive its objection that American is not entitled to recover lost profits twice for the same injury (once for copyright infringement and a second time for trademark infringement).

**PLAINTIFF PROPOSES THE FOLLOWING QUESTION:**

<mark>Proposed Question No.</mark>

What amount of Skiplagged's profits do you find American is entitled to recover as a result of Skiplagged's copyright infringement?

Answer: $ _____

**DEFENDANT PROPOSES THE FOLLOWING ALTERNATIVE QUESTION:**

<mark>Proposed Question No.</mark>

This question contains several parts. You should answer each of the parts completely.

**Part 1:**

What amount of Skiplagged's gross revenue, if any, did American prove by a preponderance of the evidence is attributable to Skiplagged's copyright infringement?

Do not include in this amount, if any, any actual damages identified above.

Answer: $ _____

**Part 2:**

What amount of deductible expenses did Skiplagged prove by a preponderance of the evidence should be deducted from the gross revenue you found in response to Part 1?

Answer: $ _____

**Part 3:**

What additional amounts did Skiplagged prove by a preponderance of the evidence are attributable to Skiplagged's factors other than infringement and should be deducted from the amount you found in response to Part 1?

Answer: $ _____

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

## Objections & Authorities

**Copyright Profits Damages Instruction**

| | |
|---|---|
| **Plaintiff's position and authority:** | American's instruction is broad form and responsive to the burden-shifting framework given in the instruction. Just as Skiplagged prefers a broad form (as opposed to element-by-element) submission on its affirmative defenses, American and the law prefers a broad form (as opposed to element-by-element) submission on its damages. *E.g.*, *Bryan v. Cargill, Inc.*, 723 F.2d 1202, 1205 (5th Cir. 1984) (district court committed no abuse of discretion when its jury question submitted in "broad form these same factual elements" that appellant had wanted to submit "piecemeal"). Skiplagged's framing, moreover, fails to track the instructions and risks jury confusion. |
| **Defendant's position and authority:** | The amount the jury finds, if any, in gross profits, expenses, and other deductible amounts not attributable to infringement should be submitted for purposes of clarity on appeal and in order to determine there is no double recovery with actual damages, if any. Breaking out the parts into individual questions is consistent with the language of 17 U.S.C. § 504(b) and the above instruction, and avoids the potential for juror confusion. This approach is also consistent with Section 9.33 of Eleventh Circuit Pattern Jury Instructions, Civil Cases (2013 Revision). |

## VI.   SPECIFIC INSTRUCTIONS AND VERDICT FORM ON AMERICAN'S TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114 CLAIM

**DEFENDANT REQUESTS THE BOLDED LANGUAGE:**

<mark>Proposed Instruction No.</mark>

§ 14.4 – Summary of Claims and Defenses

American also claims in this case that it owns certain registered trademarks.  Those trademarks are: (1) two word trademarks for the words "AMERICAN AIRLINES"; (2) two trademarks on American's Flight Symbol logos,  and  ; and (3) a combined word and design mark for "American" with its associated Flight Symbol logo,  .

American claims that Skiplagged committed trademark infringement and unfair competition by using the registered trademarks owned by American. American's claims arise under federal law.

Skiplagged denies American's claims of trademark infringement and unfair competition. Skiplagged also contends that, even if American could prevail on one or more of its trademark-related claims, American still is not entitled to any recovery or relief on any of those claims under the doctrines of **laches**, nominative fair use, express license, and **estoppel by acquiescence.**

I will now instruct you on the law you must apply to the evidence you have heard.

*Source:* Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.4 (Trademark Infringement – Nature of Plaintiff's Claims); *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 774 (1992)*; Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 198 (1985).

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____

HON. MARK T. PITTMAN

**Objections & Authorities**

**Trademark Summary Instruction**

| | |
|---|---|
| **Plaintiff's position and authority:** | Equitable defenses are for the Court, not a jury. *Encompass Office Sols., Inc. v. La. Health Serv. & Indem. Co*., 919 F.3d 266, 281 (5th Cir. 2019) (no Seventh Amendment jury trial right applies to equitable defenses); *Austin v. Shalala*, 994 F.2d 1170, 1177 n.7 (5th Cir. 1993) (same); *eTool Dev., Inc. v. Nat'l Semiconductor Corp*., No. 2:08-CV-196-WCB, 2011 WL 12677158, at *1 (E.D. Tex. Dec. 12, 2011) ("issues of inequitable conduct and unclean hands are equitable in nature and that no right to a jury trial attaches to those issues."); *M-I LLC v. FPUSA, LLC*, No. 5:15-CV-406-DAE, 2021 WL 8946454, at *5 (W.D. Tex. Feb. 3, 2021) (same); *Reservoir, Inc. v. Truesdell*, No. CIV.A. 4:12-2756, 2013 WL 5574897, at *5 (S.D. Tex. Oct. 9, 2013) (same, "including" for "laches"); *e.g., United Servs. Auto. Ass'n v. PNC Bank N.A*., 622 F. Supp. 3d 337, 339 (E.D. Tex. 2022) (estoppel and unclean hands submitted to court after jury trial); *OPTi Inc. v. VIA Techs., Inc*., No. 2:10-CV-00279-JRG, 2015 WL 417193, at *1 (E.D. Tex. Jan. 30, 2015) (same for laches and estoppel); *see also SCA Hygiene Products Aktiebolag v. First Quality Baby Prods., LLC*, 580 U.S. 328, 335 (2017) ( "laches is a 'defense developed by courts of equity'" that requires a case-specific "judicial determination"); *Deere & Co. v. FIMCO Inc.*, 239 F. Supp. 3d 964, 1003 (W.D. Ky. 2017) (equitable defenses to trademark infringement include "laches, acquiescence, estoppel, and implied license"). |
| | Failure to mitigate also is unavailable. Numerous courts have held that mitigation of damages is not a defense to trademark infringement. *See* 15 U.S.C. § 1115 (listing affirmative defenses but not failure to mitigate; *Jacobs v. Fareportal, Inc*., No. 8:17CV362, 2019 WL 11029415, at *17 (D. Neb. Sept. 19, 2019) (15 U.S.C. § 1115 lists the available affirmative defenses to unfair competition claims, whether asserted under the Lanham Act, other statutes, or the common law. Failure to mitigate is not among them") (collecting authorities rejecting mitigating defense); *Natreon, Inc. v. Ixoreal Biomed, Inc*., No. CV164735FLWDEA, 2017 WL 3131975, at *7 (D.N.J. July 21, 2017) ("Moreover, this Court is unable to find any controlling authority to support the position that mitigation of damages is a valid affirmative defense to the Lanham Act …"); *see also Janes v. Watson*, No. 05-473, 2006 WL 2322820, at *17, 2006 WL 2322820 (W.D. Tex. Aug. 2, 2006) ("The Court fails to see how the failure to mitigate defense applies [to claims for] ... unfair competition, trademark infringement, …" since "there is nothing Plaintiffs can do to mitigate [their] damages"). |
| **Defendant's position and** | Courts in the 5th Circuit have allowed juries to be presented with these defenses. The *M-I* case cited by American expressly notes that equitable |

| | |
|---|---|
| **authority:** | defenses can be submitted to the jury on special interrogatories. *M-I LLC v. FPUSA, LLC*, No. 5:15-CV-406-DAE, 2021 U.S. Dist. LEXIS 259333 *12 (W.D. Tex. Feb. 3, 2021). This holding is consistent with the 11th Circuit's instruction on copyright estoppel. *See* Civil Pattern Jury Instructions, Eleventh Circuit 9.28 (2024)("the judge not the jury should decide whether estoppel applies, though the judge may have the jury consider the issue in an advisory capacity"). More importantly, courts in the Fifth Circuit have in fact submitted equitable defenses to the jury in trademark and copyright cases. *See Conan Props. v. Conans Pizza, Inc.*, 752 F.2d 145 (5th Cir. 1985) (jury verdict on laches and acquiescence in trademark case); *Gibson Brands, Inc. v. Armadillo Distribution Enters.*, Civil Action No. 4:19-CV-358, 2022 U.S. Dist. LEXIS 134483 (E.D. Tex. July 28, 2022) (jury finding on laches in trademark case); *Gibson, Inc. v. Armadillo Distribution Enters.*, 107 F.4th 441 (5th Cir. 2024) (jury finding on laches and acquiescence in trademark case); *Pennzoil-Quaker State Co. v. Miller Oil & Gas Operations*, 779 F.3d 290, 297(5th Cir. 2015) (noting history of upholding jury instructions on laches); *Tinnus Enters., LLC v. Telebrands Corp.*, No. 6:16-CV-00033-RWS, 2017 U.S. Dist. LEXIS 181387 (E.D. Tex. Nov. 1, 2017) (only issues of fact related to the license defense will go to the jury); *Kipp Flores Architects, LLC v. Pradera SFR, LLC*, Civil Action No. SA-21-CV-00673-XR, 2023 U.S. Dist. LEXIS 92 (W.D. Tex. Jan. 2, 2023) ("Whether an implied license exists turns on the copyright holder's intent, which is question of fact."), citing *Stross v. Centerra Homes of Tex.*, No. 1:17-CV-676-RP, 2021 U.S. Dist. LEXIS 219239 *2 (W.D. Tex. Sep. 27, 2021) and *Sanchez v. Hacienda Records & Recording Studio, Inc*., 2013 U.S. Dist. LEXIS 18169, 2013 WL 529950, at *6 (S.D. Tex. Feb. 11, 2013). |

<u>Proposed Instruction No.</u>

§ 14.6 – Nature of Plaintiff's Claims[30]

American claims that, by using American's registered trademarks in connection with providing travel reservation services, providing information in the field of travel, and providing computer applications software for mobile devices, Skiplagged infringed each of American's trademarks for the word mark "AMERICAN AIRLINES," for its Flight Symbol logo marks  and , and for its combined word and design mark, "American" with its Flight Symbol logo .

The purposes of trademark law are to secure to the owner of the mark the goodwill of its business and to protect the ability of consumers to distinguish among competing producers. [31] The central question in trademark law is the likelihood of consumer confusion.

<u>Source:</u> Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.6 (Trademark Infringement – Nature of Plaintiff's Claims); *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 774 (1992)*; Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 198 (1985).

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

---

[30] Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.6 (Trademark Infringement – Nature of Plaintiff's Claims).

[31] *Id.* (citing *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 774 (1992)*; Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 198 (1985) ("The Lanham Act provides national protection of trademarks in order to secure to the owner of the mark the goodwill of his business and to protect the ability of consumers to distinguish among competing producers.")).

<u>Proposed Instruction No.</u>

§ 14.7 – Definition of Trademark[32]

Ownership of a trademark is established by use of the trademark and does not need to be registered in order to obtain protection.[33]

As I instructed you before trial, a trademark is a property right that is acquired by use. A trademark is any word, name, symbol, device or any combination of these things, used by a person or corporation to identify and distinguish its goods or services from those sold by others and to indicate the source of the goods or services, even if that source is unknown to the consumer.[34] If through use, the word or design comes to symbolize a person's or corporation's product or service in the public mind, that person or corporation acquires a property right in the mark.[35]

American bears the burden of proving by a preponderance of the evidence that it has acquired property rights in each trademark it asserts in this case before there can be infringement of that trademark. A trademark need not, but can be, registered with the United States Patent and Trademark Office. This is called a United States or federal trademark registration. A federal trademark registration is evidence of the registrant's exclusive right to use the mark in commerce in connection with the goods or services specified in the registration.[36]

American asserts that it is the owner of the following five trademarks and corresponding U.S. Trademark Registrations:

1) The word trademark, "AMERICAN AIRLINES". American claims rights to this trademark under federal law. American owns two federal trademark registrations for this name mark, which has been admitted as Exhibit [ ] in this trial. American's federal trademark for the word mark "American Airlines" specifies the goods and services associated with this mark as:

   a. "air transport of passengers, cargo, and freight; providing travel agency services, namely, providing travel reservation services for others, namely, coordinating travel arrangements for individuals and for groups, providing information in the field of travel by means of a global computer network; etc." (Int'l Class 09); and

---

[32] Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.7 (Trademark Infringement – Definition of Trademark).

[33] *Id.* (citing *Union Nat'l Bank of Tex., Laredo v. Union Nat'l Bank of Tex., Austin*, 909 F.2d 839, 842 (5th Cir. 1990)).

[34] *Id.* (citing 15 U.S.C. § 1127; *Bd. of Supervisors for LSU Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 475 (5th Cir. 2008)).

[35] *Id.* (citing *Trade-Mark Cases*, 100 U.S. 82, 94-95 (1879); *Bos. Prof. Hockey Ass'n v. Dall. Cap & Emblem Mfg., Inc.*, 510 F.2d 1004, 1014 (5th Cir. 1975)).

[36] *Id.* (citing *Soweco, Inc. v. Shell Oil Co.*, 617 F.2d 1178, 1184 (5th Cir. 1980); *Elvis Presley Enters. v. Capece*, 141 F.3d 188, 194 (5th Cir. 1998) (citing 15 U.S.C. § 1115(a)).

b.  "computer application software for mobile devices and handheld computers, namely, software for providing information in the fields of travel, transportation and loyalty award programs; computer application software for mobile devices; computer application software for mobile devices and handheld computers, namely, software for ticketing passengers, checking reservations, and checking flight status" (Int'l Class 39).

2)  The logo trademark, American Flight Symbol (in color)  . American claims rights to this trademark under federal law. American owns a federal trademark registration for this mark, which has been admitted as Exhibit [ ] in this trial. American's federal trademark registration for this logo trademark specifies the goods/services associated with this mark as: "air transportation of passengers, cargo, and freight; providing travel agency services, namely, providing transportation reservation services for others, air transportation reservation services for others, etc. by means of a global computer network; providing information in the field of travel by means of a global computer network." (Int'l Class 39).

3)  The logo trademark, American Flight Symbol (black and white)  . American claims rights to this trademark under federal law. American owns a federal trademark registration for this mark, admitted as Exhibit [ ] in this trial. American's federal trademark registration for this logo trademark specifies the goods/services associated with this mark as: "air transport of passengers, cargo, and freight; providing travel agency services, namely, providing travel reservation services for others, air transportation reservation services for others, ground support services in the field of air transportation, namely, marking, sorting, loading, unloading, transfer, and transit of cargo and passengers' luggage; providing information concerning cargo and passengers' luggage in transit and delivery; air travel passenger ticketing and check-in services; booking and providing ancillary travel services, namely, making reservations in the nature of seat selection, baggage check-in; airport ramp services, namely, transfer of checked baggage to aircraft; airport ramp services, namely, transfer of carry-on baggage to aircraft; airline services, etc." (Int'l Class 39).

4)  The combined word and symbol trademark, "American" with Flight Symbol logo  . American claims rights to this trademark under federal law. American owns a federal trademark registration for this mark, admitted as Exhibit [ ] in this trial. American's federal trademark registration for this logo trademark specifies the goods/services associated with this mark as: "air transport of passengers, cargo, and freight; providing travel agency services, namely, providing travel reservation services for others, namely, coordinating travel arrangements for individuals and for groups, air transportation reservation services for others, and vacation reservation services by means of a global computer network, namely, coordinating travel arrangements for individuals and for groups; providing information in the field of travel by means of a global computer network." (Int'l Class 39)

The following instructions on trademark infringement focus on these marks.

*Source:* Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.7 (Trademark Infringement – Definition of Trademark); 15 U.S.C. § 1127; *Trade-Mark Cases*, 100 U.S. 82, 94-95 (1879); *Bd. of Supervisors for LSU Agric. & Mech. Coll. v. Smack Apparel Co*., 550 F.3d 465, 475 (5th Cir. 2008); *Union Nat'l Bank of Tex., Laredo v. Union Nat'l Bank of Tex., Austin*, 909 F.2d 839, 842 (5th Cir. 1990); *Soweco, Inc. v. Shell Oil Co*., 617 F.2d 1178, 1184 (5th Cir. 1980); *Elvis Presley Enters. v. Capece*, 141 F.3d 188, 194 (5th Cir. 1998) (citing 15 U.S.C. § 1115(a)); *Bos. Prof. Hockey Ass'n v. Dall. Cap & Emblem Mfg., Inc*., 510 F.2d 1004, 1014 (5th Cir. 1975).

Accepted as Written: _____     Accepted as Modified: _____                    Refused: _____

_____ 2024,

_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

71

Proposed Instruction No.

**DEFENDANT PROPOSES THE BOLDED TEXT BELOW; PLAINTIFF OBJECTS TO THE SUBMISSION OF EQUITABLE DEFENSES**

§ 14.8 – Trademark Infringement[37]

American accuses Skiplagged of trademark infringement based on Skiplagged's use of American's trademarks connection with providing travel reservation services, providing information in the field of travel, and providing computer applications software for mobile devices.

American accuses Skiplagged of two different violations of its rights in its marks: (1) trademark infringement under federal law, and (2) unfair competition under federal law. These are two theories of liability, but they each require the same proof against Skiplagged, and so I will instruct you on the elements only once.

To prevail on its trademark infringement and unfair competition claims, American must establish: (1) American's ownership of a legally protectable mark; and (2) infringement by demonstrating a likelihood of confusion. Ownership of a mark is established by actual use in the market.[38]

If you find that American has proved each of these things by a preponderance of the evidence, and that Skiplagged did not prove by a preponderance of the evidence that American's claims are barred by its affirmative defenses of **laches**, nominative fair use, express license, **estoppel by acquiescence**, then you must find for American. However, if American did not prove the elements of its claims by a preponderance of the evidence, then you must find for Skiplagged. In addition, if you find that Skiplagged proved its affirmative defenses by a preponderance of the evidence, then you must find for Skiplagged.

I will now explain what I mean by these terms.

*Source:* Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.8 (Trademark Infringement); *Bd. Of Supervisors for La. State Univ. Ag. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 474-475 (5th Cir. 2008); *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008); *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 194 (5th Cir. 2007).

---

[37] Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.8 (Trademark Infringement).

[38] *Id.* (citing *Bd. Of Supervisors for La. State Univ. Ag. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 474-475 (5th Cir. 2008); *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008); *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 194 (5th Cir. 2007) (stating "the threshold requirement that the plaintiff must possess a protectible mark, which must be satisfied before infringement can be actionable").

