IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:23-cv-00860-P |
| § | |
| SKIPLAGGED, INC., § | |
| § | |
| Defendant. § | |

### DEFENDANT SKIPLAGGED, INC.'S MOTIONS IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Skiplagged, Inc. ("Skiplagged" or "Defendant") and moves the Court for entry of an order that Plaintiff American Airlines, Inc. and its counsel and any of its witnesses (collectively, "AA" or "Plaintiff"), be instructed by appropriate order of the Court to refrain from making any arguments, interrogation, testimony, or reference, in any manner whatsoever, concerning any of the following matters without first approaching the bench and obtaining a ruling from the Court outside the presence and outside the hearing of all prospective jurors and jurors ultimately selected in this case in regard to the admissibility of such matters:

**SKIPLAGGED'S MOTION IN LIMINE NO. 1**

Skiplagged requests the Court to enter an order before voir dire prohibiting all persons from making any mention of the following matter in the presence of prospective jurors or members of the jury:

1. Any other lawsuits or proceedings, to include the settlement of any claims, involving Skiplagged or Aktarer Zaman.

This item is not relevant to determining this action, and even if it were, its probative value is outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. *See* FED. R. EVID. 401, 402, 403. Moreover, other lawsuits rely on hearsay and potentially unsubstantiated allegations. *See* FED. R. EVID. 802. There is a substantial risk that the jurors will treat the information as true, despite these evidentiary issues. *See Wright v. C.R. Bard., Inc.*, No. 3:19-CV-2176-S, 2021 WL 11458202, at *1 (N.D. Tex. May 6, 2021) (granting a motion in limine excluding "evidence and references to other lawsuits and trials."). Any mention of this topic in the presence of potential and actual jurors would result in undue prejudice to Skiplagged and could cause a mistrial. An order granting this motion, and entered before voir dire, would help prevent that result.

**SKIPLAGGED'S MOTION IN LIMINE NO. 2**

Skiplagged requests the Court to enter an order before voir dire prohibiting all persons from making any mention of the following matter in the presence of prospective jurors or members of the jury:

2. Any claims that have been resolved by summary judgment or are not asserted at the time of trial.

This item is not relevant to determining this action, and the danger of unfair prejudice, confusing the issues, or misleading the jury outweighs its probative value. *See* FED. R. EVID. 401, 402, 403. For example, the jury may be confused that this case still concerns AA's Conditions of Carriage even though the Court ruled it does not. Thus, there is a substantial risk that the jurors will confuse the relevant issues in this lawsuit. *See Ziilabs Inc., Ltd. v. Samsung Electronics Co. Ltd.*, No. 2:14-cv-203-JRG-RSP, 2015 WL 13617214, at *1 (E.D. Tex. Oct. 28, 2015) (granting a motion in limine precluding "argument, evidence, or testimony referencing prior claims…that have been dismissed."). Any mention of this topic in the presence of potential and actual jurors would result in undue prejudice to Skiplagged and could cause a mistrial. An order granting this motion, and entered before voir dire, would help prevent that result.

## SKIPLAGGED'S MOTION IN LIMINE NO. 3

Skiplagged requests the Court to enter an order before voir dire prohibiting all persons from making any mention of the following matter in the presence of prospective jurors or members of the jury:

3. Any media reports, statements, articles, posts, or the like (social or otherwise) involving Skiplagged or Aktarer Zaman.

This topic is not relevant to this case, and it will unfairly prejudice Skiplagged, confuse the issues, and mislead the jury. *See* FED. R. EVID. 401, 402, 403. Such media reports rely on hearsay, sensationalize the issues, and will unfairly prejudice Skiplagged. *See* FED. R. EVID. 802. There is a substantial risk that the jurors will treat the media reports as true, despite the hearsay nature of the information and the inability of Skiplagged's counsel to cross-examine the authors. *See Fowler v. State Farm Fire & Cas. Co.*, No. 1:06CV489-HSO-RHW, 2008 WL 3050417, at *10 (S.D. Miss. July 25, 2008) (granting a motion in limine precluding references to "media reports."). Any

30000075v4 99460.002.00

mention of this topic in the presence of potential and actual jurors would result in undue prejudice to Skiplagged and could cause a mistrial. An order granting this motion, and entered before voir dire, would help prevent that result.

