IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

## AMERICAN'S MOTION IN LIMINE AND BRIEF IN SUPPORT

COMES NOW, Plaintiff American Airlines, Inc. ("American") and, prior to the calling of this case for trial and before the *voir dire* examination of the jury panel has begun, files this Motion in Limine and Brief in Support ("Motion"), and respectfully moves the Court to order as follows:

## I.
## Exclusion Instructions

That Skiplagged be instructed not to mention or bring before the jury, either directly or indirectly, upon *voir dire*, reading the pleadings, statement of the case, interrogation of witnesses, argument, or objection before the jury, or in any other manner or means inform the jury or bring to the jury's attention any of the matters set forth in the numbered paragraphs below, unless and until such matters have first been called to the Court's attention out of the presence and hearing of the jury and a favorable ruling received as to the admissibility and relevance of such matters. Further, that Skiplagged be specifically instructed to inform and counsel with all witnesses called by Skiplagged, or parties in the courtroom at the request of Skiplagged, not to volunteer, inject, disclose, state, or mention to the jury any of the matters set forth in the numbered paragraphs below until specifically questioned thereon after a prior ruling by the Court.

Additionally, Defendant asks the Court to order that a violation of any or all of these instructions would constitute harm to the cause of Defendant, depriving Defendant of a fair and impartial trial. Defendant also requests that the Court instruct Plaintiff's counsel that failure to abide by the Court's order in this regard may constitute contempt of court and will be punished accordingly.

## II.
## Argument and Authorities

The Court's ruling on a motion in limine is considered discretionary, and thus will be reversed only for an abuse of discretion and a showing of prejudice. *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 643 (5th Cir. 2005). In assessing a motion in limine, "[t]he trial court must weigh the evidence's contribution to the case against any potential prejudice or confusion." *FDIC v. Wheat*, 970 F.2d 124, 131 (5th Cir. 1992).

American moves the Court to issue the abovementioned exclusion instructions to the following matters:

1. ***Exclude any reference to, mention of, or evidence supporting any equitable defenses, including but not limited to estoppel, estoppel by acquiescence, unclean hands, laches, or implied license.*** Under binding law, these equitable defenses are for the Court, not the jury, and Skiplagged enjoys no Seventh Amendment jury trial right for them. Reference to the equitable defenses is improper because equitable defenses are for the Court, not a jury. *Encompass Office Sols., Inc. v. Louisiana Health Serv. & Indem. Co.*, 919 F.3d 266, 281 (5th Cir. 2019) (no Seventh Amendment jury trial right applies to equitable defenses); *Austin v. Shalala*, 994 F.2d 1170, 1177 n.7 (5th Cir. 1993) (explaining that an equitable defense—even to a legal claim—is tried to the court); *eTool Dev., Inc. v. Nat'l Semiconductor Corp.*, No. 2:08-CV-196-WCB, 2011 WL 12677158, at *1 (E.D. Tex. Dec. 12, 2011) ("The Plaintiffs correctly note that the issues of

2

inequitable conduct and unclean hands are equitable in nature and that no right to a jury trial attaches to those issues."); *M-I LLC v. FPUSA, LLC*, No. 5:15-CV-406-DAE, 2021 WL 8946454, at *5 (W.D. Tex. Feb. 3, 2021) (Inequitable conduct and unclean hands are both equitable defenses "not triable of right by a jury."); *Reservoir, Inc. v. Truesdell*, No. CIV.A. 4:12-2756, 2013 WL 5574897, at *5 (S.D. Tex. Oct. 9, 2013) (holding that the "court is the finder of fact on equitable defenses," including laches).*see also e.g., United Services Auto. Ass'n v. PNC Bank N.A.*, 622 F. Supp. 3d 337, 339 (E.D. Tex. 2022) (equitable defenses of estoppel and unclean hands determined by the court after a jury trial); *OPTi Inc. v. VIA Techs., Inc.*, No. 2:10-CV-00279-JRG, 2015 WL 417193, at *1 (E.D. Tex. Jan. 30, 2015) (laches and estoppel tried to court after jury trial); *see also SCA Hygiene Products Aktiebolag v. First Quality Baby Products, LLC*, 580 U.S. 328, 335 (2017) (holding in copyright context that "laches is a 'defense developed by courts of equity'" that requires a case-specific "judicial determination"); *Deere & Co. v. FIMCO Inc.*, 239 F. Supp. 3d 964, 1003 (W.D. Ky. 2017) (equitable defenses to trademark infringement include "laches, acquiescence, estoppel, and implied license").

