IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:23-cv-00860-P |
| SKIPLAGGED, INC., | § § § | |
| Defendant. | § | |

**DEFENDANT SKIPLAGGED, INC.'S OBJECTIONS AND RESPONSIVE DESIGNATIONS TO PLAINTIFF'S PRETRIAL DISCLOSURES**

Defendant Skiplagged, Inc. ("Skiplagged") hereby submits its Objections and Responsive Designations to Plaintiff's Pretrial Disclosures in accordance with the Court's Scheduling Order [Dkt. 20].

**Depositions and Designations**

1. **Aktarer Zaman (taken on May 29, 2024)**

    **Counter Designations:**

    | | | |
    |---|---|---|
    | 33:23 | 73:12-22 | 186:20 |
    | 52:9 | 89:10 | 187:3 |
    | 62:23 | 84:10-15 | 187:8 |
    | 64:6 | 86:19-87:2 | 188:3 |
    | 64:14 | 89:24 | 188:8 |
    | 64:24 | 90:20 | 188:16 |
    | 65:3 | 116:18 | 201:6 |
    | 65:7 | 165:9 | 201:12 |
    | 65:17 | 167:18 | 201:17 |
    | 65:21-23 | 167:23 | 201:20 |
    | 71:17 | 185:19 | 203:5 |
    | 72:23-73:1 | | |

30000079v2 99460.002.00

**Objections:**

1. 33:20-22, 33:24-25 – Skiplagged objects to this deposition designation as irrelevant. FRE 401, 403. How, why, or if Skiplagged's user interface informs a consumer about pricing of a direct flight versus a hidden-city flight in no way relates to the Lanham Act claims or copyright damages in this litigation, would mislead the jury, and confuse the issues.

2. 51:5-52:11 – Skiplagged objects to this deposition designation as irrelevant. FRE 401, 403. How or if Skiplagged provides "live information" to customers in no way relates to the Lanham Act claims or copyright damages in this litigation, would mislead the jury, and confuse the issues.

3. 67:19-68:2, 68:8-13 – Skiplagged objects to this deposition designation as irrelevant. FRE 401, 403. Priceline providing information to Skiplagged and the related chargebacks from customers in no way relates to the Lanham Act claims or copyright damages in this litigation, would mislead the jury, and confuse the issues.

4. 71:12-16 – Skiplagged objects to this deposition designation because the questioning misstating Mr. Zaman's prior testimony. FRE 611.

5. 73:10-11, 73:23 – Skiplagged objects to this deposition designation and instructed Mr. Zaman not to answer the question during the deposition because it calls for information protected by the attorney-client privilege. FRE 502.

6. 89:22-23, 89:23, 90:6-19, 90:21-17 – Skiplagged objects to this deposition designation because it seeks an improper opinion from a lay witness regarding a legal conclusion and because Mr. Zaman lacks personal knowledge regarding Plaintiff's trademarks. FRE 602, 701.

7. 106:1-17 – Skiplagged objects to this deposition designation because the questioning misstates Mr. Zaman's prior testimony and is irrelevant. FRE 401, 611.

8. 164:3-13 – Skiplagged objects to this deposition designation because it seeks an improper opinion from a lay witness regarding a legal conclusion and because Mr. Zaman lacks personal knowledge regarding Plaintiff's trademarks. FRE 602, 701.

9. 165:5-166:2 - Skiplagged objects to this deposition designation because it seeks an improper opinion from a lay witness regarding a legal conclusion and because Mr. Zaman lacks personal knowledge regarding Plaintiff's trademarks. FRE 602, 701.

10. 167:14-25 – Skiplagged objects to this deposition designation because it calls for speculation outside the personal knowledge of Mr. Zaman. FRE 602, 701.

11. 185:6-10, 185:16-25, 186:13-187:14, 188:1-17 – Skiplagged objects to this deposition designation as irrelevant and improper settlement evidence. FRE 401, 403, 408.

