IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| AMERICAN AIRLINES, INC., § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:23-cv-00860-P |
| § | |
| SKIPLAGGED, INC., § | |
| § | |
| Defendant. § | |

**PLAINTIFF AMERICAN AIRLINES, INC.'S OBJECTIONS TO DEFENDANT SKIPLAGGED, INC.'S PRETRIAL DISCLOSURES**

Pursuant to the Court's Scheduling Order [Dkt. No. 20 at 4], Rule 26(a)(3)(A)–(B) of the Federal Rules of Civil Procedure, and Rule 26.2 of the Local Civil Rules for the Northern District of Texas, Plaintiff American Airlines, Inc. ("American") makes the following objections to Defendant Skiplagged, Inc.'s ("Skiplagged") Rule 26(a)(3) Pretrial Disclosures [Dkt. No. 207] and Supplemental Rule 26(a)(3) Pretrial Disclosures [Dkt. No. 240] (collectively referred to herein as Skiplagged's "Pretrial Disclosures").

**American's objections to the use of any witnesses (except for expert objections) identified by Skiplagged under Rule FRCP 26(a)(3)(A)(i)**

American has no objections to Skiplagged's witnesses listed in its Pretrial Disclosures. [*See* Dkt. No. 207-1 at 2–3; Dkt. No. 240-1 at 1–2].

However, American reserves the right to cross-examine Skiplagged's witnesses and offer additional testimony in rebuttal or as impeachment to any such witnesses. American further reserves the right to make any objections and counter-designations to all witnesses designated by Skiplagged in any further supplementations to its witness list. Additionally, American reserves the right to raise objections based on the progress of the case at trial.

**American's objections to the use under FRCP 32(a) of a deposition designated by Skiplagged under FRCP 26(a)(3)(A)(ii) and American's counter-designations**

In the event Marcial Lapp testifies at trial, American objects to any of his deposition testimony being played or submitted at trial. In the event Marcial Lapp does not testify at trial, American makes the following objections and counter-designations to Skiplagged's designated portions of Marcial Lapp's deposition [*see* Dkt. No. 207-2 at 2]:

| Skiplagged's Deposition Designation | American's Objection(s) | American's Counter-Designation(s) |
|---|---|---|
| 8:21 – 24 | None | |
| 9:9 – 13 | None | |
| 9:22 – 13:7 | None | |
| 25:8 – 15 | None | |
| 26:2 – 4 | None | |
| 26:13 – 17 | None | 26:18–26:22 |
| 26:23 – 27:15 | None | 30:15–31:21 |
| 32:12 – 23 | None | 32:24–33:5; 33:8–33:13; 37:20–37:24; 39:10–40:2 |
| 40:10 – 41:8 | None | 41:9–41:17 |
| 47:5 – 22 | None | 44:8; 45:21–46:13; 49:4–50:1; 50:2–50:3; 50:8–51:9; 51:21–52:11; 52:14–52:15 |
| 59:9 – 61:3 | None | 62:22–63:15; 85:15–85:21; 86:15–87:5; 89:24; 91:4–91:7; 91:15–94:14; 95:3–95:13 |

American makes the following objections and counter-designations to Skiplagged's designated portions of the Varvara Reva as the Rule 30(b)(6) Corporate Representative of Kiwi.com's deposition [*see* Dkt. No. 207-2 at 2]:

| Skiplagged's Deposition Designation | American's Objection(s) | American's Counter-Designation(s) |
|---|---|---|
| 7:24 – 8:7 | None | |
| 25:8 – 10 | None | |
| 33:22 – 34:4 | None | |
| 34:8 – 16 | None | |
| 35:2 – 8 | None | |
| 35:19 – 22 | None | |
| 36:23 – 37:17 | None | |
| 51:2 – 9 | FRE 401 (Relevance) | |
| 51:13 – 52:11 | FRE 401 (Relevance) | |
| 55:2 – 24 | FRE 401 (Relevance) | 55:25–56:6 |
| 57:17 – 22 | None | |

