UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**AMERICAN AIRLINES, INC,**

   Plaintiff,

v.                                          **No. 4:23-cv-00860-P**

**SKIPLAGGED, INC.,**

   Defendant.

## ORDER

In order to accommodate the Court's docket, this case is reset for a jury trial from **Monday, September 30, 2024,** to **Monday, October 7, 2024, at 9:00 a.m.** in the Fourth Floor Courtroom of the Eldon B. Mahon Courthouse at 501 W. 10th St., Fort Worth, Texas 76102. Any electronic equipment to be used at trial must be set up and tested **prior to 8:30 a.m. on October 7, 2024**. Due to other matters on the Court's docket, the Court exercises its right under Section VII of the Court's civil Justice Expense and Delay Reduction Plan, Misc. Order No. 46, to limit the time for arguments examining witnesses, and the number of witnesses called in an effort to prevent unnecessary expense or delay. *See* Judge Specific Requirements.

Accordingly, the Court **ORDERS** as follows:

1. The Parties' voir dire, opening statements, and closing arguments will be limited as follows:
   a. Voir dire, **20 minutes** for each party;
   b. Opening statements, **15 minutes** for each party; and
   c. Closing arguments, **20 minutes** for each party.
2. Plaintiffs will be allowed **11 hours** to put on their case, including cross-examination and rebuttal. Defendant will be allowed **11 hours** to put on its case, including cross-examination. The Parties management of time will be monitored by the Court. The Court must finish this case in the time allotted and believes the

foregoing method preferable to the Court's micro-management of the number of witnesses and the content of their testimony.

3. Despite the allocation of hours for trial, the Court will discourage repetitive examination of a witness, whether on cross or direct, and will strongly admonish or sanction any counsel who wastes the time of his or her colleagues, the Court, and the jury by failing to have witnesses present and prepared to testify; by hinting or causing a witness to hunt for exhibits; by failing to have audio or video equipment tested, cued-up, and ready to go; by failing to be timely in attendance; by attempting to argue the case or make a speech to the jury during an objection; or in any other manner.

4. The Court's allocation of trial time for the parties is subject to the requirements of fundamental fairness. Any party who wishes to complain that the Court's limitation of his trial time violates his right to fundamental fairness must be prepared, upon request, to demonstrate to the Court, by reasonably specific proffer, the testimony and/or exhibits that he has been prevented from presenting by reason of such limitation. Upon a finding by the Court that a party has used his allotted time wisely and nevertheless has been or will be denied fundamental fairness by reason of the enforcement of the trial-time limitations, additional time will be granted to that defendant sufficient to meet the requirements of fundamental fairness.

5. The Court intends on utilizing a 9-person jury.

Further, before the Court are a litany of objections lodged by both Parties. *See* ECF Nos. 262–63. These objections primarily concern deposition designations and exhibit lists. *See id*. The Court accordingly **ORDERS** that the Parties meet and confer, in-person, **by September 20, 2024**, and submit to the Court each side's agreed-to exhibit list and deposition designations and counter-designations, as well as any remaining objections, **by September 27, 2024**.

Having considered the current stage of the proceedings, docket entries of this case, in particular, the voluminous motions filed by both Parties, (ECF Nos. 211, 215, 219, 222, 225, 226, 229, 232, 235, 252, 255), and the upcoming trial, the Court concludes that this dispute would

benefit from an in-person mediation—with the aim of achieving a mutually acceptable resolution. *See* N.D. TEX. CIV. R. 16.3.

Thus, the Court **ORDERS** that the parties meet before United States Magistrate Judge David Horan for a mediation/settlement conference to be conducted on **Thursday, October 3, 2024, at 9:30 a.m.** in the Fourth Floor Courtroom of the Eldon B. Mahon Courthouse. The Parties are **ORDERED** to report the results of the conference to the Court no later than **Friday, October 4, 2024.** Further, the Court **ORDERS** a pretrial conference on **Thursday, October 3, 2024, at 1:30 p.m.** in the Fourth Floor Courtroom of the Eldon B. Mahon Courthouse.

**SO ORDERED** on this **9th day** of **September 2024.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE