IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT SKIPLAGGED, INC.'S REPLY IN SUPPORT OF MOTION TO STRIKE AND EXCLUDE PLAINTIFF AMERICAN AIRLINES, INC.'S EXPERT DAVID FULLER**

Defendant Skiplagged, Inc. ("Skiplagged") files this Reply in Support of its Motion to Strike and Exclude Plaintiff American Airlines, Inc.'s ("AA") Expert David Fuller ("Fuller") [Dkts. 222-223] because his damages opinion relies on faulty data and is based on claims that this Court has already dismissed.

## I.    INTRODUCTION

In the Supplemental Expert Report of David N. Fuller, CFA, ASA, CFE (the "Fuller Supplemental Report"), Fuller doubled down on using data he knew was unreliable. AA's Response did not address this and effectively conceded it. Instead, AA argued the Court should ignore this failure because Fuller could have relied on any assumption, even if it was untethered from reality. The Fifth Circuit disagrees. Since Fuller relied on faulty data and since he failed to verify his assumptions, his Supplemental Report is unreliable and must be excluded.

The Expert Report of David N. Fuller, CFA, ASA, CFE (the "Fuller Original Report") featured opinions on disgorgement damages for AA's Lanham Act claim and actual damages for AA's breach of contract claim. In the Fuller Supplemental Report, Fuller offered opinions on the

same topics, despite the fact that AA's breach of contract claim has already been resolved. *See* [Dkt. 199]. The only remaining claims are AA's Lanham Act and Copyright Act claims, ███ ████████████████████████████████████████████████ [Dkt. 225, Appx. 063 (Fuller June Dep. 87:22–25)] ████████████████████████████████████████ ██████████. ████████████████████████████████████████ [Dkt. 225, Appx. 062 (Fuller June Dep. 86:7–16)].

Nevertheless, AA now seeks to use Fuller's Supplemental Report to support a claim for actual damages under the Lanham Act and Copyright Act, even though Fuller admitted he did not analyze AA's actual trademark damages. If Fuller is permitted to testify, his testimony should be limited to disgorgement damages under the Lanham Act and Copyright Act claims.

In its July 31, 2024 Order granting AA's Motion for Leave to File a Supplemental Expert Report on Damages [Dkt. 200], this Court permitted Fuller to supplement his original expert report. Instead of providing a true supplement, Fuller's Supplemental Report improperly extended the damages model he originally developed for AA's contract and tortious interference claims to AA's remaining intellectual property claims. This extension was untimely and inappropriate, as the original model was never intended to address intellectual property issues. As detailed in Skiplagged's Motion to Strike [Dkt. 222], using the same damages model for distinct legal claims is a new and improper opinion.

AA's Response to Skiplagged's Motion to Strike and Exclude, [Dkt. 259], argues that Fuller used the same calculation. That is the issue: Fuller misapplied a damages model designed for breaches of contract to intellectual property claims, despite the fundamental differences between the two. The Court did not authorize Fuller to extend his existing damages model to new legal theories, particularly when that model was not intended to assess intellectual property damages.

## II.     ARGUMENTS AND AUTHORITIES

### A. Fuller's Supplemental Report was Based on Unreliable Data

#### 1. An expert cannot speculate or use unreliable data

An expert cannot rely on unreliable data. For example, *Breaud v. Werner Enterprises, Inc.*, No. 03-860-JJB-SCR, 2006 WL 8432363 (M.D. La. Mar. 20, 2006), excluded an expert because "he reached his conclusions by making assumptions or using unreliable data." *Id.* at *2. That is because "[t]he courtroom is not the place for scientific guesswork, even of the inspired sort." *Graves ex rel. W.A.G. v. Toyota Motor Corp.*, No. 2:09cv169KS-MTP, 2011 WL 4590768, at *7 (S.D. Miss. Sept. 30, 2011) (internal citation omitted). Likewise, in *Eidos Display, LLC v. Chi Mei Innolux Corp.*, 262 F.Supp.3d 424 (E.D. Tex. 2017), an expert opined on what percentage of a product's sale occurred in the United States. *Id.* at 426. The court struck the expert because his opinion was "speculative and based on unreliable data." *Id.*

#### 2. Fuller used data he knew was unreliable

Fuller's actual damages calculations relied on data he knew was unreliable—twice. He relied on five months of unauthenticated and inaccurate test data and then applied it to every flight (regardless of whether it was hidden city) that Skiplagged facilitated for AA since 2018, or the applicable 3 or 4 year limitations period. [Dkt. 225, Appx. 41-43]. In fact, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ [Dkt. 225, Appx. 078 (Fuller August Depo. 52:3)]. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* [Dkt. 225, Appx. 079 (Fuller August Depo. 53:14-16)]. Fuller, in other words, relied on test data that he knew was inaccurate rather than obtain the accurate data from AA.

