IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| AMERICAN AIRLINES, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:23-cv-00860-P |
| | § | |
| SKIPLAGGED, INC., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF AMERICAN AIRLINES, INC.'S EXHIBIT LIST
## AND DEPOSITION TESTIMONY DESIGNATIONS

Pursuant to the Court's Order [Dkt. No. 269 at 2] and Rule 26.2 of the Local Civil Rules for the Northern District of Texas, Plaintiff American Airlines, Inc. ("American") files this Exhibit List and Deposition Testimony Designations. Defendant Skiplagged, Inc.'s objections are listed next to the relevant exhibit or deposition testimony designation.

This Exhibit List and Deposition Testimony Designations is submitted without prejudice to American's right to amend this list, to the extent allowed by this Court and the law, or introduce at trial any additional evidence from any source either as rebuttal evidence or impeachment material or in the event new or different information becomes available. Additionally, American reserves the right to amend this list based on the progress of the case at trial. American also reserves the right to use any exhibit or deposition designation that Skiplagged designates.

I.    **EXHIBIT LIST**

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---|---|---|---|---|---|
| PX1 | Certified Copy of Trademark Reg. No. 4449061 | √ | | | |
| PX2 | Certified Copy of Trademark Reg. No. 4939082 | √ | | | |
| PX3 | Certified Copy of Trademark Reg. No. 5288639 | √ | | | |
| PX4 | Certified Copy of Trademark Reg. No. 5279167 | √ | | | |
| PX5 | Certified Copy of Trademark Reg. No. 5559145 | √ | | | |
| PX6 | Certified Copy of Copyright Registration No. VA 2-130-520 | | Never produced to Skiplagged. Fed. R. Civ. P. 37(c)(1); JMC Constr. LP v. Modular Space Corp., No. 3:07-CV-01925-B, 2008 WL 11425650, at *3 (N.D. Tex. Oct. 28, 2008). | | |
| PX7 | American Brand Recognition Report (AA-SKP-00059957–60078) | √ | | | |
| PX8 | American Airlines, Inc. Form 10-K Annual Report for Year Ending December 31, 2018 (AA-SKP-00054857–5105) | √ | | | |
| PX9 | Addendum to GTAA (2023-05-01) (AA-SKP-00052623–36) | √ | | | |
| PX10 | Addendum to the Governing Travel Agency Agreements  (2017-06-23) (AA-SKP-00059877–87) | √ | | | |
| PX11 | American Conditions of Carriage (AA-SKP-00054065–85) | | Irrelevant because it does not relate to AA's trademarks or copyright and | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---|---|---|---|---|---|
| | | | would confuse the jury. FRE 401, 403. | | |
| PX12 | American Airlines Conditions of Carriage as updated 2/4/2020 (AA-SKP-00053445–64) | | Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX13 | Email chain between M. Crossey and A. Comber dated 8/26/2015 re: skiplagged.com (AA-SKP-00103696–99) | √ | | | |
| PX14 | Email chain between L. Manning and J. Kettunen dated 11/30/2023 re: Skyscanner AUTH White-Labels.xlsx and Spreadsheet (AA-SKP-00103689–95) | | Hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. The exhibit is incomplete as it does not include multiple documents included in the email chain as attachments. FRE 106. | | |
| PX15 | Skyscanner Affiliate Partner Service Terms (April 27, 2022) (SKP00111207–25) | √ | | | |
| PX16 | Fare, Schedule and Inventory Access and Use Agreement between American and Skyscanner, dated February 15, 2016 (AA-SKP-00065397–418) | √ | | | |
| PX17 | Access and Use Agreement between American and Skyscanner, dated October 1, 2008 (AA-SKP-00065833–45) | √ | | | |
| PX18 | Fare, Schedule and Inventory Access and Use Agreement between American and | √ | | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
| | Skyscanner, dated January 19, 2010 (AA-SKP-00065820–32) | | | | |
| PX19 | American Airlines, Inc. NDC Connection Use and Access Agreement for Non-Accredited Travel Intermediaries, dated August 15, 2019 (AA-SKP-00065370–96) | √ | | | |
| PX20 | Marketing Fulfillment Agreement between Exploretrip, Inc. and Skiplagged dated April 12, 2022 (SKP00111101–10) | √ | | | |
| PX21 | Kiwi.com Affiliate Program Agreement (SKP00111111–37) | √ | | | |
| PX22 | Spreadsheet of Kiwi Commissions (Kiwi.com_01061) | | Hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. | | |
| PX23 | Holmes Test Buy No. 2 (AA-SKP-00058923–56) | √ | | | |
| PX24 | Holmes Test Buy No. 3 (AA-SKP-00059008–59) | √ | | | |
| PX25 | Holmes Test Buy No. 7 (AA-SKP-00059312–31) | √ | | | |
| PX26 | Holmes Test Buy No. 9 (AA-SKP-00059406–36) | √ | | | |
| PX27 | Holmes Test Buy No. 13 (AA-SKP-00059500–18) | √ | | | |
| PX28 | Holmes Test Buy No. 14 (AA-SKP-00059537–55) | √ | | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---|---|---|---|---|---|
| PX29 | Holmes Test Buy No. 15 (AA-SKP-00059556–88) | √ | | | |
| PX30 | Holmes Test Buy No. 17 (AA-SKP-00059659–76) | √ | | | |
| PX31 | Recorded Booking on Skiplagged.com (AA-SKP-00103700 & AA-SKP-00103701) | √ | | | |
| PX32 | Email chain between D. Gellert, A. Zaman, A. Ghisa, and A Stein dated 6/22/2023 re: Executed FP x SL MNDA and Skiplagged Company Overview Deck (SKP00078122–40) | √ | | | |
| PX33 | Skiplagged Onboarding Marketing Survey (SKP00081041–44) | | Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX34 | Email chain between D. Gellert, K. Roseberg, A. Brady, P. Vadavia and N. D'Amico dated 10/29/2021 re: OPM Pros \| Gen3 x Skiplagged Questionnaire (SKP00095584–85 & SKP00095589–92) | √ | | | |
| PX35 | Skiplagged Brand Strategy Deck (SKP00081054–109) | | Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX36 | American Customer Complaint (AA-SKP-00052673–74) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been | | |

