UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**AMERICAN AIRLINES INC,**

  Plaintiff,

v.   No. 4:23-cv-00860-P

**SKIPLAGGED, INC.,**

  Defendant.

# ORDER

    Before the Court are two requests from Plaintiff raised at the pretrial conference. *First*, Plaintiff requests that the Court excuse the jury from portions of testimony addressing Defendant's equitable defenses. ECF No. 294. *Second*, Plaintiff requests that the Court overrule Defendant's objections to the customer complaint exhibits submitted in Plaintiff's Exhibit List. *See* ECF No. 295. Having considered the Parties' arguments and applicable law regarding bifurcation of equitable and jury issues, the Court hereby **DENIES** Plaintiff's first request. As for the customer complaint exhibits, the Court hereby **GRANTS** Plaintiff's request and finds that such exhibits are relevant to the claims and defenses in this case.

    Equitable defenses generally are "not triable of right by a jury." FED. R. CIV. P. 39(c). A court "may try any issue with an advisory jury . . . ." *Id.* 39(c)(1). Or, in some cases, a court may bifurcate a trial of jury issues from a trial of equitable issues. *See eTool Dev., Inc v. Nat'l Semiconductor Corp.*, No. 2:08-CV-196-WCB, 2011 WL 12677158 (E.D. Tex. Dec. 12, 2011). A party seeking bifurcation must show that "the issue[(s)] to be tried [are] so distinct and separate from the others that a trial of [them] alone may be had without injustice." *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 305 (5th Cir. 1993). "A motion to bifurcate is a matter within the sole discretion of the trial court, and [the Fifth Circuit] will not reverse the court's decision absent an abuse of that discretion." *First Tex. Sav. Ass'n v. Reliance Ins. Co.,* 950 F.2d 1171,

1174 n.2 (5th Cir. 1992) (citing *Gonzales-Marin v. Equitable Life Assurance Soc'y*, 845 F.2d 1140, 1145 (1st Cir. 1992)).

Plaintiff raised its bifurcation argument for the first time ten days before trial. *See* ECF No. 294. Plaintiff's brief, however, fails to demonstrate how Defendant's equitable defense issues are distinct and separate from Plaintiff's claims. Instead, Plaintiff merely points to the lack of equitable defense instruction in pattern jury charges. Plaintiff also points to one case where bifurcation was ordered by the Eastern District of Texas. *See eTool Dev.,* No. 2:08-CV-196-WCB, 2011 WL 12677158 (E.D. Tex. Dec. 12, 2011). Yet there are numerous examples of courts submitting equitable defenses to the jury in cases similar to this one. *See, e.g., Conan Props. v. Conans Pizza, Inc.*, 752 F.2d 145 (5th Cir. 1985).

Given the Court's discretion in bifurcating jury issues and equitable issues, and the failure of Plaintiff to meet its burden in showing that the equitable issues are "so distinct and separate" from the jury issues, the Court declines to bifurcate this trial. It is therefore **ORDERED** that the equitable issues and jury issues will be heard in the same trial beginning **October 7, 2024**.

The Court is also inclined to rule that the customer complaint exhibits are both relevant and admissible. It is therefore **ORDERED** that Plaintiff be permitted to use the customer complaint exhibits. *See* ECF No. 295. Nonetheless, this Order **does not foreclose Defendant from objecting** to individual complaint exhibits offered at trial. The Court will take each objection under advisement and within the context of evidence presented at trial.

**SO ORDERED** on this **4th day** of **October 2024.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE

2