UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**AMERICAN AIRLINES INC.,**

   Plaintiff,

v.                                       **No. 4:23-cv-00860-P**

**SKIPLAGGED, INC.,**

   Defendant.

## MEMORANDUM OPINION & ORDER

Before the Court are Defendant Skiplagged, Inc.'s ("Skiplagged") Motion for Judgment Under Federal Rule of Civil Procedure 50(b) and in Support of Its Equitable Defenses (ECF No. 333) and Plaintiff American Airlines Inc.'s ("American") Motion for Entry of Judgment, Judgment as a Matter of Law, Findings on Equitable Issues, Reconsideration, or, Alternatively, for New Trial (ECF No. 336). For the Reasons set out below, the Court will **GRANT** both Motions in part and **DENY** them in part.

## BACKGROUND

American initiated this lawsuit on August 17, 2023, raising claims against Skiplagged for breach of contract, tortious interference, copyright infringement, and trademark infringement. ECF Nos. 1, 8. On July 31, 2024, the Court entered an order granting in part and denying in part the Parties' respective Motions for Summary Judgment. ECF No. 199. Specifically, the Court granted summary judgment in American's favor on its copyright infringement claim and in Skiplagged's favor on American's claims for breach of contract, breach of its conditions of carriage, and tortious interference. *Id.* Thus, on October 7, 2024, the Parties went to trial on the appropriate damages for Skiplagged's copyright infringement and American's trademark infringement claim. *See* ECF No. 309. On October 15, 2025, the jury returned a verdict finding: (1) Skiplagged to be liable in the amounts of $19 million in

actual damages and $4.7 million in disgorgement damages on the Copyright claim; (2) that American failed to mitigate its copyright infringement damages in the amount of $14.3 million; (3) Skiplagged infringed American's trademarks; and (4) that the trademark infringement was a nominative fair use. ECF No. 316. Subsequently, the Parties filed their post-trial motions, which have been briefed and are ripe for review.

## LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 50 governs motions for judgment as a matter of law ("JMOL") in jury trials. *See* FED. R. CIV. P. 50; *see also Weisgram v. Marley Co.*, 528 U.S. 440, 448–19 (2000). The court may enter JMOL at the close of trial "'[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue.'" *See James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009) (alteration in original) (quoting FED. R. CIV. P. 50(a)). "[Rule 50] allows the trial court to remove cases or issues from the jury's consideration 'when the facts are sufficiently clear that the law requires a particular result.'" *Weisgram*, 528 U.S. at 448 (quoting 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2521, at 240 (2d ed. 1995)). "If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." FED. R. CIV. P. 50(b).

"[I]n entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record." *Reeves v. Sanderson Plumbing Prods, Inc.*, 530 U.S. 133, 150 (2000). "In doing so, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Id.* (citing *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554–55 (1990)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inference from the facts are jury functions, not those of a judge." *Id.* at 150–51 (quotation marks omitted). "Thus, although the court should review the record as a whole, it must

disregard all evidence favorable to the moving party that the jury is not required to believe." *Id.* at 151.

Further, the Federal Rules of Civil Procedure do not recognize a general motion for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). "Rather, courts treat such motions as motions pursuant to either Rule 54(b), 59(e), or 60 depending on when the motion is brought and the type of order that the party requests the Court to reconsider." *Mehar Holdings, LLC v. Evanston Ins. Co.*, No. 5:16-CV-491-DAE, 2016 WL 5957681, at *2 (W.D. Tex. Oct. 14, 2016). Under Rule 54(b), a district court may reconsider and reverse a prior interlocutory order. *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018); *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (per curiam). The Court may "reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin*, 864 F.3d at 336. "The district court's discretion in this respect is broad." *Brown v. Wichita Cnty.*, No. 7:05-CV-108-O, 2011 WL 1562567, at *2 (N.D. Tex. Apr. 26, 2011) (O'Connor, J.) (citing *Calpecto 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1414–15 (5th Cir. 1993)).