Accepted as Written: _____     Accepted as Modified: _____              Refused: _____

_____ 2024,

_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

### Objections & Authorities

**Trademark Instruction**

| | |
|---|---|
| **Plaintiff's position and authority:** | Reference to the equitable defenses is inappropriate because the equitable defenses are for the Court, not a jury. *Encompass Office Sols., Inc. v. La. Health Serv. & Indem. Co.*, 919 F.3d 266, 281 (5th Cir. 2019) (no Seventh Amendment jury trial right applies to equitable defenses); *Austin v. Shalala*, 994 F.2d 1170, 1177 n.7 (5th Cir. 1993) (same); *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, No. 2:08-CV-196-WCB, 2011 WL 12677158, at *1 (E.D. Tex. Dec. 12, 2011) ("issues of inequitable conduct and unclean hands are equitable in nature and that no right to a jury trial attaches to those issues."); *M-I LLC v. FPUSA, LLC*, No. 5:15-CV-406-DAE, 2021 WL 8946454, at *5 (W.D. Tex. Feb. 3, 2021) (same); *Reservoir, Inc. v. Truesdell*, No. CIV.A. 4:12-2756, 2013 WL 5574897, at *5 (S.D. Tex. Oct. 9, 2013) (same, "including" for "laches"); *e.g., United Servs. Auto. Ass'n v. PNC Bank N.A.*, 622 F. Supp. 3d 337, 339 (E.D. Tex. 2022) (estoppel and unclean hands submitted to court after jury trial); *OPTi Inc. v. VIA Techs., Inc.*, No. 2:10-CV-00279-JRG, 2015 WL 417193, at *1 (E.D. Tex. Jan. 30, 2015) (same for laches and estoppel); *see also SCA Hygiene Products Aktiebolag v. First Quality Baby Prods., LLC*, 580 U.S. 328, 335 (2017) ( "laches is a 'defense developed by courts of equity'" that requires a case-specific "judicial determination"); *Deere & Co. v. FIMCO Inc.*, 239 F. Supp. 3d 964, 1003 (W.D. Ky. 2017) (equitable defenses to trademark infringement include "laches, acquiescence, estoppel, and implied license"). |
| **Defendant's position and authority:** | See discussion *Supra* regarding submission to the jury of affirmative defenses that are equitable in nature.  If the Court is inclined to present these defenses to the jury, then they should be included in this instruction. |

<u>Proposed Question No.</u>

Trademark Validity

Did American prove by a preponderance of the evidence that the following registered trademarks are valid and protectible?



"AMERICAN AIRLINES"





Answer "Yes" or "No": _____

Accepted as Written: _____      Accepted as Modified: _____                  Refused: _____

_____ 2024,

_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

Proposed Question No.

Trademark Ownership

Did American prove by a preponderance of the evidence that American owns the following valid trademarks?

"AMERICAN AIRLINES"



Answer "Yes" or "No": _____

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

<u>Proposed Instruction No.</u>

<mark>§ 14.10 – Likelihood of Confusion [39]</mark>

**PLAINTIFF REQUESTS THE BOLDED INSTRUCTION BELOW:**

To prevail on its claims against Skiplagged, American must prove by a preponderance of the evidence that Skiplagged's use of American's marks **in connection with Skiplagged's provision of travel reservation services, information in the field of travel, and computer applications software for mobile devices** creates a likelihood of confusion in the minds of potential consumers as to the source, affiliation, or sponsorship of the products and services offered by Skiplagged.[40]

As mentioned, American has stated claims against Skiplagged for trademark infringement and unfair competition. Like with trademark infringement, the critical issue for unfair competition is likelihood of confusion. Whether the violation is called trademark infringement or unfair competition, the test is identical: "is there a likelihood of confusion?"

Likelihood of confusion means a probability of confusion, which is more than a mere possibility of confusion.[41]

In determining whether American has proven by a preponderance of the evidence that there is a likelihood of confusion with respect to the source, affiliation, or sponsorship of the products and services offered by Skiplagged, you should consider the following factors, known as "digits of confusion," separately as to each allegedly infringed mark:

1) The type and strength of American's marks;

2) The similarity between American's marks and the marks used by Skiplagged;

3) The similarity of products and services supplied by American and the products and services supplied by Skiplagged while using American's marks;

4) The identity of retail outlets and purchasers of American's and Skiplagged's products and services;

5) The identity of advertising media used by American and Skiplagged;

---

[39] Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.10 (Trademark Infringement – Likelihood of Confusion).

[40] *Id.* (citing *Springboards to Educ. v. Hous. ISD*, 912 F.3d 805, 811-12 (5th Cir. 2019); *Westchester Media v. PRL USA Holdings, Inc.*, 214 F.3d 658, 663 (5th Cir. 2000); *Elvis Presley Enters. v. Capece*, 141 F.3d 188, 193 (5th Cir. 1998)).

[41] *Id.* (*citing Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 478 (5th Cir. 2008); *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 453 (5th Cir. 2017); *Springboards to Educ. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 812 (5th Cir. 2019)).

6) Skiplagged's intent in using American's marks;

7) Evidence of actual confusion caused by Skiplagged's use of American's marks; and

8) The degree of care exercised by potential purchasers.[42]

The weight to be given to the factors depends on the facts and circumstances of each case.[43] The absence or presence of any one of the digits does not determine whether there is, or is not, a likelihood of confusion. In some cases, a jury may find a likelihood of confusion even if you find less than a majority of the factors.[44] In other cases, a jury may find no likelihood of confusion even if it finds less than a majority of the factors. These digits of confusion are flexible and do not apply mechanically or to every case. They serve only as guides, not an exact calculus. You must consider the application of each digit in light of the specific facts and circumstances of evidence in this case, and you must consider the marks in the context that a consumer perceives them in the marketplace.[45]

You may determine how much weight to give each factor.

**PLAINTIFF REQUESTS THE BOLDED INSTRUCTION BELOW:**

**However, if Skiplagged used American's exact trademarks, then you need not consider and weigh all of the digits of confusion.[46]**

---

[42] *Id.* (*citing Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 750 (5th Cir. 2022); *Streamline Prod. Sys. v. Streamline Mfg.*, 851 F.3d 440, 453 (5th Cir. 2017)).

[43] *Id.* (*citing Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 227 (5th Cir. 2009) (quoting *Marathon Mfg., Co. v. Enerlite Prods. Corp.*, 767 F.2d 214, 218 (5th Cir. 1985) (per curiam)).

[44] *Id.* (*citing Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 329 (5th Cir. 2008)).

[45] *Id.* (*citing Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 485 (5th Cir. 2004); *Springboards to Educ. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 812 (5th Cir. 2019) (citations omitted); *Rex Real Est. I, L.P. v. Rex Real Est. Exch., Inc.*, 80 F.4th 607, 620 (5th Cir. 2023) ("'In addition to the digits of confusion, the particular context in which the mark appears must receive special emphasis.'" (quoting *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 485-86 (5th Cir. 2004))).

[46] *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 311-12 (5th Cir. 2008) (The district court did not err in holding that it "need not engage in an analysis of each of the 'digits of confusion' … where" the defendant used the "exact marks" of the plaintiff); *see TGI Friday's Inc. v. Great N.W. Restaurants, Inc.*, 652 F. Supp. 2d 763, 767 (N.D. Tex. 2009) ("[C]ourt[s] need not analyze all 'digits of confusion' when alleged infringer is using exact marks of plaintiff"; because "Defendants are using TGIF''s exact marks, not merely similar marks, . . . it is evident that there is a likelihood of consumer confusion") (citation omitted); *Chanel Inc. v. Christian Salvatore NY Corp.*, No. 3:22-cv-2218-K, 2023 WL 8242743, at *7 (N.D. Tex. Nov. 3, 2023), *adopted*, 2023 WL 8244044 (N.D. Tex. Nov. 28, 2023) ("When the infringing marks are identical to the plaintiff's trademark, an analysis of all factors is not necessary."); *Sunteck/TTS Integration LLC v. Sunteck Transp. Inc.*, No. 3:23-cv-282-K, 2024 WL 628024, at *6 (N.D. Tex. Jan. 22, 2024) (same); *Choice Hotels Int'l, Inc. v. Patel*, 940 F. Supp. 2d 532, 540 (S.D. Tex. Apr. 16, 2013) ("When a defendant uses a plaintiff's exact marks, … courts within this Circuit have determined that a thorough analysis of the digits of confusion is unnecessary."); *Petro Franchise Sys., LLC v. All Am. Props., Inc.*, 607 F. Supp. 2d 781, 788 (W.D. Tex. 2009) ("[A] district court may confine its digits-of-confusion analysis to the

**DEFENDANT REQUESTS THE BOLDED INSTRUCTION BELOW:**

**As I have previously instructed, Skiplagged asserts a defense of nominative fair use for which you will receive additional instruction below. You should consider the nominative fair use defense in conjunction with your likelihood-of-confusion analysis to avoid lowering the standard for confusion.[47]**

I will discuss each of these factors in turn.

*Source*: Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.10 (Trademark Infringement – Likelihood of Confusion); *Springboards to Educ. v. Hous. ISD*, 912 F.3d 805, 811-12 (5th Cir. 2019); *Westchester Media v. PRL USA Holdings, Inc*., 214 F.3d 658, 663 (5th Cir. 2000); *Elvis Presley Enters. v. Capece*, 141 F.3d 188, 193 (5th Cir. 1998); *Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co*., 550 F.3d 465, 478 (5th Cir. 2008); *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 453 (5th Cir. 2017); *TGI Friday's Inc. v. Great N.W. Restaurants, Inc*., 652 F. Supp. 2d 763, 767 (N.D. Tex. 2009); *Chanel Inc. v. Christian Salvatore NY Corp*., No. 3:22-cv-2218-K, 2023 WL 8242743, at *7 (N.D. Tex. Nov. 3, 2023), *adopted*, 2023 WL 8244044 (N.D. Tex. Nov. 28, 2023); *Sunteck/TTS Integration LLC v. Sunteck Transp. Inc*., No. 3:23-cv-282-K, 2024 WL 628024, at *6 (N.D. Tex. Jan. 22, 2024); *Choice Hotels Int'l, Inc. v. Patel*, 940 F. Supp. 2d 532, 540 (S.D. Tex. Apr. 16, 2013); *Petro Franchise Sys., LLC v. All Am. Props., Inc.*, 607 F. Supp. 2d 781, 788 (W.D. Tex. 2009); *Choice Hotels Intern., Inc. v. Bhakta*, No. 2:11-CV-00411, 2013 WL 1403526, at *3 (S.D. Tex. Apr. 5, 2013); *Jones v. Am. Council on Exercise*, 245 F. Supp. 3d 853, 864 (S.D. Tex. 2017); *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 750 (5th Cir. 2022); *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 227 (5th Cir. 2009); *Scott Fetzer Co. v. House of Vacuums Inc*., 381 F.3d 477, 485 (5th Cir. 2004); *Springboards to Educ. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 812 (5th Cir. 2019); *Rex Real Est. I, L.P. v. Rex Real Est. Exch., Inc.*, 80 F.4th 607, 620 (5th Cir. 2023).

Accepted as Written: _____    Accepted as Modified: _____           Refused: _____

_____ 2024,

_____

---

determination that the marks used by the allegedly infringing party are the exact marks owned by the plaintiff and, if they are, find that confusion is likely."); *Choice Hotels Intern., Inc. v. Bhakta*, No. 2:11-CV-00411, 2013 WL 1403526, at *3 (S.D. Tex. Apr. 5, 2013) ("The likelihood-of-confusion test is met as a matter of law when the defendants are using a plaintiff's exact marks as opposed to merely similar marks.").

[47] *Bd. of Supervisors for La. State Univ. Agric. & Mech. College v. Smack Apparel Co*, 550 F.3d 465, (5th Cir. 2008) ("Thus, we have also said that a court ordinarily should consider a nominative fair use claim in conjunction with its likelihood-of-confusion analysis in order to avoid lowering the standard for confusion.").

HON. MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

## Objections & Authorities

**Trademark - Likelihood of Confusion Instruction**

| | |
|---|---|
| **Plaintiff's position and authority:** | American defines the infringing uses in accordance with the PJC instruction.  It is appropriate to do so. |

American proposes the "However, …" quote from Fifth Circuit authority, which applies when a defendant uses a plaintiff's exact marks.  *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 311-12 (5th Cir. 2008) (The district court did not err in holding that it "need not engage in an analysis of each of the 'digits of confusion' … where" the defendant used the "exact marks" of the plaintiff); *see also Chanel Inc. v. Christian Salvatore NY Corp.*, No. 3:22-cv-2218-K, 2023 WL 8242743, at *7 (N.D. Tex. Nov. 3, 2023), adopted, 2023 WL 8244044 (N.D. Tex. Nov. 28, 2023) (same); *Sunteck/TTS Integration LLC v. Sunteck Transp. Inc.*, No. 3:23-cv-282-K, 2024 WL 628024, at *6 (N.D. Tex. Jan. 22, 2024) (same). This reality exists because, when a defendant uses a plaintiff's exact marks, many of the "digits of confusion" become immaterial, e.g., "similarity of the marks."

Indeed, courts have held that a defendant's use of the plaintiff's exact marks makes likelihood of confusion "evident" and "established as a matter of law." *Choice Hotels Intern., Inc. v. Bhakta*, No. 2:11-CV-00411, 2013 WL 1403526, at *3 (S.D. Tex. Apr. 5, 2013) ("The likelihood-of-confusion test is met as a matter of law when the defendants are using a plaintiff's exact marks as opposed to merely similar marks."); *TGI Friday's Inc. v. Great N.W. Restaurants, Inc.*, 652 F. Supp. 2d 763, 767 (N.D. Tex. 2009) ("[C]ourt[s] need not analyze all 'digits of confusion' when alleged infringer is using exact marks of plaintiff"; because "Defendants are using TGIF"'s exact marks, not merely similar marks, . . . it is evident that there is a likelihood of consumer confusion") (citation omitted); *Petro Franchise Sys., LLC v. All Am. Props., Inc.*, 607 F. Supp. 2d 781, 788 (W.D. Tex. 2009) ("[A] district court may confine its digits-of-confusion analysis to the determination that the marks used by the allegedly infringing party are the exact marks owned by the plaintiff and, if they are, find that confusion is likely."). Here, American's proposed instruction includes only the lesser language—direct from Fifth Circuit authority—that a juror need not consider all digit factors when a defendant uses the plaintiff's exact marks.

Skiplagged's nominative fair use instruction is unnecessary given that

Skiplagged will—and has—separately submit nominative fair use.

**Defendant's position and authority:**

Skiplagged objects to the first paragraph of American's instruction on likelihood of confusion referring to Skiplagged's use of the American marks "in connection with Skiplagged's provision of travel reservation services, information in the field of travel, and computer applications software for mobile devices." The quoted language is argumentative, as it remains an issue of fact for the jury to determine whether any use of the American marks in this specific manner did or did not occur. The language is likewise prejudicial pursuant to Fed. R. Evid. 403. The instruction should simply read "whether Skiplagged's use of the American marks creates a likelihood of confusion…" *See* Fifth Circuit Pattern Jury Charge 14.10; Model Civil Jury Instruction, Ninth Circuit (Civil Cases) 15.1, 15.8 (2017); Civil Jury Instructions, Eleventh Circuit 10.1; Fed. R. Evid. 403; *Gibson Brands, Inc. v. Armadillo Distrib. Enters.*, No. 4:19-cv-00358 ALM (E.D. Tex. 2021) (final jury charge) (Mazzant, J.).

Inclusion in the instruction of the following statement is necessary to ensure that the likelihood-of-confusion standard is not improperly lowered due to the presence of the nominative fair use defense: "As I have previously instructed, Skiplagged asserts a defense of nominative fair use for which you will receive additional instruction below. You should consider the nominative fair use defense in conjunction with your likelihood-of-confusion analysis to avoid lowering the standard for confusion." *Bd. of Supervisors for La. State Univ. Agric. & Mech. College v. Smack Apparel Co*, 550 F.3d 465, (5th Cir. 2008) ("Thus, we have also said that a court ordinarily should consider a nominative fair use claim in conjunction with its likelihood-of-confusion analysis in order to avoid lowering the standard for confusion."). *See also Pebble Beach Co. v. Tour 18 I Ltd.,* 155 F.3d 526, 546 (5th Cir. 1998), abrogated on other grounds by *TrafFix Devices, Inc. v. Marketing Displays, Inc.,* 532 U.S. 23, 32-33 (2001) (same); *Sherri Hill, Inc. v. USA LLC*, No. 1:20-CV-350-LY-ML, 2021 U.S. Dist. LEXIS 256974 *24 (W.D. Tex. July 26, 2021) (same); *PC Drivers Headquarters, LP v. Malwarebytes, Inc.*, No. 1:18-CV-234-RP, 2018 U.S. Dist. LEXIS 169939 *13-14 (W.D. Tex. Apr. 23, 2018) (same).

Another reason the requested nominative fair use instruction should be included in the likelihood-of-confusion instruction is that American requested a comprehensive set of instructions on the digits of confusion factors, which by its sheer length may lead to juror confusion regarding the relationship between these factors and the defense.

Skiplagged further objects to inclusion of the sentence "However, if Skiplagged used American's exact trademarks, then you need not consider and weigh all of the digits of confusion" because it incorrectly states the

law and prejudicially implies that infringement is established due to use of the same marks. In fact, in the *Paulsson* decision American relies upon as its leading authority, the district court *actually conducted a digits of confusion analysis* despite the same mark being used. *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 310 (5th Cir. 2008)("We disagree with Appellants' assertion that the district court did not conduct a digits of confusion analysis. It clearly did."). *Paulsson*, like the other authorities cited by American are distinguishable, from the facts presented in this case. An important distinction here is that Skiplagged's alleged trademark infringement is based solely on its use of the marks *to identify American's services*, not Skiplagged's services.

The Fifth Circuit in *Fetzer Co. v. House of Vacuums, Inc.*, 381 F.3d 477 (5th Cir. 2004), a leading nominative fair use case, explains at length the application of the "digits of confusion" analysis where a defendant is accused of infringement by using an identical mark as the plaintiff's mark. In *Fetzer*, the dispute involved use of the trademark KIRBY by the defendant, who was an independent vacuum sales and repair shop. The owner of the KIRBY mark sued claiming federal trademark infringement and unfair competition; the defendant argued the "digits of confusion" and nominative fair use. Contrary to American's assertion and despite the defendant's use of the same KIRBY mark, the Fifth Circuit discussed application of the "digits of confusion" and their relationship with the nominative fair use defense at length. American's statement is therefore prejudicial and contrary to the law due to its brevity and therefore could lead to juror confusion.

American also relies on trademark counterfeiting and breach of franchise cases to support its position. Those situations are distinguishable because in such cases the defendant is using the mark in question to sell defendant's products or services. Here, Skiplagged is accused of using the marks at issue to refer *to American's services*.

Proposed Instruction No.

§ 14.11 – Strength of American's Marks[48]

In determining whether American has proven a likelihood of confusion by a preponderance of the evidence, the first digit of confusion for you to consider is the strength of American's trademarks. The strength or distinctiveness of a mark determines the amount of protection the mark receives. Generally, the stronger the mark, the greater the likelihood that consumers will be confused by competing uses of the mark.[49]

A mark's strength depends on (1) the categorization or type of mark, and (2) the mark's recognition in the marketplace.[50]

Trademarks can be categorized along the following range of generally increasing strength or distinctiveness: generic, descriptive, suggestive, arbitrary, or fanciful. Generic marks are the least distinctive and fanciful marks are the most distinctive.