### SKIPLAGGED'S MOTION IN LIMINE NO. 4

Skiplagged requests the Court to enter an order before voir dire prohibiting all persons from making any mention of the following matter in the presence of prospective jurors or members of the jury:

> 4. The mechanics of Skiplagged's "Book Now" feature.

This topic is not relevant to determining this action, and its probative value is outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. *See* FED. R. EVID. 401, 402, 403. While it is permissible to mention that Skiplagged has a "Book Now" feature, it would be improper to delve into the mechanics of the "Book Now" feature. Such details would concern AA's prior claims for breach of contract and tortious interference, not AA's remaining intellectual property claims. *See Ziilabs Inc., Ltd.*, 2015 WL 13617214, at *1. Thus, it is irrelevant, and any mention of this topic in the presence of potential and actual jurors would result in undue prejudice to Skiplagged, confuse the jury, and could cause a mistrial. An order granting this motion, and entered before voir dire, would help prevent that result.

### SKIPLAGGED'S MOTION IN LIMINE NO. 5

Skiplagged requests the Court to enter an order before voir dire prohibiting all persons from making any mention of the following matter in the presence of prospective jurors or members of the jury:

> 5. The financial status of Skiplagged, including payments of employees' salaries and employees' financial status, and its ability to pay alleged damages.

Not only is this topic not relevant, but its probative value is also outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See* FED. R. EVID. 401, 402, 403. For instance, the jury may take Skiplagged's financial status into account when determining alleged damages. Any mention of this topic in the presence of potential and actual jurors would result in undue prejudice to Skiplagged and could cause a mistrial. *See Ogden v. Cozumel, Inc.*, No. A-18-CV-00358-DAE-SH, 2019 WL 5295495, at *1 (W.D. Tex. Oct. 18, 2019) (granting a motion in limine precluding "references to…financial resources."). An order granting this motion, and entered before voir dire, would help prevent that result.

### SKIPLAGGED'S MOTION IN LIMINE NO. 6

Skiplagged requests the Court to enter an order before voir dire prohibiting all persons from making any mention of the following matter in the presence of prospective jurors or members of the jury:

6. Comments, complaints, or observations from Skiplagged's customers about Skiplagged or their experience as a Skiplagged consumer.

This topic's probative value is outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury—it's also not relevant. *See* FED. R. EVID. 401, 402, 403. Whether a customer was satisfied or dissatisfied with Skiplagged's services has no bearing on AA's remaining intellectual property claims. *See Peterson v. Ford Motor Co.*, No. CIV. A. 96-1902, 1999 WL 796215, at *3 (E.D. La. Sept. 30, 1999) (granting a motion in limine seeking to "exclude evidence of customer complaints."). More specifically, random comments out of millions of consumers are not indicative of whether there is confusion among Skiplagged's customers. Any mention of this topic in the presence of potential and actual jurors would result in undue prejudice

to Skiplagged and could cause a mistrial. An order granting this motion, and entered before voir dire, would help prevent that result.

### SKIPLAGGED'S MOTION IN LIMINE NO. 7

Skiplagged requests the Court to enter an order before voir dire prohibiting all persons from making any mention of the following matter in the presence of prospective jurors or members of the jury:

7. Any reference to statutory damages under the Lanham Act or the Copyright Act.

This topic is not relevant, and even if it were, its probative value is outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. *See* FED. R. EVID. 401, 402, 403. AA's prayer for relief mentions 15 USC Section 1117(c) and (d), but these statutory damages pertain to trademark counterfeiting and cybersquatting, which AA does not allege in this lawsuit. *See Looney Ricks Kiss Architects, Inc. v. Bryan*, No. 07-572, 2010 WL 5393864, at *3 (W.D. La. Dec. 22, 2010) (granting a motion in limine that "seeks to exclude mention of actual and statutory damages not claimed" by a party). Further, neither AA's corporate representative nor its expert, David Fuller, testified regarding these statutory damages. Finally, AA is no longer seeking statutory damages under the Copyright Act.[1] Any mention of this topic in the presence of the potential and actual jurors would result in undue prejudice to Skiplagged and could cause a mistrial. An order granting this motion, and entered before voir dire, would help prevent that result.