2. ***Exclude any reference to defenses Skiplagged asserts to copyright infringement.*** The Court should exclude testimony regarding all defenses Skiplagged asserts to American's claim for Copyright Infringement under 17 U.S.C. § 101. [*See* Dkt. No. 8 at 33–34]. Any defenses Skiplagged asserts to this claim were dismissed by the Court's Memorandum Opinion and Order dated July 31, 2024 granting American's motion for summary judgment on its copyright infringement claim. [Dkt. No. 199 at 6–9]. *See United States v. Ragsdale*, 426 F.3d 765, 778 (5th Cir. 2005) (concluding that evidence offered to support an unavailable defense is irrelevant).

3. ***Any reference to Skiplagged's deductions, costs, and expenses related to American's trademark and copyright damages.*** As detailed in American's Motion to Exclude

Gary L. Gutzler's Expert Opinions and Testimony, Skiplagged did not produce any supporting documentation evidence regarding its deductions, costs and expenses (specifically as to advertising, bank charges, insurance, office expenses, other business expenses, payroll expenses, rent, repair and maintenance, utilities, credit card fees, and travel rewards credits) to Skiplagged's revenues derived from its infringement of American's trademarks and copyright. [*See* Dkt. No. 242 at 11–14; Dkt. No. 251 at 16–17]. Gutzler only relied on the undocumented representations of Skiplagged's CEO, Aktarer Zaman, in generating those numbers. Gutzler's opinions and testimony regarding deductions, costs and expenses should be excluded because of his failure to examine the underlying documentation that Zaman allegedly relied on to support his numbers. *See Powell v. Penhollow*, No. 3:04-CV-1744-BF(H), 2009 WL 10703687, at *2 (N.D. Tex. May 20, 2009).

    4.    ***Exclude any reference to the defense of apportionment of American's trademark and copyright damages.*** Skiplagged was required by the Court's Scheduling Order and Fed. R. Civ. P. 26 to detail all of its opinions regarding its damages' theory of apportionment in Gutzler's May 31, 2024 Expert Report. [*See* Dkt. No. 242 at 15–17]. Gutzler admitted that he did not provide any opinions about apportionment in that report, testifying:

    Q.    In your report of May 31, 2024, do you provide any opinions on apportionment?

    A.    I don't believe so.

[Gutzler Depo., at 31:8–31:10]. Any attempt to offer expert testimony on this issue is untimely and should be precluded by the Court's limine order.

    5.    ***Exclude any reference to a license Skiplagged claims it has to use American's trademarks and copyright.*** Skiplagged has produced no evidence to support the existence of a license that gives Skiplagged the right to use American's trademarks and copyright. In fact, Zaman testified just to the contrary:

4

> Q. Does Skiplagged have any contract at all with American Airlines?
>
> A. Not that I can recall.
>
> Q. Has American—has Skiplagged ever had a contractual relationship or agreement of any kind with American Airlines?
>
> A. Not that I can recall.

[Zaman Depo., 174:10–174:18]. Further, Zaman testified that he had *assumed* that he could use American's trademarks if he obtained them from a third party, but simultaneously conceded he had never actually read the contracts. [Zaman Depo., 62:15–62:21]. Zaman's self-serving assumption is not a license, nor can it constitute an "implied license," as an implied license can only exist based on conduct *between* a trademark owner and accused infringer. *Exxon Corp. v. Oxxford Clothes, Inc.*, 109 F.3d 1070, 1076 (5th Cir. 1997). It is undisputed that American and Skiplagged have *no* relationship, let alone one which could give rise to an implied license.