30000079v2 99460.002.00

Skiplagged's settlement agreement with Southwest and the terms thereof are not relevant to the Lanham Act and copyright damages sought by AA in this litigation and would only serve to mislead the jury and confuse the issues.

12. 194:2-18, 197:11-20 – Skiplagged objects to this deposition designation and the corresponding Exhibits 5 and 6 as irrelevant. FRE 401, 403. The relevant statutes of limitations in this case are 3 and 4 years. Thus, Skiplagged's financial information from 2018 is not relevant to the Lanham Act or copyright damages claims in this litigation.

13. 201:1-5, 201:7-10, 201:13-16, 201:18-19, 201:21-22 – Skiplagged objects to this deposition designation as irrelevant and prejudicial. FRE 401, 403. Skiplagged's assets are not relevant to this litigation and could only be used as prejudice against Skiplagged regarding its financial status.

14. 203:3-4, 203:6-13 – Skiplagged objects to this deposition designation as irrelevant and prejudicial. FRE 401, 403. Mr. Zaman's salary from Skiplagged is not relevant to the claims in this litigation and can only be used to prejudice the jury against Skiplagged and Mr. Zaman.

**2. Aktarer Zaman, as Skiplagged Corporate Representative (taken on June 12, 2024)**

**Counter Designations:**

| | | |
|---|---|---|
| 21:18-21 | 211:13 | 281:2 |
| 27:13-18 | 211:24 | 281:12 |
| 28:24 | 212:11-14 | 293:21-294:3 |
| 33:24-34:4 | 218:17-18 | 305:7 |
| 34:20 | 219:3 | 305:22 |
| 177:8 | 219:7 | 306:7 |
| 178:7 | 220:4-7 | 309:19 |
| 180:2 | 237:10 | 309:25 |
| 180:18 | 239:18 | 315:22 |
| 198:22 | 247:6 | 317:11-12 |
| 201:6 | 247:20 | 320:15 |
| 208:20-21 | 248:8 | 321:4 |
| 209:10 | 249:17 | 321:23 |
| 209:19-20 | 279:15 | 328:17 |
| 209:24 | 280:20 | 329:11 |
| 211:3-7 | | |

**Objections:**

1. 21:16-17, 27:10-12, 33:15-23 – Skiplagged objects to these deposition designations because AA does not include the answer to the designated question, thus making the testimony incomplete and misleading. FRE 106, 403.

2. 23:6-12, 27:20-28:7, 30:6-17, 58:21-25, 304:21-305:2, 305:4-6, 305:10-21, 305:23-306:6, 306:8-9, 317:5-10, 317:13-16, 328:3-16, 328:18-329:10, 329:12-330:14 – Skiplagged objects to these deposition designations as irrelevant and argumentative. FRE 401, 403. Whether or not Mr. Zaman retained records or notes on queries or answer to verified interrogatories or how production was obtained that were not asked to be produced in this litigation is not relevant to the claims in this litigation, misleads the jury, and is argumentative.

3. 34:18-19, 34:21-35:5 – Skiplagged objects to this deposition designation because it calls for speculation as to knowledge of third parties. FRE 701.

4. 47:6-10 – Skiplagged objects to this deposition designation as irrelevant. FRE 401. Whether Skiplagged has ever used conversion rate to justify a business decision in no way relates to the Lanham Act and copyright damages claims at issue in this litigation.

5. 176:20-177:7, 177:9-178:6, 178:8-178:11, 179:15-25, 180:3-17, 180:19-21 – Skiplagged objects to these deposition designations as irrelevant. FRE 401, 403. Skiplagged's IP address information is not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would confuse the jury as to the relevant issues.

6. 198:19-21, 198:23-25, 199:7-201:5, 201:7-8 – Skiplagged objects to these deposition designations as irrelevant. FRE 401. Whether Skiplagged generates vague business reports from its database is not relevant to the Lanham Act and copyright damages claims at issue in this litigation.