| | | |
|---|---|---|
| 59:15 – 24 | None | |
| 61:18 – 22 | None | |
| 63:20 – 64:18 | FRE 401 (Relevance) | |
| 67:3 – 16 | FRE 401 (Relevance) | 66:5–66:11; 66:16–67:2 |
| 67:22 – 68:6 | None | 72:9–16; 73:9–74:3; 75:20–76:7 |
| 81:16 – 17 | None | |
| 82:2 – 5 | FRE 401 (Relevance) | 83:11–84:17 |
| 88:4 – 18 | FRE 401 (Relevance) | |
| 88:24 – 89:12 | FRE 401 (Relevance) | 88:19–88:23 |
| 131:16 – 132:4 | None | |
| 138:15 – 140:7 | FRE 801/802 (Hearsay) | 141:13–142:3 |
| 169:2 – 170:9 | None | |
| 170:16 – 171:18 | None | 171:24–172:11; 172:25–173:7; 176:17–176:19 |
| 178:5 – 179:15 | FRE 401 (Relevance) | 118:19–119:8; 179:16–180:2 |
| 205:24 – 206:17 | None | 206:18 – 207:6; 218:3 – 218:12 |

In the event Marcial Lapp testifies at trial, American objects to any of his deposition testimony being played or submitted at trial. In the event Marcial Lapp does not testify at trial, American makes the following objections and counter-designations to Skiplagged's designated portions of Marcial Lapp as the Rule 30(b)(6) Corporate Representative of American's deposition [*see* Dkt. No. 207-2 at 2–3]:

| Skiplagged's Deposition Designation | American's Objection(s) | American's Counter-Designation(s) |
|---|---|---|
| 6:10 – 8:3 | None | |
| 8:15 – 19 | None | |
| 10:10 – 11:2 | None | |
| 12:12 – 17 | None | |
| 27:13 – 29:7 | None | |
| 36:25 – 37:16 | None | 33:11–34:14; 34:23–36:4; 36:13–36:24; 37:17–40:10 |
| 40:11 – 21 | None | |
| 40:23 – 41:15 | FRE 403 (Confusion—argumentative; calls for speculation) | |
| 42:6 – 43:8 | None | 43:9–45:19; 48:14–48:24; 49:11–51:8; 51:18–52:5 |
| 52:7 – 18 | None | |
| 54:4 – 23 | None | 54:24–55:10 |
| 56:2 – 4 | None | |
| 56:12 – 15 | FRE 403 (Cumulative) | |

3

| | | |
|---|---|---|
| 57:6 – 22 | None | 57:23–58:5 |
| 58:12 – 59:6 | None | |
| 59:24 – 60:12 | None | 60:14–60:16 |
| 60:17 – 24 | None | 61:5–61:17; 61:23–62:5 |
| 62:17 – 20 | None | |
| 63:22 – 64:16 | None | 64:17–65:18 |
| 65:19 – 21 | FRE 403 (Confusion—assumes facts not in evidence) | |
| 65:23 – 66:10 | FRE 403 (Confusion—assumes facts not in evidence) | 66:11–67:3; 67:16–68:9 |
| 74:19 – 25 | None | 75:1–75:16 |
| 75:17 – 77:13 | None | 77:14–77:22 |
| 77:23 – 79:4 | FRE 401 (Relevance) (as to Skyscanner) | |
| 82:19 – 84:4 | FRE 401 (Relevance) | 84:5–84:11; 84:22; 85:11; 86:22–87:16; 87:20–87:25; 88:4–89:24; 91:25–92:8; 94:12–94:22 |
| 105:2 – 5 | FRE 401 (Relevance) | |
| 109:6 – 13 | FRE 401 (Relevance) | 109:14–110:3 |
| 111:4 – 11 | FRE 401 (Relevance) | |
| 122:7 – 22 | FRE 401 (Relevance) | 123:24–124:19 (subject to relevance objection) |
| 124:20 – 21 | None | 124:24-131:7 |
| 134:17-135:15 | FRE 401 (Relevance) | 135:16–136:4 (subject to relevance objection); 138:14–139:20; 141:13–142:1 |
| 151:7 – 25 | FRE 401 (Relevance) | 152:1–152:10 |
| 152:11 – 18 | FRE 401 (Relevance); FRE 403 (Confusion—question but not answer designated) | 167:16–169:17 |
| 169:18 – 171:4 | None | 171:5–171:16 |
| 171:21 – 172:1 | None | 172:2–172:21 |
| 173:15 – 22 | FRE 401 (Relevance) | 174:1–174:6 |
| 174:7 – 10 | None | 174:11–174:13 |
| 175:5 – 18 | None | 176:9–178:18; 179:13–181:21 |
| 184:13 – 21 | None | |
| 185:2 – 187:2 | FRE 602 (No personal knowledge of email exhibit) | |
| 187:9 – 12 | FRE 602 (No personal knowledge of email exhibit) | 187:16–187:18 |
| 187:20 – 188:9 | FRE 602 (No personal | 188:10–188:15 |