Moreover, Fuller did not do anything to validate his assumption that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

30009583v2 99460.002.00

███████████████████████████████████████ Dkt. 225, Appx. 041. Fuller confirmed this in his deposition:



[Dkt. 225, Appx. 083 (Fuller August Depo. 59:16-22)].

AA's Response offered no counter to this point, which effectively admits that Fuller's opinion was based on unreliable data and unvalidated assumptions. Instead, AA argued Fuller did not need evidence to support his assumption. *See* [Dkt. 270 at 12]. AA is wrong because an "expert may not speculate." *Trinseo, S.A. v. Harper*, No. 4:20-CV-0478, 2023 WL 8283186, at *1 (S.D. Tex. Nov. 30, 2023). "It is axiomatic that an expert, no matter how good his credentials, is not permitted to speculate." *Graves ex rel. W.A.G.*, 2011 WL 4590768, at *7 (S.D. Miss. Sept. 30, 2011) (internal citation omitted).

Nor is it enough for AA to argue that "Fuller's assumptions go to the weight of the evidence, not admissibility, and…it is the jury's job to weigh the evidence, including Fuller's assumptions." [Dkt. 259 at 12]. "Rule 702 and *Daubert* require an expert witness independently to validate or assess the basis for his or her assumptions[.]" *BHI Energy I Power Services, LLC v. KVP Holdings, LLC*, No. 3:22-cv-1981-L-BN, 2024 WL 1809499, at *4 (N.D. Tex. Apr. 24, 2024) (quoting *In re: Taxotere (Docetaxel) Products Liability Litigation*, 26 F.4th 256, 268 (5th Cir. 2022)). Fuller did not do so and allowing the jury to hear expert testimony entrenched in improper speculation could significantly prejudice Skiplagged.

AA asks the Court to hold that an expert's assumptions are always valid, even if they have no support. The law, however, requires an expert to validate his assumptions. *See BHI Energy I*

4

*Power Services, LLC*, 2024 WL 1809499 at *4. As Fuller failed to do that, this Court should strike his Supplemental Report and exclude his testimony.

### B. Fuller's Supplemental Report Offered New, Untimely Opinions

#### 1. Experts cannot use a supplemental report to offer a new opinion

"The purpose of…supplementary [expert] disclosures is just that…to supplement. These disclosures are not intended to provide an extension of the deadline[.]" *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co., Inc.*, 73 F.3d 546, 571 (5th Cir. 1996). For example, *In re Complaint of C.F. Bean LLC*, 841 F.3d 365 (5th Cir. 2016) held an expert's supposed supplemental report was "not supplementary" because "the analysis and opinions in the second report were largely new rather than supplementary." *Id.* at 372; *see also Harmon v. Georgia Gulf Lake Charles, LLC*, 476 Fed.Appx. 31, 38 (5th Cir. 2012) (excluding expert's report because "'supplemental' opinions provided by [the expert] were, in fact, material additions to the initial report, not 'changes' or 'corrections' to the expert's opinions.").

"Where…a supplemental expert report go[es] 'beyond 'proving up' the opinions contained in [the original] report' and constitute entirely new opinions not included in the original report, a district court does not abuse its discretion in excluding the supplemental material." *Richardson v. Omega Protein, Inc.*, No. 6:13-806, 2015 WL 13887159, at *1 (W.D. La. Apr. 9, 2015) (quoting *Sobrino-Barrera v. Anderson Shipping Co.*, 495 Fed.Appx. 430, 433 (5th Cir. 2012)). "To allow plaintiff to…create essentially a new report would prejudice the defendants, who would then have to get an expert to address these last-minute conclusions[.]" *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257-58 (5th Cir. 1997) (internal quotation omitted); *see also AIG Europe, Ltd. v. Caterpillar, Inc.*, 831 Fed.Appx. 111, 116 (5th Cir. 2020) (excluding expert's supplemental report because "it also contained new analyses and conclusions.").