5

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
| | | | properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX37 | American Customer Complaint (AA-SKP-00052679) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX38 | American Customer Complaint (AA-SKP-00052684–85) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX39 | American Customer Complaint (AA-SKP-00052718–19) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
|  |  |  | other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. |  |  |
| PX40 | American Customer Complaint (AA-SKP-00052734–35) |  | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. |  |  |
| PX41 | American Customer Complaint (AA-SKP-00052736–39) |  | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. |  |  |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
| | | | Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX42 | American Customer Complaint (AA-SKP-00052845–47) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX43 | American Customer Complaint (AA-SKP-00052722–23) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX44 | American Customer Complaint (AA-SKP-00052724–25) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
| | | | truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX45 | American Customer Complaint (AA-SKP-00052764–66) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX46 | American Customer Complaint (AA-SKP-00052798–801) | | Hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
|  |  |  | This exhibit is also outside the relevant time period because it is from September 2018. FRE 401. |  |  |
| PX47 | American Customer Complaint (AA-SKP-00052895–97) |  | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. |  |  |
| PX48 | American Customer Complaint (AA-SKP-00052952–54) |  | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. |  |  |
| PX49 | American Customer Complaint (AA-SKP-00053003–06) |  | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not |  |  |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
| | | | subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX50 | American Customer Complaint (AA-SKP-00053199–201) | | Hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright would confuse the jury. FRE 401, 403. | | |
| PX51 | American Customer Complaint (AA-SKP-00053293–95) | | Hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
| PX52 | American Customer Complaint (AA-SKP-00053296–98) | | Hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX53 | American Customer Complaint (AA-SKP-00053339–41) | | Hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation.. FRE 901; Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX54 | American Customer Complaint (AA-SKP-00053349–51) | | Hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901; Irrelevant because it does not relate to AA's trademarks or | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
|  |  |  | copyright and would confuse the jury. FRE 401, 403. |  |  |
| PX55 | American Customer Complaint (AA-SKP-00063900–02) |  | Hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901; Irrelevant because it does not relate to AA's trademarks or copyright, is outside the relevant time period and would confuse the jury. FRE 401, 403. |  |  |
| PX56 | American Customer Complaint (AA-SKP-00063485–87) |  | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. |  |  |
| PX57 | American Customer Complaint (AA-SKP-00064309–12) |  | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not |  |  |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
| | | | subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX58 | American Customer Complaint (AA-SKP-00064555–57) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX59 | American Customer Complaint (AA-SKP-00092673–75) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
| | | | would confuse the jury. FRE 401, 403. | | |
| PX60 | American Customer Complaint (AA-SKP-00094987–89) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX61 | American Customer Complaint (AA-SKP-00095573–77) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX62 | American Customer Complaint (AA-SKP-00101033–35) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---|---|---|---|---|---|
| | | | 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901.<br>Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX63 | Skiplagged Customer Complaint (SKP00001001) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901.<br>Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX64 | Skiplagged Customer Complaint (SKP00001031–32) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901.<br>Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
| PX65 | Skiplagged Customer Complaint (SKP00001141–42) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX66 | Skiplagged Customer Complaint (SKP00001153–55) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX67 | Skiplagged Customer Complaint (SKP00001387) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
| | | | properly authenticated and lacks foundation. FRE 901.<br>Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX68 | Skiplagged Customer Complaint (SKP00001409–10) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901.<br>Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX69 | Skiplagged Customer Complaint (SKP00001488–92) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901.<br>Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
| PX70 | Skiplagged Customer Complaint (SKP00002212) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX71 | Skiplagged Customer Complaint (SKP00004212) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX72 | Skiplagged Customer Complaint (SKP00010474–76) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
| | | | properly authenticated and lacks foundation. FRE 901.<br>Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX73 | Skiplagged Customer Complaint (SKP00012618–20) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901.<br>Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX74 | Skiplagged Customer Complaint (SKP00015624–30) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901.<br>Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
| PX75 | Skiplagged Customer Complaint (SKP00050999–1000) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX76 | Skiplagged Customer Complaint (SKP00060612–14) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX77 | Skiplagged Customer Complaint (SKP00071936–39) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
| | | | properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX78 | Skiplagged Customer Complaint (SKP00071991–92) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX79 | Skiplagged Customer Complaint (SKP00079796–98) | | Hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX80 | Skiplagged Customer Complaint (SKP00080593–95) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---|---|---|---|---|---|
| | | | subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX81 | Skiplagged Customer Complaint (SKP00084903–06) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX82 | Skiplagged Customer Complaint (SKP00093654–55) | | Hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX83 | Skiplagged Customer Complaint (SKP00102530–32) | | Hearsay and hearsay within hearsay, the exhibit is a statement made by one | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
|  |  |  | other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. |  |  |
| PX84 | Skiplagged Customer Complaint (SKP00002129–30) |  | Hearsay and hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802. Exhibit has not been properly authenticated and lacks foundation. FRE 901. Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. |  |  |
| PX85 | Skiplagged Customer Complaint (SKP00002210) |  | Hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802; Irrelevant because it does not relate to AA's trademarks or copyright, is outside the relevant time period, and |  |  |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---|---|---|---|---|---|
| | | | would confuse the jury. FRE 401, 403. | | |
| PX86 | Skiplagged Customer Complaint (SKP00002507) | | Hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802; Irrelevant because it does not relate to AA's trademarks or copyright, is outside the relevant time period, and would confuse the jury. FRE 401, 403. | | |
| PX87 | Skiplagged Customer Complaint (SKP00004168) | | Hearsay within hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802; Irrelevant because it does not relate to AA's trademarks or copyright, is outside the relevant time period, and would confuse the jury. FRE 401, 403. | | |
| PX88 | Skiplagged Customer Complaint (SKP00004213–15) | | Hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802; Irrelevant because it does not relate to AA's trademarks or copyright, is outside the relevant time period, and | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---|---|---|---|---|---|
| | | | would confuse the jury. FRE 401, 403. | | |
| PX89 | Skiplagged Customer Complaint (SKP00024561–64) | | Hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802; Irrelevant because it does not relate to AA's trademarks or copyright  and would confuse the jury. FRE 401, 403. | | |
| PX90 | Skiplagged P&L – 2018 (SKIP0000634) | | Irrelevant because it is outside the relevant time period. FRE 401. | | |
| PX91 | Skiplagged Balance Sheet - 2018 (SKIP0000628) | | Irrelevant because it is outside the relevant time period. FRE 401. | | |
| PX92 | Skiplagged P&L – 2019 (SKIP0000635) | √ | | | |
| PX93 | Skiplagged Balance Sheet – 2019 (SKIP0000629) | √ | | | |
| PX94 | Skiplagged P&L – 2020 (SKIP0000636) | √ | | | |
| PX95 | Skiplagged Balance Sheet - 2020 (SKIP0000630) | √ | | | |
| PX96 | Skiplagged P&L – 2021 (SKIP0000637) | √ | | | |
| PX97 | Skiplagged Balance Sheet – 2021 (SKIP0000631–32) | √ | | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
| PX98 | Skiplagged P&L – 2022 (SKIP0000638) | √ | | | |
| PX99 | Skiplagged Balance Sheet – 2022 (SKIP0000633) | √ | | | |
| PX100 | Skiplagged P&L – 2023 (SKP00111227) | √ | | | |
| PX101 | Skiplagged Balance Sheet – 2023 (SKP00111226) | √ | | | |
| PX102 | Skiplagged Data (SKP00111228) | √ | | | |
| PX103 | Email chain dated 11/14/2021 between D. Gellert and R. Chemtob and A. Brady re: Meeting Follow Up (SKP00053764–67) | √ | | | |
| PX104 | Spreadsheet re: Skiplagged Bookings (SKP00081039) | | Irrelevant, misleading, confusing to the jury. FRE 401-403. This spreadsheet is not only illegible but as AA has been informed on multiple occasions, is not accurate data. It also does not relate to AA's Lanham Act or copyright claims. | | |
| PX105 | Spreadsheet re: Skiplagged Bookings (SKP00081151) | | Irrelevant, misleading, confusing to the jury. FRE 401-403. This spreadsheet is not only illegible but as AA has been informed on multiple occasions, is not accurate data. It also does not relate to AA's Lanham Act or copyright claims. | | |
| PX106 | Spreadsheet re: Skiplagged Bookings (SKP00081157) | | Irrelevant, misleading, confusing to the jury. FRE 401-403. This spreadsheet is not only illegible but as | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
| | | | AA has been informed on multiple occasions, is not accurate data. It also does not relate to AA's Lanham Act or copyright claims. | | |
| PX107 | Spreadsheet re: Skiplagged Bookings (SKP00103762) | | Irrelevant, misleading, confusing to the jury. FRE 401-403. This spreadsheet is not only illegible but as AA has been informed on multiple occasions, is not accurate data. It also does not relate to AA's Lanham Act or copyright claims. | | |
| PX108 | Spreadsheet re: Skiplagged Bookings (SKP00103781) | | Irrelevant, misleading, confusing to the jury. FRE 401-403. This spreadsheet is not only illegible but as AA has been informed on multiple occasions, is not accurate data. It also does not relate to AA's Lanham Act or copyright claims. | | |
| PX109 | Email chain between L. Paterson and D. Gellert dated 11/2/2022 re: Skiplagged Monthly Supply Partner Report and attached Spreadsheets (SKP00067993–96) | | Hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802; Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403; Exhibit attachments have not been properly authenticated. FRE 901; Exhibit lacks foundation | | |
| PX110 | Email chain between M. Docherty and A. Zaman, T. Nahar dated 9/4/2018 re: | | Hearsay, the exhibit is a statement made by one other than the witness, | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
| | Skyscanner / Skiplagged : Moving forward… and Attached Srpreadsheet (SKP00081625–32) | | offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802; Exhibit has not been properly authenticated. FRE 901; Exhibit lacks foundation; Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX111 | Spreadsheet of 2022 AA Hidden City Complaints (SKP00081150) | | Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX112 | Spreadsheet of 2021 AA Hidden City Complaints (SKP00081180) | | Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX113 | Spreadsheet of Skiplagged Customer Complaints 2019 (SKP00081216) | | Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury. FRE 401, 403. | | |