Nevertheless, Rule 54(b) motions for reconsideration "have a narrow purpose" and "are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Charalambopoulos v. Grammar*, No. 3:14-CV-2424-D, 2016 WL 5942225, at *2 (N.D. Tex. Oct. 13, 2016) (Fitzwater, J.). And the Court's broad discretion under Rule 54(b) "must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *Turk v. Pershing LLC*, No. 3:9-CV-2199-N, 2019 WL 13074701, at *1 (N.D. Tex. Aug. 1, 2019) (Godbey, J.).

## ANALYSIS

The Parties raise numerous arguments regarding American's copyright and trademark claims. ECF No. 334, 336. With regard to the trademark claim, Skiplagged argues that the Court should uphold the jury's finding of fair use. ECF No. 334 at 3–4. In contrast, American argues that the Court should invalidate the Jury's finding and enter

3

judgment as a matter of law in its favor. *See* ECF No. 336 at 1. Regarding American's copyright claim, Skiplagged asserts that the Court should enter a take nothing judgment because: (1) American failed to sufficiently prove their damages; and (2) the Court should find in favor of their equitable defenses. ECF No. 334 at 4–23. On the other side, American claims that the Court should: (1) award American all of the damages found by the Jury; (2) throw out the Jury's mitigation finding; (3) give American its interests and costs; and (4) enter a permanent injunction. ECF No. 336 at 8–20. Additionally, American moves the Court to reconsider its granting of summary judgment with regard to its contract claims. *Id.* at 21–24. The Court will begin with the Parties' arguments regarding the contract claims before turning to the trademark claim and finishing with the copyright claim.

### A. Contractual Claims

American asserts that the Court should reconsider its order dismissing its contractual claims due to the applicable statute of limitations. ECF No. 336 at 21–24. As Skiplagged points out in its Response, motions for reconsideration are an extraordinary remedy that should be used sparingly and "are not the proper vehicle for rehashing old arguments or advancing theories of the case that could have been presented earlier." *Charalambopoulos*, 2016 WL 5942225, at *2. American's argument that the Court should reconsider its previous order on its contractual claims presents no new evidence or argument. *See* ECF No. 336 at 21–24. Consequently, the Court declines to reconsider its previous order and, thus, American's Motion is **DENIED** as to this issue.

### B. Trademark Claim

Skiplagged, in its Motion, asks the Court to enter judgment in their favor on American's trademark claim based on the Jury's finding of nominative fair use. ECF No. 334 at 2–3. American argues that the Court should throw out the Jury's fair use finding and enter judgment in their favor of the trademark claim. ECF No. 336 at 8–19. Having considered the Parties' arguments, applicable law, and relevant evidence, the Court declines to usurp the fact-finding role of the Jury

and finds that there is sufficient evidence to support the Jury's fair-use finding.[1] Therefore, Skiplagged's Motion is **GRANTED** and American's Motion is **DENIED** as to this issue.

**C. Copyright Claim**

Finally, the Court turns to the Parties' respective arguments on American's copyright claim. The Jury awarded American $ 19 million in actual damages and $4.7 million in disgorgement damages. ECF No. 316 at 10–11. Additionally, the Jury found that American failed to mitigate those damages in the amount of $14.3 million. *Id.* at 10. American argues that the Court should uphold the Jury's damage finding, throw out the Jury's mitigation finding, grant them pre- and post-judgment interests and cost, and grant a permanent injunction. ECF No. 334 at 3–8. Skiplagged claims that the Court should throw out the damages awarded to American, uphold the mitigation finding, deny interest and costs, and deny American's request for an injunction. ECF Nos. 334 at 4–18; 338 at 1–7, 19–22. The Court will address each in turn.

1. Damages

The Court begins with the Parties' arguments regarding the Jury's damages findings. Throughout the trial, and at the charge conference, the Parties presented these same arguments regarding American's presentation of its damages, whether a mitigation question should be presented to the Jury, and whether Skiplagged's affirmative defenses prevent recovery. The Court has previously ruled on these arguments and declines to reconsider those rulings here. Therefore, American's Motion is **GRANTED** with regard to entering judgment on the Jury's $23.7 million award; and Skiplagged's Motion is **GRANTED** with regard to entering judgment on the Jury's $14.3 million mitigation finding. Accordingly, the Court will enter judgment, consistent with the

---

[1]"Because of the deference due the jury's factual findings, all reasonable efforts should be made to uphold its verdict." *Veach v. State Farm Lloyds*, No. 3:19-CV-02312-BT, 2022 WL 1651951, at *5 (N.D. Tex. May 23, 2022) (Rutherford, J.) (citing *Evans v. H.C. Watkins Memorial Hosp., Inc.*, 778 F.2d 1021, 1022 (5th Cir. 1985) (citation omitted)).