The stronger or more distinctive the mark, the greater the likelihood that consumers will be confused and the more protection it receives. The last three categories of marks—suggestive, arbitrary and fanciful—are considered inherently distinctive and are entitled to protection without a showing that the marks have secondary meaning. Suggestive marks are marks that suggest an attribute of a good or service without describing it. These marks require the consumer to exercise his or her imagination to apply the trademark to the goods or services.[51] Arbitrary marks are marks that use ordinary words that do not suggest or describe the goods or services involved.[52] Fanciful marks are most often coined words.[53]

---

[48] Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.11 (Trademark Infringement – Strength of the Asserted Mark) (citing *Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252, 259 (5th Cir. 1980); *Union Nat'l Bank of Tex., Laredo, Tex. v. Union Nat'l Bank of Tex., Austin, Tex.*, 909 F.2d 839, 845 (5th Cir. 1990); *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 201 (5th Cir. 1998); *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 227 (5th Cir. 2009).

[49] *Id.* (citing *Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 479 (5th Cir. 2008)).

[50] *Id.* (citing *Homax Prods., Inc. v. Homax, Inc.*, No. H-08-CV-01560, 2009 WL 7808951, at *6 (S.D. Tex. Aug 5, 2009); *see also Sun Banks of Fla., Inc. v. Sun Fed. Sav. & Loan Assn.*, 651 F.2d 311, 315 (5th Cir. 1981) ("The ultimate strength of a mark, the key inquiry before us, is determined by a number of factors which establish its standing in the marketplace.")).

[51] *Id.* (citing *Springboards to Educ. v. Hous. Indep. Sch. Dist.*, 912 F.3d 805, 814 (5th Cir. 2019); *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 227 (5th Cir. 2009)).

[52] *Id.* (*citing Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 227 (5th Cir. 2009)).

[53] *Id.* (citing *Future Proof Brands, L.L.C. v. Molson Coors Beverage Co.*, 982 F.3d 280, 292 n.13 (5th Cir. 2020).

A plaintiff can show that a mark is strongly recognized in the marketplace based on extensive advertising, length of time in business, public recognition, uniqueness, and the quantity of sales of the branded products.[54]

A strong trademark is one that consumers are likely to associate with the owner of the mark, and is rarely used by parties other than the trademark owner, while a weak trademark is one that is not well recognized or is often used by other parties. In short, the more distinctive a trademark, the greater its strength.

A trademark's strength is important in determining the scope of protection that it receives. The greater the number of identical or similar trademarks already used on different kinds of goods or services by others, the weaker the trademark and the lower the likelihood of confusion. You should consider all third-party use and third-party U.S. trademark registrations, and not just use in the same industry, to determine whether a mark is weak or strong.[55] A mark that is widely used on a variety of commercial goods and services by others is a weaker mark and entitled to a narrower range of protection.[56]

*Source:* Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.11 (Trademark Infringement – Strength of the Asserted Mark); *Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252, 259 (5th Cir. 1980); *Union Nat'l Bank of Tex., Laredo, Tex. v. Union Nat'l Bank of Tex., Austin, Tex.*, 909 F.2d 839, 845 (5th Cir. 1990); *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 201 (5th Cir. 1998); *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 227 (5th Cir. 2009); *Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 479 (5th Cir. 2008); *Homax Prods., Inc. v. Homax, Inc.*, No. H-08-CV-01560, 2009 WL 7808951, at *6 (S.D. Tex. Aug 5, 2009); *Sun Banks of Fla., Inc. v. Sun Fed. Sav. & Loan Assn.*, 651 F.2d 311, 315 (5th Cir. 1981); *Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 479 (5th Cir. 2008); *Homax Prods., Inc. v. Homax, Inc.*, No. H-08-CV-01560, 2009 WL 7808951, at *6 (S.D. Tex. Aug

---

[54] *Id.* (citing *Homax Prods., Inc. v. Homax, Inc.*, No. H-08-CV-01560, 2009 WL 7808951, at *6 (S.D. Tex. 2009); *Quantum Fitness Corp. v. Quantum LifeStyle Ctrs., L.L.C.*, 83 F. Supp. 2d 810, 819-20 (S.D. Tex. 1999)).

[55] *Id.* (citing *Exxon Corp. v. Tex. Motor Exch. of Hous., Inc.*, 628 F.2d 500, 504 (5th Cir. 1980) (quoting Restatement (First) of Torts § 729 cmt. g (Am. L. Inst. 1938)); *Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252, 259-60 (5th Cir. 1980) (abandoned and expired registrations are relevant); *Union Nat'l Bank of Tex., Laredo, Tex. v. Union Nat'l Bank of Tex., Austin, Tex.*, 909 F.2d 839, 848 n.24 (5th Cir 1990) (stating that, in the "likelihood of confusion analysis, the trier of fact looks at all third party use, not just use in the same industry, to determine whether a mark is a 'weak' or a 'strong' mark"); *Rex Real Est. I, L.P. v. Rex Real Est. Exch., Inc.*, 80 F.4th 607, 621 (5th Cir. 2023); *Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252, 260 (5th Cir. 1980) ("[T]hird-party uses and registrations . . . limit the protection to be accorded plaintiff's mark outside the uses to which plaintiff has already put its mark.").

[56] *Id.* (citing *Oreck Corp. v. U.S. Floor Sys., Inc.*, 803 F.2d 166, 170 (5th Cir. 1986); *Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252, 259-60 (5th Cir. 1980); *Accord Picturecode, LLC v. Dig. Ninja, LLC*, No. A-10-CA-188-LY, 2010 U.S. Dist. LEXIS 154855, at *7 (W.D. Tex. Sep. 3, 2010) ("Registration itself establishes only a rebuttable presumption of use as of the filing date." (citing *Zazu Designs v. L'Oreal, S.A.*, 979 F.2d 499, 504 (7th Cir. 1992))).

5, 2009); *Sun Banks of Fla., Inc. v. Sun Fed. Sav. & Loan Assn.*, 651 F.2d 311, 315 (5th Cir. 1981); *Quantum Fitness Corp. v. Quantum LifeStyle Ctrs., L.L.C.*, 83 F. Supp. 2d 810, 819-20 (S.D. Tex. 1999).

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

Proposed Instruction No.

§ 14.12 – Similarity of Marks [57]

The second digit, or factor, you may use in analyzing the likelihood of confusion is the similarity of American's marks to the marks used by Skiplagged.

The similarity of marks is determined by comparing their appearance and meaning. This factor focuses not on whether the marks are identical, but on whether they are sufficiently similar that consumers are likely to believe that American's product is somehow associated with Skiplagged. A mark must be viewed in its entirety and in the context in which it is used in the marketplace, including how and where it is used on product packaging, labeling, and advertising. It is the overall impression of the mark that counts. You should not dissect the marks to compare individual features. Although more attention should be given to the dominant portion of the marks, the use of the same dominant words does not automatically equate to similarity between the marks. Similarity of appearance is determined on the basis of the total effect of the trademark, rather than on a comparison of individual features. [58]

*Source:* Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.12 (Trademark Infringement – Similarity of Marks); *Sun Banks of Fla. v. Sun Fed. Sav. Loan*, 651 F.2d 311, 317-18 (5th Cir. 1981) (first quoting Restatement (First) of Torts § 729 cmt. b (Am. L. Inst. 1938); and then citing *Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252, 260-61 (5th Cir. 1980) (quoting Restatement with approval)); *Armstrong Cork Co. v. World Carpets, Inc.*, 597 F.2d 496, 506 (5th Cir. 1979) ("It is the overall impression that counts."); Elvis Presley Enters. v. Capece, 141 F.3d 188, 191 (5th Cir. 1998); Dallas Cowboys Football Club, Ltd. v. Am.'s Team Props., 616 F. Supp. 2d 622, 638 (N.D. Tex. March 30, 2009); Restatement (Third) of Unfair Competition § 21 cmt. c.

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

---

[57] Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.12 (Trademark Infringement – Similarity of Marks).

[58] *Id.* (citing *Sun Banks of Fla. v. Sun Fed. Sav. Loan*, 651 F.2d 311, 317-18 (5th Cir. 1981) (first quoting Restatement (First) of Torts § 729 cmt. b (Am. L. Inst. 1938); and then citing *Amstar Corp. v. Domino's Pizza, Inc.*, 615 F.2d 252, 260-61 (5th Cir. 1980) (quoting Restatement with approval)); *Armstrong Cork Co. v. World Carpets, Inc.*, 597 F.2d 496, 506 (5th Cir. 1979) ("It is the overall impression that counts.")).

<u>Proposed Instruction No.</u>

**PLAINTIFF PROPOSES THE FOLLOWING BOLDED LANGUAGE:**

§ 14.13 – Similarity of Products and Services [59]

The third digit, or factor, to consider in analyzing likelihood of confusion is the similarity between the parties' respective products and services. The greater the similarity between the parties' products or services, the greater the likelihood of confusion. Competition between the parties' products or services is not necessary for consumers to confuse them. When a company is diversified, that is, offers a number of different goods and services, that makes it more likely that a potential consumer would associate a non-diversified company's services with the diversified company. [60]

Even when products or services do not compete, there can be confusion as to sponsorship, affiliation, or connection. **One such relationship where such confusion exists is when the owner or provider of one business or product might naturally be assumed to be the sponsor of another business or product; the deceived customer buys the infringer's product in the belief that it originates with the trademark owner or that the infringer is in some way affiliated with the owner.** [61]

*Source:* Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024) (paragraph three modified to omit material inapplicable to facts of this case and to add applicable law), § 14.13 (Trademark Infringement – Similarity of Products and Services); *Exxon Corp. v. Tex. Motor Exch. of Hous., Inc.*, 628 F.2d 500, 504 (5th Cir. 1980); *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 202 (5th Cir. 1998); *Viacom Int'l v. IJR Cap. Invs., L.L.C.*, 891 F.3d 178, 194 (5th Cir. 2018); *Fuji Photo FilmSun Banks of Fla. v. Sun Fed. Sav. Loan*, 651 F.2d 311, 317-18 (5th Cir. 1981); *Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 598 (5th Cir. 1985); *Prof'l Golfers Ass'n of Am. v. Bankers Life & Cas. Co.*, 514 F.2d 665, 670 (5th Cir. 1975); *World Carpets, Inc. v. Dick Littrell's New World Carpets*, 438 F.2d 482, 488 (5th Cir. 1971); *Elvis Presley Enters. v. Capece*, 141 F.3d 188, 191 (5th Cir. 1998).

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____

---

[59] Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.13 (Trademark Infringement – Similarity of Products and Services) (citing *Exxon Corp. v. Tex. Motor Exch. of Hous., Inc.*, 628 F.2d 500, 504 (5th Cir. 1980); *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 202 (5th Cir. 1998); *Viacom Int'l v. IJR Cap. Invs., L.L.C.*, 891 F.3d 178, 194 (5th Cir. 2018); *Fuji Photo FilmSun Banks of Fla. v. Sun Fed. Sav. Loan*, 651 F.2d 311, 317-18 (5th Cir. 1981)).

[60] *Id.* (citing *Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 598 (5th Cir. 1985)).

[61] *Prof'l Golfers Ass'n of Am. v. Bankers Life & Cas. Co.*, 514 F.2d 665, 670 (5th Cir. 1975); *World Carpets, Inc. v. Dick Littrell's New World Carpets*, 438 F.2d 482, 488 (5th Cir. 1971); *Elvis Presley Enters. v. Capece*, 141 F.3d 188, 191 (5th Cir. 1998).

HON. MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

## Objections & Authorities

**Trademark - Likelihood of Confusion Instructions**

| | |
|---|---|
| **Plaintiff's position and authority:** | American proposes this quote from Fifth Circuit authority. *Prof'l Golfers Ass'n of Am. v. Bankers Life & Cas. Co*., 514 F.2d 665, 670 (5th Cir. 1975) ("One such relationship where this is true exists when the sponsor or maker of one business or product might naturally be assumed to be the maker or sponsor of another business or product. The confusion evident in such cases is confusion of the business; the deceived customer buys the infringer's product in the belief that it originates with the trademark owner or that it is in some way affiliated with the owner") (quoting *World Carpets, Inc. v. Dicket Littrell's New World Carpets,* 438 F.2d 482, 488 (5th Cir. 1971).. This section of the Fifth Circuit's PJC on Trademark includes sentences that both parties have agreed are factually immaterial, and thus deleted. This sentence is a direct quote from Fifth Circuit authority that American proposes is an appropriate replacement given its applicability to this case. |
| **Defendant's position and authority:** | This sentence is not included in the Fifth Circuit Pattern Jury Charge for "Similarity of Products and Services" and consists of argument American can make to the jury but that would be unduly prejudicial to include in the charge. Fed. R. Evid. 403. |

87

<u>Proposed Instruction No.</u>

§ 14.14 – Identity of Retail Outlets and Purchasers [62]

The fourth digit to consider in analyzing likelihood of confusion is whether there is overlap between the parties' retail outlets and consumers. The greater the overlap between the parties' retail outlets and consumers, the greater the likelihood of confusion. On the other hand, dissimilarities between the retail outlets for, and the primary consumers of, plaintiff's and defendants' goods lessen the possibility of confusion, mistake, or deception.

*Source*: Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), §14.14 (Trademark Infringement – Identity of Retail Outlets and Purchasers); *Viacom Int'l v. IJR Cap. Invs., L.L.C.*, 891 F.3d 178, 194 (5th Cir. 2018).

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

---

[62] Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), §14.14 (Trademark Infringement – Identity of Retail Outlets and Purchasers) (citing *Viacom Int'l v. IJR Cap. Invs., L.L.C.*, 891 F.3d 178, 194 (5th Cir. 2018).

Proposed Instruction No.

§ 14.15 – Identity of Advertising Media [63]

**DEFENDANT PROPOSES THE BOLDED LANGUAGE BELOW:**

The fifth digit to consider in analyzing likelihood of confusion is whether the parties use the same advertising media, such as websites, social media, etc. The greater the similarity of advertising media, the greater the likelihood of confusion.

**The inclusion of disclaimers, warnings of no affiliation, reference to numerous other competing brands, and critique or criticism of American can demonstrate a lack of affiliation with American. Disclaimers that emphasize the source of a product or services or that disclaim affiliation can reduce or eliminate a minimal likelihood of confusion.[64] For example, that a defendant's website includes disclaimers denying affiliation with the plaintiff can demonstrate a lack of affiliation with the plaintiff.[65]**

*Source:* Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), §14.15 (Trademark Infringement – Identity of Advertising Media); *Exxon Corp. v. Tex. Motor Exch. of Hous., Inc.*, 628 F.2d 500, 506 (5th Cir. 1980).

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,                            _____

---

[63] Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), §14.15 (Trademark Infringement – Identity of Advertising Media) (citing *Exxon Corp. v. Tex. Motor Exch. of Hous., Inc.*, 628 F.2d 500, 506 (5th Cir. 1980)).

[64] *Cmre Fin. Servs. Inc. v. Doxo Inc.*, No. 2:22-cv-00298-RAJ-BAT, 2022 U.S. Dist. LEXIS 201426 (W.D. Wash. Oct. 7, 2022) (That a defendant's website includes disclaimers denying affiliation with the plaintiff demonstrated a lack of affiliation with the plaintiff); *Pebble Beach Co. v. Tour 18 I, Ltd.*, 942 F. Supp. 1513 (S.D. Tex. 1996) (Disclaimers that emphasize the source of a product or services or that disclaim affiliation can reduce or eliminate a minimal likelihood of confusion) citing *Storck v. Nabisco, Inc.*, 59 F.3d 616, 618-19 (7th Cir. 1995) and *Soltex Polymer Corporation v. Fortex Industries, Inc.*, 832 F.2d 1325, 1330 (2d Cir. 1987).

[65] *Cmre Fin. Servs. Inc. v. Doxo Inc.*, No. 2:22-cv-00298-RAJ-BAT, 2022 U.S. Dist. LEXIS 201426 (W.D. Wash. Oct. 7, 2022) (That a defendant's website includes disclaimers denying affiliation with the plaintiff demonstrated a lack of affiliation with the plaintiff); *see also Pebble Beach Co. v. Tour 18 I, Ltd.*, 942 F. Supp. 1513 (S.D. Tex. 1996) (Disclaimers that emphasize the source of a product or services or that disclaim affiliation can reduce or eliminate a minimal likelihood of confusion) citing *Storck v. Nabisco, Inc.*, 59 F.3d 616, 618-19 (7th Cir. 1995) and *Soltex Polymer Corporation v. Fortex Industries, Inc.*, 832 F.2d 1325, 1330 (2d Cir. 1987).

HON. MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

### Objections & Authorities

**Trademark - Likelihood of Confusion Instructions 14.15**

| | |
|---|---|
| **Plaintiff's position and authority:** | Skiplagged's non-PJC instruction deviates from the Fifth Circuit PJC and is based on non-Fifth Circuit authority. The instruction is a comment on the weight of the evidence and is a matter Skiplagged may argue during closing argument based on the other instructions properly submitted in accordance with the PJC. This is unduly prejudicial and should not be submitted. Fed. R. Evid. 403. |
| **Defendant's position and authority:** | Defendant's position and authority: According to the Fifth Circuit in *Scott Fetzer Co. v. House of Vacuums, Inc.*, 381 F.3d 477, 485 (5th Cir. 2004), the digits of confusion "are a flexible and nonexhaustive list. See ad. They do not apply mechanically to every case and can serve only as guides, not as an exact calculus." The likelihood of confusion requires that "'we must consider the marks in context that a consumer perceives them in the marketplace, which includes their presentation in advertisements.'" *Id*. at 485 (quoting *Elvis Presley Enters., Inc. v. Capece,* 141 F.3d 188, 197 (5th Cir. 1998). "Therefore, in addition to the digits of confusion, the particular context in which the mark appears must receive special emphasis." *Id*. at 486. "Additionally, a court is not limited to considering only the standard digits of confusion and should consider other relevant factors in its analysis." *Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526, 546 (5th Cir. 1998). |

The presence of disclaimers presented to the consumers when shown the marks are an important factor in the likelihood-of-confusion analysis. *Cmre Fin. Servs. Inc. v. Doxo Inc.*, No. 2:22-cv-00298-RAJ-BAT, 2022 U.S. Dist. LEXIS 201426 (W.D. Wash. Oct. 7, 2022) (That a defendant's website includes disclaimers denying affiliation with the plaintiff demonstrated a lack of affiliation with the plaintiff); *see also Pebble Beach Co. v. Tour 18 I, Ltd.*, 942 F. Supp. 1513 (S.D. Tex. 1996) (Disclaimers that emphasize the source of a product or services or that disclaim affiliation can reduce or eliminate a minimal likelihood of confusion) citing *Storck v. Nabisco, Inc.*, 59 F.3d 616, 618-19 (7th Cir. 1995) and *Soltex Polymer Corporation v. Fortex Industries, Inc.*, 832 F.2d 1325, 1330 (2d Cir. 1987).