### SKIPLAGGED'S MOTION IN LIMINE NO. 8

Skiplagged requests the Court to enter an order before voir dire prohibiting all persons from making any mention of the following matter in the presence of prospective jurors or members of

---

[1] Counsel for AA represented to counsel for Skiplagged that since AA was no longer seeking statutory copyright infringement damages, a jury question on that issue was no longer needed. Skiplagged's counsel relied on that assurance in agreeing to not include such a question in the jury charge.

the jury:

> 8. Any reference to treble damages under the Lanham Act, 15 USC § 1117(b).

This topic's probative value is outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury, and it is also not relevant. *See* FED. R. EVID. 401, 402, 403. AA's prayer for relief mentions 15 USC Section 1117(c) and (d), not 15 USC Section 1117(b). *See Looney Ricks Kiss Architects, Inc.*, 2010 WL 5393864, at *3. Also, neither AA's corporate representative nor its expert, David Fuller, testified regarding these damages. Any mention of this topic in the presence of potential and actual jurors would result in undue prejudice to Skiplagged and could cause a mistrial. An order granting this motion, and entered before voir dire, would help prevent that result.

## SKIPLAGGED'S MOTION IN LIMINE NO. 9

Skiplagged requests the Court to enter an order before voir dire prohibiting all persons from making any mention of the following matter in the presence of prospective jurors or members of the jury:

> 9. Any reference to actual damages for AA's Lanham Act and copyright claims.

This topic is not relevant to determining this action, and even if it were, its probative value is outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. *See* FED. R. EVID. 401, 402, 403. AA's current purported evidence is not only erroneous, but its damages theory is also speculative because consumers have multiple options when booking a flight. For instance, they may purchase a ticket with a different airline, or they may choose to not book a flight at all. The jury may get confused and assume consumers would have certainly booked a ticket with AA. Thus, any mention of this topic in the presence of potential and actual jurors would result in undue prejudice to Skiplagged and could cause a mistrial. An order granting this

motion, and entered before voir dire, would help prevent that result.

As to actual copyright infringement damages, neither AA's corporate representative, nor its expert David Fuller had any testimony or opinions as to the amount of actual copyright damages, causation for any such damages, or how the damages would even be calculated.

### SKIPLAGGED'S MOTION IN LIMINE NO. 10

Skiplagged requests the Court to enter an order before voir dire prohibiting all persons from making any mention of the following matter in the presence of prospective jurors or members of the jury:

10. AA's Conditions of Carriage and Use Agreement.

This item is not relevant to determining this action, and its probative value is outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. *See* FED. R. EVID. 401, 402, 403. Namely, these contracts concern AA's prior claims for breach of contract and tortious interference, which the Court granted summary judgment against. *See* Dkt. 199. Since this lawsuit no longer involves those claims, these contracts are irrelevant. *See Ziilabs Inc., Ltd.*, 2015 WL 13617214, at *1. Any mention of this topic in the presence of potential and actual jurors would result in undue prejudice to Skiplagged and could cause a mistrial. An order granting this motion, and entered before voir dire, would help prevent that result.

### CONCLUSION

Each of the above topics are irrelevant to this lawsuit. And even if they were, their probative value is outweighed by unfair prejudice and would confuse the jury. Thus, the Court should grant these Motions.

Dated: September 3, 2024                    Respectfully submitted,

<div style="margin-left: 50%;">

*/s/ William L. Kirman*
William L. Kirkman
Texas Bar No. 11518700
Preston B. Sawyer
Texas Bar No. 24102456
**KIRKMAN LAW FIRM, PLLC**
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone: (817) 336-2800
Facsimile: (817) 887-1863
billk@kirkmanlawfirm.com
prestons@kirkmanlawfirm.com


*/s/ Abigail R.S. Campbell*
Aaron Z. Tobin
Texas Bar No. 24028045
Kendal B. Reed
Texas Bar No. 24048755
Abigail R.S. Campbell
Texas Bar No. 24098759
**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311
atobin@condontobin.com
kreed@condontobin.com
acampbell@condontobin.com

***Attorneys for Defendant, Skiplagged, Inc***

</div>

30000075v4 99460.002.00

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with counsel for Plaintiff on the issues presented in this motion on September 3, 2024 and Plaintiff opposes the relief requested herein.

/s/ William L. Kirkman
William L. Kirkman

## CERTIFICATE OF SERVICE

On September 3, 2024, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.  I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Abigail R.S. Campbell
Abigail R.S. Campbell

30000075v4 99460.002.00