Skiplagged listed on its exhibit list agreements with Skyscanner, ExploreTrip, Kiwi, LookByFare, and the Travel Outlet of Virginia as relevant to license. None of these agreements constitute a license—as a matter of law—and Skiplagged's attempt to proffer these exhibits as a license is prejudicial and improper. [*See* Dkt. No. 207-3 at 2–4]. Skiplagged's intent with these documents is to confuse the jury. Further, in Skiplagged's pleadings, the only party it pled as granting it a license is Skyscanner (and again, no such license exists). The introduction of improper evidence of license without any evidentiary support would be unfairly prejudicial to American.

6. ***Exclude any reference to Skiplagged's document, SKP00111228–31, or testimony supporting the apportionment theory associated with it.*** This document was not provided to American until August 9, 2024, well past the discovery deadline. The theory of apportionment of American's trademark and copyright damages it purportedly covers was only referenced in a footnote to Gutzler's August 21, 204 Supplemental Rebuttal Report. [*See* Dkt. No.

251 at 19; Dkt. No. 243 at 162 (Report p. 23 n.84)]. Both the document and the theory of apportionment it purportedly covers should be stricken as untimely and no evidence should be permitted regarding this subject matter.

7. ***Exclude any reference to expert opinions or testimony covered by the expert reports of withdrawn experts Joseph M. Pimbley, PhD and Zal Phiroz, PhD.*** American does not anticipate opposition to this request. The parties agreed to the exclusion of these expert and their opinions and testimony in a Joint Stipulation filed with the Court on August 30, 2024. [Dkt. No. 241].

8. ***Exclude any reference to search engine optimization.***

In its response to American's Motion for Partial Summary Judgment, Skiplagged submitted a declaration from its CEO, Zaman, claiming that Skiplagged "relied" on American's delay in filing suit by spending money on search engine optimization ("SEO") advertising. [Dkt. No. 183 at 11–12 ¶ 18]. But American explicitly requested this information in discovery, and Skiplagged refused to produce it, arguing it is not "relevant." Accordingly, Skiplagged is once again attempting to rely on information for which it has refused to produce any underlying documents.

### III.
### Conclusion and Prayer for Relief

Granting American's Motion in Limine will not preclude the ultimate admission of any item of evidence covered by the motion. However, requiring Skiplagged to notify the Court and American's counsel and obtain a ruling before such an offer will prevent unfair prejudice to American from being compelled to make objections in the presence of the jury. FED. R. EVID. 104, 105.

Plaintiff American Airlines, Inc. respectfully requests that the Court grant its Motion in Limine in its entirety and order that Skiplagged, counsel for Skiplagged, and that through them,

any and all witnesses called on Skiplagged's behalf, be instructed to refrain from any mention or interrogation, directly or indirectly, into any manner whatsoever, including the offering of documentary evidence, regarding any of the matters set forth in this Motion, until such time as those items have first been presented to the Court outside the hearing and presence of the jury and the Court has made its ruling on the admissibility thereof, and that the Court grant American all other relief to which it is entitled.

Dated: September 3, 2024    Respectfully submitted,

/s/ Dee J. Kelly, Jr.
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

R. Paul Yetter
State Bar No. 22154200
pyetter@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8003

Cameron M. Nelson
nelsonc@gtlaw.com
GREENBERG TRAURIG LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-6590

>Nathan J. Muyskens
>nathan.muyskens@gtlaw.com
>GREENBERG TRAURIG LLP
>2101 L Street, N.W., Suite 1000
>Washington, DC 20037
>Telephone: (202) 331-3100

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

I certify that on September 3, 2024, I conferred with Bill Kirkman, counsel for Skiplagged, who stated that Skiplagged is opposed to American's motion.

>*/s/ Dee J. Kelly, Jr.*_____
>Dee J. Kelly, Jr.

**CERTIFICATE OF SERVICE**

I certify that on September 3, 2024, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

>*/s/ Dee J. Kelly, Jr.*_____
>Dee J. Kelly, Jr.