7. 208:14-19, 208:22-9, 209:11-18, 209:22-23, 209:25-211:2, 211:8-12, 211:14-23, 211:25-212:10, 212:15-213:3, 213:23, 214:13-215:5, 216:18-217:4, 217:18-218:7, 218:13-16, 218:19-219:2, 2019:5-6, 219:8-15, 219:22-3, 220:8-16 – Skiplagged objects to these deposition designations as irrelevant and calling for revealing attorney-client privileged conversations. FRE 401, 403, 502. The legality of hidden city ticketing or presenting information about hidden city ticketing and separate lawsuits or cease and desist letters are not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would greatly confuse the jury as to the issues.

8. 237:6-9, 237:11-13, 238:10-14, 239:15-17, 239:19-20, 246:13-5, 247:7-19, 247:21-7, 248:9-12, 249:4-16, 249:18-19, 249:25-250:13, 320:5-14, 320:18-321:3, 321:5-22, 321:24-322:12, 324:3-12 – Skiplagged objects to these deposition designations as calling for legal conclusions from a lay witness that is not a lawyer. FRE 701.

3. **Dan Gellert (taken on November 30, 2023)**

   **Counter Designations:**

   | 11:5-18 | | |

   **Objections:**

   1. 24:12-16, 24:24-25:4 – Skiplagged objects to this deposition designation as irrelevant and asking for a legal conclusion from a lay witness who is not a lawyer. FRE 401, 403, 701. Whether or not a third-party company had authority to book AA tickets or how it functions in no way relates to the Lanham Act and copyright damages claims at issue in this litigation and would confuse the jury as to the issues.

   2. 156:16-157:3 – Skiplagged objects to this deposition designation as irrelevant improper settlement evidence. FRE 401, 403, 408. Skiplagged's arrangements or settlement agreement with Southwest and the terms thereof are not relevant to the Lanham Act and copyright damages sought by AA in this litigation.

   3. 196:14-199:17 – Skiplagged objects to this deposition designation as calling for a legal opinion from a lay witness that is not a lawyer. FRE 701.

**Exhibits:**

Skiplagged's objections to the proposed exhibits disclosed by AA are attached hereto as Exhibit 1.

Dated: September 4, 2024.

                Respectfully submitted,

                */s/ William L. Kirkman*
                William L. Kirkman
                Texas Bar No. 11518700
                Preston B. Sawyer
                Texas Bar No. 24102456
                **KIRKMAN LAW FIRM, PLLC**
                201 Main Street, Suite 1160
                Fort Worth, Texas 76102
                Telephone: (817) 336-2800
                Facsimile: (817) 887-1863
                billk@kirkmanlawfirm.com
                prestons@kirkmanlawfirm.com

30000079v2 99460.002.00

/s/ Abigail R.S. Campbell
Aaron Z. Tobin
Texas Bar No. 24028045
Kendal B. Reed
Texas Bar No. 24048755
Abigail R.S. Campbell
Texas Bar No. 24098759
Nick H. Burns
Texas Bar No. 24128189
A. Gage Taylor
Texas Bar No. 24123906
**CONDON TOBIN SLADEK THORNTON NERENBERG, PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311
atobin@condontobin.com
kreed@condontobin.com
acampbell@condontobin.com
nburns@condontobin.com
gtaylor@condontobin.com

/s/ Darin M. Klemchuk
Darin M. Klemchuk
Texas Bar No. 24002418
**KLEMCHUK PLLC**
8150 North Central Expressway, 10th Floor
Dallas, Texas 75206
Telephone: (214) 367-6000
Facsimile: (214) 367-6001
Darin.klemchuk@klemchuk.com

***Attorneys for Defendant, Skiplagged, Inc.***

30000079v2 99460.002.00

**CERTIFICATE OF SERVICE**

On September 4, 2024, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Abigail R.S. Campbell*
Abigail R.S. Campbell

30000079v2 99460.002.00