4

| | knowledge of email exhibit) | |
|---|---|---|
| 189:7 – 192:7 | FRE 602 (No personal knowledge of email exhibit) | 192:8–192:24 |
| 219:23 – 220:7 | None | 202:4–202:12; 203:10–203:13; 203:17–205:24; 206:11–206:18; 220:8–223:17; 224:10–224:24 |

American reserves the right to amend its objections and counter-designations to the deposition testimony designated by Skiplagged in this case. American further reserves the right to make any objections and counter-designations to all deposition testimony designated by Skiplagged in any supplementations to its deposition testimony designations. Additionally, American reserves the right to raise objections based on the progress of the case at trial.

**American's objections to the admissibility of materials identified by Skiplagged under FRCP 26(a)(3)(A)(iii)**

American makes the following objections to the exhibits designated by Skiplagged [*see* Dkt. No. 207-3 at 2–4]:

| DEF'S EX. # | BATES | DESCRIPTION | OBJECTION(S) |
|---|---|---|---|
| 1 | SKIP0000077 | Skiplagged Website: What is Skiplagging or "hidden-city" flying? | None |
| 2 | SKIP0000073 | Skiplagged Website: Can I check a bag if I book flights found on Skiplagged? | None |
| 3 | SKIP0000010-11 | Skiplaggd Website: Terms and Conditions | None |
| 4 | AA-SKP-00059659-00059676 | MI:33 LitPak #230071 Incident ID: 017 EWR-DFW | None |
| 5 | AA-SKP-00058806-00058847 | MI:33 LitPak #230056 Incident ID: 001 SLC-PDX | None |
| 6 | AA-SKP-00059376-00059405 | MI:33 LitPak #230064 Incident ID: 009 ONT-RNO | None |
| 7 | AA-SKP-00005277-00005279 | Email re: QIKFIX-LAST10-357732- 09JUN09:14:04-FOR QIK CHK ON SABRE | None |

5

| DEF'S EX. # | BATES | DESCRIPTION | OBJECTION(S) |
|---|---|---|---|
| 8 | AA-SKP-00005304-05 | Email re: FW: ADP Withdrawal Request | None |
| 9 | AA-SKP-00010985-00010988 | Email re: Skiplagged.com | None |
| 10 | AA-SKP-00062165-00062171 | Email re: Skiplagged | None |
| 11 | AA-SKP-00052333-00052337 | Email re: YUL and YTO agents short- checking bags | None |
| 12 | AA-SKP-00062732-00062734 | AA Customer Complaint Record | FRE 401 (Relevance); FRE 403 (Outweighed); FRE 801/802 (Hearsay) |
| 13 | AA-SKP-00063065-00063071 | AA PNR History | None |
| 14 | AA-SKP-00053414-00053420 | AA.com Site Usage | None |
| 15 | SKP00111207-00111225 | Skyscanner Agreement | None |
| 16 | SKP00111101-00111110 | Exploretrip, Inc. Agreement | None |
| 17 | SKP00111111-00111137 | Kiwi Agreement | None |
| 18 | SKP00111138-00111144 | LBF Travel, Inc. Agreement | None |
| 19 | SKP00111145-00111182 | The Travel Outlet of Virginia Agreement | None |
| 20 | AA-SKP-00001360-362 | Email re: Hidden City Party ID | None |
| 21 | AA-SKP-00050225 | Powerpoint: Hidden City Busters | None |
| 22 | AA-SKP-00059827 | Email re: Hidden City FYI & Question | None |
| 23 | SKIP0000628 | Skiplagged 2018 Balance Sheet | None |
| 24 | SKIP0000629 | Skiplagged 2019 Balance Sheet | None |
| 25 | SKIP0000630 | Skiplagged 2020 Balance Sheet | None |
| 26 | SKIP0000631-632 | Skiplagged 2021 Balance Sheet | None |
| 27 | SKIP0000633 | Skiplagged 2022 Balance Sheet | None |
| 28 | SKP00111226 | Skiplagged 2023 Balance Sheet | None |
| 29 | SKIP0000634 | Skiplagged 2018 Profit and Loss Statement | None |