**2. Fuller used the same calculation to support previously unaddressed claims**

AA's Contract of Carriage and hidden city flights are central to the Fuller Original Report and the Fuller Supplemental Report. While Fuller's Supplemental Report may have included the same calculations with updated numbers from the Skiplagged data production, Fuller applied the damages model from AA's breach of contract claim to AA's intellectual property claims, offering a new opinion.



*See* [Dkt. 225, Appx. 013-014]. Fuller explained that Skiplagged facilitates hidden city tickets, ▮ [Dkt. 225, Appx. 013]. According to Fuller, this led consumers to represent that they intended ▮ [Dkt. 225, Appx. 013]. Thus, Fuller's analysis sought to determine ▮ [Dkt. 225, Appx. 013-014 (emphasis added)]. In the Supplemental Report, Fuller confirmed, ▮ [Dkt. 225, Appx. 041 (emphasis added)]. He further explained that his opinions assumed, ▮ [Dkt. 225, Appx. 041]. Fuller did not mention AA's intellectual property in this context.

Fuller's damages model for the purported hidden city misrepresentations was reflected in each step of his calculations. First, ▮. *See* [Dkt. 225, Appx. 014]. Next, ▮. *See* [Dkt. 225, Appx. 014]. Finally, ▮ *See* [Dkt. 225,

Appx. 014]. While this might estimate AA's lost revenue from hidden city ticket sales, it has no relevance to actual damages for AA's intellectual property rights.

Instead, Fuller's damages model in no way accounted for AA's intellectual property. Fuller admitted that his analysis ██████████████████████████████████████████ ████████████████ [Dkt. 225, Appx. 058 (Fuller June Depo. 64:3-6)]. That assumption is unrelated to intellectual property infringement. Fuller's calculations cannot be performed without accounting for hidden city flights. But AA's trademark and copyright infringement claims, however, are unrelated to hidden city ticketing.

Fuller's Supplemental Report followed the same methodology and reliance on hidden city flights to calculate damages. First, he ████████████████████████████████████████ ███████████████████████████████████████████████████ [Dkt. 225, Appx. 041]. Second, ████████████████████████████████████████████████ [Dkt. 225, Appx. 041]. Third, he ████████████████████████████████████████████ ██████████████████████████████████ [Dkt. 225, Appx. 042 (emphasis added)].

The calculation from Fuller's Supplemental Report is reproduced in Table 6 below:



[*Filed under seal*]

██████████████████████████████████████████████████████████████

████████████████████████████████████████ *See* [Dkt. 225, Appx. 042]. As in Fuller's Original Report, hidden city flights were central to Fuller's Supplemental Report, but he still tried to shoehorn his calculations based on them into actual damages on AA's intellectual property claims. That is a new opinion on AA's intellectual property claims, which is absent from the Original Report.

Fuller's deposition testimony confirms how closely his opinions are tied to hidden city flights data. He stated, ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

[Dkt. 225, Appx. 057 (Fuller June Depo. 63:9-12)]. He also agreed that ████████████

████████████████████████████████████████████████ [Dkt. 225, Appx. 061 (Fuller June Depo. 72:10-12)]. These considerations are unrelated to AA's intellectual property claims.

Nevertheless, AA contends that Fuller's Original Report's ████████████

████████████████ [Dkt. 259 at 2 (emphasis in original)]. Fuller's Supplemental Report, however, is incompatible with AA's remaining intellectual property claims. First, the Supplemental Report assumed an underlying breach of AA's Contract of Carriage—a claim that is no longer part of this case. Second, Fuller confirmed that he did not offer an opinion on ██████

████████████████████████████████████████████████████ [Dkt. 225, Appx. 073 (Fuller August ████ 23:5-8)].

AA's Response tried to address this by referencing sections of the Fuller Original Report's suggesting that Fuller's damage model always applied to AA's intellectual property claims. [Dkt. 259 at 6 (citing Fuller's Original Report, ¶¶ 14–19, 23–24, 31, 42–43)]. This position is belied by

Fuller's deposition on the Original Report, in which he admitted that he had ███████ ████████████████████████████ [Dkt. 225, Appx. 064 (Fuller June Depo. 88:1-7)]. And his ████████████████████████████████████ [Dkt. 225, Appx. 063 (Fuller June Depo. 87:22-25)]. Fuller's Supplemental Report did not have any actual damages opinion to offer a jury on this topic and thus incapable of the requisite that it must ███████ *See Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*, 753 Fed.Appx. 191, 195 (5th Cir. 2018) (internal citation omitted).[1]

Nevertheless, AA's cited paragraphs, however, contain no substantive damages analysis. For example, paragraphs 14-19 merely restate AA's claims against Skiplagged. *See* [Dkt. 225, Appx. 005-006]. Paragraphs 23-24 listed Fuller's assumptions, which included ███████ ████████████████████████████████████████ but also included, ████████████████████████████████████████████████████████████████████████████████ [Dkt. 225, Appx. 007-008]. Paragraph 31 stated, ███████████████████████████████████ ████████████████████████████████ [Dkt. 225, Appx. 011]. ████████████████████████████████████████ ██████████ *See* [Dkt. 225, Appx. 015]. Importantly, Fuller did not provide a damages analysis on any of these categories.