| PX114 | Fuller Deloitte Spreadsheet (FULLER_001) | √ | | | |
| PX115 | Fuller Deloitte Spreadsheet (FULLER_002) | √ | | | |
| PX116 | Fuller Deloitte Spreadsheet (FULLER_003) | √ | | | |
| PX117 | Fuller Deloitte Spreadsheet (FULLER_004) | √ | | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
| PX118 | Fuller Deloitte Spreadsheet (FULLER_005) | √ | | | |
| PX119 | Fuller Deloitte Spreadsheet (FULLER_006 (Replacement)) | √ | | | |
| PX120 | Fuller Deloitte Spreadsheet (FULLER_007) | √ | | | |
| PX121 | Fuller Deloitte Spreadsheet (FULLER_008) | √ | | | |
| PX122 | Fuller Deloitte Spreadsheet (FULLER_009) | √ | | | |
| PX123 | American Hidden City Busters Deck (AA-SKP-00050225–57) | √ | | | |
| PX124 | Email chain dated 5/31/2017 between C. Garner, V. Vogel, and N. Geurin re: ADP Withdrawal Request (AA-SKP-00005302–03) | √ | | | |
| PX125 | Email chain between V. Vogel, C. Garner, and N. Geurin dated 5/31/2017 re: ADP Withdrawal Request (AA-SKP-00005304–05) | √ | | | |
| PX126 | Email chain dated 6/9/2017 between Neil Geurin and Vineeta Vogel re: QIKFIX-LAST10-357732-09JUN09:14:04-FOR QIK CHK ON SABRE (AA-SKP-00005277–79) | √ | | | |
| PX127 | Email chain dated 11/1/2017 re: Google will no longer offer its flight price data to other sites (AA-SKP-00005301) | √ | | | |
| PX128 | Email chain dated 3/6/2018 between J. Creech and N. Geurin re: Skiplagged.com (AA-SKP-00010763–65) | √ | | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
| PX129 | Email chain dated 3/6/2018 between Darrin Goodreau, Brandon Norman, Scott Chandler, and others re: Skiplagged.com  (AA-SKP-00010759–60) | √ | | | |
| PX130 | Email chain dated 3/9/2018 between Neil Geurin and Kevin McFarland re: Skiplagged.com (AA-SKP-00010792–96) | √ | | | |
| PX131 | Email chain dated 3/9/2018 between Scott Chandler, Neil Geurin, Tom Jiede, and others re: Skiplagged (AA-SKP-00010363–64) | √ | | | |
| PX132 | Email chain dated 5/22/2018 between Scott Chandler, Brandon Norman, Tony Yavasile, and others re: YUL and YTO agents short-checking bags (AA-SKP-00059914–15) | √ | | | |
| PX133 | Email chain dated 5/31/2018 between Scott Chandler and Tony Yavasile re: YUL and YTO agents short-checking bags  (AA-SKP-00059916–21) | √ | | | |
| PX134 | Email chain dated 5/31/2018 between Scott Chandler, Melody Andersen, and Jennifer Proctor re: Baggage (AA-SKP-00059922–26) | | Hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802; Irrelevant because it does not relate to AA's trademarks or copyright, would confuse the jury, is outside the relevant time period, and is prejudicial. FRE 401, 403. | | |
| PX135 | Email chain dated 8/24/2018 from D. Goodreau re: Hidden city w/ bag delivery (AA-SKP-00059930–32) | √ | | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
| PX136 | Email chain dated 9/5/2018 from S. Srinivasan re: Hidden cities (AA-SKP-00008329–31) | √ | | | |
| PX137 | Email chain dated 9/6/2018 between D. Goodreau, V. Pilla, and S. Srinivasan re: Hidden City Ticketing (AA-SKP-00059927–29) | √ | | | |
| PX138 | Email chain dated 10/22/2018 between Melody Andersen, Laura Banse, Jennifer Proctor, and others re: Skiplagged  (AA-SKP-00062165–72) | √ | | | |
| PX139 | Email chain dated 1/2/2019 between Kevin Macfarland, Neil Geurin and others re: Skiplagged.com (AA-SKP-00005532–34) | √ | | | |
| PX140 | Email chain dated 5/28/2019 between Ryan Conly and John Ulrich, re: Hidden City (AA-SKP-00062150–54) | √ | | | |
| PX141 | Email chain dated 5/28/2019 between Javier Barreiro, Anthony Capalbo and others re: Delay AA1111 (AA-SKP-00005460–62) | √ | | | |
| PX142 | Email chain dated 5/29/2019 between Darrin Goodreau, Melissa Leach, Neil Geurin, Tom Jiede and others re: Hidden City  (AA-SKP-00005452–56) | √ | | | |
| PX143 | Email chain dated 6/24/2019 between Jay Creech, Jay, Tom Jiede, Mariel Ferrara, Neil Geurin, and Darrin Goodreau re: Some questions from ATL (AA-SKP-00005416–19) | √ | | | |
| PX144 | Email chains between T. Jiede, D. Goodreau, and others at AA dated 8/30/2019 re: Security Incident MIA F277 MIA-LAX and attachment (AA-SKP-00059850–71) | √ | | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
| PX145 | Predicting Hidden City Itineraries dated 10/18/2019 (AA-SKP-00050477–83) | √ | | | |
| PX146 | Email chain dated 12/26/2019 between Marcial Lapp and Neil Geurin re: Customer: Cierra Zacchaeus (AA-SKP-00005560–61) | √ | | | |
| PX147 | Email chain dated 1/3/2020 between Richard Grantvedt and Marcial Lapp re: Customer: Cierra Zacchaeus (AA-SKP-00005700–05) | √ | | | |
| PX148 | Email chain date 1/7/2020 between J. Faith, K. Shetty and AA.com architect team re: Kayak Source (AA-SKP-00005765–70) | √ | | | |
| PX149 | Email chain dated 6/10/2020 between Tim Rogers, Jay Creech, and others re: Distribution strategy contact for North America (AA-SKP-00059954–56) | | Hearsay, the exhibit is a statement made by one other than the witness, offered for the truth of the matter asserted, and not subject to any hearsay exception. FRE 801, 802; Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury and is prejudicial. FRE 401, 403. | | |
| PX150 | Email chain dated 7/27/2020 between Jay Creech and Tazmun Nahar re: American Airlines <> Skiplagged; Calendar invitations from Tazmun Nahar to Jay Creech to meet on Jun 12, 2020 2:30pm - 3pm (CDT) and Jul 28, 2020 3pm - 3:30pm (CDT) (AA-SKP-00060095–99 & AA-SKP-00060080 & AA-SKP-00060082) | √ | | | |
| PX151 | Email chain dated 1/4/2020 between Marcial Lapp and James Faith re: Kayak Source (AA-SKP-00005706–08) | √ | | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---|---|---|---|---|---|
| PX152 | Email chains dated 10/6/2020 between John Ulrich, Shashank Menon and German Rivera, re: Hidden City query (AA-SKP-00006403–05 & AA-SKP-00012934–42) | √ | | | |
| PX153 | Email chain dated 10/26/2020 between Vasu Raja, Alfred Campbell, Marcial Lapp, and others re: PNR MRCROV  (AA-SKP-00005771) | √ | | | |
| PX154 | Email chain dated 11/16/2020 between Justin Dunn, Marcial Lapp, and Susan Michael re: Same GDS rule (AA-SKP-00065144) | √ | | | |
| PX155 | Email chain dated 1/27/2021 between Scott Chandler and Vasu Raja re: American Airlines Travel News and Information - An update on Booking and Ticketing Practices (AA-SKP-00059823–26) | √ | | | |
| PX156 | Email chain dated 2/15/2021 between Shashank Menon, Marcial Lapp and Justin Dun re: Skiplagged (AA-SKP-00005795–98) | √ | | | |
| PX157 | Email chain dated 3/18/2021 between Jayson Hardeman and Scott Chandler re: Hidden City FYI & Question (AA-SKP-00059827) | √ | | | |
| PX158 | Email chain dated 83/18/2021 between Scott Chancler and Jayson Hardeman re: Hidden City FYI & Question (AA-SKP-00059822) | √ | | | |
| PX159 | Email chain dated 3/21/2018 between Scott Chandler, Shaibaz Gadhwala, Jay Creech, and others re: Skiplagged.com  (AA-SKP-00059835–38) | √ | | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---|---|---|---|---|---|
| PX160 | Email chain dated 4/14/2022 between Scott Chandler and Marcial Lapp re: landline (L4) Update (AA-SKP-00005141–43) | √ | | | |
| PX161 | Email chain dated 4/26/2021 between German Rivera, Jayson Hardeman, and Shashank Menon re: JH_HIDDEN_CTY.xlsx (AA-SKP-00002751–58) | √ | | | |
| PX162 | Email chain dated 7/10/2021 between Marcial Lapp and DL_RM_RIDT re: Weekend Review: Southwest Airlines in a Legal Tussle (AA-SKP-00000378–88) | √ | | | |
| PX163 | Email chain dated 7/30/2021 between Marcial Lapp and Chandler Scott re: Hidden City Party ID and attached Spreadsheet (AA-SKP-00005134–35) | √ | | | |
| PX164 | Email chain dated 8/2/2021 between Marcial Lapp and German Rivera re: WN is suing Skiplagged (AA-SKP-00000377) | √ | | | |
| PX165 | Email chain dated 8/2/2021 between Jayson Hardeman and German Rivera re: Hidden City Party ID (AA-SKP-00001360–62) | √ | | | |
| PX166 | Email chain dated 8/2/2021 between Marcial Lapp, Meghan Jordan, and Heather Samp re: Hidden City Party ID (AA-SKP-00005780–81) | √ | | | |
| PX167 | Email chain between G. Rivera, A. Radar, and others at AA dated 8/26/2021 re: Questions about Kiwi.com for the Czech business newspaper (AA-SKP-00010559–65) | √ | | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
| PX168 | Email chain between S. Tucker, G. Rivera, and R. Villarreal dated 11/8/2021 re: IATA 0564802 restricted (AA-SKP-00000902–05) | | Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury and is prejudicial. FRE 401, 403. | | |
| PX169 | Email chain dated 7/26/2022 between Mariana Letelier, Marcial Lapp, and Jerry Foran re: Delta Air Lines I Booking Policy Update (AA-SKP-00012604–09) | √ | | | |
| PX170 | Email chain dated 1/28/2023 between Marcial Lapp and Paola Martinez (AA-SKP-00000971–75) | √ | | | |
| PX171 | Email chain dated 2/3/2023 between M. Lapp, S. Chandler, and N. Geurin re: This is interesting (AA-SKP-00005618–19) | √ | | | |
| PX172 | Email chain dated 7/5/2023 between Shashank Menon, Anmol Sabharwal, Ben Segal, and others re: Purchased on AA.com but not in our Digital Data (Adobe/QM) (AA-SKP-00006597–600) | √ | | | |
| PX173 | Teams Chat between S. Menon and A. Sabharwal dated 7/7/2023 (AA-SKP-00013136–38) | √ | | | |
| PX174 | Email chain dated 7/12/2023 between Andrea Koos, Scott Chandler, Brandon Norman, Randeep Ramamurthy, Marcial Lapp, and others re: Media inquiries about hidden city ticketing (AA-SKP-00000135) | √ | | | |
| PX175 | Email chain dated 7/18/2023 between Marcial Lapp, Andrea Koos, Neil Geurin, Thomas Rajan and others re: banning a customer for skip lagging? (AA-SKP-00000294) | √ | | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---|---|---|---|---|---|
| PX176 | Skiplagged Slack Chat (SKP00105924–26) | √ | | | |
| PX177 | Skiplagged Slack Chat (SKP00092041–43) | √ | | | |
| PX178 | Skiplagged Slack Chat (SKP00105999–6005) | √ | | | |
| PX179 | Skiplagged Slack Chat (SKP00107954–63) | √ | | | |
| PX180 | Skiplagged Slack Chat (SKP00095889–93) | √ | | | |
| PX181 | Skiplagged Slack Chat (SKP00105816–21) | √ | | | |
| PX182 | Skiplagged Slack Chat (SKP00105805–11) | √ | | | |
| PX183 | Zaman Reddit AMA (AA-SKP-00103565–68) | | Irrelevant because it does not relate to AA's trademarks or copyright, is outside the relevant time period, and would confuse the jury. FRE 401, 403. | | |
| PX184 | Skiplagged Terms and Conditions (SKIP0000010–11) | √ | | | |
| PX185 | Skiplagged About and FAQ  (SKIP0000072–77) | √ | | | |
| PX186 | 2014 United and Orbitz Lawsuit (SKIP0000078–112) | | Irrelevant because it does not relate to AA's trademarks or copyright, is outside the relevant time period, and would confuse the jury and is prejudicial. FRE 401, 403. | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---|---|---|---|---|---|
| PX187 | February 2015 Fareportal C&D (SKIP0000626–27) | | Irrelevant because it does not relate to AA's trademarks or copyright, is outside the relevant time period, and would confuse the jury and is prejudicial. FRE 401, 403. | | |
| PX188 | July 2018 Delta C&D  (SKIP0000404–625) | | Irrelevant because it does not relate to AA's trademarks or copyright, is outside the relevant time period, and would confuse the jury and is prejudicial. FRE 401, 403. | | |
| PX189 | June 2021 Southwest 1st C&D (SKIP0000286–301) | | Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury and is prejudicial. FRE 401, 403. | | |
| PX190 | June 2021 Southwest 2nd C&D (SKIP0000302–12) | | Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury and is prejudicial. FRE 401, 403. | | |
| PX191 | June 2021 Skiplagged Response to Southwest C&D  (SKIP0000313–15) | | Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury and is prejudicial. FRE 401, 403. | | |
| PX192 | August 2019 TripAdvisor C&D (SKP00084980–83) | | Irrelevant because it does not relate to AA's trademarks or copyright and would confuse the jury and is prejudicial. FRE 401, 403. | | |
| **Demonstratives** | | | | | |
| | Opening Statement Demonstratives | √ | | | |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
|  | Closing Argument Demonstratives | √ |  |  |  |
|  | Fuller Demonstratives | √ |  |  |  |
|  | Wind Demonstratives | √ |  |  |  |
|  | John Demonstratives | √ |  |  |  |
|  | Gutzler Demonstratives | √ |  |  |  |
|  | How the Travel Industry/Distribution Works Demonstratives | √ |  |  |  |
|  | AA Trademark Demonstratives | √ |  |  |  |
|  | Skiplagged Use of AA Trademarks Demonstratives | √ |  |  |  |
|  | AA Flight Symbol Design Demonstratives | √ |  |  |  |
|  | Skiplagged Use of AA Flight Symbol Design Demonstratives | √ |  |  |  |
|  | Skiplagged Use of AA Trademarks Compared to Authorized Agents Demonstratives | √ |  |  |  |
|  | Rob Holmes Test Buy Demonstratives | √ |  |  |  |
|  | Harm to AA Caused by Skiplagged Demonstratives | √ |  |  |  |
|  | American's Lost Revenue Demonstratives | √ |  |  |  |