Jury's verdict, in American's favor in the amount of $9.4 million ($23.7 million - $14.3 million).

2. <u>Interest and Costs</u>

Next, American moves the Court to grant them pre- and post-judgment interest as well as costs. *See* ECF No. 336 at 5–6. In response, Skiplagged asserts that the Court should deny American's Motion for pre-judgment interests and costs because granting pre-judgment interest and cost in this case is not appropriate based on the outcome at trial and doing so would not further the congressional policies of the Copyright Act. ECF No. 338 at 20. It is undisputed that American is entitled to post-judgment interest, thus the Court's analysis focuses only on their motion for pre-judgment interest and costs.

Federal courts perform a two-step analysis in determining whether pre-judgment interest should be awarded: (1) does the federal act creating the cause of action preclude an award of pre-judgment interest; and if not, (2) does an award of pre-judgment interest further the congressional policies of the federal act. *Powell v. Penhollow*, No. 3:04-CV-1744-BF(H), 2009 WL 10703687, at *3 (N.D. Tex. May 20, 2009) (citing *Carpenters Dist. Council of New Orleans & Vicinity v. Dillard Dept. Stores, Inc.*, 15 F.3d 1275, 1288 (5th Cir. 1994)). If the two-prong test reveals that the court can award pre-judgment interest, the decision whether to award the interest in a particular case is within the court's discretion. *Id.* (citing *Calderon v. Presidio Valley Farmers Ass'n*, 863 F.2d 384, 392 (5th Cir. 1989)). In this case, the Fifth Circuit Court of Appeals has held that the Copyright Act does not preclude pre-judgment interest and has left undecided the second question, whether an award of prejudgment interest would further the congressional policies behind the Copyright Act. *Carpenters*, 15 F.3d at 1288. It is also undisputed that granting pre-judgment interests furthers Congress's intent behind the Copyright Act. Thus, whether to award pre-judgment interest based upon the facts in this case rests in this Court's discretion and is reviewed for abuse of discretion. *Powell v. Penhollow*, 260 F. App'x 683, 691 (5th Cir. 2007). Having reviewed the record in this case, including the trial transcript, the Court finds it appropriate to award pre-judgment

6

interest and costs in this case. Consequently, American's Motion is **GRANTED** as to this issue.

3. Permanent Injunction

Finally, American moves the Court to grant a permanent injunction, preventing Skiplagged from infringing its copyright in the future. ECF No. 336 at 6–8. American claims that the injunction is appropriate even though Skiplagged removed the copyright prior to trial because "Skiplagged can infringe again with a few key strokes." *Id*. at 8. The Court agrees. Thus, American's Motion for Permanent Injunction on its Copyright is **GRANTED** as to this issue and Skiplagged's Motion is **DENIED**. Therefore, it is **ORDERED** that Skiplagged is hereby permanently enjoined from displaying American's copyrights on its website.

## CONCLUSION

Based on the forgoing, it is **ORDERED** that American's Motion is **GRANTED** as to entering judgment on the Jury's damages finding, its motion for pre-judgement interest and costs, and its motion for permanent injunction; and **DENIED** as to all other issues. Skiplagged's Motion is **GRANTED** as to the upholding of the Jury's findings of fair use and failure to mitigate and **DENIED** as to all other issues. It is further **ORDERED** that American shall submit its application for interest and costs on or before May 20, 2025, and Skiplagged's Response, if any, shall be filed on or before May 27, 2025.

**SO ORDERED** on this **6th day of May 2025.**

_____
Mark T. Pittman
UNITED STATES DISTRICT JUDGE