Proposed Instruction No.

§ 14.16 – Skiplagged's Intent [66]

The sixth digit to consider in analyzing likelihood of confusion is whether Skiplagged intended to derive benefit from the reputation of American and/or American's products and services.

Evidence that Skiplagged adopted or used American's mark(s) with the intent to derive a benefit from the reputation of American's products and services is evidence of a likelihood of confusion. But a defendant's mere awareness of the plaintiff's existing mark does not establish bad intent.

Even if Skiplagged used American's marks with innocent intent, you may find intent to confuse if Skiplagged subsequently used the marks in a way that evidenced an intent to trade on American's reputation. Bad faith in adopting and using a trademark normally involves the imitation of packaging material, use of identical code numbers, adopting of similar distribution methods, or other efforts by a party to "pass off" its product as that of another.

If there is no evidence of intent to confuse, this factor is neutral. [67]

*Source:* Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.16 (Trademark Infringement – Defendants' Intent); *All. for Good Gov't. v. Coal. For Better Gov't.*, 901 F.3d 498, 512 (5th Cir. 2018); *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 332 (5th Cir. 2008); *Future Proof Brands, L.L.C. v. Molson Coors Beverage Co.*, 982 F.3d 280, 289 (5th Cir. 2020); *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 455 (5th Cir. 2017); *Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 597 (5th Cir. 1985); *Rex Real Est. I, L.P. v. Rex Real Est. Exch., Inc.*, 80 F.4th 607, 623 (5th Cir. 2023).

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

---

[66] Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.16 (Trademark Infringement – Defendants' Intent) (citing *All. for Good Gov't. v. Coal. For Better Gov't.*, 901 F.3d 498, 512 (5th Cir. 2018); *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 332 (5th Cir. 2008); *Future Proof Brands, L.L.C. v. Molson Coors Beverage Co.*, 982 F.3d 280, 289 (5th Cir. 2020); *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 455 (5th Cir. 2017); *Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 597 (5th Cir. 1985)).

[67] *Id.* (citing *Rex Real Est. I, L.P. v. Rex Real Est. Exch., Inc.*, 80 F.4th 607, 623 (5th Cir. 2023)).

Proposed Instruction No.

§ 14.17 – Evidence of Actual Confusion [68]

The seventh digit to consider in analyzing likelihood of confusion is evidence of actual confusion or mistake as to the source, affiliation, or sponsorship of Skiplagged's products and services. Actual confusion need not be proven but may be the best evidence of likelihood of confusion.[69] There may be actual confusion if people inadvertently contact Skiplagged while looking to do business with or contact American (or vice versa), or if people are confused about whether Skiplagged is affiliated with American.

In determining the weight to be given to this factor, you should consider the extent to which the type of confusion shown has been or would be likely to sway consumer purchases. Evidence that confusion in fact swayed consumer purchases is strong evidence of a likelihood of confusion.[70] However, more evidence is required to show a likelihood of confusion when the type of confusion shown did not or cannot sway purchases.[71]

Actual confusion has more weight if it affects a potential consumer considering whether to transact business with American or Skiplagged. To show actual confusion, American may rely on reported instances of consumer confusion. However, isolated instances of confusion about the affiliation of two companies that do not result in redirected business are not enough to find actual confusion. Instances of uncertainty about affiliation or connection should be weighed against each party's volume of business as a whole.[72] The confusion of both retailers and consumers is relevant evidence of actual confusion.

Actual confusion evidence can demonstrate a likelihood of confusion even if confused persons realize their mistake after further investigation. This is called "initial interest" confusion. A potential consumer may not consider American's trademarked goods or services even if the

---

[68] Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.17 (Trademark Infringement–Evidence of Actual Confusion) (citing *Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc.*, 851 F.3d 440, 457 (5th Cir. 2017); *Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 483 (5th Cir. 2008); *Moore Bus. Forms, Inc. v. Ryu*, 960 F.2d 486, 491 (5th Cir. 1992); *Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 595 (5th Cir. 1985).

[69] *Id.* (citing *Rex Real Est. I, L.P. v. Rex Real Est. Exch., Inc.*, 80 F.4th 607, 623 (5th Cir. 2023)); *see also Perry v. H. J. Heinz Co. Brands, LLC*, 994 F.3d 466, 473 (5th Cir. 2021); *Xtreme Lashes, LLC v. Xtended Beauty, Inc.*, 576 F.3d 221, 229-30 (5th Cir. 2009) ("[W]hile very little proof of actual confusion would be necessary to prove the likelihood of confusion, an almost overwhelming amount of proof would be necessary to refute such proof."); *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188, 203-04 (5th Cir. 1998); *Sunteck/TTS Integration LLC v. Sunteck Transp. Inc.*, No. 3:23-cv-282-K, 2024 WL 628024, at *7-8 (N.D. Tex. Jan. 22, 2024); *RE/MAX Int'l Inc. v. Trendseller Realty, LLC*, 655 F.Supp.2d 679, 704 (S.D. Tex. 2009); *Scott Fetzer Co. v. House of Vacuums Inc.*, 381 F.3d 477, 486 (5th Cir. 2004).

[70] *Id.* (citing *Rex Real Est. I, L.P. v. Rex Real Est. Exch., Inc.*, 80 F.4th 607, 625 (5th Cir. 2023)).

[71] *Id.*

[72] *Id.*

92

confusion with Skiplagged's goods or services is cleared up. Skiplagged may have gained the consumer's credibility and obtained the business before or after the confusion is cleared.[73] However, short-lived impressions or a fleeting and quickly corrected mix-up of names is not evidence of actual confusion.

_Source:_ Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.17 (Trademark Infringement–Evidence of Actual Confusion); _Streamline Prod. Sys., Inc. v. Streamline Mfg., Inc._, 851 F.3d 440, 457 (5th Cir. 2017); _Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co._, 550 F.3d 465, 483 (5th Cir. 2008); _Moore Bus. Forms, Inc. v. Ryu_, 960 F.2d 486, 491 (5th Cir. 1992); _Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha_, 754 F.2d 591, 595 (5th Cir. 1985); _Rex Real Est. I, L.P. v. Rex Real Est. Exch., Inc._, 80 F.4th 607, 623 (5th Cir. 2023)); _see also Perry v. H. J. Heinz Co. Brands, LLC_, 994 F.3d 466, 473 (5th Cir. 2021); _Xtreme Lashes, LLC v. Xtended Beauty, Inc._, 576 F.3d 221, 229-30 (5th Cir. 2009); _Elvis Presley Enters., Inc. v. Capece_, 141 F.3d 188, 203-04 (5th Cir. 1998); _Sunteck/TTS Integration LLC v. Sunteck Transp. Inc._, No. 3:23-cv-282-K, 2024 WL 628024, at *7-8 (N.D. Tex. Jan. 22, 2024); _RE/MAX Int'l Inc. v. Trendseller Realty, LLC_, 655 F.Supp.2d 679, 704 (S.D. Tex. 2009); _Scott Fetzer Co. v. House of Vacuums Inc._, 381 F.3d 477, 486 (5th Cir. 2004); _Appliance Liquidation Outlet, L.L.C. v. Axis Supply Corp._, 2024 U.S. App. LEXIS 15137, at * 21 (5th Cir. 2024); _Streamline Prod. Sys. v. Streamline Mfg._, 851 F.3d 440, 457; _Xtreme Lashes, LLC v. Xtended Beauty, Inc._, 576 F.3d 221, 230; _World Carpets, Inc. v. Dick Littrell's New World Carpets_, 438 F.2d 482, 489 (5th Cir. 1971).

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

 

_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

---

[73] _Id._ (citing _Rex Real Est. I, L.P. v. Rex Real Est. Exch., Inc._, 80 F.4th 607, 626-27 (5th Cir. 2023); _Elvis Presley Enters., Inc. v. Capece_, 141 F.3d 188, 204 (5th Cir. 1998)).

Proposed Instruction No.

§ 14.18 – Degree of Care[74]

The eighth digit to consider in analyzing likelihood of confusion is the degree of care exercised by purchasers. Confusion is generally more likely if the products in question are impulse items or are inexpensive. Conversely, a person buying a big-ticket or expensive item is ordinarily expected to be a more careful buyer than the impulse purchaser or the purchaser of a relatively inexpensive item.[75] If there is evidence that consumers use a great deal of care when making purchasing decisions, then they may be less likely to be confused. If the items are expensive and the buyers are sophisticated, then confusion is less likely to occur.[76]

However, even sophisticated purchasers can be confused by similar marks used in the same general field. Additionally, even sophisticated purchasers can be subject to initial-interest confusion. Initial-interest confusion is especially relevant if the parties are direct competitors in the same market.[77]

_Source:_ Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.18 (Trademark Infringement–Degree of Care); _Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha_, 754 F.2d 591, 595 (5th Cir. 1985); _Sunteck/Tts Integration LLC v. Sunteck Transp. Inc._, 2024 U.S. Dist. LEXIS 26611, at * 19 (N.D. Tex. Jan. 22, 2024); _Rex Real Est. I, L.P. v. Rex Real Est. Exch., Inc._, 80 F.4th 607, 627 (5th Cir. 2023); _RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC_, 655 F. Supp. 2d 679, 711 (S.D. Tex. 2009); _Falcon Rice Mill, Inc. v. Comty. Rice Mill, Inc._, 725 F.2d 336, 345 n.9 (5th Cir.1984); _Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co._, 550 F.3d 465, 483 (5th Cir. 2008); _Armstrong Cork Co. v. World Carpets, Inc._, 597 F.2d 496, 504 n.10 (5th Cir. 1979); _Bd. of Regents of the Univ. of Hous. Sys. v. Hous. Coll. of Law, Inc._, 214 F. Supp. 3d 573, 597 (S.D. Tex. 2016); _Mobil Oil Corp. v. Pegasus Petroleum Corp._, 818 F.2d 254, 258 (2nd Cir. 1987); _Grotrian, Helfferich, Schulz, Th. Steinweg Nachf. v. Steinway & Sons_, 523 F.2d 1331, 1342 (2nd Cir. 1975).

---

[74] Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.18 (Trademark Infringement–Degree of Care) (citing _Fuji Photo Film Co. v. Shinohara Shoji Kabushiki Kaisha_, 754 F.2d 591, 595 (5th Cir. 1985)).

[75] _Id._ (citing _RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC_, 655 F. Supp. 2d 679, 711 (S.D. Tex. 2009) (citing _Falcon Rice Mill, Inc. v. Comty. Rice Mill, Inc._, 725 F.2d 336, 345 n.9 (5th Cir.1984)); _Bd. of Supervisors for La. State Univ. Agric. & Mech. Coll. v. Smack Apparel Co._, 550 F.3d 465, 483 (5th Cir. 2008); _Armstrong Cork Co. v. World Carpets, Inc._, 597 F.2d 496, 504 n.10 (5th Cir. 1979)).

[76] _Id._ (citing _Bd. of Regents of the Univ. of Hous. Sys. v. Hous. Coll. of Law, Inc._, 214 F. Supp. 3d 573, 597 (S.D. Tex. 2016).

[77] _Id._ (citing _RE/MAX Int'l, Inc. v. Trendsetter Realty, LLC_, 655 F. Supp. 2d 679, 707, 711 (S.D. Tex. 2009)); _see also Mobil Oil Corp. v. Pegasus Petroleum Corp._, 818 F.2d 254, 258 (2nd Cir. 1987); _Grotrian, Helfferich, Schulz, Th. Steinweg Nachf. v. Steinway & Sons_, 523 F.2d 1331, 1342 (2nd Cir. 1975);

Accepted as Written: _____      Accepted as Modified: _____                    Refused: _____

_____ 2024,

_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

<u>Proposed Instruction No.</u>

**DEFENDANT PROPOSES THE BOLDED LANGUAGE BELOW**

§ 14.19 – Weighing the Digits of Confusion[78]

      As I told you earlier, it is up to you to determine how to weigh each digit in determining if American has proved by a preponderance of evidence there is a likelihood of confusion. You do not need to give equal weight to each factor. You must weigh the digits separately for each of the trademarks asserted by American.

<u>*Source*</u>: Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.19 (Trademark Infringement – Weighing the Digits of Confusion).

Accepted as Written: _____    Accepted as Modified: _____       Refused: _____

_____ 2024,

                                       _____

                                       HON. MARK T. PITTMAN
                                       UNITED STATES DISTRICT JUDGE

---

[78] Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.19 (Trademark Infringement – Weighing the Digits of Confusion).

Proposed Question No.

Did American prove by a preponderance of the evidence that Skiplagged used American's trademarks in a way that is likely to cause confusion as to source, affiliation, or sponsorship?

Answer "Yes" or "No": _____

Accepted as Written: _____        Accepted as Modified: _____                    Refused: _____

_____ 2024,

_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

Proposed Instruction No.

Willful Infringement

**PLAINTIFF REQUESTS THE FOLLOWING BOLDED LANGUAGE:**

If you find that Skiplagged infringed American's marks and engaged in unfair competition by using American's marks, you must also determine whether American has proven that Skiplagged acted willfully at the time it used the marks or competed unfairly. Trademark infringement is willful if it is done voluntarily and intentionally and with the specific intent to cause the likelihood of consumer confusion as to the source of goods or services and with the intent to cause confusion, cause mistake, or to deceive.

**Willful blindness is equivalent to actual knowledge.[79] To be willfully blind, a person must suspect wrongdoing and deliberately fail to investigate.[80]**

_Source_: 15 U.S.C. § 1117(a); 7th Circuit Pattern Jury Instructions 13.6.5 (2017); _Hard Rock Cafe Licensing Corp. v. Concession Servs_., 955 F.2d 1143, 1149 (7th Cir. 1992); _Quick Techs., Inc. v. Sage Grp. PLC_, 313 F.3d 338, 347 n.6 (5th Cir. 2002); _Neutron Depot, LLC v. Bankrate, Inc_., 798 F. App'x 803, 807 (5th Cir. 2020); _Nat'l Bus. Forms & Printing, Inc. v. Ford Motor Co_., 671 F.3d 526, 538 (5th Cir. 2012).

Accepted as Written: _____      Accepted as Modified: _____          Refused: _____

_____ 2024,

_____

Hon. Mark T. Pittman

United States District Judge

**Objections & Authorities**

**Trademark Willful Infringement**

| | |
|---|---|
| Plaintiff's position and authority: | American's final two sentences come from leading case law on willful infringement by willful ignorance.  These authorities are each consistent with the same Fifth Circuit authorities Skiplagged relies upon. |

---

[79] _Hard Rock Cafe Licensing Corp. v. Concession Servs_., 955 F.2d 1143, 1149 (7th Cir. 1992).

[80] _Id._

| Defendant's position and authority: | Skiplagged objects to the inclusion of the bolded sentences since both are non-Fifth Circuit authority and serve to lessen American's burden of establishing willfulness. |

<u>Proposed Question No.</u>

Did American prove by a preponderance of the evidence that Skiplagged acted willfully when it used American's trademarks?


Answer "Yes" or "No": _____


Accepted as Written: \_\_\_\_\_      Accepted as Modified: \_\_\_\_\_                    Refused: \_\_\_\_\_

_____ 2024,


_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

## VII. SPECIFIC INSTRUCTIONS AND VERDICT FORM ON SKIPLAGGED'S EQUITABLE AFFIRMATIVE DEFENSES

**DEFENDANT REQUESTS THIS INSTRUCTION AND "BAD FAITH" TERM**

**PLAINTIFF OBJECTS TO THE SUBMISSION OF ALL EQUITABLE DEFENSES; IF GIVEN, PLAINTIFF AGREES TO FORM**

<mark>Proposed Instruction No.</mark>

Equitable Affirmative Defenses – Threshold Question (Skiplagged's Unclean Hands)

Skiplagged contends that American's trademark and unfair competition claims should be barred by various equitable defenses. These equitable defenses are not available to a defendant if it comes to court with "unclean hands."[81]

In a trademark case, a defendant has unclean hands if it intentionally infringed the plaintiff's trademarks with the bad faith intent to capitalize on the plaintiff's reputation or goodwill in the market.[82] This bars a party from benefiting when its own conduct in connection with the same matter has been unjust, marked by a lack of good faith, or violates the principles of equity and fair dealing.[83]

Therefore, if you find that American has proven by a preponderance of the evidence that Skiplagged intentionally infringed American's marks with the subjective intent to derive a benefit from American's reputation or goodwill in the market, then you must find that Skiplagged has unclean hands.

---

[81] *Abraham v. Alpha Chi Omega*, 796 F. Supp. 2d 837, 845 (N.D. Tex. 2011) ("[T]hese defenses are equitable defenses, and before determining whether [defendant] has successfully demonstrated the defenses of laches and acquiescence, the Court must determine whether [defendant] is barred from asserting these defenses due to unclean hands.") (citing *Carmona v. Rubio*, No. H–06–228, 2007 WL 543438, at *5 (S.D.Tex. Feb. 16, 2007) (Atlas, J.) ("As a threshold matter, a defendant with 'unclean hands' may not prevail on the equitable defense of laches."); 4 Callman on Unfair Competition, Trademarks, and Monopolies § 23.26 (4th ed. 2010) ("Intentional infringement is a dispositive, threshold inquiry that bars further consideration of the laches defense, not a mere factor weighed in balancing the equities.")); *Tank Works, Inc. v. Snyder Indus., Inc.*, No. 4:11-cv-246-A, 2011 WL 3204694, at *5 (N.D. Tex. July 26, 2011) ("An equitable doctrine, such as waiver, 'cannot be successfully asserted ... if the defendant comes to court with unclean hands.'") (citing *Regional Props., Inc. v. Fin. & Real Estate Consulting Co.*, 752 F.2d 178, 183 (5th Cir. 1985)).

[82] *Rolex Watch USA, Inc. v. Beckertime, LLC*, 96 F.4th 715, 723 (5th Cir. 2024); *Bd. of Supervisors for LSU Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 489-90 (5th Cir. 2008) (citing *Conan Properties, Inc. v. Conans Pizza, Inc.*, 752 F.d 145, 150 (5th Cir. 1985) ("A defendant who intentionally infringes a trademark with the bad faith intent to capitalize on the markholder's good will lacks the clean hands necessary to assert the equitable defense [of laches].")).

[83] Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.24 (Unclean Hands).