| DEF'S EX. # | BATES | DESCRIPTION | OBJECTION(S) |
|---|---|---|---|
| 30 | SKIP0000635 | Skiplagged 2019 Profit and Loss Statement | None |
| 31 | SKIP0000636 | Skiplagged 2020 Profit and Loss Statement | None |
| 32 | SKIP0000637 | Skiplagged 2021 Profit and Loss Statement | None |
| 33 | SKIP0000638 | Skiplagged 2022 Profit and Loss Statement | None |
| 34 | SKP00111227 | Skiplagged 2023 Profit and Loss Statement | None |
| 35 | SKP00002672 | Email re: I have used your service manyh times now and have e… | FRE 801/802 (Hearsay) |
| 36 | SKP00067993-67995 | Email re: Skiplagged Monthly Supply Partner Report | None |
| 37 | SKP00111228-111231 | Skiplagged Post-Flight Symbol Removal | FRE 801/802 (Hearsay) |
| 38 | AA-SKP-00089629-31 | AA PNR Data with Customer Complaint | FRE 801/802 (Hearsay) |
| 39 | AA-SKP-00089364-65 | AA PNR Data with Customer Complaint | FRE 801/802 (Hearsay) |
| 40 | AA-SKP-00088017-19 | AA PNR Data with Customer Complaint | FRE 801/802 (Hearsay) |
| 41 | AA-SKP-00086661-62 | Email re: Hidden City Itineraries and related website | None |
| 42 | AA-SKP-00010786-88 | Email re: Skiplagged.com | None |
| 43 | AA-SKP-00005301 | Email re: Google will no longer offer its flight price data to other sites | None |
| 44 | AA-SKP-00005560-61 | Email re: Customer: Cierra Zacchaeus | None |
| 45 | AA-SKP00005713-18 | Email re: Kayak Source | None |
| 46 | KIWI.COM_01741-1764 | Kiwi Terms & Conditions | None |
| 47 | KIWI.COM_01765-1772 | Kiwi Affiliate Program terms & conditions | None |
| 48 | Holmes Depo. Ex. 2 | The MI:33 Legacy | FRE 401 (Relevance); FRE 602 (Foundation); FRE 801/802 (Hearsay) |
| 49 | AA-SKP-00059916-59921 | Email re: YUL and YTO agents short- checking bags | None |
| 50 | AA-SKP-00059822 | Email re: Hidden City FYI & Question | None |

7

| DEF'S EX. # | BATES | DESCRIPTION | OBJECTION(S) |
|---|---|---|---|
|  | Demonstrative PowerPoint |  | FRE 801/802 (Hearsay) |

American reserves the right to amend its objections to the exhibits identified by Skiplagged in this case. American further reserves the right to make any objections to all exhibits designated by Skiplagged in any supplementations to its exhibit list. Additionally, American reserves the right to object to the manner of use of any exhibit at trial, including on grounds of relevance, prejudice, foundation, lack of personal knowledge, hearsay, or any other improper use of the exhibit at trial.

Dated: September 4, 2024

Respectfully submitted,

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

R. Paul Yetter
State Bar No. 22154200
pyetter@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8003

Cameron M. Nelson
nelsonc@gtlaw.com
GREENBERG TRAURIG LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-6590

>Nathan J. Muyskens
>nathan.muyskens@gtlaw.com
>GREENBERG TRAURIG LLP
>2101 L Street, N.W., Suite 1000
>Washington, DC 20037
>Telephone: (202) 331-3100

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I certify that on September 4, 2024, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

>*/s/ Dee J. Kelly, Jr.*_____
>Dee J. Kelly, Jr.