---

[1] As Skiplagged raised in its Motion, allowing Fuller to testify risks confusing the jurors. Notably, AA's Response does not dispute this point. Fuller's Supplemental Report on actual damages cannot be divorced from hidden city flights and AA's Contract of Carriage, so his trial testimony would necessarily require discussion of these same topics. Jurors may become sidetracked by this discussion, or believe that AA's Conditions of Carriage is relevant to their verdict. As it is not, which could cause significant prejudice to Skiplagged.

30009583v2 99460.002.00

Further, AA has the burden to proving actual damages, and those damages—as well as Skiplagged's profits—must be "attributable" to the infringement of the mark. *See Mishawaka Rubber & Woolen Mfg. Co. v. S. S. Kresge Co.*, 316 U.S. 203, 206 (1942)("The plaintiff of course is not entitled to profits demonstrably not attributable to the unlawful use of his mark"); *accord Pebble Beach Co. v. Tour 18 I Ltd.*, 155 F.3d 526, 554 (5th Cir. 1998)("a markholder is only entitled to those profits attributable to the unlawful use of its mark"). Fuller, however, failed to make this connection. In fact, Fuller's Supplemental Report does not even try to attribute AA's alleged damages to infringement of its logos or marks. His failure to do so renders his opinion of no value to the jury in an assessment of AA's alleged damages. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 591 (1993) (finding expert's opinion must "assist the trier of fact to understand the evidence or to determine a fact in issue.") (internal quotation omitted). Thus, this Court should strike and exclude Fuller.

### III.   CONCLUSION

For the following two reasons, if Fuller is allowed to testify at all, the Court should limit his testimony exclusively to alleged disgorgement damages under the Lanham Act and Copyright Act. First, Fuller relied on data he knew was unreliable, rendering his opinions unreliable as well. Second, Fuller's Original Report offered opinions only on alleged disgorgement damages, and Fuller's Supplemental Report offered the same math, but tried to apply it to trademark and copyright actual damages. As Fuller admitted, he did not analyze actual damages under the Lanham Act and Copyright Act claims. Thus, Skiplagged asks this Court to strike and exclude the opinions and testimony of David Fuller regarding AA's actual damages and grant all other relief to which Skiplagged may be justly entitled.

30009583v2 99460.002.00

*/s/ William L. Kirkman*
William L. Kirkman
Texas Bar No. 11518700
Preston B. Sawyer
Texas Bar No. 24102456
**KIRKMAN LAW FIRM, PLLC**
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone: (817) 336-2800
Facsimile: (817) 887-1863
billk@kirkmanlawfirm.com
prestons@kirkmanlawfirm.com


*/s/ Abigail R.S. Campbell*
Aaron Z. Tobin
Texas Bar No. 24028045
Kendal B. Reed
Texas Bar No. 24048755
Abigail R.S. Campbell
Texas Bar No. 24098759
**CONDON TOBIN SLADEK THORNTON NERENBERG PLLC**
8080 Park Lane, Suite 700
Dallas, Texas 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311
atobin@condontobin.com
kreed@condontobin.com
acampbell@condontobin.com

*/s/ Darin M. Klemchuk*
Darin M. Klemchuk
Texas Bar No. 24002418
**KLEMCHUK PLLC**
8150 North Central Expressway, 10th Floor
Dallas, Texas 75206
Telephone: (214) 367-6000
Facsimile: (214) 367-6001
Darin.klemchuk@klemchuk.com

***Attorneys for Defendant, Skiplagged, Inc.***

## CERTIFICATE OF SERVICE

On September 13, 2024, I electronically submitted the foregoing document with the clerk of the court of the U.S. District Court, Northern District of Texas, using the CM/ECF system which will send a notice of electronic filing to all counsel of record. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/Abigail R.S. Campbell*
Abigail R.S. Campbell

30009583v2 99460.002.00