| Ex. No. | Description | Agreed | Objection(s) | Offered | Admitted |
|---------|-------------|--------|--------------|---------|----------|
| | How American's Travel Agents Support Customers Demonstratives | √ | | | |
| | How Skiplagged Avoids Duties to Customers/Skiplagged Services Demonstratives | √ | | | |
| | American's Efforts to Stop Skiplagged/Skiplagged Timeline Demonstratives | √ | | | |
| | Consumer Complaint Demonstratives | √ | | | |
| | Skiplagged Data (SKP00111228) Demonstratives | √ | | | |
| | Skiplagging Demonstrative | √ | | | |
| | Skiplagged Business Model Demonstratives | √ | | | |

## STATEMENT REGARDING OBJECTIONS

The foregoing document accurately reflects all objections to American's trial exhibits and the bases therefore.

Dated: September 27, 2024

Respectfully submitted,

/s/ Dee J. Kelly, Jr.
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500

R. Paul Yetter
State Bar No. 22154200
pyetter@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
Telephone: (713) 632-8003

Cameron M. Nelson
nelsonc@gtlaw.com
GREENBERG TRAURIG LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-6590

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100

**ATTORNEYS FOR PLAINTIFF**

/s/ William L. Kirkman
William L. Kirkman
State Bar No. 11518700
billk@kirkmanlawfirm.com
Preston B. Sawyer
State Bar No. 24102465
prestons@kirkmanlawfirm.com
KIRKMAN LAW FIRM, PLLC
201 Main Street, Suite 1160
Fort Worth, Texas 76102
Telephone: (817) 336-2800
Facsimile: (817) 877-1863

Aaron Z. Tobin
Texas Bar No. 24028045
atobin@condontobin.com
Kendal B. Reed
Texas Bar No. 24048755
kreed@condontobin.com
Abigail R.S. Campbell
Texas Bar No. 24098959
acampbell@condontobin.com
CONDON TOBIN SLADEK THORNTON
NERENBERG PLLC
8080 Park Lane, Suite 700
DALLAS, TEXAS 75231
Telephone: (214) 265-3800
Facsimile: (214) 691-6311

Darin M. Klemchuk
Texas Bar No. 24002418
darin.klemchuk@klemchuk.com
KLEMCHUK LLC
8150 North Central Expressway, 10th Floor
Dallas, Texas 75206
Telephone: (214) 367-6000
Facsimile: (214) 367-6001

**ATTORNEYS FOR DEFENDANT**

## II.   DEPOSITION TESTIMONY DESIGNATIONS

On September 27, 2024, Skiplagged filed Deposition Designations listing Varvara Reva, the corporate representative of Kiwi.com, Inc. and Kiwi.com, s.r.o., and Marcial Lapp, individually and as the corporate representative of American. [Dkt. No. 292 at 4–10]. Skiplagged included American's previously-asserted objections and counter-designations and Skiplagged's objections to American's counter-designations. However, the parties have reached an agreement that: (1) Marcial Lapp will testify live at trial; and (2) if Skiplagged plays the deposition video for Ms. Reva at trial, it will play the entirety of Skiplagged's deposition designations and American's counter-designations in order, with both parties withdrawing their objections.

Based on the parties' agreement and Skiplagged's Deposition Designations [Dkt. No. 292], American is also providing the Court with a copy of its deposition designations for Aktarer Zaman, individually and as the corporate representative of Skiplagged, and Daniel Gellert, including Skiplagged's objections and counter-designations. However, the parties have agreed that Mr. Zaman and Mr. Gellert will testify live at trial, and with Skiplagged withdrawing its objections. The parties' objections and counter-designations are made solely in the event that part of Mr. Lapp, Mr. Zaman, or Mr. Gellert's depositions must be used at trial pursuant to Rule 32 (e.g., unavailability of witness due to illness).

1.   Aktarer Zaman (taken on May 29, 2024)

| Aktarer Zaman (May 29, 2024) | | |
|---|---|---|
| American's Deposition Designation | Skiplagged's Objection(s) | Skiplagged's Counter-Designation(s) |
| 5:1 – 5:3 | None | |
| 5:14 – 5:20 | None | |
| 12:7 – 12:13 | None | |
| 22:21 – 22:25 | None | |
| 28:19 – 28:23 | None | |
| 29:3 – 29:6 | None | |
| 32:4 – 32:13 | None | |

| Aktarer Zaman (May 29, 2024) | | |
|---|---|---|
| **American's Deposition Designation** | **Skiplagged's Objection(s)** | **Skiplagged's Counter-Designation(s)** |
| 32:15 – 33:6 | None | |
| 33:20 – 33:22 | Skiplagged objects to this deposition designation as irrelevant. FRE 401, 403. How, why, or if Skiplagged's user interface informs a consumer about pricing of a direct flight versus a hidden-city flight in no way relates to the Lanham Act claims or copyright damages in this litigation, would mislead the jury, and confuse the issues. | 33:23 |
| 33:24 – 33:25 | Skiplagged objects to this deposition designation as irrelevant. FRE 401, 403. How, why, or if Skiplagged's user interface informs a consumer about pricing of a direct flight versus a hidden-city flight in no way relates to the Lanham Act claims or copyright damages in this litigation, would mislead the jury, and confuse the issues. | |
| 44:6 – 45:9 | None | |
| 45:16 – 45:18 | None | |
| 46:7 – 46:20 | None | |
| 51:5 – 52:8 | Skiplagged objects to this deposition designation as irrelevant. FRE 401, 403. How or if Skiplagged provides "live information" to customers in no way relates to the Lanham Act claims or copyright damages in this litigation, would mislead the jury, and confuse the issues. | 52:9 |
| 52:10 – 52:11 | None | |
| 55:10 – 55:15 | None | |
| 56:14 – 57:2 | None | |
| 57:16 – 57:19 | None | |
| 60:14 – 61:4 | None | |
| 62:15 – 62:22 | None | 62:23 |
| 62:24 – 63:12 | None | |
| 63:16 – 64:5 | None | 64:6 |
| 64:7 – 64:13 | None | 64:14 |
| 64:15 – 64:23 | None | 64:24 |