*Source:* Adapted from 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.24 (Unclean Hands); *Abraham v. Alpha Chi Omega*, 796 F. Supp. 2d 837, 845 (N.D. Tex. 2011); *Carmona v. Rubio*, No. H–06–228, 2007 WL 543438, at *5 (S.D. Tex. Feb. 16, 2007); *Tank Works, Inc. v. Snyder Indus., Inc.*, No. 4:11-cv-246-A, 2011 WL 3204694, at *5 (N.D. Tex. July 26, 2011); *Tank Works, Inc. v. Snyder Indus., Inc.*, No. 4:11-cv-246-A, 2011 WL 3204694, at *5 (N.D. Tex. July 26, 2011); *Tank Works, Inc. v. Snyder Indus., Inc.*, No. 4:11-cv-246-A, 2011 WL 3204694, at *5 (N.D. Tex. July 26, 2011).

Accepted as Written: _____        Accepted as Modified: _____               Refused: _____

_____ 2024,

_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

### Objections & Authorities

**Trademark Instruction - Skiplagged Unclean Hands**

| | |
|---|---|
| **Plaintiff's position and authority:** | The parties' equitable defenses are for the Court, not a jury. *Encompass Office Sols., Inc. v. La. Health Serv. & Indem. Co.*, 919 F.3d 266, 281 (5th Cir. 2019) (no Seventh Amendment jury trial right applies to equitable defenses); *Austin v. Shalala*, 994 F.2d 1170, 1177 n.7 (5th Cir. 1993) (same); *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, No. 2:08-CV-196-WCB, 2011 WL 12677158, at *1 (E.D. Tex. Dec. 12, 2011) ("issues of inequitable conduct and unclean hands are equitable in nature and that no right to a jury trial attaches to those issues."); *M-I LLC v. FPUSA, LLC*, No. 5:15-CV-406-DAE, 2021 WL 8946454, at *5 (W.D. Tex. Feb. 3, 2021) (same); *Reservoir, Inc. v. Truesdell*, No. CIV.A. 4:12-2756, 2013 WL 5574897, at *5 (S.D. Tex. Oct. 9, 2013) (same, "including" for "laches"); *e.g., United Servs. Auto. Ass'n v. PNC Bank N.A.*, 622 F. Supp. 3d 337, 339 (E.D. Tex. 2022) (estoppel and unclean hands submitted to court after jury trial); *OPTi Inc. v. VIA Techs., Inc.*, No. 2:10-CV-00279-JRG, 2015 WL 417193, at *1 (E.D. Tex. Jan. 30, 2015) (same for laches and estoppel); *see also SCA Hygiene Products Aktiebolag v. First Quality Baby Prods., LLC*, 580 U.S. 328, 335 (2017) ( "laches is a 'defense developed by courts of equity'" that requires a case-specific "judicial determination"); *Deere & Co. v. FIMCO Inc.*, 239 F. Supp. 3d 964, 1003 (W.D. Ky. 2017) (equitable defenses to |

trademark infringement include "laches, acquiescence, estoppel, and implied license").

|  |  |
|---|---|
| **Defendant's position and authority:** | *See Supra* argument on equitable defenses.<br><br>Specifically to Unclean Hands:<br><br>*See Abraham v. Alpha Chi Omega*, 796 F. Supp. 2d 837, 847 (N.D. Tex. 2011) ("Whether [defendant] has unclean hands is a question of fact; should a genuine issue of material fact exist as to [defendant's] intent to derive benefit from the [plaintiff's] goodwill, the matter should be resolved by a jury.") (citing *Ironclad, L.P. v. Poly-America, Inc*., No. 3:98-CV-2600P, 1999 U.S. Dist. LEXIS 16265, 1999 WL 826946, at *8 (N.D. Tex. 1999)). |

**THE PARTIES AGREE AS TO FORM TO THE FOLLOWING INSTRUCTION; HOWEVER, PLAINTIFF OBJECTS TO ITS SUBMISSION.**

<span style="background-color: yellow">Proposed Question No.</span>

Did American prove by a preponderance of the evidence that Skiplagged had unclean hands in its use of American's trademarks?

Answer "Yes" or "No": _____

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

## Objections & Authorities

**Trademark Question**

| | |
|---|---|
| **Plaintiff's position and authority:** | The parties' equitable defenses are for the Court, not a jury.  *Supra*. |
| **Defendant's position and authority:** | *See Supra* argument on equitable defenses. |
| | Specifically to Unclean Hands: |
| | *See Abraham v. Alpha Chi Omega*, 796 F. Supp. 2d 837, 847 (N.D. Tex. 2011) ("Whether [defendant] has unclean hands is a question of fact; should a genuine issue of material fact exist as to [defendant's] intent to derive benefit from the [plaintiff's] goodwill, the matter should be resolved by a jury.") (citing *Ironclad, L.P. v. Poly-America, Inc*., No. 3:98-CV-2600P, 1999 U.S. Dist. LEXIS 16265, 1999 WL 826946, at *8 (N.D. Tex. 1999)). |

**DEFENDANT PROPOSES THE FOLLOWING QUESTION:**

<u>Proposed Question No.</u>

 **What is the earliest date that American proved, by a preponderance of the evidence, what Skiplagged had unclean hands?**

 **Answer "Yes" or "No": _____**

Accepted as Written: _____  Accepted as Modified: _____    Refused: _____

_____ 2024,

         _____

         HON. MARK T. PITTMAN
         UNITED STATES DISTRICT JUDGE

### Objections & Authorities

**Trademark Question - Unclean Hands Date**

| | |
|---|---|
| **Plaintiff's position and authority:** | The parties' equitable defenses are for the Court, not a jury. *Supra.* Skiplagged has not identified authority suggesting a date submission is appropriate. If required, then a date instruction on Skiplagged's equitable defenses would presumably also be necessary for the "ordering" Skiplagged suggests. These issues merely emphasize why the Court, not a jury, should determine these issues. |
| **Defendant's position and authority:** | *See Supra* argument on equitable defenses. |
| | Specifically to Unclean Hands: |
| | *See Abraham v. Alpha Chi Omega*, 796 F. Supp. 2d 837, 847 (N.D. Tex. 2011) ("Whether [defendant] has unclean hands is a question of fact; should a genuine issue of material fact exist as to [defendant's] intent to derive benefit from the [plaintiff's] goodwill, the matter should be resolved by a jury.") (citing *Ironclad, L.P. v. Poly-America, Inc*., No. 3:98-CV-2600P, 1999 U.S. Dist. LEXIS 16265, 1999 WL 826946, at *8 (N.D. Tex. 1999)). |
| | The issues of whether Skiplagged engaged in unclean hands and if so, when, are facts that must be established per the Court's July 31, 2024 summary judgment ruling (ECF No. 199) at pp. 10-11: "And even before that, there's a preliminary issue regarding the *timing* of Skiplagged's allegedly unclean hands. *See Conan Props., Inc. v. Conans Pizza, Inc.*, 752 F.2d 145, 150 (5th Cir. 1985) ("The critical issue is whether [the infringer] |

was an intentional infringer and therefore lacked the clean hands necessary to assert . . . laches . . . To foreclose the laches [] defense[], the plaintiff must offer something more than mere objective evidence to demonstrate that the defendant employed the allegedly infringing mark with the wrongful intent of capitalizing on its goodwill."). The order matters: if Skiplagged's hands were unclean, they had to be unclean *at the time of the alleged infringement*. Otherwise, if laches can ultimately be asserted, the defense may provide a safe harbor against Lanham Act liability." Therefore, a separate question should be submitted as to the timing of the alleged unclean hands, if any.

**PLAINTIFF OBJECTS TO THE SUBMISSION OF ALL EQUITABLE DEFENSES; IF SUBMITTED, THE PARTIES AGREE AS TO FORM**

<mark>Proposed Instruction No.</mark>

Affirmative Defense – Laches

Skiplagged argues that American's damages should be limited by the doctrine of laches. Laches is an inexcusable delay that results in prejudice to a defendant. To establish this defense, Skiplagged must prove by a preponderance of the evidence that:[84]

(1) American delayed in asserting its trademark rights;

(2) American does not have an excuse for its delay; **and**

(3) Undue prejudice to Skiplagged due to reliance on unexcused delay.[85]

A defendant is unduly prejudiced if, in reliance on the trademark owner's unexcused delay in filing suit, it makes major business investments or expansions that depend on the use of the marks; these investments and expansions would suffer appreciable loss if the marks were enforced; and this loss would not have been incurred had the trademark owner enforced his rights earlier. The amount of prejudice suffered by the unlicensed user in a given case may vary with the length of the delay; that is, the longer the period of delay, the more likely it is that undue prejudice has occurred. The period of delay begins when the trademark owner knew or should have known of the unlicensed user's use of the marks and ends when the trademark owner files suit against the unlicensed user. Therefore, to determine whether Skiplagged has been unduly prejudiced by delay, you must consider what business investments and expansions Skiplagged made between the time American knew or should have known of Skiplagged's use of American's marks and the time it filed suit against Skiplagged.[86]

If you find Skiplagged has proven its laches defense, you should only apply the defense when determining whether it should preclude or limit American's damages.

---

[84] *Rolex Watch USA, Inc. v. Beckertime, LLC*, 96 F.4th 715, 723-25 (5th Cir. 2024); *Bd. of Supervisors for LSU Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 489-90 (5th Cir. 2008); *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 334 (5th Cir. 2008); *Elvis Presley Enters. v. Capece*, 141 F.3d 188, 205 (5th Cir. 1998); *Conan Props., Inc. v. Conans Pizza, Inc.*, 752 F.2d 145, 151-54 (5th Cir. 1985); *Bernardo Footwear, LLC v. Ashley Nettye, Inc.*, No. H–11–2057, 2012 WL 1076252, at *6-8 (S.D. Tex. Mar. 28, 2012).

[85] *Pennzoil-Quaker State Co. v. Miller Oil and Gas Ops.*, 779 F.3d 290, 296-97 (5th Cir. 2015) (defining what "undue prejudice means" in laches context and stating that it requires consideration of whether the defendant made "significant business decisions in reliance on the plaintiff's conduct")

[86] *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 624 (5th Cir. 2013) (verbatim instruction given and approved).

107

*Source:* *Rolex Watch USA, Inc. v. Beckertime, LLC*, 96 F.4th 715, 723-25 (5th Cir. 2024); *Bd. of Supervisors for LSU Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 489-90 (5th Cir. 2008); *Am. Rice, Inc. v. Producers Rice Mill, Inc.*, 518 F.3d 321, 334 (5th Cir. 2008); *Elvis Presley Enters. v. Capece*, 141 F.3d 188, 205 (5th Cir. 1998); *Conan Props., Inc. v. Conans Pizza, Inc.*, 752 F.2d 145, 151-54 (5th Cir. 1985); *Bernardo Footwear, LLC v. Ashley Nettye, Inc.*, No. H–11–2057, 2012 WL 1076252, at *6-8 (S.D. Tex. Mar. 28, 2012); *Pennzoil-Quaker State Co. v. Miller Oil and Gas Ops.*, 779 F.3d 290, 297 (5th Cir. 2015).

### Objections & Authorities

**Trademark Instruction – Laches**

| | |
|---|---|
| **Plaintiff's position and authority:** | The parties' equitable defenses are for the Court, not a jury.  *Supra*. |
| **Defendant's position and authority:** | See *Supra* argument that laches can be submitted to a jury.<br><br>Specifically to laches:<br><br>*See Conan Props. v. Conans Pizza, Inc.*, 752 F.2d 145 (5th Cir. 1985) (jury verdict on laches and acquiescence in trademark case); *Gibson, Inc. v. Armadillo Distribution Enters.*, 107 F.4th 441 (5th Cir. 2024) (jury finding on laches and acquiescence in trademark case); *Pennzoil-Quaker State Co. v. Miller Oil & Gas Operations*, 779 F.3d 290, 297(5th Cir. 2015) (noting history of upholding jury instructions on laches). |

<mark>Proposed Question No.</mark>

**PLAINTIFF OBJECTS TO THE SUBMISSION OF ALL EQUITABLE DEFENSES; IF SUBMITTED, THE PARTIES AGREE AS TO FORM.**

**Did Skiplagged prove by a preponderance of the evidence that the doctrine of laches bars American's trademark claims?**

Answer "Yes" or "No": _____

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____

HON. MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

**Objections & Authorities**

**Trademark Instruction - Laches Question**

| | |
|---|---|
| **Plaintiff's position and authority:** | The parties' equitable defenses are for the Court, not a jury. *Supra*. |
| **Defendant's position and authority:** | See *Supra* argument that laches can be submitted to a jury. |
| | Specifically to laches: |
| | See *Conan Props. v. Conans Pizza, Inc.*, 752 F.2d 145 (5th Cir. 1985) (jury verdict on laches and acquiescence in trademark case); *Gibson, Inc. v. Armadillo Distribution Enters.*, 107 F.4th 441 (5th Cir. 2024) (jury finding on laches and acquiescence in trademark case); *Pennzoil-Quaker State Co. v. Miller Oil & Gas Operations*, 779 F.3d 290, 297(5th Cir. 2015) (noting history of upholding jury instructions on laches). |

**PLAINTIFF OBJECTS TO THE SUBMISSION OF ALL EQUITABLE DEFENSES; IF SUBMITTED, THE PARTIES AGREE AS TO FORM EXCEPT AS TO THE HIGHLIGHTED LANGUAGE BELOW, WHICH DEFENDANT REQUESTS**

<u>Proposed Instruction No.</u>

Affirmative Defense – Trademark Estoppel by Acquiescence[87]

Skiplagged contends American's claims are barred by the estoppel by acquiescence defense. To prove this defense, Skiplagged must prove three elements by a preponderance of the evidence:[88]

(1) that American gave assurances to Skiplagged that it could use American's marks,

(2) that Skiplagged relied on those representations, and

(3) undue prejudice to Skiplagged resulting from its reliance on the assurances.

Assurances by the plaintiff can be explicit or implicit. Implicit means implied, rather than stated expressly by words or actions, such as in the overall conduct of the parties. Explicit means fully and clearly expressed, rather than implied. Assurances to the defendant may be inferred from silence.

A defendant is unduly prejudiced if, in reliance on the trademark owner's assurances, it took steps such as making significant investment decisions or building the bulk of its business on the reasonable assumption that it had permission to use the trademark owner's marks, and that such investment or capital would be lost if the defendant could no longer use the marks.[89]

*Source*: *Pennzoil-Quaker State Co. v. Miller Oil & Gas Ops.*, 779 F.3d 290, 294 (5th Cir. 2015) (citing Abraham v. Alpha Chi Omega, 708 F.3d 614, 624 (5th Cir. 2013); *Wilson v. Tessmer L. Firm*, 483 F. Supp. 3d 416, 430 (W.D. Tex. 2020); *Tisch Hotels, Inc. v. Americana Inn, Inc.*, 350 F.2d 609, 615 (7th Cir. 1965); *Internet Specialties West, Inc. v. Milon–DiGiorgio Enters., Inc.*, 559 F.3d 985, 991–92 (9th Cir. 2009).

---

[87] American presents this instruction for the purposes of approaching its meet and confer in good faith. American does not believe acquiescence should be presented to the jury at all, as it is an equitable defense. For this reason, there is no model instruction on acquiescence. Other Circuits, such as the 7th Circuit, explicitly state that there is no model jury instruction because acquiescence is an issue for the Court.

[88] *Pennzoil-Quaker State Co. v. Miller Oil & Gas Ops.*, 779 F.3d 290, 294 (5th Cir. 2015) (citing *Abraham v. Alpha Chi Omega*, 708 F.3d 614, 624 (5th Cir. 2013)); *Wilson v. Tessmer L. Firm*, 483 F. Supp. 3d 416, 430 (W.D. Tex. 2020).

[89] *Pennzoil-Quaker State Co. v. Miller Oil & Gas Ops.*, 779 F.3d 290, 296-97 (5th Cir. 2015) (defining "undue prejudice") (*citing Tisch Hotels, Inc. v. Americana Inn, Inc.*, 350 F.2d 609, 615 (7th Cir. 1965) ("If ... prejudice could consist merely of expenditures in promoting the infringed name, then relief would have to be denied in practically every case of delay."); *Internet Specialties West, Inc. v. Milon–DiGiorgio Enters., Inc.*, 559 F.3d 985, 991–92 (9th Cir. 2009) (same)).

<u>**Objections & Authorities**</u>

**Trademark Instruction - Acquiescence instruction**

| | |
|---|---|
| **Plaintiff's position and authority:** | The parties' equitable defenses are for the Court, not a jury.  *Supra*.  The Seventh Circuit PJC even has a comment stating that "No instructions are provided on the defenses of laches or acquiescence because they are issues for the court, not the jury." |

The Fifth Circuit and other courts agree.  *Encompass Office Sols., Inc. v. Louisiana Health Serv. & Indem. Co.*, 919 F.3d 266, 281 (5th Cir. 2019) (no Seventh Amendment jury trial right applies to equitable defenses); *Austin v. Shalala*, 994 F.2d 1170, 1177 n.7 (5th Cir. 1993) (explaining that an equitable defense—even to a legal claim—is tried to the court); *Reservoir, Inc. v. Truesdell*, No. CIV.A. 4:12-2756, 2013 WL 5574897, at *5 (S.D. Tex. Oct. 9, 2013) (holding that the "court is the finder of fact on equitable defenses," including laches); *see also e.g., United Services Auto. Ass'n v. PNC Bank N.A.*, 622 F. Supp. 3d 337, 339 (E.D. Tex. 2022) (equitable defenses of estoppel and unclean hands determined by the court after a jury trial); *OPTi Inc. v. VIA Techs., Inc.*, No. 2:10-CV-00279-JRG, 2015 WL 417193, at *1 (E.D. Tex. Jan. 30, 2015) (laches and estoppel tried to court after jury trial); *see also SCA Hygiene Products Aktiebolag v. First Quality Baby Products, LLC*, 580 U.S. 328, 335 (2017) (holding in copyright context that "laches is a 'defense developed by courts of equity'" that requires a case-specific "judicial determination"); *Deere & Co. v. FIMCO Inc.*, 239 F. Supp. 3d 964, 1003 (W.D. Ky. 2017) (equitable defenses to trademark infringement include "laches, acquiescence, estoppel, and implied license").

To the extent given, American objects to the "implicit or explicit" instruction which suggests that silence which does not constitute an affirmative assurance would suffice.

| | |
|---|---|
| **Defendant's position and authority:** | See *Supra* argument that equitable defenses can be submitted to a jury. |

Specifically to acquiescence:

*Gibson Brands, Inc. v. Armadillo Distribution Enters.*, Civil Action No. 4:19-CV-358, 2022 U.S. Dist. LEXIS 134483 (E.D. Tex. July 28, 2022) (jury finding on laches in trademark case); *Gibson, Inc. v. Armadillo Distribution Enters.*, 107 F.4th 441 (5th Cir. 2024) (jury finding on laches and acquiescence in trademark case); *Abraham v. Alpha Chi Omega*, 708 F.3d 614 (5th Cir. 2013)(upholding special jury verdict on laches and acquiescence).