| Aktarer Zaman (May 29, 2024) | | |
|---|---|---|
| **American's Deposition Designation** | **Skiplagged's Objection(s)** | **Skiplagged's Counter-Designation(s)** |
| 64:25 – 65:2 | None | 65:3 |
| 65:4 – 65:6 | None | 65:7 |
| 65:8 – 65:16 | None | 65:17 |
| 65:18 – 65:20 | None | 65:21-23 |
| 65:24 | None | |
| 67:19 – 68:2 | Skiplagged objects to this deposition designation as irrelevant. FRE 401, 403. Priceline providing information to Skiplagged and the related chargebacks from customers in no way relates to the Lanham Act claims or copyright damages in this litigation, would mislead the jury, and confuse the issues. | |
| 68:8 – 68:13 | Skiplagged objects to this deposition designation as irrelevant. FRE 401, 403. Priceline providing information to Skiplagged and the related chargebacks from customers in no way relates to the Lanham Act claims or copyright damages in this litigation, would mislead the jury, and confuse the issues. | |
| 71:12 – 71:16 | Skiplagged objects to this deposition designation because the questioning misstating Mr. Zaman's prior testimony. FRE 611. | 71:17 |
| 71:18 – 72:4 | None | |
| 72:10 – 72:22 | Skiplagged objects to this deposition designation and instructed Mr. Zaman not to answer the question during the deposition because it calls for information protected by the attorney-client privilege. FRE 502. | 72:23-73:1 |
| 73:2 – 73:11 | Skiplagged objects to this deposition designation and instructed Mr. Zaman not to answer the question during the deposition because it calls for information protected by the attorney-client privilege. FRE 502. | 73:12-22 |
| 73:23 | Skiplagged objects to this deposition designation and instructed Mr. | |

| Aktarer Zaman (May 29, 2024) | | |
|---|---|---|
| **American's Deposition Designation** | **Skiplagged's Objection(s)** | **Skiplagged's Counter-Designation(s)** |
| | Zaman not to answer the question during the deposition because it calls for information protected by the attorney-client privilege. FRE 502. | |
| 78:7 – 78:9 | None | |
| 78:11 – 78:15 | None | |
| 83:22 – 84:9 | None | 84:10-15 |
| 85:19 – 85:23 | None | |
| 86:6 – 86:10 | None | 86:19-87:2 |
| 87:6 – 87:19 | None | |
| 88:19 – 89:23 | Skiplagged objects to this deposition designation because it seeks an improper opinion from a lay witness regarding a legal conclusion and because Mr. Zaman lacks personal knowledge regarding Plaintiff's trademarks. FRE 602, 701. | 89:24 |
| 89:25 – 90:2 | None | |
| 90:6 – 90:19 | Skiplagged objects to this deposition designation because it seeks an improper opinion from a lay witness regarding a legal conclusion and because Mr. Zaman lacks personal knowledge regarding Plaintiff's trademarks. FRE 602, 701. | 90:20 |
| 90:21 – 91:17 | Skiplagged objects to this deposition designation because it seeks an improper opinion from a lay witness regarding a legal conclusion and because Mr. Zaman lacks personal knowledge regarding Plaintiff's trademarks. FRE 602, 701. | |
| 97:1 – 97:9 | None | |
| 97:14 – 97:17 | None | |
| 103:9 –109:24 | 106:1-17 - Skiplagged objects to this deposition designation because the questioning misstates Mr. Zaman's prior testimony and is irrelevant. FRE 401, 611. | |
| 108:1 – 108:12 | None | |
| 108:20 – 108:25 | None | |
| 111:6 – 111:11 | None | |

| Aktarer Zaman (May 29, 2024) | | |
| --- | --- | --- |
| American's Deposition Designation | Skiplagged's Objection(s) | Skiplagged's Counter-Designation(s) |
| 115:2 – 116:17 | None | 116:18 |
| 116:19 – 116:21 | None | |
| 117:9 – 119:11 | None | |
| 119:22 – 120:6 | None | |
| 123:12 – 124:9 | None | |
| 139:2 – 139:8 | None | |
| 139:17 – 139:19 | None | |
| 159:21 – 160:1 | None | |
| 164:3 – 165:7 | Skiplagged objects to this deposition designation because it seeks an improper opinion from a lay witness regarding a legal conclusion and because Mr. Zaman lacks personal knowledge regarding Plaintiff's trademarks. FRE 602, 701. | 165:9 |
| 165:10 – 166:2 | Skiplagged objects to this deposition designation because it seeks an improper opinion from a lay witness regarding a legal conclusion and because Mr. Zaman lacks personal knowledge regarding Plaintiff's trademarks. FRE 602, 701. | |
| 167:14 – 167:17 | Skiplagged objects to this deposition designation because it calls for speculation outside the personal knowledge of Mr. Zaman. FRE 602, 701 | 167:18 |
| 167:19 – 167:21 | Skiplagged objects to this deposition designation because it calls for speculation outside the personal knowledge of Mr. Zaman. FRE 602, 701 | 167:23 |
| 167:24 – 167:25 | Skiplagged objects to this deposition designation because it calls for speculation outside the personal knowledge of Mr. Zaman. FRE 602, 701 | |
| 185:6 – 185:10 | Skiplagged objects to this deposition designation as irrelevant and improper settlement evidence. FRE 401, 403, 408. Skiplagged's settlement agreement with Southwest and the terms thereof are | |

| Aktarer Zaman (May 29, 2024) | | |
|---|---|---|
| **American's Deposition Designation** | **Skiplagged's Objection(s)** | **Skiplagged's Counter-Designation(s)** |
| | not relevant to the Lanham Act and copyright damages sought by AA in this litigation and would only serve to mislead the jury and confuse the issues. | |
| 185:16 – 185:18 | Skiplagged objects to this deposition designation as irrelevant and improper settlement evidence. FRE 401, 403, 408. Skiplagged's settlement agreement with Southwest and the terms thereof are not relevant to the Lanham Act and copyright damages sought by AA in this litigation and would only serve to mislead the jury and confuse the issues. | 185:19 |
| 185:20 – 185:25 | Skiplagged objects to this deposition designation as irrelevant and improper settlement evidence. FRE 401, 403, 408. Skiplagged's settlement agreement with Southwest and the terms thereof are not relevant to the Lanham Act and copyright damages sought by AA in this litigation and would only serve to mislead the jury and confuse the issues. | |
| 186:13 – 186:19 | Skiplagged objects to this deposition designation as irrelevant and improper settlement evidence. FRE 401, 403, 408. Skiplagged's settlement agreement with Southwest and the terms thereof are not relevant to the Lanham Act and copyright damages sought by AA in this litigation and would only serve to mislead the jury and confuse the issues. | 186:20 |
| 186:21 – 187:2 | Skiplagged objects to this deposition designation as irrelevant and improper settlement evidence. FRE 401, 403, 408. Skiplagged's settlement agreement with | 187:3 |

| Aktarer Zaman (May 29, 2024) | | |
|---|---|---|
| American's Deposition Designation | Skiplagged's Objection(s) | Skiplagged's Counter-Designation(s) |
| | Southwest and the terms thereof are not relevant to the Lanham Act and copyright damages sought by AA in this litigation and would only serve to mislead the jury and confuse the issues. | |
| 187:4 – 187:7 | Skiplagged objects to this deposition designation as irrelevant and improper settlement evidence. FRE 401, 403, 408. Skiplagged's settlement agreement with Southwest and the terms thereof are not relevant to the Lanham Act and copyright damages sought by AA in this litigation and would only serve to mislead the jury and confuse the issues. | 187:8 |
| 187:9 – 187:14 | Skiplagged objects to this deposition designation as irrelevant and improper settlement evidence. FRE 401, 403, 408. Skiplagged's settlement agreement with Southwest and the terms thereof are not relevant to the Lanham Act and copyright damages sought by AA in this litigation and would only serve to mislead the jury and confuse the issues. | |
| 188:1 – 188:2 | Skiplagged objects to this deposition designation as irrelevant and improper settlement evidence. FRE 401, 403, 408. Skiplagged's settlement agreement with Southwest and the terms thereof are not relevant to the Lanham Act and copyright damages sought by AA in this litigation and would only serve to mislead the jury and confuse the issues. | 188:3 |
| 188:4 – 188:7 | Skiplagged objects to this deposition designation as irrelevant and improper settlement evidence. FRE 401, 403, 408. Skiplagged's | 188:8 |

| Aktarer Zaman (May 29, 2024) | | |
|---|---|---|
| **American's Deposition Designation** | **Skiplagged's Objection(s)** | **Skiplagged's Counter-Designation(s)** |
| | settlement agreement with Southwest and the terms thereof are not relevant to the Lanham Act and copyright damages sought by AA in this litigation and would only serve to mislead the jury and confuse the issues. | |
| 188:9 – 188:15 | Skiplagged objects to this deposition designation as irrelevant and improper settlement evidence. FRE 401, 403, 408. Skiplagged's settlement agreement with Southwest and the terms thereof are not relevant to the Lanham Act and copyright damages sought by AA in this litigation and would only serve to mislead the jury and confuse the issues. | 188:16 |
| 188:17 | Skiplagged objects to this deposition designation as irrelevant and improper settlement evidence. FRE 401, 403, 408. Skiplagged's settlement agreement with Southwest and the terms thereof are not relevant to the Lanham Act and copyright damages sought by AA in this litigation and would only serve to mislead the jury and confuse the issues. | |
| 194:2 – 194:18 | Skiplagged objects to this deposition designation and the corresponding Exhibits 5 and 6 as irrelevant. FRE 401, 403. The relevant statutes of limitations in this case are 3 and 4 years. Thus, Skiplagged's financial information from 2018 is not relevant to the Lanham Act or copyright damages claims in this litigation. | |
| 197:11 – 197:20 | Skiplagged objects to this deposition designation and the corresponding Exhibits 5 and 6 as irrelevant. FRE 401, 403. The relevant statutes of | |