Skiplagged objects to American's proposed instruction to the extent that it does not include the implicit language.  "Acquiescence involves the

plaintiff's implicit or explicit assurances to the defendant…." *Conan Props. v. Conans Pizza, Inc.*, 752 F.2d 145 (5th Cir. 1985) (upholding jury verdict on laches and acquiescence); *Pennzoil-Quaker State Co. v. Miller Oil & Gas Operations*, 779 F.3d 290 (5th Cir. 2015) (same); *Elvis Presley Enters. v. Capece*, 141 F.3d 188 (5th Cir. 1998) (same); *Abraham v. Alpha Chi Omega*, 796 F. Supp. 2d 837 (N.D. Tex. 2011) (same); *Gruma Corp. v. Mexican Rests., Inc.*, No. 4:09-CV-488, 2010 U.S. Dist. LEXIS 135515 (E.D. Tex. Dec. 1, 2010) (same); *Gibson Brands, Inc. v. Armadillo Distribution Enters.*, Civil Action No. 4:19-CV-00358, 2020 U.S. Dist. LEXIS 110351 (E.D. Tex. June 24, 2020) (same). "Assurances to the defendant may be inferred from silence." *See Jarabes Veracruzanos, Inc. v. Productora De Alimentos Mexicanos*, 2016 U.S. Dist. LEXIS 180975, *24 (W.D. Tex. 2016) ("'[T]he period during which silence might constitute permission begins when the trademark owner obtains knowledge—actual or constructive—of the defendant's use of his mark' and end 'when the owner sends a cease-and-desist letter or other clear objection to that use.'") (quoting *Re/Max Int'l, Inc. v. Trendsetter Realty, LLC*, 655 F. Supp.2d 679, 710 (S.D. Tex. 2009)).

**PLAINTIFF OBJECTS TO THE SUBMISSION OF ALL EQUITABLE DEFENSES; IF SUBMITTED, THE PARTIES AGREE AS TO FORM TO THE FOLLOWING LANGUAGE.** <mark>Proposed Question No.</mark>

Did Skiplagged prove by a preponderance of the evidence that the doctrine of estoppel by acquiescence bars American's trademark claims?

Answer "Yes" or "No": _____

Accepted as Written: _____        Accepted as Modified: _____                Refused: _____

_____ 2024,

_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

### Objections & Authorities

**Trademark Instruction - Acquiescence Question**

| | |
|---|---|
| **Plaintiff's position and authority:** | The parties' equitable defenses are for the Court, not a jury. *Supra*. |
| **Defendant's position and authority:** | See *Supra* argument that equitable defenses can be submitted to a jury. |
| | Specifically to acquiescence: |
| | *Gibson Brands, Inc. v. Armadillo Distribution Enters.*, Civil Action No. 4:19-CV-358, 2022 U.S. Dist. LEXIS 134483 (E.D. Tex. July 28, 2022) (jury finding on laches in trademark case); *Gibson, Inc. v. Armadillo Distribution Enters.*, 107 F.4th 441 (5th Cir. 2024) (jury finding on laches and acquiescence in trademark case); *Abraham v. Alpha Chi Omega*, 708 F.3d 614 (5th Cir. 2013)(upholding special jury verdict on laches and acquiescence). |

<mark>Proposed Instruction No. ___</mark>

Express License - Trademarks

**DEFENDANT PROPOSES THE FOLLOWING INSTRUCTION:**

**Express license is an affirmative defense to trademark infringement.[90] As such, Skiplagged bears the burden of proving, by a preponderance of the evidence, that it had an express license to use American's trademarks.**

**PLAINTIFF OBJECTS TO THE SUBMISSION OF LICENSE; IF GIVEN, PLAINTIFF PROPOSES THE FOLLOWING EXPRESS LICENSE INSTRUCTION:**

<mark>Proposed Instruction No. ___</mark>

Express License - Trademarks

**To show the existence of an express license, Skiplagged has the burden of proving that it received an express license to use American's trademarks and that its use of American's trademarks falls within the scope of the license.[91]**

**You are instructed that the scope of the license is as follows:**

**<mark>[PLACEHOLDER FOR COURT TO INSTRUCT ON SCOPE OF LICENSE]</mark>**

**If you find that Skiplagged has proved that American granted it an express license to use the trademarks and that Skiplagged's use of American's trademarks falls within the scope of the license, your verdict should be for Skiplagged.  Otherwise, your verdict must be for American.**

_Source:_ Model Civil Jury Instruction, Ninth Circuit (Civil Cases) 17.25A (2017); _Loeb-Defever v. Mako, L.L.C._, 2023 WL 5611042 (5th Cir. Aug. 30, 2023) ("The existence of a license authorizing use of copyrighted material is an affirmative defense to a copyright infringement claim, and therefore Defendants bear the burden of proving its existence."); _id._ (holding that scope is a critical question – "What is disputed, however, is the scope of the license"); _Stross v. Redfin Corp._, 730

---

[90] Courts have routinely recognized express or implied license as an affirmative defense against a plaintiff's trademark infringement claim. _See Hill Country Bakery v. Honest Kitchens Grp., LLC_, No. 5:17-CV-334-DAE, 2017 U.S. Dist. LEXIS 221761 (W.D. Tex. Dec. 11, 2017), citing _Exxon Corp. v. Oxxford Clothes, Inc._, 109 F.3d 1070, 1075-76 (5th Cir. 1997) and _Brinkman v. Beaulieu of Am., Inc_., No. SA-02-CA-268, 2002 U.S. Dist. LEXIS 29693, 2002 WL 32097534, at *4 (W.D. Tex. Oct. 29, 2002).

[91] _Stross v. Redfin Corp._, 730 F. App'x 198, 203-204 (5th Cir. 2018) (as an affirmative defense, defendant bears the burden of proof); _Lulirama Ltd., Inc. v. Axcess Broad. Servs._, 128 F.3d 872, 884 (5th Cir. 1997).

F. App'x 198, 203 (5th Cir. 2018) (express license as affirmative defense) ("As long as Redfin acts within the scope of its license, it remains safe from Stross's claims. *But if Redfin acts outside the permitted scope of its license, it may be held liable for copyright infringement*."); *Howarth v. Greenhaw*, No. A-21-CV-00643-RP, 2022 U.S. Dist. LEXIS 103048 (W.D. Tex. June 9, 2022) (express license acts as a shield against copyright infringement claim so long as use is confined to terms of license); *Equistar Chemicals L.P. v. Indeck Power Equipment Company*, 2020 WL 4746469, at *12 (S.D. Tex. 2020) (The critical question thus is not the mere existence of a license, but the license's scope."); *see also* Ninth Cir. PJC 17.25 (A) ("In a case in which the defendant claims to have acted under an express license, it is likely that the trial court will need to construe the terms of the license for the jury.").


Accepted as Written: _____      Accepted as Modified: _____                Refused: _____


_____ 2024,


_____

**HON. MARK T. PITTMAN**

UNITED STATES DISTRICT JUDGE

**Objections & Authorities**

**Trademark Instruction - Express & Implied License Instruction**

| | |
|---|---|
| **Plaintiff's position and authority:** | Skiplagged has no evidence that American granted it an express license to use its marks or its use of American's marks falls within its scope. |

If the defense is given, however, it must be given in accordance with Fifth Circuit law. While the Fifth Circuit does not have a PJC instruction on this issue, the Ninth Circuit does. Model Civil Jury Instruction, Ninth Circuit (Civil Cases) 17.25A (2017). American has tracked the Ninth Circuit PJC to the extent consistent with Fifth Circuit authority.

Relevant here, in the Fifth Circuit the defendant has the burden to prove a valid license that allows the use asserted. *Loeb-Defever v. Mako, L.L.C.*, 2023 WL 5611042 (5th Cir. Aug. 30, 2023) ("The existence of a license authorizing use of copyrighted material is an affirmative defense to a copyright infringement claim, and therefore Defendants bear the burden of proving its existence.").

An express license defense raises two critical questions: (1) the existence of a valid license and (2) its scope of authorized use. *Id.*; *Stross v. Redfin Corp.*, 730 F. App'x 198, 203 (5th Cir. 2018) ("As long as Redfin acts within the scope of its license, it remains safe from Stross's claims. *But if*

*Redfin acts outside the permitted scope of its license, it may be held liable for copyright infringement*.").  That latter "scope" issue is often a key issue. *Loeb-Defever*, 2023 WL 5611042, at *3-4 ("What is disputed, however, is the scope of the license"); *Stross*, 730 F. App'x at 203; *Howarth v. Greenhaw*, No. A-21-CV-00643-RP, 2022 U.S. Dist. LEXIS 103048 (W.D. Tex. June 9, 2022) (express license acts as a shield against copyright infringement claim so long as use is confined to terms of license); *Equistar Chemicals L.P. v. Indeck Power Equipment Company*, 2020 WL 4746469, at *12 (S.D. Tex. 2020) (The critical question thus is not the mere existence of a license, but the license's scope.").  Skiplagged's instruction entirely omits it.

The Court should give an instruction—like the Ninth Circuit PJC—that introduces both issues and instructs the jury on the scope of the license, to the extent one exists.  As it stands, American is unable to offer language on "scope" because no license exists.

|  |  |
|---|---|
| **Defendant's position and authority:** | Courts have routinely recognized express license as an affirmative defense against a plaintiff's trademark infringement claim. *See Hill Country Bakery v. Honest Kitchens Grp., LLC*, No. 5:17-CV-334-DAE, 2017 U.S. Dist. LEXIS 221761 (W.D. Tex. Dec. 11, 2017) (citing *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1075-76 (5th Cir. 1997); *Brinkman v. Beaulieu of Am., Inc*., No. SA-02-CA-268, 2002 U.S. Dist. LEXIS 29693, 2002 WL 32097534, at *4 (W.D. Tex. Oct. 29, 2002)).

Skiplagged disputes American's position that no license agreement exists and intends to prove license as an affirmative defense at trial.  Skiplagged also proposes a broad form instruction on the license defense, which is similar to the instructions for issues proposed by American and consistent with 5th Circuit authority. |

116

**DEFENDANT PROPOSES THE FOLLOWING QUESTION.**

<mark>Proposed Question No.   - Express License Trademark</mark>

Did Skiplagged prove, by a preponderance of the evidence, that it had an express license to use American's trademarks?

Answer "yes" or "no."

**PLAINTIFF OBJECTS TO THE SUBMISSION; IF GIVEN, HOWEVER, AMERICAN PROPOSES THE FOLLOWING:**

Did Skiplagged prove, by a preponderance of the evidence, that it had an express license to use American's trademarks and that its use of American's trademarks falls within the scope of that license?

Answer "Yes" or "No": _____

Accepted as Written: \_\_\_\_\_      Accepted as Modified: \_\_\_\_\_          Refused: \_\_\_\_\_

_____ 2024,

_____

HON. MARK T. PITTMAN

UNITED STATES DISTRICT JUDGE

### Objections & Authorities

**Trademark Express License - Question**

Plaintiff's position and authority:

No evidence or theory supports that Skiplagged had an express license, or that such use would fall within the hypothetical license's scope.  If a question is given, it should be drafted in a way that allows the jury to determine the existence of an express license and scope.

117

| | |
|---|---|
| Defendant's position and authority: | Courts have routinely recognized express license as an affirmative defense against a plaintiff's trademark infringement claim. *See Hill Country Bakery v. Honest Kitchens Grp., LLC*, No. 5:17-CV-334-DAE, 2017 U.S. Dist. LEXIS 221761 (W.D. Tex. Dec. 11, 2017) (citing *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1075-76 (5th Cir. 1997); *Brinkman v. Beaulieu of Am., Inc*., No. SA-02-CA-268, 2002 U.S. Dist. LEXIS 29693, 2002 WL 32097534, at *4 (W.D. Tex. Oct. 29, 2002)). |
| | Skiplagged disputes American's position that no license agreement exists and intends to prove license as an affirmative defense at trial.  Skiplagged also proposes a broad form instruction on the license defense, which is similar to the instructions for issues proposed by American and consistent with 5th Circuit authority. |

## VIII. SPECIFIC INSTRUCTIONS AND VERDICT FORM ON SKIPLAGGED'S AFFIRMATIVE DEFENSE OF FAIR USE

**DEFENDANT REQUESTS THE FOLLOWING INSTRUCTION:**

<u>Proposed Instruction No.</u>

Nominative Fair Use

The owner of a trademark cannot exclude others from making a nominative fair use of that trademark.[92] Nominative fair use is a complete defense to Lanham Act claims and occurs when the defendant uses a trademark to accurately identify the plaintiff's product or service, even if the defendant's ultimate goal was to describe its own goods or services.[93]

Skiplagged contends that it did not infringe American's trademark(s) or commit unfair competition because the alleged infringement was a nominative fair use of the trademark(s) to identify flights offered by American. Under this defense, Skiplagged may use American's trademarks to refer to American's goods or services.[94] You must find that

---

[92] *Scott Fetzer Co. v. House of Vacuums, Inc.,* 381 F.3d 477, 484-485 (5th Cir. 2004) (noting application of traditional "digits of confusion" would indicate confusion even though no such confusion existed and that "[f]air use is protected even if confusion is likely."); *Pebble Beach Co. v. Tour 18 I, Ltd.*, 942 F. Supp. 1513 (S.D. Tex. 1996), abrogated on other grounds by *TrafFix Devices, Inc. v. Mktg. Displays, Inc*., 532 U.S. 23, 121 S. Ct. 1255, 149 L. Ed. 2d 164 (2001); *Bd. of Supervisors for Louisiana State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.,* 550 F.3d 465, 489 (5th Cir. 2008); *Sherri Hill, Inc. v. USA LLC*, 2021 WL 8083342, 2021 U.S. Dist. LEXIS 256974, *24-25 (W.D. Tex. July 26, 2021) ("The doctrine also permits one to use another's mark truthfully to identify another's goods or services in order to describe or compare its product to the mark holder's product").

[93] *Scott Fetzer Co. v. House of Vacuums, Inc.,* 381 F.3d 477, 484-485 (5th Cir. 2004) (noting application of traditional "digits of confusion" would indicate confusion even though no such confusion existed); *Pebble Beach Co. v. Tour 18 I, Ltd.,* 942 F. Supp. 1513 (S.D. Tex. 1996), abrogated on other grounds by *TrafFix Devices, Inc. v. Mktg. Displays, Inc.,* 532 U.S. 23, 121 S. Ct. 1255, 149 L. Ed. 2d 164 (2001); *Bd. of Supervisors for Louisiana State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.,* 550 F.3d 465, 489 (5th Cir. 2008); *BDO Seidman LLP v. Alliantgroup, L.P.*, No. H-08-905, 2009 U.S. Dist. LEXIS 40325 (S.D. Tex. May 11, 2009); *Rosetta Stone Ltd. v. Google, Inc*., 676 F.3d 144, 154 (4th Cir. 2012) (noting that "[u]nlike the typical infringement fact-pattern wherein the defendant passes off another's mark as its own and confuses the public as to precisely whose goods are being sold, a nominative use is one in which the defendant uses the plaintiff's trademark to identify the plaintiff's own goods") (citing *Century 21 Real Estate Corp. v. Lendingtree, Inc*., 425 F.3d 211, 217 (3d Cir. 2005); *Sherri Hill, Inc. v. USA LLC*, 2021 WL 8083342, 2021 U.S. Dist. LEXIS 256974, *24-25 (W.D. Tex. July 26, 2021).

[94] *Scott Fetzer Co. v. House of Vacuums, Inc.,* 381 F.3d 477, 484-485 (5th Cir. 2004) (noting application of traditional "digits of confusion" would indicate confusion even though no such confusion existed); *Pebble Beach Co. v. Tour 18 I, Ltd.*, 942 F. Supp. 1513 (S.D. Tex. 1996), abrogated on other grounds by *TrafFix Devices, Inc. v. Mktg. Displays, Inc.,* 532 U.S. 23, 121 S. Ct. 1255, 149 L. Ed. 2d 164 (2001); *Bd. of*

Skiplagged's use of the trademarks was not infringing if Skiplagged proves by a preponderance of the evidence that its use of American's trademarks meets the following elements:[95]

1.    Skiplagged used only so much of the trademark(s) as was reasonably necessary to identify the goods or services in question; and

2.    Skiplagged's use of the marks was not in a way that suggests sponsorship or endorsement by American Airlines.

A good or service is not readily identified without use of its trademark when there would be no other effective way to compare, criticize, refer to, or identify it without using the trademark. The nominative fair use analysis acknowledges that it is often virtually impossible to refer to a particular product or service for purposes of comparison, criticism, point of reference, or any other such purpose without using the mark.[96]

A reasonably necessary use of a trademark occurs when no more of the mark's appearance is used than is necessary to identify the product or service and make the reference intelligible to the consumer.[97]

---

*Supervisors for Louisiana State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.,* 550 F.3d 465, 489 (5th Cir. 2008); *Sherri Hill, Inc. v. USA LLC,* 2021 WL 8083342, 2021 U.S. Dist. LEXIS 256974, *24-25 (W.D. Tex. July 26, 2021).

[95] *Scott Fetzer Co. v. House of Vacuums, Inc.,* 381 F.3d 477, 484-485 (5th Cir. 2004) (noting application of traditional "digits of confusion" would indicate confusion even though no such confusion existed); *Pebble Beach Co. v. Tour 18 I, Ltd.,* 942 F. Supp. 1513 (S.D. Tex. 1996), abrogated on other grounds by *TrafFix Devices, Inc. v. Mktg. Displays, Inc.,* 532 U.S. 23, 121 S. Ct. 1255, 149 L. Ed. 2d 164 (2001); *Bd. of Supervisors for Louisiana State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.,* 550 F.3d 465, 489 (5th Cir. 2008); *Sherri Hill, Inc. v. USA LLC,* 2021 WL 8083342, 2021 U.S. Dist. LEXIS 256974, *24-25 (W.D. Tex. July 26, 2021).