| Aktarer Zaman (May 29, 2024) | | |
|---|---|---|
| **American's Deposition Designation** | **Skiplagged's Objection(s)** | **Skiplagged's Counter-Designation(s)** |
| | limitations in this case are 3 and 4 years. Thus, Skiplagged's financial information from 2018 is not relevant to the Lanham Act or copyright damages claims in this litigation. | |
| 200:3 – 200:12 | None | |
| 201:1 – 201:5 | Skiplagged objects to this deposition designation as irrelevant and prejudicial. FRE 401, 403. Skiplagged's assets are not relevant to this litigation and could only be used as prejudice against Skiplagged regarding its financial status. | 201:6 |
| 201:7 – 201:10 | Skiplagged objects to this deposition designation as irrelevant and prejudicial. FRE 401, 403. Skiplagged's assets are not relevant to this litigation and could only be used as prejudice against Skiplagged regarding its financial status. | 201:12 |
| 201:13 – 201:16 | Skiplagged objects to this deposition designation as irrelevant and prejudicial. FRE 401, 403. Skiplagged's assets are not relevant to this litigation and could only be used as prejudice against Skiplagged regarding its financial status. | 201:17 |
| 201:18 – 201:19 | Skiplagged objects to this deposition designation as irrelevant and prejudicial. FRE 401, 403. Skiplagged's assets are not relevant to this litigation and could only be used as prejudice against Skiplagged regarding its financial status. | 201:20 |
| 201:21 – 201:22 | Skiplagged objects to this deposition designation as irrelevant and prejudicial. FRE 401, 403. Skiplagged's assets are not relevant to this litigation and could only be used as prejudice against Skiplagged regarding its financial status. | |
| 203:3 – 203:4 | Skiplagged objects to this deposition | 203:5 |

| Aktarer Zaman (May 29, 2024) | | |
|---|---|---|
| **American's Deposition Designation** | **Skiplagged's Objection(s)** | **Skiplagged's Counter-Designation(s)** |
| | designation as irrelevant and prejudicial. FRE 401, 403. Mr. Zaman's salary from Skiplagged is not relevant to the claims in this litigation and can only be used to prejudice the jury against Skiplagged and Mr. Zaman. | |
| 203:6 – 203:13 | Skiplagged objects to this deposition designation as irrelevant and prejudicial. FRE 401, 403. Mr. Zaman's salary from Skiplagged is not relevant to the claims in this litigation and can only be used to prejudice the jury against Skiplagged and Mr. Zaman. | |

2.  Aktarer Zaman, as Skiplagged's Rule 30(b)(6) Corporate Representative (taken on June 12, 2024)

| Aktarer Zaman (June 12, 2024) | | |
|---|---|---|
| **American's Deposition Designation** | **Skiplagged's Objection(s)** | **Skiplagged's Counter-Designation(s)** |
| 6:21 – 7:5 | None | |
| 7:9 – 7:19 | None | |
| 7:24 – 8:24 | None | |
| 17:9 – 18:22 | None | |
| 19:15 – 20:9 | None | |
| 20:19 – 21:17 | Skiplagged objects to these deposition designations because AA does not include the answer to the designated question, thus making the testimony incomplete and misleading. FRE 106, 403. | 21:18-21 |
| 23:6 – 23:12 | Skiplagged objects to these deposition designations as irrelevant and argumentative. FRE 401, 403. Whether or not Mr. Zaman retained records or notes on queries or answer to verified interrogatories or how production was obtained that | |

| Aktarer Zaman (June 12, 2024) | | |
|---|---|---|
| **American's Deposition Designation** | **Skiplagged's Objection(s)** | **Skiplagged's Counter-Designation(s)** |
| | were not asked to be produced in this litigation is not relevant to the claims in this litigation, misleads the jury, and is argumentative. | |
| 25:22 – 26:5 | None | |
| 26:11 – 27:12 | Skiplagged objects to these deposition designations because AA does not include the answer to the designated question, thus making the testimony incomplete and misleading. FRE 106, 403. | 27:13-18 |
| 27:20 – 28:7 | Skiplagged objects to these deposition designations as irrelevant and argumentative. FRE 401, 403. Whether or not Mr. Zaman retained records or notes on queries or answer to verified interrogatories or how production was obtained that were not asked to be produced in this litigation is not relevant to the claims in this litigation, misleads the jury, and is argumentative. | |
| 28:16 – 28:23 | None | 28:24 |
| 28:25 – 29:13 | None | |
| 30:6 – 30:17 | Skiplagged objects to these deposition designations as irrelevant and argumentative. FRE 401, 403. Whether or not Mr. Zaman retained records or notes on queries or answer to verified interrogatories or how production was obtained that were not asked to be produced in this litigation is not relevant to the claims in this litigation, misleads the jury, and is argumentative. | |
| 32:15 – 33:23 | Skiplagged objects to these deposition designations | 33:24-34:4 |

| Aktarer Zaman (June 12, 2024) | | |
|---|---|---|
| American's Deposition Designation | Skiplagged's Objection(s) | Skiplagged's Counter-Designation(s) |
| | because AA does not include the answer to the designated question, thus making the testimony incomplete and misleading. FRE 106, 403. | |
| 34:6 – 34:19 | Skiplagged objects to this deposition designation because it calls for speculation as to knowledge of third parties. FRE 701. | 34:20 |
| 34:21 – 36:4 | Skiplagged objects to this deposition designation because it calls for speculation as to knowledge of third parties. FRE 701. | |
| 47:6 – 47:10 | Skiplagged objects to this deposition designation as irrelevant. FRE 401. Whether Skiplagged has ever used conversion rate to justify a business decision in no way relates to the Lanham Act and copyright damages claims at issue in this litigation. | |
| 57:12 – 58:25 | Skiplagged objects to these deposition designations as irrelevant and argumentative. FRE 401, 403. Whether or not Mr. Zaman retained records or notes on queries or answer to verified interrogatories or how production was obtained that were not asked to be produced in this litigation is not relevant to the claims in this litigation, misleads the jury, and is argumentative. | |
| 66:19 – 66:24 | None | |
| 74:2 – 74:18 | None | |
| 85:14 – 85:21 | None | |
| 86:23 – 87:7 | None | |
| 176:20 – 177:7 | Skiplagged objects to these deposition designations as | 177:8 |

| Aktarer Zaman (June 12, 2024) | | |
|---|---|---|
| American's Deposition Designation | Skiplagged's Objection(s) | Skiplagged's Counter-Designation(s) |
| | irrelevant. FRE 401, 403. Skiplagged's IP address information is not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would confuse the jury as to the relevant issues. | |
| 177:9 – 178:6 | Skiplagged objects to these deposition designations as irrelevant. FRE 401, 403. Skiplagged's IP address information is not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would confuse the jury as to the relevant issues. | 178:7 |
| 178:8 – 178:11 | Skiplagged objects to these deposition designations as irrelevant. FRE 401, 403. Skiplagged's IP address information is not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would confuse the jury as to the relevant issues. | |
| 179:15 – 179:25 | Skiplagged objects to these deposition designations as irrelevant. FRE 401, 403. Skiplagged's IP address information is not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would confuse the jury as to the relevant issues. | 180:2 |
| 180:3 – 180:17 | Skiplagged objects to these deposition designations as irrelevant. FRE 401, 403. Skiplagged's IP address information is not relevant to | 180:18 |

| Aktarer Zaman (June 12, 2024) | | |
|---|---|---|
| **American's Deposition Designation** | **Skiplagged's Objection(s)** | **Skiplagged's Counter-Designation(s)** |
| | the Lanham Act and copyright damages claims at issue in this litigation and would confuse the jury as to the relevant issues. | |
| 180:19 – 180:21 | Skiplagged objects to these deposition designations as irrelevant. FRE 401, 403. Skiplagged's IP address information is not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would confuse the jury as to the relevant issues. | |
| 198:19 – 198:21 | Skiplagged objects to these deposition designations as irrelevant. FRE 401. Whether Skiplagged generates vague business reports from its database is not relevant to the Lanham Act and copyright damages claims at issue in this litigation. | 198:22 |
| 198:23 – 198:25 | Skiplagged objects to these deposition designations as irrelevant. FRE 401. Whether Skiplagged generates vague business reports from its database is not relevant to the Lanham Act and copyright damages claims at issue in this litigation. | |
| 199:7 – 201:5 | Skiplagged objects to these deposition designations as irrelevant. FRE 401. Whether Skiplagged generates vague business reports from its database is not relevant to the Lanham Act and copyright damages claims at issue in this litigation. | 201:6 |
| 201:7 – 201:8 | Skiplagged objects to these | |

| Aktarer Zaman (June 12, 2024) | | |
|---|---|---|
| **American's Deposition Designation** | **Skiplagged's Objection(s)** | **Skiplagged's Counter-Designation(s)** |
| | deposition designations as irrelevant. FRE 401. Whether Skiplagged generates vague business reports from its database is not relevant to the Lanham Act and copyright damages claims at issue in this litigation. | |
| 208:14 – 208:19 | Skiplagged objects to these deposition designations as irrelevant and calling for revealing attorney-client privileged conversations. FRE 401, 403, 502. The legality of hidden city ticketing or presenting information about hidden city ticketing and separate lawsuits or cease and desist letters are not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would greatly confuse the jury as to the issues. | 208:20-21 |
| 208:22 – 209:9 | Skiplagged objects to these deposition designations as irrelevant and calling for revealing attorney-client privileged conversations. FRE 401, 403, 502. The legality of hidden city ticketing or presenting information about hidden city ticketing and separate lawsuits or cease and desist letters are not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would greatly confuse the jury as to the issues. | 209:10 |
| 209:11 – 209:18 | Skiplagged objects to these deposition designations as irrelevant and calling for | 209:19-20 |