[96] *Scott Fetzer Co. v. House of Vacuums, Inc.,* 381 F.3d 477, 484-485 (5th Cir. 2004) (noting application of traditional "digits of confusion" would indicate confusion even though no such confusion existed); *Pebble Beach Co. v. Tour 18 I, Ltd.,* 942 F. Supp. 1513 (S.D. Tex. 1996), abrogated on other grounds by *TrafFix Devices, Inc. v. Mktg. Displays, Inc.,* 532 U.S. 23, 121 S. Ct. 1255, 149 L. Ed. 2d 164 (2001); *Horphag Research Ltd. v. Pellegrini,* 337 F.3d 1036, 1041 (9th Cir. 2003) (quoting *Brother Records, Inc. v. Jardine,* 318 F.3d 900, 908 (9th Cir. 2003) (quoting *New Kids on the Block v. News Am. Publ'g, Inc.,* 971 F.2d 302, 306 (9th Cir. 1992)));

[97] *Scott Fetzer Co. v. House of Vacuums, Inc.,* 381 F.3d 477, 484-485 (5th Cir. 2004) (noting application of traditional "digits of confusion" would indicate confusion even though no such confusion existed); *Pebble Beach Co. v. Tour 18 I, Ltd.,* 942 F. Supp. 1513 (S.D. Tex. 1996), abrogated on other grounds by *TrafFix Devices, Inc. v. Mktg. Displays, Inc.,* 532 U.S. 23, 121 S. Ct. 1255, 149 L. Ed. 2d 164 (2001); *Horphag Research Ltd. v. Pellegrini,* 337 F.3d 1036, 1041 (9th Cir. 2003) (quoting *Brother Records, Inc. v. Jardine,*

A use of the plaintiff's trademark does not suggest sponsorship or endorsement of the defendant's product or service when the defendant does not attempt to deceive, mislead, or capitalize on consumer confusion, or when the defendant does not appropriate the cachet of the plaintiff's goods or services for the defendant's benefit.[98]

The inclusion of disclaimers, warnings of no affiliation, reference to numerous other competing brands, and critique or criticism of American can demonstrate and support a lack of affiliation with American.  Disclaimers that emphasize the source of a product or services or that disclaim affiliation can reduce or eliminate a minimal likelihood of confusion.[99] For example, that a defendant's website includes disclaimers denying affiliation with the plaintiff can demonstrate a lack of affiliation with the plaintiff.[100]

The fact that the defendant's use of the trademark may bring the defendant a profit or help in competing with the mark owner does not mean the use was not a fair use.[101]

_Source_: Civil Pattern Jury Instructions, Eleventh Circuit 10.1; _Scott Fetzer Co. v. House of Vacuums, Inc.,_ 381 F.3d 477, 484-485 (5th Cir. 2004) (noting application of traditional "digits of confusion" would indicate confusion even though no such confusion existed); _Pebble Beach Co. v. Tour 18 I, Ltd._, 942 F. Supp. 1513 (S.D. Tex. 1996), abrogated on other grounds by _TrafFix Devices, Inc. v. Mktg. Displays, Inc_., 532 U.S. 23, 121 S. Ct. 1255, 149 L. Ed. 2d 164 (2001);

---

[98] 318 F.3d 900, 908 (9th Cir. 2003) (quoting _New Kids on the Block v. News Am. Publ'g, Inc_., 971 F.2d 302, 306 (9th Cir. 1992))); 600 F.3d 93, 102.

[98] _Scott Fetzer Co. v. House of Vacuums, Inc.,_ 381 F.3d 477, 484-485 (5th Cir. 2004) (noting application of traditional "digits of confusion" would indicate confusion even though no such confusion existed); _Pebble Beach Co. v. Tour 18 I, Ltd._, 942 F. Supp. 1513 (S.D. Tex. 1996), abrogated on other grounds by _TrafFix Devices, Inc. v. Mktg. Displays, Inc_., 532 U.S. 23, 121 S. Ct. 1255, 149 L. Ed. 2d 164 (2001).

[99] _Cmre Fin. Servs. Inc. v. Doxo Inc._, No. 2:22-cv-00298-RAJ-BAT, 2022 U.S. Dist. LEXIS 201426 (W.D. Wash. Oct. 7, 2022) (That a defendant's website includes disclaimers denying affiliation with the plaintiff demonstrated a lack of affiliation with the plaintiff); _Pebble Beach Co. v. Tour 18 I, Ltd._, 942 F. Supp. 1513 (S.D. Tex. 1996) (Disclaimers that emphasize the source of a product or services or that disclaim affiliation can reduce or eliminate a minimal likelihood of confusion) citing _Storck v. Nabisco, Inc_., 59 F.3d 616, 618-19 (7th Cir. 1995) and _Soltex Polymer Corporation v. Fortex Industries, Inc._, 832 F.2d 1325, 1330 (2d Cir. 1987).

[100] _Cmre Fin. Servs. Inc. v. Doxo Inc._, No. 2:22-cv-00298-RAJ-BAT, 2022 U.S. Dist. LEXIS 201426 (W.D. Wash. Oct. 7, 2022) (That a defendant's website includes disclaimers denying affiliation with the plaintiff demonstrated a lack of affiliation with the plaintiff); _see also Pebble Beach Co. v. Tour 18 I, Ltd._, 942 F. Supp. 1513 (S.D. Tex. 1996) (Disclaimers that emphasize the source of a product or services or that disclaim affiliation can reduce or eliminate a minimal likelihood of confusion) citing _Storck v. Nabisco, Inc_., 59 F.3d 616, 618-19 (7th Cir. 1995) and _Soltex Polymer Corporation v. Fortex Industries, Inc._, 832 F.2d 1325, 1330 (2d Cir. 1987).

[101] _Scott Fetzer Co. v. House of Vacuums, Inc.,_ 381 F.3d 477, 484-485 (5th Cir. 2004) ("Intent to compete, however, is not tantamount to intent to confuse").

*BDO Seidman LLP v. Alliantgroup, L.P.*, No. H-08-905, 2009 U.S. Dist. LEXIS 40325 (S.D. Tex. May 11, 2009); *Rosetta Stone Ltd. v. Google, Inc*., 676 F.3d 144, 154 (4th Cir. 2012) (noting that "[u]nlike the typical infringement fact-pattern wherein the defendant passes off another's mark as its own and confuses the public as to precisely whose goods are being sold, a nominative use is one in which the defendant uses the plaintiff's trademark to identify the plaintiff's own goods") (citing *Century 21 Real Estate Corp. v. Lendingtree, Inc*., 425 F.3d 211, 217 (3d Cir. 2005); *Sherri Hill, Inc. v. USA LLC*, 2021 WL 8083342, 2021 U.S. Dist. LEXIS 256974, *24-25 (W.D. Tex. July 26, 2021).

**PLAINTIFF PROPOSES THE FOLLOWING ALTERNATIVE INSTRUCTION:**

<mark>Proposed Instruction No.</mark>

Affirmative Defense of Nominative Fair Use

**Skiplagged claims that its use of American's trademarks is permitted because Skiplagged made nominative fair use of the trademark. To succeed on this defense, Skiplagged must prove the following three things by a preponderance of the evidence:**

1. **Skiplagged used the trademark to refer to a product of American that cannot be easily identified without using the trademark;**

2. **Skiplagged used the trademark only as much as was reasonably necessary to identify the product or service; and**

3. **Skiplagged did not do anything in connection with using the trademark to suggest that American sponsored or endorsed Skiplagged or its product.**

**A product or service cannot be easily identified without using the trademark if there are no equally informative words to identify the product, or there is no other effective way to compare, criticize, refer to or identify it without using the trademark. A reasonably necessary use of a trademark occurs when the trademark is used no more prominently than is needed to identify the product or service and enable consumers to understand the reference. Skiplagged's use of American's trademarks to compete with American, or to make a profit, does not by itself prevent Skiplagged from proving nominative fair use.**

*Source:* 7th Cir. PJC - Affirmative Defenses - Nominative Fair Use, 13.5.1; *see also Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526, 546 (5th Cir. 1998) ("This right to use a mark to identify the markholder's products—a nominative use—however, is limited in that the use cannot be one that creates a likelihood of confusion as to source, sponsorship, affiliation, or approval"); *Bd. of Supervisors for Louisiana State Univ. Agric. & Mech. Coll. v. Smack Apparel Co*., 550 F.3d 465, 489 (5th Cir. 2008) ("In order to avail oneself of the nominative fair use defense "the defendant (1) may only use so much of the mark as necessary to identify the product or service and (2) may not do anything that suggests affiliation, sponsorship, or endorsement by the markholder.").

Accepted as Written: _____      Accepted as Modified: _____                    Refused: _____

_____ 2024,


_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE


### Objections & Authorities


**Trademark - Nominative Fair Use**

| | |
|---|---|
| **Plaintiff's position and authority:** | The Fifth Circuit PJC does not have a nominative fair use instruction.  The 7th Circuit does, however, and it accurately depicts Fifth Circuit authority. 7th Cir. PJC - Affirmative Defenses - Nominative Fair Use, 13.5.1; *see also Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526, 546 (5th Cir. 1998) ("This right to use a mark to identify the markholder's products—a nominative use—however, is limited in that the use cannot be one that creates a likelihood of confusion as to source, sponsorship, affiliation, or approval"); *Bd. of Supervisors for Louisiana State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.*, 550 F.3d 465, 489 (5th Cir. 2008) ("In order to avail oneself of the nominative fair use defense "the defendant (1) may only use so much of the mark as necessary to identify the product or service and (2) may not do anything that suggests affiliation, sponsorship, or endorsement by the markholder."). |

Skiplagged's instruction, moreover, is duplicative in several parts--but only those parts favorable to the defense's application--omitting caselaw quotes favorable to a mark holder.  *E.g.*, *EKF Diagnostics Inc. v. Intermountain Biomedical Services Inc.*, No. 5:18-CV-195-DAE, 2018 WL 3603070, at *6 (W.D. Tex. June 18, 2018) ("However, the nominative fair use doctrine is not without limits.").  The Seventh Circuit PJC instruction balances these matters through neutral presentation.

Furthermore, Skiplagged includes authorities that are out-of-circuit (including for disclaimer, etc.) and includes instructions that are unduly prejudicial, duplicative, and not established in the Fifth Circuit.

While Skiplagged protests the Ninth Circuit's statement of the defense in the PJC, it ignores that the Fifth Circuit has routinely followed the Ninth Circuit in this area.  *Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526, 546 (5th Cir. 1998) ("As the Ninth Circuit has recognized …").

Finally, Skiplagged's instruction omits a critical element of nominal fair use: "The defendant cannot have done anything in connection with using the trademark to suggest that the mark holder sponsored or endorsed the defendant or its product."  *See Pebble Beach*, 155 F.3d at 546 (the use must occur "without any implication of affiliation, sponsorship, or endorsement"); *Smack Apparel*, 550 F.3d at 489; *see e.g., id.* ("As noted by the district court, Smack copied the mark with "an intent to rely upon the drawing power in enticing fans of the particular universities to purchase their shirts." Such an attempt to capitalize on consumer confusion is not a nominative fair use").

|              |              |
|--------------|--------------|
| **Defendant's position and authority:** | Skiplagged's proposed instruction is consistent with and supported by Fifth Circuit cases where the defendant used the plaintiff's mark to identify the plaintiff's own goods or services. For example, American's proposed instruction includes as the first element of the defense that "Skiplagged used the trademark to refer to a product of American that cannot be easily identified without using the trademark," this is not an element of the defense in the Fifth Circuit. While the nominative fair use defense originated in the Ninth Circuit, which applies the three elements included in American's proposed instruction, the Fifth Circuit modified the defense and refers on to the two element included in Skiplagged's instruction:  (1) Skiplagged used the trademark only as much as was reasonably necessary to identify the product or service; and (2) Skiplagged did not do anything in connection with using the trademark to suggest that American sponsored or endorsed Skiplagged or its product. *See Bd. of Supervisors for Louisiana State Univ. Agric. & Mech. Coll. v. Smack Apparel Co.,* 550 F.3d 465, 489 (5th Cir. 2008) (listing two elements of defense); *Sherri Hill, Inc. v. USA LLC*, 2021 WL 8083342, 2021 U.S. Dist. LEXIS 256974, *24-25 (W.D. Tex. July 26, 2021) (same); see also *Pebble Beach Co. v. Tour 18 I, Ltd.*, 942 F. Supp. 1513 (S.D. Tex. 1996), abrogated on other grounds by *TrafFix Devices, Inc. v. Mktg. Displays, Inc.*,  532 U.S. 23, 121 S. Ct. 1255, 149 L. Ed. 2d 164 (2001) (nominative fair use permits one to "use another's mark truthfully to identify another's goods or services" so long as "the use cannot be one that creates a likelihood of confusion as to source, sponsorship, affiliation, or approval"). |

American's objection that Skiplagged's instruction fails to include language from the caselaw that American believes is not favorable to Skiplagged is also without merit, as the very limiting instruction American references— that nominative fair use cannot cause confusion as to source or affiliation— is expressly included in the second element of Skiplagged's proposed instruction. The remainder of Skiplagged's instruction (not included in American's proposed charge) is not argument, but actual law regarding proper analysis of the nominative fair use defense. *See Horphag Research Ltd. v. Pellegrini*, 337 F.3d 1036, 1041 (9th Cir. 2003) ("The nominative fair use analysis acknowledges that it is often virtually impossible to refer to a

124

particular product for purposes of comparison, criticism, point of reference or any other such purpose without using the mark"); *Cmre Fin. Servs. Inc. v. Doxo Inc.*, No. 2:22-cv-00298-RAJ-BAT, 2022 U.S. Dist. LEXIS 201426 (W.D. Wash. Oct. 7, 2022) (That a defendant's website includes disclaimers denying affiliation with the plaintiff demonstrated a lack of affiliation with the plaintiff); *Pebble Beach Co. v. Tour 18 I, Ltd.*, 942 F. Supp. 1513 (S.D. Tex. 1996) (Disclaimers that emphasize the source of a product or services or that disclaim affiliation can reduce or eliminate a minimal likelihood of confusion); *Scott Fetzer Co. v. House of Vacuums, Inc.,* 381 F.3d 477, 484-485 (5th Cir. 2004) ("Intent to compete, however, is not tantamount to intent to confuse").

<u>Proposed Question No.</u>

Did Skiplagged prove by a preponderance of the evidence that its use of American's trademarks was a nominative fair use?

Answer "Yes" or "No": _____

Accepted as Written: _____     Accepted as Modified: _____                    Refused: _____

_____ 2024,

_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

126

IX.   **SPECIFIC   INSTRUCTIONS   AND   VERDICT   FORM   ON   TRADEMARK INFRINGEMENT DAMAGES**[102]

Proposed Instruction No.

Trademark Damages Generally[103]

If you find that Skiplagged infringed American's trademark rights, you must then determine what damages American is entitled to recover from Skiplagged.  In this case, American seeks actual damages and damages from Skiplagged in the form of profits attributable to Skiplagged's alleged infringement.

You should not conclude from the fact that I am instructing you about damages that I have any opinion as to whether American has proved liability against Skiplagged. It is your task first to decide whether Skiplagged is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Skiplagged is liable and that American is entitled to recover money from Skiplagged for infringement.[104]

*Source*: 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.25 (Trademark Infringement – Award of Defendants' Profits); Fifth Circuit Pattern Jury Instructions (Civil Cases) § 15.1 (2020); 15 U.S.C. § 1117(a); *Am. Rice, Inc. v. Producers Rice Mill, Inc*., 518 F.3d 321, 337 (5th Cir. 2008); *Pebble Beach Co. v. Tour 18 I Ltd*., 155 F.3d 526, 554 (5th Cir. 1998); *Dastar Corp. v. Twentieth Century Fox Film Corp*., 539 U.S. 23, 28 n.1 (2003).

Accepted as Written: _____      Accepted as Modified: _____               Refused: _____

_____ 2024,

_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

---

[102] American maintains that trademark damages are equitable matters for the Court.  It does not waive that objection by submitting these instructions as to form or for submission to the jury in an advisory capacity.

[103] Fifth Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.25 (Trademark Infringement – Award of Defendants' Profits) (citing 15 U.S.C. § 1117(a); *Am. Rice, Inc. v. Producers Rice Mill, Inc*., 518 F.3d 321, 337 (5th Cir. 2008)).

[104] *Id.* (citing Fifth Circuit Pattern Jury Instructions (Civil Cases) § 15.1 (2020)).

Proposed Instruction No.

Award of Actual Damages - Trademark[105]

If you find for American on its infringement and unfair competition claims, you must determine American's actual damages.

American has the burden of proving that it sustained actual damages by a preponderance of the evidence. To recover actual damages, American must prove, by a preponderance of the evidence, a direct injury to American and causation of that harm. An actual damages award must be attributable to the infringement.[106]

If you find that American proved actual damages, you may make reasonable inferences from the evidence to calculate the amount of damages. Damages means the amount of money which will reasonably and fairly compensate American for any injury and/or damage you find was caused by Skiplagged's infringement of American's registered trademarks.

You should consider the following:

(1)    The injury to American's reputation;

(2)    The injury to American's goodwill, including injury to American's general business reputation;

(3)    The lost profits that American would have earned but for Skiplagged's infringement. Profit is determined by deducting all expenses from gross revenue;

(4)    The expense of preventing customers from being deceived; and

(5)    The cost of future corrective advertising reasonably required to correct any public confusion caused by the infringement.

When considering prospective costs (e.g., cost of future advertising, expense of preventing customers from being deceived), you must not overcompensate. Accordingly, your award of such future costs should not exceed the actual damage to the value of American's marks at the time of the infringement by Skiplagged.

---

[105] American maintains that trademark damages are equitable matters for the Court. It does not waive that objection by submitting these instructions as to form or for submission to the jury in an advisory capacity.

[106] *Exxon Mobil Corp. v. FX Networks, LLC*, Civil Action No. H-13-2906, 2015 U.S. Dist. LEXIS 186394 *5 (S.D. Tex. Aug. 26, 2015) (actual damages must be proved by establishing a direct injury to plaintiff and the causation of that harm); *Casa Tradicion S.A. de C.V. v. Casa Azul Spirits, LLC*, No. H-22-2972, 2023 U.S. Dist. LEXIS 197610*22 (S.D. Tex. Nov. 3, 2023) (actual damages award must be rationally related to the scope of the defendant's infringement and attributable to the infringement, if any).

*Source:* Ninth Circuit Court of Appeals Model Civil Jury Instructions (2017) (updated March 2024), § 15.27 (Trademark—Damages); 15 U.S.C. § 1117(a).


Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,


_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

<u>Proposed Question No.[107]</u>

What amount of actual damages did American prove, by a preponderance of the evidence, that it is entitled to recover as a result of Skiplagged's trademark infringement and unfair competition?


Answer: $ _____


Accepted as Written: _____       Accepted as Modified: _____                    Refused: _____

_____ 2024,


_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

---

[107] American maintains that trademark damages are equitable matters for the Court. It does not waive that objection by submitting these instructions as to form or for submission to the jury in an advisory capacity.