| Aktarer Zaman (June 12, 2024) | | |
|---|---|---|
| **American's Deposition Designation** | **Skiplagged's Objection(s)** | **Skiplagged's Counter-Designation(s)** |
| | revealing attorney-client privileged conversations. FRE 401, 403, 502. The legality of hidden city ticketing or presenting information about hidden city ticketing and separate lawsuits or cease and desist letters are not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would greatly confuse the jury as to the issues. | |
| 209:22 – 209:23 | Skiplagged objects to these deposition designations as irrelevant and calling for revealing attorney-client privileged conversations. FRE 401, 403, 502. The legality of hidden city ticketing or presenting information about hidden city ticketing and separate lawsuits or cease and desist letters are not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would greatly confuse the jury as to the issues. | 209:24 |
| 209:25 – 211:2 | Skiplagged objects to these deposition designations as irrelevant and calling for revealing attorney-client privileged conversations. FRE 401, 403, 502. The legality of hidden city ticketing or presenting information about hidden city ticketing and separate lawsuits or cease and desist letters are not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would greatly | 211:3-7 |

| Aktarer Zaman (June 12, 2024) | | |
|---|---|---|
| **American's Deposition Designation** | **Skiplagged's Objection(s)** | **Skiplagged's Counter-Designation(s)** |
| | confuse the jury as to the issues. | |
| 211:8 – 211:12 | Skiplagged objects to these deposition designations as irrelevant and calling for revealing attorney-client privileged conversations. FRE 401, 403, 502. The legality of hidden city ticketing or presenting information about hidden city ticketing and separate lawsuits or cease and desist letters are not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would greatly confuse the jury as to the issues. | 211:13 |
| 211:14 – 211:23 | Skiplagged objects to these deposition designations as irrelevant and calling for revealing attorney-client privileged conversations. FRE 401, 403, 502. The legality of hidden city ticketing or presenting information about hidden city ticketing and separate lawsuits or cease and desist letters are not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would greatly confuse the jury as to the issues. | 211:24 |
| 211:25 – 212:10 | Skiplagged objects to these deposition designations as irrelevant and calling for revealing attorney-client privileged conversations. FRE 401, 403, 502. The legality of hidden city ticketing or presenting information about hidden city ticketing and | 212:11-14 |

| Aktarer Zaman (June 12, 2024) | | |
|---|---|---|
| **American's Deposition Designation** | **Skiplagged's Objection(s)** | **Skiplagged's Counter-Designation(s)** |
| | separate lawsuits or cease and desist letters are not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would greatly confuse the jury as to the issues. | |
| 212:15 – 213:3 | Skiplagged objects to these deposition designations as irrelevant and calling for revealing attorney-client privileged conversations. FRE 401, 403, 502. The legality of hidden city ticketing or presenting information about hidden city ticketing and separate lawsuits or cease and desist letters are not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would greatly confuse the jury as to the issues. | |
| 213:16 – 213:23 | Skiplagged objects to these deposition designations as irrelevant and calling for revealing attorney-client privileged conversations. FRE 401, 403, 502. The legality of hidden city ticketing or presenting information about hidden city ticketing and separate lawsuits or cease and desist letters are not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would greatly confuse the jury as to the issues. | |
| 214:13 – 215:5 | Skiplagged objects to these deposition designations as irrelevant and calling for revealing attorney-client | |

| Aktarer Zaman (June 12, 2024) | | |
|---|---|---|
| **American's Deposition Designation** | **Skiplagged's Objection(s)** | **Skiplagged's Counter-Designation(s)** |
| | privileged conversations. FRE 401, 403, 502. The legality of hidden city ticketing or presenting information about hidden city ticketing and separate lawsuits or cease and desist letters are not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would greatly confuse the jury as to the issues. | |
| 216:18 – 217:4 | Skiplagged objects to these deposition designations as irrelevant and calling for revealing attorney-client privileged conversations. FRE 401, 403, 502. The legality of hidden city ticketing or presenting information about hidden city ticketing and separate lawsuits or cease and desist letters are not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would greatly confuse the jury as to the issues. | |
| 217:18 – 218:7 | Skiplagged objects to these deposition designations as irrelevant and calling for revealing attorney-client privileged conversations. FRE 401, 403, 502. The legality of hidden city ticketing or presenting information about hidden city ticketing and separate lawsuits or cease and desist letters are not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would greatly confuse the jury as to the | |

| Aktarer Zaman (June 12, 2024) | | |
|---|---|---|
| **American's Deposition Designation** | **Skiplagged's Objection(s)** | **Skiplagged's Counter-Designation(s)** |
| | issues. | |
| 218:13 – 218:16 | Skiplagged objects to these deposition designations as irrelevant and calling for revealing attorney-client privileged conversations. FRE 401, 403, 502. The legality of hidden city ticketing or presenting information about hidden city ticketing and separate lawsuits or cease and desist letters are not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would greatly confuse the jury as to the issues. | 218:17-18 |
| 218:19 – 219:2 | Skiplagged objects to these deposition designations as irrelevant and calling for revealing attorney-client privileged conversations. FRE 401, 403, 502. The legality of hidden city ticketing or presenting information about hidden city ticketing and separate lawsuits or cease and desist letters are not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would greatly confuse the jury as to the issues. | 219:3 |
| 219:5 – 219:6 | Skiplagged objects to these deposition designations as irrelevant and calling for revealing attorney-client privileged conversations. FRE 401, 403, 502. The legality of hidden city ticketing or presenting information about hidden city ticketing and separate lawsuits or cease and | 219:7 |

| Aktarer Zaman (June 12, 2024) | | |
|---|---|---|
| **American's Deposition Designation** | **Skiplagged's Objection(s)** | **Skiplagged's Counter-Designation(s)** |
| | desist letters are not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would greatly confuse the jury as to the issues. | |
| 219:8 – 219:15 | Skiplagged objects to these deposition designations as irrelevant and calling for revealing attorney-client privileged conversations. FRE 401, 403, 502. The legality of hidden city ticketing or presenting information about hidden city ticketing and separate lawsuits or cease and desist letters are not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would greatly confuse the jury as to the issues. | |
| 219:22 – 220:3 | Skiplagged objects to these deposition designations as irrelevant and calling for revealing attorney-client privileged conversations. FRE 401, 403, 502. The legality of hidden city ticketing or presenting information about hidden city ticketing and separate lawsuits or cease and desist letters are not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would greatly confuse the jury as to the issues. | 220:4-7 |
| 220:8 – 220:16 | Skiplagged objects to these deposition designations as irrelevant and calling for revealing attorney-client privileged conversations. FRE | |

| Aktarer Zaman (June 12, 2024) | | |
|---|---|---|
| **American's Deposition Designation** | **Skiplagged's Objection(s)** | **Skiplagged's Counter-Designation(s)** |
| | 401, 403, 502. The legality of hidden city ticketing or presenting information about hidden city ticketing and separate lawsuits or cease and desist letters are not relevant to the Lanham Act and copyright damages claims at issue in this litigation and would greatly confuse the jury as to the issues. | |
| 236:3 – 236:24 | None | |
| 237:6 – 237:9 | Skiplagged objects to these deposition designations as calling for legal conclusions from a lay witness that is not a lawyer. FRE 701. | 237:10 |
| 237:11 – 237:13 | Skiplagged objects to these deposition designations as calling for legal conclusions from a lay witness that is not a lawyer. FRE 701. | |
| 238:10 – 238:14 | Skiplagged objects to these deposition designations as calling for legal conclusions from a lay witness that is not a lawyer. FRE 701. | |
| 239:15 – 239:17 | Skiplagged objects to these deposition designations as calling for legal conclusions from a lay witness that is not a lawyer. FRE 701. | 239:18 |
| 239:19 – 239:20 | Skiplagged objects to these deposition designations as calling for legal conclusions from a lay witness that is not a lawyer. FRE 701. | |
| 246:13 – 247:5 | Skiplagged objects to these deposition designations as calling for legal conclusions from a lay witness that is not a lawyer. FRE 701. | 247:6 |
| 247:7 – 247:19 | Skiplagged objects to these | 247:20 |

| Aktarer Zaman (June 12, 2024) | | |
|---|---|---|
| American's Deposition Designation | Skiplagged's Objection(s) | Skiplagged's Counter-Designation(s) |
| | deposition designations as calling for legal conclusions from a lay witness that is not a lawyer. FRE 701. | |
| 247:21 – 248:7 | Skiplagged objects to these deposition designations as calling for legal conclusions from a lay witness that is not a lawyer. FRE 701. | 248:8 |
| 248:9 – 248:12 | Skiplagged objects to these deposition designations as calling for legal conclusions from a lay witness that is not a lawyer. FRE 701. | |
| 249:4 – 249:16 | Skiplagged objects to these deposition designations as calling for legal conclusions from a lay witness that is not a lawyer. FRE 701. | 249:17 |
| 249:18 – 249:19 | Skiplagged objects to these deposition designations as calling for legal conclusions from a lay witness that is not a lawyer. FRE 701. | |
| 249:25 – 250:13 | Skiplagged objects to these deposition designations as calling for legal conclusions from a lay witness that is not a lawyer. FRE 701. | |
| 278:13 – 279:14 | None | 279:15 |
| 279:16 – 280:19 | None | 280:20 |
| 280:21 – 280:25 | None | 281:2 |
| 281:3 – 281:11 | None | 281:12 |
| 281:13 – 281:18 | None | |
| 293:10 – 293:20 | None | 293:21-294:3 |
| 294:4 – 305:2 | Skiplagged objects to these deposition designations as irrelevant and argumentative. FRE 401, 403. Whether or not Mr. Zaman retained records or notes on queries or answer to verified interrogatories or how production was obtained that | |