**DEFENDANT PROPOSES THE FOLLOWING INSTRUCTION; PLAINTIFF OBJECTS TO THE SUBMISSION, BUT, IF GIVEN, AGREES TO FORM**

Proposed Instruction No. __ – Trademark – Failure to Mitigate Damages

**A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate his/her damages, that is, to avoid or to minimize those damages.**

**If you find Skiplagged is liable and American has suffered damages, American may not recover for any item of damage which it could have avoided through reasonable effort. If you find that Skiplagged proved by a preponderance of the evidence that American unreasonably failed to take advantage of an opportunity to lessen its damages, you should deny its recovery for those damages that it would have avoided had it taken advantage of the opportunity.**

**You are the sole judge of whether American acted reasonably in avoiding or minimizing its damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, a plaintiff is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. Skiplagged has the burden of proving the damages that American could have mitigated. In deciding whether to reduce American's damages because of its failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether Skiplagged has satisfied its burden of proving that American's conduct was not reasonable.**

_Source_: Committee on Civil Pattern Jury Instructions District Judges Association Fifth Circuit, Pattern Jury Instructions (Civil Cases) 15.5 (2020 rev. through June 2020).

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____
**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

### Objections & Authorities

**Trademark Mitigation Damages Instruction**

| | |
|---|---|
| **Plaintiff's position and authority:** | Numerous courts have held that mitigation of damages is not a defense to copyright or trademark infringement. _See_ 15 U.S.C. § 1115 (listing affirmative defenses but not failure to mitigate); _Jacobs v. Fareportal, Inc._, |

No. 8:17CV362, 2019 WL 11029415, at *17 (D. Neb. Sept. 19, 2019) (15 U.S.C. § 1115 lists the available affirmative defenses to unfair competition claims, whether asserted under the Lanham Act, other statutes, or the common law. Failure to mitigate is not among them") (collecting authorities rejecting mitigating defense); *Natreon, Inc. v. Ixoreal Biomed, Inc*., No. CV164735FLWDEA, 2017 WL 3131975, at *7 (D.N.J. July 21, 2017) ("Moreover, this Court is unable to find any controlling authority to support the position that mitigation of damages is a valid affirmative defense to the Lanham Act, unfair competition, trade libel, defamation, or tortious interference with prospective economic relations causes of action."); *see also Janes v. Watson*, No. 05-473, 2006 WL 2322820, at *17, 2006 WL 2322820 (W.D. Tex. Aug. 2, 2006) ("The Court fails to see how the failure to mitigate defense applies [to claims for] ... unfair competition, trademark infringement, trademark dilution, injury to business reputation ... tortious interference with existing and prospective business relationships, and misappropriation of trade secrets," since "there is nothing Plaintiffs can do to mitigate [their] damages"). Moreover, Skiplagged's mitigation argument appears to duplicate its laches defense.

Regardless, if given, the Court should use the Fifth Circuit PJC's readily-available and longstanding instruction, not Skiplagged's non-PJC instruction.

**Defendant's position and authority:**  Texas courts have recognized failure to mitigate damages as an affirmative defense for the jury, so this should be presented to the jury. *See Operating Tech. Elecs., Inc. v. Gen. Power Sys.*, No. 4:13-CV-871-A, 2014 U.S. Dist. LEXIS 140523 *16 (N.D. Tex. Oct. 2, 2014) ("Failure to mitigate is generally a question of fact for the jury"). At least one Texas court has recognized failure to mitigate damages in the trademark context. *See also Two Men & a Truck Int'l, Inc. v. Two Guys Moving Bossier, LLC*, 2015 U.S. Dist. LEXIS 159080, 2015 WL 7573216 *5 (recognizing failure to mitigate as an affirmative defense to trademark case).

**DEFENDANT PROPOSES THE FOLLOWING QUESTION.  THE PARTIES AGREE AS TO FORM; HOWEVER, PLAINTIFF OBJECTS TO ITS SUBMISSION.**

Proposed Question No. __

Did Skiplagged prove by a preponderance of the evidence that American failed to mitigate its trademark infringement actual damages?

Answer "Yes" or "No": _____

Accepted as Written: _____     Accepted as Modified: _____               Refused: _____

_____ 2024,

_____

HON. MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

**Objections & Authorities**

**Trademark Mitigation Damages Question 1**

| | |
|---|---|
| **Plaintiff's position and authority:** | As stated, mitigation of damages is not a defense to copyright or trademark infringement and should not be submitted.  *Supra*. |
| | Regardless, mitigation is an instruction to be given in connection with damages; it is not an independent basis for a question.  *Olin Corp. v. Cent. Indus., Inc*., 576 F.2d 642, 649 (5th Cir. 1978) (affirming mitigation instruction); *Carrizales v. State Farm Lloyds*, 518 F.3d 343, 348 (5th Cir. 2008) (same); *see* Fifth Cir. PJC 15.5; *cf.* Tex. PJC (Negligence) § 28.9 (instructing parties to use mitigation instruction within damages question). Skiplagged's proposal creates opportunity for jury confusion and is unnecessary. |
| **Defendant's position and authority:** | Texas courts have recognized failure to mitigate damages as an affirmative defense for the jury, so this should be presented to the jury.  *See Operating Tech. Elecs., Inc. v. Gen. Power Sys.*, No. 4:13-CV-871-A, 2014 U.S. Dist. LEXIS 140523 *16 (N.D. Tex. Oct. 2, 2014) ("Failure to mitigate is generally a question of fact for the jury"). At least one Texas court has recognized failure to mitigate damages in the trademark context.  *See also Two Men & a Truck Int'l, Inc. v. Two Guys Moving Bossier, LLC*, 2015 U.S. |

133

Dist. LEXIS 159080, 2015 WL 7573216 *5 (recognizing failure to mitigate as an affirmative defense to trademark case).

**DEFENDANT PROPOSES THIS QUESTION:**

<mark>Proposed Question No. __</mark>

      **State the amount in dollars and cents of trademark infringement actual damages that American have could mitigated through the exercise of reasonable diligence?**


      **Answer: $ _____**


Accepted as Written: _____     Accepted as Modified: _____        Refused: _____

_____ 2024,


                                      _____
                                      Hᴏɴ. Mᴀʀᴋ T. Pɪᴛᴛᴍᴀɴ
                                        Uɴɪᴛᴇᴅ Sᴛᴀᴛᴇs Dɪsᴛʀɪᴄᴛ Jᴜᴅɢᴇ

<u>**Objections & Authorities**</u>

**Trademark Mitigation Damages Question 2**

| | |
|---|---|
| **Plaintiff's position and authority:** | As stated, mitigation of damages is not a defense to copyright or trademark infringement and should not be submitted.  *Supra.* |
| | Regardless, mitigation is an instruction to be given in connection with a compensatory damages question; it is not an independent basis for a question. *Olin Corp. v. Cent. Indus., Inc.*, 576 F.2d 642, 649 (5th Cir. 1978) (affirming mitigation instruction); *Carrizales v. State Farm Lloyds*, 518 F.3d 343, 348 (5th Cir. 2008) (same); *see* Fifth Cir. PJC 15.5; *cf.* Tex. PJC (Negligence) § 28.9 (instructing parties to use mitigation instruction within damages question).  Skiplagged's proposal creates opportunity for jury confusion and is unnecessary. |
| **Defendant's position and authority:** | Texas courts have recognized failure to mitigate damages as an affirmative defense for the jury, so this should be presented to the jury.  *See Operating Tech. Elecs., Inc. v. Gen. Power Sys.*, No. 4:13-CV-871-A, 2014 U.S. Dist. LEXIS 140523 *16 (N.D. Tex. Oct. 2, 2014) ("Failure to mitigate is generally a question of fact for the jury"). At least one Texas court has recognized failure to mitigate damages in the trademark context. *See also Two Men & a Truck Int'l, Inc. v. Two Guys Moving Bossier, LLC*, 2015 U.S. Dist. LEXIS 159080, 2015 WL 7573216 *5 (recognizing failure to mitigate as an affirmative defense to trademark case). |

135

<span style="background-color: yellow">Proposed Instruction No.</span>

**DEFENDANT PROPOSES THE BOLDED LANGUAGE BELOW:**

§ 14.25 – Award of Skiplagged's Profits[108]

In addition to actual damages, American may recover any profits earned by Skiplagged that are attributable to the infringement.[109]  You may not, however, include in any award of profits any amount that you took into account in determining actual damages.

**American must prove by a preponderance of evidence its entitlement to profits resulting from the infringement and unfair competition of Skiplagged. In determining whether to award profits in this case, the factors to be considered include, but are not limited to:[110]**

**1)  whether Skiplagged had the intent to confuse or deceive,**

**2)  whether sales have been diverted from American to Skiplagged,**

**3)  the adequacy of other remedies,**

**4)  any unreasonable delay by American in asserting its rights,**

**5)  the public interest in making the misconduct unprofitable, and**

**6)  whether it is a case of palming off.[111]**

**It is up to you to determine how to weigh each factor, and you do not need to give each factor equal weight.**

---

[108] American maintains that trademark damages are equitable matters for the Court.  It does not waive that objection by submitting these instructions as to form or for submission to the jury in an advisory capacity.

[109] Ninth Circuit Court of Appeals Model Civil Jury Instructions (2017) (updated March 2024), § 15.29 (Trademark—Damages).

[110] American maintains that its *entitlement* to profits is an equitable question for the Court, not the jury. Accordingly, with respect to the equitable assessment of whether American may recover Skiplagged's profits, American submits that portion of the instruction without waiver of its argument that the Court, not the jury, should determine entitlement.

[111] Fifth Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.25 (citing *Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526, 554 (5th Cir. 1998) (collecting cases); *see also Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 28 n.1 (2003) (stating that palming off occurs when a seller misrepresents his own product as someone else's product.).

**If you find, subject to these principles of equity, that American is entitled to recover Skiplagged's profits, you must then determine the amount of Skiplagged's profits that are attributable to the infringement.**

American's burden is to prove, by a preponderance of the evidence, Skiplagged's individual sales attributable to its infringement of American's marks. It also is American's burden to prove, by a preponderance of the evidence, the amount of gross revenues attributable to Skiplagged's unlawful use of its marks.[112]

Skiplagged then has the burden to prove by a preponderance of the evidence any expenses that it believes must be deducted to calculate its net profits.  Expenses are all Skiplagged's operating, overhead, and production costs incurred in producing the gross revenue associated with the infringement.[113]

Unless you find that a portion of the profit generated from Skiplagged's sale of products and services associated with the infringement is attributable to factors other than use of the trademark, you should find that the total profit is attributable to the infringement.[114] Skiplagged has the burden of proving the portion or percentage of the profit, if any, attributable to factors other than infringing American's trademarks.[115]

*Source*: 5th Circuit Court of Appeals Pattern Civil Jury Instructions, Chapter 14 – Trademarks (2024), § 14.25 (Trademark Infringement – Award of Defendants' Profits); Fifth Circuit Pattern Jury Instructions (Civil Cases) § 15.1 (2020); Ninth Circuit Court of Appeals Model Civil Jury Instructions (2017) (updated March 2024), § 15.29 (Trademark—Damages); 15 U.S.C. § 1117(a); *Am. Rice, Inc. v. Producers Rice Mill, Inc*., 518 F.3d 321, 337 (5th Cir. 2008); *Pebble Beach Co. v. Tour 18 I Ltd*., 155 F.3d 526, 554 (5th Cir. 1998); *Dastar Corp. v. Twentieth Century Fox Film Corp*., 539 U.S. 23, 28 n.1 (2003).

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,


_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

---

[112] *Id.* (citing *Pebble Beach*, 155 F.3d at 554-55.).

[113] Ninth Circuit Court of Appeals Model Civil Jury Instructions (2017) (updated March 2024), § 15.29 (Trademark—Damages).

[114] *Id.*

[115] *Id.*

## <u>Objections & Authorities</u>

**Trademark Profits Damages Instruction**

| | |
|---|---|
| **Plaintiff's position and authority:** | American maintains that, at a minimum, *entitlement* to profits for trademark infringement is an equitable matter for the Court, not the jury. While the Fifth Circuit has not weighed in, three federal circuits have held that the "Seventh Amendment's guarantee of a jury trial does not apply" to a profits disgorgement remedy, generally. *Hard Candy, LLC v. Anastasia Beverly Hills, Inc*., 921 F.3d 1343, 1359 (11th Cir. 2019); *see also Ferrari S.p.A. v. Roberts*, 944 F.2d 1235, 1248 (6th Cir. 1991); *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc*., 778 F.3d 1059 (9th Cir. 2015). District courts within the Fifth Circuit have held the same. *E.g., Boltex Mfg. Co., L.P. v. Ulma Piping USA Corp*., No. 4:17-CV-01400, 2020 WL 598284, at *4 (S.D. Tex. Feb. 7, 2020), amended in part, No. 4:17-CV-1400, 2020 WL 3525485 (S.D. Tex. Apr. 21, 2020). The Ninth Circuit PJC, consistently, submits only the damages calculus to the jury and requires that the court answer entitlement as a threshold question. *See* Ninth Cir. PJC § 15.29.

Thus, at a minimum, American objects to submission of entitlement to the jury, even if the calculus of damages is submitted. The Court should determine entitlement as a threshold question. |
| **Defendant's position and authority:** | Texas courts have upheld jury verdicts where the issue of disgorgement was submitted to the jury. *Clearline Techs. Ltd. v. Cooper B-Line, Inc.*, No. 4:11-cv-1420, 2014 U.S. Dist. LEXIS 116647 (S.D. Tex. Aug. 19, 2014) (upholding jury verdict on disgorgement of defendant's profits); *Boltex Mfg. Co., L.P. v. Ulma Piping USA Corp.*, No. 4:17-CV-01400, 2020 U.S. Dist. LEXIS 21770 (S.D. Tex. Feb. 7, 2020) (upholding jury verdict on disgorgement of defendant's profits); *Pengu Swim Sch., LLC v. Blue Legend, LLC*, No. 4:21-CV-1525, 2023 U.S. Dist. LEXIS 152030 (S.D. Tex. Aug. 29, 2023) (upholding jury verdict on disgorgement of defendant's profits).

Based on the language of 15 U.S.C. § 1117(a), the Court appears to have the discretion of submitting disgorgement to the jury at least as to an advisory finding. |

<u>Proposed Question No.</u>[116]

**PLAINTIFF PROPOSES THE FOLLOWING QUESTION:**

What amount of Skiplagged's profits do you find American is entitled to recover as a result of Skiplagged's trademark infringement and unfair competition?

Answer: $_____

**DEFENDANT PROPOSES THE FOLLOWING ALTERNATIVE QUESTIONS:**

This question contains several parts. You should answer each of the parts completely.

**Part 1:**

What amount of Skiplagged's gross revenue did American prove is attributable to Skiplagged's infringement of American's trademarks and unfair competition?

Answer: $ _____

**Part 2:**

What amount of deductible expenses did Skiplagged prove by a preponderance of the evidence should be deducted from the amount you found, if any, in response to Part 1?

Answer: $ _____

**Part 3:**

What additional amounts did Skiplagged prove by a preponderance of the evidence are attributable to factors other than infringement and should be deducted from the amount you found, if any, in response to Part 1?

Answer: $ _____

---

[116] American maintains that trademark damages are equitable matters for the Court. It does not waive that objection by submitting these instructions as to form or for submission to the jury in an advisory capacity.

Accepted as Written: \_\_\_\_\_      Accepted as Modified: \_\_\_\_\_                    Refused: \_\_\_\_\_

_____ 2024,

_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

### Objections & Authorities

**Trademark Profits Damages Question**

| | |
|---|---|
| **Plaintiff's position and authority:** | American's instruction is broad form and responsive to the burden-shifting framework given in the instruction.  Just as Skiplagged prefers a broad form (as opposed to element-by-element) submission on its affirmative defenses, American and the law prefers a broad form (as opposed to element-by-element) submission on its damages. *E.g.*, *Bryan v. Cargill, Inc.*, 723 F.2d 1202, 1205 (5th Cir. 1984) (district court committed no abuse of discretion when its jury question submitted in "broad form these same factual elements" that appellant had wanted to submit "piecemeal"). Skiplagged's framing, moreover, fails to track the instructions and risks jury confusion. |
| **Defendant's position and authority:** | The amount the jury finds, if any, in gross profits, expenses, and other deductible amounts not attributable to infringement should be submitted for purposes of clarity on appeal and in order to determine there is no double recovery with actual damages, if any. Breaking out the parts into individual questions is consistent with the language of 15 U.S.C. § 1117(a) and the above instruction, and avoids the potential for juror confusion. This approach is also consistent with Section 9.33 of Eleventh Circuit Pattern Jury Instructions, Civil Cases (2013 Revision).  That instruction involves copyright disgorgement, which has a similar protocol to trademark disgorgement. |

<u>Proposed Instruction No.</u>

§ 3.7 – Duty to Deliberate; Notes[117]

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a jury foreperson to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your jury foreperson must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the jury foreperson should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division of any question.

You may now proceed to the jury room to begin your deliberations.

*Source:* Fifth Circuit Pattern Jury Instructions (Civil) (2020), § 3.7.

Accepted as Written: _____     Accepted as Modified: _____          Refused: _____

_____ 2024,

_____

**HON. MARK T. PITTMAN**
UNITED STATES DISTRICT JUDGE

---

[117] Fifth Circuit Pattern Jury Instructions (Civil), § 3.7.

Dated: September 2, 2024

Respectfully submitted,

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

R. Paul Yetter
State Bar No. 22154200
pyetter@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8003

Cameron M. Nelson
nelsonc@gtlaw.com
GREENBERG TRAURIG LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-6590

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100

**ATTORNEYS FOR PLAINTIFF**

*/s/ Darin M. Klemchuk*_____
William L. Kirkman
State Bar No. 11518700
billk@kirkmanlawfirm.com
Preston B. Sawyer
State Bar No. 24102465
prestons@kirkmanlawfirm.com
KIRKMAN LAW FIRM, PLLC
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone: (817) 336-2800
Facsimile: (817) 877-1863

Aaron Z. Tobin
Texas Bar No. 24028045
atobin@condontobin.com
Kendal B. Reed
Texas Bar No. 24048755
kreed@condontobin.com
Abigail R.S. Campbell
Texas Bar No. 24098959
acampbell@condontobin.com
CONDON TOBIN SLADEK THORNTON
NERENBERG PLLC
8080 Park Lane, Suite 700
DALLAS, TEXAS 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311

Darin M. Klemchuk
Texas Bar No. 24002418
darin.klemchuk@klemchuk.com
KLEMCHUK LLC
8150 North Central Expressway, 10th Floor
Dallas, Texas 75206
Telephone: (214) 367-6000
Facsimile: (214) 367-6001

**ATTORNEYS FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on September 2, 2024, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

*/s/ Dee J. Kelly, Jr.*_____
Dee J. Kelly, Jr.