| Aktarer Zaman (June 12, 2024) | | |
|---|---|---|
| **American's Deposition Designation** | **Skiplagged's Objection(s)** | **Skiplagged's Counter-Designation(s)** |
| | were not asked to be produced in this litigation is not relevant to the claims in this litigation, misleads the jury, and is argumentative. | |
| 305:4 – 305:6 | Skiplagged objects to these deposition designations as irrelevant and argumentative. FRE 401, 403. Whether or not Mr. Zaman retained records or notes on queries or answer to verified interrogatories or how production was obtained that were not asked to be produced in this litigation is not relevant to the claims in this litigation, misleads the jury, and is argumentative. | 305:7 |
| 305:10 – 305:21 | Skiplagged objects to these deposition designations as irrelevant and argumentative. FRE 401, 403. Whether or not Mr. Zaman retained records or notes on queries or answer to verified interrogatories or how production was obtained that were not asked to be produced in this litigation is not relevant to the claims in this litigation, misleads the jury, and is argumentative. | 305:22 |
| 305:23 – 306:6 | Skiplagged objects to these deposition designations as irrelevant and argumentative. FRE 401, 403. Whether or not Mr. Zaman retained records or notes on queries or answer to verified interrogatories or how production was obtained that were not asked to be produced in this litigation is not relevant to the claims in this litigation, misleads the jury, and is | 306:7 |

| Aktarer Zaman (June 12, 2024) | | |
|---|---|---|
| American's Deposition Designation | Skiplagged's Objection(s) | Skiplagged's Counter-Designation(s) |
| | argumentative. | |
| 306:8 – 309:18 | Skiplagged objects to these deposition designations as irrelevant and argumentative. FRE 401, 403. Whether or not Mr. Zaman retained records or notes on queries or answer to verified interrogatories or how production was obtained that were not asked to be produced in this litigation is not relevant to the claims in this litigation, misleads the jury, and is argumentative. | 309:19 |
| 309:20 – 309:24 | None | 309:25 |
| 310:2 – 310:9 | None | |
| 313:9 – 313:11 | None | |
| 315:19 – 315:21 | None | 315:22 |
| 315:23 – 317:10 | None | 317:11-12 |
| 317:13 – 317:16 | Skiplagged objects to these deposition designations as irrelevant and argumentative. FRE 401, 403. Whether or not Mr. Zaman retained records or notes on queries or answer to verified interrogatories or how production was obtained that were not asked to be produced in this litigation is not relevant to the claims in this litigation, misleads the jury, and is argumentative. | |
| 320:5 – 320:14 | Skiplagged objects to these deposition designations as calling for legal conclusions from a lay witness that is not a lawyer. FRE 701. | 320:15 |
| 320:18 – 321:3 | Skiplagged objects to these deposition designations as calling for legal conclusions from a lay witness that is not a lawyer. FRE 701. | 321:4 |
| 321:5 – 321:22 | Skiplagged objects to these | 321:23 |

| Aktarer Zaman (June 12, 2024) | | |
|---|---|---|
| **American's Deposition Designation** | **Skiplagged's Objection(s)** | **Skiplagged's Counter-Designation(s)** |
| | deposition designations as calling for legal conclusions from a lay witness that is not a lawyer. FRE 701. | |
| 321:24 – 322:12 | Skiplagged objects to these deposition designations as calling for legal conclusions from a lay witness that is not a lawyer. FRE 701. | |
| 324:3 – 324:12 | Skiplagged objects to these deposition designations as calling for legal conclusions from a lay witness that is not a lawyer. FRE 701. | |
| 328:3 – 328:16 | Skiplagged objects to these deposition designations as irrelevant and argumentative. FRE 401, 403. Whether or not Mr. Zaman retained records or notes on queries or answer to verified interrogatories or how production was obtained that were not asked to be produced in this litigation is not relevant to the claims in this litigation, misleads the jury, and is argumentative. | 328:17 |
| 328:18 – 329:10 | Skiplagged objects to these deposition designations as irrelevant and argumentative. FRE 401, 403. Whether or not Mr. Zaman retained records or notes on queries or answer to verified interrogatories or how production was obtained that were not asked to be produced in this litigation is not relevant to the claims in this litigation, misleads the jury, and is argumentative. | 329:11 |
| 329:12 – 330:14 | Skiplagged objects to these deposition designations as irrelevant and argumentative. | |

| Aktarer Zaman (June 12, 2024) | | |
|---|---|---|
| **American's Deposition Designation** | **Skiplagged's Objection(s)** | **Skiplagged's Counter-Designation(s)** |
| | FRE 401, 403. Whether or not Mr. Zaman retained records or notes on queries or answer to verified interrogatories or how production was obtained that were not asked to be produced in this litigation is not relevant to the claims in this litigation, misleads the jury, and is argumentative. | |

3. Daniel Gellert (taken on November 30, 2023)

| Daniel Gellert (November 30, 2023) | | |
|---|---|---|
| **American's Deposition Designation** | **Skiplagged's Objection(s)** | **Skiplagged's Counter-Designation(s)** |
| 5:20 – 6:11 | None | |
| 8:5 – 8:11 | None | |
| 8:21 – 10:6 | None | |
| 10:21 – 11:5 | None | 11:5-18 |
| 14:3 – 14:8 | None | |
| 19:4 – 19:10 | None | |
| 19:24 – 20:12 | None | |
| 24:12 – 24:16 | Skiplagged objects to this deposition designation as irrelevant and asking for a legal conclusion from a lay witness who is not a lawyer. FRE 401, 403, 701. Whether or not a third-party company had authority to book AA tickets or how it functions in no way relates to the Lanham Act and copyright damages claims at issue in this litigation and would confuse the jury as to the issues. | |
| 24:24 – 25:4 | Skiplagged objects to this deposition designation as irrelevant and asking for a legal conclusion from a lay witness who is not a lawyer. | |

| Daniel Gellert (November 30, 2023) | | |
|---|---|---|
| **American's Deposition Designation** | **Skiplagged's Objection(s)** | **Skiplagged's Counter-Designation(s)** |
| | FRE 401, 403, 701. Whether or not a third-party company had authority to book AA tickets or how it functions in no way relates to the Lanham Act and copyright damages claims at issue in this litigation and would confuse the jury as to the issues. | |
| 31:11 – 31:24 | None | |
| 34:11 – 34:24 | None | |
| 39:13 – 39:19 | None | |
| 42:6 – 42:8 | None | |
| 45:23 – 46:3 | None | |
| 47:8 – 47:20 | None | |
| 48:6 – 49:5 | None | |
| 62:20 – 63:14 | None | |
| 63:24 – 65:2 | None | |
| 67:18 – 70:2 | None | |
| 75:13 – 75:19 | None | |
| 88:11 – 88:16 | None | |
| 93:24 – 94:14 | None | |
| 95:13 – 96:10 | None | |
| 99:15 – 100:8 | None | |
| 101:7 – 101:10 | None | |
| 113:13 – 114:17 | None | |
| 114:25 – 116:5 | None | |
| 123:24 – 125:18 | None | |
| 130:14 – 133:10 | None | |
| 133:24 – 134:8 | None | |
| 144:20 – 144:25 | None | |
| 156:16 – 157:3 | Skiplagged objects to this deposition designation as irrelevant improper settlement evidence. FRE 401, 403, 408. Skiplagged's arrangements or settlement agreement with Southwest and the terms thereof are not relevant to the Lanham Act and copyright damages sought by AA in this litigation. | |

| Daniel Gellert (November 30, 2023) | | |
|---|---|---|
| **American's Deposition Designation** | **Skiplagged's Objection(s)** | **Skiplagged's Counter-Designation(s)** |
| 160:6 – 160:9 | None | |
| 160:20 – 160:22 | None | |
| 180:5 – 180:14 | None | |
| 182:8 – 183:11 | None | |
| 183:17 – 183:21 | None | |
| 192:8 – 192:22 | None | |
| 196:14 – 199:17 | Skiplagged objects to this deposition designation as calling for a legal opinion from a lay witness that is not a lawyer. FRE 701. | |
| 207:15 – 207:20 | None | |
| 209:4 – 209:23 | None | |
| 210:5 – 210:25 | None | |
| 211:7 – 211:17 | None | |

Dated: September 27, 2024

Respectfully submitted,

*/s/ Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.
State Bar No. 11217250
dee.kelly@kellyhart.com
Julia G. Wisenberg
State Bar No. 24099146
julia.wisenberg@kellyhart.com
KELLY HART & HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
(817) 332-2500

R. Paul Yetter
State Bar No. 22154200
pyetter@yettercoleman.com
Tyler P. Young
State Bar No. 24129144
tyoung@yettercoleman.com
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8003

Cameron M. Nelson
nelsonc@gtlaw.com
GREENBERG TRAURIG LLP
77 West Wacker Drive, Suite 3100
Chicago, Illinois 60601
Telephone: (312) 456-6590

Nathan J. Muyskens
nathan.muyskens@gtlaw.com
GREENBERG TRAURIG LLP
2101 L Street, N.W., Suite 1000
Washington, DC 20037
Telephone: (202) 331-3100

Bina Palnitkar
State Bar No. 24070378
palnitkarb@gtlaw.com
GREENBERG TRAURIG LLP
2200 Ross Avenue, Suite 5200
Dallas, TX 75201
Telephone: (214) 665-3600

**ATTORNEYS FOR PLAINTIFF**

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on September 27, 2024, I served the foregoing document electronically in accordance with the Federal Rules of Civil Procedure.

*/s/  Dee J. Kelly, Jr.*
Dee J. Kelly, Jr.